Humberto M. Guizar          (SBN 125769)
Kent M. Henderson           (SBN 139530)
Angel Carrazco, Jr.         (SBN 230845)
**GUIZAR, HENDERSON & CARRAZCO, L.L.P.**
18301 Irvine Boulevard
Tustin, CA  92780
Telephone: (714) 541-8600
Facsimile:  (714) 541-8601

Attorneys for Plaintiff FRANCISCO HURTADO

**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FRANCISCO HURTADO, an individual;<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>STATE OF CALIFORNIA; CALIFORNIA HIGHWAY PATROL; EDGARDO YEPEZ aka EDGARDO LOPEZ; and DOES 1 through 10, inclusive,<br><br>　　　　　　Defendants.<br>_____ | **CASE NO.:  2:19-cv-02343-TLN-AC**<br><br>**SECOND AMENDED COMPLAINT FOR DAMAGES:**<br><br>1. Unreasonable Search and Seizure — Excessive Force and Denial of Medical Care (42 U.S.C. §1983);<br>2. Substantive Due Process (42 U.S.C. §1983);<br>3. Battery;<br>4. Negligence;<br>5. Violation of California Civil Code §52.1<br><br>**DEMAND FOR JURY TRIAL** |

1
**SECOND AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

## SECOND AMENDED COMPLAINT FOR DAMAGES

1. Plaintiff FRANCISCO HURTADO, an individual, hereby alleges as follows:

## INTRODUCTION

2. This action seeks compensatory and punitive damages from individual officer(s), from the California Highway Patrol and from the State of California for violations of state law and fundamental rights under the United States Constitution in connection with the brutal police shooting of FRANCISCO HURTADO on March 15, 2018. Plaintiff FRANCISCO HURTADO was shot by Defendant, California Highway Patrol Officer EDGARDO YEPEZ (aka EDGARDO LOPEZ and/or previously named and sued herein as EDGARDO LOPEZ) on or about March 15, 2018.

3. Plaintiff FRANCISCO HURTADO is a victim of being shot while unarmed by a California Highway Patrol officer, Defendant EDGARDO YEPEZ, on or about March 15, 2018. In regards to this shooting, Defendant EDGARDO YEPEZ utilized improper tactical conduct and decisions preceding the use of deadly force that gives rise to liability. This includes Defendant EDGARDO YEPEZ (aka EDGARDO LOPEZ and/or previously named and sued herein as EDGARDO "LOPEZ") having committed intentional battery (3rd Claim for Relief) and negligence (4th Claim for Relief) in the course and scope of his employment with Defendants the STATE OF CALIFORNIA and the CALIFORNIA HIGHWAY PATROL and Defendants the STATE OF CALIFORNIA and the CALIFORNIA HIGHWAY PATROL being liable under state law Respondeat Superior and under Government Code Sections 815.2, 820, 825 and other sections of the California Government Code in the Third Claim for Relief (Battery) and the Fourth Claim for Relief (Negligence) regarding the liability of the public entity for the acts of its employees in the course and scope of their employment. FRANCISCO HURTADO was shot by Defendant EDGARDO YEPEZ (aka EDGARDO LOPEZ) on March 15, 2018 while Defendant EDGARDO YEPEZ (aka EDGARDO LOPEZ) was in the course and scope of his employment with Defendants the

STATE OF CALIFORNIA and the CALIFORNIA HIGHWAY PATROL giving rise to Respondeat Superior liability of Defendants the STATE OF CALIFORNIA and the CALIFORNIA HIGHWAY PATROL under the Third Claim for Relief for Battery and the Fourth Claim for Relief for Negligence.  Additionally, under 42 U.S.C. Section 1983, Defendant EDGARDO YEPEZ, in his individual capacity, violated the Civil Rights of Plaintiff FRANCISCO HURTADO under the Fourth and Fourteenth Amendments to the United States Constitution.

4.   The tactics and tactical conduct preceding the shooting unarmed persons who pose no immediate threat, the failure to de-escalate and the failure to utilize other tactics such as verbalization, cover and concealment, less-than-lethal, call for backup and that recognize the totality of the circumstances to take into custody behind shootings of unarmed civilians such as FRANCISCO HURTADO were and are maintained by Defendants the STATE OF CALIFORNIA and the CALIFORNIA HIGHWAY PATROL are negligent and led to the shooting of FRANCSICO HURTADO by Defendant EDGARDO YEPEZ (aka EDGARDO LOPEZ) on March 15, 2018.

## **PARTIES**

5.   At all relevant times, FRANCISCO HURTADO (hereinafter, sometimes referred to herein as "Plaintiff") was an individual residing in the County of Stanislaus, California.

6.   Defendant STATE OF CALIFORNIA (hereinafter, referred to as "STATE") is a public entity whose officers operate under color of law or authority, in their individual and representative capacities and in the course and scope of their employment with the capacity to sue and be sued.  Defendant STATE is responsible for the actions, omissions, policies, procedures, practices and customs of its various agents and agencies.  At all times relevant to the facts alleged herein, Defendant STATE was responsible for assuring that the actions, omissions, policies, procedures, practices, and customs of its employees complied with the laws and the Constitutions of the United States and the State of California.  Defendant STATE

3
**SECOND AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

employs persons including through Departments that include the CALIFORNIA HIGHWAY PATROL (hereinafter, sometimes referred to as "CHP").

7.     Defendant Officer EDGARDO YEPEZ aka EDGARDO LOPEZ, (hereinafter also referred to as "YEPEZ") is and was a CHP officer working for STATE and CHP.  Defendant Officer EDGARDO YEPEZ' name was spelled EDGARDO "LO"PEZ" instead of EDGARDO "YE" PEZ" in the original Complaint filed on April 2, 2019 and the last name is now corrected to "YEPEZ."  On or about March 15, 2018, Defendant YEPEZ, in his individual capacity, was acting under color of law and in the course and scope of his employment with STATE and CHP when he shot FRANCISCO HURTADO.  Plaintiff FRANCISCO HURTADO originally sued EDGARDO YEPEZ herein on April 2, 2019 when this action was originally filed in Los Angeles Superior Court and Defendant EDGARDO YEPEZ was listed as Defendant "EDGARDO LOPEZ" in the original Complaint that was filed.  Plaintiff FRANCISCO HURTADO sued the March 15, 2018 shooter Defendant EDGARDO YEPEZ (and any other shooters) (naming him as Defendant EDGARDO LOPEZ) upon filing the Complaint on April 2, 2019 in Los Angeles County Superior Court.  Defendant Officer EDGARDO YEPEZ (aka EDGARDO LOPEZ and/or previously named and sued herein as EDGARDO LOPEZ) and all CHP officers who shot Plaintiff FRANCISCO HURTADO were sued in the original Complaint on April 2, 2019 as Defendant EDGARDO LOPEZ and as DOE Defendants that included all who shot FRANCISCO HURTADO on March 15, 2018.  "EDGARDO YEPEZ" and/or "YEPEZ" will hereinafter refer to and include EDGARDO LOPEZ as EDGARDO YEPEZ was already sued in the original Complaint under the EDGARDO LOPEZ name.

8.     At all relevant times, Defendants YEPEZ, and DOES 1 through 10, inclusive, were employees of STATE and CHP.  At all times relevant herein, Defendants YEPEZ and each of the Defendants DOES 1 through 10, inclusive, were an employee and/or agent of Defendants STATE and CHP and each of these individual defendants acted under color of law, to wit, under the color of the

4
**SECOND AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

statutes, ordinances, regulations, policies, customs, and usages of Defendant STATE and CHP, as well as under the color of the statutes and regulations of the State of California.

9. At all relevant times, Defendants YEPEZ and each of the Defendants DOES 1 through 10 was acting within their capacity as an employee, agent, representative and/or servant of STATE and CHP.

10. Defendants YEPEZ and DOES 1 through 10, inclusive, are sued in their individual capacities for damages only.

11. On information and belief, at all relevant times, Defendant YEPEZ was a resident of the County of Stanislaus, State of California. Defendant YEPEZ is sued herein in their individual and/or representative capacity and/or in their capacity as an employee and/or agent of Defendants STATE and CHP.

12. On information and belief, at all relevant times, Defendants STATE, CHP and DOES 1 through 10, inclusive, were residents of County of Los Angeles, California.

13. At all relevant times, YEPEZ and DOES 1 through 10, inclusive, were duly authorized employees and agents of STATE and CHP, who were acting under color of law within the course and scope of their individual and/or representative capacities and respective duties as deputies and law enforcement agents and with the complete authority and ratification of their principal, Defendants STATE and CHP.

14. At all relevant times, Defendants YEPEZ and DOES 1 through 10, inclusive, were duly appointed officers and/or employees or agents of Defendants STATE and CHP, subject to oversight and supervision by Defendants STATE and CHP's elected and non-elected officials.

15. In doing the acts and failing and omitting to act as hereinafter described, Defendants YEPEZ and DOES 1 through 10, inclusive, were acting on the implied and actual permission and consent of Defendants STATE and CHP.

16. The true names of Defendants DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues these defendants by such fictitious names. Plaintiff will seek leave to amend this complaint to show the true names and capacities of these defendants when they have been ascertained. Each of the fictitious named defendants is responsible in some manner for the conduct and liabilities alleged herein.

17. Each of the Defendants caused and is responsible for the unlawful conduct and resulting, by, inter alia, personally participating in the conduct, or acting jointly and in concert with others who did so; by authorizing, acquiescing or failing to take action to prevent the unlawful conduct; by promulgating policies and procedures pursuant to which the unlawful conduct occurred; by failing and refusing, with deliberate indifference to Plaintiff's rights, to initiate and maintain adequate supervision and/or training; and, by ratifying the unlawful conduct that occurred by agents and peace officers under their direction and control. Whenever and wherever reference is made in this Complaint to any act by a Defendant, such allegation and reference shall also be deemed to mean the acts and failures to act of each Defendant individually, joint, and severally. They are sued in their individual and official capacities and in some manner are responsible for the acts and omissions alleged herein. Plaintiff will ask leave of this Court to amend this Complaint to allege such name and responsibility when that information is ascertained. Each of Defendants is the agent of the other and the actions of each of the Defendants were ratified by the other Defendants.

**JURISDICTION AND VENUE**

18. This action was previously, originally, properly filed in California State Superior Court (Complaint filed April 2, 2019 bearing Los Angeles County Superior Court Case No.: 19STCV11158 and First Amended Complaint filed September 3, 2019 bearing Stanislaus County Superior Court Case No.: CV-19-004526) as it is a case for personal injuries and seeks remedies under state law for the personal injuries suffered by Plaintiff, FRANCISCO HURTADO. The injuries

**SECOND AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

occurred in Modesto, Stanislaus County, California. Furthermore, this civil action is brought by Plaintiff for the redress of alleged depravations of constitutional rights as protected by 42 U.S.C. Sections 1983, 1985, 1986, 1988, the Fourth and Fourteenth Amendment of the United States Constitution, and the California Constitution. Jurisdiction is founded on 28 U.S.C. Sections 1331, 1343, and 1367, this being an action authorized by law to redress the deprivation under color of law, statute, ordinance, regulation, custom and usage of rights, privileges, and immunities secured to a plaintiff by the Fourth and Fourteenth Amendments to the Constitution of the United States. This action was removed by the Defendant EDGARDO YEPEZ on November 19, 2019 [Doc. 1] pursuant to Removal Jurisdiction under 28 U.S.C. Sections 1331, 1441 and 1446.

19. Venue is proper in this Court because the injury took place near the Keyes Road exit off of State Highway 99, in Modesto, Stanislaus County, California. Plaintiff herein timely and properly filed tort claims pursuant to Cal. Gov. Code Section 910, et seq., and this action is (and was previously) timely filed within all applicable statutes of limitations.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

20. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 19 of this Complaint with same force and effect as if fully set forth herein.

21. Plaintiff FRANCISCO HURTADO was born on December 11, 1996, and he was twenty-two (22) years old at the time he was shot.

22. On or about March 15, 2018, Plaintiff, FRANCISCO HURTADO was in an overturned vehicle at the Keyes Road exit off Highway 99 in City of Modesto, County of Stanislaus, California. Defendants YEPEZ and DOES 1 through 10, inclusive, observed Plaintiff in the overturned vehicle and while administering assistance to help extricate Plaintiff from the vehicle. Defendant YEPEZ (aka and previously sued as EDGARDO LOPEZ) suddenly and without warning unholstered their firearm and fired several shots in the direction of Plaintiff, while Plaintiff was still trapped in the overturned vehicle. Several rounds struck Plaintiff. Based on

information and belief, Plaintiff had no firearm in his possession, and based on his positioning in the vehicle, otherwise presented no imminent threat of lethal harm to anyone. Nonetheless, Defendants YEPEZ (aka and previously sued as EDGARDO LOPEZ) and DOES 1 through 10, inclusive, shot Plaintiff FRANCISCO HURTADO multiple times and severely injured him.

23. Without issuing any warning that shots were going to be fired, and in violation of STATE and CHP policy, Defendant YEPEZ fired several shots at Plaintiff FRANCISCO HURTADO.

24. Decedent sustained injuries, pain, suffering, emotional distress and disfigurement when he was shot by Defendant YEPEZ and DOES 1 through 10, who was acting under color of law, in their individual and official capacities and as employee of Defendants STATE and CHP. FRANCISCO HURTADO posed no imminent threat of death or serious bodily injury to any person and the force that was used by Defendants EDGARDO YEPEZ and DOES 1 through 10, inclusive, was unreasonable, excessive force.

25. Upon information and belief, at the time he was shot, Decedent was not in possession of a firearm. Moreover, FRANCISCO HURTADO posed no imminent threat of death or serious bodily injury to Defendant EDGARDO YEPEZ, or any other police officer or person.

26. Defendant YEPEZ and DOES 1 through 10 did not warn Plaintiff they were about to shoot Plaintiff.

27. Upon information and belief, after being shot, Plaintiff was immobile and bleeding profusely and in obvious critical need of immediate emergency care and treatment. Instead of immediately providing or facilitating emergency care and treatment, Plaintiff's need for immediate medical care was unnecessarily delayed. Defendants EDGARDO YEPEZ and DOES 1 through 10, inclusive, did not timely summon medical care or permit medical personnel to treat Plaintiff. The delay of medical care to Plaintiff FRANCISCO HURTADO caused Plaintiff extreme

physical and emotional pain and suffering and was a contributing cause of Plaintiff's injuries.

28.     Within six months of the Incident, Plaintiff timely and appropriately presented and filed Government Claims with the Defendants STATE and CHP in this action.  The Government Claims were rejected and the filing of this action, as to the State Causes of Action/Claims for Relief, within six months of the rejection, are/were timely filed.  Additionally, the Federal Causes of Action/Claims for Relief are/were also timely filed within two years of the Incident.

**FIRST CLAIM FOR RELIEF**
**FOR UNREASONABLE SEARCH AND SEIZURE, UNREASONABLE AND/OR EXCESSIVE FORCE AND DENIAL OF MEDICAL CARE (42 U.S.C. §1983);**
**(By Plaintiff Against Defendants EDGARDO YEPEZ and DOES 1 through 10, inclusive)**

29.     Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 28 of this Complaint with the same force and effect as if fully set forth herein.

30.     The unjustified shooting of Plaintiff by Defendants EDGARDO YEPEZ and other unknown DOE Defendants deprived Plaintiff FRANCISCO HURTADO of his right to be secure in his person against unreasonable searches and seizures as guaranteed to Plaintiff under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.  On March 15, 2018, Defendants EDGARDO YEPEZ and DOES 1 through 10, inclusive, acting in their individual and/or representative capacities, acting under color of law, used unreasonable and excessive deadly force and violated the Constitutional Rights of Plaintiff FRANCICO HURTADO when they shot and severely injured Plaintiff FRANCISCO HURTADO.  Plaintiff did not represent an imminent threat of death or serious bodily injury and the deadly force used by Defendants EDGARDO YEPEZ and DOES 1 through 10, inclusive, was objectively

unreasonable force that proximately caused severe and permanent injuries to Plaintiff in violation of 42 U.S.C. §1983.

31. By virtue of their misconduct, Defendants EDGARDO YEPEZ and DOES 1 through 10, inclusive, are liable for Plaintiff's injuries, either because these Defendants were integral participants in the use of excessive force, or because they failed to intervene to prevent these violations.

32. Defendants YEPEZ and DOES 1 through 10, inclusive, knew that failure to provide timely medical treatment to Plaintiff FRANCISCO HURTADO could result in further significant injury or the unnecessary and wanton infliction of pain, but nevertheless disregarded his serious medical needs, causing him great bodily harm, physical pain and suffering, and emotional pain and suffering.

33. This use of force was excessive and objectively unreasonable under the circumstances. Defendants EDGARDO YEPEZ's and DOES 1 through 10's actions thus deprived Plaintiff FRANCISCO HURTADO of his right to be free from unreasonable searches and seizures under the Fourth Amendment and applied to state actors by the Fourteenth Amendment.

34. As a direct and proximate result of the actions of Defendants EDGARDO YEPEZ and DOES 1 through 10, Plaintiff FRANCISCO HURTADO suffered severe and permanent injuries. As a direct and proximate result of the actions of Defendants EDGARDO YEPEZ and DOES 1 through 10 in shooting and injuring Plaintiff FRANCISCO HURTADO, Plaintiff FRANCISCO HURTADO further claims damages for past and future medical bills, lost wages and lost earning capacity, past and future physical, mental and emotional pain and suffering, disfigurement, physical impairment, anxiety, emotional distress, fear of impending death suffered by Plaintiff in being threatened by, and then shot by, Defendants EDGARDO YEPEZ and DOES 1 through 10 and all other damages allowed under federal and state law. As a direct and proximate result of the actions of Defendants EDGARDO YEPEZ and DOES 1 through 10, Plaintiff FRANCISCO HURTADO, also claims as damages the loss of the value and enjoyment of the life in that his life

has been permanently changed by the injuries sustained in this Incident as a result of the excessive force administered by Defendants EDGARDO YEPEZ and DOES 1 through 10, inclusive. Plaintiff FRANCISCO HURTADO was an otherwise healthy 22-year-old man who has approximately 56 years of remaining life expectancy. Plaintiff FRANCISCO HURTADO, by this action, further claims all of Plaintiff's attorneys' fees and costs incurred and to be incurred in Plaintiff presenting, maintaining and prosecuting this action under 42 U.S.C. §1988.

35. The conduct of Defendants EDGARDO YEPEZ and DOES 1 through 10, inclusive, was despicable conduct which was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages as to Defendants EDGARDO YEPEZ and DOES 1 through 10, inclusive.

**SECOND CLAIM FOR RELIEF**
**FOR VIOLATION OF SUBSTANTIVE DUE PROCESS (42 U.S.C. §1983);**
**(By Plaintiff Against Defendants EDGARDO YEPEZ and DOES 1 through 10, inclusive)**

36. Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 37 of this Complaint with the same force and effect as if fully set forth herein.

37. Plaintiff FRANCISCO HURTADO had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive them life, liberty, or property in such a manner as to shock the conscience by being deliberately indifferent to the constitutional rights of the Plaintiff and/or by being a purpose to harm unrelated to any legitimate law enforcement objective, including but not limited to unwarranted state interference in the life, safety and health of Plaintiff FRANCISCO HURTADO.

38. Plaintiff FRANCISCO HURTADO had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to

11
**SECOND AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

be free from state actions that would deprive him of life, liberty, or property in such a manner as to shock the conscience by being deliberately indifferent to the constitutional rights of the Decedent and/or by being a purpose to harm unrelated to any legitimate law enforcement objective.

39.  The aforementioned actions of Defendants YEPEZ and DOES 1 through 10, inclusive, along with other undiscovered conduct, violated the Due Process Clause of the Fourteenth Amendment, shocked the conscience and interfered with the life, safety and health of Plaintiff FRANCISCO HURTADO, in that said Defendants had time to deliberate and then used excessive force that was deliberately indifferent to the constitutional rights of the Plaintiff and/or shocks the conscience and with a purpose to harm unrelated to any legitimate law enforcement objective in violation of 42 U.S.C. §1983 in violation of the constitutional rights of Plaintiff FRANCISCO HURTADO

40.  Defendants YEPEZ and DOES 1 through 10, inclusive, thus violated the substantive due process rights of Plaintiff FRANCISCO HURTADO to be free from unwarranted interference with his right to life, safety and health and Plaintiff claims all damages previously set forth in paragraph 34 above.

41.  As a direct and proximate cause of the acts of Defendants YEPEZ and DOES 1 through 10, inclusive, Plaintiff's right to life, health and safety and will continue to be so deprived for the remainder of their natural life.

42.  Plaintiff FRANCISCO HURTADO brings this claim for the violation of his constitutional rights. Plaintiff FRANCISCO HURTADO by this action further claims all of Plaintiff's attorneys' fees and costs incurred and to be incurred in Plaintiff presenting, maintaining and prosecuting this action under 42 U.S.C. §1988.

43.  The conduct of Defendants YEPEZ and DOES 1 through 10, inclusive, was despicable conduct which was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition

of exemplary and punitive damages as to Defendants YEPEZ and DOES 1 through 10, inclusive.

### THIRD CLAIM FOR RELIEF
### FOR BATTERY
**(Cal. Govt. Code Sections 815.2 and 820 And California Common Law); (By Plaintiff Against Defendants EDGARDO YEPEZ; STATE OF CALIFORNIA; CALIFORNIA HIGHWAY PATROL and DOES 1 through 10, inclusive)**

44. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 43 of this Complaint with the same force and effect as if fully set forth herein.

45. Defendants EDGARDO YEPEZ and DOES 1 through 10, while working as a police officer for STATE and CHP and acting within the course and scope of their duties, intentionally shot Plaintiff FRANCISCO HURTADO. Defendant YEPEZ had no legal justification for using force against Plaintiff and the use of force was excessive and unreasonable. At all times herein mentioned, law enforcement officers in California were only allowed to use reasonable force to effect an arrest, prevent escape or overcome resistance. Defendants EDGARDO YEPEZ and DOES 1 through 10 committed an unconsented touching of Plaintiff FRANCISCO HURTADO and battered him when they used unreasonable and excessive force when they shot Plaintiff several times.

46. As a direct and proximate result of the actions of Defendants, inclusive, and each of them, Plaintiff FRANCISCO HURTADO suffered special and general damages, including but not limited to past medical bills, future medical expenses, loss of wages, future loss of wages/earning capacity, and for past and future pain and suffering, inconvenience, disfigurement, physical impairment, emotional distress and loss of enjoyment of life, that will continue for the remainder of his life.

47. Defendants STATE and CHP are vicariously liable for the wrongful acts of Defendants EDGARDO YEPEZ and DOES 1-10 pursuant to §§815.2(a) and 820 of

the California Government Code, which provide that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's acts would subject him or her to liability. Plaintiff FRANCISCO HURTADO brings his claim for damages, both special and general, for the violation of Plaintiff's rights.

48. The conduct of Defendant EDGARDO YEPEZ and DOES 1 through 10, inclusive, was despicable conduct which was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiff FRANCISCO HURTADO, entitling Plaintiff FRANCISCO HURTADO to an award of exemplary and punitive damages as to Defendant EDGARDO YEPEZ.

### FIFTH CLAIM FOR RELIEF
### NEGLIGENCE
**(By Plaintiff Against Defendants EDGARDO YEPEZ; STATE OF CALIFORNIA; CALIFORNIA HIGHWAY PATROL and DOES 1 through 10, inclusive)**

49. Plaintiff repeats and reallege each and every allegation in paragraphs 1 through 48 of this Complaint with the same force and effect as if fully set forth herein.

50. The actions and inactions of Defendants, including the actions of Defendants EDGARDO YEPEZ and DOES 1 through 10, inclusive, were negligent and reckless. At all times herein mentioned, among other things, Defendants YEPEZ and DOES 1 through 10, inclusive, owed a duty to follow California law that provides that "Law enforcement personnel's tactical conduct and decisions preceding the use of deadly force are relevant considerations under California law in determining whether the use of deadly force gives rise to negligence liability. Such liability can arise, for example, if the tactical conduct and decisions show, as part of the totality of circumstances, that the use of deadly force was unreasonable." Defendants EDGARDO YEPEZ and DOES 1 through 10, inclusive, breached their duty and were negligent and unreasonable in their actions and inactions which included but are not limited to:

14
**SECOND AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

(a) the failure to properly and adequately assess the need to detain, arrest, and use force or deadly force against Plaintiff FRANCISCO HURTADO;

(b) the negligent tactics and handling of the situation with Plaintiff FRANCISCO HURTADO, including pre-shooting negligence;

(c) the failure to use alternative means to take into custody including, but not limited to, time, space, verbalization, commands, hands on grappling, non-deadly impact weapons, less-than-lethal weapons and less-than-lethal force;

(d) the negligent detention, arrest, and use of force, including deadly force, against Plaintiff FRANCISCO HURTADO;

(e) the failure to provide prompt medical care to Plaintiff FRANCISCO HURTADO;

(f) the failure to properly train and supervise employees, both professional and non-professional, including Defendants EDGARDO YEPEZ and DOES 1 through 10, inclusive, including, but not limited to the failure to train to follow the STATE and CHP Department Manual of Policies and Procedures;

(g) the failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of Plaintiff FRANCISCO HURTADO;

(h) the violation of Defendants STATE and CHP Police Department Manual of Policies, Procedures and training regarding foot pursuits, tactics and use of force; violation of other portions of the Manual, tactics and training and the failure to follow Police Officer Standards and Training (POST) guidelines and learning domains regarding tactics and use of force.

51. As a direct and proximate result of Defendants' conduct as alleged above, and other undiscovered negligent conduct, Plaintiff FRANCISCO HURTADO was caused to suffer severe pain and suffering and permanent injuries. As a direct and proximate result of the actions of Defendants, inclusive, and each of them, Plaintiff FRANCISCO HURTADO suffered special and general damages, including but not limited to medical bills, future medical expenses, loss of wages, future loss of

wages, disfigurement, physical impairment and for pain and suffering that will continue for the remainder of his life. Defendants EDGARDO YEPEZ and DOES 1 through 10 were only authorized to use reasonable force and the amount of force used by Defendants YEPEZ and DOES 1 through 10 against Plaintiff FRANCISCO HURTADO was unreasonable which caused harm and was a substantial factor in causing harm to Plaintiff FRANCISCO HURTADO.

52. Defendants STATE and CHP are vicariously liable for the wrongful acts of Defendants EDGARDO YEPEZ and DOES 1 through 10, inclusive, pursuant to §§815.2(a) and 820 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

53. The conduct of Defendants EDGARDO YEPEZ and DOES 1 through 10, inclusive, was despicable conduct which was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiff FRANCISCO HURTADO, entitling Plaintiff FRANCISCO HURTADO to an award of exemplary and punitive damages as to individual Defendants YEPEZ and DOES 1 through 10, inclusive.

## SIXTH CLAIM FOR RELIEF
### VIOLATION OF CALIFORNIA CIVIL CODE §52.1
**(By Plaintiff Against Defendants YEPEZ and DOES 1 through 10, inclusive)**

54. Plaintiff repeats and reallege each and every allegation in paragraphs 1 through 53 of this Complaint with the same force and effect as if fully set forth herein.

55. This Claim for Relief is brought pursuant to §52.1 of the California Civil Code.

56. Plaintiff FRANCISCO HURTADO was subjected to excessive force by Defendants EDGARDO YEPEZ and DOES 1 through 10, inclusive, in the form of gunshots fired by said Defendants which struck Plaintiff FRANCISCO HURTADO and caused him serious personal injuries. The shooting was unreasonable and unwarranted as the circumstances under which the shooting occurred did not

require the use of any force whatsoever. As an unreasonable use of force, the shooting constituted a violation of Plaintiff FRANCISCO HURTADO's constitutional rights against unreasonable searches and seizures protected by the Constitution of the State of California.

57. All of the above acts and omissions of Defendants EDGARDO YEPEZ and DOES 1 through 10, inclusive, was despicable conduct which willful, wanton, malicious and oppressive thereby justifying the awarding of exemplary and punitive damages as to said individual defendants.

58. As a proximate result of the acts of Defendants EDGARDO YEPEZ and DOES 1 through 10, inclusive, Plaintiff FRANCISCO HURTADO suffered multiple gunshot wounds which caused him severe, permanent injuries.

59. The above acts of defendants violated Plaintiff FRANCISCO HURTADO's civil rights as protected by §52.1 of the Civil Code. As such, Plaintiff FRANCISCO HURTADO is entitled to compensatory damages according to proof, including those permitted by §52.1 of the Civil Code, punitive and exemplary damages, the costs of suit incurred in this action, reasonable attorney's fees as permitted by the Civil Code §§51.7 and 52, and any other additional relief that the court deems proper against Defendants EDGARDO YEPEZ and DOES 1 through 10.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff FRANCISCO HURTADO requests entry of judgment in his favor and against Defendants, and each of them, as follows:

A. For compensatory damages, for personal injuries sustained, including but not limited to past medical bills, past loss of wages, future medical expenses, and future loss of wages/earnings capacity, in an amount according to proof at the time of trial;

B. For compensatory damages, for past and future pain, suffering, disfigurement, physical impairment, inconvenience, humiliation, mental suffering and emotional distress, anxiety, fear, loss of enjoyment of life and

all other noneconomic damages allowed by law in an amount according to proof at the time of trial;

C.  For punitive damages against the individual defendants in an amount to be proven at trial;

D.  For pre-judgment and post-judgment interest;

E.  For reasonable costs of this suit and attorneys' fees, including pursuant to 42 U.S.C. §1988;

F.  For all other damages allowed under federal and state law; and

G.  For such further other relief as the Court may deem just, proper, and appropriate.

Respectfully Submitted,

Dated:  December 12, 2019

**GUIZAR, HENDERSON & CARRAZCO, LLP**

BY:  /S/ Kent M. Henderson_____
      HUMBERTO GUIZAR, ESQ
      KENT M. HENDERSON, ESQ.
      ANGEL CARRAZCO, JR., ESQ.
Attorneys for Plaintiff FRANCISCO HURTADO

///
///
///
///
///
///
///
///
///

18
**SECOND AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

Dated: December 12, 2019

**GUIZAR, HENDERSON & CARRAZCO, LLP**

BY: /S/ Kent M. Henderson
    HUMBERTO GUIZAR, ESQ
    KENT M. HENDERSON, ESQ.
    ANGEL CARRAZCO, JR., ESQ.
Attorneys for Plaintiff FRANCISCO HURTADO