1  **LAW OFFICES OF DALE K. GALIPO**
   Dale K. Galipo (SBN 144074)
2  E-mail: dalekgalipo@yahoo.com
   Hang D. Le (SBN 293450)
3  E-mail: hlee@galipolaw.com
   21800 Burbank Blvd., Suite 310
4  Woodland Hills, CA 91367
   Tel: (818) 347-3333; Fax: (818) 347-4118
5
   Humberto M. Guizar, Esq.     (SBN 125769)
6  Kent M. Henderson, Esq.      (SBN 139530)
   Angel Carrazco, Jr., Esq.    (SBN 230845)
7  **GUIZAR, HENDERSON & CARRAZCO, L.L.P.**
   18301 Irvine Boulevard, Tustin, CA 92780
8  Telephone:    (714) 541-8600
   Facsimile:    (714) 541-8601
9  Email:        hguizar@ghclegal.com
                 hendolaw@gmail.com
10               angel@carrazcolawapc.com

11 Attorneys for Plaintiff FRANCISCO HURTADO

12

13                  **UNITED STATES DISTRICT COURT**

14              **FOR THE EASTERN DISTRICT OF CALIFORNIA**

15

16

17 | FRANCISCO HURTADO, an individual | CASE NO.: 2:19-cv-02343-DAD-AC |

18 Plaintiff,          **[PROPOSED] JOINT JURY INSTRUCTIONS**

19 v.

20 STATE OF CALIFORNIA;                 Trial Date:   March 11, 2024
   CALIFORNIA HIGHWAY PATROL;           Time:         9:00 a.m.
21 EDGARDO YEPEZ aka EDGARDO            Courtroom:    4
   LOPEZ; and DOES 1 through 100,       Judge:        Hon. Dale A. Drozd
22 inclusive,

23               Defendants.

24          Pursuant to this Court's October 24, 2023, Plaintiff FRANCISCO HURTADO and

25 Defendants EDGARDO YEPEZ and STATE OF CALIFORNIA by and through the

26 CALIFORNIA HIGHWAY PATROL, by and through their attorneys of record, hereby submit

27 their [Proposed] Joint Jury Instructions.

28

                                        1

1

DATED:  February 26, 2024

2

**LAW OFFICES OF DALE K. GALIPO**
**GUIZAR, HENDERSON & CARRAZCO, LLP**

3

4

By: _____*/s/ Hang D. Le*_____
        Dale K. Galipo

5

        Hang D. Le
        Kent M. Henderson

6

        Angel Carrazco, Jr.
        Attorneys for Plaintiff Francisco Hurtado

7

8

DATED:  February 26, 2024

9

Rob Bonta

10

Attorney General of California
Iveta Ovsepyan

11

Supervising Deputy Attorney General

12

By: _*/s/ LeeAnn E. Whitmore (as auth. on 2/26/2024)*_

13

        LeeAnn E. Whitmore
        Deputy Attorney General

14

        John C. Bridges
        Deputy Attorney General

15

        Attorneys for Defendants State of California,
        acting by and through the California Highway

16

        Patrol and Edgardo Yepez

17

18

19

20

21

22

23

24

25

26

27

28

2

### INDEX OF PARTIES' PROPOSED JOINT JURY INSTRUCTIONS

| NUMBER | TITLE | SOURCE | PAGE |
|--------|-------|--------|------|
| 1. | Duty of Jury (Court Reads Instructions at the Beginning of Trial but Does Not Provide Written Copies) | 9th Cir. 1.3 | 6 |
| 2. | Duty of Jury (Court Reads and Provides Written Instructions at the End of the Case) | 9th Cir. 1.4 | 7 |
| 3. | Burden of Proof – Preponderance of the Evidence | 9th Cir. 1.6 | 8 |
| 4. | Burden of Proof – Clear and Convincing Evidence | 9th Cir. 1.7 | 9 |
| 5. | What is Evidence | 9th Cir. 1.9 | 10 |
| 6. | What is Not Evidence | 9th Cir. 1.10 | 11 |
| 7. | Evidence for a Limited Purpose | 9th Cir. 1.11 | 12 |
| 8. | Direct and Circumstantial Evidence | 9th Cir. 1.12 | 13 |
| 9. | Ruling on Objections | 9th Cir. 1.13 | 14 |
| 10. | Credibility of Witness | 9th Cir. 1.14 | 15 |
| 11. | Conduct of Jury | 9th Cir. 1.15 | 17 |
| 12. | Publicity During Trial | 9th Cir. 1.16 | 19 |
| 13. | No Transcript Available to Jury | 9th Cir. 1.17 | 20 |
| 14. | Taking Notes | 9th Cir. 1.18 | 21 |
| 15. | Questions to Witnesses by Jurors | 9th Cir. 1.19 | 22 |

3

| NUMBER | TITLE | SOURCE | PAGE |
|--------|-------|--------|------|
| 16. | Bench Conferences and Recesses | 9th Cir. 1.20 | 23 |
| 17. | Outline of Trial | 9th Cir. 1.21 | 24 |
| 18. | Stipulations of Fact | 9th Cir. 2.2 | 25 |
| 19. | Judicial Notice | 9th Cir. 2.3 | 26 |
| 20. | Transcript of Recording | 9th Cir. 2.5 | 27 |
| 21. | Foreign Language Testimony | 9th Cir. 2.8 | 28 |
| 22. | Use of Interrogatories of a Party | 9th Cir. 2.11 | 29 |
| 23. | Use of Requests for Admission | 9th Cir. 2.12 | 30 |
| 24. | Expert Opinion | 9th Cir. 2.13 | 31 |
| 25. | Charts and Summaries Not Received in Evidence | 9th Cir. 2.14 | 32 |
| 26. | Charts and Summaries in Evidence | 9th Cir. 2.15 | 33 |
| 27. | Evidence in Electronic Format | 9th Cir. 2.16 | 34 |
| 28. | Duty to Deliberate | 9th Cir. 3.1 | 36 |
| 29. | Consideration of Evidence – Conduct of the Jury | 9th Cir. 3.2, Rev. Dec. 2020 | 37 |
| 30. | Communication with Court | 9th Cir. 3.3 | 39 |
| 31. | Readback or Playback | 9th Cir. 3.4 | 40 |

| **NUMBER** | **TITLE** | **SOURCE** | **PAGE** |
|:---:|:---:|:---:|:---:|
| 32. | Vicarious Liability | CACI 3700 | 41 |
| 33. | Section 1983 Claim—Introductory Instruction | 9th Cir. 9.1 | 42 |
| 34. | Section 1983 Claim Against Defendant in Individual Capacity—Elements and Burden of Proof | 9th Cir. 9.3 | 43 |
| 35. | Basic Standard of Care | CACI 401 | 44 |
| 36. | Comparative Fault of Plaintiff | CACI 405 | 45 |

# INSTRUCTION NO. 1

## DUTY OF JURY (COURT READS INSTRUCTIONS AT THE BEGINNING OF TRIAL BUT DOES NOT PROVIDE WRITTEN COPIES)

Members of the jury: You are now the jury in this case. It is my duty to instruct you on the law.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

At the end of the trial I will give you final instructions. It is the final instructions that will govern your duties.

Please do not read into these instructions, or anything I may say or do, that I have an opinion regarding the evidence or what your verdict should be.

**Authority:** Ninth Circuit Manual of Model Civil Jury Instructions, 1.3.

# INSTRUCTION NO. 2

## DUTY OF JURY

Members of the Jury: Now that you have heard all of the evidence [and the arguments of the attorneys], it is my duty to instruct you on the law that applies to this case.

[Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.]

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

**Authority:** Ninth Circuit Manual of Model Civil Jury Instructions, 1.4.

1

**INSTRUCTION NO. 3**

2

**BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE**

3

When a party has the burden of proving any claim or affirmative defense by a

4

preponderance of the evidence, it means you must be persuaded by the evidence that the claim or

5

affirmative defense is more probably true than not true.

6

You should base your decision on all of the evidence, regardless of which party presented

7

it.

8

9

10

**Authority:** Ninth Circuit Manual of Model Civil Jury Instructions, 1.6.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8

**INSTRUCTION NO. 4**

**BURDEN OF PROOF – CLEAR AND CONVINCING EVIDENCE**

When a party has the burden of proving any claim or defense by clear and convincing evidence, it means that the party must present evidence that leaves you with a firm belief or conviction that it is highly probable that the factual contentions of the claim or defense are true. This is a higher standard of proof than proof by a preponderance of the evidence, but it does not require proof beyond a reasonable doubt.

**Authority:** Ninth Circuit Manual of Model Civil Jury Instructions, 1.7.

**INSTRUCTION NO. 5**

**WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

1.      the sworn testimony of any witness;

2.      the exhibits that are admitted  into evidence; and

3.      any facts to which the lawyers have agreed; and

4.      any facts that I [may instruct] [have instructed] you to accept as proved.

**Authority:** Ninth Circuit Manual of Model Civil Jury Instructions, 1.9.

# INSTRUCTION NO. 6

## WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2. Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3. Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition some evidence may be received only for a limited purpose; when I instruct you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

4. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**Authority:** Ninth Circuit Manual of Model Civil Jury Instructions, 1.10.

11

# INSTRUCTION NO. 7

## EVIDENCE FOR LIMITED PURPOSE

Some evidence may be admitted only for a limited purpose.

When I instruct you that an item of evidence has been admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

[The testimony [you are about to hear] [you have just heard] may be considered only for the limited purpose of [describe purpose] and not for any other purpose.]

**Authority:** Ninth Circuit Manual of Model Civil Jury Instructions, 1.11.

# INSTRUCTION NO. 8

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night.  However, other evidence, such as a turned on garden hose, may provide a different explanation for the presence of water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience and common sense.

**Authority:** Ninth Circuit Manual of Model Civil Jury Instructions, 1.12.

**INSTRUCTION NO. 9**

**RULING ON OBJECTIONS**

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence.  That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

**Authority:** Ninth Circuit Manual of Model Civil Jury Instructions, 1.13.

14

**INSTRUCTION NO. 10**

**CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)     the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3)     the witness's manner while testifying;

(4)     the witness's interest in the outcome of the case, if any;

(5)     the witness's bias or prejudice, if any;

(6)     whether other evidence contradicted the witness's testimony;

(7)     the reasonableness of the witness's testimony in light of all the evidence; and

(8)     any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

**Authority:** Ninth Circuit Manual of Model Civil Jury Instructions, 1.14.

**INSTRUCTION NO. 11**

**CONDUCT OF THE JURY**

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, or computer, or any other or electronic means, via e-mail, text messaging, or any Internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, Tiktok, or any other forms of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use the Internet or any other resource to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people

involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court.  Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process.  If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process.  Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial.  Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings[, and a mistrial could result that would require the entire trial process to start over].  If any juror is exposed to any outside information, please notify the court immediately.

**Authority:** Ninth Circuit Manual of Model Civil Jury Instructions, 1.15.

# INSTRUCTION NO. 12

# PUBLICITY DURING TRIAL

If there is any news media account or commentary about the case or anything to do with it, you must ignore it. You must not read, watch or listen to any news media account or commentary about the case or anything to do with it. The case must be decided by you solely and exclusively on the evidence that will be received in the case and on my instructions as to the law that applies. If any juror is exposed to any outside information, please notify me immediately.

**Authority:** Ninth Circuit Manual of Model Civil Jury Instructions, 1.16.

# INSTRUCTION NO. 13

## NO TRANSCRIPT AVAILABLE TO JURY

I urge you to pay close attention to the testimony as it is given. During deliberations you will not have a transcript of the trial testimony.

**Authority:** Ninth Circuit Manual of Model Civil Jury Instructions, 1.17.

**INSTRUCTION NO. 14**

**TAKING NOTES**

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you go to the jury room to decide the case.  Do not let note-taking distract you.  When you leave, your notes should be left in the courtroom.  No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory.  You should not be overly influenced by your notes or those of other jurors.

**Authority:** Ninth Circuit Manual of Model Civil Jury Instructions, 1.18.

**INSTRUCTION NO. 15**

**QUESTIONS TO WITNESSES BY JURORS**

Only the lawyers and I are allowed to ask questions of witnesses. A juror is not permitted to ask questions of witnesses. If, however, you are unable to hear a witness or a lawyer, please raise your hand and I will correct the situation.

**Authority:** Ninth Circuit Manual of Model Civil Jury Instructions, 1.19.

22

# INSTRUCTION NO. 16

## BENCH CONFERENCES AND RECESSES

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess.  Please understand that while you are waiting, we are working.  The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum.  I may not always grant an attorney's request for a conference.  Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

**Authority:** Ninth Circuit Manual of Model Civil Jury Instructions, 1.20.

23

**INSTRUCTION NO. 17**

**OUTLINE OF TRIAL**

Trials proceed in the following way: First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendants may cross-examine.  Then the defendants may present evidence, and counsel for the plaintiffs may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

**Authority:** Ninth Circuit Manual of Model Civil Jury Instructions, 1.21.

**INSTRUCTION NO. 18**

**STIPULATIONS OF FACT**

The parties have agreed to certain facts that will be read to you:

1.       The incident that is the subject of this lawsuit occurred on March 15, 2018.

2.       At all times relevant to this lawsuit, Defendant Officer Edgardo Yepez was acting in his individual capacity in the course and scope of his employment with State of California by and through the California Highway Patrol.

3.       At all times relevant to this lawsuit, Defendant Officer Edgardo Yepez was acting under color of state law.

You must therefore treat these facts as having been proved.

**Authority:** Ninth Circuit Manual of Model Civil Jury Instructions, 2.2.

25

1

## INSTRUCTION NO. 19

## JUDICIAL NOTICE

The court has decided to accept as proved the fact that [*state fact*].  You must accept this fact as true.


**Authority:** Ninth Circuit Manual of Model Civil Jury Instructions, 2.3.

**INSTRUCTION NO. 20**

**TRANSCRIPT OF RECORDING**

You [are about to [hear] [watch]] [have heard] [watched]] a recording that has been received in evidence.  [Please listen to it very carefully.]  Each of you [has been] [was] given a transcript of the recording to help you identify speakers and as a guide to help you listen to the recording.  However, bear in mind that the recording is the evidence, not the transcript.  If you [hear] [heard] something different from what [appears] [appeared] in the transcript, what you heard is controlling. [ After] [Now that] the recording has been played, the transcript will be taken from you.

**Authority:** Ninth Circuit Manual of Model Civil Jury Instructions, 2.5.

27

**INSTRUCTION NO. 21**

**FOREIGN LANGUAGE TESTIMONY**

You [are about to hear] [have heard] testimony of a witness who [will be testifying] [testified] in the [*specify foreign language*] language.  Witnesses who do not speak English or are more proficient in another language testify through an official court interpreter.  Although some of you may know the [*specify foreign language*] language, it is important that all jurors consider the same evidence.  Therefore, you must accept the interpreter's translation of the witness's testimony. You must disregard any different meaning.

You must not make any assumptions about a witness or a party based solely on the use of an interpreter to assist that witness or party.

**Authority:** Ninth Circuit Manual of Model Civil Jury Instructions, 2.8.

28

**INSTRUCTION NO. 22**

**USE OF INTERROGATORIES OF A PARTY**

Evidence was presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side. These answers were given in writing and under oath before the trial in response to questions that were submitted in writing under established court procedures. You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

**Authority:** Ninth Circuit Manual of Model Civil Jury Instructions, 2.11.

**INSTRUCTION NO. 23**

**USE OF REQUESTS FOR ADMISSION**

Evidence was presented to you in the form of admissions to the truth of certain facts. These admissions were given in writing before the trial, in response to requests that were submitted under established court procedures.  You must treat these facts as having been proved.

**Authority:** Ninth Circuit Manual of Model Civil Jury Instructions, 2.12.

# INSTRUCTION NO. 24

## EXPERT OPINION

You have heard testimony from [names] who testified about their opinions and the reasons for those opinions.  This opinion testimony is allowed, because of the specialized knowledge, skill, experience, training, or education of these witnesses.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's specialized knowledge, skill, experience, training, or education, the reasons given for the opinions, and all the other evidence in the case.

**Authority:** Ninth Circuit Manual of Model Civil Jury Instructions, 2.13.

31

**INSTRUCTION NO. 25**

**CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE**

Certain charts and summaries not admitted into evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case.  Charts and summaries are only as good as the underlying evidence that supports them.  You should, therefore, give them only such weight as you think the underlying evidence deserves.

**Authority:** Ninth Circuit Manual of Model Civil Jury Instructions, 2.14.

**INSTRUCTION NO. 26**

**CHARTS AND SUMMARIES IN EVIDENCE**

Certain charts and summaries have been admitted into evidence to illustrate information brought out in the trial.  Charts and summaries are only as good as the testimony or other admitted evidence that supports them.  You should, therefore, give them only such weight as you think the underlying evidence deserves.

**Authority:** Ninth Circuit Manual of Model Civil Jury Instructions, 2.15.

**INSTRUCTION NO. 27**

**EVIDENCE IN ELECTRONIC FORMAT**

Those exhibits received in evidence that are capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room.  A computer, projector, printer and accessory equipment will be available to you in the jury room.

A court technician will show you how to operate the computer and other equipment; how to locate and view the exhibits on the computer; and how to print the exhibits.  You will also be provided with a paper list of all exhibits received in evidence.  You may request a paper copy of any exhibit received in evidence by sending a note through the [clerk] [bailiff].)  If you need additional equipment or supplies or if you have questions about how to operate the computer or other equipment, you may send a note to the [clerk] [bailiff], signed by your foreperson or by one or more members of the jury.  Do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands-on maintenance or instruction, a court technician may enter the jury room with [the clerk] [the bailiff] present for the sole purpose of assuring that the only matter that is discussed is the technical problem.  When the court technician or any nonjuror is in the jury room, the jury shall not deliberate.  No juror may say anything to the court technician or any nonjuror other than to describe the technical problem or to seek information about operation of the equipment.  Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the computer in the jury room is to enable jurors to view the exhibits received in evidence in this case.  You may not use the computer for any other purpose.  At my direction, technicians have taken steps to ensure that the computer does not permit access to the Internet or to any "outside" website, database, directory, game, or other material.  Do not attempt to alter the computer to obtain access to such materials.  If you discover that the computer provides or allows access to such materials, you must inform the court immediately and refrain from viewing such materials.  Do not remove the computer or any electronic data [disk] from the jury room, and do not copy any such data.

34

**Authority:** Ninth Circuit Manual of Model Civil Jury Instructions, 2.16.

**INSTRUCTION NO. 28**

**DUTY TO DELIBERATE**

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**Authority:** Ninth Circuit Manual of Model Civil Jury Instructions, 5.6.

36

**INSTRUCTION NO. 29**

**CONSIDERATION OF EVIDENCE—CONDUCT OF THE JURY**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved— including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications,

1    then your verdict may be influenced by inaccurate, incomplete or misleading information that has

2    not been tested by the trial process.  Each of the parties is entitled to a fair trial by an impartial

3    jury, and if you decide the case based on information not presented in court, you will have denied

4    the parties a fair trial.  Remember, you have taken an oath to follow the rules, and it is very

5    important that you follow these rules.

6        A juror who violates these restrictions jeopardizes the fairness of these proceedings[, and

7    a mistrial could result that would require the entire trial process to start over].  If any juror is

8    exposed to any outside information, please notify the court immediately.

9

10   **Authority:** Ninth Circuit Manual of Model Civil Jury Instructions, 3.2.

# INSTRUCTION NO. 30

## COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the [clerk] [bailiff], signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing. I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

**Authority:** Ninth Circuit Manual of Model Civil Jury Instructions, 3.3.

**INSTRUCTION NO. 31**

**READBACK OR PLAYBACK**

Because a request has been made for a [readback] [playback] of the testimony of [*witness's name*] it is being provided to you, but you are cautioned that all [readbacks] [playbacks] run the risk of distorting the trial because of overemphasis of one portion of the testimony. [Therefore, you will be required to hear all the witness's testimony on direct and cross-examination, to avoid the risk that you might miss a portion bearing on your judgment of what testimony to accept as credible.] [Because of the length of the testimony of this witness, excerpts will be [read] [played].] The [readback] [playback] could contain errors. The [readback] [playback] cannot reflect matters of demeanor [, tone of voice,] and other aspects of the live testimony. Your recollection and understanding of the testimony controls. Finally, in your exercise of judgment, the testimony [read] [played] cannot be considered in isolation, but must be considered in the context of all the evidence presented.

**Authority:** Ninth Circuit Manual of Model Civil Jury Instructions, 3.4.

1

**INSTRUCTION NO. 32**

2

**VICARIOUS LIABILITY**

3

Vicarious Liability—Introduction

4

    The State of California by and through the California Highway Patrol is responsible for

5

harm caused by the wrongful conduct of its employees while acting within the scope of their

6

employment on Plaintiff Francisco Hurtado's battery and negligence claims. The parties have

7

stipulated that Defendant Officer Edgardo Yepez was acting within the scope of his employment

8

with the State of California by and through the California Highway Patrol at the time of the

9

incident.

10

11

**Authority**: CACI 3700 (modified).

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

41

**INSTRUCTION NO. 33**

**SECTION 1983 CLAIM—INTRODUCTORY INSTRUCTION**

Plaintiff Francisco Hurtado brings a claim under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of state law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.


**Authority:** Ninth Circuit Manual of Model Civil Jury Instructions, 9.1.

**INSTRUCTION NO. 34**

**SECTION 1983 CLAIM AGAINST DEFENDANT IN INDIVIDUAL CAPACITY—**

**ELEMENTS AND BURDEN OF PROOF**

In order to prevail on his § 1983 claim against Defendant Officer Edgardo Yepez, Plaintiff Francisco Hurtado must prove each of the following elements by a preponderance of the evidence:

1. Defendant Officer Edgardo Yepez acted under color of state law; and

2. The acts of Defendant Officer Edgardo Yepez deprived Plaintiff Francisco Hurtado of his particular rights under the United States Constitution as explained in later instructions.

A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance or regulation.

The parties have stipulated that Defendant Officer Edgardo Yepez acted under color of law.

If you find that Plaintiff Francisco Hurtado has proved each of these elements, and if you find that Plaintiff Francisco Hurtado has proved all the elements he is required to prove under subsequent instructions, your verdict should be for Plaintiff Francisco Hurtado. If, on the other hand, you find that Plaintiff Francisco Hurtado has failed to prove any one or more of these elements, your verdict should be for the defendant.

**Authority:** Ninth Circuit Manual of Model Civil Jury Instructions, 9.3.

43

**INSTRUCTION NO. 35**

**BASIC STANDARD OF CARE**

Negligence is the failure to use reasonable care to prevent harm to oneself or to others. A person can be negligent by acting or by failing to act. A person is negligent if that person does something that a reasonable careful person would not do in the same situation or fails to do something that a reasonable careful person would do in the same situation.

You must decide how a reasonably careful person would have acted in Plaintiff Francisco Hurtado's and Defendant Officer Edgardo Yepez's situation.

**Authority:** CACI 401.

## INSTRUCTION NO. 36

### COMPARATIVE FAULT OF PLAINTIFF

Defendant Officer Edgardo Yepez claims that Plaintiff Francisco Hurtado's own negligence contributed to his harm. To succeed on this claim, Defendant Officer Edgardo Yepez must prove both of the following:

1. That Plaintiff Francisco Hurtado was negligent; and

2. That Plaintiff Francisco Hurtado's negligence was a substantial factor in causing his harm.

If Defendant Officer Edgardo Yepez proves the above, Plaintiff Francisco Hurtado's damages are reduced by your determination of the percentage of Plaintiff Francisco Hurtado's responsibility. I will calculate the actual reduction.

Authority: CACI 405.