1   ROB BONTA, State Bar No. 202668
    Attorney General of California
2   IVETA OVSEPYAN, State Bar No. 279218
    Supervising Deputy Attorney General
3   LEEANN E. WHITMORE, State Bar No. 214870
    Deputy Attorney General
4   JOHN C. BRIDGES, State Bar No. 248553
    Deputy Attorney General
5     1300 I Street, Suite 125
      P.O. Box 944255
6     Sacramento, CA 94244-2550
      Telephone: (916) 210-7515
7     Telephone: (916) 210-7529
      Fax: (916) 322-8288
8     E-mail: LeeAnn.Whitmore@doj.ca.gov
      E-mail: John.Bridges@doj.ca.gov
9   *Attorneys for Defendants State of California,*
    *acting by and through the California Highway*
10  *Patrol and Edgardo Yepez*

11

12              IN THE UNITED STATES DISTRICT COURT

13              FOR THE EASTERN DISTRICT OF CALIFORNIA

14

15

16  **FRANCISCO HURTADO, AN**          Case No.: 2:19-CV-02343-DAD-AC
    **INDIVIDUAL,**
17

18                      Plaintiff,     **DEFENDANTS' PROPOSED DISPUTED**
                                       **JURY INSTRUCTIONS**
19          v.

20  **STATE OF CALIFORNIA; CALIFORNIA**   Trial Date:   March 11, 2024
    **HIGHWAY PATROL; EDGARDO YEPEZ**     Court Room: 4
21  **AKA EDGARDO LOPEZ; AND DOES 1**     Time:         9:00 a.m.
    **THROUGH 100, INCLUSIVE,**           Judge:        Honorable Dale A. Drozd
22

23                      Defendants.     Action Filed:  April 2, 2019

24

25          Defendants hereby submit the following Proposed Disputed Jury Instructions, in advance of

26  the trial of this matter which is currently scheduled to begin on March 11, 2024 in Court Room 4

27  of the above entitled court, The Honorable Dale A. Drozd presiding.

28

                                        1

1    Dated:  February 26, 2024                          Respectfully submitted,

2                                                        ROB BONTA
                                                         Attorney General of California
3                                                        IVETA OVSEPYAN
                                                         Supervising Deputy Attorney General
4
                                                         */s/ LeeAnn E. Whitmore*
5
                                                         LEEANN E. WHITMORE
6                                                        Deputy Attorney General
                                                         JOHN C. BRIDGES
7                                                        Deputy Attorney General
                                                         *Attorneys for Defendants State of California,*
8                                                        *acting by and through the California*
                                                         *Highway Patrol and Edgardo Yepez*
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

1

**INDEX OF JURY INSTRUCTIONS**

2

| NO. | TITLE | SOURCE | PAGE |
|---|---|---|---|
| 1 | Claims and Defenses | Manual of Model Jury Instructions for the Ninth Circuit 1.5 (2023), modified | 6 |
| 2 | Impeachment Evidence – Witness | Manual of Model Jury Instructions for the Ninth Circuit 2.9 (2023) | 7 |
| 3 | Particular Rights – Fourth Amendment – Unreasonable Seizure of Person – Excessive Force | Manual of Model Jury Instructions for the Ninth Circuit 9.25 (2023), Modified | 8 |
| 4 | Section 1983 Causation Excessive Force | Manual of Model Jury Instructions for the Ninth Circuit 9.25 (2023), Modified | 10 |
| 5 | Police Officer Forced to Make Split-Second Judgments | *Graham v. Connor*, 490 U.S. 386, 396-397 (1989) | 11 |
| 6 | Reasonable Use of Force | *Wilkinson v. Torres*, 610 F.3d 546, 551 (9th Cir. 2010); *Scott v. Henrich*, 39 F.3d 912, 915 (9th Cir. 1994). | 12 |
| 7 | A Police Officer Can Act Based on Apparent Danger | *People v. Minifie*, 13 Cal. 4th 1055, 1068 (1996); *Moreland v. Las Vegas Metro Police Dep't*, 159 F.3d 365, 371, n.4 (9th Cir. 1998). | 13 |
| 8 | Officer Not Required to Avail Himself of Least Intrusive Means of Responding to a Situation | *Scott v. Henrich*, 39 F.3d 912, 915 (9th Cir. 1994).* | 14 |
| 9 | Mistaken Perception | *Krueger v. Fuhr*, 991 F.2d 435, 439 (8th Cir. 1993). | 15 |
| 10 | Determination of Reasonableness-at Moment of Use of Force | *Graham v. Connor*, 490 U.S. 386, 396, (1989); *Tabares v. City of Huntington Beach*, 988 F.3d 1119, 1125 (9th Cir. 2021). | 16 |
| 11 | Merely Negligent Conduct is not a Civil Rights Violation | *Daniels v. Williams*, 474 U.S. 327 (1986); *Billington v. Smith*, 292 F.3d 1177, 1190 (9th Cir, 2002), abrogated on other grounds by *Cty. of Los Angeles v. Mendez*, 137 S. Ct. 1539 (2017); *Brower v. County of Inyo*, 489 U.S. 593, 596-97 (1989) | 17 |

3

| 12 | Negligence – in Use of Force Under California Law | Judicial Council of California Civil Jury Instructions (2022 edition) CACI 440, 400, 401, 3020; *see also* Cal. Gov. Code §§ 820.2, 820.4, 820.8, 821; *Young v. Cty. of Los Angeles*, 655 F.3d 1156, 1170 (9th Cir. 2011); *Martinez v. Cty. of Los Angeles*, 47 Cal.App.4th 334, 349-350 (1996); *Edson v. City of Anaheim*, 63 Cal.App.4th 1269, 1272-1273 (2009); *Hayes v. Cty. of San Diego*, 57 Cal.4th 622 (2013). | 18 |
| 13 | Standard for California Law Claims Regarding Reasonableness Related to Use of Force | *Hayes v. Cty. of San Diego*, 57 Cal.4th 622, 637-639 (2013); *Yount v. City of Sacramento*, 43 Cal.4th 885, 902 (2008); *Martinez v. Cty. of Los Angeles*, 47 Cal.App.4th 334, 349-350 (1996); *Edson v. City of Anaheim*, 63 Cal.App.4th 1269, 1272-1273 (2009); *Lopez v. City of Los Angeles*, 196 Cal.App.4th 675, 690-692 (2011); *see also* Cal. Gov. Code §§ 820, 820.2, 820.4, 820.8, 821; *Munoz v. City of Union City*, 120 Cal.App.4th 1077, 1101-1103 (2004); *Brown v. Ransweiler*, 171 Cal.App.4th 516, 525 (2009); *Young v. Cty. of Los Angeles*, 655 F.3d 1156, 1170 (9th Cir. 2011); *Hayes v. Cty. of San Diego*, 736 F.3d 1223, 1232 (9th Cir. 2013); CACI 1300, 1301. | 20 |
| 14 | Battery by Law Enforcement Officer (Deadly Force) – Essential Factual Elements | CACI No. 1305B | 21 |
| 15 | Self Defense/ Defense of Others | CACI No. 1304 | 23 |
| 16 | Reasonable Force | Cal. Penal Code §835a | 24 |
| 17 | Police Officer Not Required to Use "Most Reasonable Action" | *Hayes v. Cty. of San Diego*, 57 Cal.4th 622, 632 (2013) (quoting *Brown v. Ransweiler*, 171 Cal. App. 4th 516, 537-538 (2009)) | 26 |

4

| 18 | Police Officers Entitled to Greater Use of Force | *Brown v. Ransweiler*, 171 Cal.App.4th 516, 527. | 27 |
|----|---|---|----|
| 19 | Exercise of Discretion | Cal. Gov. Code §820.2 | 28 |
| 20 | Execution of Enforcement of Laws | Cal Gov. Code § 820.4 | 29 |
| 21 | Acts or Omissions of Others | Cal. Gov. Code §820.8 | 30 |
| 22 | Insurance | CACI 5001 | 31 |
| 23 | Damages-Proof and Measure of Damages | Model Jury Instructions for the Ninth Circuit, §§5.1 and 5.2 (2023) (Modified); CACI 3905 A (Modified) | 32 |
| 24 | Mitigation of Damages | Model Jury Instructions for the Ninth Circuit, § 5.3 (2023) | 33 |
| 25 | Damages on Multiple Legal Theories | CACI 3934 (Modified) | 34 |
| 26 | No Punitive Damages in Damages Award | CACI 3924 | 35 |
| 27 | No Damages If No Liability | CACI 3900 | 36 |
| 28 | Punitive Damages | Model Civil Jury Instructions for the Ninth Circuit, 5.5 (2023). | 37 |
| 29 | Punitive damages – Calculation | CACI 3942 (To be read in punitive damages phase of trial only) | 39 |

## DEFENDANTS' PROPOSED INSTRUCTION NO. 1

## CLAIMS AND DEFENSES

To help you follow the evidence, I will give you a brief summary of the positions of the parties.

Plaintiff Francisco Hurtado contends that Defendant Edgardo Yepez is liable for violation of his civil rights and California law including excessive force, battery and negligence. Plaintiff Hurtado contends that he suffered injuries and damages as a result of Defendant Yepez's actions.

Defendants Yepez and the California Highway Patrol contend that his actions were lawful and did not violate Mr. Hurtado's civil rights. Moreover, Defendant Yepez and the California Highway Patrol dispute the cause, nature and extent of Mr. Hurtado's injuries and damages.

Defendants also assert various affirmative defenses including self-defense, defense of others, comparative fault and failure to mitigate damages. Defendants have the burden of the proof on these affirmative defenses. Plaintiff denies Defendants affirmative defenses.

Authority: Manual of Model Jury Instructions for the Ninth Circuit 1.5 (2023), modified.

6

**DEFENDANTS' PROPOSED INSTRUCTION NO. 2**

**IMPEACHMENT EVIDENCE - WITNESS**

The evidence that a witness has been convicted of a crime on a prior occasion may be considered along with all other evidence, in deciding whether or not to believe a witness and how much weight to give to the testimony of the witness and for no other purpose.

Authority: Manual of Model Jury Instructions for the Ninth Circuit 2.9 (2023).

1    ### DEFENDANTS' PROPOSED INSTRUCTION NO. 3

2    ## PARTICULAR RIGHTS – FOURTH AMENDMENT – UNREASONABLE SEIZURE OF PERSON – EXCESSIVE FORCE

3

4    In general, a seizure of a person is unreasonable under the Fourth Amendment if a police

5    officer uses excessive force in defending himself or others.  Therefore, in order to prove an

6    unreasonable seizure in this case, Plaintiff must prove by a preponderance of the evidence that

7    Officer Yepez used excessive force when he fired on Francisco Hurtado.

8    Under the Fourth Amendment, a police officer may use only such force as is "objectively

9    reasonable" under all of the circumstances. You must judge the reasonableness of a particular use

10   of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of

11   hindsight. Although the facts known to the officer are relevant to your inquiry, an officer's

12   subjective intent or motive is not relevant to your inquiry.

13   In determining whether Officer Yepez used excessive or unreasonable force in this case,

14   consider all of the circumstances known to Officer Yepez on the scene, including:

15
16   1.    The nature of the crime or other circumstances known to the Officer Yepez at the time force was applied;

17   2.    Whether plaintiff posed an immediate threat to the safety of Officer Yepez or to others at the time of the use of deadly force;

18
19   3.    Whether plaintiff was actively resisting arrest or attempting to evade arrest by flight;

20
21   4.    The amount of time Officer Yepez had to determine the type and amount of force that reasonably appeared necessary, and any changing circumstances during that period;

22   5.    The type and amount of force used;

23   6.    The availability to Officer Yepez of alternative methods to subdue Francisco Hurtado;

24
25   7.    Whether it was practical for Officer Yepez to give warning of the imminent use of force;

26   8.    The number of lives at risk as well as the parties' relative culpability, i.e. which party created the dangerous situation and which party is more innocent; and

27

28

8

9.   Whether there was probable cause for a reasonable officer to believe that the suspect had committed a crime involving the infliction or threatened infliction of serious physical harm.

*These same factors guide the determination of whether Defendant's use of force was under the Battery instructions, which will follow.*

"Probable cause" exists when, under all of the circumstances known to the officer at the time, an objectively reasonable police officer would conclude there is a fair probability that the plaintiff has committed or was committing a crime.

Authority: Manual of Model Jury Instructions for the Ninth Circuit 9.25 (2023), Modified.

9

**DEFENDANTS' PROPOSED INSTRUCTION NO. 4**

**SECTION 1983 CAUSATION: EXCESSIVE FORCE**

In order to establish that the acts of Edgardo Yepez deprived Francisco of his particular rights under the laws of the United States or the United States Constitution, Plaintiff must prove by a preponderance of the evidence that the acts of Edgardo Yepez were so closely related to the deprivation of Francisco Hurtado's rights as to be the moving force that caused the ultimate injury.

<u>Authority:</u> Manual of Model Jury Instructions for the Ninth Circuit 9.25 (2023), Modified.

10

1                             **DEFENDANTS' PROPOSED INSTRUCTION NO. 5**

2               **POLICE OFFICERS FORCED TO MAKE SPLIT-SECOND JUDGMENTS**

3       All determinations of unreasonable force must embody allowance for the fact that police

4 officers are often forced to make split-second judgments – in circumstances that are tense,

5 uncertain, and rapidly evolving – about the amount of force that is necessary in a particular

6 situation.

7

8 <u>Authority:</u> *Graham v. Connor*, 490 U.S. 386, 396-397 (1989)

9

10 **<u>Defendants' Contentions in Support of Proposed Instruction</u>**

11       Defendants' proposed instruction is not cumulative or duplicative of Defendants'

12 proposed "excessive force" instruction. Rather, it supplements that instruction by advising the

13 jury that peace officers are to be given a reasonable amount of breathing room to make, often

14 times, life or death decisions in a split-second. The facts of this case support this instruction, as

15 the subject shooting evolved and ended quickly, with Officer Edgardo Yepez making a snap-

16 judgment concerning the lives and safety of himself and others in the midst of an escalating

17 incident.

18

19

20

21

22

23

24

25

26

27

28

11

1

## DEFENDANTS' PROPOSED INSTRUCTION NO. 6

2

## REASONABLE USE OF FORCE

3    A reasonable use of deadly force encompasses a range of conduct, and the availability of a

4    less-intrusive alternative will not render conduct unreasonable.

5

6    Authority: *Wilkinson v. Torres*, 610 F.3d 546, 551 (9th Cir. 2010); *Scott v. Henrich*, 39 F.3d 912,

7    915 (9th Cir. 1994).

8

9    **Defendants' Contentions in Support of Proposed Instruction**

10   Defendants' proposed instruction is not cumulative or duplicative of any proposed

11   "excessive force" instruction.  Rather, it supplements Ninth Circuit Model Instruction 9.25 (as

12   modified by the parties) by clarifying for the jury that consideration of the "type and amount of

13   force used" and "alternative methods" for subduing a suspect does not require the officer to resort

14   to the least or a lesser-intrusive force option.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## DEFENDANTS' PROPOSED INSTRUCTION NO. 7

2

## A POLICE OFFICER CAN ACT BASED ON APPARENT DANGER

3      If a police officer is confronted by the appearance of danger which he believes, and a

4  reasonable person in the same position would believe, would result in death or great bodily injury,

5  the officer may act upon those circumstances. The right of self-defense is the same whether the

6  danger is real or merely apparent.

7

8  Authority: *People v. Minifie*, 13 Cal. 4th 1055, 1068 (1996); *Moreland v. Las Vegas Metro Police*

9  *Dep't*, 159 F.3d 365, 371, n.4 (9th Cir. 1998).

10

11  **Defendants' Contentions in Support of Proposed Instruction**

12      Defendants' proposed instruction is not cumulative or duplicative of any proposed

13  "excessive force" instruction. Rather, it supplements the Model Ninth Circuit instruction on

14  "excessive force" (as modified by the parties) by advising the jury that peace officers are to be

15  given a reasonable amount of breathing room to make, often times, life or death decisions in a

16  split-second. It is supported by authority that holds peace officers are entitled to defend

17  themselves based on what they reasonably perceive. *See, Terry v. Ohio*, 392 U.S. 1, 23-24 (1968)

18  ("Certainly it would be unreasonable to require that police officers take unnecessary risks in the

19  performance of their duties."); *Reynolds v. County of San Diego*, 858 F. Supp. 1064, 1072 (S.D.

20  Cal. 1994) ("In these circumstances, Courts cannot ask an officer to hold fire in order to ascertain

21  whether the suspect will, in fact, injure or murder the officer."). Indeed, it is the *potential* for

22  injury which justifies the use of deadly force. *See, e.g., Wilkinson v. Torres*, 610 F.3d 546, 553

23  (9th Cir. 2010) ("[A]bsolute certainty of harm need not precede an act of self-protection."). The

24  facts of this case support this instruction, as the subject use of force evolved quickly in a situation

25  that escalated quickly.

26

27

28

13

# DEFENDANTS' PROPOSED SPECIAL INSTRUCTION NO. 8

## OFFICER NOT REQUIRED TO AVAIL HIMSELF OF LEAST INTRUSIVE MEANS OF RESPONDING TO A SITUATION

A police officer is not required to avail himself of the least intrusive means of responding to a situation; rather, the officer need only act within that range of conduct which is identified as reasonable. The appropriate inquiry is whether the officer acted reasonably, not whether he had less intrusive alternatives available to him.

Authority: *Scott v. Henrich,* 39 F.3d 912, 915 (9th Cir. 1994)

**Defendants' Contentions in Support of Proposed Instruction**

Defendants' proposed instruction is not cumulative or duplicative of any proposed "excessive force" instruction. Rather, it supplements Ninth Circuit Model Instruction 9.25 (as modified by the parties) by clarifying for the jury that consideration of the "type and amount of force used" and "alternative methods" for subduing a suspect does not require the officer to resort to the least or a lesser-intrusive force option.

1

## DEFENDANTS' PROPOSED INSTRUCTION NO. 9

2

## MISTAKEN PERCEPTION

3      An act taken based on a mistaken perception or belief, if objectively reasonable, does not

4  violate the Fourth Amendment.

5

6  Authority: *Krueger v. Fuhr*, 991 F.2d 435,439 (8th Cir. 1993).

7

8  **Defendants' Contentions in Support of Proposed Instruction**

9      Defendants' proposed instruction is not cumulative or duplicative of any proposed

10 "excessive force" instruction.  Rather, it supplements the Model Ninth Circuit instruction on

11 "excessive force" (as modified by the parties) by advising the jury that peace officers are to be

12 given a reasonable amount of breathing room to make, often times, life or death decisions in a

13 split-second.  This includes mistaken perceptions or beliefs, so long as that mistake is reasonable.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**DEFENDANTS' PROPOSED INSTRUCTION NO. 10**

2

**DETERMINATION OF REASONABLENESS –AT MOMENT OF USE OF FORCE**

3        The determination of whether Officer Edgardo Yepez's use of force was excessive is

4   based on whether the use of force was unreasonable at the moment the use of force occurred.  If

5   Officer Yepez engaged in negligent conduct prior to the moment of the use of force, such

6   negligence should not be considered when deciding whether his use of force as reasonable at the

7   time the force was used.

8

9   Authority: *Graham v. Connor*, 490 U.S. 386, 396, (1989); *Tabares v. City of Huntington Beach*,

10   988 F.3d 1119, 1125 (9th Cir. 2021)

11

12   **Defendants' Contentions in Support of Proposed Instruction**

13        Defendants' proposed instruction is not cumulative or duplicative of any proposed

14   "excessive force" instruction.  Rather, it supplements Ninth Circuit Model Instruction 9.25 (as

15   modified by the parties) by clarifying for the jury what may and may not be considered when

16   deciding the central Fourth Amendment "excessive force" issue in this case.  The proposed

17   instruction is intended to blunt plaintiffs' attempts to color a jury's opinions on "excessive force"

18   based upon tactical decisions made or not made by each officer or other officers before the

19   officer's use of force.

20

21

22

23

24

25

26

27

28

16

1

## DEFENDANTS' PROPOSED INSTRUCTION NO. 11

2

## MERELY NEGLIGENT CONDUCT IS NOT A CIVIL RIGHTS VIOLATION

3   Conduct that amounts to nothing more than negligence does not constitute a Fourth

4   Amendment violation.  Though "reasonableness" is relevant both to Fourth Amendment

5   excessive force claims and to negligence claims, the standard of "reasonableness" for Fourth

6   Amendment excessive force is not the same as the standard of "reasonable care" for negligence.

7

8   Authority: *Daniels v. Williams*, 474 U.S. 327 (1986); *Billington v. Smith*, 292 F.3d 1177, 1190

9   (9th Cir, 2002), abrogated on other grounds by *Cty. of Los Angeles v. Mendez*, 137 S. Ct. 1539

10   (2017); *Brower v. County of Inyo*, 489 U.S. 593, 596-97 (1989)

11

12   **Defendants' Contentions in Support of Proposed Instruction**

13   Defendants contend this proposed instruction is necessary to appropriately define for the

14   jury what may and may not be considered when deciding the central Fourth Amendment

15   "excessive force" issue in this case.  The proposed instruction is intended to blunt plaintiff's

16   attempts to color a jury's opinions on "excessive force" based upon tactical decisions made or not

17   made by Officer Edgardo Yepez before his actual use of force.  The *Billington* case relied upon

18   by defendant forecloses such an approach, and the jury should be instructed accordingly.

19

20

21

22

23

24

25

26

27

28

## DEFENDANTS' PROPOSED INSTRUCTION NO. 12

### NEGLIGENCE IN USE OF FORCE UNDER CALIFORNIA LAW

Under California law, a law enforcement officer may use reasonable force to arrest or detain a person when the officer has reasonable cause to believe that that person has committed or is committing a crime.  However, the officer may use only that degree of force necessary to accomplish the arrest or detention.

Plaintiff's claims that Officer Edgardo Yepez used unreasonable/negligent force in arresting or detaining plaintiff. To establish this claim, Plaintiff must prove all of the following:

1. That Officer Yepez used force in arresting or detaining Francisco Hurtado;

2. That the amount of force used by Officer Yepez was unreasonable;

3. That Francisco Hurtado was harmed; and

4. That the use of unreasonable force by Officer Yepez was a substantial factor in causing Francisco Hurtado's harm.

In deciding whether Officer Yepez used unreasonable force, you must consider all of the circumstances of the arrest or detention and determine what force a reasonable law enforcement officer in each Officer Yepez's position would have used under the same or similar circumstances.

Among the factors to be considered are the following:

(a) Whether Francisco Hurtado reasonably appeared to pose an immediate threat to the safety of Officer Yepez or others;

(b) The seriousness of the crime at issue;

(c) Whether Francisco Hurtado was actively resisting arrest or detention, or attempting to avoid arrest or detention by flight; and/or

(d) Officer Yepez's tactical conduct and decisions before using force on Francisco Hurtado.

In evaluating the reasonableness of Officer Yepez's use of force, you may only consider the tactical conduct and decisions that Officer Yepez made before using force on Francisco Hurtado if you find that Officer Yepez's pre-force tactical conduct or decisions unreasonably

18

provoked or caused Francisco Hurtado to take a specific action that, in turn, Officer Yepez asserts was one of the reasons he subsequently used force on Francisco Hurtado.

Authority: CACI 440, 400, 401, 3020; *see also* Cal. Gov. Code §§ 820.2, 820.4, 820.8, 821; *Young v. Cty. of Los Angeles*, 655 F.3d 1156, 1170 (9th Cir. 2011); *Martinez v. Cty. of Los Angeles*, 47 Cal. App. 4th 334, 349-350 (1996); *Edson v. City of Anaheim*, 63 Cal. App. 4th 1269, 1272-1273 (2009); *Hayes v. Cty. of San Diego*, 57 Cal.4th 622 (2013).

**Defendants' Contentions in Support of Proposed Instruction**

Defendants contend that this instruction accurately reflects the law for negligence with respect to a police officer's use of force by taking into consideration factors that are not identified in the CACI instructions.

**DEFENDANTS' PROPOSED INSTRUCTION NO. 13**

**STANDARD FOR CALIFORNIA LAW CLAIMS REGARDING REASONABLENESS**

**RELATED TO USE OF FORCE**

Under California law, where a peace officer's seizure (including a use of force) is found to be objectively reasonable under the federal Fourth Amendment standard [previously read to you] – namely, where from the perspective of a reasonable police officer, the defendant officer's use of force is objectively reasonable under the totality of the circumstances – that officer's seizure/use of force is also reasonable under California law, including for purposes of California law claims for battery/excessive force and negligence.

If you find that Officer Yepez's use of force was objectively reasonable under the federal Fourth Amendment standard, you must find that the Officer Yepez's use of force was objectively reasonable in evaluating plaintiffs' California law claims.

Authority: *Hayes v. Cty. of San Diego*, 57 Cal.4th 622, 637-639 (2013); *Yount v. City of Sacramento*, 43 Cal.4th 885, 902 (2008); *Martinez v. Cty. of Los Angeles*, 47 Cal.App.4th 334, 349-350 (1996); *Edson v. City of Anaheim*, 63 Cal.App.4th 1269, 1272-1273 (2009); *Lopez v. City of Los Angeles*, 196 Cal.App.4th 675, 690-692 (2011); *see also* Cal. Gov. Code §§ 820, 820.2, 820.4, 820.8, 821; *Munoz v. City of Union City*, 120 Cal.App.4th 1077, 1101-1103 (2004); *Brown v. Ransweiler*, 171 Cal.App.4th 516, 525 (2009); *Young v. Cty. of Los Angeles*, 655 F.3d 1156, 1170 (9th Cir. 2011); *Hayes v. Cty. of San Diego*, 736 F.3d 1223, 1232 (9th Cir. 2013); CACI 1300, 1301.

**Defendants' Contentions in Support of Proposed Instruction**

Defendants contend that this instruction accurately reflects the law for negligence with respect to a police officer's use of force by taking into consideration factors that are not identified in the CACI instructions, including advising the jury that the standard for negligence in the unreasonable use of force is the same as the standard under the Fourth Amendment, and prevents confusion of the issues by the jury.

20

**DEFENDANTS' PROPOSED INSTRUCTION NO. 14**

**BATTERY BY A LAW ENFORCEMENT OFFICER (DEADLY FORCE)-**

**ESSENTIAL FACTUAL ELEMENTS**

A peace officer may use deadly force only when necessary in defense of human life. Francisco Hurtado claims that Officer Edgardo Yepez unnecessarily used deadly force on him. To establish this claim, Francisco Hurtado must prove all of the following:

1. That Officer Yepez intentionally touched Francisco Hurtado or caused Francisco Hurtado to be touched;

2. That Officer Yepez used deadly force on Francisco Hurtado;

3. That Officer Yepez's use of deadly force was not necessary to defend human life;

4. That Francisco Hurtado was harmed; and

5. That Officer Yepez's use of deadly force was a substantial factor in causing Francisco Hurtado's harm.

Officer Yepez's use of deadly force was necessary to defend human life only if a reasonable officer in the same situation would have believed, based on the totality of the circumstances known to or perceived by Officer Yepez at the time, that deadly force was necessary:

To defend against an imminent threat of death or serious bodily harm to Officer Yepez or Officer Randazzo:

i. The felony threatened or resulted in death or serious bodily injury to another;

A peace officer must not use deadly force against persons based only on the danger those persons pose to themselves, if an objectively reasonable officer would believe the person does not pose an imminent threat of death or serious bodily injury to the peace officer or to another person.

"Deadly force" means any use of force that creates a substantial risk of causing death or serious bodily injury, including, but not limited to, the discharge of a firearm.

A threat of death or serious bodily injury is "imminent" when, based on the totality of the circumstances, a reasonable officer in the same situation would believe that a person has the present ability, opportunity, and apparent intent to immediately cause death or serious bodily

21

injury to the peace officer or another person. An imminent harm is not merely a fear of future harm, no matter how great the fear and no matter how great the likelihood of the harm, but is one that, from appearances, must be instantly confronted and addressed.

"Totality of the circumstances" means all facts known to the peace officer at the time, including the conduct of Officer Yepez and Francisco Hurtado leading up to the use of deadly force. In determining whether Officer Yepez's use of deadly force was necessary in defense of human life, you must consider Officer Yepez's tactical conduct and decisions before using deadly force on Francisco Hurtado and whether Officer Yepez used other available resources and techniques as alternatives to deadly force, if it was reasonably safe and feasible to do so. You must also consider whether Officer Yepez knew or had reason to know that the person against whom he used force was suffering from a physical, mental health, developmental, or intellectual disability that may have affected the person's ability to understand or comply with commands from the officer.

A peace officer who makes or attempts to make an arrest does not have to retreat or stop because the person being arrested is resisting or threatening to resist. Tactical repositioning or other de-escalation tactics are not retreat. A peace officer does not lose the right to self-defense by use of objectively reasonable force to effect the arrest or to prevent escape or to overcome resistance. A peace officer does, however, have a duty to use reasonable tactical repositioning or other de-escalation tactics.

Source:  Judicial Council of California Civil Jury Instructions (2023 edition) CACI No. 1305B.

## DEFENDANTS' PROPOSED INSTRUCTION NO. 15

### SELF-DEFENSE/DEFENSE OF OTHERS

Officer Edgardo Yepez claims he is not responsible for plaintiff Francisco Hurtado's harm because he was acting in self-defense or defense of another.  To succeed, the Officer Yepez must prove both of the following:

1.      Officer Yepez reasonably believed that Francisco Hurtado was going to harm him or Officer Randazzo; and

2.      The officer only used the amount of force that was reasonably necessary to protect himself or others.


Authority: Judicial Council of California Civil Jury Instructions (2023 edition) CACI 1304.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DEFENDANTS' PROPOSED INSTRUCTION NO. 16

### REASONABLE FORCE

Any peace officer, who has reasonable cause to believe that the person to be arrested has committed a public offense, may use reasonable force to effect the arrest, to prevent escape or to overcome resistance. A peace officer who makes or attempts to make an arrest need not retreat or desist from his efforts by reason of the resistance or threatened resistance of the person being arrested; nor shall such officer be deemed an aggressor or lose his right to self-defense by the use of reasonable force to effect the arrest or to prevent escape or to overcome resistance.

Authority: Cal. Penal Code § 835a.

**Defendants' Contentions in Support of Proposed Instruction**

Defendants contend this proposed instruction applies to plaintiffs' state law claims. With that understanding, the instruction is nonetheless appropriate and tracks California law that identifies the instances in which a peace office may use force. The evidence on this point that will be submitted to the jury for its consideration tracks the evidence on plaintiff's "excessive force" claim and centers on the "reasonableness" of force used against plaintiff. If a jury determines the force used to be "reasonable," then a finding precluding liability for battery and consistent with a righteous "reasonable force" instruction, should follow. *See, Moore v. City of Berkeley*, 2016 WL 6024530, at *7 (N.D. Cal. 2016) ("In California, state law claims for wrongful death and battery at the hands of the police rise and fall with federal Section 1983 claims. [Citations]."); *Watkins v. City of San Jose*, 2017 WL 1739159, at *20 (N.D. Cal., 2017) ("The California Court of Appeal has held that a determination that an officer's use of deadly force is objectively reasonable under § 1983 precludes negligence, assault, and battery claims.") (citing *Brown v. Ransweiler*, 171 Cal. App. 4th 516, 533 (2009)); *Sorgen v. City & County of San Francisco*, 2006 WL 2583683, at *9 (N.D. Cal. 2006) ("[T]he law governing Plaintiff's state law claim for assault and battery/excessive force is the same as that used to analyze Plaintiff's

1  [federal] claim for excessive force....  Accordingly, Plaintiff's claim of assault and

2  battery/excessive force under state law fails for the same reasons [as his federal claim]....").

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Defendants' Proposed Disputed Jury Instructions (2:19-CV-02343-DAD-AC)

**PROPOSED INSTRUCTION NO. 17**

**POLICE OFFICER NOT REQUIRED TO USE "MOST REASONABLE" ACTION**

As long as an officer's conduct falls within the range of conduct that is reasonable under the circumstances, there is no requirement that he or she choose the "most reasonable" action or the conduct that is the least likely to cause harm in order to avoid liability for negligence.

Authority: *Hayes v. Cty. of San Diego,* 57 Cal.4th 622, 632 (2013) (quoting *Brown v. Ransweiler,* 171 Cal. App. 4th 516, 537-538 (2009))

**Defendants' Contentions in Support of Proposed Instruction**

Defendants contend this proposed instruction fosters continuity in the jury's understanding of the factors to be applied to plaintiff's "excessive force," "Battery," and "Negligence" claims by clarifying that an officer subduing a suspect is not required to resort to the least or a lesser-intrusive – or most reasonable – force option.

26

**DEFENDANTS' PROPOSED INSTRUCTION NO. 18**

**POLICE OFFICER ENTITLED TO USE GREATER FORCE**

Unlike private citizens, police officers act under color of law to protect the public interest. They are charged with acting affirmatively and using force as part of their duties. Police officers are not similarly situated to the ordinary battery defendant and need not be treated the same. Police officers who are protecting the public peace and order are entitled to an even greater use of force than might be required in the same circumstances for self-defense.

Authority: *Brown v. Ransweiler*, 171 Cal. App. 4th 516, 527 (2009)

**Defendants' Contentions in Support of Proposed Instruction**

Defendants' proposed instruction merely advises the jury that peace officers, like defendant Officer Edgardo Yepez here, owe the public a duty of safety that affords them the authority to use force where an unsworn citizen may not be so permitted. This case is not one of two neighbors whose confrontation turns physical; this case involves a sworn law enforcement officer performing a legitimate public safety function by exercising the authority vested in him. This is a meaningful distinction that should assist the jury with understanding other proposed instructions concerning its evaluation of force in this case.

Defendants' Proposed Disputed Jury Instructions (2:19-CV-02343-DAD-AC)

## PROPOSED SPECIAL INSTRUCTION NO. 19

### EXERCISE OF DISCRETION

Except as otherwise provided by statute, a public employee is not liable for an injury resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him, whether or not such discretion be abused.

Authority: Cal. Gov. Code § 820.2

**Defendants' Contentions in Support of Proposed Instruction**

Defendants contend this proposed instruction applies to plaintiff's state law claims. Defendants contend the instruction is appropriate because the use of force inherently calls for an exercise of the discretion vested in defendant as a California peace officer—the very discretion the immunity is designed to protect. *See, Hayes v. County of San Diego*, 57 Cal.4th 622, 632 (2013) ("Law enforcement personnel have a degree of discretion as to how they choose to address a particular situation."); *see also, Reynolds v. County of San Diego*, 858 F. Supp. 1064, 1075 (S.D. Cal. 1994) (finding deputy immune under Government Code § 820.2 from plaintiff's state law claims when using deadly force; "[a]s discussed, supra, police officers are privileged to use force against assailants when the officers reasonably believe the assailants to be armed, and when officers reasonably believe their own safety is in jeopardy. Jackson's split-second decision to use force is exactly the kind of act which section 820.2 was enacted to shield from liability. That exercise of discretion is exactly what this immunity seeks to protect.").

## PROPOSED SPECIAL INSTRUCTION NO. 20

## EXECUTION OR ENFORCEMENT OF LAWS

A public employee is not liable for his act or omission, exercising due care, in the execution or enforcement of any law.

If you find that Officer Edgardo Yepez was exercising due care when interacting with Francisco Hurtado, then your verdict as to plaintiff's negligence and battery claims should be in favor of Officer Yepez.

Authority: Cal. Gov. Code § 820.4

**Defendants' Contentions in Support of Proposed Instruction**

Defendants contend this proposed instruction applies to plaintiff's state law claims. Courts have recognized uses of force like the type at issue here as conduct falling within and deserving the protection of this immunity. *See, Reynolds v. County of San Diego*, 858 F.Supp. 1064, 1075 (S.D. Cal. 1994) (holding that a sheriff's deputy was immune from state law tort claims under Government Code sections 820.2 and 820.4, even when using deadly force).

## PROPOSED INSTRUCTION NO. 21

## ACTS OR OMISSIONS OF OTHERS

Under California law, a public employee is not liable for injury caused by the act or omission of another person. Nothing in this section exonerates a public employee from liability for injury proximately caused by his own negligent or wrongful act or omission.

If you find that Francisco Hurtado's harm was caused by another person, including Francisco Hurtado, then your verdict as to plaintiff's negligence and battery claims should be in favor of Officer Yepez.

<u>Authority</u>: Cal. Gov. Code § 820.8.

**<u>Defendants' Contentions in Support of Proposed Instruction</u>**

Defendants contend this proposed instruction applies to plaintiffs' state law claims. Defendants contend that if the jury concludes plaintiff's injuries and damages sought by "Negligence," and "Battery" claims were the product of plaintiff's own malfeasance or the fault/negligence of any person other than the defendants, then defendants is immune from liability on these claims.

# DEFENDANTS' PROPOSED INSTRUCTION NO. 22

## INSURANCE

You must not consider whether any of the parties in this case has insurance. The presence or absence of insurance is totally irrelevant. You must decide this case based only on the law and the evidence.

<u>Authority</u>: Judicial Council of California Civil Jury Instruction (CACI) 5001

## DEFENDANTS' PROPOSED INSTRUCTION NO. 23
## DAMAGES-PROOF AND MEASURE OF DAMAGES

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the Plaintiff Hurtado on any or all of the Plaintiff Hurtado's claims, you must determine Plaintiff Hurtado's damages. Plaintiff Hurtado has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate Plaintiff Hurtado for any injury you find was caused by Defendant Yepez. You should consider the following:

1.   The nature and extent of the injuries;

2.   The disability, disfigurement, inconvenience, grief, anxiety, humiliation and loss of enjoyment of life experienced and that with reasonable probability will be experienced in the future;

3.   The mental, physical, and emotional pain and suffering, experienced and that with reasonable probability will be experienced in the future;

4.   The reasonable value of necessary medical care, treatment, and services received to the present time;

5.   The reasonable value of necessary medical care, treatment and services that with reasonable probability will be required in the future;

Your award must be based on evidence and not upon speculation, guesswork or conjecture.

Authority:  Model Jury Instructions for the Ninth Circuit, §§5.1 and 5.2 (2023) (Modified); Judicial Council of California Civil Jury Instruction (CACI) 3905 A (Modified)

32

**PROPOSED INSTRUCTION NO. 24**

**MITIGATION OF DAMAGES**

Francisco Hurtado had a duty to use reasonable efforts to mitigate his damages. To mitigate means to avoid or reduce damages.

Officer Edgardo Yepez has the burden of proving by a preponderance of the evidence:

1. That Francisco Hurtado failed to use reasonable efforts to mitigate damages; and

2. The amount by which damages would have been mitigated.

<u>Authority</u>:  Model Jury Instructions for the Ninth Circuit, § 5.3 (2023)

**PROPOSED INSTRUCTION NO. 25**

**DAMAGES ON MULTIPLE LEGAL THEORIES**

Plaintiff Hurtado seeks damages from Defendant Yepez under more than one legal theory. However, each item of damages may be awarded only once, regardless of the number legal theories alleged.

You will be asked to decide whether Defendant Yepez is liable to Plaintiff Hurtado under the following legal theories.

1. Fourth Amendment – Excessive Force;

2. Battery; and

3. Negligence.

The following items of damages are recoverable only once under all of the above legal theories:

1. Past medical expenses;

2. Future medical expense;

3. Past noneconomic loss, including physical pain/mental suffering; and

4. Future noneconomic loss, including physical pain/mental suffering.

Authority:  CACI 3934 (Modified)

34

1

2

## DEFENDANT'S PROPOSED INSTRUCTION NO. 26

## NO PUNITIVE DAMAGES

3       You must not include in your damages award of past or future medical specials or past or

4   future any damages to punish or make an example of Officer Edgardo Yepez.  Such damages

5   would be punitive damages, and they cannot be a part of your verdict.  You must award only the

6   damages that fairly compensate plaintiff for each of his losses.

7

8   <u>Authority</u>: CACI 3924 (2023 edition).

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## DEFENDANTS' PROPOSED INSTRUCTION NO. 27

2

## NO DAMAGES IF NO LIABILITY

3    If you find that plaintiff failed to prove by a preponderance of the evidence that

4 defendants violated plaintiff's rights as claimed, in other words, if you find that defendants are

5 not liable to plaintiff, you must not award damages to plaintiff in this case.

6

7 Authority: CACI 3900 (modified).

8

9 **Defendants' Contentions in Support of Proposed Instruction**

10    This instruction is intended to clarify to a jury that no damages can be awarded when there

11 is a finding of no liability.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

36

## DEFENDANTS' PROPOSED INSTRUCTION NO. 28
## PUNITIVE DAMAGES - PHASE ONE

If you find for plaintiff, you may, but are not required to, award punitive damages. The purposes of punitive damages are to punish a defendant and to deter similar acts in the future. Punitive damages may not be awarded to compensate Plaintiff Hurtado.

The plaintiff has the burden of proving by a preponderance of the evidence on his Section 1983 claim, that punitive damages should be awarded and, if so, the amount of any such damages.

In this phase of the trial you will only be asked to determine whether punitive damages should be awarded.

You may award punitive damages only if you find that Officer Edgardo Yepez's conduct that harmed plaintiff Francisco Hurtado was malicious, oppressive or in reckless disregard of his rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the plaintiff. Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or if the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law. An act or omission is oppressive if the defendant injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by misusing or abusing authority or power or by taking advantage of some weakness or disability or misfortune of the plaintiff.

"Malice" means that defendant Officer Edgardo Yepez acted with intent to cause injury or that the defendant's conduct was despicable and was done with a willful and knowing disregard of the rights or safety of another. A person acts with knowing disregard when he or she is aware of the probable dangerous consequences of his or her conduct and deliberately fails to avoid those consequences.

"Oppression" means that the conduct of Officer Yepez was despicable and subjected plaintiff to cruel and unjust hardship in knowing disregard of his rights.

"Despicable conduct" is conduct that is so vile, base, or contemptible that it would be looked down on and despised by reasonable people.

37

1   Authority: Ninth Circuit Model Jury Instr. (2022), 5.5 (modified to substitute party names and

2   reflect different evidentiary burdens between state and federal claims); CACI 3940 ("You may

3   award punitive damages only if [*name of plaintiff*] proves by clear and convincing evidence that

4   [*name of defendant*] engaged in that conduct with malice, oppression, or fraud.")

# DEFENDANTS' PROPOSED INSTRUCTION NO. 29

## PUNITIVE DAMAGES – CALCULATION

### *[TO BE READ IN PUNITIVE DAMAGES PHASE OF TRIAL ONLY]*

You must now decide the amount, if any, that you should award plaintiff in punitive damages. The purposes of punitive damages are to punish a wrongdoer for the conduct that harmed the plaintiff and to discourage similar conduct in the future.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party. In considering the amount of any punitive damages, consider the degree of reprehensibility of the defendant's conduct, including whether the conduct that harmed the plaintiff was particularly reprehensible because it also caused actual harm or posed a substantial risk of harm to people who are not parties to this case. You may not, however, set the amount of any punitive damages in order to punish the defendant for harm to anyone other than the plaintiff in this case.

There is no fixed formula for determining the amount of punitive damages, and you are not required to award any punitive damages. If you decide to award punitive damages against any officer, you should consider all of the following factors in determining the amount:

(a) How reprehensible was the conduct of the officer? In deciding how reprehensible officer's conduct was, you may consider, among other factors:

    1. Whether the conduct caused physical harm;

    2. Whether the officer disregarded the health or safety of others;

    3. Whether Francisco Hurtado was financially weak or vulnerable and the officer knew he was financially weak or vulnerable and took advantage of him;

    4. Whether the officer's conduct involved a pattern or practice; and

    5. Whether the officer acted with trickery or deceit.

(b) Is there a reasonable relationship between the amount of punitive damages and the harm to plaintiff or between the amount of punitive damages and potential harm to plaintiff that the officer knew was likely to occur because of his conduct?

39

1      (c) In view of the officer's financial condition, what amount is necessary to punish him

2   and discourage future wrongful conduct? You may not increase the punitive award above an

3   amount that is otherwise appropriate merely because a defendant has substantial financial

4   resources. Any award you impose may not exceed that defendant's ability to pay.

5

6   Authority: CACI 3942; *see also* Ninth Circuit Model Jury Instr. (2022), 5.5.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28