ROB BONTA, State Bar No. 202668
Attorney General of California
IVETA OVSEPYAN, State Bar No. 279218
Supervising Deputy Attorney General
LEEANN E. WHITMORE, State Bar No. 214870
Deputy Attorney General
JOHN C. BRIDGES, State Bar No. 248553
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 210-7515
 Telephone: (916) 210-7529
 Fax: (916) 322-8288
 E-mail: LeeAnn.Whitmore@doj.ca.gov
 E-mail: John.Bridges@doj.ca.gov
*Attorneys for Defendants State of California,
acting by and through the California Highway
Patrol and Edgardo Yepez*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **FRANCISCO HURTADO, AN INDIVIDUAL,**<br><br>                          Plaintiff,<br><br>v.<br><br>**STATE OF CALIFORNIA; CALIFORNIA HIGHWAY PATROL; EDGARDO YEPEZ AKA EDGARDO LOPEZ; AND DOES 1 THROUGH 100, INCLUSIVE,**<br><br>                          Defendants. | Case No.: 2:19-CV-02343-DAD-AC<br><br>**DEFENDANTS' OBJECTIONS TO PLAINTIFF'S PROPOSED JURY INSTRUCTIONS**<br><br>Trial Date:   March 11, 2024<br>Time:         9:00 a.m.<br>Courtroom:  4<br>Judge:        Hon. Dale A. Drozd<br><br>Trial Date:   March 11, 2024<br>Action Filed: April 2, 2019 |

**PLEASE TAKE NOTICE THAT** Defendants State of California, by and through the California Highway Patrol and Edgardo Yepez submits the following objections to Plaintiff's Proposed Jury Instructions.

1

# TABLE OF CONTENTS

DEFENDANTS' OBJECTIONS TO PLAINTIFF'S PROPOSED JURY INSTRUCTIONS .................................................................................................................. 1

I. Defendants' Objections to Plaintiff's Proposed Instruction No. 1 Claims and Defenses ........................................................................................................ 3

II. Defendants' Objections to Plaintiff's Proposed Instruction No. 2 Particular Rights-Fourth Amendment-Unreasonable Seizure of Person-Excessive Force ................................................................................................................... 4

III. Defendants' Objections to Plaintiff's Proposed Instruction No. 3 Battery by Peace Officer (Deadly Force)-Essential Factual Elements ................................. 6

IV. Defendants' Objections to Plaintiff's Proposed Instruction No. 4 Negligence-Essential Factual Elements .............................................................. 8

V. Defendants' Objections to Plaintiff's Proposed Instruction No. 5 Causation-Substantial Factor ............................................................................... 9

VI. Defendants Objections to Plaintiff's Proposed Instruction No. 6 Causation: Multiple Causes ............................................................................................... 10

VII. Defendants Objections to Plaintiff's Proposed Instruction No. 7 Negligent Use of Deadly Force by Peace Officer-Essential Factual Elements ................ 11

VIII. Defendants Objections to Plaintiff's Proposed Instruction No. 8 Damages-Proof and Measures of Types ............................................................................ 13

IX. Defendants Objections to Plaintiff's Proposed Instruction No. 9 Punitive Damages-Predicate Question. ......................................................................... 15

## I. DEFENDANTS' OBJECTIONS TO PLAINTIFF'S PROPOSED INSTRUCTION NO. 1

## CLAIMS AND DEFENSES

To help you follow the evidence, I will give you a brief summary of the position of the parties:

Plaintiff Francisco Hurtado asserts that Defendant Officer Edgardo Yepez an officer with Defendant State of California by and through the California Highway Patrol used excessive and unreasonable deadly force when he shot Plaintiff. Plaintiff further asserts that Defendant Officer Edgardo Yepez was negligent in his conduct, including his pre-shooting tactics and conduct and his use of deadly force against Plaintiff Francisco Hurtado.

The defendants deny these claims and contend that Defendant Officer Edgardo Yepez's use of deadly force was reasonable under the circumstances. Defendants further assert that Plaintiff Francisco Hurtado's own negligence was the cause of his injuries.

Source: Ninth Circuit Manual of Model Civil Jury Instructions No. 1.5 (modified).

**Defendants' Objections to Proposed Instruction**

Defendants object that this instruction is vague, irrelevant and cumulative of the joint statement which will be read to the jury. Defendants have submitted a proposed alternative instruction regarding claims and defense.

## II. DEFENDANTS' OBJECTIONS TO PLAINTIFF'S PROPOSED INSTRUCTION NO. 2

### PARTICULAR RIGHTS – FOURTH AMENDMENT – UNREASONABLE SEIZURE OF PERSON – EXCESSIVE FORCE

In general, a seizure of a person is unreasonable under the Fourth Amendment if a police officer uses excessive force in defending himself or others or in attempting to stop a fleeing or escaping suspect. Therefore, in order to prove an unreasonable seizure in this case, Plaintiff must prove by a preponderance of the evidence that Defendant Officer Edgardo Yepez used excessive force when he shot Plaintiff Francisco Hurtado. Under the Fourth Amendment, a police officer may use only such force as is "objectively reasonable" under all of the circumstances. You must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight. Although the facts known to the officer are relevant to your inquiry, an officer's subjective intent or motive is not relevant to your inquiry.

In determining whether Defendant Officer Edgardo Yepez used excessive force in this case, consider all of the circumstances known to Defendant Officer Edgardo Yepez on the scene, including:

1. The nature of the crime or other circumstances known to Defendant Officer Edgardo Yepez at the time force was applied;
2. Whether Plaintiff Francisco Hurtado posed an immediate threat of death or serious bodily injury to Defendant Officer Edgardo Yepez or to others;
3. Whether Plaintiff Francisco Hurtado was actively resisting arrest or attempting to evade arrest by flight;
4. The amount of time Defendant Officer Edgardo Yepez had to determine the type and amount of force that reasonably appeared necessary, and any changing circumstances during that period;
5. The relationship between the need for the use of force and the amount of force used;
6. The extent of the Plaintiff Francisco Hurtado's injury;

4

7. Any effort made by the officer to temper or to limit the amount of force;

8. The severity of the security problem at issue;

9. The availability of alternative methods to take Plaintiff Francisco Hurtado into custody; and

10. Whether it was practical for Defendant Officer Edgardo Yepez to give warning of the imminent use of force, and whether such warning was given;

**Authority:** Ninth Circuit Manual of Model Civil Jury Instructions, 9.25 (modified).

**Defendants' Objections to Proposed Instruction**

Defendants object to this proposed instruction as it is unduly argumentative and likely increases the potential for confusion of the jury. This Court has substantial latitude in tailing jury instructions. See *Dang v. Cross*, 422 F.3d 800, 804 (9th Cir. 2005); see also *Gillbrook v. City of Westminster*, 177 F.3d 839, 860 (9th Cir. 1999). The proposed instruction adds factors which are not included in the case law and unreasonably highlights factors which could lead to confusion of the issues. Defendants have submitted an alternative proposed instruction which more accurately reflects the standard.

### III. DEFENDANTS' OBJECTIONS TO PLAINTIFF'S PROPOSED INSTRUCTION NO. 3
### BATTERY BY PEACE OFFICER (DEADLY FORCE) – ESSENTIAL FACTUAL ELEMENTS

A peace officer may use deadly force only when necessary in defense of human life. Plaintiff claims that Defendant Officer Edgardo Yepez unnecessarily used deadly force on Plaintiff Francisco Hurtado. To establish this claim, Plaintiff must prove all of the following:

1. That Defendant Officer Edgardo Yepez used deadly force on Plaintiff Francisco Hurtado;

2. That Defendant Officer Edgardo Yepez's use of deadly force was not necessary to defend human life;

3. That Plaintiff Francisco Hurtado was harmed; and

4. That Defendant Officer Edgardo Yepez's use of deadly force was a substantial factor in causing Plaintiff Francisco Hurtado's injuries.

Defendant Officer Edgardo Yepez s use of deadly force was necessary to defend human life only if a reasonable officer in the same situation would have believed, based on the totality of the circumstances known to or perceived by Defendant Officer Edgardo Yepez at the time, that deadly force was necessary to defend against an imminent threat of death or serious bodily harm to Defendant Officer Edgardo Yepez or to another person.

"Deadly force" means any use of force that creates a substantial risk of causing death or serious bodily injury, including, but not limited to, the discharge of a firearm.

A threat of death or serious bodily injury is "imminent" when, based on the totality of the circumstances, a reasonable officer in the same situation would believe that a person has the present ability, opportunity, and apparent intent to immediately cause death or serious bodily injury to the peace officer or another person. An imminent harm is not merely a fear of future harm, no matter how great the fear and no matter how great the likelihood of the harm, but is one that, from appearances, must be instantly confronted and addressed.

"Totality of the circumstances" means all facts known to the peace officer at the time, including the conduct of Defendant Officer Edgardo Yepez and Plaintiff Francisco Hurtado leading up to the use of deadly force. In determining whether Defendant Officer Edgardo Yepez's use of deadly force was necessary in defense of human life, you must consider Defendant Officer Edgardo Yepez's tactical conduct and decisions before using deadly force on Plaintiff Francisco Hurtado and whether Defendant Officer Edgardo Yepez used other available resources and techniques as alternatives to deadly force, if it was reasonably safe and feasible to do so.

**Authority**: CACI 1305B.

**Defendants' Objection to Proposed Instruction**

Defendants object that this instruction is vague, misstates the law, and could lead to confusion of issues. An officer is not required to use the most reasonable action so long as the officer's conduct falls within a range of reasonable conduct. *Hayes v. Cty. of San Diego*, 57 Cal.4th 622, 632 (2013) (quoting *Brown v. Ransweiler*, 171 Cal. App. 4th 516, 537-538 (2009)). Defendants have submitted an alternative version of this instruction which encompasses the above case law.

## IV. DEFENDANTS' OBJECTIONS TO PLAINTIFF'S PROPOSED INSTRUCTION NO. 4
## NEGLIGENCE – ESSENTIAL FACTUAL ELEMENTS

Plaintiff Francisco Hurtado claims that he was harmed by Defendant Officer Edgardo Yepez's negligence. To establish this claim, Plaintiff must prove all of the following:

1. That Defendant Officer Edgardo Yepez was negligent;
2. That Plaintiff Francisco Hurtado was harmed; and
3. That Defendant Officer Edgardo Yepez's negligence was a substantial factor in causing Plaintiff Francisco Hurtado's harm.

**Authority:** CACI 400.

**Defendants' Objection to Proposed Instruction**

Defendant objects that this proposed instruction is not necessary and could lead to a confusion of the issues because CACI 441 outlines the essential factual elements for Negligent Use of Deadly Force by peace officer and providing this instruction and CACI 441 could lead to confusion of the jurors. Defendants have provided the alternative instruction with CACI 441.

## V. DEFENDANTS' OBJECTIONS TO PROPOSED INSTRUCTION NO. 5

### CAUSATION - SUBSTANTIAL FACTOR

A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm. It must be more than a remote or trivial factor. It does not have to be the only cause of the harm.

Conduct is not a substantial factor in causing harm if the same harm would have occurred without that conduct.

**Authority:** CACI 430.

**Defendants' Objection to Proposed Instruction**

Defendants object to the instruction as phrased as it could lead to confusion of the issues as it does not specify the causes of action it is applicable to. If the instruction is modified to specify that it only applies to the negligence or battery causes of action, defendants would not object.

## VI. DEFENDANTS' OBJECTION TO PLAINTIFF'S PROPOSED INSTRUCTION NO. 6
## CAUSATION: MULTIPLE CAUSES

A person's negligence may combine with another factor to cause harm. If you find that Defendant Officer Edgardo Yepez's negligence was a substantial factor in causing Plaintiff Francisco Hurtado's harm, then Defendant Officer Edgardo Yepez is responsible for the harm. Defendant Officer Edgardo Yepez cannot avoid responsibility just because some other person, condition, or event was also a substantial factor in causing Plaintiff Francisco Hurtado's harm.

Authority: CACI 431.

**Defendants' Objection to Proposed Instruction**

Defendants object to the proposed instruction because it is not applicable to the facts in the case. Only Officer Yepez's and plaintiff's conduct are at issue. Therefore, defendants contend the instruction is not necessary.

## VII. DEFENDANTS' OBJECTION TO PROPOSED INSTRUCTION NO. 7
### NEGLIGENT USE OF DEADLY FORCE BY PEACE OFFICER – ESSENTIAL FACTUAL ELEMENTS

A peace officer may use deadly force only when necessary in defense of human life. Plaintiff Francisco Hurtado claims that Defendant Officer Edgardo Yepez was negligent in using deadly force to arrest or detain Plaintiff Francisco Hurtado. To establish this claim, Plaintiff must prove all of the following:

1. That Defendant Officer Edgardo Yepez was a peace officer;
2. That Defendant Officer Edgardo Yepez used deadly force on Francisco Hurtado;
3. That Defendant Officer Edgardo Yepez's use of deadly force was not necessary to defend human life;
4. That Plaintiff Francisco Hurtado was harmed; and
5. That Defendant Officer Edgardo Yepez's use of deadly force was a substantial factor in causing Plaintiff Francisco Hurtado's harm.

Defendant Officer Edgardo Yepez's use of deadly force was necessary to defend human life only if a reasonable officer in the same situation would have believed, based on the totality of the circumstances known to or perceived by Defendant Officer Edgardo Yepez at the time, that deadly force was necessary either: to defend against an imminent threat of death or serious bodily injury to Defendant Officer Edgardo Yepez or other officers.

"Deadly force" is force that creates a substantial risk of causing death or serious bodily injury. It is not limited to the discharge of a firearm.

A threat of death or serious bodily injury is "imminent" if, based on the totality of the circumstances, a reasonable officer in the same situation would believe that a person has the present ability, opportunity, and apparent intent to immediately cause death or serious bodily injury to the peace officer or to another person. An imminent harm is not merely a fear of future harm, no matter how great the fear and no matter how great the likelihood of the harm, but is one that, from appearances, must be instantly confronted and addressed.

"Totality of the circumstances" means all facts known to or perceived by the peace officer at the time, including the conduct of Defendant Officer Edgardo Yepez and Plaintiff Francisco Hurtado leading up to the use of deadly force. In determining whether Defendant Officer Edgardo Yepez's use of deadly force was necessary in defense of human life, you must consider Defendant Officer Edgardo Yepez 's tactical conduct and decisions before using deadly force on Plaintiff Franciso Hurtado and whether Defendant Officer Edgardo Yepez used other available resources and techniques as alternatives to deadly force, if it was reasonably safe and feasible to an objectively reasonable officer.

**Authority:** CACI 441.

**Defendants' Objection to Proposed Instruction**

Defendants object that this instruction fails to include factors that are necessary for evaluation of negligence with respect to police officers under California law. Defendants have submitted an alternative proposed instruction which accurately reflects the law for negligence with respect to a police officer.

## VIII. DEFENDANT'S' OBJECTION TO PLAINTIFF'S PROPOSED INSTRUCTION NO. 8
### DAMAGES—PROOF AND MEASURES OF TYPES

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for Plaintiff Francisco Hurtado, you must determine Plaintiff's damages. Plaintiff Francisco Hurtado has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the Plaintiff for any injury you find was caused by Defendant Officer Edgardo Yepez. The damages claimed by Plaintiff Francisco Hurtado for the harm caused by Defendant Officer Edgardo Yepez fall into two categories called economic damages and noneconomic damages. You will be asked on the verdict form to determine the two categories of damages separately.

When determining the Plaintiff Francisco Hurtado's damages, you should consider the following:

1. The nature and extent of the injuries;
2. The disability, disfigurement, physical impairment, inconvenience and loss of enjoyment of life experienced, and that with reasonable probability will be experienced in the future;
3. The mental, physical, and emotional pain, and suffering, including grief, anxiety, humiliation, and emotional distress experienced and that with reasonable probability will be experienced in the future;
4. The reasonable value of necessary medical care, treatment, and services received to the present time; and
5. The reasonable value of necessary medical care, treatment, and services that with reasonable probability will be required in the future;
6. The reasonable value of necessary household help, services other than medical, and expenses that with reasonable probability will be required in the future.

It is for you to determine what damages, if any, have been proved.

13

     Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

**Authority:** Ninth Circuit Manual of Model Civil Jury Instructions, 5.1, 5.2; CACI 3902, 3905A.

**Defendants' Objection to Proposed Instruction**

     Defendants object to the proposed instruction because it fails to include an explanation of present cash value and could be confusing. If CACI 3904A regarding present cash value is given as well, then defendants are agreeable to this instruction.

## IX.   DEFENDANTS' OBJECTION TO PROPOSED INSTRUCTION NO. 9
## PUNITIVE DAMAGES—PREDICATE QUESTION

Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the plaintiff. Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or if the defendant acts in the face of a perceived risk that his actions will violate the decedent's rights under federal law. An act or omission is oppressive if the defendant injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by misusing or abusing authority or power or by taking advantage of some weakness or disability or misfortune of the plaintiff.

**Authority:** Ninth Circuit Manual of Model Civil Jury Instructions, 5.5 (modified).

**Defendants' Objection to Proposed Instruction**

Defendants objects that the modified instruction omits key factors in consideration of whether a person acted in a manner that justified punitive damages which could lead to confusion of the jury. Defendants have submitted an alternative proposed instruction that more accurately reflects what the jury is to consider.

Dated: March 1, 2024

Respectfully submitted,

ROB BONTA
Attorney General of California
IVETA OVSEPYAN
Supervising Deputy Attorney General

*/s/ LeeAnn E. Whitmore*

LEEANN E. WHITMORE
Deputy Attorney General
JOHN C. BRIDGES
Deputy Attorney General
*Attorneys for Defendants State of California, acting by and through the California Highway Patrol and Edgardo Yepez*