**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
E-mail: dalekgalipo@yahoo.com
Hang D. Le (SBN 293450)
E-mail: hlee@galipolaw.com
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333; Fax: (818) 347-4118

Humberto M. Guizar, Esq.    (SBN 125769)
Kent M. Henderson, Esq.     (SBN 139530)
Angel Carrazco, Jr., Esq.   (SBN 230845)
**GUIZAR, HENDERSON & CARRAZCO, L.L.P.**
18301 Irvine Boulevard, Tustin, CA 92780
Telephone:    (714) 541-8600
Facsimile:    (714) 541-8601
Email:        hguizar@ghclegal.com
              hendolaw@gmail.com
              angel@carrazcolawapc.com

Attorneys for Plaintiff FRANCISCO HURTADO

# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO HURTADO, an individual<br><br>Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA; CALIFORNIA HIGHWAY PATROL; EDGARDO YEPEZ aka EDGARDO LOPEZ; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 2:19-cv-02343-DAD-AC<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO MODIFY THE TRIAL SCHEDULE, OR IN THE ALTERNATIVE, CONTINUE THE TRIAL DATE**<br><br><br>Trial Date:   March 11, 2024<br>Time:         9:00 a.m.<br>Courtroom:    4<br>Judge:        Hon. Dale A. Drozd |

**TO THE HONORABLE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD**:

  **PLEASE TAKE NOTICE THAT** Plaintiff hereby moves for an order modifying, or in the alternative, continuing the trial schedule based on Plaintiff's lead trial counsel's unavailability on March 20, 21, and 22, 2024 to attend the memorial services of his late wife.

  This Motion is based on this Notice of Motion, the Memorandum of Points and Authorities, the records and files of this Court, and upon such other oral and documentary evidence as may be presented at the time of the hearing.

<u>Meet and Confer Certification</u>

  Prior to the filing of this Motion, Plaintiff's counsel informed Defendants' counsel, Ms. LeeAnn Whitmore, and the Court's courtroom deputy pursuant to this Court's Standing Order in Civil Cases. Defense counsel represented that they would oppose such motion on the grounds that defense witnesses have already made travel arrangements for testimony on March 20 and 21, 2024, Defendants have incurred significant expenses in preparing for the current trial date, and CHP has had to make accommodations for coverage to area offices based on the officers that have been subpoenaed by Plaintiff.

DATED:  March 1, 2024

               **LAW OFFICES OF DALE K. GALIPO**
               **GUIZAR, HENDERSON & CARRAZCO, LLP**

               By: _____*/s/ Hang D. Le*_____
                  Dale K. Galipo
                  Hang D. Le
                  Kent M. Henderson
                  Angel Carrazco, Jr.
                  Attorneys for Plaintiff Francisco Hurtado

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff's lead trial counsel, Mr. Dale K. Galipo, associated into this case on February 21, 2024, with the knowledge and intent to move forward with trial on March 11, 2024. (*See* Dkt. No. 112). When Mr. Galipo associated into the case, he did not have any scheduling conflicts that would coincide with the estimated 8 days of trial, including dark Tuesdays. Unfortunately, Mr. Galipo's wife, who was also an attorney, passed away recently and her memorial services are now scheduled for March 20, 21, and 22, 2024 in order to accommodate her family and friends who desire to attend, including those flying in from out of the country. Accordingly, Plaintiff now requests that the Court modify its current trial schedule or continue the trial until after the memorial services in order to accommodate Mr. Galipo's scheduling conflict.

Under Rule 16, a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). A party seeking to modify the schedule must show good cause and diligence in meeting Federal Rule of Civil Procedure 16's requirements. *See* Fed. R. Civ. P. 16 advisory committee notes (1983 amendment); *Johnson v. Mammoth Recreations*, 975 F.2d 604, 609 (9th Cir. 1992) (Rule 16(b)'s "good cause" standard focuses on the diligence of the party seeking modification of the scheduling order). Here, there is good cause for the Court to modify the current trial schedule or continue the trial date. Plaintiff has been diligent in preparing for trial and Plaintiff's lead trial counsel is ready to start trial on the current trial date of March 11, 2024. However, due to the loss of lead trial counsel's wife, he is unable to be present at trial on March 20, 21, and 22, 2024. Because Mr. Galipo is lead trial counsel, he is expected to do the opening statements, direct and cross-examination of the witnesses, and closing arguments. He is unable to do so with the current trial schedule while also attending his wife's memorial services. Accordingly, Plaintiffs respectfully request that the Court modify the trial schedule or continue the trial date.

Plaintiff proposes two options for the modification of the trial schedule: (1) if the Court is able to grant the parties time on the Tuesdays of which it is currently dark, March 12 and 19, 2024, it is likely that the parties can finish the trial in time for Mr. Galipo to attend the memorial services; or in the alternative, (2) if the Court is unable to allow the parties time on the dark

1  Tuesdays, the trial can start on March 11, 2024, go to March 18, 2024, and resume again on March
2  25, 2024. Should the Court prefer to continue the trial rather than modify the trial schedule,
3  Plaintiff's lead counsel is currently available to start trial on the following alternative dates: March
4  25, April 1, and April 4, 2024.

5      Defendants have indicated that they are opposed to any modification of the trial schedule
6  or a short continuance of the trial date. They contend that witnesses have already made travel
7  arrangements for March 20 and 21, 2024 and CHP has had to make accommodations to ensure
8  coverage for the employees that Plaintiff has subpoenaed to testify at trial. They further contend
9  that they have incurred significant expenses in preparing for the trial date. However, a
10 modification of the current trial schedule or a short continuance of the trial date should not affect
11 Defendants' witness' availability or expenditures. The parties have yet to determine the exact
12 dates the CHP employees will need to testify pursuant to Plaintiff's subpoenas, due in part to this
13 scheduling issue, and travel arrangements can be easily modified. Moreover, there is no reason
14 why Defendants would need to incur additional expenses due to a modification of the trial
15 schedule or short continuance of the trial date. In short, Defendants will not suffer any real
16 prejudice should the Court modify the trial schedule or order a short continuance of the trial date.

17     For the foregoing reasons, Plaintiff respectfully requests that the Court modify the trial
18 schedule to accommodate Mr. Galipo's attendance at his wife's memorial services on March 20-
19 22, 2024 or in the alternative, continue the trial date to one of the dates proposed above.

20

21 DATED:  March 1, 2024

22

23                                     **LAW OFFICES OF DALE K. GALIPO**
24                                     **GUIZAR, HENDERSON & CARRAZCO, LLP**

25                                 By: _____*/s/ Hang D. Le*_____
26                                       Dale K. Galipo
                                      Hang D. Le
27                                       Kent M. Henderson
                                      Angel Carrazco, Jr.
28                                       Attorneys for Plaintiff Francisco Hurtado