Rob Bonta, State Bar No. 202668
Attorney General of California
Iveta Ovsepyan, State Bar No. 279218
Supervising Deputy Attorney General
LeeAnn E. Whitmore, State Bar No. 214870
Deputy Attorney General
John C. Bridges, State Bar No. 248553
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 210-7515
 Telephone: (916) 210-7529
 Fax: (916) 322-8288
 E-mail: LeeAnn.Whitmore@doj.ca.gov
 E-mail: John.Bridges@doj.ca.gov
*Attorneys for Defendants State of California, acting by and through the California Highway Patrol and Edgardo Yepez*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **FRANCISCO HURTADO, AN INDIVIDUAL,**<br><br>　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>**STATE OF CALIFORNIA; CALIFORNIA HIGHWAY PATROL; EDGARDO YEPEZ AKA EDGARDO LOPEZ; AND DOES 1 THROUGH 100, INCLUSIVE,**<br><br>　　　　　　　　　　Defendants. | Case No.: 2:19-CV-02343-DAD-AC<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO MODIFY THE TRIAL SCHEDULE, OR IN THE ALTERNATIVE, CONTINUE THE TRIAL DATE**<br><br>Date:　　　March 5, 2024<br>Time:　　　1:30 p.m.<br>Dept:　　　4<br>Judge:　　　Hon. Dale A. Drozd<br><br>Trial Date:　　March 11, 2024<br>Action Filed:　April 2, 2019 |

## INTRODUCTION

Defendants, State of California by and through the California Highway Patrol (CHP) and Officer Yepez oppose plaintiff's motion to modify the trial schedule, or in the alternative,

1

continue the trial date. While Defendants sympathize with Mr. Galipo's loss, Plaintiff has not demonstrated good cause for the modifying the court's trial schedule. For the reasons stated herein, Defendants respectfully request that the court deny Plaintiff's motion.

**ARGUMENT**

Plaintiff's newly-involved counsel, Mr. Galipo, associated into this case on February 21, 2024. Mr. Galipo's wife passed away one day earlier, on February 20, 2024. As stated in Plaintiff's motion, at the time of the association, Mr. Galipo was aware of the trial schedule in this matter and agreed to associate into the case with the knowledge that trial would begin on March 11 and end on March 22. At the time the trial date was selected, Mr. Henderson, counsel for Plaintiff, agreed to the selected date and 8-day trial estimate. While Defendants' respect Mr. Galipo's commitment to representing Plaintiff in this matter, the possibility that memorial services would take place at some time during the scheduled trial was known to Mr. Galipo, Plaintiff, and Plaintiff's other counsel at the time of the association. Furthermore, while Defendants appreciate that making memorial arrangements requires juggling the schedules and availability of multiple people from several different locations, so does the trial of this matter. Defendants have been working around the clock to schedule trial appearances with third party witnesses, CHP officers and employees, and expert witnesses. Defendants have already expended thousands of dollars on travel arrangements for witnesses. CHP has already coordinated coverage for its officers and employees who will testify at trial on March 20, 21, and/or 22. Doing so involves more than simply giving people the day-off to testify, as the duties of these individuals at CHP require someone else to be available to fill those roles. Defendants will be prejudiced, and the cost of litigation will be significantly increased, if the current trial schedule is modified.

Moreover, Mr. Galipo did not substitute into the case, but associated into it. Plaintiff's other counsel from the law firm of Guizar, Henderson & Carrazco, LLP, who up until February 20, 2024, were the lead trial counsel, are still involved in the case and presumably available to handle the trial while Mr. Galipo is away. When the matter was originally set for trial to begin on October 23, 2023, counsel from Guizar, Henderson & Carrazco, LLP was able to serve as lead trial counsel. That was also the case when the trial date was moved to January 29, 2024. Now,

2

Defendants' Opposition to Plaintiff's Motion to Modify the Trial Schedule, or in the Alternative,
Continue the Trial Date (2:19-CV-02343-DAD-AC)

one week before the third trial date, Plaintiff moves for a modification/continuance of the trial date even though his original counsel, who was prepared to conduct the trial on two prior occasions, is still available and involved. Thus, Plaintiff will not be prejudiced if the current trial schedule is maintained.

Moreover, the trial schedule proposed by plaintiff creates an undue burden on the jurors. It is burdensome to ask jurors to attend trial for one week, attend the next Monday, and then not appear again until the following week. This is especially true when jurors are likely involved in Spring break and Easter activities around the end of March. Concluding the trial on or before Friday, March 22, as currently scheduled, avoids these potential conflicts with prospective jurors.

If the court is inclined to grant Plaintiff's motion, defense counsel is unavailable to reschedule the trial date until the Fall of 2024. Defendants have not yet confirmed their experts' and clients' availability for a new date.

## CONCLUSION

Plaintiff has not established good cause to modify the current trial schedule. Defendants will incur significant expense to rearrange trial arrangements for its witnesses, especially this close to the trial date, and will be significant prejudiced. Plaintiff has capable counsel who has been involved in this case since its inception who is able to conduct the trial in Mr. Galipo's absence. For these reasons, Defendants respectfully request that the court deny this motion.

3

Defendants' Opposition to Plaintiff's Motion to Modify the Trial Schedule, or in the Alternative,
Continue the Trial Date  (2:19-CV-02343-DAD-AC)

Dated: March 4, 2024

Respectfully submitted,

ROB BONTA
Attorney General of California
IVETA OVSEPYAN
Supervising Deputy Attorney General

/s/ *John C. Bridges*

LEEANN E. WHITMORE
Deputy Attorney General
JOHN C. BRIDGES
Deputy Attorney General
*Attorneys for Defendants State of California, acting by and through the California Highway Patrol and Edgardo Yepez*

LA2019501468
95556413

4

# CERTIFICATE OF SERVICE

| Case Name: | **Francisco Hurtado v. State of California, et al.** | No. | **2:19-CV-02343-DAD-AC** |
|---|---|---|---|

I hereby certify that on <u>March 4, 2024</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO MODIFY THE TRIAL SCHEDULE, OR IN THE ALTERNATIVE, CONTINUE THE TRIAL DATE**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>March 4, 2024</u>, at Fresno, California.

| V. Pampenelli | */s/ V. Pampenelli* |
|---|---|
| Declarant | Signature |

LA2019501468
95556425