**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
E-mail: dalekgalipo@yahoo.com
Hang D. Le (SBN 293450)
E-mail: hlee@galipolaw.com
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333; Fax: (818) 347-4118

Humberto M. Guizar, Esq.      (SBN 125769)
Kent M. Henderson, Esq.       (SBN 139530)
Angel Carrazco, Jr., Esq.        (SBN 230845)
**GUIZAR, HENDERSON & CARRAZCO, L.L.P.**
18301 Irvine Boulevard, Tustin, CA 92780
Telephone:     (714) 541-8600
Facsimile:     (714) 541-8601
Email:         hguizar@ghclegal.com
               hendolaw@gmail.com
               angel@carrazcolawapc.com

Attorneys for Plaintiff FRANCISCO HURTADO

# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO HURTADO, an individual<br><br>Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA; CALIFORNIA HIGHWAY PATROL; EDGARDO YEPEZ aka EDGARDO LOPEZ; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 2:19-cv-02343-DAD-AC<br><br>**PLAINTIFF'S OBJECTIONS TO DEFENDANTS' PROPOSED DISPUTED JURY INSTRUCTIONS**<br><br><br><br>Trial Date:    March 11, 2024<br>Time:          9:00 a.m.<br>Courtroom:     4<br>Judge:         Hon. Dale A. Drozd |

1   **<u>TO THE HONORABLE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF</u>**

2   **<u>RECORD:</u>**

3         Pursuant to the Court's October 24, 2023 Final Pretrial Order, Plaintiff Francisco Hurtado

4   hereby submits his Objections to Defendants' Proposed Disputed Jury Instructions.

5

6   Respectfully submitted,

7   DATED:  March 4, 2024

8
9                                    **LAW OFFICES OF DALE K. GALIPO**

10                                    **GUIZAR, HENDERSON & CARRAZCO, LLP**

11                                    By: _____*/s/ Hang D. Le*_____
                                           Dale K. Galipo
12                                          Hang D. Le
                                           Kent M. Henderson
13                                          Angel Carrazco, Jr.
                                           Attorneys for Plaintiff Francisco Hurtado
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DEFENDANTS' PROPOSED INSTRUCTION NO. 1
## CLAIMS AND DEFENSES

To help you follow the evidence, I will give you a brief summary of the positions of the parties.

Plaintiff Francisco Hurtado contends that Defendant Edgardo Yepez is liable for violation of his civil rights and California law including excessive force, battery and negligence. Plaintiff Hurtado contends that he suffered injuries and damages as a result of Defendant Yepez's actions.

Defendants Yepez and the California Highway Patrol contend that his actions were lawful and did not violate Mr. Hurtado's civil rights. Moreover, Defendant Yepez and the California Highway Patrol dispute the cause, nature and extent of Mr. Hurtado's injuries and damages.

Defendants also assert various affirmative defenses.  Defendants have the burden of the proof on these affirmative defenses. Plaintiff denies plaintiff's affirmative defenses.

Authority: Manual of Model Jury Instructions for the Ninth Circuit 1.6 (2023), modified.

**PLAINTIFF'S OBJECTIONS**:

Plaintiff objects to Defendants' proposed instruction on the basis that it is argumentative and may lead to jury issue confusion. Specifically, the sentence, "Defendants Yepez and the California Highway Patrol contend that his actions were lawful and did not violate Mr. Hurtado's civil rights[,]" is misleading and does not accurately reflect Plaintiff's claims. The use of the word "lawful" may lead the jury to believe that Defendant Yepez is being charged criminally for his actions. Moreover, Plaintiff's claims are more than just claims for violations of Plaintiff's civil rights; Plaintiff's state law battery and negligence claims are common law claims that do not necessarily implicate the violation of his civil rights.

## DEFENDANTS' PROPOSED INSTRUCTION NO. 2
## IMPEACHMENT EVIDENCE – WITNESS

The evidence that a witness has been convicted of a crime on a prior occasion may be considered along with all other evidence, in deciding whether or not to believe a witness and how much weight to give to the testimony of the witness and for no other purpose.

Authority: Manual of Model Jury Instructions for the Ninth Circuit 2.9 (2023).

**PLAINTIFF'S OBJECTIONS**:

Plaintiff objects to this proposed instruction pursuant to Plaintiff's Motion in Limine No. 3 and Rule 609 of the Federal Rules of Evidence. Rule 609 provides that evidence of a criminal conviction may be used to attach the truthfulness of the witness only if: (1) the crime was punishable by death or imprisonment for more than a year *and* (2) establishing elements of the crime required proving a dishonest act or false statement. Fed. R. Evid. 609(a). This does not apply to any of Plaintiff's criminal convictions. Defendant intends to introduce evidence that Plaintiff pled nolo contendere to violation of Health & Safety Code 11350, subdivision (a), possession of a controlled substance in Los Angeles County Superior Court and served five days in jail following the arrest. *See* Defs.' Opp. To Pl.'s Mot. in Limine No. 3 at 2, Dkt. No. 81. Defendants also intend to introduce evidence that Plaintiff pled nolo contendere to misdemeanor charges of evading an officer and felony possession of a loaded firearm in connection with the incident at issue in this case. These convictions do not involve an element of a dishonest act or false statement. Accordingly, this instruction does not apply to this case.

## DEFENDANTS' PROPOSED INSTRUCTION NO. 3

### PARTICULAR RIGHTS – FOURTH AMENDMENT – UNREASONABLE SEIZURE OF PERSON – EXCESSIVE FORCE

In general, a seizure of a person is unreasonable under the Fourth Amendment if a police officer uses excessive force in defending himself or others.  Therefore, in order to prove an unreasonable seizure in this case, Plaintiff must prove by a preponderance of the evidence that Officer Yepez used excessive force when he fired on Francisco Hurtado.

Under the Fourth Amendment, a police officer may use only such force as is "objectively reasonable" under all of the circumstances. You must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight. Although the facts known to the officer are relevant to your inquiry, an officer's subjective intent or motive is not relevant to your inquiry.

In determining whether Officer Yepez used excessive or unreasonable force in this case, consider all of the circumstances known to Officer Yepez on the scene, including:

1. The nature of the crime or other circumstances known to the Officer Yepez at the time force was applied;

2. Whether plaintiff posed an immediate threat to the safety of Officer Yepez or to others at the time of the use of deadly force;

3. Whether plaintiff was actively resisting arrest or attempting to evade arrest by flight;

4. The amount of time Officer Yepez had to determine the type and amount of force that reasonably appeared necessary, and any changing circumstances during that period;

5. The type and amount of force used;

6. The availability to Officer Yepez of alternative methods to subdue Francisco Hurtado;

7. Whether it was practical for Officer Yepez to give warning of the imminent use of force;

8. The number of lives at risk as well as the parties' relative culpability, i.e. which party created the dangerous situation and which party is more innocent; and

9. Whether there was probable cause for a reasonable officer to believe that the suspect had committed a crime involving the infliction or threatened infliction of serious physical harm.

*These same factors guide the determination of whether Defendant's use of force was under the Battery instructions, which will follow.*

"Probable cause" exists when, under all of the circumstances known to the officer at the time, an objectively reasonable police officer would conclude there is a fair probability that the plaintiff has committed or was committing a crime.

Authority: Manual of Model Jury Instructions for the Ninth Circuit 9.25 (2023), Modified.

**PLAINTIFF'S OBJECTIONS**:

Plaintiff objects to this proposed instruction on the basis that it uses language from an outdated model instruction 9.25, does not accurately reflect the law with regards to an officer's use of *deadly* force, includes factors that are inapplicable to the circumstances of this case, and adds a modified instruction regarding Plaintiff's battery claim that is inappropriate and prejudicial.

The language used in Defendants' Factor #5 is from an outdated model instruction. Factor #5 from most recent instructions, updated August 2023, reads: "the relationship between he need for the use of force and the amount of force used." Additionally, Defendants have omitted Factors #6-8 from the 2023 version of 9.25, which are known as the "*Kingsley* factors" from the Supreme Court case *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015). *See* Comment to Manual of Model Civil Jury Instructions, 9.25.

Moreover, deadly force is reasonable only "if the officer has probable cause to believe the suspect poses a significant threat of death or serious physical injury to the officers or others." *Scott v. Henrich*, 39 F.3d 912, 914  (9th Cir. 1994) (quoting *Tennessee v. Garner*, 471 U.S. 1, 11 (1985).) Factor #2 should be modified to reflect this standard because Officer Yepez used deadly force against Plaintiff.

Additionally, Defendants' of Factors #8 and 9 are inapplicable under the circumstances of this case. Factor #8 generally applies to use of force during a high-speed pursuit case. Here, any pursuit had already ended at the time Officer Yepez used deadly force. Relatedly, the facts of this case do not support an allegation that Plaintiff had committed a crime involving the infliction or threatened infliction of serious bodily injury at the time Officer Yepez used deadly force against Plaintiff.

1       Lastly, Defendants' proposed additional language that these factors also apply to Plaintiff's

2  battery claim is inappropriate and prejudicial. The CACI No. 1305B from the Judicial Council of

3  California Civil Instructions (2023 edition) is the accurate statement of California law and case

4  law for a peace officer's use of deadly force.

1    **DEFENDANTS' PROPOSED INSTRUCTION NO. 4**

2    **SECTION 1983 CAUSATION: EXCESSIVE FORCE**

3        In order to establish that the acts of Edgardo Yepez deprived Francisco of his particular

4    rights under the laws of the United States or the United States Constitution, Plaintiff must prove

5    by a preponderance of the evidence that the acts of Edgardo Yepez were so closely related to the

6    deprivation of Francisco Hurtado's rights as to be the moving force that caused the ultimate injury.

7

8    Authority: Manual of Model Jury Instructions for the Ninth Circuit 9.25 (2023), Modified.

9

10   **PLAINTIFF'S OBJECTIONS**:

11       This instruction comes from Model Instruction 9.2 and generally only applies when there

11   is a *Monell* claim. Here, there is no dispute that Defendant Yepez shot at Plaintiff and that Plaintiff

12   sustained gunshot wounds that caused injury to Plaintiff. Thus, this instruction is inapplicable to

13   the facts of this case and would only serve to cause jury confusion.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANTS' PROPOSED INSTRUCTION NO. 5**

**POLICE OFFICERS FORCED TO MAKE SPLIT-SECOND JUDGMENTS**

All determinations of unreasonable force must embody allowance for the fact that police officers are often forced to make split-second judgments – in circumstances that are tense, uncertain, and rapidly evolving – about the amount of force that is necessary in a particular situation.

Authority: *Graham v. Connor*, 490 U.S. 386, 396-397 (1989)

**Defendants' Contentions in Support of Proposed Instruction**

Defendants' proposed instruction is not cumulative or duplicative of Defendants' proposed "excessive force" instruction. Rather, it supplements that instruction by advising the jury that peace officers are to be given a reasonable amount of breathing room to make, often times, life or death decisions in a split-second. The facts of this case support this instruction, as the subject shooting evolved and ended quickly, with Officer Edgardo Yepez making a snap-judgment concerning the lives and safety of himself and others in the midst of an escalating incident.

**PLAINTIFF'S OBJECTIONS**:

Plaintiff objects to this instruction on the basis that it is cumulative of an issue that is already encompassed in Model Instruction 9.25 and uses argumentative language that is prejudicial to Plaintiff. Model Instruction 9.25 includes a factor that instructs the jury to consider this principle, but with neutral language: "(4) the amount of time the officer had to determine the type of force that reasonably appeared necessary, and any changing circumstances during that period." Defendants will be able to argue that Defendant Yepez was confronted with a fast-moving situation that required a split-second decision and that the jury should find for Defendants on factor 4.

1      **DEFENDANTS' PROPOSED INSTRUCTION NO. 6**

2              **REASONABLE USE OF FORCE**

3          A reasonable use of deadly force encompasses a range of conduct, and the availability of a

4    less-intrusive alternative will not render conduct unreasonable.

5

6    Authority: *Wilkinson v. Torres,* 610 F.3d 546, 551 (9th Cir. 2010); *Scott v. Henrich*, 39 F.3d 912,

7    915 (9th Cir. 1994).

8

9

10   **Defendants' Contentions in Support of Proposed Instruction**

11         Defendants' proposed instruction is not cumulative or duplicative of any proposed

12   "excessive force" instruction.  Rather, it supplements Ninth Circuit Model Instruction 9.25 (as

13   modified by the parties) by clarifying for the jury that consideration of the "type and amount of

14   force used" and "alternative methods" for subduing a suspect does not require the officer to resort

15   to the least or a lesser-intrusive force option.

16

17   **PLAINTIFF'S OBJECTIONS**:

18         This instruction is cumulative and the language used is prejudicial to Plaintiff. This factor

19   is already included in Model Instruction 9.25 with neutral language: "(9) the availability of

20   alternative methods…" Defendants will be able to argue this point without the need for a jury

21   instruction that is prejudicial to Plaintiff.

22

23

24

25

26

27

28

**DEFENDANTS' PROPOSED INSTRUCTION NO. 7**

**A POLICE OFFICER CAN ACT BASED ON APPARENT DANGER**

If a police officer is confronted by the appearance of danger which he believes, and a reasonable person in the same position would believe, would result in death or great bodily injury, the officer may act upon those circumstances. The right of self-defense is the same whether the danger is real or merely apparent.

Authority: *People v. Minifie*, 13 Cal. 4th 1055, 1068 (1996); *Moreland v. Las Vegas Metro Police Dep't*, 159 F.3d 365, 371, n.4 (9th Cir. 1998).

**Defendants' Contentions in Support of Proposed Instruction**

Defendants' proposed instruction is not cumulative or duplicative of any proposed "excessive force" instruction.  Rather, it supplements the Model Ninth Circuit instruction on "excessive force" (as modified by the parties) by advising the jury that peace officers are to be given a reasonable amount of breathing room to make, often times, life or death decisions in a split-second.  It is supported by authority that holds peace officers are entitled to defend themselves based on what they reasonably perceive.  *See, Terry v. Ohio*, 392 U.S. 1, 23-24 (1968) ("Certainly it would be unreasonable to require that police officers take unnecessary risks in the performance of their duties."); *Reynolds v. County of San Diego*, 858 F. Supp. 1064, 1072 (S.D. Cal. 1994) ("In these circumstances, Courts cannot ask an officer to hold fire in order to ascertain whether the suspect will, in fact, injure or murder the officer.").  Indeed, it is the *potential* for injury which justifies the use of deadly force.  *See, e.g., Wilkinson v. Torres*, 610 F.3d 546, 553 (9th Cir. 2010) ("[A]bsolute certainty of harm need not precede an act of self-protection.").  The facts of this case support this instruction, as the subject use of force evolved quickly in a situation that escalated quickly.

//

//

//

1    **<u>PLAINTIFF'S OBJECTIONS</u>**:

2      This instruction is cumulative and prejudicial. The concerns Defendants contend this

3    instruction addresses are already addressed and encompassed in Model Instruction 9.25 with

4    neutral language employed: "You must judge the reasonableness of a particular use of force from

5    the perspective of a reasonable officer on the scene and not with the 20/20 vision of

6    hindsight…   In determining whether the officer used excessive force in this case, consider all of

7    the circumstances known to the officer on the scene, including…"

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANT'S PROPOSED SPECIAL INSTRUCTION NO. 8**

**OFFICER NOT REQUIRED TO AVAIL HIMSELF OF LEAST INTRUSIVE MEANS OF RESPONDING TO A SITUATION**

A police officer is not required to avail himself of the least intrusive means of responding to a situation; rather, the officer need only act within that range of conduct which is identified as reasonable. The appropriate inquiry is whether the officer acted reasonably, not whether he had less intrusive alternatives available to him.

Authority: *Scott v. Henrich,* 39 F.3d 912, 915 (9th Cir. 1994)

**Defendants' Contentions in Support of Proposed Instruction**

Defendants' proposed instruction is not cumulative or duplicative of any proposed "excessive force" instruction. Rather, it supplements Ninth Circuit Model Instruction 9.25 (as modified by the parties) by clarifying for the jury that consideration of the "type and amount of force used" and "alternative methods" for subduing a suspect does not require the officer to resort to the least or a lesser-intrusive force option.

**PLAINTIFF'S OBJECTIONS**:

This instruction is not only cumulative of Model Instruction 9.25 but also Defendants' Proposed Special Instruction No. 6. As stated in Plaintiff's Objections to Defendants' Proposed Special Instruction No. 6, this factor is already included in Model Instruction 9.25 with neutral language: "(9) the availability of alternative methods…" Defendants will be able to argue this point without the need for a jury instruction that is prejudicial to Plaintiff.

# DEFENDANTS' PROPOSED INSTRUCTION NO. 9

## MISTAKEN PERCEPTION

An act taken based on a mistaken perception or belief, if objectively reasonable, does not violate the Fourth Amendment.

Authority: *Krueger v. Fuhr*, 991 F.2d 435,439 (8th Cir. 1993).

**Defendants' Contentions in Support of Proposed Instruction**

Defendants' proposed instruction is not cumulative or duplicative of any proposed "excessive force" instruction.  Rather, it supplements the Model Ninth Circuit instruction on "excessive force" (as modified by the parties) by advising the jury that peace officers are to be given a reasonable amount of breathing room to make, often times, life or death decisions in a split-second.  This includes mistaken perceptions or beliefs, so long as that mistake is reasonable.

**PLAINTIFF'S OBJECTIONS**:

This factor is already considered as an optional factor in Model Instruction 9.25. To spotlight this factor with its own jury instruction and with argumentative language would be prejudicial to Plaintiff. If Defendants believed this factor was applicable to the situation, which Plaintiff contends that it is not, Defendant should have proposed for the inclusion of this factor in their Instruction No. 9.25. The language from 9.25 for this factor reads: "whether a reasonable officer would have or should have accurately perceived a mistaken fact."

## DEFENDANTS' PROPOSED INSTRUCTION NO. 10

### DETERMINATION OF REASONABLENESS –AT MOMENT OF USE OF FORCE

The determination of whether Officer Edgardo Yepez's use of force was excessive is based on whether the use of force was unreasonable at the moment the use of force occurred.  If Officer Yepez engaged in negligent conduct prior to the moment of the use of force, such negligence should not be considered when deciding whether his use of force as reasonable at the time the force was used.

Authority: *Graham v. Connor*, 490 U.S. 386, 396, (1989); *Tabares v. City of Huntington Beach*, 988 F.3d 1119, 1125 (9th Cir. 2021)

**Defendants' Contentions in Support of Proposed Instruction**

Defendants' proposed instruction is not cumulative or duplicative of any proposed "excessive force" instruction.  Rather, it supplements Ninth Circuit Model Instruction 9.25 (as modified by the parties) by clarifying for the jury what may and may not be considered when deciding the central Fourth Amendment "excessive force" issue in this case.  The proposed instruction is intended to blunt plaintiffs' attempts to color a jury's opinions on "excessive force" based upon tactical decisions made or not made by each officer or other officers before the officer's use of force.

**PLAINTIFF'S OBJECTIONS**:

"A jury is presumed to follow the instructions given to it, and the presumption is a strong one." *Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1247 (9th Cir. 2014). This special instruction will only serve to confuse the jury. Model Instruction 9.25 does not list the Defendant's negligence conduct prior to the use of force as a factor to consider and thus, it should be presumed that the jury will not consider it as a factor.

1

**DEFENDANTS' PROPOSED INSTRUCTION NO. 11**

2

**MERELY NEGLIGENT CONDUCT IS NOT A CIVIL RIGHTS VIOLATION**

3      Conduct that amounts to nothing more than negligence does not constitute a Fourth

4  Amendment violation.  Though "reasonableness" is relevant both to Fourth Amendment excessive

5  force claims and to negligence claims, the standard of "reasonableness" for Fourth Amendment

6  excessive force is not the same as the standard of "reasonable care" for negligence.

7

8  Authority: *Daniels v. Williams*, 474 U.S. 327 (1986); *Billington v. Smith*, 292 F.3d 1177, 1190

9  (9th Cir, 2002), abrogated on other grounds by *Cty. of Los Angeles v. Mendez*, 137 S. Ct. 1539

10  (2017); *Brower v. County of lnyo*, 489 U.S. 593, 596-97 (1989)

11

12  **Defendants' Contentions in Support of Proposed Instruction**

13      Defendants contend this proposed instruction is necessary to appropriately define for the

14  jury what may and may not be considered when deciding the central Fourth Amendment

15  "excessive force" issue in this case.  The proposed instruction is intended to blunt plaintiff's

16  attempts to color a jury's opinions on "excessive force" based upon tactical decisions made or not

17  made by Officer Edgardo Yepez before his actual use of force.  The *Billington* case relied upon by

18  defendant forecloses such an approach, and the jury should be instructed accordingly.

19

20  **PLAINTIFF'S OBJECTIONS**:

21      "A jury is presumed to follow the instructions given to it, and the presumption is a strong

22  one." *Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1247 (9th Cir. 2014). This special

23  instruction will only serve to confuse the jury. Model Instruction 9.25 does not list the Defendant's

24  negligence a basis for a Fourth Amendment violation, and it should be presumed that the jury will

25  not consider it as a basis.

26

27

28

## DEFENDANTS' PROPOSED INSTRUCTION NO. 12

## NEGLIGENCE IN USE OF FORCE UNDER CALIFORNIA LAW

Under California law, a law enforcement officer may use reasonable force to arrest or detain a person when the officer has reasonable cause to believe that that person has committed or is committing a crime.  However, the officer may use only that degree of force necessary to accomplish the arrest or detention.

Plaintiff's claims that Officer Edgardo Yepez used unreasonable/negligent force in arresting or detaining plaintiff. To establish this claim, Plaintiff must prove all of the following:

1. That Officer Yepez used force in arresting or detaining Francisco Hurtado;

2. That the amount of force used by Officer Yepez was unreasonable;

3. That Francisco Hurtado was harmed; and

4. That the use of unreasonable force by Officer Yepez was a substantial factor in causing Francisco Hurtado's harm.

In deciding whether Officer Yepez used unreasonable force, you must consider all of the circumstances of the arrest or detention and determine what force a reasonable law enforcement officer in each Officer Yepez's position would have used under the same or similar circumstances.

Among the factors to be considered are the following:

(a) Whether Francisco Hurtado reasonably appeared to pose an immediate threat to the safety of Officer Yepez or others;

(b) The seriousness of the crime at issue;

(c) Whether Francisco Hurtado was actively resisting arrest or detention, or attempting to avoid arrest or detention by flight; and/or

(d) Officer Yepez's tactical conduct and decisions before using force on Francisco Hurtado.

In evaluating the reasonableness of Officer Yepez's use of force, you may only consider the tactical conduct and decisions that Officer Yepez made before using force on Francisco Hurtado if you find that Officer Yepez's pre-force tactical conduct or decisions unreasonably

provoked or caused Francisco Hurtado to take a specific action that, in turn, Officer Yepez asserts was one of the reasons he subsequently used force on Francisco Hurtado.

Authority: CACI 440, 400, 401, 3020; *see also* Cal. Gov. Code §§ 820.2, 820.4, 820.8, 821; *Young v. Cty. of Los Angeles*, 655 F.3d 1156, 1170 (9th Cir. 2011); *Martinez v. Cty. of Los Angeles*, 47 Cal. App. 4th 334, 349-350 (1996); *Edson v. City of Anaheim*, 63 Cal. App. 4th 1269, 1272-1273 (2009); *Hayes v. Cty. of San Diego*, 57 Cal.4th 622 (2013).

**Defendants' Contentions in Support of Proposed Instruction**

Defendants contend that this instruction accurately reflects the law for negligence with respect to a police officer's use of force by taking into consideration factors that are not identified in the CACI instructions.

**PLAINTIFF'S OBJECTIONS**:

Plaintitff objects to this instruction on the basis that it is inaccurate reflection of the facts of this case and current California law regarding an officer's use of deadly force. Rather than using the most recent version of CACI 441, Negligent Use of Deadly Force by Peace Officer—Essential Factual Elements, Defendants have elected to propose a Frankenstein model based off of an old CACI 440 instruction and case law. CACI 441 best reflects the current law and case law on a peace officer's negligent use of deadly force and takes into account the more recently passed Penal Code section 835a, which "preserves the 'reasonable force' standard for nondeadly force, but creates a separate, higher standard that authorizes a peace officer to use deadly force only when "necessary in defense of human life."

1

**DEFENDANTS' PROPOSED INSTRUCTION NO. 13**

2

**STANDARD FOR CALIFORNIA LAW CLAIMS REGARDING REASONABLENESS**

3

**RELATED TO USE OF FORCE**

4

Under California law, where a peace officer's seizure (including a use of force) is found to

5

be objectively reasonable under the federal Fourth Amendment standard [previously read to you] –

6

namely, where from the perspective of a reasonable police officer, the defendant officer's use of

7

force is objectively reasonable under the totality of the circumstances – that officer's seizure/use

8

of force is also reasonable under California law, including for purposes of California law claims

9

for battery/excessive force and negligence.

10

If you find that Officer Yepez's use of force was objectively reasonable under the federal

11

Fourth Amendment standard, you must find that the Officer Yepez's use of force was objectively

12

reasonable in evaluating plaintiffs' California law claims.

13

14

Authority: *Hayes v. Cty. of San Diego*, 57 Cal.4th 622, 637-639 (2013); *Yount v. City of*

15

*Sacramento*, 43 Cal.4th 885, 902 (2008); *Martinez v. Cty. of Los Angeles*, 47 Cal.App.4th 334,

16

349-350 (1996); *Edson v. City of Anaheim*, 63 Cal.App.4th 1269, 1272-1273 (2009); *Lopez v. City*

17

*of Los Angeles*, 196 Cal.App.4th 675, 690-692 (2011); *see also* Cal. Gov. Code §§ 820, 820.2,

18

820.4, 820.8, 821; *Munoz v. City of Union City*, 120 Cal.App.4th 1077, 1101-1103 (2004); *Brown*

19

*v. Ransweiler*, 171 Cal.App.4th 516, 525 (2009); *Young v. Cty. of Los Angeles*, 655 F.3d 1156,

20

1170 (9th Cir. 2011); *Hayes v. Cty. of San Diego*, 736 F.3d 1223, 1232 (9th Cir. 2013); CACI

21

1300, 1301.

22

23

**Defendants' Contentions in Support of Proposed Instruction**

24

Defendants contend that this instruction accurately reflects the law for negligence with respect to a

25

police officer's use of force by taking into consideration factors that are not identified in the CACI

26

instructions, including advising the jury that the standard for negligence in the unreasonable use of

27

force is the same as the standard under the Fourth Amendment, and prevents confusion of the

28

issues by the jury.

1   **PLAINTIFF'S OBJECTIONS**:

2          Plaintiff objects to this instruction on the basis that it is an incorrect statement of the law.

3   The standard for negligent use of unreasonable force under California law is *not* the same as the

4   standard for excessive force in violation of the Fourth Amendment. "[S]tate negligence law, which

5   considers the totality of the circumstance surrounding any use of deadly force [], is broader than

6   federal Fourth Amendment law, which tends to focus more narrowly on the moment when deadly

7   force is used[]." *Hayes v. Cnty. of San Diego*, 57 Cal. 4th 622, 639 (2013) (cleaned up); *see*

8   *Tabares v. City of Huntington Beach*, 988 F.3d 1119, 1122 (9th Cir. 2021) ("The U.S. Constitution

9   and California common law are [] two distinct legal frameworks…when a State chooses to protect

10  [] beyond the level that the Fourth Amendment requires, these additional protections exclusively

11  are matters of state law [] [a]nd the California Supreme Court has held that California negligence

12  law is broader than federal Fourth Amendment law." (cleaned up)).

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# DEFENDANTS' PROPOSED INSTRUCTION NO. 14

## BATTERY BY A LAW ENFORCEMENT OFFICER (DEADLY FORCE)-
## ESSENTIAL FACTUAL ELEMENTS

A peace officer may use deadly force only when necessary in defense of human life. Francisco Hurtado claims that Officer Edgardo Yepez unnecessarily used deadly force on him. To establish this claim, Francisco Hurtado must prove all of the following:

1. That Officer Yepez intentionally touched Francisco Hurtado or caused Francisco Hurtado to be touched;

2. That Officer Yepez used deadly force on Francisco Hurtado;

3. That Officer Yepez's use of deadly force was not necessary to defend human life;

4. That Francisco Hurtado was harmed; and

5. That Officer Yepez's use of deadly force was a substantial factor in causing Francisco Hurtado's harm.

Officer Yepez's use of deadly force was necessary to defend human life only if a reasonable officer in the same situation would have believed, based on the totality of the circumstances known to or perceived by Officer Yepez at the time, that deadly force was necessary:

To defend against an imminent threat of death or serious bodily harm to Officer Yepez:

      i. The felony threatened or resulted in death or serious bodily injury to another;

A peace officer must not use deadly force against persons based only on the danger those persons pose to themselves, if an objectively reasonable officer would believe the person does not pose an imminent threat of death or serious bodily injury to the peace officer or to another person.

A person being arrested has a duty not to use force to resist the peace officer unless the peace officer is using unreasonable force.

"Deadly force" means any use of force that creates a substantial risk of causing death or serious bodily injury, including, but not limited to, the discharge of a firearm.

A threat of death or serious bodily injury is "imminent" when, based on the totality of the circumstances, a reasonable officer in the same situation would believe that a person has the

-21-

present ability, opportunity, and apparent intent to immediately cause death or serious bodily injury to the peace officer or another person. An imminent harm is not merely a fear of future harm, no matter how great the fear and no matter how great the likelihood of the harm, but is one that, from appearances, must be instantly confronted and addressed.

"Totality of the circumstances" means all facts known to the peace officer at the time, including the conduct of Officer Yepez and Francisco Hurtado leading up to the use of deadly force. In determining whether Officer Yepez's use of deadly force was necessary in defense of human life, you must consider Officer Yepez's tactical conduct and decisions before using deadly force on Francisco Hurtado and whether Officer Yepez used other available resources and techniques as alternatives to deadly force, if it was reasonably safe and feasible to do so. You must also consider whether Officer Yepez knew or had reason to know that the person against whom he used force was suffering from a physical, mental health, developmental, or intellectual disability that may have affected the person's ability to understand or comply with commands from the officer.

A peace officer who makes or attempts to make an arrest does not have to retreat or stop because the person being arrested is resisting or threatening to resist. Tactical repositioning or other de-escalation tactics are not retreat. A peace officer does not lose the right to self-defense by use of objectively reasonable force to effect the arrest or to prevent escape or to overcome resistance. A peace officer does, however, have a duty to use reasonable tactical repositioning or other de-escalation tactics.

Source:  Judicial Council of California Civil Jury Instructions (2023 edition) CACI No. 1305B.

**PLAINTIFF'S OBJECTIONS**:

Plaintiff objects to the inclusion of Factor #1 in the instruction. While this is a factor in the model instruction, it is undisputed that Defendant Yepez intentionally fired his firearm at Plaintiff. Plaintiff further objects to the inclusion of Factor *i* in this instruction as it is not applicable under the circumstances. Factor *i* is part of a set of a factors that a jury may consider when the officer is

claiming that his use of deadly force was necessary to apprehend a *fleeing person* for a felony. Here, it is undisputed that Plaintiff was not attempting to flee when Defendant Yepez used deadly force against him. Plaintiff further objects to the following optional paragraphs from the model instruction as the language is not applicable to the circumstances of this case:

> A peace officer must not use deadly force against persons based only on the danger those persons pose to themselves, if an objectively reasonable officer would believe the person does not pose an imminent threat of death or serious bodily injury to the peace officer or to another person.
>
> A person being arrested has a duty not to use force to resist the peace officer unless the peace officer is using unreasonable force.

## DEFENDANTS' PROPOSED INSTRUCTION NO. 15

### SELF-DEFENSE/DEFENSE OF OTHERS

Officer Edgardo Yepez claims he is not responsible for plaintiff Francisco Hurtado's harm because he was acting in self-defense or defense of another.  To succeed, the Officer Yepez must prove both of the following:

1.      Officer Yepez reasonably believed that Francisco Hurtado was going to harm him or Officer Randazzo; and

2.      The officer only used the amount of force that was reasonably necessary to protect himself or others.


Authority: Judicial Council of California Civil Jury Instructions (2023 edition) CACI 1304.


**PLAINTIFF'S OBJECTIONS**:

This instruction is cumulative of the state law instructions for battery and negligence as the consideration for self-defense is already addressed in the model instructions. To give a separate instruction on this would spotlight and give more weight to this issue, thereby prejudicing Plaintiff.

1

**DEFENDANTS' PROPOSED INSTRUCTION NO. 16**

2

**REASONABLE FORCE**

3        Any peace officer, who has reasonable cause to believe that the person to be arrested has

4   committed a public offense, may use reasonable force to effect the arrest, to prevent escape or to

5   overcome resistance.  A peace officer who makes or attempts to make an arrest need not retreat or

6   desist from his efforts by reason of the resistance or threatened resistance of the person being

7   arrested; nor shall such officer be deemed an aggressor or lose his right to self-defense by the use

8   of reasonable force to effect the arrest or to prevent escape or to overcome resistance.

9

10  <u>Authority:</u> Cal. Penal Code § 835a.

11

12  <u>**Defendants' Contentions in Support of Proposed Instruction**</u>

13        Defendants contend this proposed instruction applies to plaintiffs' state law claims.  With

14  that understanding, the instruction is nonetheless appropriate and tracks California law that

15  identifies the instances in which a peace office may use force.  The evidence on this point that will

16  be submitted to the jury for its consideration tracks the evidence on plaintiff's "excessive force"

17  claim and centers on the "reasonableness" of force used against plaintiff.  If a jury determines the

18  force used to be "reasonable," then a finding precluding liability for battery and consistent with a

19  righteous "reasonable force" instruction, should follow.  *See, Moore v. City of Berkeley*, 2016 WL

20  6024530, at *7 (N.D. Cal. 2016) ("In California, state law claims for wrongful death and battery at

21  the hands of the police rise and fall with federal Section 1983 claims. [Citations].");  *Watkins v.*

22  *City of San Jose*, 2017 WL 1739159, at *20 (N.D. Cal., 2017) ("The California Court of Appeal

23  has held that a determination that an officer's use of deadly force is objectively reasonable under §

24  1983 precludes negligence, assault, and battery claims.") (citing *Brown v. Ransweiler*, 171 Cal.

25  App. 4th 516, 533 (2009)); *Sorgen v. City & County of San Francisco*, 2006 WL 2583683, at *9

26  (N.D. Cal. 2006) ("[T]he law governing Plaintiff's state law claim for assault and

27  battery/excessive force is the same as that used to analyze Plaintiff's [federal] claim for excessive

28

force….  Accordingly, Plaintiff's claim of assault and battery/excessive force under state law fails for the same reasons [as his federal claim]….").

**PLAINTIFF'S OBJECTIONS**:

This language is already included in the 2023 model instructions CACI 441 and 1305B. To give a separate instruction with the same language would be cumulative and prejudicial as it would highlight and give more weight to one of the many things a jury is to consider when assessing the reasonableness of Defendant Yepez's use of deadly force.

## PROPOSED INSTRUCTION NO. 17

### POLICE OFFICER NOT REQUIRED TO USE "MOST REASONABLE" ACTION

As long as an officer's conduct falls within the range of conduct that is reasonable under the circumstances, there is no requirement that he or she choose the "most reasonable" action or the conduct that is the least likely to cause harm in order to avoid liability for negligence.

Authority: *Hayes v. Cty. of San Diego,* 57 Cal.4th 622, 632 (2013) (quoting *Brown v. Ransweiler*, 171 Cal. App. 4th 516, 537-538 (2009))

**Defendants' Contentions in Support of Proposed Instruction**

Defendants contend this proposed instruction fosters continuity in the jury's understanding of the factors to be applied to plaintiff's "excessive force," "Battery," and "Negligence" claims by clarifying that an officer subduing a suspect is not required to resort to the least or a lesser-intrusive – or most reasonable – force option.

**PLAINTIFF'S OBJECTIONS**:

This instruction is cumulative of factors already considered in the model instructions for Ninth Circuit Model Instruction 9.25, CACI 441, and CACI 1305B as well as *two other* special instructions proposed by Defendants regarding reasonable force and less-intrusive alternatives. *See* Defendants' Proposed Instruction Nos. 6, 8. To give any additional instruction, let alone a *third* instruction, on an officer not needing to use the least-intrusive alternative or a "most reasonable" alternative would be unduly prejudicial.

## DEFENDANTS' PROPOSED INSTRUCTION NO. 18

## POLICE OFFICER ENTITLED TO USE GREATER FORCE

Unlike private citizens, police officers act under color of law to protect the public interest. They are charged with acting affirmatively and using force as part of their duties. Police officers are not similarly situated to the ordinary battery defendant and need not be treated the same. Police officers who are protecting the public peace and order are entitled to an even greater use of force than might be required in the same circumstances for self-defense.

<u>Authority</u>: *Brown v. Ransweiler*, 171 Cal. App. 4th 516, 527 (2009)

**<u>Defendants' Contentions in Support of Proposed Instruction</u>**

Defendants' proposed instruction merely advises the jury that peace officers, like defendant Officer Edgardo Yepez here, owe the public a duty of safety that affords them the authority to use force where an unsworn citizen may not be so permitted. This case is not one of two neighbors whose confrontation turns physical; this case involves a sworn law enforcement officer performing a legitimate public safety function by exercising the authority vested in him. This is a meaningful distinction that should assist the jury with understanding other proposed instructions concerning its evaluation of force in this case.

**<u>PLAINTIFF'S OBJECTIONS</u>**:

This concept is already encompassed in CACI 441 and 1305B, which specifically addresses use of deadly force *by a peace officer* and lays out the the different factors that the jury is to consider when the use of force is *by a peace officer* rather than a private citizen. There has been no suggestion or proposed jury instruction that the officer is being held to the use of force standard of a private citizen.

1                                   **PROPOSED SPECIAL INSTRUCTION NO. 19**

2                                           **EXERCISE OF DISCRETION**

3       Except as otherwise provided by statute, a public employee is not liable for an injury

4 resulting from his act or omission where the act or omission was the result of the exercise of the

5 discretion vested in him, whether or not such discretion be abused.

6

7 <u>Authority</u>: Cal. Gov. Code § 820.2

8

9 **<u>Defendants' Contentions in Support of Proposed Instruction</u>**

10       Defendants contend this proposed instruction applies to plaintiff's state law claims.

11 Defendants contend the instruction is appropriate because the use of force inherently calls for an

12 exercise of the discretion vested in defendant as a California peace officer—the very discretion the

13 immunity is designed to protect. *See, Hayes v. County of San Diego*, 57 Cal.4th 622, 632 (2013)

14 ("Law enforcement personnel have a degree of discretion as to how they choose to address a

15 particular situation."); *see also, Reynolds v. County of San Diego*, 858 F. Supp. 1064, 1075 (S.D.

16 Cal. 1994) (finding deputy immune under Government Code § 820.2 from plaintiff's state law

17 claims when using deadly force; "[a]s discussed, supra, police officers are privileged to use force

18 against assailants when the officers reasonably believe the assailants to be armed, and when

19 officers reasonably believe their own safety is in jeopardy. Jackson's split-second decision to use

20 force is exactly the kind of act which section 820.2 was enacted to shield from liability.  That

21 exercise of discretion is exactly what this immunity seeks to protect.").

22

23 **<u>PLAINTIFF'S OBJECTIONS</u>**:

24       This is an inappropriate jury instruction as the issue of whether the immunity provided by

25 Cal. Gov. Code § 820.2 applies to this case is a *legal* question for the court to decide. Moreover,

26 "[i]mmunity is reserved for those '*basic policy decisions* [which have] been [expressly] committed

27 to coordinate branches of government, and as to which judicial inference would thus be

28 'unseemly.'" *Gillan v. City of San Marino*, (2007) 147 Cal.App.4th 1033, 1051 (2007) (quoting

*Johnson v. State of California*, 69 Cal. 2d 782, 293(1968)). A police officer's decision to detain or arrest a suspect is "not a basic policy decision, but only an operational decision by the police purporting to apply the law." *Id.* California law denies immunity to police officers who use excessive force in arresting a suspect. *See Nelson v. City of Davis*, 685 F.3d 867, 875 (9th Cir. 2012); *Robinson v. Solano Cnty.*, 278 F.3d 1007, 1016 (9th Cir. 2002); *Blankenhorn v. City of Orange*, 485 F.3d 463, 487 (9th Cir. 2007); *Scruggs v. Haynes*, 252 Cal.App.2d 256, 264 (1967). Because Plaintiff's claim arises out of Defendant Yepez's use of force during a detention/arrest, which was not a policy decision, Defendant Yepez is not entitled to immunity under section 820.2.

Moreover, Defendants' reliance on *Reynolds v. County of San Diego*, 858 F.Supp. 1064, 1075 (S.D. Cal. 1994) to argue that this instruction is unpersuasive as *Reynolds* is no longer good law on the this issue. *See Sommers v. City of Santa Clara*, 516 F. Supp. 967, 991 (N.D. Cal. 2021) (recognizing the application of Government Code sections 820.2 and 820.4 to an excessive force case "appears to be in conflict with *Blankenhorn*, more recent, controlling Ninth Circuit law."); *Thomas v. Dillard*, 212 F. Supp. 3d 938, 949 (S.D. Cal. 2016) ("Defendant's argument regarding section 820.4 is contrary to California law, which denies statutory immunity to police officers who use excessive force.").

1    **PROPOSED SPECIAL INSTRUCTION NO. 20**

2    **EXECUTION OR ENFORCEMENT OF LAWS**

3        A public employee is not liable for his act or omission, exercising due care, in the

4    execution or enforcement of any law.

5        If you find that Officer Edgardo Yepez was exercising due care when interacting with

6    Francisco Hurtado, then your verdict as to plaintiff's negligence and battery claims should be in

7    favor of Officer Yepez.

8

9    <u>Authority</u>: Cal. Gov. Code § 820.4

10

11   **<u>Defendants' Contentions in Support of Proposed Instruction</u>**

12       Defendants contend this proposed instruction applies to plaintiff's state law claims.  Courts

13   have recognized uses of force like the type at issue here as conduct falling within and deserving

14   the protection of this immunity.  *See, Reynolds v. County of San Diego*, 858 F.Supp. 1064, 1075

15   (S.D. Cal. 1994) (holding that a sheriff's deputy was immune from state law tort claims under

16   Government Code sections 820.2 and 820.4, even when using deadly force).

17

18   **<u>PLAINTIFF'S OBJECTIONS</u>**:

19       This is an inappropriate jury instruction as the issue of whether the immunity provided by

20   Cal. Gov. Code § 820.4 applies to this case is a *legal* question for the court to decide. Moreover,

21   the concept embodied in this instruction has already been addressed in different terms in CACI

22   441 and 1305B. To give another instruction on this concept would be cumulative and prejudicial.

23   Moreover, Defendants' reliance on *Reynolds v. County of San Diego*, 858 F.Supp. 1064, 1075

24   (S.D. Cal. 1994) to argue that this instruction is unpersuasive as *Reynolds* is no longer good law

25   on the this issue. *See Sommers v. City of Santa Clara*, 516 F. Supp. 967, 991 (N.D. Cal. 2021)

26   (recognizing the application of Government Code sections 820.2 and 820.4 to an excessive force

27   case "appears to be in conflict with *Blankenhorn*, more recent, controlling Ninth Circuit law.");

28   *Thomas v. Dillard*, 212 F. Supp. 3d 938, 949 (S.D. Cal. 2016) ("Defendant's argument regarding

section 820.4 is contrary to California law, which denies statutory immunity to police officers who use excessive force.").

**PROPOSED INSTRUCTION NO. 21**

**ACTS OR OMISSIONS OF OTHERS**

Under California law, a public employee is not liable for injury caused by the act or omission of another person. Nothing in this section exonerates a public employee from liability for injury proximately caused by his own negligent or wrongful act or omission.

If you find that Francisco Hurtado's harm was caused by another person, including Francisco Hurtado, then your verdict as to plaintiff's negligence and battery claims should be in favor of Officer Yepez.

Authority: Cal. Gov. Code § 820.8.

**Defendants' Contentions in Support of Proposed Instruction**

Defendants contend this proposed instruction applies to plaintiffs' state law claims. Defendants contend that if the jury concludes plaintiff's injuries and damages sought by "Negligence," and "Battery" claims were the product of plaintiff's own malfeasance or the fault/negligence of any person other than the defendants, then defendants is immune from liability on these claims.

**PLAINTIFF'S OBJECTIONS**:

This is an inaccurate statement of the causation element under Plaintiff's state law battery and negligence claims. As stated in Plaintiff's proposed jury instruction, Causation: Multiple Causes (CACI 431), a person's conduct may combine with another factor to cause harm and if the jury was the find that Defendant Yepez's conduct was a substantial factor in causing Plaintiff's harm, Defendant Yepez is responsible for the harm and cannot avoid liability even if another person, condition, or event was also a substantial factor in causing Plaintiff's harm. *See* CACI 431; *Hughey v. Candoli*, 159 Cal. App. 2d 231, 240 (1958) (" 'Where several persons act in concert and damages result from their joint tort, each person is held for the entire damages unless segregation as to causation can be established. Even though persons are not acting in concert, if

the results produced by their acts are indivisible, each person is held liable for the whole."); Yanez v. Plummer, 221 Cal.App.4th 180, 187 (2013) ("A defendant's negligent conduct may combine with another factor to cause harm; if a defendant's negligence was a substantial factor in causing the plaintiff's harm, then the defendant is responsible for the harm; a defendant cannot avoid responsibility just because some other person, condition, or event was also a substantial factor in causing the plaintiff's harm; but conduct is not a substantial factor in causing harm if the same harm would have occurred without that conduct.").

## DEFENDANTS' PROPOSED INSTRUCTION NO. 22

### INSURANCE

You must not consider whether any of the parties in this case has insurance. The presence or absence of insurance is totally irrelevant. You must decide this case based only on the law and the evidence.

**AUTHORITY:** Judicial Council of California Civil Jury Instruction (CACI) 5001

**PLAINTIFF'S OBJECTIONS**:

This instruction is unnecessary and will only call attention to an issue that Defendants do not want the jury to consider. Plaintiff does not intend to introduce any evidence or make any argument regarding the presence or absence of insurance of Defendants.

## DEFENDANTS' PROPOSED INSTRUCTION NO. 23
## DAMAGES-PROOF AND MEASURE OF DAMAGES

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the Plaintiff Hurtado on any or all of the Plaintiff Hurtado's claims, you must determine Plaintiff Hurtado's damages. Plaintiff Hurtado has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate Plaintiff Hurtado for any injury you find was caused by Defendant Yepez. You should consider the following:

1.  The nature and extent of the injuries;

2.   The disability, disfigurement, inconvenience, grief, anxiety, humiliation and loss of enjoyment of life experienced and that with reasonable probability will be experienced in the future;

3.  The mental, physical, and emotional pain and suffering, experienced and that with reasonable probability will be experienced in the future;

4.  The reasonable value of necessary medical care, treatment and services that with reasonable probability will be required in the future;

Your award must be based on evidence and not upon speculation, guesswork or conjecture.

**AUTHORITY:**  Model Jury Instructions for the Ninth Circuit, §§5.1 and 5.2 (2023) (Modified); Judicial Council of California Civil Jury Instruction (CACI) 3905 A (Modified)

**PLAINTIFF'S OBJECTIONS**:

Plaintiff objects to this instruction on the basis that it omits applicable factors listed in Instruction 5.2 and CACI 3905A, including "the reasonable value of necessary medical care, treatment, and services received to the present time" and "the reasonable value of necessary household help, services other than medical, and expenses that with reasonable probability will be required in the future.

**PROPOSED INSTRUCTION NO. 24**

**MITIGATION OF DAMAGES**

Francisco Hurtado had a duty to use reasonable efforts to mitigate his damages. To mitigate means to avoid or reduce damages.

Officer Edgardo Yepez has the burden of proving by a preponderance of the evidence:

1. That Francisco Hurtado failed to use reasonable efforts to mitigate damages; and

2. The amount by which damages would have been mitigated.

AUTHORITY:  Model Jury Instructions for the Ninth Circuit, § 5.3 (2023)

**PLAINTIFF'S OBJECTIONS**:

This instruction is not applicable to the facts of this case.

**PROPOSED INSTRUCTION NO. 25**

**DAMAGES ON MULTIPLE LEGAL THEORIES**

Plaintiff Hurtado seeks damages from Defendant Yepez under more than one legal theory. However, each item of damages may be awarded only once, regardless of the number legal theories alleged.

You will be asked to decide whether Defendant Yepez is liable to Plaintiff Hurtado under the following legal theories.

1. Fourth Amendment – Excessive Force;

2. Battery; and

3. Negligence.

The following items of damages are recoverable only once under all of the above legal theories:

1. Future medical expense;

2. Past noneconomic loss, including physical pain/mental suffering; and

3. Future noneconomic loss, including physical pain/mental suffering.

Damages for violation of the Fourth Amendment may not be awarded cannot be awarded against the California Highway Patrol.

<u>AUTHORITY:</u>  CACI 3934 (Modified)

**<u>PLAINTIFF'S OBJECTIONS</u>**:

This instruction is unnecessary and will only serve to confuse the jury. The verdict form will instruct the jury on how to answer questions regarding damages. Limiting the category of damages on the verdict form is sufficient to avoid double damages without causing further confusion to the jury.

**PROPOSED SPECIAL INSTRUCTION NO. 26**

**NO PUNITIVE DAMAGES**

You must not include in your award any damages to punish or make an example of Officer Edgardo Yepez.  Such damages would be punitive damages, and they cannot be a part of your verdict.  You must award only the damages that fairly compensate plaintiff for each of his losses.

Authority: CACI 3924 (2023 edition).

**PLAINTIFF'S OBJECTIONS**:

This instruction will only serve to confuse the jury since the jury will be receiving instructions on punitive damages.

**PROPOSED INSTRUCTION NO. 27**

**NO DAMAGES IF NO LIABILITY**

If you find that plaintiff failed to prove by a preponderance of the evidence that defendants violated plaintiff's rights as claimed, in other words, if you find that defendants are not liable to plaintiff, you must not award damages to plaintiff in this case.

Authority: CACI 3900 (modified).

**Defendants' Contentions in Support of Proposed Instruction**

This instruction is intended to clarify to a jury that no damages can be awarded when there is a finding of no liability.

**PLAINTIFF'S OBJECTIONS:**

This instruction is unnecessary as the verdict form can be drafted so that the jury will be instructed not to answer any questions on damages if it does not find liability on any of Plaintiff's claims.

**PROPOSED INSTRUCTION NO. ___**

**PUNITIVE DAMAGES**

If you find for plaintiff, you may, but are not required to, award punitive damages.  The purposes of punitive damages are to punish a defendant and to deter similar acts in the future. Punitive damages may not be awarded to compensate Plaintiff Hurtado.

The plaintiff has the burden of proving by a preponderance of the evidence on his Section 1983 claim, that punitive damages should be awarded and, if so, the amount of any such damages.

In this phase of the trial you will only be asked to determine whether punitive damages should be awarded.

You may award punitive damages only if you find that Officer Edgardo Yepez's conduct that harmed plaintiff Francisco Hurtado was malicious, oppressive or in reckless disregard of his rights.  Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the plaintiff.  Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or if the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law.  An act or omission is oppressive if the defendant injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by misusing or abusing authority or power or by taking advantage of some weakness or disability or misfortune of the plaintiff.


Authority: Ninth Circuit Model Jury Instr. (2022), 5.5 (modified to substitute party names and reflect different evidentiary burdens between state and federal claims); CACI 3940 ("You may award punitive damages only if [*name of plaintiff*] proves by clear and convincing evidence that [*name of defendant*] engaged in that conduct with malice, oppression, or fraud.")

**PLAINTIFF'S OBJECTIONS**:

This instruction is confusing because the calculation of punitive damages has been bifurcated. The only issue during the liability phase is whether Defendant Yepez's conduct was malicious, oppressive, or in reckless disregard of Plaintiff's rights so as to warrant the award of

punitive damages during the second phase. Accordingly, Plaintiff proposes only instructing the jury on what constitutes conduct that is malicious, oppressive, or in reckless disregard of Plaintiff's rights.

**PROPOSED INSTRUCTION NO. 29**

**PUNITIVE DAMAGES – CALCULATION**

*[TO BE READ IN PUNITIVE DAMAGES PHASE OF TRIAL ONLY]*

You must now decide the amount, if any, that you should award plaintiff in punitive damages. The purposes of punitive damages are to punish a wrongdoer for the conduct that harmed the plaintiff and to discourage similar conduct in the future.

If you find that punitive damages are appropriate, you must use reason in setting the amount.  Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party.  In considering the amount of any punitive damages, consider the degree of reprehensibility of the defendant's conduct, including whether the conduct that harmed the plaintiff was particularly reprehensible because it also caused actual harm or posed a substantial risk of harm to people who are not parties to this case. You may not, however, set the amount of any punitive damages in order to punish the defendant for harm to anyone other than the plaintiff in this case.

There is no fixed formula for determining the amount of punitive damages, and you are not required to award any punitive damages.  If you decide to award punitive damages against any officer, you should consider all of the following factors in determining the amount:

(a) How reprehensible was the conduct of the officer? In deciding how reprehensible officer's conduct was, you may consider, among other factors:

      1. Whether the conduct caused physical harm;

      2. Whether the officer disregarded the health or safety of others;

      3. Whether Francisco Hurtado was financially weak or vulnerable and the officer knew he was financially weak or vulnerable and took advantage of him;

      4. Whether the officer's conduct involved a pattern or practice; and

      5. Whether the officer acted with trickery or deceit.

(b) Is there a reasonable relationship between the amount of punitive damages and the harm to plaintiff or between the amount of punitive damages and potential harm to plaintiff that the officer knew was likely to occur because of his conduct?

(c) In view of the officer's financial condition, what amount is necessary to punish him and discourage future wrongful conduct? You may not increase the punitive award above an amount that is otherwise appropriate merely because a defendant has substantial financial resources. Any award you impose may not exceed that defendant's ability to pay.

Authority: CACI 3942; *see also* Ninth Circuit Model Jury Instr. (2022), 5.5.

**PLAINTIFF'S OBJECTIONS**:

Plaintiff objects to this instruction on the basis that it is based on CACI 3942 and Plaintiff has withdrawn his claim for punitive damages under state law. The instruction for calculation of punitive damages should be taken from Model Instruction 5.5 only.

PLAINTIFF'S OBJECTIONS TO DEFENDANTS' PROPOSED DISPUTED JURY INSTRUCTIONS