**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
E-mail: dalekgalipo@yahoo.com
Hang D. Le (SBN 293450)
E-mail: hlee@galipolaw.com
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333; Fax: (818) 347-4118

Humberto M. Guizar, Esq.     (SBN 125769)
Kent M. Henderson, Esq.      (SBN 139530)
Angel Carrazco, Jr., Esq.    (SBN 230845)
**GUIZAR, HENDERSON & CARRAZCO, L.L.P.**
18301 Irvine Boulevard, Tustin, CA 92780
Telephone:   (714) 541-8600
Facsimile:   (714) 541-8601
Email:       hguizar@ghclegal.com
             hendolaw@gmail.com
             angel@carrazcolawapc.com

Attorneys for Plaintiff FRANCISCO HURTADO

**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FRANCISCO HURTADO, an individual<br><br>Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA; CALIFORNIA HIGHWAY PATROL; EDGARDO YEPEZ aka EDGARDO LOPEZ; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 2:19-cv-02343-DAD-AC<br><br>**PLAINTIFF'S TRIAL BRIEF IN OPPOSITION TO DEFENDANTS' PROPOSED SPECIAL INTERROGATORIES**<br><br>Trial Date:   March 11, 2024<br>Time:        9:00 a.m.<br>Courtroom:   4<br>Judge:       Hon. Dale A. Drozd |

# TRIAL BRIEF

Plaintiff Francisco Hurtado hereby opposes Defendant State of California's proposed Special Interrogatories following the jury's verdict in this case. These Special Interrogatories are unnecessary to determine whether Officer Yepez is entitled to qualified immunity from Plaintiff Hurtado's excessive force claims pursuant to 42 U.S.C. § 1983 and are likely to confuse the jury and they create potential for an inconsistent verdict.

## I.   DISCUSSION

Pursuant to Federal Rule of Civil Procedure 49(a) a district court may use a special verdict form which allows a jury "to return only a special verdict in the form of a special written finding on each of issue of fact." Fed. R. Civ. P. 49(a). The court may do this by "(A) submitting written questions susceptible of a categorical or other brief answer; (B) submitting written forms of the special findings that might properly be made under the pleadings and evidence; or (C) using any other method that the court considers appropriate." *Id*. However, "[w]hen the answers are inconsistent with each other and one or more is also inconsistent with the general verdict, judgment must not be entered; instead, the court must direct the jury to further consider its answers and verdict, or must order a new trial." Fed. R. Civ. P. 49(b)(4). "Submission of special interrogatories is a matter committed to the discretion of the district judge." *Cancellier v. Federated Dep't Stores*, 672 F.2d 1312, 1317 (9th Cir. 1982).

### A.   Whether Officers Yepez or Randazzo issued "any commands" to Hurtado is inconsistent with Supreme Court and Ninth Circuit Jurisprudence.

Defendant's proposed Special Interrogatory 1 asks "Did any CHP officer issue any commands to Francisco Hurtado at the scene on March 15, 2018?" (Dkt. 117, p. 5.) If a jury were to answer "yes," proposed Special Interrogatory 2 then asks, "did Francisco Hurtado obey those commands?" (*Id.*) The Court should not approve Defendant's proposed Special Interrogatories 1 and 2 because they are inconsistent with Supreme Court and Ninth Circuit Jurisprudence and create potential for an inconsistent verdict.

Before using deadly force, an officer must issue a warning that deadly force could be used when feasible. *Estate of Aguirre v. Cnty. of Riverside*, 29 F.4th 624, 628 (9th Cir. 2022); *Tennessee v. Garner*, 471 U.S. 1, 11-12 (1985) ("deadly force may be used … if, where feasible, some warning has been given."); *Estate of Aguirre*, 29 F.4th at 628 ("[b]efore using deadly force, law enforcement must, where feasible, issue a warning.") (internal quotations omitted). Thus, whether Officers Yepez or Randazzo issued "any commands" to Hurtado misstates the issue. The issue instead is whether the Officers explicitly issued a warning that deadly force may be used and whether it was feasible to do so.

This question will be sufficiently addressed by the jury's verdict on Plaintiff's Fourth Amendment claims. For example, a finding for the Plaintiff would mean that the jury found, by a preponderance of the evidence, that the Officers did not issue a warning of deadly force and that it was feasible to do so. Therefore, because Defendant's Special Interrogatories to the jury regarding whether any CHP officers issued "any commands" to Hurtado are likely to confuse the jury on the issue and create a potential for an inconsistent verdict because they misstate the issue and are inconsistent with Supreme Court and Ninth Circuit jurisprudence, Special Interrogatories 1 and 2 should be rejected by the Court.

  B. <u>Proposed Special Interrogatories regarding whether Officer Yepez acted reasonably would confuse the jury and create a potential for an inconsistent verdict.</u>

Defendant's proposed Special Interrogatory 4 asks "Did Officer Yepez reasonably believe that Fransisco Hurtado posed a threat to Officer Randazzo and/or Officer Yepez prior to firing his weapon?" (Dkt. 117, p. 5.) The Court should reject the Defendant's proposed Special Interrogatory 4 because Officer Yepez's reasonable belief that Hurtado posed a threat to him and Officer Randazzo is already the crux of the Fourth Amendment analysis, and a second reasonableness question would confuse the jury and create a potential for an inconsistent verdict.

"The use of deadly force is only reasonable if a suspect 'poses a *significant* threat of death or serious physical injury to the officer or others.'" *S.R. Nehad v. Browder*, 929 F.3d 1125. 1133 (9th Cir. 2019) (emphasis added) (quoting *Gonzalez v. City of Anaheim*, 747 F.3d 789, 793 (9th

Cir. 2014) (internal quotation omitted)). The question of whether Hurtado posed a threat will already be answered by the jury's verdict on the Fourth Amendment claims. An answer in favor of the plaintiff, for example, would answer the question of whether Hurtado posed a threat to Officers Yepez and Randazzo in the negative. Including the question as a special interrogatory would be repetitive, confuse the jury, and create potential for an inconsistent verdict. For these reasons, proposed special interrogatory 4 regarding whether Hurtado was a threat to Officers Yepez and Randazzo should be rejected.

Similarly, the Court should also reject Defendant's proposed Special Interrogatory 3. Proposed Special Interrogatory 3 asks "Did Francisco Hurtado reach or grab for a gun prior to Officer Yepez firing shots?" The Court should reject Special Interrogatory 3 because it too is answered by the question of whether Officer Yepez's use of deadly force was reasonable. Asking the jury whether Hurtado was reaching for a gun before Officer Yepez fired shots leaves out the totality of circumstances in this case that a jury may consider to determine whether Hurtado posed a threat to Officers Yepez and Randazzo. *See Garner*, 471 U.S. at 8-9 (the question is "whether the totality of the circumstances justified a particular sort of … seizure"); *Graham v. Connor*, 490 U.S. 386, 396 (1989) ("proper application requires careful attention to the facts and circumstances of each particular case"); *Bryan v. MacPherson*, 630 F.3d 805, 826 (9th Cir. 2010) ("the objective facts must indicate that the suspect posed an immediate threat to the officer").

In addition to the presence of a gun in the car, the jury can consider that Hurtado had just been in a severe car accident where his car had been flipped upside down into an embankment, that Hurtado had been severely injured and was fading in and out of consciousness, and that Hurtado was upside down inside of the flipped vehicle when Officer Yepez fired shots. Whether Hurtado was reaching for a gun is not the only circumstance to consider in determining whether Officer Yepez acted reasonably in this case. Because the jury must consider Officer Yepez's actions under the totality of the circumstances, and Defendant's proposed Special Interrogatory 3 attempts to limit the inquiry to a single circumstance, the proposed interrogatory is likely to confuse the jury and creates a potential for an inconsistent verdict. Therefore, the court should reject Defendant's proposed Special Interrogatory 3.

    C.   <u>Whether Officers Yepez and Randazzo went down the embankment to attempt to assist Hurtado is undisputed/irrelevant.</u>

Lastly, the Defendant's proposed Special Interrogatory 5 asks "When Officer Yepez and Officer Randazzo went down the embankment on March 15, 2018, were they attempting to assist Francisco Hurtado?" (Dkt. 117, p. 5.) The Court should reject Defendant's Special Interrogatory 5. It is not in dispute that Officers Yepez and Randazzo were attempting to help Hurtado, who had clearly been in a severe car accident, when they went down the embankment. Adding a special interrogatory would do nothing but confuse the jury on the issues. Much like whether Hurtado reached for a gun, whether the officers initiated their interaction with Hurtado to assist him is a circumstance that jurors may determine in the totality.

## II.  CONCLUSION

For the foregoing reasons, plaintiff respectfully requests that the Court reject Defendant's proposed Special Interrogatories to the jury to avoid jury confusion and prevent potential for an inconsistent verdict.

Respectfully submitted,

DATED:  March 4, 2024

                              **LAW OFFICES OF DALE K. GALIPO**

                              **GUIZAR, HENDERSON & CARRAZCO, LLP**

By: _____*/s/ Hang D. Le*_____
       Dale K. Galipo
       Hang D. Le
       Kent M. Henderson
       Angel Carrazco, Jr.
       Attorneys for Plaintiff Francisco Hurtado

-5-
PLAINTIFF'S TRIAL BRIEF