**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
E-mail: dalekgalipo@yahoo.com
Hang D. Le (SBN 293450)
E-mail: hlee@galipolaw.com
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333; Fax: (818) 347-4118

Kent M. Henderson, Esq.      (SBN 139530)
Angel Carrazco, Jr., Esq.    (SBN 230845)
**GUIZAR, HENDERSON & CARRAZCO, L.L.P.**
18301 Irvine Boulevard, Tustin, CA 92780
Telephone:   (714) 541-8600
Facsimile:   (714) 541-8601
Email:       hendolaw@gmail.com
             angel@carrazcolawapc.com

Attorneys for Plaintiff FRANCISCO HURTADO

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO HURTADO, an individual<br><br>Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA; CALIFORNIA HIGHWAY PATROL; EDGARDO YEPEZ aka EDGARDO LOPEZ; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 2:19-cv-02343-DAD-AC<br>[*Hon. Dale A. Drozd, District Judge; Hon. Allison Claire, Magistrate J.*]<br><br>**PLAINTIFF'S OBJECTIONS AND EXCERPTS OF READING DEPOSITION OF WITNESS DIANE VALENZUELA**<br><br>Trial Date:           03/11/2024 |

Pursuant to the Federal Rules of Civil Procedure, including Federal Rules of Evidence, Rule 804 and Rule 403, the Rulings on the Motions *in Limine* and all applicable Orders of the above-named Court, Plaintiff FRANCISCO HURTADO ("Plaintiff") hereby respectfully objects to the reading of the deposition of Diane Valenzuela and, if the Court allows the reading, which it shouldn't, Plaintiff sets forth the objections to the portions Defendants propose to read and the portions Plaintiff would have read.

### PLAINTIFF'S OBJECTIONS TO READING OF DEPOSITION OF DIANE VALENZUELA

### (See Also Plaintiff's Other Brief Where Plaintiff Objects to Any Reading of Daine Valenzuela's Deposition and to any Testimony of Deputy Justin Camara)

**Plaintiff objects to Defendants reading at all from the Deposition of Diane Valenzuela under FRE 804, 403, the rulings on Motions *in Limine*, the testimony in the case so far, the lack of any relevance and the unfair prejudice**. (*See* **Plaintiff's Objections to Reading Deposition of Witness Diane Valenzuela and to the Testimony of Deputy Justin Camara, hereinafter "Pltf's Objs. to Dep. Testimony of Valenzuela & Camara"). Diane Valenzuela is not a toxicologist, a pharmacologist, a doctor, a neurologist. There is no GCMS measurement of cocaine, no BAC measurement above .08 BAC, no experts by defense to link any of this up. The Glasgow Coma Scale (GCS) was measured 22 minutes or more after the crash. The suggestion that he had a "normal" GCS when Diane Valenzuela saw him is irrelevant and prejudicial. (it is at least 22 minutes after he was shot). It is like saying if a boxer was knocked out in the ring on T.V. with everyone watching but then Diane Valenzuela came to his dressing room 22 minutes after he came to and said he has a normal GCS. This is clear 403.**

**The word "cocaine"** is highly prejudicial. The average person (juror) thinks if you ever took it then you are high. The fact is Cocaine can only be measured by Gas Chromatography Mass Spectrometry (GCMS). Only the Plaintiff in this case disclosed a toxicology / pharmacology expert. There was no GCMS testing in this case. The Court already ruled that Plaintiff's Motion in Limine No. 2 to Exclude Any Suggestion of Drug Use / Drug Testing was

1  granted "with the exception of statements to officers and paramedic on date of incident."
2  (03/05/2024 Minute Order Doc. 138]. The problem here is that use of cocaine is highly
3  prejudicial.

4  **Use of a drug like cocaine is highly variable. Whether it has any effect at all at a**
5  **certain time depends on form of the drug (rock, lines) amount used (one line, two lines, four**
6  **lines), time of use (12 hours before, 6 hours before, etc.), method of administration (smoked,**
7  **snorted, injected) and tolerance (heavy user, moderate user, first time user). Here, none of**
8  **this information is known and Defendants have no designated toxicology expert, let alone a**
9  **pharmacology expert. Toxicology would tell of amounts (Defendants don't have this).**
10 **Pharmacology would tell of effects (Defendants don't have this).**

11 The paramedic is not a toxicologist, not a pharmacologist, is not psychic and she does not
12 have x-ray vision. **She has no idea whatsoever when someone says they used cocaine, when**
13 **they used it, how much they used and whether any of it had any effect at the time Hurtado**
14 **was being shot. This is the absolute most prejudicial type of evidence. A Juror who hears**
15 **that Hurtado used cocaine will assume he was high when he was shot. Yet there is zero**
16 **evidence of this**. If he used at any time more than hour before he probably was not high at all. It
17 is super-prejudicial with no foundation at all. And it was never something Plaintiff had to prove.
18 Defendants are the proponent of this evidence. When a juror hears that a person "used cocaine"
19 they immediately assume they are high nor matter when they used it. This is just false. The
20 defense has no link up for this to any behavior (no toxicologist and no pharmacologist) it is just
21 prejudicial let's say the word "cocaine." It is the same with the alcohol. No evidence of any
22 levels.

23 It is admitted that the paramedic assumed the use was within the last 12 hours. **Cocaine is**
24 **an extremely short-lived drug and there is no evidence of when (if ever) Hurtado used it. A**
25 **person using cocaine will feel the effects for 15-30 minutes, to an hour after use at the**
26 **longest**. Defendants have no link up on this evidence it is just prejudice with no science. **(You**
27 **could use cocaine two hours before and it would have no psychoactive effect – so why is it**
28

3
PLAINTIFF'S OBJECTIONS AND EXCERPTS OF READING OF DEPOSTION OF DIANE VALENZUELA

1 **relevant put in this highly prejudicial evidence?)**

2 Plaintiff designated a toxicology and pharmacology expert, Okorie Okarocha who prepared
3 a Rule 26 report and who opined that there is no admissible evidence of drug use or effects of
4 drugs stand unrebutted.

5 Additionally, a paramedic is not a toxicologist or a pharmacologist.  She is not an expert in
6 toxicology or pharmacology.  She has no education or training to diagnose whether cocaine had
7 any effect.  Without any link up that drugs or alcohol were doing anything and what they were
8 doing mentioning it is just prejudicial and of no evidentiary value.  This is especially true in a
9 police shooting case where information unknown to the officer is usually inadmissible.

10 Diane Valenzuela is also not a doctor.  Glasgow Coma Scale is a field assessment that
11 must be done at the time the person is injured.  GCS is "snapshot" and Valenzuela got there like
12 22 minutes after Hurtado was shot.  GCS of 15 says nothing of Hurtado's condition 22 minutes
13 earlier.

14

15 **Plaintiff specifically objects to Defendants proposed reading of excerpts of Diane**
16 **Valenzuela deposition testimony as follows:**

17 P. 48, lines 2-5.  Objections, FRE 804 (she is not unavailable and the deposition should not
18 be read from. *See* Pltf's Objs. to Dep. Testimony of Valenzuela & Camara), 403 (*see* Pltf's Objs.
19 to Dep. Testimony of Valenzuela & Camara), 702, 703, 801.  The Plaintiff self-extricated
20 testimony is vague and ambiguous, speculation, hearsay, improper expert opinion.  Diane
21 Valenzuela had no independent knowledge – she just went off her report.

22 P. 50, lines 10-24.  Objections, FRE 804 she is not unavailable and the deposition should
23 not be read from. *See* Pltf's Objs. to Dep. Testimony of Valenzuela & Camara), 403 (*see* Pltf's
24 Objs. to Dep. Testimony of Valenzuela & Camara), 702, 703, 801. The fact Plaintiff had a
25 Glasgow Coma Scale (GCS) of 15 at the time Valenzuela performed her evaluation is
26 meaningless.  Diane Valenzuela is not a doctor.  GCS is a snapshot and she was there more than
27 20 minutes after the shooting and the crash.  Hurtado's GCS at the time he was shot would have
28

1  been very different.  This is 403 and 801 and 701 objectionable.  If you take the GCS 22 minutes
2  after the incident it tells you nothing about what GCS would have been 22 minutes earlier.
3         P. 50 line 25, P.51, lines 1-9.  Objections, FRE 804 she is not unavailable and the
4  deposition should not be read from. *See* Pltf's Objs. to Dep. Testimony of Valenzuela & Camara),
5  403 (*see* Pltf's Objs. to Dep. Testimony of Valenzuela & Camara), 702, 703, 801.  This is
6  testimony in which Diane Valenzuela says that Plaintiff admitted using cocaine that night.  See
7  other brief that this testimony is no foundation, improper expert opinion, 702, unfair prejudice,
8  403, no link-up, hearsay.
9         P. 53, lines 13-25.  P. 54, lines 1-11, 25.  Objections, FRE 804 she is not unavailable and
10 the deposition should not be read from. *See* Pltf's Objs. to Dep. Testimony of Valenzuela &
11 Camara), 403 (*see* Pltf's Objs. to Dep. Testimony of Valenzuela & Camara), 702, 703, 801.  This
12 is testimony in which Diane Valenzuela says that she smelled alcohol on Plaintiff's breath that
13 night.  No testing. No effects.  Who knows what level "smelling it" is. Not .08 BAC by any
14 measurement.  No measurement. Additionally, testimony that concern for substances on board.
15 Same objections.  See other brief that this testimony is no foundation, improper expert opinion,
16 702, unfair prejudice, 403, no link-up, hearsay.
17        P. 55 1-7, 17-23.  Objections, FRE 804 (she is not unavailable and the deposition should
18 not be read from; *see* Pltf's Objs. to Dep. Testimony of Valenzuela & Camara), 403 (*see* Pltf's
19 Objs. to Dep. Testimony of Valenzuela & Camara), 702, 703, 801.  This is testimony in which
20 Diane Valenzuela talks about what she does for persons highly intoxicated and mentions cocaine
21 again.  She also testifies that patient admits to alcohol and admits to drug use.  No testing.  No
22 effects.  Who knows what levels are?  Not .08 BAC by any measurement.  No measurement of
23 levels of cocaine.  Same objections.  See other brief that this testimony is no foundation, improper
24 expert opinion, 702, unfair prejudice, 403, no link-up, hearsay.
25        Page 57, lines 18-20.  P. 58, lines 1-25.  P. 59, lines 1-20.  Objections, FRE 804 (she is not
26 unavailable and the deposition should not be read from; *see* Pltf's Objs. to Dep. Testimony of
27 Valenzuela & Camara), 403 (*see* Pltf's Objs. to Dep. Testimony of Valenzuela & Camara), 702,
28

703, 801.  The fact Plaintiff had a Glasgow Coma Scale (GCS) of 15 at the time Valenzuela performed her evaluation is meaningless.  Diane Valenzuela is not a doctor.  GCS is a snapshot and she was there more than 20 minutes after the shooting and the crash.  Hurtado's GCS at the time he was shot would have been very different.  This is 403 and 801 and 701 objectionable.  If you take the GCS 22 minutes after the incident it tells you nothing about what GCS would have been 22 minutes earlier.

**Plaintiff also objects to any other testimony in the deposition of Diane Valenzuela proposed by Defendants that mentions drugs, alcohol, cocaine, drunk, high, intoxicated and GCS.**

Plaintiff objects to the deposition of Daine Valenzuela being read at all, but if it is going to be allowed (which it shouldn't be) Plaintiff proposes to read the following additional excerpts:

P. 14, lines 14-25;

P. 15, line 1;

P. 17, lines 1-3 and 13-25;

P. 18, lines 1-9;

P. 19, lines 1-5, 17-25;

P. 20, lines 1-15, 21-25;

P. 21, lines 1-20;

P. 22, lines 1-25;

P. 23, lines 1-25;

P. 24, lines 1-25;

P. 25, lines 1-25;

P. 26, line 1;

P. 27, lines 24-25;

P. 28, lines 1-15;

P. 30, lines 13-25;

P. 31, lines 1-25;

1     P. 32, lines 19-25;
2     P. 33, lines 1-25;
3     P. 34, lines 1-25;
4     P. 35, lines 1-9, 19-25;
5     P. 36, lines 1-25;
6     P. 37, lines 1-17;
7     P. 39, lines 5-24;
8     P. 41, lines 24-25;
9     P. 42, lines 1-25;
10     P. 43, lines 1-16;
11     P. 44, lines 9-25;
12     P. 45, lines 1-25;
13     P. 46, lines 1-20;
14     P. 48, line 25;
15     P. 49, lines 1-25;
16     P. 50, lines 1-10;
17     P. 51, lines 18-25;
18     P. 52, lines 1-25;
19     P. 53, lines 1-12;
20     P. 54, lines 12-24;
21     P. 57, lines 3-17;
22     P. 59, lines 21-25;
23     P. 60, lines 1-12;
24     P. 61, lines 1-5;
25     P. 62, lines 17-25;
26     P. 63, lines 1-8, 17-25;
27     P. 70, lines 18-25;
28

PLAINTIFF'S OBJECTIONS AND EXCERPTS OF READING OF DEPOSTION OF DIANE VALENZUELA

|   |   |
|---|---|
| 1 | P. 71, lines 1-10; |
| 2 | P. 72, lines 4-25; |
| 3 | P. 73, lines 9, 24-25; |
| 4 | P. 74, lines 1-17, 21-25; |
| 5 | P. 75, lines 1-25; |
| 6 | P. 76, lines 1-25; |
| 7 | P. 77, lines 1-6. |

Respectfully submitted,
DATED: March 18, 2024

**LAW OFFICES OF DALE K. GALIPO**

**GUIZAR, HENDERSON & CARRAZCO, LLP**

By:  _____/s/ Hang D. Le_____
       Dale K. Galipo
       Hang D. Le
       Kent M. Henderson
       Angel Carrazco, Jr.
       Attorneys for Plaintiff Francisco Hurtado

2
PLAINTIFF'S OBJECTIONS TO READING OF DEPOSTION OF DIANE VALENZUELA