**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
E-mail: dalekgalipo@yahoo.com
Hang D. Le (SBN 293450)
E-mail: hlee@galipolaw.com
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333; Fax: (818) 347-4118

Kent M. Henderson, Esq.      (SBN 139530)
Angel Carrazco, Jr., Esq.      (SBN 230845)
**GUIZAR, HENDERSON & CARRAZCO, L.L.P.**
18301 Irvine Boulevard, Tustin, CA 92780
Telephone:      (714) 541-8600
Facsimile:      (714) 541-8601
Email:      hendolaw@gmail.com
      angel@carrazcolawapc.com

Attorneys for Plaintiff FRANCISCO HURTADO

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO HURTADO, an individual<br><br>Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA; CALIFORNIA HIGHWAY PATROL; EDGARDO YEPEZ aka EDGARDO LOPEZ; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 2:19-cv-02343-DAD-AC<br>[*Hon. Dale A. Drozd, District Judge; Hon. Allison Claire, Magistrate J.*]<br><br>**PLAINTIFF'S OBJECTIONS TO READING DEPOSITION OF WITNESS DIANE VALENZUELA AND TO THE TESTIMONY OF DEPUTY JUSTIN CAMARA**<br><br>Trial Date:          03/11/2024 |

Pursuant to the <u>Federal Rules of Civil Procedure</u>, including <u>Federal Rules of Evidence</u>, Rule 804 and Rule 403, the Rulings on the Motions in Limine and all applicable Orders of the above-named Court, Plaintiff FRANCISCO HURTADO ("Plaintiff") hereby respectfully objects to the reading of the deposition of Diane Valenzuela.

<b><u>PLAINTIFF'S OBJECTIONS TO READING OF DEPOSITION OF DIANE<br>VALENZUELA</u></b>

**1.** <u>**Background Facts and Alcohol and Drugs Have No Foundation and it Would Be Reversible Error to Admit Such Evidence**</u>

Defendants have been trying to admit prejudicial evidence of Plaintiff's irrelevant alleged drug use (which was unknown to the shooting Defendant Officer). They want to get the word "cocaine" in front of the Jury to prejudice Plaintiff's case. Defense counsel even asked witness Priscilla Macias, if the Plaintiff Francisco Hurtado told her he used cocaine. Defense counsel had zero basis to ask that prejudicial question. Priscilla Macias had testified in the deposition that Defendants had a copy of as follows:

"Q.    Do you have any knowledge as to any drug use Mr. Hurtado did prior to March 15, 2018?

A.    No." (Priscilla Macias Deposition, page 23, lines 19-21).

The legal limit of alcohol in California is BAC of .08. You can have breath that smells like alcohol and not be above .08 BAC.

Cocaine can only be measured by Gas Chromatography Mass Spectrometry (GCMS). Only the Plaintiff in this case disclosed a toxicology / pharmacology expert. There was no GCMS testing in this case. The Court already ruled that Plaintiff's Motion in Limine No. 2 to Exclude Any Suggestion of Drug Use / Drug Testing was granted "with the exception of statements to officers and paramedic on date of incident." (03/05/2024 Minute Order Doc. 138]. The problem here is that use of cocaine is highly prejudicial.

Use of a drug like cocaine is highly variable. Whether it has any effect at all at a certain time depends on form of the drug (rock, lines) amount used (one line, two lines, four lines), time of use (12 hours before, 6 hours before, etc.), method of administration (smoked, snorted, injected)

and tolerance (heavy user, moderate user, first time user).  Here, none of this information is known and Defendants have no designated toxicology expert, let alone a pharmacology expert. Toxicology would tell of amounts (Defendants don't have this).  Pharmacology would tell of effects (Defendants don't have this).

The paramedic is not a toxicologist, not a pharmacologist, is not psychic and she does not have x-ray vision.  She has no idea whatsoever when someone says they used cocaine, when they used it, how much they used and whether any of it had any effect at the time Hurtado was being shot.  This is the absolute most prejudicial type of evidence.  **A Juror who hears that Hurtado used cocaine will assume he was high when he was shot.  Yet there is zero evidence of this**.  If he used at any time more than hour before he probably was not high at all.  It is super-prejudicial with no foundation at all.  And it was never something Plaintiff had to prove.  Defendants are the proponent of this evidence.  When a juror hears that a person "used cocaine" they immediately assume they are high nor matter when they used it.  This is just false.  The defense has no link up for this to any behavior (no toxicologist and no pharmacologist) it is just prejudicial let's say the word "cocaine."  It is the same with the alcohol.  No evidence of any levels.

It is admitted that the paramedic assumed the use was within the last 12 hours.  **Cocaine is an extremely short-lived drug and there is no evidence of when (if ever) Hurtado used it.  A person using cocaine will feel the effects for 15-30 minutes, to an hour after use at the longest**. Defendants have no link up on this evidence it is just prejudice with no science.

Plaintiff designated a toxicology and pharmacology expert, Okorie Okarocha who prepared a Rule 26 report and who opined that there is no admissible evidence of drug use or effects of drugs. His opinions stand unrebutted.

Additionally, a paramedic is not a toxicologist or a pharmacologist.  She is not an expert in toxicology or pharmacology.  She has no education or training to diagnose whether cocaine had any effect.  Without any link up that drugs or alcohol were doing anything and what they were doing mentioning it is just prejudicial and of no evidentiary value.  This is especially true in a police shooting case where information unknown to the officer is usually inadmissible.

PLAINTIFF'S OBJECTIONS TO READING OF DEPOSTION OF DIANE VALENZUELA

1    Diane Valenzuela is also not a doctor.  Glasgow Coma Scale is a filed assessment that

2    must be done at the time the person is injured.  GCS is "snapshot" and Valenzuela got there

3    approximately 22 minutes after Hurtado was shot.

4    Against this backdrop, Defendants are now proposing to read from the deposition of a

5    witness (Diane Valenzuela) who does not meet the parameters to read deposition testimony under

6    FRE 804 and to call a live witness (Sheriff Deputy Justin Camara) to give cumulative, prejudicial

7    testimony regarding the same conversation with Plaintiff (the same testimony twice). [Prejudicial

8    and Cumulative under FRE 403].

9    The Court ruled on Motions in Limine as set forth below and the Court, having listened to

10   the live testimony, now has even more information as to whether this drug information unknown

11   to the shooting officer is unfairly prejudicial, confusing of issues and misleading the to the Jury

12   under FRE 403.

13   Diane Valenzuela was a paramedic for American Medical Response (AMR) on the date of

14   the incident (March 15, 2018).  Her deposition was taken on July 15, 2021.  It appears that she has

15   never been personally served by Defendants with a subpoena to appear at trial.  The Defendants

16   apparently allege they "attempted" to serve her with a trial subpoena or perhaps served a trial

17   subpoena on who they "think" may be her new employer (not her personally).  That is not

18   "unavailable" under Federal Rules of Evidence 804.  Defendants have never moved the Court to

19   have the Sheriff enforce the subpoena or issue a bench warrant and bring Ms. Valenzuela to Court

20   where Plaintiff could cross-examine her at trial.

21   Additionally, the portions of the deposition that Defendants propose to read are from the

22   AMR report, much of which is self-populating and where her recollection had to be refreshed with

23   the report.  (See pages 49-52 of Diane Valenzuela Deposition).  Plaintiff would have had the

24   opportunity to cross-examine a live witness who needed to read from her report to testify.

25   Moreover, the Defendants are attempting to submit deposition testimony **on an identical**

26   **(cumulative – undue consumption of time, confusion of issues) conversation** that they say they

27   will have a live witness (Stanislaus County Sheriff Deputy Justin Camara testify to).  [Exhibit 67-

28

PLAINTIFF'S OBJECTIONS TO READING OF DEPOSTION OF DIANE VALENZUELA

232 report of Justin Camara].  In his report Deputy Camara wrote, "on 03/15/2018, at approximately, 2525 hours, FTO Price and I, Deputy Camara, responded to reports of an officer-involved shooting involving a CHP officer on the southbound on ramp of Highway 99 at Keyes Road."  [Exhibit 67-232].  Deputy Camara goes on to state, "**EMS arrived and began to apply an IV to Hurtado's left arm**, Hurtado spontaneously stated, 'Hurry up, its cold and I'm drunk and coked out of my mind.'  Medics transported Hurtado to Doctor's Memorial Center for treatment." [Exhibit 67-232, emphasis added].  Deputy Camara is not a toxicologist or pharmacologist either.  Admitting this would be worse than junk science – it is no science.

In her deposition, Diane Valenzuela testified (from her report not her own recollection):

Q.      Does PT admitted to drinking beer, and takin cocaine tonight.  Does that refresh your recollection as to he admitted using substances to you?

A.      Yes.  In the ambulance he had told me that he – on scene that he had been drinking some beers.  And when we closed the doors to the ambulance, he did admit to me that he had snorted cocaine that night.

Q.      Did he say when or just 'that night'?

A.      Just that night."  (Valenzuela Deposition, page 50, line 25, page 51, lines 1-9).

**This is the same conversation heard by two witnesses**. (one apparently live and the other not really unavailable and who only testified in deposition from her report, not her memory).  It is the same, repetitive evidence twice.  See FRE 403, "the court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: **unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence**.)  The two witnesses, Diane Valenzuela and Justin Camara are unfairly prejudicial and cumulative under FRE 403.

Additionally, the Court's ruling on Plaintiff's Motion in Limine No. 1 "to Exclude Information Not Known to the Officer", subpart 3, was "granted in part denied in part – prior drug use is excluded, drug use on the day of the incident is excluded, except with respect to pltf's own statements to officers and paramedics on the date of the incident." [03/05/2024 Minutes, Doc.

PLAINTIFF'S OBJECTIONS TO READING OF DEPOSTION OF DIANE VALENZUELA

138].  This testimony of Valenzuela and Camara is just two witnesses repeating the same thing and is cumulative (especially since Valenzuela just read from her report, will not be in person to cross-examine, has not been personally served with a subpoena and is not unavailable under FRE 804).

### 2. <u>Defendants Have Not Met the Requirements to Read from the Deposition of Diane Valenzuela</u>

<u>Federal Rules of Evidence</u>, Rule 804. Hearsay Exceptions; Declarant Unavailable, provides in pertinent part, "(a) Criteria for Being Unavailable. A declarant is considered to be unavailable as a witness if the declarant: (5) is absent from the trial or hearing and the statement's proponent has not been able, by process or other reasonable means, to procure: A. The declarant's attendance, in the case of a hearsay exception under Rule 804(b)(1) or (6); or (B) The declarant's attendance or testimony, in the case of a hearsay exception under Rule 804(b)(2), (3), or (4).... . (b) The Exceptions. The following are not excluded by the rule against hearsay if the declarant is unavailable as a witness: (1) *Former Testimony*. Testimony that: (A) was given as a witness at a trial, hearing, or lawful deposition, whether given during the current proceeding or a different one; and (B) is now offered against a party who had — or, in a civil case, whose predecessor in interest had — an opportunity and similar motive to develop it by direct, cross-, or redirect examination."

Thus, a proponent seeking to introduce a declarant's prior statements under rule 804(b) (1) or (5) must attempt to secure the attendance of the declarant by reasonable means; a proponent seeking to introduce statements under rule 804 (b) (2), (3), or (4) must use reasonable means to procure the declarant's attendance or testimony.  *See United States v. Mann* 590 F.2d 361, 367 (1st Cir. 1978).

As the *Mann* Court noted, "Courts have consistently held that, pursuant to Rule 804(a)(5), the proponent must show at least a good faith effort to procure the witness' attendance. Even where the absent witness is beyond the court's jurisdiction, "the government must show diligent effort on its part to secure the [witness'] voluntary return to testify." *Government of the Virgin Islands v. Aquino,* 378 F.2d 540, 551 (3d Cir. 1967). Furthermore, the effort must be "genuine and

1   bona fide". *Id.* at 552. *See also United States v. Mathis,* 550 F.2d 180 (4th Cir. 1976)." Id at 367.

2   [other citations omitted].  Here, Ms. Valenzuela is not even alleged to be beyond the Court's

3   jurisdiction as was the witness in *Mann*, so it is even more reason that more had to be done – order

4   compelling attendance or bench warrant sought to attend.

5       The *Mann* Court went on to point out, "[h]ere the witness is vital to the government's case.

6   **The government did not make as vigorous an attempt to secure the presence of the witness**

7   **as it would have made if it did not have the prior recorded testimony**. **The language of Rule**

8   **804(a)(5) suggests that "other reasonable means" besides subpoenas must be tried before a**

9   **witness can be found unavailable.  This relatively high good faith standard cannot be**

10  **satisfied by perfunctory efforts, if the rule is not to sanction the government's procuring**

11  **depositions of witnesses, especially shaky witnesses, but then discourage attempts to bring**

12  **the witness to trial so long as the government is satisfied with what is in the transcript**. *Id.* at

13  367 9emphasis added).

14      *Mann* is applicable here.  Defendants do not meet the standards of FRE 804 and should not

15  be allowed to read from Ms. Valenzuela's deposition.  There does not even appear to have been

16  personal service of subpoena on Diane Valenzuela and no effort to compel by order her

17  attendance.  The trial has been going on for a week and there was no effort by Defendants to get

18  an order or a bench warrant for Ms. Valenzuela to appear.  It does not look like there was personal

19  service that could support compelling attendance.  Defendants presume they can just read from

20  Ms. Valenzuela's deposition because it was taken without satisfying FRE 804.  This appears to be

21  because Defendants prefer to read from the deposition of Ms. Valenzuela in the same manner,

22  rather than satisfy 804, as *Mann* points out is inappropriate.

23      3.   **Under FRE 403 and the Court's Rulings, Ms. Valenzuela and Deputy Camara are**
           **Unfair Prejudice, Confusing the Issues, Misleading the Jury, Undue Delay,**

24         **Wasting Time and Needlessly Presenting Cumulative Evidence**

25      FRE 403 "Excluding Relevant Evidence for Prejudice, Confusion, Waste of Time, or Other

26  Reasons", provides that "[t]he court may exclude relevant evidence if its probative value is

27  substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing

28

PLAINTIFF'S OBJECTIONS TO READING OF DEPOSTION OF DIANE VALENZUELA

the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Here, the presentation of **both** Valenzuela and Camara to testify about the same conversation is unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence and Ms. Valenzuela's deposition should not be read.

Additionally, now that the Court has heard the testimony (on stomach vs. in a squatting position) alleged earlier that day cocaine use -- which was totally unknown to the shooting Defendant Officer Edgardo Yepez – should be excluded from trial including the testimony of both Valenzuela and Camara. The relevance is basically zero and the unfair prejudice and confusing of issues is very high.

DATED: March 18, 2024

LAW OFFICES OF DALE K. GALIPO

GUIZAR, HENDERSON & CARRAZCO, LLP

By: _____*/s/ Hang D. Le*_____
               Dale K. Galipo
               Hang D. Le
               Kent M. Henderson
               Angel Carrazco, Jr.
               Attorneys for Plaintiff Francisco Hurtado

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

9
PLAINTIFF'S OBJECTIONS TO READING OF DEPOSTION OF DIANE VALENZUELA

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

PLAINTIFF'S OBJECTIONS TO READING OF DEPOSTION OF DIANE VALENZUELA