**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
E-mail: dalekgalipo@yahoo.com
Hang D. Le (SBN 293450)
E-mail: hlee@galipolaw.com
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333; Fax: (818) 347-4118

Humberto M. Guizar, Esq.    (SBN 125769)
Kent M. Henderson, Esq.     (SBN 139530)
Angel Carrazco, Jr., Esq.   (SBN 230845)
**GUIZAR, HENDERSON & CARRAZCO, L.L.P.**
18301 Irvine Boulevard, Tustin, CA 92780
Telephone:    (714) 541-8600
Facsimile:    (714) 541-8601
Email:        hguizar@ghclegal.com
              hendolaw@gmail.com
              angel@carrazcolawapc.com

Attorneys for Plaintiff FRANCISCO HURTADO

**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FRANCISCO HURTADO, an individual<br><br>Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA; CALIFORNIA HIGHWAY PATROL; EDGARDO YEPEZ aka EDGARDO LOPEZ; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 2:19-cv-02343-DAD-AC<br><br>**NOTICE OF MOTION AND MOTION TO SUBSTITUTE FRANCISCO HURTADO'S MINOR CHILDREN AS SUCCESSORS IN INTEREST TO PLAINTIFF FRANCISCO HURTADO, RECENTLY DECEASED; MEMORANDUM AND POINTS OF AUTHORITIES**<br><br>Hearing Date: October 1, 2024<br>Time:         1:30 p.m.<br>Courtroom:    4, 15th Floor<br><br>Trial Date:   October 15, 2024<br>Courtroom:    4, 15th Floor<br>Judge:        Hon. Dale A. Drozd |

**TO THE HONORABLE COURT, ALL PARTIES, NONPARTIES, AND ATTORNEYS OF RECORD**:

**PLEASE TAKE NOTICE** that on October 1, 2024, at 1:30 p.m. in the above-referenced Court, located at the Robert T. Matsui United States Courthouse, 501 I Street Sacramento, CA 95814, before the Honorable Dale A. Drozd, Priscilla Macias, as parent and guardian to minors I.H., E.H., F.H. and A.H., will and hereby does move the Court for an order taking note of Plaintiff Francisco Hurtado's recent death and substituting I.H., E.H., F.H., and A.H. as successors in interest to Francisco Hurtado for Plaintiff Francisco Hurtado in this action pursuant to Rule 25 of the Federal Rules of Civil Procedure and California Code of Civil Procedure, section 377.32.

This Motion is based on the foregoing Memorandum of Points and Authorities, the accompanying declaration of Priscilla Macias, the death certificate of Francisco Hurtado, the Proposed Order filed concurrently, oral argument at the time of the hearing, all papers on file in this matter, any other papers deemed relevant by this Court, and all matters of which the Court may take judicial notice.

DATED:  August 27, 2024

                                        **LAW OFFICES OF DALE K. GALIPO**
                                        **GUIZAR, HENDERSON & CARRAZCO, LLP**

By: _____*/s/ Hang D. Le*_____
        Dale K. Galipo
        Hang D. Le
        Kent M. Henderson
        Angel Carrazco, Jr.
        Attorneys for Plaintiff Francisco Hurtado

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

This case arises out of the officer-involved shooting of Francisco Hurtado on March 15, 2018, by California Highway Patrol Officer Edgardo Yepez. Hurtado sustained serious injuries and filed this action against Defendants California Highway Patrol and Edgardo Yepez on April 2, 2019, in the Superior Court for the County of Los Angeles. The action was subsequently removed to the United States District Court for the Eastern District of California, where it is now pending before this Court. Plaintiff Francisco Hurtado has tragically and unexpectedly passed away. This Motion seeks to substitute Hurtado's heirs as Plaintiffs and successors in interest to Hurtado in light of Hurtado's passing.

Plaintiff Francisco Hurtado alleged both federal claims pursuant to 42 U.S.C. § 1983 and state law claims against Defendants California Highway Patrol and Edgardo Yepez. At the time of his passing, Hurtado maintained the following claims against Defendants: (1) Fourth Amendment Excessive Force; (2) battery; and (3) negligence. As discussed further below, Hurtado's claims are not extinguished by his death and the claims pass to his successors in interest, his minor children. Accordingly, Priscilla Macias, the mother and guardian of minors I.H., E.H., F.H., and A.H., hereby request that this Court enter an order granting this Motion to Substitute, substitute I.H., E.H., F.H., and A.H. successors in interest for Plaintiff Francisco Hurtado, and direct the Clerk of the Court to amend the document to reflect the substitutions.

### II. LEGAL AUTHORITY

Rule 25(a)(1) of the Federal Rules of Civil Procedure, governing substitution of parties, provides in relevant part:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

"In evaluating a Rule 25(a)(1) motion, the Court must consider whether: (1) the motion is timely; (2) the claims pled are extinguished; and (3) the person[s] being substituted is the proper party."

*Scalia v. Cnty. of Kern*, Case No. 1:17-cv-01097-NODJ-CDB, 2024 WL 664456, at *1 (E.D. Cal. Feb. 16, 2024) (citation omitted).

### III. DISCUSSION

####   A.  This Motion is Timely

Rule 25(a)(1) "requires two affirmative steps to trigger the running of the 90-day period." *Barlow v. Ground*, 39 F.3d 213, 233 (9th Cir. 1994). The first is to formally suggest the death of a party on the record. *Id.* The second is to serve the other parties and nonparty successors or representatives with the statement of death. *Id.* Here, no suggestion of death has been formally filed and Hurtado died on June 28, 2024. Thus, the 90-day period has not expired (or even begun running) and this Motion is timely.

####   B.  Plaintiff Hurtado's Claims are Not Extinguished by His Death

Whether an action survives the death of a party depends on the law, state or federal, under which the cause of action arose. *Scalia*, 2024 WL 664456, at *1 (citation omitted). For § 1983 claims, the law of the forum state determines whether the action survives or is extinguished upon the death of a party. *Id.* (citing 42 U.S.C. § 1983; *Robertson v. Wegman*, 436 U.S. 584 (1978)). In California, "a cause of action for or against a person is not lost by reason of the person's death, but survives subject to the applicable limitations period." Cal. Code Civ. Proc. § 377.20(a). Since the forum state in this action is California, and the pending claims are brought pursuant to § 1983 and California state law, the claims survive Hurtado's death and this pending action does not abate. *See* Cal. Code Civ. Proc. § 377.21.

####   C.  I.H., E.H., F.H., and A.H. are the Proper Parties for Substitution

I.H., E.H., F.H., and A.H. are the proper parties to substitute for Plaintiff Hurtado as his successors in interest. "A cause of action that survives the death of the person entitled to commence an action or proceeding passes to the decedent's successor in interest…and an action may be commenced by the decedent's personal representative or, if none, by the decedent's successor in interest." Cal. Code Civ. Proc. § 377.30. Rule 25(a)(1) requires only that evidence is provided that the persons seeking to be substituted in is the decedent's successor in interest or legal representative. *See Kaplan v. Cnty. of Kern*, No. 1:14-cv-00206-DAD-JLT, 2016 WL

3196740, at *2 (E.D. Cal. Jun. 8, 2016). A decedent's successor in interest is "the beneficiary of the decedent's estate or other successor in interest who succeeds to a cause of action or to a particular item of the property that is subject of a cause of action." Cal. Code Civ. Proc. § 377.11. California Code of Civil Procedure, section 377.32, requires that the persons also execute and file an affidavit or declaration under penalty of perjury stating specific facts and conditions, and attach a certified copy of the decedent's death certificate to the affidavit or declaration.

I.H., E.H., F.H., and A.H. are Plaintiff Hurtado's minor children. Hurtado died intestate and was never married. *See* Macias Decl. ¶ 9; Ex. A to Macias Decl. The declaration of Priscilla Macias on behalf of the minor children has complied with the requirements under Civil Code section 377.32. Francisco Hurtado died on June 28, 2024 in Atwater, California. Macias Decl. ¶ 8; Ex. A to Macias Decl.. No proceeding is now pending in California for the administration of decedent's estate. Macias Decl. ¶ 9.  I.H., E.H., F.H., and A.H. are Hurtado's children and successors in interest (as defined in Section 377.11 of California Code of Civil Procedure) and succeeds the decedent's interest in this action or proceeding. Macias Decl. ¶¶ 10-13. A copy of Hurtado's death certificate is attached to Ms. Macias's declaration as Exhibit "A." Macias Decl. ¶ 16. Accordingly, I.H., E.H., F.H., and A.H., as Hurtado's successors in interest, are the proper parties for substitution. *See* Cal. Code Civ. Proc. § 377.11.

**IV.     CONCLUSION**

For the foregoing reasons, this Motion should be granted and the Proposed Order should be entered. The Proposed Order would take note of Plaintiff Francisco Hurtado's death and substitute I.H., E.H., F.H., and A.H. as successors in interest to Francisco Hurtado for Plaintiff Francisco Hurtado pursuant to Rule 25 of the Federal Rules of Civil Procedure and California Civil Code of Procedure, section 377.32.

//
//
//
//
//

1 | Respectfully submitted,

2 | DATED:  August 27, 2024

**LAW OFFICES OF DALE K. GALIPO**
**GUIZAR, HENDERSON & CARRAZCO, LLP**

By: ____*/s/ Hang D. Le*_____
       Dale K. Galipo
       Hang D. Le
       Kent M. Henderson
       Angel Carrazco, Jr.
       Attorneys for Plaintiff Francisco Hurtado