1  ROB BONTA, State Bar No. 202668
   Attorney General of California
2  IVETA OVSEPYAN, State Bar No. 279218
   Supervising Deputy Attorney General
3  LEEANN E. WHITMORE, State Bar No. 214870
   Deputy Attorney General
4  JOHN C. BRIDGES, State Bar No. 248553
   Deputy Attorney General
5  1300 I Street, Suite 125
   P.O. Box 944255
6  Sacramento, CA 94244-2550
   Telephone: (916) 210-7515
7  Telephone: (916) 210-7529
   Fax: (916) 322-8288
8  E-mail: LeeAnn.Whitmore@doj.ca.gov
   E-mail: John.Bridges@doj.ca.gov
9  *Attorneys for Defendants State of California,*
   *acting by and through the California Highway*
10 *Patrol and Edgardo Yepez*

11

12             IN THE UNITED STATES DISTRICT COURT

13            FOR THE EASTERN DISTRICT OF CALIFORNIA

14

15

16 | **FRANCISCO HURTADO, AN**           | Case No.: 2:19-CV-02343-DAD-AC
   | **INDIVIDUAL,**
17 |                                      | **DEFENDANTS' OPPOSITION TO**
   |                                      | **PLAINTIFF'S MOTION TO**
18 |                          Plaintiff,  | **SUBSTITUTE SUCCESSORS  IN**
   |                                      | **INTEREST**
19 |     **v.**
20 | **STATE OF CALIFORNIA;**
   | **CALIFORNIA HIGHWAY PATROL;**       | Date: ·       October 1, 2024
21 | **EDGARDO YEPEZ AKA EDGARDO**        | Time:         1:30 p.m.
   | **LOPEZ; AND DOES 1 THROUGH 100,**   | Courtroom:    4
22 | **INCLUSIVE,**                       | Judge:        Hon. Dale A. Drozd
23
24 |                          Defendants. | Trial Date:   October 15, 2024
   |                                      | Action Filed: April 2, 2019
25

26      Defendants, State of California, acting by and through the California Highway Patrol and

27 Edgardo Yepez submit the following opposition to plaintiff's motion to substitute successors in

28

1

Defendants' Opposition to Plaintiff's Motion to Substitute Successors in Interest; Decl. of LeeAnn Whitmore (2:19-CV-02343-DAD-AC)

interest. Plaintiff's motion to substitute does not include all of plaintiff's minor children each of whom are necessary parties pursuant to Rule 19.

## ARGUMENT

**I.      Ms. Macias Does not Have Standing as She Has Not Been Appointed Guardian ad Litem of the Minors.**

Ms. Macias has not been appointed guardian ad litem of the proposed substituted plaintiffs. Local Rule 202(a) requires that the Court appoint the guardian ad litem for minors. Plaintiff's counsel did not file an ex parte application for appointment of Ms. Macias as the guardian ad litem of the minors and therefore the motion to appoint the minors as successors in interest is procedurally defective.

**II.     The Motion Should be Denied as it Fails to Include all Necessary Parties.**

In deciding a motion to substitute under Rule 25(a), a court must consider whether (1) the motion is timely; (2) the claims pled are extinguished; and (3) the person being substituted is a proper party. (*Veliz v. Cintas Corp.,* No. C 03-1180 RS, 2008 WL 2811181 at 1 (N.D. Cal. July 18, 2008). While Ms. Macias' declaration claims that there are no other parties with superior right to the claims, Mr. Hurtado had another minor child, D.J. who is not named as a proposed substituted plaintiff. (Exh. 1, Plaintiff's Deposition at p. 13:9-20.) Plaintiff's motion fails to address this minor child who is a necessary party to this proceeding.

Rule 19 imposes a three-step inquiry: "(1) is the absent party necessary under Rule 19?  (2) If so, is it feasible to order that the absent party be joined? (3) If joinder is not feasible, can the case proceed without the absent party or is the absent party indispensable such that the action must be dismissed?" *Salt River Project Agric. Improvement and Power Dist. v. Lee,* 672 F.3d 1176, 1179 (9th Cir. 2012).  A party is necessary to the proceeding if:

> (1) In the party's absence, the court cannot accord complete relief amongst existing parties;
>
> (2) The absent party has an interest in the action and resolving the action without the party may impair or impede the ability to protect that interest; and

2

1
2

(3) The absent party has an interest in the action and resolving the action in the party's absence may leave an existing party subject to multiple or inconsistent obligations.

3   Fed. R. Civ. P. 19(a)(1). Finally, if joinder of a party is not feasible, a plaintiff must nevertheless

4   allege the name of the necessary party and the reasons for not joining that person. Fed. R. Civ. P

5   19(c).

6       In § 1983 actions, survivors can assert a claim on the individual's behalf if permitted by the

7   law in which the action is sitting. *Moreland v. Las Vegas Metro. Police Dept.*, 159 F. 3d 365,

8   369. (9th Cir. 1998). California Code of Civil Procedure section 377.20 provides that a cause of

9   action is not lost by reason of a death, but survives subject to the applicable limitation period. In

10  California, an action under § 1983 for violation of personal civil rights may be brought by the

11  decedent's personal representative or successor in interest. Code Civ. Proc. § 377.30. Where a

12  person dies intestate, the successor in interest is authorized to file suit. Code Civ. Proc. § 377.30.

13  California Civil Code section 377.11 defines a successor in interest as the heirs to the decedent's

14  estate. California Probate Code section 6402 provides the issue of the decedent shall take equally

15  in the estate if they are the same degree of kinship. Therefore, all necessary heirs must be joined

16  in the § 1983 actions as they have equal rights as successors in interest. Failure to join all parties

17  or explain why joinder is not feasible, requires the Court to deny the motion to appoint the

18  successor in interest as there is another potential successor who should be brought in.

19      In this case, the motion fails to name an indispensable party who is an heir to the decedent

20  plaintiff and is entitled to take equally in the estate as he s in the same degree of kinship as the

21  other proposed substitutes (biological child).

22                                      **CONCLUSION**

23      As plaintiff has not named all surviving issue as proposed successors in interest or

24  explained why joinder is not feasible, and because Ms. Macias has not been appointed guardian

25  ad litem of the children, the motion to substitute successors in interest should be denied.

26
27
28

3

1    Dated: September 4, 2024                          Respectfully submitted,

2                                                      ROB BONTA
                                                       Attorney General of California
3                                                      IVETA OVSEPYAN
                                                       Supervising Deputy Attorney General
4

5                                                      */s/ LeeAnn E. Whitmore*

6
                                                       LEEANN E. WHITMORE
7                                                      Deputy Attorney General
                                                       JOHN C. BRIDGES
8                                                      Deputy Attorney General
                                                       *Attorneys for Defendants State of*
9                                                      *California, acting by and through the*
                                                       *California Highway Patrol and*
10                                                     *Edgardo Yepez*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                                       4

1    **DECLARATION OF LEEANN E. WHITMORE**

2

3    I, LeeAnn E. Whitmore, declare:

4        1. I am an attorney at law, licensed to practice in state and federal courts in the State of

5    California, and am employed as a Deputy Attorney General in the California Office of the

6    Attorney General. I represent Defendants, State of California, by and through the, California

7    Highway Patrol and Edgardo Yepez in the above case. I have personal knowledge of the matters

8    set forth in this declaration and if called to testify could testify competently thereto.

9        2. **EXHIBIT 1** is a true and correct copy of relevant portions of the deposition transcript

10   of Francisco Hurtado taken on March 9, 2021.

11       I declare under penalty of perjury under the laws of the State of California and the United

12   States that the foregoing is true and correct and made from my own personal knowledge.

13   Executed this 4th day of September, 2024.

14

15

16       <u>**/s/ LeeAnn E. Whitmore**</u>
         LEEANN E. WHITMORE

17

18

19

20

21

22

23

24

25

26

27

28

5

# Exhibit 1

1              IN THE UNITED DISTRICT COURT

2        IN AND FOR THE EASTERN DISTRICT OF CALIFORNIA

3                       ---o0o---

4    FRANCISCO HURTADO, an individual,

5         Plaintiff,

6    vs.                        No. 2:19-cv-02343-TLN-AC

7    STATE OF CALIFORNIA; CALIFORNIA

     HIGHWAY PATROL; EDGARDO YEPEZ;

8    and DOES 1 through 100, inclusive,

9         Defendants.

     _____/

10

11

12

13

14              DEPOSITION OF FRANCISCO HURTADO

15           via Remote Counsel virtual meeting

16

17

18

19        Taken before Catherine M. Meyer, RPR, CSR

20                  CSR No. 11596

21                  March 9, 2021

22

23

24

25

                                                    Page 1

1   Q. How old is she?

2   A. She is 22.

3   Q. Does she live there now?

4   A. She be there.  Like she takes care of me, but

5 she does not live there.  She be there sometimes.

6   Q. Where does she live?

7   A. Atwater, California.

8   Q. How long have you been in a relationship with

9 her?

10   A. Four years.

11   Q. And during that four years how long have you

12 lived together?

13   A. Since my accident she decided to move in.

14   Q. And how long did she live there?

15   A. In Atwater?

16   Q. I'm sorry.  I thought you had testified that

17 she lived with you for some period of time at 2340.

18   A. Yeah, it's just like she takes care of me, so

19 she don't really live there.  She stays the night

20 two days, three days and comes back and just like...

21   Q. Okay.  Do you know her address in Atwater?

22   A. Yes.

23   Q. What is it?

24   A. It's Nicholas Court I believe 213.

25   Q. And how many children do you have with

```
1    Ms. Macias?
2         A.   Two.
3         Q.   What are their names and ages?
4         A.   The oldest, I        ' H     . ) She is -- she
5    turned three years old.
6         Q.   And how old is the other one?
7         A.   She is six months old.  And her name is
8    E{         t H'
9         Q.   Do you have any other children?
10        A.   Yes.
11        Q.   How many?
12        A.   One.
13        Q.   Is it a male or female?
14        A.   Male.
15        Q.   What's his name?
16        A.   D#.    ◦ ◦
17        Q.   How old is he?
18        A.   He is I believe four years old.
19        Q.   Who is the mother of [ #    ) ◦
20        A.   Julissa Diaz.
21        Q.   What was her first name?
22        A.   Julissa.
23        Q.   Do you know how to spell that?
24        A.   It's J-U-L-I-S-S-A, Julissa.
25        Q.   And how often do you see D{   ) J◦
```

Page 13

REPORTER'S CERTIFICATE

1
2
3
4       I, CATHERINE M. MEYER, a Shorthand Reporter,
5  State of California, do hereby certify:
6       That FRANCISCO HURTADO, in the foregoing
7  deposition named, was present via Remote Counsel virtual
8  meeting and by me sworn as a witness in the
9  above-entitled action at the time and place therein
10  specified;
11       That said deposition was taken before me at said
12  time and place, and was taken down in shorthand by me, a
13  Certified Shorthand Reporter of the State of California,
14  and was thereafter transcribed into typewriting, and
15  that the foregoing transcript constitutes a full, true
16  and correct report of said deposition and of the
17  proceedings that took place;
18       That before completion of the proceedings,
19  review of the transcript [ X ] was [ ] was not
20  requested.
21       IN WITNESS WHEREOF, I have hereunder subscribed
22  my hand this 26th day of March 2021.
23
24           _Cathri M. Meyer_
            CATHERINE M. MEYER, CSR NO. 11596
25          State of California

Page 158