ROB BONTA, State Bar No. 202668
Attorney General of California
IVETA OVSEPYAN, State Bar No. 279218
Supervising Deputy Attorney General
LEEANN E. WHITMORE, State Bar No. 214870
Deputy Attorney General
JOHN C. BRIDGES, State Bar No. 248553
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 210-7515
 Telephone: (916) 210-7529
 Fax: (916) 322-8288
 E-mail: LeeAnn.Whitmore@doj.ca.gov
 E-mail: John.Bridges@doj.ca.gov
*Attorneys for Defendants State of California,
acting by and through the California Highway
Patrol and Edgardo Yepez*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **FRANCISCO HURTADO, AN INDIVIDUAL,**<br><br>Plaintiff,<br><br>v.<br><br>**STATE OF CALIFORNIA; CALIFORNIA HIGHWAY PATROL; EDGARDO YEPEZ AKA EDGARDO LOPEZ; AND DOES 1 THROUGH 100, INCLUSIVE,**<br><br>Defendants. | Case No.: 2:19-CV-02343-DAD-AC<br><br>**DEFENDANTS' EX PARTE APPLICATION FOR ADMINISTRATIVE RELIEF TO SHORTEN TIME ON DEFENDANTS' MOTION TO CONTINUE THE TRIAL DATE**<br><br>Trial Date:     October 16, 2024<br>Action Filed:  April 2, 2019 |

**TO THE HONORABLE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

1

1      **PLEASE TAKE NOTICE THAT** Defendants, State of California acting by and through

2   the California Highway Patrol and Edgardo Yepez hereby moves by way of this *ex parte*

3   application for Administrative Relief to Shorten Time on Defendants' Motion to Continue the

4   October 16, 2024 trial date.

5      This *ex parte* application is being made pursuant to Local Rule 144, 230, 233 and the

6   Court's standing order in civil cases.

7                          Meet and Confer Certification

8      Prior to the filing of this *ex parte* application, defense counsel informed plaintiff's counsel

9   and the Court's courtroom deputy of the application pursuant to this Court's Standing Order in

10   Civil Cases. Plaintiff's counsel represented that they would oppose the motion to continue the

11   trial date.

12      Defendants seek relief on an *ex parte* basis because the current trial date of October 16,

13   2024 will pass before defendants Motion to Continue the Trial date may be heard according to

14   regularly-noticed motion procedures.

15

16   Dated: September 5, 2024                          Respectfully submitted,

17                                                     ROB BONTA
                                                       Attorney General of California
18                                                     IVETA OVSEPYAN
                                                       Supervising Deputy Attorney General
19
                                                       */s/ LeeAnn E. Whitmore*
20
                                                       LEEANN E. WHITMORE
21                                                     Deputy Attorney General
                                                       JOHN C. BRIDGES
22                                                     Deputy Attorney General
                                                       *Attorneys for Defendants State of*
23                                                     *California, acting by and through the*
                                                       *California Highway Patrol and*
24                                                     *Edgardo Yepez*

25

26

27

28

2

1

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

2       Trial in this matter is currently set to start on October 16, 2024. Plaintiff Francisco

3 Hurtado died on or about June 28, 2024. Plaintiff's counsel has recently filed a motion to

4 substitute some of his children as successor in interest. The motion is scheduled to be heard on

5 October 1, 2024. (ECF No. 174).  However, plaintiff also has another child who is not included in

6 the motion. The child either has to be joined or named as a nominal defendant. Defendants now

7 file this *ex parte* application to shorten time to hear the motion to continue the trial date as they

8 are incurring costs of preparing for trial and the procedural issues following plaintiff's passing

9 need to be addressed.

10       The granting of *ex parte* relief requires an evidentiary showing of good cause that: (1)"the

11 moving party's cause will be irreparably prejudiced if the underlying motion is heard according to

12 regular noticed motion procedures,: and (2) "the moving party is without fault in creating the

13 crises that requires *ex parte* relief, or that the crisis occurred as a result of excusable negligent."

14 *See Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995);

15 *see, Azam v. Brown*, 815 F.App'x 663, 665 (9th Cir. 2018) (recognizing *Mission Power* as

16 settling for the standard for *ex parte* relief).

17       Here, defendants' ability to litigate this case will be irreparably prejudiced if the

18 underlying motion is heard according to regularly-noticed motion procedures because the trial

19 date is currently set for October 16, 2024, and this motion cannot be heard before then unless

20 relief is sought on an *ex parte* basis. Moreover, defendants are without fault in creating the

21 circumstances that require *ex parte* relief. Defense counsel had contacted plaintiff's counsel via e-

22 mail on August 2, 2024, when she learned of Mr. Hurtado's death to determine when plaintiff's

23 counsel would be notifying the Court of the significant change in circumstances. Plaintiff's

24 counsel did not respond to the e-mail. On August 27, 2024, the Court held a status conference.

25 Defense counsel again raised the issue of the need to substitute the parties in and that plaintiff had

26 another minor child. Defense counsel requested the trial date be continued so that the proper

27 parties could be substituted in. The Court declined based on plaintiff's representation that the

28 proper parties would be substituted by the new trial date. However, the motion plaintiff's

3

1    counsel filed does not include one of plaintiff's heirs, who is a necessary party to this

2    proceeding.[1] Defendants must now move for *ex parte* relief so that the procedural issues can be

3    addressed prior to the current trial date.

4          For the foregoing reasons, defendants respectfully request that the Court shorten the time

5    on defendants' motion to continue the trial date.

6

7    Dated: September 5, 2024                     Respectfully submitted,

8                                        ROB BONTA
      Attorney General of California
9          IVETA OVSEPYAN
      Supervising Deputy Attorney General
10

11          */s/ LeeAnn E. Whitmore*

12          LEEANN E. WHITMORE
      Deputy Attorney General
13          JOHN C. BRIDGES
      Deputy Attorney General
14          *Attorneys for Defendants State of*
      *California, acting by and through the*
15          *California Highway Patrol and*
      *Edgardo Yepez*

16

17

18

19

20

21

22

23

24

25

26

27

28         [1] Defendants filed their opposition to plaintiff's motion on September 4, 2024.