Rob Bonta, State Bar No. 202668
Attorney General of California
Iveta Ovsepyan, State Bar No. 279218
Supervising Deputy Attorney General
LeeAnn E. Whitmore, State Bar No. 214870
Deputy Attorney General
John C. Bridges, State Bar No. 248553
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone:  (916) 210-7515
 Telephone:  (916) 210-7529
 Fax:  (916) 322-8288
 E-mail:  LeeAnn.Whitmore@doj.ca.gov
 E-mail:  John.Bridges@doj.ca.gov
*Attorneys for Defendants State of California, acting by and through the California Highway Patrol and Edgardo Yepez*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **FRANCISCO HURTADO, AN INDIVIDUAL,**<br><br>Plaintiff,<br><br>v.<br><br>**STATE OF CALIFORNIA; CALIFORNIA HIGHWAY PATROL; EDGARDO YEPEZ AKA EDGARDO LOPEZ; AND DOES 1 THROUGH 100, INCLUSIVE,**<br><br>Defendants. | Case No.: 2:19-CV-02343-DAD-AC<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO CONTINUE THE TRIAL DATE**<br><br>Trial Date:  October 16, 2024<br>Action Filed:  April 2, 2019 |

**TO THE HONORABLE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

1

**PLEASE TAKE NOTICE THAT** Defendants, State of California acting by and through the California Highway Patrol and Edgardo Yepez hereby move this Court to continue the October 16, 2024 trial date in this matter. Good cause exists to continue the trial date because plaintiff has recently died and there are necessary parties which have not been joined and are not included in plaintiff's motion to appoint successor in interest. Defendants will be prejudiced if they are required to proceed to trial when all potential successor in interest are not before the Court.

Meet and Confer Certification

On September 3, 2024, I informed plaintiff's counsel that I would be filing an *ex parte* application to continue the trial date. Plaintiff's counsel, Hang Le, informed me that plaintiff's would oppose the motion.

Dated: September 5, 2024

Respectfully submitted,

ROB BONTA
Attorney General of California
IVETA OVSEPYAN
Supervising Deputy Attorney General

*/s/ LeeAnn E. Whitmore*

LEEANN E. WHITMORE
Deputy Attorney General
JOHN C. BRIDGES
Deputy Attorney General
*Attorneys for Defendants State of California, acting by and through the California Highway Patrol and Edgardo Yepez*

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendants seek a continuance of the October 16, 2024 trial date because plaintiffs have not joined all necessary parties who are successors in interest to plaintiff's estate. While plaintiff's counsel filed a motion to substitute heirs on August 27, 2024 (ECF No. 174), that motion does not include another child plaintiff had who is equally entitled to his estate. Therefore, the case is not ready for trial.

## ARGUMENT

### I. There is Good Cause to Continue the Trial Date Because All Necessary Parties Are Not in the Case

The district courts have a mandate to construe and apply the Federal Rules of Civil Procedure to "secure the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1. Here, continuance of the October 16, 2024 trial date is necessary because not all of plaintiff's heirs have been substituted in as successor in interest. Plaintiff's counsel has moved to substitute four of plaintiff's five children in as successors in interest. The hearing on the motion is scheduled for October 1, 2024, fifteen days before trial. However, plaintiff also has a fifth child who is not included in the motion. Each of the five children has an equal right and plaintiff's counsel must either join the fifth child as a party, or demonstrate why the fifth child cannot be joined. Defendants are prejudiced if the trial proceeds before this significant issue effecting the rights of plaintiff's heirs in this litigation is resolved.

Modification of the Court's scheduling order requires a showing of good cause under Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). To establish good cause, the party seeking a modification of the scheduling order must generally show that even with the exercise of due diligence, they cannot meet the requirement of this order. *Id.* The court may also consider the prejudice to the party opposing the modification. *Id.* If the party seeking to amend the scheduling order fails to show due diligence, the inquiry should end and the court should not

grant the motion to modify. *Zivkovic v. Southern California Edison Co.,* 302 F.3d 1080, 1087 (9th Cir. 2002).

In § 1983 actions, survivors can assert a claim on the individual's behalf if permitted by the law in which the action is sitting. *Moreland v. Las Vegas Metro. Police Dept.,* 159 F. 3d 365, 369. (9th Cir. 1998). California Code of Civil Procedure section 377.20 provides that a cause of action is not lost by reason of a death, but survives subject to the applicable limitation period. In California, an action under § 1983 for violation of personal civil rights may be brought by the decedent's personal representative or successor in interest. Code Civ. Proc. § 377.30. Where a person dies intestate, the successor in interest is authorized to file suit. Code Civ. Proc. § 377.30. California Civil Code section 377.11 defines a successor in interest as the heirs to the decedent's estate. California Probate Code section 6402 provides the issue of the decedent shall take equally in the estate if they are the same degree of kinship. Therefore, all necessary heirs must be joined in the § 1983 actions as they have equal rights as successors in interest. Plaintiff's motion to substitute heirs fails to include plaintiff's fifth child who has an equal right to his estate as he is of the same degree of kinship (biological child) as the other proposed successors in interest.

Plaintiff's heirs will not be prejudiced by continuing the October 16, 2024 trial date as it will allow them time to address the procedural deficiency with this litigation after plaintiff's passing, and trial on this matter cannot be held without all necessary parties joined.

## CONCLUSION

As plaintiff has not included all surviving issue as proposed successors in interest or explained why joinder is not feasible, the case is not ready for trial. Therefore, defendants requests that the Court continue the October 16, 2024 trial date until a date after all necessary parties are properly joined in the action.

| | | |
|---|---|---|
| 1 | Dated: September 5, 2024 | Respectfully submitted, |
| 2 | | ROB BONTA |
| | | Attorney General of California |
| 3 | | IVETA OVSEPYAN |
| | | Supervising Deputy Attorney General |
| 4 | | |
| 5 | | */s/ LeeAnn E. Whitmore* |
| 6 | | |
| 7 | | LEEANN E. WHITMORE |
| | | Deputy Attorney General |
| | | JOHN C. BRIDGES |
| 8 | | Deputy Attorney General |
| | | *Attorneys for Defendants State of* |
| 9 | | *California, acting by and through the* |
| | | *California Highway Patrol and* |
| 10 | | *Edgardo Yepez* |

5