**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
E-mail: dalekgalipo@yahoo.com
Hang D. Le (SBN 293450)
E-mail: hlee@galipolaw.com
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333; Fax: (818) 347-4118

Humberto M. Guizar, Esq.     (SBN 125769)
Kent M. Henderson, Esq.      (SBN 139530)
Angel Carrazco, Jr., Esq.    (SBN 230845)
**GUIZAR, HENDERSON & CARRAZCO, L.L.P.**
18301 Irvine Boulevard, Tustin, CA 92780
Telephone:   (714) 541-8600
Facsimile:   (714) 541-8601
Email:       hguizar@ghclegal.com
             hendolaw@gmail.com
             angel@carrazcolawapc.com

Attorneys for Plaintiff FRANCISCO HURTADO

**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FRANCISCO HURTADO, an individual<br><br>Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA; CALIFORNIA HIGHWAY PATROL; EDGARDO YEPEZ aka EDGARDO LOPEZ; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 2:19-cv-02343-DAD-AC<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO CONTINUE TRIAL DATE**<br><br>Trial Date:     October 16, 2024 |

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Francisco Hurtado passed away on June 28, 2024, while this action was pending. Trial is currently set for October 16, 2024. On August 27, 2024, Hurtado's four minor children, by and through their mother and guardian, Priscilla Macias, filed a motion to substitute into this action as Hurtado's successors in interest to his survival claims (hereinafter "Motion to Substitute"). (Dkt. No. 174). The hearing for the Motion to Substitute is currently set for October 1, 2024—two weeks before the trial date. Defendants have filed an opposition to the Motion to Substitute, arguing that the Motion should be denied because Hurtado's alleged fifth minor child was not included and is a necessary party to this action. (Dkt. No. 179). Thereinafter, Defendants filed a Motion to Continue the Trial Date based on that same argument—that Hurtado's alleged fifth minor child is a necessary party to this action, and that additional time was needed to join the minor child. (Dkt. No. 181). Shortly thereafter, the Court issued an minute order granting Defendants' ex parte to shorten the time for Defendants' Motion to Continue, and stated in part that this trial would likely have to trail another case set to start trial on October 7, 2024, and that "the court continues to believe that the wiser course of action would be to vacate the 10/16/24 trial date, to be reset after matters of substitution of plaintiffs is resolved." (Dkt. No. 182). Based on the Court's September 6, 2024 Minute Order, Plaintiff is not opposed to a short continuance of the trial date to accommodate the Court's schedule. However, Plaintiff disputes that minor D.J., Hurtado's alleged fifth minor child, is a necessary party and opposes any continuance granted on that basis.

//
//
//
//
//
//
//

## II. MINOR D.J. IS NOT A NECESSARY PARTY

Rule 19(a) of the Federal Rules of Civil Procedure provides that a person must be joined as a party to an action if:

(A) in that person's absence, the court cannot accord complete relief among existing parties; or
(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
  (i) as a practical matter impair or impede the person's ability to protect the interest; or
  (ii) leave an existing party subject to substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19. "Parties that must be joined under this rule are frequently referred to as 'necessary' parties." *Raymond v. Martin*, No. 1:18-cv-00307-DAD-JLT, 2018 WL 4560686, at *1 (E.D. Cal. Sept. 20, 2018) (citing *E.E.O.C. v. Peabody W. Coal Co.*, 400 F.3d 774, 779 (9th Cir. 2005)).

Defendants contend that one of Hurtado's alleged children, minor D.J., who was not included in the Motion to Substitute, is a necessary party to this action because he has an "equal right" as a potential successor in interest and therefore, "plaintiff's counsel must either join the fifth child as a party, or demonstrate why the first child cannot be joined." (Defs.' Mot. to Cont. Trial at 3). However, Defendants provide no authority to support their argument that minor D.J. is a necessary party and no such authority exists. On the contrary, case law provides that all heirs need not be joined in a section 1983 survival action.

Under California law, "survival actions" are distinguished from "wrongful death" actions. A wrongful death action is an independent claim brought by a decedent's heirs for damages they personally suffered on account of the death. *See* Cal. Civ. P. § 377.60; *Jackson v. Fitzgibbons*, 127 Cal. App. 4th 329, 335 (2005). A wrongful death action is considered joint and indivisible because "it is subject to the requirement that all heirs should join in the action and…damages awarded should be in a lump sum," and because it precludes omitted heirs from bringing subsequent and individual actions for the recovery of their individual damages. *Helling v. Lew*, 28 Cal. App. 3d 434, 438 (1972). Thus, an heir who files a wrongful death action is required to properly join all known heirs in the action. *Cross v. Pacific Gas & Elec. Co.*, 60 Cal. 2d 690, 692-93 (1964).

A survival action, on the other hand, is not a new cause of action that vests in the heirs on the death of the decedent. *Quiroz v. Seventh Ave. Center*, 140 Cal. App. 4th 1256, 1265 (2006); *see* Cal. Civ. P. Code § 377.20. "It is instead a separate and distinct cause of action which belonged to the decedent before death but, by statute survives that event." *Id.* The survival statute "prevent[s] the abatement of the cause of action of the injured person, and provide for its enforcement by or against the personal representative of the deceased." *Grant v. McAuliffe*, 41 Cal. 2d 859, 864 (1953). A cause of action that survives the death of a person passes to the person's successor in interest and is enforceable by the successor in interest. Cal. Civ. P. Code § 377.30. This action brings federal and state law survival claims based on the injuries Hurtado sustained after the officer-involved shooting on March 15, 2018. (*See* Second Amened Complaint, Dkt. No. 9). Hurtado passed away from an unrelated event on June 28, 2024. Accordingly, this survival action, seeking survival damages incurred by Hurtado only, passes to his successor(s) in interest.

A. <u>Complete Relief Can Be Afforded to the Four Minors Seeking Substitution and the Defendants</u>

"[T]he first portion of Rule 19 is concerned only with the relief as between the persons already parties, not as between a party and the absent person whose joinder is sought." *Estate of Mendez v. City of Ceres*, 390 F. Supp. 3d 1189, 1201 (E.D. Cal. 2019) (cleaned up). There is no evidence that complete relief is limited in any way by the absence of the fifth minor plaintiff simply because he allegedly has an "equal right" as a potential successor in interest in this survival action. *See Estate of Mendez*, 390 F. Supp. 3d at 1201 (finding nothing to support that complete relief could not be afforded to the father of the decedent and defendants if the mother was not joined as a successor in interest under the survival claims). Any settlement or jury award would be to compensate Hurtado for the injuries and expenses he sustained because of the officer-involved shooting. *See Altman v. Republic of Austria*, 317 F.3d 954, 971 (9th Cir. 2002) ("In determining whether co-heirs are necessary parties under Rule 19, we consider whether, in the absence of their joinder, complete relief can be accorded to the [deceased plaintiff]."). Hurtado's heirs are simply stepping into Hurtado's shoes to continue this action, as permitted by California law.

B. <u>Disposing the Action Will Not Impede Any Potential Interest that the Fifth Minor Child May Have and Will Not Leave Any Party Subject to Substantial Risk of Incurring Multiple or Inconsistent Obligations</u>

There is no authority that suggests that successors in interest must be party to § 1983 claims (or related state law survival claims). *See Estate of Mendez*, 390 F. Supp. 3d at 1201; *Raymond*, 2018 WL 4560686, at *2. In *Estate of Hernandez*, the district court found that should the father of the decedent recover on behalf of the estate as one of decedent's successors in interest, the mother (who had not been joined as a party) "may in turn recover from the estate as an additional successor-in interest" and concluded that "[t]he simple reason that [the decedent's] mother is a successor-in-interest does not require her joinder." 390 F. Supp. 3d at 1201. In *Raymond v. Martinez*, this Court denied a motion to join certain heirs of the decedent because the plaintiff, the decedent's father, was not proceeding on any wrongful death claims but rather three separate survival claims under section 1983, and "this court has found [no authority] establishing that all potential heirs must be joined to a § 1983 suit alleging excessive force…" 2018 WL 4560686, at *2. Accordingly, the plaintiff was permitted to pursue his lawsuit because he had "standing under California's survival statute to pursue Fourth Amendment claims on decedent's behalf," without joining the omitted heirs and successors in interest. 2018 WL 4560686, at *2-3.

Likewise, resolution of this case will not affect any potential interest that may or may not be claimed by minor D.J., nor will his omission in the lawsuit leave Defendants subject to any risk of incurring multiple or inconsistent obligations. This lawsuit seeks to recover damages for injuries and expenses incurred by Hurtado as a result of the officer-involved shooting. Any damages awarded are essentially awarded to Hurtado through his successors in interest. Should the minor D.J. choose to claim an interest in this action, he may recover his claimed share from the award to Hurtado's "estate" (the four minor plaintiffs seeking substitution as Hurtado's successors in interest). Defendants would not incur any additional liability to D.J. simply because he was not joined in the action. Accordingly, trial should not be continued in this case because whether or not minor D.J. is joined in this case before trial, or at all, there will be no difference in the evidence, liability, or damages at trial.

### III. PLAINTIFF IS NOT OPPOSED TO A SHORT CONTINUANCE OF THE TRIAL DATE TO ACCOMMODATE THE COURT'S SCHEDULE

While Plaintiff contends that minor D.J. is not a necessary party and thus opposes a continuance on that ground, Plaintiff is not opposed to a short continuance to better accommodate the Court's schedule. However, Plaintiff's counsel has some reservations regarding the continuance due to lead trial counsel, Dale K. Galipo's, extremely busy trial schedule and the difficulty in coordinating another trial date with everyone's calendar.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff is not opposed to a short continuance of the trial date to better accommodate the Court's schedule. However, Plaintiff disputes that minor D.J. is a necessary party to this action and opposes any continuance of the trial on that basis.

DATED:  September 10, 2024

                **LAW OFFICES OF DALE K. GALIPO**

                **GUIZAR, HENDERSON & CARRAZCO, LLP**

                By:  */s/ Hang D. Le*
                        Dale K. Galipo
                        Hang D. Le
                        Kent M. Henderson
                        Angel Carrazco, Jr.
                        Attorneys for Plaintiff Francisco Hurtado