Rob Bonta, State Bar No. 202668
Attorney General of California
Iveta Ovsepyan, State Bar No. 279218
Supervising Deputy Attorney General
LeeAnn E. Whitmore, State Bar No. 214870
Deputy Attorney General
John C. Bridges, State Bar No. 248553
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 210-7515
 Telephone: (916) 210-7529
 Fax: (916) 322-8288
 E-mail: LeeAnn.Whitmore@doj.ca.gov
 E-mail: John.Bridges@doj.ca.gov
*Attorneys for Defendants State of California, acting by and through the California Highway Patrol and Edgardo Yepez*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **FRANCISCO HURTADO, AN INDIVIDUAL,**<br><br>Plaintiff,<br><br>v.<br><br>**STATE OF CALIFORNIA; CALIFORNIA HIGHWAY PATROL; EDGARDO YEPEZ AKA EDGARDO LOPEZ; AND DOES 1 THROUGH 100, INCLUSIVE,**<br><br>Defendants. | Case No.: 2:19-CV-02343-DAD-AC<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO CONTINUE TRIAL DATE**<br><br>Trial Date:   October 16, 2024<br>Action Filed:   April 2, 2019 |

Defendants, State of California, by and through the California Highway Patrol and Edgardo Yepez submit the following reply in support of defendants' motion to continue the trial date.

1

Plaintiff's opposition to the motion fails to address three critical issues; (1) No guardian ad litem has been appointed for the minors; (2) minor child D.J., who is equally situated with the remaining four minors plaintiff seeks to substitute as plaintiffs, was not even mentioned as an heir or successor in interest in plaintiff's motion nor does the motion to appoint successors say why he could not be joined; (3) plaintiff has failed to show how D.J. interests would be protected by adding four individual minors as successors in interest, but not including him. These critical issues need to be addressed before trial can proceed. Therefore, the October 16, 2024, trial date should be vacated until the issues are resolved and appropriate plaintiffs are substituted into the case. Alternately, the trial date should be continued until at least January 2025 based on the other trial before the Court on October 7, 2024, trial which would cause this trial date to be trailed.

## ARGUMENT

### I. Continuance of the Trial Date is Necessary Until After the Matter of the Substitution of Plaintiffs is Resolved.

Plaintiff's motion to substitute parties seeks to substitute plaintiff's minor children I.H., E.H. F.H. and A. H. as successors in interest pursuant to Rule 25 and Code of Civil Procedure 377.32. (ECF 174 p.2, lines 7-9.) It does not seek to substitute the estate of Francisco Hurtado as plaintiff. Ms. Macias has not been appointed guardian ad litem for the four minors, nor has plaintiff filed an ex parte application seeking the same. This appointment may take some time.

Second, the motion to appoint minors as successors does not mention Mr. Hurtado's fifth biological child, D. J. in either the motion or Ms. Macias declaration. The motion does not set forth how four minor children of Mr. Hurtado are necessary as successor in interest, but a fifth who is not even identified in the motion is not. D. J. is minor child of Mr. Hurtado's, and, therefore, is also a successor in interest and would take equally in the estate along with the other minors. Cal. Civil Code § 377.11; Cal. Probate Code §6402. Thus, D. J. is a necessary party to this action. Also, D.J. would need a guardian ad litem appointed which would likely take additional time.

A successor in interest would be deemed necessary if both of the following are true: 1) the person has a legally protected interest in the subject of that action; and 2) either protection of that interest will be impaired by the absence or the person's absence will subject an existing party to multiple, inconsistent legal obligations with the respect to that interest. Fed. R. Civ. P. 19(1)(B)(i)(ii).

Here, plaintiff's motion to appoint successors in interest fails to even identify the fifth potential successor in interest nor show how his interest would be adequately protected if he is not included in this case if the plaintiff's motion were granted. The cases cited by plaintiff each reference the estate of the parties, not a minor child who has not been included in the case. Defense counsel has been unable to locate specific case law on the present issue as to how the minors or other heirs have typically been identified in the complaint or motion to appoint successors.

Since D.J. is equally entitled to Mr. Hurtado's estate with the remaining four minors, the Court needs to determine how D.J.'s legally protected interest is impaired or can be adequately protected in this case. *Makah Indian Tribe v. Verity*, 910 F.2d 555, 558 (9th Cir. 555, 558 (9th Cir. 1990). The question of whether that party is adequately represented parallels the question of whether a party's interests are so inadequately represented by existing parties as to permit intervention of their rights under Fed. R. Civ. P. 24(a).

Based on the fact that minor D.J. was not even identified in the motion to appoint successors in interest and the alleged circumstances of plaintiff's death, D.J.'s interests are likely not adequately protected if trial proceeds on October 16, 2024. Additionally, Defendants would be severely prejudiced should trial proceed without all of the necessary parties, including D.J., joined in this action.

As the Court noted, this issue needs to be resolved before trial proceeds and it is unlikely to be resolved in the two weeks between plaintiff's motion to appoint successors in interest and the current trial date. Thus, the better choice is to vacate the trial date until after the matter of the substitution of the parties is resolved. (ECF No. 182.) Therefore, the Court should vacate the trial date and re-set it after the matter of the substitution of the plaintiff is decided.

## II. A Continuance of the Trial Date is Also Appropriate Based on the Court's Schedule.

The Court's schedule also supports continuance of the trial date. The Court currently has another trial set to begin on October 7, 2024 which may cause this case to be trailed. (ECF No. 182.) Defendants will be prejudiced if the case is trailed as its counsel has a pre-planned vacation scheduled for October 24 through October 30, 2024, which was scheduled when the original trial date was reset to October 16, 2024, and begins another trial in Sacramento County Superior Court on November 12, 2024. Additionally, witnesses are unavailable in November and December due to the holidays. If the Court seeks to set a new trial date, it should not be set until January 2025.

## CONCLUSION

Based on the above, the Court should vacate the October 16, 2024 trial date and re-set a trial date after the substitution of plaintiffs is resolved.

Dated: September 13, 2024                               Respectfully submitted,

ROB BONTA
Attorney General of California
IVETA OVSEPYAN
Supervising Deputy Attorney General

*/s/ LeeAnn E. Whitmore*

LEEANN E. WHITMORE
Deputy Attorney General
JOHN C. BRIDGES
Deputy Attorney General
*Attorneys for Defendants State of California, acting by and through the California Highway Patrol and Edgardo Yepez*

4