**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
E-mail: dalekgalipo@yahoo.com
Hang D. Le (SBN 293450)
E-mail: hlee@galipolaw.com
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333; Fax: (818) 347-4118

Humberto M. Guizar, Esq.   (SBN 125769)
Kent M. Henderson, Esq.    (SBN 139530)
Angel Carrazco, Jr., Esq.  (SBN 230845)
**GUIZAR, HENDERSON & CARRAZCO, L.L.P.**
18301 Irvine Boulevard, Tustin, CA 92780
Telephone:    (714) 541-8600
Facsimile:    (714) 541-8601
Email:        hguizar@ghclegal.com
              hendolaw@gmail.com
              angel@carrazcolawapc.com

Attorneys for Plaintiff FRANCISCO HURTADO

# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO HURTADO, an individual<br><br>Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA; CALIFORNIA HIGHWAY PATROL; EDGARDO YEPEZ aka EDGARDO LOPEZ; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 2:19-cv-02343-DAD-AC<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO SUBSTITUTE FRANCISCO HURTADO'S MINOR CHILDREN AS SUCCESSORS IN INTEREST TO PLAINTIFF FRANCISCO HURTADO, RECENTLY DECEASED**<br><br>Trial Date:   October 16, 2024 |

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Plaintiff Francisco Hurtado passed away on June 28, 2024, while this action was pending. Trial is currently set for October 16, 2024. On August 27, 2024, Hurtado's four minor children, by and through their mother and guardian, Priscilla Macias, filed a motion to substitute into this action as Hurtado's successors in interest to his survival claims (hereinafter "Motion to Substitute"). (Dkt. No. 174). The hearing for the Motion to Substitute is currently set for October 1, 2024—two weeks before the trial date. Defendants have filed an opposition to the Motion to Substitute, arguing that the Motion should be denied because Hurtado's alleged fifth minor child was not included and is a necessary party to this action. (Dkt. No. 179). However, whether or not all necessary parties are joined is not a factor in evaluating a Rule 25 Motion to Substitute. Moreover, the fifth minor child is not a necessary party as case law provides that all heirs need not be joined in a survival action. Accordingly, the Motion Substitute should be granted.

**II.   APPOINTMENT OF A GUARDIAN AD LITEM FOR THE MINORS IS NOT NECESSARY**

Defendants' contention that the Motion to Substitute is procedurally defective because a guardian *ad litem* has not been appointed for minors I.H., E.H., F.H., and A.H. misapprehends Local Rule 202(a). Local Rule 202(a) provides that upon initial appearance of a minor, the attorney representing the minor must present one of three scenarios: (1) evidence that a representative has been appointed for the minor under state law; (2) a motion for the appointment of a guardian *ad litem* by the court; *or* (3) a satisfactory showing to the Court that no such appointment is necessary to ensure adequate representation of the minor pursuant to Rule 17(c) of the Federal Rules of Civil Procedure. Here, appointment of a guardian *ad litem* for the four minors seeking substitution is not necessary because their interests are adequately represented by their mother and guardian, Priscilla Macias. *See* Fed. R. Civ. P. 17(c) (a general guardian may sue on behalf of a minor); Macias Decl. (Dkt. No. 174-1) at ¶¶ 2, 14.

"Rule 17(c)(1)(A) permits a 'general guardian' to sue in federal court on behalf of a minor, and a parent is a guardian who may so sue." *Doe ex rel. Sisco v. Weed Union Elementary Sch.*

1  *Dist.*, No. 13-01145, 2013 WL 2666024, at *1 (E.D. Cal. June 12, 2013). "In general, a parent is
2  presumed to act on his or her child's best interest." *N.R.S. by & through A.S. v. Twin Rivers*
3  *Unified Sch. Dist.*, No. 223CV01282MCEJDP, 2023 WL 4905981, at *1 (E.D. Cal. Aug. 1, 2023).
4  "The appointment of a….guardian ad litem is not mandatory[,]….where a minor or incompetent is
5  represented by a general guardian…, a [guardian ad litem] need not be appointed." *In re Ivers*, No.
6  19-20026-E-13, 2019 WL 6038056, at *6 (Bankr. E.D. Cal. Nov. 8, 2019). Courts within this
7  district have allowed an action to proceed where a minor is represented by his or her
8  parent/general guardian rather than a formally appointed guardian *ad litem*. *See, e.g., Fonseca v.*
9  *Kaiser Permanente Med. Ctr. Roseville*, 222 F. Supp. 3d 850, 860 (E.D. Cal. 2016) (denying a
10 parent's request to be appointed the minor's guardian *ad litem* in the action as moot because the
11 parent's standing as the minor's mother and general guardian, the parent may litigate on the
12 minor's behalf without being appointed the minor's guardian *ad litem*); *A.O. v. Fairfield-Suisun*
13 *Unified Sch. Dist.*, No. 2:22-CV-01416-KJM-AC, 2023 WL 2374202, at *1 (E.D. Cal. Mar. 6,
14 2023) (denying a petition to appoint the minor's mother as his guardian *ad litem* because there was
15 no evidence that his mother was not his "general guardian" and a general guardian may sue on a
16 minor's behalf); *A.L. by & through Lee v. Clovis Unified Sch. Dist.*, No. 1:17-CV-0358 AWI MJS,
17 2018 WL 1567835, at *1, 2 (E.D. Cal. Mar. 30, 2018) (appointment of a guardian *ad litem* was not
18 necessary because the minor was appearing through her mother pursuant to Rule 17); *Prudential*
19 *Ins. Co. of America v. Remington*, No. 2:12–cv–02821–GEB–CMK, 2013 WL 3070629, at *1, 2
20 (E.D. Cal. Jun. 17, 2013) (denying as moot a motion for appointment of the mother as guardian *ad*
21 *litem* for the minor plaintiff because the minor's interest are adequately represented by the minor's
22 mother and natural guardian); *Doe ex rel. Sisco*, 2013 WL 2666024, at *2 (denying petition to
23 appoint parents as guardians *ad litem* to the minor plaintiff notwithstanding an older version of
24 Local Rule 202(a) requiring an appointment of a guardian *ad litem* even when a minor is
25 represented by his or her natural parent(s), because the minor's parents could adequately represent
26 her interests in the action).
27         Here, Priscilla Macias is the natural mother and general guardian of minors I.H., E.H.,
28 F.H., and A.H. Ms. Macias is a competent adult and has no adverse interest to the minors.

Accordingly, appointment of a guardian ad litem to minors I.H., E.H., F.H., and A.H. is not necessary because Ms. Macias, as the natural mother and general guardian to the minors, will adequately represent the minors' interests in this action.

### III. THE MOTION TO SUBSTITUTE SHOULD BE GRANTED BECAUSE THE PROPOSED MINORS HAVE MET ALL THE CONDITIONS REQUIRED IN EVALUATING A RULE 25 MOTION

"In evaluating a Rule 25(a)(1) motion, the Court must consider whether: (1) the motion is timely; (2) the claims pled are extinguished; and (3) the person[s] being substituted is the proper party." *Scalia v. Cnty. of Kern*, Case No. 1:17-cv-01097-NODJ-CDB, 2024 WL 664456, at *1 (E.D. Cal. Feb. 16, 2024) (citation omitted). As previously discussed in the Motion to Substitute, the proposed minors have met all of these conditions. Hurtado passed away on June 28, 2024. While there is a 90-day deadline to file a Motion to Substitute after a statement of death is formally suggested on the record, there has not been a statement of death suggested on the record in this case and the Motion to Substitute was filed 60 days after Hurtado's date of death. Additionally, pursuant to California Civil Code sections 377.20 and 377.21, Hurtado's survival claims against CHP Officer Edgardo Yepez and the State of California survive his death and pass onto his successors in interest.

Finally, minors I.H., E.H., F.H., and A.H., by and through their guardian Priscilla Macias, are the proper parties. Rule 25(a)(1) requires only that evidence is provided that the person(s) seeking to be substituted in is the decedent's successor in interest or legal representative. *See Kaplan v. Cnty. of Kern*, No. 1:14-cv-00206-DAD-JLT, 2016 WL 3196740, at *2 (E.D. Cal. Jun. 8, 2016). Here, Ms. Macias has provided the necessary information as required by California Civil Code section 377.32 to show that minors I.H., E.H., F.H., and A.H. are Hurtado's successors in interest and therefore, the proper parties for substitution.[1] Because the four minor plaintiffs,

---

[1] Defendants appear to take issue with a statement in Ms. Macias's declaration that no other person has a superior right to be substituted for the decedent in this pending action because the minor D.J. is also allegedly Hurtado's child. (*See* Defs.' Opp. to Mot. to Substitute, Dkt. No. 179, at 2). While minor D.J. may arguably have an *equal* right to succeed Hurtado in this action, he does not have a *superior* right over the other minor children. *See* Cal. Civ. P. Code § 377.30; Cal. Prob. Code § 6402.

1  through their mother, Priscilla Macias, have met all the requirements for substitution under Rule
2  25, the Motion to Substitute should be granted.
3        Moreover, contrary to Defendants' argument that the Motion to Substitute must be denied
4  because an outstanding potential successor in interest was not named and there was no explanation
5  provided for why the minor could not be joined, Rule 25(a)(1) *does not require* that *all* of the
6  decedent's successors in interest be joined in substitution in order for a Motion to Substitute to be
7  granted. On the contrary, it appears that Rule 25 takes this into consideration in requiring that "a
8  motion to substitute, together with a notice of hearing, must be served on parties provided in Rule
9  5 and nonparties as provided in Rule 4." Fed. R. Civ. P. 25(a)(3). "Personal service…alerts the
10 nonparty to the consequences of death for a pending suit, signaling the need for action to preserve
11 the claim if so desired." *Fariss v. Lynchburg Foundry*, 769 F.2d 958, 962 (4th Cir. 1985). "Indeed,
12 the present Rule 25 was designed to inform all interested persons of the death so that they may
13 take appropriate action." *Barlow v. Ground*, 39 F. 3d 231, 233 (9th Cir. 1994). "Rule 25(a)(3)'s
14 non-party service requirement serves two important purposes: (1) it assures actual notice is
15 provided to the proper non-party….and it brings the non-party within a court's jurisdiction."
16 *Benacquisto v. Am. Express Fin. Corp.*, 44 F.4th 741, 744 (8th Cir. 2022) (internal citations
17 omitted). Here, minor D.J. was properly served with the Notice of Motion and Motion to
18 Substitute pursuant to Rule 4(g) of the Federal Rules of Civil Procedure and California Code of
19 Civil Procedure section 416.60 (service of a minor). (*See* Proofs of Service, Dkt Nos. 176-178,
20 183). Accordingly, minor D.J. may take action to claim an interest in this case prior to or at the
21 hearing on this motion, should he choose to. However, whether or not minor D.J. claims an
22 interest as one of Hurtado's successors in interest and whether or not he is a necessary party[2] has

---

[2] Plaintiff contends that minor D.J. is not a necessary party, whether or not he claims an interest in this action as one of Hurtado's successors in interest. However, even assuming *arguendo* that D.J. *is* a necessary party, should he choose not to claim an interest despite receiving proper notice of this Motion to Substitute via personal service, joinder becomes *unnecessary*. *See Altman v. Republic of Austria*, 317 F.3d 954, 971 (9th Cir. 2002) ("Where a party is aware of an action and chooses not to claim an interest, the district court does not err by holding that joinder was 'unnecessary.'").

no bearing on whether this Motion to Substitute should be granted as to the four proposed minors. Accordingly, Plaintiff's Motion to Substitute should be granted.

### IV. MINOR D.J. IS NOT A NECESSARY PARTY

Rule 19(a) of the Federal Rules of Civil Procedure provides that a person must be joined as a party to an action if:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>   (i) as a practical matter impair or impede the person's ability to protect the interest; or
>   (ii) leave an existing party subject to substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19. "Parties that must be joined under this rule are frequently referred to as 'necessary' parties." *Raymond v. Martin*, No. 1:18-cv-00307-DAD-JLT, 2018 WL 4560686, at *1 (E.D. Cal. Sept. 20, 2018) (citing *E.E.O.C. v. Peabody W. Coal Co.*, 400 F.3d 774, 779 (9th Cir. 2005)).

Defendants contend that one of Hurtado's alleged children, minor D.J., who was not included in the Motion to Substitute, is a necessary party to this action because he has an "equal right" as a potential successor in interest and therefore, "[f]ailure to joint all parties or explain why joinder is feasible[] requires the Court to deny the motion to appoint the successor in interest as there is another potential successor who should be brought in." (Defs.'Opp. to Mot. to Substitute, Dkt. 179, at 3). However, Defendants provide no authority to support their argument that minor D.J. is a necessary party and no such authority exists. On the contrary, case law provides that all heirs need not be joined in a section 1983 survival action.

Under California law, "survival actions" are distinguished from "wrongful death" actions. A wrongful death action is an independent claim brought by a decedent's heirs for damages they personally suffered on account of the death. *See* Cal. Civ. P. Code § 377.60; *Jackson v. Fitzgibbons*, 127 Cal. App. 4th 329, 335 (2005). A wrongful death action is considered joint and indivisible because "it is subject to the requirement that all heirs should join in the action and…damages awarded should be in a lump sum," and because it precludes omitted heirs from

bringing subsequent and individual actions for the recovery of their individual damages. *Helling v. Lew*, 28 Cal. App. 3d 434, 438 (1972). Thus, an heir who files a wrongful death action is required to properly join all known heirs in the action. *Cross v. Pacific Gas & Elec. Co.*, 60 Cal. 2d 690, 692-93 (1964).

A survival action, on the other hand, is not a new cause of action that vests in the heirs on the death of the decedent. *Quiroz v. Seventh Ave. Center*, 140 Cal. App. 4th 1256, 1265 (2006); *see* Cal. Civ. P. Code § 377.20. "It is instead a separate and distinct cause of action which belonged to the decedent before death but, by statute survives that event." *Id.* The survival statute "prevent[s] the abatement of the cause of action of the injured person, and provide for its enforcement by or against the personal representative of the deceased." *Grant v. McAuliffe*, 41 Cal. 2d 859, 864 (1953). A cause of action that survives the death of a person passes to the person's successor in interest and is enforceable by the successor in interest. Cal. Civ. P. Code § 377.30. This action brings federal and state law survival claims based on the injuries Hurtado sustained after the officer-involved shooting on March 15, 2018. (*See* Second Amened Complaint, Dkt. No. 9). Hurtado passed away from an unrelated event on June 28, 2024. Accordingly, this survival action, seeking survival damages incurred by Hurtado only, passes to his successor(s) in interest.

A. <u>Complete Relief Can Be Afforded to the Four Minors Seeking Substitution and the Defendants</u>

"[T]he first portion of Rule 19 is concerned only with the relief as between the persons already parties, not as between a party and the absent person whose joinder is sought." *Estate of Mendez v. City of Ceres*, 390 F. Supp. 3d 1189, 1201 (E.D. Cal. 2019) (cleaned up). There is no evidence that complete relief is limited in any way by the absence of the fifth minor plaintiff simply because he allegedly has an "equal right" as a potential successor in interest in this survival action. *See Estate of Mendez*, 390 F. Supp. 3d at 1201 (finding nothing to support that complete relief could not be afforded to the father of the decedent and defendants if the mother was not joined as a successor in interest under the survival claims). Any settlement or jury award would be to compensate Hurtado for the injuries and expenses he sustained because of the officer-involved

shooting. *See Altman v. Republic of Austria*, 317 F.3d 954, 971 (9th Cir. 2002) ("In determining whether co-heirs are necessary parties under Rule 19, we consider whether, in the absence of their joinder, complete relief can be accorded to the [deceased plaintiff]."). Hurtado's heirs are simply stepping into Hurtado's shoes to continue this action, as permitted by California law.

> B. <u>Disposing the Action Will Not Impede Any Potential Interest that the Fifth Minor Child May Have and Will Not Leave Any Party Subject to Substantial Risk of Incurring Multiple or Inconsistent Obligations</u>

There is no authority that suggests that successors in interest must be party to § 1983 claims (or related state law survival claims). *See Estate of Mendez*, 390 F. Supp. 3d at 1201; *Raymond*, 2018 WL 4560686, at *2. In *Estate of Mendez*, the district court found that should the father of the decedent recover on behalf of the estate as one of decedent's successors in interest, the mother (who had not been joined as a party) "may in turn recover from the estate as an additional successor-in interest" and concluded that "[t]he simple reason that [the decedent's] mother is a successor-in-interest does not require her joinder." 390 F. Supp. 3d at 1201. In *Raymond v. Martinez*, this Court denied a motion to join certain heirs of the decedent because the plaintiff, the decedent's father, was not proceeding on any wrongful death claims but rather three separate survival claims under section 1983, and "this court has found [no authority] establishing that all potential heirs must be joined to a § 1983 suit alleging excessive force…" 2018 WL 4560686, at *2. Accordingly, the plaintiff was permitted to pursue his lawsuit because he had "standing under California's survival statute to pursue Fourth Amendment claims on decedent's behalf," without joining the omitted heirs and successors in interest.[3] 2018 WL 4560686, at *2-3.

Likewise, resolution of this case will not affect any potential interest that may or may not be claimed by minor D.J., nor will his omission in the lawsuit leave Defendants subject to any risk of incurring multiple or inconsistent obligations. This lawsuit seeks to recover damages for injuries and expenses incurred by Hurtado as a result of the officer-involved shooting. Any

---

[3] The plaintiff in *Richmond v. Martinez*, like the proposed four minor plaintiffs here, was pursuing survival claims only as the decedent's successor in interest, and not on behalf of the decedent's estate. *See* 2018 WL 4560686, at

damages awarded are essentially awarded to Hurtado through his successors in interest. Should the minor D.J. choose to claim an interest in this action, he may recover his claimed share from the award to Hurtado's "estate" (the four minor plaintiffs seeking substitution as Hurtado's successors in interest). Defendants would not incur any additional liability to D.J. simply because he was not joined in the action. Accordingly, trial should not be continued in this case because whether or not minor D.J. is joined in this case before trial, or at all, there will be no difference in the evidence, liability, or damages at trial.

## V. CONCLUSION

For the foregoing reasons, the Motion to Substitute Francisco Hurtado's Minor Children as Successors in Interest to Plaintiff Francisco Hurtado, Recently Deceased should be granted in its entirety.

DATED: September 13, 2024

**LAW OFFICES OF DALE K. GALIPO**

**GUIZAR, HENDERSON & CARRAZCO, LLP**

By: _____ */s/ Hang D. Le* _____
    Dale K. Galipo
    Hang D. Le
    Kent M. Henderson
    Angel Carrazco, Jr.
    Attorneys for Plaintiff Francisco Hurtado

-9-
PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO SUBSTITUTE