UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO HURTADO,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>Defendants. | No. 2:19-cv-02343-DAD-AC<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUBSTITUTION<br><br>(Doc. No. 174) |

This matter is before the court on plaintiff's motion to substitute plaintiff's minor children I.H., E.H., F.H., and A.H., through their mother and guardian Priscilla Macias, as successors in interest to plaintiff in this action pursuant to Rule 25 of the Federal Rules of Civil Procedure, in light of plaintiff's recent death on June 28, 2024. (Doc. No. 174.)

"In deciding a motion to substitute under Rule 25(a)(1), the court must consider whether: (1) the motion is timely, (2) the claims pled are extinguished, and (3) the person being substituted is a proper party. If the requirements of Rule 25(a) (1) are met, '[t]he substituted party steps into the same position as [the] original party.'" *Maseda v. Saul*, No. 1:20-cv-01657-JLT, 2021 WL 2268871, at *1 (E.D. Cal. June 3, 2021) (quoting *Hilao v. Estate of Marcos*, 103 F.3d 762, 766 (9th Cir. 1996)).

In their opposition to the pending motion, defendants do not argue that plaintiff has failed to satisfy the Rule 25(a)(1) requirements to substitute plaintiff's minor children I.H., E.H., F.H.,

1

1 and A.H for him in this action.  Indeed, the court finds that plaintiff has shown that his motion is
2 timely, the claims pled have not been extinguished, and his minor children I.H., E.H., F.H., and
3 A.H. are proper parties.  Rather, defendants oppose the pending motion on the grounds that Ms.
4 Macias has not been appointed by the court as guardian *ad litem* for the minor children and the
5 motion fails to include plaintiff's fifth child, D.J., a purportedly indispensable party.  (Doc. No.
6 179.)

7 In advancing their first argument, defendants do not cite any authority for its position that
8 Ms. Macias must be appointed as a guardian *ad litem* for her minor children in order for the
9 motion to substitute to be granted.  (*See* Doc. No. 170 at 2.)  In contrast, plaintiff's reply cites
10 several decisions from this district in which a parent's request to be appointed guardian *ad litem*
11 for their children was denied as unnecessary or moot because a parent is a guardian who may sue
12 on behalf of a minor child and need not be appointed as a guardian *ad litem*.  (Doc. No. 187 at 2–
13 3); *see also Trujillo v. Ametek, Inc.*, No. 3:15-cv-01394-GPC-AGS, 2021 WL 406225, at *1 (S.D.
14 Cal. Feb. 5, 2021) (explaining that "Federal Rule of Civil Procedure 17(c)(1) permits a 'general
15 guardian,' like a custodial parent, to prosecute a case on behalf of the parent's own minor child,"
16 and therefore, a motion to appoint a mother as a guardian ad litem is likely unnecessary).
17 Accordingly, defendants' unsupported argument that Ms. Macias must first be appointed guardian
18 *ad litem* for her minor children fails.

19 Defendants' second argument also fails because, as plaintiff emphasizes in his reply brief
20 (*see* Doc. No. 187 at 5–9), Rule 25 requires that notice be provided to all interested persons but
21 does not require that all of the decedent's successors in interest be joined in substitution in order
22 for a motion to substitute to be granted.  *See Estate of Mendez v. City of Ceres*, 390 F. Supp. 3d
23 1189, 1201 (E.D. Cal. 2019) ("The Court notes that Defendants do not cite any authority
24 suggesting that all successors-in-interest must be party to § 1983 claims, and the Court has found
25 nothing to support that proposition.  Indeed, as to the first claim for unreasonable force under
26 § 1983 and the fifth claim for unreasonable force under California's Bane Act (the only claims
27 brought on behalf of Carmen's estate by a successor-in-interest), should Carmen's father recover
28 on behalf of the estate, Carmen's mother in turn may recover from the estate as an additional

successor-in-interest. The simple reason that Carmen's mother is a successor-in-interest does not require her joinder."); *Raymond v. Martin*, No. 1:18-cv-00307-DAD-JLT, 2018 WL 4560686, at *2 (E.D. Cal. Sept. 20, 2018) ("As conceded by defense counsel at the hearing on the pending motion, plaintiff is not proceeding on a state law wrongful death claim, but rather on three separate causes of action under § 1983. Defendant has located no authority—and this court has found none—establishing that all potential heirs must be joined to a § 1983 suit alleging excessive force and failure to provide medical care."). Here, plaintiff has filed proofs of service reflecting that the fifth child D.J. was served as required by Federal Rule of Civil Procedure 4(g) and California Code of Civil Procedure § 416.60. (Doc. Nos. 187 at 5) (citing Doc. Nos. 176–178).

Accordingly,

1. Plaintiff's motion to substitute (Doc. No. 174) is granted;
2. Minors I.H., E.H., F.H., and A.H., through their mother and guardian Priscilla Macias, are substituted as successors in interest for plaintiff Francisco Hurtado; and
3. The Clerk of the Court is directed to update the docket to reflect the substitution of I.H., E.H., F.H., and A.H., through their mother and guardian Priscilla Macias, as successors in interest for plaintiff Francisco Hurtado.

IT IS SO ORDERED.

Dated: **September 17, 2024**

_Dale A. Drozd_
DALE A. DROZD
UNITED STATES DISTRICT JUDGE