ROB BONTA, State Bar No. 202668
Attorney General of California
IVETA OVSEPYAN, State Bar No. 279218
Supervising Deputy Attorney General
LEEANN E. WHITMORE, State Bar No. 214870
Deputy Attorney General
JOHN C. BRIDGES, State Bar No. 248553
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 210-7515
 Telephone: (916) 210-7529
 Fax: (916) 322-8288
 E-mail: LeeAnn.Whitmore@doj.ca.gov
 E-mail: John.Bridges@doj.ca.gov
*Attorneys for Defendants State of California,
acting by and through the California Highway
Patrol and Edgardo Yepez*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO HURTADO, AN INDIVIDUAL,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA; CALIFORNIA HIGHWAY PATROL; EDGARDO YEPEZ AKA EDGARDO LOPEZ; AND DOES 1 THROUGH 100, INCLUSIVE,<br><br>Defendants. | Case No.: 2:19-CV-02343-DAD-AC<br><br>**DEFENDANTS' MOTION IN LIMINE NUMBER 8 TO PROHIBIT REFERENCE TO OTHER POLICE SHOOTINGS, DEFENSE BY THE ATTORNEY GENERAL'S OFFICE, GOLDEN RULE ARGUMENTS OR USE OF THE REPTILE THEORY AT TRIAL**<br><br>Date: October 16, 2024<br>Time: 9:00 a.m.<br>Courtroom: 4<br>Judge: Hon. Dale A. Drozd<br><br>Trial Date: October 16, 2024<br>Action Filed: April 2, 2019 |

1

Defendants, State of California, by and through the California Highway Patrol and Edgardo Yepez move in limine to exclude reference to other police shootings, defense by the Attorney General's office, golden rule arguments or use of the reptile theory at trial.

## BACKGROUND

On March 6, 2024, the Court granted plaintiff's motion in limine number 5 to exclude reference to other police shootings by the defense. During the March 6, 2024, hearing, the Court stated the rulings on the motion in limine applied equally to both parties. During the March 2024 trial plaintiff waived his claim for punitive damages. During plaintiff's counsel's rebuttal closing argument on March 19, 2024, he stated ... "Why are there so many officer-involved shootings? Why do we tolerate so much violence? Is that the standard, the defense wants is despite the evidence, despite contradictions, despite the credibility problems, just give the officer a pass. You could go home. They'll go on to their next shooting, they'll call Chapman again pay him another $30,000. That's it. We're better than that. Our system of justice has to be better than that."[1]
Additionally, plaintiff's counsel said, "I would hope that we're coming to a time where we could have more compassion and kindness to our fellow human beings, that integrity maybe would be a little more important, honesty, better training would not be a bad things for these police officers, a little more hesitation before shooting and killing people."

It is anticipated that plaintiff's counsel may attempt to utilize similar arguments in this case. Defendants moves in limine to exclude such reference based on Federal Rule of Evidence 402 and 403 and as they constitute improper golden rule arguments.

## ARGUMENT

**I.  REFERENCE TO OTHER POLICE SHOOTINGS ARE IRRELEVANT AND PREJUDICIAL AND SHOULD BE EXCLUDED.**

Federal Rule of Evidence 402 reads, Relevant evidence is admissible . . . Irrelevant evidence is not admissible.: Evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence and the fact is of consequence in determining the action. Federal Rule of Evidence 401.

---

[1] Defendant has not received the certified transcript at the time of the filing of this motion.

2

Defendants' Motion In Limine Number 8 to Prohibit of Reference to Other Police Shootings, Defense by the Attorney General's Office or Use of the Reptile Theory at Trial. (2:19-CV-02343-DAD-AC)

The sole issue in this case is whether Officer Yepez's use of force was reasonable. Reference to other police shootings or persons shot by the police is irrelevant to that inquiry.

## II. REFERENCE TO OTHER SHOOTINGS OR HOW A SOCIETY SHOULD REACT TO POLICE SHOOTINGS HAS NO PROBATIVE VALUE IN THIS CASE AND ANY PROBATIVE VALUE IS SUBSTANTIALLY OUTWEIGHED BY THE DANGER OF CONFUSING THE ISSUES OR MISLEADING THE JURY.

Under Federal Rule of Evidence 403, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time or needlessly presenting cumulative evidence."

Here, each of the factors render it necessary to exclude such arguments by plaintiff's counsel. Additionally, any reference to a person being killed by a police officer is highly prejudicial as plaintiff was not killed by Officer Yepez's use of force but was recently killed in an unrelated incident. Such arguments could create the false impression that Officer Yepez's use of force killed plaintiff, resulting in prejudice to Defendants.

## III. COURTS HAVE ROUTINELY EXCLUDED "GOLDEN RULE" AND REPTILE THEORY ARGUMENTS AS THEY SEEK TO CONVERT THE JURY FROM ITS IMPARTIAL, NEUTRAL ROLE.

The Ninth Circuit has defined a "Golden Rule" argument as:

> …is essentially a suggestion to the jury by an attorney that the jurors should do unto others, normally the attorney's client, as they would have others do unto them. The typical situation in which such an argument has been employed is the personal injury case in which the plaintiff's counsel suggests to the jurors that they grant the plaintiff the same amount of damages they would want or expect if they were in the plaintiff's shoes. The courts have generally found the 'Golden Rule' argument improper **because a jury which has put itself in the shoes of one of the parties is no longer an impartial jury.**

*Gonzalez-Chavez v. City of Bakersfield*, No. 1:12-cv-02053, 2015 WL 42972, at *9 (E.D. Cal. Feb. 2, 2015) (emphasis in original) (quoting *Minato v. Scenic Airlines, Inc.* 908 F.2d 977, at *5 (9th Cir. 1990). Courts in the Ninth Circuit have repeatedly held that "Golden Rule" arguments are improper in civil litigation. *Roman v. MSL Capital, LLC*, No. EDCV 17-2066, 2019 WL 1449499, at *5 (C.D. Cal. March 29, 2019); *Raugust v. Abbey and Sanders*, No. 20-09-H-DWM, 2022 WL 1468296, at *6 (D. Montana May 10, 2022); *J.W. v. City of Oxnard*, No. CV

3

07-06191, 2008 WL 4810298, at *8 (C.D. Cal. October 27, 2008); *Fei Lui v. BMW of North America, LLC,* No. 2:17-cv-07244, 2018 WL 11348341, at *6 (C.D. Cal. December 20, 2018).

In *Reynolds v. Gerstel,* No. 1:09-cv-00680, 2013 WL 4815788, at *5 (E.D. Cal. Sept. 9, 2013), the court granted a motion to prevent the plaintiff from invoking a "Golden Rule" argument at trial. The Court granted the motion, stating that a "Golden Rule" argument is improper, citing the opinions of several other courts which noted that "Golden Rule" arguments are "universally condemned because it encourages the jury to depart from neutrality and to decide the case on the basis of person [sic] interest rather than on the evidence." *Id.* (quoting *Spray-Rite Serv. Corp. v. Monsanto Co.*, 684 F.2d 1226, 1246 (7th Cir. 1982)). In *Retamosa v. Target Corporation,* No. CV 19-5797, 2021 WL 4499236, at *1 (C.D. Cal. May 4, 2021), the Central District of California similarly granted a motion in limine precluding plaintiffs from engaging in "any questioning, testimony, argument, and evidence that jurors should base their verdict on damages in an amount the jurors' would charge if they endured similar injuries or that a verdict for the Plaintiff will somehow make the community a safer and better place to live and work." As the *Retamosa* Court explained:

> Golden rule and reptile theory "arguments are irrelevant to actual damages alleged in this case and have a substantial likelihood of unfairly prejudicing the jury because these arguments may encourage the jury to render a verdict based on personal interest and bias rather than on the evidence."
>
> *Retamosa,* 2021 WL 4499236, at *1 (quoting *Sialoi v. City of San Diego,* No. 11-CV-2280, 2016 WL 6092590, at *1 (S.D. Cal. Oct. 18, 2016)).

"Golden Rule" arguments are also subject to exclusion as being unduly prejudicial and not probative under Federal Rule of Evidence 403. In the context of Federal Rule of Evidence 403, "unfair prejudice" means "an undue tendency to suggest decision on an improper basis, often an emotional one." *Luna v. County of Los Angeles,* No.: CV 07-04715, 2008 WL 11410093, at *1 (C.D. Cal. September 25, 2008); *U.S. v. Hankey,* 203 F.3d 1160, 1172 (9th Cir. 2000).

The "reptile theory" is closely related to the "golden rule" and it similarly invokes juror self-interest at the expense of impartiality. *Espindola v. Wismettac Asian Foods, Inc.*, No. 20-030702, 2023 WL 2628698 at * 5 (C. D. Cal. Jan. 13, 2023). The reptile theory attempts to inspire strong feelings by "showing the jury that the defendant's conduct represents a danger of

4

the survival of the jurors and families. *Hensley v. Methodist Healthcare Hosps.*, No. 13-2436, 2015 WL 5076982 at * 4 (W.D. Tenn. Aug. 27, 2015).

In this case, during plaintiff's counsel's rebuttal closing argument on March 19, 2024, he stated: "Why are there so many officer-involved shootings? Why do we tolerate so much violence? Is that the standard, the defense wants is despite the evidence, despite contradictions, despite the credibility problems, just give the officer a pass. You could go home. They'll go on to their next shooting, they'll call Chapman again pay him another $30,000. That's it. We're better than that. Our system of justice has to be better than that.[2]" Additionally, plaintiff's counsel said, "I would hope that we're coming to a time where we could have more compassion and kindness to our fellow human beings, that integrity maybe would be a little more important, honesty, better training would not be a bad things for these police officers, a little more hesitation before shooting and killing people." These are the type of arguments that are improper and prejudicial and should be excluded.

## CONCLUSION

Accordingly, Defendants request that the Court grant the motion in limine barring Plaintiffs and their counsel from making Golden Rule or Reptile Theory arguments at trial. Such arguments are more prejudicial than probative under Federal Rule of Evidence 403.

Dated: September 24, 2024

Respectfully submitted,

ROB BONTA
Attorney General of California
IVETA OVSEPYAN
Supervising Deputy Attorney General

***/s/ LeeAnn E. Whitmore***

LEEANN E. WHITMORE
Deputy Attorney General
JOHN C. BRIDGES
Deputy Attorney General
*Attorneys for Defendants State of California, acting by and through the California Highway Patrol and Edgardo Yepez*

---

[2] Defendant has not received the certified transcript at the time of the filing of this motion.

5

Defendants' Motion In Limine Number 8 to Prohibit of Reference to Other Police Shootings, Defense by the Attorney General's Office or Use of the Reptile Theory at Trial. (2:19-CV-02343-DAD-AC)