1  ROB BONTA, State Bar No. 202668
   Attorney General of California
2  IVETA OVSEPYAN, State Bar No. 279218
   Supervising Deputy Attorney General
3  LEEANN E. WHITMORE, State Bar No. 214870
   Deputy Attorney General
4  JOHN C. BRIDGES, State Bar No. 248553
   Deputy Attorney General
5    1300 I Street, Suite 125
     P.O. Box 944255
6    Sacramento, CA 94244-2550
     Telephone: (916) 210-7515
7    Telephone: (916) 210-7529
     Fax: (916) 322-8288
8    E-mail: LeeAnn.Whitmore@doj.ca.gov
     E-mail: John.Bridges@doj.ca.gov
9  *Attorneys for Defendants State of California,
   acting by and through the California Highway*
10 *Patrol and Edgardo Yepez*

11

12              IN THE UNITED STATES DISTRICT COURT

13            FOR THE EASTERN DISTRICT OF CALIFORNIA

14

15

16 | **FRANCISCO HURTADO, AN**      | Case No.: 2:19-CV-02343-DAD-AC
   | **INDIVIDUAL,**                |
17 |                                | **DEFENDANTS' MOTION IN LIMINE**
18 |                    Plaintiff,  | **NO. 9: TO EXCLUDE ANY REFERENCE**
   |                                | **TO THE DEATH OF FRANCISCO**
19 |              v.                | **HURTADO**
20 | **STATE OF CALIFORNIA; CALIFORNIA** |
   | **HIGHWAY PATROL; EDGARDO YEPEZ** |
21 | **AKA EDGARDO LOPEZ; AND DOES 1** |
   | **THROUGH 100, INCLUSIVE,**    | Date:      October 16, 2024
22 |                                | Time:      9:00 a.m.
   |                                | Dept:      4
23 |                    Defendants. | Judge:     Hon. Dale A. Drozd
24 |                                |
   |                                | Trial Date:   October 16, 2024
25 |                                | Action Filed: April 2, 2019

26                          **INTRODUCTION**

27       Defendants, State of California by and through the California Highway Patrol (CHP) and

28 Officer Yepez hereby submit this motion to exclude evidence of and/or reference to the death of

                                       1

Francisco Hurtado as it is irrelevant to the issues in this case and creates undue prejudice against defendants. Accordingly, defendants' respectfully request that this motion be granted.

## BACKGROUND

This case proceeded to trial in March 2024, and the court declared a mistrial following the jury's inability to reach a unanimous verdict. (ECF No. 165.) On June 28, 2024, Plaintiff Hurtado was killed in an unrelated incident, and the plaintiffs do not allege that his death was related in any way to the facts and circumstances of this litigation.

On September 18, 2024, this court issued an order granting plaintiff's motion to substitute his four minor children as plaintiffs in this action. (ECF No. 189.)

While defendants recognize that the deadline for filing motions in limine passed before the first trial took place, the circumstances of plaintiff's untimely death provide good cause for this motion in limine, which could not have been filed prior to that deadline.

## ARGUMENT

### I. EVIDENCE OF PLAINTIFF'S DEATH, OR REFERENCES TO HIS DEATH, ARE IRRELEVANT.

Pursuant to Federal Rules of Evidence, rule 401, evidence if relevant if: "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." *Huddleston v. U.S.*, 485 U.S. 681, 682-92 (1988); *Boyd v. City and County of San Francisco,* 576 F.3d 938, 944 (9th Cir. 2009). In the present case, plaintiff's death is unrelated to any issue in the case, and therefore cannot have a tendency to make a fact "more or less probable" than it would be without reference to his death. Moreover, any facts related to his death, including the fact that he has passed away, are unrelated to any fact "of consequence in determining the action."

The only issue that is relevant to the adjudication of this case and is potentially affected by plaintiff's death is the cut-off date of his past economic and non-economic damages, which is the date of his death, June 28, 2024. However, instructing the jury to determine his past damages from the date of the incident to June 28, 2024, can be accomplished without referencing his death.

## II. REFERENCE TO AND/OR EVIDENCE OF PLAINTIFF'S DEATH CREATES A DANGER OF UNFAIR PREJUDICE.

Federal Rules of Evidence, rule 403 provides, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presented cumulative evidence." Even if the fact that plaintiff has passed away is determined to be relevant pursuant to rule 401, the court should exclude any such references due to the danger of unfair prejudice to the defendants that substantially outweighs any probative value of the evidence. Plaintiff's death is unrelated to the facts and circumstances of this litigation, yet his death, coupled with leaving behind the four minor children who are now plaintiffs, will create sympathy in the jury that could very easily lead to a finding in plaintiff's favor as a way to help his family following their loss. The only way to prevent the jury from applying improper sympathy to its deliberations is to prevent the jury from ever hearing the basis for that sympathy. The parties can read plaintiff's deposition transcript and/or trial testimony to the jury due to his unavailability pursuant to Federal Rules of Evidence, rule 804(a)(4). The fact that plaintiff is unavailable to appear at trial through no fault of his own can be presented to the jury without providing an explanation as to *why* he is unavailable to appear. The "why" creates a significant danger of undue prejudice against the defendants in the jury may wonder if the defendants' conduct somehow contributed to plaintiff's death, and/or create sympathy for plaintiff's heirs in a way that may improperly influence a verdict.

## CONCLUSION

Plaintiff's death is an unforeseen tragedy, yet it is not related to the facts and circumstances of this case and is therefore irrelevant to the jury's determination of the matters at issue at trial. If the jury is allowed to learn that plaintiff passed away, that fact may create undue prejudice against the defendants leading to a verdict based on sympathy rather than the evidence related to the issues in the case.

Defendants understand and appreciate that not referencing plaintiff's whereabouts to the jury may be awkward and create curiosity in the jury; however, juries regularly have questions

3

1  about why certain evidence was not presented to them, or why certain witnesses were

2  unavailable, as satisfying the jury's curiosity is not a basis for admitting otherwise irrelevant

3  and/or prejudicial evidence.

4      For the foregoing reasons, defendants respectfully request the court grant this motion in

5  limine and prohibit any reference to plaintiff's death on June 28, 2024.

7  Dated:  September 24, 2024                    Respectfully submitted,

8                                               ROB BONTA
                                                Attorney General of California
9                                               IVETA OVSEPYAN
                                                Supervising Deputy Attorney General
10

11                                              */s/ John Bridges*

12                                              LEEANN E. WHITMORE
                                                Deputy Attorney General
                                                JOHN C. BRIDGES
13                                              Deputy Attorney General
                                                *Attorneys for Defendants State of California,*
14                                              *acting by and through the California*
                                                *Highway Patrol and Edgardo Yepez*
15

16  LA2019501468
    38433075.docx
17

18

19

20

21

22

23

24

25

26

27

28