**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
E-mail: dalekgalipo@yahoo.com
Hang D. Le (SBN 293450)
E-mail: hlee@galipolaw.com
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333; Fax: (818) 347-4118

Humberto M. Guizar, Esq.      (SBN 125769)
Kent M. Henderson, Esq.       (SBN 139530)
Angel Carrazco, Jr., Esq.     (SBN 230845)
**GUIZAR, HENDERSON & CARRAZCO, L.L.P.**
18301 Irvine Boulevard, Tustin, CA 92780
Telephone:    (714) 541-8600
Facsimile:    (714) 541-8601
Email:        hguizar@ghclegal.com
              hendolaw@gmail.com
              angel@carrazcolawapc.com

Attorneys for Plaintiffs I.H., E.H., F.H., and A.H. by and through their guardian Priscilla Macias, as successors in interest to Plaintiff Francisco Hurtado

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO HURTADO, an individual<br><br>Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA; CALIFORNIA HIGHWAY PATROL; EDGARDO YEPEZ aka EDGARDO LOPEZ; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 2:19-cv-02343-DAD-AC<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NUMBER 8 TO PROHIBIT REFERENCES TO OTHER POLICE SHOOTINGS, DEFENSE BY THE ATTORNEY GENERAL'S OFFICE, GOLDEN RULE ARGUMENTS OR USE OF REPTILE THEORY AT TRIAL**<br><br>Trial Date:    October 16, 2024 |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

In Defendants' Motion *in Limine* No. 8, Defendants purportedly seek to broadly exclude references to other officer-involved shootings, "Golden Rule" arguments and ill-defined "Reptile Theory" arguments. Defendants identify two statements made by Plaintiff Francisco Hurtado's lead trial counsel during rebuttal closing arguments, during which he questioned why there were so many officer-involved shootings, argued that Defendants sought to establish a standard where they are able to repeatedly pay their biased police practices expert to testify that a shooting was justified and move onto the next shooting, and expressed hope that times were changing to a point where everyone would have more compassion and kindness to their fellow human beings, more honesty and integrity, and in the context of police officers, better training and more thoughtfulness before using deadly force. Defendants claim that the Court previously granted Plaintiff Hurtado's Motion *in Limine* No. 5 to exclude references of other police shootings and intimate that trial counsel's closing arguments violated the Court's order and should also be excluded because they seek to improperly place the jury into a party's shoes. Both arguments mischaracterize and misunderstand the Court's motion *in limine* ruling and trial counsel's closing arguments. Accordingly, Defendants' Motion *in Limine* No. 8 should be denied in its entirety.

## II. PLAINTIFF'S COUNSEL'S STATEMENTS REGARDING POLICE SHOOTINGS WERE APPROPRIATE, RELEVANT, AND DID NOT VIOLATE THE COURT'S ORDER

Plaintiff Hurtado's Motion *in Limine* No. 5 sought to exclude evidence and arguments regarding shootings *of* police officers, specifically cases in which officers were ambushed and killed. (*See* Doc. No. 62 at 3). Plaintiff Hurtado argued that those other cases are not relevant to this case because Hurtado was "laying down and moaning on top of an overturned car when he was shot in the buttocks." (*See id.*). Plaintiff Hurtado further sought to exclude opinions by defense police practices expert Clarence Chapman regarding "quick draws" because such opinions were inapplicable to the facts of this case. The Court granted Plaintiff Hurtado's motion. (*See* Doc.

1  No. 138). Neither one of Plaintiff Hurtado's counsel's statements identified by Defendants fall
2  into either of these categories.

3  Additionally, Plaintiff Hurtado's counsel's statements regarding police shootings and Mr.
4  Chapman were specific to the evidence presented at trial. At trial, Mr. Chapman was asked the
5  number of cases he has worked on for the State of California as a police practices expert and of
6  those cases, the number of times he has opined that a shooting is justified or within policy and the
7  number of times the shootings were of unarmed individuals. These are relevant questions to
8  establish Mr. Chapman's bias, which was something the jury was later instructed that they could
9  consider in assessing a witness's credibility. Moreover, Mr. Chapman and defendant Edgardo
10 Yepez's testimonies were impeached on several occasions and Plaintiff Hurtado presented
11 credible evidence that he was not an objective threat of death or serious bodily harm at the time of
12 the shooting.

13 Thus, when Plaintiff Hurtado's counsel stated, "Why are there so many officer-involved
14 shootings? Why do we tolerate so much violence? Is that the standard, the defense wants is despite
15 the evidence, despite contradictions, despite the credibility problems, just give the officer a pass.
16 You could go home. They'll go on to their next shooting, they'll call Chapman again pay him
17 another $30,000. That's it…" Plaintiff Hurtado's counsel was directly arguing the evidence that
18 was presented at trial regarding defense witnesses' credibility issues, contradictions in defense's
19 version of events versus evidence presented by Plaintiff Hurtado, and Mr. Chapman's bias in his
20 work with the defense. *See U.S. v. Gorostiza*, 468 F.2d 915 (9th Cir. 1972) ("In closing arguments,
21 both defense attorneys and prosecution attorneys are allowed reasonably wide latitude. They may
22 strike 'hard blows,' based upon the testimony and its inferences"); *see also U.S. v. Sayetsitty*, 107
23 F.3d 1405, 1409 (9th Cir. 1997) ("Criticism of defense theories and tactics is a proper subject of
24 closing argument.").  Additionally, despite Defendants' argument that references to other officer-
25 involved shootings could create the false impression that Officer Yepez's use of force killed
26 Hurtado, this concern can be adequately addressed through the Court's instructions to the jury. For
27 example, the Court could instruct the jury that Hurtado is not present at the trial because he
28 unfortunately passed away from unrelated causes and that his death is unrelated to the shooting in

this case. To categorically bar all references to other police shootings, despite their being relevant to Mr. Chapman's credibility and other evidence presented in this case, would prejudice Plaintiffs from fully presenting and arguing their case.

### III. COUNSEL'S STATEMENTS ARE NEITHER GOLDEN RULE ARGUMENTS NOR REPTILE THEORY ARGUMENTS

Arguments regarding the rise in violence and police shootings in society and a plea for more compassion, kindness, honesty, and thoughtfulness and less violence and killings are neither "Golden Rule" arguments nor "Reptile Theory" arguments. A Golden Rule argument is defined as "a suggestion to the jury by an attorney that the jurors should do unto others…as they would have others do unto them." *Minato v. Scenic Airlines, Inc.*, 908 F.2d 977 (9th Cir. 1990) (table). "While the Ninth Circuit has not explicitly addressed whether golden rule arguments should be categorically prohibited, the majority of circuit courts prohibit Golden Rule arguments on the issue of damages." *Hardesty v. Sacramento Metro. Air Quality Mgtmt. Dist.*, No. 210CV02414KJMKJN, 2023 WL 4564748, at *4 (E.D. Cal. July 17, 2023) (cleaned up); *see also OCG Energy, LLC v. Shen*, No. 822CV01568FWSDFM, 2024 WL 694912, at *16 (C.D. Cal. Feb. 12, 2024) ("Courts generally find "golden rule" arguments regarding damages to be improper."). Here, Plaintiff Hurtado's counsel's statements neither suggested to the jury to place themselves in Plaintiff Hurtado's shoes nor touched on anything relating to damages.

Nor do Plaintiff Hurtado's counsel's closing statements qualify as "Reptile Theory" arguments as defined by Defendants. Rather, Plaintiff Hurtado's counsel was appealing to the jury to expect better for society and act as the conscience of the community, which are not categorically impermissible. *See People v. Guam v. Quichocho*, 973 F.2d 723, 727 (9th Cir. 1992) ("Appeals to the jury to act as a conscience of the community are not impermissible unless they are specifically designed to inflame the jury."). Plaintiff Hurtado's counsel plea that society should expect more compassion, kindness, honesty, thoughtfulness, and less violence and killings, particularly police shootings, was a permissible appeal for the jury to act as the moral conscience of the community—not "Reptile Theory" arguments that Defendants define as "attempts to inspire strong feelings by showing the jury that the defendant's conduct represents a danger of survival of

the jurors and families." (Defs.' MIL No. 8, Doc. No. 197 at 4-5). Additionally, Plaintiff Hurtado's counsel's closing statement regarding how the Attorney General's office has defended this case is within the permissible confines of closing arguments and are neither Golden Rule nor Reptile Theory arguments. *See Aidini v. Costco Wholesale Corp.*, Case No. 2:15-cv-00505-APG-GWF, 2017 WL 10775082, at *1 (D. Nev. Apr. 12, 2017) (denying defendant's request to prohibit plaintiff from suggesting that the defendant company was "slithering from its responsibilities by defending this case" as it was not an improper closing argument).

Moreover, Plaintiffs I.H., E.H., F.H., and A.H., as successors in interest to Francisco Hurtado, still maintain a claim for negligence in which Office Yepez's pre-shooting conduct and decisions and use of deadly force are at issue. Part of Plaintiffs' police practices expert's testimony was and will be that officers are trained on specific tactics and conduct to ensure officer safety, suspect safety, and community safety and that departure from such training places everyone's safety at risk. Such departure from training can be evidence of negligence. *See Grudt v. City of Los Angeles* 2 Cal. 3d 575, 588 (1970) (police tactical manual pertaining to the use of firearms was admissible "on the ground that an employee's failure to follow a safety rule promulgated by his employer, regardless of its substance, serves as evidence of negligence); *People v. Brown* 245 Cal. App. 4th 140, 171(2016)  ("[O]fficer training and tactics can potentially be relevant for purposes of tort liability."). Accordingly, arguments within the confines of the appropriate legal standard regarding officer training and decisions to protect the community should be permitted. *See DeRuyver v. Omni La Costa Resort & Spa, LLC*, No. 17-CV-00516-H-AGS, 2019 WL 1097490, at *4 (S.D. Cal. Mar. 8, 2019) (denying motion in limine to exclude use of "reptile theory," references to "golden rule," "community safety," and "the safest possible action" in part because it was a negligence case in which safety of the consumer may be at issue); *Aidini*, 2017 WL 10775082, at *1 (finding it reasonable for plaintiff to argue that under plaintiff's state negligence claim, "the jury should consider what a reasonable person in the community would due in the [defendant company's] place").

//

//

## IV. DEFENDANTS' MOTION SHOULD BE DENIED BECAUSE IT IS OVERBROAD AND VAGUE

While Defendants identified two statements made by Plaintiff Hurtado's counsel in his rebuttal closing arguments as what they contend to be impermissible Golden Rule or Reptile Theory arguments (which Plaintiffs dispute and contend are within the bounds of permissible closing argument subjects), Defendants ask that the Court go even further and exclude all "similar arguments" (Defs.' MIL No. 8, Doc No. 197 at 2) or "type of arguments" (Defs.' MIL No. 8, Doc No. 197 at 5) that Defendants vaguely contend are Golden Rule or Reptile Theory arguments. Such requests are routinely denied by courts because they are too vague and overboard. *See, e.g., OCG Energy, LLC v. Shen*, Case No. 8:22-cv-01568-FWS-DFM, 2024 WL 694912, at *16 (C.D. Cal. Feb. 12, 2024) (denying blanket pretrial prohibition of Golden Rule or Reptile Theory arguments as such matters are better left to be decided pursuant to timely objects to specific statements at trial); *Hardesty*, 2023 WL 4564748, at *4 (recognizing that "[m]any courts in this [C]ircuit have denied motions *in limine* seeking to categorically exclude" evidence related to the Golden Rule or Reptile Theory) *Rosas v. Geico Cas. Co.*, No. 218CV01200APGNJK, 2022 WL 2439575, at *1 (D. Nev. Jan. 26, 2022) (denying defendant's motion *in limine* regarding "Reptile Theory" arguments despite defendant providing examples of the types of argument it deemed impermissible because defendant sought prohibition of arguments that extended beyond the confines of the examples provided and such prohibition was too expansive and was better left to be determined pursuant to an objection at trial); *Aidini*, 2017 WL 10775082, at *1 n.3 (collecting cases denying blanket motions *in limine* based on Reptile Theory arguments). Accordingly, the Court should deny Defendants' Motion for a blanket prohibition in its entirety and leave the matter to be decided subject to timely objections to specific statements made at trial.

## V. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendants' Motion *in Limine* Number 8 to Prohibit Reference to Other Police Shootings, Defense by the Attorney General's Office, Golden Rule Arguments or Use of the Reptile Theory at Trial in its entirety.

DATED:  October 2, 2024

**LAW OFFICES OF DALE K. GALIPO**

**GUIZAR, HENDERSON & CARRAZCO, LLP**


By: _____*/s/ Hang D. Le*_____
      Dale K. Galipo
      Hang D. Le
      Kent M. Henderson
      Angel Carrazco, Jr.
      Attorneys for Plaintiffs I.H., E.H., F.H., and A.H. by and through their guardian Priscilla Macias, as successors in interest to Plaintiff Francisco Hurtado