**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
E-mail: dalekgalipo@yahoo.com
Hang D. Le (SBN 293450)
E-mail: hlee@galipolaw.com
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333; Fax: (818) 347-4118

Humberto M. Guizar, Esq.     (SBN 125769)
Kent M. Henderson, Esq.      (SBN 139530)
Angel Carrazco, Jr., Esq.    (SBN 230845)
**GUIZAR, HENDERSON & CARRAZCO, L.L.P.**
18301 Irvine Boulevard, Tustin, CA 92780
Telephone:    (714) 541-8600
Facsimile:    (714) 541-8601
Email:        hguizar@ghclegal.com
              hendolaw@gmail.com
              angel@carrazcolawapc.com

Attorneys for Plaintiffs I.H., E.H., F.H., and A.H. by and through their guardian Priscilla Macias, as successors in interest to Plaintiff Francisco Hurtado

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO HURTADO, an individual<br><br>Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA; CALIFORNIA HIGHWAY PATROL; EDGARDO YEPEZ aka EDGARDO LOPEZ; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 2:19-cv-02343-DAD-AC<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NUMBER 9 TO EXCLUDE ANY REFERENCE TO DEATH OF FRANCISCO HURTADO**<br><br>Trial Date:   October 16, 2024 |

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This case proceeded to trial on March 11, 2024. On March 21, 2024, the Court declared a mistrial because the jury was deadlocked and unable to come to a unanimous decision. (*See* Doc. No. 165). On April 9, 2024, the Court held a Status Conference and set a retrial date for October 16, 2024. (*See* Doc. No. 170). On June 28, 2024, Plaintiff Francisco Hurtado unfortunately passed away due to unrelated causes. On August 27, 2024, Plaintiff Hurtado's four minor children, by and through their mother and guardian Priscilla Macias, filed a Motion to Substitute, requesting that they be substituted in for Plaintiff Hurtado to continue this action. (*See* Doc. No. 174). On September 18, 2024, the Court issued an Order Granting Plaintiff's Motion for Substitution. (*See* Doc. No. 189). In the Court's Order, the Court directed the Clerk of Court to "update the docket to reflect the substitution of I.H., E.H., F.H., and A.H., through their mother and guardian Priscilla Macias, as successors in interest for plaintiff Francisco Hurtado." (Doc. No. 189 at 3). Pursuant to the Court's Order, the Clerk updated the docket and terminated Francisco Hurtado as plaintiff, replacing him with his four minor children, by and through their mother and guardian, Priscilla Macis. This case is now set to go to trial on October 16, 2024.

Defendants' Motion *in Limine* Number 9 seeks to exclude any and all references to Francisco Hurtado's death. Plaintiffs oppose Defendant's Motion and contend that it is necessary to inform the jury that Hurtado passed away due to unrelated causes in order to explain Hurtado's absence at trial and why Hurtado is no longer a plaintiff and has been replaced by his minor children, I.H., E.H., F.H., and A.H.

## II. A SHORT EXPLANATION OF HURTADO'S PASSING IS NECESSARY TO EXPLAIN HIS ABSENCE AND THE SUBSTITUTION OF PLAINTIFF AND WOULD NOT RESULT IN ANY UNFAIR PREJUDICE TO DEFENDANTS

Francisco Hurtado's absence at the upcoming trial for injuries he personally sustained from the use of force by Defendant Edgardo Yepez will be a sizeable "elephant in the courtroom" that would be prejudicial to Plaintiffs if not sufficiently addressed. Defendants propose that the Court give the jury a vague instruction that "the plaintiff is unavailable to appear at trial through no fault

1  of his own," but this instruction would not adequately address the unfair prejudice Plaintiffs
2  potentially face due to Hurtado's absence, nor will it explain why Hurtado's minor children are the
3  plaintiffs in this action instead of Hurtado. If the Court were to omit the relevant and necessary
4  information that Hurtado passed away during the pendency of this action from causes unrelated to
5  this action, Hurtado's absence will be a nagging element throughout the trial that may lead the jury
6  to infer that Hurtado's absence is due to the fact that he does not care about his case or that he is
7  incarcerated. This would be unduly prejudicial to Plaintiffs because the jury would be less inclined
8  to render a verdict or reward damages to someone who does not care enough to show up to pursue
9  his own case or someone who the jury thinks is a criminal whose incarceration supersedes any
10 damages he incurred from the incident.

11  Additionally, now that Hurtado's four minor children have been substituted in to continue
12 this action as Hurtado's successors in interest, the jury will need an explanation as to why
13 Hurtado's minor children are the plaintiffs rather than Hurtado himself. The only way to explain
14 the substitution is to inform the jury that Hurtado has passed away and that under California law,
15 Hurtado's four minor children have the right to continue this action on Hurtado's behalf as his
16 successors in interest.

17  With adequate instruction from the Court, Defendants will not face any prejudice due to
18 Hurtado's death. Instructing the jury that Hurtado died due to unrelated causes that have nothing
19 to do this with incident will foreclose any questions Defendants contend the jury may have as to
20 whether defendant's conduct somehow contributed to Hurtado's death. Additionally, any potential
21 sympathy the jury may have for Hurtado's children is an unavoidable consequence of the
22 unfortunate circumstances. However, the Court will, as it did in the last trial, provide specific
23 instructions regarding liability and damages—none of which have sympathy as an element, and "a
24 jury is presumed to follow its instructions." *Weeks v. Angelone*, 528 U.S. 225, 234 (2000).
25 Additionally, "any concerns about potential prejudice to the defendant may be directly addressed,
26 and the prejudice cured, with appropriate limiting instructions." *Hamm v. American Home*
27 *Products Corp.*, 888 F. Supp. 1037, 1039 (E.D. Cal. 1995); *see Landeros v. Schafer*, No. 2:17-cv-
28 02598-KJM-CKD, 2022 WL 1625185, at *2 (E.D. Cal. May 23, 2022) (declining to bifurcate trial

into a liability phase and damages phase based on defendants' concern that the jury "could be swayed inappropriately by sympathy for [decedent's] wife and children because the court was not persuaded that the jury would not be able to distinguish the issues from sympathy for the plaintiffs and because any potential prejudice could be cured by appropriate instructions).

Accordingly, an explanation of Hurtado's absence due to his death is relevant and necessary to explain Hurtado's absence while addressing any potential prejudice to Plaintiffs due to Hurtado's absence, and to explain why Hurtado's minor children are now pursuing this survival action on behalf of Hurtado. Moreover, such explanation regarding Hurtado's death will not result in any undue prejudice to Defendants.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendants' Motion *in Limine* Number 9 to Exclude Any Reference to the Death of Francisco Hurtado in its entirety.

DATED:  October 2, 2024

**LAW OFFICES OF DALE K. GALIPO**

**GUIZAR, HENDERSON & CARRAZCO, LLP**

By: _____*/s/ Hang D. Le*_____
  Dale K. Galipo
  Hang D. Le
  Kent M. Henderson
  Angel Carrazco, Jr.
  Attorneys for Plaintiffs I.H., E.H., F.H., and A.H. by and through their guardian Priscilla Macias, as successors in interest to Plaintiff Francisco Hurtado