| | |
|---|---|
| 1 | ROB BONTA, State Bar No. 202668<br>Attorney General of California |
| 2 | IVETA OVSEPYAN, State Bar No. 279218<br>Supervising Deputy Attorney General |
| 3 | LEEANN E. WHITMORE, State Bar No. 214870<br>Deputy Attorney General |
| 4 | JOHN C. BRIDGES, State Bar No. 248553<br>Deputy Attorney General |
| 5 | 1300 I Street, Suite 125<br>P.O. Box 944255 |
| 6 | Sacramento, CA 94244-2550<br>Telephone: (916) 210-7515 |
| 7 | Telephone: (916) 210-7529<br>Fax: (916) 322-8288 |
| 8 | E-mail: LeeAnn.Whitmore@doj.ca.gov<br>E-mail: John.Bridges@doj.ca.gov |
| 9 | *Attorneys for Defendants State of California,* |
| 10 | *acting by and through the California Highway Patrol and Edgardo Yepez* |

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **FRANCISCO HURTADO, AN INDIVIDUAL,**<br><br>Plaintiff,<br><br>v.<br><br>**STATE OF CALIFORNIA; CALIFORNIA HIGHWAY PATROL; EDGARDO YEPEZ AKA EDGARDO LOPEZ; AND DOES 1 THROUGH 100, INCLUSIVE,**<br><br>Defendants. | Case No.: 2:19-CV-02343-DAD-AC<br><br>**DEFENDANTS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION IN LIMINE NO. 8 TO PROHIBIT REFERENCE TO OTHER POLICE SHOOTINGS, DEFENSE BY THE ATTORNEY GENERAL'S OFFICE, GOLDEN RULE ARGUMENTS OR USE OF THE REPTILE THEORY AT TRIAL**<br><br>Date:  October 16, 2024<br>Time:  9:00 a.m.<br>Courtroom:  4<br>Judge:  Hon. Dale A. Drozd<br>Trial Date:  October 16, 2024<br>Action Filed:  April 2, 2019 |

Defendants, State of California, by and through the California Highway Patrol (CHP) and Edgardo Yepez submit the following reply memorandum of points and authorities in support of

1

their motion in limine to exclude reference to other police shootings, defense by the Attorney General's Office, Golden Rule arguments or use of reptile theory at trial.

Plaintiffs have sued Officer Yepez for excessive for under 42 U.S.C. section 1983, battery and negligence based on his shooting of Francisco Hurtado on March 15, 2018. Plaintiff alleges that the CHP is vicariously liable for battery and negligence under California Government Code section 815.2. Plaintiffs' counsel's arguments such as, "Why are there so many officer involved shootings? Why do we tolerate so much violence? Is that the standard, the defense wants is despite the evidence, despite contradictions, despite the credibility problems, just give the officer a pass. You could go home. They'll go on to their next shooting, they'll call Chapman again pay him another $30,000. That's it. We're better than that. Our system of justice has to be better than that"[1] are not relevant and serve no purpose other than to enflame the jury. Thus, they should be excluded.

## ARGUMENT

**I.   REFERENCE TO OTHER POLICE SHOOTINGS ARE IRRELEVANT AND PREJUDICIAL AND SHOULD BE EXCLUDED.**

Plaintiffs' counsel attempts to argue that it should be able to exclude reference to evidence and arguments of police officers being ambushed, but he should be allowed to say things like "why are there so many officer involved shootings? Why do we tolerate this much violence?" ignores that other police shootings are irrelevant to this action. Defendant's motion did not seek to limit questioning Mr. Chapman regarding his work. However, asking the jury to analyze why there are so many police shootings or tolerating the violence has nothing to do with the issue that the jury is to decide, whether Officer Yepez's use of force was reasonable. Additionally, the arguments do not correctly state what each juror is being asked to determine. None of the jury instructions that the Court will read set a standard like plaintiffs' counsel argued for. Such inflammatory argument should be excluded.

---

[1] Defendant has not received the certified transcript at the time of the filing of this motion.

**II.     PLAINTIFFS' COUNSEL'S STATEMENTS ARE IMPROPER AND SHOULD BE EXCLUDED.**

While attorneys are allowed reasonably wide latitude in closing arguments, there are limits. They may strike "hard blows" based upon the testimony and inferences, although they may not of course, employ arguments which could fairly be characterized as foul or unfair. *United States v. Gorostiza*, 468 F.2d 915, 916 (9th Cir. 1972.) In *Gorostiza*, the Court found that the prosecutor's argument that the defense had taken a "Perry Mason" like approach was not improper. (*Id.*) Here, by contrast, plaintiff's counsel's arguments asking things like, "why are there so many police shootings," "Why do we tolerate so much violence? Is that the standard, the defense wants is despite the evidence, despite contradictions, despite the credibility problems, just give the officer a pass. You could go home." "They'll go on to their next shooting … They'll go on to their next shooting … We're better than that. Our system of justice has to be better than that," have nothing to do with evidence in the case or inferences to evidence.  These arguments are specifically designed to inflame the jury and are unduly prejudicial to Officer Yepez because the jury must make its determination, based on the actions at the time of the shooting, not appealing to society as a whole.

Plaintiffs' counsel can challenge Mr. Chapman's credibility using testimony and arguments, not referencing other police officer shootings or trials. Thus, the above arguments and those similar to them should be excluded.

**III.    PLAINTIFFS' NEGLIGENCE CAUSE OF ACTION DOES NOT ALLOW REFERENCE TO OTHER POLICE SHOOTINGS.**

Plaintiffs' counsel appears to argue that they can use the above arguments because they have alleged negligence against Officer Yepez. (ECF 199, p. 5 line, 8-12.) Asking why there are so many officer-involved shootings or stating, "I would hope that we're coming to a time where we could have more compassion and kindness to our fellow human beings, that integrity maybe would be a little more important, honesty, better training would not be a bad things for these police officers, a little more hesitation before shooting and killing people," has nothing to do with whether Officer Yepez was negligent at the time of the shooting. Also, making a reference to an officer killing someone does not comport with the facts of the case.

3

The Court provides instruction to the jury on the standard for negligence and plaintiff's argument is not the standard. Thus, it should be excluded.

**IV.  REPTILE AND GOLDEN RULE ARGUMENTS SHOULD BE PROHIBITED.**

Plaintiffs incorrectly argue that the above arguments did not violate the golden rule or constitute reptile theory. However, they clearly ask the jury to stand in the shoes of the plaintiffs and send a message about police shootings. Also, asking why there are so many police shootings is not reflective of facts or evidence presented in the case.

Additionally, the cases cited by plaintiffs do not support their argument that they should be able to make statements like those referenced in motion in limine number 8. In *DeRuever v. Omni Resort & Spa LLC*, No. 17-CV-0516-H-AGS, 2019 WL 109740 at *4 (S.D. Mar 8, 2019), the Court denied the motion in limine as moot because there was no indication that plaintiffs' counsel will engage in such tactics. The Court also noted that the safety of a consumer may be an issue in this case, and Defendant's were too vague at this time. *DeRuever v. Omni Resort & Spa LLC*, No. 17-CV-0516-H-AGS, 2019 WL 109740 at *4 (S.D. Mar 8, 2019). Here, plaintiffs have raised the specific arguments that violate the reptile theory and golden rule arguments and are expected to continue making those statements at the re-trial of this matter.

Similarly, in *Aidini v. Costco Wholesale Corp,* Case No. 2:15-cv-00505-APG-GWF, 2017 WL 10775082 at *1, the court denied the motion because it sought a broad prospective order untethered to any specific statement that the other side may make. A*idini v. Costco Wholesale Corp,* Case No. 2:15-cv-00505-APG-GWF, 2017 WL 10775082 at *1. The Court also held that counsel was prohibited from making any statements that would place the jury in Aidini's skin, or would otherwise violate the Golden Rule or any other applicable restriction on counsel's arguments. *Id.*

Here, Defendants have pointed to the specific arguments which are improper, prejudicial and should be excluded.

**CONCLUSION**

Accordingly, Defendants request that the Court grant the motion in limine barring Plaintiffs and their counsel from making Golden Rule or Reptile Theory arguments at trial. Such arguments

are irrelevant to the evidence or standard in this case and are more prejudicial than probative under Federal Rule of Evidence 403.

Dated: October 4, 2024

Respectfully submitted,

ROB BONTA
Attorney General of California
IVETA OVSEPYAN
Supervising Deputy Attorney General

*/s/ LeeAnn E. Whitmore*
LEEANN E. WHITMORE
Deputy Attorney General
JOHN C. BRIDGES
Deputy Attorney General
*Attorneys for Defendants State of California, acting by and through the California Highway Patrol and Edgardo Yepez*

5

Defendants' Reply Memorandum in Support of Motion In Limine Number 8 to Prohibit Reference to Other Police Shootings, Defense by The Attorney General's office, Golden Rule Arguments or Use of Reptile Theory at Trial
(2:19-CV-02343-DAD-AC)

# CERTIFICATE OF SERVICE

| | | | |
|---|---|---|---|
| Case Name: | **Francisco Hurtado v. State of California, et al.** | No. | **2:19-CV-02343-DAD-AC** |

I hereby certify that on <u>October 4, 2024</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANTS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION IN LIMINE NO. 8 TO PROHIBIT REFERENCE TO OTHER POLICE SHOOTINGS, DEFENSE BY THE ATTORNEY GENERAL'S OFFICE, GOLDEN RULE ARGUMENTS OR USE OF THE REPTILE THEORY AT TRIAL**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>October 4, 2024</u>, at Sacramento, California.

| | |
|---|---|
| Molly Johnson | */s/ Molly Johnson* |
| Declarant | Signature |

LA2019501468
38457227.docx