Rob Bonta, State Bar No. 202668
Attorney General of California
Iveta Ovsepyan, State Bar No. 279218
Supervising Deputy Attorney General
LeeAnn E. Whitmore, State Bar No. 214870
Deputy Attorney General
John C. Bridges, State Bar No. 248553
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone:  (916) 210-7515
 Telephone:  (916) 210-7529
 Fax:  (916) 322-8288
 E-mail:  LeeAnn.Whitmore@doj.ca.gov
 E-mail:  John.Bridges@doj.ca.gov
*Attorneys for Defendants State of California, acting by and through the California Highway Patrol and Edgardo Yepez*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **FRANCISCO HURTADO, AN INDIVIDUAL,**<br><br>Plaintiff,<br><br>v.<br><br>**STATE OF CALIFORNIA; CALIFORNIA HIGHWAY PATROL; EDGARDO YEPEZ AKA EDGARDO LOPEZ; AND DOES 1 THROUGH 100, INCLUSIVE,**<br><br>Defendants. | Case No.: 2:19-CV-02343-DAD-AC<br><br>**DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO MOTION IN LIMINE NO. 9: TO EXCLUDE ANY REFERENCE TO THE DEATH OF FRANCISCO HURTADO**<br><br>Date: October 16, 2024<br>Time: 9:00 a.m.<br>Dept: 4<br>Judge: Hon. Dale A. Drozd<br><br>Trial Date: October 16, 2024<br>Action Filed: April 2, 2019 |

## INTRODUCTION

This motion in limine involves two separate, but inter-related issues, that must be addressed by the court. The first is how the court intends to explain Mr. Hurtado's absence to the jury. The

Defendants' Reply to Plaintiffs' Opposition to Motion In Limine No. 9 To Exclude
Any Reference to the Death of Francisco Hurtado
(2:19-CV-02343-DAD-AC)

second is whether references to Mr. Hurtado's death can be admissible as evidence. Defendants believe that any references to his death, whether by the court, counsel, or witnesses, creates a substantial risk of undue prejudice to the defendants, and hereby request that the court grant this motion in limine.

**ARGUMENT**

In their opposition, plaintiffs argue that a short explanation of Mr. Hurtado's death is necessary to explain his absence, as well as the recent substitution of his four minor children as plaintiffs in the action. Plaintiff asserts that Mr. Hurtado's absence, without any substantive explanation, will be the "elephant in the courtroom"; however, even with the explanation sought by plaintiffs, Mr. Hurtado's absence will be the "elephant in the courtroom." The only difference is that informing the jury of his death will create a substantial likelihood of undue prejudice against the defendants, in that the jury will likely believe that he died due to causes related to the subject incident, and/or by creating inappropriate and prejudicial sympathy for Mr. Hurtado's minor children who no longer have a father.

Plaintiffs contend that they will suffer undue prejudice if the jury believes that Mr. Hurtado simply doesn't care about his case enough to appear at trial, or that he may be incarcerated. They claim that the defendants' concerns about undue prejudice can be avoided by a limiting instruction from the court. Ironically, these same arguments apply to plaintiffs' concerns regarding the jury's potential belief that Mr. Hurtado is disinterested or incarcerated. One party will be prejudiced by whatever decision the court makes; the question is which scenario creates a greater risk of prejudice? Defendants believe that the potential prejudice of believing someone is incarcerated is far less than the prejudice associated with four minor children (one of whom is only weeks old) no longer having a father. The sympathy of four very young, fatherless children is a far greater concern than the belief that Mr. Hurtado is in prison, especially with the court's instruction that he is absent due to no fault of his own.

Plaintiffs cite one case in which the court refused to bifurcate liability from damages in a case in which a decedent died in police custody, finding that any prejudice could be cured by appropriate instructions to the jury. *Landeros v. Schafer*, No. 2:17-cv-02598-KJM-CKD, 2022

2

Defendants' Reply to Plaintiffs' Opposition to Motion In Limine No. 9 To Exclude
Any Reference to the Death of Francisco Hurtado
(2:19-CV-02343-DAD-AC)

WL 1625185, at *2 (E.D. Cal. May 23, 2022). The facts of that case are significantly different from this case. In that case, the decedent died in police custody following an auto accident, and his heirs filed suit for both survivor claims and wrongful death claims. The death of that individual was a critical element of the lawsuit that could not be avoided. In this case, the death is entirely unrelated and irrelevant to the claims in the case. As stated in the underlying motion in limine, the only way the jury even knows that Mr. Hurtado has died is if the court and/or parties tell them, which should be avoided to prevent the risk of undue prejudice to the defendants.

As for plaintiffs' argument that the explanation of Mr. Hurtado's death is necessary to explain why the minor children are now pursuing this survival action, such an explanation is unnecessary. As survivors, the minor children are merely stepping into the shoes of Mr. Hurtado, and his name will still appear on the verdict form, and there are not any jury instructions that need to be provided explaining the minors' involvement in the case. The verdict form will ask a handful of questions pertaining to Francisco Hurtado, such as: (1) Do you find that defendant Edgardo Yepez used excessive or unreasonable force against plaintiff Francisco Hurtado, and (2) Was the use of excessive or unreasonable force by defendant Edgardo Yepez a substantial factor in causing harm to plaintiff Francisco Hurtado?" The verdict form does not need to identify the four minor children, who will not testify at the trial, and were only added as purely procedural plaintiffs by virtue of the tragic events leading to Mr. Hurtado's death. Any requested explanation and/or identification of the four minors as plaintiffs is unnecessary and can only be used to seek sympathy from the jury.

In addition to the issue of the court's explanation to the jury regarding Mr. Hurtado's absence, as an evidentiary matter, references to his death are entirely irrelevant pursuant to Federal Rules of Evidence, rule 401. His death does not have any tendency to make a fact more or less probable than it would be without the evidence. Moreover, any facts related to his death, including the fact that he has passed away, are unrelated to any fact "of consequence in determining the action." Plaintiffs do not attempt to make any arguments pertaining to relevance of this evidence pursuant to Rule 401. Even if the court informs the jury that Mr. Hurtado has died, any references to his death during the trial, whether in opening statements, closing

3

Defendants' Reply to Plaintiffs' Opposition to Motion In Limine No. 9 To Exclude
Any Reference to the Death of Francisco Hurtado
(2:19-CV-02343-DAD-AC)

arguments, and/or witness testimony, should be prohibited by granting this motion in limine. For example, if Ms. Macis, Mr. Hurtado's partner, testifies about how difficult it is for her children to go on without their father, defense counsel will be unfairly prejudiced by objecting to this testimony as irrelevant, which it clearly is for the purposes of this case, but in the jurors' minds, nothing is more relevant than the well-being of the minors. An order granting this motion in limine will prevent any such prejudicial testimony and/or comments from counsel from entering the jurors' minds.

**CONCLUSION**

Plaintiff's death is not related to the facts and circumstances of this case, and is therefore irrelevant to the jury's determination of the matters at issue at trial. If the jury is allowed to learn that plaintiff passed away, that fact may create undue prejudice against the defendants leading to a verdict based on sympathy rather than the evidence related to the issues in the case. Oftentimes a jury is wondering about evidence or the whereabouts of a witness, but satisfying the jury's curiosity is not a basis for admitting otherwise irrelevant and/or prejudicial evidence.

For the foregoing reasons, defendants respectfully request the court grant this motion in limine and prohibit any reference to plaintiff's death on June 28, 2024.

Dated:  October 4, 2024                    Respectfully submitted,

                                                  ROB BONTA
                                                  Attorney General of California
                                                  IVETA OVSEPYAN
                                                  Supervising Deputy Attorney General

                                                  ***/s/ John C. Bridges***
                                                  LEEANN E. WHITMORE
                                                  Deputy Attorney General
                                                  JOHN C. BRIDGES
                                                  Deputy Attorney General
                                                  *Attorneys for Defendants State of California, acting by and through the California Highway Patrol and Edgardo Yepez*

LA2019501468

4

Defendants' Reply to Plaintiffs' Opposition to Motion In Limine No. 9 To Exclude
Any Reference to the Death of Francisco Hurtado
(2:19-CV-02343-DAD-AC)

# CERTIFICATE OF SERVICE

Case Name: **Francisco Hurtado v. State of California, et al.**   No. **2:19-CV-02343-DAD-AC**

I hereby certify that on <u>October 4, 2024</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO MOTION IN LIMINE NO. 9: TO EXCLUDE ANY REFERENCE TO THE DEATH OF FRANCISCO HURTADO**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>October 4, 2024</u>, at Sacramento, California.

Molly Johnson
Declarant

*/s/ Molly Johnson*
Signature

LA2019501468
38457227.docx