1  ROB BONTA, State Bar No. 202668
   Attorney General of California
2  IVETA OVSEPYAN, State Bar No. 279218
   Supervising Deputy Attorney General
3  LEEANN E. WHITMORE, State Bar No. 214870
   Deputy Attorney General
4  JOHN C. BRIDGES, State Bar No. 248553
   Deputy Attorney General
5   1300 I Street, Suite 125
    P.O. Box 944255
6   Sacramento, CA 94244-2550
    Telephone: (916) 210-7515
7   Telephone: (916) 210-7529
    Fax: (916) 322-8288
8   E-mail: LeeAnn.Whitmore@doj.ca.gov
    E-mail: John.Bridges@doj.ca.gov
9  *Attorneys for Defendants State of California,
   acting by and through the California Highway
10 Patrol and Edgardo Yepez*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO HURTADO, AN INDIVIDUAL,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA; CALIFORNIA HIGHWAY PATROL; EDGARDO YEPEZ AKA EDGARDO LOPEZ; AND DOES 1 THROUGH 100, INCLUSIVE,<br><br>Defendants. | Case No.: 2:19-CV-02343-DAD-AC<br><br>**DEFENDANTS' PROPOSED JURY INSTRUCTIONS**<br><br>Trial Date: October 16, 2024<br>Court Room: 4<br>Time: 9:00 a.m.<br>Judge: Honorable Dale A. Drozd<br><br>Action Filed: April 2, 2019 |

Defendants hereby submit the following Proposed Jury Instructions, in advance of the trial of this matter which is currently scheduled to begin on October 16, in Court Room 4 of the above entitled court, The Honorable Dale A. Drozd presiding.

1

Dated: October 15, 2024

Respectfully submitted,

ROB BONTA
Attorney General of California
IVETA OVSEPYAN
Supervising Deputy Attorney General

*/s/ LeeAnn E. Whitmore*

LEEANN E. WHITMORE
Deputy Attorney General
JOHN C. BRIDGES
Deputy Attorney General
*Attorneys for Defendants State of California, acting by and through the California Highway Patrol and Edgardo Yepez*

**PROPOSED REVISED INSTRUCTION NO. 7**

The parties have agreed to certain facts that will now be read to you.

1. The incident that is the subject of this lawsuit occurred on March 15, 2018.

2. At all times relevant to this lawsuit, defendant Yepez was acting in his individual capacity in the course and scope of his employment with the State of California by and through the California Highway Patrol.

3. At all times relevant to this lawsuit, defendant Yepez was acting under color of state law.

4. Francisco Hurtado died on June 28, 2024, from causes unrelated to the incident that is the subject of this lawsuit.

You must therefore treat these facts as having been proved.

**Defendants' Contentions in Support of Proposed Instruction**

The proposed revised instruction accurately reflects the additional fact that Mr. Hurtado died on June 28, 2024.

## PROPOSED REVISED INSTRUCTION NUMBER 12

Plaintiffs bring their claim under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of state law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

**Defendants' Contentions in Support of Proposed Instruction**

Defendants' proposed revisions to the instruction accurately reflect the current pleading status. It is unnecessary to refer to Mr. Hurtado as decedent or reference the surviving heirs. Such repeated references could lead to confusion and lead to the improper impression that Mr. Hurtado died because of injuries from the gunshot or that Officer Yepez was responsible for the death. Additionally, repeated references to the minors could lead to undue sympathy to plaintiffs.

**PROPOSED REVISED INSTRUCTION NUMBER 14**

In general, a seizure of a person is unreasonable under the Fourth Amendment if a police officer uses excessive force in defending himself or others or in attempting to stop a fleeing or escaping suspect. Therefore, to establish an unreasonable seizure in this case, plaintiffs must prove by a preponderance of the evidence that Officer Yepez used excessive force when he shot Mr. Hurtado.

Under the Fourth Amendment, a police officer may use only such force as is "objectively reasonable" under all of the circumstances. You must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight. Although the facts known to the officer are relevant to your inquiry, an officer's subjective intent or motive is not relevant to your inquiry.

In determining whether Officer Yepez used excessive force in this case, consider all of the circumstances known to Officer Yepez on the scene, including:

1. the nature of the crime or other circumstances known to defendant Yepez at the time force was applied;
2. whether Mr. Hurtado posed an immediate threat of death or serious bodily injury to Officer Yepez, Officer Randazzo or others;
3. whether Mr. Hurtado was actively resisting arrest or attempting to evade arrest by flight;
4. the amount of time Officer Yepez had to determine the type and amount of force that reasonably appeared necessary, and any changing circumstances during that period;
5. the relationship between the need for the use of force and the amount of force used;
6. the extent of Mr. Hurtado's injury;
7. any effort made by Officer Yepez to temper or to limit the amount of force;
8. the severity of the security problem at issue;

9. the availability of alternative methods to take decedent Hurtado into custody or subdue Mr. Hurtado;

10. the number of lives at risk (motorists, pedestrians, police officers) and the parties' relative culpability; *i.e.*, which party created the dangerous situation, and which party is more innocent;

11. whether it was practical for Officer Yepez to give warning of the imminent use of force, and whether such warning was given; and

12. whether a reasonable officer would have or should have accurately perceived a mistaken fact.

**<u>Defendants' Contentions in Support of Proposed Instruction</u>**

Defendants' proposed revisions to the instruction accurately reflect the current pleading status. It is unnecessary to refer to Mr. Hurtado as decedent. Such repeated references could lead to confusion and lead to the improper impression that Mr. Hurtado died because of injuries from the gunshot or that Officer Yepez was responsible for the death. Additionally, repeated references to the minors could lead to undue sympathy to plaintiffs.

Defendants also do not believe it is necessary to refer to Officer Yepez as defendant Yepez. He could simply be referred to as Officer Yepez.

**PROPOSED REVISED INSTRUCTION NUMBER 15**

A peace officer may use deadly force only when necessary in defense of human life. Plaintiffs claim that defendant Yepez unnecessarily used deadly force on decedent Hurtado. To establish a state law claim for "battery by a peace officer (deadly force)," plaintiffs must prove all of the following:

1. That Officer Yepez used deadly force on Mr. Hurtado;
2. That Officer Yepez's use of deadly force was not necessary to defend human life;
3. That Mr. Hurtado was harmed; and
4. That Officer Yepez's use of deadly force was a substantial factor in causing decedent Hurtado's harm.

Officer Yepez's use of deadly force was necessary to defend human life only if a reasonable officer in the same situation would have believed, based on the totality of the circumstances known to or perceived by Officer Yepez at the time, that deadly force was necessary to defend against an imminent threat of death or serious bodily harm to Officer Yepez or to another person.

"Deadly force" means any use of force that creates a substantial risk of causing death or serious bodily injury, including, but not limited to, the discharge of a firearm.

A threat of death or serious bodily injury is "imminent" when, based on the totality of the circumstances, a reasonable officer in the same situation would believe that a person has the present ability, opportunity, and apparent intent to immediately cause death or serious bodily injury to the peace officer or another person. An imminent harm is not merely a fear of future harm, no matter how great the fear and no matter how great the likelihood of the harm, but is one that, from appearances, must be instantly confronted and addressed.

"Totality of the circumstances" means all facts known to the peace officer at the time, including the conduct of defendant Yepez and decedent Hurtado leading up to the use of deadly force. In determining whether Officer Yepez's use of deadly force was necessary in defense of human life, you must consider Officer Yepez's tactical conduct and decisions before using deadly force on Mr. Hurtado and whether Officer Yepez used other available resources and techniques as

alternatives to deadly force, if it was reasonably safe and feasible to do so. You must also consider whether Officer Yepez knew or had reason to know that the person against whom he used force was suffering from a physical, mental health, developmental, or intellectual disability that may have affected the person's ability to understand or comply with commands from the officer.

A peace officer who makes or attempts to make an arrest does not have to retreat or stop because the person being arrested is resisting or threatening to resist. Tactical repositioning or other de-escalation tactics are not retreat. A peace officer does not lose the right to self-defense by use of objectively reasonable force to effect the arrest or to prevent escape or to overcome resistance. A peace officer does, however, have a duty to use reasonable tactical repositioning or other de-escalation tactics.

**Defendants' Contentions in Support of Proposed Instruction**

Defendants' proposed revisions to the instruction accurately reflect the current pleading status. It is unnecessary to refer to Mr. Hurtado as decedent. Such repeated references could lead to confusion and lead to the improper impression that Mr. Hurtado died because of injuries from the gunshot or that Officer Yepez was responsible for the death. Additionally, repeated references to the minors could lead to undue sympathy to plaintiffs.

Defendants also do not believe it is necessary to refer to Officer Yepez as defendant Yepez. He could simply be referred to as Officer Yepez.

**PROPOSED REVISED INSTRUCTION NUMBER 16**

Under California law, a peace officer may use deadly force only when necessary in defense of human life. Plaintiffs assert a state law claim for "negligent use of deadly force by a peace officer," on behalf of Mr. Hurtado, claiming that Officers Yepez was negligent in using deadly force to arrest or detain Mr. Hurtado. To establish this claim, plaintiffs must prove all of the following:

1. That Officer Yepez was a peace officer;
2. That Officer Yepez used deadly force on decedent Hurtado;
3. That Officer Yepez's use of deadly force was not necessary to defend human life;
4. That Mr. Hurtado was harmed; and
5. That Officer Yepez's use of deadly force was a substantial factor in causing Mr. Hurtado's harm.

Officer Yepez's use of deadly force was necessary to defend human life only if a reasonable officer in the same situation would have believed, based on the totality of the circumstances known to or perceived by Officer Yepez at the time, that deadly force was necessary either: to defend against an imminent threat of death or serious bodily injury to Officer Yepez or other officers.

"Deadly force" is force that creates a substantial risk of causing death or serious bodily injury. It is not limited to the discharge of a firearm.

A threat of death or serious bodily injury is "imminent" if, based on the totality of the circumstances, a reasonable officer in the same situation would believe that a person has the present ability, opportunity, and apparent intent to immediately cause death or serious bodily injury to the peace officer or to another person. An imminent harm is not merely a fear of future harm, no matter how great the fear and no matter how great the likelihood of the harm, but is one that, from appearances, must be instantly confronted and addressed.

"Totality of the circumstances" means all facts known to or perceived by the peace officer at the time, including the conduct of Officer Yepez and Mr. Hurtado leading up to the use of deadly force. In determining whether Officer Yepez's use of deadly force was necessary in

defense of human life, you must consider Officer Yepez's tactical conduct and decisions before using deadly force on Mr. Hurtado and whether Officer Yepez used other available resources and techniques as alternatives to deadly force, if it was reasonably safe and feasible to an objectively reasonable officer.

**Defendants' Contentions in Support of Proposed Instruction**

Defendants' proposed revisions to the instruction accurately reflect the current pleading status. It is unnecessary to refer to Mr. Hurtado as decedent. Such repeated references could lead to confusion and lead to the improper impression that Mr. Hurtado died because of injuries from the gunshot or that Officer Yepez was responsible for the death. Defendants also do not believe it is necessary to refer to Officer Yepez as defendant Yepez in the instructions.

# PROPOSED REVISED INSTRUCTION NUMBER 19

A person's negligence may combine with another factor to cause harm. If you find that Officer Yepez's negligence was a substantial factor in causing decedent Hurtado's harm, then Officer Yepez is responsible for the harm. Officer Yepez cannot avoid responsibility just because some other person, condition, or event was also a substantial factor in causing decedent Hurtado's harm.

**Defendants' Contentions in Support of Proposed Instruction**

Defendants' proposed revisions to the instruction accurately reflect the current pleading status. It is unnecessary to refer to Mr. Hurtado as decedent. Such repeated references could lead to confusion and lead to the improper impression that Mr. Hurtado died because of injuries from the gunshot or that Officer Yepez was responsible for the death. Defendants also do not believe it is necessary to refer to Officer Yepez as defendant Yepez in the instructions.

## PROPOSED REVISED INSTRUCTION NUMBER 21

It is the duty of the court to instruct you about the measure of damages. By instructing you on damages, the court does not mean to suggest for which party your verdict should be rendered.

If you find for plaintiffs on any or all of plaintiffs' claims, you must determine decedent Hurtado's damages. Plaintiffs have the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate Mr. Hurtado for any injury you find was caused by defendant Yepez.

You should consider the following:

1. The nature and extent of the injuries;
2. The disability, disfigurement, inconvenience, grief, anxiety, humiliation, and loss of enjoyment of life experienced by decedent Hurtado up to the time of Mr. Hurtado's death on June 28, 2024;
3. The mental, physical, and emotional pain and suffering, experienced by decedent Hurtado up to the time of Mr. Hurtado's death in June 28, 2024;
4. The reasonable value of necessary household help, services other than medical, and expenses required up to the time of Mr. Hurtado's death in June 28, 2024.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork, or conjecture.

**Defendants' Contentions in Support of Proposed Instruction**

Defendants' proposed revisions to the instruction accurately reflect the current pleading status. It is unnecessary to refer to Mr. Hurtado as decedent. Such repeated references could lead to confusion and lead to the improper impression that Mr. Hurtado died because of injuries from the gunshot or that Officer Yepez was responsible for the death.

Additionally, plaintiff waived past medical specials during the trial in March 2024. Past medical specials were not part of the verdict form.

# DEFENDANTS' PROPOSED ADDITIONAL INSTRUCTION NO. 1.
# REASONABLE USE OF FORCE

A reasonable use of deadly force encompasses a range of conduct, and the availability of a less-intrusive alternative will not render conduct unreasonable.

Authority: *Wilkinson v. Torres*, 610 F.3d 546, 551 (9th Cir. 2010); *Scott v. Henrich*, 39 F.3d 912, 915 (9th Cir. 1994).

**Defendants' Contentions in Support of Proposed Instruction**

Defendants' proposed instruction is not cumulative or duplicative of any proposed "excessive force" instruction. Rather, it supplements Ninth Circuit Model Instruction 9.25 (as modified by the parties) by clarifying for the jury that consideration of the "type and amount of force used" and "alternative methods" for subduing a suspect does not require the officer to resort to the least or a lesser-intrusive force option. Additionally, this instruction helps avoid the confusion between plaintiffs' negligence cause of action and the 42 U.S.C. § 1983 cause of action.

13

Defendants' Proposed Jury Instructions (2:19-CV-02343-DAD-AC)

# DEFENDANTS' PROPOSED ADDITIONAL INSTRUCTION NO. 2
## A POLICE OFFICER CAN ACT BASED ON APPARENT DANGER

If a police officer is confronted by the appearance of danger which he believes, and a reasonable person in the same position would believe, would result in death or great bodily injury, the officer may act upon those circumstances. The right of self-defense is the same whether the danger is real or merely apparent.

Authority: *People v. Minifie*, 13 Cal. 4th 1055, 1068 (1996); *Moreland v. Las Vegas Metro Police Dep't*, 159 F.3d 365, 371, n.4 (9th Cir. 1998).

**Defendants' Contentions in Support of Proposed Instruction**

Defendants' proposed instruction is not cumulative or duplicative of any proposed "excessive force" instruction. Rather, it supplements the Model Ninth Circuit instruction on "excessive force" (as modified by the parties) by advising the jury that peace officers are to be given a reasonable amount of breathing room to make, often times, life or death decisions in a split-second. It is supported by authority that holds peace officers are entitled to defend themselves based on what they reasonably perceive. *See, Terry v. Ohio*, 392 U.S. 1, 23-24 (1968) ("Certainly it would be unreasonable to require that police officers take unnecessary risks in the performance of their duties."); *Reynolds v. County of San Diego*, 858 F. Supp. 1064, 1072 (S.D. Cal. 1994) ("In these circumstances, Courts cannot ask an officer to hold fire in order to ascertain whether the suspect will, in fact, injure or murder the officer."). Indeed, it is the *potential* for injury which justifies the use of deadly force. *See, e.g., Wilkinson v. Torres*, 610 F.3d 546, 553 (9th Cir. 2010) ("[A]bsolute certainty of harm need not precede an act of self-protection."). The facts of this case support this instruction, as the subject use of force evolved quickly in a situation that escalated quickly.

# DEFENDANTS' PROPOSED SPECIAL INSTRUCTION NO. 3
## OFFICER NOT REQUIRED TO AVAIL HIMSELF OF LEAST INTRUSIVE MEANS OF RESPONDING TO A SITUATION

A police officer is not required to avail himself of the least intrusive means of responding to a situation; rather, the officer need only act within that range of conduct which is identified as reasonable. The appropriate inquiry is whether the officer acted reasonably, not whether he had less intrusive alternatives available to him.

Authority: *Scott v. Henrich,* 39 F.3d 912, 915 (9th Cir. 1994)

**Defendants' Contentions in Support of Proposed Instruction**

Defendants' proposed instruction is not cumulative or duplicative of any proposed "excessive force" instruction. Rather, it supplements Ninth Circuit Model Instruction 9.25 (as modified by the parties) by clarifying for the jury that consideration of the "type and amount of force used" and "alternative methods" for subduing a suspect does not require the officer to resort to the least or a lesser-intrusive force option.