**FILED**

OCT 2 4 2024

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
         DEPUTY CLERK

# UNITED STATES DISTRICT COURT FOR THE

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| I.H., a minor by and through her mother and guardian Pricilla Macias, as successor in interest to Francisco Hurtado, | |
| Plaintiff(s) | **JURY INSTRUCTIONS GIVEN** |
| v. | |
| STATE OF CALIFORNIA, ET AL. | Case No.: 2:19-CV-02343-DAD-AC |
| Defendant(s) | |

1
2
3
4
5
6
7

8              UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11   I. H., a minor by and through her mother and guardian PRISCILLA MACIAS, et al., | No.  2:19-cv-02343-DAD-AC |
| 12 | |
| 13               Plaintiff, | FINAL JURY INSTRUCTIONS |
| 14        v. | |
| 15   STATE OF CALIFORNIA, et al., | |
| 16               Defendants. | |

17
18
19
20
21
22
23
24
25
26
27
28

1
2                                    **INSTRUCTION NUMBER 1**

3          Members of the Jury:  Now that you have heard all of the evidence, it is my duty to

4   instruct you on the law that applies to this case.

5          Each of you has received a copy of these instructions that you may take with you to the

6   jury room to consult during your deliberations.

7          It is your duty to find the facts from all the evidence in the case.  To those facts you will

8   apply the law as I give it to you.  You must follow the law as I give it to you whether you agree

9   with it or not.  And you must not be influenced by any personal likes or dislikes, opinions,

10  prejudices, or sympathy.  That means that you must decide the case solely on the evidence before

11  you.  You will recall that you took an oath to do so.

12         Please do not read into these instructions or anything that I may say or do or have said or

13  done that I have an opinion regarding the evidence or what your verdict should be.  That is a

14  matter entirely up to you.

15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### INSTRUCTION NUMBER 2

When a party has the burden of proving any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**INSTRUCTION NUMBER 3**

The evidence you are to consider in deciding what the facts are consists of:

1.      the sworn testimony of any witness;

2.      the exhibits that are admitted into evidence;

3.      any facts to which the lawyers have agreed; and

4.      any facts that I have instructed you to accept as proved.

**INSTRUCTION NUMBER 4**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

(1)   Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses.  What they may have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)   Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.

(3)   Testimony that is excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.

(4)   Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

4

**INSTRUCTION NUMBER 5**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned-on garden hose, may provide a different explanation for the presence of water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

**INSTRUCTION NUMBER 6**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)     the opportunity and ability of the witness to see or hear or know the things testified to;

(2)     the witness's memory;

(3)     the witness's manner while testifying;

(4)     the witness's interest in the outcome of the case, if any;

(5)     the witness's bias or prejudice, if any;

(6)     whether other evidence contradicted the witness's testimony;

(7)     the reasonableness of the witness's testimony in light of all the evidence; and

(8)     any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said.  Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said.  On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

6

**INSTRUCTION NUMBER 7**

The parties have agreed to certain facts that will now be read to you.

1.    The incident that is the subject of this lawsuit occurred on March 15, 2018.

2.    At all times relevant to this lawsuit, defendant Yepez was acting in his individual capacity in the course and scope of his employment with the State of California by and through the California Highway Patrol.

3.    At all times relevant to this lawsuit, defendant Yepez was acting under color of state law.

4.    Francisco Hurtado passed away on June 28, 2024 from causes completely unrelated to the incident that is the subject of this lawsuit.

You must therefore treat these facts as having been proved.

1

**INSTRUCTION NUMBER 8**

2    When a person is unavailable to testify at trial, the sworn testimony of that person may be

3    used at the trial.

4    The sworn testimony of Francisco Hurtado was taken on March 15, 2024.  Insofar as

5    possible, you should consider sworn testimony, presented to you in court in lieu of live testimony,

6    in the same way as if the witness had been present to testify.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8

**INSTRUCTION NUMBER 9**

You have heard testimony from experts who testified about their opinions and the reasons for those opinions. This opinion testimony is allowed, because of the specialized knowledge, skill, experience, training, or education of these witnesses.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's specialized knowledge, skill, experience, training, or education, the reasons given for the opinions, and all the other evidence in the case.

**INSTRUCTION NUMBER 10**

Those exhibits received in evidence that are capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room. A computer will be available to you in the jury room.

A court technician will show you how to operate the computer and how to locate and view the exhibits on the computer. If you need additional equipment or supplies or if you have questions about how to operate the computer, you may send a note to the security officer, signed by your foreperson or by one or more members of the jury. Do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands-on maintenance or instruction, a court technician may enter the jury room with the security officer present for the sole purpose of assuring that the only matter that is discussed is the technical problem. When the court technician or any nonjuror is in the jury room, the jury shall not deliberate. No juror may say anything to the court technician or any nonjuror other than to describe the technical problem or to seek information about operation of the equipment. Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the computer in the jury room is to enable jurors to view the exhibits received in evidence in this case. You may not use the computer for any other purpose. At my direction, technicians have taken steps to ensure that the computer does not permit access to the Internet or to any "outside" website, database, directory, game, or other material. Do not attempt to alter the computer to obtain access to such materials. If you discover that the computer provides or allows access to such materials, you must inform the court immediately and refrain from viewing such materials. Do not remove the computer or any electronic data from the jury room, and do not copy any such data.

10

1

**INSTRUCTION NUMBER 11**

2       Plaintiffs I. H., E. H., F. H., and A. H., on behalf of Francisco Hurtado, bring their claim

3   under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under

4   color of state law, deprives another of any rights, privileges, or immunities secured by the

5   Constitution or laws of the United States shall be liable to the injured party.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**INSTRUCTION NUMBER 12**

In order to prevail on their § 1983 claim against defendant Yepez, plaintiffs must prove each of the following elements by a preponderance of the evidence:

1. Defendant Yepez acted under color of state law; and

2. The acts of defendant Yepez deprived Francisco Hurtado of his particular rights under the United States Constitution as explained in later instructions.

A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance or regulation. The parties have stipulated that defendant Yepez acted under color of law.

If you find that plaintiffs have proved each of these elements, and if you find that plaintiffs have proved all the elements they are required to prove under instruction 13, your verdict should be for plaintiffs on that claim. If, on the other hand, you find that plaintiffs have failed to prove any one or more of these elements, your verdict should be for the defendant on that claim.

12

**INSTRUCTION NUMBER 13**

In general, a seizure of a person is unreasonable under the Fourth Amendment if a police officer uses excessive force in defending himself or others or in attempting to stop a fleeing or escaping suspect.  Therefore, to establish an unreasonable seizure in this case, plaintiffs must prove by a preponderance of the evidence that defendant Yepez used excessive force when he shot Francisco Hurtado.

Under the Fourth Amendment, a police officer may use only such force as is "objectively reasonable" under all of the circumstances.  You must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight.  Although the facts known to the officer are relevant to your inquiry, an officer's subjective intent or motive is not relevant to your inquiry.

In determining whether defendant Yepez used excessive force in this case, consider all of the circumstances known to defendant Yepez on the scene, including:

1. the nature of the crime or other circumstances known to defendant Yepez at the time force was applied;

2. whether Francisco Hurtado posed an immediate threat of death or serious bodily injury to defendant Yepez or to others;

3. whether Francisco Hurtado was actively resisting arrest or attempting to evade arrest by flight;

4. the amount of time defendant Yepez had to determine the type and amount of force that reasonably appeared necessary, and any changing circumstances during that period;

5. the relationship between the need for the use of force and the amount of force used;

6. the extent of Francisco Hurtado's injury;

7. any effort made by defendant Yepez to temper or to limit the amount of force;

8. the severity of the security problem at issue;

13

9.    the availability of alternative methods to take Francisco Hurtado into custody or subdue Francisco Hurtado;

10.   the number of lives at risk (motorists, pedestrians, police officers) and the parties' relative culpability; *i.e.*, which party created the dangerous situation, and which party is more innocent;

11.   whether it was practical for defendant Yepez to give warning of the imminent use of force, and whether such warning was given; and

12.   whether a reasonable officer would have or should have accurately perceived a mistaken fact.

14

**INSTRUCTION NUMBER 14**

A peace officer may use deadly force only when necessary in defense of human life. Plaintiffs claim that defendant Yepez unnecessarily used deadly force on Francisco Hurtado.  To establish a state law claim for "battery by a peace officer (deadly force)," plaintiffs must prove all of the following:

    1.    That defendant Yepez used deadly force on Francisco Hurtado;

    2.    That defendant Yepez's use of deadly force was not necessary to defend human life;

    3.    That Francisco Hurtado was harmed; and

    4.    That defendant Yepez's use of deadly force was a substantial factor in causing Francisco Hurtado's harm.

Defendant Yepez's use of deadly force was necessary to defend human life only if a reasonable officer in the same situation would have believed, based on the totality of the circumstances known to or perceived by defendant Yepez at the time, that deadly force was necessary to defend against an imminent threat of death or serious bodily harm to defendant Yepez or to another person.

"Deadly force" means any use of force that creates a substantial risk of causing death or serious bodily injury, including, but not limited to, the discharge of a firearm.

A threat of death or serious bodily injury is "imminent" when, based on the totality of the circumstances, a reasonable officer in the same situation would believe that a person has the present ability, opportunity, and apparent intent to immediately cause death or serious bodily injury to the peace officer or another person.  An imminent harm is not merely a fear of future harm, no matter how great the fear and no matter how great the likelihood of the harm, but is one that, from appearances, must be instantly confronted and addressed.

"Totality of the circumstances" means all facts known to the peace officer at the time, including the conduct of defendant Yepez and Francisco Hurtado leading up to the use of deadly force.  In determining whether defendant Yepez's use of deadly force was necessary in defense of human life, you must consider defendant Yepez's tactical conduct and decisions before using

15

deadly force on Francisco Hurtado and whether defendant Yepez used other available resources and techniques as alternatives to deadly force, if it was reasonably safe and feasible to do so.  You must also consider whether defendant Yepez knew or had reason to know that the person against whom he used force was suffering from a physical, mental health, developmental, or intellectual disability that may have affected the person's ability to understand or comply with commands from the officer.

A peace officer who makes or attempts to make an arrest does not have to retreat or stop because the person being arrested is resisting or threatening to resist.  Tactical repositioning or other de-escalation tactics are not retreat.  A peace officer does not lose the right to self-defense by use of objectively reasonable force to effect the arrest or to prevent escape or to overcome resistance.  A peace officer does, however, have a duty to use reasonable tactical repositioning or other de-escalation tactics.

**INSTRUCTION NUMBER 15**

Under California law, a peace officer may use deadly force only when necessary in defense of human life. Plaintiffs assert a state law claim for "negligent use of deadly force by a peace officer," on behalf of Francisco Hurtado, claiming that defendant Yepez was negligent in using deadly force to arrest or detain Francisco Hurtado. To establish this claim, plaintiff must prove all of the following:

1.   That defendant Yepez was a peace officer;

2.   That defendant Yepez used deadly force on Francisco Hurtado;

3.   That defendant Yepez's use of deadly force was not necessary to defend human life;

4.   That Francisco Hurtado was harmed; and

5.   That defendant Yepez's use of deadly force was a substantial factor in causing Francisco Hurtado's harm.

Defendant Yepez's use of deadly force was necessary to defend human life only if a reasonable officer in the same situation would have believed, based on the totality of the circumstances known to or perceived by defendant Yepez at the time, that deadly force was necessary to defend against an imminent threat of death or serious bodily injury to defendant Yepez or other officers.

"Deadly force" is force that creates a substantial risk of causing death or serious bodily injury. It is not limited to the discharge of a firearm.

A threat of death or serious bodily injury is "imminent" if, based on the totality of the circumstances, a reasonable officer in the same situation would believe that a person has the present ability, opportunity, and apparent intent to immediately cause death or serious bodily injury to the peace officer or to another person. An imminent harm is not merely a fear of future harm, no matter how great the fear and no matter how great the likelihood of the harm, but is one that, from appearances, must be instantly confronted and addressed.

"Totality of the circumstances" means all facts known to or perceived by the peace officer at the time, including the conduct of defendant Yepez and Francisco Hurtado leading up to the

17

1     use of deadly force.  In determining whether defendant Yepez's use of deadly force was

2     necessary in defense of human life, you must consider defendant Yepez's tactical conduct and

3     decisions before using deadly force on Francisco Hurtado and whether defendant Yepez used

4     other available resources and techniques as alternatives to deadly force, if it was reasonably safe

5     and feasible to an objectively reasonable officer.

1

**INSTRUCTION NUMBER 16**

2    Negligence is the failure to use reasonable care to prevent harm to oneself or to others.  A

3  person can be negligent by acting or by failing to act.  A person is negligent if that person does

4  something that a reasonably careful person would not do in the same situation or fails to do

5  something that a reasonably careful person would do in the same situation.

6    In considering plaintiffs' state law claim for negligence, you must decide how a

7  reasonably careful person would have acted in defendant Yepez's situation.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

19

**INSTRUCTION NUMBER 17**

Under California law, a substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm.  It must be more than a remote or trivial factor.  It does not have to be the only cause of the harm.

Conduct is not a substantial factor in causing harm if the same harm would have occurred without that conduct.

**INSTRUCTION NUMBER 18**

A person's negligence may combine with another factor to cause harm.  If you find that defendant Yepez's negligence was a substantial factor in causing Francisco Hurtado's harm, then defendant Yepez is responsible for the harm.  Defendant Yepez cannot avoid responsibility just because some other person, condition, or event was also a substantial factor in causing Francisco Hurtado's harm.

1

**INSTRUCTION NUMBER 19**

2    As to the battery and negligence claims, the State of California by and through the

3 California Highway Patrol is responsible for harm caused by the wrongful conduct of its

4 employees while acting within the scope of their employment.  The parties have stipulated that

5 defendant Yepez was acting within the scope of his employment with the State of California by

6 and through the California Highway Patrol at the time of the incident.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

22

**INSTRUCTION NUMBER 20**

It is the duty of the court to instruct you about the measure of damages. By instructing you on damages, the court does not mean to suggest for which party your verdict should be rendered.

If you find for plaintiffs on any or all of plaintiffs' claims, you must determine plaintiffs' damages on behalf of Francisco Hurtado. Plaintiffs have the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate plaintiffs on behalf of Francisco Hurtado for any injury you find was caused by defendant Yepez.

You should consider the following:

1.    The nature and extent of the injuries;

2.    The disability, disfigurement, inconvenience, grief, anxiety, humiliation, and loss of enjoyment of life experienced by Francisco Hurtado up to the time of his death on June 28, 2024;

3.    The mental, physical, and emotional pain and suffering, experienced by Francisco Hurtado up to the time of his death on June 28, 2024;

4.    The reasonable value of necessary medical care, treatment, and services received up to the time of Francisco Hurtado's death on June 28, 2024; and

5.    The reasonable value of necessary household help, services other than medical, and expenses required up to the time of Francisco Hurtado's death on June 28, 2024.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork, or conjecture.

23

1

**INSTRUCTION NUMBER 21**

2    Plaintiffs seek damages from defendants Yepez and the State of California by and through

3  the California Highway Patrol under more than one legal theory. However, each item of damages

4  may be awarded only once, regardless of the number legal theories alleged.

5    You will be asked to decide whether defendant Yepez is liable to plaintiffs on behalf of

6  Francisco Hurtado under the following legal theories.

7        1.    Fourth Amendment – Excessive Force;

8        2.    Battery; and

9        3.    Negligence.

10    The following items of damages are recoverable only once under all of the above legal

11  theories:

12        1.    Past medical expenses; and

13        2.    Past noneconomic loss, including physical pain/mental suffering.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

24

**INSTRUCTION NUMBER 22**

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

25

**INSTRUCTION NUMBER 23**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

> Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, X (formerly called Twitter), Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media.  This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

> Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.  Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial.  Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses, or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court.  Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process.  If you do any research or investigation outside the courtroom, or gain any information through improper communications,

1    then your verdict may be influenced by inaccurate, incomplete, or misleading information that has

2    not been tested by the trial process.  Each of the parties is entitled to a fair trial by an impartial

3    jury, and if you decide the case based on information not presented in court, you will have denied

4    the parties a fair trial.  Remember, you have taken an oath to follow the rules, and it is very

5    important that you follow these rules.

6         A juror who violates these restrictions jeopardizes the fairness of these proceedings.  If

7    any juror is exposed to any outside information, please notify the court immediately.

1

**INSTRUCTION NUMBER 24**

2      If it becomes necessary during your deliberations to communicate with me, you may send

3   a note through the courtroom security officer, signed by any one or more of you.  No member of

4   the jury should ever attempt to communicate with me except by a signed writing.  I will not

5   communicate with any member of the jury on anything concerning the case except in writing or

6   here in open court.  If you send out a question, I will consult with the lawyers before answering it,

7   which may take some time.  You may continue your deliberations while waiting for the answer to

8   any question.  Remember that you are not to tell anyone—including the court—how the jury

9   stands, whether in terms of vote count or otherwise, until after you have reached a unanimous

10  verdict or have been discharged.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

28

**INSTRUCTION NUMBER 25**

During deliberations, you will not have a transcript of the trial testimony.

**INSTRUCTION NUMBER 26**

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

30

**INSTRUCTION NUMBER 27**

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the courtroom security officer that you are ready to return to the courtroom.

31