ROB BONTA, State Bar No. 202668
Attorney General of California
CATHERINE WOODBRIDGE, State Bar No. 186186
Supervising Deputy Attorney General
LEEANN E. WHITMORE, State Bar No. 214870
Deputy Attorney General
JOHN C. BRIDGES, State Bar No. 248553
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 210-7515
 Telephone: (916) 210-7529
 Fax: (916) 322-8288
 E-mail: LeeAnn.Whitmore@doj.ca.gov
 E-mail: John.Bridges@doj.ca.gov
*Attorneys for Defendants State of California,
acting by and through the California Highway
Patrol and Edgardo Yepez*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **I. H., et al, minors by and through their mother and guardian PRISCILLA MACIAS, et al.,**<br><br>Plaintiff,<br><br>v.<br><br>**STATE OF CALIFORNIA, et al.,**<br><br>Defendants. | Case No.: 2:19-CV-02343-DAD-AC<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION FOR A NEW TRIAL OR IN THE ALTERNATIVE REMITTITUR; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>F.R.C.P. Rule 59<br><br>Date:          January 27, 2024<br>Time:         9:30 a.m.<br>Courtroom:  4<br>Judge:        The Honorable Dale A. Drozd<br>Trial Date:   October 16, 2024<br>Action Filed: April 2, 2019 |

**TO THE COURT, PLAINTIFFS, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on January 27, 2025, at 1:30 p.m. in courtroom 4 of the above entitled Court, Defendants, State of California by and through the California Highway Patrol and Edgardo Yepez (Defendants), move for a new trial pursuant to Federal Rule of Civil

1

Procedure Rule 59 on the grounds that (1) the verdict is against the clear weight of the evidence as the award of $500,000 in economic damages was not supported by evidence presented by Plaintiffs in this case; and (2) the exclusion of statements that Francisco Hurtado made at the scene that he was drunk and had used cocaine substantially prejudiced Defendants.

Alternatively, defendants seek remittitur of the economic damage award from $500,000 to the $23,000 of medical treatment costs that Plaintiffs presented evidence to support.

<u>Meet and Confer Certification</u>

On November 4, 2024, Defendants' counsel informed Plaintiffs' counsel, Hang Le via e-mail that she intended to file the Motion for New Trial in part based on the erroneous economic damage award. Defendants' counsel inquired whether Plaintiffs' counsel would agree to a remittitur of the economic damages portions of the award. The parties agreed on extending the post-trial briefing schedule, but Plaintiffs' counsel did not respond as to whether she would agree to the reduction of the verdict.

Dated:  November 18, 2024　　　　　　　　　　Respectfully submitted,

ROB BONTA
Attorney General of California
CATHERINE WOODBRIDGE
Supervising Deputy Attorney General

/s/ *LeeAnn E. Whitmore*

LEEANN E. WHITMORE
Deputy Attorney General
JOHN C. BRIDGES
Deputy Attorney General
*Attorneys for Defendants State of California, acting by and through the California Highway Patrol and Edgardo Yepez*

LA2019501468
FINAL Mot for new trial.docx.docx

2

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendants, State of California by and through the California Highway Patrol and Edgardo Yepez (Defendants) move for a new trial pursuant to Federal Rule of Civil Procedure Rule 59 on the grounds that; (1) the exclusion of statements that Francisco Hurtado (Hurtado) made at the scene that he was drunk and had used cocaine substantially prejudiced Defendants; and (2) the verdict is against the clear weight of the evidence as the award of $500,000 in economic damages was not supported by evidence presented by Plaintiffs in this case.

Alternatively, defendants seek remittitur of the economic damage award from $500,000 to the $23,000 of medical treatment costs that Plaintiffs presented evidence to support an economic damage claim.

## FACTUAL AND PROCEDURAL BACKGROUND

Francisco Hurtado originally filed suit in this case on April 2, 2019. Defendants removed the case to federal court. On June 28, 2024, Hurtado died. On September 17, 2024, the Court granted the motion to substitute four of Hurtado's children through a guardian ad litem as plaintiffs. ECF No. 189. Re-trial in the matter proceeded from October 16 to October 24, 2024. On October 16, 2024, the Court excluded all reference to statements made by Hurtado at the scene regarding drug or alcohol use. On October 21, 2024, Christopher Stephenson M.D. testified that there was $23,000 in medical treatment costs for his treatment of Mr. Hurtado. Plaintiffs presented no other evidence of economic damages. On October 24, 2024, the jury returned its verdict. It awarded past economic damages of $500,000 and past non-economic damages of $1,000,000. The Court entered judgment on October 30, 2024. ECF No. 243.

## ARGUMENT

### I. NEW TRIAL IS WARRANTED AS THE PAST ECONOMIC DAMAGES AWARD IS NOT SUPPORTED BY THE EVIDENCE.

A district court may grant a new trial on any historic grounds that have previously been established by the federal court system. Fed. R. Civ. P. 59(a)(1)(A). Such reasons for granting a new trial include situations where the verdict is against the weight of the evidence, the damages are excessive, or for other reasons, the trial was not fair to the moving party. *Molski v. M. J.*

3

Defs.' Notice of Motion and Motion for New Trial or in the Alternative Remittitur; Memorandum of Points and Authorities (2:19-CV-02343-DAD-AC)

*Cable, Inc.*, 481 F.3d 724, 729 (9th Cir. 2007). Generally, a jury's award is entitled to great deference, and should be upheld unless it is clearly not supported by the evidence or only based on speculation and guesswork. A court must uphold the jury's findings on damages unless the amount is grossly excessive or monstrous, clearly not supported by the evidence, or otherwise based on speculation or guesswork. *Del Monte Dunes v. City of Monterey*, 95 F.3d 1422, 1435 (9th Cir. 1996.) The verdict should be set aside where after giving full respect to the jury's findings the judge is left with the definite and firm conviction that a mistake has been committed by the jury. *Landes Const. Co. Inc. v. Royal Bank of Canada*, 833 F.2d 1365, 1371-1372). In ruling on a new trial motion based on insufficient evidence, the district court must weigh the evidence as he saw it, and to set aside the evidence where the verdict is contrary to the clear weight of the evidence. *Murphy v. City of Long Beach*, 914 F.2d 183, 187 (9th Cir. 1990).

As a general matter, damages which result from a tort must be established with a reasonable certainty. *Lindy Pen Co. v. Bic Pen. Corp.*, 982 F.2d 1400, 1408 (9th Cir. 1993). A plaintiff may recover any reasonable charges for past medical treatment that plaintiff has paid or still owes, see *Williams v. The Pep Boys Manny Moe & Jack of California*, 27 Cal.App.5th 225, 237 (2018).

In this case, plaintiffs only presented evidence of $23,000 in medical charges from Dr. Stephenson. No other evidence of economic damages was presented to the jury. The jury was instructed that the plaintiff has the burden of proving damages by a preponderance of the evidence. ECF 242, Instruction Number 20. The instruction also mentioned that Mr. Hurtado was entitled to the reasonable value of the medical care, treatment and services received. *Id.* The jury was also instructed that the award should be based on evidence and not upon speculation, guesswork, or conjecture. *Id.* The jury was also instructed that damages for past medical expenses and past noneconomic loss were only recoverable once under the legal theories. ECF 242, Instruction 21.

The jury returned its verdict awarding $500,000 in past economic damages. ECF 241, Verdict Form at p. 3. Plaintiffs only presented evidence of $23,000 in past economic damages. Therefore, this award is excessive, not supported by the evidence and appears to be based on speculation and conjecture. Therefore, a new trial should be granted.

4

Alternatively, defendants request the past economic damages award be reduced to $23,000 to comport with the evidence presented at trial.

## II. NEW TRIAL IS WARRANTED BECAUSE THE COURT'S EXCLUSION OF MR. HURTADO'S STATEMENTS AT THE SCENE SUBSTANTIALLY PREJUDICED DEFENDANTS.

Defendants also move for a new trial because the Court's exclusion of Mr. Hurtado's statements about alcohol and cocaine use substantially prejudiced defendants. A new trial is warranted when an erroneous evidentiary ruling substantially prejudiced a party. *Ruvalcaba v. City of Los Angeles*, 64 F.3d 1323, 1328 (9th Cir. 1995).

The Court excluded reference to Mr. Hurtado's statements regarding the use of cocaine and alcohol at the scene based on Federal Rule of Evidence Code 403. Mr. Hurtado's testimony that he did not reach for the gun was read into evidence. Federal courts have held that evidence of plaintiff's drug use is relevant to a material issue in this case. Under *Graham v. Connor*, 490 U.S. 386, 397 (1989), defendant's knowledge that a decedent was "spun out" on methamphetamine at the time of the incident, and during the events leading up to the incident, is relevant to whether the officer's actions are objectively reasonable in light of the facts and circumstances confronting them. This court has previously held that evidence of decedent's drug use and intoxication because it would provide the jury with an explanation of plaintiff's actions during the incident. *Estate of Casillas,* 2019 WL 586747, at *4, See *also Boyd*, 576 F.3d 944 (corroborating evidence admissible, evidence of drug usage was probative of the decedent's erratic conduct).

Mr. Hurtado's state of mind is relevant as his conduct and ability to recall events is disputed. But "[i]n a case such as this, where what the officer perceived just prior to the use of force is in dispute, evidence that may support one version of events over another is [also] relevant and admissible." *Id.* The Ninth Circuit also found that evidence going to the plaintiff's state of mind on the issue of whether he had cooperated with police or intentionally provoked a shooting was admissible. *Id.* at 944-945. Additionally, courts have admitted evidence of decedent's alcohol consumption on the day of the underlying incident because it was relevant to the question of decedent's actions and reactions when the officers shouted at them to get out of the car. *Turner v. White*, 980 F.2d 1180, 1182 (8th Cir. 1992) (affirming admission of decedent's alcohol

5

consumption on the date of the incident because it is relevant to the question of defendant's actions and reactions when they told him to get out of the car). The Court's exclusion of statements that Mr. Hurtado made regarding using alcohol and being "drunk and coked out of his mind" substantially prejudiced defendants as they were not allowed to challenged Mr. Hurtado's perception of events.

Therefore, new trial should be granted on this basis as well.

## CONCLUSION

For the foregoing reasons, Defendants request that the Court grant their motion for new trial as the economic damages are against the clear weight of evidence and the Court's exclusion of statements made by Mr. Hurtado at the scene substantially prejudiced defendants.

Dated:  November 30, 2024

Respectfully submitted,

ROB BONTA
Attorney General of California
CATHERINE WOODBRIDGE
Supervising Deputy Attorney General

/s/ *LeeAnn E. Whitmore*

LEEANN E. WHITMORE
Deputy Attorney General
JOHN C. BRIDGES
Deputy Attorney General
*Attorneys for Defendants State of California, acting by and through the California Highway Patrol and Edgardo Yepez*

6

Defs.' Notice of Motion and Motion for New Trial or in the Alternative Remittitur; Memorandum of Points and Authorities (2:19-CV-02343-DAD-AC)