# EXHIBIT 3

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.   CV-13-01615-MWF (ANx)          Date:  September 17, 2015
Title:     Guillermo Ramirez, et al. -*v*- Oxnard Police Department, et al.

Present:   The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

Deputy Clerk:                          Court Reporter:
Rita Sanchez                           Not Reported

Attorneys Present for Plaintiff:       Attorneys Present for Defendant:
None Present                           None Present

**Proceedings (In Chambers):**   ORDER RE MOTIONS FOR ATTORNEYS' FEES [189] [192] [193]

    This matter is before the Court on three Motions for Attorneys' Fees. The Motion for Attorneys' Fees and Costs (the "Bamieh Motion"), filed for attorneys' fees incurred by Bamieh & Erickson, PLC ("B&E") as representatives of Plaintiffs Guillermo Ramirez and Teresa Ramirez (Docket No. 189); the Motion for Attorneys' Fees (the "Galipo Motion"), filed by Plaintiffs on July 24, 2015 for attorneys' fees for the Law Offices of Dale K. Galipo, (Docket No. 192) incurred as trial counsel for all Plaintiffs; and the Motion for Attorneys' Fees and Costs (the "Vogel Motion") for attorneys' fees for the Law Officers of Brian A. Vogel, PC ("Vogel Law") as counsel for Plaintiff R.R.  (Docket No. 193). Defendants filed an Opposition to Plaintiffs' Motions for Fees and Costs (the "Opposition") addressing all three Motions on August 3, 2015.  (Docket No. 201).  Plaintiffs filed a Reply to Defendants' opposition to Motion for Attorneys' Fees (the Law Offices of Dale K Galipo) (the "Galipo Reply") and a Reply Brief in Further Support of Motion for Attorneys' Fees and Costs (the "Vogel Reply").  There was no reply filed to the Bamieh Motion.

    The Court has reviewed and considered the papers on this Motion, and held a hearing on **August 24, 2015**. For the reasons stated below, the Court in general **GRANTS** the Motions with the alterations as noted.

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV-13-01615-MWF (ANx)   Date: September 17, 2015
Title:   Guillermo Ramirez, et al. -v- Oxnard Police Department, et al.

## I. BACKGROUND

The Motions arise out of a jury verdict in favor of Plaintiffs after a jury trial on claims of civil rights violations by members of the Oxnard Police Department, which resulted in the death of Robert Ramirez. (Docket Nos. 179, 188).

As reflected in the Jury Verdict and the Judgment after Trial, the jury found in favor of Ramirez on the first claim for excessive force against Defendant Steven Ramirez; in favor of Guillermo Ramirez, Teresa Ramirez, and R.R. on the third claim for interference with a family relationship in violation of the Fourteenth Amendment as to all Defendants; and for Ramirez on the fourth claim for negligence as to all Defendants. The jury awarded Ramirez damages of $75,000, R.R. damages of $1,600,000, and Guillermo and Teresa Ramirez each $625,000. (Docket Nos. 179, 188). The jury found in favor of Defendants on the second claim for deliberate indifference to medical needs.

### A. The Representation of Counsel

The case was taken to trial by Law Offices of Dale K. Galipo ("Galipo Law"), with Dale Galipo and Eric Valenzuela serving as trial counsel. Galipo Law came onto the case very late, substituting in on the day of the Court's first Pretrial Conference on February 3, 2015. Prior to February 2015, B&E and Vogel Law had represented the Plaintiffs.

#### 1. Vogel Motion Fees

The Vogel Motion makes the following request:

| Attorney/Staff | Years of Experience | Hours worked (Merits) | Hours Worked (Motion) | Rate | Lodestar Total |
|---|---|---|---|---|---|
| Brian Vogel | 22 | 445.95 | 12.2 | $700 | $ 320,705 |

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV-13-01615-MWF (ANx)      **Date:** September 17, 2015
**Title:**    Guillermo Ramirez, et al. -*v*- Oxnard Police Department, et al.

| Heather Quest | 17 | 463.35 | 18.25 | $500 | $ 235,800 |
| Steve Marshall | 2.5 | 63.6 | 3.4 | $300 | $ 20,100 |
| Paralegals | 22/11 | 102.1 | 4 | $200 | $ 21,220 |
| Total | | | | | $ 597,825 |

(Declaration of Brian Vogel, ¶¶ 3, 18, 22–25 (Docket No. 194); Declaration of Heather Quest, ¶¶ 10–11 (Docket No. 195); Declaration of Steve Marshall ¶¶ 7–8, Ex. 1 (Docket No. 196)).

    The billing from Vogel Law continues up to February 3, 2015, the date of the Pretrial Conference, at which point Galipo Law took over as primary counsel.

### 2. Bamieh Motion Fees Request

| Attorney/Staff | Years of Experience | Hours worked (Merits) | Hours Worked (Motion) | Rate | Lodestar Total |
|---|---|---|---|---|---|
| Ron Bamieh | 23 | 109.2 | 3.8 | $700 | $ 118,650 – $ 123,900 |
| David Ring | 27 | 32.6 | 5.7 | $500 | $ 28,725 |
| Laura Cota | 8 | 11.4 | | $350 | $ 5,985 |
| Administrative Assistants | | 18.9 | 9.5 – 14.5 | $200 | $ 5,670 |
| Total | | | | | $ 159,030 – $ 164,280 |

(Bamieh Mot. at 6–7).

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-13-01615-MWF (ANx)     Date:  September 17, 2015
Title:    Guillermo Ramirez, et al. -v- Oxnard Police Department, et al.

The billing is similarly limited to the period up to early February until Galipo Law took over representation.

### 3. Galipo Motion Fees

The Galipo Motion requests the following fees;

| Attorney/Staff | Hours | Rate | Lodestar Total |
|---|---|---|---|
| Dale Galipo | 630.6 | $900 | $ 567,540 |
| Eric Valenzuela | 248.3 | $350 | $ 86,905 |
| Total | | | $ 654,445 |

(Galipo Mot. at 19–20).

### B. Comparative Rates

In support of the Motions, Plaintiffs present the average law firm billing rates for partners and associates for a number of regions and the nation as obtained from the *Los Angeles Daily Journal*.

| Location | Position | 2012 | 2011 | Percent Increase |
|---|---|---|---|---|
| Los Angeles | Partner | $797 | $766 | 4.0 |
| | Associate | $550 | $516 | 6.6 |
| San Diego | Partner | $568 | $568 | 0 |

___
**CIVIL MINUTES—GENERAL**                                                          4

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-13-01615-MWF (ANx)             Date:  September 17, 2015
Title:     Guillermo Ramirez, et al. -v- Oxnard Police Department, et al.

|  | Associate | $394 | $378 | 4.2 |
|---|---|---|---|---|
| San Francisco | Partner | $675 | $654 | 3.2 |
|  | Associate | $482 | $449 | 7.3 |
| National | Partner | $750 | $725 | 3.4 |
|  | Associate | $495 | $460 | 7.5 |

(Declaration of Dale Galipo, Ex. B (Docket No. 192-1)).

## II.   BASIS FOR ATTORNEYS' FEES

Plaintiffs request attorneys' fees, pursuant to 42 U.S.C. § 1988.  Under § 1988(b), "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs" in an action enforcing 42 U.S.C. § 1983.  42 U.S.C. § 1988(b).

"A plaintiff must be a 'prevailing party' to recover an attorney's fee under § 1988."  *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933, 1939, 76 L. Ed. 2d 40 (1983).  Typically, "plaintiffs may be considered 'prevailing parties' for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit."  *Id.* (internal quotation marks and citation omitted).  This jury found in favor of Plaintiffs on three claims, and awarded Plaintiffs considerable damages on these claims.  Therefore, Plaintiffs have succeeded on significant issues in this litigation and achieved substantial benefits.  Accordingly, Plaintiffs are the prevailing parties for purposes of § 1988 and Federal Rule of Civil Procedure 54(d).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-13-01615-MWF (ANx)                     Date:  September 17, 2015
Title:     Guillermo Ramirez, et al. -v- Oxnard Police Department, et al.

## III. CALCULATION OF ATTORNEYS' FEES

### A. Legal Standard

"In the Ninth Circuit, the customary method of determining the permissible amount of attorneys' fees under § 1988 is the 'lodestar' method." *Ballen v. City of Redmond*, 466 F.3d 736, 746 (9th Cir. 2006). The lodestar "is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 406 (9th Cir. 1990).

"The *Kerr* factors are used in this preliminary determination of the lodestar." *Id.* In *Kerr*, the Ninth Circuit adopted the following guidelines:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975).

"After the lodestar is determined, the court may make adjustments, depending on the circumstances of the case." *United Steelworkers*, 896 F.2d at 406 (citing *Blum v. Stenson*, 465 U.S. 886, 897, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984)). "Factors subsumed in the original determination of reasonable hours and rates, however, should not be used to adjust the lodestar figure." *Id.* "[T]here is a strong presumption" that the lodestar calculation "is a reasonable fee." *Id.*

---
**CIVIL MINUTES—GENERAL**                                                          6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-13-01615-MWF (ANx)                Date:  September 17, 2015
Title:     Guillermo Ramirez, et al. -v- Oxnard Police Department, et al.

### B. Discussion

Defendants present five arguments as to the attorneys' fees requested in the three motions.  *First*, the Vogel Motion is mistaken in its request for fees for opposing Defendants' summary judgment motion because that success did not make R.R. a prevailing party.  *Second*, even if fees are to be awarded it was unreasonable to expend 166 attorney hours opposing summary judgment.  *Third*, the Vogel Firm and B&E's billing rates are too high especially in light of counsel's refusal to take the case to trial.  *Fourth*, the lodestar amount should be reduced because of the partial success achieved by all attorneys.  *Fifth*, a multiplier is inappropriate in a straightforward case such as this.

"Fee awards pursuant to § 1988 must be reasonable, both as to the number of hours spent in advancing the successful claim(s) and the billing rate per hour."  *Harris v. Marhoefer*, 24 F.3d 16, 18 (9th Cir. 1994) (holding district court did not abuse its discretion in reducing fee award by 50 percent given the recovery of only $25,000). As indicated above, "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."  *Hensley*, 461 U.S. at 433.

### 1. R.R. is a Prevailing Party for the Purpose of Obtaining Fees for all Components of the Litigation

Defendants argue that the Vogel Motion's request for fees incurred in opposing Defendants' motion for summary judgment is impermissible because the motion did not alter the parties' legal relationship and so does not qualify Vogel Law's client, R.R., as a prevailing party.  (Opp. at 2).

In support of this position, Defendants cite a number of cases holding that to be a prevailing party, a party must receive some form of relief from a court.  (Opp. at 3). Success in defeating summary judgment did not provide any relief and so R.R. may not be a prevailing party entitled to attorneys' fees for opposing summary judgment.

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-13-01615-MWF (ANx)                Date:  September 17, 2015
Title:     Guillermo Ramirez, et al. -v- Oxnard Police Department, et al.

Vogel Law argues that this ignores the fact that R.R. achieved substantial success at trial, and is undeniably a prevailing party as the beneficiary of a substantial jury verdict.  Even if counsel did not act as trial counsel, they nonetheless are responsible for getting the case to trial, and for the bulk of the work leading up to early February when Galipo Law took over, without which success would not have been possible.

R.R. is entitled to attorneys' fees to cover all legal services, including those incurred in opposing summary judgment because it is R.R. as the prevailing party, not his attorneys, as prevailing attorneys, who is entitled to fees.  Defendants' case law is readily distinguishable because it addresses instances in which the *party* did not prevail.

Defendants rest their argument primarily on *Citizens for Better Forestry v. U.S. Department of Agriculture*, 567 F.3d 1128 (9th Cir. 2009).  In *Citizens* the Ninth Circuit held that plaintiffs were not prevailing parties and so not entitled to attorneys' fees under a similar statute.  Plaintiffs had sued the Department of Agriculture ("USDA") and United States Forest Service seeking injunctive relief to prevent the implementation of a new national forest management policy based on allegations that the defendants had failed to comply with certain statutory procedural requirements.  The USDA withdrew the policy and issued a new one.  Plaintiffs dismissed the case and moved for attorneys' fees.  The Ninth Circuit denied their request because despite achieving their goal, it concluded that to be a prevailing party, "a party must receive 'some relief' from a court."  *Id*. at 1131.

This is not an analogous situation.  R.R. undoubtedly obtained relief from the court in the form of a judgment for $1,675,000 against Defendants.  Defendants' position is that because Vogel Law's requested billing stops once Galipo Law took over, they are not entitled to fees because they did not achieve success as defined by *Citizens*.  However, as Defendants' note in the Opposition, "the term 'prevailing party," as used in fee shifting statutes, is a legal term of art which refers to one who has been awarded some relief by the Court."  (Opp. at 4).  Defendants present no authority that in determining a prevailing the Court must look to counsel's involvement, and it

_____
CIVIL MINUTES—GENERAL                                                              8

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV-13-01615-MWF (ANx)     Date: September 17, 2015
Title:     Guillermo Ramirez, et al. -v- Oxnard Police Department, et al.

declines to do so here. Section 1988 awards attorneys' fees to prevailing parties, not prevailing attorneys.

### 2. Hours Expended by Vogel Law Counsel

Defendants also take issue with Vogel Law's request for 166 hours expended on opposing their summary judgment motion. They argue that the opposition produced by Vogel Law totaled 52 pages, counting the point and authorities in opposition (22 pages), the statement of facts and conclusions of law (24 pages), and counsel's declaration (6 pages). Defendants maintain that this is excessive and providing for one hour per page, or only one full work week, for a total of 50 hours is more appropriate.

In support of this contention Defendants note that counsel's task was greatly simplified by the fact that the Ventura County Coroner's report supported Plaintiffs' position and that this was a "garden variety excessive force case." (Opp. at 8–9).

The request for 166 hours is comprised of 96.6 hours from Vogel, 42.5 hours from Quest, and 27.3 hours from Marshall. The total amount reflects a full month of billing to oppose summary judgment. Having considered the parties' briefing on the motion for summary judgment, and the material presented on the Vogel Motion, the Court determines that a reasonable amount of time spent opposing summary judgment is 60 hours. This is approximately 36 percent of the hours requested. The Court reduces the amount spent by each attorney to 36 percent of the amount requested. Therefore the appropriate number of hours for each attorney is, 35 for Vogel, 15 for Quest, and 10 for Marshall.

The Court has added 30 hours to the figures discussed at the hearing, to reflect use of pre-trial work at trial.

### 3. Hourly Rates for Vogel Motion and Bamieh Motion

Defendants' third argument is that the hourly rates requested in the Vogel Motion and the Bamieh Motion are too high when compared to fees awarded in other cases, to those requested in the Galipo Motion, and in light of their refusal to take this

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-13-01615-MWF (ANx)            Date:  September 17, 2015
Title:     Guillermo Ramirez, et al. -v- Oxnard Police Department, et al.

case to trial.  Accordingly, Defendants argue, their billing rates should be reduced by half.

Defendants argue that the Court should follow *Ingram v. Oroudjian*, 647 F.3d 925 (9th Cir. 2011), a case involving attorneys' fees awarded after successful fair housing litigation.  In that case, the Ninth Circuit upheld the district court's ruling that $325 to $375 an hour was an appropriate hourly fee in the Los Angeles legal market.

Defendants further argue that $350 an hour for Bamieh and Vogel is an appropriate given that neither attorney was willing to take the case to trial, and this is the amount requested in the Galipo Motion for Valenzuela.

The Vogel Firm argues that the case was a difficult one, with complicated issues of causation resulting from Ramirez's drug ingestion, and counsel took on substantial risk in litigating the case.  Therefore, in line with the average billing rates as indicated in the *Daily Journal* and for similarly situated lawyers, the $700 an hour for Brian Vogel is appropriate.  This is also true given the level of his experience and many accolades.  (Vogel Mot. at 17; Vogel Reply at 14–15; Vogel Decl. ¶¶ 4–12; Declaration of Barrett Litt ¶¶ 26–33, (Docket No. 200)).

The Court appreciates the challenges the case presented.  It has also considered the evidence presented to support the claimed rates.  However, the challenges in the case arose primarily in trying the case to a jury, and overcoming doubts as to causation, as well as the potentially unsympathetic circumstances surrounding the incident that gave rise to this litigation.  Neither Bamieh nor Vogel were involved in preparation for trial, and new counsel made substantial changes to the pre-trial material to ready the case for trial.  Absent this crucial participation on the part of counsel from Vogel Law and B&E, the Court cannot conclude that the rates being requested are reasonable.

Therefore, based on the Court's knowledge of the legal market in Los Angeles, and the nature of the involvement of Vogel Law and B&E in litigating the case, the Court determines that following hourly rates are reasonable and serve the purposes of § 1988:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-13-01615-MWF (ANx)			Date:  September 17, 2015
Title:	Guillermo Ramirez, et al. -*v*- Oxnard Police Department, et al.

| Attorney | Hourly Rate |
|---|---|
| Brian Vogel | $450 |
| Heather Quest | $300 |
| Steve Marshall | $200 |
| Paralegals | $100 |
| Ron Bamieh | $450 |
| David Ring | $300 |
| Laura Cota | $200 |
| Administrative Assistants | $100 |

Defendants do no contest the hourly rates proposed by either Galipo or Valenzuela.

### 4. Discount for Degree of Success

In response to all three Motions, Defendants argue that the total lodestar figure should be reduced to reflect the partial success Plaintiffs achieved at trial. Defendants argue that there are a number of ways to view the verdict, but all indicate that the numbers of hours worked should be cut in half.

First, Defendants argue the case can be conceived of presenting two theories of liability: excessive force and failure to summon medical care. (Opp. at 12). Because Plaintiffs failed to prevail on their second claim, they failed on that theory. Their success on the other claims was duplicative and so they effectively achieved success on only half the case.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-13-01615-MWF (ANx)	Date:  September 17, 2015
Title:     Guillermo Ramirez, et al. -v- Oxnard Police Department, et al.

  Second, the Court could consider 28 possible findings of liability, based on multiple claims against multiple defendants.  The jury returned a verdict on 15 of those claims, which is just a little over half.

  Third, the jury found Ramirez to be 48 percent responsible in assessing the negligence claim, which also suggests a reduction by about half.

  Plaintiffs argue that the first two methods provide a false metric of success and that the third metric, based on a state law claim that does not give rise to an award of attorneys' is irrelevant.  Plaintiffs note the considerable difficulty the case presented given the complications in proving causation because of Ramirez's substantial drug use, as well as the likely inherent bias of any jury in favor of the police and against illegal drug users.  This resulted in four medical experts testifying, three of whom testified on behalf of Defendants.  The case was therefore considerably more complicated than a normal excessive force case where the cause of injuries, typically by firearm, Taser or physical beating, is straightforward.

  They also argue that Defendants' claim that this was a straightforward and easy case is belied by the fact that Defendants made no settlement offer at any point.  Therefore, Defendants' attempts to characterize the case as easy, is belied by the fact that until the verdict was handed down Defendants were confident that there was little risk that they would lose.  However, the jury awarded a total of $2,925,000 in damages on what amounted legally to four counts – excessive force, battery, deliberate interference, and negligence.

  Further, Defendants' attempt to use the comparative negligence finding to reduce the award is inappropriate.  An award for attorneys' fees under § 1988 is for a constitutional violation and the Constitution and federal law does not consider comparative negligence when evaluating whether a violation occurred.  Therefore, Defendants' attempts to use substantive California law to reduce an award of attorneys' fees under federal law is inappropriate.

  The Ninth Circuit has held that "success in a lawsuit is not always measured by the formal relief obtained." *Clark*, 803 F.2d at 990 (citing *Maher v. Gagne*, 448 U.S.

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-13-01615-MWF (ANx)     Date:  September 17, 2015
Title:     Guillermo Ramirez, et al. -*v*- Oxnard Police Department, et al.

122, 129 (1980)).  In the present case, however, it is clear that counsel obtained substantial success.  The Court is not persuaded that a jury award of almost $3 million is not considerable success, especially where success on further counts would not have amounted to further damages because such an award would have been duplicative.

Accordingly, the Court will not reduce the attorneys' fees award based on the contention that Plaintiffs achieved only partial success.

### 5. Multiplier

Defendants' fifth argument is that a multiplier of the lodestar calculation is not warranted in the present case.  The Vogel Motion and the Bamieh Motion both request a multiplier of 1.5 because of the difficulty of the case and the financial risk counsel took by litigating the case.  Defendants argue that Plaintiffs' request is based on outdated case law, the continued validity of which is suspect given intervening Supreme Court precedent.  (Opp. at 14).

In *Perdue v. Kenny A. ex rel Winn*, 559 U.S. 542 (2010) Supreme Court addressed use of enhancement to a lodestar amount and laid out the six factors to be considered in deciding reasonable attorneys' fees under federal fee shifting statutes such as § 1988.  **First**, a reasonable fee is one that induces a capable attorney to take representation of a meritorious case.  **Second**, the lodestar method is presumptively sufficient. **Third**, a multiplier has never been upheld by the Court for performance, but "may be awarded in 'rare' and 'exceptional' circumstances." *Id.* at 552.  **Fourth**, "the lodestar figure includes most, if not all, of the relevant factors constituting a 'reasonable' attorney's fee," and enhancement may not consider something contained within the lodestar calculation.  *Id.* at 553.  **Fifth**, burden of proving an enhancement is borne by the fee applicant.  *Id*.  **Sixth**, this burden is met only with the production of "specific evidence." *Id.*

Plaintiffs rely on *Clark v. City of Los Angeles*, 803 F2d 987 (9th Cir. 1986) in which the district court gave a multiplier of 1.5.  The district court did so because of the continent nature of the fee arrangement counsel had with plaintiffs and the risk and delay in payment "inherent in these fee arrangements."  The Ninth Circuit upheld the

_____
CIVIL MINUTES—GENERAL         13

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-13-01615-MWF (ANx)             Date:  September 17, 2015
Title:    Guillermo Ramirez, et al. -v- Oxnard Police Department, et al.

district court's decision as to the multiplier, explaining that "a contingent-fee arrangement may justify an upward fee adjustment when the record shows that an adjustment is necessary to award counsel the 'reasonable' fee to which he is entitled under section 1988." *Id.* at 991 (citing *Blum v. Stenson*, 465 U.S. 886, 897 (1984)).

The Ninth Circuit upheld the multiplier in substantial part because the district court had carefully analyzed the record and applied the factors articulated by *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67 (9th Cir. 1975). However, the Supreme Court held in *City of Burlington v. Dague*, 505 U.S. 557 (1992) that in considering a fee award under the Solid Waste Disposal Act and Clean Water, a court may not apply a multiplier because counsel took the case on a contingency basis. The Ninth Circuit has recognized that this ruling bars using the contingent nature of representation as a basis for enhancing a lodestar figure. *Davis v. City & Cnty. of San Francisco*, 976 F.2d 1536, 1549 (9th Cir. 1992) opinion vacated in part on denial of reh'g, 984 F.2d 345 (9th Cir. 1993). The *Davis* panel explained that "*Dague* represents an outright rejection of contingency as a factor relevant to the establishment of a reasonable fee; it would seem to be immaterial whether the consideration of contingency occurs in deciding to apply a multiplier to the lodestar fee or in initially calculating the lodestar." *Id.* at 1549.

For their part, Defendants contend that *Perdue* stands for the proposition that multipliers are "virtually preclude[ed]." (Opp. at 15). As is clear from the factors laid out from *Perdue* above, this is not the case, although the bar is high, and Plaintiffs do not get over it.

Having addressed summary judgment, and presided over the trial, the Court is not persuaded that this case was a "garden variety" police excessive force case. As noted above, the case involved complicated causation issues as a result of Ramirez's massive consumption of methamphetamine, shown by the testimony of four medical experts. However, these challenges were present primarily in persuading a jury at trial, and the counsel who bore, and ultimately carried that burden, did not request a multiplier. Plaintiffs have not presented specific evidence to indicate that this case involved the "rare" and "exceptional" circumstances that warrant a multiplier.

_____
CIVIL MINUTES—GENERAL                                                        14

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV-13-01615-MWF (ANx) | Date: September 17, 2015 |
| Title: Guillermo Ramirez, et al. -v- Oxnard Police Department, et al. | |

Accordingly, the Court will not give a multiplier. The lodestar calculations outlined below constitute a reasonable attorneys fee.

### 6. Fees for Filing Motion

The Vogel Motion and Bamieh Motion both request fees for filing the respective Motions. Defendants do not challenge those hours. However, on review it is apparent to the Court that they are not reasonable.

The Vogel Firm spent almost 40 hours working on the Vogel Motion. B&E spent 18 to 23 hours depending on the calculations. The Court determines that reasonable fees are for 10 hours for each motion at the rates for Brian Vogel and Ron Bamieh.

### 7. Fees for Opposing Defendants' Motions For New Trial and Judgment as a Matter of Law

Dale Galipo and Eric Valenzuela request compensation for the respective 24 hours and 91.4 hours spent on opposing Defendants' Motions for a New Trial and Judgment as a Matter of Law. (Docket Nos. 215, 215). The Court determines that reasonable fees are for 10 hours at the rate of Dale Galipo and 20 hours at the rate of Eric Valenzuela for each of the two motions.

### C.  Lodestar Calculation

| Attorney | Hourly Rate | Compensable Hours | Total |
|---|---|---|---|
| Brian Vogel | $450 | 415 | $186,750 |
| Heather Quest | $300 | 435.85 | $130,755 |
| Steve Marshall | $200 | 46.3 | $9,260 |
| Vogel Law Paralegals | $100 | 102.1 | $10,210 |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-13-01615-MWF (ANx)           Date:  September 17, 2015
Title:      Guillermo Ramirez, et al. -*v*- Oxnard Police Department, et al.

| | | | |
|---|---|---|---|
| Motion Work | $450 | 10 | $4,500 |
| **Total** | | | **$341,475** |
| Ron Bamieh | $450 | 109.2 | $49,140 |
| David Ring | $300 | 32.6 | $9,780 |
| Laura Cota | $200 | 11.4 | $2,280 |
| Administrative Assistants | $100 | 18.9 | $1,890 |
| Motion Work | $450 | 10 | $4,500 |
| **Total** | | | **$67,590** |
| Dale Galipo | $900 | 650.6 | $585,540 |
| Eric Valenzuela | $350 | 288.3 | $100,905 |
| **Total** | | | **$686,445** |

### D.    Requests for Costs

In addition to attorneys' fees, the Vogel Motion requests $4,379.48 in costs not covered by the amount requested in the Bill of Costs.  The Bamieh Motion requests $19,132.77 in costs not otherwise part of the request to tax costs submitted to the Clerk of the Court.

Under § 1988 a prevailing plaintiff may recover "as part of the award of attorney's fees those out-of-pocket expenses that 'would normally be charged to a fee paying client.'" *Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir. 1994) (quoting *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1216 n. 7 (9th Cir.1986), reh'g denied and opinion amended, 808 F.2d 1373 (9th Cir.1987)).  Defendants do not challenge these requests.

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV-13-01615-MWF (ANx)     Date: September 17, 2015
Title:    Guillermo Ramirez, et al. -*v*- Oxnard Police Department, et al.

### IV. CONCLUSION

In accordance with the reasoning above, the Court **GRANTS** the Motions as follows:

| Motion | Attorneys' Fees | Costs | Total |
| --- | --- | --- | --- |
| Vogel Motion | $341, 475 | $4,379.48 | $345,854.48 |
| Bamieh Motion | $67,590 | $19,132.77 | $86,722.77 |
| Galipo Motion | $686,445 |  | $686,445 |

IT IS SO ORDERED.

___

igrubbs@galipolaw.com

| | |
|---|---|
| **From:** | cacd_ecfmail@cacd.uscourts.gov |
| **Sent:** | Thursday, September 17, 2015 4:19 PM |
| **To:** | ecfnef@cacd.uscourts.gov |
| **Subject:** | Activity in Case 2:13-cv-01615-MWF-AN Guillermo Ramirez et al v. Oxnard Police Department et al Order on Motion for Attorney Fees |

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

UNITED STATES DISTRICT COURT for the CENTRAL DISTRICT OF CALIFORNIA

## Notice of Electronic Filing

The following transaction was entered on 9/17/2015 at 4:18 PM PDT and filed on 9/17/2015
**Case Name:**     Guillermo Ramirez et al v. Oxnard Police Department et al
**Case Number:**   2:13-cv-01615-MWF-AN
**Filer:**
**WARNING: CASE CLOSED on 07/09/2015**
**Document Number:** 219

**Docket Text:**
**MINUTES (IN CHAMBERS) ORDER Re Motions for Attorneys' Fees [189], [192], [193] by Judge Michael W. Fitzgerald: The Court GRANTS the Motions asfollows: Vogel Motion Attorneys' Fees in the amount of $341,475 Costs $4,379.48. Total $345,854.48; Bamieh Motion Attorneys' Fees in the amount of $67,590. Costs $19,132.77, Total $86,722.77; Galipo Motion Attorneys' Fees $686,445. (jp)**


**2:13-cv-01615-MWF-AN Notice has been electronically mailed to:**

Heather Anderson Quest     brian@bvogel.com

Eric Valenzuela     evalenzuela@galipolaw.com

Dirk DeGenna     ddegenna@wps-law.net, sobryant@wps-law.net, krobson@wps-law.net

Alan E Wisotsky     bkeighron@wps-law.net, awisotsky@wps-law.net

Brian Arnold Vogel     heather@bvogel.com, brian@bvogel.com, cindy@bvogel.com, liisa@bvogel.com

James N Procter     sobryant@wps-law.net

Laura Cota     lcota@boyceschaefferlaw.com

Dale K Galipo     igrubbs@galipolaw.com, tseabaugh@galipolaw.com, dgalipo@galipolaw.com, hlee@galipolaw.com, rvalentine@galipolaw.com, rvasquez@galipolaw.com, dkg.courtmail@yahoo.com, mpartow@galipolaw.com, dalekgalipo@yahoo.com, evalenzuela@galipolaw.com

**2:13-cv-01615-MWF-AN Notice has been delivered by First Class U. S. Mail or by other means <u>BY THE FILER</u> to :**