1  **LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
2  E-mail: dalekgalipo@yahoo.com
Hang D. Le (SBN 293450)
3  E-mail: hlee@galipolaw.com
21800 Burbank Blvd., Suite 310
4  Woodland Hills, CA 91367
Tel: (818) 347-3333; Fax: (818) 347-4118
5
Humberto M. Guizar, Esq.     (SBN 125769)
6  Kent M. Henderson, Esq.     (SBN 139530)
Angel Carrazco, Jr., Esq.     (SBN 230845)
7  **GUIZAR, HENDERSON & CARRAZCO, L.L.P.**
18301 Irvine Boulevard, Tustin, CA 92780
8  Telephone:     (714) 541-8600
Facsimile:     (714) 541-8601
9  Email:     hguizar@ghclegal.com
          hendolaw@gmail.com
10          angel@carrazcolawapc.com

11  Attorneys for Plaintiffs I.H., E.H., F.H., and A.H.

12                    **UNITED STATES DISTRICT COURT**

13              **FOR THE EASTERN DISTRICT OF CALIFORNIA**

14

15

16  I.H., a minor by and through her mother and        Case No. 2:19-cv-02343-DAD-AC
guardian Priscilla Macias, as successor in
17  interest to Francisco Hurtado; E.H., a minor by
and through her mother and guardian Priscilla      **DECLARATION OF HANG D. LE**
18  Macias, as successor in interest to Francisco
Hurtado; F.H., a minor by and through his
19  mother and guardian Priscilla Macias, as
successor in interest to Francisco Hurtado; and
20  A.H., a minor by and through his mother and
guardian Priscilla Macias, as successor in
21  interest to Francisco Hurtado;

22                    Plaintiffs,

23              v.

24  STATE OF CALIFORNIA; CALIFORNIA
HIGHWAY PATROL; EDGARDO YEPEZ aka
25  EDGARDO LOPEZ; and DOES 1 through 100,
inclusive,

26  Defendants.

27

28

                    -1-

**DECLARATION OF HANG D. LE**

I, Hang D. Le, declare as follows:

     1.     I am an attorney duly licensed to practice law in the State of California and the Eastern District of California. I make this declaration in support of Plaintiffs' Motion for Attorneys' Fees. I have personal knowledge of the facts contained herein and could testify competently thereto if called.

     2.     I have maintained contemporaneous time records reflecting the work and time spent on this case. As of this date I have so far spent 57.4 hours of billable time in connection with tasks reasonably necessary to the favorable resolution of this action. A copy of my time records for this case is attached hereto as "**Exhibit 11**." I intend to include the billable time spent in connection with any further work on this case in a separate declaration and accompanying exhibit to be included in Plaintiffs' reply to the instant motion.

     3.     I personally performed the work attributed to me in my billing statement and can personally attest that the hours I spent on this case have been reasonable expended in pursuit of litigation. I have tracked my time spent in one-tenths of an hour increments. I have attempted to keep contemporaneous records relating to the billable time I spent working on this case. Any time that I did not contemporaneously record has been reconstructed from detailed documentation from the case file and my notes. I have exercised billing judgment in excluding unproductive time and time spent on administrative or clerical tasks. I have reduced or omitted time that would not ordinarily be charged to or paid by a fee-paying client.

     4.     In June 2010, I received my bachelor's degree in political science, with honors, from the University of California Irvine. In May 2013, I received my J.D. degree from the University of Southern California Gould School of Law. While in law school, I served on the editing board of the Southern California Review of Law and Social Justice for two years.

     5.     I was admitted to the California Bar in December 2013. I have been a practicing attorney for almost eleven years. I am also admitted to practice in the United States District Court for the Central District of California, the United States District Court for the Southern District of California, and the Ninth Circuit Court of Appeals.

1      6.      I joined Law Offices of Dale K. Galipo in May 2014, where I currently work as a

2   senior associate attorney. Mr. Galipo is considered to be one of the top civil rights attorneys in the

3   state and country. To my knowledge, Mr. Galipo has gone to trial and won more cases against the

4   police for excessive force than any attorney in the country. Over the last ten years at the Law

5   Offices of Dale K. Galipo, I have worked almost exclusively on 42 U.S.C. § 1983 civil rights

6   cases involving police excessive force and has gained substantial experience in civil rights

7   litigation in all aspects from pre-litigation through to trial. I am currently the primary associate

8   attorney at my office responsible for the day-to-day management of approximately twenty federal

9   and state civil rights cases, including this case. In most of these cases, the alleged civil rights

10  violation resulted in death.

11      7.      For each of the cases assigned to me, my responsibilities include: communicating

12  with the client on an ongoing basis; drafting the requisite claim for damages pursuant to the

13  California Tort Claims Act; drafting the complaint for damages and ensuring that it is timely filed

14  in the proper jurisdiction and venue; investigating the case prior to the initiation of discovery;

15  creating the discovery plan; propounding written discovery and meeting and conferring with

16  opposing counsel regarding any discovery issues; handling all discovery disputes, including

17  drafting motions to compel and oppositions thereto, drafting and responding to discovery dispute

18  letter briefs and joint stipulations; examining the materials produced during discovery and

19  evaluating the case; handling all law and motion matters, including determining whether an

20  amended complaint must be filed and then drafting the amended complaint, opposing motions to

21  dismiss and motions for summary judgment and drafting affirmative motions for summary

22  judgment; appearing at court hearings; retaining and consulting with experts; defending the

23  depositions of plaintiff(s) and their experts; conducting depositions of percipient witnesses, police

24  officers, and defense experts; and making court appearances. If the case goes to trial, I am also

25  responsible for: drafting all pretrial documents and working with opposing counsel on the joint

26  pretrial documents; assisting with trial preparation; serving as second or third chair to Mr. Galipo;

27  and drafting and opposing post-trial motions. Where the case settles and involves a minor plaintiff,

28  I am responsible for drafting the compromise of the claims of the minor plaintiff and handling the

1    structured settlement. I am also responsible for handling any appellate issues on the cases assigned

2    to me. I drafted the appellate briefs for the successful Ninth Circuit appeal in *Easley v. City of*

3    *Riverside* (2019) and the successful opposition to the Ninth Circuit appeal in *Lawrence v.*

4    *Bohanon* (2021) and *Najera-Aguirre v. County of Riverside* (2022).

5          8.        Over the past ten years as a civil rights attorney, I have been the day-to-day

6    managing attorney in cases with Mr. Galipo that have resulted in seven-figure verdicts and

7    settlements, including the following:

8          • $1.5 million settlement in *Thomas v. County of San Bernardino* (pre-trial detainee

9            failure to protect) (July 2016)

10         • $1.5 million settlement in *Morales v. City of Gardena* (police shooting) (May

11           2017)

12         • $2.6 million settlement in *Phillips v. County of San Bernardino* (police shooting)

13           (May 2019)

14         • $2.9 million settlement in *Gibson v. City of Long Beach* (police shooting) (April

15           2019)

16         • $1.025 million settlement in *Lewis v. County of Los Angeles* (police shooting)

17           (August 2019)

18         • $1.24 million settlement in *Easley v. City of Riverside* (police shooting) (October

19           2020)

20         • $1.5 million settlement in *S.A.C. v. County of San Diego* (police shooting) (October

21           2020)

22         • $1.6 million settlement in *M.A. v. County of San Bernardino* (police shooting) (July

23           2021)

24         • $3.5 million settlement in *Horton v. City of Santa Maria* (pre-trial detainee denial

25           of medical care) (August 2021)

26         • $7.5 million settlement in *BAM v. City of Pasadena* (police shooting) (December

27           2021)

28

-4-
DECLARATION OF HANG D. LE

1   • $1 million jury verdict (with contributory fault) in *Weick v. County of San Diego*

2   (police shooting) (November 2022)

3   • $4.5 million settlement in *Ainley v. City of South Lake Tahoe* (police shooting)

4   (January 2023)

5   • $2.4 million settlement in *A.A.M. v. City of Sacramento* (police shooting) (March

6   2023)

7   • $7.5 million jury verdict (with contributory fault) in *Alves v. County of San*

8   *Bernardino* (police excessive force) (April 2023)

9       9.      I was also the day-to-day managing attorney and second chair for two cases that

10  resulted in eight-figure jury verdicts:

11  • $33.5 million jury verdict in *Archibald v. County of San Bernardino* (police

12  shooting) (March 2018)

13  • $10 million jury verdict in *Najera v. County of Riverside* (police shooting) (April

14  2023)

15      10.     In addition to the foregoing cases, I have also been the day-to-day managing

16  attorney in numerous cases with Mr. Galipo that have resulted in substantial six-figure awards,

17  including the following:

18  • $450,000 settlement in *Bonton v. City of Los Angeles* (police shooting) (October

19  2018)

20  • $250,000 settlement in *Tsipursky v. City of Long Beach* (city employee excessive

21  force) (December 2019)

22  • $575,000 settlement in *J.G. v. City of Colton* (police shooting) (February 2020)

23  • $300,000 settlement in *Sprowl v. City of Barstow* (police shooting) (April 2020)

24  • $975,000 settlement in *Cruz v. City of Huntington Beach* (police shooting)

25  (August 2020)

26  • $225,000 settlement in *Lopez v. City of Fontana* (police shooting) (November

27  2020)

28

- $999,999 settlement in *Salazar v. County of San Bernardino* (police excessive force, asphyxia) (March 2021)
- $500,000 jury verdict in *Donastorg v. City of Ontario* (police excessive force)
- $250,000 settlement in *Alvarado v. City of San Gabriel* (police shooting) (November 2022)
- $400,000 in *Hornshaw v. City of Long Beach* (police excessive force) (December 2022)
- $800,000 in *Elias v. City of Bell Gardens* (police shooting) (May 2023)
- $750,000 in *Tabares v. City of Huntington Beach* (police shooting) (June 2023)
- $500,000 in *Jones v. City of Riverside* (police shooting) (March 2024)
- $500,000 in *McLeod v. City of Redding* (police shooting) (October 2024)

11. I was selected to the "Southern California Rising Stars" list in the field of civil rights in 2022 and 2023. I was selected as a "Super Lawyer" in the field of civil rights in 2024 and for 2025.

12. A reasonable fee for my professional services during the time I worked on this matter is $700 per hour. As a result of my experience, I believe it is in line with the hourly rates charged by attorneys of equivalent experience, skill, reputation, and expertise of comparable work.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct. Executed this 9th day of December 2024, in Woodland Hills, California.

_____

Hang D. Le