Mark E. Merin (State Bar No. 043849)
Paul H. Masuhara (State Bar No. 289805)
LAW OFFICE OF MARK E. MERIN
1010 F Street, Suite 300
Sacramento, California 95814
Telephone:  (916) 443-6911
Facsimile:  (916) 447-8336
E-Mail:  mark@markmerin.com
 paul@markmerin.com

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| I.H., et al., | Case No. 2:19-cv-02343-DAD-AC |
| Plaintiffs, | **DECLARATION OF MARK E. MERIN IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES** |
| vs. | |
| STATE OF CALIFORNIA, et al. | |
| Defendants. | |

I, Mark Merin, declare as follows:

1. I am an attorney licensed to practice law in the United States District Court for the Eastern District of California, the Ninth Circuit Court of Appeals, and before all Courts in the state of California. My practice is based in Sacramento, California. I make this Declaration in Support of Plaintiffs' Motion for Attorneys' Fees pursuant to 42 U.S.C. § 1988. I have personal knowledge of the matters stated herein and could and would testify competently thereto if called.

**Education**

2. I received an undergraduate degree from Cornell University in 1965.

3. I received a J.D. degree from University of Chicago Law School in 1968.

4. I received an L.L.M. from New York University School of Law in 1970, during which time I was practicing as house counsel in New York for the Red Hook Neighborhood Health Center.

**Work Experience**

5. In 1970, I joined the commercial litigation firm of Feldman, Waldman and Kline in San Francisco and two years later began a solo civil rights practice in San Francisco which focused on prison

1

conditions litigation. One of the cases on which I spent a considerable amount of time in those early years was *Spain v. Procurier*, 408 F. Supp. 534 (N.D. Cal. 1976), *aff'd*, 600 F.2d 189 (9th Cir. 1979), *after remand*, *Spain v. Mountanos*, 690 F.2d 742 (9th Cir. 1982), which resulted in the prohibition of use of neck chains in state prison and the use of tear gas or chemical agents to effect cell extractions. Restrictions were also placed on use of administrative segregation for punishment and denial of outdoor exercise and limitation of access to counsel. Attorneys' fees were ultimately awarded in that case by the United States District Court for the Northern District of California.

6. In 1974, I became the first prosecutor for the Fair Political Practices Commission ("FPPC"), a new agency established by initiative in Sacramento to foster campaign disclosure and financial reporting requirements.

7. I left the FPPC in 1976, and started the law practice then known as Kanter, Williams, Merin and Dickstein. That practice has evolved and, over the years, has experienced various name changes including Kanter, Merin, Dickstein & Kirk, and Dickstein and Merin; most recently it has become the Law Office of Mark E. Merin.

**Practice**

8. Since beginning private practice in Sacramento, I have focused on civil rights litigation, labor and employment law, Indian law, personal injury and medical malpractice.

9. I recently argued and prevailed in the case of *Stearns v. Inmate Servs. Corp.*, 957 F.3d 902 (8th Cir. 2020), before the United States Court of Appeals for the Eighth Circuit. The published decision my firm obtained on behalf of our clients changes the Eighth Circuit's legal standard applicable pre-trial detainees bringing conditions-of-confinement claims under the Fourteenth Amendment to the United States Constitution. Specifically, because of that decision, it is now clear in the Eighth Circuit that conditions-of-confinement claimants are subject to a lesser burden of proof than are post-sentenced and convicted prisoners under the Eighth Amendment to the United States Constitution.

10. I have recently settled the following strip search class actions: *Bull v. County of Sacramento*, No. 01AS01545 (Sacramento Cnty. Super. Ct.); *Haney v. Miami-Dade County*, No. 1:04-cv-20516-AJ (C.D. Fla.); *Allison v. Lincoln County*, No. 1:05-cv-00881-WJ-WDS (D.N.M.); *Gallagher v. San Mateo County*, No. 4:04-cv-00448-SBA (N.D. Cal.); *Schaffer v. County of Alameda*, No. 3:06-cv-

2

00310-MMC (N.D. Cal.); *Butler v. Santa Cruz County*, No. 5:07-cv-00941-JF (N.D. Cal.); *Suon v. County of Alameda*, No. 3:07-cv-01770-MMC (N.D. Cal.); *Robinson/Kozlowski v. Sacramento County*, Nos. 2:04-cv-01617-FCD-EFB & 2:04-cv-02381-FCD-EFB (E.D. Cal.); *Garcia v. Santa Cruz County*, No. 4:08-cv-00139-RCC (D. Ariz.); *Moyle vs. Contra Costa County*, No. 3:05-cv-02324-JCS (N.D. Cal.); and *Todd v. Solano County*, No. 2:07-cv-00726-FCD (E.D. Cal.), which involved class issues and thousands of arrestees. Nearly all of the settlement classes in the above-referenced actions utilized subclass definitions and procedures to determine the rate of compensation for each settlement class member, dependent upon the frequency and degree of the violation experienced. Additionally, each of these class action settlements was administered by a class action administration company, which counsel frequently worked with to resolve issues related to individual settlement class members' claims.

11. Together with local counsel Allen Lichtenstein, I filed, obtained class certification, and was appointed as class counsel on behalf of a class of up to 1,500 psychiatric patients who were victims of "patient-dumping" after they were involuntarily discharged and bussed out-of-state by the State of Nevada-operated Rawson-Neal Psychiatric Hospital. I later tried that action before a jury and, in November 2018, obtained a favorable verdict on behalf of the certified class. That case is *Brown v. Southern Nevada Adult Mental Health Services*, No. A-14-706095-C (Nev. Dist. Ct., Clark Cnty).

12. I filed and obtained a stipulated class settlement on behalf of a class of up to hundreds of jail inmates who were subject to systemic abuse, including unreasonable uses of force, in a county jail. That action is *Bangert v. County of Placer*, No. 2:17-cv-01667-TLN-KJN (E.D. Cal.). The terms of the class settlement were preliminary and finally approval by the court, and class members received settlement payments.

13. Together with Andrew C. Schwartz of firm of Casper, Meadows, Schwartz & Cook in Walnut Creek, California, I have also filed, was designated as co-class counsel for the class, and obtained class certification and summary judgment in the strip search/safety-cell case of *Bull v. City & County of San Francisco*, No. 3:03-cv-01840-CRB (N.D. Cal.). *See* 2004 U.S. Dist. LEXIS 31664 (N.D. Cal. June 10, 2004) (granting plaintiffs' motion for class certification, denying defendants' motion for summary judgment). A decision by the United States Supreme Court, *Florence v. Bd. of Chosen Freeholders*, 566 U.S. 318 (2012), has changed the law as it was previously applied in the Ninth Circuit and the *Bull* case

3

**DECLARATION OF MARK E. MERIN IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES**
*I.H. v. State of California*, United States District Court, Eastern District of California, Case No. 2:19-cv-02343-DAD-AC

was subsequently settled on an individual basis.

14. In *Schilling v. TransCor America, LLC*, No. 3:08-cv-00941-SI (N.D. Cal.), I was designated co-class counsel with Andrew C. Schwartz and Karen L. Snell, both with firms in the Bay Area, representing a class of approximately 20,000 prisoners/pretrial detainees in an action against TransCor America, LLC for subjecting class members to cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments to the U.S. Constitution during protracted periods of transportation from one penal institution to another. *See* 2010 U.S. Dist. LEXIS 20786 (N.D. Cal. Feb. 16, 2010) (granting plaintiffs' motion for class certification). I litigated this action for approximately six years, along with co-counsel, before eventually agreeing to an individual settlement on behalf of the named representative plaintiffs.

15. I was approved as counsel for a settlement class which benefitted hundreds of individuals who had their vehicles unlawfully towed from locations within the City of Sacramento, California, without the posting of proper notice. That case was *Hiestand v. City of Sacramento*, No. 34-2009-00055245 (Sacramento Cnty. Super. Ct.).

16. Together with attorneys from the firm of Siegel & Yee in Oakland, California, I filed a class action lawsuit against the County of Sacramento, California, for its practice of "dipping" and "slamming" juvenile youth in the custody of the Sacramento County Juvenile Hall. The case was settled on behalf of named individual plaintiffs prior to a class certification decision. That case was *Page v. County of Sacramento*, No. 2:09-cv-02825-MCE-KJM (E.D. Cal.). More recently, additional individuals complaining of experiences similar to those identified in the *Page* action caused this firm, in conjunction with Siegel & Yee, to file four additional lawsuits against the County of Sacramento for its use of excessive force against youth residents. Those cases were coordinated and settled as *Shadd v. County of Sacramento*, No. 2:12-cv-002834-MCE-KJN (E.D. Cal.).

17. Together with attorneys from the Northern California America Civil Liberties Union in San Francisco, California, I represented and obtained a settlement on behalf of University of California at Davis students who were pepper-sprayed and arrested by campus police officers in November 2011 during an "Occupy" protest. That case was *Baker v. Katehi*, No. 2:12-cv-00450-JAM-EFB (E.D. Cal.).

18. I represented a class consisting of hundreds of homeless persons against the City of

4

**DECLARATION OF MARK E. MERIN IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES**
*I.H. v. State of California*, United States District Court, Eastern District of California, Case No. 2:19-cv-02343-DAD-AC

Case 2:19-cv-02343-DAD-AC   Document 263-35   Filed 12/09/24   Page 5 of 13

1  Sacramento, California, for the unlawful seizure and destruction of personal property in *Lehr v. City of Sacramento*, No. 2:07-cv-01565-MCE-GGH (E.D. Cal.). In a published decision in that case, my firm obtained class certification. *See Lehr v. City of Sacramento*, 259 F.R.D. 479 (E.D. Cal. 2009) (granting plaintiffs' motion for class certification). Subsequently, my firm obtained a favorable jury verdict on behalf of the certified class and, as a result, negotiated a class action settlement which monetarily benefitted thousands of homeless individuals who had their property seized and destroyed while living within the City of Sacramento, California.

19. I filed and obtained a stipulated settlement benefitting hundreds, if not thousands, of arrestees who were arrested and not subsequently charged with any crime but, nonetheless, denied a "detention certificate" required under California law that stated that the arrestee was subject to a "detention only." Those cases were *Yao v. City of Folsom*, No. 34-2016-80002446 (Sacramento Cnty. Super. Ct.), and *Cathey v. City of Vallejo*, No. FCS047901 (Solano Cnty. Super. Ct.). Those cases were resolved by a certification that the arresting public entity issue the required "detention certificate" to uncharged arrestees.

20. My firm has been lead counsel in a host of civil rights cases involving multiple plaintiffs. *See*, *e.g.*, *Feminist Women's Health Center v. Superior Court (Jenkins)*, 52 Cal. App. 4th 1234 (Cal. Ct. App. 1997); *Feminist Women's Health Center v. Blythe*, 32 Cal. App. 4th 1641 (Cal. Ct. App. 1995); *Collins v. Womancare*, 878 F.2d 1145 (9th Cir. 1989); *California State Emp. Ass'n v. Cory*, 123 Cal. App. 3d 888 (Cal. Ct. App. 1981); and *Spain v. Procunier*, 408 F. Supp. 534 (N.D. Cal. 1976), *aff'd*, 600 F.2d 189 (9th Cir. 1979).

21. I litigated a writ of mandate action known as *Engineering Technicians Technical Inspectors v. Harada*, No. 97CS01493 (Sacramento Cnty. Super. Ct.), which was filed on behalf of a union and approximately 50 long-term temporary employees in the Public Works Department. The writ led to the issuance of an order directing the County of Sacramento to cease employing long-term temporary employees and barring the use of blanket extensions of provisional employment status. As a result of this litigation, the County added one hundred limited term or permanent positions to the County's salary ordinance effective July 1, 1998.

22. I litigated the case of *Hamilton v. County of Sacramento*, No. 98AS02991 (Sacramento

5

**DECLARATION OF MARK E. MERIN IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES**
*I.H. v. State of California*, United States District Court, Eastern District of California, Case No. 2:19-cv-02343-DAD-AC

Cnty. Super. Ct.), representing 99 individual employees who were denied the benefits of permanent County employment. This case was settled before it was certified as a class action but led to substantial benefits being paid to those numerous plaintiffs.

23. The Law Office of Mark E. Merin represents public and private employees and their unions in all facets of employment and has done so since it was founded. I, personally, have handled and been responsible for a large range of labor and employment litigation including actions brought on behalf of a statewide unit of 10,000 employees (psychiatric technicians employed in state hospitals) to enforce staffing minimums and to police compliance with resulting orders. I have represented unions in collective bargaining in several industries, including the bottling industry, the nursing industry, the transportation industry, and the public employment sector. I have also handled discipline and discharge cases, discrimination cases and successfully prosecuted several writ of mandamus actions.

24. My firm was lead counsel in prosecuting a federal class action in the healthcare field (on behalf of all women receiving services at Feminist Women's Health Centers), and a decision of which was reported as *Chico Feminist Women's Health Center v. Butte Glenn Medical Society*, 557 F. Supp. 1190 (E.D. Cal. 1983), and on behalf of a class of thousands of California state prisoners employed in prison industries to obtain minimum wage for their hours of work, a decision of which was reported as *Burleson v. California*, 83 F.3d 311 (9th Cir. 1996).

25. Over a period of 40 years, I have represented several unions, including the Association of Professional Engineers, County of Sacramento ("APECS") union and the Engineering Technicians Technical Inspectors ("ETTI") union, where wage and hour issues were regularly the subject both of negotiations and of grievances and arbitrations and litigation.

26. My firm recently prevailed in a wage and hour action which resulted in a published California Court of Appeals decision. *See Seymore v. Metson Marine, Inc.*, 194 Cal. App. 4th 361 (Cal. Ct. App. 2011), *rev. denied*, 2011 Cal. LEXIS 7828 (Cal. 2011). That case was *Seymore v. Metson Marine, Inc.*, No. CIV-MSC-08-02279 (Contra Costa Cnty. Super. Ct.).

27. I was co-counsel for plaintiffs in a wage and hour class action involving a putative class of thousands of former and current pharmacy employees for missed rest and lunch breaks. That case was *Kyle v. Rite Aid Corp.*, No. 34-2008-00032716 (Sacramento Cnty. Super. Ct.). The *Kyle* action was

6

**DECLARATION OF MARK E. MERIN IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES**
*I.H. v. State of California*, United States District Court, Eastern District of California, Case No. 2:19-cv-02343-DAD-AC

coordinated with a similar action under the caption *Rite Aid Wage and Hour Cases*, No. JCCP 4583 (Los Angeles Cnty. Super. Ct.). That case was resolved through a stipulated class settlement which was finally approved by the court and payments distributed in 2016.

28. I was appointed class counsel for plaintiffs and a stipulated class in a wage and hour class action involving approximately 50 former and current delivery truck workers in Oakland, California. That case was *Tankovic v. Gurfinkel*, No. RG13688851 (Alameda Cnty. Super. Ct.). That case was resolved through a stipulated class settlement with periodic settlement payments to class members.

29. I was appointed class counsel for plaintiffs and a stipulated class based on California Family Rights Act ("CFRA") violations involving approximately 2,055 current and former employees of Pacific Bell Telephone Company who sustained a reduction in seniority after state law-authorized leaves of absence. That case was *Gordon v. Pacific Bell Telephone Company*, No. 34-2013-00153003 (Sacramento Cnty. Super. Ct.). That case was resolved through a stipulated class settlement with settlement payments to class members.

**Police Misconduct**

30. Since the early 1970s I have specialized in the practice of civil rights law which has involved a wide range of cases, generally brought against public entities such as local cities, counties, states and even the federal government and its agencies.

31. A particular focus of my practice has been mistreatment and abuse of individuals by law enforcement officers both during a variety of routine contacts, arrests, and incarceration.

32. Over the years I have represented numerous of persons who were significantly abused, injured, and killed by law enforcement officers. For example:

(a) I represent Santino Marez who was shot during the course of arrest by Sacramento Police Department personnel on September 14, 2024. The case has yet to be filed.

(b) I represent Marquise Chapple who was shot during the course of arrest by Sacramento County Sheriff's Department personnel on March 5, 2024. *Chapple v. County of Sacramento*, No. 2:24-cv-01939-TLN-CSK (E.D. Cal.). The case is pending.

(c) I represented KyrieAnna Liles who was shot during the course of arrest by Sacramento County Sheriff's Department personnel on November 20, 2023. *Liles v. County of*

7

**DECLARATION OF MARK E. MERIN IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES**
*I.H. v. State of California*, United States District Court, Eastern District of California, Case No. 2:19-cv-02343-DAD-AC

*Sacramento*, No. 2:24-cv-00416-KJM-CKD (E.D. Cal.). The case was settled pre-trial for $425,000.

    (d) I represent the family of Korey Unti who was shot and killed during the course of arrest by Atwater Police Department personnel on August 13, 2023. *Estate of Unti v. City of Atwater*, No. 1:24-cv-00758-JLT-SAB (E.D. Cal.). The case is pending.

    (e) I represented the family of Hector Perez who was shot and killed during the course of arrest by Yolo County Sheriff's Office personnel on February 14, 2023. *Estate of Perez v. County of Yolo*, No. 2:23-cv-01296-KJM-AC (E.D. Cal.). The case was settled pre-trial for $500,000.

    (f) I represent the family of Christopher Temple who was shot and killed during the course of arrest by Placer County Sheriff's Office personnel on January 10, 2023. *Estate of Temple v. County of Placer*, No. 2:23-cv-01713-DAD-CKD (E.D. Cal.). The case is pending.

    (g) I represented Salvador Garcia Jr. who was bitten by a police canine during the course of arrest by Sacramento County Sheriff's Department personnel on September 17, 2022. *Garcia v. County of Sacramento*, No. 2:23-cv-00899-DAD-CSK (E.D. Cal.). The case was settled pre-trial for $755,000.

    (h) I represent the family of Charles Chivrell who was shot and killed during the course of arrest by California Highway Patrol and Arcata Police Department personnel on September 9, 2021. *Estate of Chivrell v. City of Arcata*, No. 4:22-cv-00019-HSG (N.D. Cal.). The case is pending.

    (i) I represent the family of Xander Mann who was shot and killed during the course of arrest by Stanislaus County Sheriff's Department personnel on May 18, 2021. *Estate of Mann v. County of Stanislaus*, No. 1:21-cv-01098-DC-JDP (E.D. Cal.). The case is pending.

    (j) I represent Willie Roberts who was shot during the course of arrest by Kern County Sheriff's Office personnel on December 15, 2020. *Roberts v. County of Kern*, No. 1:21-cv-00725-KJM-CDB (E.D. Cal.). The case is pending.

    (k) I represented Yuridia Ochoa who was shot during the course of arrest by San Jose Police Department personnel on June 2, 2020. *Ochoa v. City of San Jose*, No. 5:21-cv-02456-BLF (E.D. Cal.). The case was settled pre-trial for $200,000.

    (l) I represent Daniel Garza who was shot during the course of a demonstration by Sacramento Police Department personnel on May 30, 2020. *Garza v. City of Sacramento*, No. 34-2023-

8

00333969-CU-PO-GDS (Sacramento Cnty. Super. Ct.). The case is pending.

(m) I represented Miguel Rodriguez Cortez who was shot during the course of arrest by Merced County Sheriff's Office personnel on November 15, 2019. *Rodriguez Cortez v. County of Merced*, No. 1:20-cv-00161-NONE-SAB (E.D. Cal.). The case was settled pre-trial for $200,000.

(n) I represented Kevin Cole who was shot by Sacramento Police Department personnel on December 18, 2019. *Cole v. City of Sacramento*, No. 2:20-cv-00464-KJM-KJN (E.D. Cal.). The case was settled pre-trial for $99,000.

(o) I represented the family of Carmen Mendez who was shot and killed during the course of arrest by Ceres Police Department personnel on August 18, 2018. *Estate of Mendez v. City of Ceres*, No. 1:18-cv-01677-LJO-BAM (E.D. Cal.). The case was settled pre-trial for $2,100,000.

(p) I represented Joseph Peters who was shot during the course of arrest by Glenn County Sheriff's Office personnel on July 23, 2018. *Peters v. County of Glenn*, No. 2:19-cv-00074-TLN-DB (E.D. Cal.). The case was settled pre-trial for $175,000.

(q) I represented the family of Alejandro Sanchez who was killed during the course of arrest by Stanislaus County Sheriff's Department personnel on May 5, 2018. *Estate of Sanchez v. County of Stanislaus*, No. 1:18-cv-00977-DAD-CKD (E.D. Cal.). The case was settled pre-trial for $1,500,000.

(r) I represented the family of Myra Micalizio who was shot and killed during the course of arrest by Butte County Sheriff's Office personnel on April 26, 2018. *Estate of Micalizio v. County of Butte*, No. 2:18-cv-02005-MCE-DMC (E.D. Cal.). The case was settled pre-trial for $250,000.

(s) I represented Jason Perkins who was shot during the course of arrest by Modesto Police Department personnel on November 6, 2017. *Perkins v. City of Modesto*, No. 1:19-cv-00126-DAD-AC (E.D. Cal.). The case was settled pre-trial for $1,000,000.

(t) I represented the family of Nicholas Pimentel who was shot and killed during the course of arrest by Ceres Police Department personnel on October 22, 2017. *Estate of Pimentel v. City of Ceres*, No. 1:18-cv-01203-DAD-EPG (E.D. Cal.). The case was settled pre-trial for $2,000,000.

(u) I represented the family of Tyler Rushing who was shot and killed during the course of arrest by Chico Police Department personnel on July 24, 2017. *Estate of Rushing v. City of Chico*, No. 2:18-cv-01692-DAD-AC (E.D. Cal.). The case was tried to a jury verdict.

9

**DECLARATION OF MARK E. MERIN IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES**
*I.H. v. State of California*, United States District Court, Eastern District of California, Case No. 2:19-cv-02343-DAD-AC

(v) I represented the family of Kim Jackson who was shot and killed during the course of arrest by Modesto Police Department personnel on October 8, 2016. *Estate of Jackson v. City of Modesto*, No. 1:21-cv-00415-JAM-KJN (E.D. Cal.). The case was settled pre-trial for $450,000.

(w) I represented the family of Colby Friday who was shot and killed during the course of arrest by Stockton Police Department personnel on August 16, 2016. *L.F. v. City of Stockton*, No. 2:17-cv-01648-KJM-DB (E.D. Cal.). The case was settled pre-trial for $3,250,000.

(x) I represented Ryan Basque who was tased during the course of arrest by Placer County Sheriff's Office personnel on June 24, 2015. *Basque v. County of Placer*, No. 2:16-cv-02760-KJN (E.D. Cal.). The case was settled pre-trial for $300,000.

(y) I represented the family of Parminder Shergill who was shot and killed during the course of arrest by Lodi Police Department personnel on January 25, 2014. *Kaur v. City of Lodi*, No. 2:14-cv-00828-TLN-AC (E.D. Cal.). The case was settled pre-trial for $2,650,000.

**Prevailing Fees Experience**

33. I am personally familiar with prevailing rates charged by attorneys in and around the Eastern District of California and particularly the Sacramento-area, and fees charged for the particular kind of work required in this case. Among other things, I often litigate cases in which fees are recoverable under such statutes as 42 U.S.C. § 1988 (actions under the Federal Civil Rights Act), California Civil Code § 1717 (contract actions), California Code of Civil Procedure § 1021.5 (public interest suits), and California Civil Code § 52.1 (Tom Bane Civil Rights Act). I have both sought and opposed attorney fee awards in these types of cases.

34. I have also been associated in several cases with attorneys who have disclosed their fees to me and moved for awards from courts. In these cases, I necessarily learn what rates are being charged by the attorneys with whom I have been associated. These include rates both in the trial courts and on appeal.

35. I have submitted declarations in support of attorney fee claims by other attorneys, including Stewart Katz of the Law Office of Stewart Katz; Gary Messing of Carroll, Burdick & McDonough; Jay-Allen Eisen of the Jay-Allen Eisen Law Corporation; Michael White of the Law Office of Michael P. White; and Michael J. Haddad of Haddad & Sherwin.

10

36. In many cases I have been awarded attorney fees after successful prosecution of civil rights actions. For instance, in *Larson v. Neimi*, 9 F.3d 1397 (9th Cir. 1993); *Mahoney v. County of Lake*, No. 3:92-cv-05033-OMP (N.D. Cal.); and *Feminist Women's Health Ctr. v. Blythe*, 32 Cal. App. 4th 1641 (Cal. Ct. App. 1995), I was awarded fees at or above the then-applicable local rate charged by attorneys doing the same or similar work. In cases I have settled, largely class action strip search cases, I have received stipulated but court reviewed and ordered fees.

37. In *Baker v. Katehi*, No. 2:12-cv-00450-JAM-EFB (E.D. Cal.), when that case settled in 2012, my hourly rate of $580/hour was approved by District Judge John A. Mendez, who observed that my "uniqueness" in Sacramento justified what the court considered an "exceptional" hourly rate.

38. In *Lehr v. City of Sacramento*, No. 2:07-cv-01565-MCE-GGH (E.D. Cal.), settled in 2013, then-Chief District Judge Morrison C. England, Jr. wrote that I was "one of the most experienced and successful civil rights attorneys in the Sacramento area." 2013 U.S. Dist. LEXIS 42014, at *21 (E.D. Cal. Mar. 22, 2013).

### Dale Galipo

39. I have personally known Dale Galipo for nine years, and I have followed Mr. Galipo's work and record of success as a civil rights attorney for more than 20 years.

40. I worked with Mr. Galipo as co-counsel on the case of *Kaur v. City of Lodi*, No. 2:14-cv-00828-TLN-AC (E.D. Cal.), involving the officer-involved shooting of Parminder Singh Shergill. Mr. Shergirll was alleged to have been armed with a knife and charging at officers at the time he was shot and killed. I brought Mr. Galipo into the *Kaur* case due to his reputation as a particularly experienced and skilled trial attorney in this area of law. After Mr. Galipo associated into the case, we were able to obtain a pre-trial settlement of $2,650,000.

41. I have personally attended proceedings and observed Mr. Galipo representing plaintiffs during the course of several trials, including *Rose v. County of Sacramento*, No. 2:13-cv-01339-TLN-EFB (E.D. Cal.), *Reese v. County of Sacramento*, No. 2:13-cv-00559-WBS-DB (E.D. Cal.), *Landeros v. Schafer*, No. 2:17-cv-02598-WBS-CKD (E.D. Cal.), and both the original and re-trial in this case, *I.H. v. State of California*, No. 2:19-cv-02343-DAD-AC.

42. I have sought, received, and utilized Mr. Galipo's consultation in several matters which he

11

was not acting as co-counsel, including *Estate of Sanchez v. County of Stanislaus*, No. 1:18-cv-00977-DAD-CKD (E.D. Cal.), which was subsequently settled pre-trial for $1,500,000; and *Estate of Rushing v. City of Chico*, No. 2:18-cv-01692-DAD-AC (E.D. Cal.), which Mr. Galipo correctly predicted was a "hard case" and which was lost following a jury trial which found negligence but awarded no damages.

43. Based on my experience, I share the opinions of several other courts recognizing that "Mr. Galipo is unquestionably at the top of his field." *See, e.g.*, *Zelaya v. City of Los Angeles*, 2024 U.S. Dist. LEXIS 112652, at *7 (C.D. Cal. June 25, 2024); *Valenzuela v. City of Anaheim*, 2023 U.S. Dist. LEXIS 32012, at *9 (C.D. Cal. Feb. 23, 2023) (recognizing "Mr. Galipo's continued consistent record of success with over $85 million in recovery in civil rights cases since 2019"); *Frias v. City of Los Angeles*, 2020 U.S. Dist. LEXIS 129936, at *6 (C.D. Cal. Apr. 23, 2020) ("when it comes to police excessive force cases in Los Angeles, Mr. Galipo is without question at the top of his field" (citation omitted)); *Donastorg v. City of Ontario*, 2021 U.S. Dist. LEXIS 246890, at *21 (C.D. Cal. Sep. 23, 2021) (recognizing "Mr. Galipo's success trying police misconduct cases all around California").

### *Hurtado*

44. I am familiar with the facts of the instant case involving Francisco Hurtado and watched parts of both trials. It was a very difficult case for Plaintiffs.

45. There are no attorneys in the Sacramento area who could have or would have taken this case. While I have taken some tough cases, I would have declined Mr. Hurtado's case because of the evidence regarding the gun and drugs.

46. I understand Mr. Galipo is requesting a fee rate of $1,400 per hour in line with the Los Angeles legal community rates and his team is requesting comparable corresponding Los Angeles legal community rates. I believe these are reasonable rates given the difficulty in taking and prosecuting the case to a Plaintiffs' verdict and the unavailability of local counsel with the requisite experience and expertise to take on such a difficult police misconduct case. This case was taken knowing the high litigation risks of a defense verdict, while knowing there would be no likelihood of settlement until after achieving a Plaintiffs' verdict.

\ \ \

\ \ \

12

**DECLARATION OF MARK E. MERIN IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES**
*I.H. v. State of California*, United States District Court, Eastern District of California, Case No. 2:19-cv-02343-DAD-AC

I declare under penalty of perjury of the laws of the State of California that the foregoing is true and correct and that this declaration was executed on December 9, 2024, at Sacramento, California.

_____
Mark E. Merin

13

**DECLARATION OF MARK E. MERIN IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES**
*I.H. v. State of California*, United States District Court, Eastern District of California, Case No. 2:19-cv-02343-DAD-AC