Humberto Guizar, Esq.        (SBN 125769) hguizar@ghclegal.com
Kent M. Henderson, Esq.      (SBN 139530) hendolaw@gmail.com
Angel Carrazco, Jr. Esq.     (SBN 230845) angel@carrazcolaw.com
**GUIZAR, HENDERSON & CARRAZCO, LLP**
18301 Irvine Boulevard
Tustin, CA  92780
Telephone: (714) 541-8600
Facsimile:  (714) 541-8601

Attorneys for Plaintiffs I.H., et. al.

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| I.H., a minor by and through her mother and guardian Priscilla Macias, as successor in interest to Francisco Hurtado; E.H., a minor by and through her mother and guardian Priscilla Macias, as successor in interest to Francisco Hurtado; F.H., a minor by and through his mother and guardian Priscilla Macias, as successor in interest to Francisco Hurtado; and A.H., a minor by and through his mother and guardian Priscilla Macias, as successor in interest to Francisco Hurtado,<br><br>                    Plaintiffs,<br><br>v.<br><br>STATE OF CALIFORNIA; CALIFORNIA HIGHWAY PATROL; EDGARDO YEPEZ aka EDGARDO LOPEZ; and DOES 1 through 100, inclusive,<br>                    Defendants. | CASE NO: 2:19-cv-02343-DAD-AC<br><br>**DECLARATION OF ANGEL CARRAZCO, JR. IN SUPPORT OF APPLICATION FOR BILL OF COSTS**<br><br>[*Hon. Dale A. Drozd, District Judge; Hon. Allison Claire, Magistrate J.*] |

**DECLARATION OF ANGEL CARRAZCO, JR.**

I, Angel Carrazco, Jr., do hereby declare and state as follows:

1. I am an attorney at law, duly licensed to practice before all courts of the State of California and the following Federal Courts: United States District Court for the Northern, Eastern, Central and Southern Districts of California. My Professional Corporation is a partner in GUIZAR, HENDERSON & CARRAZCO, LLP, counsel of record for the Plaintiffs in the above-entitled action. The facts stated in this declaration are of my own personal knowledge and/or I am informed and believe they are true and if called upon to testify as a witness, I could and would competently testify thereto.

2. Attached hereto and labelled "Exhibit A" is a copy of the Bill of Costs submitted by Plaintiffs on December 9, 2024.

3. This declaration is in support and provides an explanation of Bill of Costs, so that the Court can have a full understanding of the accounting.

4. This case is a heavily litigated case where liability was contested all the way from the filing of the complaint until the return of a Plaintiff's verdict. This case has been through two trials, with 17 of the 18 jurors in those trials assigning liability to Defendants.

5. After spending over $315,000.00, I was forced to borrow money from Priority Funding, a firm that helped fund part of our litigation. Priority Funding lend my firm $168,000.00. After months of negotiations, Priority Funding agreed to accept the total sum of $407,853.00 ($168,000.00 principal + $239,731.00 interest) Without Priority Funding, we may not have been able to take this case into trial and obtain justice for the family.

6. Because of this vigorous representation of the Plaintiff's claims, Plaintiff's witness and expert witness costs go beyond the attendance, subsistence, and travel allowed on the Court's form, and include costs such as interest on loans to pay the witnesses.

7.  Therefore, in filling out the Bill of Costs, I indicated the "CL Expert Costs" and "PL Expert Costs" as the two categories of expert costs involved in this case.

8.  "CL Expert Costs" includes costs paid by my firm directly to experts, without funding from Priority Funding. These costs are itemized in "Exhibit No. 2" of the exhibits referenced in the Bill of Costs (Exhibit A).

9.  "PL Expert Costs" includes the amount owed, including both principle and interest, to Priority Legal Funding, who provided the loans that allowed my firm to vigorously try this case. The Priority Legal Funding costs are itemized in "Exhibit No. 3" of the exhibits referenced in the Bill of Costs (Exhibit A).

10. Without Priority Legal Funding funds, my firm would not have been able to vigorously prosecute our client's rights.

12. Civil rights cases are difficult enough for attorneys to take and win, without the additional disincentive of being unable to recoup costs at the end. A reduction of our costs would inhibit the provision of high quality of legal services to civil rights victims which is antithetical to the purpose of 42 U.S.C. Sections 1983 and 1988 as enacted and as intended by the plain meaning of the statutes and the intent of the authors of those statutes. In turn, Plaintiffs, such as I.H., et. al., would not be able to attract competent counsel who could achieve similar results.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.  Executed this 9th day of December 2024, at Tustin, California.

/S/ ANGEL CARRAZCO, JR.
_____
Angel Carrazco, Jr., Declarant