ROB BONTA, State Bar No. 202668
Attorney General of California
CATHERINE WOODBRIDGE, State Bar No. 186186
Supervising Deputy Attorney General
LEEANN E. WHITMORE, State Bar No. 214870
Deputy Attorney General
JOHN C. BRIDGES, State Bar No. 248553
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 210-7515
 Telephone: (916) 210-7529
 Fax: (916) 322-8288
 E-mail: LeeAnn.Whitmore@doj.ca.gov
 E-mail: John.Bridges@doj.ca.gov
*Attorneys for Defendant State of California,
acting by and through the California Highway
Patrol and Edgardo Yepez*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **I. H., a minor by and through her mother and guardian PRISCILLA MACIAS, et al.,**<br><br>Plaintiff,<br><br>v.<br><br>**STATE OF CALIFORNIA, et al.,**<br><br>Defendants. | Case No.: 2:19-CV-02343-DAD-AC<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' BILL OF COSTS**<br><br>**E.D. LOCAL RULE 292**<br><br>Date:       February 3, 2025<br>Time:       1:30 p.m.<br>Dept:       4<br>Judge:      The Honorable Dale A. Drozd<br><br>Action Filed:  4/02/2019 |

# TABLE OF CONTENTS

Page

Legal Argument ........................................................................................................... 1

I.        Authority for Costs ............................................................................................. 1

II.       Plaintiffs Have Failed to Provide Specificity to Justify the Amounts Sought
          and Seeks Items Which are Not Recoverable Therefore the Costs Bill
          Should be Denied in Its Entirety. ........................................................................ 3

III.      Plaintiffs' Request for Fees of the Clerk is Not Supported by Evidence and
          Should be Denied. ................................................................................................. 4

IV.       Plaintiffs Have dailed to provide Sufficient Documentation to Support the
          Request for Fees for Service of Summons and therefore the Request Should
          be Denied in its Entirety. ...................................................................................... 4

V.        Plaintiffs Have Failed to Provide Sufficient Documentation to Support the
          Request for Printed or Recorded Transcripts Necessarily Obtained or Used
          in the Case and The Request for $16,873.12 in Fees Should be Denied. .............. 5

VI.       Plaintiffs' Request for $7,012.45 in Costs for Fees and Disbursements for
          Printing Should be Denied in Its Entirety as Plaintiffs Have Failed to
          Provide Sufficient Documentation to Support the Request and Have Failed
          to Show The Materials were Reasonably Necessary for Plaintiffs Case. ............... 6

VII.      Plaintiffs' Request for Witness Fees Should be Denied as Plaintiff has
          Failed to Provide Supporting Documentation and the Claimed Costs For
          Witness Fees and Expert Witness Fees are Not Recoverable in This Case. ........... 7

VIII.     Plaintiffs Have Failed to Provide Sufficient Documentation to Support the
          $8,737.30 in costs for Exemplification and Copying of Materials and the
          Entire Amount Should be Disallowed. .................................................................. 21

IX.       Plaintiffs Have Failed to Provide Sufficient Documentation to Support the
          Claimed $32,945.43 in Other Costs and The Entire amount Should be
          Disallowed. ......................................................................................................... 21

i

# TABLE OF AUTHORITIES

Page

**CASES**

Allison v. Bank One - Denver
   289 F.3d 1223 (10th Cir. 2002)................................................................................ 29

Ashker v. Sayer
   No. 05-03759 CV, 2011 WL 825713 (March 7, 2011)..................................... passim

Brisco-Wade v. Carnahan
   297 F.3d 781 (8th Cir. 2002)................................................................................ 22

Coats v. Penrod Drilling Corp.
   5 F.3d 877 ............................................................................................................... 7

Collins v. Gorman
   96 F.3d 1057 (7th Cir. 1996)................................................................................. 3

Crawford Fitting Co. v. J.T. Gibbons, Inc.
   482 U.S. 437 (1987) ...................................................................................... passim

Crues v. KFC Corp.
   768 F.2d 230 (8th Cir. 1985)......................................................................... 28, 30

Dang v. Cross
   422 F.3d 800 (9th Cir. 814.)......................................................................... passim

Duckworth v. Whisenant
   97 F.3d 1393 (11th Cir. 1996).......................................................... 25, 28, 29

Eastwood v. National Enquirer
   123 F.3d 1249 (9th Cir. 1997)............................................................................... 2

El-Fadl v. Central Bank of Jordan
   163 F.R.D. 389 (D.D.C. 1995).............................................................................. 25

English v. Colorado Dept. of Corrections
   248 F.3d 1002 (10th Cir. 2011).............................................................. 3, 5, 6, 21

First Nat'l Mortg. Co. v. Federal Realty Investment Trust
   631 F.3d 1058 (9th Cir. 2011)................................................................................ 7

Holmes ex rel Estate of Holmes v. Cessna Aircraft Co.
   11 F.3d 63 .............................................................................................................. 23

Hubbard v. Twin Oaks Health and Rehabilitation Center
   406 F. Supp 10996 (E.D. Cal. 2005)...................................................................... 8

ii

# TABLE OF AUTHORITIES
### (continued)

Page

*In re. Butcher*
   200 B.R. 675 ............................................................................................................ 2

*Kalita Air L.L.C. v. Cent. Tex. Airborne Sys. Inc.*
   741 F.3d 955 (9th Cir. 2012)............................................................................... *passim*

*Kouichi Taniguchi v. Kan Pac. Saipan, Ltd.*
   132 S.Ct. 1997 (2012) ............................................................................................... 2

*Majeske v. City of Chicago*
   218 F.3d 816 ............................................................................................................ 24

*Nat'l Union Fire Ins. Co. v. Allied Prop. & Cas. Ins. Co.*
   2014 U.S. Dist. LEXIS 101460 (E.D. Cal. July 15, 2014) ...................................... 25

*Ruff v. County of Kings*
   700 F.Supp.2d 1225 (E.D. Cal, 2010).............................................................. *passim*

*San Joaquin County Employees' Retirement Assoc. v. Travelers Casualty and*
   *Surety Co. of America* 2020 WL 187040. (E.D. Cal. 2020) ...................... 24, 26, 28

*White & White v. American Hospital Supply Corp.*
   786 F.2d 728 ............................................................................................................. 2

*Woods v. Corey*
   722 F.3d 1177 (9th Cir. 2013.)............................................................... 22, 23, 24, 30

**STATUTES**

28 U.S.C. § 1820(2) ...................................................................................................... 5

28 U.S.C. § 1821 ....................................................................................................... 3, 7

28 U.S.C. § 1821(b) ...................................................................................................... 8

28 USCS § 1828............................................................................................................ 1

28 U.S.C. § 1914 .......................................................................................................... 4

28 U.S.C. § 1920 .......................................................................................................... 3

28 U.S.C. § 19201(1) .................................................................................................... 4

28 U.S.C. § 1920(2) ...................................................................................................... 5

28 U.S.C. § 1920(4) .................................................................................................. 6, 21

iii

**TABLE OF AUTHORITIES**
(continued)

Page

28 USCS § 1923 ........................................................................................................... 1

42 U.S.C. § 1983 ................................................................................................... *passim*

42 U.S.C. § 1988 ................................................................................................... *passim*

42 U.S.C. § 1988(c) ..................................................................................................... 2

**COURT RULES**

Eastern District Local Rule 292 ............................................................................... 1, 2

Eastern District Local Rule 292(a) .............................................................................. 2

Fed. R. Civ. P., Rule 54 ............................................................................................... 1

Fed. R. Civ. P. 54(d) ................................................................................................. 1, 2

Fed. R. Civ. P. 54(d)(1) ......................................................................................... *passim*

Fed. R. Evid. 403 ....................................................................................................... 12

**OTHER AUTHORITIES**

California Attorney Fee Awards ................................................................................... 2

iv

Pursuant to Local Rule 292 and Federal Rules of Civil Procedure 54(d), Defendants State of California, by and through California Highway Patrol and Edgardo Yepez (Defendants) object to Plaintiffs' Costs Bill (ECF 264) filed on December 9, 2024, as follows:

Plaintiffs have failed to provide sufficient documentation to justify the amounts sought. Further, the costs bill seeks to recover items that are not taxable costs under 28 U.S.C. § 1920 or recoverable under 42 U.S.C. §1988. Plaintiffs have failed to show that the claimed costs were necessarily incurred and reasonable to the litigation. Additionally, expert witness fees are not recoverable in this action. Therefore, Defendants request that plaintiffs' cost be denied in its entirety.

## LEGAL ARGUMENT

### I.  AUTHORITY FOR COSTS

Plaintiffs were only the prevailing party in the October 2024 trial. The March 2024 trial resulted in a mistrial because the jury could not reach a unanimous verdict. ECF 165.

Federal Rules of Civil Procedure, Rule 54, provides, in part:

(d) Costs; Attorney's Fees.
    (1) Costs Other Than Attorney's Fees. Unless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party.

28 U.S.C. § 1920 provides that:

A judge or clerk of any court of the United States may tax as costs the following:
    (1) Fees of the clerk and marshal;
    (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
    (3) Fees and disbursements for printing and witnesses;
    (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
    (5) Docket fees under section 1923 of this title [28 USCS § 1923];
    (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title [28 USCS § 1828].

A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

1

1   "Local Rules are standing court orders for purposes of Rule 54(d)." *Eastwood v. National*

2   *Enquirer*, 123 F.3d 1249, 1257 (9th Cir. 1997).  In federal court actions, "[s]tatutory costs should

3   be claimed by the ordinary costs procedure, but nonstatutory expenses should be claimed as

4   attorney fees."  California Attorney Fee Awards (3d ed Cal CEB) § 9.130, p. 9-123.  (Appendix

5   A).  Taxation of Costs to the prevailing party is further governed by Eastern District Local Rule

6   292, which limits taxable costs to those enumerated in 28 U.S.C. §1920.  E.D. Cal. L.R. 292(a).

7   Taxable costs are limited to relatively minor, incidental expenses as is evidenced from §1920

8   which lists the recoverable items.

9      Taxable costs are a fraction of the nontaxable expenses borne by litigants for attorneys,

10   experts, consultants, and investigators. Costs almost always amount to less than the successful

11   litigant's total expenses in connection with the lawsuit. Section 1920 is construed narrowly.

12   *Kouichi Taniguchi v. Kan Pac. Saipan, Ltd.*, 132 S.Ct. 1997, 2006 (2012); *Kalita Air L.L.C. v.*

13   *Cent. Tex. Airborne Sys. Inc.*, 741 F.3d 955, 958 (9th Cir. 2012).

14      The 42 U.S.C. §1983 cause of action was directed against Edgardo Yepez only. Under 42

15   U.S.C. §1988, the prevailing party in a §1983 action may recover as part of the award of

16   attorney's fees those out-of-pocket expenses that would normally be charged to a fee-paying

17   client. *Dang v. Cross,* 422 F.3d 800, 814 (citations omitted) (9th Cir. 814.) Such expenses are

18   recoverable when reasonable.  *Id.*

19      Expert witness fees are only recoverable pursuant to a contract or explicit statutory

20   authority. *Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 439 (1987). 42 U.S.C.

21   §1988(c) allows the Court in its discretion to award expert witness fees "in any action or

22   proceeding to enforce a provision of §§1981 or 1981a of this title." Plaintiffs brought this action

23   under 42 U.S.C. § 1983.  Expert fees are not recoverable in actions brought pursuant to 42 U.S.C.

24   §1983. *Ashker v. Sayer,* No. 05-03759 CV, 2011 WL 825713 at *4 (March 7, 2011); *Ruff v.*

25   *County of Kings,* 700 F.Supp.2d 1225, 1243 (E.D. Cal, 2010).

26      A district court may reduce costs that are unreasonably large or not supported by adequate

27   documentation. *See White & White v. American Hospital Supply Corp.*, 786 F.2d 728, 730; *In re.*

28

1   *Butcher*, 200 B.R. 675, 681 (C.D. Cal. 1996.) The Court also has the discretion to award costs or

2   to require the party to pay their own costs.

3       Absent express statutory authority for shifting expert witness fees, reimbursement for such

4   fees is limited by 28 U.S.C. §§ 1821 and 1920. Under those statutes, the only costs recoverable

5   for witnesses including experts, is a $40 per day attendance fee and mileage.

6   **II.   PLAINTIFFS HAVE FAILED TO PROVIDE SPECIFICITY TO JUSTIFY THE AMOUNTS

7       SOUGHT AND SEEKS ITEMS WHICH ARE NOT RECOVERABLE THEREFORE THE
        COSTS BILL SHOULD BE DENIED IN ITS ENTIRETY.**

8       Plaintiffs' costs bills fail to provide support for the amounts sought. The costs bill specifies

9   a party should provide an itemization and documentation for requested costs in all categories.

10   ECF 264, p. 1. Additionally, witness fees are supposed to be itemized separately. ECF 264, pp. 1-

11   2. Plaintiff failed to follow these instructions. The party seeking costs must provide the clerk

12   with sufficient documentation to justify the amounts sought. Claims for items not properly

13   documented generally will not be allowed. *English v. Colorado Dept. of Corrections*, 248 F.3d

14   1002, 1013 (10th Cir. 2011); *Collins v. Gorman*, 96 F.3d 1057, 1058 (7th Cir. 1996) (vacating

15   award because appellate court could not make head nor tail of the bill of costs and expenses for

16   service of summons were insufficient where it recited only that some unidentified person served

17   documents.)

18       Plaintiffs' counsel filed a declaration two days late purporting to support the amounts

19   sought in the cost bill. ECF 265. However, it provides no information that the amounts sought in

20   the cost bill were necessarily incurred for the litigation or were reasonable. Additionally, it

21   provides no information to show the purported litigation loan or other claimed costs would have

22   necessarily been charged to the client, applied only to this litigation or any support to argue

23   interest on the loan is recoverable under 42 U.S.C. §1988.

24       Mr. Hurtado died in June 2024. During the Court's status hearing on August 27, 2024, Ms.

25   Le indicated they would be substituting in as counsel of record, they claimed a fee agreement had

26   only recently been signed. ECF 173. Plaintiffs have not provided any evidence or fee agreements

27   that Mr. Hurtado or his minor children as successors in interest through their guardian ad litem

28

1  Ms. Macias were responsible for any of the claimed costs incurred prior to their appointment as

2  successors in interest on September 18, 2024. ECF 189.

3      Here, the costs bill and exhibits fail to provide information to support the claim that costs

4  are recoverable under 28 U.S.C. § 1920 or 42 U.S.C. § 1988. Plaintiffs did not produce a single

5  invoice to support the claimed costs and the costs bill should therefore be rejected in its entirety.

6  **III.  PLAINTIFFS' REQUEST FOR FEES OF THE CLERK IS NOT SUPPORTED BY EVIDENCE
       AND SHOULD BE DENIED.**

7

8      Plaintiffs' cost bill seeks statutory costs of $3,846.93 for fees of the clerk. Filing fees paid

9  to the court clerk and other fees as collected by the Judicial Conference of the United States are a

10 taxable cost item. 28 U.S.C. §§ 19201(1) & 1914. However, the only filing fee referenced is the

11 $435 fee for Stanislaus County. ECF 264 p. 4. Therefore, the request for fees of the Court should

12 only be $435.

13     Defendants specifically further object to the following which appear to be claimed as costs

14 for fees of the clerk.

15

16

| Item | ECF Doc; Page | Amount | Objection |
|------|---------------|--------|-----------|
| 1 Admin Fee | 264, p. 4. | $250.00 | This is not a taxable cost under 28 U.S.C. § 1920. |
| 4 Corners Deposition | 264, p. 4 | $620.15 | This is not a taxable cost under 28 U.S.C. § 1920. |
| 3/8/23 Stanislaus County Superior Court | 264, p. 10 | $30.35 | It is unclear what this claimed cost is for, whether it was reasonable or whether it was incurred in this litigation. |

23 **IV.  PLAINTIFFS HAVE FAILED TO PROVIDE SUFFICIENT DOCUMENTATION TO SUPPORT
       THE REQUEST FOR FEES FOR SERVICE OF SUMMONS AND THEREFORE THE
       REQUEST SHOULD BE DENIED IN ITS ENTIRETY.**

24

25     Plaintiffs are seeking $20,957.53 for service of summons and subpoena. However, it is

26 unclear from the documentation that plaintiffs submitted what was served and who served it. The

27 party seeking costs must provide the court with sufficient documentation justify the amounts

28

1    sought. Claims for items not properly documented should be denied. *English v. Colorado Dept.*

2    *of Corrections*, 248 F.3d at 1013. While recovery for service of summons and subpoena may be

3    recoverable, it is not clear from the documents submitted that the costs sought are recoverable.

4    This court had discretion to withhold costs paid to private process servers because they are not

5    included in the list of recoverable items under 28 U.S.C. §1920.

6           Plaintiffs reference various charges in exhibits 1 through 3, however, it is not clear if the

7    referenced charges are for service of summons, subpoena, or the copying of records. Exhibit 1

8    lists various charges for Ace Imaging Services or Express Network, but it is not clear what

9    services were provided. ECF 264 at pp. 7-8. Therefore, plaintiffs' request for costs for service and

10   fees and summons in the amount of $20,957.53 should be denied it its entirety.

11   **V.   PLAINTIFFS HAVE FAILED TO PROVIDE SUFFICIENT DOCUMENTATION TO SUPPORT
           THE REQUEST FOR PRINTED OR RECORDED TRANSCRIPTS NECESSARILY OBTAINED
12         OR USED IN THE CASE AND THE REQUEST FOR $16,873.12 IN FEES SHOULD BE
           DENIED.**
13

14          Plaintiffs appear to have inserted bills for costs that are not recoverable in the Fees for

15   Electronically prepared transcript section of the cost bill. Defense counsel has done her best to

16   identify what costs support what is stated in the Bill of Costs which was a daunting activity given

17   that no invoices were produced and the exhibits do not specify how they correspond to the costs

18   bill. Fees for electronically recorded transcripts necessarily obtained for use in the case are

19   taxable as costs. 28 U.S.C. § 1920(2). Costs of transcripts may only be awarded upon a showing

20   that they were reasonably necessary for use in the case. 28 U.S.C. § 1820(2). Additionally, it is

21   unclear from the exhibits submitted which costs are for deposition transcripts.

22          Defendants specifically further object to the following which appear to be claimed as costs

23   related to depositions.

24

25

| Item | ECF Doc; Page | Amount | Objection |
|------|------|------|------|
| 5/2/22 Andrew O'Brien | 264, p. 5 | $750.00 | This is not a taxable cost under 28 U.S.C. §1920 or 42 U.S.C. §1988. Defense counsel withdrew Mr. O'Brien as an expert and he was not deposed. It |

5

| | | | |
|---|---|---|---|
| | | | is unclear what this expense is for and it should be disallowed. |
| 8/29/22 Barkley Transcript Renee Binder | 264, p. 5 | $879.55 | This transcript was not reasonably necessary. Ms. Binder was not called at trial in March 2024 and was not necessary for trial in October 2024. |
| 8/2/22 Barkley transcript Expert, Vicki Schweitzer R.N. | 264, p. 5 | $ 771.80 | This transcript was not reasonably necessary. Ms. Schweitzer was not called at a witness in the March or October trial. |
| 8/1/22 Barkley Appearance for James Mills Late Cancellation. | 264, p. 5 | $325.00 | This is not a taxable cost under 28 U.S.C. §1920 or 42 U.S.C. §1988. Mr. Mills was deposed by defense counsel. Dawn Perry, CSR through Veritext was the Court reporter. The Court has the original transcript which was lodged prior to trial. It is unclear why this is claimed as a cost. |
| 4/20/22 Rincon Depo. | 264, p. 14 | $1,125.00 | Plaintiffs have failed to provide any documentation to determine what the cost is or whether it was reasonably necessary. |
| 11/4/21 Esquire Solutions – Depo. of Paul Bratton M.D. | 264, p. 6 | $450.00 | This transcript was not reasonably necessary for use in the case and is not taxable under 28 U.S.C. § 1920. |

Therefore, plaintiffs' request for $16,873.12 should be denied in its entirety.

**VI.   PLAINTIFFS' REQUEST FOR $7,012.45 IN COSTS FOR FEES AND DISBURSEMENTS FOR PRINTING SHOULD BE DENIED IN ITS ENTIRETY AS PLAINTIFFS HAVE FAILED TO PROVIDE SUFFICIENT DOCUMENTATION TO SUPPORT THE REQUEST AND HAVE FAILED TO SHOW THE MATERIALS WERE REASONABLY NECESSARY FOR PLAINTIFFS CASE.**

Like the other categories in the costs bill, plaintiffs have failed to produce any invoices which would show what copies of materials they are claiming as a taxable cost. It appears from the exhibits produced that plaintiffs are attempting to recover items that are not recoverable under 28 U.S.C. §1920. Fees for exemplification and copies are only recoverable if they are necessarily obtained for use in the action. 28 U.S.C. §1920(4). The party seeking costs must provide the court with sufficient documentation justify the amounts sought. Claims for items not properly documented should be denied. *English*, 248 F.3d at 1013. A party may not recover costs for an act of copying or exemplification of materials that merely added to the convenience of counsel or the district court. *Kalitta Air L.L.C. v. Cent. Tex. Airborne Sys. Inc.*, 741 F.3d at 958.

1    Under 42 U.S.C. §1988, the prevailing party in a section 1983 action may recover those

2    out-of-pocket expenses that would normally be charged to a fee-paying client. *Dang*, 422 F.3d

3    814. Such out-of-pocket expenses are recoverable when reasonable. *Id.*

4    Plaintiffs have failed to provide any invoices are receipts to support the claimed costs and

5    therefore the costs should be denied in its entirety.

6    **VII.   PLAINTIFFS' REQUEST FOR WITNESS FEES SHOULD BE DENIED AS PLAINTIFF HAS
         FAILED TO PROVIDE SUPPORTING DOCUMENTATION AND THE CLAIMED COSTS FOR
7        WITNESS FEES AND EXPERT WITNESS FEES ARE NOT RECOVERABLE IN THIS CASE.**

8    Plaintiffs did not produce any invoices to support the request for $618,428.35 in expert

9    witness fees. Further, expert fees are not recoverable in this action. Additionally, plaintiffs were

10   not prevailing party in the March 2024 trial and may not recover any costs for that trial.

11   The Bill of Costs requires a party claiming expert costs to itemize the cost for each witness.

12   ECF 264, p.2. Plaintiffs failed to do so. Absent a contract or explicit statute to the contrary, costs

13   for expert witnesses other than court-appointed experts are taxable only to the extent allowed for

14   other fact witnesses ($40 per day). *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442,

15   (1987); *First Nat'l Mortg. Co. v. Federal Realty Investment Trust,* 631 F.3d 1058, 1070-1071 (9th

16   Cir. 2011); *Coats v. Penrod Drilling Corp.*, 5 F.3d 877, 891 – expert witness fees of $1,232.65

17   not recoverable. Expert fees are not recoverable in actions brought pursuant to 42 U.S.C. § 1983.

18   *Ashker v. Sayer,* No. 05-03759 CV, 2011 WL 825713 at *4 (March 7, 2011); *Ruff v. County of*

19   *Kings*, 700 F.Supp.2d 1225, 1243 (E.D. Cal, 2010).

20   There is no statutory authority to support recoupment of expert fees in this case. 28 U.S.C.

21   §1821 allows recovery of witness fees, travel costs and other costs incurred by a witness in

22   attendance at any court of the United States or before a United State Magistrate, or any person

23   authorized to take his deposition. The fee is limited to $40 plus mileage.

24   It is difficult from the exhibits submitted with the Bill of Costs to determine what costs

25   plaintiffs are seeking for depositions or trial testimony. For example, there are three references to

26   charges for Renee Binder and one references a $1,400 fee but it is not clear whether plaintiff is

27   seeking those as a cost as the amount is not listed in the amount section of Exhibit 2. ECF 264, p.

28

7

14. Additionally, there are references to charges to Dr. Binder on Exhibit 3, it is unclear what costs were incurred or necessary. ECF 264, p. 16.

The parties took all depositions in this case via Zoom, therefore, the experts did not have travel costs for the deposition. At most, plaintiff could claim $40 per day for witnesses it called at trial and per diem travel costs. 28 U.S.C. §1821(b) *Hubbard v. Twin Oaks Health and Rehabilitation Center*, 406 F. Supp 10996, 1101 (E.D. Cal. 2005).

Based on the foregoing, Defendants request that the Court the following costs be excluded:

| Item | ECF Doc; Page | Amount | Objection |
|------|---------------|--------|-----------|
| 12/13/19 On Scene Consulting Group LLC | 264, p. 14 | $4,000.00 | These are not taxable costs under 28 U.S.C. § 1920. Expert witness fees are not recoverable in a 42 U.S.C. §1983 action. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442. (1987); *Ashker v. Sayer*, No. 05-03759 CV, 2011 WL 825713 at *4 (March 7, 2011); *Ruff v. County of Kings*, 700 F.Supp.2d 1225, 1243 (E.D. Cal, 2010) |
| 12/1/23 Mary Meinhard & Associates Inc. | 264, p. 14 | $7,670.00 | These are not taxable costs under 28 U.S.C. § 1920. Expert witness fees are not recoverable in a 42 U.S.C. §1983 action. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442. (1987); *Ashker v. Sayer*, No. 05-03759 CV, 2011 WL 825713 at *4 (March 7, 2011); *Ruff v. County of Kings*, 700 F.Supp.2d 1225, 1243 (E.D. Cal, 2010) |
| 12/1/23 Robert W. Johnson & Associates | 264, p. 14 | $5,373.00 | These are not taxable costs under 28 U.S.C. § 1920. Expert witness fees are not recoverable in a 42 U.S.C. §1983 action. Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 442. (1987); Ashker v. Sayer, No. 05-03759 CV, 2011 WL 825713 at *4 (March 7, 2011); *Ruff v. County of Kings*, 700 F.Supp.2d 1225, 1243 (E.D. Cal, 2010) |
| 11/30/23 Transfer Fee Mary Meinhard & Robert W. Johnson | 264, p. 14 | $16.00.00 | These are not taxable costs under 28 U.S.C. § 1920. Expert witness fees are not recoverable in a 42 U.S.C. §1983 action. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442. (1987); *Ashker,*, No. 05-03759 CV, 2011 WL 825713 at *4 (March 7, 2011); *Ruff*, 700 F.Supp2d 1225, 1243 (E.D. Cal, 2010); This cost is a not a reasonable cost that could be passed |

8

| | | | |
|---|---|---|---|
| | | | onto a client and was not necessary for the litigation. *Dang*, 422 F.3d at 814. |
| 12/8/23 Mary Meinhard & Associates | 264, p. 14 | $1,650.00 | These are not taxable costs under 28 U.S.C. § 1920. Expert witness fees are not recoverable in a 42 U.S.C. §1983 action. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442. (1987); *Ashker*, No. 05-03759 CV, 2011 WL 825713 at *4 (March 7, 2011); *Ruff*, 700 F.Supp.2d 1225, 1243 (E.D. Cal, 2010). |
| 3/14/24 Mary Meinhard & Associates Trial Testimony | 264, p. 15 | $5,650.00 | These are not taxable costs under 28 U.S.C. § 1920. Expert witness fees are not recoverable in a 42 U.S.C. §1983 action. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442. (1987); *Ashker*, No. 05-03759 CV, 2011 WL 825713 at *4 (March 7, 2011); *Ruff*, 700 F.Supp.2d 1225, 1243 (E.D. Cal, 2010). Plaintiff was not prevailing party in the March 2024 trial and is not entitled to recover witness fees for the March 2024 trial. ECF 165, Fed. R. Civ. P. 54(d)(1). |
| 3/6/24 ARBIO | 264, p. 14 | $10,000.00 | These are not taxable costs under 28 U.S.C. § 1920. It is not clear what this charge is for as no invoice was provided to support the cost. Expert witness fees are not recoverable in a 42 U.S.C. §1983 action. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442. (1987); *Ashker*, No. 05-03759 CV, 2011 WL 825713 at *4 (March 7, 2011); *Ruff*, 700 F.Supp.2d 1225, 1243 (E.D. Cal, 2010). |
| 3/15/24 ARBIO | 264, p. 14 | $4,321.81 | These are not taxable costs under 28 U.S.C. § 1920. It is not clear what this charge is for as no invoice was provided to support the cost. Expert witness fees are not recoverable in a 42 U.S.C. §1983 action. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442. (1987); *Ashker*, No. 05-03759 CV, 2011 WL 825713 at *4 (March 7, 2011); *Ruff*, 700 F.Supp.2d 1225, 1243 (E.D. Cal, 2010). Plaintiff was not prevailing party in the March 2024 trial and is not entitled to recover witness fees for the March 2024 trial. ECF 165, Fed. R. Civ. P. 54(d)(1). |
| 12/16/21 On Scene Consulting (Scott Defoe) | 264, p. 14 | $6,593.75 | These are not taxable costs under 28 U.S.C. § 1920. It is not clear what this charge is for as no invoice was provided to support the cost. Expert witness fees |

9

| | | | |
|---|---|---|---|
| | | | are not recoverable in a 42 U.S.C. §1983 action. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442. (1987); *Ashker*, No. 05-03759 CV, 2011 WL 825713 at *4 (March 7, 2011); *Ruff*, 700 F.Supp.2d 1225, 1243 (E.D.Cal, 2010). |
| 1/27/21 Stephenson Expert Medical Consulting Inc. | 264, p. 14 | $2,678.52 | These are not taxable costs under 28 U.S.C. § 1920. Expert witness fees are not recoverable in a 42 U.S.C. §1983 action. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442. (1987); *Ashker*, No. 05-03759 CV, 2011 WL 825713 at *4 (March 7, 2011); *Ruff*, 700 F.Supp.2d 1225, 1243 (E.D. Cal, 2010). |
| 3/18/24 Dr. Bratton trial testimony. | 264, p. 14 | $11,950.00 | Plaintiff was not prevailing party in the March 2024 trial and is not entitled to recover witness fees for the March 2024 trial. ECF 165, Fed. R. Civ. P. 54(d)(1). |
| 3/18/24 Dr. Bratton Wire transfer fee. | 264, p. 14 | $40.00 | These are not taxable costs under 28 U.S.C. § 1920. This cost is a not a reasonable cost that could be passed onto a client and was not necessary for the litigation. *Dang*, 422 F.3d at 814. |
| 3/12/14 Rincon Stephenson Expert Medical Consulting Trial Testimony | 264, p. 14 | $11,000.00 | These are not taxable costs under 28 U.S.C. § 1920. Expert witness fees are not recoverable in a 42 U.S.C. §1983 action. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442. (1987); *Ashker*, No. 05-03759 CV, 2011 WL 825713 at *4 (March 7, 2011); *Ruff*, 700 F.Supp.2d 1225, 1243 (E.D Cal, 2010). Plaintiff was not prevailing party in the March 2024 trial and is not entitled to recover witness fees for the March 2024 trial. ECF 165, Fed. R. Civ. P. 54(d)(1). |
| 3/12/24 Rincon ACH Fee | 264, p. 14 | $40.00 | These are not taxable costs under 28 U.S.C. § 1920. This cost is a not a reasonable cost that could be passed onto a client and was not necessary for the litigation. *Dang*, 422 F.3d at 814. |
| 3/8/24 Robert Johnson & Associates | 264, p. 14 | $13,811.25 | These are not taxable costs under 28 U.S.C. § 1920. Expert witness fees are not recoverable in a 42 U.S.C. §1983 action. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442. (1987); *Ashker*, No. 05-03759 CV, 2011 WL 825713 at *4 (March 7, 2011); *Ruff*, 700 F.Supp.2d 1225, 1243 (E.D. Cal, 2010). |
| 3/31/24 On Scene Consulting (Scott | 264, p. 14 | $9,189.10 | These are not taxable costs under 28 U.S.C. § 1920. Expert witness fees are |

10

| | | | |
|---|---|---|---|
| Defoe) | | | not recoverable in a 42 U.S.C. §1983 action. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442. (1987); *Ashker*, No. 05-03759 CV, 2011 WL 825713 at *4 (March 7, 2011); *Ruff*, 700 F.Supp.2d 1225, 1243 (E.D. Cal, 2010). |
| 5/31/24 Robert Johnson & Associates | 264, p. 14 | $3,487.25 | These are not taxable costs under 28 U.S.C. § 1920. Expert witness fees are not recoverable in a 42 U.S.C. §1983 action. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442. (1987); *Ashker*, No. 05-03759 CV, 2011 WL 825713 at *4 (March 7, 2011); *Ruff*, 700 F.Supp.2d 1225, 1243 (E.D. Cal, 2010). |
| 3/15/24 Rincon | 264, p. 14 | $9,689.14 | These are not taxable costs under 28 U.S.C. § 1920. Expert witness fees are not recoverable in a 42 U.S.C. §1983 action. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442. (1987); *Ashker*, No. 05-03759 CV, 2011 WL 825713 at *4 (March 7, 2011); *Ruff*, 700 F.Supp.2d 1225, 1243 (E.D. Cal, 2010). |
| 2/22/24 California Pain Management Center Dr. Prager Testimony | 264, p. 14 | $15,000.00 | These are not taxable costs under 28 U.S.C. § 1920. Expert witness fees are not recoverable in a 42 U.S.C. §1983 action. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442. (1987); *Ashker*, No. 05-03759 CV, 2011 WL 825713 at *4 (March 7, 2011); *Ruff*, 700 F.Supp.2d 1225, 1243 (E.D. Cal, 2010). Dr. Prager did not provide testimony in this matter on 2/22/24. To the extent plaintiff is attempting to recover trial testimony costs, plaintiff was not prevailing party in the March 2024 trial and may not recover costs for that trial. Fed. R. Civ. P. 54(d)(1). |
| 10/14/24 ARBIO Trial testimony | 264, p. 14 | $15,000.00 | These are not taxable costs under 28 U.S.C. § 1920. Expert witness fees are not recoverable in a 42 U.S.C. §1983 action. Plaintiff may not recover more than the $40 witness fee and mileage. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442. (1987); *Ashker*, No. 05-03759 CV, 2011 WL 825713 at *4 (March 7, 2011); *Ruff*, 700 F.Supp.2d 1225, 1243 (E.D. Cal, 2010). |
| 10/21/24 Rincon Trial testimony | 264, p. 14 | $11,000.00 | These are not taxable costs under 28 U.S.C. § 1920. Expert witness fees are not recoverable in a 42 U.S.C. §1983 action. Plaintiff may not recover more |

11

| | | | |
|---|---|---|---|
| | | | than the $40 witness fee and mileage. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442. (1987); *Ashker*, No. 05-03759 CV, 2011 WL 825713 at *4 (March 7, 2011); *Ruff*, 700 F.Supp.2d 1225, 1243 (E.D. Cal, 2010). |
| 10/22/24 Marilyn Jacobs, Ph.D.; 2/29/24 (Pre-payment); 3/15/24 | 264, p. 14; 264, p. 19 | $4,000.00 | These are not taxable costs under 28 U.S.C. § 1920. Expert witness fees are not recoverable in a 42 U.S.C. §1983 action. Plaintiff may not recover more than the $40 witness fee and mileage. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442. (1987); *Ashker*, No. 05-03759 CV, 2011 WL 825713 at *4 (March 7, 2011); *Ruff*, 700 F.Supp.2d 1225, 1243 (ED Cal, 2010). Plaintiff was not the prevailing party in the March 2024 trial and may not recover costs for witness appearance fees. Dr. Jacobs appeared via zoom and would only be entitled to a $40 witness fee for the October 2024 trial. |
| 10/22/24 Dr. Joshua Prager Trial Testimony | 264, p. 14 | $16,071.55 | These are not taxable costs under 28 U.S.C. § 1920. Expert witness fees are not recoverable in a 42 U.S.C. §1983 action. Plaintiff may not recover more than the $40 witness fee and mileage. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442. (1987); *Ashker*, No. 05-03759 CV, 2011 WL 825713 at *4 (March 7, 2011); *Ruff*, 700 F.Supp.2d 1225, 1243 (E.D. Cal, 2010). Additionally, Dr. Prager's testimony was not reasonably necessary for trial as he was retained to testify about future medical care for Mr. Hurtado, which was not necessary in the October 2024 trial as Mr. Hurtado died in June 2024. ECF 42, p. 3. His testimony about complex regional pain syndrome was cumulative and duplicative of Dr. Bratton and Dr. Stepheson's testimony. Fed. R. Evid. 403. |
| 10/22/24 Paul Bratton M.D. Trial testimony | 264, p. 14 | $10,700.00 | These are not taxable costs under 28 U.S.C. § 1920. Plaintiff may not recover more than the $40 witness fee and mileage. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442. (1987); *Ashker*, No. 05-03759 CV, 2011 WL 825713 at *4 (March 7, 2011); *Ruff*, 700 F.Supp.2d 1225, 1243 (E.D. Cal, 2010). |
| 3/15/24 Rincon | 264, p. 14 | $9,689.14 | These are not taxable costs under 28 U.S.C. § 1920. Expert witness fees are |

| | | | |
|---|---|---|---|
| | | | not recoverable in a 42 U.S.C. §1983 action. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442. (1987); *Ashker*, No. 05-03759 CV, 2011 WL 825713 at *4 (March 7, 2011); *Ruff*, 700 F.Supp.2d 1225, 1243 (E.D. Cal, 2010). |
| 5/31/24 Robert W. Johnson | 264, p. 14 | $3,487.24 | These are not taxable costs under 28 U.S.C. § 1920. Expert witness fees are not recoverable in a 42 U.S.C. §1983 action. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442. (1987); *Ashker*, No. 05-03759 CV, 2011 WL 825713 at *4 (March 7, 2011); *Ruff*, 700 F.Supp.2d 1225, 1243 (ED Cal, 2010). |
| 11/1/24 On Scene-Consulting Group LLC | 264, p. 14 | $13, 261.71 | These are not taxable costs under 28 U.S.C. § 1920. Expert witness fees are not recoverable in a 42 U.S.C. §1983 action. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442. (1987); *Ashker*, No. 05-03759 CV, 2011 WL 825713 at *4 (March 7, 2011); *Ruff*, 700 F.Supp.2d 1225, 1243 (E.D. Cal, 2010). |
| 9/21/20 Cognet Rehab | 264, p. 16 | $5,000.00 | These are not taxable costs under 28 U.S.C. § 1920 or a reasonable Cost under 42 U.S.C. §1988. No witness was called from Cog Net Rehabilitation. Emily Fine, PhD of Cogent Rehabilitation was a treatment provider of Mr. Hurtado, however, plaintiff did not seek the cost as a past medical expense during trial and they are not recoverable as cost. ECF 43, p. 6. |
| 12/22/20 Cog Net. | 264, 16. | $2,800.00 | These are not taxable costs under 28 U.S.C. § 1920 or a reasonable Cost under 42 U.S.C. §1988. No witness was called from Cog Net Rehabilitation. Emily Fine, Ph.D. of Cogent rehabilitation was a treatment provider of o Mr. Hurtado, however, plaintiff did not seek the cost as a past medical expense during trial and they are not recoverable as cost. ECF 43, p. 6. |
| 4/28/21 Mary Meinhard | 264, 16. | $5000.00 | These are not taxable costs under 28 U.S.C. § 1920. Expert witness fees are not recoverable in a 42 U.S.C. §1983 action. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442. (1987); *Ashker*, No. 05-03759 CV, 2011 WL 825713 at *4 (March 7, 2011); *Ruff*, 700 F.Supp.2d 1225, 1243 (E.D. Cal. 2010). |

13

| 5/21/21 Dr. Joshua Prager | 264, p. 16 | $10,000 | These are not taxable costs under 28 U.S.C. § 1920. Expert witness fees are not recoverable in a 42 U.S.C. §1983 action. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442. (1987); *Ashker*, No. 05-03759 CV, 2011 WL 825713 at *4 (March 7, 2011); *Ruff*, 700 F.Supp.2d 1225, 1243 (E.D. Cal. 2010). To the extent plaintiffs are attempting to recover costs for treatment Dr. Prager may have provided in 2021, they did not seek them at trial and may not recover past medical expenses as trial costs. |
| 5/25/21 Mary Meinhard | 264, p. 16 | $3,450.00 | These are not taxable costs under 28 U.S.C. § 1920. Expert witness fees are not recoverable in a 42 U.S.C. §1983 action. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442. (1987); *Ashker*, No. 05-03759 CV, 2011 WL 825713 at *4 (March 7, 2011); *Ruff*, 700 F.Supp.2d 1225, 1243 (E.D. Cal. 2010). |
| 6/22/21 Marilyn Jacobs | 264, p. 16 | $5,000.00 | These are not taxable costs under 28 U.S.C. § 1920. Expert witness fees are not recoverable in a 42 U.S.C. §1983 action. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442. (1987); *Ashker*, No. 05-03759 CV, 2011 WL 825713 at *4 (March 7, 2011); *Ruff*, 700 F.Supp.2d 1225, 1243 (E.D. Cal. 2010). Dr. Jacobs was not a retained expert. To the extent plaintiffs are attempting to recover costs for treatment Marilyn Jacobs may have provided in 2021, they did not seek them at trial and may not recover past medical expenses as trial costs. |
| 6/28/21 Dr. Prager California Pain Management | 264, p. 16 | $3,450.00 | These are not taxable costs under 28 U.S.C. § 1920. Expert witness fees are not recoverable in a 42 U.S.C. §1983 action. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442. (1987); *Ashker*, No. 05-03759 CV, 2011 WL 825713 at *4 (March 7, 2011); *Ruff*, 700 F.Supp.2d 1225, 1243 (E.D. Cal. 2010). To the extent plaintiffs are attempting to recover costs for treatment Dr. Prager may have provided in 2021, they did not seek them at trial and may not recover past medical expenses as trial costs. |
| 10/5/21 Dr. Peter Sfaknkianos | 264, p. 16 | $1,500.00 | These are not taxable costs under 28 U.S.C. § 1920. Plaintiffs' counsel did |

14

| | | | not provide supporting documentation, however, this appears to be the now show fee for plaintiff's failure to appear for the independent medical examination on September 29, 2021 and it is not recoverable as a cost. Decl. of LeeAnn E. Whitmore in sup. f opp. to mtn to tax costs at p. 2, ¶5. |
|---|---|---|---|
| 10/5/21 Mary Meinhard | 264, p. 16 | $6,300.00 | These are not taxable costs under 28 U.S.C. § 1920. Expert witness fees are not recoverable in a 42 U.S.C. §1983 action. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442. (1987); *Ashker*, No. 05-03759 CV, 2011 WL 825713 at *4 (March 7, 2011); *Ruff*, 700 F.Supp.2d 1225, 1243 (E.D. Cal. 2010) |
| 10/5/21 Med Legal | 264, p. 16 | $1,450.00 | These are not taxable costs under 28 U.S.C. § 1920. It is not clear what this cost is for. Expert witness fees are not recoverable in a 42 U.S.C. §1983 action. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442. (1987); *Ashker*, No. 05-03759 CV, 2011 WL 825713 at *4 (March 7, 2011); *Ruff*, 700 F.Supp.2d 1225, 1243 (E.D. Cal. 2010). Further, plaintiff have not presented evidence it is the type of costs that would normally be charged to a fee-paying client or was reasonable. *Dang*, 422 F.3d at 814. |
| 10/6/21 ARbio | 264, 16 | $5,000.00 | These are not taxable costs under 28 U.S.C. § 1920. Expert witness fees are not recoverable in a 42 U.S.C. §1983 action. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442. (1987); *Ashker*, No. 05-03759 CV, 2011 WL 825713 at *4 (March 7, 2011); *Ruff*, 700 F.Supp.2d 1225, 1243 (E.D. Cal. 2010) |
| 11/12/21 | 264, 16 | $10,256.25 | These are not taxable costs under 28 U.S.C. § 1920. Expert witness fees are not recoverable in a 42 U.S.C. §1983 action. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442. (1987); *Ashker*, No. 05-03759 CV, 2011 WL 825713 at *4 (March 7, 2011); *Ruff*, 700 F.Supp.2d 1225, 1243 (E.D. Cal. 2010) |
| 11/12/21 Rincon Physical Therapy | 264, 16 | $3,500.00 | These are not taxable costs under 28 U.S.C. § 1920. Expert witness fees are not recoverable in a 42 U.S.C. §1983 action. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442. |

15

| | | | |
|---|---|---|---|
| | | | (1987); *Ashker*, No. 05-03759 CV, 2011 WL 825713 at *4 (March 7, 2011); *Ruff*, 700 F.Supp.2d 1225, 1243 (E.D. Cal. 2010). Further, it is unclear what this expense is for. Dr. Stephenson testified he had $23,000 in medical expenses at trial which was presented as economic damages at trial. Plaintiff may not recover duplicative items as costs and economic damages as it would allow for double recovery which is improper. |
| 1/10/22 The Okorocha Firm | 264, p. 16 | $1,280.00 | These are not taxable costs under 28 U.S.C. § 1920. Expert witness fees are not recoverable in a 42 U.S.C. §1983 action. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442. (1987); *Ashker*, No. 05-03759 CV, 2011 WL 825713 at *4 (March 7, 2011); *Ruff*, 700 F.Supp.2d 1225, 1243 (E.D. Cal. 2010). |
| 4/21/22 Robert W. Johnson | 264, p. 16 | $7,156.26 | These are not taxable costs under 28 U.S.C. § 1920. Expert witness fees are not recoverable in a 42 U.S.C. §1983 action. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442. (1987); *Ashker*, No. 05-03759 CV, 2011 WL 825713 at *4 (March 7, 2011); *Ruff*, 700 F.Supp.2d 1225, 1243 (E.D. Cal. 2010). |
| 4/21/22 On Scene Consulting Group | 264, p. 16 | $7,156.76 | These are not taxable costs under 28 U.S.C. § 1920. Expert witness fees are not recoverable in a 42 U.S.C. §1983 action. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442. (1987); *Ashker*, No. 05-03759 CV, 2011 WL 825713 at *4 (March 7, 2011); *Ruff*, 700 F.Supp.2d 1225, 1243 (E.D. Cal. 2010). |
| 4/21/22 Mary Meinhard | 264, p. 16 | $6,020 | These are not taxable costs under 28 U.S.C. § 1920. Expert witness fees are not recoverable in a 42 U.S.C. §1983 action. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442. (1987); *Ashker*, No. 05-03759 CV, 2011 WL 825713 at *4 (March 7, 2011); *Ruff*, 700 F.Supp.2d 1225, 1243 (E.D. Cal. 2010). |
| 11/30/21 AirBio | 264, 16 | $7,993.75 | These are not taxable costs under 28 U.S.C. § 1920. Expert witness fees are not recoverable in a 42 U.S.C. §1983 action. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442. (1987); *Ashker*, No. 05-03759 CV, 2011 |

16

| Date/Name | Reference | Amount | Objection |
|---|---|---|---|
| | | | WL 825713 at *4 (March 7, 2011); *Ruff,* 700 F.Supp.2d 1225, 1243 (E.D. Cal. 2010). |
| 11/30/21 Robert W. Johnson | 264, p. 16 | $3,600.00 | These are not taxable costs under 28 U.S.C. § 1920. Expert witness fees are not recoverable in a 42 U.S.C. §1983 action. *Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 442. (1987); *Ashker,* No. 05-03759 CV, 2011 WL 825713 at *4 (March 7, 2011); *Ruff,* 700 F.Supp.2d 1225, 1243 (E.D. Cal. 2010). |
| 11/30/21 Mary Meinhard | 264, p. 16 | $13,600.00 | These are not taxable costs under 28 U.S.C. § 1920. Expert witness fees are not recoverable in a 42 U.S.C. §1983 action. *Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 442. (1987); *Ashker,* No. 05-03759 CV, 2011 WL 825713 at *4 (March 7, 2011); *Ruff,* 700 F.Supp.2d 1225, 1243 (E.D. Cal. 2010). |
| 5/26/22 Peter Safakanios | 264, p. 16 | $1,500.00 | These are not taxable costs under 28 U.S.C. § 1920. Presuming this is related to Dr. Sfakianos' deposition, witness fees are limited to $40 per day. 28 U.S.C. §1821. |
| 7/12/22 National Justice Consultants | 264, p. 16 | $1,000.00 | These are not taxable costs under 28 U.S.C. §1920. Presuming this is related to defense expert Clarence Chapman's deposition, witness fees are limited to $40 per day. 28 U.S.C. §1821. |
| 6/13/22 Exam Works | 264, p. 16 | $2,275.00 | Plaintiffs have not provided any support to show this is a recoverable cost. It is unclear what the fee was for or whether it was reasonably necessary. |
| 6/30/22 On Scene Consulting | 264, p. 16 | $2,275.00 | These are not taxable costs under 28 U.S.C. § 1920. Expert witness fees are not recoverable in a 42 U.S.C. §1983 action. *Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 442. (1987); *Ashker,* No. 05-03759 CV, 2011 WL 825713 at *4 (March 7, 2011); *Ruff,* 700 F.Supp.2d 1225, 1243 (E.D. Cal. 2010). |
| 8/3/22 On Scene Consulting | 264, p. 16 | $656.25 | These are not taxable costs under 28 U.S.C. § 1920. Expert witness fees are not recoverable in a 42 U.S.C. §1983 action. *Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 442. (1987); *Ashker,* No. 05-03759 CV, 2011 WL 825713 at *4 (March 7, 2011); *Ruff,* 700 F.Supp.2d 1225, 1243 (E.D. Cal. 2010). |
| 8/5/22 On Scene | 264, p. 16 | $864.00 | These are not taxable costs under 28 |

17

| | | | |
|---|---|---|---|
| Consulting | | | U.S.C. § 1920. Expert witness fees are not recoverable in a 42 U.S.C. §1983 action. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442, (1987); *Ashker*, No. 05-03759 CV, 2011 WL 825713 at *4 (March 7, 2011); *Ruff*, 700 F.Supp.2d 1225, 1243 (E.D. Cal. 2010). |
| 6/7/22 Dr. Renee Binder | 264, p. 16 | $525.00 | These are not taxable costs under 28 U.S.C. § 1920. Expert witness fees are not recoverable in a 42 U.S.C. §1983 action. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442, (1987); *Ashker*, No. 05-03759 CV, 2011 WL 825713 at *4 (March 7, 2011); *Ruff*, 700 F.Supp.2d 1225, 1243 (E.D. Cal. 2010). |
| 5/7/22 Dr. Renee Binder | 264, p. 16 | $816.67 | These are not taxable costs under 28 U.S.C. § 1920. Expert witness fees are not recoverable in a 42 U.S.C. §1983 action. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442, (1987); *Ashker*, No. 05-03759 CV, 2011 WL 825713 at *4 (March 7, 2011); *Ruff*, 700 F.Supp.2d 1225, 1243 (E.D. Cal. 2010). |
| 8/11/22 Craigmyle Legal Nurse | 264, p. 5; 264, p. 16 | $500 | These are not taxable costs under 28 U.S.C. § 1920. Expert witness fees are not recoverable in a 42 U.S.C. §1983 action. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442, (1987); *Ashker*, No. 05-03759 CV, 2011 WL 825713 at *4 (March 7, 2011); *Ruff*, 700 F.Supp.2d 1225, 1243 (E.D. Cal. 2010). Presuming this is related to defense expert Jen Craigmyle's deposition, witness fees are limited to $40 per day. 28 U.S.C. §1821. |
| 6/13/22 Renee L. Binder M.D. | 264, p. 16 | $1,400.00 | These are not taxable costs under 28 U.S.C. § 1920. Expert witness fees are not recoverable in a 42 U.S.C. §1983 action. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442, (1987); *Ashker*, No. 05-03759 CV, 2011 WL 825713 at *4 (March 7, 2011); *Ruff*, 700 F.Supp.2d 1225, 1243 (ED Cal, 2010). Further, it appears this is a duplicative claim as it is included in exhibit 2 and 3. ECF 264, p. 14, 16. Presuming this is related to defense expert Dr. Binder's deposition, witness fees are limited to $40 per day. 28 U.S.C. §1821. |
| 8/28/22 Robert W. | 264, p. 16 | $1,064.00 | These are not taxable costs under 28 |

18

| | | | |
|---|---|---|---|
| Johnson | | | U.S.C. § 1920. Expert witness fees are not recoverable in a 42 U.S.C. §1983 action. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442. (1987); *Ashker*, No. 05-03759 CV, 2011 WL 825713 at *4 (March 7, 2011); *Ruff*, 700 F.Supp.2d 1225, 1243 (E.D. Cal. 2010). |
| 11/27/22 Enos Forensics | 264, p. 17 | $840.00 | These are not taxable costs under 28 U.S.C. §1920. Presuming this is related to defense expert Craig Enos' deposition, witness fees are limited to $40 per day.  28 U.S.C. §1821. |
| 3/29/23 Rincon Physical Medicine | 264, p. 17 | $6,300.00 | These are not taxable costs under 28 U.S.C. § 1920. Expert witness fees are not recoverable in a 42 U.S.C. §1983 action. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442. (1987); *Ashker*, No. 05-03759 CV, 2011 WL 825713 at *4 (March 7, 2011); *Ruff*, 700 F.Supp.2d 1225, 1243 (E.D. Cal. 2010). |
| 6/15/23 Traffic Safety Research Corp. (Ravani Depo.) | 264, p. 17 | $1,350.00 | These are not taxable costs under 28 U.S.C. §1920. Dr. Ravani's deposition was taken on April 19, 2023. Plaintiffs submitted no documentation to show what the cost for and it should be disallowed. |
| 4/19/23 Kusar Bahram Ravani | 264, p. 9 | $440.00 | These are not taxable costs under 28 U.S.C. §1920. Presuming this is related to defense expert Bahram Ravani's deposition, witness fees are limited to $40 per day.  28 U.S.C. §1821. |
| 11/21/23 Robert W. Johnson & Associates | 264, p. 17 | $5,373.00 | These are not taxable costs under 28 U.S.C. § 1920. Expert witness fees are not recoverable in a 42 U.S.C. §1983 action. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442. (1987); *Ashker*, No. 05-03759 CV, 2011 WL 825713 at *4 (March 7, 2011); *Ruff*, 700 F.Supp.2d 1225, 1243 (E.D. Cal. 2010). |
| 11/6/23 Mary Meinhard & Associates Depo. | 264, p. 9 | $800.00 | These are not taxable costs under 28 U.S.C. §1920. Additionally, defense counsel took Ms. Meinhard's deposition and paid her for the time of the deposition. See Ex ___, depo of LeeAnn Whitmore. |
| 11/8/23 Mary Meinhard | 264, p. 17 | $7,670.00 | These are not taxable costs under 28 U.S.C. § 1920. Expert witness fees are not recoverable in a 42 U.S.C. §1983 action. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442. (1987); *Ashker*, No. 05-03759 CV, 2011 |

Defs' Objection to Plaintiff's Bill of Costs (2:19-CV-02343-DAD-AC)

| | | | |
|---|---|---|---|
| | | | WL 825713 at *4 (March 7, 2011); *Ruff,* 700 F.Supp.2d 1225, 1243 (E.D. Cal. 2010). |
| 10/18/24 Mary Meinhard Trial Testimony | 264, p. 9 | $4,000.00 | These are not taxable costs under 28 U.S.C. § 1920. Expert witness fees are not recoverable in a 42 U.S.C. §1983 action. Plaintiff may not recover more than the $40 witness fee and mileage. *Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 442. (1987); *Ashker,* No. 05-03759 CV, 2011 WL 825713 at *4 (March 7, 2011); *Ruff,* 700 F.Supp.2d 1225, 1243 (ED Cal, 2010). Additionally, Ms. Meinhard was not a necessary witness as she was disclosed as a Life Care Planning expert and plaintiffs could not pursue future medical care costs as successors in interests |
| 1/6/23 ARBIO | 264, p. 17 | $11,578.75 | These are not taxable costs under 28 U.S.C. § 1920. Expert witness fees are not recoverable in a 42 U.S.C. §1983 action. *Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 442. (1987); *Ashker,* No. 05-03759 CV, 2011 WL 825713 at *4 (March 7, 2011); *Ruff,* 700 F.Supp.2d 1225, 1243 (E.D. Cal. 2010). |
| 8/1/22 Exam Works, LLC Vicki Schweitzer Depo. | 264, p. 6 | $250.00 | These are not taxable costs under 28 U.S.C. § 1920. Expert witness fees are not recoverable in a 42 U.S.C. §1983 action. *Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 442. (1987); *Ashker,* No. 05-03759 CV, 2011 WL 825713 at *4 (March 7, 2011); *Ruff,* 700 F.Supp.2d 1225, 1243 (E.D. Cal. 2010). Presuming this is related to defense expert Vicki Schweitzer's deposition, witness fees are limited to $40 per day. 28 U.S.C. §1821. |
| 10/4/21 Leticia Villareal-Barazza/Villareal & Barazza Legal Nurse Consultants Inc. | 264, p. | $750.00 | These are not taxable costs under 28 U.S.C. § 1920. It is unclear what this cost is for as no receipts or invoices were submitted, however, it appears to be an expert or consultant. Expert witness fees are not recoverable in a 42 U.S.C. §1983 action. *Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 442. (1987); *Ashker,* No. 05-03759 CV, 2011 WL 825713 at *4 (March 7, 2011); *Ruff,* 700 F.Supp.2d 1225, 1243 (E.D. Cal. 2010). |

Defs' Objection to Plaintiff's Bill of Costs (2:19-CV-02343-DAD-AC)

**VIII. PLAINTIFFS HAVE FAILED TO PROVIDE SUFFICIENT DOCUMENTATION TO SUPPORT THE $8,737.30 IN COSTS FOR EXEMPLIFICATION AND COPYING OF MATERIALS AND THE ENTIRE AMOUNT SHOULD BE DISALLOWED.**

Fees for exemplification and copies are only recoverable if they are necessarily obtained for use in the action. 28 U.S.C. §1920(4). The party seeking costs must provide the court with sufficient documentation justify the amounts sought. Claims for items not properly documented should be denied. *English*, 248 F.3d 1002, 1013. A party may not recover costs for an act of copying or exemplification of materials that merely added to the convenience of counsel or the district court. *Kalitta Air L.L.C. v. Cent. Tex. Airborne Sys. Inc.*, 741 F.3d at 958. Plaintiffs have failed to provide any documentation to support the $8,737.30 in costs. As plaintiffs have failed to identify what invoices are for exemplification and copies or how they were necessarily obtained for use in the case. The claimed costs should be disallowed.

**IX.   PLAINTIFFS HAVE FAILED TO PROVIDE SUFFICIENT DOCUMENTATION TO SUPPORT THE CLAIMED $32,945.43 IN OTHER COSTS AND THE ENTIRE AMOUNT SHOULD BE DISALLOWED.**

As noted above, Plaintiffs have failed to provide sufficient documentation to support the claimed costs and are seeking costs that are not recoverable. While 42 U.S.C. § 1988 allows for somewhat broader out of pocket expenses that would normally be charged to a fee-paying client. The expenses claimed must be reasonable and related to the claim. *Dang*, 422 F.3d at 814. Plaintiffs' counsel provided no fee agreement or evidence that the amounts sought would normally be charged to the client or that plaintiffs would be responsible for the costs.

Additionally, Plaintiffs' attorneys provide no authority to support their claim they can receive interest for a loan that the firm took out for litigation expenses under any statute. There is no showing that Mr. Hurtado or his successors in interest would be responsible for the claimed costs. Additionally, there is no case law which authorizes recovery under 42 U.S.C. §1988 for an attorney paying for clothing for trial, sending checks to experts via Fed Ex, child support payments, car repairs, hotels for clients, food, or gas money for clients.

Defense counsel has done her best to identify what costs support what is stated in the Bill of Costs. Defense counsel specifically objects to claimed costs as follows:

21

| Item | ECF Doc; Page | Amount | Objection |
|------|------|--------|-----------|
| Ace Imaging Technologies 14 entries | 264, p. 4 | $1,125.84 | These are not taxable costs under 28 U.S.C. § 1920. Since it is uncertain what the costs are for or whether these costs are related to this litigation or the out-of-pocket costs that are normally charged to a client, they should be disallowed. *Dang*, 422 F.3d at 814. |
| ADR Services Inc. | 264, p. 4 | $7,395.00 | These are not taxable costs under 28 U.S.C. § 1920. Mediator fees may not be taxed. *Brisco-Wade v. Carnahan*, 297 F.3d 781, 782-793 (8th Cir. 2002). |
| AG Reimbursement | 264. p. 4 | $79.00 | It is uncertain what the cost was for. Plaintiffs did not reimbursement the attorney general's office for this amount. No support was related to this litigation or as taxable costs under 28 U.S.C. §1920. |
| Airbnb Sacramento 3/6/24 | 264, p. 4 | $2,506.99 | This is not a taxable cost under 28 U.S.C. § 1920. It is uncertain what the cost is for and should be disallowed. On March 5, 2024, the Court held its hearing on the motions in limine remotely. It was not reasonable or necessary for plaintiffs to incur these costs. |
| 7/12/21 Airbnb - Santa Ana | 264, p. 5 | $2,261.48 | This is not a taxable cost under 28 U.S.C. § 1920. It is uncertain what the cost is for and should be disallowed. The case was venued in the Eastern District of California. Airbnb expenses in Santa Ana are neither reasonable or necessary for this litigation. |
| 10/14/24 Airbnb 4 nights for trial in Sacramento | 264, p. 5 | $780.79 | This is not a taxable cost under 28 U.S.C. § 1920. Plaintiff has failed to show that the out-of-pocket costs are reasonably expended or would normally be charged with a fee-paying client. *Dang*, 422 F.3d at 814; *Woods v. Corey*, 722 F.3d 1177, 1180 (9th Cir. 2013.) |
| 10/18/24 Airbnb 7 nights, 10/18-10/25 | 264, p. 5 | $1,888.65 | This is not a taxable cost under 28 U.S.C. § 1920. Plaintiff has failed to show that the out-of-pocket costs are reasonably expended or would normally be charged with a fee-paying client. *Dang*, 422 F.3d at 814; *Woods v. Corey*, 722 F.3d 1177, 1180 (9th Cir. 2013.); Attorney/paralegal travel costs are not authorized recoverable costs under 28 U.S.C. §1920. Also, it is not reasonable to seek travel costs for the weekend |

22

| | | | October 18-19, 2024. |
|---|---|---|---|
| 3/8/24 Airbnb - Sacramento added another day | 264, p. 5 | $154.09 | This is not a taxable cost under 28 U.S.C. § 1920. Plaintiff has failed to show that the out-of-pocket costs are reasonably expended or would normally be charged with a fee-paying client. *Dang*, 422 F.3d at 814; *Woods v. Corey*, 722 F.3d 1177, 1180 (9th Cir. 2013.); Attorney/paralegal travel costs are not authorized recoverable costs under 28 U.S.C. §1920. To the extent this was an expense for the March 2024 trial, it is not recoverable as plaintiffs were not a prevailing party and it was not necessary to stay three days before trial began. |
| 6/11/21 Amazon | 264, p. 5 | $162.35 | Plaintiffs have failed to show this is a taxable cost under 28 U.S.C. §1920, was reasonable, related to the case or would normally be charged go a fee-paying client. This should be disallowed. |
| 5/4/23 Barley Transcript Bahram Ravani, Phd | 264, p. 5 | $1,034 | This is not a taxable cost under 28 U.S.C. § 1920. The transcript was not indispensable for plaintiff's case but was only for the attorney's convenience. *Holmes ex rel Estate of Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 64. |
| 10/15/24 Berberian Legal Service | 264, p. 5 | $275.00 | This is not a taxable cost under 28 U.S.C. § 1920. Plaintiffs have failed to provide any invoice to show what the costs was or how it was necessary to litigation. |
| 9/9/21 Big O Paid for a new tire | 264, p. 5 | $266.76 | This is not a taxable cost under 28 U.S.C. §1920. Plaintiffs have failed to show how this claim is related to the litigation or reasonable. |
| 2/5/21 and 2/16/21 Child Support Liens | 264, p. 5 | $3,734.90 | These are not a taxable cost under 28 U.S.C. §1920.  Any child support liens would be payable directly to Merced County out of amounts payable to plaintiff. It is not recoverable as a cost. To the extent plaintiffs' counsel are claiming they paid these amounts, it is not reasonable to expect reimbursement for child support obligations. |
| 10/26/24 Closing Expenses – Boxes | 264, p. 5 | $2,250.00 | These are not a taxable cost under 28 U.S.C. §1920. Plaintiff has failed to show that the out-of-pocket costs are reasonably expended or would normally be charged with a fee-paying client. *Dang*, 422 F.3d at 814. |
| 10/21/19 Court Call | 265, p. 5 | $94.00 | These are not a taxable cost under 28 U.S.C. §1920. Plaintiff has failed to |

23

| | | | show that the out-of-pocket costs are reasonably expended or would normally be charged with a fee-paying client. *Dang*, 422 F.3d at 814. |
|---|---|---|---|
| Deadlines.com, 6 entries | 265, p. 5, 6 | $165.00 | These are not a taxable cost under 28 U.S.C. §1920. Plaintiff has failed to show that the out-of-pocket costs are reasonably expended, associated with this case or would normally be charged with a fee-paying client. *Dang*, 422 F.3d at 814; *Majeske v. City of Chicago,* 218 F.3d 816, 824. Charges for costs that are for the convenience of counsel are not recoverable. *San Joaquin County Employees' Retirement Assoc. v. Travelers Casualty and Surety Co. of America*, 2020 WL 187040., *3 (E.D. Cal. 2020). |
| Examworks 2 entries | 264, p. 6 | $2,275.00 | This is not a taxable cost under 28 U.S.C. §1920. Plaintiffs have failed to show how this claim is related to the litigation or reasonable. |
| Expedia Best Western 11/12/21 | 264, p. 6 | $619.21 | This is not a taxable cost under 28 U.S.C. § 1920. Plaintiff has failed to show that the out-of-pocket costs are reasonably expended or would normally be charged with a fee-paying client. *Dang*, 422 F.3d at 814; *Woods v. Corey*, 722 F.3d 1177, 1180 (9th Cir. 2013.); Attorney/paralegal travel costs are not authorized recoverable costs under 28 U.S.C. §1920. |
| 2/29/24 Expedia - Fairfield Inn & Suites | 264, p. 6 | $517.46 | This is not a taxable cost under 28 U.S.C. § 1920. Plaintiff has failed to show that the out-of-pocket costs are reasonably expended or would normally be charged with a fee-paying client. *Dang*, 422 F.3d at 814; *Woods v. Corey*, 722 F.3d 1177, 1180 (9th Cir. 2013.); Attorney/paralegal travel costs are not authorized recoverable costs under 28 U.S.C. §1920.  There were no in person hearings scheduled for this case around this time period that would have required travel or a hotel stay. |
| Express Imaging Solutions – Express Network, 59 entries | 264, 6; 264, 7; 264, 8. | $8,462.30 | These are not a taxable cost under 28 U.S.C. §1920. Plaintiff has failed to show that the out-of-pocket costs are reasonably expended, associated with this case or would normally be charged with a fee-paying client. *Dang*, 422 F.3d at 814; *Majeske v. City of Chicago,* 218 F.3d 816, 824. Charges for costs that are for the convenience of counsel are not |

24

| | | | |
|---|---|---|---|
| | | | recoverable. *San Joaquin County Employees' Retirement Assoc. v. Travelers Casualty and Surety Co. of America*, 2020 WL 187040., *3 (E.D. Cal. 2020). |
| Fairfield Hotel 6/9/21-6/10/21 | 264, p. 8 | $180.21 | These are not a taxable cost under 28 U.S.C. §1920. Plaintiff has failed to show that the out-of-pocket costs are reasonably expended, associated with this case or would normally be charged with a fee-paying client. *Dang*, 422 F.3d at 814.  Plaintiffs failed to provide any documentation to support the cost or identify who the hotel was for. |
| Fairfield Hotel Parking 3/7/21-3/9/21 | 264, p. 8 | $36.00 | These are not a taxable cost under 28 U.S.C. §1920. Plaintiff has failed to show that the out-of-pocket costs are reasonably expended, associated with this case or would normally be charged with a fee-paying client. *Dang*, 422 F.3d at 814.  Parking fees are not authorized costs under §1920. *Duckworth v. Whisenant*, 97 F.3d 1393, 1399 (11th Cir. 1996). Plaintiffs failed to provide any documentation to support the cost or identify who the hotel was for. |
| Fairfield Hotel Parking 5/17/21-5/20/21 | 264, p. 8 | $36.00 | These are not a taxable cost under 28 U.S.C. §1920. Plaintiff has failed to show that the out-of-pocket costs are reasonably expended, associated with this case or would normally be charged with a fee-paying client. *Dang*, 422 F.3d at 814. Parking fees are not authorized costs under §1920. *Duckworth v. Whisenant*, 97 F.3d 1393, 1399 (11th Cir. 1996).  Plaintiffs failed to provide any documentation to support the cost or identify who the hotel was for. |
| Fed Ex, 5 entries 11/4/21-3/11/24 | 264, p. 8 | $424.27 | These are not a taxable cost under 28 U.S.C. §1920. The cost of messenger services incurred in overnighting documents by FedEx to the court and others are not recoverable. Communication charges like courier, mail, telephone, telex and fax costs cannot be taxed. *El-Fadl v. Central Bank of Jordan*, 163 F.R.D. 389, 390 (D.D.C. 1995).  *Nat'l Union Fire Ins. Co. v. Allied Prop. & Cas. Ins. Co.*, 2014 U.S. Dist. LEXIS 101460, 3-4 (E.D. Cal. July 15, 2014). Plaintiff has failed to show that the out-of-pocket costs are reasonably expended, associated with this case or would |

25

| | | | normally be charged with a fee-paying client. *Dang*, 422 F.3d at 814. Plaintiffs failed to provide any documentation to support the claim. |
|---|---|---|---|
| 10/18/24 Fed Ex Mary Meinhard | 264, p. 8 | $43.26 | These are not a taxable cost under 28 U.S.C. §1920. Plaintiff has failed to show that the out-of-pocket costs are reasonably expended, associated with this case or would normally be charged with a fee-paying client. *Dang*, 422 F.3d at 814. Plaintiffs failed to provide any documentation to support the claim. Additionally, any Fed Ex to Life Care Planning expert Mary Meinhard on 10/18/24 was unnecessary as plaintiffs' successor in interests could not pursue future medical care costs. |
| 10/16/24 Fed Ex Nathan Henderson | 264, p. 8 | $166.12 | These are not a taxable cost under 28 U.S.C. §1920. Plaintiff has failed to show that the out-of-pocket costs are reasonably expended, associated with this case or would normally be charged with a fee-paying client. *Dang*, 422 F.3d at 814. Plaintiffs failed to provide any documentation to support the claim. |
| 6/7/21 Gas Money for Client Priscilla Macias | 264, p. 8 | $200.00 | These costs were not reasonably necessary and are not authorized under 42 U.S.C. §1920. Ms. Macias was not a client of plaintiffs' counsel in October 2021. In October 2021, plaintiff was the sole client. Additionally, this is not a reasonable cost of litigation. |
| 5/20/21 Gas money for client Cash Food and Gas | 264, p. 8 | $200 | These costs were not reasonably necessary and are not authorized under 42 U.S.C. §1920. Additionally, this is not a reasonable cost of litigation. |
| Green Filing, 3 entries | 264, p. 8-9 | $41.46 | These are not a taxable cost under 28 U.S.C. §1920. Convenience fees for having a company file documents on behalf of an attorney are not taxable as costs. *San Joaquin County Employees' Retirement Assoc. v. Travelers Casualty and Surety Co. of America*, 2020 WL 187040., *3 (E.D. Cal. 2020). Plaintiff has failed to show that the out-of-pocket costs are reasonably expended, associated with this case or would normally be charged with a fee-paying client. *Dang*, 422 F.3d at 814 |
| 5/17/21 Hotel.com Tustin – Fairfield Inn & Suites | 264, p. 9 | $438.72 | These are not a taxable cost under 28 U.S.C. §1920. Plaintiff has failed to show that the out-of-pocket costs are reasonably expended, associated with this case or would normally be charged |

26

| | | | |
|---|---|---|---|
| | | | with a fee-paying client. *Dang*, 422 F.3d at 814. Plaintiffs failed to provide any documentation to support the cost or identify who the hotel was for. The case was venued in United States District Court in Sacramento. No appearances related to the case were scheduled in Southern California. |
| 3/7/21 Hotel.com Tustin – Fairfield Inn & Suites Tustin | 264, p. 9 | $202.08 | These are not a taxable cost under 28 U.S.C. §1920. Plaintiff has failed to show that the out-of-pocket costs are reasonably expended, associated with this case or would normally be charged with a fee-paying client. *Dang*, 422 F.3d at 814. Plaintiffs failed to provide any documentation to support the cost or identify who the hotel was for. The case was venued in United States District Court in Sacramento. No appearances related to the case were scheduled in Southern California. |
| 10/16/24 Macys clothing for trial. | 264, p. 9 | $342.67 | These are not a taxable cost under 28 U.S.C. §1920. This is not a reasonable cost of litigation. Plaintiff has failed to show that the out-of-pocket costs are reasonably expended, associated with this case or would normally be charged with a fee-paying client. *Dang*, 422 F.3d at 814. |
| 2/29/21 Medi Copy | 264, p. 9 | $5.30 | Plaintiff has failed to show this item was taxable under 28 U.S.C. §1920 or was reasonably necessary. It should be disallowed. |
| 10/25/24 Miles from Sacramento | 264, p. 9 | $280.73 | Plaintiff has failed to identify who incurred the travel costs or that the costs are reasonable. Attorney/paralegal travel costs are not authorized recoverable costs under 28 U.S.C. §1920. |
| 10/14/24 Miles to Sacramento | 264, p. 9 | $282.74 | Plaintiff has failed to identify who incurred the travel costs or that the costs are reasonable. Attorney/paralegal travel costs are not authorized recoverable costs under 28 U.S.C. §1920. |
| 3/19/24 Move docs | 264, p. 9 | $1,830.00 | Plaintiff has failed to show this item was taxable under 28 U.S.C. §1920 or was reasonably necessary. Plaintiff Francisco Hurtado was not a prevailing party in the March 2024 trial and is not entitled to recover witness fees for the March 2024 trial. ECF 165, Fed. R. Civ. P. 54(d)(1). It should be disallowed. |
| 11/12/24 Mr. | 264, p. 9 | $1,000.00 | Plaintiff has failed to show this item |

27

| | | | |
|---|---|---|---|
| Ingenuity | | | was taxable under 28 U.S.C. §1920 or was reasonably necessary. |
| 10/28/24 Nathan Henderson reimbursement | 264, p. 9 | $49.83 | Plaintiff has failed to show this item was taxable under 28 U.S.C. §1920 or was reasonably necessary. |
| On Call Legal 19, 19 entries | 264, p. 9; 264, p. 10. | $3,802.07 | These are not a taxable cost under 28 U.S.C. §1920. Convenience fees for having a company file documents on behalf of an attorney are not taxable as costs. *San Joaquin County Employees' Retirement Assoc. v. Travelers Casualty and Surety Co. of America*, 2020 WL 187040., *3 (E.D. Cal. 2020).  Plaintiff has failed to show that the out-of-pocket costs are reasonably expended, associated with this case or would normally be charged with a fee-paying client. *Dang*, 422 F.3d at 814 |
| 5/15/19 Ortho Records | 264, p. 10 | $15.00 | It is not clear what this cost is for. If it is for costs of copying of records, it is not taxable under 28 U.S.C. §1920. A party may not recover costs for an act of copying or exemplification of materials that merely added to the convenience of counsel or the district court. *Kalitta Air L.L.C. v. Cent. Tex. Airborne Sys. Inc.*, 741 F.3d 955, 958 (9th Cir. 2013.) |
| 10/23/24 Parking Sac Valley Station | 264, p. 10 | $98.00 | Parking fees are not authorized costs under §1920. *Duckworth v. Whisenant*, 97 F.3d 1393, 1399 (11th Cir. 1996). |
| 3/3/24 Perry Ellis | 264, p. 10 | $302.76 | Plaintiffs did not provide any documentation to support this claim. These are not a taxable cost under 28 U.S.C. §1920. This is not a reasonable or necessary cost of litigation. Plaintiff has failed to show that the out-of-pocket costs are reasonably expended, associated with this case or would normally be charged with a fee-paying client. *Dang*, 422 F.3d at 814. Further, to the extent plaintiffs are attempting to recoup a cost related to the March 2024 trial, it is not recoverable as they were not prevailing party. ECF 165, Fed. R. Civ. P. 54(d)(I). |
| R. H. Young Inc., 2 entries, 2/16/24 and 3/7/24 | 164, 10 | $1,500 | These are not taxable costs under 28 U.S.C. § 1920. Plaintiffs did not provide any documentation to support these charges. To the extent they are charges for service of process. Process server costs are not recoverable under 28 USCS § 1920.  *Crues v. KFC Corp.*, 768 F.2d 230, 234 (8th Cir. 1985). |

28

| | | | Further, to the extent plaintiffs are attempting to recoup a cost related to the March 2024 trial, it is not recoverable as they were not prevailing party. ECF 165, Fed. R. Civ. P. 54(d)(1). |
|---|---|---|---|
| 10/16/24 Sacramento Parking Nathan Henderson | 264, p. 10 | $30.00 | Parking fees are not authorized costs under §1920. *Duckworth v. Whisenant*, 97 F.3d 1393, 1399 (11th Cir. 1996). |
| 3/6/24 Southwest Airlines Conf. 4O2EYA | 264, p. 10 | $426.98 | This is not a taxable cost under 28 U.S.C. § 1920 and was not reasonable or necessary to the litigation. No in person appearances were required for the case at the time the cost was incurred. |
| 3//7/24 Southwest Airlines Conf. 4OCG50 | 264, p. 10 | $311.98 | This is not a taxable cost under 28 U.S.C. § 1920 and was not reasonable or necessary to the litigation. No in person appearances were required for the case at the time the cost was incurred. |
| 3/7/24 Southwest Airlines Conf. 40CYZJ | 264, p. 10 | $311.98 | This is not a taxable cost under 28 U.S.C. § 1920 and was not reasonable or necessary to the litigation. No in person appearances were required for the case at the time the cost was incurred. |
| 10/14/24 Southwest Airlines 2Z97E9 | 264, p. 10 | $903.96 | Plaintiff has failed to identify who incurred the travel costs or show that the costs are reasonable. Attorney/paralegal travel costs are not authorized or recoverable costs under 28 U.S.C. §1920. |
| 3/7/21 Staples Materials to Prepare for Deposition | 264, p. 10 | $70.98 | These are not taxable costs under 28 U.S.C. § 1920. Plaintiff does not identify what the materials were or what deposition the materials were prepared for. Plaintiffs have failed to show the materials used were reasonably necessary for trial. *Allison v. Bank One - Denver*, 289 F.3d 1223, 1249 (10th Cir. 2002). A party may not recover costs for an act of copying or exemplification for materials that merely added to the convenience of counsel' or the district court. *Kalitta Air L.L.C. v. Cent. Tex. Airborne Sys. Inc.*, 741 F.3d 955, 958 (9th Cir. 2013). |
| Taxi Services 10/16/24 and 10/20/24 | 264, p. 10 | $135.68 | Plaintiff has failed to identify who incurred the travel costs or show that the costs are reasonable. Attorney/paralegal travel costs are not authorized or recoverable costs under 28 U.S.C. §1920. |

29

| | | | |
|---|---|---|---|
| Titan Legal Services 12/21/20 and 1/20/21 | 264, p. 10 | $319.96 | These are not taxable costs under 28 U.S.C. § 1920. Plaintiffs did not provide any documentation to support these charges. To the extent they are charges for service of process. Process server costs are not recoverable under 28 USCS § 1920. *Crues v. KFC Corp.*, 768 F.2d 230, 234 (8th Cir. 1985). |
| Ubers, 7 entries | 264, p. 10, 264 p. 11 | $348.78 | This is not a taxable cost under 28 U.S.C. § 1920. Plaintiff has failed to show that the out-of-pocket costs are reasonably expended or would normally be charged with a fee-paying client. *Dang*, 422 F.3d at 814; *Woods v. Corey*, 722 F.3d 1177, 1180 (9th Cir. 2013.); Attorney/paralegal travel costs are not authorized recoverable costs under 28 U.S.C. §1920. |
| Veritext 14 entries | 264, p. 11 | $8,437.37 | Plaintiff has failed to provide documentation to support these charges and it is unclear that they are taxable costs under 28 U.S.C. §1920, were reasonable or necessary for the litigation. |
| Veritext Officer Michael Randazzo | 264, p. 11 | $1,804.55 | Plaintiffs have failed to provide any documentation to determine what the cost is or whether it was reasonably necessary. |
| Veritext Witness; Christoper Stephenson | 264, p. 11 | $631.20 | Plaintiff has failed to provide documentation to support these charges and it is unclear that they are taxable costs under 28 U.S.C. §1920, were reasonable or necessary for the litigation. |
| V Court 3 entries | 264, p. 11 | $164.05 | These are not taxable costs under 28 U.S.C. § 1920. Plaintiffs did not provide any documentation to support these charges. |
| 2/21/24 Veronica Limon | 264, p. 11 | $248.20 | These are not taxable costs under 28 U.S.C. § 1920. Plaintiffs did not provide any documentation to support these charges were reasonable or necessary for this case. Ms. Limon was not a witness at trial and it is unclear what the charge is for. Defense counsel believes Ms. Limon was Mr. Hurtado's mother and has never been a party to this case. |
| 8/2/24 Veronica Limon | 264, p. 11 | $3,000.00 | These are not taxable costs under 28 U.S.C. § 1920. Plaintiffs did not provide any documentation to support these charges were reasonable or necessary for this case. Ms. Limon was not a witness at trial and it is unclear what the charge is for. Defense counsel believes |

| | | | Ms. Limon was Mr. Hurtado's mother and has never been a party to this case. |
|---|---|---|---|
| VIP Ketamine 8 entries | 264, p. 12 | $4,800 | These are not taxable costs under 28 U.S.C. § 1920 or a reasonable Cost under 42 U.S.C. §1988. It appears VIP Ketamine was a treatment provider of Mr. Hurtado. No witness was called from VIP Ketamine and plaintiffs may not claim treatment costs as a recoverable cost post-trial. |
| 9//23/24 Dale Galipo Reimbursement $5,31490 CL Split Costs 50% | 264, p. 12 | $2,657.45 | These are not taxable costs under 28 U.S.C. § 1920 or a reasonable Cost under 42 U.S.C. §1988. Since it is uncertain what the costs are for or whether these costs are related to this litigation or the out-of-pocket costs that are normally charged to a client, they should be disallowed. *Dang,* 422 F.3d at 814. |
| Lien costs including loan, application fee, processing fee and interest | 264, p. 17 | $379,004.97 | These are not taxable costs under 28 U.S.C. § 1920 or a reasonable Cost under 42 U.S.C. §1988. Plaintiff failed to provide any documentation to support these claimed costs. Since it is uncertain what the claimed costs are for or whether these costs are related to this litigation or the out-of-pocket costs that are normally charged to a client, they should be disallowed. *Dang,* 422 F.3d at 814. |

Thus, all the claimed costs should be allowed in their entirety.

Dated:  December 31, 2024

Respectfully submitted,

ROB BONTA
Attorney General of California
CATHERINE WOODBRIDGE
Supervising Deputy Attorney General

*/s/ LeeAnn E. Whitmore*

LEEANN E. WHITMORE
Deputy Attorney General
*Attorneys for Defendant State of California, acting by and through the California Highway Patrol and Edgardo Yepez*

31