# EXHIBIT 1

# THE RECORDER

119TH YEAR  No. 185  $1          BAY AREA LEGAL NEWSPAPER SINCE 1877          TUESDAY, SEPTEMBER 26, 1995

## Wilson, Sonsini Audit Reveals Heavy Staffing

### 34 lawyers, 146 staff billed on Pelican Bay - some for more than 24 hours in a day

By HOWARD MINTZ

Wilson, Sonsini, Goodrich & Rosati may never have seen the state audit of its proposed fees for litigating the Pelican Bay State Prison case, but the thick document nevertheless had a profound influence on forcing the firm to settle for roughly half of its original fee demand.

The audit, believed to be a first for the California attorney general's office, produced the kind of ammunition the AG rarely has at its disposal in fee litigation. The audit found that Wilson, Sonsini -- lead plaintiff's counsel in a class action challenge to conditions at Pelican Bay -- submitted an $8.3 million fee request that was bloated with overstaffing and inefficiencies, including two instances of Wilson, Sonsini employees billing more than 24 hours in a day.

"I think the audit worked," said Deputy Attorney General William Jenkins, who hired Santa Rosa legal consultant James Schratz to examine the Palo Alto firm's voluminous billing records. "It provided us with significant evidence of inefficiency and overstaffing.

The attorney general's office and the plaintiffs' team in the Pelican Bay case recently negotiated a $4.25 million settlement of the fee issue, avoiding the need for litigation before Chief U.S. District Judge Thelton Henderson. In January, Henderson issued a 344-page ruling decrying conditions at Pelican Bay and appointing a special monitor to oversee improvements at California's toughest maximum security prison.

Wilson, Sonsini and San Quentin's Prison Law Office mounted what most view as a successful challenge to the prison's operation, punctuated by a three-month court trial last year before Henderson. Wilson, Sonsini and its fee counsel firm Rosen, Bien & Asaro call the fee settlement a fair compromise that avoids the usual bitter court battles which accompany a petition for fees.

According the portions of the audit shown to The Recorder, Wilson, Sonsini may have had trouble justifying some of its billing had the matter gone before Henderson. The audit reveals that the firm had 180 different people billing on the case during the four years of litigation, including 34 attorneys, 27 case assistants, 12 law clerks, 22 paralegals and 58 "temporary case assistants."

In addition, the audit shows that eight Wilson, Sonsini staffers billed more than 2,000 hours on the case; 12 billed between 1,000 and 2,000 hours; and 20 billed between 500 and 1,000 hours. The breakdown did not indicate which of these billers were lawyers as opposed to support staff. These numbers alone account for at least 38,000 hours of billing.

The AG's office, by comparison, had a similar number of lawyers on the case -- 35 -- but just two of them billed a lion's share of the hours, deputy AG's Peter Siggins and Susan Lee, who tried the case. They put in roughly 4,000 hours. The big difference came in support staff: Just three paralegals worked on the case for the AG, logging about 1,000 hours apiece.

During settlement negotiations, the attorney general's office also complained about Wilson, Sonsini's billing rates. The firm's partner rates ranged from $265 an hour to $360 an hour, and its associate rates were between $135 and $210. The Prison Law Office, incidentally, billed at partner rates of $280 to $295 an hour, and associate rates of $160 to $200. The audit focused on Wilson, Sonsini because it accounted for the bulk of the fees; it found no particular problems with the Prison Law Office's billings.

The audit did find problems with some of Wilson, Sonsini's "long days." In addition to the two instances of billing more than 24 hours in a day, State officials would not disclose other details, including the names of the billers.

"I don't know what the explanation is," Jenkins said. "It shouldn't appear on bills, no matter what the explanation."

The state has not released the audit to Wilson, Sonsini, in large part because the settlement has not been finalized by the state Legislature and it could still wind up as fodder in litigation. But Wilson, Sonsini has rejected the accusations of overstaffing, saying the firm never set out to litigate the complex, public interest case for profit.

On Monday, Wilson partner David Steuer repeated his contention that the firm felt understaffed during the litigation because of the scope of the claims against Pelican Bay. Plaintiffs cite the lengthy trial and Henderson's massive opinion as evidence of the complexity of the case.

As for the long days, Steuer said there was likely a mistake in a billing submission if more than 24 hours were sought for a day. Steuer added that it would not be a shock if a lawyer billed 20-some hours: He recalls lead partner Susan Creighton working through the night at times during the trial.

"We put on a better case," Steuer said. "The real reason [we put in more hours] is we had the burden and they didn't. We had to prepare the case. They had the ability to sit back and say, 'Prove it.'"

Rosen, Bien partner Michael Bien, who helped negotiate the settlement for Wilson, Sonsini, has also pointed out that the state audited raw billing records that were never pared down by the firm, as it would have before filing a fee petition with Henderson. And finally, Wilson, Sonsini notes that most of the fees are going into the firm's charitable foundation, which makes contributions to local groups.

The state, meanwhile, got a major return on its investment in the auditing process: The AG's office will wind up paying around $58,000 to a company that created a database of Wilson, Sonsini's billing records, and roughly another $12,000 to Schratz.

"We saved $4 million," Jenkins says. "That's a good investment. Without the audit, it would be very difficult for me to go in front of a judge and say, 'The right thing to do is to cut this bill.'"

EXHIBIT 1

# EXHIBIT 2

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | |
|---|---|
| DATE: 01/30/04 | **DEPT.** 40 |
| HONORABLE David A. Workman   JUDGE | R. MCGLOTHIN   DEPUTY CLERK |
| HONORABLE   JUDGE PRO TEM | ELECTRONIC RECORDING MONITOR |
| 10.   J. COLLINS, C.A.   Deputy Sheriff | NONE   Reporter |

| 8:30 am | BC263271 | Plaintiff Counsel | |
|---|---|---|---|
| | KATHRYN FRIEDERS ET AL | | NO APPEARANCES |
| | VS | Defendant Counsel | |
| | CITY OF GLENDALE ET AL | | |

**NATURE OF PROCEEDINGS:**

RULING ON SUBMITTED MATTER [MOTION OF PLAINTIFFS FOR
ATTORNEYS FEES OF $4,136,967.00].

The Court, having after hearing on October 30, 2003
taken the matter under submission, and having further
considered the moving, opposing and reply papers and
the argument of counsel at the hearing, now rules as
follows:

The Court denies the defendant's request for judicial
notice.

The Court overrules defendant's objections filed
October 20, 2003, to plaintiffs' evidence proffered
in support of the motion, and overrules plaintiffs'
objections filed October 27 to defendant's evidence
proffered in opposition to the motion.

The Court sustains defendant's objection filed
December 23, 2003, to plaintiffs' supplemental
declaration filed December 16.

The Court is persuaded by the declaration of James P.
Schratz, Esq., proffered in oppositon to the motion,
that the attorney fees claimed by plaintiffs are
unreasonable and excessive in the extreme for the
reasons therein explicated.  Accordingly, the motion
is granted not as prayed, but in the reduced sum of
$1,146,505.40, which the Court finds to be fair and
reasonable in the premises.

Page   1 of   3   DEPT. 40

**MINUTES ENTERED**
01/30/04
**COUNTY CLERK**

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | | |
|---|---|---|---|
| DATE: 01/30/04 | | | **DEPT.** 40 |
| HONORABLE David A. Workman | JUDGE | R. MCGLOTHIN | DEPUTY CLERK |
| HONORABLE | JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| 10.   J. COLLINS, C.A. | Deputy Sheriff | NONE | Reporter |

| | | | |
|---|---|---|---|
| 8:30 am | BC263271 | Plaintiff Counsel | |
| | KATHRYN FRIEDERS ET AL | | NO APPEARANCES |
| | VS | Defendant Counsel | |
| | CITY OF GLENDALE ET AL | | |

**NATURE OF PROCEEDINGS:**

Having carefully considered and weighed the several
factors outlined in case authority that can affect
the enhancement or reduction of the award, some of
which in this case the Court finds militate in favor
of enhancement and others reduction, the Court
declines to apply a lodestar multiplier to do either.
Serrano v. Priest (1977) 20 Cal.3d 25, 49; Weeks v.
Baker & McKenzie (1998) 63 Cal.App.4th 1128, 1174-
1176.

CLERK'S CERTIFICATE OF MAILING/
NOTICE OF ENTRY OF ORDER

I, the below named Executive Officer/Clerk of the
above-entitled court, do hereby certify that I am not
a party to the cause herein, and that this date I
served Notice of Entry of the above minute order of
1/30/04 upon each party or counsel named below by
depositing in the United States mail at the courthouse
in Los Angeles, California, one copy of the
original entered herein in a separate sealed envelope
for each, addressed as shown below with the postage
thereon fully prepaid.

Date: 1/30/04

John A. Clarke, Executive Officer/Clerk

By: _____

MINUTES ENTERED
01/30/04
COUNTY CLERK

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 01/30/04

DEPT. 40

HONORABLE David A. Workman JUDGE | R. MCGLOTHIN DEPUTY CLERK

HONORABLE JUDGE PRO TEM | ELECTRONIC RECORDING MONITOR
10.

J. COLLINS, C.A. Deputy Sheriff | NONE Reporter

8:30 am BC263271

KATHRYN FRIEDERS ET AL

VS

CITY OF GLENDALE ET AL

Plaintiff
Counsel
NO APPEARANCES
Defendant
Counsel

**NATURE OF PROCEEDINGS:**

R. McGlothin

GOLDBERG & GAGE
Terry M. Goldberg
Bradley C. Gage
23002 Victory Blvd.
Woodland Hills, CA 91367

LIEBERT CASSIDY WHITMORE
Irma Rodriquez Moisa
Sergio Bent
6033 W. Century Blvd., Suite 500
Los Angeles, CA 90045

LAW OFFICES OF C. STEPHEN LOVE
C. Stephen Love
4766 Park Granada, Suite 206
Calabasas, CA 91302

CHRISTOPHER BRIZZOLARA
1528 16th Street
Santa Monica, CA 90404

Page 3 of 3 DEPT. 40

MINUTES ENTERED
01/30/04
COUNTY CLERK

# EXHIBIT 3

**FILED**

DEC 1 6 2005

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

1
2
3
4
5
6
7

8  NORTH PACIFICA, LLC,                    No. C-01-4823 EMC

9       Plaintiff,                          **ORDER RE PLAINTIFF'S MOTION**
                                            **FOR ATTORNEY'S FEES**
10      v.                                   **(Docket No. 528)**

11  CITY OF PACIFICA, *et al.*,

12      Defendants.

13  _____/

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

1

**TABLE OF CONTENTS**

2

3   I.     FACTUAL & PROCEDURAL BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . -4-

4   II.    DISCUSSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -6-

5   A.    Lodestar . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -7-

6   1.    Reasonable Hourly Rate . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -10-

7   a.    Keith Fromm . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -11-

8   b.    Jaquelynn Pope . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -16-

9   2.    Reasonable Number of Hours . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -17-

10   a.    NP's Motion to Strike Declaration of James P. Schratz . . . . . . . . . . . . . . . . -18-

11   b.    Adequacy of Documentation of Hours Expended . . . . . . . . . . . . . . . . . . . . . . -20-

12   i.    Excessive Block Billing . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -20-

13   ii.    Excessive Long Billing Days . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -22-

14   iii.   Vague Time Entries . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -23-

15   c.    Noncompensable Hours . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -25-

16   i.    Fees Billed Prior to Supplemental Complaint . . . . . . . . . . . . . . . . . . . . . . . . -25-

17   ii.    Fees Billed on Unrelated Litigation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -26-

18   iii.   Fees Billed by Mr. Fromm as Member or Principal of NP . . . . . . . . . . . . . . . -37-

19   iv.   Cure Costs . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -40-

20   d.    Billing Judgment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -44-

21   i.    Clerical Tasks . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -46-

22   ii.    Travel Time . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -47-

23   iii.   Cross-Motions for Summary Judgment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -49-

24   iv.   Trial Preparation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -50-

25   v.    Deposition Attendance . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -51-

26   vi.   Other Failures to Exercise Billing Judgment . . . . . . . . . . . . . . . . . . . . . . . . . -54-

27   (a)   Case Management or Status Conference Attendance . . . . . . . . . . . . . . . . . . . -54-

28   (b)   Case Management or Status Conference Statements . . . . . . . . . . . . . . . . . . . -55-

United States District Court

For the Northern District of California

| | | | |
|---|---|---|---|
| (c) | Trial Exhibits | ............................................................ | -56- |
| (d) | Trial Brief for Damages Phase | ............................................. | -57- |
| (e) | Miscellany | ................................................................ | -57- |
| vii. | Summary re Billing Judgment | ............................................. | -58- |
| 3. | Total Lodestar | ............................................................ | -60- |
| B. | Adjustment to Lodestar | .................................................... | -60- |
| 1. | Unrelated Claims -- Hours Incurred Prior to July 15, 2002 | ................. | -60- |
| 2. | Unrelated Claims -- Hours Incurred After July 15, 2002 | .................... | -64- |
| a. | Hours Incurred Between Approximately July 15, 2002, and June 30, 2003 | ......... | -66- |
| b. | Hours Incurred After June 30, 2003 | ....................................... | -67- |
| c. | Summary | ................................................................. | -68- |
| 3. | Limited Success on Condition 13(b) Claim | ................................. | -69- |
| C. | Work on Fee Application | .................................................. | -70- |
| D. | Costs | .................................................................... | -73- |
| III. | CONCLUSION | ............................................................ | -75- |

United States District Court
For the Northern District of California

1   Having considered the parties' briefs and accompanying submissions as well as the argument

2   of counsel, and good cause appearing therefor, the Court hereby GRANTS Plaintiff North Pacifica

3   LLC's ("NP") motion for attorney's fees pursuant to 42 U.S.C. § 1988.

## I.   FACTUAL & PROCEDURAL BACKGROUND

5   On December 7, 2001, NP filed suit against Defendant the City of Pacifica, asserting claims

6   for denial of substantive due process, denial of equal protection, violation of 42 U.S.C. § 1983, and

7   declaratory relief. *See* Docket No. 1. In essence, NP challenged the City's handling and treatment of

8   NP's permit application for the development of a condominium project on a parcel known as the

9   "Bowl." Subsequently, on January 7, 2002, NP filed a first amended complaint raising the same

10  claims. *See* Docket No. 5.

11  The City moved to dismiss NP's first amended complaint. On June 12, 2002, pursuant to

12  leave of the Court, NP filed a second amended complaint which included the four claims in the first

13  amended complaint and added a fifth cause of action for denial of substantive due process with

14  respect to a parcel known as the "Fish." *See* Docket No. 34.

15  On July 30, 2002, the Court granted in part and denied in part the City's motion to dismiss

16  the first amended complaint. *See* Docket No. 40. More specifically, the Court dismissed the

17  substantive due process claim as well as the claim for declaratory relief but allowed the equal

18  protection claim to proceed. Subsequently, on November 26, 2002, the Court dismissed the second

19  substantive due process claim raised in the second amended complaint. *See* Docket No. 69.

20  On November 26, 2002, the Court also addressed NP's motion, asking the Court to

21  reconsider its order dismissing the substantive due process claim asserted in the first amended

22  complaint. The Court granted the motion to reconsider but ultimately dismissed the claim on

23  another basis. *See* Docket No. 70. Thus, as of November 26, 2002, the case was proceeding on

24  NP's claim for equal protection only.

25  The parties thereafter filed cross-motions for summary judgment on the equal protection

26  claim. In its briefing, NP argued that the City had violated NP's right to equal protection in six

27  different ways: (1) by sending NP seven deficiency letters from August 16, 1999, to December 4,

28  2000, thus delaying the completion date of NP's development permit application; (2) by treating

United States District Court
For the Northern District of California

-4-

NP's development permit application as if it had been terminated in December 2000, thereby delaying the completion date of the application and necessitating a second initial study and environmental impact report ("EIR"); (3) by waiting until the last minute to tell NP that its development project did not comply with the City's design guidelines, thus forcing NP to incur added expense; (4) by imposing joint and several liability on the individual homeowners for the development project's common areas, a more onerous condition (known as Condition 13(b)) than that imposed on other development projects, (5) by banning Keith Fromm, a member and principal of NP, from meeting with the Planning Department staff; and (6) by delaying in giving funds to a geotechnical consultant.

On June 30, 2003, the Court issued a summary order denying NP's motion for summary judgment in its entirety and granting in part and denying in part the City's. *See* Docket No. 180. On July 15, 2003, the Court issued a detailed order explaining its ruling on the summary judgment motions. *See* Docket No. 216.

First, the Court refused to consider the fifth equal protection violation because NP had not included allegations regarding the banning in its second amended complaint and had no reason not to include such allegations, having known the underlying facts all along. Although NP had not included any allegations regarding the third and fourth violations in its second amended complaint, this was because the underlying facts did not arise until after the second amended complaint was filed. Given these circumstances as well as the absence of any prejudice to the City, the Court allowed NP to file a supplemental complaint to assert the third and fourth violations. NP filed that supplemental complaint on July 18, 2003. *See* Docket No. 219.

Second, the Court refused to consider the sixth violation because NP only argued the delay in providing funds as part of the declaration of Mr. Fromm, not its motion for summary judgment.

Third, regarding the merits of the first through fourth violations, the Court granted summary judgment to the City on the first through third violations but denied summary judgment to the City on the fourth violation. This left for trial only the fourth equal protection for violation -- *i.e.*, that the City had violated NP's right to equal protection through Condition 13(b), which imposed joint and

United States District Court

For the Northern District of California

1   several liability on the individual homeowners for the development project's common areas, a more

2   onerous condition than that imposed on other development projects.

3        On July 28, 2003, the liability phase of the trial on Condition 13(b) began.[1]  It concluded on

4   August 1, 2003.  Subsequently, on October 23, 2003, the Court issued its findings of fact and

5   conclusions of law on the Condition 13(b) claim.  *See* Docket No. 264.  It determined that the City

6   had in fact violated NP's right to equal protection by imposing on it Condition 13(b).

7        On February 7, 2005, the damages phase of the trial began.  Testimony and evidence were

8   presented from February 7 to 11, 2005, and closing arguments on March 16, 2005.  On May 4, 2005,

9   the Court issued its findings of fact and conclusions of law, holding that NP was entitled to damages

10  in the amount of $156,741.19 (including prejudgment interest but exclusive of attorney's fees).  *See*

11  Docket No. 493.  NP had sought damages in the amount of $10.1 to $16.3 million (exclusive of both

12  attorney's fees and prejudgment interest).  Final judgment was entered on May 4 as well.  *See* Docket

13  No. 494.

14       Subsequently, on June 2, 2005, NP asked the Court for an indication that it would entertain

15  or grant a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b).

16  According to NP, a recent Supreme Court decision, *Lingle v. Chevron*, 125 S. Ct. 2074 (2005),

17  presented a change of law that resuscitated the substantive due process claim presented in its first

18  amended complaint.  On August 4, 2005, the Court declined NP's request.  *See* Docket No. 521.

19       Now pending before the Court is NP's motion for attorney's fees.

20              **II.  DISCUSSION**

21       Under 42 U.S.C. § 1988, a court has the discretion to "allow the prevailing party [in a § 1983

22  case], other than the United States, a reasonable attorney's fee as part of the costs."  42 U.S.C. §

23  1988(b).  NP argues that it was the prevailing party in the instant litigation because the Court found

24  that the City had violated NP's equal protection rights with respect to Condition 13(b) and awarded

25  it more than $150,000 in damages.  The City does not dispute that NP was the prevailing party.  *See*

26  *Farrar v. Hobby*, 506 U.S. 103, 111 (1992) ("[T]o qualify as a prevailing party, a civil rights plaintiff

27

28       [1] On July 7, 2003, the Court had bifurcated the trial into a liability phase and a damages phase.
     *See* Docket No. 198.

-6-

**United States District Court**
For the Northern District of California

1  must obtain at least some relief on the merits of his claim."). Rather, the City challenges the amount
2  of attorney's fees sought by NP as unreasonable.

3    While not all of the City's arguments persuasive, the Court does conclude that the fee award
4  sought by NP is unreasonable. The specific reasons for this conclusion are provided below.

5  A.   Lodestar

6    The fee applicant has the burden of proving a reasonable attorney's fee award. *See Hensley*
7  *v. Eckerhart*, 461 U.S. 424, 437 (1983) (stating that "the fee applicant bears the burden of
8  establishing entitlement to an award [of attorney's fees] and documenting the appropriate hours
9  expended and hourly rates"). "The most useful starting point for determining the amount of a
10  reasonable fee is the number of hours reasonably expended on the litigation multiplied by a
11  reasonable hourly rate." *Id.* at 433. This is commonly known as the lodestar.

12    According to NP, the lodestar for Mr. Fromm is $1,182,468 (based on an hourly rate of $300
13  for fees incurred prior to January 1, 2004, and $350 for fees incurred thereafter and a total of 3,682.1
14  hours), and for Ms. Pope $803,255 (based on an hourly rate of $240 and a total of 3,255.32 hours).
15  *See* Mot. at 2. Based on the billing records submitted, however, NP made errors in its calculations.

| KEITH FROMM | | |
|---|---|---|
| **DATE** | **HOURS** | **FEES** |
| As of 10/31/01 | 8.00 | $2,400 |
| As of 11/26/01 | 21.25 | $6,375 |
| As of 12/18/01 | 32.00 | $9,600 |
| As of 1/31/02 | 23.50 [not 24.50] | $7,050 [not $7,350] |
| As of 2/28/02 | 56.50 | $16,950 |
| As of 3/31/02 | 111.50 | $33,450 |
| As of 4/28/02 | 188.50 | $56,550 |
| As of 5/7/02 | 10.00 | $3,000 |
| As of 6/28/02 | 113.50 | $34,050 |
| As of 7/31/02 | 115.00 | $34,500 |
| As of 8/30/02 | 131.50 [not 132.00] | $39,450 |
| As of 9/26/02 | 40.00 | $12,000 |

United States District Court
For the Northern District of California

| DATE | HOURS | FEES |
|------|-------|------|
| As of 10/30/02 | 58.50 | $17,550 |
| As of 11/22/02 | 32.00 | $9,600 |
| As of 12/4/02 | 1.00 | $300 |
| As of 2/25/03 | 20.50 | $6,150 |
| As of 3/31/03 | 125.00 [not 127.00] | $37,500 [not $38,100] |
| As of 4/29/03 | 288.00 [not 290.00] | $86,400 [not $87,000] |
| As of 5/31/03 | 263.00 [not 267.50] | $78,900 [not $80,250] |
| As of 6/16/03 | 71.00 | $21,300 |
| As of 7/31/03 | 213.00 | $63,900 |
| As of 8/29/03 | 81.50 | $24,450 |
| As of 10/27/03 | 10.00 | $3,000 |
| As of 11/19/03 | 45.00 | $13,500 |
| As of 12/25/03 | 55.60 | $16,680 |
| As of 1/25/05 | 100.00 | $35,000 |
| As of 2/26/04 | 33.00 | $11,550 |
| As of 3/31/04 | 70.5. | $24,675 |
| As of 4/28/04 | 6.50 | $2,275 |
| As of 5/24/04 | 19.00 | $6,650 |
| As of 6/30/04 | 53.50 [not 53.00] | $18,725 [not $18,550] |
| As of 7/29/04 | 52.00 | $18,200 |
| As of 8/30/04 | 105.75 | $37,012.50 |
| As of 9/29/04 | 22.00 | $7,700 |
| As of 10/31/04 | 106.50 | $37,275 |
| As of 11/19/04 | 127.50 | $44,625 |
| As of 12/31/04 | 199.00 | $69,650 |
| As of 1/31/05 | 341.00 | $119,350 |
| As of 2/25/05 | 167.00 | $58,450 |
| As of 3/22/05 | 56.00 | $19,600 |
| As of 5/31/05 | 44.00 | $15,400 |
| As of 6/16/05 | 23.50 | $8,225 |

| DATE | HOURS | FEES |
|------|-------|------|
| As of 9/7/05 | 18.50 | $6,475 |
| **TOTAL** | **3,660.60** | **$1,175,442.50** |

| JAQUELYNN POPE | | |
|------|-------|------|
| **DATE** | **HOURS** | **FEES** |
| 12/10/01 Statement | 86.30 | $20,712 |
| 1/16/02 Statement | 18.50 [not 18.00] | $4,440 [not $4,320] |
| 2/10/02 Statement | 12.3. | $2,952 |
| 3/13/02 Statement | 56.00 [not 56.52] | $13,440 [not $13,565.44] |
| 4/11/02 Statement | 54.60 [not 53.60] | $13,104 [not $12,864] |
| 5/10/02 Statement | 73.00 | $17,520 |
| 6/19/02 Statement | 54.35 [not 54.85] | $13,044 [not $13,164] |
| 7/26/02 Statement | 51.75 | $12,420 |
| 8/26/02 Statement | 74.7 | $17,928 |
| 9/12/02 Statement | 108.00 [not 109.00] | $25,920 [not $26,160] |
| 10/11/02 Statement | 40.00 | $9,600 |
| 12/10/02 Statement | 43.50 | $10,440 |
| 5/1/03 Statement | 290.00 | $69,600 |
| 6/1/03 Statement | 251.50 | $60,360 |
| 8/2/03 Statement | 386.00 | $92,640 |
| 10/25/03 Statement | 93.50 | $22,440 |
| 12/31/03 Statement | 700 | $16,800 |
| 3/1/04 Statement | 101.40 | $24,336 |
| 7/5/04 Statement | 152.60 | $36,624 |
| 9/5/04 Statement | 136.80 | $32,832 |
| 11/5/04 Statement | 159.00 | $38,160 |
| 12/1/04 Statement | 141.00 | $33,840 |
| 2/1/05 Statement | 384.50 | $92,280 |
| 4/1/05 Statement | 288.50 | $69,240 |

United States District Court
For the Northern District of California

| DATE | HOURS | FEES |
|------|-------|------|
| 9/6/05 Statement | 111.50 | $26,760 |
| **TOTAL** | **3,239.30** | **$777,432** |

Taking into account the errors in calculation, the lodestar -- at least based on the billing records -- for Mr. Fromm is $1,175,442.50 (based on an hourly rate of $300 for fees incurred prior to January 1, 2004, and $350 for fees incurred thereafter and a total of 3,660.6 hours), and for Ms. Pope $777,432 (based on an hourly rate of $240 and a total of 3,239.3 hours).

1. <u>Reasonable Hourly Rate</u>

In *Blum v. Stenson*, 465 U.S. 886 (1984), the Supreme Court held that the hourly rates to be employed in calculating reasonable fees are determined by the "prevailing market rates in the relevant community, regardless of whether the plaintiff is represented by private or nonprofit counsel." *Id.* at 895. The Supreme Court acknowledged that

> determining an appropriate "market rate" for the services of a lawyer is inherently difficult. Market prices of commodities and most services are determined by supply and demand. In this traditional sense there is no such thing as a prevailing market rate for the service of lawyers in a particular community. The type of services rendered by lawyers, as well as their experience, skill, and reputation, varies extensively – even within a law firm. Accordingly, the hourly rates of lawyers in private practice also vary widely. . . .
>
> In seeking some basis for a standard, courts properly have required prevailing attorneys to justify the reasonableness of the requested rate or rates. To inform and assist the court in the exercise of its discretion, the burden is on the fee applicant to produce satisfactory evidence – in addition to the attorney's own affidavits – that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation. A rate determined in this way is normally deemed to be reasonable, and is referred to – for convenience – as the prevailing market rate.

*Id.* at 896 n.11.

As made clear by the Supreme Court in *Blum*, in making a determination about prevailing market rates, a court must take into account the experience, skill, and reputation of the attorneys whose fees are at issue. *See also Chalmers v. Los Angeles*, 796 F.2d 1205, 1210-11 (9th Cir. 1986) ("In determining a reasonable hourly rate, the district court should be guided by the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and

-10-

United States District Court

For the Northern District of California

1  reputation."). Furthermore, as suggested in *Blum*, a party cannot meet its burden of establishing the

2  prevailing market rates by relying on the affidavits of its own self-interested counsel alone. *See also*

3  *Jordan v. Multnomah County*, 815 F.2d 1258, 1263 (9th Cir. 1987) ("The fee applicant has the

4  burden of producing satisfactory evidence, *in addition to the affidavits of its counsel*, that the

5  requested rates are in line with those prevailing in the community for similar services of lawyers of

6  reasonably comparable skill and reputation.") (emphasis added).

7       In the instant case, the services of two of NP's attorneys are at issue: Mr. Fromm (in-house

8  counsel for NP as well as a member and principal of NP) and Ms. Pope (outside counsel for NP).

9  NP argues that the reasonable hourly rate for Mr. Fromm was $300 until January 1, 2004, and

10 thereafter $350. For Ms. Pope, NP argues that the reasonable hourly rate was $240.

11             a.     Keith Fromm

12      NP's "proof" of the reasonableness of Mr. Fromm's $300-$350 hourly rate is premised solely

13 on Mr. Fromm's own declaration. The declaration establishes only that: (1) Mr. Fromm was in-

14 house counsel for NP and, as of February 2003 or so, a litigation attorney of record; (2) Mr. Fromm

15 was admitted to the California Bar in 1977; and (3) Mr. Fromm has primarily practiced real estate

16 and land use law. *See* Fromm Decl. ¶ 6. It should be noted that Mr. Fromm has played several roles

17 for NP. He is a principal and co-owner of NP. He has handled the bulk of the administrative and

18 legal work in prosecuting the permit applications. He has also served as co-counsel in the litigation.

19 Mr. Fromm claims fees only in his role as litigation attorney for NP. Although he has experience in

20 other roles, his declaration provides no evidence demonstrating that he has any prior experience as a

21 litigator.

22      In his declaration, Mr. Fromm asserts that he "interviewed several land use lawyers in Los

23 Angeles, and their hourly rates were $350 to in excess of $500 an hour." *Id.* However, Mr. Fromm

24 does not identify how many lawyers were interviewed, nor does he provide any information about

25 who those lawyers are, let alone their experience, skill, and reputation. More important, Mr. Fromm

26

27

28

United States District Court

For the Northern District of California

1   does not provide any evidence about the hourly rates of litigators as opposed to land use attorneys.[2]

2   As noted above, NP claims fees for Mr. Fromm as a litigator in this case, not as a transactional

3   attorney working on a real estate deal.

4        In his declaration, Mr. Fromm also claims that two attorneys who were potential experts in

5   the case, Sanford Skaggs and Daniel Curtin, have a customary hourly fee of $600. *See id.* However,

6   Mr. Fromm does not provide any information about their relative experience, skill, and reputation.

7   Furthermore, there is no indication that Mr. Skaggs and Mr. Curtin are litigators as opposed to land

8   use attorneys.

9        Finally, in his declaration, Mr. Fromm points out that outside counsel for the City, Michelle

10  Kenyon and Natalie West (both from the McDonough, Holland & Allen firm) charge $230 and $285

11  an hour respectively. While Ms. Kenyon and Ms. West are both litigators, Mr. Fromm does not

12  provide any information about their experience, skill, and reputation as compared to his experience,

13  skill, and reputation as a litigator.

14       The Court finds that NP has failed to satisfy its burden of producing satisfactory evidence

15  that the requested rates for Mr. Fromm are in line with those prevailing in the community for similar

16  services by lawyers of reasonably comparable skill, experience, and reputation.[3] First, NP has failed

17  to provide any evidence in support of Mr. Fromm's fees other than the self-interested declaration of

18  Mr. Fromm himself. Second, NP cannot establish the proper rates for Mr. Fromm just by referring

19  to the rates actually charged NP, especially since he is a principal of NP. *See Chalmers*, 796 F.2d at

20  1210-11 ("Determination of a reasonable rate is not made by reference to rates actually charged the

21  prevailing party. In determining a reasonable hourly rate, the district court should be guided by the

22

23      [2] The Court does not address whether the appropriate legal community would be Los Angeles

24  or the San Francisco Bay Area. *See Gates v. Deukmejian*, 987 F.2d 1392, 1405 (9th Cir. 1992) ("[T]he general rule is that the rates of attorneys practicing in the forum district, here the Eastern District of

25  California -- Sacramento, are used. Although we have not ruled on the issue, a number of circuits have held that rates, other than those of the forum, may be employed if local counsel was unavailable, either

26  because they are unwilling or unable to perform because they lack the degree of experience, expertise, or specialization required to handle properly the case.").

27      [3] Although the City did not in its opposition brief expressly challenge the rates requested by NP

28  for either Mr. Fromm or Ms. Pope, it has challenged the lodestar and the reasonableness of the fees sought. As noted above, NP has the burden of establishing reasonable hourly rates for each attorney.

United States District Court

For the Northern District of California

1    rate prevailing in the community for similar work performed by attorneys of comparable skill,

2    experience, and reputation."). The fact that Mr. Fromm is a principal for NP suggests that any

3    arrangement between him and NP for legal services was not an arms' length transaction. Third, Mr.

4    Fromm's declaration speaks largely to his experience but says very little about his reputation and

5    skill, factors that are equally important under Supreme Court case law. *See* Fromm Decl. ¶ 6

6    (mentioning at best his "lectur[ing] on real estate law and related matters at such educational

7    institutions as University of Southern California and Mount St. Mary's College"). Fourth, Mr.

8    Fromm's declaration discusses the rates of other attorneys but provides no reason why these

9    attorneys are reasonably comparable to Mr. Fromm in terms of skill, experience, and reputation as a

10   litigator. Finally, contrary to what Mr. Fromm claims in his declaration, a proper comparator is *not* a

11   land use attorney because, although this case involves land use issues, it is not a transactional matter

12   but rather a litigation matter. The services for which fees are sought are Mr. Fromm's efforts as a

13   litigator representing NP. There is no evidence that any client has paid Mr. Fromm the rates he

14   asserts for his services as a litigator.[4] *See Blum*, 465 U.S. at 896 n.11 (noting that requested rates

15   should be "in line with those prevailing in the community for *similar services* by lawyers of

16   reasonably comparable skill, experience, and reputation") (emphasis added); *Navarro v. General*

17   *Nutrition Corp.*, No. C 03-0603 SBA, 2005 WL 2333803, at *10 (N.D. Cal. Sept. 22, 2005)

18   (Armstrong, J.) (in employment discrimination case, noting that "it is not even clear from Mr.

19   Hoffman's Supplemental Declaration whether Mr. Rosenthal actually practices civil litigation or has

20   any experience with employment litigation in particular."); *Finkelstein v. Bergna*, 804 F. Supp. 1235,

21   1244 (N.D. Cal. 1992) (Brazil, J.) (report and recommendation) (looking to "hourly rates for cases of

22   roughly comparable complexity across the full spectrum of case types in federal court litigation").

23          Although NP has not met its burden of establishing a reasonable hourly rate for Mr. Fromm,

24   the Court shall not therefore deny NP any attorney's fees as a result. This is because a court may

25   consider not only evidence submitted by the parties but also its own knowledge and experience of

26

27          [4] In his reply declaration, Mr. Fromm claims that other people have tried to hire him after NP
     prevailed in one of the state cases involving NP and the City. *See* Fromm Reply Decl. ¶ 35. However,

28   not only does Mr. Fromm not identify who and how many people tried to hire him, but he also fails to
     say whether those people wanted to hire him as a litigator.

United States District Court

For the Northern District of California

1  local hourly rates; indeed, a court's knowledge and experience generally assume greater weight if the

2  parties provide only scant evidence. *See Oberfelder v. City of Petaluma*, No. C-98-1470 MHP, 2002

3  U.S. Dist. LEXIS 8635, at *13-14 (N.D. Cal. Jan. 29, 2002) (Patel, J.) ("Fee applicants sustain their

4  burden of proof by submitting sufficient evidence that requested rates are comparable to the current

5  market rates. Alternatively, in evaluating the requested hourly rate, a district court may rely on its

6  own knowledge of comparable rates charged by other lawyers in the district."); *Keith v. Volpe*, 644

7  F. Supp. 1312, 1316 (C.D. Cal. 1986) (in absence of submissions from defendants controverting

8  rates requested by plaintiffs, relying on "its prior orders in this case, the rates recently awarded in

9  comparable cases, and its own experience of legal practice in Los Angeles in determining

10  appropriate hourly rates"); *see also Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940) ("The

11  court, either trial or appellate, is itself an expert on the question and consider its own knowledge and

12  experience concerning reasonable and proper fees and may form an independent judgment either

13  with or without the aid of witnesses as to value.").

14  　　　　Mr. Fromm has not substantiated any prior experience as a litigator. The Court must

15  therefore presume that he has none. Accordingly, although experienced in land use transactions, Mr.

16  Fromm has no more litigation experience (based on the record) than a starting associate. NP

17  contends, however, that Mr. Fromm should be awarded a higher rate "because of his special

18  knowledge and experience of real estate law, including his experience drafting CC&R's and the

19  process of approval by the California Department of Real Estate, and further, and as importantly, his

20  specific familiarity with the history between NP and the City and the administrative proceedings

21  herein." Reply at 13.

22  　　　　There are several problems with this argument. First, Mr. Fromm brought much of this

23  knowledge as a member of NP – *i.e.*, as a *client*. Second, at most, Mr. Fromm's background in real

24  estate was helpful (as NP argued at the hearing on the motion for attorney's fees) with respect to the

25  depositions of experts. This would not, however, entitle Mr. Fromm to a fee he might command as a

26  land use attorney for all aspects of his work in this litigation. Third, whatever the value of Mr.

27  Fromm's real estate background, that value was largely compromised because of his lack of skill as a

28  litigator (and lack of independent billing judgment, being a member and principal of NP). This was

United States District Court

For the Northern District of California

1  evident throughout the litigation of this case but was perhaps most evident during the liability phase

2  of the trial where Mr. Fromm repeatedly asked long, confusing, and tortured questions of witnesses

3  and also spent large amounts of time – in a bench trial – having witnesses read documents out loud

4  until NP was left with very little time to complete the presentation of its case.  Moreover, this

5  litigation has been papered to death by NP, with seemingly little restraint.

6        Taking into account all of the above, the Court concludes that a reasonable hourly rate for

7  Mr. Fromm is the rate for a relatively junior litigator.  Although arguably his rate should be no more

8  than a first-year litigation associate, the Court shall give some credit (albeit limited) to Mr. Fromm's

9  real estate background so as to support a slightly higher rate.  A rate higher than this is not justified

10  given the utter lack of litigation experience by Mr. Fromm.  Moreover, such a rate is not appropriate

11  because the result in this case could have been obtained by a litigator with a broad range of

12  experience, and not just a litigator with land use experience.  *See Lopez v. San Francisco Unified*

13  *Sch. Dist.*, 385 F. Supp. 2d 981, 988 (N.D. Cal. 2005) (Illston, J.) (stating that result in the case

14  "could have been obtained by lawyers with a broad range of experience" such that attorney's

15  "customary hourly rate as a partner for a global law firm with nearly 30 years of experience on behalf

16  of corporate clients in complicated environmental and securities litigation is not the reasonable

17  market for this case.").

18        Accordingly, the Court shall award Mr. Fromm an hourly rate of $225.  This award is

19  consistent with awards made by other judges in this District for relatively junior litigation associates.

20  *See, id.* at 990 (awarding as market rates for highly qualified civil rights attorneys $225 for a second-

21  year associate and $260 for third-year associate); *Fleming v. Kemper Nat'l Servs.*, 373 F. Supp. 2d

22  1000, 1012 (N.D. Cal. 2005) (Chesney, J.) (taking note of declaration of partner at "Lieff, Cabraser,

23  Heimann & Bernstein LLP who litigates class actions involving ERISA, product defects, and

24  employment issues, which stated that firm's hourly billing rate for second-and third-year associates

25  is $ 285; ultimately awarding first-year associates $200); *Velez v. Roche*, No. 02-0337 EMC

26  (awarding $225 hourly rate for 2001 graduate); *Oberfelder*, 2002 U.S. Dist. LEXIS 8635, at *15

27  (awarding hourly rates from $190 to $250 for junior associates).

28

1                     **b.**    Jaquelynn Pope

2        Similarly, NP's "proof" of the reasonableness of Ms. Pope's $240 hour rate is premised

3 solely on Ms. Pope's own declaration. The declaration establishes only that: (1) Ms. Pope was a

4 litigation attorney of record since the inception of this case; (2) Ms. Pope was admitted to the

5 California Bar in 1977; (3) Ms. Pope has primarily practiced appellate and civil litigation,

6 "especially in the areas of real estate and land use"; (4) Ms. Pope's "current customary charge" is

7 $400 per hour and (5) Ms. Pope has "charged more recent land use clients (in 1994) that rate." Pope

8 Decl. ¶ 3. Ms. Pope's declaration reflects that her experience has mostly been in state court,

9 although her experience in state court involves all levels, including the California Supreme Court.

10 *See Galland v. City of Clovis*, 24 Cal. 4th 1003 (2001) (identifying Ms. Pope along with

11 Worthington & Worthington as counsel for plaintiffs and respondents).

12        For reasons similar to above, the Court finds that NP has failed to satisfy its burden of

13 producing satisfactory evidence that the requested rate for Ms. Pope is in line with that prevailing in

14 the community for similar services by lawyers of reasonably comparable skill, experience, and

15 reputation. Moreover, although an attorney's customary billing rate is relevant to the market value

16 of the attorney's services, it is not binding or conclusive. *See* 2 Schwartz & Kirklin, Section 1983

17 Litigation § 5.5, at 261. Moreover, an attorney's current stated hourly rate is not necessarily his

18 actual customary rate. *See Yahoo!, Inc. v. Net Games, Inc.*, 329 F. Supp. 2d 1179, 1192 (N.D. Cal.

19 2004) (noting that billing rates do not say anything "about discounts given clients, write-off time,

20 collection experience or the host of other matters that determine the attorney fees that actually

21 prevail in the market").

22        That being said, the Court finds that, based on its knowledge and experience of local hourly

23 rates, a rate of $240 an hour for Ms. Pope's services is not unreasonable. Such a rate is well in line,

24 at least, with the rates of litigators with comparable years of experience. The Court emphasizes,

25 however, that its award of $240 per hour is reasonable based not only on experience but also her skill

26 demonstrated in this litigation. Although some attorneys with comparable experience may charge

27 higher rates, Ms. Pope's conduct of this litigation has not been commensurate with her experience

28 level. Ms. Pope, for example, repeatedly filed supplemental papers without leave of Court, filed

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

1   long and rambling declarations often containing useless or marginally relevant information, asked to

2   lodge over 18,000 pages of exhibits for the liability phase of the trial, and repeatedly called chambers

3   asking for essentially legal advice as to basic procedural questions.

4       2.   <u>Reasonable Number of Hours</u>

5          A trial court has discretion in determining the number of hours reasonably expended in

6   advancement of the litigation. *See Chalmers*, 796 F.2d at 1211; *see also Hensley*, 461 U.S. at 437

7   (noting that a district court has discretion in determining the amount of a fee award, which is

8   "appropriate in view of the district court's superior understanding of the litigation and the

9   desirability of avoiding frequent appellate review of what essentially are factual matters").

10          The fee applicant bears the burden of "documenting the appropriate hours expended" in the

11   litigation and therefore must "submit evidence supporting the hours worked." *Id.* at 433, 437.

12   Moreover, the fee applicant

13              should make a good-faith effort to exclude from a fee request hours
           that are excessive, redundant, or otherwise  unnecessary, just as a

14              lawyer in private practice ethically is obligated to exclude such hours
           from his fee submission.  In the private sector, billing judgment is an

15              important component in fee setting.  It is no less important here.
           Hours that are not properly billed to one's *client* also are not properly

16              billed to one's *adversary* pursuant to statutory authority.

17   *Id.* at 434 (internal quotation marks omitted; emphasis in original).  Or, to state the matter somewhat

18   differently, "the question is not how many hours did one work, but how many hours are properly

19   billed to one's clients." *Chrapliwy v. Uniroyal, Inc.*, 583 F. Supp. 40, 50 (N.D. Ind. 1983).

20          Importantly, "[t]he lawyer must not abandon self-restraint or careful billing judgment because

21   of the expectation that the obligation to pay the fee will be statutorily shifted to the losing party."

22   *Hall v. Borough of Roselle*, 747 F.2d 838, 841 (3d Cir. 1984).  Moreover, "'overkill,' or the

23   indulgence of the plaintiff's counsel in the expenditure of excessive hours on a case, cannot be

24   justified on the grounds that counsel was striving to provide representation of the highest possible

25   quality." 2 Schwartz & Kirklin, Section1983 Litigation § 4.3, at 173; *see also Grendel's Den, Inc. v.*

26   *Larkin*, 749 F.2d 945, 953 (1st Cir. 1984) (rejecting the assumption underlying the fee application

27   "that the standard of service to be rendered and compensated is one of perfection, the best that

28   illimitable expenditures of time can achieve").

United States District Court
For the Northern District of California

a.   NP's Motion to Strike Declaration of James P. Schratz

As a preliminary matter, the Court addresses NP's challenge to the declaration of the City's expert, James P. Schratz, upon which the City largely relies in contesting the reasonableness of the number of hours.  NP makes essentially four arguments in support of its motion to strike.

First, NP argues that the Schratz declaration should be stricken because the City did not disclose Mr. Schratz as an expert pursuant to Federal Rule of Civil Procedure 26(a)(2).  *See* Fed. R. Civ. P. 26(a)(2).  This rules provides, *inter alia*, that "a party shall disclose to other parties the identity of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence" and that, "[i]n the absence of other directions from the court or stipulation by the parties, the disclosures shall be made at least 90 days before the trial date or the date the case is to be ready for trial."  The Court rejects NP's argument.  Rule 26(a)(2)'s concern is with expert testimony to be used for a trial; here, the Court is dealing with a *post*-trial motion for attorney's fees.  Moreover, the City could not be expected to disclose any expert it intended to use until after NP's motion for attorney's fees was filed.

NP protests still that the Schratz declaration is problematic because it is incomplete, missing, for example, a recitation of the information or data used in reaching his opinions and a statement about the compensation he received.  Neither is a compelling reason to strike the Schratz declaration.  It is clear that Mr. Schratz's declaration is based on an evaluation of the billing records provided by NP's records and his experience gleaned from other audits.  *See* Fed. R. Evid. 702, 2000 advisory committee notes ("[T]he text of Rule 702 expressly contemplates that an expert may be qualified on the basis of experience.").  Also, the Court is aware of the fact that Mr. Schratz is not an objective neutral but rather a retained expert.  The exact amount of his compensation is unlikely to be material.  It is also important to note that the Court gave NP the opportunity to depose Mr. Schratz but NP chose not to do so.  NP's claim that it decided not to take this one deposition because it was too expensive and burdensome is not credible.

Second, NP contends that the Schratz declaration should be stricken because Mr. Schratz is not an auditor, *i.e.*, a certified public accountant, within the meaning of California Business & Professions Code § 5058 and in any event has no credible expertise because he failed to account for

-18-

1    the fact that the City's attorneys expended virtually the same number of hours as NP's attorneys.

2    Again, the Court is not persuaded by either argument.  Nowhere in Mr. Schratz's declaration does he

3    claim to be a certified public accountant and it is clear from the substance of the declaration what he

4    means by using the terms "auditor" and "audit."  *See* 16 Cal. Code Regs. § 16 (stating only that it is

5    likely that the terms "accountant," "auditor, "accounting," or "auditing" would be confused with the

6    title "certified public accountant" or "public accountant").  Also, as discussed below, how many

7    hours the City's attorneys worked on the case is not dispositive.  At most, Mr. Schratz's failure to

8    address the hours worked by the City's attorneys would go to the weight of his declaration, not its

9    admissibility.

10        Third, NP argues that Mr. Schratz does not qualify as an expert pursuant to Federal Rule of

11   Civil Procedure 702 and that admitting his declaration would unfairly prejudice NP pursuant to

12   Federal Rule of Evidence 403.  Again, neither argument is persuasive.  The undersigned and other

13   judges in this District have in other cases considered Mr. Schratz's expert opinion with respect to fee

14   awards, at least to a limited extent.  *See, e.g., Lopez*, 385 F. Supp. 2d 981, 993 ("The Court will not

15   strike the Schratz declaration in its entirety; however, it will consider the declaration only when it is

16   accompanied by specific factual support.").  More important, based on the information provided in

17   the declaration, Mr. Schratz has demonstrated that he is qualified to opine about fee awards and that

18   his methodology in evaluating the billing records of NP's attorneys in this case is reasonable and

19   sufficiently reliable.  For example, Mr. Schratz's approach to categorizing the nature of the work of

20   the attorneys is reasonable and sufficiently reliable as is, overall, his approach to unblocking the

21   block-billed time entries.  NP's challenges to Mr. Schratz's declaration largely go towards weight

22   rather than admissibility.  As for prejudice to NP pursuant to Rule 403, the Court notes that there has

23   been no undue delay by the City because Rule 26(a)(2) does not appear to be applicable.

24   Furthermore, there has been no prejudice because the Court gave NP an opportunity to challenge Mr.

25   Schratz as an expert, both through a deposition and through an extension for NP to file its reply brief

26   in response to the City's opposition.

27        Finally, NP protests that the exhibits attached to Mr. Schratz's declaration constitute an

28   expert report which is inadmissible hearsay.  The Court rejects this argument because Mr. Schratz

United States District Court
For the Northern District of California

United States District Court

For the Northern District of California

1  could have testified to the same if the Court conducted an evidentiary hearing. In addition, the

2  exhibits are admissible as facts relied on by an expert. *See* Fed. R. Evid. 703 ("The facts or data in

3  the particular case upon which an expert bases an opinion or inference may be those perceived by or

4  made known to the expert at or before the hearing. If of a type reasonably relied upon by experts in

5  the particular field in forming opinions or inferences upon the subject, the facts or data need not be

6  admissible in evidence in order for the opinion or inference to be admitted.").

7       As for NP's specific objections to the Schratz declaration, they are denied on the basis that

8  they are largely duplicative of the arguments made in the motion to strike and primarily go to weight

9  rather than admissibility.

10              b.    Adequacy of Documentation of Hours Expended

11      As noted above, the fee applicant bears the burden of "documenting the appropriate hours

12  expended" in the litigation and therefore must "submit evidence supporting the hours worked."

13  *Hensley*, 461 U.S. at 433, 437. To support the hours claimed, NP's attorneys have provided their

14  contemporaneous billing records. The City argues, however, that the contemporaneous billing

15  records of Ms. Pope and Mr. Fromm do not support the claimed hours for several reasons: (1)

16  because of the excessive use of block billing, (2) because of excessive long billing days, and (3)

17  because of vague time entries.

18              i.    Excessive Block Billing

19      The Court acknowledges that block billing is generally frowned upon because the practice

20  makes it difficult to determine whether the amount of time spent on a specific task was reasonable.

21  *See Defenbaugh v. JBC & Associates, Inc.*, No. C-03-0651 JCS, 2004 U.S. Dist. LEXIS 16256, at *

22  25 (N.D. Cal. Aug. 10, 2004) (Spero, J.); *see also Freitag v. California Dep't of Corr.*, No. C

23  00-02278 THE, 2003 U.S. Dist. LEXIS 26579, at *12 (N.D. Cal. Oct. 17, 2003) (Henderson, J.)

24  (stating that "the better practice would be to avoid block billing altogether"). Indeed, California

25  State Bar's Committee on Mandatory Fee Arbitration has taken note that "[t]he practice hides

26  accountability and may increase time by 10% to 30%. [Thus,] [t]he larger the block, the more care

27  should be exercised." *Welch v. Metro. Life Ins. Co.*, No. CV 04-00084 PA (CTx), 2004 U.S. Dist.

28  LEXIS 28576, at *8-9 (C.D. Cal. Sept. 20, 2004) (internal quotation marks omitted); *see also*

United States District Court
For the Northern District of California

1   *Trulock v. Hotel Victorville*, 92 Fed. Appx. 433, 434 (9th Cir. 2004) (noting that "block billing

2   creates some impediments to the analysis of attorney fee bills," but adding that "the Supreme Court

3   has indicated that it is not a basis for refusing to award attorneys' fees"; also stating that the case law

4   did not require the district court to do more than consider block billing as "one factor that 'led the

5   Court to conclude that a reduction in the number of hours charged should be imposed'").

6        According to Mr. Schratz, both Mr. Fromm and Ms. Pope engaged in excessive block billing.

7   *See* Schratz Decl. ¶ 16(A) at 11. Mr. Fromm, for example, routinely engaged in "'daily' billing --

8   [*i.e.*,] all tasks from a single day were billed in a single, collective time entry." *Id.* Moreover, many

9   of the time entries did not provide an actual explanation of work performed but rather "read like

10   'stream of consciousness,' diary-like entries." *Id.* ¶ 16(A) at 12 & Ex. G. As for Ms. Pope,

11   "[a]pproximately 46 percent of all hours and fees billed . . . contain at least two or more different

12   block-billed tasks," and "20 percent of the total hours she billed contained three or more different

13   block-billed tasks." *Id.* ¶ 16(A) at 11.

14        Based on the Court's review of the billing records, it is clear that Mr. Fromm and Ms. Pope

15   did engage in block billing and that this practice has hampered the Court in assessing the

16   reasonableness of each specific task. That being said, it is possible -- as demonstrated by Mr.

17   Schratz himself -- to "'unblock' the blocked time entries by manually reviewing each entry, and to

18   the extent possible, allocat[e] time to each tasks within that entry to reach the most accurate results

19   possible." *Id.* ¶ 14, at 9. The Court has reviewed the unblocking done by Mr. Schratz and deems it,

20   on the whole, reasonable. For example, in spite of what Mr. Fromm argues in his reply declaration,

21   *see* Fromm Reply Decl. ¶ 31, it was reasonable for Mr. Schratz to assume -- absent any evidence to

22   the contrary -- that, for a block time entry that included a telephone conference call, the call would

23   usually last no longer than half an hour. To the extent the "unblocking" may disfavor NP, that is a

24   consequence to be borne by NP because its attorneys engaged in the discouraged practice of block

25   billing. But the Court shall not deny NP its fees outright or make a generalized across-the-board

26   percentage reduction simply because of block billing.

27        According to the City, however, there is another problem beyond the "basic" block billing by

28   Mr. Fromm and Ms. Pope that makes the billing records unreliable. More specifically, Mr. Schratz

-21-

states in his declaration that traditionally law firms have billed in one-tenth-of-an-hour increments but, in the instant case, the majority of time entries by NP's attorneys are billed in large time increments of every half hour or every hour. *See* Schratz Decl. ¶ 17(A)(1) at 18.

Although there are instances in which NP's attorneys did bill in one-tenth-of-an-hour increments, and also in one-quarter-of-an-hour increments, based on the Court's review of the billing records, Mr. Schratz is correct that the majority of time entries are in larger increments of every half hour or every hour. Indeed, in her reply declaration, Ms. Pope admits that she "do[es] generally round to the nearest half hour." Pope Reply Decl. ¶ 12. The only defense Ms. Pope tenders for this practice is that "it is not true that I always round up[;] I am just as likely to round down to the nearest half hour." *Id.* While the Court does not condone the practice, the Court is not persuaded that the above evidence is sufficient proof of unreliability such that the Court should deny NP its fees altogether or make an across-the-board percentage reduction. The evidence does, however, lend support to the Court's conclusion, discussed below, of the repeated failure of NP's attorneys to exercise billing judgment.

ii.     Excessive Long Billing Days

The City claims that not only excessive block billing but also excessive long billing days (*i.e.*, eight hours or more in one day) render the billing records of NP's attorneys unreliable. According to Mr. Schratz, "long days account for approximately 75 percent of the total hours billed by Mr. Fromm and 62 percent of the total hours billed by Ms. Pope." Schratz Decl. ¶ 17(A)(2) at 19. Mr. Schratz questions the extensive long billing days because, *inter alia*, "a succession of days of long hours raises questions about the timekeeper's implied endurance, if not the accuracy of the billed time. Long hours are also markers for inefficient or unnecessary effort, as well as excessive billing estimates." *Id.*

The Court acknowledges that Mr. Schratz's concerns are valid. However, the time periods identified by Mr. Schratz as problematic correlate with "large" events in this litigation -- *e.g.*, cross-motions for summary judgment and trial preparation. To the extent Mr. Fromm and/or Ms. Pope may have billed an excessive number of hours for these events, such is addressed below.

### iii.    Vague Time Entries

Finally, the City questions the hours claimed by NP because of vague time entries in Mr. Fromm and Ms. Pope's billing records. *See* Schratz Decl. ¶ 16(A) at 12.  The examples provided by Mr. Schratz in his declaration are not very compelling.  The Ninth Circuit has emphasized that "plaintiff's counsel is not required to record in great detail how each minute of his time was expended" but rather "can meet his burden -- although just barely -- by simply listing his hours and identifying the general subject matter of his time expenditures." *Fischer v. SJB-P.D., Inc.*, 214 F.3d 1115, 1121 (9th Cir. 2000) (internal quotation marks omitted).  The examples provided by Mr. Schratz do identify the general subject matter of the time expenditures.

That being said, based on the Court's review, both Mr. Fromm and Ms. Pope's billing records do contain vague entries such as "telephone conference with [person]," "draft correspondence [to person]," "review e-mail," and "legal research," without any identification of the subject matter of the conference, correspondence, e-mail, or research. *See* 2 Schwartz & Kirklin, Section 1983 Litigation § 4.14, at 222 ("The subject matter of the activity must be indicated; entries like 'conference with Jones,' 'telephone call to Smith,' 'letter to client,' or 'research' will not suffice."). *See, e.g., Tennessee Gas Pipeline v. 104 Acres of Land*, 32 F.3d 632, 634 (1st Cir. 1994) (in case involving fee request pursuant to 42 U.S.C. § 4654, affirming district court's reduction of fees by 30% because, *inter alia*, time entries had descriptions such as "confer with co-counsel," "confer with client," "review materials," "review documents," and "legal research" without any indication of subject matter involved; this made it "impossible for the court to gage whether the task performed was warranted . . . [and] to determine if the time factor allocated was appropriate or excessive"), *superseded by statute on other grounds, Cohen v. Brown Univ.*, R.I. C.A. No. 92-197, N.H. C.A. No. 99-485-B, 2003 U.S. Dist. LEXIS 12512 (D.R.I. Mar. 31, 2003); *Gonzalez v. Town of Stratford*, 830 F. Supp. 111, 114 (D. Conn. 1992) (reducing fee award by 10% because "some of the entries are too vague to enable the court to consider whether the time was reasonably spent" -- *e.g.*, some time entries simply said that an attorney performed "research" or had a "telephone conference" without specifying the issue researched or the subject of the telephone conference).  Moreover, there

1   is not always a context from which the Court would be able to infer what the subject matter of the
2   conference, correspondence, e-mail, or research was.

3       Accordingly, the Court shall make a 5% reduction from Mr. Fromm's hours as well as a 5%
4   reduction from Ms. Pope's hours because of the vague time entries. The Court finds that a reduction
5   of some kind is necessary because, without more specificity, the Court could not determine whether
6   the task performed was warranted or determine if the time factor allocated was appropriate or
7   excessive. Also, without more specificity, the Court could not ensure that the task performed was
8   related to the instant case rather than the 11 other lawsuits involving NP and the City.[5] Notably, for
9   at least part of the billing time period, Ms. Pope failed to maintain separate billing records for this
10  lawsuit specifically. Ms. Pope admits this in her reply declaration. *See* Pope Reply Decl. ¶ 8 ("I
11  kept separate records [starting] from the beginning of the year 2003.").

12      The Court, however, shall not make a larger reduction because, at least in some instances, the
13  Court could hazard a guess as to subject matter based on a time entry taken as a whole. In addition,
14  Ms. Pope and Mr. Fromm's billing records were not infected with vague entries in all respects, just
15  in the ways identified above. *See Harper v. City of Chicago Heights*, 223 F.3d 593, 605 (7th Cir.
16  2000) ("[W]hen a fee petition is vague or inadequately documented, a district court may either strike
17  the problematic entries or (in recognition of the impracticalities of requiring courts to do an
18  item-by-item accounting) reduce the proposed fee by a reasonable percentage. Whichever option the
19  district court chooses, it is required to 'provide a concise but clear explanation of its reasons for the
20  fee award' that is sufficient to permit appellate review.").

21      In taking the 5% reduction, the Court shall use the hours that were incurred, for the most part,
22  *after* July 15, 2002. The use of this benchmark is described in Part II.B.1., *infra* (discussing
23  exclusion of hours incurred primarily *before* July 15, 2002). This will ensure that there is no double
24  counting of hours against NP.

25

26

27       [5] NP was involved in 11 other lawsuits in addition to this one (8 against the City, 2 against the
28  City as the real party in interest, and 1 against the representatives of the California Coastal Commission).
    *See* Opp'n at 3; Siegel Decl. ¶ 4.

*United States District Court*
*For the Northern District of California*

United States District Court
For the Northern District of California

1  After July 15, 2002, Ms. Pope spent 2,832.50 hours on this litigation (*i.e.*, 3,239.30 - 406.80

2  = 2,382.50). Five percent of 2,832.50 is 141.60 (*i.e.*, 2,832.50 x 5% ≈ 141.60). This leaves Ms.

3  Pope with **3,097.70 hours** (*i.e.*, 3,239.30 - 141.60 = 3,097.70).

4  After July 15, 2002, Mr. Fromm spent 3,065.85 hours on this litigation (*i.e.*, 3,660.60 -

5  594.75 = 3,065.85). Five percent of 3,065.85 is 153.30 (*i.e.*, 3,065.85 x 5% ≈ 153.30). This leaves

6  Mr. Fromm with **3,507.30 hours** (*i.e.*, 3,660.60 - 153.30 = 3,507.30).

7  c.  Noncompensable Hours

8  As noted above, even if the hours claimed by a fee applicant are properly documented, the fee

9  applicant must still demonstrate that there has been the exercise of billing judgment. Before

10  discussing billing judgment, however, the Court must first consider the City's argument that some of

11  the hours claimed by NP are not even compensable under § 1988. According to the City, the

12  following are hours for which NP cannot be compensated: (1) fees billed prior to the supplemental

13  complaint which first alleged the Condition 13(b) claim; (2) fees billed on unrelated litigation (as

14  opposed to unrelated claims); and (3) fees billed by Mr. Fromm as a member or principal of NP. *See*

15  Schratz Decl. ¶ 17(A) at 13-17. At the hearing on the motion for attorney's fees, the Court also

16  discussed cure costs claimed by NP.

17  i.  Fees Billed Prior to Supplemental Complaint

18  The City argues first that all fees billed prior to the supplemental complaint -- which first

19  raised the Condition 13(b) claim -- should be heavily reduced. *See* Opp'n at 5, 17-18; Schratz Decl.

20  ¶ 17(A)(1) at 13-14. More specifically, according to the City, fees incurred prior to July 18, 2003,

21  the day the supplemental complaint was filed, should be disallowed by 90%.

22  While the City's position cannot be fully credited, the Court does find that a reduction of

23  some hours is warranted given the timeline in this case, wherein the only issue on which NP

24  prevailed was raised late in the litigation. However, this reduction is more appropriately taken as a

25  downward adjustment to the lodestar for limited success because it is based on NP's having

26  prevailed on only one claim out of those asserted in its original, amended, and supplemental

27  complaints. *See* Part II.B.3., *infra*. As discussed below, because Condition 13(b) did not even come

28

-25-

into existence until shortly before July 15, 2002, the Court shall exclude all fees incurred prior to that time.[6]

### ii.    Fees Billed on Unrelated Litigation

While the Court shall not discuss until later the reduction of fees because of NP's limited success in *this* litigation, it shall discuss here the City's contention that there should be a reduction of fees because NP's attorneys included on their billing records time spent on *unrelated* litigation.

As noted above, for at least part of the billing time period, Ms. Pope failed to maintain separate billing records for this lawsuit specifically. The Court finds that, although Ms. Pope did make some effort to cross out from her billing records time entries related to other litigation, she did not successfully exclude all of that time. As best as the Court can determine, the following time entries involve unrelated litigation and therefore should be excluded:

| JAQUELYNN POPE[7] | | | |
|---|---|---|---|
| **DATE** | **HOURS** | **FEES** | **DESCRIPTION** |
| 7/13/02 | 1.00 | | *Draft corresp. re: Commissioner Tan "Street Scene" request* |
| 7/15/02 | 1.00 | | *Receipt & review State Court Demurrer to First Amended Complaint* |
| 7/23/02 | 10.00 | | JAMS Mediation w/City of Pacifica in Street Case |

---

[6] In the sections that follow, the Court does not consider fees incurred at or about July 15, 2002, and prior thereto because the Court excludes all such hours as part of the analysis of limited success as discussed below.

[7] The Court largely relies upon the unblocking of time entries done by Mr. Schratz. Unblocking by Mr. Schratz is reflected by the use of italics. Where the Court has done its own or additional unblocking, such is reflected by the use of underlining.

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

| DATE | HOURS | FEES | DESCRIPTION |
|---|---|---|---|
| 7/25/02 | 2.00 | | *Draft response to Curtis Appeal*[8] |
| 7/27/02 | 3.00 | | Re[c]eipt & review City's Replies re: Motion to Strike, Demurrer to Writs; draft objection, etc.[9] |
| 8/3/02 | 1.50 | | *Draft response to Curtis Appeal of EIR* |
| 8/4/02 | 1.50 | | Draft response to Curtis appeal |
| 8/5/02 | 0.20 | | *Tel. conf. w/T. Reid re: response to Curtis appeal* |
| 8/5/02 | 2.50 | | *[D]raft response to appeal* |
| 8/6/02 | 3.00 | | *[C]omplete response re: EIR, Draft response to Curtis appeal re: permits* |
| 8/7/02 | 2.00 | | *Receipt & revise opposition to appeals K. Fromm* |
| 8/8/02 | 1.00 [counting only 0.50 only][10] | | *Rev. e-mails re sewer objections; revise corresp. re: 65589.5* |

---

[8] Mr. Curtis challenged the City's ultimate certification of the environmental impact report ("EIR"). This had nothing to do with the instant litigation, which involved *inter alia*, claims by NP that the City violated NP's constitutional rights by requiring an EIR before its development application was deemed complete in violation of the California Environmental Quality Act ("CEQA") and by requiring a second brand new EIR after the application was deemed complete.

[9] In her reply declaration, Ms. Pope states that NP is willing to delete 1.50 hours. *See* Pope Reply Decl. ¶ 43. However, the entirety of the time entry seems related to the state court litigation; thus, there should be a reduction of all of the hours -- *i.e.*, 3.00 hours.

[10] In his unblocking, Mr. Schratz attributed 1.00 hours total to reviewing e-mails and revising correspondence. The Court has done additional unblocking and attributed 0.50 hours out of the 1.00 to revising e-mails. Therefore, the Court shall only "count" 0.50 hours instead of 1.00 as being subject to exclusion.

| DATE | HOURS | FEES | DESCRIPTION |
|---|---|---|---|
| 8/8/02 | 1.30 [counting only 0.60] | | *[T]el. confs. w/K. Fromm; B. Kalmbach; M. Kenyon; Tel. San Mateo court (x5)* |
| 8/14/02 | 1.50 | | *[R]eview demurrer to State Complaint, etc.* |
| 8/19/02 | 2.00 | | *Draft corrected Request for Judicial Notice[11]* |
| 8/20/02 | 1.60 | | *[R]eview K. Fromm correspondence re Fish & Bowl committee, Curtis, etc.* |
| 8/28/02 | 1.50 | | *Legal research re: Coastal Commission[12]* |
| 8/29/02 | 7.00 [counting only 3.50] | | *Draft Motion for Reconsideration, legal research re: Coastal Commission[13]* |
| 8/29/02 | 0.50 [counting only 0.20 only] | | *Tel. conf. w/K. Fromm; B. Kalmbach; attn to Quiet Title action* |

[11] NP did not file a request for judicial notice in this Court at or about this time. Thus, the Court finds that the request for judicial notice was for a different lawsuit and not compensable herein.

[12] In her reply declaration, Ms. Pope states that hours incurred at this time were related to the City's seeking the assistance of NP in responding to the Coastal Commission's assertion that it had appellate jurisdiction over the issuance of the coastal development permit to NP. *See* Pope Reply Decl. ¶ 30. NP cannot charge the City for this time. The Coastal Commission's actions here had nothing to do with the Condition 13(b) claim or the other claims asserted by NP *against the City* in the instant litigation. Also, in its findings of fact for the damages phase, the Court specifically stated that NP could not recover as part of its cure costs the fees it incurred with respect to the Coastal Commission litigation. *See* Damages FF ¶ 92.

[13] In her reply declaration, Ms. Pope states that NP is willing to deduct 2.00 hours from the *entire* time entry for August 29, 2002. *See* Pope Reply Decl. ¶ 46. The Court has done its own unblocking for the time entry.

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

| DATE | HOURS | FEES | DESCRIPTION |
|---|---|---|---|
| 9/5/02 | 5.50 [counting only 3.00] | | *[R]eview R. [sic] Fromm corresp. Office conf. w/K. Fromm re administrative writ documents*[14] |
| 9/7/02 | 4.00 | | Draft correspondence to Coastal Commission re regulations etc. |
| 9/8/02 | 6.00 | | Continue draft of long correspondence to Coastal Commission re regulations, etc. |
| 9/9/02 | 2.00 | | *Draft correspondence to Shenfeld re discovery*[15] |
| 9/10/02 | 6.00 | | Corresp. Coastal Commission; legal research Coastal Commission; tel. confs. w/M. Kenyon; R. Kalmbach[16] |
| 10/2/02 | 7.50 | | *[Re]vise petition for writ of mandate/prohibition; etc.*[17] |

[14] In her reply declaration, Ms. Pope claims that "[t]he documents included in the administrative writ are also the documents that are the basis of the within lawsuit and the administrative writ documents were introduced as exhibits in the liability trial." Pope Reply Decl. ¶ 26. However, the fact that the same evidence may have been used for the litigation involving the administrative writ and the instant litigation does not mean that NP can get its fees for the former litigation by virtue of this litigation. The issue is what NP can recover as the prevailing party in *this* litigation.

[15] *See* Pope Reply Decl. ¶ 47 (stating that "NP will delete the remaining two hours" related to "the discovery correspondence regarding the Quiet Title action").

[16] *See* Pope Reply Decl. ¶ 48 ("This entry was overlooked when I was redacting the bills. NP will delete the 6.0 hours.").

[17] In her reply declaration, Ms. Pope states that NP will delete 6.00 out of 8.00 hours because of the work on unrelated litigation. *See* Pope Reply Decl. ¶ 44. The Court has done its own unblocking.

United States District Court
For the Northern District of California

| DATE | HOURS | FEES | DESCRIPTION |
|---|---|---|---|
| 10/23/02 | 9.00 [counting only 4.50] | | Complete draft Judge Chen letter briefs, receipt & review Coastal Commission opposition to writ[18] |
| 4/1/03 | 0.80 | | *Draft corresp. H. Gould re John Curtis* |
| 11/10/03 | 12.00 [counting only 5.00] | | Meetings with J. Tanner staff re: clearing and grubbing, App. at Council meeting[19] |
| TOTAL | 77.90 | | |

The Court also finds that, like Ms. Pope's billing records, Mr. Fromm's billing records also contain time spent on unrelated litigation. As best as the Court can determine:

| KEITH FROMM | | | |
|---|---|---|---|
| DATE | HOURS | FEES | DESCRIPTION |
| 7/29/02 | 8.00 [counting only 0.50] | | Reviewed letter from Siegel re: appeal of project approval, prepared settlement agreement draft. Research re: 65589.5j |
| 8/7/02 | 8.25 [counting only 4.25] | | Prepared opposition to Appeal of Permit Approvals. Revised J. Pope's appeal of EIR certification |
| 8/8/02 | 3.00 | | *[P]repared and reviewed responses by KMF and JCP to Curtis' appeal* |

---

[18] *See* Pope Reply Decl. ¶ 49 ("NP will delete 4.5 hours for this entry.").

[19] In its findings of fact for the damages phase of trial, the Court also determined that the cost of clearing and grubbing was not a proper cure cost. *See* Damages FF ¶ 91.

United States District Court

For the Northern District of California

| DATE | HOURS | FEES | DESCRIPTION |
|------|-------|------|-------------|
| 8/9/02 | 1.00 | | Reviewed court's ruling on City's Motion to Strike damages, prepared mm to RJK |
| 8/14/02 | 6.50 [counting only 6.30] | | Prepared letter to John Curtis, faxed to RJK and JCP for comments |
| 8/19/02 | 16.00 [counting only 4.00] | | Downloaded all articles from Fishnbowl.org from the web. They are located both in Myimages and Mydocuments. poffishnbowlnewsletters, evidence as to statements of city council members and Crabtree as to treatment of NP's project. Worked on preparing letter to Fishnbowl.org people to dissuade from pursuing appeals. Reviewed all of the fishnbowl.org newsletters, [r]evised letter to John Curtis. Telecon Roy Hills |
| 8/20/02 | 9.00 [counting only 2.00] | | Several revisions to letters to Fishnbowl and John Curtis, several telecons with Jaquelynn Pope. Reviewed expenses for project to compile info for initial disclosures, including potential witness list. Mailed letters to John Curtis and Fishnbowl people |

United States District Court
For the Northern District of California

| DATE | HOURS | FEES | DESCRIPTION |
|---|---|---|---|
| 11/10/03 | 13.00 [counting only 5.00] | | *Attended Bowl project, met with police, met with Steve Brandvold, met with Joe Tanner, removed stop work order, attended and spoke at City Council meeting* |
| 1/15/04 | 3.00 [counting only 1.50] | | Prepared letter to Cecilia Quick re: amendment of conditions, prepared letter to Cecilia Quick re: procedure for vacating Edgemar Road, violation of equal protection |
| 1/23/04 | 5.00 | | Preparation of letter to City in response to proposed action to refuse to consider application to vacate Farallon.  Reminded them of violation of equal protection and enclosed Olech case |
| 1/24/04 | 9.50 | | Preparation of letter in response to proposed refusal to consider application to vacate Farallon, both alone and with J Pope |
| 12/7/04 | 4.00 [counting only 1.00] | | Prepared Trial Brief and reviewed evidence.  Reviewed joint letter to Judge Chen, reviewed and revised letter to Joel Jacobs re: sending letter to Judge Illston.  Read deposition of Peter Imhof |
| TOTAL | 43.05 | | |

The City also asserts that some of the time entries related to settlement should be excluded or at least discounted because they are not related to the instant litigation.  More specifically, the City

United States District Court

For the Northern District of California

1  argues that time entries related to settlement in the July 2002 time period should be excluded in their

2  entirety.  *See* Siegel Decl. ¶ 30 (noting that Mr. Fromm refers to 8.00 hours expended on July 26,

3  2002, preparing a settlement agreement in the form of a stipulated judgment but that, "[t]o the best of

4  my recollection, neither the City nor its counsel participated in any settlement discussions relative to

5  this lawsuit in or around July 2002 which involved a proposed stipulation for judgment").  The City

6  also argues that subsequent settlement discussions were global in nature and not limited solely to this

7  lawsuit and, thus, there should be a discount of some sort.  *See id.* ¶ 32.

8          In its reply brief, NP does not contest the City's assertion that the entries related to settlement

9  in the July 2002 period are not related to the instant litigation and so the time shall be excluded.

| JAQUELYNN POPE | | | |
|---|---|---|---|
| **DATE** | **HOURS** | **FEES** | **DESCRIPTION** |
| 7/25/02 | 0.30 | | *Rev. e-mails re: Settlement etc.* |
| 7/25/02 | 0.80 | | *[R]eview Settlement Agreement* |
| 7/28/02 | 0.50 | | *Review K. Fromm draft stipulated Judgment* |
| 7/29/02 | 1.60 [counting only 0.80] | | <u>Draft letter re: settlement</u>; receipt & review e-mails |
| 7/30/02 | 1.50 | | *Revise letter re: settlement; revise stipulated judgment* |
| **TOTAL** | **3.90** | | |

| KEITH FROMM | | | |
|---|---|---|---|
| **DATE** | **HOURS** | **FEES** | **DESCRIPTION** |
| 7/26/02 | 8.00 | | Prepared form of settlement agreement in form of stipulated judgment |

| DATE | HOURS | FEES | DESCRIPTION |
|---|---|---|---|
| 7/29/02 | 8.00 [counting only 3.50] | | Reviewed letter from Siegel re: appeal of project approval, <u>prepared settlement agreement draft</u>. Research re: 65589.5j |
| 7/30/02 | 2.00 [counting only 1.00] | | <u>Preparation of settlement draft</u>, Research on 655895j Reviewed ruling on Motion to Dismiss, won on equal protection, failed to establish a protected property interest, discriminated against for an arbitrary reason |
| **TOTAL** | **12.50** | | |

As for subsequent settlement discussions, NP concedes that they were part of global settlement discussions, *see* Pope Reply Decl. ¶ 17, and therefore the Court shall take a percentage reduction. Although there were 11 other actions involving NP, the City, and/or the Coastal Commission in addition to the instant lawsuit, Ms. Pope claims that "this case and the Street lawsuit were, by far, the most important pieces of litigation which the parties sought to settle." *Id.* Accordingly, the Court shall limit the discount for the unrelated litigation to 50%.

| JAQUELYNN POPE | | | |
|---|---|---|---|
| **DATE** | **HOURS** | **FEES** | **DESCRIPTION** |
| 8/21/02 | 2.00 [counting only 1.00] | | *Review damages; <u>review settlement agreement</u>* |
| 8/22/02 | 7.00 | | Preparation and attendance at settlement conference at McDonough, Holland |
| 2/18/03 | 6.00 | | Draft Settlement conf. statement |

**United States District Court**
For the Northern District of California

| DATE | HOURS | FEES | DESCRIPTION |
|---|---|---|---|
| 2/25/03 | 8.00 | | Preparation for and attendance at settlement conf. |
| 5/13/04 | 0.60 | | Tel confs. w/P. McMahon; clients re settlement conference |
| 5/19/04 | 0.20 | | *Receipt & review Judge Brazil Order re further settlement conf* |
| 5/31/04 | 1.00 | | Draft corresp. to Judge Brazil |
| 6/1/04 | 0.20 | | *Receipt & review order re settl[e]ment conf.* |
| 6/17/04 | 2.00 [counting only 0.50] | | Protective order; <u>Judge Brazil's order re settlement</u> |
| 7/8/04 | 9.00 | | Attendance at settlement conference w/Judge Brazil in Oakland, CA |
| 7/26/04 | 0.30 | | *Tel. conference P. McMahon re settlement offers* |
| **TOTAL** | **33.80** | | |
| | **33.80 x 50% = 16.90** | | |

| KEITH FROMM | | | |
|---|---|---|---|
| DATE | HOURS | FEES | DESCRIPTION |
| 8/22/02 | 10.00 [counting only 4.00] | | Flew to Oakland and <u>attended settlement meeting with Michelle Kenyon, Cecilia Quick, Kevin Siegel, Jaquelynn Pope, Bob Kalmbach,</u> returned at night |
| 2/25/03 | 6.00 | | *Attended settlement conference* |

United States District Court
For the Northern District of California

| DATE | HOURS | FEES | DESCRIPTION |
|---|---|---|---|
| 12/8/03 | 4.00 | | Reviewing and revising statement re: Mediation re: conditions lawsuit, preparing materials for meeting with Joe Tanner re: settlement, tt [sic] Joe Tanner |
| 12/9/03 | 2.00 | | *[A]ttended meeting with Joe Tanner to discuss settlement* |
| 12/10/03 | 5.00 | | *Attended settlement conference with Cecilia Quick, Michelle Kenyon, Joe Tanner, Bob Kalmbach, Jaquelynn Pope* |
| 12/18/03 | 7.00 [counting only 3.00] | | *Prepared and revised letters to City re: deleting conditions, various conversations with Michelle, <u>long conversation with Joe Tanner re: possible settlement scenarios</u>* |
| 12/25/03 | 1.00 | | Researched City's Sneath Lane property to see if it could be used for settlement of judgment per Joe Tanner's suggestion |
| 2/3/04 | 5.50 | | Prepared summary of settlement proposal for Joe Tanner |
| 2/14/04 | 1.50 | | Prepared and revised pre-trial offer and demand |
| 7/7/04 | 4.00 | | *Attended settlement conference* |
| 8/6/04 | 0.25 | | Telephone call to Mark Armstrong re: status of settlement offer. Left message |

| DATE | HOURS | FEES | DESCRIPTION |
|---|---|---|---|
| 5/30/05 | 1.00 | | Teleconference with J. Pope re: settlement strategy |
| 6/3/05 | 1.00 | | *Memos to Kalmbach and Johnson re: conference and settlement issues* |
| 6/12/05 | 1.50 | | Conference and reviewed various emails re: settlement and settlement conference, with J Pope |
| 6/16/05 | 7.00 | | Conference with J. Pope, Kalmbach, Johnson, re: settlement of EQ lawsuit and global settlement with City |
| 8/8/05 | 1.50 | | Preparation of response to Pat McMahon's latest draft confidentiality agreement and telcon with J. Pope concerning same |
| **TOTAL** | **48.25** | | |
| | **48.25 x 50% ≈24.10** | | |

Excluding the hours above leaves Ms. Pope with **2,999.00 hours** (*i.e.*, 3,097.70 – 77.90 – 3.90 – 16.90 = 2,999.00).

Excluding the hours above leaves Mr. Fromm with **3,427.65 hours** (*i.e.*, 3,507.30 – 43.05 – 12.50 – 24.10 = 3,427.65).

    iii. Fees Billed by Mr. Fromm as Member or Principal of NP

Finally, the City argues that the Court should exclude the fees of Mr. Fromm because (1) as a member and principal of NP, he "lacked independent judgment to ensure that reason and rationality dictated the conduct of this litigation," Opp'n at 18; (2) the purpose of fee shifting under § 1988 is to protect disadvantaged persons who have been subjected to unlawful discrimination; and (3) he

-37-

United States District Court

For the Northern District of California

1  violated the advocate-witness rule.  Alternatively, the City asks that the Court limit Mr. Fromm's

2  time "to work performed by him *as an attorney*" and not as member or principal of NP.  *Id.* at 19

3  (emphasis in original).

4          The Court is not persuaded by the City's first three arguments.  To the extent the City's

5  concern is Mr. Fromm's lack of independent judgment, the Court has taken such into account in

6  determining what was a reasonable hourly rate for his services (which takes into consideration the

7  lawyer's skill) and in determining what was a reasonable number of hours for the tasks he

8  performed.  Also, while one purpose of fee-shifting under § 1988 may be to provide access to the

9  federal judicial system to disadvantaged persons, another purpose is to encourage the private

10  enforcement of civil rights statutes.  *See Green v. Torres*, 361 F.3d 96, 100 (2d Cir. 2004).  Here, NP

11  is a separate legal entity from Mr. Fromm.  Mr. Fromm is not the sole owner of NP.  NP was entitled

12  to legal representation and may recover fees reasonably incurred in prevailing in this litigation.

13  Finally, the City has not offered any authority demonstrating that a lawyer's violation of an ethical

14  rule, if there was one here (the City did not previously raise this assertion), is grounds for denying

15  the client statutory attorney's fees.

16          That being said, the Court does agree with the City that Mr. Fromm's hours should be limited

17  to his work as an attorney and not as a member or principal of NP.  In particular, hours spent by Mr.

18  Fromm testifying as a deponent or witness at trial shall be excluded.  (The fact that NP will not

19  concede that these hours are improper demonstrates once again the lack of billing judgment.)  The

20  Court, however, shall not exclude hours spent by Mr. Fromm *preparing questions* for his trial

21  testimony (see, for example, the time entry for February 4, 2005) because such a task likely involved

22  his skill as an attorney conducting the litigation.  Similarly, the Court shall not exclude hours spent

23  by Mr. Fromm for attending Planning Commission meetings because it is not clear that this

24  participation did not require his skill as an attorney in relation to this litigation.  Accordingly, the

25  following hours should be excluded from the fee award:

26

27

28

| KEITH FROMM | | | |
|---|---|---|---|
| **DATE** | **HOURS** | **FEES** | **DESCRIPTION** |
| 4/18/03 | 11.00 [counting only 8.00] | | *Prepared opposition for Motion to Compel, attended Oakland for my deposition* |
| 4/21/03 | 4.00 | | *Flew to Oakland to attend deposition of Keith Fromm at McDonnough [sic], Holland* |
| 4/22/03 | 8.00 [counting only 5.50] | | *[A]ttneded [sic] deposition of Keith Fromm at offices of McDonnough [sic], attended deposition of Robert Kalmbach at offices of McDonnough [sic]* |
| 7/28/03 | 8.00 [counting only 2.50] | | *Trial[;] conducted trial*[20] |
| 7/29/03 | 8.00 [counting only 2.50] | | *Trial[;] conducted trial*[21] |
| 2/7/05 | 8.00 [counting only 5.00] | | *Conducted trial*[22] |
| 2/8/05 | 8.00 [counting only 2.50] | | *Conducted trial*[23] |
| **TOTAL** | **30.00** | | |

The above has no effect on Ms. Pope's hours, which remain at **2,999.00 hours**.

Excluding the hours above leaves Mr. Fromm with **3,397.65** hours (*i.e.*, 3,427.65 – 30.00 = 3,397.65).

---

[20] On July 28, 2003, the only witnesses who testified were Maxine Gonsalves and Mr. Fromm.

[21] On July 29, 2003, the only witnesses who testified were Mr. Fromm and Harvey Lind.

[22] On February 7, 2005, the only witness who testified was Mr. Fromm.

[23] On February 8, 2005, the only witnesses who testified were Mr. Fromm and Jeff Costell.

United States District Court
For the Northern District of California

iv.   <u>Cure Costs</u>

Finally, as part of the attorney's fees request, NP included time spent by its attorneys on trying to "cure" Condition 13(b). The City suggests that, contrary to the Court's findings of fact and conclusions of law at the damages phase, NP is not entitled to such. But the Court has already ruled on this issue. It is the law of the case. Moreover, on the merits, the Court is not persuaded by the City's argument. NP had an obligation to mitigate its damages and the City did obtain a benefit from the curing of Condition 13(b) -- it ensured that the damages would be assessed based on a temporary taking only as opposed to a permanent taking.

The City contends still that some of the purported cure costs claimed by NP after the end date of the constitutional injury – *i.e.*, after November 10, 2003 – should not be compensable. *See* Damages FF ¶ 90 (stating that attorney's fees incurred by NP after November 10, 2003, in obtaining satisfactory administrative completion of the cure arguably may be recovered – "[i]n that regard, issues of what constituted a complete administrative cure and whether NP fulfilled its duty to mitigate in obtaining that cure may inform the reasonableness of any fee assessed under § 1988"). But the City has not provided any substantive argument as to why; nor has it identified which specific hours should be eliminated.

That being said, the Court shall exclude some hours as obviously falling outside the realm of cure costs or at least reasonable cure costs. More specifically, the Court shall exclude hours related to efforts by Mr. Fromm to sell the development project in 2004. These hours should not be included because they have nothing to do with actually curing Condition 13(b). Moreover, these hours were largely incurred well past the temporary takings period, and it is not clear that Mr. Fromm was spending these hours acting in a capacity as a lawyer as opposed to a member and principal of NP.

**United States District Court**
For the Northern District of California

| KEITH FROMM | | | |
|---|---|---|---|
| DATE | HOURS | FEES | DESCRIPTION |
| 1/8/04 | 4.50 | | *Conversation with Jim Pollart of Obrien Homes and Roy Hills re: possibility of selling project and getting assurances from City as to development of Fish lots* |
| 1/13/04 | 4.00 [counting only 2.00] | | Removal of 13(b) is an affirmative defense which was not pleaded. It would be retrying liability.. He said judicial estoppel, they could not remove the condition. Judge Chen said you have to mitigate damages. Want to have early trial and therefore early execution upon assets.<br><br>Failure to mitigate damages is an affirmative defense, it is not raised No time, no money and City has poisoned the project, a reasonable person know when to quit. <u>Four to six months Marchetti exclusive right to negotiate. Marchetti thinks they can get 170 units approved. It would be worth a lot of money if that were the case.</u> Research and conference with JCP |

-41-

United States District Court
For the Northern District of California

| DATE | HOURS | FEES | DESCRIPTION |
|------|-------|------|-------------|
| 2/2/04 | 3.50 | | Spoke to Jim Pollart today about buying the Bowl project.  He said he was busy fighting his own battles with the City and was not eager to wade into any more messy situations. He was reticent to put money into a project . . . . |
| 5/24/04 | 9.00 | | Prepared and revised form of Purchase and Sale Agreement for Bowl project in order to mitigate damages and establish project value |
| 6/14/04 | 3.00 | | Prepared revised form of LOI, and conference with Bruce Bauer re: sale to Silverstone of Bowl project, to mitigate damages and est. value |
| 6/17/04 | 1.50 | | Spoke to John McMorrow re: various matters relating to purchase and sale of Bowl re: mitigation of damages |
| 6/18/04 | 1.50 | | Reviewed draft purchase agreement for Bowl from Silverstone |
| 6/21/04 | 2.50 | | Conversation with John McMorrow re: terms of purchase agreement, conversation with R. Kalmbach re: terms of purchase agreement for Bowl, for mitigation of damages |

United States District Court

For the Northern District of California

| DATE | HOURS | FEES | DESCRIPTION |
|------|-------|------|-------------|
| 6/22/04 | 2.00 | | Conference call with Marc Gottschalk, John McMorrow, Jeff Gilman re: terms of deal |
| 6/24/04 | 3.00 | | Prepared due diligence items and emailed and faxed them to Silverstone re: mitigation of damages[24] |
| 6/24/04 | 2.00 | | Telecon with R. Kalmbach re: his meeting today with Western Pacific, he indicated that because of the ill-will the City has shown in connection with the issuance of the Tentative Tract Map they are hesitant to purchase the project unless it is contingent upon the issuance of the Final Tract Map |
| 6/25/04 | 3.00 | | Prepared due diligence items for submittal to Buyer to mitigate damages |
| 6/27/04 | 9.00 [counting only 2.00] | | Assembling all Bowl environmental reports for trial and making copies and exhibit books. Various emails and faxes to Silverstone re: due diligence to mitigate damages |
| 6/28/04 | 10.00 | | Assembled and delivered documents for due diligence of Silverstone purchase, to mitigate damages and to prepare exhibits for Oct. trial |

[24] Faxing is also a clerical task.

| DATE | HOURS | FEES | DESCRIPTION |
|---|---|---|---|
| 7/19/04 | 3.00 | | Meeting with Hearthstone, Jim Pugash re: sale of Bowl to mitigate damages |
| 7/22/04 | 3.00 | | Revised form of purchase agreement for Bowl, re: mit. of damages |
| 7/23/04 | 4.00 | | Revised purchase agreement for Bowl, re: mit. of damages |
| 7/27/04 | 3.50 [counting only 1.00] | | Revised purchase agreement for Bowl. Reviewed and revised letter to Joel Jacobs and Court re: Peter Douglas deposition. Conference call with Paul Talmage |
| 8/19/04 | 3.00 | | Conference call with Greg Wasserman, John McMorrow et. al. re: sales agreement |
| **TOTAL** | **63.50** | | |

The above has no effect on Ms. Pope's hours, which remain at **2,999.00 hours**.

Excluding the hours above leaves Mr. Fromm with **3,334.15 hours** (*i.e.*, 3,397.65 – 63.50 = 3,334.15).

        d.    <u>Billing Judgment</u>

Having excluded noncompensable hours from the hours claimed by NP, the Court now turns to the issue of billing judgment. The City contends that both Ms. Pope and Mr. Fromm failed to exercise billing judgment by, *inter alia*, (1) seeking fees for an unsuccessful motion (in particular, a motion to disqualify); (2) seeking fees for doing clerical work only; (3) seeking fees for travel time; (4) billing an excessive number of hours for the cross-motions for summary judgment; (5) billing an excessive number of hours for trial preparation; and (6) seeking fees for the attendance of two attorneys at depositions.

United States District Court
For the Northern District of California

United States District Court

For the Northern District of California

1   The Court does not find persuasive the City's argument with respect to the unsuccessful

2   motion to disqualify.  According to the City, the Court should reduce the hours spent by NP's

3   attorneys on the motion to disqualify because, even though the Court granted the motion with respect

4   to Sanford Skaggs and Daniel Curtin, "the balance of the motion was denied, including the

5   disqualification of defendant's counsel."  Schratz Decl. ¶ 17(E) at 25.  However, "[i]n the Ninth

6   Circuit, fees for an unsuccessful motion are not automatically excluded.  Rather, an ultimately

7   successful plaintiff should be compensated for steps along the path to victory, even if every step is

8   not successful, where the motion constituted 'a method of pursuing her ultimately successful claims,'

9   was a necessary stage of the case, or otherwise contributes to the plaintiff's ultimate success."

10  *Freitag*, 2003 U.S. Dist. LEXIS 26579, at *18.  Similarly, the Sixth Circuit has said that "the

11  question is not whether a party prevailed on a particular motion" but "whether a reasonable attorney

12  would have believed the work to be reasonably expended in pursuit of success at the point in time

13  when the work was performed." *Wooldridge v. Marlene Indus. Corp.*, 898 F.2d 1169, 1177 (6th Cir.

14  1990).  Given the above standard, the Court shall not reduce any hours spent on the motion to

15  disqualify because it was not unreasonable for NP to seek to disqualify the City's experts and

16  counsel for the City.

17          The Court, however, does conclude that NP's attorneys failed to exercise billing judgment in

18  the remaining ways specified by the City.  NP contends otherwise, arguing that the hours claimed

19  must be reasonable because its attorneys spent "virtually the same amount of hours in this case as

20  NP's attorneys." Reply at 1.  The Court acknowledges that the hours spent by the attorneys for the

21  opposing party is "a useful guide in evaluating the appropriateness of time claimed [by the

22  plaintiff]." *Democratic Party of Wash. State v. Reed*, 388 F.3d 1281, 1287 (9th Cir. 2004).  A

23  "useful guide," however, is only just that.  The Court has conducted a "systematic perusal of the

24  actual billing entries" of NP's attorneys which confirms that the reason for high number of hours

25  incurred is not "careful compliance with the attorneys' responsibilities" but rather inefficiency.

26  *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1151 (9th Cir. 2001).  At the same time, the Court

27  recognizes that the City's attorneys did mount a vigorous defense to this case, and "[t]hose who elect

28  a militant defense in the face of a statute allowing attorney's fees if they are defeated must take into

-45-

1    account the time and effort they extract from their opponents."[25]  *City of Riverside v. Rivera*, 477

2    U.S. 561, 580 n.11 (1986) (plurality opinion).

3                                      i.    Clerical Tasks

4           The Supreme Court has noted that "purely clerical or secretarial tasks should not be billed at

5    a paralegal rate, regardless of who performs them." *Missouri v. Jenkins*, 491 U.S. 274, 288 (1989).

6    Clerical activities include time spent on filing and document organization.  *See Keith*, 644 F. Supp.

7    at 1315 (deducting 170.7 hours from a fee request for time spent on filing, document organization,

8    and other "clerical matters"); *see also* 2 Schwartz & Kirklin, Section 1983 Litigation § 4.6, at 195

9    ("[A]ttorneys generally should receive no compensation for time spent on purely secretarial or other

10   nonlegal services, such as serving or filing documents, photocopying documents, or making

11   scheduling or travel arrangements, that are appropriately performed by messengers, secretaries, or

12   clerks whose services ordinarily are part of a law office's overhead and are not billable to fee-paying

13   clients.").

14          Based on the Court's review of the billing records, both Ms. Pope and Mr. Fromm charged

15   NP for doing clerical work only.  Ms. Pope, for instance, billed NP for, *inter alia*, filing papers,

16   making the exhibit books, re-tabbing exhibits, and picking up documents.  *See, e.g.*, Pope Reply

17   Decl. ¶ 7 (indicating that she spent a fair amount of time making copies of exhibits and preparing the

18   binders for the exhibits (five sets each), as well as causing two sets to be transported to the Court).

19   Similarly, Mr. Fromm billed NP for, *inter alia*, filing papers, making the exhibit books, making

20   copies, sending faxes, transmitting documents, and serving documents.  *See, e.g.*, Fromm Decl. (time

21   entry for October 31, 2004, reflecting that Mr. Fromm spent 6.00 hours on "sen[ding] more

22   document production request transmissions to Pat McMahon [opposing counsel]").  In his reply

23   declaration, Mr. Fromm protests that, in general, secretarial tasks such as sending faxes do not entail

24   a large amount of time.  *See* Fromm Reply Decl. ¶ 29.  While this may be true, the secretarial tasks

25

26

27          [25] NP makes much of the fact that some 33 attorneys worked on behalf of the City.  However,
       not all 33 were working on the case at the same time.  Moreover, it is not uncommon for a case to have
28     many different timekeepers but only a few with a substantial number of hours.  This appears to have
       been such a case.  *See* Pope Reply Decl., Ex. A.

United States District Court

For the Northern District of California

1 that Mr. Fromm did involved more than just sending faxes, and even small increments of time can

2 add up.

ii.    Travel Time

4     Both Ms. Pope and Mr. Fromm charged NP for their travel time, the most notable travel time

5 consisting of trips from Los Angeles (where both Ms. Pope and Mr. Fromm are located) to the San

6 Francisco Bay Area (where the Court, the City, and the property at issue are located).  As a

7 preliminary matter, the Court notes that, while there are many cases that discuss travel time by an

8 attorney, the travel at issue in those cases is typically different from that in the instant case, involving

9 for example, travel for an out-of-state deposition, *see Defenbaugh*, 2004 U.S. Dist. LEXIS 16256, at

10 *34 (Spero, J.), or local travel.  *See United States v. San Francisco*, 748 F. Supp. 1416, 1422 (N.D.

11 Cal. 1990) (Patel, J.) (discussing "commuting to the office of co-counsel").  In such circumstances,

12 travel time is usually deemed compensable and often at an attorney's full hourly rate.  *See id.*

13 ("Reasonable attorneys' fees include reasonable travel time compensated at the full hourly rate.").

14 *But see MacDougal v. Catalyst Nightclub*, 58 F. Supp. 2d 1101, 1106-07 (N.D. Cal. 1999) (Jenkins,

15 J.) (reducing the hourly rate for part of an attorney's travel time, from $325 to$ 195).

16     The travel at issue here is somewhat different because NP could have hired local counsel

17 which would have eliminated or at least drastically reduced travel time (not to mention costs).  Some

18 courts have addressed this specific scenario.  For example, as pointed out by the City, the Tenth

19 Circuit has indicated that, "because there is no need to employ counsel from outside the area in most

20 cases, . . . travel expenses for such counsel between their offices and the city in which the litigation

21 is conducted should [not] be reimbursed" and "[d]eparture from this rule should be made in unusual

22 cases only." *Ramos v. Lamm*, 713 F.2d 546, 559 (10th Cir. 1983), *overruled on other grounds by*

23 *Pennsylvania v. Delaware Valley Citizens' Counsel for Clean Air*, 483 U.S. 711 (1987).  The

24 Eleventh Circuit has taken a similar approach, stating that, because a party has "the right to retain

25 more than one attorney, the exclusion of out-of-town counsel's travel time is proper only if it was

26 unreasonable not to hire qualified local counsel." *Johnson v. University College of University of*

27 *Alabama*, 706 F.2d 1205, 1208 (11th Cir. 1983).  Thus, for instance, in *Marbled Murrelet v. Pacific*

28 *Lumber Co.*, 163 F.R.D. 308 (N.D. Cal. 1995) (Bechtle, J.), the court concluded that it was

United States District Court
For the Northern District of California

1  "perfectly reasonable for [the plaintiff in the case] to go outside of the San Francisco area to seek

2  legal assistance" because it "demonstrated that it was unable to persuade any private law firm or

3  nonprofit legal aid society in the San Francisco area to take on the risk of challenging [the defendant]

4  in this lawsuit." *Id.* at 327.

5        Informed by the above case law, the Court concludes that it was not reasonable for NP to hire

6  Ms. Pope, an attorney outside of the Bay Area, and charge the City for her travel time.  While it may

7  have been convenient for NP to have counsel in Los Angeles, as that is where NP is located, the

8  Court is situated in the Bay Area, the property at issue is located in the Bay Area, the fact witnesses

9  largely reside in the Bay Area, and the underlying events took place in the Bay Area.  It was highly

10  inefficient to have counsel incur travel time from Southern California for every court appearance,

11  meeting, and deposition in the Bay Area.  Moreover, there is nothing to indicate that Ms. Pope was

12  uniquely equipped to handle this case.  There are highly qualified counsel in the Bay Area who could

13  have represented NP on the constitutional issues asserted.

14        NP suggests that Ms. Pope was unique in the sense that she was willing to charge a lower rate

15  than other attorneys.  However, before retaining Ms. Pope, NP appears to have interviewed only

16  "several land use lawyers in Los Angeles," Fromm Decl. ¶ 6, not any land use lawyers in the Bay

17  Area, let alone any litigators in the Bay Area.  Also, there is no evidence to demonstrate that counsel

18  in the Bay Area would not also have been willing to charge below-market rates because of "the large

19  amount of hours necessary for the litigation." Pope Decl. ¶ 4.  Finally, as found above, Ms. Pope's

20  rate of $240 for this case was not far off from, *e.g.*, Bay Area opposing counsel Michelle Kenyon's

21  purported rate of $230.

22        That being said, the Court recognizes that NP cannot be blamed for the fact that in-house

23  counsel, Mr. Fromm, is located in Los Angeles rather than the Bay Area.  Accordingly, the Court

24  concludes that at least the travel time of Ms. Pope, but not Mr. Fromm, should be excluded.[26]

25

---

26  [26] Unfortunately, determining the amount of travel time for Ms. Pope is difficult because, in general, she did not specifically list travel in her time entries.  It becomes even more complicated because, based on the Court's review of her billing records, it appears that sometimes Ms. Pope charged

27  for her travel time (even if a time entry did not specify travel), sometimes she charged for part of her travel time, and other times she did not charge at all for her travel time.  Instances in which Ms. Pope

28  clearly charged for her travel time include those time entries describing her attendance at a case

United States District Court
For the Northern District of California

United States District Court

For the Northern District of California

### iii.    Cross-Motions for Summary Judgment

According to Mr. Schratz, the billing records reflect that NP's attorneys spent more than 600 hours in working on the cross-motions for summary judgment, which were heard by the Court in June 2003. Based on the Court's review of the billing records, the number of hours calculated by Mr. Schratz is reasonably accurate, and the Court agrees that this number of hours was excessive. The issues raised in the cross-motions were not complex and the briefs themselves were not lengthy (generally 25 pages or less).

The Court acknowledges that, in addition to the briefs, NP filed several declarations. However, the only declarations that seem to have involved any substantial amount of time were those of Mr. Fromm -- *e.g.*, his declaration in support of NP's motion for summary judgment, which was 64 pages in length; his reply declaration in support of the motion, which was 33 pages; and his declaration in opposition to the City's motion for summary judgment, which was 53 pages in length. Mr. Fromm's declarations, however, were hardly declarations in the sense of being evidence to support the legal arguments in NP's briefs. Instead, Mr. Fromm's declarations were largely legal arguments themselves and therefore were improper. The Court suspected then and continues to suspect today that this was done to get around the page limitations on briefs as established by the Civil Local Rules. (Notably, the Court denied the request for a page extension for the briefing on the motions for summary judgment.).

---

management or status conference. A case management or status conference typically lasts 30 minutes to an hour; Ms. Pope routinely charged 8.00 to 10.00 hours for an appearance. Therefore, implicitly, Ms. Pope must have been including travel time as part of the hours claimed.

The Court notes that, as a general matter, it seems that a one-way trip from Los Angeles to the Bay Area, or vice-versa, consisted of approximately 4.00 hours. This estimation is based on the billing records of Mr. Fromm, which indicate that travel from Los Angeles to the Bay Area, or vice-versa, took anywhere from 3.00 to 6.00 hours -- usually somewhere in the neighborhood of 4.00 hours.

For example, Mr. Fromm's time entry for August 13, 2002, provides: "Flew back from San Jose after appeal of approvals. [¶] 6.0 hours." His time entry for November 9, 2003, provides: "Flew to Oakland. [¶] 4.0 hours." His time entry for May 4, 2004, provides: "Flew to Oakland in preparation for status conference hearing before Judge Chen on May 5, 2004. [¶] 4.0 hours." His time entry for July 13, 2004, provides: "Flew to S.F. for conference with Judge Chen. [¶] 3.0 hours." His time entry for December 22, 2004, provides: "Flew back to L.A. [¶] 5.0 hours." His time entry for January 2, 2005, provides: "Flew back to S.F. in preparation for Carney's depo. [¶] 4.5 hours."

United States District Court

For the Northern District of California

1    The Court also recognizes that NP spent time on supplemental briefing related to the motions

2    for summary judgment but such briefing was never requested by the Court. In fact, NP never even

3    asked leave of the Court to file the supplemental briefing. Moreover, even after the Court

4    specifically admonished the parties about filing documents without leave to do so after briefing was

5    complete, NP still continued to do so, resulting in the Court's order of June 20, 2003, which struck

6    materials filed by NP.

7                              iv.    Trial Preparation

8    According to Mr. Schratz, NP's attorneys spent more than 750 hours on trial preparation,

9    *excluding* the time spent on specific filings such as joint pretrial statements, trial briefs, post-trial

10   briefs, motions in limine, and exhibits. Based on the Court's review of the billing records, the

11   number of hours calculated by Mr. Schratz is reasonably accurate, and the Court agrees that this

12   number of hours was excessive. There was no reason for NP's attorneys to spend this amount of

13   time given that the issues in the case were relatively straightforward and that this was a bench trial

14   only. Perhaps most notably, together, Ms. Pope and Mr. Fromm spent more than 100 hours working

15   on only the closing argument for the damages phase, which was limited to 40 minutes in length.

16   The Court acknowledges that the trial in this case consisted of a liability phase, which lasted

17   5 days, and a damages phase, which lasted 6 days (with the last day being reserved for closing

18   arguments only, each 40 minutes in length). But given the relative simplicity of the case and the fact

19   that the 750 hours of time was *in addition to* hours devoted to specific filings such as joint pretrial

20   statements, trial briefs, and the like, there is little doubt that NP's attorneys spent an excessive

21   amount of time on trial preparation. As a rough calculation, based on 10 days of trial and more than

22   750 hours of trial preparation (exclusive of specific filings), NP's attorneys spent approximately 75

23   hours preparing for each day of trial -- *i.e.*, each attorney worked approximately a week on each day

24   of trial. This, quite simply, was not reasonable. *See Washington v. Philadelphia County Court of*

25   *Common Pleas*, 89 F.3d 1031, 1031 (3d Cir. 1996) (upholding district court's determination that

26   69.9 hours of trial preparation, an amount twice as long as the trial itself, was excessive and

27   unreasonable even in light of the number of issues raised and the voluminous record); *Ogden v.*

28   *Johnson*, No. C00-0034, 2002 U.S. Dist. LEXIS 17684, at *19 (N.D. Iowa Sept. 5, 2002)

1   (concluding that 85 hours of trial preparation time was excessive in a case where 14 witnesses were

2   called over a two-and-a-half-day trial); *Growchowski v. Ajet Constr. Corp.*, No. 97 Civ. 6269 (NRB),

3   2002 U.S. Dist. LEXIS 5031, at *11-12 (S.D.N.Y. Mar. 27, 2002) (holding that 306.1 hours for

4   preparation of one-week trial was excessive given limited issues tried; awarding three weeks of

5   partner time for preparation as reasonable); *Apple Corps. v. International Collection Society*, 25 F.

6   Supp. 3d 480, 491 (D.N. J. 1998) (finding it excessive for senior partner to spend almost three times

7   as long to prepare for hearing as having to attend it).

8                     v.     Deposition Attendance

9         Based on the Court's review of the billing records, it appears that Ms. Pope and Mr. Fromm

10   both appeared for 21 depositions together (excluding the deposition of Mr. Fromm), with Mr.

11   Fromm taking or defending all or the large majority of the depositions.[27]  It also appears that there

12   were an additional 6 depositions for which only Mr. Fromm appeared and not Ms. Pope (*i.e.*,

13   Adrienne Tissier and Mike Pacelli (April 2, 2003); John Curtis (April 9, 2003); Christine Schneider

14   (April 10, 2003); Thomas Reid (April 11, 2003); and Barbara Carr (April 28, 2003)).  Ms. Pope's

15   billing records did not reflect any attendance at these depositions.  *See also* Pope Reply Decl. ¶ 18

16   (conceding that she was not present at the depositions of Mr. Reid, Ms. Schneider, and Mr. Curtis).

17         As a starting point, the Court notes that "[i]t is for the plaintiff to justify the presence of

18   multiple attorneys for particular activities."  2 Schwartz & Kirklin, Section 1983 Litigation § 4.4, at

19   181.  As noted by one court,

20           a fee applicant is entitled to recover for the hours of multiple attorneys
          if he satisfies his burden of showing that the time spent by those
21           attorneys reflects the distinct contribution of each lawyer to the case
          and is the customary practice of multiple-lawyer litigation.  But the fee
22           applicant has the burden of showing that, and where there is an
          objection raising the point, it is not a make-believe burden.

23

24

25

26

---

27     [27] Those depositions were for the following persons: Jason Kliewer, Michael Crabtree (twice)
    Lee Diaz, Robert Kalmbach (twice), Peter DeJarnatt, James Vreeland (twice), David MacLellan, Peter
28     Imhof, Sanford Skaggs, Cecilia Quick (twice), Jeff Costell, Jeffrey Wagner, William Abbott, Kevin
    Siegel, Michelle Kenyon, Walter Karney, and Steven Johnson.

**United States District Court**
For the Northern District of California

United States District Court

For the Northern District of California

1   *ACLU v. Barnes*, 168 F.3d 423, 432 (11th Cir. 1999); *see also Ramos v. Lamm*, 713 F.2d 546, 554

2   n.4 (10th Cir. 1983) ("[W]e think that the presence of more than two lawyers during trial or the

3   presence of more than one lawyer at depositions and hearings must be justified to the court.").

> The work of multiple attorneys on the same activity is more easily
> justified in difficult or complex cases that require a litigation team
> approach.  It is also recognized that the use of multiple attorneys may
> be particularly appropriate in a "documents" case in order to "manage
> the logistics of handling a paper blizzard."

7   2 Schwartz & Kirklin, Section 1983 Litigation § 4.4, at 182.

8   NP defends the presence of Ms. Pope at the depositions along with Mr. Fromm in several

9   ways.  First, NP argues that it was necessary because of the deposition schedules.  *See* Reply at 14

10  ("[T]he deposition schedules required that Pope be familiar with the testimony of the prior witness in

11  order to prepare for the next witness and there was not time between witnesses to obtain and review

12  a transcript.").  The Court rejects this argument because, while there were some depositions that

13  were sandwiched together, most of them were not.  For example, Mr. Kliewer was deposed on

14  March 21, 2003; the next deposition (of Mr. Crabtree) did not take place until five days later.  The

15  depositions of Ms. Tissier, Mr. Pacelli, Mr. Curtis, and Ms. Schneider followed (from April 2 to 11,

16  2003); however, these depositions were all taken by Mr. Fromm alone.  After that, the next

17  deposition (of Mr. Diaz) did not take place until April 17, 2003.  The depositions of Mr. Kalmbach

18  and Mr. DeJarnatt followed on April 22 and 23, 2003, respectively, and the deposition of Mr.

19  Vreeland not until May 5, 2003.  (In between these depositions, Mr. Fromm took the deposition of

20  Ms. Carr without the assistance of Ms. Pope.)  Subsequently, Mr. MacLellan and Mr. Crabtree were

21  not deposed until July 23 and 24, 2003.  The next deposition (of Mr. Vreeland) did not take place

22  until a year later.

23  Second, NP argues that Ms. Pope's attendance must have been necessary because she

24  "participated by passing written questions to [Mr.] Fromm and facilitated questioning by identifying

25  relevant documents as to issues that arose in light of the witnesses' answers." Pope Reply Decl. ¶

26  18.  However, the Court does not find either fact particularly compelling.  That Ms. Pope handed

27  some written questions to Mr. Fromm during the depositions is not especially significant, especially

28  when there is no evidence as to the extent of this kind of participation and the Court is not excluding

-52-

1   any hours in which Ms. Pope might have helped Mr. Fromm prepare for the deposition in advance.

2   As for Ms. Pope's identification of relevant documents during the depositions, there should have

3   been a relatively small number of key documents needed for any given deposition.

4          Third, NP asserts that Ms. Pope was needed at the depositions "to ensure that[,] in light of the

5   voluminous documents in this case, comprising tens of thousands of pages, and the short time

6   between depositions I would be able to provide input as to the strategy for the next deposition and to

7   observe the witnesses at [sic] first hand." *Id.* However, as noted above, the deposition schedule was

8   not as demanding as NP claims. Also, contrary to what NP asserts, this was not a document heavy

9   case. Indeed, based on the Court's knowledge of this case, a large number of documents produced in

10  this case were of marginal relevance only. Finally, it is hard to believe that Ms. Pope was necessary

11  to assess a witness's credibility, especially when many of the depositions were videotaped.

12         The Court therefore concludes that NP has not sufficiently demonstrated that both Ms. Pope

13  and Mr. Fromm were needed for 21 out of 27 depositions, *i.e.*, more than 75% of the depositions.

14  *Compare Oberfelder v. City of Petaluma*, No. C-98-1470 MHP, 2002 U.S. Dist. LEXIS 8635, at *21

15  (N.D. Cal. Jan. 29, 2002) (Patel, J.) ("The court finds that the presence of two attorneys for plaintiff

16  at four out of twenty four depositions is not unreasonable nor atypical."). There is nothing unique

17  about this case or these depositions that would require attendance by two attorneys. Moreover, it

18  was clear that one attorney was capable of taking or defending a deposition as demonstrated by the

19  fact that Mr. Fromm took care of the depositions of Ms. Tissier, Mr. Pacelli, Mr. Curtis, Ms.

20  Schneider, Mr. Reid, and Ms. Carr on his own. At the very least, one attorney was capable of taking

21  or defending the depositions of less important witnesses such as Mr. Kliewer, Mr. DeJarnatt, Mr.

22  Vreeland, and Mr. Imhof. Notably, Mr. Fromm was able to do Ms. Carr's deposition without the

23  assistance of Ms. Pope; therefore, he should have been able to do the same with respect to Mr.

24  DeJarnatt and Mr. Vreeland, both of whom were City Council members like Ms. Carr. Similarly,

25  since Mr. Fromm was able to do the depositions of Ms. Tissier, Mr. Pacelli, Ms. Schneider, and Mr.

26  Reid by himself, all of whom worked on the development permit application, he should have been

27  able to do the same with Mr. Kliewer, who also worked on the application. Finally, there is no

28  indication that Ms. Pope was needed in addition to Mr. Fromm for any given deposition because of

1   special competence or ability.  *Compare United States v. 4,432 Mastercases of Cigarettes*, 322 F.

2   Supp. 2d 1075, 1080 (C.D. Cal. 2004) ("[T]he government argues that Pollack's firm's hours should

3   be reduced because his firm participated in three depositions in which Honig also participated.  The

4   Court finds that Pollack's presence at, and his firm's participation in, the depositions were

5   reasonable, because Pollack and Honig have expertise in different areas of the law.").

6           The Court emphasizes here that it is not finding that it was duplicative for both Ms. Pope and

7   Mr. Fromm to *prepare* for a deposition.  Rather, the question it was necessary for both attorneys to

8   *attend* the deposition.  And, of course, where only one attorney was sufficient for a deposition, NP

9   would have incurred the travel expense for only one attorney, as opposed to two.

10                          vi.     Other Failures to Exercise Billing Judgment

11          As discussed above, the City has identified a number of failures to exercise billing judgment

12  by NP's attorneys.  Based on the Court's review of the billing records, there are many other

13  examples demonstrating additional failures to exercise billing judgment, including but not limited to

14  (1) charging NP for the attendance of two attorneys at case management or status conferences, (2)

15  billing an excessive number of hours for case management or status conference statements, (3)

16  billing an excessive number of hours for working on trial exhibits; and (4) billing an excessive

17  number of hours on the damages trial brief.  *See Lucas v. White*, 63 F. Supp. 2d 1046, 1060 (N.D.

18  Cal. 1999) (Henderson, J.) ("While defendants have not objected to the number of hours expended

19  on the fees matter, the Court has an independent obligation to ensure that the fee award is

20  reasonable.").

21                          (a)     Case Management or Status Conference Attendance

22          As noted above, the City legitimately questioned the billing judgment of NP's attorneys

23  because they charged NP for the attendance of both lawyers at 21 out of 27 depositions.  Similarly, it

24  is problematic that NP's attorneys billed for the attendance of both Ms. Pope and Mr. Fromm at a

25  majority of the case management and status conferences.  For example, based on the Court's review

26  of the billing records, both Ms. Pope and Mr. Fromm were present for the following conferences (not

27  including the initial case management conference and the pretrial conferences): July 31, 2002;

28

United States District Court
For the Northern District of California

United States District Court

For the Northern District of California

1   November 19, 2003; January 21, 2004; June 16, 2004; July 14, 2004; August 25, 2004; November

2   10, 2004; and May 25, 2005.

3   　　　　In *Oberfelder*, Judge Patel rejected the defendants' argument that the appearance of two

4   attorneys for the plaintiff at a case management conference was duplicative.  She explained: "The

5   court uses these conferences for more than the mere formality of setting dates; issues are discussed,

6   the case shaped for pretrial and trial and concessions and agreements are made.  Attorneys

7   empowered to make decisions on behalf of their client or those with substantive contributions are

8   needed at case management conferences." *Oberfelder*, 2002 U.S. Dist. LEXIS 8635, at *22.  The

9   Court agrees with Judge Patel that conferences before a court can involve more than just scheduling.

10   However, in contrast to *Oberfelder*, in the instant case, there is more than just one conference at

11   issue; instead, there are at least eight.  Moreover, the conferences of concern to the Court do not

12   consist of the initial case management conference or any of the pretrial conferences, rather, the

13   conferences were largely nondispositive, held for the purpose of getting an update as to the status of

14   the litigation or of moving the litigation along.  In addition, the conferences were not conducted on

15   the same day as a hearing on a motion in the case (which might justify the presence of more than one

16   attorney).

17   　　　　Given the nondispositive nature of the conferences, the fact that Ms. Pope and Mr. Fromm

18   were equally empowered to make substantive decisions on behalf of NP, and the fact that the two did

19   not make distinct contributions to the conferences, the Court concludes that it was unnecessary for

20   both attorneys to attend all of the case management and/or status conferences.  Again, where only

21   one attorney was sufficient for a conference, NP would have incurred the travel expense for only one

22   attorney, as opposed to two.

23   　　　　　　　　　　(b)　　　Case Management or Status Conference Statements

24   　　　　On a related matter, based on the Court's review of the billing records, NP's attorneys spent

25   an excessive amount of time on case management conference statements.  The Court clarifies that its

26   concern here is not the time spent on the initial case management conference statement filed by the

27   parties but rather the time spent on subsequent case management or status conference statements.

28   The purpose of such a statement is to update the court as to how litigation is proceeding and to

inform the court if there are any issues that need to be addressed.  For many of the statements, NP's attorneys did far more than this -- repeatedly using the statements to make motions for relief, to provide legal briefing, or to raise matters unrelated to the litigation (in particular, new "wrongdoings" by the City).

Examples where NP's attorneys spent an excessive amount of time on case management conference or status conference statements are as follows:

(1)     For the conference in November 2003, NP's attorneys spent approximately 20 hours on a statement.

(2)     For the conference in January 2004, NP's attorneys spent approximately 25 hours on a statement (including a supplement and a lengthy declaration on the parties' inability to file a joint statement).

(3)     For the conference in May 2004, NP's attorneys spent almost 10 hours on a statement.

(4)     For the conference in November 2004, NP's attorneys spent almost 20 hours on a statement. While the Court would expect such hours to be incurred for a motion, such was not necessary for a mere statement.

(c)     Trial Exhibits

Based on the Court's review of the billing records and its own knowledge of the history of this case, NP's attorneys were extremely inefficient with respect to their trial exhibits.  For example, NP's lawyers engaged in overdesignation of exhibits, with NP lodging more than 100 exhibits for each phase of the trial -- and this does not even count the multiple subparts that many of the exhibits contained.[28]  Given the limited scope of the trial, *i.e.*, whether Condition 13(b) was an equal protection violation and if so what were NP's damages, there was no need for NP to provide more than 200 exhibits.  And in fact the vast majority of exhibits were only of marginal relevance.

NP's overdesignation of exhibits had at least two results, both of which necessitated the expenditure of more attorney time.  First, the Court compelled the parties to meet and confer to, *inter*

---

[28] Notably, for the liability phase of the trial, NP's lawyers asked to lodge over 18,000 pages as exhibits.  In the end, NP's attorneys did not appear to lodge all 18,000 pages but still provided a large number of documents as exhibits.

United States District Court

For the Northern District of California

1   *alia*, narrow down the number of exhibits or at least reach agreements about admissibility. The fact

2   that NP withdrew a fair number of exhibits after these meetings demonstrates that there was indeed

3   overdesignation. *See, e.g.*, Docket No. 432 (NP's notice of withdrawal of 40 trial exhibits). Second,

4   even after NP withdrew some exhibits, a large number still remained, again, the majority of which

5   were of only marginal relevance. But because NP did not withdraw more of these marginally

6   relevant exhibits, it was necessary for the Court to require the City to make objections and NP to

7   then make responses to the objections. This process resulted in a large expenditure of time by Mr.

8   Fromm in particular for the damages phase.

9        In addition, NP's lawyers failed to exercise due care in their preparation of the exhibits, an

10  impediment in both the liability and damages phase -- *e.g.*, failing to provide an exhibit list that

11  complied with the Court's standing order (thus necessitating revisions), failing to "tab" exhibits

12  properly (thus necessitating re-tabbing), providing the same exhibit two or three times, designating

13  the entire administrative record one exhibit, and so forth. Significantly, the Court issued sanctions

14  because of problems with NP's liability phase exhibits.

15                     (d)     Trial Brief for Damages Phase

16       Based on the Court's review of the billing records, NP's attorneys spent more than 125 hours

17  on the trial brief for the damages phase of the trial. This was an excessive amount of time. The

18  Court acknowledges that the large amount of time can be attributed in part to the length of the brief,

19  which consisted of 123 pages. However, it was not reasonable for NP to file a trial brief of this

20  length, especially when the purpose of a trial brief is simply to inform the Court of the major factual

21  and legal issues to be resolved at trial. NP was well aware of this fact as demonstrated by its trial

22  brief for the liability phase of the trial, which consisted of only 8 pages. For the damages phase of

23  the trial, however, NP did far more than required or even desired by the Court -- essentially

24  presenting the entirety of its case in written form.

25                     (e)     Miscellany

26       Finally, in addition to the above, there are various other examples that demonstrate a lack of

27  billing judgment by NP's attorneys. For example:

28

United States District Court
For the Northern District of California

(1)     Mr. Fromm billed NP for public relations work but the Ninth Circuit has stated that such work is compensable only if it contributes "directly and substantially" to the achievement of plaintiff's litigation goal and NP has made no demonstration of such. *See Davis v. City of San Francisco*, 976 F.2d 1536, 1545 (9th Cir. 1992); *see also Greater Los Angeles Council on Deafness v. Community Television of S. Cal.*, 813 F.2d 217, 221 (9th Cir. 1987) ("The court reasonably disallowed time spent on publicity, lobbying, and unrelated claims . . . .").

(2)     For Ms. Pope's time entries, several reflect that she did not charge NP for the hours spent, and "[h]ours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority." *Hensley*, 461 U.S. at 434 (internal quotation marks omitted; emphasis in original).

(3)     On January 16, 2004, both Ms. Pope and Mr. Fromm billed NP one-and-a-half to two hours each for sheer waiting time for a meeting with Ms. Quick, the City Attorney, even though nothing indicates that it was justified for them to expect an immediate meeting with her.

(4)     At hearings before the Court, Ms. Pope and Mr. Fromm repeatedly wasted time disagreeing with one another and fighting to speak at the podium, leading the Court to issue an order requiring that only one counsel at a time make an argument at the podium.

(5)     Throughout the litigation, NP's attorneys filed supplemental briefing even though not permitted by the Federal Civil Rules of Civil Procedure or the Civil Local Rules and without leave of the Court.

                    vii.     Summary re Billing Judgment

     For all of the above reasons, the Court finds that all of the hours claimed by NP's attorneys in their billing records are not reasonable because of a failure to exercise billing judgment.  NP's attorneys included in their billing records (1) hours excessive in relationship to the task performed, (2) hours that were redundant or duplicative because of unnecessary time spent by multiple attorneys on the same task, and (3) hours that were otherwise unnecessary or inappropriate. *See Hensley*, 461 U.S. at 434.

     In making an appropriate adjustment because of the lack of billing judgment, a court is not required to set forth an hour-by-hour analysis of the fee request and may instead reduce the award on

1  a percentage basis so long as there is a concise but clear explanation of the court's reasons for

2  choosing a given percentage reduction. *See Gates v. Deukmejian*, 987 F.2d 1392, 1399-1400 (9th

3  Cir. 1993). Because of the block billing by NP and the size of the fee application, an hour-by-hour

4  analysis of the fee request in the instant case is difficult and impractical; thus, the Court shall instead

5  reduce the award on a percentage basis. Taking into consideration the above problems, and

6  estimating what an hour-by-hour analysis would yield, the Court concludes that a reduction of 30%

7  is appropriate.

8       A smaller reduction is not appropriate given the numerous instances in which NP's attorneys

9  failed to use billing judgment (not to mention the inordinate number of hours for each instance). It is

10 especially telling that, from what the Court can divine, there was no attempt whatsoever by NP's

11 lawyers to make any reduction in the hours claimed, with the limited exception of Ms. Pope's

12 exclusion of some hours attributable to unrelated litigation. *See* 2 Schwartz & Kirklin, Section 1983

13 Litigation § 1983, at 174-75 (noting that "the plaintiff's elimination of a substantial number of hours

14 from a fee application in the exercise of billing judgment tends to fortify the argument that the

15 remaining hours were reasonably expended"). Moreover, a 30% reduction can hardly be said to be

16 unfair to NP -- in fact, could be said to be generous to NP -- as demonstrated by the application of

17 that percentage reduction to the examples identified above in which NP's attorneys failed to exercise

18 billing judgment. For example, for the cross-motions for summary judgment for which NP's

19 attorneys billed more than 600 hours, a 30% reduction would result in 420 hours, which is still a

20 significant, indeed perhaps overly generous, number of hours for that task. For trial preparation

21 (exclusive of specific filings) for which NP's attorneys billed more than 750 hours, a 30% reduction

22 would result in 525 hours, which is also a substantial and possibly overly generous number of hours

23 for that task.

24       On the other hand, a larger reduction is not appropriate given that this case was vigorously

25 litigated and contested by the City, which contributed at least in part to the hours spent by both

26 parties' counsel on this litigation.

27       With a 30% reduction, Ms. Pope's hours are **2,099.30** (*i.e.*, 2,999.00 x 70% = 2,099.30), and

28 Mr. Fromm's **2,333.90** (*i.e.*, 3,334.15 x 70% ≈ 2,333.90).

1         3.     <u>Total Lodestar</u>

2         Based on an hourly rate of $240 and 2,099.30 hours, the lodestar for Ms. Pope's fees is

3 $503,832.

4         Based on an hourly rate of $225 and 2,333.90 hours, the lodestar for Mr. Fromm's fees is

5 $525,127.50.

6 B.     <u>Adjustment to Lodestar</u>

7         The City argues next that, after excluding certain hours from those claimed by NP's attorneys

8 as unreasonable, the Court should adjust the lodestar to account for NP's limited success.

9         In *Hensley*, the Supreme Court emphasized that a crucial consideration as to whether the

10 lodestar should be adjusted is the level of success obtained by the plaintiff. *See Hensley*, 461 U.S. at

11 434. If the plaintiff succeeded on some claims but not others, and the unsuccessful claims are not

12 related to the successful claims, then the court should exclude fees related to the unsuccessful claims.

13 *See id.* at 434-35. If the unsuccessful and successful claims are related, then the court should look at

14 "the significance of the overall relief obtained by the plaintiff." *Id.* at 435. If the plaintiff obtained

15 excellent results, then it should be awarded a fully compensatory attorney's fee. *See id.* If the

16 plaintiff had only partial or limited success, then a fully compensatory fee may be excessive. *See id.*

17 at 436. For example, a reduced fee award would be appropriate if, even though the plaintiff achieved

18 significant relief, it was still "limited in comparison to the scope of the litigation as a whole." *Id.* at

19 440. If the plaintiff achieved only partial or limited success, then the court may try "to identify

20 specific hours that should be eliminated, or it may simply reduce the award to account for the limited

21 success." *Id.* at 436-37.

22         1.     <u>Unrelated Claims -- Hours Incurred Prior to July 15, 2002</u>

23         In the instant case, there is no dispute that NP prevailed on only one claim – *i.e.*, the

24 Condition 13(b) claim – out of the many that it raised in its original, amended, and supplemental

25 complaints. Thus, based on *Hensley*, the first question for the Court is to determine whether

26 Condition 13(b) was related to the other claims raised by NP on which it did not prevail. In *Schwarz*

27 *v. Secretary of Health & Human Services*, 73 F.3d 895 (9th Cir. 1995), the Ninth Circuit provided an

28 extensive discussion on the issue of related versus unrelated claims.

1        The court began by noting that, in *Hensley*, the Supreme Court indicated that "claims are

2   unrelated if they are 'distinctly different claims for relief that are based on different facts and legal

3   theories'" while "claims are related if they 'involve a common core of facts or [are] based on related

4   legal theories.'" *Id.* at 902. However, these were general principles only: "*Hensley* also recognized

5   that 'there is no certain method of determining when claims are "related" or "unrelated."'" *Id.* at

6   902-03. The Ninth Circuit then went on to say that, based on previous case law, the focus was

7   "whether the unsuccessful and successful claims arose out of the same 'course of conduct.'" *Id.* at

8   903. If not, then the claims would be unrelated. *See id.*

9        The *Schwarz* court recognized that, in a few cases, it had added to the above test by asking

10  not only whether the unsuccessful claims arose from the same core of facts as the successful claim

11  but also whether it was likely that some of the work performed with respect to the unsuccessful

12  claim also aided the work done on the merits of the successful claim. *See id.* However, in the most

13  recent cases, the Ninth Circuit had applied the traditional test "without further adornment." *Id.*

14       Based on the above, the *Schwarz* court concluded that, in the case under consideration, the

15  plaintiff's unsuccessful claims were not related to her sole successful claim. *See id.* First, the

16  plaintiff's successful claim (sex discrimination) was based on a different legal theory from the

17  unsuccessful claims (violation of the Indian Preference Act, race discrimination, and nepotism). *See*

18  *id.* Second, the course of conduct as well as the relief sought "were entirely distinct and separate."

19  *Id.* The successful claim concerned events that took place in Portland whereas the unsuccessful

20  claims involved events that took place in Phoenix. *See id.* at 904. For similar reasons, the Ninth

21  Circuit determined that the plaintiff's efforts expended on the unsuccessful claims did not contribute

22  to her prevailing on the successful claim. *See id.* ("[E]xtensive discovery had been undertaken

23  before transfer [of the case to Portland] but it didn't focus on the Portland claims, which took their

24  form shortly before the case was transferred and viewed different people as the prime perpetrators of

25  the wrongs alleged.").

26       In the instant case, the Court finds that NP's successful Condition 13(b) claim was not related

27  to the claims on which it did not succeed. As discussed in Part I., *supra*, NP's unsuccessful claims

28  against the City (*i.e.*, substantive due process claims and equal protection claims) were all based on

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1  the City's handling and processing of NP's development permit application – all of which took place

2  *before* the City Council hearing on July 15, 2002, at which time the permits were finally approved.

3  In contrast, the Condition 13(b) claim was not based on the City's handling and processing of the

4  permit application; rather, it was based on the permits that were actually approved *on* July 15, 2002.

5  That is, the Condition 13(b) claim did not arise until on or shortly before July 15, 2002, because

6  Condition 13(b) did not even exist until that time; it was one of the conditions of the permits that

7  were approved on that date. *See* Liability FF ¶¶ 9-11, 13-15, 17 (noting that Condition 13(b) was not

8  part of condition of approvals presented to City Council on July 1, 2002; that it was part of

9  conditions of approval presented on July 15, 2002; and that parties stipulated to the fact that NP

10  received a copy of the conditions of approval that included Condition 13(b) on or about July 14,

11  2002). Because the successful Condition 13(b) claim arose out of a different course of conduct from

12  the unsuccessful claims, the claims are unrelated. *See also* 2 Schwartz & Kirklin, Section 1983

13  Litigation § 6.3, at 320 (noting that claims are unrelated "[i]f the events giving rise to the litigation

14  are divisible into distinctly different time periods").

15  　　　　NP tries to argue otherwise, asserting that the unsuccessful claims contributed to its

16  prevailing on the Condition 13(b) claim in two ways: (1) because the City imposed Condition 13(b)

17  on NP out of hostility and the way that the City handled and processed NP's development permit

18  application was evidence that the City had previously been hostile to NP; and (2) because the City

19  would never even have approved the permits (for which Condition 13(b) was one of the conditions)

20  unless NP had pressed forward with its unsuccessful claims related to the City's handling and

21  processing of the permit application. The latter argument was raised for the first time at the hearing

22  on the motion for attorney's fees. In any event, the Court does not find either argument persuasive.

23  　　　　Regarding the first argument, evidence of the City's prior hostility could have had some

24  relevance with respect to the Condition 13(b) claim but it was at best collateral evidence. If

25  Condition 13(b) had been the only claim pursued by NP, it is highly unlikely that NP's attorneys

26  would have expended the time that they did on events prior to July 15, 2002. Furthermore, in this

27  case, as in *Schwarz*, the extensive work undertaken by NP's attorneys before July 15, 2002, did not

28  focus on Condition 13(b). *See Schwarz*, 73 F.3d at 904 (noting that "extensive discovery . . .

United States District Court
For the Northern District of California

1  undertaken before transfer [of the case to Portland] didn't focus on the [successful] Portland claims,

2  which took their form shortly before the case was transferred and viewed different people as the

3  prime perpetrators of the wrongs alleged").[29]  Importantly, the focus of the analysis of Condition

4  13(b) was whether it constituted disparate treatment (as compared to other developers) and whether

5  there was a rational justification for it.  The Court found the Condition was not objectively justified.

6  The Court did not find the Condition was motivated by subjective hostility.

7         As for the second argument, what motivated the City (other than an unconstitutional motive)

8  to approve the permit is irrelevant; the challenge here was to the legality of the Condition the City

9  ultimately imposed.  To the extent NP contends its earlier litigation effort on its unsuccessful claims

10  led the City to approve of NP's development permit application (albeit with Condition 13(b) as a

11  hidden "poison pill"), and which in turn led to its successful challenge to Condition 13(b), a claim

12  for fees is based on such a causal analysis is not only remote, it is barred by *Buckhannon Board &*

13  *Care Home v. West Virginia Department of Health & Human Resources*, 532 U.S. 598 (2001).  In

14  *Buckhannon*, the Supreme Court specifically rejected the argument that a party could be deemed a

15  prevailing party under Section 1983 if its lawsuit served as a catalyst in bringing about a voluntary

16  change in the defendant's conduct.

17         Because the successful Condition 13(b) claim is unrelated to the claims on which NP did not

18  prevail, the Court excludes all hours expended by NP's hours prior to July 15, 2002, *i.e.*, at or about

19  the time that Condition 13(b) first came into existence.

20

21

| JAQUELYNN POPE | | |
|---|---|---|
| 12/10/01 Statement | 86.3 | |
| 1/16/02 Statement | 18.5 [not 18] | |

24

25  [29] Notably, the claims based on the processing and handling of NP's development permit
26  application were largely focused on hostility on the part of Mr. Crabtree, who appears to have no input
    on Condition 13(b).  *See* Liability FF ¶ 16 ("Mr. Diaz inserted the phrase 'jointly and severally' [into
27  Condition 13(b)] at the direction of Mr. Siegel of the McDonough firm, outside litigation counsel for
    the City."); Liability FF ¶ 88(c) ("Both Mr. Diaz and Mr. Crabtree testified credibly that Mr. Crabtree
28  did not have anything to do with the drafting of Condition 13(b) and did not review it substantively prior
    to the presentations to the Planning Commission and City Council.").

**United States District Court**
For the Northern District of California

| 2/10/02 Statement | 12.3 | |
|---|---|---|
| 3/13/02 Statement | 56 [not 56.52] | |
| 4/11/02 Statement | 54.6 [not 53.6] | |
| 5/10/02 Statement | 73 | |
| 6/19/02 Statement | 54.35 [not 54.85] | |
| 7/26/02 Statement | 51.75 | |
| **TOTAL** | **406.80** | |

| KEITH FROMM | | |
|---|---|---|
| As of 10/31/01 | 8 | |
| As of 11/26/01 | 21.25 | |
| As of 12/18/01 | 32 | |
| As of 1/31/02 | 23.5 [not 24.5] | |
| As of 2/28/02 | 56.5 | |
| As of 3/31/02 | 111.5 | |
| As of 4/28/02 | 188.5 | |
| As of 5/7/02 | 10 | |
| As of 6/28/02 | 113.5 | |
| As of 7/8/02 | 30 | |
| **TOTAL** | **594.75** | |

Excluding the above hours, Ms. Pope is left with **1,692.50 hours** (*i.e.*, 2,099.30 – 406.80 = 1,692.50), and Mr. Fromm with **1,739.15 hours** (*i.e.*, 2,333.90 – 594.75 = 1,739.15).

2.      Unrelated Claims -- Hours Incurred After July 15, 2002

As for hours incurred after July 15, 2002, NP's attorneys spent time working on both the Condition 13(b) claim and the unsuccessful claims. Notably, however, the Court's summary judgment ruling of June 30, 2003, made clear that the only claim that would proceed to trial was the Condition 13(b) claim. Thus, after June 30, 2003, NP's attorneys for the most part litigated only the Condition 13(b) claim, the one exception being hours incurred in May and June 2005 when NP tried

1    to resuscitate its substantive due process claims based on the Supreme Court's holding in *Lingle v.*

2    *Chevron U.S.A. Inc.*, 125 S. Ct. 2074 (2005).  In contrast, between July 15, 2002, and June 30, 2003,

3    the majority of hours incurred were related to the unsuccessful claims and not Condition 13(b).  The

4    declaration of Kevin Siegel bears this out, *see, e.g.*, Siegel Decl. ¶¶ 11-21 & Exs. A-D (discussing

5    depositions taken in spring 2003, which spent minimal time on Condition 13(b)), and NP has not

6    provided evidence to the contrary.  Indeed, the relative insignificance of Condition 13(b) to NP

7    during this time period is reflected in NP's motion for summary judgment, which devoted less than a

8    page to the issue of Condition 13(b).[30]  *See also* Damages FF ¶ 46 ("Significantly, NP's own actions

9    demonstrated that, for quite some time, it considered Condition 13(b) as having only a nuisance

10    value.  Until the spring of 2003 (*i.e.*, around the time summary judgment motions were filed),

11    Condition 13(b) was not of special significance to NP.  For example, NP did not do much to

12    highlight to the City its concern over Condition 13(b) before the condition was formally imposed on

13    August 12, 2002.").

14        In short, for approximately one year (from July 15, 2002, to June 30, 2003), NP's attorneys

15    focused their efforts on the unsuccessful claims and, for approximately two years thereafter (from

16    July 1, 2003, to the present), they focused their efforts on Condition 13(b).  *See also* 2 Schwartz &

17    Kirklin, Section 1983 Litigation § 6.3, at 320 (noting that claims are also unrelated "[i]f the several

18    claims are litigated at distinctly separate stages of the suit").

---

25    [30] Similarly, in his declaration in support of NP's motion for summary judgment, Mr. Fromm

26    spent only 6 out of 65 pages on Condition 13(b).  Mr. Fromm's declaration also demonstrates that there was very limited discovery on Condition 13(b).  *See, e.g.*, Fromm Decl. ISO NP's Mot. for Summary

27    Judgment ¶¶ 178-84 (discussing two projects approved by the City that did not contain any condition like Condition 13(b); the deposition of Ms. Carr, who testified that she had never heard of a condition

28    like Condition 13(b); and the deposition of Mr. Diaz, who testified that he had generated Condition 13(b) with the input of counsel).

a. <u>Hours Incurred Between Approximately July 15, 2002, and June 30, 2003</u>

Given the above situation, the Court excludes 75% of the hours spent by NP's attorneys between approximately July 15, 2002, and June 30, 2003, to account for time spent on unrelated claims as opposed to the Condition 13(b) claim. *See Schwarz*, 73 F.3d at 904 (providing that a district court may take a percentage reduction to account for work spent on unsuccessful claims). Arguably, the Court could take a higher percentage reduction given the relative unimportance of Condition 13(b) to NP (playing virtually no express role relative to the other claims) until the Court's ruling denying the City summary judgment on the Condition 13(b) claim. However, the Court concludes that 75% is an appropriate percentage reduction since the condition was significant enough for NP to take some (albeit limited) discovery that ultimately could have had some relevance to the Condition 13(b) claim and that was included in its motion for summary judgment.

| JAQUELYNN POPE | | |
|---|---|---|
| 8/20/02 Statement | 74.7 | |
| 9/12/02 Statement | 108.00 [not 109.00] | |
| 10/11/02 Statement | 40.00 | |
| 12/10/02 Statement | 43.50 | |
| 5/1/03 Statement | 290.00 | |
| 6/1/03 Statement | 251.50 | |
| 8/2/03 Statement [from 6/2/03 to 6/30/03] | 70.50 | |
| **TOTAL** | **878.20** | |
| | **878.20 x 75% ≈658.70** | |

| KEITH FROMM | | |
|---|---|---|
| As of 7/31/02 [from 7/11/02 to 7/31/02] | 85.00 | |
| As of 8/30/02 | 131.50 [not 132.00] | |
| As of 9/26/02 | 40.00 | |
| As of 10/30/02 | 58.50 | |
| As of 11/22/02 | 32.00 | |

| | | |
|---|---|---|
| As of 12/4/02 | 1.00 | |
| As of 2/25/03 | 20.50 | |
| As of 3/31/03 | 125.00 [not 127.00] | |
| As of 4/29/03 | 288.00 [not 290.00] | |
| As of 5/31/03 | 263.00 [not 267.50] | |
| As of 6/16/03 | 71.00 | |
| **TOTAL** | **1,115.50** | |
| | **1,115.50 x 75% ≈ 836.60** | |

      b.    <u>Hours Incurred After June 30, 2003</u>

As for hours spent by NP's attorney's after June 30, 2003, the Court shall count all hours except for those related to the substantive due process claim that NP tried to resuscitate based on *Chevron*. Those hours are as follows.

| JAQUELYNN POPE | | | |
|---|---|---|---|
| **DATE** | **HOURS** | **FEES** | **DESCRIPTION** |
| 5/23/05 | 1.00 | | Review Chevron case |
| 5/26/05 | 8.00 | | LR re Chevron; substantive due proces; prep. applicatoin [sic] to extend time to appeal |
| 5/28/05 | 3.00 | | LR re procedure; remand from 9th Cir. etc. |
| 6/1/05 | 6.00 | | Draft application for indication re Chev[r]on issue |
| 6/2/05 | 2.00 | | Draft App. re Chevron; LR re remand |
| 6/3/05 | 2.50 | | Prep for and conference call w/Judge Chen |
| 6/12/05 | 6.00 | | Prep Brief Why Court Should Hear Chevron Issue |

| 6/14/05 | 1.00 | | Receipt & review City's brief on Chevron issue |
|---|---|---|---|
| 8/6/05 | 1.50 | | Receipt and review of Court's order declining indication; review file |
| **TOTAL** | **31.00** | | |

| KEITH FROMM | | | |
|---|---|---|---|
| **DATE** | **HOURS** | **FEES** | **DESCRIPTION** |
| 5/31/05 | 1.50 | | Reviewed cases re: Armendariz and whether overturned by Chevron case |
| 6/1/05 | 1.00 [counting only 0.80] | | <u>Reviewed and revised Request for Indication of Interest in 60(b) Motion to Judge Chen.</u> Teleconference with J. Pope |
| 6/3/05 | 1.00 | | *Telephone conference with J. Chen, J. Pope and Pat McMahon* |
| 6/3/05 | 1.00 | | *Memos to Kalmbach and Johnson re: conference and settlement issues* |
| 6/12/05 | 2.00 | | Reviewed and revised brief on 60(b) motion |
| 6/13/05 | 1.00 | | Revised brief re: 60(b) motion |
| **TOTAL** | **7.30** | | |

c.    <u>Summary</u>

Excluding the above hours, Ms. Pope is left with **1,002.80 hours** (*i.e.*, 1,692.50 − 658.70 −
31.00 = 1,064.80), and Mr. Fromm with **895.25 hours** (*i.e.*, 1,739.15 − 836.60 − 7.30 = 895.25).  In
calculating the adjusted lodestar, the Court arrives to the following conclusion:

United States District Court

For the Northern District of California

1    1,002.80 x $240 = $240,672.00 for Ms. Pope.

2    895.25 x $225 = $201,431.25 for Mr. Fromm.

3    Total = $442,103.25

4        3.    Limited Success on Condition 13(b) Claim

5        Finally, the City argues that there should be a reduction in the hours claimed by NP because

6    of its limited success on the Condition 13(b) claim, the one claim upon which it did prevail.  The

7    City points out that NP was awarded damages in the amount of $156,741.19 (including prejudgment

8    interest but exclusive of attorney's fees).  *See* Docket No. 493.  Without prejudgment interest, the

9    damages would have been approximately $124,000.  *See* Opp'n at 14.  According to the City, this

10    must be considered limited success because NP had sought damages in the amount of $10.1 to $16.3

11    million (exclusive of both attorney's fees and prejudgment interest): "NP was awarded only "1.23%

12    of the damages it sought under its temporary takings analysis and only .76% of the damages NP

13    sought under its permanent takings analysis."  Opp'n at 14.

14        As a preliminary matter, the Court acknowledges that NP sought only monetary damages for

15    the constitutional violation by the City and that the small damages awarded compared to the amount

16    sought arguably is relevant to the level of success achieved by NP.  *See McGinnis v. Kentucky Fried*

17    *Chick of Cal.*, 51 F.3d 805, 810 (9th Cir. 1994) (emphasizing that, "[w]here the relief sought and

18    obtained is limited to money, the terms 'extent of success' and 'level of success' are euphemistic

19    ways of referring to money").  But the award of $124,000 can hardly be said to be nominal damages.

20        Moreover, the Supreme Court has emphasized that fee awards need not "be proportionate to

21    the amount of damages a civil rights plaintiff actually recovers." *City of Riverside v. Rivera*, 477

22    U.S. 561, 564-65 (1986) (plurality opinion).  In *Riverside*, the Supreme Court affirmed a fee award

23    of approximately $245,456.25 even though the actual damages award was only $33,350.  In other

24    words, the fee award was approximately seven times greater than the damages award.  Therefore, the

25    City's reliance on *McGinnis*, in which the Ninth Circuit stated that "no reasonable person would pay

26    lawyers $148,000 to win $34,000" (and therefore directed the district court to reduce the fee award

27    "so that it is commensurate with the extent of the plaintiff's success"), is not dispositive. *Id.*; *see*

28    *also Corder v. Brown*, 25 F.3d 833, 837 (9th Cir. 1994) ( instructing district court to recalculate fee

**United States District Court**

For the Northern District of California

1   award, taking into consideration (1) the fact that the amount of damages awarded as compared to the

2   amount of damages sought was minimal -- *i.e.*, $24,006 compared to $1 million -- and (2) the fact

3   that the number of defendants found liable as compared to the number of defendants sued was

4   insignificant -- *i.e.*, 3 defendants out of the 45 named in the complaint).

5          The only fact that gives the Court some pause is that NP sought with this case a permanent

6   taking but the Court concluded that there had been in the end only a temporary taking. In *Hensley*,

7   the Supreme Court discussed an Eighth Circuit case in which a fired schoolteacher sought

8   reinstatement, lost wages, $25,000 in damages, and expungement of derogatory material from her

9   employment record. *See Hensley*, 461 U.S. at 440 n.14. The schoolteacher recovered her lost wages

10  and the requested expungement but not the reinstatement or damages. *See id.* The Supreme Court

11  noted that the schoolteacher "had lost on the major issue of reinstatement" and so "obtained only a

12  minor part of the relief she sought." *Id.* (internal quotation marks omitted). Consequently, it was

13  within the trial court's decision to have made a limited fee award in light of the minor relief

14  obtained. *See id.* Given this analysis in *Hensley*, one could argue that NP obtained only a minor part

15  of the relief sought – *i.e.*, a temporary taking instead of a permanent taking – which would justify a

16  downward adjustment to the lodestar.

17         However, a further reduction in the fee award is not appropriate on this basis. The gravamen

18  of the complaint was the unconstitutional imposition of an unreasonable condition. NP proved the

19  claim and obtained more than nominal monetary relief. The issue of permanent versus temporary

20  takings pertained to the measure of damages not the type of relief sought as in the Eighth Circuit

21  case.

22         Finally, the Court has already substantially reduced the lodestar. The adjusted lodestar of

23  $442,103.25 is not disproportionate to the $124,000 in damages obtained.

24  C.     Work on Fee Application

25         A § 1983 plaintiff may recover attorney's fees for time reasonably spent in pursuing a motion

26  for attorney's fees. However, "[f]ee petition litigation should be treated as a 'separate entity subject

27  to lodestar and *Hensley* reduction analysis.'" *Rode v. Dellarciprette*, 892 F.2d 1177, 1192 (3d Cir.

28  1990); *see also Public Interest Group of N.J., Inc. v. Windall*, 51 F.3d 1179, 1190 (3d Cir. 1995)

1   (holding that request for fees-on-fees award should be analyzed separately from the request for fees

2   for the merits litigation).

3          The Court addresses first what is the proper lodestar.  In terms of a reasonable hourly rate, the

4   Court finds that the rates used for the merits litigation are appropriate (*i.e.*, hourly rates of $240 for

5   Ms. Pope and $225 for Mr. Fromm).

6          As for a reasonable number of hours, based on the Court's review of the billing records, Ms.

7   Pope spent the following hours on the fee application (including the bill of costs).

| JAQUELYNN POPE | | | |
|---|---|---|---|
| **DATE** | **HOURS** | **FEES** | **DESCRIPTION** |
| 5/10/05 | 6.00 | | LR Attorney Fees; review files |
| 5/11/05 | 7.00 | | LR attorney fees; review files; etc. |
| 5/16/05 | 4.00 | | Prep. attorney fees motion |
| 5/17/05 | 6.00 | | Prep. attorney fees, review fees |
| 5/18/05 | 8.00 | | LR attorney fees; prep atty fees |
| 5/19/05 | 2.50 | | LR atty fees |
| 5/20/05 | 6.00 | | Review costs |
| 8/9/05 | 1.00 | | Stipulation and order to extend time to file attorneys fees |
| 9/1/05 | 3.00 | | Prepare declarations re attorneys fees; etc. |
| 9/4/05 | 6.50 | | Prepare points and authorities re attorneys' fees |
| 9/5/05 | 9.00 | | Prep. P&A's; memorandum of costs |
| **TOTAL** | **59.00** | | |

In her reply declaration, Ms. Pope claims to have spent an additional 71.50 hours preparing the reply brief and other papers such as the motion to strike the Schratz declaration. *See* Pope Reply Decl. ¶ 51. Further, Ms. Pope asserts that she anticipates spending 24.00 more hours on reviewing the City's opposition to NP's motion to strike and preparing for, traveling to, and attending the hearing on the motion for attorney's fees. *See id.* Ms. Pope, however, provides no evidence such as contemporaneous billing records to support the claim for the additional 71.50 hours. Moreover, she provides no explanation as to how she determined that 24.00 more hours constituted a reasonable amount of time to review the City's opposition to the motion to strike and to prepare for, travel to, and attend the hearing. The Court, therefore, shall not award any of these fees, especially when NP was specifically warned that all briefing and accompanying submissions related to the motion for fees had to be provided by October 31, 2005. *See* Docket No. 551.

| KEITH FROMM | | | |
|---|---|---|---|
| **DATE** | **HOURS** | **FEES** | **DESCRIPTION** |
| 5/16/05 | 6.00 | | Prepared attorneys' fees motion and back up documentation |
| 5/17/05 | 4.00 | | Prepared Attorneys' fees motion and backup documentation |
| 5/18/05 | 8.00 | | Prepared Attorneys' fees motion and back up documentation |
| 5/24/05 | 3.50 | | Prepared motion for legal fees |
| 9/6/05 | 7.00 | | Prepared and revised Motion for Attorneys Fees |
| 9/7/05 | 10.00 | | Prepared and revised Motion for Attorneys fees, declarations etc. |
| **TOTAL** | **38.50** | | |

United States District Court

For the Northern District of California

1    NP does not appear to make any claim for fees based on hours spent by Mr. Fromm on the

2    reply brief and supporting declarations. Mr. Fromm's reply declaration also does not provide any

3    accounting of hours.

4    Thus, *excluding* the hours claimed by Ms. Pope in her reply declaration, NP seeks 97.50

5    hours for time spent on the fee application -- *i.e.*, on the opening brief and supporting declarations

6    only. The Court finds that this number of hours is excessive. The opening brief was only 15 pages

7    and the declarations in support of the opening brief were only a few pages in length each. Moreover,

8    it should not have taken a significant amount of time for NP's attorneys to print out their

9    contemporaneous billing records, assemble them, and calculate the total number of hours. The Court

10   finds that, under the circumstances, it should have taken no longer than 50.00 hours total to prepare

11   the opening brief and supporting declarations. The Court shall therefore exclude 28.50 hours from

12   Ms. Pope's time and 19.00 hours from Mr. Fromm's time (for a total of 47.50 hours), in rough

13   proportion to their time spent on the task. This leaves Ms. Pope with 30.50 hours (*i.e.*, 59.00 –

14   28.50 = 30.50) and Mr. Fromm with 19.50 hours (*i.e.*, 38.50 – 19.00 = 19.50). The lodestar for the

15   fee application is thus $11,707.50 ($7,320 for Ms. Pope and $4,387.50 for Mr. Fromm).

16   Having determined the lodestar, the Court now turns to whether there should be an

17   adjustment to the lodestar under *Hensley*. *See Schwarz*, 73 F.3d at 909 (observing that fees-on-fees

18   award must be adjusted to reflect partial success on underlying fee motion); *In re Burlington*

19   *Northern, Inc.*, 832 F.2d 430, 434 (7th Cir. 1987) (holding that *Hensley* applies to a fees-on-fees

20   award). While NP did seek some $1.9 million in fees related to substantive work on the case but

21   receives only $442,103.25 in fees for the merits, the adjusted lodestar for fees work -- $11,707.50 --

22   is reasonable in light of the substantial fees obtained by virtue of the fee motion.

23   D.    Costs

24   Finally, regarding costs, the Court notes that certain litigation expenses may be recovered as

25   statutory costs pursuant to Federal Rule of Civil Procedure 54(d) and 28 U.S.C. § 1920. *See also*

26   Civ. L.R. 54-3 (providing more details about recoverable statutory costs). Other litigation expenses,

27   however, are recoverable as part of attorney's fees. Section 1988 has been interpreted by courts to

28   authorize the recovery of litigation expenses that exceed or are not included within statutory costs

-73-

1   pursuant to § 1920.  *See* 2 Schwartz & Kirklin, Section 1983 Litigation § 8.8, at 417-18.  The Fourth

2   Circuit has stated that the difference between the scope of costs taxable under Rule 54(d)/§ 1920 and

3   under § 1988

4           is due to the fact that "these two bodies of law . . . are grounded in
            antithetical policies."  Rule 54(d) and § 1920 are premised on the
5           traditional "American Rule" that each party to a lawsuit bear its own
            costs.  Section 1988 was intended as an exception to the American
6           Rule and is premised on the idea of fee shifting.  Because meritorious
            civil rights plaintiffs are "private attorney generals" enforcing
7           important congressional policies, § 1988 is intended to encourage them
            to bring suit by shifting the costs of litigation to defendants who have
8           been found to be wrongdoers.

9   *Daly v. Hill*, 790 F.2d 1071, 1083 (4th Cir. 1986).

10          NP has filed a bill of costs (amended on October 3, 2005, *see* Docket No. 539) pursuant to

11  Rule 54(d) and § 1920.  In addition, in its motion for attorney's fees, NP also seeks compensation for

12  certain litigation expenses as part of her attorney's fees.  It appears that NP's fee motion includes at

13  least some of the litigation expenses itemized on its amended bill of costs -- *i.e.*, there is some

14  duplication.  Accordingly, the Court hereby orders the parties to proceed as follows.

15          First, the Court shall not in the first instance rule on the bill of costs but rather shall direct the

16  Clerk of the Court to tax costs pursuant to Rule 54(d) and § 1920.  *See* 10-54 Moore's Fed. Prac. --

17  Civ. § 54.100[3] ("The initial responsibility for the taxing of costs is placed upon the clerk of the

18  district court.").  Once the Clerk of the Court tax costs, then either party may -- pursuant to Rule

19  54(d) -- ask that the decision be reviewed by the Court.  Although Rule 54(d) provides that judicial

20  review of the clerk's action may be obtained by serving a motion within five days of the Clerk's

21  action, the Court shall modify the time schedule as follows: Each party shall have seven court days

22  (upon receipt of the Clerk's decision) to file a motion asking for judicial review of the Clerk's

23  action, after which the opposing party shall have seven court days to file an opposition.  There shall

24  be no reply brief.

25          In the meantime, to the extent NP seeks costs *beyond* the statutory costs permitted by Rule

26  54(d) and § 1920 -- *i.e.*, additional costs permitted under § 1988 -- the Court shall allow NP to file a

27  motion asking for such costs.  *In this motion, NP shall not ask for any costs already covered in its*

28

United States District Court
For the Northern District of California

-74-

1  *bill of costs in order to avoid duplication.* NP shall file such a motion by January 4, 2006; the City

2  an opposition by January 11, 2006; and NP a reply by January 18, 2006.

3      The Court acknowledges that the parties have already made some arguments regarding costs

4  in their briefing on the motion for attorney's fees but concludes that the above approach makes the

5  most sense to ensure that there is no duplication of a cost award. The Court also notes that NP will

6  *not* be entitled to fees for this additional work on costs under § 1988 because NP should have

7  properly submitted a request for costs as part of attorney's fees that was *not* duplicative of its bill of

8  costs. In other words, the confusion here is one of NP's making and therefore NP will not be

9  rewarded for its inefficiency.

### III.    CONCLUSION

11      In sum, NP is entitled to $442,103.25 in fees on the merits portion of this case, and

12  $11,707.50 in fees for the fees work herein.

13      This order disposes of Docket No. 528.

15      IT IS SO ORDERED.

17  Dated: December 16, 2005

EDWARD M. CHEN
United States Magistrate Judge

United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

North Pacifica LLC,

             Plaintiff,

   v.

City of Pacifica et al,

             Defendant.

_____/

Case Number: CV01-04823 EMC

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on December 16, 2005, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Amy DeVaudreuil
Goldfarb & Lipman LLP
1300 Clay Street, Ninth Floor
City Center Plaza
Oakland, CA 94612

Benjamin Louis Stock
McDonough Holland & Allen PC
1901 Harrison Street
9th Floor
Oakland, CA 94612

Cecilia Quick
City of Attorney City of Pacifica
170 Santa Maria Avenue
Pacifica, CA 94044

James T. Diamond
Goldfarb & Lipman LLP
1300 Clay Street
Ninth Floor
City Center Plaza
Oakland, CA 94612

Jaquelynn C. Pope
Warshaw & Pope
934 Hermosa Avenue
Suite 14
Hermosa Beach, CA 90254

Joel Samuel Jacobs
California Attorney General's Office
1515 Clay Street
Suite 2000
Oakland, CA 94612-0550

Keith Mitchell Fromm
KEITH FROMM, ATTORNEY
914 Westwood Boulevard
Suite 500
Los Angeles, CA 90024

Kevin Drake Siegel
McDonough Holland & Allen PC
1901 Harrison Street
9th Floor
Oakland, CA 94612

Lee Charles Rosenthal
Goldfarb & Lipman LLP
1300 Clay Street, Ninth Floor
City Center Plaza
Oakland, CA 94612

Mark D. Warshaw
Warshaw & Pope
934 Hermosa Avenue
Suite 14
Hermosa Beach, CA 9054

Mark L. Armstrong
Gagen McCoy McMahon & Armstrong
279 Front Street
P.O. Box 218
Danville, CA 94526-0218

Megan Holt Matthew
McDonough Holland & Allen PC
1901 Harrison Street
9th Floor
Oakland, CA 94612

Michelle Marchetta Kenyon F
McDonough Holland & Allen PC
1901 Harrison Street
9th Floor
Oakland, CA 94612

2

Natalie Elsa West
McDonough Holland & Allen PC
1901 Harrison Street
9th Floor
Oakland, CA 94612

Patrick Joseph McMahon
Gagen McCoy McMahon & Armstrong
279 Front Street
P.O. Box 218
Danville, CA 94526-0218


Dated: December 16, 2005

RICHARD W. WIEKING, CLERK


By:  _____

**LENI DOYLE**

Leni Doyle, Deputy Clerk

3

# EXHIBIT 4

1.      **Courts That Have "Rejected" My Methodology.** As an initial matter, although there may be an expert who proves to be the exception to the rule, I know of no expert whose opinion is wholly accepted by courts 100 percent of the time. I am aware of approximately twenty-four (24) cases (out of the approximately 3,600 audits I have performed around the country) in which the courts have criticized aspects of my methodology or credentials.

2.      The following is my analysis and/or discussion of those cases.

3.      *Zuegel v. Mountain View Police Department*, United States District Court, Northern District of California, San Jose Division, Case No. 17-cv-03249-BLF ("*Zuegel*"). *Zuegel* alleged Fourth Amendment violations were committed by the Mountain View Police Department. The jury found that certain violations were committed and awarded $3,000 in damages. Subsequently, Plaintiff's attorneys sought $864,486.90 in attorney's fees plus additional charges for preparing a reply brief to the motion for fees. Following my analysis, I concluded that Plaintiff's attorneys should be awarded no more than $77,627.65 in fees.

4.      Plaintiff's counsel, Violet Grayson, requested fees at a rate of $675 per hour. Evaluating the information submitted in support of the fee motion and other rate information as well as the case documents, I recommended that she be compensated at no more than $525 per hour.

5.      The *Zuegel* court rejected my recommended rate for Ms. Grayson. It cited *Curtin v. County of Orange*, which in turn cited *Lopez v. San Francisco Unified Sell.* [sic] *Dist.* for the proposition that "multiple courts" had held my methodology lacked legal and factual support. I note that despite the *Curtin* case's reference to "multiple courts," *Curtin* only cited to a single case: *Lopez*. Furthermore, while the *Lopez* court did reject parts of my opinion, the court did not cite to any other case or court that had rejected my opinions.

6.      The *Zuegel* court then cited to Judge Koh of the Northern District who rejected my opinion in *Kalani v. Starbucks* that solo practitioners should be paid less [than attorneys who work at large law firms] based on firm size alone because there was no Ninth Circuit authority for this holding.

7.      First, I have *never* stated that law firm size *alone* should dictate an appropriate hourly rate. However, I have stated that law firm size does affect what an appropriate hourly rate may be.

8.      In support of my opinion in *Zuegel* that smaller law firms typically do not charge rates that larger law firms can or do charge, I cited to seven cases out of the United States District Court for the Southern District of New York and one case out of the District Court for Kansas. I also referenced the 2016 Real Rate Report that confirmed law firm size has the largest impact on hourly rates. The Real Rate Report is an analysis of law firm rates based on invoice data published by Wolters Kluwer that has been cited with approval by courts nationwide, including in California. I also cited to a case out of the Central District of California (*Common Cause v. Jones* (C.D. Cal. 2002) 235 F.Supp.2d 1076, 1081-1082) as well as a Los Angeles Superior Court case (*Streisand v. Adelman*, Los Angeles Superior Court Case No. SC077 257 (ruling filed on May 10, 2004, at p. *4)) that both recognized that the size of a law firm could be taken into consideration when determining rates for lawyers.

9.      As the Ninth Circuit has stated (quoting Carl Sagan and possibly others), "the absence of evidence is not evidence of absence." (*Altera Corp. v. Comm'r* (9th Cir. 2019) 926 F.3d 1061, 1099; see also *International Ass'n of Machinists Workers, Local Lodge 964 v. BF Goodrich Aerospace Aerostructures Group* (9th Cir. 2004) 387 F.3d 1046, 1055; *AirWair International Ltd. v. Pull & Bear Espana SA* (N.D. Cal. July 12, 2021) 19-cv-07641-SI, at p. *1.) The lack of 9th Circuit authority for the proposition that firm size affects billing rates does not mean that firm size does not affect billing rates.

10.     As referred to later in this report, the 2016 Real Rate Report stated law firm size *does* have an impact on hourly rates. Furthermore, earlier this year, in June 2022, LexisNexis published the LexisNexis CounselLink® Enterprise Legal Management Trends Report ("LexisNexis Report"). The LexisNexis Report is based on data derived from over $49 billion in legal spending, more than 350,000 timekeepers, and more than 1.2 million matters. The key metrics were based on charges billed by outside counsel in 2021. The LexisNexis Report stated

that: "The size of a law firm is highly correlated to the rates billed by its lawyers." (LexisNexis Report, p. 14.) Based on their analysis of $49 billion in legal spending, they found that the median partner rate at the largest (750+ attorneys) law firms was $895 while the median partner rate at the smallest law firms (<50) was $300. (*Id.*) Thus, the largest law firms were billing rates almost 300 percent (298 percent to be accurate) higher than the smallest law firms.

11.     The lack of Ninth Circuit precedent does not establish that law firm size does not affect billing rates. The Real Rate Report and the LexisNexis Report establish that law firm size *does* affect billing rates.

12.     The *Zuegel* court independently calculated Plaintiff's attorney's lodestar based upon an updated billing table (*Zuegel*, p. 15:12-13). The updated billing table requested an award of $952,222.50. (*Id.*) This was inclusive of a 1.1 multiplier. The court determined that they were requesting $882,545.80. (*Zuegel*, p. 20:3-8.) After analysis of various factors, the court eventually awarded $449,166.19 in fees, or a 49 percent reduction from the calculated lodestar.

13.     Thus, although the *Zuegel* court made a broad, sweeping statement that "multiple courts had rejected my methodology" (quoting from *Curtin*), the only specific objection it had with my "methodology" related to law firm size affecting appropriate hourly rates, which I have addressed above.

14.     ***Curtin v. County of Orange***, United States District Court, Central District of California, Case No. SACV16-00591-SVW-PLA ("*Curtin*"), 2018 U.S. Dist. LEXIS 233110. *Curtin* alleged violations of the United States Constitution were committed by the Orange County Sheriff's Department. Plaintiff prevailed on certain claims and her attorneys sought $1,044,055.00 in attorney's fees. Following my analysis, I concluded that Plaintiff's attorneys should be awarded no more than $480,840.40 in fees.

15.     The *Curtin* court stated:

Multiple courts, including the Ninth Circuit, have already held that his [i.e., my] methodology in calculating fees lacks legal and factual support. See e.g. *Lopez v. San Francisco Unified Sch. Dist.*, 385 F. Supp. 2d 981, 992-993 (N.D. Cal. 2005)

*Curtin*, *33.

16.     However, despite claiming that multiple courts had criticized my methodology, the only case cited by *Curtin* was *Lopez*, a Northern District of California case that is discussed below.

17.     The *Curtin* court stated that it had three concerns with my qualification as an expert under Federal Rule of Evidence 702. First, it stated that my opinions were not based on personal knowledge. Second, it stated that I was not qualified to opine on the reasonableness of attorney fees. Third, it stated that my opinions were not based on a reliable methodology but frequently relied on speculation. (*Curtin*, *34.)

18.     Regarding the court's first concern, it stated:

> Regarding personal knowledge and a lack of foundation, Schratz does not have personal knowledge of the facts he asserts in his declaration. Schratz was not at the hearings where he disputes the number of plaintiffs' attorneys in attendance. Furthermore, Schratz makes broad sweeping generalizations about contingency fees as a whole, without providing [*35]  and specific or factual support to show the contingency fee in the case at hand was problematic. Schratz Decl. ¶ 58.

*Curtin*, *34.

19.     My understanding of FRE 702 is that expert testimony needs to be "based on sufficient facts or data." "Personal knowledge" is not mentioned or referred to anywhere in the Rule. As I state in virtually all my declarations, as part of the audit in *Curtin* I reviewed *all* the pleadings, deposition transcripts, trial transcripts, motions, and discovery. Although I was not at the various events to count the number of plaintiff's attorneys present, the court records, transcripts, and plaintiff's attorneys' billing records themselves provided the "facts and data" upon which I based my opinions.

20.     With regard to the alleged "broad sweeping generalizations about contingency fees as a whole," I stated the following in the referenced paragraph (Schratz Decl. in *Curtin*, ¶ 58):

> This type of agreement [a fee-shifting contingency agreement] appears to reward liberal, if not actual excessive billing by the attorneys and other legal professionals: That is, the more they billed, the more fees they could claim under the fee petition, and the more the attorneys stand to recover.

21.     I am unsure where the court found "broad sweeping generalizations" in this paragraph. There are only two opinions in this paragraph.: Attorneys may choose to engage in liberal billing practices; if they bill more, they can recover more. The fact is that in every single case I have audited involving this type of fee agreement, as far as I have been made aware, the plaintiff has *never* seen, let alone reviewed at any time, the attorney's invoices. Regular client review of attorney invoices serves an important function in seeking to ensure that billing records accurately reflect the work done. Without that regular review, improper or inaccurate billing can happen and not be flagged. The second statement, that if attorneys bill more they stand to recover more, is simply a truism.

22.     I stated that attorneys *may* overbill, but two paragraphs later I also stated: "The auditor approaches all legal fee audits with the assumption that most attorneys do not intentionally inflate their bills." (Schratz Decl. in *Curtin*, ¶ 60.)

23.     Regarding the court's second concern, it stated that I was not qualified to provide opinions on the reasonableness of attorneys' fees because I had no experience with the issues in the case and the reference cases I cited for the recommended rates were not from the Central District of California.

24.     Returning to FRE 702, experience is one basis on which an expert may be qualified, but it is only one out of the five enumerated bases: "A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion …."

25.     While it is true that I have never been involved in a *Monell* case as a practicing attorney or supervising attorney, the *Curtin* court nowhere addressed my knowledge, skill, training, or education as a legal fee expert. The court also did not acknowledge my experience as a legal fee auditor.

26.     As for the recommended rates, my exhaustive search found only one case, which happened to be from the Eastern District of California, in which any of the Plaintiff's attorneys had been awarded fees by a Court. I used that case, adjusted for time and location, as the basis

for the recommended rates in *Curtin* as the Eastern District court had already determined Plaintiff's attorney's reasonable rate rather than using a rate awarded to another attorney.

27.    Regarding the court's final concern, it stated that my opinions were not based on a reliable methodology but frequently relied on speculation. The court did not cite to any specific methodology that it found to be unreliable so I do not know what the court was thinking when it made this statement. Furthermore, I have re-reviewed my declaration in *Curtin* and have not found a single instance where I *speculated* on an auditing issue. In certain instances, I made estimates or arrived at educated conclusions, but I do not, and did not, guess on any auditing issue.

28.    ***Kalani v. Starbucks Corp.***, United States District Court, Northern District of California, San Jose Division, Case No. 13-CV-00734-LHK ("*Kalani*"), 2016 U.S. Dist. LEXIS 12445. *Kalani* was an ADA access case. The court granted injunctive relief and a statutory damage award of $4,000. Plaintiff's attorneys sought $135,931 in fees.

29.    Unbeknownst to me, rather than file any actual opposition to the motion for fees, defense counsel simply "adopted" my declaration as the opposition and asked the court to accept my conclusions. As my declaration was not intended to be an opposition brief, it contained no legal arguments.

30.    ***Lopez v. San Francisco Unified Sch. Dist.*** (N.D. Cal. 2005) 385 F. Supp. 2d 981. *Lopez* was a class action. The *Lopez* opinion is basically a precursor to the *Curtin* opinion, making many of the same points related to FRE 702 as the later *Curtin* court made. I have the same response to those points here as I made in *Curtin*.

31.    ***Amphastar Pharms. Inc. v. Aventis Pharma SA*** (C.D. Cal. Nov. 13, 2020) Case No. No. 5:09-cv-00023-SHK, 2020 U.S. Dist. LEXIS 251236. The *Amphastar court* rejected my argument on conferencing and there were some errors in specifically identifying certain types of billing entries among the over 8,400 entries in that case.

32.    In my declaration in *Amphastar* while I identified conferencing entries and listed in an exhibit, I neglected to specify *how* I had identified them. I always endeavor to specify how

searches are performed but in that instance I did not. As far as errors are concerned, there were over 8,400 billing entries and over $16 million in fees so despite my best efforts to manually double-check all entries that were identified by computerized searches and analysis, some errors were not caught. Those errors were minimal and I still stand by my overall analysis.

33.     ***Velez v. Roche*** (N.D. Cal. Sep. 22, 2004) Case No. No. C-02-0337 EMC, 2004 U.S. Dist. LEXIS 29848. The *Velez* court rejected my argument on conferencing. The court made an independent determination that the number of hours of conferencing in the case was not unreasonable, despite my opinion to the contrary. However, the court rejected the plaintiff's wholesale opposition to my qualifications, stating, "The Court disagrees. Mr. Schratz's expert opinion on fee awards, including hourly rates, has sufficient foundation."

34.     ***Wit v. United Behav. Health*** (N.D. Cal. 2022) 578 F. Supp. 3d 1060, 1081. The *Wit* court rejected my recommended hourly rates for certain personnel, rejected my conferencing argument, and rejected my argument regarding duplicative work.

35.     As for the court's rejection of my opinion on hourly rates, the court's comment was specifically addressing the issue of appropriate rates for paralegals and litigation support personnel. I had noted that Plaintiff's attorneys had provided some, but insufficient, information in their moving papers as to the qualifications of the paralegals for whom they were seeking compensation. This opinion is what the court rejected. Plaintiff's attorney's initial declaration contained only three paragraphs identifying the paralegals and providing limited information regarding them. Following receipt of my declaration, plaintiff's attorneys found it necessary to submit 19 additional paragraphs of new information in a reply declaration discussing the qualifications of their paralegals. My criticism was directed at their original filing, which I found to be lacking. Obviously, plaintiff's attorneys agreed that their original submittal was lacking in this aspect as they supplemented it in a reply. If plaintiff's attorneys had provided more complete information in their initial moving papers, I would not have criticized the lack of information regarding paralegal qualifications.

36.     The court also noted that I had stated plaintiff's attorneys had not provided evidence that the rates sought were the rates billed to fee-paying clients when, in fact, they had. That was an error on my part in overlooking that phrase in the motion.

37.     The court also found my evidence of reasonable paralegal rates to be unpersuasive. I only presented one data point on the recommended paralegal rates although I could and should have presented more reference cases to support my recommendation.

38.     The court stated that it found my opinion on conferencing "unpersuasive." It did not object to or challenge my methodology in identifying conferencing, agreed with me that conferencing can become excessive, and even cited to three cases in which a court did reduce time for excessive conferencing where the amount of conferencing identified in those cases was similar to what I had found in Plaintiff's attorneys' billing records. However, the challenge was my alleged overcounting of the conferencing time. Plaintiff's attorneys, in their reply declaration, provided new information related to those billing entries that, if it had been presented initially, would have changed my analysis. With the reduced conferencing hours, the court did not find the amount of conferencing sufficient to warrant adjustment.

39.     The court also chose not to follow my recommendation on duplicative work. My primary issue with duplication was multiple attendance at depositions by personnel who did not ask any questions or make any substantive comments during the depositions according to the transcripts. In their reply declaration, Plaintiff's attorneys provided additional information regarding these depositions or deponents. Again, Plaintiff's attorneys had not provided that information when I prepared my opinion or my opinion on duplication might have changed.

40.     *Mahtesian v. Snow* (N.D. Cal. Dec. 14, 2004) Case Nos. 03-5372 13MMC, 04-1306 MMC, 2004 U.S.Dist. LEXIS 25656. The *Mahtesian* court rejected my recommended rates and rejected my argument that the declaration in support of the fee motion was deficient. Both issues related to the requested rate.

41.    My rate recommendation was based on the limited information Plaintiff had submitted in support of the fee motion. The court disagreed and found the information supplied to be sufficient.

42.    **Branham v. Snow** (S.D. Ind. June 19, 2006) Case No. 1:01-cv-0152-JDT-WTL, 2006 U.S.Dist. LEXIS 42405. The *Branham* court rejected my recommended hourly rate.

43.    In *Branham*, I referenced the fees that had recently been awarded in a similar Federal case out of Indiana to recommend a rate lower than what Plaintiff's attorney was requesting. The original fee motion was filed on January 17, 2006. I submitted my declaration based upon those moving papers. At a hearing held on May 2, 2006, the court ordered supplemental briefing of the motion. The court ultimately based its ruling on the motion, in part, on the supplemental information provided by the parties after May 2, 2006, well after my analysis had been performed. Certain information relevant to the issue of the reasonableness of the rate being requested was included in that supplemental briefing. If I had had access to that additional information in preparing my declaration, I might have arrived at a different opinion on the reasonableness of the requested rate.

44.    **Duran v. United States Bank Nat'l Ass'n**, Alameda County Superior Court Case No. 2001-035537, 2010 Cal. Super. LEXIS 1058. At issue was the trial court's order regarding fees following trial. The class action was appealed to the Court of Appeal although the court's ruling on attorney's fees was not part of the appeal. (*Duran v. U.S. Bank National Assn.* (2012) 203 Cal. App. 4th 212). The Court of Appeal called the court's "trial management plan … fatally flawed," decertified the class, and reversed an order awarding certain expert witness fees to the plaintiffs. It also remanded certain claims to be re-evaluated by the trial court.

45.    The Court of Appeal held that the judge's trial plan barred the defendant from introducing "manifestly relevant evidence," denied defendant's Due Process rights, and committed prejudicial errors. The Court of Appeal's opinion was subsequently depublished when the California Supreme Court accepted review of the Court of Appeal's decision but it was later

affirmed by the Supreme Court's opinion. (*Duran v. U.S. Bank National Assn.* (2014) 59 Cal.4th 1.)

46.      I do not know why or how the judge found me to be partisan and non-independent. Without further information as to the court's reasoning, I cannot respond. I can only state that I had no bias in the case, no conflicts in the case, and I approached and conducted the audit the same way that I do all audits, whether I am retained by a law firm in support of its fee request or retained by an opposing party in opposition to the fee request.

47.      ***Gober v. Ralph's Grocery Co.*** (Superior Court of California, County of San Diego 2007) Case No. N72142. I understand that the Court sustained plaintiff's objections to that portion of my declaration that stated there is a percentage allowable for attorney conferencing. The court also stated that I had included time entries that were not attorney conferencing under the category of "conferencing." Despite sustaining this discrete objection, the court agreed with my finding that there was excessive intra-office conferencing, but disagreed on the amount of such conferencing. Furthermore, "The Court adopts Mr. Schratz's recommendation of a 25% reduction in [Rosen Bien's fees for the preparation of the fee motion]." "The Court also adopts [Mr. Schratz's] recommendation that that Mr. Kay's fees for the instant motion be reduced by 25%."

48.      ***California DUI Lawyers Assn et al. v California Dept. of Motor Vehicles*** (Superior Court of California, Los Angeles County 2022) Case No. BC553552. The issue of attorney's fees was fully briefed, argued, and decided by the trial court in a written opinion. I was not involved in that initial round of briefing. The case went up on appeal and, on remand, I opined that the number of hours billed should be reduced as well as the hourly rates for some or all of the attorneys involved. A different Superior Court judge handled the motion for attorney's fees on remand and stated: "the court considered Schratz's opinion, he did not persuade the court to reduce Plaintiff's counsel's hours." The court chose not to accept my opinion on the number of hours billed, choosing to follow what the prior judge had already decided was the lodestar.

The court did not make any specific finding or comment on my rate recommendation, choosing rather to follow what the prior judge had awarded.

49.      *Bickley v. CenturyLink, Inc.*, Case No. CV 15-1014-JGB (ASX), 2016 WL 9046911 (C.D. Cal. Nov. 29, 2016). The court stated that I had provided no evidence in support of my proposed rates, and no evidence to support the rates I provided for smaller firms. "Defendant does not, for example, identify similarly-sized employment law firms whose attorneys charge the rates he recommends."

50.      Despite extensive research, it is true that I was unable to locate any fee awards made to similarly-sized employment law firms in the Central District of California. My recommendations were based on other data but the court's issue was that I did not provide data for similarly-sized employment law firms.

51.      *Duffy v. City of Desert Hot Springs*, No. EDCV06385VBFOPX, 2008 WL 11429368 (C.D. Cal. Mar. 25, 2008). The Court's only expressed issue with my declaration in this case, as I understand, was my opinion that there is a difference in billing rates between small firms and large firms, citing to other courts that had questioned or rejected such a distinction. That was in 2008. As seen elsewhere in my declaration in this case, this distinction in billing rates between small firms and large firms is now being more readily recognized by courts and is backed up by major rate surveys.

52.      *Johnson v Sears* (Superior Court of California, Sacramento County 2012) Case No. 34-2009-00054053-CU-WT-GDS.  The court stated that it found my declaration to be "of minimal assistance." It also stated: "The declarations do identify certain areas of inquiry typically utilized by fee auditors. Too often however, the declarations adopt questionable or incorrect factual assumptions in an effort to support the reduction or disallowance of various amounts claimed." However, the Court did not identify what it found questionable or incorrect in my declaration and I was not called upon to testify so I have no way to respond. The Court also found partisanship in my declaration, again without any further elaboration, so I cannot respond to this other than to state that whether I am retained to support fee motions or to oppose them, I

utilize the same methodology and criteria and have been retained by both. I can also state that in my 28 years of performing approximately 3,600 audits I have only been accused of being partisan twice.

53. **Bobol v. HP Pavilion Management** (N.D. Cal. 2006) Case No. C-04-0082 (Order Granting Motion for Attorneys Fee, dated April 10, 2006). The court's issue with my declaration concerned recommended billing rates. The court stated that I did not factor the skill and reputation of the attorney or the nature of the work into my analysis. I do incorporate an attorney's skill into my opinion if it's a relevant factor based upon comments made by the court or by opposing counsel, however I'm not sure how to factor reputation into billing rates. Furthermore, simply because an attorney has a generally favorable reputation overall does not mean that that attorney performed at a level commensurate with that reputation in any particular case.

54. **Brown v. City of Pittsburgh** (W.D. Pennsylvania 2010) 2010 WL 2207935 (May 27, 2010). The court referred to my opinion multiple times, claiming that it was rejecting my opinions because I lacked experience with civil rights trials. Nevertheless, the court ultimately made many reductions to the requested lodestar consistent with several of my opinions.

55. **Branham v. Snow** (S.D. Ind. 2006) 2006 WL 1750443, Entry on Plaintiff's Motion for Reasonable Attorneys' Fees and Costs, dated June 19, 2006. The court found my testimony on attorney rates to be "somewhat arbitrary" and portions of my declaration to be "conclusory and argumentative." The court rejected my opinion on rates and block billing. As noted above, not all courts accept my opinions. In addition, since that time I have modified my declarations to address the issues noted by the court.

56. **Campbell v. National Passenger R.R. Corp.** (N.D. Cal. 2010) 718 F.Supp.2d 1093. The court rejected my proposed cuts to the attorneys' time for not prevailing on every claim, and for the time they spent conferencing. Again, no expert's opinions are accepted by all courts every time.

57.     ***Miller v. Vicorp Restaurants, Inc.*** (N.D. Cal. 2006) 2006 WL 212021. The court simply noted that it did not find my declaration to be helpful. I was not presented to testify in that case (other than through my declaration). Regardless of what the court wrote regarding my declaration, plaintiffs' attorneys sought fees of $907,676.03. The Court adjusted the hourly rates and hours billed and awarded fees of only $410,728.95.

58.     ***Millar v. San Francisco Bay Area Rapid Transit*** (Superior Court of California, County of Alameda 2004) Case No. C830013-9, Order Awarding Plaintiff and His Counsel Reasonable Attorneys Fees, dated April 12, 2004. The Court found the foundations for my opinions defeated plaintiff's evidentiary objections, but found my opinions to be inadequately supported. As noted above, not all courts accept my opinions.

59.     ***Oberfelder v. City of Petaluma*** (N.D. Cal. 2002) 2002 WL 472308. According to the Court, I used a "computer generator report" to erroneously object to "whole categories of work" without analyzing whether any particular item was "reasonably spent." The court misunderstood (or I insufficiently described) the computerized reports, but accepted my opinions on vagueness.

60.     ***Oberfelder v. City of Petaluma*** (N.D. Cal. 2002) No. C-98-1470 MHP, 2002 WL 472308, aff'd sub nom. *Oberfelder v. Bertoli*, 67 F. App'x 408 (9th Cir. 2003)**.** The Court found the clerical tasks I identified and recommended adjusting were contained in block-billed entries and were essentially *de minimus*. The Court also found the long billing days in this case were reasonable. As noted above, not all courts accept my opinions.

61.     ***Velez v. Wynne***, 220 F. App'x 512 (9th Cir. 2007). The only issue the Court had with my declaration was my use of a 2-year old survey in support of the hourly rates I recommended. At the time, despite extensive research, that was the only reference rates I could find.

62.     The above are the only cases of which I am currently aware that have criticized or explicitly rejected my opinions, in whole or in part, on legal fees. If I am made aware of any

other such cases by opposing counsel or a court I will add to this discussion in future

declarations.

# EXHIBIT 5



# JIM SCHRATZ
## *President*

- In *Department of Fair Employment and Housing v. United Dominion Realty* (Case Nos. 07CC12067, 02CC12069) the court accepted our audit findings stating, "In awarding fees in these amounts, the court has fully accepted the declaration of James P. Schratz in opposition to the motion, including all of his recommended reductions. The court finds his qualifications to be impressive. Likewise his reasoning as to why the fees sought are excessive is persuasive."

- Retained by investor Carl Icahn and other shareholders as special litigation counsel to review approximately $60 million in professional fees in *In re Tropicana Entertainment, LLC, et al*, Case No. 08-10856 (KJC) ("Tropicana") in the United States Bankruptcy Court for the District of Delaware.

- Retained by investor Carl Icahn and other shareholders to serve as special litigation counsel to review approximately $8 million in legal fees in In *re Adamar of New Jersey, Inc. and Manchester Mall, Inc.*, Case No. 09-20711 and 09-20716 in the United States Bankruptcy Court for the District of New Jersey.

- Appointed by District Court in Northern Mariana Islands to audit $22 million in legal fees in *The Estate of Larry Lee Hillblom*, one of the founders of DHL Express, whose estate was estimated to be worth $1 billion.

- Described by the <u>American Bar Association Journal</u> as a "major player in the field of legal fee audits."

- In *Victaulic Company v. American Home Assurance Company, et al.*, (Case No. RG12642929, Superior Court of the State of California for County of Alameda), I testified on behalf of an $8.3 million Brandt fee request by Victaulic's law firm Pillsbury Winthrop Shaw Pittman LLP, which is what the jury awarded.

- In *Lathrop & Gage v Kenney, (*Civil Action No. 07CC09697, In the Superior Court of California for the County of Orange), I testified at trial and assisted the law firm in recovering approximately $1 million in fees from the client.

- In *Gen. Charles E. Yeager, Victoria Yeager, Charles E. Yeager Revocable Living Trust, and General Chuck Yeager Foundation v. Don A. Lesser, The Lesser Law Group, and Does 1 through 20, inclusive,* Superior Court of California, County of Sacramento, Case No. 34-2011-00109638, I testified at trial and assisted the law firm in successfully seeking its fees from a former client.

- In *North Pacifica, LLC v. City of Pacifica*, United States District Court, Northern District of California, Case No. C-01-4823 EMC, I was retained by the defendant to audit plaintiff's request for $2,046,759.16 in fees and costs. In awarding plaintiffs only $453,810.75 in fees, Magistrate Judge Edward M. Chen cited my audit with approval with respect to various billing issues and noted:

  > [B]ased on the information provided in the declaration, Mr. Schratz has demonstrated that he is qualified to opine about fee awards and that his methodology in evaluating the billing records of NP's attorneys in this case is reasonable and sufficiently reliable. For example, Mr. Schratz's approach to categorizing the nature of the work of the attorneys is reasonable and sufficiently reliable as is, overall, his approach to unblocking the block-billed time entries.

- Qualified as expert witness on issues involving reasonableness of attorneys' fees and proper claims handling procedures in state and federal court.

**PRIOR WORK HISTORY:**

- Vice President, Major Claims, Fireman's Fund Insurance Company

- Director, Corporate Litigation, Fireman's Fund Insurance Company

- Assistant General Counsel, Fireman's Fund Insurance Company

- Associate, Rosenblum, Fenolio, Parish, Jack & Bacigalupi, San Francisco

- Associate, Heller, Ehrman, White, & McAuliffe, San Francisco

**EDUCATION:**

University of San Francisco Law School, J.D., 1976, Editor-in-Chief, Law Review

University of Illinois, M.A. Political Science, 1972

State University of New York at Buffalo, B.A., 1969

- Taught at various law schools and universities in the Bay Area and lectured throughout the United States and in Europe.

- References furnished upon request.

**PUBLICATIONS:**

April 1991, "Managing Insurer, Insured Conflicts of Interest by Use of Independent Counsel," American Bar Association, Section of Litigation, Committee on Insurance, Mid-Year Meeting

June 1992, "Do The Right Thing," <u>California Lawyer</u>

June 1992, "Resolving the Cumis Quandary: Guidelines for Reasonable Fees," <u>Insurance Litigation Reporter</u>

October 1992, "The Alliance Lives," <u>Underwriters Report</u>

October 1992, "The Need For Legal Audits," <u>Verdict</u>

February 1993, "Cumis Counsel's Obligation To Provide Information To The Insurance Company," American Bar Association, Insurance Coverage Litigation Committee, Mid-Winter Meeting

Spring 1993, "The Other Side of the Cumis Coin:  The Insurer's Ability To Select Associate Defense Counsel Under Civil Code, Section 2860 (f)" (with Jon R. Mower), Western <u>State Law Review</u>

July 1993, "Is Your Insurance Company Doing Enough To Fight Fraud?" <u>Risk Management</u>

July 1993, "Why We Lost The Battle Against Insurance Fraud," <u>Claims</u>

September 1993, "Customer Satisfaction - The Secret Weapon in Law Firm Marketing," <u>Washington State Bar News</u>

October 1993, "Tactical Defenses:  An Insurance Company's Guide to Working with Cumis Counsel" (with Jon R. Mower), <u>Claims</u>

October 1993, "Fighting Insurance Fraud Takes Persistence," <u>Missouri Agent</u>

Spring 1994, "Legal Auditing Makes Sense," <u>Legal Audit Review</u>

September 1994, "Empowering Adjusters For Creative Solutions," <u>Best's Review</u>

February 1995, "How To Avoid A Fee Dispute With Your Client," American Bar Association, Insurance Coverage Litigation Committee (with Susan R. Brown)

February 1995, "Billing Guidelines and Fee Disputes," American Bar Association, Insurance Coverage Litigation Committee

April 1995, "Bad Faith for Legal Work? Your Insurer May Be Liable for Mishandling Its Lawyers," <u>Claims Magazine</u>

April 1995, "Is Your Company's Insurance Firm Guilty of Litigation Mismanagement?" <u>The American Lawyer's Corporate Counsel Magazine</u>

May 1995, "Billing Guidelines and Fee Disputes:  A Case Law Review," <u>Trial Diplomacy Journal</u>, Volume 18, Number 3

July 1995, "How to Avoid Fee Disputes" (with Susan Brown), <u>The Practical Litigator</u>, Volume 6, Number 4

April 1996, "Take A Psychological Approach To Managing Legal Fees," <u>Claims</u>

May 1996, "Cross-Examining the Legal Auditor,"  <u>The Practical Litigator</u>, Volume 7, Number 3

August 1996, "Is your Insurance Company Liable for Bad Faith Litigation Management," <u>Business Laws, Inc</u>., Litigation Management

August 1996, "Is Your Company's Insurance Firm Guilty of Litigation Mismanagement," Business <u>Laws, Inc.'s Law Department Management Adviser</u>, Issue No. 149

Fall 1996, "Cross-Examining a Legal Auditor," <u>American Journal of Trial Advocacy</u>, Volume 20:1

November 1996, "Cross-Examining a Legal Auditor," Business Laws, Inc., <u>Law Department Management Adviser</u>, Issue No. 152

August 1997, "The Recovery of Legal Fees and the Use of A Legal Fee Auditor in Fee-Shifting Cases" (with Susan R. Brown), <u>Business Laws, Inc</u>., Law Department Management Adviser

September-October, 1997, "Recovering Legal Fees and using Legal Fee Auditors" (with Susan R. Brown), <u>Trial Diplomacy Journal</u>, Volume 20, Number 5

Winter 1997, "How to Avoid a Fee Dispute with Your Client," (with Susan R. Brown), American Bar Association <u>The Brief</u>, Vol. 26, No. 2

March, 1998, "How the Legal Auditor Can Help You in the Fee-Shifting Case" (with Susan R. Brown), <u>The Practical Litigator</u>, Volume 9, Number 2

March/April 1998, "Strategic Inflection Points in the Legal Profession," <u>American Journal of Trial Advocacy</u>

April 1998, "Controlling the Uncontrollable: When Insurers Must Pay Plaintiff's Legal Fees," <u>Commercial Claims</u>

July 1998, "Strategic Inflection Points in the Legal Profession,"  Business Laws, Inc., <u>Law Department Management Adviser</u>

Summer 1998, "I Told You to Fire Nicholas Farber -- A Psychological and Sociological Analysis of Why Attorneys Overbill," *Rutgers Law Review*, Vol 50; No. 4.

April 2001, "Winning an Attorney's Fee Petition," Rhode Island Bar Journal, Volume XLIX, Number 7

May 2001, "How To Win a Fee Petition," <u>The Practical Litigator</u>, Volume 12, Number 3

August 2001, "How To Win a Fee Petition," <u>The Federal Lawyer</u>, Volume 48, Number Seven

December 2001, "How To Win a Fee Petition:  What the Plaintiff Should Avoid, What the Defendant Should Look For," Business Laws, Inc., <u>Law Department Management Adviser</u>

April 2002, "How to Win a Fee Petition:  What the Plaintiff Should Avoid, What the Defendant Should Look For," Business Laws, Inc., <u>Corporate Counsel's Guide to Litigation Management</u>

May 31, 2002, "Ballooning Costs – Avoiding Questionable Billing Practices Improves Chance of Recovering Fees," <u>Los Angeles Daily Journal, Dicta</u>

December 14, 2010,  "Winning a Fee Application in Hawaii," <u>Hawaii Bar Journal</u>

# EXHIBIT 6

| DATE SENT | DOCUMENT NAME |
|---|---|
| 12/9/2024 | [203] Defendant's Reply Memorandum of Points and Authorities in.pdf |
| 12/9/2024 | [204] Defendants Reply to Plaintiffs Opposition to Motion In Limine.pdf |
| 12/12/2024 | [224] MINUTES JURY TRIAL DAY 1.pdf.pdf |
| 12/12/2024 | [226] MINUTES JURY TRIAL DAY 2 for proceedings held before District.pdf |
| 12/12/2024 | [228] MINUTES JURY TRIAL DAY 3.pdf.pdf |
| 12/12/2024 | [233] MINUTES for proceedings held before District Judge Dale A..pdf |
| 12/12/2024 | [234] MINUTES for proceedings held before District Judge Dale A..pdf |
| 12/12/2024 | [236] MINUTES for proceedings held before District Judge Dale A..pdf |
| 12/12/2024 | [255] (No doc) MINUTE ORDER (Text Only Entry) issued by Courtroom.pdf |
| 12/17/2024 | [260] 10-17-24 Hurtado v State of California (certified copy).pdf.pdf |
| 12/17/2024 | [261] 10-18-24 Hurtado v State of California (certified copy).pdf.pdf |
| 12/10/2024 | [263] Pltf Motion for Atty Fees.pdf.pdf |
| 12/10/2024 | [263-12].pdf.pdf |
| 12/10/2024 | [263-14].pdf.pdf |
| 12/10/2024 | [263-16].pdf.pdf |
| 12/10/2024 | [263-18].pdf.pdf |
| 12/10/2024 | [263-20].pdf.pdf |
| 12/10/2024 | [263-22].pdf.pdf |
| 12/10/2024 | [263-23].pdf.pdf |
| 12/10/2024 | [263-24].pdf.pdf |
| 12/10/2024 | [263-26].pdf.pdf |
| 12/10/2024 | [263-28].pdf.pdf |
| 12/10/2024 | [263-30].pdf.pdf |
| 12/10/2024 | [263-32].pdf.pdf |
| 12/10/2024 | [263-33].pdf.pdf |
| 12/10/2024 | [263-34].pdf.pdf |
| 12/10/2024 | [263-35].pdf.pdf |
| 12/10/2024 | [263-36].pdf.pdf |
| 11/18/2024 | 10-17-24 Hurtado v State of California Rough Draft.pdf.pdf |
| 11/18/2024 | 2024-10-18 Hurtado v State of California - Rough Draft.pdf.pdf |
| 12/12/2024 | 231 - MINUTE ORDER (Text Only Entry) issued by Courtroom Deputy for.pdf |
| 12/12/2024 | 232 - MINUTES for proceedings held before District Judge Dale A. Dro.pdf |
| 11/18/2024 | 3-11-2024 Rough Draft Hurtado v State of California.pdf.pdf |
| 12/12/2024 | Bahram Ravani Ph.D. Rebuttal Report.pdf |
| 11/18/2024 | Binder Renee _ Depo Trans.pdf |
| 11/18/2024 | Braaton, M.D.Paul J. 102021 _Depo Tran.pdf |
| 11/18/2024 | Chapman, Clarence Robert - Trial Testimony.pdf |
| 11/18/2024 | Chapman, Clarence Robert _ Depo Trans.pdf |
| 12/12/2024 | Charles Filanosky Ph.D - Supp Report.pdf |
| 12/12/2024 | Charles Filanosky Ph.D. Report - IME of Pltf 10.7.21.pdf |
| 11/18/2024 | Christopher Stephenson MD Rough Trial Transcript.pdf |
| 11/18/2024 | ChristopherStephensonMD_PDFTran.pdf.pdf |
| 12/12/2024 | Clarence Chapman Rebuttal Report.pdf |
| 12/12/2024 | Clarence Chapman Revised Report 10.20.21.pdf |
| 12/9/2024 | Combined Defs MILs.pdf |
| 12/9/2024 | Combined Pltf MILS -Def Opps - Pltf Replys.pdf |
| 12/12/2024 | Craig Enos Report.pdf |
| 12/12/2024 | Craig Enos Supp Report 12.13.23.pdf |
| 11/18/2024 | Craigmyle, R.N., Jennifer Depo Trans.pdf |
| 12/12/2024 | David Fish, M.D. -Final Report - Hurtado records review Fish 2022-min-2.pdf.pdf |

| | |
|---|---|
| 12/10/2024 | Decl [263-1].pdf.pdf |
| 12/12/2024 | Defendants Disclosure of Expert Witnesses.pdf |
| 12/13/2024 | Defendants Initial Disclosures.pdf |
| 12/9/2024 | Defendants Motion in Limine Nos. 1 through 9, Replies and Oppositions |
| 12/10/2024 | Defendants Trial Brief |
| 12/11/2024 | Defendants' Fees and Costs |
| 11/18/2024 | Defendants' Motion for Summary Judgment |
| 12/12/2024 | Defs Supp Discolsure of Expert Witness - Hurtado.pdf.pdf |
| 11/18/2024 | Depo Transcript of Braham Ravani, Ph.D. |
| 11/18/2024 | Depo Transcript of Charles Filanosky, Ph.D. |
| 11/18/2024 | Depo Transcript of Christopher Stephenson, M.D. |
| 11/18/2024 | Depo Transcript of Craig Enos |
| 11/18/2024 | Depo Transcript of David Fish, M.D. |
| 11/18/2024 | Depo Transcript of Enrique DeLeon Casillas Hugo |
| 11/18/2024 | Depo Transcript of Francisco Hurtado |
| 11/18/2024 | Depo Transcript of Jennifer Craigmyle |
| 11/18/2024 | Depo Transcript of Jesse Wobrok |
| 11/18/2024 | Depo Transcript of Joshua Prager |
| 11/18/2024 | Depo Transcript of Mary Meinhard RN |
| 11/18/2024 | Depo Transcript of Okorie Okorocha |
| 11/18/2024 | Depo Transcript of Paul J. Braaton, M.D. |
| 11/18/2024 | Depo Transcript of Peter Sfakianos, M.D. |
| 11/18/2024 | Depo Transcript of Priscilla Macias |
| 11/18/2024 | Depo Transcript of Renee Binder, Ph.D. |
| 11/18/2024 | Depo Transcript of Scott DeFoe |
| 11/18/2024 | Depo Transcript of Veronica Limon |
| 11/18/2024 | Depo Transcript of Vicki Schweitzer |
| 12/13/2024 | ECF-12 Answer to 2nd Amended Complaint.pdf.pdf |
| 11/18/2024 | ECF-23 Motion for Summary Judgment and supporting documents filed.pdf |
| 12/13/2024 | ECF-5 Hurtado Amended Complaint.pdf.pdf |
| 12/13/2024 | ECF-9 Hurtado 2nd amended complaint.pdf.pdf |
| 11/18/2024 | Enos, Craig_Depo Trans.pdf |
| 12/10/2024 | Ex 1 - [263-2].pdf.pdf |
| 12/10/2024 | Ex 10 - [263-11].pdf.pdf |
| 12/10/2024 | Ex 12 - [263-15].pdf.pdf |
| 12/10/2024 | Ex 13 - [263-17].pdf.pdf |
| 12/10/2024 | Ex 14 - [263-19.pdf.pdf |
| 12/10/2024 | Ex 15 - [263-21].pdf.pdf |
| 12/10/2024 | Ex 16 - [263-23].pdf.pdf |
| 12/10/2024 | Ex 17 - [263-25].pdf.pdf |
| 12/10/2024 | Ex 18 - [263-27].pdf.pdf |
| 12/10/2024 | Ex 19 - [263-13].pdf.pdf |
| 12/10/2024 | Ex 19 - [263-29].pdf.pdf |
| 12/10/2024 | Ex 2 - [263-3].pdf.pdf |
| 12/10/2024 | Ex 20 - [263-31].pdf.pdf |
| 12/10/2024 | Ex 3 - [263-4].pdf.pdf |
| 12/10/2024 | Ex 4 - [263-5].pdf.pdf |
| 12/10/2024 | Ex 5 - [263-6].pdf.pdf |
| 12/10/2024 | Ex 6 - [263-7].pdf.pdf |
| 12/10/2024 | Ex 7 - [263-8].pdf.pdf |
| 12/10/2024 | Ex 8 - [263-9].pdf.pdf |

| | |
|---|---|
| 12/10/2024 | Ex 9 - [263-10].pdf.pdf |
| 11/18/2024 | ExpertOkorieOkorochaEsq_PDFTran.pdf.pdf |
| 11/18/2024 | Filanosky, Ph.D., Charles Vol 1 06-02-2022 _Depo Trans.pdf |
| 11/18/2024 | First Trial Testimony of Scott DeFoe |
| 11/18/2024 | First Trial Testimony Transcript of Christopher Stephenson, M.D. |
| 11/18/2024 | First Trial Testimony Transcript of Clarence Chapman |
| 11/18/2024 | First Trial Testimony Transcript of James Mill |
| 11/18/2024 | First Trial Testimony Transcript of Jesse Wobrok |
| 11/18/2024 | First Trial Testimony Transcript of Joshua Prager |
| 11/18/2024 | First Trial Testimony Transcript of Mary Meinhard RN |
| 11/18/2024 | First Trial Transcripts for dates 3/11/24 through 3/19/24 |
| 11/18/2024 | Fish, M.D., David E. 06-07-2022 Depo Trans.pdf |
| 11/18/2024 | FranciscoHurtado_Depo Tran.pdf.pdf |
| 11/18/2024 | FranciscoHurtado_Rough Trial Trans.pdf |
| 11/18/2024 | HugoEnriqueDeLeonCasillas_Depo Tran.pdf.pdf |
| 12/10/2024 | Hurtado Bill of Costs.pdf |
| 12/10/2024 | Hurtado Cost Bill |
| 11/18/2024 | Hurtado Retrial Day 6 10-23-2024.pdf.pdf |
| 11/18/2024 | Hurtado Retrial Day 7 10-24-2024.pdf.pdf |
| 12/17/2024 | Hurtado v State of California 19-cv-02343-DAD taken 3-5-2024 .pdf |
| 12/17/2024 | Hurtado v State of California 19-cv-2343-DAD Trial Day 4 10-21-2024.pdf |
| 12/17/2024 | Hurtado v State of California 19-cv-2343-DAD Trial Day 5 10-22-2024.pdf |
| 12/17/2024 | Hurtado v State of California 19-cv-2343-DAD Trial Day 6 10-23-2024.pdf |
| 12/17/2024 | Hurtado v State of California 19-cv-2343-DAD Trial Day 7 10-24-2024.pdf |
| 12/10/2024 | Index of Multiple Docs.pdf.pdf |
| 12/13/2024 | Initial Disclosure.pdf.pdf |
| 12/12/2024 | James Mills Economic Damages Report.pdf |
| 11/18/2024 | James Mills Rough Trial Transcript.pdf |
| 11/18/2024 | JamesMills_Depo Tran.pdf.pdf |
| 12/12/2024 | Jennifer Craigmyle - Hurtado Critique 12.14.23.pdf |
| 12/12/2024 | Jennifer Craigmyle -Updates to Hurtado Critique.pdf |
| 12/12/2024 | Jesse Wobrock Complete Report.pdf |
| 12/12/2024 | Jesse Wobrock Report 11.26.21.pdf |
| 11/18/2024 | Jesse Wobrok PhD Rough Trial Transcript.pdf |
| 11/18/2024 | JesseWobrockPhD_PDFTran.pdf.pdf |
| 12/12/2024 | Joshua Prager MD IME Report 6.10.21.pdf |
| 11/18/2024 | Joshua Prager MD Rough Trial Transcript.pdf |
| 11/18/2024 | JoshuaPragerMD_Depo Tran.pdf.pdf |
| 12/12/2024 | Marilyn Jacobs Report 11.29.21.pdf |
| 11/18/2024 | MarilynJacobsPhD_Rough Trial Transcript.pdf |
| 12/12/2024 | Mary Meinhard RN Cost Resources 11.2023.pdf |
| 12/12/2024 | Mary Meinhard RN Cost Resources 11.2023.pdf |
| 12/12/2024 | Mary Meinhard RN Life Care Plan 11.2023.pdf |
| 12/12/2024 | Mary Meinhard RN Life Care Plan 11.2023.pdf |
| 11/18/2024 | Mary Meinhard RN Trail Transcript.pdf |
| 11/18/2024 | MaryMeinhardRN-BC_Depo Tran Vol2.pdf |
| 11/18/2024 | MaryMeinhardRN-BC_Depo Tran.pdf.pdf |
| 12/13/2024 | Medical Records Produced by Pltf in Discovery.pdf |
| 11/18/2024 | Motion for Summary Judgment Exhibits |
| 12/9/2024 | MOTION IN LIMINE NO 8 TO PROHIBIT REFERENCE TO OTHER POLICE SHOOTINGS, |
| 12/9/2024 | MOTION IN LIMINE NO 9 TO EXCLUDE ANY REFERENCE TO THE DEATH OF FRANCISCO |

| | |
|---|---|
| 11/18/2024 | MSJ - 23-1.pdf.pdf |
| 11/18/2024 | MSJ - 23-2.pdf.pdf |
| 11/18/2024 | MSJ - 23-3.pdf.pdf |
| 11/18/2024 | MSJ - 23-4.pdf.pdf |
| 11/18/2024 | MSJ - 23-5.pdf.pdf |
| 12/12/2024 | Okorie Okorocha Report.pdf |
| 12/9/2024 | OPPOSITION [197] to Motion in Limine No. 8. (Le, Hang).pdf |
| 12/9/2024 | OPPOSITION [198] Motion in Limine No. 9. (Le, Hang).pdf |
| 12/12/2024 | Peter Sfakianos - Supp Report.pdf |
| 12/12/2024 | Peter Sfakianos Report.pdf |
| 12/10/2024 | Plaintiff's Motion for Fees, Declarations and Exhibits |
| 11/18/2024 | Plaintiff's Second Amended Complaint |
| 12/9/2024 | Plaintiffs Motion in Limine Nos. 1 through 5, Replies and Oppositions |
| 12/10/2024 | Plaintiffs Trial Brief |
| 12/13/2024 | Pltf obj to special rogs.pdf |
| 12/13/2024 | Pltf POD request to State of CA.pdf |
| 12/13/2024 | Pltf Responses to Form Interrogatories Set One.pdf |
| 12/13/2024 | Pltf Responses to RFP, Set One (FINAL).pdf |
| 12/12/2024 | Pltf RULE 26 Disclosure of Expert Witness 12.3.21.pdf |
| 12/12/2024 | Pltf Rule 26 Expert Disclosure - Rebuttal Experts.pdf |
| 11/18/2024 | Pltf Second Amended Complaint.pdf.pdf |
| 12/13/2024 | Pltfs Initial Disclosure Francisco Hurtado.pdf |
| 12/13/2024 | Pltfs Responses to Interrogatories Set 1.pdf |
| 11/18/2024 | PriscillaMacias_Depo Tran.pdf.pdf |
| 12/13/2024 | Privilege Log in Response to POD.pdf |
| 11/18/2024 | Ravani_Ph.D._Braham - April 19_2023 emailable.pdf.pdf |
| 12/12/2024 | Renee Binder Ph.D. Report - IME 10.14.21.pdf |
| 12/13/2024 | Response to Demand for ID and Production.docx |
| 11/18/2024 | Retrial Transcripts for dates 10/17/24 through 10/23/24 |
| 11/18/2024 | Rough Draft Excerpt Hurtado v State of CA 3-19-2024.pdf.pdf |
| 11/18/2024 | ROUGH DRAFT Hurtado Retrial Day 4 10-21-2024.pdf.pdf |
| 11/18/2024 | ROUGH DRAFT Hurtado Retrial Day 5 10-22-2024.pdf.pdf |
| 11/18/2024 | Rough Draft Hurtado v State of CA 3-12-2024.pdf.pdf |
| 11/18/2024 | Rough Draft Hurtado v State of CA 3-13-2024.pdf.pdf |
| 11/18/2024 | Rough Draft Hurtado v State of CA 3-14-2024.pdf.pdf |
| 11/18/2024 | Rough Draft Hurtado v State of CA 3-15-2024.pdf.pdf |
| 11/18/2024 | Rough Draft Hurtado v State of CA 3-18-2024.pdf.pdf |
| 12/13/2024 | RPD to Plainitff.docx |
| 11/18/2024 | Schweitzer Vicki_ Depo Trans.pdf |
| 12/12/2024 | Scott A. DeFoe Report 11.18.21.pdf |
| 12/12/2024 | Scott Defoe Complete Report.pdf |
| 11/18/2024 | Scott DeFoe Rough Trial Transcript.pdf |
| 11/18/2024 | ScottDefoe_PDFTran.pdf |
| 11/18/2024 | Sfakianos, M.D., Peter 06-09-2022 FULL.pdf |
| 12/13/2024 | State of CA Documents in Response to RFP - CHP 1 to 97.pdf |
| 12/13/2024 | State of CA's Request for POD Set 2 to Plaintiff.pdf |
| 12/13/2024 | State of CA's Request for Production of Documents, Set One to.pdf |
| 12/13/2024 | Summons & Complaint.pdf |
| 11/18/2024 | Trial Testimony of Francisco Hurtado |
| 11/18/2024 | VeronicaLimonIniguez_Depo Tran.pdf.pdf |
| 12/12/2024 | Vicki Schweitzer - Hurtado F EORs.pdf.pdf |

| 12/12/2024 | Vicki Schweitzer - Hurtado F Summary Report.pdf.pdf |
| 12/12/2024 | Vicki Schweitzer - LCP Summary Report.pdf |
| 12/13/2024 | Yepez Interrogatories to Plaintiff set 1.pdf |

# EXHIBIT 7

# ARBITRATION ADVISORY

## 2016-02

## ANALYSIS OF POTENTIAL BILL PADDING AND OTHER BILLING ISSUES

### Replaces and Supersedes Arbitration Advisory 2003-01

### March 25, 2016

Points of view or opinions expressed in this document are those of the Committee on Mandatory Fee Arbitration.  They have not been adopted or endorsed by the State Bar's Board of Trustees and do not constitute the official position or policy of the State Bar of California.

### QUESTION PRESENTED

When a lawyer's fee bill overstates the amount of time spent for work performed, it is called "bill padding."  If a client alleges that a lawyer's bills are not accurate or truthful, how can an arbitrator assess the evidence, including the fee bills, for possible bill padding?  This advisory explores the question of how an arbitrator may assess the evidence to identify bill padding.[1]

### INTRODUCTION

Most hourly fee bills are a collection of time entries itemizing work performed in the privacy of a lawyer's office.  Therefore, it is difficult to verify the accuracy of the time entries. Accordingly, arbitrators should do at least four things:

A.  Evaluate the process by which the fee bill was prepared and the specificity of the time entries;
B.  Evaluate the staffing used on the matter;
C.  Evaluate the work performed against the time billed, and
D.  Look for certain patterns in the descriptions of the work performed, including the time entries.

### DISCUSSION

---

[1] Rules and observations about determining reasonable attorney's fees in general are addressed in other Arbitration Advisories.  This advisory focuses on a subset of that topic: when too much time is alleged to have been recorded for the individual units of work performed.  In the event that an arbitrator encounters bill padding, he/she may refer to our other arbitration advisories for assistance in determining an appropriate charge under the circumstances.

**A.      Evaluate the process by which the fee bill was prepared and the specificity of the time entries**

In order to understand the likely areas to look for bill padding, it is useful to consider the historical background of professional fees charged by a lawyer [*See* American Bar Association Commission on Billable Hours Report (August, 2002), referred to hereinafter as "ABA Report" (See http://www.abanet.org)]. Prior to the 1960s, the majority of lawyers billed clients in flat sums or fixed amounts - often at the conclusion of the matter. This required some estimating and discretion on the part of the lawyer.  A lawyer's fee bill often read something like this:

"Fee for services rendered, $ 750.00."

Clients sometimes paid their bills six months or a year after receipt of the fee bill, which reflected services performed long before the fee bill was even sent.

In Gisbrecht v. Barnhart, 535 U.S. 789 (2002), the Supreme Court wrote:

". . . .  An American Bar Association (ABA) report, published in 1958, observed that attorneys' earnings had failed to keep pace with the rate of inflation; the report urged attorneys to record the hours spent on each case in order to ensure that fees ultimately charged afforded reasonable compensation for counsels' efforts. (*citation omitted).*

Hourly records initially provided only an internal accounting check.  See Honest Hour 19. The fees actually charged might be determined under any number of methods: the annual retainer, the fee-for-service method, the "eyeball" method under which the attorney estimated an annual fee for regular clients, or the contingent-fee method, recognized by this Court in Stanton v. Embrey, 93 U. S. 548, 556 (1877), and formally approved by the ABA in 1908.  See Honest Hour [W. Ross, The Honest Hour: The Ethics of Time-Based Billing by Attorneys (1996),13-19]. As it became standard accounting practice to record hours spent on a client's matter, attorneys increasingly realized that billing by hours devoted to a case was administratively convenient; moreover, as an objective measure of a lawyer's labor, hourly billing was readily impartable to the client. Id., at 18. By the early 1970's, the practice of hourly billing had become widespread. *See id*., at 19, 21."

**1.      Evaluate the process by which the fee bill was prepared**

In the now-standard chronological fee bill used by lawyers, almost all time is (or should be) itemized by day and by timekeeper.  If a lawyer or other timekeeper does several things in one day on a particular matter then he or she must decide how to best describe this work and how much time to record for that work.  An arbitrator's review of fee bills should include an assessment of the method and timing used to prepare the bills in order to form an understanding regarding the accuracy of the data shown by the fee bills.

Some lawyers still use word processing programs to generate fee bills. Others use specialized billing software programs. Many billing software programs in use today have a timer feature that allows the user to input "start" and "stop" commands for one or more matters. The billing software program then automatically calculates the elapsed time for each task in the same manner as a stopwatch. If the evidence at the arbitration reveals that lawyers properly utilized the timer feature that is a factor tending toward accuracy.

While it is almost universally acknowledged that contemporaneous records are the best practice, many times the press of business is such that a day or two (or more) passes without the lawyer recording his/her time. Sometimes a month may pass without any entries. In rare cases, a year or more may pass before a lawyer goes through his/her case file and attempts to re-create what transpired in the case since its inception. It is generally at the point when a fee bill needs to be generated that the lawyer is faced with the need to reconstruct what happened a day or two or a month ago (or a year ago) with great precision. If the lawyer is able to prepare the fee bills using information from notes he/she made contemporaneous with the tasks actually performed, that is a factor tending towards accuracy. But if the reconstruction is done by the lawyer going through his or her file and then ascribing a time entry to each e-mail, letter, document and calendar entry in the file, then it is much less likely that the time entries are truly accurate. While the corresponding fee bills may appear to be very precise, with exact times noted for each specific and itemized activity, the appearance of accuracy may be deceptive and the time recorded should be assessed by the arbitrator. Under such circumstances, it may be appropriate to put the burden of providing evidence/facts to support the accuracy of the time entries onto the lawyer.

The arbitrator should also examine who recorded the entries and created the fee bills. The original time entries are generally recorded by the lawyer or other person who performed the task. However, in some firms, a support person, such as a secretary, paralegal, or billing clerk, records the time entries ultimately charged to the client. Variations for this practice abound. In some firms, lawyers hand-write their entries on paper and some other person inputs them in the billing software. In other firms, a billing clerk may go through the case file on a periodic basis and record a time entry for every scrap of paper in that file. For instance, if the file contains a letter from opposing counsel, the billing clerk may charge the client an agreed-upon minimum charge irrespective of whether the lawyer actually reviewed that letter and how long it took. Suffice it to say, the arbitrator may consider evidence of who actually recorded the time entries [and when they were recorded] to assess the accuracy of the corresponding fee bills.

It is customary for larger law firms to have a draft of the fee bill, commonly referred to as a "pre-bill," reviewed by the partner or lawyer in charge of billing on the matter. The billing partner may not have actually worked on the file, but is otherwise in control of the relationship with the client. If pre-bills are utilized, the billing partner should scrutinize and edit the time entries in the "pre-bills" to ensure that they are accurate. The recorded time entries may be increased or decreased in an exercise called "billing judgment" by the billing partner. However, any evidence that the pre-bills were adjusted upwards should be examined carefully, as it may indicate that the client is being charged more time than actually expended by his/her lawyer. Absent clearly defined and explained terms in the written fee agreement allowing such upward adjustments, the increased time may be evidence of bill padding. For example,

3

increasing a time entry to a contractually agreed-upon minimum charge may be appropriate, as would an increase to reflect time inadvertently omitted by the lawyer.  On the other hand, increasing a time charge for the sake of inflating the fee bill is not.  If an arbitrator encounters such circumstances, the lawyer should bear the burden to clarify and substantiate such increased time entries.

The pre-bills may not be carefully reviewed by the billing partner for a number of reasons, including the fact that most billing partners are very busy and do not have or want to allocate the time to check each pre-bill carefully, the entries may be for a lawyer who is not readily available, or the billing partner may have a huge stack of pre-bills to go through and only a short time to do so since the firm wants to "get the bills out".  Consequently, arbitrators should consider facts and evidence concerning the pre-bill process, including whether the lawyer(s) that actually worked on the matter also verified the accuracy of the fee bills, and whether the pre-bill process increased or decreased the accuracy and transparency of the fee bills ultimately delivered to the client for payment.

### 2.  Evaluate the specificity of the time entries

Many lawyers no longer physically handwrite what they do on paper time-sheets but contemporaneously input a description of their tasks directly into their computers.  These types of entries can usually be identified because they are often longer and more detailed.  For example, if a fee bill reads: "meeting with client to discuss the elements of the separate statement of facts and the source of evidence for each element (1.8); research new opinion on the presumptions and burden of proof under Festo and progeny (2.5)" [Example 1], this is likely (but not necessarily) something directly inputted into the billing software program by the lawyer.  On the other hand, the briefer description for the same work of: "meeting with client re MSJ and research burden of proof (4.3)" [Example 2] is probably something initially written in longhand and then later inputted into the billing software program.

Arbitrators should be aware that regardless of the method of time keeping or billing used, it is not the format of the fee bill but the information provided which is important.  Accordingly, the arbitrator's primary focus should be on analyzing those facts that tend to demonstrate the accuracy, or inaccuracy, of the information contained in the fee bills.  When examining the fee bills it is very important to remember that in the vast majority of cases each time entry in a fee bill is merely an estimate of how much time was required for the task performed that is being described in a summary fashion.  Therefore, the longer the time period between when the task was performed and the corresponding time entry is recorded, the greater the probability that the time entry may lack accuracy.

If, in Example 1 above, the client is certain that the meeting required only 30 minutes (with no travel time), then perhaps one could question the entry of 1.8 hours.  But how can one prove that the time for, say, a specific letter was really 12 minutes rather than 30?[2]  If the time is

---

[2] It is just about impossible to be certain that any one single time entry is wrong or faked or padded.  "The 'perfect crime' [is the] padding of bills…" [William G. Ross, The Honest Hour: The Ethics of Time Based Billing by Attorneys (1996)].

block-billed and one does not even know how much time is being claimed for the letter, then what?  In such cases, look at the totality of the evidence.

## B.    Evaluate the staffing used on the matter

The staffing of a legal matter by a lawyer presents the potential for bill padding that an arbitrator may consider.  The main staffing issues that should be assessed include: (1) Did multiple lawyers work on the same task simultaneously? and (2) Was the task performed by the proper lawyer?

### 1.    Did multiple lawyers work on the same task simultaneously?

A recurring complaint by clients concerns charges for tasks involving more than one lawyer, paralegal, or support staff from the same firm at the same time.  This typically occurs when a client is charged for multiple lawyers attending a court hearing or deposition, or where two or more lawyers participate in a meeting or telephone call.  Generally, the determination of whether the matter was overstaffed is a question of fact the arbitrator must resolve.  In a mandatory fee arbitration it is appropriate to place the burden of proof on the lawyer to demonstrate that the disputed matters/tasks were properly staffed and not attempts to inflate time charged to a client.

Issues that may affect this factual determination may include the complexity or significance of the case, the litigious nature of the parties, the amount in controversy, client consultation in advance, the client's awareness and lack of objection, or any other fact tending to demonstrate whether it was appropriate for more than one lawyer or support staff to participate in a disputed task.

In some firms, newly admitted lawyers sometimes accompany their supervising lawyer to depositions or court hearings for training purposes.  In most instances, the client should not be charged solely for training time.

It is also generally accepted that the more timekeepers on a case, the higher the bill will be.  Pay particular attention to time recorded by newer associates who record time on the matter only briefly, such as one or two months, particularly if accompanied by entries reflecting the associate recorded "get up to speed" activities, such as "review file."  Such entries by a transient biller may not be an appropriate charge/expense to impose on a client.

### 2.    Was the task performed by the proper lawyer/person?

In some cases, a client may complain that some necessary task was performed by a senior lawyer charging a much higher hourly rate, when it could have been completed by a cheaper associate or support staff.  For instance, in a commercial real estate lease dispute, the firm's main real estate partner, charging $700.00-plus per hour, personally drives to the commercial site to deliver the keys to the complaining landlord.  Even assuming that it was necessary for a licensed lawyer to deliver the keys, the issue becomes why it was done by the most expensive lawyer in the firm.  Was it because some circumstance actually required that specific high-priced lawyer to undertake that task, or was it an inadvertent or intentional attempt to pad the client's bill.  The

client may also challenge delegation of tasks to inexperienced lawyers/staff with resulting inefficiencies.  In examining such complaints, arbitrators should consider all of the circumstances relevant to the issue, as well as the custom in the community and the terms of the written fee agreement.

## C.      Evaluate some or all of the work produced against the hours claimed

Arbitrators may consider evidence and facts concerning the actual tasks/work performed by the lawyer, including an analysis of the major items of work performed.  How many hours were recorded for this work?  How many timekeepers were involved?  What did they do?  Did they duplicate each other's work?  Was some of this "training" time for new lawyers? [3]

Major tasks.  It may be appropriate for an arbitrator to review and assess the fee bills to determine how much cumulative time was recorded by the lawyer [or lawyers] to complete a major task.  Major tasks may include specific motions, appellate briefs, and transactional documents.  An arbitrator may need to quantify the cumulative time first.  This task will require the arbitrator to go through the fee bills and essentially group separate billing entries.  For example, an arbitrator may have to group all of the entries that refer to the preparation of a specific document, like a demurrer.  The arbitrator would then cumulate all of the billing entries referring to or concerning the demurrer, including the review of the complaint and file, conducting legal research, telephone conferences and other communications regarding the demurrer or the sufficiency of the complaint,  and then the time entries for the drafting, revising and finalizing and filing the demurrer.

Once the cumulative time to complete a major task is obtained, then the arbitrator may look at the actual work product [or demurrer in foregoing example] to see if the time falls into a range that appears reasonable.  This can be hard to do without some experience in the particular legal area involved.  But, in the above example, if the fee bills reveal that a lawyer recorded 25-plus hours to research, draft, and file the demurrer, the arbitrator should review the actual demurrer to determine if the time recorded is reasonable.  If the evidence reveals that the demurrer is a four page boilerplate document attacking the sufficiency of a fraud claim lacking specificity, then the arbitrator may put the burden on the lawyer to explain why it took so long to prepare such a simple document.   On the other hand, if the evidence reveals a 20-page masterpiece artfully advocating novel concepts of law, then that may be evidence tending towards accuracy and reasonableness.

While a times-by-task assessment can be hard to assemble, sometimes the fee bills themselves will have guides to that information within them if the lawyer or law firm utilizes

---

[3] Arbitrators may also consider whether the client was given an estimate or a budget.  An "estimate" is not binding.  On the other hand, a budget typically involves a more detailed forecast and is supposed to be reasonably accurate (subject to disclosed caveats and assumptions).  Moreover, a budget should be revised if circumstances change and the client should be promptly notified of the revision(s).  Accordingly, if an estimate or budget was given, it may be reviewed to determine whether the disputed tasks were contemplated and explained to the client.

task-based billing codes like the "Uniform Task-Based Management System" published by the American Bar Association (ABA Task Codes).[4]  Task-based billing codes are in fairly wide use but are not standard and there is some debate over their usefulness.  For example, one may know that certain hours were recorded for "L240 - Motions For Judgment" but not how many hours were shown for a specific Motion for Summary Adjudication.  Where such codes are not used, the arbitrator may wish to ask the lawyer to provide evidence of the cumulative time expended on major tasks.  For instance, in Example 1 on page 4, Section A(2) *supra*, assuming that the lawyer utilized the ABA Task Codes, the time billed for meeting with the client to prepare the statement of facts would show the codes "L240" / "A106" in or right after the descriptions of the activities and the totals for these things would (or could) appear on the bill.  Once the ABA Task Codes key is in hand, this will help to break down the time and fees into broad tasks, which may be useful information.  Once it is known that a motion for summary judgment required many hours of several timekeepers' time, an arbitrator can then come to a conclusion or ask for an explanation of whether or not the time spent on this particular task is reasonable.

Documents.  There often is a good deal of time shown for "reviewing documents" ("L320 - Document Production") in many litigation matters.  First, ascertain how many document pages were produced or reviewed.  This is sometimes stated in terms of "boxes" which is a standard file storage box normally holding anywhere from 2,000 to 3,500 pages of documents, depending on how tightly the documents are packed.  Some courts and commentators mention 2,500 as the average number of pages per box.  Assess how many timekeepers reviewed the documents and how long it took.  Were summaries of the document reviews created?  Were relevant documents culled?  Were relevant documents scanned and tagged?  If the foregoing tasks were not done, did it then result in multiple lawyers having to review the same documents?   Arbitrators must assess all evidence and facts regarding whether the lawyer's document review was efficient and judicious rather than inadvertent or intentional bill padding.

Also, the propriety of tasks must be considered within the context performed.  For instance, it may be entirely reasonable for a lawyer to charge a client eight-plus hours to carefully review a 100-page prospectus in a federal securities case involving claims of securities fraud and misrepresentation.  On the other hand, it may not be appropriate for a lawyer to charge a client eight-plus hours to review the same 100-page prospectus if the claims in the subject lawsuit are unrelated to the contents of the prospectus [like the wrongful termination of a broker or analyst involved in the securities offering].

Lastly, the arbitrator may consider evidence or facts concerning the timeliness of the client's objection or complaint concerning any fee bill, including when and if the client objected or made inquiries upon receiving the now contested fee bill, and whether the fee agreement

---

[4] The ABA Task Codes assign litigation time within five groups: case assessment, pre-trial, discovery, trial and appeal.  There are also 11 optional Activities Codes (such as "A106 - Communication (with client)" which may be used within each of the five groups in the Litigation Code Set.  The various ABA Task Codes may be accessed at www.americanbar.org/groups/litigation/resources/uniform_task_based_management_system.html

contained an agreement that the client would reasonably or promptly notify the lawyer if there were questions or objections to the fee bills or time entries.

## D.    Consider the format and content of the fee bills

### 1.    High minimum increments

Many fee agreements state that the lawyer shall bill in minimum increments of .10 hour [or six minutes].  When properly disclosed to a client, such a term may provide support or justify charging that client at least .10 hour for any single task irrespective of how long the task took.  Consequently, if the lawyer participates in a phone call regarding the case with opposing counsel that lasts less than two or three minutes, pursuant to the terms of the written fee agreement, the lawyer may be justified in billing .10 hour.

On the other hand, some lawyers still bill in minimum increments of .25 hours or greater.  Consequently, they may charge .25 hours for any compensable task, irrespective of how long the task actually takes.  Assume that such a lawyer charges $300/hour. Assume further that on any given day, that lawyer completes at least four separate compensable tasks, each task taking less than 3 minutes each to complete.  Billing in increments of .25 hours means that the client would be billed $300 for the four tasks [4 x .25 hours x $300/hour = $300]. However, in this example, the client is being charged $300 for less than 12 minutes of actual work, essentially requiring the client to pay an effective hourly rate greater than $1,500.

Courts and fee arbitrators view high incremental charges with suspicion as they may constitute an unreasonable or unconscionable fee, particularly where application of high incremental charges results in overstating the fees owed by a client.  *Your Bill: A Behind the Scene look at a Legal Audit*, Mekler Bulger Tilson Marick & Pearson Legal Audit Group, 1, 2 (March 2007) (high incremental charges artificially inflate fees).  Relevant factors an arbitrator may consider in this regard include the terms of the written fee agreement, the frequency with which apparent minimum billing entries appeared on the bills, and whether there is evidence that the lawyer was judicious in not employing the high minimum billing entries for brief activities either by (1) not recording such activities, (2) aggregating them with other related activities, or (3) "no charged" the entry.

### 2.    Billing all tasks separately

Like high minimum increments, billing every task separately may artificially inflate time entries.  For example, it does not take more than a few seconds to read most routine documents or correspondence.  If a lawyer reads a group of documents or correspondence in a minute or two and then records a minimum time entry for each such document/correspondence, this may artificially increase the time billed to the client.

### 3.    Large whole number time entries

If the bills show time entries in whole numbers, especially large time entries such as 8.0, 9.0, or 10.0, these are probably estimates rather than actual time spent and should be scrutinized,

[except where the event involved trial, mediation, day-long deposition, or other inherently extended activity].

### 4.      Block billing

Block billing is the practice of assigning one time charge to multiple separate tasks.  An extreme example would be a fee bill mailed to a client at the end of the case with a single entry for 200 hours for "work on case" without identifying, among other things, the various individual tasks performed, who performed them, and when.  A more subtle example would be a 3.6 hour charge for "review client's e-mail, retrieve file, call with DR re same, and prepare/send reply."  In the foregoing example, a client would be unable to determine how much time any one of the listed tasks actually took.  More importantly, this type of block billing is prone to hide accountability and prevents a client from discerning which of the listed tasks are compensable and which are not.  For instance, in the foregoing example, what if the lawyer [charging $300/hour] decided to personally make a 3-hour drive to and from an off-site storage facility to retrieve the file rather than sending his secretary [whom he pays $15/hour]?  In such an instance, the itemized tasks actually took the lawyer 3.6 hours to complete, but in most instances, the 3 hours the lawyer spent retrieving the file may not be compensable.  By utilizing block-billing, the client's [and arbitrator's] ability to assess the accuracy [and propriety] of the 3.6 hour charge is impeded.

Block billing may also inadvertently or intentionally inflate the actual time a lawyer takes to complete the listed tasks.  For example, if a lawyer bills a client 8.0 hours on a given day to "prepare for trial," that block of time would most likely include, among other things, time for coffee and restroom breaks, personal calls and non-compensable administrative/managerial tasks.  Since block billing has the potential of, among other things, camouflaging non-compensable tasks, many judges, fee arbitrators, and commentators regard its persistent and egregious use with suspicion, and some consider the practice a violation of Business and Profession Code §6148(b).

The basic rule is that courts [and arbitrators] have wide discretion to require additional evidence to support the accuracy of block-billed entries.  In a mandatory fee arbitration, it is the lawyer's burden to provide such additional support, which may include testimony and documentary evidence.   After consideration of such additional support, or lack thereof, arbitrators may assign a reasonable percentage to the block billed entries, disregard them altogether, or determine that other evidence is sufficient to substantiate the hours aside from the block billed entries.  The court in *Heritage Pacific Financial v. Monroy*, (2013) 215 Cal.App.4th 972, 1010 held "trial courts retain discretion to penalize block billing when the practice prevents them from discerning which tasks are compensable and which are not." Previously, the court in *Bell v. Vista Unified School Dist*., (2001) 82 Cal.App.4th 672, 689, held that "the trial court should exercise its discretion in assigning a reasonable percentage to the entries, or simply cast them aside" if counsel "cannot further define his billing entries …."  In a much harsher tone, the court in *Christian Research Institute v. Alnor*, (2008) 165 Cal.App.4th 1315, 1329 held:

> Similarly, counsel may not submit a plethora of noncompensable, vague, block-billed attorney time entries and expect particularized, individual deletions as the

only consequence. The trial court could reasonably conclude counsel made no effort to prune the fee request to comply with the law. Counsel erred grievously by attempting to transfer that responsibility onto the trial court. The trial court could reasonably conclude counsel's disregard for the law undercut the credibility of their fee request and, as officers of the court, warranted a severe reaction.

If a lawyer uses block-billing, it may be appropriate for the arbitrator to place on the lawyer the burden of proving that all of the time entries that were block billed are actually compensable and appropriate.

In our prior version of this arbitration advisory titled "Detecting Attorney Bill Padding" (Arbitration Advisory 2003-01)(January 29, 2003), at section C 4 on page 7, the State Bar's Committee on Mandatory Fee Arbitration ["Committee"] opined that block billing "hides accountability and may increase time by 10% to 30%."  However, the arbitrator's discretion is not limited to the 10% to 30% range.  Rather, as noted above, an arbitrator may consider all evidence to determine the propriety of any block billed entry and may conclude, upon due consideration of all such evidence, that the entire time billed is appropriate or some portion is not.

### 5.    Standardized work descriptions and lack of detail

If an arbitrator encounters the exact same phrases used again and again in the fee bills, it is likely that some routine has set in.  This may allow some "down time" to find its way into the fee bills.  An entry such as "review documents produced by opposition, 7.5 hours" is typical.

Furthermore, generalized time entries such as "research issues", "review file", "attention to file", "discovery", "prepare for trial", "trial prep", and other similar general statements are not specific enough to let the client know what was done.  If a lawyer uses such non-specific task descriptions, it may be appropriate for the arbitrator to place on the lawyer the burden of clarifying what was actually done to assess whether the generalized time entries are actually compensable and appropriate.

### 6.    Wrong times

Sometimes a client knows that a specific task took less time than was billed.  For example, a lawyer charges four hours to attend a deposition in his office, but the corresponding deposition transcript confirms that the deposition started at 10 am and finished at 11 am.  A fee bill may charge a client for the lawyer attending an in-person meeting with the client in his Los Angeles office, but the client was out of the country on that day.  The lawyer may charge an hour to prepare a letter to the client, but cannot produce the letter at the arbitration.  In each instance, the arbitrator should examine all of the evidence presented by the parties to determine whether the disputed task was actually performed and if so, that it took the time recorded in the fee bills. Demonstrably false or inaccurate entries, unless explained, may justify the arbitrator viewing with distrust other disputed billings or time entries.

### 7.    Timeliness of invoices

As noted above, if too much time has elapsed between the disputed task and generating the fee bill, the times shown might be estimates or best guesses of the time involved.  On the other hand, it is possible that the timekeeper recorded his or her time contemporaneously but did not generate the fee bill for some reason.  The lawyer should clarify why the fee bills were not timely delivered.  The arbitrator may also examine the fee agreement to determine if the lawyer committed to delivering periodic billing, and other factors such as (1) whether delayed billing came during a period of substantial activity, (2) whether the fee bill was a surprise to the client, (3) whether the claimed fee exceeds estimates or budgets, and (4) whether there were legitimate reasons that prevented the lawyer from timely delivering a fee bill to the client.

### 8.    Experts and outside investigators

Lawyers sometimes retain expert witnesses, consultants, investigators and other third-party professionals to assist a client.  These third-party professionals typically forward their bills to the lawyer for payment.  Sometimes the lawyer pays such third party bills directly and then subsequently sends the client an invoice for the advanced costs.  Other times, the lawyer forwards the third party bill directly to the client for payment.  Whatever the process used, it is imperative that such third party bills state what was done with adequate detail to allow a client to decipher what was done and how much is being charged.  If the lawyer advanced payment for such third party bills, representations and proof that these charges were actually paid should also be produced.

### 9.    Overhead items

A lawyer's hourly fee should include consideration for overhead items like rent, support staff wages, telephone service, internet fees, office supplies, library charges, seminars, continuing legal education charges, malpractice insurance and a whole host of expenses a lawyer will incur every day to keep his/her practice operating.  Consideration for such expenses explains why lawyers in located in urban cities, like downtown Los Angeles and San Francisco, may generally charge higher hourly rates than their colleagues who rent much less expensive office space in the suburbs and outlying farming communities.  Since overhead expenses are a cost of doing business, and should be reflected in the professionals' hourly rates, they should not be passed on to the client unless the client has clearly agreed otherwise in the fee agreement.  (*See* American Bar Association Standing Committee on Ethics and Professional Responsibility, Formal Opinion 93-379, *Billing for Professional Fees, Disbursements, and Other Expenses*, (December 6, 1993).

### 10.    Ministerial, administrative and secretarial tasks

As noted above, a lawyer's hourly fee should include consideration for support staff wages.  Accordingly, it may be inappropriate to allow a lawyer to also charge a client his/her hourly rate for doing secretarial work.  For instance, the vast majority of lawyers are able to prepare judicial form interrogatories in less than 5-10 minutes.  Their assistants or secretaries then prepare the actual hard document, prepare and attach the proof of service, generate the

stamped envelope and then serves it on the opposing party.  Typically, the only service the client should be charged for is the lawyer's 5-10 minutes to determine what boxes to check off on the form interrogatories.  But arbitrators will inevitably encounter situations where the lawyer also charges the client the time spent preparing the proof of service and mailing.  It is not uncommon to encounter fee bills that charge clients up to an hour for a simple task like preparing and serving form interrogatories. Arbitrators will also encounter situations where lawyers personally type their own correspondence, motions and other documents.  This is typically not a problem, unless of course, the lawyer can only type 10-20 word a minute.  In such circumstances, the arbitrator should consider the lawyer's typing proficiency, whether support staff is available for such tasks, and whether the hourly fee agreed-upon by the client includes consideration of support staff wages.

Also, operating a law practice requires substantial efforts on the part of the lawyers wholly unrelated to representing clients.  This includes dozens of administrative, managerial, and ministerial tasks lawyers must perform every day.  In the vast majority of cases, it is inappropriate to seek to charge a client for such non-legal tasks.

### 11.    Paralegals

The use of paralegals and unlicensed legal assistants is wide-spread and completely appropriate if disclosed to the client.  Guideline 8 of the 2004 update of the ABA Model Guidelines for the Utilization of Paralegal Services states that:  "A lawyer may include a charge for the work performed by a paralegal in setting a charge and/or billing for legal services."  Courts have addressed and accepted the theory that paralegal fees are appropriately billed and recovered by lawyers under various prevailing party attorney fee recovery statutes. *Missouri v. Jenkins* (1989) 491 U.S. 274; *Richlin Security Service Co. v. Chertoff* (2008) 553 U.S. 571; and *Guinn v. Dotson* (1994) 23 Cal. App. 4th 262.   In California, paralegal fees are only compensable if in total compliance with Business and Profession Code §6450.  This requires that the paralegal actually qualifies as a paralegal and the type of work/tasks he/she purports to perform is compensable.

Surprisingly, many lawyers do not realize that some tasks performed by a paralegal are not compensable.  The test to determine whether a task performed by a paralegal is compensable is not predicated on the person that performs it, but rather on the nature of the task itself.  Business and Profession Code §6450 (a) states:

(a) "Paralegal" means a person who holds himself or herself out to be a paralegal, who is qualified by education, training, or work experience, who either contracts with or is employed by an attorney, law firm, corporation, governmental agency, or other entity, and **who performs substantial legal work under the direction and supervision of an active member of the State Bar of California**, as defined in Section 6060, or an attorney practicing law in the federal courts of this state, that has been specifically delegated by the attorney to him or her. **Tasks performed by a paralegal include, but are not limited to, case planning, development, and management; legal research; interviewing clients; fact gathering and retrieving information; drafting and analyzing legal**

**documents; collecting, compiling, and utilizing technical information to make an independent decision and recommendation to the supervising attorney; and representing clients before a state or federal administrative agency if that representation is permitted by statute, court rule, or administrative rule or regulation**.

(Emphasis added).

Furthermore, Business and Profession Code §6454 states that the "terms "paralegal," "legal assistant," "attorney assistant," "freelance paralegal," "independent paralegal," and "contract paralegal" are synonymous for purposes of this chapter.  Consequently, billing a client for a paralegal or legal assistant's ministerial, administrative, or secretarial duties may be improper, particularly if not disclosed in the fee agreement and explained to the client.  However, even if the lawyer disclosed the use of a paralegal or unlicensed legal assistant for ministerial, administrative or secretarial tasks in the fee agreement, the arbitrator may assess whether the consequent fees agreed upon were unconscionable at the time the fee agreement was entered into pursuant to Rule 4-200 of the Rules of Professional Conduct.

Lastly, it is imperative to remember that it is improper for a paralegal to establish the fees charged to the client for the paralegal's services.  Business and Professions Code §6450 (b)(8).  This prohibition may prove to be a minefield for lawyers utilizing their paralegals to act as calendar clerks, office managers, supervisors or administrators who control and prepare the lawyer's/firm's fee bills.

## 12.   Canned Briefs-Recycled Work

Even newly admitted lawyers have access to a library or cache of canned briefs and template documents they may utilize in their practice.  These include, but are not limited to, canned or standardized pleadings, motions, discovery requests, and transactional documents like trusts and leases.  These canned or standardized documents may have been created by the lawyer or some third source.  The issue becomes whether it is appropriate for the lawyer to bill a client any premium for the creation of the original document, or may the lawyer only bill for the revisions made to the canned or standardized document.

As a threshold matter, the ABA long ago opined that:

In addressing the hypothetical regarding...recycled work product, it is helpful to consider these questions, not from the perspective of what a client could be forced to pay, but rather from the perspective of what the lawyer actually earned....  A lawyer who is able to reuse old work product has not re-earned the hours previously billed and compensated when the work product was first generated. Rather than looking to profit from ... the luck of being asked the identical question twice, the lawyer who has agreed to bill solely on the basis of time spent is obliged to pass the benefits of these economies on to the client. The practice of billing several clients for the same time or work product, since it results in the

13

earning of an unreasonable fee, therefore is contrary to the mandate of the Model Rules. Model Rule 1.5.

(American Bar Association Standing Committee on Ethics and Professional Responsibility, Formal Opinion 93-379, *Billing for Professional Fees, Disbursements, and Other Expenses*, (December 6, 1993); *See also Ethics and Time-Based Billing*, Michael Downey, Law Practice Today, ABA Law Practice Management Section, (January 2006) (Over-billing occurs when "billing the client who received the recycled work product time already billed to another client when that work product was originally created."); *See also, The Moral Compass of the American Lawyer*, Richard Zitrin and Carol Langford, (1999 Ballantine Books)(examples of cases in which lawyers were prosecuted and convicted of bill padding practices including billing multiple clients simultaneously and for recycled work product).

Similarly, the authors of the well-regarded Rutter Guide, caution:

Attorneys who prepare standardized documents for clients (e.g., wills, partnership agreements) often keep forms of those documents on their computers to use as "templates" that can be revised and customized to suit each client. Absent clear disclosure to the client, attorneys billing on an hourly basis cannot properly add additional hours to a client's bill when revising such an "in-house" form to reflect the time spent preparing the original (template) form. [Orange County Bar Ass'n Form.Opn. 99–001]

*California Practice Guide: Professional Responsibility*, Paul W. Vapnek, Mark L. Tuft, Ellen R. Peck and Justice Howard B. Wiener (Ret.), Chapter 5. Attorney Fees And Fee Agreements, Paragraph 5-945 (2012).

Given the foregoing, in the event a lawyer seeks to charge a client a "premium" for the use of recycled work, the arbitrator should determine if that "premium" was properly stated and disclosed in the written fee agreement. (State Bar of California Committee on Mandatory Fee Arbitration, Arbitration Advisory 1998-03, *Determination of a "Reasonable" Fee*, pages 15-16 (Updated March 20, 2015). If it is not, it may be evidence of bill padding.

## 13.   Billing multiple clients for the same time

An arbitrator may encounter situations where the lawyer simultaneously worked on matters of several clients. For example, a lawyer charges two clients the full five hours it took him to attend two court hearings for the two separate clients on the same morning in the same court. The issue is whether each client can be properly billed for the full five hours. Generally, billing multiple clients for the same time raises questions of potential impropriety. The answer typically depends on whether the terms of the fee agreements actually disclosed and explained the manner of billing to the all of the affected clients and the fee agreements of every affected client is fair and reasonable. (*See* American Bar Association Standing Committee on Ethics and Professional Responsibility, Formal Opinion 93-379, *Billing for Professional Fees, Disbursements, and Other Expenses*, (December 6, 1993); State Bar of California Standing Committee on Professional Responsibility and Conduct, Formal Opinion No. 1996-147).

14

Therefore, if a lawyer seeks to bill the same time to more than one client simultaneously, that arrangement must be fair, reasonable, fully disclosed in the written fee agreements of all affected clients, and fully explained to each client.  If it is not, then it may be evidence of bill padding.  Additionally, the arbitrator must ensure that, irrespective of how much time the lawyer ultimately bills to any one client for such a collective task, the resulting fees are not unconscionable pursuant to Rule 4-200 of the Rules of Professional Conduct.

### 14.    Ghost Billing

"Ghost billing" occurs when a lawyer bills for work or task(s) performed by another person.  Variations abound.   For example, a paralegal or associate prepares a motion, but the partner in charge bills the time as his/her own.  Or a non-employee contract attorney attends a status conference, but the lawyer of record bills the time as his/her own.  Ghost billing should be scrutinized as it may constitute (1) a deceptive practice, (2) a violation of Business and Professions Code Section 6148(b), (3) bill padding, and (4) an attempt to collect an unconscionable fee or cost in violation of Rule 4-200 of the Rules of Professional Conduct.

### 15.    Contract Attorneys

Another recurring complaint in fee disputes concerns charges for the use of contract attorneys.  Lawyers use contract attorneys for a myriad of purposes, including court appearances, conducting legal research, drafting motions or appeals briefs, etc.  The resulting complaints typically concern how much the client is ultimately charged for these tasks.   The ABA has opined that, if properly disclosed, it is appropriate for the lawyer to mark-up the cost [or add a profit] for work performed by contract attorneys.  (*See* American Bar Association Standing Committee on Ethics and Professional Responsibility Formal Opinion 00-420, Surcharge to client for use of a contract attorney (November 29, 2000)).  However, disputes result when a lawyer chooses to use a "contract attorney" and then bills for the work performed as a fee at the lawyer's hourly rate, when, in fact, the lawyer is paying the contract attorney a lesser rate.[5]

Anticipated use of contract attorneys should be addressed in the written fee agreement. The written fee agreement should state whether the contract lawyer is billed out as a cost or their time is charged as a fee at indicated rates along with the time of the lawyer's or law firm's other timekeepers (partners and associates).  (*See* State Bar of California Standing Committee on Professional Responsibility and Conduct, Formal Opinion No. 2004-165; and The Professionalism and Ethics Committee of the Orange County Bar Association, Formal Opinion 2014-1).  Absent such disclosure, the client should only be charged the out-of-pocket cost of the contract attorney.

---

[5]      There are numerous other non-billing, ethical considerations that are triggered by the use of contract lawyers. As COPRAC concluded in its Opinion 2004-165: Contract attorney services, and individual lawyers providing contract legal services to lawyers, may provide cost-effective alternatives to consumers of legal services. In using these services, those lawyers hiring the contract attorneys must comply with the ethical rules concerning the disclosure to the client of significant developments in the representation. Both those lawyers doing the hiring and those lawyers who are hired must comply with the ethical rules concerning competence, confidentiality, advertising, and conflicts of interest that apply to their respective roles in any such arrangement.

For example, assume that a lawyer [a solo practitioner], charging her client $300/hour, is unable to attend a status conference. She engages a contract attorney to attend a status conference. The contract attorney then delivers an invoice to the lawyer indicating that it took him 1½ hours to attend the status conference and the cost to the lawyer is $100, which the lawyer pays. Generally, given the foregoing facts, the client should only be charged the $100 paid to the contract attorney. If the lawyer seeks to charge the client some other amount, more than $100 or $450 (1½ hours it took to attend the status conference multiplied by her $300/hour rate), it must be clearly disclosed in the written fee agreement. If it is not, then it may be evidence of bill padding.

However, there are circumstances where the facts are not so clear-cut. For example, some law firms [including large multi-national law firms], occasionally find it necessary to hire groups of contract attorneys to conduct special assignments, like document reviews in large cases involving hundreds of thousands, if not millions, of hard and digital documents. In addition to the hourly rate for the contract attorneys, such law firms also incur office and transportation [and other] costs associated with using the contract attorneys. For example, the law firm may have to allocate a portion of their office space, or rent some additional office space, for the contract attorneys to do their work. In such cases, assuming that the use and charge of the contract attorneys are properly disclosed in the written fee agreement, it may be appropriate for the law firm to charge a premium for the use of the contract attorneys. If there is no such disclosure, in addition to the contract attorney's actual hourly rate, the law firm may also be able to properly charge the client for the associated costs described above. Of course, in such circumstances, it is the law firm's obligation to bear the burden of proof to quantify the associated costs chargeable to the client.

The arbitrator should consider the terms of the written fee agreement and whether the client agreed to pay for contract attorneys at some rate other than the actual cost to the lawyer. In the vast majority of written fee agreements, the term "attorney" or "lawyer" is typically defined to mean only the lawyer and/or law firm hired by the client. While a reasonable extension of this definition may include the defined lawyer's employee associates and partners, it does not necessarily include non-employee contract attorneys to which the client has no relationship. Accordingly, the arbitrator should assess those facts regarding whether the client agreed or acknowledged the use and expense of contract attorneys.

## CONCLUSION

The vast majority of lawyers are honest and their bills are reliable statements of the work and time billed to the client. However, if a client claims to have been over-billed, the arbitrator should, at the very least, (1) evaluate the specificity of the time entries and the process by which the fee bill was prepared, (2) evaluate the staffing used on the matter, (3) evaluate the work performed against the time billed, and (4) look for certain patterns in the descriptions of the work performed, including the time entries, to assess the accuracy and propriety of the time charged to the client.

# EXHIBIT 8

Printed from The State Bar of California website (www.calbar.ca.gov) on Wednesday, September 2, 2009

Location:

## 03-01

### ARBITRATION ADVISORY
### 03-01

DETECTING ATTORNEY BILL PADDING
January 29, 2003

Points of view or opinions expressed in this document are those of the Committee on Mandatory Fee Arbitration. They have not been adopted or endorsed by the State Bar's Board of Governors and do not constitute the official position or policy of the State Bar of California.

QUESTION PRESENTED:

When an attorney's invoice overstates the amount of time required for work performed, it is called bill "padding." If a lawyer charges for services on an hourly basis how can an arbitrator evaluate the invoices for possible bill padding? This advisory explores the question of how an arbitrator may identify bill padding and determine a reasonable fee in such circumstances.

INTRODUCTION

Most bills are a collection of a great many estimates of time spent for work performed in the privacy of a lawyer's office. Accordingly, it is usually true that one cannot challenge most of these estimates with mathematical precision. Overall, arbitrators should look at three things:

    A. Evaluate the team/staffing used on the matter,

    B. Evaluate the work performed against the time billed, and

    C. Look for certain patterns in the form of the work descriptions.

DISCUSSION

Rules and observations about determining reasonable attorney's fees in general are addressed in Arbitration Advisories 95-02 (June 9, 1995) and 98-03 (June 23, 1998). This advisory focuses on a subset of that topic: when too much time is recorded for the individual units of work performed, generally known as bill "padding". In order to understand the likely areas to look for such problems, it is useful to consider the historical background of attorney's professional fees [See American Bar Association Commission on Billable Hours Report (August, 2002) referred to hereinafter as "ABA Report" (See http://www.abanet.org/].

Historically, lawyers routinely billed clients in flat sums or fixed amounts - often at the conclusion of the matter. This required some estimating and discretion on the part of counsel. A bill often read something like this: "Fee for services rendered, $ 750.00."

Clients sometimes paid their bills six months or a year after receipt of the invoice, which reflected services performed long before it was sent.

In Gisbrecht v. Barnhart [Gisbrecht v. Barnhart, 535 U.S. 789 (2002)] the Supreme Court wrote:

    ". . . . An American Bar Association (ABA) report, published in 1958, observed that attorneys' earnings had failed to keep pace with the rate of inflation; the report urged attorneys to record the hours spent on each case in order to ensure that fees ultimately charged afforded reasonable compensation for counsels' efforts. See Special Committee on Economics of Law Practice, The 1958 Lawyer and His 1938 Dollar 9-10 (reprint 1959).

    Hourly records initially provided only an internal accounting check. See Honest Hour 19. The fees actually charged might be determined under any number of methods: the annual retainer, the fee-for-service method, the "eyeball" method under which the attorney estimated an annual fee for regular clients, or the contingent-fee method, recognized by this Court in Stanton v. Embrey, 93 U. S. 548, 556 (1877), and formally approved by the ABA in 1908. See Honest Hour [W. Ross, The Honest Hour: The Ethics of Time-Based Billing by Attorneys (1996),13-19]. As it became standard accounting practice to record hours spent on a client's matter, attorneys increasingly realized that billing by hours devoted to a case was administratively convenient; moreover, as an objective measure of a lawyer's labor, hourly billing was readily impartable to the client. Id., at 18. By the early 1970's, the practice of hourly billing had become widespread. See id., at 19, 21."

Over the decades courts and state bar committees have developed vast experience evaluating requests for fees calculated on the basis of units of time in hourly rates. This process is called the "lodestar" method. The number of hours reasonably devoted to each case is multiplied by an amount determined to be a reasonable hourly rate. The time involved in many lodestar matters is often hundreds, perhaps thousands of hours of time, and evaluating such a request can be a vexing, complicated process even for courts experienced in such matters. Once the lodestar amount is determined it is presumed thereafter to be the reasonable fee, although the amount can sometimes be adjusted upwards or downwards for 12 reasons or factors [See Kerr v. Screen Extras Guild, Inc. 526 F.2d 67, 70 (9th Cir. 1975)]. This advisory is not concerned with these adjustments but with evaluating the lodestar for fees for services which have been rendered by a law firm to its client on an hourly basis and with a specific focus on whether or not there has been "padding" or "heavy pencil" time estimates in the bill.

In the now-standard chronological legal bill, almost all time is (or can be, if requested) shown by day and by timekeeper. If a lawyer or other timekeeper does several things in one day on a particular matter then he or she must decide how to describe this work and how much time to enter for the work. This can be done for the batch of things done as a total or for each element within the batch. The use of only one total time is called "block billing" or "lumping" and it is not a favored practice. Many sophisticated users of legal services and many courts specifically prohibit block billing, and in evaluating the appropriateness of charges for legal services it may be appropriate - even essential in some cases - to write off time and fees to account for this practice.

An arbitrator's review of legal bills should include an inquiry into the method and timing used to prepare the bills in order to form an opinion as to the accuracy of the data shown by the bills. Some attorneys, particularly solo practitioners and very small firms, still use word processing programs to generate bills but most mid-size and larger firms use billing programs for this function. Many time and billing software programs in use today have a timer feature that allows one to input "start" and "stop" commands for one or more matters. The program then automatically calculates the elapsed time for each procedure in the same manner as a stopwatch. This feature is cumbersome and very rarely used by timekeepers, due in part to the nature of the way timekeepers devote their time to various matters during a typical day. Telephone calls, voice-mails, e-mails, faxes, couriers, mail, colleagues, sudden inspiration, etc., interrupt and require instant attention to another matter. Sometimes two or more things are happening at the same time, and there is no way to have a timekeeper keep track of these events and the time involved for each event will have to be estimated and written or entered manually for each task.

Many lawyers no longer write out what they do by hand on paper time sheets but input their work descriptions directly into computers. These can usually be identified because they are often longer and more detailed. For example, if an entry in an invoice reads: "meeting with client to discuss the elements of the separate statement of facts and the source of evidence for each element (1.8); research new opinion on the presumptions and burden of proof under Festo and progeny (2.5)" [Example 1], this is likely (but not necessarily) something actually entered into the program by the lawyer. On the other hand, the briefer description for the same work of: "meeting with client re MSJ; research burden of proof (4.3)" [Example 2] is probably something written in longhand and then transcribed into the billing program. Some lawyers still do not use billing programs but generate their bills by word processing programs or even on hand-written slips of carbon paper designed for this use. It is not the format of the bill but the information provided which is important. Full and complete hand-written descriptions are fine, but these are now very rare.

While it is almost universally acknowledged that contemporaneous records are the best practice, many times the press of business is such that a day or two (or more) goes by without the timekeeper entering any times. Sometimes a month may pass without any entries. Rarely years go by without any entries! At some point a bill needs to be generated and the timekeeper is faced with the need to reconstruct what happened a day or two or a month ago (or a year ago) with great precision. The time will be turned in or reconstructed and the invoices may appear to be very precise, with exact times noted for each activity, but this surface appearance of accuracy is deceptive and the time recorded is subject to re-evaluation by the arbitrator. When reading the bill it is very important to remember that in the vast majority of cases each time entry in a lawyer's bill is merely an estimate of how much time was required for the work performed that is being described in a summary fashion.

Since the entry for time spent is done by the individual timekeeper with no one watching, and because the ascribing of time is sometimes a very subjective thing which must be done with some care, it is up to the timekeeper to exercise judgment in making these estimates. Once the time is entered it is not final, however. It is customary for larger law firms to have a draft of the bill circulated to the partner in charge of billing on the matter. These are often called "pre-bills" which are edited for errors and the time is written up or down in an exercise of what is called "billing judgment" by the billing partner (who may or may not be the lawyer actually working on the file) who originated the case for the firm. Pre-bills have the raw data and often have cumulative totals as well. After the pre-bill is revised it becomes the invoice. The client may or may not ever know about this process. The final bill may or may not have some entries that read "no charge". Following this process, the final bill is sent out to the client, with or without an explanatory letter. Many times the pre-bills are not carefully reviewed by the billing partner for a number of reasons, including the fact that most billing partners are very busy and do not have or want to allocate the time to check each bill carefully, the entries may be for timekeepers who are not readily available, and the billing partner may have a huge stack of pre-bills to go through and only a short time to do so since the firm wants to "get the bills out".

It is just about impossible to be certain that any one single time entry is wrong or faked or padded. "The 'perfect crime' [is the] padding of bills…" [W. Ross, the Honest Hour: The Ethics of Time Based Billing by Attorneys 2 (1996)]. If, in Example 1 above, the client is certain that the meeting required only 30 minutes (with no travel time), then perhaps one could question the entry of 1.8 hours. But how can one prove that the time for, say, a specific letter was really 12 minutes rather than 30? If the time is block-billed and one does not even know how much time is being claimed for the letter, then what? Look at the totality of the data and consider the following three methods.

THE THREE APPROACHES TO IDENTIFYING PADDING

Assuming that one does either with 02/342-DMC ADoc so that a claim could be an invoice that (it be) by high, at pages 133 of 457 one suspects that some irregularity might be present, how can one evaluate these invoices for padding? There are three ways: (1) examine the staffing; (2) quantify and evaluate the reasonableness of the time spent on specific tasks or for major specific items; and (3) look at the format of the bills.

A. Examine Staffing. Invoices should indicate the names of the timekeepers.

It is customary to show the hours and fees billed by timekeepers by invoice and sometimes also cumulatively for the life of the matter. Examine these invoices and make a list of timekeepers and their hours per invoice. Do many come and go from invoice to invoice? If there are many timekeepers on a matter then one should focus on the ones who are more likely to have been using what is called a "heavy pencil" in recording their time. Who in the firm is the most likely to pad the bill?

The least experienced lawyers are called "associates". They are employees of the firm and are paid a salary and sometimes a bonus for billing high hours in a year. Many firms pay bonuses if associates bill about 2,000 to 2,420 hours in a year. Try to ascertain the plan in effect for the particular case and be aware that some firms will allow an associate to elect a particular plan. Base salary is tied to a certain minimum, and an associate may get a bonus for meeting specified "billables". New associates are often not efficient but they need to record as many hours as they can to meet their targets. The matters they work on are usually ones where they have no direct relationship with the client. New associates are most likely to be under great pressure to bill very high hours. If they have not developed the discipline to record their times daily, some time may go by before the associate enters the work description and time. Some will give in to the temptation to guess and to exaggerate in order to meet the demands on them, anticipating that it will be at least a month and maybe longer before anyone questions the time. Be observant for elastic phrases to describe what they did in a way which is easy to justify or at least hard to disprove. Phrases such as "review documents produced by counsel, 8.0 hours", "discovery, 6.0 hours", "prepare for trial 9.0 hours", etc., should trigger suspicion. Scrutinize newer associates' times first. The fewer the years of practice, the higher the probability of padding. The ABA Commission on Billable Hours Report recognizes that hourly billing penalizes efficient and productive lawyers and "may allow, indeed may encourage, profligate work habits" [ABA Commission on Billable Hours Report (August, 2002), at pages 6 - 8].

It is also generally accepted that the more timekeepers on a case, the higher the bill will be. Pay particular attention to time recorded by newer associates who record time on the matter only briefly, such as one or two months.

B. Measure some or all of the work produced by the law firm against the hours claimed. Evaluate this for a range of reasonableness.

What were the major items of work performed? How many hours were recorded for this work? How many timekeepers were involved? What did they do? Did they duplicate each other's work? Was some of this "training" time for new lawyers? Was the client given an estimate or a budget? An "estimate" is not binding. A budget is supposed to be accurate and binding but subject to revision if circumstances change and the client is promptly informed.

Major tasks. One may need to quantify the time first. It may be possible to calculate how much time was billed for certain major tasks and then to look at the work product to see if the time falls into a range that appears reasonable. This can be hard to do without some experience in the particular legal area involved.

While the times-by-task can be hard to assemble, sometimes the bills themselves will have guides to that information within them if the firm employs what are called the "Uniform Task-Based Management System" (or Codes) published by the American Bar Association. Task-based billing codes are in fairly wide use but are not standard and there is some debate over their usefulness. For example, one may know that certain hours were recorded for "L240 - Motions For Judgment" but not how many hours were shown for a specific Motion for Summary Adjudication.

The ABA Task Codes assign litigation time within 5 groups: case assessment, pre-trial, discovery, trial and appeal. There are also 11 optional Activities Codes (such as "A106 - Communication (with client)" which may be used within each of these 5 groups in the Litigation Code Set.

In Example 1 above, for example, the time billed for meeting with the client to prepare the statement of facts would show the codes "L240" / "A106" in or right after the descriptions of the activities and the totals for these things would (or could) appear on the bill. Once the ABA key is in hand, this will help to break down the time and fees into broad tasks, which may be useful information. Once it is known that a motion for summary judgment required many hours of several timekeepers' time, one can then come to a conclusion or ask for an explanation of whether or not the time spent on this particular task is reasonable.

Documents. There often is a good deal of time shown for "reviewing documents" ("L320 - Document Production") in many litigation matters. First, ascertain how many document pages were produced or reviewed. This is sometimes stated in terms of "boxes" which is a standard file storage box normally holding anywhere from 2,000 to 3,500 pages of documents, depending on how tightly they are packed. Some courts and commentators mention 2,500 as the average number of pages per box. Ask how many timekeepers reviewed the documents and how long did it took. A general rule of thumb commonly used by experts in billing analysis is that it will take a lawyer about 8 hours to review a box of relevant documents. It might also require a paralegal's help at about 4 hours per box. This can vary widely depending on the type of documents and their importance and repetitiveness.

C. Examine the format of the invoices for patterns that suggest padding.

1. Formula billing

Every single piece of paper gets a time entry as it wends its way past the timekeeper to its destination. It does not take more than a few seconds to read most routine correspondence. If the timekeeper reads a group of documents in a minute or two and then records a minimum time for each document, this may ultimately increase the time by several hours. Look for multiple timekeepers reading the same documents.

2. High minimum increments

The standard minimum is 1/10th of an hour or 6 minutes. If a higher minimum is used, such as .25 or .5, this probably increases the time by 15% to 25%. Some courts have criticized the use of a .25 or 1/4 hour minimum as being too high.

3. Time estimates

If the bills show hours in even numbers such as 8.0, 9.0, or 10.0, these are probably estimates rather than actual time spent and should be investigated.

4. Block billing

If one amount of time is shown for working on more than one discrete task, this is called "block billing" or "lumping" time. This is almost never allowed by federal courts. The practice hides accountability and may increase time by 10% to 30%. The larger the "block", the more care should be exercised.

5. Standardized work descriptions

If one sees the exact same phrases used again and again in the bills, it is likely that some routine has set in and this allows some "down time" to find it way into the bills. An entry such as "review documents produced by opposition, 7.5 hours" is typical.

6. Lack of detail

"Research issues", "attention to file", "discovery", "prepare for trial", and similar statements are not specific enough to let the reader know what was done.

7. Wrong times

Sometimes a client knows that certain things took less time than was billed such as the meeting in Example 1, above. Perhaps other meetings were for known times or can be checked. Deposition transcripts usually have start and end times and can be checked against billing invoices.

8. Timeliness of invoices

Was the invoice prepared at or near the time when the services were provided? As noted above, if too much time has elapsed between the event and generating the invoice, the times shown might be estimates or best guesses of the time involved. On the other hand, it is possible that the timekeeper recorded his or her time contemporaneously but did not generate the invoice for some reason. The responsible attorney should be questioned about this.

9. Experts and outside investigators

Outside vendors such as experts or investigators should submit invoices that set out what they did with adequate detail. Representations or proof that these charges have actually been paid should also be produced.

10. Computer Assisted Legal Research ("CALR")

Firms such as Lexis-Nexis and Westlaw may offer "pro-forma" invoices which are not the actual charges to the firm. The actual net amounts paid by the firm should be determined.

11. Overhead items

Some charges such as telephone, facsimile, internet fees, extranet costs, office supplies, library charges, seminars, continuing legal education charges, and perhaps even basic CALR are really part of the cost of doing business and should be reflected in the professionals' hourly rates. These should not be passed on to the client unless the client has clearly agreed otherwise.

CONCLUSION

03-01

The vast majority of lawyers are honest and their bills are reliable statements of what was done. However, the economic pressure on lawyers and firms is enormous, continuous, and irrefutable. Some few timekeepers will pad the bill by inserting extra hours from time to time, and the cumulative effect of this practice can be very significant. Arbitrators should examine each case appropriately by: (1) examining the staffing, (2) quantifying and evaluating the time spent on major items of work, and (3) evaluating the form or pattern of the invoices for padding.

*©2009 The State Bar of California*

# EXHIBIT 9

| Biller | Exhibit | Date | Description | Computed Hours | Requested Rate | Computed Fees | Adjusted Rate | Adjusted Fees | Fee Difference |
|---|---|---|---|---|---|---|---|---|---|
| Angel Carrazco Jr. | Ex 13 | 3/12/2024 | Prep for trial, trial, post trial debrief and strategy | 15 | $ 1,000.00 | $ 15,000.00 | $ 473.00 | $ 7,095.00 | $ 7,905.00 |
| Angel Carrazco Jr. | Ex 13 | 3/13/2024 | Prep for trial, trial, post trial debrief and strategy | 15 | $ 1,000.00 | $ 15,000.00 | $ 473.00 | $ 7,095.00 | $ 7,905.00 |
| Angel Carrazco Jr. | Ex 13 | 3/14/2024 | Prep for trial, trial, post trial debrief and strategy | 15 | $ 1,000.00 | $ 15,000.00 | $ 473.00 | $ 7,095.00 | $ 7,905.00 |
| Angel Carrazco Jr. | Ex 13 | 3/15/2024 | Prep for trial, trial, post trial debrief and strategy | 15 | $ 1,000.00 | $ 15,000.00 | $ 473.00 | $ 7,095.00 | $ 7,905.00 |
| Angel Carrazco Jr. | Ex 13 | 10/16/2024 | Prepared for, attended, & debriefed re: trial | 15 | $ 1,000.00 | $ 15,000.00 | $ 473.00 | $ 7,095.00 | $ 7,905.00 |
| Angel Carrazco Jr. | Ex 13 | 10/17/2024 | Prepared for, attended, & debriefed re: trial | 15 | $ 1,000.00 | $ 15,000.00 | $ 473.00 | $ 7,095.00 | $ 7,905.00 |
| Angel Carrazco Jr. | Ex 13 | 10/18/2024 | Prepared for, attended, & debriefed re: trial | 15 | $ 1,000.00 | $ 15,000.00 | $ 473.00 | $ 7,095.00 | $ 7,905.00 |
| Angel Carrazco Jr. | Ex 13 | 10/21/2024 | Prepared for, attended, & debriefed re: trial | 15 | $ 1,000.00 | $ 15,000.00 | $ 473.00 | $ 7,095.00 | $ 7,905.00 |
| Angel Carrazco Jr. | Ex 13 | 10/22/2024 | Prepared for, attended, & debriefed re: trial | 15 | $ 1,000.00 | $ 15,000.00 | $ 473.00 | $ 7,095.00 | $ 7,905.00 |
| Angel Carrazco Jr. | Ex 13 | 10/23/2024 | Prepared for, attended, & debriefed re: trial | 15 | $ 1,000.00 | $ 15,000.00 | $ 473.00 | $ 7,095.00 | $ 7,905.00 |
| Angel Carrazco Jr. | Ex 13 | 10/25/2024 | Prepared for, attended, & debriefed re: trial | 15 | $ 1,000.00 | $ 15,000.00 | $ 473.00 | $ 7,095.00 | $ 7,905.00 |
| Angel Carrazco Jr. | Ex 13 | 3/9/2024 | Trial prep in Sacramento | 10 | $ 1,000.00 | $ 10,000.00 | $ 473.00 | $ 4,730.00 | $ 5,270.00 |
| Angel Carrazco Jr. | Ex 13 | 10/24/2024 | Prepared for, attended, & debriefed re: trial | 10 | $ 1,000.00 | $ 10,000.00 | $ 473.00 | $ 4,730.00 | $ 5,270.00 |
| Angel Carrazco Jr. | Ex 13 | 3/7/2024 | Meet with plaintiff and family to prepare trial testimony (Sacramento) | 8 | $ 1,000.00 | $ 8,000.00 | $ 473.00 | $ 3,784.00 | $ 4,216.00 |
| Angel Carrazco Jr. | Ex 13 | 3/8/2024 | Meet with plaintiff and family and prepare for trial | 8 | $ 1,000.00 | $ 8,000.00 | $ 473.00 | $ 3,784.00 | $ 4,216.00 |
| Angel Carrazco Jr. | Ex 13 | 10/22/2018 | Drove from Tustin to Modesto to meet family and plaintiff | 6 | $ 1,000.00 | $ 6,000.00 | $ 473.00 | $ 2,838.00 | $ 3,162.00 |
| Angel Carrazco Jr. | Ex 13 | 10/23/2018 | Drove from Modesto to Tustin | 6 | $ 1,000.00 | $ 6,000.00 | $ 473.00 | $ 2,838.00 | $ 3,162.00 |
| Angel Carrazco Jr. | Ex 13 | 2/26/2021 | Drove from Tustin to Modesto | 6 | $ 1,000.00 | $ 6,000.00 | $ 473.00 | $ 2,838.00 | $ 3,162.00 |
| Angel Carrazco Jr. | Ex 13 | 2/28/2021 | Drove from Modesto to Tustin | 6 | $ 1,000.00 | $ 6,000.00 | $ 473.00 | $ 2,838.00 | $ 3,162.00 |
| Angel Carrazco Jr. | Ex 13 | 11/3/2021 | Drove from Tustin to Modesto to meet Dr. Wobrock and family | 6 | $ 1,000.00 | $ 6,000.00 | $ 473.00 | $ 2,838.00 | $ 3,162.00 |
| Angel Carrazco Jr. | Ex 13 | 11/4/2021 | Drove from Modesto to Tustin | 6 | $ 1,000.00 | $ 6,000.00 | $ 473.00 | $ 2,838.00 | $ 3,162.00 |
| Angel Carrazco Jr. | Ex 13 | 6/8/2022 | Review of other depositions of Dr. Peter Stafianos | 6 | $ 1,000.00 | $ 6,000.00 | $ 473.00 | $ 2,838.00 | $ 3,162.00 |
| Angel Carrazco Jr. | Ex 13 | 3/10/2024 | Trial prep in Sacramento | 6 | $ 1,000.00 | $ 6,000.00 | $ 473.00 | $ 2,838.00 | $ 3,162.00 |
| Angel Carrazco Jr. | Ex 13 | 3/5/2021 | Prepare deposition and statement outlines | 5 | $ 1,000.00 | $ 5,000.00 | $ 473.00 | $ 2,365.00 | $ 2,635.00 |
| Angel Carrazco Jr. | Ex 13 | 6/10/2021 | Waiting for plaintiff's examination by Dr. Prager | 5 | $ 1,000.00 | $ 5,000.00 | $ 473.00 | $ 2,365.00 | $ 2,635.00 |

| Biller | Exhibit | Date | Description | Computed Hours | Requested Rate | Computed Fees | Adjusted Rate | Adjusted Fees | Fee Difference |
|--------|---------|------|-------------|---------------|----------------|---------------|---------------|---------------|----------------|
| Angel Carrazco Jr. | Ex 13 | 11/2/2021 | Review and analsyis of evidence for Separate Statement for MSJ | 5 | $ 1,000.00 | $ 5,000.00 | $ 473.00 | $ 2,365.00 | $ 2,635.00 |
| Angel Carrazco Jr. | Ex 13 | 6/5/2022 | Reiview and analysis of Dr. Fish's entire file | 5 | $ 1,000.00 | $ 5,000.00 | $ 473.00 | $ 2,365.00 | $ 2,635.00 |
| Angel Carrazco Jr. | Ex 13 | 6/9/2022 | Review expert file, materials and opionions (Scott Defoe) | 5 | $ 1,000.00 | $ 5,000.00 | $ 473.00 | $ 2,365.00 | $ 2,635.00 |
| Angel Carrazco Jr. | Ex 13 | 4/18/2023 | Review materials and prepared for deposition of Ravani | 5 | $ 1,000.00 | $ 5,000.00 | $ 473.00 | $ 2,365.00 | $ 2,635.00 |
| Angel Carrazco Jr. | Ex 13 | 2/28/2024 | Prepare for trial with plaintiff and family | 5 | $ 1,000.00 | $ 5,000.00 | $ 473.00 | $ 2,365.00 | $ 2,635.00 |
| Angel Carrazco Jr. | Ex 13 | 2/29/2024 | Prepare for trial with plaintiff and family | 5 | $ 1,000.00 | $ 5,000.00 | $ 473.00 | $ 2,365.00 | $ 2,635.00 |
| Angel Carrazco Jr. | Ex 13 | 3/6/2024 | Fly into Sacramento to prepare for trial | 5 | $ 1,000.00 | $ 5,000.00 | $ 473.00 | $ 2,365.00 | $ 2,635.00 |
| Angel Carrazco Jr. | Ex 13 | 3/11/2024 | Prep for trial, trial, post trial debrief and strategy | 5 | $ 1,000.00 | $ 5,000.00 | $ 473.00 | $ 2,365.00 | $ 2,635.00 |
| Angel Carrazco Jr. | Ex 13 | 10/22/2018 | Meeting with family and client and went to scene of shooting | 4 | $ 1,000.00 | $ 4,000.00 | $ 473.00 | $ 1,892.00 | $ 2,108.00 |
| Angel Carrazco Jr. | Ex 13 | 3/4/2021 | Deposition of defendant Edgardo Yepez | 4 | $ 1,000.00 | $ 4,000.00 | $ 473.00 | $ 1,892.00 | $ 2,108.00 |
| Angel Carrazco Jr. | Ex 13 | 4/28/2021 | Deposition of CHP officer Michael Randazzo | 4 | $ 1,000.00 | $ 4,000.00 | $ 473.00 | $ 1,892.00 | $ 2,108.00 |
| Angel Carrazco Jr. | Ex 13 | 5/16/2021 | Prepare outline for Ms. Macias deposition | 4 | $ 1,000.00 | $ 4,000.00 | $ 473.00 | $ 1,892.00 | $ 2,108.00 |
| Angel Carrazco Jr. | Ex 13 | 5/18/2021 | Prepare Ms. Macias for deposition | 4 | $ 1,000.00 | $ 4,000.00 | $ 473.00 | $ 1,892.00 | $ 2,108.00 |
| Angel Carrazco Jr. | Ex 13 | 6/9/2021 | Meeting with Ms. Macias and client in Orange County | 4 | $ 1,000.00 | $ 4,000.00 | $ 473.00 | $ 1,892.00 | $ 2,108.00 |
| Angel Carrazco Jr. | Ex 13 | 5/30/2022 | Review and anlysis of expert Dr. Charles Filanosky's file | 4 | $ 1,000.00 | $ 4,000.00 | $ 473.00 | $ 1,892.00 | $ 2,108.00 |
| Angel Carrazco Jr. | Ex 13 | 10/20/2018 | Meetin with client and family to discuss case in Tustin office | 3 | $ 1,000.00 | $ 3,000.00 | $ 473.00 | $ 1,419.00 | $ 1,581.00 |
| Angel Carrazco Jr. | Ex 13 | 4/8/2020 | Review and analysis ofDropbox link received from Defendant with RFP materials and responses | 3 | $ 1,000.00 | $ 3,000.00 | $ 473.00 | $ 1,419.00 | $ 1,581.00 |
| Angel Carrazco Jr. | Ex 13 | 3/3/2021 | Prepare a 30 page outline to depose defendant | 3 | $ 1,000.00 | $ 3,000.00 | $ 473.00 | $ 1,419.00 | $ 1,581.00 |
| Angel Carrazco Jr. | Ex 13 | 4/24/2021 | Review and analysis of Yepez deposition | 3 | $ 1,000.00 | $ 3,000.00 | $ 473.00 | $ 1,419.00 | $ 1,581.00 |
| Angel Carrazco Jr. | Ex 13 | 5/14/2021 | Review and analysis of plaintiff's deposition | 3 | $ 1,000.00 | $ 3,000.00 | $ 473.00 | $ 1,419.00 | $ 1,581.00 |
| Angel Carrazco Jr. | Ex 13 | 5/19/2021 | Prepare and defend deposition of Priscilla Macias | 3 | $ 1,000.00 | $ 3,000.00 | $ 473.00 | $ 1,419.00 | $ 1,581.00 |
| Angel Carrazco Jr. | Ex 13 | 6/30/2021 | Medical appointment with Dr. Prager | 3 | $ 1,000.00 | $ 3,000.00 | $ 473.00 | $ 1,419.00 | $ 1,581.00 |
| Angel Carrazco Jr. | Ex 13 | 6/31/2021 | Medical appointment with Dr. Prager | 3 | $ 1,000.00 | $ 3,000.00 | $ 473.00 | $ 1,419.00 | $ 1,581.00 |
| Angel Carrazco Jr. | Ex 13 | 11/9/2021 | Meeting with client in Hotel near Dr. Prager's office | 3 | $ 1,000.00 | $ 3,000.00 | $ 473.00 | $ 1,419.00 | $ 1,581.00 |
| Angel Carrazco Jr. | Ex 13 | 11/9/2021 | Medical appointment with Dr. Prager | 3 | $ 1,000.00 | $ 3,000.00 | $ 473.00 | $ 1,419.00 | $ 1,581.00 |
| Angel Carrazco Jr. | Ex 13 | 11/14/2021 | Drove plaintiff to medical psychological evaluation with Dr. Jacobs | 3 | $ 1,000.00 | $ 3,000.00 | $ 473.00 | $ 1,419.00 | $ 1,581.00 |
| Angel Carrazco Jr. | Ex 13 | 11/20/2021 | Review and analysis of evidence for Separate Statement of MSJ | 3 | $ 1,000.00 | $ 3,000.00 | $ 473.00 | $ 1,419.00 | $ 1,581.00 |

| Biller | Exhibit | Date | Description | Computed Hours | Requested Rate | Computed Fees | Adjusted Rate | Adjusted Fees | Fee Difference |
|--------|---------|------|-------------|----------------|----------------|---------------|---------------|---------------|----------------|
| Angel Carrazco Jr. | Ex 13 | 11/23/2021 | Attended pyschological evaluation with client and Ms. Macias | 3 | $ 1,000.00 | $ 3,000.00 | $ 473.00 | $ 1,419.00 | $ 1,581.00 |
| Angel Carrazco Jr. | Ex 13 | 4/3/2022 | Meeting with plaintiff's family, review depositiosn regarding damages | 3 | $ 1,000.00 | $ 3,000.00 | $ 473.00 | $ 1,419.00 | $ 1,581.00 |
| Angel Carrazco Jr. | Ex 13 | 4/18/2022 | Prepare for expert deposition of Mmy Meinhard | 3 | $ 1,000.00 | $ 3,000.00 | $ 473.00 | $ 1,419.00 | $ 1,581.00 |
| Angel Carrazco Jr. | Ex 13 | 4/21/2022 | Defend deposition of Life Care Expert Mmy Meinhard | 3 | $ 1,000.00 | $ 3,000.00 | $ 473.00 | $ 1,419.00 | $ 1,581.00 |
| Angel Carrazco Jr. | Ex 13 | 5/26/2022 | Defend depositoin of Dr. Christopher Stephenson | 3 | $ 1,000.00 | $ 3,000.00 | $ 473.00 | $ 1,419.00 | $ 1,581.00 |
| Angel Carrazco Jr. | Ex 13 | 6/6/2022 | Prepare 25 page outline for deposition of Dr. Fish | 3 | $ 1,000.00 | $ 3,000.00 | $ 473.00 | $ 1,419.00 | $ 1,581.00 |
| Angel Carrazco Jr. | Ex 13 | 6/7/2022 | Review and analysis of expert Dr. Stafianos' expert file | 3 | $ 1,000.00 | $ 3,000.00 | $ 473.00 | $ 1,419.00 | $ 1,581.00 |
| Angel Carrazco Jr. | Ex 13 | 7/3/2022 | Review of officer Michael Randazzo deposition and statement | 3 | $ 1,000.00 | $ 3,000.00 | $ 473.00 | $ 1,419.00 | $ 1,581.00 |
| Angel Carrazco Jr. | Ex 13 | 7/9/2022 | Prepare 23 page outline for deposition of Mr. Chapman | 3 | $ 1,000.00 | $ 3,000.00 | $ 473.00 | $ 1,419.00 | $ 1,581.00 |
| Angel Carrazco Jr. | Ex 13 | 7/19/2022 | Review and analysis of expert file and report (Vick Schwietzer) | 3 | $ 1,000.00 | $ 3,000.00 | $ 473.00 | $ 1,419.00 | $ 1,581.00 |
| Angel Carrazco Jr. | Ex 13 | 7/24/2022 | Review expert file James Mills and dicuss opinions | 3 | $ 1,000.00 | $ 3,000.00 | $ 473.00 | $ 1,419.00 | $ 1,581.00 |
| Angel Carrazco Jr. | Ex 13 | 8/9/2022 | Review and analysis of expert file and other depositions | 3 | $ 1,000.00 | $ 3,000.00 | $ 473.00 | $ 1,419.00 | $ 1,581.00 |
| Angel Carrazco Jr. | Ex 13 | 1/4/2023 | Reveiw email from Wobrock office re additional items and payment, met with staff and Kent re same coordinated response | 3 | $ 1,000.00 | $ 3,000.00 | $ 473.00 | $ 1,419.00 | $ 1,581.00 |
| Angel Carrazco Jr. | Ex 13 | 1/5/2023 | Review additional emails from Wobrocks office and organized documents and creation of Dropbox, review of dropbox documents | 3 | $ 1,000.00 | $ 3,000.00 | $ 473.00 | $ 1,419.00 | $ 1,581.00 |
| Angel Carrazco Jr. | Ex 13 | 1/24/2023 | Review Ravani Rebuttal report, 50 pages and analyzed it | 3 | $ 1,000.00 | $ 3,000.00 | $ 473.00 | $ 1,419.00 | $ 1,581.00 |
| Angel Carrazco Jr. | Ex 13 | 6/16/2023 | Review doc 38 Order on MSJ, including the ruling and analyzed and discussed with Kent and Chris | 3 | $ 1,000.00 | $ 3,000.00 | $ 473.00 | $ 1,419.00 | $ 1,581.00 |
| Angel Carrazco Jr. | Ex 13 | 2/21/2024 | Meeting with staff and directed creation of exhibit binders incl. utilizing services | 3 | $ 1,000.00 | $ 3,000.00 | $ 473.00 | $ 1,419.00 | $ 1,581.00 |
| Angel Carrazco Jr. | Ex 13 | 2/22/2024 | Discussed jury inst., rev'd jury inst., suggested changes | 3 | $ 1,000.00 | $ 3,000.00 | $ 473.00 | $ 1,419.00 | $ 1,581.00 |

| Biller | Exhibit | Date | Description | Computed Hours | Requested Rate | Computed Fees | Adjusted Rate | Adjusted Fees | Fee Difference |
|--------|---------|------|-------------|----------------|----------------|---------------|---------------|---------------|----------------|
| Angel Carrazco Jr. | Ex 13 | 2/23/2024 | Review lengthy email from Whitmore to Le re: verdict form, jury instrnctions, etc. emails back/forth, meetings and discussions | 3 | $ 1,000.00 | $ 3,000.00 | $ 473.00 | $ 1,419.00 | $ 1,581.00 |
| Angel Carrazco Jr. | Ex 13 | 2/27/2024 | Review email from Le re: MILs, drafted responsive email, meetings, and further discussions | 3 | $ 1,000.00 | $ 3,000.00 | $ 473.00 | $ 1,419.00 | $ 1,581.00 |
| Angel Carrazco Jr. | Ex 13 | 3/1/2024 | Meeting w/staff & made arrangements re: trial exhibits, assembly, etc. | 3 | $ 1,000.00 | $ 3,000.00 | $ 473.00 | $ 1,419.00 | $ 1,581.00 |
| Angel Carrazco Jr. | Ex 13 | 4/25/2021 | Review and alysis of POST and meeting with expert | 2 | $ 1,000.00 | $ 2,000.00 | $ 473.00 | $ 946.00 | $ 1,054.00 |
| Angel Carrazco Jr. | Ex 13 | 6/10/2021 | Drove to expert Joshua Prager's office with Ms. Macias and plaintiff | 2 | $ 1,000.00 | $ 2,000.00 | $ 473.00 | $ 946.00 | $ 1,054.00 |
| Angel Carrazco Jr. | Ex 13 | 7/15/2021 | Deposition of Diane Valenznel | 2 | $ 1,000.00 | $ 2,000.00 | $ 473.00 | $ 946.00 | $ 1,054.00 |
| Angel Carrazco Jr. | Ex 13 | 10/29/2021 | Review Motion for Summary Judgment | 2 | $ 1,000.00 | $ 2,000.00 | $ 473.00 | $ 946.00 | $ 1,054.00 |
| Angel Carrazco Jr. | Ex 13 | 10/30/2021 | Review and analysis of all materials in support of MSJ | 2 | $ 1,000.00 | $ 2,000.00 | $ 473.00 | $ 946.00 | $ 1,054.00 |
| Angel Carrazco Jr. | Ex 13 | 11/3/2021 | Meeting with Dr. Jessie Wobrock and family | 2 | $ 1,000.00 | $ 2,000.00 | $ 473.00 | $ 946.00 | $ 1,054.00 |
| Angel Carrazco Jr. | Ex 13 | 11/12/2021 | Prepared plaintiff for medical evaluation with Dr  Jacobs | 2 | $ 1,000.00 | $ 2,000.00 | $ 473.00 | $ 946.00 | $ 1,054.00 |
| Angel Carrazco Jr. | Ex 13 | 11/18/2021 | Review and analysis of Rule 26 Report (Scott Defoe) | 2 | $ 1,000.00 | $ 2,000.00 | $ 473.00 | $ 946.00 | $ 1,054.00 |
| Angel Carrazco Jr. | Ex 13 | 11/28/2021 | Review and analysis of expert declaration for MSJ | 2 | $ 1,000.00 | $ 2,000.00 | $ 473.00 | $ 946.00 | $ 1,054.00 |
| Angel Carrazco Jr. | Ex 13 | 12/6/2021 | Review Separate Statement and MSJ draft | 2 | $ 1,000.00 | $ 2,000.00 | $ 473.00 | $ 946.00 | $ 1,054.00 |
| Angel Carrazco Jr. | Ex 13 | 4/5/2022 | Review Rule 26 report and all medicals | 2 | $ 1,000.00 | $ 2,000.00 | $ 473.00 | $ 946.00 | $ 1,054.00 |
| Angel Carrazco Jr. | Ex 13 | 4/29/2022 | Defend deposition of Dr. Marilyn Jacobs | 2 | $ 1,000.00 | $ 2,000.00 | $ 473.00 | $ 946.00 | $ 1,054.00 |
| Angel Carrazco Jr. | Ex 13 | 6/2/2022 | Depose defense expert Dr. Charles Filanosky | 2 | $ 1,000.00 | $ 2,000.00 | $ 473.00 | $ 946.00 | $ 1,054.00 |
| Angel Carrazco Jr. | Ex 13 | 6/8/2022 | Review and anlysis of Rule 26 report (Dr. Peter Stafianos) | 2 | $ 1,000.00 | $ 2,000.00 | $ 473.00 | $ 946.00 | $ 1,054.00 |
| Angel Carrazco Jr. | Ex 13 | 6/9/2022 | Depose defense expert Dr. Peter Stafianos | 2 | $ 1,000.00 | $ 2,000.00 | $ 473.00 | $ 946.00 | $ 1,054.00 |
| Angel Carrazco Jr. | Ex 13 | 8/11/2022 | Depose defense expert Dr. Renee Binder | 2 | $ 1,000.00 | $ 2,000.00 | $ 473.00 | $ 946.00 | $ 1,054.00 |
| Angel Carrazco Jr. | Ex 13 | 9/14/2022 | Review and analyis of articles re intoxication | 2 | $ 1,000.00 | $ 2,000.00 | $ 473.00 | $ 946.00 | $ 1,054.00 |
| Angel Carrazco Jr. | Ex 13 | 1/9/2023 | Coordinated with staff and Wobrock office re resetting depo, drafted email to Whitmore and reviewed email from Whitmore re Ravani and Wobrock depo | 2 | $ 1,000.00 | $ 2,000.00 | $ 473.00 | $ 946.00 | $ 1,054.00 |
| Angel Carrazco Jr. | Ex 13 | 2/20/2023 | Review and analysis of Rule 26 Report and rebuttal (Dr. Wobrock) | 2 | $ 1,000.00 | $ 2,000.00 | $ 473.00 | $ 946.00 | $ 1,054.00 |
| Angel Carrazco Jr. | Ex 13 | 2/21/2023 | Prepare for deposition and expert opinions (Dr. Wobrock) | 2 | $ 1,000.00 | $ 2,000.00 | $ 473.00 | $ 946.00 | $ 1,054.00 |

| Biller | Exhibit | Date | Description | Computed Hours | Requested Rate | Computed Fees | Adjusted Rate | Adjusted Fees | Fee Difference |
|--------|---------|------|-------------|----------------|----------------|---------------|---------------|---------------|----------------|
| Angel Carrazco Jr. | Ex 13 | 2/22/2023 | Review additonal email and dropbox link of wobrock file materials which had numerous documents | 2 | $ 1,000.00 | $ 2,000.00 | $ 473.00 | $ 946.00 | $ 1,054.00 |
| Angel Carrazco Jr. | Ex 13 | 4/17/2023 | Review defense expert Dr. Bahram Rivan's file | 2 | $ 1,000.00 | $ 2,000.00 | $ 473.00 | $ 946.00 | $ 1,054.00 |
| Angel Carrazco Jr. | Ex 13 | 4/19/2023 | Reviewed highlighted portions of deposition of Yepez and Randazzo | 2 | $ 1,000.00 | $ 2,000.00 | $ 473.00 | $ 946.00 | $ 1,054.00 |
| Angel Carrazco Jr. | Ex 13 | 9/7/2023 | Review and discuss Pre Trial docs and deadlines and attached Standing order, and Pl and Def exhibit list to Angel and numerous others at GHC . Plus review of same | 2 | $ 1,000.00 | $ 2,000.00 | $ 473.00 | $ 946.00 | $ 1,054.00 |
| Angel Carrazco Jr. | Ex 13 | 9/15/2023 | Additional review of pretrial statement | 2 | $ 1,000.00 | $ 2,000.00 | $ 473.00 | $ 946.00 | $ 1,054.00 |
| Angel Carrazco Jr. | Ex 13 | 10/12/2023 | Meeting with Kent, emails re updating life care plan | 2 | $ 1,000.00 | $ 2,000.00 | $ 473.00 | $ 946.00 | $ 1,054.00 |
| Angel Carrazco Jr. | Ex 13 | 10/18/2023 | Review email re revision and update to life care plan, consulted with Meinhard | 2 | $ 1,000.00 | $ 2,000.00 | $ 473.00 | $ 946.00 | $ 1,054.00 |
| Angel Carrazco Jr. | Ex 13 | 1/12/2024 | Review and draft plaintiffs jury instructions | 2 | $ 1,000.00 | $ 2,000.00 | $ 473.00 | $ 946.00 | $ 1,054.00 |
| Angel Carrazco Jr. | Ex 13 | 2/21/2024 | Arranged for copies of depo transcripts, met w/staff, worked on lodging | 2 | $ 1,000.00 | $ 2,000.00 | $ 473.00 | $ 946.00 | $ 1,054.00 |
| Angel Carrazco Jr. | Ex 13 | 3/4/2024 | Review emails back/fmth re: meeting w/Galipo office & meeting w/Galipo office | 2 | $ 1,000.00 | $ 2,000.00 | $ 473.00 | $ 946.00 | $ 1,054.00 |
| Angel Carrazco Jr. | Ex 13 | 3/4/2024 | Review memo re: deadlines; drafted email to Le and rev'd responsive email from Le re: numerous areas of trial prep | 2 | $ 1,000.00 | $ 2,000.00 | $ 473.00 | $ 946.00 | $ 1,054.00 |
| Angel Carrazco Jr. | Ex 13 | 3/10/2024 | Review email from Nathan fwd'ing Braaton depo and rev'd Braaton depo | 2 | $ 1,000.00 | $ 2,000.00 | $ 473.00 | $ 946.00 | $ 1,054.00 |
| Angel Carrazco Jr. | Ex 13 | 9/15/2024 | Review email from Whitmore and attached Def witness list | 2 | $ 1,000.00 | $ 2,000.00 | $ 473.00 | $ 946.00 | $ 1,054.00 |
| Angel Carrazco Jr. | Ex 13 | 10/8/2024 | Review email from Bri Gomez and drop box link to previously admitted exhibits and other notes regarding exhibits | 2 | $ 1,000.00 | $ 2,000.00 | $ 473.00 | $ 946.00 | $ 1,054.00 |
| Angel Carrazco Jr. | Ex 13 | 10/11/2024 | Review doc 206 transcript of trial day 2 | 2 | $ 1,000.00 | $ 2,000.00 | $ 473.00 | $ 946.00 | $ 1,054.00 |
| Angel Carrazco Jr. | Ex 13 | 10/11/2024 | Review doc 207 transcript of trial day 3 | 2 | $ 1,000.00 | $ 2,000.00 | $ 473.00 | $ 946.00 | $ 1,054.00 |
| Angel Carrazco Jr. | Ex 13 | 10/11/2024 | Review Doc 208 transcript of trial day 4 | 2 | $ 1,000.00 | $ 2,000.00 | $ 473.00 | $ 946.00 | $ 1,054.00 |
| Angel Carrazco Jr. | Ex 13 | 10/11/2024 | Review Doc 209 transcript of trial day 5 | 2 | $ 1,000.00 | $ 2,000.00 | $ 473.00 | $ 946.00 | $ 1,054.00 |
| Angel Carrazco Jr. | Ex 13 | 10/11/2024 | Review Doc 210 transcript of trial day 6 | 2 | $ 1,000.00 | $ 2,000.00 | $ 473.00 | $ 946.00 | $ 1,054.00 |
| Angel Carrazco Jr. | Ex 13 | 10/11/2024 | Review Doc 211 transcript of trial day 7 | 2 | $ 1,000.00 | $ 2,000.00 | $ 473.00 | $ 946.00 | $ 1,054.00 |
| Angel Carrazco Jr. | Ex 13 | 10/11/2024 | Rev'd invoice of Wobrock & made arrangements to appear | 2 | $ 1,000.00 | $ 2,000.00 | $ 473.00 | $ 946.00 | $ 1,054.00 |
| Angel Carrazco Jr. | Ex 13 | 10/12/2024 | Review Doc 212 transcript of trial day 8 | 2 | $ 1,000.00 | $ 2,000.00 | $ 473.00 | $ 946.00 | $ 1,054.00 |
| Angel Carrazco Jr. | Ex 13 | 10/12/2024 | Review Doc 213 transcript of trial day 9 | 2 | $ 1,000.00 | $ 2,000.00 | $ 473.00 | $ 946.00 | $ 1,054.00 |

| Biller | Exhibit | Date | Description | Computed Hours | Requested Rate | Computed Fees | Adjusted Rate | Adjusted Fees | Fee Difference |
|--------|---------|------|-------------|----------------|----------------|---------------|---------------|---------------|----------------|
| Angel Carrazco Jr. | Ex 13 | 10/12/2024 | Review doc 214 and testimony of Dr. Jesse Wobrock | 2 | $ 1,000.00 | $ 2,000.00 | $ 473.00 | $ 946.00 | $ 1,054.00 |
| Angel Carrazco Jr. | Ex 13 | 10/12/2024 | Review doc 215 and testimony of Scott DeFoe | 2 | $ 1,000.00 | $ 2,000.00 | $ 473.00 | $ 946.00 | $ 1,054.00 |
| Angel Carrazco Jr. | Ex 13 | 10/13/2024 | Review doc 216 testimony of Francisco Hurtado | 2 | $ 1,000.00 | $ 2,000.00 | $ 473.00 | $ 946.00 | $ 1,054.00 |
| Angel Carrazco Jr. | Ex 13 | 10/18/2024 | Review revised jury instructions, verdict form and other pretrial docs from Hang Le & other issues in email and 8 attachments | 2 | $ 1,000.00 | $ 2,000.00 | $ 473.00 | $ 946.00 | $ 1,054.00 |
| Angel Carrazco Jr. | Ex 13 | 3/14/2019 | Meeting with CH re status on preparation of complaint | 1 | $ 1,000.00 | $ 1,000.00 | $ 473.00 | $ 473.00 | $ 527.00 |
| Angel Carrazco Jr. | Ex 13 | 3/16/2019 | Reviewed draft complaint and all required attachments (summons, civil case cover sheet, and local forms | 1 | $ 1,000.00 | $ 1,000.00 | $ 473.00 | $ 473.00 | $ 527.00 |
| Angel Carrazco Jr. | Ex 13 | 4/25/2019 | Firm meeting regarding case, status of filing complaint, discussion of strategy | 1 | $ 1,000.00 | $ 1,000.00 | $ 473.00 | $ 473.00 | $ 527.00 |
| Angel Carrazco Jr. | Ex 13 | 8/20/2019 | Meeting with attorneys to discuss strategy in pleadings in response to Meet and Confer letter | 1 | $ 1,000.00 | $ 1,000.00 | $ 473.00 | $ 473.00 | $ 527.00 |
| Angel Carrazco Jr. | Ex 13 | 11/25/2019 | Attorney meeting re strategy to response to Notice of Removal | 1 | $ 1,000.00 | $ 1,000.00 | $ 473.00 | $ 473.00 | $ 527.00 |
| Angel Carrazco Jr. | Ex 13 | 4/8/2020 | Review and analysis of RFP responses and documetns | 1 | $ 1,000.00 | $ 1,000.00 | $ 473.00 | $ 473.00 | $ 527.00 |
| Angel Carrazco Jr. | Ex 13 | 7/15/2020 | Review and analysis of discovery propounded on plaintiff | 1 | $ 1,000.00 | $ 1,000.00 | $ 473.00 | $ 473.00 | $ 527.00 |
| Angel Carrazco Jr. | Ex 13 | 12/29/2020 | Firm meeting regarding case, discussion of strategy | 1 | $ 1,000.00 | $ 1,000.00 | $ 473.00 | $ 473.00 | $ 527.00 |
| Angel Carrazco Jr. | Ex 13 | 2/24/2021 | Review and analysis of defendant Edgardo Yepez | 1 | $ 1,000.00 | $ 1,000.00 | $ 473.00 | $ 473.00 | $ 527.00 |
| Angel Carrazco Jr. | Ex 13 | 3/3/2021 | Review and analysis of officer Michael Randazzo statement | 1 | $ 1,000.00 | $ 1,000.00 | $ 473.00 | $ 473.00 | $ 527.00 |
| Angel Carrazco Jr. | Ex 13 | 4/14/2021 | Discuss with expert Scott Defoe the case | 1 | $ 1,000.00 | $ 1,000.00 | $ 473.00 | $ 473.00 | $ 527.00 |
| Angel Carrazco Jr. | Ex 13 | 7/14/2021 | Meeting with client regarding evidence | 1 | $ 1,000.00 | $ 1,000.00 | $ 473.00 | $ 473.00 | $ 527.00 |
| Angel Carrazco Jr. | Ex 13 | 9/13/2021 | Prepare plaintiff for defense medical examination by Dr. Filanosky | 1 | $ 1,000.00 | $ 1,000.00 | $ 473.00 | $ 473.00 | $ 527.00 |
| Angel Carrazco Jr. | Ex 13 | 10/29/2021 | Meeting re assigments for Opposition for Summary Judgment | 1 | $ 1,000.00 | $ 1,000.00 | $ 473.00 | $ 473.00 | $ 527.00 |
| Angel Carrazco Jr. | Ex 13 | 11/5/2021 | Firm meeting to discuss MSJ | 1 | $ 1,000.00 | $ 1,000.00 | $ 473.00 | $ 473.00 | $ 527.00 |
| Angel Carrazco Jr. | Ex 13 | 11/10/2021 | Prepare plaintiff for medical evaluation | 1 | $ 1,000.00 | $ 1,000.00 | $ 473.00 | $ 473.00 | $ 527.00 |
| Angel Carrazco Jr. | Ex 13 | 11/10/2021 | Prepared plaintiff for medical evaluation | 1 | $ 1,000.00 | $ 1,000.00 | $ 473.00 | $ 473.00 | $ 527.00 |
| Angel Carrazco Jr. | Ex 13 | 11/22/2021 | Prepare client for psychological evaluation | 1 | $ 1,000.00 | $ 1,000.00 | $ 473.00 | $ 473.00 | $ 527.00 |
| Angel Carrazco Jr. | Ex 13 | 11/29/2021 | Review and analyis of Dr. Jacobs psychological report | 1 | $ 1,000.00 | $ 1,000.00 | $ 473.00 | $ 473.00 | $ 527.00 |

| Biller | Exhibit | Date | Description | Computed Hours | Requested Rate | Computed Fees | Adjusted Rate | Adjusted Fees | Fee Difference |
|--------|---------|------|-------------|----------------|----------------|---------------|---------------|---------------|----------------|
| Angel Carrazco Jr. | Ex 13 | 11/30/2021 | Meeting with plaintiff and Priscilla Macias to discuss psych report | 1 | $ 1,000.00 | $ 1,000.00 | $ 473.00 | $ 473.00 | $ 527.00 |
| Angel Carrazco Jr. | Ex 13 | 4/6/2022 | Discuss Rule 26 report with Dr. Prager and opinons | 1 | $ 1,000.00 | $ 1,000.00 | $ 473.00 | $ 473.00 | $ 527.00 |
| Angel Carrazco Jr. | Ex 13 | 4/19/2022 | Prepare expert Mary Meinhard for deposition | 1 | $ 1,000.00 | $ 1,000.00 | $ 473.00 | $ 473.00 | $ 527.00 |
| Angel Carrazco Jr. | Ex 13 | 4/20/2022 | Final review and anlysis of expert file | 1 | $ 1,000.00 | $ 1,000.00 | $ 473.00 | $ 473.00 | $ 527.00 |
| Angel Carrazco Jr. | Ex 13 | 5/22/2022 | Review all current medical records for deposition | 1 | $ 1,000.00 | $ 1,000.00 | $ 473.00 | $ 473.00 | $ 527.00 |
| Angel Carrazco Jr. | Ex 13 | 5/24/2022 | Review defendant's Rule 26 report for deposition | 1 | $ 1,000.00 | $ 1,000.00 | $ 473.00 | $ 473.00 | $ 527.00 |
| Angel Carrazco Jr. | Ex 13 | 5/25/2022 | Prepare Dr. Topher Stephenson for deposition | 1 | $ 1,000.00 | $ 1,000.00 | $ 473.00 | $ 473.00 | $ 527.00 |
| Angel Carrazco Jr. | Ex 13 | 5/29/2022 | Review and analysis of Rule 26 and supplemental report | 1 | $ 1,000.00 | $ 1,000.00 | $ 473.00 | $ 473.00 | $ 527.00 |
| Angel Carrazco Jr. | Ex 13 | 6/1/2022 | Prepara a 15 page outline for deposition | 1 | $ 1,000.00 | $ 1,000.00 | $ 473.00 | $ 473.00 | $ 527.00 |
| Angel Carrazco Jr. | Ex 13 | 6/2/2022 | Telephone call with expert Mary Meinhard | 1 | $ 1,000.00 | $ 1,000.00 | $ 473.00 | $ 473.00 | $ 527.00 |
| Angel Carrazco Jr. | Ex 13 | 6/6/2022 | Discuss with expert Scott Defoe Rule 26 Report | 1 | $ 1,000.00 | $ 1,000.00 | $ 473.00 | $ 473.00 | $ 527.00 |
| Angel Carrazco Jr. | Ex 13 | 6/10/2022 | Prepare expert Scott Defoe for Deposition | 1 | $ 1,000.00 | $ 1,000.00 | $ 473.00 | $ 473.00 | $ 527.00 |
| Angel Carrazco Jr. | Ex 13 | 7/5/2022 | Review ofretained expert Scott Defoe's Rule 26 Report | 1 | $ 1,000.00 | $ 1,000.00 | $ 473.00 | $ 473.00 | $ 527.00 |
| Angel Carrazco Jr. | Ex 13 | 9/27/2022 | Meeting with expert Dr. Jessie Wobrock | 1 | $ 1,000.00 | $ 1,000.00 | $ 473.00 | $ 473.00 | $ 527.00 |
| Angel Carrazco Jr. | Ex 13 | 11/14/2022 | Meeting with expert Jessie Wobrock | 1 | $ 1,000.00 | $ 1,000.00 | $ 473.00 | $ 473.00 | $ 527.00 |
| Angel Carrazco Jr. | Ex 13 | 1/6/2023 | Review email from Whitmore re: depo ofWobrock with attached indecipherable, and burdensome paye data record form that needed to be filled out plus additional email from Thao | 1 | $ 1,000.00 | $ 1,000.00 | $ 473.00 | $ 473.00 | $ 527.00 |
| Angel Carrazco Jr. | Ex 13 | 2/20/2023 | Review documents for Wobrock depo -- report and ravani rebuttal report | 1 | $ 1,000.00 | $ 1,000.00 | $ 473.00 | $ 473.00 | $ 527.00 |
| Angel Carrazco Jr. | Ex 13 | 2/22/2023 | Review email from Wobrock office re Ravani materials and responded including gathering additional materials | 1 | $ 1,000.00 | $ 1,000.00 | $ 473.00 | $ 473.00 | $ 527.00 |
| Angel Carrazco Jr. | Ex 13 | 2/28/2023 | Review Dr. Wobrock deposition transcipt provided by Veritext and analyzed | 1 | $ 1,000.00 | $ 1,000.00 | $ 473.00 | $ 473.00 | $ 527.00 |
| Angel Carrazco Jr. | Ex 13 | 3/1/2023 | Review and alayzed previous mediation brief structues for civil right cases | 1 | $ 1,000.00 | $ 1,000.00 | $ 473.00 | $ 473.00 | $ 527.00 |
| Angel Carrazco Jr. | Ex 13 | 4/19/2023 | Additional review of 6 Hurtado MSJ Opposition Documents | 1 | $ 1,000.00 | $ 1,000.00 | $ 473.00 | $ 473.00 | $ 527.00 |

| Biller | Exhibit | Date | Description | Computed Hours | Requested Rate | Computed Fees | Adjusted Rate | Adjusted Fees | Fee Difference |
|--------|---------|------|-------------|----------------|----------------|---------------|---------------|---------------|----------------|
| Angel Carrazco Jr. | Ex 13 | 5/26/2023 | Review email from Thao re Dr. Ravani and attached incomprehensible, indecipherable, and unecessary payee data record required by State of CA and arranged payment | 1 | $ 1,000.00 | $ 1,000.00 | $ 473.00 | $ 473.00 | $ 527.00 |
| Angel Carrazco Jr. | Ex 13 | 9/7/2023 | Review email to Whitmore and joint pretrial statement additions plus dicsussions and further emails | 1 | $ 1,000.00 | $ 1,000.00 | $ 473.00 | $ 473.00 | $ 527.00 |
| Angel Carrazco Jr. | Ex 13 | 10/6/2023 | Review email from Whitmore re: Judge Drozd's Pre trial conference and additional draft of undisputed facts, drafted responsive email, reviewed facts additional drafting | 1 | $ 1,000.00 | $ 1,000.00 | $ 473.00 | $ 473.00 | $ 527.00 |
| Angel Carrazco Jr. | Ex 13 | 10/13/2023 | Review email to whitmore with Plaintiffs joint facts edits and prepared edits to facts with additoinal emails back and forth re specific fact numbers | 1 | $ 1,000.00 | $ 1,000.00 | $ 473.00 | $ 473.00 | $ 527.00 |
| Angel Carrazco Jr. | Ex 13 | 10/13/2023 | Review email from Nathan to Whitmore attaching 3 different Exhibit list, emails back and forth, changes and objections | 1 | $ 1,000.00 | $ 1,000.00 | $ 473.00 | $ 473.00 | $ 527.00 |
| Angel Carrazco Jr. | Ex 13 | 10/17/2023 | Review email from Whitmore re revised disputed facts section with attached doc, followed up with Holm and Nathan and revised | 1 | $ 1,000.00 | $ 1,000.00 | $ 473.00 | $ 473.00 | $ 527.00 |
| Angel Carrazco Jr. | Ex 13 | 11/6/2023 | Review and analysis of updated LCP | 1 | $ 1,000.00 | $ 1,000.00 | $ 473.00 | $ 473.00 | $ 527.00 |
| Angel Carrazco Jr. | Ex 13 | 11/7/2023 | Review Dropbox file for hurtado , reviesed lifecare plan | 1 | $ 1,000.00 | $ 1,000.00 | $ 473.00 | $ 473.00 | $ 527.00 |
| Angel Carrazco Jr. | Ex 13 | 11/20/2023 | Meeting with finance dept. to discuss costs | 1 | $ 1,000.00 | $ 1,000.00 | $ 473.00 | $ 473.00 | $ 527.00 |
| Angel Carrazco Jr. | Ex 13 | 2/21/2024 | Litigation meeting with staff; coordinate, Exhibit binders | 1 | $ 1,000.00 | $ 1,000.00 | $ 473.00 | $ 473.00 | $ 527.00 |
| Angel Carrazco Jr. | Ex 13 | 2/21/2024 | Review docs produced by air operations | 1 | $ 1,000.00 | $ 1,000.00 | $ 473.00 | $ 473.00 | $ 527.00 |
| Angel Carrazco Jr. | Ex 13 | 2/22/2024 | Review email from Nathan to Le re: pretrial docs & followed up | 1 | $ 1,000.00 | $ 1,000.00 | $ 473.00 | $ 473.00 | $ 527.00 |
| Angel Carrazco Jr. | Ex 13 | 2/28/2024 | Review Cognet records responsive to subpoena | 1 | $ 1,000.00 | $ 1,000.00 | $ 473.00 | $ 473.00 | $ 527.00 |
| Angel Carrazco Jr. | Ex 13 | 3/1/2024 | Meeting w/Bri re: exhibit binders and service to assemble | 1 | $ 1,000.00 | $ 1,000.00 | $ 473.00 | $ 473.00 | $ 527.00 |
| Angel Carrazco Jr. | Ex 13 | 3/5/2024 | Additional meetings re: hearing | 1 | $ 1,000.00 | $ 1,000.00 | $ 473.00 | $ 473.00 | $ 527.00 |
| Angel Carrazco Jr. | Ex 13 | 3/5/2024 | Meeting with finance dept. to discuss costs | 1 | $ 1,000.00 | $ 1,000.00 | $ 473.00 | $ 473.00 | $ 527.00 |
| Angel Carrazco Jr. | Ex 13 | 3/5/2024 | MIL hearing | 1 | $ 1,000.00 | $ 1,000.00 | $ 473.00 | $ 473.00 | $ 527.00 |
| Angel Carrazco Jr. | Ex 13 | 3/6/2024 | Emails back/forth & telecon w/ Galipo office at 3:30pm | 1 | $ 1,000.00 | $ 1,000.00 | $ 473.00 | $ 473.00 | $ 527.00 |

| Biller | Exhibit | Date | Description | Computed Hours | Requested Rate | Computed Fees | Adjusted Rate | Adjusted Fees | Fee Difference |
|---|---|---|---|---|---|---|---|---|---|
| Angel Carrazco Jr. | Ex 13 | 3/9/2024 | Review short and long summaries of Hurtado injuries | 1 | $ 1,000.00 | $ 1,000.00 | $ 473.00 | $ 473.00 | $ 527.00 |
| Angel Carrazco Jr. | Ex 13 | 3/10/2024 | Review email from Nathan to Galipo w/Prager & Chapman depo summaries and rev'd depo summaries | 1 | $ 1,000.00 | $ 1,000.00 | $ 473.00 | $ 473.00 | $ 527.00 |
| Angel Carrazco Jr. | Ex 13 | 3/10/2024 | Review emails Galipo & our office back/forth for trial prep | 1 | $ 1,000.00 | $ 1,000.00 | $ 473.00 | $ 473.00 | $ 527.00 |
| Angel Carrazco Jr. | Ex 13 | 3/11/2024 | Review Yepez & Randazzo declarations from MSJ | 1 | $ 1,000.00 | $ 1,000.00 | $ 473.00 | $ 473.00 | $ 527.00 |
| Angel Carrazco Jr. | Ex 13 | 3/12/2024 | Review email from Lew/ dropbox MVARs & summary, listened & compared | 1 | $ 1,000.00 | $ 1,000.00 | $ 473.00 | $ 473.00 | $ 527.00 |
| Angel Carrazco Jr. | Ex 13 | 4/9/2024 | Prepared for & attended status conf + post debriefing | 1 | $ 1,000.00 | $ 1,000.00 | $ 473.00 | $ 473.00 | $ 527.00 |
| Angel Carrazco Jr. | Ex 13 | 9/11/2024 | Meeting with finance dept. to discuss costs | 1 | $ 1,000.00 | $ 1,000.00 | $ 473.00 | $ 473.00 | $ 527.00 |
| Angel Carrazco Jr. | Ex 13 | 9/26/2024 | Review email and subpoena for Dr. Braaton | 1 | $ 1,000.00 | $ 1,000.00 | $ 473.00 | $ 473.00 | $ 527.00 |
| Angel Carrazco Jr. | Ex 13 | 10/9/2024 | Review jury instrnctions and verdict form sent emails | 1 | $ 1,000.00 | $ 1,000.00 | $ 473.00 | $ 473.00 | $ 527.00 |
| Angel Carrazco Jr. | Ex 13 | 10/10/2024 | Review email from Hang Le to Whitmore re: pretrial docs and exhibits and reviewed attached verdict form, jury instrnctions, etc. | 1 | $ 1,000.00 | $ 1,000.00 | $ 473.00 | $ 473.00 | $ 527.00 |
| Angel Carrazco Jr. | Ex 13 | 10/10/2024 | Review email and attachments of Prager trial and deposition testimony | 1 | $ 1,000.00 | $ 1,000.00 | $ 473.00 | $ 473.00 | $ 527.00 |
| Angel Carrazco Jr. | Ex 13 | 10/10/2024 | Review Macias depo & trial testimony | 1 | $ 1,000.00 | $ 1,000.00 | $ 473.00 | $ 473.00 | $ 527.00 |
| Angel Carrazco Jr. | Ex 13 | 10/10/2024 | Review lengthy email from Nathan re: Stephenson testimony & follow up | 1 | $ 1,000.00 | $ 1,000.00 | $ 473.00 | $ 473.00 | $ 527.00 |
| Angel Carrazco Jr. | Ex 13 | 10/15/2024 | Review email from Le and attached final version of pretrial docs | 1 | $ 1,000.00 | $ 1,000.00 | $ 473.00 | $ 473.00 | $ 527.00 |
| Angel Carrazco Jr. | Ex 13 | 10/15/2024 | Review doc 220 and jury instructions a-h | 1 | $ 1,000.00 | $ 1,000.00 | $ 473.00 | $ 473.00 | $ 527.00 |
| Angel Carrazco Jr. | Ex 13 | 10/15/2024 | Review doc 223 defendant's jury instructions | 1 | $ 1,000.00 | $ 1,000.00 | $ 473.00 | $ 473.00 | $ 527.00 |
| Angel Carrazco Jr. | Ex 13 | 10/21/2024 | Review emails re: Billing and testimony of Dr. Stephenson | 1 | $ 1,000.00 | $ 1,000.00 | $ 473.00 | $ 473.00 | $ 527.00 |
| Angel Carrazco Jr. | Ex 13 | 10/21/2024 | Rev'd emails & followed up re: Wobrock testimony confirmation | 1 | $ 1,000.00 | $ 1,000.00 | $ 473.00 | $ 473.00 | $ 527.00 |
| Angel Carrazco Jr. | Ex 13 | 11/4/2024 | Review email from Jessie Hsia re: costs and attached costs | 1 | $ 1,000.00 | $ 1,000.00 | $ 473.00 | $ 473.00 | $ 527.00 |
| Angel Carrazco Jr. | Ex 13 | 11/12/2024 | Review email from Bri re: legal assistant hours and attached hours | 1 | $ 1,000.00 | $ 1,000.00 | $ 473.00 | $ 473.00 | $ 527.00 |
| Angel Carrazco Jr. | Ex 13 | 11/29/2024 | Meeting with finance dept. to discuss costs | 1 | $ 1,000.00 | $ 1,000.00 | $ 473.00 | $ 473.00 | $ 527.00 |
| Antonio Gallegos | Ex 17 | 3/15/2024 | Took trial boxes back From SAC To LA | 9 | $ 175.00 | $ 1,575.00 | $ 118.00 | $ 1,062.00 | $ 513.00 |

| Biller | Exhibit | Date | Description | Computed Hours | Requested Rate | Computed Fees | Adjusted Rate | Adjusted Fees | Fee Difference |
|---|---|---|---|---|---|---|---|---|---|
| Antonio Gallegos | Ex 17 | 3/12/2024 | Supported attorneys at trial Re: Office task | 7 | $ 175.00 | $ 1,225.00 | $ 118.00 | $ 826.00 | $ 399.00 |
| Antonio Gallegos | Ex 17 | 3/13/2024 | Supported attorneys at trial Re: Office task | 7 | $ 175.00 | $ 1,225.00 | $ 118.00 | $ 826.00 | $ 399.00 |
| Antonio Gallegos | Ex 17 | 3/14/2024 | Supported attorneys at trial Re: Office task | 7 | $ 175.00 | $ 1,225.00 | $ 118.00 | $ 826.00 | $ 399.00 |
| Antonio Gallegos | Ex 17 | 3/25/2024 | Supported Attorneys at trial RE: Office task | 7 | $ 175.00 | $ 1,225.00 | $ 118.00 | $ 826.00 | $ 399.00 |
| Antonio Gallegos | Ex 17 | 3/26/2024 | Supported Attorneys at trial RE: Office task | 7 | $ 175.00 | $ 1,225.00 | $ 118.00 | $ 826.00 | $ 399.00 |
| Briseria Gomez | 19 262-29 | 11/4/2024 | Accouting Department reviewed case costs, updated the cost sheets and send out email to the team with updated accouting totals. | 8 | $ 175.00 | $ 1,400.00 | $ 118.00 | $ 944.00 | $ 456.00 |
| Christopher L. Holm | Ex 15 | 12/1/2021 | Worked on MSJ Opposition with Partner including Points and Authorities | 8 | $ 600.00 | $ 4,800.00 | $ 331.00 | $ 2,648.00 | $ 2,152.00 |
| Christopher L. Holm | Ex 15 | 11/25/2021 | continued work on Separate Statement of Facts for MSJ Opposition | 6 | $ 600.00 | $ 3,600.00 | $ 331.00 | $ 1,986.00 | $ 1,614.00 |
| Christopher L. Holm | Ex 15 | 11/29/2021 | continued work on Separate Statement of Facts for MSJ Opposition | 6 | $ 600.00 | $ 3,600.00 | $ 331.00 | $ 1,986.00 | $ 1,614.00 |
| Christopher L. Holm | Ex 15 | 12/2/2021 | Worked on MSJ Opposition with Partner including Points and Authorities | 5 | $ 600.00 | $ 3,000.00 | $ 331.00 | $ 1,655.00 | $ 1,345.00 |
| Christopher L. Holm | Ex 15 | 3/6/2019 | Started drafting complaint- researched law | 4 | $ 600.00 | $ 2,400.00 | $ 331.00 | $ 1,324.00 | $ 1,076.00 |
| Christopher L. Holm | Ex 15 | 11/26/2021 | continued work on Separate Statement of Facts for MSJ Opposition | 4 | $ 600.00 | $ 2,400.00 | $ 331.00 | $ 1,324.00 | $ 1,076.00 |
| Christopher L. Holm | Ex 15 | 11/28/2021 | continued work on Separate Statement of Facts for MSJ Opposition | 4 | $ 600.00 | $ 2,400.00 | $ 331.00 | $ 1,324.00 | $ 1,076.00 |
| Christopher L. Holm | Ex 15 | 12/2/2021 | Worked on MSJ Opposition with Partner including Points and Authorities | 4 | $ 600.00 | $ 2,400.00 | $ 331.00 | $ 1,324.00 | $ 1,076.00 |
| Christopher L. Holm | Ex 15 | 3/21/2019 | continued work on drafting complaint and researching law | 3 | $ 600.00 | $ 1,800.00 | $ 331.00 | $ 993.00 | $ 807.00 |
| Christopher L. Holm | Ex 15 | 12/4/2020 | Reviewed email and attachments of email sent containing pretrial scheduling order and all deadlines in the case | 3 | $ 600.00 | $ 1,800.00 | $ 331.00 | $ 993.00 | $ 807.00 |
| Christopher L. Holm | Ex 15 | 12/1/2021 | reviewed email from partner and attachment about the case | 3 | $ 600.00 | $ 1,800.00 | $ 331.00 | $ 993.00 | $ 807.00 |
| Christopher L. Holm | Ex 15 | 5/17/2021 | reviewed email and materials containing subpoenas and materials | 2 | $ 600.00 | $ 1,200.00 | $ 331.00 | $ 662.00 | $ 538.00 |
| Christopher L. Holm | Ex 15 | 6/16/2021 | reviewed email and materials containing subpoenas | 2 | $ 600.00 | $ 1,200.00 | $ 331.00 | $ 662.00 | $ 538.00 |
| Christopher L. Holm | Ex 15 | 8/16/2021 | reviewed email and materials containing subpoenas | 2 | $ 600.00 | $ 1,200.00 | $ 331.00 | $ 662.00 | $ 538.00 |
| Christopher L. Holm | Ex 15 | 10/29/2021 | researched law and Eastern District of CA rules regarding MSJ Opposition deadlines in Eastern District of California and calculated said deadlines | 2 | $ 600.00 | $ 1,200.00 | $ 331.00 | $ 662.00 | $ 538.00 |
| Christopher L. Holm | Ex 15 | 11/16/2021 | further research regarding deadline to file MSJ Opposition | 2 | $ 600.00 | $ 1,200.00 | $ 331.00 | $ 662.00 | $ 538.00 |

| Biller | Exhibit | Date | Description | Computed Hours | Requested Rate | Computed Fees | Adjusted Rate | Adjusted Fees | Fee Difference |
|--------|---------|------|-------------|----------------|----------------|---------------|---------------|---------------|----------------|
| Christopher L. Holm | Ex 15 | 11/24/2021 | received email and materials from partner to review about the case | 2 | $ 600.00 | $ 1,200.00 | $ 331.00 | $ 662.00 | $ 538.00 |
| Christopher L. Holm | Ex 15 | 11/26/2021 | reviewed Rule 26 report from expert | 2 | $ 600.00 | $ 1,200.00 | $ 331.00 | $ 662.00 | $ 538.00 |
| Christopher L. Holm | Ex 15 | 12/1/2021 | continued work on Separate Statement of Facts for MSJ Opposition | 2 | $ 600.00 | $ 1,200.00 | $ 331.00 | $ 662.00 | $ 538.00 |
| Christopher L. Holm | Ex 15 | 12/2/2021 | reviwed email and attachment from partner regading MSJ Opposition | 2 | $ 600.00 | $ 1,200.00 | $ 331.00 | $ 662.00 | $ 538.00 |
| Christopher L. Holm | Ex 15 | 12/9/2021 | Reviewed email and attachments received from PACER about MSJ | 2 | $ 600.00 | $ 1,200.00 | $ 331.00 | $ 662.00 | $ 538.00 |
| Christopher L. Holm | Ex 15 | 12/9/2021 | Reviewed email and attachments received from PACER about MSJ | 2 | $ 600.00 | $ 1,200.00 | $ 331.00 | $ 662.00 | $ 538.00 |
| Christopher L. Holm | Ex 15 | 12/14/2021 | Reviewed email and attachments received from PACER about MSJ | 2 | $ 600.00 | $ 1,200.00 | $ 331.00 | $ 662.00 | $ 538.00 |
| Christopher L. Holm | Ex 15 | 12/15/2021 | Reviewed email and attachments received from PACER about MSJ | 2 | $ 600.00 | $ 1,200.00 | $ 331.00 | $ 662.00 | $ 538.00 |
| Christopher L. Holm | Ex 15 | 12/16/2021 | Reviewed email and documents attached to expert | 2 | $ 600.00 | $ 1,200.00 | $ 331.00 | $ 662.00 | $ 538.00 |
| Christopher L. Holm | Ex 15 | 12/20/2021 | read email and reviewed subpoenas attached in the case | 2 | $ 600.00 | $ 1,200.00 | $ 331.00 | $ 662.00 | $ 538.00 |
| Christopher L. Holm | Ex 15 | 3/20/2022 | meeting with partner in advance of 03/21/2022 case management conferencwe | 2 | $ 600.00 | $ 1,200.00 | $ 331.00 | $ 662.00 | $ 538.00 |
| Christopher L. Holm | Ex 15 | 3/6/2024 | meeting with partner in advance of 03/07/2024 appearance in state court for case management conference | 2 | $ 600.00 | $ 1,200.00 | $ 331.00 | $ 662.00 | $ 538.00 |
| Christopher L. Holm | Ex 15 | 3/14/2019 | Discussed with managing attorney and staff status on preparation of complaint | 1 | $ 600.00 | $ 600.00 | $ 331.00 | $ 331.00 | $ 269.00 |
| Christopher L. Holm | Ex 15 | 7/30/2009 | firm meeting regarding case, discussion of strategy | 1 | $ 600.00 | $ 600.00 | $ 331.00 | $ 331.00 | $ 269.00 |
| Christopher L. Holm | Ex 15 | 5/18/2020 | assembled & forwarded meeting notes from last firm meeting to partner | 1 | $ 600.00 | $ 600.00 | $ 331.00 | $ 331.00 | $ 269.00 |
| Christopher L. Holm | Ex 15 | 7/16/2020 | received and reviewed email from associate attorney about discovery received | 1 | $ 600.00 | $ 600.00 | $ 331.00 | $ 331.00 | $ 269.00 |
| Christopher L. Holm | Ex 15 | 2/8/2021 | Reviewed email and attachments containing Defendants Initial Disclosures | 1 | $ 600.00 | $ 600.00 | $ 331.00 | $ 331.00 | $ 269.00 |
| Christopher L. Holm | Ex 15 | 2/8/2021 | reviewed email from partner regarding status of Plaintiff's initial disclosure | 1 | $ 600.00 | $ 600.00 | $ 331.00 | $ 331.00 | $ 269.00 |
| Christopher L. Holm | Ex 15 | 3/8/2021 | reviewed email from partner about the case | 1 | $ 600.00 | $ 600.00 | $ 331.00 | $ 331.00 | $ 269.00 |
| Christopher L. Holm | Ex 15 | 3/9/2021 | emailed partner regarding case meeting | 1 | $ 600.00 | $ 600.00 | $ 331.00 | $ 331.00 | $ 269.00 |
| Christopher L. Holm | Ex 15 | 3/25/2021 | reviewed further email regarding deposition subpoenas | 1 | $ 600.00 | $ 600.00 | $ 331.00 | $ 331.00 | $ 269.00 |

| Biller | Exhibit | Date | Description | Computed Hours | Requested Rate | Computed Fees | Adjusted Rate | Adjusted Fees | Fee Difference |
|--------|---------|------|-------------|----------------|----------------|---------------|---------------|---------------|----------------|
| Christopher L. Holm | Ex 15 | 5/4/2021 | reviewed email from partner regarding case | 1 | $ 600.00 | $ 600.00 | $ 331.00 | $ 331.00 | $ 269.00 |
| Christopher L. Holm | Ex 15 | 5/5/2021 | reviewed email from partner regarding case | 1 | $ 600.00 | $ 600.00 | $ 331.00 | $ 331.00 | $ 269.00 |
| Christopher L. Holm | Ex 15 | 6/10/2021 | reviewed email from partner regarding case | 1 | $ 600.00 | $ 600.00 | $ 331.00 | $ 331.00 | $ 269.00 |
| Christopher L. Holm | Ex 15 | 6/10/2021 | reviewed email from patner regarding case | 1 | $ 600.00 | $ 600.00 | $ 331.00 | $ 331.00 | $ 269.00 |
| Christopher L. Holm | Ex 15 | 6/17/2021 | reviewed email from partner regarding case | 1 | $ 600.00 | $ 600.00 | $ 331.00 | $ 331.00 | $ 269.00 |
| Christopher L. Holm | Ex 15 | 9/2/2021 | reviewed email from partner about the case | 1 | $ 600.00 | $ 600.00 | $ 331.00 | $ 331.00 | $ 269.00 |
| Christopher L. Holm | Ex 15 | 9/5/2021 | reviewed email from partner about the case | 1 | $ 600.00 | $ 600.00 | $ 331.00 | $ 331.00 | $ 269.00 |
| Christopher L. Holm | Ex 15 | 9/5/2021 | reviewed email from partner about the case | 1 | $ 600.00 | $ 600.00 | $ 331.00 | $ 331.00 | $ 269.00 |
| Christopher L. Holm | Ex 15 | 10/29/2021 | reviewed email from partner about the case, assigned to work on Opposition to Motion for Summary Judgment | 1 | $ 600.00 | $ 600.00 | $ 331.00 | $ 331.00 | $ 269.00 |
| Christopher L. Holm | Ex 15 | 10/29/2021 | reviewed email from partner regarding the case and MSJ | 1 | $ 600.00 | $ 600.00 | $ 331.00 | $ 331.00 | $ 269.00 |
| Christopher L. Holm | Ex 15 | 11/9/2021 | reviewed email and materials sent to experts from staff for the MSJ Opposition | 1 | $ 600.00 | $ 600.00 | $ 331.00 | $ 331.00 | $ 269.00 |
| Christopher L. Holm | Ex 15 | 11/9/2021 | reviewed email and materials sent to experts from staff for the MSJ Opposition | 1 | $ 600.00 | $ 600.00 | $ 331.00 | $ 331.00 | $ 269.00 |
| Christopher L. Holm | Ex 15 | 11/9/2021 | reviewed email and materials sent to experts from staff for the MSJ Opposition | 1 | $ 600.00 | $ 600.00 | $ 331.00 | $ 331.00 | $ 269.00 |
| Christopher L. Holm | Ex 15 | 11/9/2021 | reviewed email and materials sent to experts from staff for the MSJ Opposition | 1 | $ 600.00 | $ 600.00 | $ 331.00 | $ 331.00 | $ 269.00 |
| Christopher L. Holm | Ex 15 | 11/9/2021 | reviewed email and materials sent to experts from staff for the MSJ Opposition | 1 | $ 600.00 | $ 600.00 | $ 331.00 | $ 331.00 | $ 269.00 |
| Christopher L. Holm | Ex 15 | 11/9/2021 | reviewed email and materials sentto experts from staff for the MSJ Opposition | 1 | $ 600.00 | $ 600.00 | $ 331.00 | $ 331.00 | $ 269.00 |
| Christopher L. Holm | Ex 15 | 11/9/2021 | reviewed email and materials sent to experts from staff for the MSJ Opposition | 1 | $ 600.00 | $ 600.00 | $ 331.00 | $ 331.00 | $ 269.00 |
| Christopher L. Holm | Ex 15 | 11/9/2021 | reviewed email from PACER and documents regarding Stipulation and Proposed Order to change Scheduling Order | 1 | $ 600.00 | $ 600.00 | $ 331.00 | $ 331.00 | $ 269.00 |
| Christopher L. Holm | Ex 15 | 11/10/2021 | reviewed email from PACER and documents regarding signed Order to change Scheduling Order | 1 | $ 600.00 | $ 600.00 | $ 331.00 | $ 331.00 | $ 269.00 |

| Biller | Exhibit | Date | Description | Computed Hours | Requested Rate | Computed Fees | Adjusted Rate | Adjusted Fees | Fee Difference |
|---|---|---|---|---|---|---|---|---|---|
| Christopher L. Holm | Ex 15 | 11/11/2021 | reviewed email from staff regarding the case with attached Order with change to Scheduling Order | 1 | $ 600.00 | $ 600.00 | $ 331.00 | $ 331.00 | $ 269.00 |
| Christopher L. Holm | Ex 15 | 11/16/2021 | sent email regarding further research into deadline to file MSJ Opposition | 1 | $ 600.00 | $ 600.00 | $ 331.00 | $ 331.00 | $ 269.00 |
| Christopher L. Holm | Ex 15 | 11/24/2021 | received email from staff about the case, reviewed attachments | 1 | $ 600.00 | $ 600.00 | $ 331.00 | $ 331.00 | $ 269.00 |
| Christopher L. Holm | Ex 15 | 2/2/2022 | reviewed email and attachments regarding case | 1 | $ 600.00 | $ 600.00 | $ 331.00 | $ 331.00 | $ 269.00 |
| Christopher L. Holm | Ex 15 | 2/2/2022 | reviewed email and attachments regarding case | 1 | $ 600.00 | $ 600.00 | $ 331.00 | $ 331.00 | $ 269.00 |
| Christopher L. Holm | Ex 15 | 2/2/2022 | reviewed email and attachments regarding case | 1 | $ 600.00 | $ 600.00 | $ 331.00 | $ 331.00 | $ 269.00 |
| Christopher L. Holm | Ex 15 | 2/22/2022 | reviewed email and attachments regarding case | 1 | $ 600.00 | $ 600.00 | $ 331.00 | $ 331.00 | $ 269.00 |
| Christopher L. Holm | Ex 15 | 2/22/2022 | reviewed email and attachments regarding case | 1 | $ 600.00 | $ 600.00 | $ 331.00 | $ 331.00 | $ 269.00 |
| Christopher L. Holm | Ex 15 | 8/11/2022 | reviewed email and attachments regarding case | 1 | $ 600.00 | $ 600.00 | $ 331.00 | $ 331.00 | $ 269.00 |
| Christopher L. Holm | Ex 15 | 10/10/2023 | reviewed and drafted email regarding scheduling of case meeting | 1 | $ 600.00 | $ 600.00 | $ 331.00 | $ 331.00 | $ 269.00 |
| Christopher L. Holm | Ex 15 | 2/13/2024 | reviewed email regarding trial exhibits | 1 | $ 600.00 | $ 600.00 | $ 331.00 | $ 331.00 | $ 269.00 |
| Christopher L. Holm | Ex 15 | 2/21/2024 | telephone meeting with partner and defense counsel regarding trial exhibits | 1 | $ 600.00 | $ 600.00 | $ 331.00 | $ 331.00 | $ 269.00 |
| Christopher L. Holm | Ex 15 | 3/12/2024 | text and telephonic communication with partner regarding trial issues | 1 | $ 600.00 | $ 600.00 | $ 331.00 | $ 331.00 | $ 269.00 |
| Christopher L. Holm | Ex 15 | 3/12/2024 | further text and telephonic communication with partner regarding trial issue | 1 | $ 600.00 | $ 600.00 | $ 331.00 | $ 331.00 | $ 269.00 |
| Christopher L. Holm | Ex 15 | 4/3/2024 | reviewed email and attachments regarding case | 1 | $ 600.00 | $ 600.00 | $ 331.00 | $ 331.00 | $ 269.00 |
| Christopher L. Holm | Ex 15 | 4/26/2024 | reviewed email and attachments regarding case | 1 | $ 600.00 | $ 600.00 | $ 331.00 | $ 331.00 | $ 269.00 |
| Christopher L. Holm | Ex 15 | 6/12/2024 | reviewed email and attachments regarding case | 1 | $ 600.00 | $ 600.00 | $ 331.00 | $ 331.00 | $ 269.00 |
| Christopher L. Holm | Ex 15 | 6/12/2024 | reviewed email and attachments regarding case | 1 | $ 600.00 | $ 600.00 | $ 331.00 | $ 331.00 | $ 269.00 |
| Christopher L. Holm | Ex 15 | 6/21/2024 | reviewed email and attachments regarding case | 1 | $ 600.00 | $ 600.00 | $ 331.00 | $ 331.00 | $ 269.00 |
| Christopher L. Holm | Ex 15 | 7/12/2024 | reviewed email and attachments regarding case | 1 | $ 600.00 | $ 600.00 | $ 331.00 | $ 331.00 | $ 269.00 |
| Christopher L. Holm | Ex 15 | 8/2/2024 | reviewed email and attachments regarding case | 1 | $ 600.00 | $ 600.00 | $ 331.00 | $ 331.00 | $ 269.00 |
| Christopher L. Holm | Ex 15 | 9/4/2024 | reviewed email and attachments regarding case | 1 | $ 600.00 | $ 600.00 | $ 331.00 | $ 331.00 | $ 269.00 |

| Biller | Exhibit | Date | Description | Computed Hours | Requested Rate | Computed Fees | Adjusted Rate | Adjusted Fees | Fee Difference |
|---|---|---|---|---|---|---|---|---|---|
| Dale K. Galipo | Ex. 1 | 10/05/2024 | Review of Expert Reports -Trial Preparation* | 12.00 | $ 1,400.00 | $ 16,800.00 | $ 550.00 | $ 6,600.00 | $ 10,200.00 |
| Dale K. Galipo | Ex. 1 | 03/01/2024 | Trial Preparation * | 11 | $ 1,400.00 | $ 15,400.00 | $ 550.00 | $ 6,050.00 | $ 9,350.00 |
| Dale K. Galipo | Ex. 1 | 10/07/2024 | Review of Prior Trial Testimony - Days 2-5 of Previous - Trial Preparation * | 11.00 | $ 1,400.00 | $ 15,400.00 | $ 550.00 | $ 6,050.00 | $ 9,350.00 |
| Dale K. Galipo | Ex. 1 | 10/11/2024 | Prepare Defoe Examination - Trial Preparation * | 8.00 | $ 1,400.00 | $ 11,200.00 | $ 550.00 | $ 4,400.00 | $ 6,800.00 |
| Dale K. Galipo | Ex. 1 | 10/06/2024 | Review of Expert Reports -Trial Preparation* | 7.00 | $ 1,400.00 | $ 9,800.00 | $ 550.00 | $ 3,850.00 | $ 5,950.00 |
| Dale K. Galipo | Ex. 1 | 02/06/2024 | Review Defense Damage Expert Reports | 3 | $ 1,400.00 | $ 4,200.00 | $ 550.00 | $ 1,650.00 | $ 2,550.00 |
| Dale K. Galipo | Ex. 1 | 09/28/2024 | Review Chapman Examination | 3.00 | $ 1,400.00 | $ 4,200.00 | $ 550.00 | $ 1,650.00 | $ 2,550.00 |
| Dale K. Galipo | Ex. 1 | 10/01/2024 | Trial Preparation * | 3 | $ 1,400.00 | $ 4,200.00 | $ 550.00 | $ 1,650.00 | $ 2,550.00 |
| Dale K. Galipo | Ex. 1 | 02/02/2024 | Review Mills Report | 2 | $ 1,400.00 | $ 2,800.00 | $ 550.00 | $ 1,100.00 | $ 1,700.00 |
| Dale K. Galipo | Ex. 1 | 03/06/2024 | Meeting with Kent Henderson, Angel Carrazco and Hang Le regarding trial preparation | 1 | $ 1,400.00 | $ 1,400.00 | $ 550.00 | $ 550.00 | $ 850.00 |
| Ely Arraiga | Ex 18 | 11/14/2022 | Legal Assistants confirmed depoisitoin date ofWobrock once again and also confirmed that there are several new transcripts we've received. Creation of drop box for them to view them. Sent out link and saved email into client file. | 1 | $ 200.00 | $ 200.00 | $ 118.00 | $ 118.00 | $ 82.00 |
| Hang D. Le | Ex 19 | 9/6/2024 | Continued researching for Opposition to Defendants' Motion to Continue Trial Date and Reply ISO Plaintiff's Motion to Substitute | 2 | $ 700.00 | $ 1,400.00 | $ 350.00 | $ 700.00 | $ 700.00 |
| Hang D. Le | Ex 19 | 3/6/2024 | Meeting with DKG, KH, and AC re pretrial prep (3:30pm) | 1 | $ 700.00 | $ 700.00 | $ 350.00 | $ 350.00 | $ 350.00 |
| Hang D. Le | Ex 19 | 9/11/2024 | Continued research for Reply ISO Plaintiff's Motion to Substitute and started draft of Reply ISO Plaintiff's Motion to Substitute | 1 | $ 700.00 | $ 700.00 | $ 350.00 | $ 350.00 | $ 350.00 |
| Hang D. Le | Ex 19 | 10/8/2024 | Revised jury instructions, verdict form, and statement of the case to reflect Hurtado's passing and substitution of plaintiffs; discussed revised drafts with DKG | 1 | $ 700.00 | $ 700.00 | $ 350.00 | $ 350.00 | $ 350.00 |
| Kent M. Henderson | Ex 12 | 11/28/2021 | Version 3 separate statement drafted | 12 | $ 1,100.00 | $ 13,200.00 | $ 473.00 | $ 5,676.00 | $ 7,524.00 |
| Kent M. Henderson | Ex 12 | 03/20/2024 | Prep for trial, trial, post trial debrief and strategy | 12 | $ 1,100.00 | $ 13,200.00 | $ 473.00 | $ 5,676.00 | $ 7,524.00 |
| Kent M. Henderson | Ex 12 | 10/17/2024 | Prepared for, attended, & debriefed re: trial | 12 | $ 1,100.00 | $ 13,200.00 | $ 473.00 | $ 5,676.00 | $ 7,524.00 |
| Kent M. Henderson | Ex 12 | 10/19/2024 | Further trial preparation, review of materials, contact of experts | 12 | $ 1,100.00 | $ 13,200.00 | $ 473.00 | $ 5,676.00 | $ 7,524.00 |

| Biller | Exhibit | Date | Description | Computed Hours | Requested Rate | Computed Fees | Adjusted Rate | Adjusted Fees | Fee Difference |
|---|---|---|---|---|---|---|---|---|---|
| Kent M. Henderson | Ex 12 | 10/20/2024 | Further trial preparation, review of materials, contact of experts | 12 | $ 1,100.00 | $ 13,200.00 | $ 473.00 | $ 5,676.00 | $ 7,524.00 |
| Kent M. Henderson | Ex 12 | 10/23/2024 | Prepared for, attended, & debriefed re: trial | 12 | $ 1,100.00 | $ 13,200.00 | $ 473.00 | $ 5,676.00 | $ 7,524.00 |
| Kent M. Henderson | Ex 12 | 10/24/2024 | Prepared for, attended, & debriefed re: trial | 12 | $ 1,100.00 | $ 13,200.00 | $ 473.00 | $ 5,676.00 | $ 7,524.00 |
| Kent M. Henderson | Ex 12 | 10/25/2024 | Prepared for, attended, & debriefed re: trial | 12 | $ 1,100.00 | $ 13,200.00 | $ 473.00 | $ 5,676.00 | $ 7,524.00 |
| Kent M. Henderson | Ex 12 | 11/26/2021 | Draft of plaintiff's separate statement | 10 | $ 1,100.00 | $ 11,000.00 | $ 473.00 | $ 4,730.00 | $ 6,270.00 |
| Kent M. Henderson | Ex 12 | 09/19/2023 | Reviewed email from Bridges to Nathan with Final filing of pretrial statement, drafted and reviewed additional emails back and forth and corrections and additions of pretrial docs | 10 | $ 1,100.00 | $ 11,000.00 | $ 473.00 | $ 4,730.00 | $ 6,270.00 |
| Kent M. Henderson | Ex 12 | 03/09/2024 | Trial prep in Sacramento | 10 | $ 1,100.00 | $ 11,000.00 | $ 473.00 | $ 4,730.00 | $ 6,270.00 |
| Kent M. Henderson | Ex 12 | 03/13/2024 | Prep for trial, trial, post trial debrief and strategy | 10 | $ 1,100.00 | $ 11,000.00 | $ 473.00 | $ 4,730.00 | $ 6,270.00 |
| Kent M. Henderson | Ex 12 | 03/15/2024 | Prep for trial, trial, post trial debrief and strategy | 10 | $ 1,100.00 | $ 11,000.00 | $ 473.00 | $ 4,730.00 | $ 6,270.00 |
| Kent M. Henderson | Ex 12 | 03/16/2024 | Preparation for trial, review of documents for trial, review of depositions for trial, arranging of experts for trial | 10 | $ 1,100.00 | $ 11,000.00 | $ 473.00 | $ 4,730.00 | $ 6,270.00 |
| Kent M. Henderson | Ex 12 | 03/18/2024 | Prep for trial, trial, post trial debrief and strategy | 10 | $ 1,100.00 | $ 11,000.00 | $ 473.00 | $ 4,730.00 | $ 6,270.00 |
| Kent M. Henderson | Ex 12 | 03/19/2024 | Prep for trial, trial, post trial debrief and strategy | 10 | $ 1,100.00 | $ 11,000.00 | $ 473.00 | $ 4,730.00 | $ 6,270.00 |
| Kent M. Henderson | Ex 12 | 03/21/2024 | Prep for trial, trial, post trial debrief and strategy | 10 | $ 1,100.00 | $ 11,000.00 | $ 473.00 | $ 4,730.00 | $ 6,270.00 |
| Kent M. Henderson | Ex 12 | 03/22/2024 | Packed up boxes, loaded vehicle, drove to Southern California | 10 | $ 1,100.00 | $ 11,000.00 | $ 473.00 | $ 4,730.00 | $ 6,270.00 |
| Kent M. Henderson | Ex 12 | 10/16/2024 | Prepared for trial, attended trial, and debrief | 10 | $ 1,100.00 | $ 11,000.00 | $ 473.00 | $ 4,730.00 | $ 6,270.00 |
| Kent M. Henderson | Ex 12 | 10/21/2024 | Prepared for, attended, & debriefed re: trial | 10 | $ 1,100.00 | $ 11,000.00 | $ 473.00 | $ 4,730.00 | $ 6,270.00 |
| Kent M. Henderson | Ex 12 | 10/22/2024 | Prepared for, attended, & debriefed re: trial | 10 | $ 1,100.00 | $ 11,000.00 | $ 473.00 | $ 4,730.00 | $ 6,270.00 |
| Kent M. Henderson | Ex 12 | 09/16/2023 | Additional emails back and forth and finalization of Pretrial docs | 9 | $ 1,100.00 | $ 9,900.00 | $ 473.00 | $ 4,257.00 | $ 5,643.00 |
| Kent M. Henderson | Ex 12 | 03/06/2024 | Travel, driving to Sacramento | 9 | $ 1,100.00 | $ 9,900.00 | $ 473.00 | $ 4,257.00 | $ 5,643.00 |
| Kent M. Henderson | Ex 12 | 10/15/2024 | Travel to Sacramento with documents and materials | 9 | $ 1,100.00 | $ 9,900.00 | $ 473.00 | $ 4,257.00 | $ 5,643.00 |
| Kent M. Henderson | Ex 12 | 11/01/2021 | Drafted memo of P&A rough | 8 | $ 1,100.00 | $ 8,800.00 | $ 473.00 | $ 3,784.00 | $ 5,016.00 |
| Kent M. Henderson | Ex 12 | 03/07/2024 | Further trial preparation, review of materials, contact of experts | 8 | $ 1,100.00 | $ 8,800.00 | $ 473.00 | $ 3,784.00 | $ 5,016.00 |

| Biller | Exhibit | Date | Description | Computed Hours | Requested Rate | Computed Fees | Adjusted Rate | Adjusted Fees | Fee Difference |
|--------|---------|------|-------------|----------------|----------------|---------------|---------------|---------------|----------------|
| Kent M. Henderson | Ex 12 | 03/08/2024 | Further trial preparation, review of materials, contact of experts | 8 | $ 1,100.00 | $ 8,800.00 | $ 473.00 | $ 3,784.00 | $ 5,016.00 |
| Kent M. Henderson | Ex 12 | 03/10/2024 | Further trial preparation, review of materials, contact of experts | 8 | $ 1,100.00 | $ 8,800.00 | $ 473.00 | $ 3,784.00 | $ 5,016.00 |
| Kent M. Henderson | Ex 12 | 03/11/2024 | Prep for trial, trial, post trial debrief and strategy | 8 | $ 1,100.00 | $ 8,800.00 | $ 473.00 | $ 3,784.00 | $ 5,016.00 |
| Kent M. Henderson | Ex 12 | 03/12/2024 | Prep for trial, trial, post trial debrief and strategy | 8 | $ 1,100.00 | $ 8,800.00 | $ 473.00 | $ 3,784.00 | $ 5,016.00 |
| Kent M. Henderson | Ex 12 | 03/14/2024 | Prep for trial, trial, post trial debrief and strategy | 8 | $ 1,100.00 | $ 8,800.00 | $ 473.00 | $ 3,784.00 | $ 5,016.00 |
| Kent M. Henderson | Ex 12 | 03/17/2024 | Preparation for trial, review of documents for trial, review of depositions for trial, arranging of experts for trial | 8 | $ 1,100.00 | $ 8,800.00 | $ 473.00 | $ 3,784.00 | $ 5,016.00 |
| Kent M. Henderson | Ex 12 | 11/27/2021 | Additional separate statement drafting of Randazzo facts & assoc emails | 7 | $ 1,100.00 | $ 7,700.00 | $ 473.00 | $ 3,311.00 | $ 4,389.00 |
| Kent M. Henderson | Ex 12 | 01/29/2021 | Extensive review of medical records and documents in Hurtado case | 6 | $ 1,100.00 | $ 6,600.00 | $ 473.00 | $ 2,838.00 | $ 3,762.00 |
| Kent M. Henderson | Ex 12 | 12/01/2021 | Drafted email to Holm and drafted dispute of Def facts and response to separate statement and emails back and forth | 6 | $ 1,100.00 | $ 6,600.00 | $ 473.00 | $ 2,838.00 | $ 3,762.00 |
| Kent M. Henderson | Ex 12 | 12/02/2021 | Drafted 14th Amendement Battery and Negligence sections of MSJ opp, emails back nd forth, plus research | 6 | $ 1,100.00 | $ 6,600.00 | $ 473.00 | $ 2,838.00 | $ 3,762.00 |
| Kent M. Henderson | Ex 12 | 12/03/2021 | Drafting of rule 26 expert disclosure pleading | 6 | $ 1,100.00 | $ 6,600.00 | $ 473.00 | $ 2,838.00 | $ 3,762.00 |
| Kent M. Henderson | Ex 12 | 10/09/2023 | Reviewed email from Nathan to Whitmore and additional draft of Plaitniff proposed undisputed facts, Whitmore responsive email further revision back and forth | 6 | $ 1,100.00 | $ 6,600.00 | $ 473.00 | $ 2,838.00 | $ 3,762.00 |
| Kent M. Henderson | Ex 12 | 10/13/2023 | Drafted email to whitmore with Plaintiffs joint facts edits and prepared edits to facts with additoinal emails back and forth re specific fact numbers | 6 | $ 1,100.00 | $ 6,600.00 | $ 473.00 | $ 2,838.00 | $ 3,762.00 |
| Kent M. Henderson | Ex 12 | 08/22/2024 | Prepared for and attending mediation with Judge Hilberman, plus debrief | 6 | $ 1,100.00 | $ 6,600.00 | $ 473.00 | $ 2,838.00 | $ 3,762.00 |
| Kent M. Henderson | Ex 12 | 10/13/2024 | Prepared for trial, reviewed documents, reviewed depositions, followed up with witnesses | 6 | $ 1,100.00 | $ 6,600.00 | $ 473.00 | $ 2,838.00 | $ 3,762.00 |
| Kent M. Henderson | Ex 12 | 05/14/2021 | Reviewed email and adobe acrobat files from 10 different subpoenas | 5 | $ 1,100.00 | $ 5,500.00 | $ 473.00 | $ 2,365.00 | $ 3,135.00 |
| Kent M. Henderson | Ex 12 | 11/05/2021 | Further research and drafting of portions of MSJ opposition | 5 | $ 1,100.00 | $ 5,500.00 | $ 473.00 | $ 2,365.00 | $ 3,135.00 |
| Kent M. Henderson | Ex 12 | 11/29/2021 | Drafted email to Chris re: new separate statement | 5 | $ 1,100.00 | $ 5,500.00 | $ 473.00 | $ 2,365.00 | $ 3,135.00 |

| Biller | Exhibit | Date | Description | Computed Hours | Requested Rate | Computed Fees | Adjusted Rate | Adjusted Fees | Fee Difference |
|---|---|---|---|---|---|---|---|---|---|
| Kent M. Henderson | Ex 12 | 02/17/2022 | Drafted 10 Deposition Notices and had them served by email | 5 | $ 1,100.00 | $ 5,500.00 | $ 473.00 | $ 2,365.00 | $ 3,135.00 |
| Kent M. Henderson | Ex 12 | 03/29/2022 | Reviewed email re: KEPAYEE Data record form required by State of CA for Expert depositions and followed up to have the forms completed | 5 | $ 1,100.00 | $ 5,500.00 | $ 473.00 | $ 2,365.00 | $ 3,135.00 |
| Kent M. Henderson | Ex 12 | 07/01/2022 | Further review of Crigmlye file in preperation of email to Amanda and others re: 5 portions of file to use at deposition plus review | 5 | $ 1,100.00 | $ 5,500.00 | $ 473.00 | $ 2,365.00 | $ 3,135.00 |
| Kent M. Henderson | Ex 12 | 07/11/2022 | Further review of Chapman file and prepared internal memo of 4 pages of questions for Chapman including research of steve salgado deposition | 5 | $ 1,100.00 | $ 5,500.00 | $ 473.00 | $ 2,365.00 | $ 3,135.00 |
| Kent M. Henderson | Ex 12 | 04/18/2023 | Reviewed materials and prepared for deposition of Ravani | 5 | $ 1,100.00 | $ 5,500.00 | $ 473.00 | $ 2,365.00 | $ 3,135.00 |
| Kent M. Henderson | Ex 12 | 09/06/2023 | Reviewed email from Nathan with his draft of exhibit lists, coordinated changes to exhibit list by review of voluminous documents | 5 | $ 1,100.00 | $ 5,500.00 | $ 473.00 | $ 2,365.00 | $ 3,135.00 |
| Kent M. Henderson | Ex 12 | 09/14/2023 | Reviewed email from Whitmore re revised proposed joint expert defense exhibit list, reviewed dispatch audio and report and the list | 5 | $ 1,100.00 | $ 5,500.00 | $ 473.00 | $ 2,365.00 | $ 3,135.00 |
| Kent M. Henderson | Ex 12 | 10/17/2023 | Reviewed email from Whitmore re revised disputed facts section with attached doc, followed up with Holm and Nathan and revised | 5 | $ 1,100.00 | $ 5,500.00 | $ 473.00 | $ 2,365.00 | $ 3,135.00 |
| Kent M. Henderson | Ex 12 | 01/11/2024 | Prepared for and attended mediation with Judge Claire, and debrief | 5 | $ 1,100.00 | $ 5,500.00 | $ 473.00 | $ 2,365.00 | $ 3,135.00 |
| Kent M. Henderson | Ex 12 | 10/02/2024 | Reviewed depositions and materials in preparation for pretrial and other documents | 5 | $ 1,100.00 | $ 5,500.00 | $ 473.00 | $ 2,365.00 | $ 3,135.00 |
| Kent M. Henderson | Ex 12 | 10/08/2024 | Rev'd email from Le w/8 lengthy trial transcript docs & reviewed same | 5 | $ 1,100.00 | $ 5,500.00 | $ 473.00 | $ 2,365.00 | $ 3,135.00 |
| Kent M. Henderson | Ex 12 | 10/30/2021 | Initial review of defendants notice of MSJ and MSJ, PNA | 4 | $ 1,100.00 | $ 4,400.00 | $ 473.00 | $ 1,892.00 | $ 2,508.00 |
| Kent M. Henderson | Ex 12 | 11/01/2021 | further review of MSJ filed by Defendants, legal research | 4 | $ 1,100.00 | $ 4,400.00 | $ 473.00 | $ 1,892.00 | $ 2,508.00 |
| Kent M. Henderson | Ex 12 | 11/24/2021 | Additional research and drafting of MSJ opposition | 4 | $ 1,100.00 | $ 4,400.00 | $ 473.00 | $ 1,892.00 | $ 2,508.00 |
| Kent M. Henderson | Ex 12 | 12/14/2021 | Reviewed email w/req for additional link and rev'd def. expert disclosure | 4 | $ 1,100.00 | $ 4,400.00 | $ 473.00 | $ 1,892.00 | $ 2,508.00 |

| Biller | Exhibit | Date | Description | Computed Hours | Requested Rate | Computed Fees | Adjusted Rate | Adjusted Fees | Fee Difference |
|--------|---------|------|-------------|----------------|----------------|---------------|---------------|---------------|----------------|
| Kent M. Henderson | Ex 12 | 04/05/2022 | Reviewed email of Whitmore re dates for 10 of Defense experts, coordinated with staff re which dates work, prepared amended notices of depositions, additional email reviews | 4 | $ 1,100.00 | $ 4,400.00 | $ 473.00 | $ 1,892.00 | $ 2,508.00 |
| Kent M. Henderson | Ex 12 | 07/12/2022 | Met with Ely and reviewed documents that had been reviewd by Dr. Wobrock including list of more than 20 documents, depositions, statements, etc. | 4 | $ 1,100.00 | $ 4,400.00 | $ 473.00 | $ 1,892.00 | $ 2,508.00 |
| Kent M. Henderson | Ex 12 | 07/13/2022 | Drafted email to Ely re: medical and Rule 26 reports. Further discussion with Ely, preperation of demand. Review of Prager report and life care plan of Meinhard | 4 | $ 1,100.00 | $ 4,400.00 | $ 473.00 | $ 1,892.00 | $ 2,508.00 |
| Kent M. Henderson | Ex 12 | 07/13/2022 | Additional emails to Ely re Hurtado documents, review of dropbox of documents prepared by Ely | 4 | $ 1,100.00 | $ 4,400.00 | $ 473.00 | $ 1,892.00 | $ 2,508.00 |
| Kent M. Henderson | Ex 12 | 07/14/2022 | Review file of Expert Schwiter and email of Thao | 4 | $ 1,100.00 | $ 4,400.00 | $ 473.00 | $ 1,892.00 | $ 2,508.00 |
| Kent M. Henderson | Ex 12 | 09/15/2023 | Drafted emails to Whitmore re: Pl witness list and made additional changes to witness list including modification of footer | 4 | $ 1,100.00 | $ 4,400.00 | $ 473.00 | $ 1,892.00 | $ 2,508.00 |
| Kent M. Henderson | Ex 12 | 10/06/2023 | Reviewed email from Whitmore re: Judge Drozd's Pre trial conference and additional draft of undisputed facts, drafted responsive email, reviewed facts additional drafting | 4 | $ 1,100.00 | $ 4,400.00 | $ 473.00 | $ 1,892.00 | $ 2,508.00 |
| Kent M. Henderson | Ex 12 | 10/11/2023 | Reviewed email from Whitmore re: facts and neutral statements and acutual proposed docs | 4 | $ 1,100.00 | $ 4,400.00 | $ 473.00 | $ 1,892.00 | $ 2,508.00 |
| Kent M. Henderson | Ex 12 | 10/18/2023 | Reviewed email from Nathan to Def with attached clean and redlined copies and Whitmore responsive email, drafted email additional work on all these documents | 4 | $ 1,100.00 | $ 4,400.00 | $ 473.00 | $ 1,892.00 | $ 2,508.00 |
| Kent M. Henderson | Ex 12 | 01/02/2024 | Drafted mediation brief for mediation with Magistrate Judge Claire | 4 | $ 1,100.00 | $ 4,400.00 | $ 473.00 | $ 1,892.00 | $ 2,508.00 |
| Kent M. Henderson | Ex 12 | 02/09/2024 | Reviewed depositions, medical records, reports, and other documents in preparation for trial | 4 | $ 1,100.00 | $ 4,400.00 | $ 473.00 | $ 1,892.00 | $ 2,508.00 |
| Kent M. Henderson | Ex 12 | 02/15/2024 | Reviewed depositions, medical records, reports, and other documents in preparation for trial | 4 | $ 1,100.00 | $ 4,400.00 | $ 473.00 | $ 1,892.00 | $ 2,508.00 |
| Kent M. Henderson | Ex 12 | 03/03/2024 | Review and Finalize Plaintiff's Trial Brief | 4 | $ 1,100.00 | $ 4,400.00 | $ 473.00 | $ 1,892.00 | $ 2,508.00 |

| Biller | Exhibit | Date | Description | Computed Hours | Requested Rate | Computed Fees | Adjusted Rate | Adjusted Fees | Fee Difference |
|--------|---------|------|-------------|----------------|----------------|---------------|---------------|---------------|----------------|
| Kent M. Henderson | Ex 12 | 03/03/2024 | Review and finalize Plaintiff's Opposition to Proposed Special Interrogatories | 4 | $ 1,100.00 | $ 4,400.00 | $ 473.00 | $ 1,892.00 | $ 2,508.00 |
| Kent M. Henderson | Ex 12 | 03/03/2024 | Reviewed depositions, medical records, reports, and other documents in preparation for trial | 4 | $ 1,100.00 | $ 4,400.00 | $ 473.00 | $ 1,892.00 | $ 2,508.00 |
| Kent M. Henderson | Ex 12 | 10/12/2024 | Prepared for trial, reviewed documents, reviewed depositions, followed up with witnesses | 4 | $ 1,100.00 | $ 4,400.00 | $ 473.00 | $ 1,892.00 | $ 2,508.00 |
| Kent M. Henderson | Ex 12 | 10/18/2024 | Reviewed revised jury instructions, verdict form and other pretrial docs from Hang Le & other issues in email and 8 attachments | 4 | $ 1,100.00 | $ 4,400.00 | $ 473.00 | $ 1,892.00 | $ 2,508.00 |
| Kent M. Henderson | Ex 12 | 12/12/2019 | Drafted 2nd amended complaint | 3 | $ 1,100.00 | $ 3,300.00 | $ 473.00 | $ 1,419.00 | $ 1,881.00 |
| Kent M. Henderson | Ex 12 | 04/08/2020 | Reviewed dropbox of defendants response of RTP | 3 | $ 1,100.00 | $ 3,300.00 | $ 473.00 | $ 1,419.00 | $ 1,881.00 |
| Kent M. Henderson | Ex 12 | 08/17/2020 | Drafted response to RTP | 3 | $ 1,100.00 | $ 3,300.00 | $ 473.00 | $ 1,419.00 | $ 1,881.00 |
| Kent M. Henderson | Ex 12 | 01/28/2021 | Drafted email and stipulation and order re: scheduling | 3 | $ 1,100.00 | $ 3,300.00 | $ 473.00 | $ 1,419.00 | $ 1,881.00 |
| Kent M. Henderson | Ex 12 | 02/05/2021 | Drafted and reviewed emails and dropbox defendants discovery responses | 3 | $ 1,100.00 | $ 3,300.00 | $ 473.00 | $ 1,419.00 | $ 1,881.00 |
| Kent M. Henderson | Ex 12 | 03/09/2021 | Researched podiatrists and ortho foot doctors and drafted internal emails re: same | 3 | $ 1,100.00 | $ 3,300.00 | $ 473.00 | $ 1,419.00 | $ 1,881.00 |
| Kent M. Henderson | Ex 12 | 04/08/2021 | Reviewed email and attached docs Macias depo NTC Yepez rogs 2 subpoenas | 3 | $ 1,100.00 | $ 3,300.00 | $ 473.00 | $ 1,419.00 | $ 1,881.00 |
| Kent M. Henderson | Ex 12 | 09/08/2021 | Drafted 3 response to IME pleadings and reviewed for final | 3 | $ 1,100.00 | $ 3,300.00 | $ 473.00 | $ 1,419.00 | $ 1,881.00 |
| Kent M. Henderson | Ex 12 | 09/10/2021 | Reviewed email from Whitmore re: psych exam & attached meet and confer letters and 2 sets of discovery req. and followed up | 3 | $ 1,100.00 | $ 3,300.00 | $ 473.00 | $ 1,419.00 | $ 1,881.00 |
| Kent M. Henderson | Ex 12 | 10/02/2021 | Reviewed email and audio recording and report re: Hurtado DME | 3 | $ 1,100.00 | $ 3,300.00 | $ 473.00 | $ 1,419.00 | $ 1,881.00 |
| Kent M. Henderson | Ex 12 | 11/15/2021 | Further research and drafting of MSJ Opposition | 3 | $ 1,100.00 | $ 3,300.00 | $ 473.00 | $ 1,419.00 | $ 1,881.00 |
| Kent M. Henderson | Ex 12 | 11/19/2021 | Additional research and drafting of MSJ opposition | 3 | $ 1,100.00 | $ 3,300.00 | $ 473.00 | $ 1,419.00 | $ 1,881.00 |
| Kent M. Henderson | Ex 12 | 12/14/2021 | Extensive review of medical records and documents in Hurtado case | 3 | $ 1,100.00 | $ 3,300.00 | $ 473.00 | $ 1,419.00 | $ 1,881.00 |
| Kent M. Henderson | Ex 12 | 12/15/2021 | Reviewed meet and confer letter from Whitmore re: Jacobs & other experts & followed up | 3 | $ 1,100.00 | $ 3,300.00 | $ 473.00 | $ 1,419.00 | $ 1,881.00 |
| Kent M. Henderson | Ex 12 | 02/07/2022 | Further drafting of Rebuttal Disclosure, emails, attachments | 3 | $ 1,100.00 | $ 3,300.00 | $ 473.00 | $ 1,419.00 | $ 1,881.00 |

| Biller | Exhibit | Date | Description | Computed Hours | Requested Rate | Computed Fees | Adjusted Rate | Adjusted Fees | Fee Difference |
|---|---|---|---|---|---|---|---|---|---|
| Kent M. Henderson | Ex 12 | 02/22/2022 | Coordinated with Ely to obtain expert avaiabilty for calendring and reviewed email from Whitmore re: avaialbility of 8 Plaintiff experts | 3 | $ 1,100.00 | $ 3,300.00 | $ 473.00 | $ 1,419.00 | $ 1,881.00 |
| Kent M. Henderson | Ex 12 | 04/14/2022 | Reviewed email from Whitmore to Ely re: Stephenson and Okorocha dates and Whitmore unavailability with changes and additional responsve emails | 3 | $ 1,100.00 | $ 3,300.00 | $ 473.00 | $ 1,419.00 | $ 1,881.00 |
| Kent M. Henderson | Ex 12 | 05/25/2022 | Telephone conversation with Mills, review of mills file, Payee data form, emails re: mills file | 3 | $ 1,100.00 | $ 3,300.00 | $ 473.00 | $ 1,419.00 | $ 1,881.00 |
| Kent M. Henderson | Ex 12 | 06/08/2022 | Reviewed drop box of Defoe file and email from Ely to Whitemore | 3 | $ 1,100.00 | $ 3,300.00 | $ 473.00 | $ 1,419.00 | $ 1,881.00 |
| Kent M. Henderson | Ex 12 | 06/13/2022 | Reviewed email from Vertixet and review deposition transcript of Christopher stphenson | 3 | $ 1,100.00 | $ 3,300.00 | $ 473.00 | $ 1,419.00 | $ 1,881.00 |
| Kent M. Henderson | Ex 12 | 06/15/2022 | Reviewed email from Thao and expert file of Dr. Binder | 3 | $ 1,100.00 | $ 3,300.00 | $ 473.00 | $ 1,419.00 | $ 1,881.00 |
| Kent M. Henderson | Ex 12 | 06/23/2022 | Reviewed file of Defense Expert O'Brian and email from Thao | 3 | $ 1,100.00 | $ 3,300.00 | $ 473.00 | $ 1,419.00 | $ 1,881.00 |
| Kent M. Henderson | Ex 12 | 07/08/2022 | Reviewed email to Bridges and coordinated with Ely re Okorocha availability and emails back and forth with Bridges and Whitmore re Okorocha, Enos and Binder, plus coordinated with Ely and other staff to rearrange depositions | 3 | $ 1,100.00 | $ 3,300.00 | $ 473.00 | $ 1,419.00 | $ 1,881.00 |
| Kent M. Henderson | Ex 12 | 07/11/2022 | Reviewed chapman expert file and email from Thao | 3 | $ 1,100.00 | $ 3,300.00 | $ 473.00 | $ 1,419.00 | $ 1,881.00 |
| Kent M. Henderson | Ex 12 | 07/15/2022 | Reviewed email from depo production and Craigmyle depo transcript | 3 | $ 1,100.00 | $ 3,300.00 | $ 473.00 | $ 1,419.00 | $ 1,881.00 |
| Kent M. Henderson | Ex 12 | 08/03/2022 | Review deposition transcript of Schwitzer and email from Vazquez forwarding same | 3 | $ 1,100.00 | $ 3,300.00 | $ 473.00 | $ 1,419.00 | $ 1,881.00 |
| Kent M. Henderson | Ex 12 | 08/11/2022 | Reviewed email from Ely and forwarded email from Thao with IME audio recording | 3 | $ 1,100.00 | $ 3,300.00 | $ 473.00 | $ 1,419.00 | $ 1,881.00 |
| Kent M. Henderson | Ex 12 | 09/15/2022 | Reveiwed email from Bridges re Okorocha depo, reviewed documents for Okorocha and coordianted depo | 3 | $ 1,100.00 | $ 3,300.00 | $ 473.00 | $ 1,419.00 | $ 1,881.00 |
| Kent M. Henderson | Ex 12 | 10/20/2022 | Reviewed Hurtado Wobrock additional exhibits, Ravani report and review of report. Forwarded documents for further review | 3 | $ 1,100.00 | $ 3,300.00 | $ 473.00 | $ 1,419.00 | $ 1,881.00 |
| Kent M. Henderson | Ex 12 | 12/12/2022 | Extensive review of medical records and documents in Hurtado case | 3 | $ 1,100.00 | $ 3,300.00 | $ 473.00 | $ 1,419.00 | $ 1,881.00 |

| Biller | Exhibit | Date | Description | Computed Hours | Requested Rate | Computed Fees | Adjusted Rate | Adjusted Fees | Fee Difference |
|--------|---------|------|-------------|----------------|----------------|---------------|---------------|---------------|----------------|
| Kent M. Henderson | Ex 12 | 01/04/2023 | Reveiwed email from Wobrock office re additional items and payment, met with staff and Angel re same coordinated response | 3 | $ 1,100.00 | $ 3,300.00 | $ 473.00 | $ 1,419.00 | $ 1,881.00 |
| Kent M. Henderson | Ex 12 | 01/05/2023 | Reviewed additional emails from Wobrocks office and organized documents and creation of Dropbox, review of dropbox documents | 3 | $ 1,100.00 | $ 3,300.00 | $ 473.00 | $ 1,419.00 | $ 1,881.00 |
| Kent M. Henderson | Ex 12 | 01/24/2023 | Reviewed Ravani Rebuttal report, 50 pages and analyzed it | 3 | $ 1,100.00 | $ 3,300.00 | $ 473.00 | $ 1,419.00 | $ 1,881.00 |
| Kent M. Henderson | Ex 12 | 02/28/2023 | Reviewed Dr. Wobrock deposition transcipt provided by Veritext and analyzed | 3 | $ 1,100.00 | $ 3,300.00 | $ 473.00 | $ 1,419.00 | $ 1,881.00 |
| Kent M. Henderson | Ex 12 | 05/01/2023 | Reviewed 114 page deposition of Ravani with attached exhibits | 3 | $ 1,100.00 | $ 3,300.00 | $ 473.00 | $ 1,419.00 | $ 1,881.00 |
| Kent M. Henderson | Ex 12 | 06/16/2023 | Reviewed doc 38 Order on MSJ, including the ruling and analyzed and discussed with Holm and Carrazco | 3 | $ 1,100.00 | $ 3,300.00 | $ 473.00 | $ 1,419.00 | $ 1,881.00 |
| Kent M. Henderson | Ex 12 | 09/07/2023 | Drafted lengthy email with discussion of Pre Trial docs and deadlines and attached Standing order, and Pl and Def exhibit list to Angel and numerous others at GHC. Plus review of same | 3 | $ 1,100.00 | $ 3,300.00 | $ 473.00 | $ 1,419.00 | $ 1,881.00 |
| Kent M. Henderson | Ex 12 | 09/07/2023 | Drafted email to Whitmore and drafted joint pretrial statement additions plus dicsussions and further emails | 3 | $ 1,100.00 | $ 3,300.00 | $ 473.00 | $ 1,419.00 | $ 1,881.00 |
| Kent M. Henderson | Ex 12 | 09/13/2023 | Reviewed email from Whitmore re: not stipulating to disability. Required re- review and consideration of exhibits and their admissability | 3 | $ 1,100.00 | $ 3,300.00 | $ 473.00 | $ 1,419.00 | $ 1,881.00 |
| Kent M. Henderson | Ex 12 | 09/18/2023 | Reviewed email from Nathan to Def Counsel re: furhter changes to pretrial statement plus made changes and dicussed | 3 | $ 1,100.00 | $ 3,300.00 | $ 473.00 | $ 1,419.00 | $ 1,881.00 |
| Kent M. Henderson | Ex 12 | 10/11/2023 | Reviewed proposed email by Nathan to Whitmore re: Plaintiff being unable to agree to certain facts as joint facts additional discussion between nathan, holm and myself | 3 | $ 1,100.00 | $ 3,300.00 | $ 473.00 | $ 1,419.00 | $ 1,881.00 |
| Kent M. Henderson | Ex 12 | 10/12/2023 | Reviewed lenghtly email from Whitmore and did additional work on proposed undisputed facts | 3 | $ 1,100.00 | $ 3,300.00 | $ 473.00 | $ 1,419.00 | $ 1,881.00 |

| Biller | Exhibit | Date | Description | Computed Hours | Requested Rate | Computed Fees | Adjusted Rate | Adjusted Fees | Fee Difference |
|--------|---------|------|-------------|----------------|----------------|---------------|---------------|---------------|----------------|
| Kent M. Henderson | Ex 12 | 10/13/2023 | Reviewed email from Nathan to Whitmore attaching 3 different Exhibit list,emails back and forth, changes and objections | 3 | $ 1,100.00 | $ 3,300.00 | $ 473.00 | $ 1,419.00 | $ 1,881.00 |
| Kent M. Henderson | Ex 12 | 11/15/2023 | Internal email re updated Expert reports n Hurtado case and drafted supplemental disclosure | 3 | $ 1,100.00 | $ 3,300.00 | $ 473.00 | $ 1,419.00 | $ 1,881.00 |
| Kent M. Henderson | Ex 12 | 11/17/2023 | Reviewed email from Bri with listing of numerous Stephenson treatment records and bills and reviewed the same | 3 | $ 1,100.00 | $ 3,300.00 | $ 473.00 | $ 1,419.00 | $ 1,881.00 |
| Kent M. Henderson | Ex 12 | 02/13/2024 | Reviewed email of Le re: jury instructions and emails of Whitmore, drafted further emails, meetings re; jury instr. | 3 | $ 1,100.00 | $ 3,300.00 | $ 473.00 | $ 1,419.00 | $ 1,881.00 |
| Kent M. Henderson | Ex 12 | 02/21/2024 | Met w/ Staff and directed creation of exhibit binders incl. utilizing services | 3 | $ 1,100.00 | $ 3,300.00 | $ 473.00 | $ 1,419.00 | $ 1,881.00 |
| Kent M. Henderson | Ex 12 | 02/21/2024 | Arranged for copies of depo transcripts, met w/staff, worked on lodging | 3 | $ 1,100.00 | $ 3,300.00 | $ 473.00 | $ 1,419.00 | $ 1,881.00 |
| Kent M. Henderson | Ex 12 | 02/22/2024 | Discussed jury inst., rev'd jury inst., suggested changes | 3 | $ 1,100.00 | $ 3,300.00 | $ 473.00 | $ 1,419.00 | $ 1,881.00 |
| Kent M. Henderson | Ex 12 | 02/23/2024 | Reviewed lengthy email from Whitmore to Le re: verdict form, jury instructions,  etc. emails back/forth, meetings and discussions | 3 | $ 1,100.00 | $ 3,300.00 | $ 473.00 | $ 1,419.00 | $ 1,881.00 |
| Kent M. Henderson | Ex 12 | 02/27/2024 | Reviewed email from Le re: Mils, drafted responsive email, meetings, and further discussions | 3 | $ 1,100.00 | $ 3,300.00 | $ 473.00 | $ 1,419.00 | $ 1,881.00 |
| Kent M. Henderson | Ex 12 | 03/01/2024 | Met w/staff & made arrangements re: trial exhibits, assembly, etc. | 3 | $ 1,100.00 | $ 3,300.00 | $ 473.00 | $ 1,419.00 | $ 1,881.00 |
| Kent M. Henderson | Ex 12 | 09/13/2024 | Review and Finalize Plaintiff's Reply in Support of Motion to Substitute | 3 | $ 1,100.00 | $ 3,300.00 | $ 473.00 | $ 1,419.00 | $ 1,881.00 |
| Kent M. Henderson | Ex 12 | 10/03/2024 | Rev'd doc 202 incl trial transcript | 3 | $ 1,100.00 | $ 3,300.00 | $ 473.00 | $ 1,419.00 | $ 1,881.00 |
| Kent M. Henderson | Ex 12 | 03/22/2019 | Reviewed complaint and other docs | 2 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |
| Kent M. Henderson | Ex 12 | 09/18/2019 | Drafted email to Whitmore and substantial case research and reviewed responsive email | 2 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |
| Kent M. Henderson | Ex 12 | 10/07/2019 | Court appearance CMC Stanislaus county including prep | 2 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |
| Kent M. Henderson | Ex 12 | 10/18/2019 | Reviewed 4 emails and drafted additional emails re: venue | 2 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |
| Kent M. Henderson | Ex 12 | 12/11/2019 | Drafted stip to file 2nd amended complaint and order and email | 2 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |
| Kent M. Henderson | Ex 12 | 03/10/2020 | Drafted CMC statement and emails re: CMC and notice of further CMC hearing | 2 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |
| Kent M. Henderson | Ex 12 | 05/03/2020 | Reviewed medical record review | 2 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |
| Kent M. Henderson | Ex 12 | 11/23/2020 | Further review of dropbox docs | 2 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |

| Biller | Exhibit | Date | Description | Computed Hours | Requested Rate | Computed Fees | Adjusted Rate | Adjusted Fees | Fee Difference |
|---|---|---|---|---|---|---|---|---|---|
| Kent M. Henderson | Ex 12 | 11/23/2020 | Reviewed 200 page personnel file of Yepez | 2 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |
| Kent M. Henderson | Ex 12 | 02/05/2021 | Drafted plaintiffs initial disclosures | 2 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |
| Kent M. Henderson | Ex 12 | 02/08/2021 | Continued drafting and final plaintiffs initial disclosure plus email | 2 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |
| Kent M. Henderson | Ex 12 | 02/11/2021 | Reviewed email and 4 sets of medical records from Dr. Stephenson | 2 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |
| Kent M. Henderson | Ex 12 | 02/25/2021 | Reviewed and drafted 2nd notices of depo Yepez and Randazzo | 2 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |
| Kent M. Henderson | Ex 12 | 03/04/2021 | Requested and reviewed formats of rule 26 disclosures | 2 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |
| Kent M. Henderson | Ex 12 | 03/08/2021 | Reviewed email and dropbox link Hurtado medical records | 2 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |
| Kent M. Henderson | Ex 12 | 03/22/2021 | Attended CMC state court and drafted email re: outcome | 2 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |
| Kent M. Henderson | Ex 12 | 03/25/2021 | Reviewed 16 depo subpoenas for Hurtado records and associated emails | 2 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |
| Kent M. Henderson | Ex 12 | 04/13/2021 | Gathered docs and videos for Defoe | 2 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |
| Kent M. Henderson | Ex 12 | 06/02/2021 | Reviewed link for Macias depo and Macias depo | 2 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |
| Kent M. Henderson | Ex 12 | 07/08/2021 | Drafted and reviewed Hurtado responses | 2 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |
| Kent M. Henderson | Ex 12 | 08/27/2021 | Reviewed email and dropbox w/medical records and bills | 2 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |
| Kent M. Henderson | Ex 12 | 09/01/2021 | Reviewed email and depo transcript of Valenzuela | 2 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |
| Kent M. Henderson | Ex 12 | 09/01/2021 | Reviewed internal email & forwarding of notices of IME and subpoenas & followed up | 2 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |
| Kent M. Henderson | Ex 12 | 09/14/2021 | Reviewed audio of Filanosky neuropsych exam | 2 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |
| Kent M. Henderson | Ex 12 | 10/29/2021 | Reviewed doc 23 MSJ of defendants | 2 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |
| Kent M. Henderson | Ex 12 | 11/02/2021 | Reviewed email from Ely to Whitmore and coordinated to obtain defendants separate statement in word format and reviewed separate statement | 2 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |
| Kent M. Henderson | Ex 12 | 11/04/2021 | Reviewed email from Angel & highlights of depo of Yepez for MSJ | 2 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |
| Kent M. Henderson | Ex 12 | 11/05/2021 | Reviewed additional emails and scanned and highlighted depo pages | 2 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |
| Kent M. Henderson | Ex 12 | 11/09/2021 | Further research nad drafting of MSJ opposition | 2 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |
| Kent M. Henderson | Ex 12 | 11/17/2021 | Reviewed and followed up n emails, including providing documents with Experts | 2 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |

| Biller | Exhibit | Date | Description | Computed Hours | Requested Rate | Computed Fees | Adjusted Rate | Adjusted Fees | Fee Difference |
|--------|---------|------|-------------|----------------|----------------|---------------|---------------|---------------|----------------|
| Kent M. Henderson | Ex 12 | 11/23/2021 | Reviewed email from Dr. Jacob' office, responsive email and reports | 2 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |
| Kent M. Henderson | Ex 12 | 11/23/2021 | Additional drafting of Rule 26 pleading including declaration and emails back and forth to Bri and Angel | 2 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |
| Kent M. Henderson | Ex 12 | 11/24/2021 | Began drafting Hurtado expert disclosure shell & assoc email | 2 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |
| Kent M. Henderson | Ex 12 | 11/24/2021 | Telecon w/economists and emails re: econ report & follow up | 2 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |
| Kent M. Henderson | Ex 12 | 11/26/2021 | Reviewed Wobrock report and followed up | 2 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |
| Kent M. Henderson | Ex 12 | 11/29/2021 | Additional research and drafting of MSJ Opposition | 2 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |
| Kent M. Henderson | Ex 12 | 11/30/2021 | Coordinated declaration of DeFoe and drafted declaration of DeFoe | 2 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |
| Kent M. Henderson | Ex 12 | 11/30/2021 | Reviewed most recent version of separate statement and email from Chris | 2 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |
| Kent M. Henderson | Ex 12 | 11/30/2021 | Additional research and drafting of MSJ opposition | 2 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |
| Kent M. Henderson | Ex 12 | 12/01/2021 | Additional research and drafting of MSJ opposition | 2 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |
| Kent M. Henderson | Ex 12 | 12/02/2021 | Additional drafting of MSJ opposition | 2 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |
| Kent M. Henderson | Ex 12 | 12/09/2021 | Reviewed doc 29 reply to MSJ | 2 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |
| Kent M. Henderson | Ex 12 | 12/09/2021 | Reviewed doc 30 response to opp | 2 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |
| Kent M. Henderson | Ex 12 | 12/14/2021 | Reviewed email from Whitmore and supplemental report of Schweitzer | 2 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |
| Kent M. Henderson | Ex 12 | 02/03/2022 | Reviewed email from Scott DeFoe providing rebuttal expert report and attachments and reviewed rebuttal expert report | 2 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |
| Kent M. Henderson | Ex 12 | 02/08/2022 | Drafted email that included drafting of Rule 26 Rebuttal Disclosure | 2 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |
| Kent M. Henderson | Ex 12 | 02/16/2022 | Reviewed email and Defendants Supplemental Expert Disclosure (304 pages) | 2 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |
| Kent M. Henderson | Ex 12 | 03/08/2022 | Coordinated with Ely to arrange Plaintiffs expert Depositions and reviewed email from Ely re: confirmed dates of 8 Plaintiffs experts | 2 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |
| Kent M. Henderson | Ex 12 | 03/08/2022 | Reviewed emails and coordinated expert avialability re Stephenson, Prager, and other experts | 2 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |

| Biller | Exhibit | Date | Description | Computed Hours | Requested Rate | Computed Fees | Adjusted Rate | Adjusted Fees | Fee Difference |
|---|---|---|---|---|---|---|---|---|---|
| Kent M. Henderson | Ex 12 | 03/09/2022 | Reviewed email from Ely and coordinated preperation of Dr. Stephenson for Deposition | 2 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |
| Kent M. Henderson | Ex 12 | 03/10/2022 | Coordinated again on Plaintiffs experts and reviewed emails of updated Plaintiffs expert depositions and 8 Defendants expert depositions | 2 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |
| Kent M. Henderson | Ex 12 | 03/30/2022 | Reviewed email from Ely to Whitmore re: availability to take 9 Defendant expert depositions and responsive email from Whitmore plus coordination | 2 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |
| Kent M. Henderson | Ex 12 | 04/05/2022 | Reviewed file of Dr. Prager to be forwarded to Defense | 2 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |
| Kent M. Henderson | Ex 12 | 04/21/2022 | Reviewed email from Ely re: Prager depo date and time and additional emails coordinating Prager and Jacobs depositions | 2 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |
| Kent M. Henderson | Ex 12 | 04/22/2022 | Reveiwed email from Bri to Stephenson forwarding Meinhard records and reviewed records | 2 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |
| Kent M. Henderson | Ex 12 | 05/11/2022 | Reviewed email from Ely to Bridges re: Craigmyle availability and responsive emails Whitmore and Bridges plus coordination | 2 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |
| Kent M. Henderson | Ex 12 | 05/23/2022 | Reviewed reminder email from Ely to Okorocha and Payee date form issues with additional emails back and forth re sheduling | 2 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |
| Kent M. Henderson | Ex 12 | 05/23/2022 | Reviewed email from Amanda to Whitmore with dropbox of Okorocha documents and exhibits and reviewed documents | 2 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |
| Kent M. Henderson | Ex 12 | 05/24/2022 | Reviewed email from Amanda with DOJ toxicology report and followed up re: toxicology report issues | 2 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |
| Kent M. Henderson | Ex 12 | 05/24/2022 | Reviewed email from Ely to Whitmore re: Dr. Wobrock not avaialable for deposition and additional emails responding including from Whitmore re: Mills files materials and followed up | 2 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |
| Kent M. Henderson | Ex 12 | 06/01/2022 | Reviewed email of Thao re: link with Fillnaski file and reviewed the file | 2 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |

| Biller | Exhibit | Date | Description | Computed Hours | Requested Rate | Computed Fees | Adjusted Rate | Adjusted Fees | Fee Difference |
|---|---|---|---|---|---|---|---|---|---|
| Kent M. Henderson | Ex 12 | 06/23/2022 | Drafted Deposition Notice and review of emails serving the same for Enos and additiional forwarded emails reviewed regarding Binder and Okorocha and zoom link | 2 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |
| Kent M. Henderson | Ex 12 | 07/01/2022 | Prepared for deposition of Craigmyle | 2 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |
| Kent M. Henderson | Ex 12 | 07/07/2022 | Reviewed invoice from stacy re depos, made addiitonal arrangements re review of depositoin transcripts and preperation | 2 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |
| Kent M. Henderson | Ex 12 | 07/11/2022 | Reviewed final part of Chapman file and email of Thao | 2 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |
| Kent M. Henderson | Ex 12 | 07/14/2022 | Review email of Ely and Errata sheet of Defoe depo and compared it to depo | 2 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |
| Kent M. Henderson | Ex 12 | 07/18/2022 | Reviewed email re Meinhard and areas of follow up re opposing expert | 2 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |
| Kent M. Henderson | Ex 12 | 07/21/2022 | Met with Ely and reviewed email arranging conference call with James Mills and additional emails back and forth to set up conference call plus review economic damages documents | 2 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |
| Kent M. Henderson | Ex 12 | 07/25/2022 | Met with Ely and Angel re James Mills file, reviewed James Mills file and reviewed emails producing the same | 2 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |
| Kent M. Henderson | Ex 12 | 07/27/2022 | Reviewed email from Nathan Sato and discussion with Ely and Angel re strategy with email comnfirming no confirmatory tax tested | 2 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |
| Kent M. Henderson | Ex 12 | 07/29/2022 | Additional emails and discussion re forensic services bureau subpoena and review of previous documents | 2 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |
| Kent M. Henderson | Ex 12 | 08/04/2022 | Telecom with Bridges and review of Bridge email re: future wage loss claim plus additional internal conversations re internal wage loss claim | 2 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |
| Kent M. Henderson | Ex 12 | 08/29/2022 | Reviewed deposition letter of Binder and email from Rivera and reviewed depo transcript with eratta sheet | 2 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |
| Kent M. Henderson | Ex 12 | 09/04/2022 | Reveiwed additonal emails re Tax testing and subpoena tax issues | 2 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |
| Kent M. Henderson | Ex 12 | 09/16/2022 | Attended deposition of Okorocha | 2 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |
| Kent M. Henderson | Ex 12 | 12/28/2022 | Reviewed email from Wobrock office re scheduling confirmations additional work and payment, met with Ely and Angel, forwarded Defoe depo transcript | 2 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |

| Biller | Exhibit | Date | Description | Computed Hours | Requested Rate | Computed Fees | Adjusted Rate | Adjusted Fees | Fee Difference |
|---|---|---|---|---|---|---|---|---|---|
| Kent M. Henderson | Ex 12 | 01/09/2023 | Coordinated with staff and Wobrock office re resetting depo, drafted email to Whitmore and reviewed email from Whitmore re Ravani and Wobrock depo | 2 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |
| Kent M. Henderson | Ex 12 | 02/22/2023 | Reviewed additonal email and dropbox link of wobrock file materials which had numerous documents | 2 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |
| Kent M. Henderson | Ex 12 | 03/13/2023 | Attended CMC state court and drafted email re: outcome | 2 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |
| Kent M. Henderson | Ex 12 | 03/24/2023 | Extensive review of medical records and documents in Hurtado case | 2 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |
| Kent M. Henderson | Ex 12 | 04/19/2023 | Reviewed highlighted portions of deposition of Yepez and Randazzo | 2 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |
| Kent M. Henderson | Ex 12 | 06/19/2023 | Drafted email to Whitmore re MSJ including discussion of 14th amendment claim, possible trial dates, and reviewed responsive email | 2 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |
| Kent M. Henderson | Ex 12 | 08/14/2023 | Reviewed email from nathan re Joint pretrial statement template and partcipated in review and corrections | 2 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |
| Kent M. Henderson | Ex 12 | 08/29/2023 | Editing and drafting of neutral facts with Holm and Nathan | 2 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |
| Kent M. Henderson | Ex 12 | 08/29/2023 | Reviewed email from Whitmore re Joint Pretrial Statement  draft, meeting with Nathan, dicussions and drafting | 2 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |
| Kent M. Henderson | Ex 12 | 09/01/2023 | Reviewed email from Whitmore re: Joint Pretrial statement and reviewed Def version, dicussed with Holm and nathan | 2 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |
| Kent M. Henderson | Ex 12 | 09/06/2023 | Reviewed email from Whitmore to Nathan and reviewed Def Exhibit list | 2 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |
| Kent M. Henderson | Ex 12 | 09/11/2023 | Reviewed email from Whitmore and attached Joint Exhibit List draft | 2 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |
| Kent M. Henderson | Ex 12 | 09/13/2023 | Reviewed email from Nathan to Whitmore re changes and additions to joint exhibit list and reviewed the additions | 2 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |
| Kent M. Henderson | Ex 12 | 09/14/2023 | Reviewed email from Amanda re missing Rule 26 report on computer server and followed up and insert them | 2 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |
| Kent M. Henderson | Ex 12 | 09/14/2023 | Reviewed email from Whitmore re exhibit list in Judge Drozd preferred format | 2 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |
| Kent M. Henderson | Ex 12 | 09/15/2023 | Additional review of pretrial statement | 2 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |
| Kent M. Henderson | Ex 12 | 09/15/2023 | Directed Amanda re: Sutter Med Center witness testimony and reviewed draft of proposed testimony of doctors | 2 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |

| Biller | Exhibit | Date | Description | Computed Hours | Requested Rate | Computed Fees | Adjusted Rate | Adjusted Fees | Fee Difference |
|---|---|---|---|---|---|---|---|---|---|
| Kent M. Henderson | Ex 12 | 09/18/2023 | Drafted email to Bridges additional final review of pretrial docs | 2 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |
| Kent M. Henderson | Ex 12 | 09/18/2023 | Review and Finalize- Jointly Proposed Pre-Trial Statement ofThe Parties | 2 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |
| Kent M. Henderson | Ex 12 | 10/05/2023 | Drafted email to Whitmore re Retired Judge Hilberman and emails back and forth and formulated and provided def with demand for settlement | 2 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |
| Kent M. Henderson | Ex 12 | 10/11/2023 | Reveiwed email from Holm re CHP definition of police pursuit re: undisputed facts, further discussion with holm | 2 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |
| Kent M. Henderson | Ex 12 | 10/12/2023 | Meeting with Angel, emails re updating life care plan | 2 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |
| Kent M. Henderson | Ex 12 | 10/16/2023 | Reviewed email from Nathan to Whitmore with amended disputed facts, met and coordinated disputed facts | 2 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |
| Kent M. Henderson | Ex 12 | 10/18/2023 | Drafted email re revision and update to life care plan, consulted with Meinhard | 2 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |
| Kent M. Henderson | Ex 12 | 11/07/2023 | Reviewed Dropbox file for hurtado, reveised lifecare plan | 2 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |
| Kent M. Henderson | Ex 12 | 11/07/2023 | Emails back and forth and conversations with James Mills re updated life care plan | 2 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |
| Kent M. Henderson | Ex 12 | 11/17/2023 | Drafted email and received email re additional medical records requested by Meinhard and followed up | 2 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |
| Kent M. Henderson | Ex 12 | 11/20/2023 | Reviewed email from Whitmore requesting additional supporting documents and followed up with Mills and provided to Whitmore | 2 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |
| Kent M. Henderson | Ex 12 | 02/09/2024 | Reviewed lengthy responsive email from Whitmore re: authenticity and numerous issues and followed up | 2 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |
| Kent M. Henderson | Ex 12 | 02/13/2024 | Reviewed lengthy email from Whitmore re: agreeable instructions and other issues and followed up | 2 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |
| Kent M. Henderson | Ex 12 | 02/22/2024 | Cont'd work on arrangements on assembling and lodging of depos | 2 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |
| Kent M. Henderson | Ex 12 | 02/29/2024 | Reviewed email from Whitmore additional witnesses and evidence w/numerous attached files | 2 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |
| Kent M. Henderson | Ex 12 | 03/04/2024 | Emails back/forth re: meeting w/Galipo office & meeting w/Galipo office | 2 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |

| Biller | Exhibit | Date | Description | Computed Hours | Requested Rate | Computed Fees | Adjusted Rate | Adjusted Fees | Fee Difference |
|---|---|---|---|---|---|---|---|---|---|
| Kent M. Henderson | Ex 12 | 03/04/2024 | Drafted memo re: deadlines; drafted email to Le and rev'd responsive email from Le re: numerous areas of trial prep | 2 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |
| Kent M. Henderson | Ex 12 | 03/10/2024 | Rev'd email from Nathan fwd'ing Braaton depo and rev'd Braaton depo | 2 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |
| Kent M. Henderson | Ex 12 | 03/16/2024 | Drafted email to Mills re: table of damages, discussed & rev'd | 2 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |
| Kent M. Henderson | Ex 12 | 03/17/2024 | Drafted email to Galipo & drafted obj to reading Valenzuela depo incl. legal research | 2 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |
| Kent M. Henderson | Ex 12 | 03/17/2024 | Drafted email to defense w/Hurtado future care summary, coord. Future care summary | 2 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |
| Kent M. Henderson | Ex 12 | 04/09/2024 | Prepared for & attended status cont+ post debriefing | 2 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |
| Kent M. Henderson | Ex 12 | 09/15/2024 | Reviewed email from Whitmore and attached Def witness list | 2 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |
| Kent M. Henderson | Ex 12 | 10/07/2024 | Rev'd email from LE & emails back/forth w/ meeting at 12:45pm | 2 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |
| Kent M. Henderson | Ex 12 | 10/08/2024 | Reviewed email from Bri Gomez and drop box link to previously admitted exhibits and other notes regarding exhibits | 2 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |
| Kent M. Henderson | Ex 12 | 10/09/2024 | Drafted email to Hang Le w/edits & changes to pretrial docs and formulated changes to pretrial docs | 2 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |
| Kent M. Henderson | Ex 12 | 10/09/2024 | Rev'd jury inst. Verdict form sent emails | 2 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |
| Kent M. Henderson | Ex 12 | 10/10/2024 | Reviewed Dr. Braaton trial testimony and deposition | 2 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |
| Kent M. Henderson | Ex 12 | 10/10/2024 | Reviewed email from Hang Le to Whitmore re: pretrial docs and exhibits and reviewed attached verdict form, jury instructions, etc. | 2 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |
| Kent M. Henderson | Ex 12 | 10/10/2024 | Reviewed email and attachments of Prager trial and deposition testimony | 2 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |
| Kent M. Henderson | Ex 12 | 10/11/2024 | Reviewed doc 206 transcript of trial day 2 | 2 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |
| Kent M. Henderson | Ex 12 | 10/11/2024 | Reviewed doc 207 transcript of trial day 3 | 2 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |
| Kent M. Henderson | Ex 12 | 10/11/2024 | Reviewed Doc 208 transcript of trial day 4 | 2 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |
| Kent M. Henderson | Ex 12 | 10/11/2024 | Reviewed Doc 209 transcript of trial day 5 | 2 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |
| Kent M. Henderson | Ex 12 | 10/11/2024 | Reviewed Doc 210 transcript of trial day 6 | 2 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |
| Kent M. Henderson | Ex 12 | 10/11/2024 | Reviewed Doc 211 transcript of trial day 7 | 2 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |
| Kent M. Henderson | Ex 12 | 10/11/2024 | Rev'd invoice of Wobrock & made arrangements to appear | 2 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |
| Kent M. Henderson | Ex 12 | 10/12/2024 | Reviewed Doc 212 transcript of trial day 8 | 2 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |
| Kent M. Henderson | Ex 12 | 10/12/2024 | Reviewed Doc 213 transcript of trial day 9 | 2 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |

| Biller | Exhibit | Date | Description | Computed Hours | Requested Rate | Computed Fees | Adjusted Rate | Adjusted Fees | Fee Difference |
|--------|---------|------|-------------|----------------|----------------|---------------|---------------|---------------|----------------|
| Kent M. Henderson | Ex 12 | 10/12/2024 | Reviewed doc 214 and testimony of Dr. Jesse Wobrock | 2 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |
| Kent M. Henderson | Ex 12 | 10/12/2024 | Reviewed doc 215 and testimony of Scott DeFoe | 2 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |
| Kent M. Henderson | Ex 12 | 10/13/2024 | Reviewed doc 216 testimony of Francisco Hurtado | 2 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |
| Kent M. Henderson | Ex 12 | 11/11/2024 | Reviewed email from Nathan to Angel and attached hours | 2 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |
| Kent M. Henderson | Ex 12 | 04/02/2019 | Reviewed email from Holm and attached filing docs | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 04/02/2019 | Reviewed emails from Guizar and stall re: filing complaint | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 05/07/2019 | Reviewed email and standing order from LASC | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 05/20/2019 | Reviewed email from Barnouw and letter re: venue | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 05/22/2019 | Reviewed email from Siegel re: transfer of venue and drafted responsive emails | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 06/17/2019 | Reviewed medical and billing records | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 08/08/2019 | Reviewed emails and notice of CMC and transfer of action to Stanislaus county | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 08/20/2019 | Reviewed email from Leon re: clients and several responsive emails | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 10/11/2019 | Drafted jury fees posting, notice of continued CMC and served | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 11/07/2019 | Drafted email to Whitmore and reviewed responsive emails | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 11/20/2019 | Reviewed doc for civil new case docs | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 11/22/2019 | Reviewed defendants notice of removal | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 12/03/2019 | Reviewed email from Whitmore re: telecon that plaintiff will file amended complaint | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 12/31/2019 | Reviewed emails and defense declined magistrate and drafted plaintiff declined magistrate | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 01/03/2020 | Reviewed doc 12 answer of defendants and reviewed answer | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 01/13/2020 | Email to Sebastian attaching 8 exhibits | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 01/13/2020 | Additional emails re: Hurtado | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 02/12/2020 | Reviewed emails from Whitmore re: discovery and protective order | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 02/12/2020 | Reviewed protective order | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 03/07/2020 | Drafted email to Whitmore reviewed email from Whitmore and held telecon | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |

| Biller | Exhibit | Date | Description | Computed Hours | Requested Rate | Computed Fees | Adjusted Rate | Adjusted Fees | Fee Difference |
|---|---|---|---|---|---|---|---|---|---|
| Kent M. Henderson | Ex 12 | 08/04/2020 | Reviewed email from Condey and attached Hurtado medical chart and additional responsive emails | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 08/04/2020 | Reviewed various emails re: medical charting | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 08/20/2020 | Reviewed various emails re: medical treatment follow up | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 09/22/2020 | Reviewed/drafted emails re: docs to be produced under protective order | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 10/27/2020 | Reviewed docs re: Yepez personnel file | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 11/13/2020 | Reviewed emails and attached letter re: materials on disc including responsive emails | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 12/17/2020 | Reviewed email from Ely re: depo notices and depo notices | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 12/22/2020 | Drafted and Reviewed amended depo notice of Rendazzo | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 01/27/2021 | Reviewed Emails re: cost of additional medical tretment | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 01/27/2021 | Reviewed emails re: scheduling of Hurtado medical | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 01/28/2021 | Draft, Review and Finalize-Joint Stipulation Regarding Scheduling and [Proposed] Order Thereon | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 02/05/2021 | Additional review of dropbox docs | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 02/17/2021 | Reviewed email and notice of lien re: child support | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 02/22/2021 | Left voicemail for Whitmore and drafted email re: depo scheduling | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 02/24/2021 | Drafted CMC statement and reviewed it | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 03/03/2021 | Reviewed email from Condey re: Hurtado Hillchiropractic records and reviewed records | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 03/08/2021 | Reviewed requested pdf of Hurtado responses | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 03/15/2021 | Reviewed emails re: Dr. Stephenson and reports | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 03/18/2021 | Reviewed email from Whitmore and letter re: docs and other issues | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 03/26/2021 | Reviewed email re: Macias payee data record filled out and other emails | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 03/30/2021 | Drafted email to Condey re: doctors and reviewed other emails doctors | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |

| Biller | Exhibit | Date | Description | Computed Hours | Requested Rate | Computed Fees | Adjusted Rate | Adjusted Fees | Fee Difference |
|--------|---------|------|-------------|----------------|----------------|---------------|---------------|---------------|----------------|
| Kent M. Henderson | Ex 12 | 04/14/2021 | Reviewed docs re: DeFoe retainer and payment | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 04/14/2021 | Reviewed Dr. Stephenson emails re: Ketamine and therapy | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 04/15/2021 | Reviewed emails re: Ketamine clinic | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 04/22/2021 | Reviewed emails re: Dr. Prager and Prager contract | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 04/27/2021 | Reviewed email from Whitmore and other responsive emails | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 05/24/2021 | Reviewed email and attached docs for DeFoe | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 05/25/2021 | Reviewed email to DeFoe and attached depos of Yepez and Hurtado | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 06/04/2021 | Zoom meeting re: Hurtado | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 06/11/2021 | Reviewed emails re: Prager and Jacobs additional treatment | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 06/16/2021 | Reviewed various subpoenas issued in Hurtado case | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 06/24/2021 | Reviewed letter from Whitmore re: scheduling and followed up | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 06/24/2021 | Reviewed correspondence and IME notice docs | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 06/24/2021 | Draft, Review and Finalize-Joint Stipulation and Order Dismissing Certain Claims For Relief | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 07/01/2021 | Reviewed depo summaries of Hurtado and Yepez | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 07/01/2021 | Reviewed email and attached Dr. Prager report | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 08/12/2021 | Reviewed email and Dr. Prager's additional reports | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 08/17/2021 | Reviewed email from Whitmore re: several IME issues & followed up | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 08/25/2021 | Reviewed email from Whitmore re: IME notices and discovery issues & followed up | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 08/30/2021 | Reviewed email from Whitmore re: Dr. Braaton scheduling and followed up | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 09/09/2021 | Reviewed email from Whitmore re: stip to modify and discovery issues & followed up | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 09/10/2021 | Reviewed email from nurse attendee & followed up | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 09/19/2021 | Reviewed timeline neuropsych exam nurse attendee | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |

| Biller | Exhibit | Date | Description | Computed Hours | Requested Rate | Computed Fees | Adjusted Rate | Adjusted Fees | Fee Difference |
|---|---|---|---|---|---|---|---|---|---|
| Kent M. Henderson | Ex 12 | 09/21/2021 | Reviewed joint stip continuing dates & followed up | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 09/29/2021 | Finalized plaintiffs responses to rogs | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 11/04/2021 | Reviewed email and selected pages of Randazzo depo | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 11/04/2021 | Reviewed emails re: Psyc evaluation with Dr. Jacobs and Pager appointments and followed up | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 11/05/2021 | Reviewed additonal Stephenson info including 5 attached docs | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 11/08/2021 | Reviewed email from Whitmore re: cont. expert disclosure & followed up | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 11/08/2021 | Drafted stip to modify and sent email | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 11/09/2021 | Reviewed Ketamine clinic records | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 11/09/2021 | Reviewed emails re: hotel accommodations and Drs. Appts | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 11/10/2021 | Reviewed emails and 38 pages of highlighted Hurtado depo | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 11/11/2021 | Strategy sesion regarding scheduling order | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 11/28/2021 | Reviewed email from Chris and sep statement Yepez facts 74-102 | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 11/29/2021 | Reviewed email and attached report of Dr. Jacobs and followed up | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 11/29/2021 | Reviewed email re: coordination of economists & life care plan & followed up | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 11/29/2021 | Reviewed emails and eval report of Dr. Jacobs | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 11/29/2021 | Drafted emails to staff re: CVs of numerous experts | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 11/30/2021 | Reviewed email from Chris re: declarations of DeFoe and Wobrock and rev'd attached declarations | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 11/30/2021 | Reviewed emails fwd Wobrock declaration and attached Wobrock declaration | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 11/30/2021 | Reviewed email from Okorocha and 9 exhibits | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 11/30/2021 | Reveiwed emails re: Lumbar block costs etc. | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 12/01/2021 | Additional draft of section re: immunity | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 12/02/2021 | Compiling and review of exhibit 1 | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 12/02/2021 | Forwarding to Chrisitian of 12 separate docs for filing | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 12/03/2021 | Fwd of final rule 26 report to staff for service | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |

| Biller | Exhibit | Date | Description | Computed Hours | Requested Rate | Computed Fees | Adjusted Rate | Adjusted Fees | Fee Difference |
|---|---|---|---|---|---|---|---|---|---|
| Kent M. Henderson | Ex 12 | 12/13/2021 | Reviewed email from Whitmore and proposed stip to extend rebuttal disclosure | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 12/28/2021 | Reviewed email from Ely re: Laro from Modesto Ketamine clinic messages and responsive email | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 01/25/2022 | Reviewed emails from Ely, Briand drafted email re: rebuttal disclosure deadlines | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 02/22/2022 | Drafted CMC Statement and email | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 02/24/2022 | Reveiwed email from Whitmore re: available dates for experts and request for additional reports, including 12/15/2021 meet and confer letter | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 02/28/2022 | Reviewed email from Angel to Whitmore re: Dr. Jacob's and attached Dr. Jacob's report | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 03/04/2022 | Reviewed email from Whitmore re: Prager Deposition dates and additional follow up emails re: experts | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 03/07/2022 | Reviewed court reporter invoices and email | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 03/08/2022 | Reviewed email from Mashriqi with attached deposition notice of Prager and reviewed depo notice with Document request and followed up | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 03/08/2022 | Reviewed email from Mashriqi with attached deposition notice of Defoe and reviewed depo notice with Document request and followed up | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 03/08/2022 | Reviewed email from Mashriqi with attached deposition notice of Wobrock and reviewed depo notice with Document request and followed up | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 03/08/2022 | Reviewed email from Mashriqi with attached deposition notice of Hurtado and reviewed depo notice with Document request and followed up | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 03/09/2022 | Reviewed email of Mashriqi and attached Deposition Notice with Production of Documents for Okorocha | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 03/09/2022 | Reviewed email of Mashriqi and attached Deposition Notice with Production of Documents for Marilyn Jacobs MD | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |

| Biller | Exhibit | Date | Description | Computed Hours | Requested Rate | Computed Fees | Adjusted Rate | Adjusted Fees | Fee Difference |
|---|---|---|---|---|---|---|---|---|---|
| Kent M. Henderson | Ex 12 | 03/09/2022 | Reviewed email of Mashriqi and attached Deposition Notice with Production of Documents for Dr. Stephenson | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 03/09/2022 | Reviewed email from Ely re: Meinhard invoice and reviewed Meinhard invoice | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 03/10/2022 | Reviewed emails re: Expert availability and coordinated with Ely | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 03/21/2022 | Reviewed email from Dr. Wobrock's office re: moving Wobrock deposition and followed up | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 03/21/2022 | Received and reviewed email from Attorney Holm re: apperance at CMC and follow up | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 03/23/2022 | Additional follow up on moving Dr. Wobrock deposition | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 04/14/2022 | Reviewed email from Ely to Whitmore re: Cjhapman avaialbility and responsive emailas and coorinated dates | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 04/19/2022 | Reviewed email re Amended deposition notices 7 experts | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 04/20/2022 | Reviewed email from Whitmore to Ely re: deposition dates of Enos and reviewed followup emails in scheudling | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 04/26/2022 | Drafted amended depostion notice of Schwitzer and emails re same | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 04/27/2022 | Prepared documents and review email from Amanda to Whitmore re: Hurtado file #2 | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 04/27/2022 | Reviwed email from Amanda Fermin and compiled documents re: Dr. Jacobs File #1 | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 05/06/2022 | Reviewed O'Brian payment request on a check  and emails | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 05/10/2022 | Reviewed email from re:Fsakinos unavailability and availabiltiy and corrodinated calendar, reviewing additonal emails to confirm | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 05/11/2022 | Reviewed email from Dennis with second amended deposition notice of Defoe and additional following emails | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 05/11/2022 | Reviewed email from Whitemore re: Chapman avaiaibility for depo, consulted with Angel and Ely re: depo dates and responsive emails | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |

| Biller | Exhibit | Date | Description | Computed Hours | Requested Rate | Computed Fees | Adjusted Rate | Adjusted Fees | Fee Difference |
|---|---|---|---|---|---|---|---|---|---|
| Kent M. Henderson | Ex 12 | 05/11/2022 | Drafted Second amended deposition notice for Sfkanios and emails | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 05/11/2022 | Drafted Second amended deposition notice for Chapman and emails | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 05/13/2022 | Reviewed email from Whitmore re: checks for Loen and Deleon witness fees and followed up | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 05/17/2022 | Reviewed email from Bridges re: O'Brian is ill and cant give deposition. Followed up to rearrange | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 05/19/2022 | Reviewed email from Ely re: confirmed expert deposition dates for Plaintiff and Defendant and reviewed/coordinated chart and coverage | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 05/23/2022 | Reviewed email from tHao to ely re: Okorocha Payee date and expert file and followed up | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 05/24/2022 | Reviewed email from Ely to Dr. Wobrock re additional emails for deposition scheduling | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 05/25/2022 | Stephenson Deposition preperation | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 05/31/2022 | Reviewed emails of Bridget O'Brian depo availability and responsive emails and prepared amended notice | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 06/08/2022 | Met with Ely re: Dr. Binder depo coverage and emails back and forth internal re: depo coverages | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 06/16/2022 | Reviewed email from Ely re: moving Binder deposition, email from Whitnore re rescheduling Binder | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 06/23/2022 | Reviewed email from Ely re expert deposition and email from Bridges confirming O'Brian | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 06/23/2022 | Reviewed email from Ely to Bridges and responses re resetting O'Brian depositions | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 06/29/2022 | Met with Ely strategized on subpoena to Bureau of Forensic Services, Drafted subpoena and made sure subpoena was ready to go | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 07/01/2022 | Confirmed with Ely and reviewed email from Ely to Bridges re Flianosky file and responsive emails | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 07/07/2022 | Drafted Third deposition notice and review of associated emails resetting | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |

| Biller | Exhibit | Date | Description | Computed Hours | Requested Rate | Computed Fees | Adjusted Rate | Adjusted Fees | Fee Difference |
|--------|---------|------|-------------|----------------|----------------|---------------|---------------|---------------|----------------|
| Kent M. Henderson | Ex 12 | 07/11/2022 | Review part 2 of Expert Chapman File and email ofThao | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 07/12/2022 | Reviewed email from Ely and additional documents from Wobrock depo | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 07/26/2022 | Drafted and responded to email re coverage of Mills deposition and Wobrock deposition | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 07/26/2022 | Met with Ely and strategized re depo availability including Wobrock, review email of Ely re availability | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 07/26/2022 | Reviewed email of Whitmore re Woborock and Ravani depo dates, plus meetings re the same | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 07/26/2022 | Reviewed zoom link for depo of James Mills, Whitmore email, responded to Whitmore emails | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 07/26/2022 | Reviewed email from Ely who spoke wot Nathan Lugo and other at Department of forensic services and followed up | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 07/28/2022 | Reviewed emails re correct depo link for James Mills depo and meetings re the same | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 07/28/2022 | Reviewed email and attached documents from James Mills to Whitmore, treasurey strips 14 pages plus requested for Mills | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 07/28/2022 | Reviewed email from Whitmore to court reporter Dawn with 5 deposition exhibits re Mills depo and reviewed same | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 08/04/2022 | Reviewed email from Amanda and coordinated re Okorocha unavailability | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 08/18/2022 | Reviewed email from Thao re second depo notice of Okorocha payee data form and arranged response and coordinated response | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 09/06/2022 | Email from Whitmore re Enos availability in October and responsive emails, plus corrdinated calendar | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 09/07/2022 | Drafted Amended notice of Enos depositon and review emails and depo link for Enos depo | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 09/16/2022 | Further coorindation and dicussion re Okorocha depo | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 10/13/2022 | Reviewed Enos CV and damages analysis and forwarded to review | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |

| Biller | Exhibit | Date | Description | Computed Hours | Requested Rate | Computed Fees | Adjusted Rate | Adjusted Fees | Fee Difference |
|---|---|---|---|---|---|---|---|---|---|
| Kent M. Henderson | Ex 12 | 11/01/2022 | Reviewed email from Whitmore the Enos still owed money, investigated same, requested payment and responded to email | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 11/10/2022 | Reviewed Whitmore email re: Wobrock depo and confirmation emails plus coordinated conflicts of these depos with other cases | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 11/22/2022 | Reveiwed drop box and additional documents re Wobrock depo file | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 12/07/2022 | Reviewed emails forwarded re Wobrock follow up and coordinated the same | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 01/06/2023 | Reviewed email from Whitmore re: depo of Wobrockwith attached indecipherable, and burdensome paye data record form that needed to be filled out plus additional email from Thao | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 02/09/2023 | Drafted Plaintiff CMC Statement and forwarded to Defense by legal assistant | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 02/20/2023 | Reviewed documents for Wobrock depo -- report and ravani rebuttal report | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 02/20/2023 | Discussed upcoming Wobrock deposition with Humberto Guizar | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 02/22/2023 | Reviewed email fro Wobrock office and coordinated meeting with Wobrock, additional emails re state of CA payment method | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 02/22/2023 | Additional emails re State of CA Payment method with Wobrock back and forth | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 02/22/2023 | Reviewed email from Wobrock office re Ravani materials and responded including gathering additional materials | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 02/22/2023 | Additional emails re file materials and legible copies of Ravnis report | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 03/01/2023 | Reviewed and alayzed previous mediation brief structues for civil right cases | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 03/13/2023 | Reveiwed emails from Wobrock office re payment. Checked into and responded | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 03/13/2023 | Prepared email to staff re outcome of March 13, 2023 CMC | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 04/19/2023 | Additional review of 6 Hurtado MSJ Opposition Documents | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |

| Biller | Exhibit | Date | Description | Computed Hours | Requested Rate | Computed Fees | Adjusted Rate | Adjusted Fees | Fee Difference |
|---|---|---|---|---|---|---|---|---|---|
| Kent M. Henderson | Ex 12 | 05/26/2023 | Reviewed email from Thao re Dr. Ravani and attached payee data record required by State of CA and arranged payment | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 06/22/2023 | Reviewed email from Whitmore re joint stipulation modifying pretrial conference and participated in finalizing | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 06/23/2023 | Reviewed Doc 40 re minute order with reset dates and meetings following | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 09/08/2023 | Reviewed email from Francel re: clarifications on Pre Trial document requirements and forwarded email from Whitmore, meeting re the same | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 09/26/2023 | Prepared for attending zoom Pre Trial Conference | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 09/29/2023 | Reviewed doc 47 tentative pretrial order | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 10/04/2023 | Reviewed Doc 48 Minute order re settlement conference nd followed up calendar and past acitivities | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 10/12/2023 | Reviewed email from Bri re tentative pretrial order in word format and responsive email from Whitmore, followed up | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 10/12/2023 | Drafted email to Whitmore and reviewed emails back and forth requesting proposed statement of case and reviewed same | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 10/12/2023 | Drafted email to Whitmore, reviewed responsive emails and statement of case | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 10/16/2023 | Reviewed email from Whitmore re undisputed fact document was not filed, emails back and forth and followed up | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 10/16/2023 | Reviewed Doc 52 Order re issues to rectify and followed up | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 10/16/2023 | Reviewed email from Bri to Buzo re joint undisputed facts and attached word documents of undisputed facts and followed up | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 10/20/2023 | Reviewed email to Counsel re Hilberman agreed to serve as mediatior, eail from Whitmore and additionl emails back and forth | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 11/07/2023 | Reviewed email and check to Meinhard and followed up | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |

| Biller | Exhibit | Date | Description | Computed Hours | Requested Rate | Computed Fees | Adjusted Rate | Adjusted Fees | Fee Difference |
|---|---|---|---|---|---|---|---|---|---|
| Kent M. Henderson | Ex 12 | 11/16/2023 | Received email from Mills with updated report and reviewed updated report | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 11/17/2023 | Drafted email to Briand Angel re additional healht care treatment records and followed up | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 11/20/2023 | Reviewed email from Brito Whitmore re additional medical records and attached records from rincon that were reviewed | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 11/27/2023 | Reviewed email from Whitmore re photos of stephenson and responsive emails including emails to Whitmore with photos of stephenson later used at trial | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 11/28/2023 | Reviewed email from Amanda re Dr. Stephensons records and emails back and forth including attachment of photos of Hurtados legs later used at trial | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 11/30/2023 | Drafted emails to Whitmore and reviewed responsive email re Meinhard deposition and that Def will not prepay. Discussed with Meinhard | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 12/21/2023 | Review and Finalize- Plantiff's Motion in Limine No. 1 To Exclude Information Not Known To Defendants At The Time of The Incident | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 12/21/2023 | Review and Finalize- Plantiffs Motion in Limine No. 2 | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 01/04/2024 | Coordination of arrangements and attendance for mediation with Judge Claire | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 01/10/2024 | Preparation for mediation with Judge Claire | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 01/12/2024 | Review and Finalize- Plantiffs' Opposition to Defendants' Motion in Limine No. 1 | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 01/12/2024 | Review and Finalize- Plantiff's Opposition to Defendants' Motion in Limine No 3 | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 01/19/2024 | Review and Finalize- Plantiff's Reply to Defandants' Opposotion to Plantiff's Motion in Limine No. 1 | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 01/19/2024 | Review and Finalize- Plantiff's objections to Defendants' prposed Evidence/Exhibits | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 02/14/2024 | Drafted email to Le w/docs re: initial appearance | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 02/21/2024 | Met with staff; coord. Exhibit binders | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 02/21/2024 | Reviewed docs produced by air operations | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |

| Biller | Exhibit | Date | Description | Computed Hours | Requested Rate | Computed Fees | Adjusted Rate | Adjusted Fees | Fee Difference |
|---|---|---|---|---|---|---|---|---|---|
| Kent M. Henderson | Ex 12 | 02/22/2024 | Reviewed email from Nathan to Le re: pretrial docs & followed up | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 02/22/2024 | Drafted lengthy email to Whitmore re: verdict form & other issues, followed up | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 02/26/2024 | Reviewed doc 118 proposed verdict by defendants and followed up | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 02/27/2024 | Rev'd email from Whitmore re: witness issues & followed up | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 02/28/2024 | Reviewed Cognet records responsive to subpoena | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 02/28/2024 | Drafted internal emails re: Meinhard life care plan | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 02/29/2024 | Drafted email to Le re: verdict & objection | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 03/01/2024 | Assembled 6 sep docs & drafted email to Le | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 03/01/2024 | Meetingw/Bri re: exhibit binders and service to assemble | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 03/01/2024 | Reviewed doc 124 defendants trial brief | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 03/01/2024 | Reviewed depositions, medical records, reports, and other documents in preparation for trial | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 03/04/2024 | Reviewed doc 133 def opp & followed up | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 03/05/2024 | Additional meetings re: hearing | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 03/05/2024 | Drafted email to DeFoe & other experts re: appearance attrial & emails back/forth | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 03/05/2024 | Drafted email to Stephenson rec'd resonsive email and followed up | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 03/05/2024 | MIL hearing | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 03/06/2024 | Meeting with Angel and Galipo office re: trial prep | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 03/07/2024 | Drafted email to DeFoe & other experts re: appearance at trial & emails back/forth | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 03/07/2024 | Rev'd emails & followed up arranging Prager testimony | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 03/08/2024 | Drafted email to Defoe & other experts re: appearance at trial & emails back/forth | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 03/09/2024 | Rev'd short and long summaries of Hurtado injuries | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 03/10/2024 | Rev'd email from Nathan to Galipo w/Prager & Chapman depo summaries and rev'd depo summaries | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 03/10/2024 | Rev'd emails Galipo & our office back/forth for trial prep | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |

| Biller | Exhibit | Date | Description | Computed Hours | Requested Rate | Computed Fees | Adjusted Rate | Adjusted Fees | Fee Difference |
|---|---|---|---|---|---|---|---|---|---|
| Kent M. Henderson | Ex 12 | 03/11/2024 | Drafted email to DeFoe & other experts re: appearance at trial & emails back/forth | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 03/12/2024 | Drafted email to Galipo re: Dr. Braaton & drafted 2 page Braaton med summary | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 03/12/2024 | Re-rev'd Wobrock depo and exhibits | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 03/12/2024 | Rev'd email from Le w/ dropbox MVARs & summary, listened & compared | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 03/12/2024 | Additional memos re: Dr. Braaton highlights & records | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 03/12/2024 | Drafted & rev'd emails back/forth Stephenson testimony | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 03/13/2024 | Req'd Jacobs report & followed up w/Bri; rev'd Jacobs report | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 03/14/2024 | Rev'd Mills depo transcript | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 03/16/2024 | Rev'd email from Whitmore re: Valenzuela depo reading & notice of intent to read | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 03/16/2024 | Drafted email to Whitmore re: witness line up & rev'd responsive email from Bridges, add'l follow up | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 03/18/2024 | Drafted emails & responded to emails to fwd plaintiffs obj; docs to be filed | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 03/18/2024 | Rev'd email from Wilmott & attached docs | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 09/05/2024 | Rev'd doc 180 & 181 ex parte | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 09/20/2024 | Drafted & responded to emails & followed up w/Dr. Braaton for trial appearance testimony | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 09/24/2024 | Rev'd doc 197 MIL#8 | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 09/26/2024 | Drafted email and subpoena for Dr. Braaton | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 10/10/2024 | Rev'd Macias depo & trial testimony | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 10/10/2024 | Rev'd lengthy email from Nathan re: Stephenson testimony & follow up | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 10/11/2024 | Meetingw/Nathan re: custodian of records billing & subpoenas | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 10/11/2024 | Emails & follow up on subpoenas on records & bills | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 10/15/2024 | Reviewed email from Le and attached final version of pretrial docs | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 10/15/2024 | Reviewed doc 220 and jury instructions a-h | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 10/15/2024 | Reviewed doc 223 defendant's jury instructions | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 10/18/2024 | Drafted and reviewed 4 emails re: scheduling of Meinhard and Jacobs | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |

| Biller | Exhibit | Date | Description | Computed Hours | Requested Rate | Computed Fees | Adjusted Rate | Adjusted Fees | Fee Difference |
|---|---|---|---|---|---|---|---|---|---|
| Kent M. Henderson | Ex 12 | 10/18/2024 | Reviewed and drafted emails re: Dr. Stephenson trial testimony & arranged appearance | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 10/21/2024 | Reviewed emails re: Billing and testimony of Dr. Stephenson | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 10/21/2024 | Rev'd emails & followed up re: Wobrock testimony confirmation | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 10/21/2024 | Reviewed 2 email & responses from Brito Dr. Braaton re: testimony and payment | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 10/21/2024 | Reviewed numerous emails to Prager's office and back | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 10/22/2024 | Reviewed emails from Bri & billing dept. re: Dr. Jacobs testimony | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 10/30/2024 | Rev'd doc 243 judgement & emails back/forth for scheduling | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 11/04/2024 | Reviewed email from Jessie Hsia re: costs and attached costs | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 11/11/2024 | Began work on attorneys fee declaration & hours | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 11/12/2024 | Reviewed email from Bri re: legal assistant hours and attached hours | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | Ex 12 | 11/26/2024 | Reviewed email from Stacy re: updated costs and 4 spreadsheets of costs | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Nathan Henderson | Ex 16 | 3/9/2024 | Travel to Sacramento with trial documents and materials | 9 | $ 300.00 | $ 2,700.00 | $ 118.00 | $ 1,062.00 | $ 1,638.00 |
| Nathan Henderson | Ex 16 | 10/15/2024 | Travel to Sacramento with trial documents and materials | 9 | $ 300.00 | $ 2,700.00 | $ 118.00 | $ 1,062.00 | $ 1,638.00 |
| Nathan Henderson | Ex 16 | 3/11/2024 | Day of trial - assist in trial, including display of exhibits, trial strategy, and preparation for cross exam | 8 | $ 300.00 | $ 2,400.00 | $ 118.00 | $ 944.00 | $ 1,456.00 |
| Nathan Henderson | Ex 16 | 3/12/2024 | Day of trial - assist in trial, including display of exhibits, trial strategy, and preparation for cross exam | 8 | $ 300.00 | $ 2,400.00 | $ 118.00 | $ 944.00 | $ 1,456.00 |
| Nathan Henderson | Ex 16 | 10/17/2024 | Participate in trial, strategy, organization of documents, presentation of evidence | 8 | $ 300.00 | $ 2,400.00 | $ 118.00 | $ 944.00 | $ 1,456.00 |
| Nathan Henderson | Ex 16 | 10/18/2024 | Participate in trial, strategy, organization of documents, presentation of evidence | 8 | $ 300.00 | $ 2,400.00 | $ 118.00 | $ 944.00 | $ 1,456.00 |
| Nathan Henderson | Ex 16 | 3/12/2024 | Travel from Sacramento to Tustin | 4 | $ 300.00 | $ 1,200.00 | $ 118.00 | $ 472.00 | $ 728.00 |
| Nathan Henderson | Ex 16 | 10/16/2024 | Participate in trial, strategy, organization of documents, presentation of evidence | 4 | $ 300.00 | $ 1,200.00 | $ 118.00 | $ 472.00 | $ 728.00 |
| Nathan Henderson | Ex 16 | 10/18/2024 | Travel Sacramento to Orange County | 4 | $ 300.00 | $ 1,200.00 | $ 118.00 | $ 472.00 | $ 728.00 |
| Nathan Henderson | Ex 16 | 9/15/2023 | Draft Plaintiff's disputed statement of facts for the pretrial statement | 1 | $ 300.00 | $ 300.00 | $ 118.00 | $ 118.00 | $ 182.00 |

| Biller | Exhibit | Date | Description | Computed Hours | Requested Rate | Computed Fees | Adjusted Rate | Adjusted Fees | Fee Difference |
|---|---|---|---|---|---|---|---|---|---|
| Nathan Henderson | Ex 16 | 10/10/2023 | Draft memorandum regarding police pursuits in California | 1 | $ 300.00 | $ 300.00 | $ 118.00 | $ 118.00 | $ 182.00 |
| Nathan Henderson | Ex 16 | 10/12/2023 | Continue to review exhibits and verily page numbers for exhibit list | 1 | $ 300.00 | $ 300.00 | $ 118.00 | $ 118.00 | $ 182.00 |
| Nathan Henderson | Ex 16 | 10/13/2023 | Review and edit Plaintiff's amended witness list | 1 | $ 300.00 | $ 300.00 | $ 118.00 | $ 118.00 | $ 182.00 |
| Nathan Henderson | Ex 16 | 10/18/2023 | Continue to redline edit disputed facts for pretrial order | 1 | $ 300.00 | $ 300.00 | $ 118.00 | $ 118.00 | $ 182.00 |
| Nathan Henderson | Ex 16 | 10/18/2023 | Continue to redline edit disputed facts for pretrial order | 1 | $ 300.00 | $ 300.00 | $ 118.00 | $ 118.00 | $ 182.00 |
| Nathan Henderson | Ex 16 | 11/9/2023 | Draft legal analysis of federal statutory and case law regarding evidence of past crimes and wrongdoings | 1 | $ 300.00 | $ 300.00 | $ 118.00 | $ 118.00 | $ 182.00 |
| Nathan Henderson | Ex 16 | 11/20/2023 | Review and edit Plaintiff's motion in limine no. 3 | 1 | $ 300.00 | $ 300.00 | $ 118.00 | $ 118.00 | $ 182.00 |
| Nathan Henderson | Ex 16 | 11/29/2023 | Draft order for motion in limine no. 1 | 1 | $ 300.00 | $ 300.00 | $ 118.00 | $ 118.00 | $ 182.00 |
| Nathan Henderson | Ex 16 | 11/29/2023 | Draft order for motion in limine no. 2 | 1 | $ 300.00 | $ 300.00 | $ 118.00 | $ 118.00 | $ 182.00 |
| Nathan Henderson | Ex 16 | 11/29/2023 | Draft order for motion in limine no. 3 | 1 | $ 300.00 | $ 300.00 | $ 118.00 | $ 118.00 | $ 182.00 |
| Nathan Henderson | Ex 16 | 11/29/2023 | Draft order for motion in limine no. 4 | 1 | $ 300.00 | $ 300.00 | $ 118.00 | $ 118.00 | $ 182.00 |
| Nathan Henderson | Ex 16 | 11/29/2023 | Draft order for motion in limine no. 5 | 1 | $ 300.00 | $ 300.00 | $ 118.00 | $ 118.00 | $ 182.00 |
| Nathan Henderson | Ex 16 | 1/3/2024 | Further draft memorandum regarding applicability of Daubert standard to police practices experts | 1 | $ 300.00 | $ 300.00 | $ 118.00 | $ 118.00 | $ 182.00 |
| Nathan Henderson | Ex 16 | 2/22/2024 | Review Plaintiff's proposed jury instructions | 1 | $ 300.00 | $ 300.00 | $ 118.00 | $ 118.00 | $ 182.00 |
| Nathan Henderson | Ex 16 | 3/1/2024 | Prepare exhibit binders for printing and tabulation | 1 | $ 300.00 | $ 300.00 | $ 118.00 | $ 118.00 | $ 182.00 |
| Nathan Henderson | Ex 16 | 10/11/2024 | Gather supplies fortrial | 1 | $ 300.00 | $ 300.00 | $ 118.00 | $ 118.00 | $ 182.00 |
| | | | | 2146 | | $ 2,137,800.00 | | $ 953,252.00 | $ 1,184,548.00 |

# EXHIBIT 10

| Biller | Exhibit | Date | Description | Computed Hours | Requested Rate | Computed Fees | Adjusted Rate | Adjusted Fees | Fee Difference |
|---|---|---|---|---|---|---|---|---|---|
| Angel Carrazco Jr. | Ex 13 | 3/12/2024 | Prep for trial, trial, post trial debrief and strategy | 15.00 | $1,000.00 | $15,000.00 | $473.00 | $7,095.00 | $7,905.00 |
| Angel Carrazco Jr. | Ex 13 | 3/13/2024 | Prep for trial, trial, post trial debrief and strategy | 15.00 | $1,000.00 | $15,000.00 | $473.00 | $7,095.00 | $7,905.00 |
| Angel Carrazco Jr. | Ex 13 | 3/14/2024 | Prep for trial, trial, post trial debrief and strategy | 15.00 | $1,000.00 | $15,000.00 | $473.00 | $7,095.00 | $7,905.00 |
| Angel Carrazco Jr. | Ex 13 | 3/15/2024 | Prep for trial, trial, post trial debrief and strategy | 15.00 | $1,000.00 | $15,000.00 | $473.00 | $7,095.00 | $7,905.00 |
| Angel Carrazco Jr. | Ex 13 | 10/16/2024 | Prepared for, attended, & debriefed re: trial | 15.00 | $1,000.00 | $15,000.00 | $473.00 | $7,095.00 | $7,905.00 |
| Angel Carrazco Jr. | Ex 13 | 10/17/2024 | Prepared for, attended, & debriefed re: trial | 15.00 | $1,000.00 | $15,000.00 | $473.00 | $7,095.00 | $7,905.00 |
| Angel Carrazco Jr. | Ex 13 | 10/18/2024 | Prepared for, attended, & debriefed re: trial | 15.00 | $1,000.00 | $15,000.00 | $473.00 | $7,095.00 | $7,905.00 |
| Angel Carrazco Jr. | Ex 13 | 10/21/2024 | Prepared for, attended, & debriefed re: trial | 15.00 | $1,000.00 | $15,000.00 | $473.00 | $7,095.00 | $7,905.00 |
| Angel Carrazco Jr. | Ex 13 | 10/22/2024 | Prepared for, attended, & debriefed re: trial | 15.00 | $1,000.00 | $15,000.00 | $473.00 | $7,095.00 | $7,905.00 |
| Angel Carrazco Jr. | Ex 13 | 10/23/2024 | Prepared for, attended, & debriefed re: trial | 15.00 | $1,000.00 | $15,000.00 | $473.00 | $7,095.00 | $7,905.00 |
| Angel Carrazco Jr. | Ex 13 | 10/25/2024 | Prepared for, attended, & debriefed re: trial | 15.00 | $1,000.00 | $15,000.00 | $473.00 | $7,095.00 | $7,905.00 |
| Dale K. Galipo | Ex. 1 | 03/18/2024 | Trial - Trial Preparation * | 14.70 | $1,400.00 | $20,580.00 | $550.00 | $8,085.00 | $12,495.00 |
| Dale K. Galipo | Ex. 1 | 03/13/2024 | Trial - Trial Preparation * | 14.50 | $1,400.00 | $20,300.00 | $550.00 | $7,975.00 | $12,325.00 |
| Dale K. Galipo | Ex. 1 | 10/21/2024 | Trial - Trial Preparation * | 14.50 | $1,400.00 | $20,300.00 | $550.00 | $7,975.00 | $12,325.00 |
| Dale K. Galipo | Ex. 1 | 03/11/2024 | Trial- Trial Preparation * | 14.20 | $1,400.00 | $19,880.00 | $550.00 | $7,810.00 | $12,070.00 |
| Dale K. Galipo | Ex. 1 | 10/17/2024 | Trial - Trial Preparation * | 14.20 | $1,400.00 | $19,880.00 | $550.00 | $7,810.00 | $12,070.00 |
| Dale K. Galipo | Ex. 1 | 03/12/2024 | Trial - Trial Preparation * | 13.80 | $1,400.00 | $19,320.00 | $550.00 | $7,590.00 | $11,730.00 |
| Dale K. Galipo | Ex. 1 | 10/23/2024 | Trial - Trial Preparation * | 13.80 | $1,400.00 | $19,320.00 | $550.00 | $7,590.00 | $11,730.00 |
| Dale K. Galipo | Ex. 1 | 10/18/2024 | Trial - Trial Preparation * | 13.70 | $1,400.00 | $19,180.00 | $550.00 | $7,535.00 | $11,645.00 |
| Dale K. Galipo | Ex. 1 | 10/16/2024 | Trial - Trial Preparation * | 13.60 | $1,400.00 | $19,040.00 | $550.00 | $7,480.00 | $11,560.00 |
| Dale K. Galipo | Ex. 1 | 03/14/2024 | Trial - Trial Preparation * | 13.50 | $1,400.00 | $18,900.00 | $550.00 | $7,425.00 | $11,475.00 |
| Dale K. Galipo | Ex. 1 | 10/22/2024 | Trial - Trial Preparation * | 13.50 | $1,400.00 | $18,900.00 | $550.00 | $7,425.00 | $11,475.00 |
| Dale K. Galipo | Ex. 1 | 10/19/2024 | Trial Preparation * | 13.40 | $1,400.00 | $18,760.00 | $550.00 | $7,370.00 | $11,390.00 |
| Dale K. Galipo | Ex. 1 | 03/10/2024 | Review Examination Outlines - Prepare Opening Statement - Trial | 13.00 | $1,400.00 | $18,200.00 | $550.00 | $7,150.00 | $11,050.00 |
| Dale K. Galipo | Ex. 1 | 03/15/2024 | Trial - Trial Preparation * | 12.70 | $1,400.00 | $17,780.00 | $550.00 | $6,985.00 | $10,795.00 |
| Angel Carrazco Jr. | Ex 13 | 7/4/2022 | Review and analysis of 9 prior depositions of Mr. Champman | 12.20 | $1,000.00 | $12,200.00 | $473.00 | $5,770.60 | $6,429.40 |
| Dale K. Galipo | Ex. 1 | 03/16/2024 | Trial Preparation * | 12.20 | $1,400.00 | $17,080.00 | $550.00 | $6,710.00 | $10,370.00 |
| Dale K. Galipo | Ex. 1 | 10/24/2024 | Trial - Meetings. | 12.20 | $1,400.00 | $17,080.00 | $550.00 | $6,710.00 | $10,370.00 |

| Biller | Exhibit | Date | Description | Computed Hours | Requested Rate | Computed Fees | Adjusted Rate | Adjusted Fees | Fee Difference |
|---|---|---|---|---|---|---|---|---|---|
| Dale K. Galipo | Ex. 1 | 10/05/2024 | Review of Expert Reports -Trial Preparation* | 12.00 | $1,400.00 | $16,800.00 | $550.00 | $6,600.00 | $10,200.00 |
| Kent M. Henderson | Ex 12 | 11/28/2021 | Version 3 separate statement drafted | 12.00 | $1,100.00 | $13,200.00 | $473.00 | $5,676.00 | $7,524.00 |
| Kent M. Henderson | Ex 12 | 03/20/2024 | Prep for trial, trial, post trial debrief and strategy | 12.00 | $1,100.00 | $13,200.00 | $473.00 | $5,676.00 | $7,524.00 |
| Kent M. Henderson | Ex 12 | 10/17/2024 | Prepared for, attended, & debriefed re: trial | 12.00 | $1,100.00 | $13,200.00 | $473.00 | $5,676.00 | $7,524.00 |
| Kent M. Henderson | Ex 12 | 10/19/2024 | Further trial preparation, review of materials, contact of experts | 12.00 | $1,100.00 | $13,200.00 | $473.00 | $5,676.00 | $7,524.00 |
| Kent M. Henderson | Ex 12 | 10/20/2024 | Further trial preparation, review of materials, contact of experts | 12.00 | $1,100.00 | $13,200.00 | $473.00 | $5,676.00 | $7,524.00 |
| Kent M. Henderson | Ex 12 | 10/23/2024 | Prepared for, attended, & debriefed re: trial | 12.00 | $1,100.00 | $13,200.00 | $473.00 | $5,676.00 | $7,524.00 |
| Kent M. Henderson | Ex 12 | 10/24/2024 | Prepared for, attended, & debriefed re: trial | 12.00 | $1,100.00 | $13,200.00 | $473.00 | $5,676.00 | $7,524.00 |
| Kent M. Henderson | Ex 12 | 10/25/2024 | Prepared for, attended, & debriefed re: trial | 12.00 | $1,100.00 | $13,200.00 | $473.00 | $5,676.00 | $7,524.00 |
| Dale K. Galipo | Ex. 1 | 03/17/2024 | Trial Preparation * | 11.80 | $1,400.00 | $16,520.00 | $550.00 | $6,490.00 | $10,030.00 |
| Dale K. Galipo | Ex. 1 | 10/20/2024 | Trial Preparation * | 11.60 | $1,400.00 | $16,240.00 | $550.00 | $6,380.00 | $9,860.00 |
| Dale K. Galipo | Ex. 1 | 03/04/2024 | Prepare Defoe Examination - Trial Preparation * | 11.50 | $1,400.00 | $16,100.00 | $550.00 | $6,325.00 | $9,775.00 |
| Dale K. Galipo | Ex. 1 | 03/19/2024 | Trial - Trial Preparation * | 11.30 | $1,400.00 | $15,820.00 | $550.00 | $6,215.00 | $9,605.00 |
| Dale K. Galipo | Ex. 1 | 03/08/2024 | Prepare Randazzo / Chapman Examinations - Trial Preparation * | 11.10 | $1,400.00 | $15,540.00 | $550.00 | $6,105.00 | $9,435.00 |
| Dale K. Galipo | Ex. 1 | 03/01/2024 | Trial Preparation * | 11.00 | $1,400.00 | $15,400.00 | $550.00 | $6,050.00 | $9,350.00 |
| Dale K. Galipo | Ex. 1 | 10/07/2024 | Review of Prior Trial Testimony - Days 2-5 of Previous - Trial Preparation * | 11.00 | $1,400.00 | $15,400.00 | $550.00 | $6,050.00 | $9,350.00 |
| Dale K. Galipo | Ex. 1 | 03/09/2024 | Review Examination Outlines - Prepare Opening Statement - Trial | 10.90 | $1,400.00 | $15,260.00 | $550.00 | $5,995.00 | $9,265.00 |
| Dale K. Galipo | Ex. 1 | 03/02/2024 | Trial Preparation * | 10.40 | $1,400.00 | $14,560.00 | $550.00 | $5,720.00 | $8,840.00 |
| Angel Carrazco Jr. | Ex 13 | 3/9/2024 | Trial prep in Sacramento | 10.00 | $1,000.00 | $10,000.00 | $473.00 | $4,730.00 | $5,270.00 |
| Angel Carrazco Jr. | Ex 13 | 10/24/2024 | Prepared for, attended, & debriefed re: trial | 10.00 | $1,000.00 | $10,000.00 | $473.00 | $4,730.00 | $5,270.00 |
| Kent M. Henderson | Ex 12 | 11/26/2021 | Draft of plaintiff's separate statement | 10.00 | $1,100.00 | $11,000.00 | $473.00 | $4,730.00 | $6,270.00 |
| Kent M. Henderson | Ex 12 | 09/19/2023 | Reviewed email from Bridges to Nathan with Final filing of pretrial statement, drafted and reviewed additional emails back and forth and corrections and additions of pretrial | 10.00 | $1,100.00 | $11,000.00 | $473.00 | $4,730.00 | $6,270.00 |
| Kent M. Henderson | Ex 12 | 03/09/2024 | Trial prep in Sacramento | 10.00 | $1,100.00 | $11,000.00 | $473.00 | $4,730.00 | $6,270.00 |
| Kent M. Henderson | Ex 12 | 03/13/2024 | Prep for trial, trial, post trial debrief and strategy | 10.00 | $1,100.00 | $11,000.00 | $473.00 | $4,730.00 | $6,270.00 |

| Biller | Exhibit | Date | Description | Computed Hours | Requested Rate | Computed Fees | Adjusted Rate | Adjusted Fees | Fee Difference |
|--------|---------|------|-------------|----------------|----------------|---------------|---------------|---------------|----------------|
| Kent M. Henderson | Ex 12 | 03/15/2024 | Prep for trial, trial, post trial debrief and strategy | 10.00 | $1,100.00 | $11,000.00 | $473.00 | $4,730.00 | $6,270.00 |
| Kent M. Henderson | Ex 12 | 03/16/2024 | Preparation for trial, review of documents for trial, review of depositions for trial, arranging of | 10.00 | $1,100.00 | $11,000.00 | $473.00 | $4,730.00 | $6,270.00 |
| Kent M. Henderson | Ex 12 | 03/18/2024 | Prep for trial, trial, post trial debrief and strategy | 10.00 | $1,100.00 | $11,000.00 | $473.00 | $4,730.00 | $6,270.00 |
| Kent M. Henderson | Ex 12 | 03/19/2024 | Prep for trial, trial, post trial debrief and strategy | 10.00 | $1,100.00 | $11,000.00 | $473.00 | $4,730.00 | $6,270.00 |
| Kent M. Henderson | Ex 12 | 03/21/2024 | Prep for trial, trial, post trial debrief and strategy | 10.00 | $1,100.00 | $11,000.00 | $473.00 | $4,730.00 | $6,270.00 |
| Kent M. Henderson | Ex 12 | 03/22/2024 | Packed up boxes, loaded vehicle, drove to Southern California | 10.00 | $1,100.00 | $11,000.00 | $473.00 | $4,730.00 | $6,270.00 |
| Kent M. Henderson | Ex 12 | 10/16/2024 | Prepared for trial, attended trial, and debrief | 10.00 | $1,100.00 | $11,000.00 | $473.00 | $4,730.00 | $6,270.00 |
| Kent M. Henderson | Ex 12 | 10/21/2024 | Prepared for, attended, & debriefed re: trial | 10.00 | $1,100.00 | $11,000.00 | $473.00 | $4,730.00 | $6,270.00 |
| Kent M. Henderson | Ex 12 | 10/22/2024 | Prepared for, attended, & debriefed re: trial | 10.00 | $1,100.00 | $11,000.00 | $473.00 | $4,730.00 | $6,270.00 |
| | | | | **753.30** | | **$907,940.00** | | **$381,728.60** | **$526,211.40** |

# EXHIBIT 11

| Biller | Exhibit | Date | Description | Computed Hours | Requested Rate | Computed Fees | Adjusted Rate | Adjusted Fees | Fee Difference |
|---|---|---|---|---|---|---|---|---|---|
| Angel Carrazco Jr. | Ex 13 | 7/26/2023 | 330 pm case meeting | 0.50 | $1,000.00 | $500.00 | $473.00 | $236.50 | $263.50 |
| Kent M. Henderson | Ex 12 | 07/26/2023 | 330 pm case meeting | 0.50 | $1,100.00 | $550.00 | $473.00 | $236.50 | $313.50 |
| Kent M. Henderson | Ex 12 | 01/13/2020 | Additional emails re: Hurtado | 1.00 | $1,100.00 | $1,100.00 | $473.00 | $473.00 | $627.00 |
| Angel Carrazco Jr. | Ex 13 | 3/5/2024 | Additional meetings re: | 1.00 | $1,000.00 | $1,000.00 | $473.00 | $473.00 | $527.00 |
| Kent M. Henderson | Ex 12 | 03/05/2024 | Additional meetings re: | 1.00 | $1,100.00 | $1,100.00 | $473.00 | $473.00 | $627.00 |
| Kent M. Henderson | Ex 12 | 02/05/2021 | Additional review of dropbox | 1.00 | $1,100.00 | $1,100.00 | $473.00 | $473.00 | $627.00 |
| Angel Carrazco Jr. | Ex 13 | 9/10/2024 | Client communication | 0.50 | $1,000.00 | $500.00 | $473.00 | $236.50 | $263.50 |
| Kent M. Henderson | Ex 12 | 09/10/2024 | Client communication | 0.50 | $1,100.00 | $550.00 | $473.00 | $236.50 | $313.50 |
| Christopher L. Holm | Ex 15 | 11/24/2021 | email to partners aboutthe | 0.30 | $600.00 | $180.00 | $331.00 | $99.30 | $80.70 |
| Christopher L. Holm | Ex 15 | 11/24/2021 | emailed staff about the case | 0.30 | $600.00 | $180.00 | $331.00 | $99.30 | $80.70 |
| Christopher L. Holm | Ex 15 | 11/24/2021 | emailed staff about the case | 0.30 | $600.00 | $180.00 | $331.00 | $99.30 | $80.70 |
| Christopher L. Holm | Ex 15 | 11/24/2021 | emailed staff about the case | 0.30 | $600.00 | $180.00 | $331.00 | $99.30 | $80.70 |
| Christopher L. Holm | Ex 15 | 12/2/2021 | emailed staff about the case | 0.20 | $600.00 | $120.00 | $331.00 | $66.20 | $53.80 |
| Angel Carrazco Jr. | Ex 13 | 4/11/2024 | Emails back/forth re: next | 0.50 | $1,000.00 | $500.00 | $473.00 | $236.50 | $263.50 |
| Kent M. Henderson | Ex 12 | 04/11/2024 | Emails back/forth re: next | 0.50 | $1,100.00 | $550.00 | $473.00 | $236.50 | $313.50 |
| Kent M. Henderson | Ex 12 | 04/15/2024 | Emails back/forth re: strategy | 0.50 | $1,100.00 | $550.00 | $473.00 | $236.50 | $313.50 |
| Christopher L. Holm | Ex 15 | 4/3/2024 | forwarded email and attachments regarding case | 0.30 | $600.00 | $180.00 | $331.00 | $99.30 | $80.70 |
| Christopher L. Holm | Ex 15 | 5/19/2022 | forwarded email regarding case meeting | 0.20 | $600.00 | $120.00 | $331.00 | $66.20 | $53.80 |
| Christopher L. Holm | Ex 15 | 7/1/2022 | forwarded email regarding case meeting | 0.20 | $600.00 | $120.00 | $331.00 | $66.20 | $53.80 |
| Christopher L. Holm | Ex 15 | 9/9/2022 | forwarded email regarding case meeting | 0.20 | $600.00 | $120.00 | $331.00 | $66.20 | $53.80 |
| Kent M. Henderson | Ex 12 | 11/23/2020 | Further review of dropbox | 2.00 | $1,100.00 | $2,200.00 | $473.00 | $946.00 | $1,254.00 |
| Dale K. Galipo | Ex. 1 | 11/25/2024 | Legal Research | 1.60 | $1,400.00 | $2,240.00 | $550.00 | $880.00 | $1,360.00 |
| Dale K. Galipo | Ex. 1 | 11/26/2024 | Legal Research | 2.60 | $1,400.00 | $3,640.00 | $550.00 | $1,430.00 | $2,210.00 |
| Dale K. Galipo | Ex. 1 | 11/24/2024 | Legal Research | 1.40 | $1,400.00 | $1,960.00 | $550.00 | $770.00 | $1,190.00 |
| Angel Carrazco Jr. | Ex 13 | 3/11/2024 | Prep for trial, trial, post trial debrief and strategy | 5.00 | $1,000.00 | $5,000.00 | $473.00 | $2,365.00 | $2,635.00 |
| Angel Carrazco Jr. | Ex 13 | 3/12/2024 | Prep for trial, trial, post trial debrief and strategy | 15.00 | $1,000.00 | $15,000.00 | $473.00 | $7,095.00 | $7,905.00 |
| Angel Carrazco Jr. | Ex 13 | 3/13/2024 | Prep for trial, trial, post trial debrief and strategy | 15.00 | $1,000.00 | $15,000.00 | $473.00 | $7,095.00 | $7,905.00 |
| Angel Carrazco Jr. | Ex 13 | 3/14/2024 | Prep for trial, trial, post trial debrief and strategy | 15.00 | $1,000.00 | $15,000.00 | $473.00 | $7,095.00 | $7,905.00 |
| Angel Carrazco Jr. | Ex 13 | 3/15/2024 | Prep for trial, trial, post trial debrief and strategy | 15.00 | $1,000.00 | $15,000.00 | $473.00 | $7,095.00 | $7,905.00 |
| Kent M. Henderson | Ex 12 | 03/11/2024 | Prep for trial, trial, post trial debrief and strategy | 8.00 | $1,100.00 | $8,800.00 | $473.00 | $3,784.00 | $5,016.00 |
| Kent M. Henderson | Ex 12 | 03/12/2024 | Prep for trial, trial, post trial debrief and strategy | 8.00 | $1,100.00 | $8,800.00 | $473.00 | $3,784.00 | $5,016.00 |

| Biller | Exhibit | Date | Description | Computed Hours | Requested Rate | Computed Fees | Adjusted Rate | Adjusted Fees | Fee Difference |
|---|---|---|---|---|---|---|---|---|---|
| Kent M. Henderson | Ex 12 | 03/13/2024 | Prep for trial, trial, post trial debrief and strategy | 10.00 | $1,100.00 | $11,000.00 | $473.00 | $4,730.00 | $6,270.00 |
| Kent M. Henderson | Ex 12 | 03/14/2024 | Prep for trial, trial, post trial debrief and strategy | 8.00 | $1,100.00 | $8,800.00 | $473.00 | $3,784.00 | $5,016.00 |
| Kent M. Henderson | Ex 12 | 03/15/2024 | Prep for trial, trial, post trial debrief and strategy | 10.00 | $1,100.00 | $11,000.00 | $473.00 | $4,730.00 | $6,270.00 |
| Kent M. Henderson | Ex 12 | 03/18/2024 | Prep for trial, trial, post trial debrief and strategy | 10.00 | $1,100.00 | $11,000.00 | $473.00 | $4,730.00 | $6,270.00 |
| Kent M. Henderson | Ex 12 | 03/19/2024 | Prep for trial, trial, post trial debrief and strategy | 10.00 | $1,100.00 | $11,000.00 | $473.00 | $4,730.00 | $6,270.00 |
| Kent M. Henderson | Ex 12 | 03/20/2024 | Prep for trial, trial, post trial debrief and strategy | 12.00 | $1,100.00 | $13,200.00 | $473.00 | $5,676.00 | $7,524.00 |
| Kent M. Henderson | Ex 12 | 03/21/2024 | Prep for trial, trial, post trial debrief and strategy | 10.00 | $1,100.00 | $11,000.00 | $473.00 | $4,730.00 | $6,270.00 |
| Angel Carrazco Jr. | Ex 13 | 10/16/2024 | Prepared for, attended, & debriefed re: trial | 15.00 | $1,000.00 | $15,000.00 | $473.00 | $7,095.00 | $7,905.00 |
| Angel Carrazco Jr. | Ex 13 | 10/17/2024 | Prepared for, attended, & debriefed re: trial | 15.00 | $1,000.00 | $15,000.00 | $473.00 | $7,095.00 | $7,905.00 |
| Angel Carrazco Jr. | Ex 13 | 10/18/2024 | Prepared for, attended, & debriefed re: trial | 15.00 | $1,000.00 | $15,000.00 | $473.00 | $7,095.00 | $7,905.00 |
| Angel Carrazco Jr. | Ex 13 | 10/21/2024 | Prepared for, attended, & debriefed re: trial | 15.00 | $1,000.00 | $15,000.00 | $473.00 | $7,095.00 | $7,905.00 |
| Angel Carrazco Jr. | Ex 13 | 10/22/2024 | Prepared for, attended, & debriefed re: trial | 15.00 | $1,000.00 | $15,000.00 | $473.00 | $7,095.00 | $7,905.00 |
| Angel Carrazco Jr. | Ex 13 | 10/23/2024 | Prepared for, attended, & debriefed re: trial | 15.00 | $1,000.00 | $15,000.00 | $473.00 | $7,095.00 | $7,905.00 |
| Angel Carrazco Jr. | Ex 13 | 10/24/2024 | Prepared for, attended, & debriefed re: trial | 10.00 | $1,000.00 | $10,000.00 | $473.00 | $4,730.00 | $5,270.00 |
| Angel Carrazco Jr. | Ex 13 | 10/25/2024 | Prepared for, attended, & debriefed re: trial | 15.00 | $1,000.00 | $15,000.00 | $473.00 | $7,095.00 | $7,905.00 |
| Kent M. Henderson | Ex 12 | 10/17/2024 | Prepared for, attended, & debriefed re: trial | 12.00 | $1,100.00 | $13,200.00 | $473.00 | $5,676.00 | $7,524.00 |
| Kent M. Henderson | Ex 12 | 10/21/2024 | Prepared for, attended, & debriefed re: trial | 10.00 | $1,100.00 | $11,000.00 | $473.00 | $4,730.00 | $6,270.00 |
| Kent M. Henderson | Ex 12 | 10/22/2024 | Prepared for, attended, & debriefed re: trial | 10.00 | $1,100.00 | $11,000.00 | $473.00 | $4,730.00 | $6,270.00 |
| Kent M. Henderson | Ex 12 | 10/23/2024 | Prepared for, attended, & debriefed re: trial | 12.00 | $1,100.00 | $13,200.00 | $473.00 | $5,676.00 | $7,524.00 |
| Kent M. Henderson | Ex 12 | 10/24/2024 | Prepared for, attended, & debriefed re: trial | 12.00 | $1,100.00 | $13,200.00 | $473.00 | $5,676.00 | $7,524.00 |
| Kent M. Henderson | Ex 12 | 10/25/2024 | Prepared for, attended, & debriefed re: trial | 12.00 | $1,100.00 | $13,200.00 | $473.00 | $5,676.00 | $7,524.00 |

| Biller | Exhibit | Date | Description | Computed Hours | Requested Rate | Computed Fees | Adjusted Rate | Adjusted Fees | Fee Difference |
|---|---|---|---|---|---|---|---|---|---|
| Christopher L. Holm | Ex 15 | 11/20/2021 | Received email from partner about the case | 0.30 | $600.00 | $180.00 | $331.00 | $99.30 | $80.70 |
| Christopher L. Holm | Ex 15 | 11/26/2021 | received email from partner about the case | 0.30 | $600.00 | $180.00 | $331.00 | $99.30 | $80.70 |
| Christopher L. Holm | Ex 15 | 11/30/2021 | Received email from partner about the case | 0.20 | $600.00 | $120.00 | $331.00 | $66.20 | $53.80 |
| Christopher L. Holm | Ex 15 | 12/6/2021 | received email from partner about the case | 0.30 | $600.00 | $180.00 | $331.00 | $99.30 | $80.70 |
| Christopher L. Holm | Ex 15 | 11/27/2021 | received email from partner and reviewed materials | 2.50 | $600.00 | $1,500.00 | $331.00 | $827.50 | $672.50 |
| Christopher L. Holm | Ex 15 | 11/27/2021 | received email from partner and reviewed materials | 2.50 | $600.00 | $1,500.00 | $331.00 | $827.50 | $672.50 |
| Christopher L. Holm | Ex 15 | 11/28/2021 | received email from partner and reviewed materials | 2.50 | $600.00 | $1,500.00 | $331.00 | $827.50 | $672.50 |
| Christopher L. Holm | Ex 15 | 11/28/2021 | received email from partner and reviewed materials | 2.50 | $600.00 | $1,500.00 | $331.00 | $827.50 | $672.50 |
| Christopher L. Holm | Ex 15 | 12/2/2021 | received email from staff about the case | 0.30 | $600.00 | $180.00 | $331.00 | $99.30 | $80.70 |
| Christopher L. Holm | Ex 15 | 10/18/2024 | researched trial issue for | 2.50 | $600.00 | $1,500.00 | $331.00 | $827.50 | $672.50 |
| Christopher L. Holm | Ex 15 | 6/12/2024 | responded to email regarding | 0.40 | $600.00 | $240.00 | $331.00 | $132.40 | $107.60 |
| Christopher L. Holm | Ex 15 | 6/12/2024 | responded to email regarding | 0.30 | $600.00 | $180.00 | $331.00 | $99.30 | $80.70 |
| Christopher L. Holm | Ex 15 | 11/1/2021 | response email to staff regarding case | 0.20 | $600.00 | $120.00 | $331.00 | $66.20 | $53.80 |
| Dale K. Galipo | Ex. 1 | 01/18/2024 | Review Depositions | 4.40 | $1,400.00 | $6,160.00 | $550.00 | $2,420.00 | $3,740.00 |
| Angel Carrazco Jr. | Ex 13 | 10/19/2023 | Review email re: invoices | 0.50 | $1,000.00 | $500.00 | $473.00 | $236.50 | $263.50 |
| Dale K. Galipo | Ex. 1 | 02/15/2024 | Review Exhibits | 4.30 | $1,400.00 | $6,020.00 | $550.00 | $2,365.00 | $3,655.00 |
| Dale K. Galipo | Ex. 1 | 01/16/2024 | Review Pleadings | 1.30 | $1,400.00 | $1,820.00 | $550.00 | $715.00 | $1,105.00 |
| Kent M. Henderson | Ex 12 | 12/31/2019 | Reviewed case number status | 0.50 | $1,100.00 | $550.00 | $473.00 | $236.50 | $313.50 |
| Kent M. Henderson | Ex 12 | 06/01/2021 | Reviewed costs | 0.20 | $1,100.00 | $220.00 | $473.00 | $94.60 | $125.40 |
| Christopher L. Holm | Ex 15 | 2/2/2022 | reviewed email and attachments regarding case | 1.00 | $600.00 | $600.00 | $331.00 | $331.00 | $269.00 |
| Christopher L. Holm | Ex 15 | 2/2/2022 | reviewed email and attachments regarding case | 1.00 | $600.00 | $600.00 | $331.00 | $331.00 | $269.00 |
| Christopher L. Holm | Ex 15 | 2/2/2022 | reviewed email and attachments regarding case | 1.00 | $600.00 | $600.00 | $331.00 | $331.00 | $269.00 |
| Christopher L. Holm | Ex 15 | 2/16/2022 | reviewed email and attachments regarding case | 1.50 | $600.00 | $900.00 | $331.00 | $496.50 | $403.50 |
| Christopher L. Holm | Ex 15 | 2/22/2022 | reviewed email and attachments regarding case | 1.00 | $600.00 | $600.00 | $331.00 | $331.00 | $269.00 |
| Christopher L. Holm | Ex 15 | 2/22/2022 | reviewed email and attachments regarding case | 1.00 | $600.00 | $600.00 | $331.00 | $331.00 | $269.00 |
| Christopher L. Holm | Ex 15 | 8/11/2022 | reviewed email and attachments regarding case | 1.00 | $600.00 | $600.00 | $331.00 | $331.00 | $269.00 |

| Biller | Exhibit | Date | Description | Computed Hours | Requested Rate | Computed Fees | Adjusted Rate | Adjusted Fees | Fee Difference |
|--------|---------|------|-------------|----------------|----------------|---------------|---------------|---------------|----------------|
| Christopher L. Holm | Ex 15 | 1/3/2024 | reviewed email and attachments regarding case | 1.50 | $600.00 | $900.00 | $331.00 | $496.50 | $403.50 |
| Christopher L. Holm | Ex 15 | 4/3/2024 | reviewed email and attachments regarding case | 1.00 | $600.00 | $600.00 | $331.00 | $331.00 | $269.00 |
| Christopher L. Holm | Ex 15 | 4/26/2024 | reviewed email and attachments regarding case | 1.00 | $600.00 | $600.00 | $331.00 | $331.00 | $269.00 |
| Christopher L. Holm | Ex 15 | 6/12/2024 | reviewed email and attachments regarding case | 1.00 | $600.00 | $600.00 | $331.00 | $331.00 | $269.00 |
| Christopher L. Holm | Ex 15 | 6/12/2024 | reviewed email and attachments regarding case | 1.00 | $600.00 | $600.00 | $331.00 | $331.00 | $269.00 |
| Christopher L. Holm | Ex 15 | 6/21/2024 | reviewed email and attachments regarding case | 1.00 | $600.00 | $600.00 | $331.00 | $331.00 | $269.00 |
| Christopher L. Holm | Ex 15 | 7/12/2024 | reviewed email and attachments regarding case | 1.00 | $600.00 | $600.00 | $331.00 | $331.00 | $269.00 |
| Christopher L. Holm | Ex 15 | 8/2/2024 | reviewed email and attachments regarding case | 1.00 | $600.00 | $600.00 | $331.00 | $331.00 | $269.00 |
| Christopher L. Holm | Ex 15 | 9/4/2024 | reviewed email and attachments regarding case | 1.00 | $600.00 | $600.00 | $331.00 | $331.00 | $269.00 |
| Kent M. Henderson | Ex 12 | 02/12/2021 | Reviewed email and corrected dropbox | 0.50 | $1,100.00 | $550.00 | $473.00 | $236.50 | $313.50 |
| Christopher L. Holm | Ex 15 | 11/4/2021 | reviewed email and materials sent by partner regarding the | 2.50 | $600.00 | $1,500.00 | $331.00 | $827.50 | $672.50 |
| Christopher L. Holm | Ex 15 | 11/4/2021 | reviewed email and materials sent by partner regarding the | 1.50 | $600.00 | $900.00 | $331.00 | $496.50 | $403.50 |
| Christopher L. Holm | Ex 15 | 11/29/2021 | reviewed email and materials sent by partner regarding the | 1.50 | $600.00 | $900.00 | $331.00 | $496.50 | $403.50 |
| Christopher L. Holm | Ex 15 | 11/4/2021 | reviewed email and materials sent by partner regarding the | 1.50 | $600.00 | $900.00 | $331.00 | $496.50 | $403.50 |
| Christopher L. Holm | Ex 15 | 11/4/2021 | reviewed email and materials sent by staff to attorneys regarding the case | 3.50 | $600.00 | $2,100.00 | $331.00 | $1,158.50 | $941.50 |
| Kent M. Henderson | Ex 12 | 05/21/2019 | Reviewed email and venue | 0.50 | $1,100.00 | $550.00 | $473.00 | $236.50 | $313.50 |
| Christopher L. Holm | Ex 15 | 11/17/2021 | reviewed email from expert about the case | 0.50 | $600.00 | $300.00 | $331.00 | $165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 11/17/2021 | reviewed email from expert about the case | 0.50 | $600.00 | $300.00 | $331.00 | $165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 12/16/2021 | reviewed email from expert about the case | 0.20 | $600.00 | $120.00 | $331.00 | $66.20 | $53.80 |
| Christopher L. Holm | Ex 15 | 1/8/2022 | reviewed email from expert about the case | 0.30 | $600.00 | $180.00 | $331.00 | $99.30 | $80.70 |
| Christopher L. Holm | Ex 15 | 12/16/2021 | reviewed email from expert about the case | 0.20 | $600.00 | $120.00 | $331.00 | $66.20 | $53.80 |

| Biller | Exhibit | Date | Description | Computed Hours | Requested Rate | Computed Fees | Adjusted Rate | Adjusted Fees | Fee Difference |
|---|---|---|---|---|---|---|---|---|---|
| Christopher L. Holm | Ex 15 | 3/8/2021 | reviewed email from partner about the case | 0.50 | $600.00 | $300.00 | $331.00 | $165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 3/8/2021 | reviewed email from partner about the case | 0.50 | $600.00 | $300.00 | $331.00 | $165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 3/8/2021 | reviewed email from partner about the case | 1.00 | $600.00 | $600.00 | $331.00 | $331.00 | $269.00 |
| Christopher L. Holm | Ex 15 | 3/9/2021 | reviewed email from partner about the case | 1.50 | $600.00 | $900.00 | $331.00 | $496.50 | $403.50 |
| Christopher L. Holm | Ex 15 | 7/28/2021 | reviewed email from partner about the case | 0.50 | $600.00 | $300.00 | $331.00 | $165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 9/2/2021 | reviewed email from partner about the case | 1.00 | $600.00 | $600.00 | $331.00 | $331.00 | $269.00 |
| Christopher L. Holm | Ex 15 | 9/5/2021 | reviewed email from partner about the case | 0.50 | $600.00 | $300.00 | $331.00 | $165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 9/5/2021 | reviewed email from partner about the case | 1.00 | $600.00 | $600.00 | $331.00 | $331.00 | $269.00 |
| Christopher L. Holm | Ex 15 | 9/5/2021 | reviewed email from partner about the case | 1.00 | $600.00 | $600.00 | $331.00 | $331.00 | $269.00 |
| Christopher L. Holm | Ex 15 | 9/5/2021 | reviewed email from partner about the case | 0.50 | $600.00 | $300.00 | $331.00 | $165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 10/19/2021 | reviewed email from partner about the case | 0.50 | $600.00 | $300.00 | $331.00 | $165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 11/29/2021 | reviewed email from partner about the case | 0.40 | $600.00 | $240.00 | $331.00 | $132.40 | $107.60 |
| Christopher L. Holm | Ex 15 | 12/7/2021 | reviewed email from partner about the case | 0.30 | $600.00 | $180.00 | $331.00 | $99.30 | $80.70 |
| Christopher L. Holm | Ex 15 | 11/30/2021 | reviewed email from partner and attachment about the case | 3.50 | $600.00 | $2,100.00 | $331.00 | $1,158.50 | $941.50 |
| Christopher L. Holm | Ex 15 | 12/1/2021 | reviewed email from partner and attachment about the case | 3.00 | $600.00 | $1,800.00 | $331.00 | $993.00 | $807.00 |
| Christopher L. Holm | Ex 15 | 5/4/2021 | reviewed email from partner regarding case | 1.00 | $600.00 | $600.00 | $331.00 | $331.00 | $269.00 |
| Christopher L. Holm | Ex 15 | 5/5/2021 | reviewed email from partner regarding case | 1.00 | $600.00 | $600.00 | $331.00 | $331.00 | $269.00 |
| Christopher L. Holm | Ex 15 | 6/10/2021 | reviewed email from partner regarding case | 1.00 | $600.00 | $600.00 | $331.00 | $331.00 | $269.00 |
| Christopher L. Holm | Ex 15 | 6/17/2021 | reviewed email from partner regarding case | 1.00 | $600.00 | $600.00 | $331.00 | $331.00 | $269.00 |
| Christopher L. Holm | Ex 15 | 1/21/2022 | reviewed email from partner regarding case | 0.30 | $600.00 | $180.00 | $331.00 | $99.30 | $80.70 |
| Christopher L. Holm | Ex 15 | 1/21/2022 | reviewed email from partner regarding case | 0.30 | $600.00 | $180.00 | $331.00 | $99.30 | $80.70 |

| Biller | Exhibit | Date | Description | Computed Hours | Requested Rate | Computed Fees | Adjusted Rate | Adjusted Fees | Fee Difference |
|--------|---------|------|-------------|----------------|----------------|---------------|---------------|---------------|----------------|
| Christopher L. Holm | Ex 15 | 5/26/2022 | reviewed email from partner regarding case | 0.50 | $600.00 | $300.00 | $331.00 | $165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 11/4/2021 | reviewed email from partner regarding the case | 0.30 | $600.00 | $180.00 | $331.00 | $99.30 | $80.70 |
| Christopher L. Holm | Ex 15 | 11/5/2021 | reviewed email from partner regarding the case | 0.30 | $600.00 | $180.00 | $331.00 | $99.30 | $80.70 |
| Christopher L. Holm | Ex 15 | 11/5/2021 | reviewed email from partner regarding the case | 0.30 | $600.00 | $180.00 | $331.00 | $99.30 | $80.70 |
| Christopher L. Holm | Ex 15 | 6/10/2021 | reviewed email from partner regarding case | 1.00 | $600.00 | $600.00 | $331.00 | $331.00 | $269.00 |
| Christopher L. Holm | Ex 15 | 11/29/2021 | reviewed email from staff about the case | 0.30 | $600.00 | $180.00 | $331.00 | $99.30 | $80.70 |
| Christopher L. Holm | Ex 15 | 11/29/2021 | reviewed email from staff about the case | 0.30 | $600.00 | $180.00 | $331.00 | $99.30 | $80.70 |
| Christopher L. Holm | Ex 15 | 11/29/2021 | reviewed email from staff about the case | 0.30 | $600.00 | $180.00 | $331.00 | $99.30 | $80.70 |
| Christopher L. Holm | Ex 15 | 11/30/2021 | reviewed email from staff about the case | 0.20 | $600.00 | $120.00 | $331.00 | $66.20 | $53.80 |
| Christopher L. Holm | Ex 15 | 11/30/2021 | reviewed email from staff about the case | 0.30 | $600.00 | $180.00 | $331.00 | $99.30 | $80.70 |
| Christopher L. Holm | Ex 15 | 1/10/2022 | reviewed email from staff about the case | 0.20 | $600.00 | $120.00 | $331.00 | $66.20 | $53.80 |
| Christopher L. Holm | Ex 15 | 1/21/2022 | reviewed email from staff regarding experts | 0.20 | $600.00 | $120.00 | $331.00 | $66.20 | $53.80 |
| Christopher L. Holm | Ex 15 | 8/20/2019 | reviewed email from staff regarding the case | 0.50 | $600.00 | $300.00 | $331.00 | $165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 8/21/2019 | reviewed email from staff regarding the case | 0.50 | $600.00 | $300.00 | $331.00 | $165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 8/21/2019 | reviewed email from staff regarding the case | 0.50 | $600.00 | $300.00 | $331.00 | $165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 8/22/2019 | reviewed email from staff regarding the case | 0.50 | $600.00 | $300.00 | $331.00 | $165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 8/22/2019 | reviewed email from staff regarding the case | 0.50 | $600.00 | $300.00 | $331.00 | $165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 11/4/2021 | reviewed email from staff regarding the case | 0.20 | $600.00 | $120.00 | $331.00 | $66.20 | $53.80 |
| Christopher L. Holm | Ex 15 | 11/5/2021 | reviewed email from staff regarding the case | 0.30 | $600.00 | $180.00 | $331.00 | $99.30 | $80.70 |
| Kent M. Henderson | Ex 12 | 09/27/2019 | Reviewed email re: status | 0.20 | $1,100.00 | $220.00 | $473.00 | $94.60 | $125.40 |
| Christopher L. Holm | Ex 15 | 2/12/2020 | reviewed email received regarding case | 0.50 | $600.00 | $300.00 | $331.00 | $165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 2/12/2020 | reviewed email received regarding case | 0.50 | $600.00 | $300.00 | $331.00 | $165.50 | $134.50 |

| Biller | Exhibit | Date | Description | Computed Hours | Requested Rate | Computed Fees | Adjusted Rate | Adjusted Fees | Fee Difference |
|---|---|---|---|---|---|---|---|---|---|
| Christopher L. Holm | Ex 15 | 4/25/2019 | reviewed email received regarding meeting | 0.50 | $600.00 | $300.00 | $331.00 | $165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 5/6/2019 | reviewed email received regarding meeting | 0.50 | $600.00 | $300.00 | $331.00 | $165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 6/3/2019 | reviewed email received regarding meeting | 0.50 | $600.00 | $300.00 | $331.00 | $165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 7/23/2019 | reviewed email received regarding meeting | 0.50 | $600.00 | $300.00 | $331.00 | $165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 7/30/2019 | reviewed email received regarding meeting | 0.50 | $600.00 | $300.00 | $331.00 | $165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 8/6/2019 | reviewed email received regarding meeting | 0.50 | $600.00 | $300.00 | $331.00 | $165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 8/13/2019 | reviewed email received regarding meeting | 0.50 | $600.00 | $300.00 | $331.00 | $165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 8/20/2019 | reviewed email received regarding meeting | 0.50 | $600.00 | $300.00 | $331.00 | $165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 8/27/2019 | reviewed email received regarding meeting | 0.50 | $600.00 | $300.00 | $331.00 | $165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 9/3/2019 | reviewed email received regarding meeting | 0.50 | $600.00 | $300.00 | $331.00 | $165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 9/10/2019 | reviewed email received regarding meeting | 0.50 | $600.00 | $300.00 | $331.00 | $165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 9/17/2019 | reviewed email received regarding meeting | 0.50 | $600.00 | $300.00 | $331.00 | $165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 9/24/2019 | reviewed email received regarding meeting | 0.50 | $600.00 | $300.00 | $331.00 | $165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 10/1/2019 | reviewed email received regarding meeting | 0.50 | $600.00 | $300.00 | $331.00 | $165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 10/8/2019 | reviewed email received regarding meeting | 0.50 | $600.00 | $300.00 | $331.00 | $165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 10/15/2019 | reviewed email received regarding meeting | 0.50 | $600.00 | $300.00 | $331.00 | $165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 10/29/2019 | reviewed email received regarding meeting | 0.50 | $600.00 | $300.00 | $331.00 | $165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 11/5/2019 | reviewed email received regarding meeting | 0.50 | $600.00 | $300.00 | $331.00 | $165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 11/12/2019 | reviewed email received regarding meeting | 0.50 | $600.00 | $300.00 | $331.00 | $165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 11/19/2019 | reviewed email received regarding meeting | 0.50 | $600.00 | $300.00 | $331.00 | $165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 12/4/2019 | reviewed email received regarding meeting | 0.50 | $600.00 | $300.00 | $331.00 | $165.50 | $134.50 |

| Biller | Exhibit | Date | Description | Computed Hours | Requested Rate | Computed Fees | Adjusted Rate | Adjusted Fees | Fee Difference |
|---|---|---|---|---|---|---|---|---|---|
| Christopher L. Holm | Ex 15 | 12/10/2019 | reviewed email received regarding meeting | 0.50 | $600.00 | $300.00 | $331.00 | $165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 12/17/2019 | reviewed email received regarding meeting | 0.50 | $600.00 | $300.00 | $331.00 | $165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 1/14/2020 | reviewed email received regarding meeting | 0.50 | $600.00 | $300.00 | $331.00 | $165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 1/21/2020 | reviewed email received regarding meeting | 0.50 | $600.00 | $300.00 | $331.00 | $165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 1/28/2020 | reviewed email received regarding meeting | 0.50 | $600.00 | $300.00 | $331.00 | $165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 2/5/2020 | reviewed email received regarding meeting | 0.50 | $600.00 | $300.00 | $331.00 | $165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 2/21/2020 | reviewed email received regarding meeting | 0.50 | $600.00 | $300.00 | $331.00 | $165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 2/28/2020 | reviewed email received regarding meeting | 0.50 | $600.00 | $300.00 | $331.00 | $165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 3/10/2020 | reviewed email received regarding meeting | 0.50 | $600.00 | $300.00 | $331.00 | $165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 3/17/2020 | reviewed email received regarding meeting | 0.50 | $600.00 | $300.00 | $331.00 | $165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 3/25/2020 | reviewed email received regarding meeting | 0.50 | $600.00 | $300.00 | $331.00 | $165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 4/2/2020 | reviewed email received regarding meeting | 0.50 | $600.00 | $300.00 | $331.00 | $165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 4/8/2020 | reviewed email received regarding meeting | 0.50 | $600.00 | $300.00 | $331.00 | $165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 4/14/2020 | reviewed email received regarding meeting | 0.50 | $600.00 | $300.00 | $331.00 | $165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 4/22/2020 | reviewed email received regarding meeting | 0.50 | $600.00 | $300.00 | $331.00 | $165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 4/30/2020 | reviewed email received regarding meeting | 0.50 | $600.00 | $300.00 | $331.00 | $165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 5/12/2020 | reviewed email received regarding meeting | 0.50 | $600.00 | $300.00 | $331.00 | $165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 5/21/2020 | reviewed email received regarding meeting | 0.50 | $600.00 | $300.00 | $331.00 | $165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 5/26/2020 | reviewed email received regarding meeting | 0.50 | $600.00 | $300.00 | $331.00 | $165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 6/2/2020 | reviewed email received regarding meeting | 0.50 | $600.00 | $300.00 | $331.00 | $165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 6/9/2020 | reviewed email received regarding meeting | 0.50 | $600.00 | $300.00 | $331.00 | $165.50 | $134.50 |

| Biller | Exhibit | Date | Description | Computed Hours | Requested Rate | Computed Fees | Adjusted Rate | Adjusted Fees | Fee Difference |
|--------|---------|------|-------------|----------------|----------------|---------------|---------------|---------------|----------------|
| Christopher L. Holm | Ex 15 | 6/16/2020 | reviewed email received regarding meeting | 0.50 | $600.00 | $300.00 | $331.00 | $165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 6/23/2020 | reviewed email received regarding meeting | 0.50 | $600.00 | $300.00 | $331.00 | $165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 6/30/2020 | reviewed email received regarding meeting | 0.50 | $600.00 | $300.00 | $331.00 | $165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 7/9/2020 | reviewed email received regarding meeting | 0.50 | $600.00 | $300.00 | $331.00 | $165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 7/14/2020 | reviewed email received regarding meeting | 0.50 | $600.00 | $300.00 | $331.00 | $165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 7/23/2020 | reviewed email received regarding meeting | 0.50 | $600.00 | $300.00 | $331.00 | $165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 7/29/2020 | reviewed email received regarding meeting | 0.50 | $600.00 | $300.00 | $331.00 | $165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 8/4/2020 | reviewed email received regarding meeting | 0.50 | $600.00 | $300.00 | $331.00 | $165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 8/11/2020 | reviewed email received regarding meeting | 0.50 | $600.00 | $300.00 | $331.00 | $165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 8/17/2020 | reviewed email received regarding meeting | 0.50 | $600.00 | $300.00 | $331.00 | $165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 8/25/2020 | reviewed email received regarding meeting | 0.50 | $600.00 | $300.00 | $331.00 | $165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 9/4/2020 | reviewed email received regarding meeting | 0.50 | $600.00 | $300.00 | $331.00 | $165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 9/14/2020 | reviewed email received regarding meeting | 0.50 | $600.00 | $300.00 | $331.00 | $165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 9/24/2020 | reviewed email received regarding meeting | 0.50 | $600.00 | $300.00 | $331.00 | $165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 10/1/2020 | reviewed email received regarding meeting | 0.50 | $600.00 | $300.00 | $331.00 | $165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 10/14/2020 | reviewed email received regarding meeting | 0.50 | $600.00 | $300.00 | $331.00 | $165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 10/22/2020 | reviewed email received regarding meeting | 0.50 | $600.00 | $300.00 | $331.00 | $165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 11/3/2020 | reviewed email received regarding meeting | 0.50 | $600.00 | $300.00 | $331.00 | $165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 11/12/2020 | reviewed email received regarding meeting | 0.50 | $600.00 | $300.00 | $331.00 | $165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 12/3/2020 | reviewed email received regarding meeting | 0.50 | $600.00 | $300.00 | $331.00 | $165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 12/29/2020 | reviewed email received regarding meeting | 0.50 | $600.00 | $300.00 | $331.00 | $165.50 | $134.50 |

| Biller | Exhibit | Date | Description | Computed Hours | Requested Rate | Computed Fees | Adjusted Rate | Adjusted Fees | Fee Difference |
|--------|---------|------|-------------|----------------|----------------|---------------|---------------|---------------|----------------|
| Christopher L. Holm | Ex 15 | 2/16/2021 | reviewed email regarding meeting | 0.50 | $600.00 | $300.00 | $331.00 | $165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 11/27/2009 | reviewed email received regarding meeting | 0.50 | $600.00 | $300.00 | $331.00 | $165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 3/3/2021 | reviewed email receiving regarding meeting | 0.50 | $600.00 | $300.00 | $331.00 | $165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 11/11/2021 | reviewed email regading case meeting | 0.50 | $600.00 | $300.00 | $331.00 | $165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 3/22/2019 | Reviewed email regarding | 0.50 | $600.00 | $300.00 | $331.00 | $165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 5/4/2021 | reviewed email regarding case | 0.50 | $600.00 | $300.00 | $331.00 | $165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 2/16/2022 | reviewed email regarding case | 0.30 | $600.00 | $180.00 | $331.00 | $99.30 | $80.70 |
| Christopher L. Holm | Ex 15 | 3/21/2022 | reviewed email regarding case | 0.20 | $600.00 | $120.00 | $331.00 | $66.20 | $53.80 |
| Christopher L. Holm | Ex 15 | 4/4/2022 | reviewed email regarding case | 0.40 | $600.00 | $240.00 | $331.00 | $132.40 | $107.60 |
| Christopher L. Holm | Ex 15 | 5/26/2022 | reviewed email regarding case | 0.50 | $600.00 | $300.00 | $331.00 | $165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 6/13/2022 | reviewed email regarding case | 0.30 | $600.00 | $180.00 | $331.00 | $99.30 | $80.70 |
| Christopher L. Holm | Ex 15 | 6/13/2022 | reviewed email regarding case | 0.30 | $600.00 | $180.00 | $331.00 | $99.30 | $80.70 |
| Christopher L. Holm | Ex 15 | 6/13/2022 | reviewed email regarding case | 0.30 | $600.00 | $180.00 | $331.00 | $99.30 | $80.70 |
| Christopher L. Holm | Ex 15 | 6/13/2022 | reviewed email regarding case | 0.30 | $600.00 | $180.00 | $331.00 | $99.30 | $80.70 |
| Christopher L. Holm | Ex 15 | 3/19/2024 | reviewed email regarding case | 0.30 | $600.00 | $180.00 | $331.00 | $99.30 | $80.70 |
| Christopher L. Holm | Ex 15 | 6/12/2024 | reviewed email regarding case | 0.30 | $600.00 | $180.00 | $331.00 | $99.30 | $80.70 |
| Christopher L. Holm | Ex 15 | 3/10/2021 | reviewed email regarding case meeting | 0.50 | $600.00 | $300.00 | $331.00 | $165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 3/24/2021 | reviewed email regarding case meeting | 0.50 | $600.00 | $300.00 | $331.00 | $165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 4/9/2021 | reviewed email regarding case meeting | 0.50 | $600.00 | $300.00 | $331.00 | $165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 4/22/2021 | reviewed email regarding case meeting | 0.50 | $600.00 | $300.00 | $331.00 | $165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 4/28/2021 | reviewed email regarding case meeting | 0.50 | $600.00 | $300.00 | $331.00 | $165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 5/26/2021 | reviewed email regarding case meeting | 0.50 | $600.00 | $300.00 | $331.00 | $165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 6/4/2021 | reviewed email regarding case meeting | 0.50 | $600.00 | $300.00 | $331.00 | $165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 6/23/2021 | reviewed email regarding case meeting | 0.50 | $600.00 | $300.00 | $331.00 | $165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 7/9/2021 | reviewed email regarding case meeting | 0.50 | $600.00 | $300.00 | $331.00 | $165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 8/6/2021 | reviewed email regarding case meeting | 0.50 | $600.00 | $300.00 | $331.00 | $165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 9/8/2021 | reviewed email regarding case meeting | 0.50 | $600.00 | $300.00 | $331.00 | $165.50 | $134.50 |

| Biller | Exhibit | Date | Description | Computed Hours | Requested Rate | Computed Fees | Adjusted Rate | Adjusted Fees | Fee Difference |
|---|---|---|---|---|---|---|---|---|---|
| Christopher L. Holm | Ex 15 | 11/24/2021 | reviewed email regarding case meeting | 0.50 | $600.00 | $300.00 | $331.00 | $165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 12/23/2021 | reviewed email regarding case meeting | 0.50 | $600.00 | $300.00 | $331.00 | $165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 1/14/2022 | reviewed email regarding case meeting | 0.20 | $600.00 | $120.00 | $331.00 | $66.20 | $53.80 |
| Christopher L. Holm | Ex 15 | 4/28/2022 | reviewed email regarding case meeting | 0.50 | $600.00 | $300.00 | $331.00 | $165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 5/19/2022 | reviewed email regarding case meeting | 0.50 | $600.00 | $300.00 | $331.00 | $165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 6/8/2022 | Reviewed email regarding case meeting | 0.50 | $600.00 | $300.00 | $331.00 | $165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 6/8/2022 | reviewed email regarding case meeting | 0.30 | $600.00 | $180.00 | $331.00 | $99.30 | $80.70 |
| Christopher L. Holm | Ex 15 | 7/1/2022 | reviewed email regarding case meeting | 0.50 | $600.00 | $300.00 | $331.00 | $165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 8/3/2022 | reviewed email regarding case meeting | 0.50 | $600.00 | $300.00 | $331.00 | $165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 2/16/2023 | reviewed email regarding case meeting | 0.50 | $600.00 | $300.00 | $331.00 | $165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 1/31/2022 | reviewed email regarding | 0.50 | $600.00 | $300.00 | $331.00 | $165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 2/11/2022 | reviewed email regarding | 0.50 | $600.00 | $300.00 | $331.00 | $165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 3/8/2022 | reviewed email regarding | 0.50 | $600.00 | $300.00 | $331.00 | $165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 2/11/2021 | reviewed email regarding the | 0.50 | $600.00 | $300.00 | $331.00 | $165.50 | $134.50 |
| Kent M. Henderson | Ex 12 | 03/23/2020 | Reviewed facts, liens | 0.50 | $1,100.00 | $550.00 | $473.00 | $236.50 | $313.50 |
| Kent M. Henderson | Ex 12 | 04/13/2021 | Reviewed invoices | 0.50 | $1,100.00 | $550.00 | $473.00 | $236.50 | $313.50 |
| Christopher L. Holm | Ex 15 | 2/2/2022 | sent email regarding case | 0.20 | $600.00 | $120.00 | $331.00 | $66.20 | $53.80 |
| Christopher L. Holm | Ex 15 | 3/9/2021 | sent email regarding case | 0.50 | $600.00 | $300.00 | $331.00 | $165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 11/20/2021 | Sent email to partners about the case | 0.30 | $600.00 | $180.00 | $331.00 | $99.30 | $80.70 |
| Christopher L. Holm | Ex 15 | 11/20/2021 | Sent email to partners about the case | 0.30 | $600.00 | $180.00 | $331.00 | $99.30 | $80.70 |
| Christopher L. Holm | Ex 15 | 11/30/2021 | Sent email to partners about the case | 0.20 | $600.00 | $120.00 | $331.00 | $66.20 | $53.80 |
| Christopher L. Holm | Ex 15 | 11/30/2021 | Sent email to partners about the case | 0.20 | $600.00 | $120.00 | $331.00 | $66.20 | $53.80 |
| Christopher L. Holm | Ex 15 | 12/6/2021 | sent email to staff about the | 0.20 | $600.00 | $120.00 | $331.00 | $66.20 | $53.80 |
| Angel Carrazco Jr. | Ex 13 | 3/10/2024 | Trial prep in Sacramento | 6.00 | $1,000.00 | $6,000.00 | $473.00 | $2,838.00 | $3,162.00 |
| Kent M. Henderson | Ex 12 | 03/09/2024 | Trial prep in Sacramento | 10.00 | $1,100.00 | $11,000.00 | $473.00 | $4,730.00 | $6,270.00 |
| Angel Carrazco Jr. | Ex 13 | 8/18/2023 | Weekly review - discussed hurtado case | 0.50 | $1,000.00 | $500.00 | $473.00 | $236.50 | $263.50 |
| Kent M. Henderson | Ex 12 | 08/18/2023 | Weekly review - discussed hurtado case | 0.50 | $1,100.00 | $550.00 | $473.00 | $236.50 | $313.50 |

| Biller | Exhibit | Date | Description | Computed Hours | Requested Rate | Computed Fees | Adjusted Rate | Adjusted Fees | Fee Difference |
|--------|---------|------|-------------|----------------|----------------|---------------|---------------|---------------|----------------|
| Kent M. Henderson | Ex 12 | 12/23/2021 | Weekly review and discussed Hurtado case | 0.50 | $1,100.00 | $550.00 | $473.00 | $236.50 | $313.50 |
| Kent M. Henderson | Ex 12 | 01/14/2022 | Weekly review and discussed Hurtado case | 0.50 | $1,100.00 | $550.00 | $473.00 | $236.50 | $313.50 |
| Kent M. Henderson | Ex 12 | 07/01/2022 | Weekly review and discussed Hurtado case | 0.50 | $1,100.00 | $550.00 | $473.00 | $236.50 | $313.50 |
| Angel Carrazco Jr. | Ex 13 | 10/13/2023 | Weekly review discussion of Hurtado case | 0.50 | $1,000.00 | $500.00 | $473.00 | $236.50 | $263.50 |
| Kent M. Henderson | Ex 12 | 02/04/2021 | Weekly review discussion of Hurtado case | 0.50 | $1,100.00 | $550.00 | $473.00 | $236.50 | $313.50 |
| Kent M. Henderson | Ex 12 | 02/09/2021 | Weekly review discussion of Hurtado case | 0.50 | $1,100.00 | $550.00 | $473.00 | $236.50 | $313.50 |
| Kent M. Henderson | Ex 12 | 02/25/2021 | Weekly review discussion of Hurtado case | 0.50 | $1,100.00 | $550.00 | $473.00 | $236.50 | $313.50 |
| Kent M. Henderson | Ex 12 | 03/10/2021 | Weekly review discussion of Hurtado case | 0.50 | $1,100.00 | $550.00 | $473.00 | $236.50 | $313.50 |
| Kent M. Henderson | Ex 12 | 03/24/2021 | Weekly review discussion of Hurtado case | 0.50 | $1,100.00 | $550.00 | $473.00 | $236.50 | $313.50 |
| Kent M. Henderson | Ex 12 | 04/09/2021 | Weekly review discussion of Hurtado case | 0.50 | $1,100.00 | $550.00 | $473.00 | $236.50 | $313.50 |
| Kent M. Henderson | Ex 12 | 04/23/2021 | Weekly review discussion of Hurtado case | 0.50 | $1,100.00 | $550.00 | $473.00 | $236.50 | $313.50 |
| Kent M. Henderson | Ex 12 | 07/09/2021 | Weekly review discussion of Hurtado case | 0.50 | $1,100.00 | $550.00 | $473.00 | $236.50 | $313.50 |
| Kent M. Henderson | Ex 12 | 08/06/2021 | Weekly review discussion of Hurtado case | 0.50 | $1,100.00 | $550.00 | $473.00 | $236.50 | $313.50 |
| Kent M. Henderson | Ex 12 | 09/08/2021 | Weekly review discussion of Hurtado case | 0.50 | $1,100.00 | $550.00 | $473.00 | $236.50 | $313.50 |
| Kent M. Henderson | Ex 12 | 09/21/2021 | Weekly review discussion of Hurtado case | 0.50 | $1,100.00 | $550.00 | $473.00 | $236.50 | $313.50 |
| Kent M. Henderson | Ex 12 | 10/05/2021 | Weekly review discussion of Hurtado case | 0.50 | $1,100.00 | $550.00 | $473.00 | $236.50 | $313.50 |
| Kent M. Henderson | Ex 12 | 11/24/2021 | Weekly review discussion of Hurtado case | 0.50 | $1,100.00 | $550.00 | $473.00 | $236.50 | $313.50 |
| Kent M. Henderson | Ex 12 | 12/23/2021 | Weekly review discussion of Hurtado case | 0.50 | $1,100.00 | $550.00 | $473.00 | $236.50 | $313.50 |
| Kent M. Henderson | Ex 12 | 01/31/2022 | Weekly review discussion of Hurtado case | 0.50 | $1,100.00 | $550.00 | $473.00 | $236.50 | $313.50 |
| Kent M. Henderson | Ex 12 | 02/11/2022 | Weekly review discussion of Hurtado case | 0.50 | $1,100.00 | $550.00 | $473.00 | $236.50 | $313.50 |
| Kent M. Henderson | Ex 12 | 04/28/2022 | Weekly review discussion of Hurtado case | 0.50 | $1,100.00 | $550.00 | $473.00 | $236.50 | $313.50 |

| Biller | Exhibit | Date | Description | Computed Hours | Requested Rate | Computed Fees | Adjusted Rate | Adjusted Fees | Fee Difference |
|---|---|---|---|---|---|---|---|---|---|
| Kent M. Henderson | Ex 12 | 05/19/2022 | Weekly review discussion of Hurtado case | 0.50 | $1,100.00 | $550.00 | $473.00 | $236.50 | $313.50 |
| Kent M. Henderson | Ex 12 | 05/19/2022 | Weekly review discussion of Hurtado case | 0.50 | $1,100.00 | $550.00 | $473.00 | $236.50 | $313.50 |
| Kent M. Henderson | Ex 12 | 08/03/2022 | Weekly review discussion of Hurtado case | 0.50 | $1,100.00 | $550.00 | $473.00 | $236.50 | $313.50 |
| Kent M. Henderson | Ex 12 | 09/09/2022 | Weekly review discussion of Hurtado case | 0.50 | $1,100.00 | $550.00 | $473.00 | $236.50 | $313.50 |
| Kent M. Henderson | Ex 12 | 10/26/2022 | Weekly review discussion of Hurtado case | 0.50 | $1,100.00 | $550.00 | $473.00 | $236.50 | $313.50 |
| Kent M. Henderson | Ex 12 | 11/07/2022 | Weekly review discussion of Hurtado case | 0.50 | $1,100.00 | $550.00 | $473.00 | $236.50 | $313.50 |
| Kent M. Henderson | Ex 12 | 10/13/2023 | Weekly review discussion of Hurtado case | 0.50 | $1,100.00 | $550.00 | $473.00 | $236.50 | $313.50 |
| Kent M. Henderson | Ex 12 | 02/16/2024 | Weekly review discussion of Hurtado case | 0.50 | $1,100.00 | $550.00 | $473.00 | $236.50 | $313.50 |
|  |  |  |  | 520.40 |  | $494,920.00 |  | $229,401.60 | $265,518.40 |

# EXHIBIT 12

| Biller | Exhibit | Date | Description | Hours Billed | Requested Rate | Total | Adjusted Rate | Adjusted Fees | Fee Difference |
|---|---|---|---|---|---|---|---|---|---|
| Christopher L. Holm | Ex 15 | 3/21/2022 | appeared telephonically for case management conference in state case | 2.5 | $600.00 | $1,500.00 | $ 331.00 | $ 827.50 | $672.50 |
| Christopher L. Holm | Ex 15 | 3/11/2024 | appeared telephonicallyfor case management conference in state case | 2.5 | $600.00 | $1,500.00 | $ 331.00 | $ 827.50 | $672.50 |
| Christopher L. Holm | Ex 15 | 5/18/2020 | assembled & forwarded meeting notes from last firm meeting to partner | 1 | $600.00 | $600.00 | $ 331.00 | $ 331.00 | $269.00 |
| Christopher L. Holm | Ex 15 | 3/21/2019 | continued work on drafting complaint and researching law | 3 | $600.00 | $1,800.00 | $ 331.00 | $ 993.00 | $807.00 |
| Christopher L. Holm | Ex 15 | 12/1/2021 | continued work on Separate Statement of Facts for MSJ Opposition | 2 | $600.00 | $1,200.00 | $ 331.00 | $ 662.00 | $538.00 |
| Christopher L. Holm | Ex 15 | 11/27/2021 | continued work on Separate Statement of Facts for MSJ Opposition | 3.5 | $600.00 | $2,100.00 | $ 331.00 | $ 1,158.50 | $941.50 |
| Christopher L. Holm | Ex 15 | 11/26/2021 | continued work on Separate Statement of Facts for MSJ Opposition | 4 | $600.00 | $2,400.00 | $ 331.00 | $ 1,324.00 | $1,076.00 |
| Christopher L. Holm | Ex 15 | 11/28/2021 | continued work on Separate Statement of Facts for MSJ Opposition | 4 | $600.00 | $2,400.00 | $ 331.00 | $ 1,324.00 | $1,076.00 |
| Christopher L. Holm | Ex 15 | 11/25/2021 | continued work on Separate Statement of Facts for MSJ Opposition | 6 | $600.00 | $3,600.00 | $ 331.00 | $ 1,986.00 | $1,614.00 |
| Christopher L. Holm | Ex 15 | 11/29/2021 | continued work on Separate Statement of Facts for MSJ Opposition | 6 | $600.00 | $3,600.00 | $ 331.00 | $ 1,986.00 | $1,614.00 |
| Christopher L. Holm | Ex 15 | 3/14/2019 | Discussed with managing attorney and staff status on preparation of complaint | 1 | $600.00 | $600.00 | $ 331.00 | $ 331.00 | $269.00 |
| Christopher L. Holm | Ex 15 | 11/24/2021 | email to partners aboutthe case | 0.3 | $600.00 | $180.00 | $ 331.00 | $ 99.30 | $80.70 |
| Christopher L. Holm | Ex 15 | 10/30/2021 | Email to staff requesting location of Plaintiff's deposition transcript | 0.2 | $600.00 | $120.00 | $ 331.00 | $ 66.20 | $53.80 |
| Christopher L. Holm | Ex 15 | 11/30/2021 | Emailed declarations to partner | 0.2 | $600.00 | $120.00 | $ 331.00 | $ 66.20 | $53.80 |
| Christopher L. Holm | Ex 15 | 11/28/2021 | emailed draft of  Separate Statement to partner to review | 0.3 | $600.00 | $180.00 | $ 331.00 | $ 99.30 | $80.70 |
| Christopher L. Holm | Ex 15 | 11/29/2021 | emailed draft of  Separate Statement to partner to review | 0.3 | $600.00 | $180.00 | $ 331.00 | $ 99.30 | $80.70 |
| Christopher L. Holm | Ex 15 | 12/2/2021 | Emailed final documents for filingto staff | 0.3 | $600.00 | $180.00 | $ 331.00 | $ 99.30 | $80.70 |
| Christopher L. Holm | Ex 15 | 12/15/2021 | Emailed MSJ Opposition docs to partner | 0.3 | $600.00 | $180.00 | $ 331.00 | $ 99.30 | $80.70 |
| Christopher L. Holm | Ex 15 | 12/15/2021 | Emailed MSJ Opposition docs to partner | 0.3 | $600.00 | $180.00 | $ 331.00 | $ 99.30 | $80.70 |
| Christopher L. Holm | Ex 15 | 12/15/2021 | Emailed MSJ Opposition docs to partner | 0.3 | $600.00 | $180.00 | $ 331.00 | $ 99.30 | $80.70 |
| Christopher L. Holm | Ex 15 | 12/7/2021 | emailed partner about the case | 0.3 | $600.00 | $180.00 | $ 331.00 | $ 99.30 | $80.70 |

| Biller | Exhibit | Date | Description | Hours Billed | Requested Rate | Total | Adjusted Rate | Adjusted Fees | Fee Difference |
|--------|---------|------|-------------|--------------|----------------|-------|---------------|---------------|----------------|
| Christopher L. Holm | Ex 15 | 12/1/2021 | emailed partner advising still working on Separate Statement | 0.4 | $600.00 | $240.00 | $ 331.00 | $ 132.40 | $107.60 |
| Christopher L. Holm | Ex 15 | 11/26/2021 | emailed partner materials for MSJ Opposition | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 3/9/2021 | emailed partner regarding case meeting | 1 | $600.00 | $600.00 | $ 331.00 | $ 331.00 | $269.00 |
| Christopher L. Holm | Ex 15 | 12/2/2021 | emailed staff about the case | 0.2 | $600.00 | $120.00 | $ 331.00 | $ 66.20 | $53.80 |
| Christopher L. Holm | Ex 15 | 11/24/2021 | emailed staff about the case | 0.3 | $600.00 | $180.00 | $ 331.00 | $ 99.30 | $80.70 |
| Christopher L. Holm | Ex 15 | 11/24/2021 | emailed staff about the case | 0.3 | $600.00 | $180.00 | $ 331.00 | $ 99.30 | $80.70 |
| Christopher L. Holm | Ex 15 | 11/24/2021 | emailed staff about the case | 0.3 | $600.00 | $180.00 | $ 331.00 | $ 99.30 | $80.70 |
| Christopher L. Holm | Ex 15 | 11/30/2021 | Emailed updated Separate Statement to partner | 0.2 | $600.00 | $120.00 | $ 331.00 | $ 66.20 | $53.80 |
| Christopher L. Holm | Ex 15 | 12/2/2021 | finalized work on MSJ Opposition with partner | 4.5 | $600.00 | $2,700.00 | $ 331.00 | $ 1,489.50 | $1,210.50 |
| Christopher L. Holm | Ex 15 | 1/4/2019 | Firm case meeting, discused case, reviewed claim and possible litigation | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 1/22/2019 | Firm case meeting, discussed case, reviewed claim and possible litigation | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 3/2/2019 | Firm case meeting, discussed case, reviewed claim and possible litigation, CH gives status on preparation of complaint | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 3/20/2019 | Firm case meeting, discussed case, reviewed claim and possible litigation, CH gives status on preparation of complaint | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 2/8/2019 | Firm case meeting, discussed case, reviewed claim and possible litigation, CH to prepare complaint | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 11/11/2021 | firm meeting about case, discussion of strategy | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 11/24/2021 | firm meeting about case, discussion of strategy | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 12/23/2021 | firm meeting about case, discussion of strategy | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 1/14/2022 | firm meeting about case, discussion of strategy | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 1/31/2022 | firm meeting about case, discussion of strategy | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 2/11/2022 | firm meeting about case, discussion of strategy | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |

| Biller | Exhibit | Date | Description | Hours Billed | Requested Rate | Total | Adjusted Rate | Adjusted Fees | Fee Difference |
|---|---|---|---|---|---|---|---|---|---|
| Christopher L. Holm | Ex 15 | 6/3/2019 | firm meeting regarding case, discussion of strategy | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 7/23/2019 | firm meeting regarding case, discussion of strategy | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 8/6/2019 | firm meeting regarding case, discussion of strategy | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 8/13/2019 | firm meeting regarding case, discussion of strategy | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 8/27/2019 | firm meeting regarding case, discussion of strategy | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 9/3/2019 | firm meeting regarding case, discussion of strategy | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 9/10/2019 | firm meeting regarding case, discussion of strategy | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 9/17/2019 | firm meeting regarding case, discussion of strategy | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 9/24/2019 | firm meeting regarding case, discussion of strategy | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 10/1/2019 | firm meeting regarding case, discussion of strategy | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 10/8/2019 | firm meeting regarding case, discussion of strategy | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 10/15/2019 | firm meeting regarding case, discussion of strategy | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 10/29/2019 | firm meeting regarding case, discussion of strategy | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 11/5/2019 | firm meeting regarding case, discussion of strategy | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 11/12/2019 | firm meeting regarding case, discussion of strategy | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 11/19/2019 | firm meeting regarding case, discussion of strategy | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 11/27/2019 | firm meeting regarding case, discussion of strategy | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 12/4/2019 | firm meeting regarding case, discussion of strategy | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 12/10/2019 | firm meeting regarding case, discussion of strategy | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 12/17/2019 | firm meeting regarding case, discussion of strategy | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 1/14/2020 | firm meeting regarding case, discussion of strategy | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |

| Biller | Exhibit | Date | Description | Hours Billed | Requested Rate | Total | Adjusted Rate | Adjusted Fees | Fee Difference |
|---|---|---|---|---|---|---|---|---|---|
| Christopher L. Holm | Ex 15 | 1/21/2020 | firm meeting regarding case, discussion of strategy | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 1/28/2020 | firm meeting regarding case, discussion of strategy | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 2/5/2020 | firm meeting regarding case, discussion of strategy | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 2/21/2020 | firm meeting regarding case, discussion of strategy | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 2/28/2020 | firm meeting regarding case, discussion of strategy | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 3/10/2020 | firm meeting regarding case, discussion of strategy | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 3/17/2020 | firm meeting regarding case, discussion of strategy | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 3/25/2020 | firm meeting regarding case, discussion of strategy | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 4/2/2020 | firm meeting regarding case, discussion of strategy | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 4/9/2020 | firm meeting regarding case, discussion of strategy | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 4/14/2020 | firm meeting regarding case, discussion of strategy | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 4/22/2020 | firm meeting regarding case, discussion of strategy | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 4/30/2020 | firm meeting regarding case, discussion of strategy | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 5/12/2020 | firm meeting regarding case, discussion of strategy | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 5/21/2020 | firm meeting regarding case, discussion of strategy | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 5/26/2020 | firm meeting regarding case, discussion of strategy | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 6/2/2020 | firm meeting regarding case, discussion of strategy | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 6/9/2020 | firm meeting regarding case, discussion of strategy | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 6/16/2020 | firm meeting regarding case, discussion of strategy | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 6/23/2020 | firm meeting regarding case, discussion of strategy | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 6/30/2020 | firm meeting regarding case, discussion of strategy | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |

| Biller | Exhibit | Date | Description | Hours Billed | Requested Rate | Total | Adjusted Rate | Adjusted Fees | Fee Difference |
|--------|---------|------|-------------|--------------|----------------|-------|---------------|---------------|----------------|
| Christopher L. Holm | Ex 15 | 7/9/2020 | firm meeting regarding case, discussion of strategy | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 7/14/2020 | firm meeting regarding case, discussion of strategy | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 7/24/2020 | firm meeting regarding case, discussion of strategy | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 7/30/2020 | firm meeting regarding case, discussion of strategy | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 8/5/2020 | firm meeting regarding case, discussion of strategy | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 8/12/2020 | firm meeting regarding case, discussion of strategy | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 8/18/2020 | firm meeting regarding case, discussion of strategy | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 8/26/2020 | firm meeting regarding case, discussion of strategy | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 9/4/2020 | firm meeting regarding case, discussion of strategy | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 9/15/2020 | firm meeting regarding case, discussion of strategy | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 9/25/2020 | firm meeting regarding case, discussion of strategy | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 10/1/2020 | firm meeting regarding case, discussion of strategy | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 10/14/2020 | firm meeting regarding case, discussion of strategy | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 10/22/2020 | firm meeting regarding case, discussion of strategy | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 11/3/2020 | firm meeting regarding case, discussion of strategy | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 11/12/2020 | firm meeting regarding case, discussion of strategy | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 11/23/2020 | firm meeting regarding case, discussion of strategy | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 12/3/2020 | firm meeting regarding case, discussion of strategy | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 12/29/2020 | firm meeting regarding case, discussion of strategy | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 1/13/2021 | firm meeting regarding case, discussion of strategy | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 1/28/2021 | firm meeting regarding case, discussion of strategy | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |

| Biller | Exhibit | Date | Description | Hours Billed | Requested Rate | Total | Adjusted Rate | Adjusted Fees | Fee Difference |
|---|---|---|---|---|---|---|---|---|---|
| Christopher L. Holm | Ex 15 | 2/3/2021 | firm meeting regarding case, discussion of strategy | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 2/9/2021 | firm meeting regarding case, discussion of strategy | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 2/16/2021 | firm meeting regarding case, discussion of strategy | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 3/10/2021 | firm meeting regarding case, discussion of strategy | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 3/24/2021 | firm meeting regarding case, discussion of strategy | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 4/9/2021 | firm meeting regarding case, discussion of strategy | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 4/22/2021 | firm meeting regarding case, discussion of strategy | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 4/28/2021 | firm meeting regarding case, discussion of strategy | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 5/26/2021 | firm meeting regarding case, discussion of strategy | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 6/8/2021 | firm meeting regarding case, discussion of strategy | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 6/23/2021 | firm meeting regarding case, discussion of strategy | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 7/9/2021 | firm meeting regarding case, discussion of strategy | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 8/6/2021 | firm meeting regarding case, discussion of strategy | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 9/8/2021 | firm meeting regarding case, discussion of strategy | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 3/8/2022 | firm meeting regarding case, discussion of strategy | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 4/28/2022 | firm meeting regarding case, discussion of strategy | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 5/19/2022 | firm meeting regarding case, discussion of strategy | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 6/8/2022 | firm meeting regarding case, discussion of strategy | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 7/1/2022 | firm meeting regarding case, discussion of strategy | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 8/3/2022 | firm meeting regarding case, discussion of strategy | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 9/9/2022 | firm meeting regarding case, discussion of strategy | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |

| Biller | Exhibit | Date | Description | Hours Billed | Requested Rate | Total | Adjusted Rate | Adjusted Fees | Fee Difference |
|---|---|---|---|---|---|---|---|---|---|
| Christopher L. Holm | Ex 15 | 2/16/2023 | firm meeting regarding case, discussion of strategy | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 7/30/2009 | firm meeting regarding case, discussion of strategy | 1 | $600.00 | $600.00 | $ 331.00 | $ 331.00 | $269.00 |
| Christopher L. Holm | Ex 15 | 4/25/2019 | firm meeting regarding case, status of filing complaint, discussion of strategy | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 5/6/2019 | firm meeting regarding case, status of filing complaint, discussion of strategy | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 8/20/2019 | firm meeting regarding case, status of filing complaint, discussion of strategy | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 3/22/2019 | First draft off complaint sent via email to partners of firm for review and finalization.  Request for guidance on venue | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 4/2/2019 | follow up email regarding guidance on venue to file complaint | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 10/4/2023 | forwarded email and attachments from PACER regarding case to partners | 0.2 | $600.00 | $120.00 | $ 331.00 | $ 66.20 | $53.80 |
| Christopher L. Holm | Ex 15 | 6/14/2022 | forwarded email and attachments regarding case | 0.3 | $600.00 | $180.00 | $ 331.00 | $ 99.30 | $80.70 |
| Christopher L. Holm | Ex 15 | 4/3/2024 | forwarded email and attachments regarding case | 0.3 | $600.00 | $180.00 | $ 331.00 | $ 99.30 | $80.70 |
| Christopher L. Holm | Ex 15 | 5/19/2022 | forwarded email regarding case meeting | 0.2 | $600.00 | $120.00 | $ 331.00 | $ 66.20 | $53.80 |
| Christopher L. Holm | Ex 15 | 7/1/2022 | forwarded email regarding case meeting | 0.2 | $600.00 | $120.00 | $ 331.00 | $ 66.20 | $53.80 |
| Christopher L. Holm | Ex 15 | 9/9/2022 | forwarded email regarding case meeting | 0.2 | $600.00 | $120.00 | $ 331.00 | $ 66.20 | $53.80 |
| Christopher L. Holm | Ex 15 | 2/8/2021 | forwarded email to partner and assoicate not included on email containing Defendant's Initial Disclosures | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 2/3/2021 | forwarded email to partner and assoicate not included on email containing notice of deposition on plaintiff | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 11/26/2021 | forwarded email to staff received with Dropbox link from expert | 0.3 | $600.00 | $180.00 | $ 331.00 | $ 99.30 | $80.70 |
| Christopher L. Holm | Ex 15 | 8/13/2019 | forwarded email to staff regarding reminder to be at meeting to discuss strategy | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |

| Biller | Exhibit | Date | Description | Hours Billed | Requested Rate | Total | Adjusted Rate | Adjusted Fees | Fee Difference |
|--------|---------|------|-------------|--------------|----------------|-------|---------------|---------------|----------------|
| Christopher L. Holm | Ex 15 | 8/20/2019 | forwarded email to staff regarding reminder to be at meeting to discuss strategy | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 9/3/2019 | forwarded email to staff regarding reminder to be at meeting to discuss strategy | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 2/21/2020 | forwarded email to staff regarding reminder to be at meeting to discuss strategy | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 11/26/2021 | forwarded materials to partner to review for MSJ Opposition | 0.3 | $600.00 | $180.00 | $ 331.00 | $ 99.30 | $80.70 |
| Christopher L. Holm | Ex 15 | 11/30/2021 | forwarded signed declaration to partner | 0.2 | $600.00 | $120.00 | $ 331.00 | $ 66.20 | $53.80 |
| Christopher L. Holm | Ex 15 | 11/16/2021 | further research regarding deadline to file MSJ Opposition | 2 | $600.00 | $1,200.00 | $ 331.00 | $ 662.00 | $538.00 |
| Christopher L. Holm | Ex 15 | 3/12/2024 | further research regarding trial issue for partner | 1.5 | $600.00 | $900.00 | $ 331.00 | $ 496.50 | $403.50 |
| Christopher L. Holm | Ex 15 | 3/12/2024 | further text and telephonic communication with partner regarding trial issue | 1 | $600.00 | $600.00 | $ 331.00 | $ 331.00 | $269.00 |
| Christopher L. Holm | Ex 15 | 8/20/2019 | Meeting with attorneys to discuss strategy in pleadings in response to Meet and Confer letter | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 11/25/2019 | Meeting with attorneys to discuss strategy in pleadings in response to Notice of Removal | 1.5 | $600.00 | $900.00 | $ 331.00 | $ 496.50 | $403.50 |
| Christopher L. Holm | Ex 15 | 3/6/2024 | meeting with partner in advance of 03/07/2024 appearance in state court for case management conference | 2 | $600.00 | $1,200.00 | $ 331.00 | $ 662.00 | $538.00 |
| Christopher L. Holm | Ex 15 | 3/20/2022 | meeting with partner in advance of 03/21/2022 case management conferencwe | 2 | $600.00 | $1,200.00 | $ 331.00 | $ 662.00 | $538.00 |
| Christopher L. Holm | Ex 15 | 11/8/2021 | Meeting with Tustin office regarding coordination of work on MSJ Opposition | 2.5 | $600.00 | $1,500.00 | $ 331.00 | $ 827.50 | $672.50 |
| Christopher L. Holm | Ex 15 | 11/4/2021 | met with partner assigned to work on Opposition to MSJ to discuss review of deposition transcripts | 2.5 | $600.00 | $1,500.00 | $ 331.00 | $ 827.50 | $672.50 |
| Christopher L. Holm | Ex 15 | 12/2/2021 | Prepared and emailed staff with first documents ready for filing for MSJ Opposition | 0.4 | $600.00 | $240.00 | $ 331.00 | $ 132.40 | $107.60 |

| Biller | Exhibit | Date | Description | Hours Billed | Requested | Total | Adjusted Rate | Adjusted Fees | Fee Difference |
|---|---|---|---|---|---|---|---|---|---|
| Christopher L. Holm | Ex 15 | 12/2/2021 | Prepared and emailed staff with first documents ready for filing for MSJ Opposition | 0.4 | $600.00 | $240.00 | $ 331.00 | $ 132.40 | $107.60 |
| Christopher L. Holm | Ex 15 | 3/11/2024 | prepared and sent email regarding appearance in state court for case management conference | 0.4 | $600.00 | $240.00 | $ 331.00 | $ 132.40 | $107.60 |
| Christopher L. Holm | Ex 15 | 11/30/2021 | Prepared declarations for experts to sign for the MSJ Opposition | 2.5 | $600.00 | $1,500.00 | $ 331.00 | $ 827.50 | $672.50 |
| Christopher L. Holm | Ex 15 | 2/25/2022 | prepared email and attachments, sent to firm | 1.5 | $600.00 | $900.00 | $ 331.00 | $ 496.50 | $403.50 |
| Christopher L. Holm | Ex 15 | 10/11/2023 | prepared email regarding research into CHP guidelines | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 7/26/2022 | prepared email to partners regarding expert depositions | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 12/4/2020 | read and reviewed email about the case | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 12/4/2020 | read and reviewed email about the case | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 12/20/2021 | read email and reviewed subpoenas attached in the case | 2 | $600.00 | $1,200.00 | $ 331.00 | $ 662.00 | $538.00 |
| Christopher L. Holm | Ex 15 | 11/1/2021 | read email from expert regarding MSJ materials | 0.2 | $600.00 | $120.00 | $ 331.00 | $ 66.20 | $53.80 |
| Christopher L. Holm | Ex 15 | 11/1/2021 | read email from staff with depositon transcript of Plaintiff | 0.2 | $600.00 | $120.00 | $ 331.00 | $ 66.20 | $53.80 |
| Christopher L. Holm | Ex 15 | 7/15/2020 | received and reviewed email and materials sent from partner containing discovery propounded on Plaintiff by Defendant | 2.5 | $600.00 | $1,500.00 | $ 331.00 | $ 827.50 | $672.50 |
| Christopher L. Holm | Ex 15 | 7/16/2020 | received and reviewed email from associate attorney about discovery received | 1 | $600.00 | $600.00 | $ 331.00 | $ 331.00 | $269.00 |
| Christopher L. Holm | Ex 15 | 1/22/2020 | received and reviewed email from partner containing discovery being propounded on Defendant | 1.5 | $600.00 | $900.00 | $ 331.00 | $ 496.50 | $403.50 |
| Christopher L. Holm | Ex 15 | 7/16/2020 | received and reviewed email from staff with updated notes from last firm meeting | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 12/2/2021 | Received email and attachments regarding filing of MSJ Opposition | 0.4 | $600.00 | $240.00 | $ 331.00 | $ 132.40 | $107.60 |
| Christopher L. Holm | Ex 15 | 11/24/2021 | received email and materials from partner to review about the case | 2 | $600.00 | $1,200.00 | $ 331.00 | $ 662.00 | $538.00 |

| Biller | Exhibit | Date | Description | Hours Billed | Requested Rate | Total | Adjusted Rate | Adjusted Fees | Fee Difference |
|---|---|---|---|---|---|---|---|---|---|
| Christopher L. Holm | Ex 15 | 11/30/2021 | Received email from partner about the case | 0.2 | $600.00 | $120.00 | $ 331.00 | $ 66.20 | $53.80 |
| Christopher L. Holm | Ex 15 | 11/20/2021 | Received email from partner about the case | 0.3 | $600.00 | $180.00 | $ 331.00 | $ 99.30 | $80.70 |
| Christopher L. Holm | Ex 15 | 11/26/2021 | received email from partner about the case | 0.3 | $600.00 | $180.00 | $ 331.00 | $ 99.30 | $80.70 |
| Christopher L. Holm | Ex 15 | 12/6/2021 | received email from partner about the case | 0.3 | $600.00 | $180.00 | $ 331.00 | $ 99.30 | $80.70 |
| Christopher L. Holm | Ex 15 | 11/27/2021 | received email from partner and reviewed materials attached | 2.5 | $600.00 | $1,500.00 | $ 331.00 | $ 827.50 | $672.50 |
| Christopher L. Holm | Ex 15 | 11/27/2021 | received email from partner and reviewed materials attached | 2.5 | $600.00 | $1,500.00 | $ 331.00 | $ 827.50 | $672.50 |
| Christopher L. Holm | Ex 15 | 11/28/2021 | received email from partner and reviewed materials attached | 2.5 | $600.00 | $1,500.00 | $ 331.00 | $ 827.50 | $672.50 |
| Christopher L. Holm | Ex 15 | 11/28/2021 | received email from partner and reviewed materials attached | 2.5 | $600.00 | $1,500.00 | $ 331.00 | $ 827.50 | $672.50 |
| Christopher L. Holm | Ex 15 | 12/2/2021 | received email from staff about the case | 0.3 | $600.00 | $180.00 | $ 331.00 | $ 99.30 | $80.70 |
| Christopher L. Holm | Ex 15 | 11/24/2021 | received email from staff about the case, reviewed attachments | 1 | $600.00 | $600.00 | $ 331.00 | $ 331.00 | $269.00 |
| Christopher L. Holm | Ex 15 | 12/2/2021 | Received email regarding filing of MSJ Opposition | 0.2 | $600.00 | $120.00 | $ 331.00 | $ 66.20 | $53.80 |
| Christopher L. Holm | Ex 15 | 12/2/2021 | Received email regarding filing of MSJ Opposition | 0.2 | $600.00 | $120.00 | $ 331.00 | $ 66.20 | $53.80 |
| Christopher L. Holm | Ex 15 | 12/2/2021 | Received email regarding filing of MSJ Opposition | 0.2 | $600.00 | $120.00 | $ 331.00 | $ 66.20 | $53.80 |
| Christopher L. Holm | Ex 15 | 7/18/2022 | research regarding defense expert Schweitzer | 2.5 | $600.00 | $1,500.00 | $ 331.00 | $ 827.50 | $672.50 |
| Christopher L. Holm | Ex 15 | 3/12/2024 | research regarding trial issue for partner | 2.5 | $600.00 | $1,500.00 | $ 331.00 | $ 827.50 | $672.50 |
| Christopher L. Holm | Ex 15 | 10/11/2023 | researched CHP guidelines | 2.5 | $600.00 | $1,500.00 | $ 331.00 | $ 827.50 | $672.50 |
| Christopher L. Holm | Ex 15 | 10/29/2021 | researched law and Eastern District of CA rules regarding MSJ Opposition deadlines in Eastern District of California and calculated said deadlines | 2 | $600.00 | $1,200.00 | $ 331.00 | $ 662.00 | $538.00 |
| Christopher L. Holm | Ex 15 | 10/18/2024 | researched trial issue for partner | 2.5 | $600.00 | $1,500.00 | $ 331.00 | $ 827.50 | $672.50 |
| Christopher L. Holm | Ex 15 | 10/29/2021 | researched, located and downloaded all materials related to Defendant's Motion for Summary Judgment papers | 2.5 | $600.00 | $1,500.00 | $ 331.00 | $ 827.50 | $672.50 |
| Christopher L. Holm | Ex 15 | 6/12/2024 | responded to email regarding case | 0.3 | $600.00 | $180.00 | $ 331.00 | $ 99.30 | $80.70 |
| Christopher L. Holm | Ex 15 | 6/12/2024 | responded to email regarding case | 0.4 | $600.00 | $240.00 | $ 331.00 | $ 132.40 | $107.60 |

| Biller | Exhibit | Date | Description | Hours Billed | Requested Rate | Total | Adjusted Rate | Adjusted Fees | Fee Difference |
|---|---|---|---|---|---|---|---|---|---|
| Christopher L. Holm | Ex 15 | 11/1/2021 | response email to staff regarding case | 0.2 | $600.00 | $120.00 | $ 331.00 | $ 66.20 | $53.80 |
| Christopher L. Holm | Ex 15 | 1/28/2021 | Reveiwed email from PACER containing court documents, saved in server | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 10/29/2021 | reveiwed email from partner about the case, assigned to work on Opposition to Motion for Summary Judgment | 1 | $600.00 | $600.00 | $ 331.00 | $ 331.00 | $269.00 |
| Christopher L. Holm | Ex 15 | 10/29/2021 | reveiwed email from partner about the case, assigned to work on Opposition to Motion for Summary Judgment | 1.5 | $600.00 | $900.00 | $ 331.00 | $ 496.50 | $403.50 |
| Christopher L. Holm | Ex 15 | 10/19/2021 | reveiwed email from staff about the case | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 1/24/2022 | review of email and attachments from PACER regading filing of Stip and Order | 1.5 | $600.00 | $900.00 | $ 331.00 | $ 496.50 | $403.50 |
| Christopher L. Holm | Ex 15 | 1/25/2022 | review of email and attachments from PACER regading filing of Stip and Order | 1.5 | $600.00 | $900.00 | $ 331.00 | $ 496.50 | $403.50 |
| Christopher L. Holm | Ex 15 | 5/26/2022 | review of email and attachments regarding case | 1.5 | $600.00 | $900.00 | $ 331.00 | $ 496.50 | $403.50 |
| Christopher L. Holm | Ex 15 | 2/11/2022 | reviewed additional email regarding meeting | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 10/16/2023 | reviewed and drafted email regarding case | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 10/10/2023 | reviewed and drafted email regarding scheduling of case meeting | 1 | $600.00 | $600.00 | $ 331.00 | $ 331.00 | $269.00 |
| Christopher L. Holm | Ex 15 | 3/11/2024 | reviewed and responded to email regarding case | 0.4 | $600.00 | $240.00 | $ 331.00 | $ 132.40 | $107.60 |
| Christopher L. Holm | Ex 15 | 3/7/2024 | reviewed and sent email regarding case management conference | 0.2 | $600.00 | $120.00 | $ 331.00 | $ 66.20 | $53.80 |
| Christopher L. Holm | Ex 15 | 3/7/2024 | reviewed and sent email regarding case management conference | 0.3 | $600.00 | $180.00 | $ 331.00 | $ 99.30 | $80.70 |
| Christopher L. Holm | Ex 15 | 3/7/2024 | reviewed and sent email regarding case management conference | 0.3 | $600.00 | $180.00 | $ 331.00 | $ 99.30 | $80.70 |
| Christopher L. Holm | Ex 15 | 2/2/2022 | reviewed and sent email with attachments regarding case | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 1/13/2021 | reviewed email about upcoming firm meeting about case and strategy | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 1/28/2021 | reviewed email about upcoming firm meeting about case and strategy | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |

| Biller | Exhibit | Date | Description | Hours Billed | Requested Rate | Total | Adjusted Rate | Adjusted Fees | Fee Difference |
|---|---|---|---|---|---|---|---|---|---|
| Christopher L. Holm | Ex 15 | 12/1/2021 | reviewed email and attachment from expert to staff with declaration | 0.4 | $600.00 | $240.00 | $ 331.00 | $ 132.40 | $107.60 |
| Christopher L. Holm | Ex 15 | 11/30/2021 | reviewed email and attachment from parner about the case | 1.5 | $600.00 | $900.00 | $ 331.00 | $ 496.50 | $403.50 |
| Christopher L. Holm | Ex 15 | 11/30/2021 | reviewed email and attachment from partner about Separate Statement | 1.5 | $600.00 | $900.00 | $ 331.00 | $ 496.50 | $403.50 |
| Christopher L. Holm | Ex 15 | 11/29/2021 | reviewed email and attachment from partner about the case | 3.5 | $600.00 | $2,100.00 | $ 331.00 | $ 1,158.50 | $941.50 |
| Christopher L. Holm | Ex 15 | 11/24/2021 | reviewed email and attachment from partner regarding the case | 1.5 | $600.00 | $900.00 | $ 331.00 | $ 496.50 | $403.50 |
| Christopher L. Holm | Ex 15 | 12/6/2021 | reviewed email and attachment from staff about the case | 1.5 | $600.00 | $900.00 | $ 331.00 | $ 496.50 | $403.50 |
| Christopher L. Holm | Ex 15 | 2/8/2021 | Reviewed email and attachments containing Defendants Initial Disclosures | 1 | $600.00 | $600.00 | $ 331.00 | $ 331.00 | $269.00 |
| Christopher L. Holm | Ex 15 | 8/25/2022 | reviewed email and attachments from PACER regarding case | 1.5 | $600.00 | $900.00 | $ 331.00 | $ 496.50 | $403.50 |
| Christopher L. Holm | Ex 15 | 8/25/2022 | reviewed email and attachments from PACER regarding case | 1.5 | $600.00 | $900.00 | $ 331.00 | $ 496.50 | $403.50 |
| Christopher L. Holm | Ex 15 | 9/29/2023 | reviewed email and attachments from PACER regarding case | 1.5 | $600.00 | $900.00 | $ 331.00 | $ 496.50 | $403.50 |
| Christopher L. Holm | Ex 15 | 11/15/2021 | reviewed email and attachments from staff about the case | 1.5 | $600.00 | $900.00 | $ 331.00 | $ 496.50 | $403.50 |
| Christopher L. Holm | Ex 15 | 12/4/2020 | Reviewed email and attachments of email sent containing pretrial scheduling order and all deadlines in the case | 3 | $600.00 | $1,800.00 | $ 331.00 | $ 993.00 | $807.00 |
| Christopher L. Holm | Ex 15 | 12/9/2021 | Reviewed email and attachments received from PACER about MSJ | 2 | $600.00 | $1,200.00 | $ 331.00 | $ 662.00 | $538.00 |
| Christopher L. Holm | Ex 15 | 12/9/2021 | Reviewed email and attachments received from PACER about MSJ | 2 | $600.00 | $1,200.00 | $ 331.00 | $ 662.00 | $538.00 |
| Christopher L. Holm | Ex 15 | 12/14/2021 | Reviewed email and attachments received from PACER about MSJ | 2 | $600.00 | $1,200.00 | $ 331.00 | $ 662.00 | $538.00 |
| Christopher L. Holm | Ex 15 | 12/15/2021 | Reviewed email and attachments received from PACER about MSJ | 2 | $600.00 | $1,200.00 | $ 331.00 | $ 662.00 | $538.00 |
| Christopher L. Holm | Ex 15 | 12/9/2021 | Reviewed email and attachments received from PACER about MSJ | 2.5 | $600.00 | $1,500.00 | $ 331.00 | $ 827.50 | $672.50 |
| Christopher L. Holm | Ex 15 | 2/2/2022 | reviewed email and attachments regarding case | 1 | $600.00 | $600.00 | $ 331.00 | $ 331.00 | $269.00 |
| Christopher L. Holm | Ex 15 | 2/2/2022 | reviewed email and attachments regarding case | 1 | $600.00 | $600.00 | $ 331.00 | $ 331.00 | $269.00 |

| Biller | Exhibit | Date | Description | Hours Billed | Requested Rate | Total | Adjusted Rate | Adjusted Fees | Fee Difference |
|---|---|---|---|---|---|---|---|---|---|
| Christopher L. Holm | Ex 15 | 2/2/2022 | reviewed email and attachments regarding case | 1 | $600.00 | $600.00 | $ 331.00 | $ 331.00 | $269.00 |
| Christopher L. Holm | Ex 15 | 2/22/2022 | reviewed email and attachments regarding case | 1 | $600.00 | $600.00 | $ 331.00 | $ 331.00 | $269.00 |
| Christopher L. Holm | Ex 15 | 2/22/2022 | reviewed email and attachments regarding case | 1 | $600.00 | $600.00 | $ 331.00 | $ 331.00 | $269.00 |
| Christopher L. Holm | Ex 15 | 8/11/2022 | reviewed email and attachments regarding case | 1 | $600.00 | $600.00 | $ 331.00 | $ 331.00 | $269.00 |
| Christopher L. Holm | Ex 15 | 4/3/2024 | reviewed email and attachments regarding case | 1 | $600.00 | $600.00 | $ 331.00 | $ 331.00 | $269.00 |
| Christopher L. Holm | Ex 15 | 4/26/2024 | reviewed email and attachments regarding case | 1 | $600.00 | $600.00 | $ 331.00 | $ 331.00 | $269.00 |
| Christopher L. Holm | Ex 15 | 6/12/2024 | reviewed email and attachments regarding case | 1 | $600.00 | $600.00 | $ 331.00 | $ 331.00 | $269.00 |
| Christopher L. Holm | Ex 15 | 6/12/2024 | reviewed email and attachments regarding case | 1 | $600.00 | $600.00 | $ 331.00 | $ 331.00 | $269.00 |
| Christopher L. Holm | Ex 15 | 6/21/2024 | reviewed email and attachments regarding case | 1 | $600.00 | $600.00 | $ 331.00 | $ 331.00 | $269.00 |
| Christopher L. Holm | Ex 15 | 7/12/2024 | reviewed email and attachments regarding case | 1 | $600.00 | $600.00 | $ 331.00 | $ 331.00 | $269.00 |
| Christopher L. Holm | Ex 15 | 8/2/2024 | reviewed email and attachments regarding case | 1 | $600.00 | $600.00 | $ 331.00 | $ 331.00 | $269.00 |
| Christopher L. Holm | Ex 15 | 9/4/2024 | reviewed email and attachments regarding case | 1 | $600.00 | $600.00 | $ 331.00 | $ 331.00 | $269.00 |
| Christopher L. Holm | Ex 15 | 2/16/2022 | reviewed email and attachments regarding case | 1.5 | $600.00 | $900.00 | $ 331.00 | $ 496.50 | $403.50 |
| Christopher L. Holm | Ex 15 | 1/3/2024 | reviewed email and attachments regarding case | 1.5 | $600.00 | $900.00 | $ 331.00 | $ 496.50 | $403.50 |
| Christopher L. Holm | Ex 15 | 5/6/2022 | reviewed email and attachments regarding case and experts | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 3/7/2024 | reviewed email and attachments sent regarding case management conference | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 3/7/2024 | reviewed email and attachments sent regarding case management conference | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 12/16/2021 | Reviewed email and documents attached to expert | 2 | $600.00 | $1,200.00 | $ 331.00 | $ 662.00 | $538.00 |
| Christopher L. Holm | Ex 15 | 11/17/2021 | reviewed email and Dropbox link materials provided to expert from office | 1.5 | $600.00 | $900.00 | $ 331.00 | $ 496.50 | $403.50 |

| Biller | Exhibit | Date | Description | Hours Billed | Requested Rate | Total | Adjusted Rate | Adjusted Fees | Fee Difference |
|---|---|---|---|---|---|---|---|---|---|
| Christopher L. Holm | Ex 15 | 11/26/2021 | reviewed email and Dropbox link materials received from expert | 2.5 | $600.00 | $1,500.00 | $ 331.00 | $ 827.50 | $672.50 |
| Christopher L. Holm | Ex 15 | 6/24/2021 | reviewed email and mateirals received from PACER and documents attached regarding case | 1.5 | $600.00 | $900.00 | $ 331.00 | $ 496.50 | $403.50 |
| Christopher L. Holm | Ex 15 | 11/1/2021 | reviewed email and mateirals regarding subpoenas | 1.5 | $600.00 | $900.00 | $ 331.00 | $ 496.50 | $403.50 |
| Christopher L. Holm | Ex 15 | 11/2/2021 | reviewed email and materials attached from staff containing Separate Statement for MSJ | 1.5 | $600.00 | $900.00 | $ 331.00 | $ 496.50 | $403.50 |
| Christopher L. Holm | Ex 15 | 9/30/2021 | reviewed email and materials containing deposition notices and materials | 3.5 | $600.00 | $2,100.00 | $ 331.00 | $ 1,158.50 | $941.50 |
| Christopher L. Holm | Ex 15 | 5/11/2021 | reviewed email and materials containing deposition notices and other materials | 2.5 | $600.00 | $1,500.00 | $ 331.00 | $ 827.50 | $672.50 |
| Christopher L. Holm | Ex 15 | 3/25/2021 | reviewed email and materials containing deposition subpoenas | 1.5 | $600.00 | $900.00 | $ 331.00 | $ 496.50 | $403.50 |
| Christopher L. Holm | Ex 15 | 9/1/2021 | reviewed email and materials containing IME notice | 2.5 | $600.00 | $1,500.00 | $ 331.00 | $ 827.50 | $672.50 |
| Christopher L. Holm | Ex 15 | 7/27/2021 | reviewed email and materials containing subpoenas | 1.5 | $600.00 | $900.00 | $ 331.00 | $ 496.50 | $403.50 |
| Christopher L. Holm | Ex 15 | 6/16/2021 | reviewed email and materials containing subpoenas | 2 | $600.00 | $1,200.00 | $ 331.00 | $ 662.00 | $538.00 |
| Christopher L. Holm | Ex 15 | 8/16/2021 | reviewed email and materials containing subpoenas | 2 | $600.00 | $1,200.00 | $ 331.00 | $ 662.00 | $538.00 |
| Christopher L. Holm | Ex 15 | 6/30/2021 | reviewed email and materials containing subpoenas | 2.5 | $600.00 | $1,500.00 | $ 331.00 | $ 827.50 | $672.50 |
| Christopher L. Holm | Ex 15 | 6/10/2021 | reviewed email and materials containing subpoenas and deposition notices | 2.5 | $600.00 | $1,500.00 | $ 331.00 | $ 827.50 | $672.50 |
| Christopher L. Holm | Ex 15 | 4/8/2021 | reviewed email and materials containing subpoenas and discovery responses | 2.5 | $600.00 | $1,500.00 | $ 331.00 | $ 827.50 | $672.50 |
| Christopher L. Holm | Ex 15 | 5/17/2021 | reviewed email and materials containing subpoenas and materials | 2 | $600.00 | $1,200.00 | $ 331.00 | $ 662.00 | $538.00 |
| Christopher L. Holm | Ex 15 | 10/15/2021 | reviewed email and materials containing subpoenas and other material | 2.5 | $600.00 | $1,500.00 | $ 331.00 | $ 827.50 | $672.50 |
| Christopher L. Holm | Ex 15 | 11/4/2021 | reviewed email and materials sent by partner regarding the case | 1.5 | $600.00 | $900.00 | $ 331.00 | $ 496.50 | $403.50 |

| Biller | Exhibit | Date | Description | Hours Billed | Requested Rate | Total | Adjusted Rate | Adjusted Fees | Fee Difference |
|---|---|---|---|---|---|---|---|---|---|
| Christopher L. Holm | Ex 15 | 11/29/2021 | reviewed email and materials sent by partner regarding the case | 1.5 | $600.00 | $900.00 | $ 331.00 | $ 496.50 | $403.50 |
| Christopher L. Holm | Ex 15 | 11/4/2021 | reviewed email and materials sent by partner regarding the case | 2.5 | $600.00 | $1,500.00 | $ 331.00 | $ 827.50 | $672.50 |
| Christopher L. Holm | Ex 15 | 11/4/2021 | reviewed email and materials sent by partnerregarding the case | 1.5 | $600.00 | $900.00 | $ 331.00 | $ 496.50 | $403.50 |
| Christopher L. Holm | Ex 15 | 11/4/2021 | reviewed email and materials sent by staff to attorneys regarding the case | 3.5 | $600.00 | $2,100.00 | $ 331.00 | $ 1,158.50 | $941.50 |
| Christopher L. Holm | Ex 15 | 11/9/2021 | reviewed email and materials sent to experts from staff for the MSJ Opposition | 1 | $600.00 | $600.00 | $ 331.00 | $ 331.00 | $269.00 |
| Christopher L. Holm | Ex 15 | 11/9/2021 | reviewed email and materials sent to experts from staff for the MSJ Opposition | 1 | $600.00 | $600.00 | $ 331.00 | $ 331.00 | $269.00 |
| Christopher L. Holm | Ex 15 | 11/9/2021 | reviewed email and materials sent to experts from staff for the MSJ Opposition | 1 | $600.00 | $600.00 | $ 331.00 | $ 331.00 | $269.00 |
| Christopher L. Holm | Ex 15 | 11/9/2021 | reviewed email and materials sent to experts from staff for the MSJ Opposition | 1 | $600.00 | $600.00 | $ 331.00 | $ 331.00 | $269.00 |
| Christopher L. Holm | Ex 15 | 11/9/2021 | reviewed email and materials sent to experts from staff for the MSJ Opposition | 1 | $600.00 | $600.00 | $ 331.00 | $ 331.00 | $269.00 |
| Christopher L. Holm | Ex 15 | 11/9/2021 | reviewed email and materials sent to experts from staff for the MSJ Opposition | 1 | $600.00 | $600.00 | $ 331.00 | $ 331.00 | $269.00 |
| Christopher L. Holm | Ex 15 | 11/9/2021 | reviewed email and materials sentto experts from staff for the MSJ Opposition | 1 | $600.00 | $600.00 | $ 331.00 | $ 331.00 | $269.00 |
| Christopher L. Holm | Ex 15 | 2/11/2019 | Reviewed email communiation received regarding assignment to prepare complaint | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 3/14/2019 | Reviewed email communiation received regarding assignment to prepare complaint | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 1/14/2019 | Reviewed email communication receieved regarding denial of government claim by referring attorney | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 7/26/2019 | reviewed email containing letter from defense counsel for State of CA regarding reassignment of case | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |

| Biller | Exhibit | Date | Description | Hours Billed | Requested Rate | Total | Adjusted Rate | Adjusted Fees | Fee Difference |
|--------|---------|------|-------------|--------------|----------------|-------|---------------|---------------|----------------|
| Christopher L. Holm | Ex 15 | 2/8/2021 | reviewed email containing notes from partner for firm meeting about case and strategy | 1.5 | $600.00 | $900.00 | $ 331.00 | $ 496.50 | $403.50 |
| Christopher L. Holm | Ex 15 | 2/8/2021 | reviewed email containing notes from partner for firm meeting about case and strategy | 1.5 | $600.00 | $900.00 | $ 331.00 | $ 496.50 | $403.50 |
| Christopher L. Holm | Ex 15 | 2/8/2021 | reviewed email containing notes from partner for firm meeting about case and strategy | 1.5 | $600.00 | $900.00 | $ 331.00 | $ 496.50 | $403.50 |
| Christopher L. Holm | Ex 15 | 2/3/2021 | Reviewed email containing notice of depositon of plaintifi | 1.5 | $600.00 | $900.00 | $ 331.00 | $ 496.50 | $403.50 |
| Christopher L. Holm | Ex 15 | 8/2/2019 | reviewed email containing pleadings filed from defense counsel | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 12/6/2021 | reviewed email from defense counsel confirming receipt | 0.2 | $600.00 | $120.00 | $ 331.00 | $ 66.20 | $53.80 |
| Christopher L. Holm | Ex 15 | 11/2/2021 | reviewed email from defense counsel to staff regading request for Separate Statement in Word format | 0.2 | $600.00 | $120.00 | $ 331.00 | $ 66.20 | $53.80 |
| Christopher L. Holm | Ex 15 | 12/16/2021 | reviewed email from expert about the case | 0.2 | $600.00 | $120.00 | $ 331.00 | $ 66.20 | $53.80 |
| Christopher L. Holm | Ex 15 | 1/8/2022 | reviewed email from expert about the case | 0.3 | $600.00 | $180.00 | $ 331.00 | $ 99.30 | $80.70 |
| Christopher L. Holm | Ex 15 | 11/17/2021 | reviewed email from expert about the case | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 11/17/2021 | reviewed email from expert about the case | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 12/16/2021 | reviewed email from expert aboutthe case | 0.2 | $600.00 | $120.00 | $ 331.00 | $ 66.20 | $53.80 |
| Christopher L. Holm | Ex 15 | 1/21/2022 | reviewed email from expert to partner regarding case | 0.2 | $600.00 | $120.00 | $ 331.00 | $ 66.20 | $53.80 |
| Christopher L. Holm | Ex 15 | 1/21/2022 | reviewed email from expert to partner regarding case | 0.3 | $600.00 | $180.00 | $ 331.00 | $ 99.30 | $80.70 |
| Christopher L. Holm | Ex 15 | 11/2/2021 | reviewed email from office to defense requesting Separate Statement in Word format | 0.2 | $600.00 | $120.00 | $ 331.00 | $ 66.20 | $53.80 |
| Christopher L. Holm | Ex 15 | 11/10/2021 | reviewed email from PACER and documents regarding signed Order to change Scheduling Order | 1 | $600.00 | $600.00 | $ 331.00 | $ 331.00 | $269.00 |
| Christopher L. Holm | Ex 15 | 11/9/2021 | reviewed email from PACER and documents regarding Stipulation and Proposed Order to change Scheduling Order | 1 | $600.00 | $600.00 | $ 331.00 | $ 331.00 | $269.00 |

| Biller | Exhibit | Date | Description | Hours Billed | Requested Rate | Total | Adjusted Rate | Adjusted Fees | Fee Difference |
|---|---|---|---|---|---|---|---|---|---|
| Christopher L. Holm | Ex 15 | 10/29/2021 | reviewed email from PACER containing Notice of Summary Judgment | 2.5 | $600.00 | $1,500.00 | $ 331.00 | $ 827.50 | $672.50 |
| Christopher L. Holm | Ex 15 | 12/2/2021 | reviewed email from parnter about MSJ Opposition | 0.3 | $600.00 | $180.00 | $ 331.00 | $ 99.30 | $80.70 |
| Christopher L. Holm | Ex 15 | 11/30/2021 | reviewed email from parnter about MSJ Opposition | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 3/21/2022 | reviewed email from parnter regarding case management conference | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 1/14/2022 | reviewed email from parter regarding case meeting | 0.3 | $600.00 | $180.00 | $ 331.00 | $ 99.30 | $80.70 |
| Christopher L. Holm | Ex 15 | 12/7/2021 | reviewed email from partner about the case | 0.3 | $600.00 | $180.00 | $ 331.00 | $ 99.30 | $80.70 |
| Christopher L. Holm | Ex 15 | 11/29/2021 | reviewed email from partner about the case | 0.4 | $600.00 | $240.00 | $ 331.00 | $ 132.40 | $107.60 |
| Christopher L. Holm | Ex 15 | 3/8/2021 | reviewed email from partner about the case | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 3/8/2021 | reviewed email from partner about the case | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 7/28/2021 | reviewed email from partner about the case | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 9/5/2021 | reviewed email from partner about the case | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 9/5/2021 | reviewed email from partner about the case | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 10/19/2021 | reviewed email from partner about the case | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 3/8/2021 | reviewed email from partner about the case | 1 | $600.00 | $600.00 | $ 331.00 | $ 331.00 | $269.00 |
| Christopher L. Holm | Ex 15 | 9/2/2021 | reviewed email from partner about the case | 1 | $600.00 | $600.00 | $ 331.00 | $ 331.00 | $269.00 |
| Christopher L. Holm | Ex 15 | 9/5/2021 | reviewed email from partner about the case | 1 | $600.00 | $600.00 | $ 331.00 | $ 331.00 | $269.00 |
| Christopher L. Holm | Ex 15 | 9/5/2021 | reviewed email from partner about the case | 1 | $600.00 | $600.00 | $ 331.00 | $ 331.00 | $269.00 |
| Christopher L. Holm | Ex 15 | 3/9/2021 | reviewed email from partner about the case | 1.5 | $600.00 | $900.00 | $ 331.00 | $ 496.50 | $403.50 |
| Christopher L. Holm | Ex 15 | 12/1/2021 | reviewed email from partner and attachment about the case | 3 | $600.00 | $1,800.00 | $ 331.00 | $ 993.00 | $807.00 |
| Christopher L. Holm | Ex 15 | 11/30/2021 | reviewed email from partner and attachment about the case | 3.5 | $600.00 | $2,100.00 | $ 331.00 | $ 1,158.50 | $941.50 |

| Biller | Exhibit | Date | Description | Hours Billed | Requested Rate | Total | Adjusted Rate | Adjusted Fees | Fee Difference |
|--------|---------|------|-------------|--------------|----------------|-------|---------------|---------------|----------------|
| Christopher L. Holm | Ex 15 | 11/29/2021 | reviewed email from partner and attachments about the case | 1.5 | $600.00 | $900.00 | $ 331.00 | $ 496.50 | $403.50 |
| Christopher L. Holm | Ex 15 | 12/2/2021 | reviewed email from partner regading MSJ Opposition | 0.3 | $600.00 | $180.00 | $ 331.00 | $ 99.30 | $80.70 |
| Christopher L. Holm | Ex 15 | 12/2/2021 | reviewed email from partner regading MSJ Opposition including attachments | 0.4 | $600.00 | $240.00 | $ 331.00 | $ 132.40 | $107.60 |
| Christopher L. Holm | Ex 15 | 1/21/2022 | reviewed email from partner regarding case | 0.3 | $600.00 | $180.00 | $ 331.00 | $ 99.30 | $80.70 |
| Christopher L. Holm | Ex 15 | 1/21/2022 | reviewed email from partner regarding case | 0.3 | $600.00 | $180.00 | $ 331.00 | $ 99.30 | $80.70 |
| Christopher L. Holm | Ex 15 | 5/26/2022 | reviewed email from partner regarding case | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 5/4/2021 | reviewed email from partner regarding case | 1 | $600.00 | $600.00 | $ 331.00 | $ 331.00 | $269.00 |
| Christopher L. Holm | Ex 15 | 5/5/2021 | reviewed email from partner regarding case | 1 | $600.00 | $600.00 | $ 331.00 | $ 331.00 | $269.00 |
| Christopher L. Holm | Ex 15 | 6/10/2021 | reviewed email from partner regarding case | 1 | $600.00 | $600.00 | $ 331.00 | $ 331.00 | $269.00 |
| Christopher L. Holm | Ex 15 | 6/17/2021 | reviewed email from partner regarding case | 1 | $600.00 | $600.00 | $ 331.00 | $ 331.00 | $269.00 |
| Christopher L. Holm | Ex 15 | 3/21/2022 | reviewed email from partner regarding case management conference | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 6/8/2021 | reviewed email from partner regarding case meeting | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 5/19/2022 | reviewed email from partner regarding case meeting | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 8/3/2022 | reviewed email from partner regarding case meeting | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 7/18/2022 | reviewed email from partner regarding defense expert | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 7/26/2022 | reviewed email from partner regarding expert depositions | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 7/26/2022 | reviewed email from partner regarding expert depositions | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 2/24/2023 | reviewed email from partner regarding expert depositions | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 7/26/2022 | reviewed email from partner regarding expert depositoins | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 2/11/2022 | reviewed email from partner regarding meeting | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |

| Biller | Exhibit | Date | Description | Hours Billed | Requested Rate | Total | Adjusted Rate | Adjusted Fees | Fee Difference |
|---|---|---|---|---|---|---|---|---|---|
| Christopher L. Holm | Ex 15 | 2/4/2021 | reviewed email from partner regarding meeting on 02/03/2021 | 1.5 | $600.00 | $900.00 | $ 331.00 | $ 496.50 | $403.50 |
| Christopher L. Holm | Ex 15 | 2/8/2021 | reviewed email from partner regarding status of Plaintiff's initial disclosure | 1 | $600.00 | $600.00 | $ 331.00 | $ 331.00 | $269.00 |
| Christopher L. Holm | Ex 15 | 11/4/2021 | reviewed email from partner regarding the case | 0.3 | $600.00 | $180.00 | $ 331.00 | $ 99.30 | $80.70 |
| Christopher L. Holm | Ex 15 | 11/5/2021 | reviewed email from partner regarding the case | 0.3 | $600.00 | $180.00 | $ 331.00 | $ 99.30 | $80.70 |
| Christopher L. Holm | Ex 15 | 11/5/2021 | reviewed email from partner regarding the case | 0.3 | $600.00 | $180.00 | $ 331.00 | $ 99.30 | $80.70 |
| Christopher L. Holm | Ex 15 | 11/4/2021 | reviewed email from partner regarding the case and MSJ | 0.3 | $600.00 | $180.00 | $ 331.00 | $ 99.30 | $80.70 |
| Christopher L. Holm | Ex 15 | 10/29/2021 | reviewed email from partner regarding the case and MSJ | 1 | $600.00 | $600.00 | $ 331.00 | $ 331.00 | $269.00 |
| Christopher L. Holm | Ex 15 | 2/21/2024 | reviewed email from partner regarding trial | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 4/28/2021 | reviewed email from partner regarding upcoming case meeting | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 1/21/2022 | reviewed email from partner to expert regarding case | 0.3 | $600.00 | $180.00 | $ 331.00 | $ 99.30 | $80.70 |
| Christopher L. Holm | Ex 15 | 12/11/2019 | reviewed email from partner to opposing counsel regarding filing of second amended complaint | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 5/11/2020 | reviewed email from partner with notes for next firm meeting | 1.5 | $600.00 | $900.00 | $ 331.00 | $ 496.50 | $403.50 |
| Christopher L. Holm | Ex 15 | 2/17/2021 | reviewed email from partner with notes from previous firm meeting | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 4/23/2021 | reviewed email from partner with notes from previous firm meeting | 1.5 | $600.00 | $900.00 | $ 331.00 | $ 496.50 | $403.50 |
| Christopher L. Holm | Ex 15 | 6/10/2021 | reviewed email from patner regarding case | 1 | $600.00 | $600.00 | $ 331.00 | $ 331.00 | $269.00 |
| Christopher L. Holm | Ex 15 | 11/16/2021 | reviewed email from staff about deadline to file MSJ Opposition | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 11/30/2021 | reviewed email from staff about the case | 0.2 | $600.00 | $120.00 | $ 331.00 | $ 66.20 | $53.80 |
| Christopher L. Holm | Ex 15 | 1/10/2022 | reviewed email from staff about the case | 0.2 | $600.00 | $120.00 | $ 331.00 | $ 66.20 | $53.80 |
| Christopher L. Holm | Ex 15 | 11/29/2021 | reviewed email from staff about the case | 0.3 | $600.00 | $180.00 | $ 331.00 | $ 99.30 | $80.70 |
| Christopher L. Holm | Ex 15 | 11/29/2021 | reviewed email from staff about the case | 0.3 | $600.00 | $180.00 | $ 331.00 | $ 99.30 | $80.70 |

| Biller | Exhibit | Date | Description | Hours Billed | Requested Rate | Total | Adjusted Rate | Adjusted Fees | Fee Difference |
|---|---|---|---|---|---|---|---|---|---|
| Christopher L. Holm | Ex 15 | 11/29/2021 | reviewed email from staff about the case | 0.3 | $600.00 | $180.00 | $ 331.00 | $ 99.30 | $80.70 |
| Christopher L. Holm | Ex 15 | 11/30/2021 | reviewed email from staff about the case | 0.3 | $600.00 | $180.00 | $ 331.00 | $ 99.30 | $80.70 |
| Christopher L. Holm | Ex 15 | 11/30/2021 | reviewed email from staff and signed declaration | 0.4 | $600.00 | $240.00 | $ 331.00 | $ 132.40 | $107.60 |
| Christopher L. Holm | Ex 15 | 1/21/2022 | reviewed email from staff regarding experts | 0.2 | $600.00 | $120.00 | $ 331.00 | $ 66.20 | $53.80 |
| Christopher L. Holm | Ex 15 | 11/4/2021 | reviewed email from staff regarding the case | 0.2 | $600.00 | $120.00 | $ 331.00 | $ 66.20 | $53.80 |
| Christopher L. Holm | Ex 15 | 11/5/2021 | reviewed email from staff regarding the case | 0.3 | $600.00 | $180.00 | $ 331.00 | $ 99.30 | $80.70 |
| Christopher L. Holm | Ex 15 | 8/20/2019 | reviewed email from staff regarding the case | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 8/21/2019 | reviewed email from staff regarding the case | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 8/21/2019 | reviewed email from staff regarding the case | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 8/22/2019 | reviewed email from staff regarding the case | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 8/22/2019 | reviewed email from staff regarding the case | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 11/11/2021 | reviewed email from staff regarding the case with attached Order with change to Scheduling Order | 1 | $600.00 | $600.00 | $ 331.00 | $ 331.00 | $269.00 |
| Christopher L. Holm | Ex 15 | 11/30/2021 | reviewed email from staff to expert and attachment included | 0.4 | $600.00 | $240.00 | $ 331.00 | $ 132.40 | $107.60 |
| Christopher L. Holm | Ex 15 | 11/30/2021 | reviewed email from staff to expert and attachment included | 0.4 | $600.00 | $240.00 | $ 331.00 | $ 132.40 | $107.60 |
| Christopher L. Holm | Ex 15 | 3/7/2024 | reviewed email from Stanislaus Superior Court regarding case management conference | 0.3 | $600.00 | $180.00 | $ 331.00 | $ 99.30 | $80.70 |
| Christopher L. Holm | Ex 15 | 4/8/2020 | reviewed email received from Defendant with RFP responses and documetns | 1.5 | $600.00 | $900.00 | $ 331.00 | $ 496.50 | $403.50 |
| Christopher L. Holm | Ex 15 | 1/2/2020 | reviewed email received from PACER regarding case | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 12/2/2021 | reviewed email received from PACER regarding filing of documents for MSJ Opposition | 0.3 | $600.00 | $180.00 | $ 331.00 | $ 99.30 | $80.70 |

| Biller | Exhibit | Date | Description | Hours Billed | Requested Rate | Total | Adjusted Rate | Adjusted Fees | Fee Difference |
|---|---|---|---|---|---|---|---|---|---|
| Christopher L. Holm | Ex 15 | 12/2/2021 | reviewed email received from PACER regarding filing of documents for MSJ Opposition | 0.4 | $600.00 | $240.00 | $ 331.00 | $ 132.40 | $107.60 |
| Christopher L. Holm | Ex 15 | 12/11/2019 | reviewed email received from PACER regarding filing of second amended complaint | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 12/12/2019 | reviewed email received from PACER regarding filing of second amended complaint | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 12/12/2019 | reviewed email received from PACER regarding filing of second amended complaint | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 12/12/2019 | reviewed email received from PACER regarding filing of second amended complaint | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 11/25/2019 | Reviewed email received from staff containing Notice of Removal filed in state court case by Defendants | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 11/22/2019 | Reviewed email received from staff containing Notice of Removal of case to federal court by Defendants | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 2/12/2020 | reviewed email received regarding case | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 2/12/2020 | reviewed email received regarding case | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 4/25/2019 | reviewed email received regarding meeting | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 5/6/2019 | reviewed email received regarding meeting | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 6/3/2019 | reviewed email received regarding meeting | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 7/23/2019 | reviewed email received regarding meeting | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 7/30/2019 | reviewed email received regarding meeting | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 8/6/2019 | reviewed email received regarding meeting | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 8/13/2019 | reviewed email received regarding meeting | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 8/20/2019 | reviewed email received regarding meeting | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |

| Biller | Exhibit | Date | Description | Hours Billed | Requested Rate | Total | Adjusted Rate | Adjusted Fees | Fee Difference |
|---|---|---|---|---|---|---|---|---|---|
| Christopher L. Holm | Ex 15 | 8/27/2019 | reviewed email received regarding meeting | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 9/3/2019 | reviewed email received regarding meeting | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 9/10/2019 | reviewed email received regarding meeting | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 9/17/2019 | reviewed email received regarding meeting | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 9/24/2019 | reviewed email received regarding meeting | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 10/1/2019 | reviewed email received regarding meeting | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 10/8/2019 | reviewed email received regarding meeting | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 10/15/2019 | reviewed email received regarding meeting | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 10/29/2019 | reviewed email received regarding meeting | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 11/5/2019 | reviewed email received regarding meeting | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 11/12/2019 | reviewed email received regarding meeting | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 11/19/2019 | reviewed email received regarding meeting | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 12/4/2019 | reviewed email received regarding meeting | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 12/10/2019 | reviewed email received regarding meeting | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 12/17/2019 | reviewed email received regarding meeting | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 1/14/2020 | reviewed email received regarding meeting | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 1/21/2020 | reviewed email received regarding meeting | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 1/28/2020 | reviewed email received regarding meeting | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 2/5/2020 | reviewed email received regarding meeting | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 2/21/2020 | reviewed email received regarding meeting | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 2/28/2020 | reviewed email received regarding meeting | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |

| Biller | Exhibit | Date | Description | Hours Billed | Requested | Total Rate | Adjusted Rate | Adjusted Fees | Fee Difference |
|---|---|---|---|---|---|---|---|---|---|
| Christopher L. Holm | Ex 15 | 3/10/2020 | reviewed email received regarding meeting | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 3/17/2020 | reviewed email received regarding meeting | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 3/25/2020 | reviewed email received regarding meeting | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 4/2/2020 | reviewed email received regarding meeting | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 4/8/2020 | reviewed email received regarding meeting | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 4/14/2020 | reviewed email received regarding meeting | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 4/22/2020 | reviewed email received regarding meeting | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 4/30/2020 | reviewed email received regarding meeting | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 5/12/2020 | reviewed email received regarding meeting | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 5/21/2020 | reviewed email received regarding meeting | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 5/26/2020 | reviewed email received regarding meeting | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 6/2/2020 | reviewed email received regarding meeting | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 6/9/2020 | reviewed email received regarding meeting | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 6/16/2020 | reviewed email received regarding meeting | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 6/23/2020 | reviewed email received regarding meeting | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 6/30/2020 | reviewed email received regarding meeting | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 7/9/2020 | reviewed email received regarding meeting | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 7/14/2020 | reviewed email received regarding meeting | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 7/23/2020 | reviewed email received regarding meeting | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 7/29/2020 | reviewed email received regarding meeting | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 8/4/2020 | reviewed email received regarding meeting | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |

| Biller | Exhibit | Date | Description | Hours Billed | Requested Rate | Total | Adjusted Rate | Adjusted Fees | Fee Difference |
|---|---|---|---|---|---|---|---|---|---|
| Christopher L. Holm | Ex 15 | 8/11/2020 | reviewed email received regarding meeting | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 8/17/2020 | reviewed email received regarding meeting | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 8/25/2020 | reviewed email received regarding meeting | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 9/4/2020 | reviewed email received regarding meeting | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 9/14/2020 | reviewed email received regarding meeting | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 9/24/2020 | reviewed email received regarding meeting | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 10/1/2020 | reviewed email received regarding meeting | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 10/14/2020 | reviewed email received regarding meeting | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 10/22/2020 | reviewed email received regarding meeting | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 11/3/2020 | reviewed email received regarding meeting | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 11/12/2020 | reviewed email received regarding meeting | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 12/3/2020 | reviewed email received regarding meeting | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 12/29/2020 | reviewed email received regarding meeting | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 2/16/2021 | reviewed email received regarding meeting | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 11/27/2009 | reviewed email received regarding meeting | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 3/3/2021 | reviewed email receiving regarding meeting | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 11/11/2021 | reviewed email regading case meeting | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 3/21/2022 | reviewed email regarding case | 0.2 | $600.00 | $120.00 | $ 331.00 | $ 66.20 | $53.80 |
| Christopher L. Holm | Ex 15 | 2/16/2022 | reviewed email regarding case | 0.3 | $600.00 | $180.00 | $ 331.00 | $ 99.30 | $80.70 |
| Christopher L. Holm | Ex 15 | 6/13/2022 | reviewed email regarding case | 0.3 | $600.00 | $180.00 | $ 331.00 | $ 99.30 | $80.70 |
| Christopher L. Holm | Ex 15 | 6/13/2022 | reviewed email regarding case | 0.3 | $600.00 | $180.00 | $ 331.00 | $ 99.30 | $80.70 |
| Christopher L. Holm | Ex 15 | 6/13/2022 | reviewed email regarding case | 0.3 | $600.00 | $180.00 | $ 331.00 | $ 99.30 | $80.70 |
| Christopher L. Holm | Ex 15 | 3/19/2024 | reviewed email regarding case | 0.3 | $600.00 | $180.00 | $ 331.00 | $ 99.30 | $80.70 |
| Christopher L. Holm | Ex 15 | 6/12/2024 | reviewed email regarding case | 0.3 | $600.00 | $180.00 | $ 331.00 | $ 99.30 | $80.70 |
| Christopher L. Holm | Ex 15 | 4/4/2022 | reviewed email regarding case | 0.4 | $600.00 | $240.00 | $ 331.00 | $ 132.40 | $107.60 |

| Biller | Exhibit | Date | Description | Hours Billed | Requested Rate | Total | Adjusted Rate | Adjusted Fees | Fee Difference |
|---|---|---|---|---|---|---|---|---|---|
| Christopher L. Holm | Ex 15 | 3/22/2019 | Reviewed email regarding case | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 5/4/2021 | reviewed email regarding case | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 5/26/2022 | reviewed email regarding case | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 3/7/2024 | reviewed email regarding case management conference | 0.2 | $600.00 | $120.00 | $ 331.00 | $ 66.20 | $53.80 |
| Christopher L. Holm | Ex 15 | 1/14/2022 | reviewed email regarding case meeting | 0.2 | $600.00 | $120.00 | $ 331.00 | $ 66.20 | $53.80 |
| Christopher L. Holm | Ex 15 | 6/8/2022 | reviewed email regarding case meeting | 0.3 | $600.00 | $180.00 | $ 331.00 | $ 99.30 | $80.70 |
| Christopher L. Holm | Ex 15 | 3/10/2021 | reviewed email regarding case meeting | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 3/24/2021 | reviewed email regarding case meeting | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 4/9/2021 | reviewed email regarding case meeting | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 4/22/2021 | reviewed email regarding case meeting | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 4/28/2021 | reviewed email regarding case meeting | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 5/26/2021 | reviewed email regarding case meeting | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 6/4/2021 | reviewed email regarding case meeting | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 6/23/2021 | reviewed email regarding case meeting | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 7/9/2021 | reviewed email regarding case meeting | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 8/6/2021 | reviewed email regarding case meeting | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 9/8/2021 | reviewed email regarding case meeting | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 11/24/2021 | reviewed email regarding case meeting | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 12/23/2021 | reviewed email regarding case meeting | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 4/28/2022 | reviewed email regarding case meeting | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 5/19/2022 | reviewed email regarding case meeting | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 6/8/2022 | reviewed email regarding case meeting | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |

| Biller | Exhibit | Date | Description | Hours Billed | Requested Rate | Total | Adjusted Rate | Adjusted Fees | Fee Difference |
|---|---|---|---|---|---|---|---|---|---|
| Christopher L. Holm | Ex 15 | 7/1/2022 | reviewed email regarding case meeting | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 8/3/2022 | reviewed email regarding case meeting | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 2/16/2023 | reviewed email regarding case meeting | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 11/23/2020 | reviewed email regarding discovery responses | 2.5 | $600.00 | $1,500.00 | $ 331.00 | $ 827.50 | $672.50 |
| Christopher L. Holm | Ex 15 | 7/16/2019 | Reviewed email regarding fee to be paid to transfers state case from LA County to Stanislaus County | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 7/16/2019 | Reviewed email regarding fee to be paid to transfers state case from LA County to Stanislaus County | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 1/31/2022 | reviewed email regarding meeting | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 2/11/2022 | reviewed email regarding meeting | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 3/8/2022 | reviewed email regarding meeting | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 2/4/2021 | reviewed email regarding meeting from 02/03/2021 | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 2/7/2021 | reviewed email regarding meeting from 02/03/2021 | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 2/4/2023 | reviewed email regarding research on defense experts | 1.5 | $600.00 | $900.00 | $ 331.00 | $ 496.50 | $403.50 |
| Christopher L. Holm | Ex 15 | 2/11/2021 | reviewed email regarding the case | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 2/11/2021 | reviewed email regarding the case | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 2/13/2024 | reviewed email regarding trial exhibits | 1 | $600.00 | $600.00 | $ 331.00 | $ 331.00 | $269.00 |
| Christopher L. Holm | Ex 15 | 11/1/2021 | reviewed email sent by partner to experts with material regading MSJ Opposition | 1.5 | $600.00 | $900.00 | $ 331.00 | $ 496.50 | $403.50 |
| Christopher L. Holm | Ex 15 | 8/19/2019 | Reviewed email with Meet and Confer letter from defense counsel regarding pleadings | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 2/9/2021 | reviewed email with notes from firm meeting | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 4/2/2019 | reviewed follow up email received regarding filing, | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 4/2/2019 | reviewed follow up email received regarding filing, | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 2/18/2019 | Reviewed further email communiation received regarding assignment to prepare complaint | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |

| Biller | Exhibit | Date | Description | Hours Billed | Requested | Total | Adjusted Rate | Adjusted Fees | Fee Difference |
|---|---|---|---|---|---|---|---|---|---|
| Christopher L. Holm | Ex 15 | 7/16/2019 | Reviewed further email from managing attorney regarding fee to be paid to transfers state case from LA County to Stanislaus County | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 2/16/2021 | reviewed further email received regarding meeting | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 3/25/2021 | reviewed further email regarding deposition subpoenas | 1 | $600.00 | $600.00 | $ 331.00 | $ 331.00 | $269.00 |
| Christopher L. Holm | Ex 15 | 4/8/2020 | reviewed materials in Dropbox link received from Defendant with RFP materials and responses. | 4.5 | $600.00 | $2,700.00 | $ 331.00 | $ 1,489.50 | $1,210.50 |
| Christopher L. Holm | Ex 15 | 6/8/2022 | reviewed of email and attachments regarding case | 1.5 | $600.00 | $900.00 | $ 331.00 | $ 496.50 | $403.50 |
| Christopher L. Holm | Ex 15 | 11/26/2021 | reviewed Rule 26 report from expert | 2 | $600.00 | $1,200.00 | $ 331.00 | $ 662.00 | $538.00 |
| Christopher L. Holm | Ex 15 | 11/20/2021 | reviewed sent by partner to other attorneys and materials regarding the case | 2.5 | $600.00 | $1,500.00 | $ 331.00 | $ 827.50 | $672.50 |
| Christopher L. Holm | Ex 15 | 10/18/2024 | reviewed text from partner at trial regarding issue in the case | 0.2 | $600.00 | $120.00 | $ 331.00 | $ 66.20 | $53.80 |
| Christopher L. Holm | Ex 15 | 11/1/2021 | reviewed transcript of Plaintiff | 1.5 | $600.00 | $900.00 | $ 331.00 | $ 496.50 | $403.50 |
| Christopher L. Holm | Ex 15 | 12/2/2021 | reviwed email and attachment from partner regading MSJ Opposition | 2 | $600.00 | $1,200.00 | $ 331.00 | $ 662.00 | $538.00 |
| Christopher L. Holm | Ex 15 | 12/3/2021 | reviwed email from partner about MSJ Opposition | 0.3 | $600.00 | $180.00 | $ 331.00 | $ 99.30 | $80.70 |
| Christopher L. Holm | Ex 15 | 10/29/2021 | saved in server and forwarded all materials related to Defendants MSJ | 1.5 | $600.00 | $900.00 | $ 331.00 | $ 496.50 | $403.50 |
| Christopher L. Holm | Ex 15 | 3/21/2022 | sent email regarding appearance for case management conference in state case | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 2/2/2022 | sent email regarding case | 0.2 | $600.00 | $120.00 | $ 331.00 | $ 66.20 | $53.80 |
| Christopher L. Holm | Ex 15 | 3/9/2021 | sent email regarding case meeting | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 12/2/2021 | sent email regarding filing of MSJ Opposition | 0.2 | $600.00 | $120.00 | $ 331.00 | $ 66.20 | $53.80 |
| Christopher L. Holm | Ex 15 | 12/2/2021 | sent email regarding filing of MSJ Opposition | 0.2 | $600.00 | $120.00 | $ 331.00 | $ 66.20 | $53.80 |
| Christopher L. Holm | Ex 15 | 11/16/2021 | sent email regarding further research into deadline to file MSJ Opposition | 1 | $600.00 | $600.00 | $ 331.00 | $ 331.00 | $269.00 |
| Christopher L. Holm | Ex 15 | 10/29/2021 | sent email regarding Opposition to Motion to Summary Judgment | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 12/6/2021 | sent email to defense counsel's office with Word version of Separate Statement attached | 0.4 | $600.00 | $240.00 | $ 331.00 | $ 132.40 | $107.60 |

| Biller | Exhibit | Date | Description | Hours Billed | Requested Rate | Total | Adjusted Rate | Adjusted Fees | Fee Difference |
|---|---|---|---|---|---|---|---|---|---|
| Christopher L. Holm | Ex 15 | 11/2/2021 | sent email to office staff confirming receipt of Separate Statement email | 0.2 | $600.00 | $120.00 | $ 331.00 | $ 66.20 | $53.80 |
| Christopher L. Holm | Ex 15 | 10/29/2021 | sent email to partner regarding Opposition to MSJ | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 11/30/2021 | Sent email to partners about the case | 0.2 | $600.00 | $120.00 | $ 331.00 | $ 66.20 | $53.80 |
| Christopher L. Holm | Ex 15 | 11/30/2021 | Sent email to partners about the case | 0.2 | $600.00 | $120.00 | $ 331.00 | $ 66.20 | $53.80 |
| Christopher L. Holm | Ex 15 | 11/20/2021 | Sent email to partners about the case | 0.3 | $600.00 | $180.00 | $ 331.00 | $ 99.30 | $80.70 |
| Christopher L. Holm | Ex 15 | 11/20/2021 | Sent email to partners about the case | 0.3 | $600.00 | $180.00 | $ 331.00 | $ 99.30 | $80.70 |
| Christopher L. Holm | Ex 15 | 12/6/2021 | sent email to staff about the case | 0.2 | $600.00 | $120.00 | $ 331.00 | $ 66.20 | $53.80 |
| Christopher L. Holm | Ex 15 | 11/4/2021 | sent email to stall regarding coordination of meeting about MSJ Opposition | 0.3 | $600.00 | $180.00 | $ 331.00 | $ 99.30 | $80.70 |
| Christopher L. Holm | Ex 15 | 10/29/2021 | Sent email with confirmaiton of deadline to file MSJ Opposition | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 10/29/2021 | Sent further email regarding confirmation of deadline to file MSJ Opposition | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 10/18/2024 | sent research to parnter regarding trial issue with attachments | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 11/4/2021 | sent response to email from staff regarding the case | 0.3 | $600.00 | $180.00 | $ 331.00 | $ 99.30 | $80.70 |
| Christopher L. Holm | Ex 15 | 3/6/2019 | Started drafting complaint- researched law | 4 | $600.00 | $2,400.00 | $ 331.00 | $ 1,324.00 | $1,076.00 |
| Christopher L. Holm | Ex 15 | 2/21/2024 | telephone meeting with partner and defense counsel regarding trial exhibits | 1 | $600.00 | $600.00 | $ 331.00 | $ 331.00 | $269.00 |
| Christopher L. Holm | Ex 15 | 3/12/2024 | text and telephonic communication with partner regarding trial issues | 1 | $600.00 | $600.00 | $ 331.00 | $ 331.00 | $269.00 |
| Christopher L. Holm | Ex 15 | 3/12/2024 | text communication with partner regarding trial issues | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 10/18/2024 | text communication with partner regarding trial issues | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 11/30/2021 | Updated Separate Statement for MSJ Opposition | 1.5 | $600.00 | $900.00 | $ 331.00 | $ 496.50 | $403.50 |
| Christopher L. Holm | Ex 15 | 3/16/2019 | Worked on drafting complaint and all required attachments (summons, civil case cover sheet, and local forms | 0.5 | $600.00 | $300.00 | $ 331.00 | $ 165.50 | $134.50 |
| Christopher L. Holm | Ex 15 | 12/2/2021 | Worked on MSJ Opposition with Partner including Points and Authorities | 4 | $600.00 | $2,400.00 | $ 331.00 | $ 1,324.00 | $1,076.00 |

| Biller | Exhibit | Date | Description | Hours Billed | Requested Rate | Total | Adjusted Rate | Adjusted Fees | Fee Difference |
|---|---|---|---|---|---|---|---|---|---|
| Christopher L. Holm | Ex 15 | 12/2/2021 | Worked on MSJ Opposition with Partner including Points and Authorities | 5 | $600.00 | $3,000.00 | $ 331.00 | $ 1,655.00 | $1,345.00 |
| Christopher L. Holm | Ex 15 | 12/1/2021 | Worked on MSJ Opposition with Partner including Points and Authorities | 8 | $600.00 | $4,800.00 | $ 331.00 | $ 2,648.00 | $2,152.00 |
| Christopher L. Holm | Ex 15 | 11/20/2021 | worked on Separate Statement for MSJ Opposition | 6.5 | $600.00 | $3,900.00 | $ 331.00 | $ 2,151.50 | $1,748.50 |
| | | | | 471.5 | | $282,900.00 | | $156,066.50 | $126,833.50 |

EXHIBIT 13

Mary C. Meinhard RN-BC, BS, JD, CLCP, MSC-C, LNC-C
Certified Life Care Planner
Medicare Set-Aside Consultant – Certified
Board Certified Nurse Case Manager
Legal Nurse Consultant - Certified
Mary Meinhard & Associates Medical/Legal Consulting, Inc.
P.O. Box 704
June Lake, CA  93529

# *Life Care Plan*

ATTORNEYS:      Angel Carruzco, Jr., Esq.
                Kent Henderson, Esq.
                Carruzco Law, APC
                18301 Irvine Boulevard
                Tustin, CA  92780

RE:             Francisco Hurtado

DATE PREPARED:  November 2023

PREPARED BY:    Mary C. Meinhard, RN-BC, BS, JD, CLCP, LNC-C, MSC-C
                Certified Life Care Planner
                Legal Nurse Consultant - Certified
                Medicare Set-Aside Consultant-Certified
                Board Certified Nurse Case Manager

IN CONJUNCTION/   Review of Available Medical Records
CONSULTATION      Zoom Interview/Assessment with Francisco Hurtado and Priscilla Macias on 06/22/21
WITH:             Recommendations/Opinions derived from Medical Record Review/Summary
                  Recommendations/Opinions Provided by Joshua Prager, MD, MS (Treating Internist/Anesthesiologist)
                  Telephone Conferences with Joshua Prager, MD, MS on November 16, 2021, and November 30, 2021
                  Recommendations/Opinions Provided by Christopher Stephenson, MD (Treating Physiatrist)
                  Telephone Conference with Christopher Stephenson, MD on November 10, 2021, and October 18, 2023
                  Recommendations/Opinions Provided by Marilyn S. Jacobs, Ph.D., ABPP (Clinical Psychologist)

EXHIBIT
5

**DIAGNOSES**

***Status Post High-Speed Rollover Motor Vehicle Accident and Police Shooting with Multiple Gunshot Wounds*** *(i.e., Right Medial Ankle x 2, Right Lateral Ankle x 2; Right Heel x 2; Right Lateral Thigh x 2, Right Medial Groin x 1, Right Buttocks x 2, Peri-Rectal Area x 1),* **resulting in Multiple Traumatic Injuries, including, but not limited to**: Loss of Consciousness; Hypotension; Shattered Distal Tibia with Disruption of the Mortise Space and Significant Bone Loss; Type I or Type II Open, Comminuted Distal Right Tibia Fracture; Closed, Non-Displaced Right Pelvic/Inferior Rami Fracture; Right Lower Extremity Vascular Injury; Anterior Tibial Artery Injury; Insensate Right Foot; Grade 2 Open Right Tibial Pilon Fracture Secondary to Gunshot Wounds; Retained Right Thigh and Right Ankle Bullet Fragments; Complex ~5 cm Right Ankle Wound; Status Post Open Fixation of Right Tibial Pilon Fracture; Debridement of Open Right Distal Tibia Fracture Including Skin, Subcutaneous Tissue and Bone; Complex Right Ankle Wound Closure (~5 cm); Postoperative Anemia, Necessitating Transfusion of Packed Red Blood Cells (PRBC's) x 2; Severe Cervical, Thoracic, and Lumbar Spinal Pain; Severe Bilateral Hand Pain; Segmental and Somatic Dysfunction of the Cervical, Thoracic, Lumbar, Pelvic and Sacral Regions; Chronic Right Ankle Joint Pain/Swelling/Stiffness; Chronic Right Heel Pain; Gait Abnormality; Unsteady Gait; Impaired Balance; Impaired Mobility with Right-Sided Antalgic Gait; Chronic, Severe Right Ankle/Pain; Histrionic/Erratic Behaviors Secondary to Chronic, Severe Pain (e.g., Screaming, Moaning, Shaking/Trembling, Carrying Water Bottle to Splash Face/Extremities; Wearing Bilateral Gloves, etc.); Decreased Right Calf Sensation; Right Lower Extremity Peripheral Nerve Injury, Most Likely Due to Gunshot; Severely Cachectic Right Lower Extremity with Severe Muscle Wasting/Atrophy; Right Ankle Plantar Flexion Contracture; Chronic Right Lower Extremity Weakness; Chronic, Severe Right Lower Extremity Neuropathic Pain; Chronic Right Lower Extremity Numbness/Tingling; Right Lower Extremity Complex Regional Pain Syndrome (CRPS) Type I; Early Posttraumatic Tibio-Talar Arthritis; Significant Tibio-Talar Joint Disuse Osteopenia; Dorsalgia; Myalgia; Status Post Lumbar Sympathetic Ganglion Blocks x 4; Status Post Mental Health Ketamine Infusions x 4; Status Post CRPS Ketamine Infusions x 3; Chronic Posttraumatic Stress Disorder (PTSD); Severe Anxiety; Labile Affect; Emotional Lability; Uncontrollable Crying; Irritability; Hopelessness; Impaired Concentration/Attention/Focus; Impaired Memory; Confusion; Drowsiness/Fatigue; Noise Sensitivity; Perseveration; Cognitive Dysfunction; Altered Mood; Depression; Sleep Disruption Secondary to Severe Chronic Pain and Nightmares; Undifferentiated Somatoform Disorder; Major Depressive Disorder, Single Episode, Severe, Without Psychotic Features; Cannabis Abuse, Uncomplicated; Impaired Activities of Daily Living; Impaired Instrumental Activities of Daily Living.

**PRE-MORBID DIAGNOSES:**

Tobacco Dependency; Polysubstance Dependence, Excluding Opioids.

**LIFE EXPECTANCY**

The most recent life expectancy data for the Total Population published by the United States Department of Health and Human Services, Centers for Disease Control, (i.e., National Vital Statistics Reports, Volume 71, Number 1, dated August 8, 2022) projects a life expectancy of 52.1 years (Total Population), or to 78.1 years of age. Christopher Stephenson, MD (Treating Physiatrist) opined that Mr. Hurtado's has a life expectancy of an additional 56-66 years (an average of 61 more years), or to age 87. For purposes of this Life Care Plan, both figures were averaged, resulting in a life expectancy of 56.5 more years, or to age 82.5

**TABLE OF CONTENTS**

| | |
|---|---|
| Future Procedural / Surgical Intervention | Pages 4-9 |
| Home Care / Personal Care Attendant/Driver | Pages 10-12 |
| Projected Outpatient Rehabilitation Programs / Evaluations | Pages 13-16 |
| Routine Future Medical Care | Pages 17-19 |
| Diagnostic Testing | Pages 20-21 |
| Projected Therapeutic Modalities /Palliative Treatment | Page 22-23 |
| Architectural Renovations | Page 23 |
| Psychological Services | Pages 24-25 |
| Orthotics / Orthopedic Equipment | Pages 26 |
| Wheelchair Needs / Accessories | Pages 27-28 |
| Aids for Independent Function | Page 28 |
| Home Furnishings /Modifications / Accessories | Pages 29-30 |
| Financial Needs | Page 30 |
| Medications | Page 31 |
| Transportation Needs | Page 32 |

A Life Care Plan (LCP) is a dynamic document based upon published standards of practice, comprehensive assessment, data analysis, and research. It provides an organized, concise plan for current and future needs, with associated costs, for individuals who have experienced catastrophic injury or have chronic health care needs.  *(IALCP – International Academy of Life Care Planners, 2003.  Definition established during the 2000 Life Care Planning summit).*

Through the development of a comprehensive LCP, a clear, concise and sensible presentation of the complex requirements of the patient are identified as a means of documenting current and future medical needs for individuals who have experienced catastrophic injury or have chronic health care needs. The goals of a comprehensive LCP are to: improve and maintain the clinical state of the patient; prevent secondary complications; provide the clinical and physical environment for optimal recovery; provide support for the family; and, to provide a disability management program aimed at preventing unnecessary complications and minimizing long-term needs.

***LIFE CARE PLAN RECOMMENDATIONS MAY BE AMENDED AS ADDITIONAL INFORMATION BECOMES AVAILABLE AND/OR IN THE EVENT MR. HURTADO'S CONDIITON WORSENS OR CHANGES.***

Thank you for this opportunity to be of service with this case, and please feel free to contact me directly with any questions.

Very truly yours,

*Mary C. Meinhard*

Mary C. Meinhard RN-BC, BS, JD, CLCP, MSC-C, LNCC
Mary Meinhard & Associates Medical Legal Consulting, Inc.
(760) 648-1115

*November 2023*
*Growth Trend to be Determined by Economist*

Mary Meinhard & Associates, Inc.
P.O. Box 704
June Lake, California  93529
(760) 648-1115

# *Life Care Plan*
## *Francisco Hurtado*

Date of Birth:      December 11, 1997
Date of Injury:     March 15, 2018
Date Prepared:      December 2021
Diagnoses:          See Page 2

## Future Procedural / Surgical Intervention

| Item/Service | Age | Year | Frequency | Purpose | Cost | Comment | Recommended By |
|---|---|---|---|---|---|---|---|
| Prolotherapy Injections (HCPCS M0076) | 26 | Beginning 2023 / Ending Life Expectancy | **First year**: 5-7 sessions **Thereafter**: 1-3 sessions per year | Regenerative injection therapy or proliferation therapy to reduce stiffness and pain while increasing strength/mobility for joint, muscle, and tissue repair by producing new collagen tissue. | **Per Session:** $4,500.00 | Cost per Christopher Stephenson, MD (Treating Physiatrist). Each session includes charge for office visit and multiple injections to one area at a time (i.e., low back, pelvis, shoulders, knees, ankles, etc.). | Christopher Stephenson, MD (Treating Physiatrist) |
| **Outpatient Treatment:** Initiation Ketamine Infusions | 26 | Beginning 2023 / Ending Life Expectancy | 3 infusions per week, 2 x/year | Alleviate pain secondary to severe Chronic Regional Pain Syndrome (CRPS) Type 1; alleviate severe Anxiety, and Posttraumatic Stress Disorder (PTSD) symptoms; promote functional mobility; improve quality of life. | **Per Infusion:** $3,642.00- $7,488.00 | Medical records document completion of  four (4) Mental Health Infusions and three (3) CRPS infusions with benefit. | Christopher Stephenson, MD (Treating Physiatrist) |

Mr. Hurtado sustained multiple gunshot wounds including four (4) to the right medal/lateral ankle, two (2) to his right heel and two (2) to his right lateral thigh, resulting in a right open comminuted/shattered distal tibia fracture with disruption of the mortise space and significant bone loss; retained right thigh/ankle bullet fragments; constant, severe, chronic, burning/stabbing right lower extremity pain/neuropathic pain, currently rated at 5-10+/10, and extending into his right foot/heel/toes; right lower extremity cachexia with severe atrophy/muscle wasting; significantly shorter right leg when compared to the left; and a right ankle plantar flexion contracture with right foot drop resulting in the inability to walk without an assistive device. He has been diagnosed with severe Chronic Regional Pain Syndrome (CRPS) which causes excruciating right lower extremity/foot/heel pain when using the muscles in his hands/fingers (i.e., opening/closing his hands, letting go after opening a jar, etc.), exposure to heat *("feels like my whole leg is in flames"*), routine daily activities/movement, cutting his toenails, and touching/being touched. Treatment has been limited to sympathetic nerve blocks; prescription medications (i.e., Gabapentin, Norco); chiropractic treatment; successful completion of a Ketamine Trial; and outpatient Ketamine infusions. According to Joshua Prager, MD (Mr. Hurtado's treating Internist/Anesthesiologist), *"Mr. Hurtado is considered a florid case of CRPS in that he has signs from all four (4) categories and some of the signs are extremely dramatic such as the tropic nails of the foot".*

Ketamine—a strong anesthetic—is given intravenously for several days to either reduce substantially or eliminate the chronic pain of Chronic Regional Pain Syndrome (CRPS).  In certain clinical settings, ketamine has been useful in treating pain that does not respond well to other treatments, as has been the case with Mr. Hurtado. Source: https://www.ninds.nih.gov/Disorders/Patient-Caregiver-Education/Fact-Sheets/Complex-Regional-Pain-Syndrome-Fact-Sheet%20l.

Mary Meinhard & Associates, Inc.
P.O. Box 704
June Lake, California  93529
(760) 648-1115

*Life Care Plan*
*Francisco Hurtado*

Date of Birth:      December 11, 1997
Date of Injury:     March 15, 2018
Date Prepared:  December 2021
Diagnoses:          See Page 2

## Future Procedural / Surgical Intervention

| Item/Service | Age | Year | Frequency | Purpose | Cost | Comment | Recommended By |
|---|---|---|---|---|---|---|---|
| **Outpatient Treatment:** Ketamine *"Booster" Infusions*\* | Beginning 26   2023 / Ending Life Expectancy | | 2 infusions per month | Address flares of pain secondary to severe Chronic Regional Pain Syndrome (CRPS) Type 1; control severe Anxiety, Depression, and Posttraumatic Stress Disorder (PTSD) symptoms; improve significantly impaired functional mobility and quality of life. | **Per Infusion** $3,642.00-$7,488.00 | See comments, below. | Christopher Stephenson, MD (Treating Physiatrist) |
| **Inpatient Hospitalization:** Infusion of Local Anesthetic via Epidural Catheter: *In Conjunction with Future Surgical Intervention*\*\* | Beginning 26   2023 / Ending Life Expectancy | | ***In conjunction with*** each surgical procedure, i.e., 3 times | Alleviate acute pain exacerbation secondary to CRPS. | **Per Hospitalization:** $5,000.00 | See comments, below. Cost provided by Joshua Prager, MD | Joshua Prager, MD (Anesthesiologist/Pain Management) |

\*Ketamine "booster" infusions have proven effective in patients, such as Mr. Hurtado, with severe, intractable, CRPS. Most of these patients, again like Mr. Hurtado, have failed all reasonable treatment options for CRPS. Ketamine booster infusions are likely to lead to fewer emergency room visits for these extremely difficult and serious cases of CRPS. Source: http://rsdfoundation.org/en/Ketamine_Treatment.html.

Ketamine has been shown to result in a near complete resolution of PTDS symptoms over the short term. These clinical improvements are immediate and last well beyond the half-life of ketamine but unfortunately are transient lasting 1–2 weeks. Source: https://www.ncbi.nlm.nih.gov/pmc/articles/PMC6457782/

Mary Meinhard & Associates, Inc.
P.O. Box 704
June Lake, California  93529
(760) 648-1115

*Life Care Plan*
*Francisco Hurtado*

Date of Birth:        December 11, 1997
Date of Injury:       March 15, 2018
Date Prepared:        December 2021
Diagnoses:            See Page 2

## Future Procedural / Surgical Intervention

| Item/Service | Age | Year | Frequency | Purpose | Cost | Comment | Recommended By |
|---|---|---|---|---|---|---|---|
| **Surgical Intervention**: *Right Ankle Arthroscopic Surgery* | Beginning 26   2023 | Ending Life Expectancy | 1-3 times over life expectancy | Debride scar tissue; relieve pain; promote independent mobility. | **Per Unit\*** $44,144.00- $235,677.00  *Range includes limited versus extensive procedure. | See comments, page 4.  *Cost includes overnight inpatient admission for prophylactic administration of local anesthetic via epidural catheter to prevent acute CRPS exacerbation. | Christopher Stephenson, MD (Treating Physiatrist) |
| **Surgical Intervention**: *Right Ankle Contracture Release* | Beginning 26   2023 | Ending Life Expectancy | 1-time expense | Release plantar flexion contracture resulting in right foot drop; promote independent mobility. | **Per Unit\*** $43,263.00- $232,838.00 | See comments, page 4.  *Cost includes overnight inpatient admission for prophylactic administration of local anesthetic via epidural catheter to prevent acute CRPS exacerbation. | Christopher Stephenson, MD (Treating Physiatrist) |
| **Outpatient Procedure:** *Lumbar Sympathetic Block* | Beginning 26   2023 | Ending Life Expectancy | 6 times over life expectancy | Alleviate severe pain secondary to severe Chronic Regional Pain Syndrome (CRPS) Type 1; improve significantly impaired functional mobility and quality of life. | **Per Unit** $8,939.00- $21,173.00 | Cost range includes unilateral versus bilateral procedures.  Medical records document Lumbar Sympathetic Blocks x 4 with benefit. | Joshua Prager, MD (Treating Anesthesiologist/Pain Management) |

A good response to Sympathetic Nerve Blocks is indicative of a positive response to SCS trial and long-term pain relief after permanent SCS placement. *Source:* *https://www.ncbi.nlm.nih.gov/pubmed/12943579.* Mr. Hurtado has undergone four (4) Lumbar Sympathetic Nerve Blocks thus far with the report of temporary benefit, lasting up to six (6) months.

Mary Meinhard & Associates, Inc.
P.O. Box 704
June Lake, California  93529
(760) 648-1115

# *Life Care Plan*
## *Francisco Hurtado*

Date of Birth:      December 11, 1997
Date of Injury:     March 15, 2018
Date Prepared:   December 2021
Diagnoses:          See Page 2

## Future Procedural / Surgical Intervention

| Item/Service | Age | Year | Frequency | Purpose | Cost | Comment | Recommended By |
|---|---|---|---|---|---|---|---|
| **Outpatient Procedure:** *Spinal Cord Stimulator Trial\** | Beginning 27 2024 / Ending 27 2024 | | 1 time expense | Alleviate severe pain secondary to severe Chronic Regional Pain Syndrome (CRPS) Type 1; improve significantly impaired functional mobility and quality of life. | **Per Unit** $63,731.00 | *Need contingent upon favorable response to recommended psychotherapy, Cymbalta, and psychiatric clearance. | Joshua Prager, MD (Treating Anesthesiologist/Pain Management) |
| **Outpatient Procedure:** *Initial Implantation of Spinal Cord Stimulator (SCS)\*\** | Beginning 27 2024 / Ending 27 2024 | | 1 time expense | Alleviate severe pain secondary to severe Chronic Regional Pain Syndrome (CRPS) Type 1; improve significantly impaired functional mobility and quality of life. | **Per Unit** $161,246.00 | After the trial period, permanent implantation is performed approximately two (2) weeks later to ensure there has been no infection. Source: https://www.uptodate.com | Joshua Prager, MD (Treating Anesthesiologist/Pain Management) |
| **Outpatient Procedure:** *Replacement of Spinal Cord Stimulator (Internal Pulse Generator)\*\*\** | Beginning 37 2034 / Ending 37 2024 | | 1 time every 10 years | Maintain functioning neurostimulator. | **Per Unit** $57,526.00 | Replacement frequency varies depending on whether the stimulator is chargeable or non-rechargeable. Stated frequency of 3.5 years per Joshua Prager, MD. | Joshua Prager, MD (Treating Anesthesiologist/Pain Management) |

*Trial is conducted to test the effect on pain control and tolerability prior to permanent implantation. A trial is considered successful when it results in 50% or more pain relief with improved activity.

**Need contingent upon psychiatric clearance and successful Spinal Cord Stimulator Trial. Spinal Cord Stimulation (SCS) is a neuromodulation technique that is used to treat neuropathic and sympathetically mediated chronic pain. SCS involves percutaneous or surgical implantation of electrodes in the epidural space with power supplied by an implanted battery. Pain relief can often be realized for days or even weeks after the stimulation has been turned off.  (*Source: https://www.uptodate.com: Spinal Cord Stimulation: Placement and Management).*

****Need contingent upon Implantation of permanent Spinal Cord Stimulator.

*November 2023*
*Growth Trend to be Determined by Economist*

Mary Meinhard & Associates, Inc.
P.O. Box 704
June Lake, California  93529
(760) 648-1115

## *Life Care Plan*
### *Francisco Hurtado*

Date of Birth:     December 11, 1997
Date of Injury:    March 15, 2018
Date Prepared:     December 2021
Diagnoses:         See Page 2

## Future Procedural / Surgical Intervention

| Item/Service | Age | Year | Frequency | Purpose | Cost | Comment | Recommended By |
|---|---|---|---|---|---|---|---|
| **Outpatient Procedure:** *Spinal Cord Stimulator (SCS) Lead Revision\** | Beginning 27   2024 / Ending Life Expectancy | | 1 time over life expectancy | Maintain functioning neurostimulator; ensure appropriate pain coverage. | **Per Unit** $28,232.00 | Lead migration with loss of appropriate pain coverage is one of the most common complications with Spinal Cord Stimulation and is a frequent reason for lead revision. *Source:* https://www.uptodate.com: *Spinal Cord Stimulation: Placement and Management.* | Joshua Prager, MD (Treating Anesthesiologist/Pain Management) |
| **Outpatient Procedure:** *Spinal Cord Stimulator (SCS) Analysis and Programming♦\** | Beginning 27   2024 / Ending Life Expectancy | | 4 times first year; then, 1 time every year | Adjust electrical pulse amplitude, pulse width and pulse rate to achieve the best possible therapeutic results. | **Per Unit\*** $228.00- $1,838.00 | See comments, below.  \*Cost range includes charges for physician's office versus outpatient facility setting. | Joshua Prager, MD (Treating Anesthesiologist/Pain Management) |
| Pre-operative Clearance | Beginning 26   2023 / Ending Life Expectancy | | Total of 3 times: *In conjunction with* recommended surgeries | Hospital protocol; stratify risk for surgery; assess anesthesia risk/choices; guide postoperative care. | **Per Unit** $961.00- $1,011.00 | Unit cost includes, but is not limited to: CBC, CMP, PT/PTT, chest x-ray, EKG, urinalysis, internal medicine clearance, etc. | Hospital Requirement  Christopher Stephenson, MD (Treating Physiatrist)  Mary Meinhard, RN-BC, BS, JD, CLCP, LNC-C, MSC-C |

\*Need contingent upon implantation of Spinal Cord Stimulator.

♦The physician may create programming groups that are customized for a specific activity, pain area, or pain type. An external programmer communicates with the neurostimulator by sending/receiving signals. The components must be properly synchronized to make any stimulation changes.

8

Mary Meinhard & Associates, Inc.
P.O. Box 704
June Lake, California  93529
(760) 648-1115

## *Life Care Plan*
### *Francisco Hurtado*

Date of Birth:      December 11, 1997
Date of Injury:     March 15, 2018
Date Prepared:      December 2021
Diagnoses:          See Page 2

## Future Procedural / Surgical Intervention

| Item/Service | Age        Year | Frequency | Purpose | Cost | Comment | Recommended By |
|---|---|---|---|---|---|---|
| Ambulance Transportation | Beginning 26      2023 / Ending Life Expectancy | Allow 0-1 transports over life expectancy | Impaired gait and balance, with risk of falls/fractures; and, at risk for: deep vein thrombosis with reduced mobility; infections with CRPS; cardiovascular complications with reduced mobility; drowsiness/dizziness with prescription of Prozac and Propranolol; etc. | **Per Transport** $1,543.00-$1,687.00 | See comments, pg. 10 | Christopher Stephenson, MD (Treating Physiatrist) Mary Meinhard, RN-BC, BS, JD, CLCP, LNC-C, MSC-C |
| Emergency Room Visits | Beginning 26      2023 / Ending Life Expectancy | Allow 0-1 visits over life expectancy | See comments, above. | **Per Visit** $3,139.00-$6,679.00 | See comments, below. | Christopher Stephenson, MD (Treating Physiatrist) Mary Meinhard, RN-BC, BS, JD, CLCP, LNC-C, MSC-C |
| Hospital Confinements | Beginning 26      2023 / Ending Life Expectancy | Allow 0-1 incident-related confinements over life expectancy | See comments, above. | **Per Day:** $1,624.00-$2,325.00 **Per Confinement**: $4,872.00-$6,975.00 | See comments, below. Estimated length of stay: 2-4 days. | Christopher Stephenson, MD (Treating Physiatrist) Mary Meinhard, RN-BC, BS, JD, CLCP, LNC-C, MSC-C |

When interviewed, Mr. Hurtado described his balance as *"messed up - I'm always falling"*, with the report of non-injury falls and/or near falls 4 x/week, both at home and when mobilizing in the community. He was wheelchair bound for 1.5-2 years after the subject accident, utilizing a borrowed wheelchair, and gradually progressed to using under-arm crutches. He reported wearing out eight (8) sets of crutches over the last 1.5-2 years, with significant, chronic bilateral underarm bruising secondary to crutch dependence. He currently uses Mobileg crutches, prescribed by Joshua Prager, MD, to prevent CRPS from spreading to his bilateral upper extremities. At the time of the subject incident, Mr. Hurtado weighed 140 pounds, was physically active, and stayed in *"perfect"* shape by playing soccer, football, and competitive wrestling. He loved to swim, ride his bicycle, and was planning to start snowboarding. He related that he now weighs 115 pounds, a 25-pound weight loss since the subject incident, and he can no longer participate in any of the pre-incident activities he once enjoyed. He is able to float in a pool or at the Modesto Lake Reservoir and described how he does this: *"I go in the water up to where I can float and someone takes my sticks (i.e., crutches) and then I can float"*. To get out of the water, *"I drag myself to be on my stomach to the shore and someone brings me my sticks"*.

Mary Meinhard & Associates, Inc.
P.O. Box 704
June Lake, California  93529
(760) 648-1115

# *Life Care Plan*
## *Francisco Hurtado*

Date of Birth:      December 11, 1997
Date of Injury:     March 15, 2018
Date Prepared:   December 2021
Diagnoses:          See Page 2

## Home Care / Home Maintenance: Agency Hire Personal Care Attendant

| Item/Service | Age | Year | Frequency | Purpose | Cost | Comment | Recommended By |
|---|---|---|---|---|---|---|---|
| Instrumental Activities of Living (IADLs) Assistant/Home Health Aid (HHA) | Beginning 26      2023 / Ending Life Expectancy | | 8 hours per day, 7 days per week  x 365 days/year | Provide assistance with daily personal needs; laundry; grocery shopping; meal preparation; light housekeeping; activities; assist with transportation needs; provide medication reminders. | **Per Hour** $33.00-$38.00 per hour x 358 days/year ***plus*** $49.50-$57.00 per hour x 7 days/year | Agencies contacted charge overtime for 7 holidays per year; no weekend or nighttime differential.<br><br>See comments, below. | Christopher Stephenson, MD (Treating Physiatrist)<br><br>Mary Meinhard, RN-BC, BS, JD, CLCP, LNC-C, MSC-C |

Mr. Hurtado sustained multiple gunshot wounds including four (4) to the right medal/lateral ankle, two (2) to his right heel and two (2) to his right lateral thigh, resulting in an open comminuted/shattered distal tibia fracture with disruption of the mortise space and significant bone loss; retained right thigh/ankle bullet fragments; constant, severe, chronic, burning/stabbing right lower extremity pain/neuropathic pain, rated at 5-10+/10, and extending into his right foot/heel/toes; right lower extremity cachexia with severe atrophy/muscle wasting; significantly shorter right leg when compared to the left; and a right ankle plantar flexion contracture with right foot drop. He has been diagnosed with severe Chronic Regional Pain Syndrome (CRPS) which causes excruciating right lower extremity/foot/heel pain when using the muscles in his hands/fingers (i.e., opening/closing his hands, letting go after opening a jar, etc.), exposure to heat *("feels like my whole leg is in flames"*), routine daily activities/movement, cutting his toenails, and touching/being touched (i.e., *"if I touch my face, it makes my right heel have pain"; "if anyone touches me it makes my right leg, ankle, foot, and heel have pain"*). He carries a water bottle to splash himself, swishes water in his mouth, and/or wets his face with moist baby wipes to distract himself from the severe pain and, until recently, constantly wore rubber gloves in order to tolerate touching his children, family members, and objects. Walking distance, unlimited pre-incident, is now limited to a maximum of one (1) block using Mobilegs crutches as *"my right foot will not straighten out to go flat on the ground"* and *"I feel like my right ankle is going to snap if I step on it"*. Lifting/carrying ability was estimated at ~60 pounds pre-incident and is now nil, as he cannot lift or carry anything while simultaneously using crutches. Dependence on crutches for mobility also prevents him from being able to perform household chores, other than standing at the sink to wash dishes while supporting himself on the counter. He drove independently pre-incident and is now totally dependent for all of his transportation needs as he cannot use his right leg to operate the gas or the brake.  He avoids stairs in public places, as he has to *"crawl up on my knees like a baby"* and *"sit on my butt to crawl down"*. Mr. Hurtado's physical limitations are compounded by his diagnosis of Posttraumatic Stress Disorder (PTSD) resulting in multiple emotional/cognitive deficits (e.g., depression, labile affect, impaired concentration/memory/focus, angry outbursts, fatigue, severe anxiety, uncontrollable crying, perseveration, altered mood, etc.), and together these physical/cognitive/emotional limitations significantly interfere with Mr. Hurtado's ability to responsibly/safely care for his three children and to perform routine instrumental activities of daily living (IADLs), such as grocery shopping, managing finances/paying bills, meal preparation and clean up, household chores, home maintenance, managing communications (telephone calls/mail), managing medications, and running errands/fulfilling other shopping needs, such as for clothing or other items. According to Priscilla Macias (Mr. Hurtado's fiancé), the subject incident "*drained*" Mr. Hurtado and *"broke him"* – *"I never saw him cry before"* and *"there are days he is so bummed out and just wants to sleep"*.  She related, *"I have to do everything by myself now"*.

Mr. Hurtado's treating psychiatrist (Christopher Fischer, MD) documented, *"Francisco appears to be highly functionally impaired from the CRPS as well as severe symptoms of PTSD"*.

Mary Meinhard & Associates, Inc.
P.O. Box 704
June Lake, California   93529
(760) 648-1115

# *Life Care Plan*
## *Francisco Hurtado*

Date of Birth:        December 11, 1997
Date of Injury:      March 15, 2018
Date Prepared:   December 2021
Diagnoses:           See Page 2

## Home Care / Home Maintenance: Agency Hire Personal Care Attendant

| Item/Service | Age | Year | Frequency | Purpose | Cost | Comment | Recommended By |
|---|---|---|---|---|---|---|---|
| Registered Nurse | Beginning 26    2023<br><br>Ending Life Expectancy | | 2-4 hours per month | Supervise caregivers; medication set-up; assess overall health. | **Per Hour** $350.00-$620.00 | See comments, below.<br><br>Mr. Hurtado takes several prescription medications, including a topical compounded cream consisting of gabapentin, lidocaine, amitriptyline, DMSO and cyclobenzaprine. | Christopher Stephenson, MD<br>(Treating Physiatrist)<br><br>Mary Meinhard, RN-BC, BS, JD, CLCP, LNC-C, MSC-C |
| Family Day Care / Nanny | Beginning 26    2023<br><br>Ending 38    2035 | | 8 hours day/5 days/week, **minus ~2,340 hours per year** for time attending Kindergarten through 8ᵗʰ Grade beginning in 2027* | Assistance with childcare. | **Per Hour** $16.00-$23.00 | See comments, below.<br><br>Childcare assistance is recommended for Mr. Hurtado's youngest child **without offset to age 5** and until this child reaches 13 years of age. | Christopher Stephenson, MD<br>(Treating Physiatrist)<br><br>Mary Meinhard, RN-BC, BS, JD, CLCP, LNC-C, MSC-C |

Home health aides (HHAs) employed by home health agencies are allowed to provide support for ADLs and IADLs. Medical and nursing tasks may not be delegated to HHAs as specified in regulations governing nursing practice. The California Health and Safety Code specifically provides that HHAs are not authorized to assist with medication that the client self-administers that would otherwise require administration or oversight by a licensed health care professional. The California attorney general determined that regulations permit a HHA to administer **non-prescription** medication but not **prescription** medication. Support for medication administration is limited to "assisting" with self-administration, i.e., reminding the patient to take their medication or opening and closing a medication container. Placing a medication in a client's mouth or applying a prescription cream cannot be done by a HHA. *(Sources: California Business and Professions Code, Division 2. Health Arts, Chapter 6. Nursing. Article 2. Scope of Regulation; California Attorney General Opinion Letter 87-106. June 15, 1988; https://oag.ca.gov/system/files/opinions/pdfs/87-106.pdf; https://healthforce.ucsf.edu/sites/healthforce.ucsf.edu/files)*

Mr. Hurtado and his fiancé, Priscilla Macias, have three children, ages 1, 3 and 4 years old. Prior to the subject accident, they shared child-caring responsibilities and Priscilla's aunt and Mr. Hurtado's mother also helped care for the children. Priscilla is currently employed as a manager for McDonald's working ~45 hours/week – she also attends college full-time with a major in Sociology and plans to seek employment as a Social Worker upon graduation in ~2 years. Although Mr. Hurtado reported doing his best to take care of the children, he endorsed difficulty secondary to chronic, severe right lower extremity pain, rated at 10+/10 at worst; impaired balance, chronic fatigue; severe depression; noise/sensitivity/intolerance;  frustration; anger, irritability; etc.; as well as inability to: perform usual, basic activities (see page 11); lift or carry either child; run after his children, or respond/move quickly if needed; etc.

*Source: Number of Instructional Days/Hours in the School Year, Education Commission of the States: http://www.ecs.org/clearinghouse/95/05/9505.pdf

Mary Meinhard & Associates, Inc.
P.O. Box 704
June Lake, California   93529
(760) 648-1115

## *Life Care Plan*
### *Francisco Hurtado*

Date of Birth:     December 11, 1997
Date of Injury:    March 15, 2018
Date Prepared:   December 2021
Diagnoses:          See Page 2

## Home Care / Home Maintenance: Agency Hire Personal Care Attendant

| Item/Service | Age | Year | Frequency | Purpose | Cost | Comment | Recommended By |
|---|---|---|---|---|---|---|---|
| Housecleaning | Beginning 26      2023 | | 1 x/month | Provide assistance with routine and heavy housecleaning needs (e.g., oven cleaning, window washing, carpet cleaning, etc.) | **Per Month** $80.00-$105.00 | See comments, page 11. Agency hire IADLs Assistant/HHA also provide assistance with light housekeeping chores. | Christopher Stephenson, MD (Treating Physiatrist) Mary Meinhard, RN-BC, BS, JD, CLCP, LNC-C, MSC-C |
| | Ending Life Expectancy | | | | | | |
| Gardener* | Beginning 30      2028 | | 1 time per week | Maintain yard. | **Per Week** $39.00-$100.00 | See comments, page 11. *Need contingent upon home ownership | Christopher Stephenson, MD (Treating Physiatrist) Mary Meinhard, RN-BC, BS, JD, CLCP, LNC-C, MSC-C |
| | Ending Life Expectancy | | | | | | |
| Canine Companion Dog Walker | Beginning 26      2023 | | 2 x/day** | Exercise canine companion; maintain health. | **Per Walk** $18.00-$30.00 | Mr. Hurtado is dependent on Mobilegs crutches for mobility and unable to safely hold a dog's leash, walk a dog, and/or restrain a dog while using crutches. | Christopher Stephenson, MD (Treating Physiatrist) Mary Meinhard, RN-BC, BS, JD, CLCP, LNC-C, MSC-C |
| | Ending Life Expectancy | | | | | | |

**The average adult dog needs about **20 to 45 minutes** of moderate exercise, such as brisk walking, twice a day.
Source: https://www.bradenrunanimalhospital.com/post/how-to-exercise-with-your-canine-companion

Mary Meinhard & Associates, Inc.
P.O. Box 704
June Lake, California  93529
(760) 648-1115

# *Life Care Plan*
## *Francisco Hurtado*

Date of Birth:  December 11, 1997
Date of Injury:  March 15, 2018
Date Prepared:  December 2021
Diagnoses:  See Page 2

## Projected Inpatient / Outpatient Rehabilitation Programs / Evaluations

| Item/Service | Age    Year | Frequency | Purpose | Cost | Comment | Recommended By |
|---|---|---|---|---|---|---|
| **Outpatient Rehabilitation:** Comprehensive Outpatient. Multidisciplinary Functional Restoration Program* | Beginning 27     2024  Ending Life Expectancy | 2-time expense | Provide intensive, aggressive, multi-disciplinary approach (i.e., physiatrist, pain management, physical therapy, occupational therapy, psychological counseling, etc.) to assess handicapping conditions; and formulate goals and a treatment plan to minimize significant disabling deficits. | **Per Program:** $32,500.00  **Lifetime Cost:** $65,000.00  **Hotel** $1,700.00 ($85.00 x 20 nights)  **Uber Transportation**: $22.90 x 40 rides  **Meals (Per Diem):** $59.00 x 20 | See comments, below.  Cost for Outpatient Program per Joshua Prager, MD.  Hotel cost reflects contracted rate with the Four Points Sheraton Culver City for California Pain Medicine Center patients. | Christopher Stephenson, MD (Treating Physiatrist)  Joshua Prager, MD (Treating Anesthesiologist/Pain Management)  Mary Meinhard, RN-BC, BS, JD, CLCP, LNC-C, MSC-C |
| Physical Therapy **Evaluation**: *Right Lower Extremity Focus* (CPT 97161-97163)  **Re-Evaluation**: *Right Lower Extremity Focus* (CPT 97164) | Beginning 26     2023  Ending Life Expectancy | 1 evaluation and 1 re-evaluation per year | Monitor chronic, severe right lower extremity pain; improve gait, balance, and functional mobility; provide home exercise regimen to address changing needs over time. | **Per Unit: Evaluation:** $204.00-$246.00  **Re-Evaluation**: $125.00 | **See comments, below. | Christopher Stephenson, MD (Treating Physiatrist)  Mary Meinhard, RN-BC, BS, JD, CLCP, LNC-C, MSC-C |

*Participation in a comprehensive program that includes medication management, development of an exercise regimen, promotion of psychological well-being, etc. is essential to keep painful limbs/body parts moving; improve blood flow; lessen circulatory symptoms; improve flexibility strength, and function; and prevent or reverse the secondary brain changes associated with chronic CRPS pain. *Source:https://www.ninds.nih.gov/Disorders/Patient-Caregiver-Education/Fact-Sheets/Complex-Regional-Pain-Syndrome-Fact-Sheet*

**Mr. Hurtado reported constant, severe right lower extremity pain, rated at 6-10+/10; inability to ambulate without Mobilegs crutches; limited walking/standing tolerance limited walking distance tolerance (~1 block); and impaired balance with frequent falls/near falls (~4 x/week); etc.

Mary Meinhard & Associates, Inc.
P.O. Box 704
June Lake, California  93529
(760) 648-1115

## *Life Care Plan*
### *Francisco Hurtado*

Date of Birth:       December 11, 1997
Date of Injury:      March 15, 2018
Date Prepared:    December 2021
Diagnoses:           See Page 2

## Projected Inpatient / Outpatient Rehabilitation Programs / Evaluations

| Item/Service | Age        Year | Frequency | Purpose | Cost | Comment | Recommended By |
|---|---|---|---|---|---|---|
| Physical Therapy *1-Hour Sessions*: Right Lower Extremity Focus (CPT 97110x4) | Beginning 26        2023 <br><br> Ending Life Expectancy | 12-14 sessions per year | Improve functional mobility; monitor strength and range of motion; provide patient-directed passive/active range of motion to tolerance; palliative pain relief; prevent decline. | **Per Unit:** $309.00 | To be utilized in conjunction with a home exercise program. | Christopher Stephenson, MD (Treating Physiatrist) |
| Home Safety Evaluation/Training (CPT 97535x4) | Beginning 26        2023 <br><br> Ending Life Expectancy | 3-4 times over life expectancy | Ensure safe living environment; identify hazards; reduce risk of falls/accidents. | **Per Unit** $284.00 | Mr. Hurtado is unable to ambulate without utilizing Mobilegs. He reported impaired balance, with frequent falls/near falls occurring ~ 4 x/week. | Christopher Stephenson, MD (Treating Physiatrist) Mary Meinhard, RN-BC, BS, JD, CLCP, LNC-C, MSC-C |
| Physical Therapy *Evaluation*: Right Lower Extremity Serial Casting Focus* (CPT 97161-97163) <br><br> *Re-Evaluation*: Right Lower Extremity Serial Casting Focus* (CPT 97164) | Beginning 26        2023 <br><br> Ending 27        2024 | 1 evaluation and 1 re-evaluation | Control plantar flexion contracture resulting in right foot drop; promote independent mobility. | **Per Unit: Evaluation**: $204.00-$246.00 <br><br> **Re-Evaluation**: $125.00 | *Contingent: will not be required in the event of Right Ankle Contracture Release. | Christopher Stephenson, MD (Treating Physiatrist) |
| Physical Therapy *1-Hour Sessions*: Right Lower Extremity Serial Casting* (CPT 29405) (HCPCS Q4037 or Q4038) | Beginning 26        2023 <br><br> Ending 27        2024 | 20 sessions | Control plantar flexion contracture resulting in right foot drop; promote independent mobility | **Per Unit** $454.00-$501.00 | *Contingent: will not be required in the event of Right Ankle Contracture Release. | Christopher Stephenson, MD (Treating Physiatrist) |

14

*November 2023*
*Growth Trend to be Determined by Economist*

Mary Meinhard & Associates, Inc.
P.O. Box 704
June Lake, California  93529
(760) 648-1115

*Life Care Plan*
*Francisco Hurtado*

| | |
|---|---|
| Date of Birth: | December 11, 1997 |
| Date of Injury: | March 15, 2018 |
| Date Prepared: | December 2021 |
| Diagnoses: | See Page 2 |

## Projected Inpatient / Outpatient Rehabilitation Programs / Evaluations

| Item/Service | Age        Year | Frequency | Purpose | Cost | Comment | Recommended By |
|---|---|---|---|---|---|---|
| Comprehensive Neuropsychological Evaluation **Evaluation:** (CPT 96132) **Testing and Scoring:** (CPT 96136, 96137x11) | Beginning 26        2023 Ending Life Expectancy | I evaluation now; **then,** 3-5 x over life expectancy | Evaluate neurocognitive dysfunction  for more thorough depiction of current status with loss of consciousness at the time of the incident and diagnosis of Posttraumatic Stress Disorder (PTSD). | **Per Unit** $1,250.00 | Medical records document, impaired concentration, focus and memory; confusion; forgetfulness; social isolation/withdrawal; anxiety; frustration; anger; depression; inability to function independently; etc. | Christopher Stephenson, MD (Treating Physiatrist) Marilyn S. Jacobs, Ph.D., ABPP (Clinical Psychologist)* |
| Occupational Therapy: *Certified Driver Rehabilitation Specialist* (CPT 97537x8) | Beginning 26        2023 Ending Life Expectancy | 1 time every 5-7 years | Assess driving ability and adaptive equipment needs; make recommendations.  Re-assessment will be needed with each new vehicle. | **Per Unit:** $794.00 | Mr. Hurtado reported severe, constant right lower extremity pain, rated at 6-10+/10. Medical records document a right plantar flexion contracture with foot drop and the inability to ambulate without utilizing Mobilegs crutches. He reported attempting to drive using his left leg without success. | Christopher Stephenson, MD (Treating Physiatrist) Mary Meinhard, RN-BC, BS, JD, CLCP, LNC-C, MSC-C |

Occupational therapy practitioners with specialized training in driver rehabilitation may administer comprehensive driving evaluations. This type of driving evaluation typically includes two parts: one part in an office or clinic and the second part behind the wheel of a car. The purpose of the evaluation in the office or clinic is to examine the physical, visual, and mental abilities required for safe driving. This would include:

- Reaction time, needed for stopping fast enough to avoid a crash;
- Basic visual acuity, or sharpness of vision; and,
- Decision making, judgment, and planning (e.g., needed for making left turns).

The behind-the-wheel or on-road part of the evaluation takes place in a vehicle equipped with safety equipment such as an instructor's brake. The on-road evaluation identifies strengths and weaknesses and ways to keep driving safely and  may use adaptive equipment. Based on the evaluation, the therapist makes recommendations about strategies, specialized equipment, and training to improve driving safety and overall health and well-being. If the evaluation results indicate the need to stop driving, the therapist can help the individual understand why this is the most appropriate option for individual safety and that of others. https://www.aota.org/practice/productive-aging/driving/clients/evaluate/eval-by-ot.aspx(The American Occupational Therapy Association, Inc.)

*Recommended as pre-requisite to clearance for Spinal Cord Stimulator Trial.

*November 2023*
*Growth Trend to be Determined by Economist*

Mary Meinhard & Associates, Inc.
P.O. Box 704
June Lake, California  93529
(760) 648-1115

## *Life Care Plan*
### *Francisco Hurtado*

Date of Birth:      December 11, 1997
Date of Injury:     March 15, 2018
Date Prepared:   December 2021
Diagnoses:          See Page 2

## Projected Inpatient / Outpatient Rehabilitation Programs / Evaluations

| Item/Service | Age          Year | Frequency | Purpose | Cost | Comment | Recommended By |
|---|---|---|---|---|---|---|
| Cognitive Behavioral Therapy (CPT 97129, 97130x3) | Beginning 26        2023 / Ending Life Expectancy | 21-25 sessions per year | Improve cognitive deficits. | **Per Session:** $132.00 | Medical records document, current difficulty with concentration, focus and memory; confusion; forgetfulness; etc. | Christopher Stephenson, MD (Treating Physiatrist) Marilyn S. Jacobs, Ph.D., ABPP (Clinical Psychologist) |
| Gym Membership with Pool | Beginning 26        2023 / Ending Life Expectancy | 2-4 times per week x 48 weeks per year | Promote conditioning, maintenance of healthy weight, physical fitness, and relaxation; strengthen bilateral lower extremities to increase walking  and standing tolerances and minimize fall risk. | **Per Month:** $55.00 **Initiation Fee:** $50.00-$99.00 (1 time expense) | See comments, below. | Christopher Stephenson, MD (Treating Physiatrist) Mary Meinhard, RN-BC, BS, JD, CLCP, LNC-C, MSC-C |
| Personal Trainer | Beginning 26        2023 / Ending Life Expectancy | 2-4 sessions per week | Supervision of exercise program; ensure safety; reduce likelihood of complications; healthy weight maintenance; provide motivation, guidance, and encouragement. | **Per Unit:** $35.00-$100.00 per 1-hour session | Treating Physical Therapist to provide input, recommendations, and guidance to develop safe, effective exercise regimen. | Christopher Stephenson, MD (Treating Physiatrist) Mary Meinhard, RN-BC, BS, JD, CLCP, LNC-C, MSC-C |

At the time of the subject incident, Mr. Hurtado weighed 140 pounds, was physically active, and related that he stayed in *"perfect"* shape by playing soccer, football, and competitive wrestling. He loved to swim, ride his bicycle, and was planning to start snowboarding. When interviewed, he related that he now weighs 115 pounds, a 25-pound weight loss since the subject incident, and he can no longer participate in any of the pre-incident activities he once enjoyed. He is able to float in a pool or at the Modesto Lake Reservoir and described how he does this: *"I go in the water up to where I can float and someone takes my sticks (i.e., crutches) and then I can float".* To get out of the water, *"I drag myself to be on my stomach to the shore and someone brings me my sticks".*

Mary Meinhard & Associates, Inc.
P.O. Box 704
June Lake, California  93529
(760) 648-1115

# *Life Care Plan*
## *Francisco Hurtado*

Date of Birth:       December 11, 1997
Date of Injury:      March 15, 2018
Date Prepared:    December 2021
Diagnoses:          See Page 2

## Routine Future Medical Care

| Item/Service | Age        Year | Frequency | Purpose | Cost | Comment | Recommended By |
|---|---|---|---|---|---|---|
| Pain Management/Anesthesiology (Initial: CPT 99203-99205) (Follow-up: CPT 99213-99215 | Beginning 26        2023 / Ending Life Expectancy | 4-12 times per year | Monitor severe CRPS chronic pain; administer ketamine infusions; pain medication management. | **Initial Visit:** $290.00-$585.00 **Follow-up:** $186.00-$391.00 | A qualified physician specialist is required for the administration of Ketamine infusions. One (1) visit per month is needed if opioid medications are prescribed. | Christopher Stephenson, MD (Treating Physiatrist) Joshua Prager, MD (Treating Anesthesiologist/Pain Management) |
| Physiatrist (Initial: CPT 99203-99205) (Follow-up: CPT 99213-99215 | Beginning 26        2023 / Ending Life Expectancy | 3-5 times per year | Aid in developing functional restoration and rehabilitation program; oversee care provided by multiple specialists. | **Initial Visit:** $290.00-$585.00 **Follow-up:** $186.00-$391.00 | See comments, page 10. | Christopher Stephenson, MD (Treating Physiatrist) |
| Neuropsychiatrist (Initial: CPT 99203-99205) (Follow-up: CPT 99213-99215) | Beginning 26        2023 / Ending Life Expectancy | 3-5 times per year | Provide individual psychological counseling; recommend and manage psychotropic medications. | **Initial Visit:** $290.00-$585.00 **Follow-up:** $186.00-$391.00 | Mr. Hurtado is currently prescribed Prozac for Depression and Propranolol for Anxiety. | Christopher Stephenson, MD (Treating Physiatrist) Marilyn S. Jacobs, Ph.D., ABPP (Clinical Psychologist) |
| Orthopedic Surgeon (Initial: CPT 90792) (Follow-up: CPT 90838) | Beginning 26        2023 / Ending Life Expectancy | 1-3 times per year | Monitor right foot/ankle injuries early posttraumatic tibio-talar arthritis; surgical intervention: postoperative follow up. | **Initial Visit:** $290.00-$585.00 **Follow-up:** $186.00-$391.00 | Mr. Hurtado ambulates with Mobilegs crutches secondary to a right plantar flexion contracture with foot drop. Medical records document early posttraumatic arthritis. | Christopher Stephenson, MD (Treating Physiatrist) |

*November 2023*
*Growth Trend to be Determined by Economist*

Mary Meinhard & Associates, Inc.
P.O. Box 704
June Lake, California  93529
(760) 648-1115

# *Life Care Plan*
## *Francisco Hurtado*

Date of Birth:    December 11, 1997
Date of Injury:    March 15, 2018
Date Prepared:    December 2021
Diagnoses:    See Page 2

## Routine Future Medical Care

| Item/Service | Age | Year | Frequency | Purpose | Cost | Comment | Recommended By |
|---|---|---|---|---|---|---|---|
| Urologist (Initial: CPT 99203-99205) (Follow-up: CPT 99213-99215) | 26 | Beginning 2023 / Ending Life Expectancy | 3-5 times per year | Evaluate new onset of urinary frequency and incontinence. | **Initial Visit:** $290.00-$585.00  **Follow-up:** $186.00-$391.00 | See comments, below. | Christopher Stephenson, MD (Treating Physiatrist) |
| Somnologist/Sleep Medicine Specialist (Initial: CPT 99203-99205) | 26 | Beginning 2023 / Ending Life Expectancy | Allow 1 evaluation now | Evaluate sleep disruption; assess for sleep apnea; evaluate excessive sleeping. | **Initial Visit:** $290.00-$585.00 | Mr. Hurtado reported sleep disruption as well as excessive drowsiness/fatigue. Additional visits may be needed, contingent on initial evaluation. | Christopher Stephenson, MD (Treating Physiatrist) |
| Podiatrist (Initial: CPT 99203-99205) (Follow-up: CPT 99213-99215) (Nail Trimming: CPT 11719) | 26 | Beginning 2023 / Ending Life Expectancy | 1 time per month | Assess and monitor feet for signs of inflammation/infection; trim nails at each visit. | **Initial Visit:** $290.00-$585.00  **Follow-up:** $186.00-$391.00  **Trim Nails:** $46.00 | CRPS has resulted in loss of hair on Mr. Hurtado's right foot as well as *"messed-up, dead, dry, ugly and long toenails"*. He reported extreme pain when trying to cut his toenails, described as *"feeling like I'm cutting my leg"*. | Christopher Stephenson, MD (Treating Physiatrist)  Mary Meinhard, RN-BC, BS, JD, CLCP, LNC-C, MSC-C |
| Registered Nurse / Case Manager | 26 | Beginning 2023 / Ending Life Expectancy | 2-4 hours per month | Coordinate and oversee care; assess status; coordinate resources; patient advocacy. | **Per Hour** $200.00 | Mr. Hurtado reported feeling *"overwhelmed"* by medical care, appointments, and procedures. | Christopher Stephenson, MD (Treating Physiatrist)  Mary Meinhard, RN-BC, BS, JD, CLCP, LNC-C, MSC-C |

Mr. Hurtado sustained one (1) gunshot wound, each, to the right medial groin and peri-rectal area and two (2( gunshot wounds to the right buttocks. Medical records document the presence of gross blood when a rectal examination was performed by the Emergency Room physician and the inability to determine if Mr. Hurtado was bleeding from the rectum or from a peri-rectum bullet wound. There was no documentation in the records reviewed of further investigation into this issue. When interviewed, Mr. Hurtado reported new, post-incident onset of *"peeing myself"*; having to go to the bathroom immediately to urinate or *"it comes out by itself"*; and urine *"automatically comes"* if he presses his stomach. Pre-incident, he reported the ability to hold his urine *"until it hurt"*. He denied any bowel issues and denied evaluation thus far with a urologist.

*November 2023*
*Growth Trend to be Determined by Economist*

Mary Meinhard & Associates, Inc.
P.O. Box 704
June Lake, California  93529
(760) 648-1115

# *Life Care Plan*
## *Francisco Hurtado*

Date of Birth:         December 11, 1997
Date of Injury:       March 15, 2018
Date Prepared:     December 2021
Diagnoses:            See Page 2

## Routine Future Medical Care

| Item/Service | Age | Year | Frequency | Purpose | Cost | Comment | Recommended By |
|---|---|---|---|---|---|---|---|
| Neurologist*<br>(Initial: CPT 99203-99205)<br>(Follow-up: CPT 99213-99215) | Beginning<br>26      2023<br><br>Ending<br>Life Expectancy | | 1 visit now | Evaluate cognitive dysfunction and excessive sleeping. | **Initial Visit:**<br>$290.00-$585.00<br><br>**Follow-up:**<br>$186.00-$391.00 | See comments, below.<br><br>Additional visits may be needed contingent upon initial findings. | Christopher Stephenson, MD<br>(Treating Physiatrist)<br><br>Marilyn S. Jacobs, Ph.D., ABPP<br>(Clinical Psychologist) |

Mr. Hurtado was evaluated by a clinical psychologist/psychoanalyst (Marilyn S. Jacobs, Ph.D., ABPP) on November 23, 2021 at which time a collateral interview was conducted with Mr. Hurtado's fiancé, Priscilla Macias. Ms. Macias described Mr. Hurtado's daily activities as follows: "*Upon awakening he needs time to transition to wakefulness and stays in bed….he sleeps 10-12 hours/day and also needs naps*".  Dr. Jacobs concluded that a neurological evaluation was warranted to determine whether or not this excessive sleeping was related to a neurological condition.

Dr. Jacobs additionally noted Mr. Hurtado's report of losing consciousness at the time of the incident and the subsequent development of cognitive slowing, decreased memory, poor self-regulation, social isolation, reading/calculating abilities, boredom, and lack of concentration. His fiancé described Mr. Hurtado as spending long periods of time alone in the bathroom (she thought he was sitting on the toilet, dressed, playing video games to escape from noise generated by their two young children); being overly sensitive to external noise; easily frustrated; and irritable. Dr. Jacobs determined *"it is therefore unclear if the patient has a diagnosis of a neurocognitive disorder (such as traumatic brain injury), or this presentation is the result of pain impacting his psychological state in the context of depression, anxiety, and PTSD"*.   A neurological evaluation was thus recommended to assist in resolving this issue.

**Recommended as pre-requisite to clearance for Spinal Cord Stimulator Trial.

Mary Meinhard & Associates, Inc.
P.O. Box 704
June Lake, California  93529
(760) 648-1115

## *Life Care Plan*
### *Francisco Hurtado*

Date of Birth:       December 11, 1997
Date of Injury:      March 15, 2018
Date Prepared:    December 2021
Diagnoses:          See Page 2

## Diagnostic Testing

| Item/Service | Age | Year | Frequency | Purpose | Cost | Comment | Recommended By |
|---|---|---|---|---|---|---|---|
| X-Ray: *Long Bones (i.e., (Femur, Tibia & Fibula)* (CPT 73552, 73552-26, 73590, 73590-26) | Beginning 26  2023 / Ending Life Expectancy | | 0-1 set per year | At risk for falls, fractures. | **Per Unit** $985.00 | Mr. Hurtado is at risk for fractures with frequent falls/near falls, reportedly occurring ~4 x/week. | Christopher Stephenson, MD (Treating Physiatrist) |
| Dual-Energy X-Ray Absorptiometry (DXA) Bone Density Study (CPT 77080, 77080-26) | Beginning 26  2023 / Ending Life Expectancy | | 3 studies over life expectancy | Measure bone mineral density. | **Per Unit** $772.00 | Medical records document significant tibio-talar joint disuse osteopenia.  See comments, below. | Christopher Stephenson, MD (Treating Physiatrist) |
| Attended Polysomnography (CPT 95810, 95810-26) | Beginning 26  2023 / Ending Life Expectancy | | 1 study now | Evaluate Insomnia; rule in/out sleep apnea. | **Per Unit** $2,969.00 | Mr. Hurtado reported sleep disruption as well as excessive drowsiness/fatigue.  Additional studies may be needed 2/year, contingent on positive initial study results. | Christopher Stephenson, MD (Treating Physiatrist) |
| Magnetic Resonance Imaging (MRI) Scan: *Lumbar Spine* (CPT 72148, 72148-26) | Beginning 26  2023 / Ending Life Expectancy | | 1 scan now; then, 2-4 scans over life expectancy | Evaluate constant, severe lumbar spinal pain. | **Per Unit** $2,604.00 | Mr. Hurtado reported constant, severe lumbar spinal pain, rated at 10/10, and described as "*feels like something is out of place*". | Christopher Stephenson, MD (Treating Physiatrist) |

In patients diagnosed with Chronic Regional Pain Syndrome (CRPS), metacarpal index (cortical bone thickness), maximum bone density (cortical bone density), minimum bone density (trabecular bone density), and average bone density were reduced on the affected side (14.1%, 12.1%, 25.0% and 19.3% respectively). The rate of reduction in bone mass correlated with the duration of the disease. Source: https://pubmed.ncbi.nlm.nih.gov/9818104/

Mary Meinhard & Associates, Inc.
P.O. Box 704
June Lake, California   93529
(760) 648-1115

# *Life Care Plan*
## *Francisco Hurtado*

Date of Birth:        December 11, 1997
Date of Injury:       March 15, 2018
Date Prepared:        December 2021
Diagnoses:            See Page 2

## Diagnostic Testing

| Item/Service | Age | Year | Frequency | Purpose | Cost | Comment | Recommended By |
|---|---|---|---|---|---|---|---|
| **Urodynamic Studies**: *Intra-Abdominal Voiding Pressure (CPT 51797, 51797-26) Urinary Sphincter Needle Electromyography (CPT 51785, 51785-26) Cystometrogram with Voiding Pressures (CPT 51728, 51728-26)* | Beginning 26      2023  Ending Life Expectancy | | 1 study now | Measure pressure needed to strain to void; measure muscle/nerve electrical impulses that facilitate sphincter relaxation/contraction; measure bladder capacity and bladder storage pressures. | **Per Unit** $7,300.00 | See comments, below.  Repeat testing may be needed contingent upon results of initial studies and urologist recommendations. | Christopher Stephenson, MD (Treating Physiatrist) |

Mr. Hurtado sustained one (1) gunshot wound, each, to the right medial groin and peri-rectal area and two (2( gunshot wounds to the right buttocks. Medical records document the presence of gross blood when a rectal examination was performed by the Emergency Room physician and the inability to determine if Mr. Hurtado was bleeding from the rectum or from a peri-rectum bullet wound. There was no documentation in the records reviewed of further investigation into this issue. When interviewed, Mr. Hurtado reported new, post-incident onset of *"peeing myself";* having to go to the bathroom immediately to urinate or *"it comes out by itself";* and urine "*automatically comes"* if he presses his stomach. Pre-incident, he reported the ability to hold his urine *"until it hurt".*  He denied any bowel issues and denied evaluation thus far with a urologist.

Mary Meinhard & Associates, Inc.
P.O. Box 704
June Lake, California  93529
(760) 648-1115

# *Life Care Plan*
## *Francisco Hurtado*

Date of Birth:       December 11, 1997
Date of Injury:      March 15, 2018
Date Prepared:    December 2021
Diagnoses:           See Page 2

## Projected Therapeutic Modalities / Palliative Treatment

| Item/Service | Age | Year | Frequency | Purpose | Cost | Comment | Recommended By |
|---|---|---|---|---|---|---|---|
| Power Therapy Table | Beginning 26 | 2023 | 1 time every 7-10 years | Therapy aid; patient and caregiver comfort; safety and ease of use. | **Per Unit** $1,996.00-$2,695.00 | | Christopher Stephenson, MD (Treating Physiatrist) |
| | Ending Life Expectancy | | | | | | |
| Neurobiofeedback* (CPT 90901) | Beginning 26 | 2023 | Allow 15-35 sessions | Alleviate chronic, severe CRPS pain. | **Per Session** $205.00 | See comments, below. | Christopher Stephenson, MD (Treating Physiatrist) |
| | Ending Life Expectancy | | | | | | |
| Balance Board | Beginning 26 | 2023 | 1 time every 3-5 years | Improve balance. | **Per Unit** $46.00-$69.00 | Mr. Hurtado reported that his balance is *"messed up – I'm always falling"*. | Christopher Stephenson, MD (Treating Physiatrist) |
| | Ending Life Expectancy | | | | | | |
| Resistance Bands | Beginning 26 | 2023 | 1 time every 3-5 years | Improve strength, mobility, and muscle mass. | **Per Unit** $48.00-$60.00 | Medical records document severe, cachectic right lower extremity muscle wasting/atrophy. | Christopher Stephenson, MD (Treating Physiatrist) |
| | Ending Life Expectancy | | | | | | |

*Complex Regional Pain Syndrome Type I (CRPS-I) is a devastating pain condition that is refractory to standard care. One study suggests that many patients who receive neurofeedback training report significant and substantial short-term reductions in their experience of pain, as well as improvements in a number of other pain- and non-pain-specific symptoms. Study findings supported the need for additional research to further examine the long-term effects and mechanisms of neurofeedback training for patients with chronic pain. (Source: *Neurofeedback Treatment for Pain Associated with Complex Regional Pain Syndrome Type I, Journal of Neurotherapy, Investigations in Neuromodulation, Neurofeedback and Applied Neuroscience, Vol. 11, 2007, Issue 1.* http://www.tandfonline.com/doi/abs/10.1300/J184v11n01_04.

Effective neurofeedback training typically takes 15 to 35 sessions.*(Source: https://psychcentral.com/lib/neurofeedback-training-for-your-brain/)*

*November 2023*
*Growth Trend to be Determined by Economist*

Mary Meinhard & Associates, Inc.
P.O. Box 704
June Lake, California  93529
(760) 648-1115

# *Life Care Plan*
## *Francisco Hurtado*

| | |
|---|---|
| Date of Birth: | December 11, 1997 |
| Date of Injury: | March 15, 2018 |
| Date Prepared: | December 2021 |
| Diagnoses: | See Page 2 |

## Projected Therapeutic Modalities / Palliative Treatment

| Item/Service | Age        Year | Frequency | Purpose | Cost | Comment | Recommended By |
|---|---|---|---|---|---|---|
| Foam Rollers* | Beginning 26        2023 / Ending Life Expectancy | 1 time every 5 years | Relieve muscle tightness, soreness, and inflammation; increase joint range of motion. | **Per Unit** $25.00-$35.00 | See comments, below. | Christopher Stephenson, MD (Treating Physiatrist) |
| Free Weights | Beginning 26        2023 / Ending Life Expectancy | 1 time expense | Improve strength, mobility, and muscle mass. | **Per Unit** $165.00-$230.00 | | Christopher Stephenson, MD (Treating Physiatrist) |

Foam rolling is a self-myofascial release (SMR) technique. It can help relieve muscle tightness, soreness, and inflammation, and increase joint range of motion.
Foam rolling is also an effective tool to add to warm-up or cool-down before and after exercise.

## Architectural Renovations

| Item/Service | Age     Year | Frequency | Purpose | Cost | Comment | Recommended By |
|---|---|---|---|---|---|---|
| Home Renovations* | Beginning 27        2024 / Ending Life Expectancy | 1-time expense | Modify home to meet handicapping needs. | **Allowance** $109,986.00 | *Need contingent upon home ownership. Renovations to include ramping; floor covering; widening hallways/doorways; covered parking; kitchen: adjusting sink, fixtures, cabinets, and appliances; bathroom: guard rails installed by toilet and in shower/tub; adjusting sink, fixtures, cabinets, roll-in shower, temperature guards; smoke detector; fire alarms; intercom; central air/heat; therapy/equipment storage room; modified door handles. | Christopher Stephenson, MD (Treating Physiatrist) Mary Meinhard, RN-BC, BS, JD, CLCP, LNC-C, MSC-C |

23

*November 2023*
*Growth Trend to be Determined by Economist*

Mary Meinhard & Associates, Inc.
P.O. Box 704
June Lake, California  93529
(760) 648-1115

# *Life Care Plan*
## *Francisco Hurtado*

Date of Birth:     December 11, 1997
Date of Injury:    March 15, 2018
Date Prepared:   December 2021
Diagnoses:        See Page 2

## Psychological Services

| Item/Service | Age | Year | Frequency | Purpose | Cost | Comment | Recommended By |
|---|---|---|---|---|---|---|---|
| Con-Joint/Family Counseling (CPT 90847) | Beginning 26  2023  <br> Ending Life Expectancy | | 8-12 sessions per year | Address emotional sequela associated with CRPS and PTSD; increased burdens placed on fiancé; altered relationship with children; and ongoing significant functional deficits; provide effective behavioral modification and coping strategies; emotional support. | **Per Unit** $357.00◆ | ◆Assumes sixty-(60) minute sessions. <br><br> *See comments, below. | Christopher Stephenson, MD (Treating Physiatrist) <br><br> Mary Meinhard, RN-BC, BS, JD, CLCP, LNC-C, MSC-C |
| Psychologist: *Spinal Cord Stimulator Psychological Evaluation* (CPT 90791) | Beginning 26  2023  <br> Ending Life Expectancy | | 1-time expense | Determine candidacy for Spinal Cord Stimulator Trial and subsequent permanent implantation. | **Per Unit** $261.00 | **See comments, below. | Marilyn S. Jacobs, Ph.D., ABPP (Clinical Psychologist) |

Mr. Hurtado is currently under the care of a Psychiatrist (Christopher Fischer, MD) who he sees every month for treatment of Posttraumatic Stress Disorder (PTSD), Depression, and severe Anxiety. Prozac/Fluoxetine 20 mg is currently prescribed by Dr. Fischer to manage Depression and to improve focus, with reported benefit. Inderal/Propranolol 20 mg is prescribed by Mr. Hurtado's Physiatrist (Christopher Stephenson, MD) to manage severe anxiety, also with reported benefit. When interviewed, Mr. Hurtado endorsed constant anxiety; nervousness; frequent anger/irritability, with inappropriate angry outbursts, exacerbated by chronic pain; tearfulness, screaming, and crying, secondary to severe pain; difficulty concentrating; drowsiness; brain fog; depression; occasional dizziness; fear of police and riding in a car; impaired memory; and nightmares. He related that his pain is exacerbated by his young children *"running around and making noise"* – this results in him yelling at his kids and *"pushing them away"*.  He explained that *"I have too much pain if I try to have a good time with them – this has ruined everything in my life"*.  Priscilla Macias (Mr. Hurtado's fiancé) reported that Mr. Hurtado *"cries a lot"; "doesn't want to eat and is really skinny"; "does not look forward to doing things"*; and opined that *"his PTSD, anxiety and depression are really bad"*.  Mr. Hurtado endorsed raising his voice at his fiancé when he is in pain, as well as arguing with her, *"calling her names"*, being disrespectful to each other, and feeling depressed due to being unable to provide for his fiancé and their children. They denied participating in couples and/or family counseling thus far but felt that it would be beneficial.

Mr. Hurtado was evaluated by a psychologist (Marilyn S. Jacobs, Ph.D., ABPP) for Spinal Cord Stimulator clearance on 11/23/21. At that time Dr. Jacobs recommended psychiatric psychopharmacological consultation & treatment; neurological evaluation for cognitive dysfunction & excessive sleeping; cognitive therapy to improve emotional control; and return for Spinal Cord Stimulation psychological evaluation after the aforementioned referrals. Dr. Jacobs noted, *"If Mr. Hurtado's psychological symptoms improve, the chances of a positive outcome are better and the possibility of increasing his distress lessens. This man has the potential to improve and would benefit from the recommended treatments"*.

*November 2023*
*Growth Trend to be Determined by Economist*

Mary Meinhard & Associates, Inc.
P.O. Box 704
June Lake, California  93529
(760) 648-1115

## *Life Care Plan*
### *Francisco Hurtado*

| Date of Birth: | December 11, 1997 |
| Date of Injury: | March 15, 2018 |
| Date Prepared: | December 2021 |
| Diagnoses: | See Page 2 |

## Psychological Services

| Item/Service | Age | Year | Frequency | Purpose | Cost | Comment | Recommended By |
|---|---|---|---|---|---|---|---|
| Individual Psychotherapy* (CPT 90837) | Beginning 26      2023 | | 1 session per week x 6 months | Address emotional sequela associated with CRPS and PTSD; increased burdens placed on fiancé; altered relationship with children; and ongoing significant functional deficits; provide effective behavioral modification and coping strategies; emotional support. | **Per Unit** $206.00◆ | ◆Assumes sixty- (60) minute sessions.  *See comments, below. | Marilyn S. Jacobs, Ph.D., ABPP (Clinical Psychologist) – as to need; frequency subject to further recommendations.  Joshua Prager, MD (Treating Anesthesiologist/Pain Management) – as to need; frequency subject to further recommendations. |
| | Ending Life Expectancy | | | | | | |
| Trauma Therapy with Eye Movement Desensitization and Reprocessing (EMDR) | Beginning 26      2023 | | 25 sessions | Alleviate distress associated with traumatic memories. | **Per Session** $298.00 | See comments, below. | Christopher Stephenson, MD (Treating Physiatrist) |
| | Ending Life Expectancy | | | | | | |

*Recommended as pre-requisite to clearance for Spinal Cord Stimulator Trial.

Eye Movement Desensitization and Reprocessing (EMDR) is a psychotherapy treatment that was originally designed to alleviate the distress associated with traumatic memories. EMDR therapy facilitates the accessing and processing of traumatic memories and other adverse life experience to bring these to an adaptive resolution. After successful treatment with EMDR therapy, affective distress is relieved, negative beliefs are reformulated, and physiological arousal is reduced. During EMDR therapy the client attends to emotionally disturbing material in brief sequential doses while simultaneously focusing on an external stimulus. Therapist directed lateral eye movements are the most commonly used external stimulus but a variety of other stimuli including hand-tapping and audio stimulation are often used. EMDR therapy facilitates the accessing of the traumatic memory network, so that information processing is enhanced, with new associations forged between the traumatic memory and more adaptive memories or information. These new associations are thought to result in complete information processing, new learning, elimination of emotional distress, and development of cognitive insights. Source: https://www.emdr.com/what-is-emdr/

*November 2023*
*Growth Trend to be Determined by Economist*

Mary Meinhard & Associates, Inc.
P.O. Box 704
June Lake, California  93529
(760) 648-1115

## *Life Care Plan*
### *Francisco Hurtado*

Date of Birth:      December 11, 1997
Date of Injury:    March 15, 2018
Date Prepared:   December 2021
Diagnoses:        See Page 2

## Orthotics / Orthopedic Equipment

| Item/Service | Age          Year | Frequency | Purpose | Cost | Comment | Recommended By |
|---|---|---|---|---|---|---|
| Adjustable Quad Cane | Beginning<br>26        2023<br><br>Ending<br>Life Expectancy | 1 time every 2-3 years | Mobility aid; safe ambulation; fall prevention. | **Per Unit**<br>$22.00-$32.00 | See comments, below. | Christopher Stephenson, MD<br>(Treating Physiatrist)<br><br>Mary Meinhard, RN-BC, BS, JD, CLCP, LNC-C, MSC-C |
| Front Wheeled Walker with Seat | Beginning<br>26        2023<br><br>Ending<br>Life Expectancy | 1 time every 5-7 years | Mobility aid; safe ambulation; fall prevention; seat to allow rest breaks when ambulating. | **Per Unit**<br>$86.00-$110.00 | Mr. Hurtado reported limited walking distance tolerance of ~1 block before needing a rest break, secondary to severe right foot/ankle pain and fatigue. | Christopher Stephenson, MD<br>(Treating Physiatrist)<br><br>Mary Meinhard, RN-BC, BS, JD, CLCP, LNC-C, MSC-C |
| Mobilegs Crutches | Beginning<br>26        2023<br><br>Ending<br>Life Expectancy | 2-4 sets per year | Mobility aid; safe ambulation; fall prevention. | **Per Set**<br>$150.00-$170.00 | See comments, below.<br><br>Medical records document severely cachectic right lower extremity muscle wasting/atrophy secondary to CRPS; early Posttraumatic Tibio-Talar Arthritis; significant Tibio-Talar Disuse Osteopenia; severe right plantar flexion contracture resulting in right foot drop; and the inability to ambulate without an assistive device. | Joshua Prager, MD<br>(Treating Anesthesiologist/Pain Management)<br><br>Christopher Stephenson, MD<br>(Treating Physiatrist)<br><br>Mary Meinhard, RN-BC, BS, JD, CLCP, LNC-C, MSC-C |

Mr. Hurtado described his balance as *"messed up - I'm always falling"*, with the report of non-injury falls and/or near falls 4 x/week, both at home and when mobilizing in the community. He was wheelchair bound for 1.5-2 years after the subject accident, utilizing a borrowed wheelchair, and gradually progressed to using under-arm crutches. **Mr. Hurtado reported wearing out eight (8) sets of crutches over the last 1.5-2 years**, with significant, chronic bilateral underarm bruising secondary to crutch dependence. He currently uses Mobileg crutches, prescribed by Joshua Prager, MD, to prevent CRPS from spreading to his bilateral upper extremities – these crutches promote mobility with hand/arm attachments, versus placing pressure underneath the arms. He denied owning a cane, walker, scooter or wheelchair and rents *"electric carts"* when in stores and on outings to Disneyland and the Oakland Zoo but related that he was *"crying so bad"* due to uncontrollable pain on a recent trip to the Zoo that he was forced to leave.

Mary Meinhard & Associates, Inc.
P.O. Box 704
June Lake, California  93529
(760) 648-1115

## *Life Care Plan*
### *Francisco Hurtado*

Date of Birth:        December 11, 1997
Date of Injury:       March 15, 2018
Date Prepared:    December 2021
Diagnoses:           See Page 2

## Wheelchair Needs / Accessories

| Item/Service | Age | Year | Frequency | Purpose | Cost | Comment | Recommended By |
|---|---|---|---|---|---|---|---|
| 4-Wheeled Scooter | Beginning 26    2023 Ending Life Expectancy | | 1 time every 7-10 years | Ease of long-distance community mobility; promote independent mobility. | **Per Unit** $1,534.00-$3,694.00 | See comments, page 26. | Christopher Stephenson, MD (Treating Physiatrist) Mary Meinhard, RN-BC, BS, JD, CLCP, LNC-C, MSC-C |
| Scooter: *Maintenance* | Beginning 27    2024 Ending Life Expectancy | | 4-5 times | Maintain functioning equipment. | **Per Unit** 10-15% of purchase price | Follows 1-year scooter warranty. | Mary Meinhard, RN-BC, BS, JD, CLCP, LNC-C, MSC-C |
| Scooter: Accessories | Beginning 26    2023 Ending Life Expectancy | | 1 time every 2-5 years | Initial purchase and replacement of accessories; ease of scooter use. | **Per Unit** 10-15% of purchase price. | | Mary Meinhard, RN-BC, BS, JD, CLCP, LNC-C, MSC-C |
| Folding Lightweight Manual Wheelchair | Beginning 26    2023 Ending Life Expectancy | | 1 time every 7-10 years | Ease of long distance and community mobility secondary to chronic, severe right lower extremity pain. | **Per Unit** $2,002.00-$2,084.00 | See comments, page 26. | Christopher Stephenson, MD (Treating Physiatrist) Mary Meinhard, RN-BC, BS, JD, CLCP, LNC-C, MSC-C |
| Manual Wheelchair: *Maintenance and Accessories* | Beginning 27    2024 Ending Life Expectancy | | 2 times with each wheelchair purchase. | Maintain functioning wheelchair. | **Per Unit** 10-15% of purchase price. | ◆Follows 12-month wheelchair warranty | Mary Meinhard, RN-BC, BS, JD, CLCP, LNC-C, MSC-C |
| Wheelchair Cushions | Beginning 26    2023 Ending Life Expectancy | | 1 time every 5-7 years | Positioning, comfort, and support. | **Per Cushion** $417.00 | | Mary Meinhard, RN-BC, BS, JD, CLCP, LNC-C, MSC-C |

*November 2023*
*Growth Trend to be Determined by Economist*

Mary Meinhard & Associates, Inc.
P.O. Box 704
June Lake, California  93529
(760) 648-1115

## *Life Care Plan*
### *Francisco Hurtado*

| | |
|---|---|
| Date of Birth: | December 11, 1997 |
| Date of Injury: | March 15, 2018 |
| Date Prepared: | December 2021 |
| Diagnoses: | See Page 2 |

## Wheelchair Needs / Accessories

| Item/Service | Age | Year | Frequency | Purpose | Cost | Comment | Recommended By |
|---|---|---|---|---|---|---|---|
| Wheelchair Cushion Covers (2) | Beginning 26 | 2023 | 1 time every 3-5 years | Protect cushions. | **Per Cover** $48.00-$50.00 | | Mary Meinhard, RN-BC, BS, JD, CLCP, LNC-C, MSC-C |
| | Ending Life Expectancy | | | | | | |

## Aids for Independent Function

| Item/Service | Age | Year | Frequency | Purpose | Cost | Comment | Recommended By |
|---|---|---|---|---|---|---|---|
| Canine Companion | Beginning 26 | 2023 | 1 time every 8 years | Enhance independence; safe mobility; companionship; emotional/physical assistance with PTSD and CRPS. | **Per Unit** $15,000.00-$50,000.00 | Dogs are trained in tasks including anxiety and nightmare interruption, turning on lights, retrieving items; providing balance/support, retrieving dropped objects and/or objects out of reach; opening/closing doors; getting help when needed; etc. | Christopher Stephenson, MD (Treating Physiatrist)  Mary Meinhard RN-BC, BS, JD, CLCP, LNC-C, MSC-C |
| | Ending Life Expectancy | | | | | | |
| Canine Companion: *Maintenance* | Beginning 26 | 2023 | Annual allowance | Maintenance and upkeep for canine companion. | **Per Month:** $150.00-$300.00 | Annual cost includes veterinary fees, food, grooming, equipment, toys, pet insurance, etc. | Mary Meinhard RN-BC, BS, JD, CLCP, LNC-C, MSC-C |
| | Ending Life Expectancy | | | | | | |
| Adaptive Aids for Independent Function | Beginning 26 | 2023 | Annual Allowance* | Compensatory aids for impaired balance; limited carrying ability secondary to need for crutches; etc. | **Per Unit:** See comments.  **Per Year:** See comments. | *$300-$500 for initial purchase of equipment; then, $100-200 per year for replacement of damaged equipment, or new items.  Examples:  Dressing Assist Stick - $11; Utility cart - $170; Rolling Backpack - $40; Folding Easi-Reacher – $18.00-$22.00; etc. | Mary Meinhard, RN-BC, BS, JD, CLCP, LNC-C, MSC-C |
| | Ending Life Expectancy | | | | | | |

*November 2023*
*Growth Trend to be Determined by Economist*

Mary Meinhard & Associates, Inc.
P.O. Box 704
June Lake, California  93529
(760) 648-1115

### *Life Care Plan*
### *Francisco Hurtado*

Date of Birth:     December 11, 1997
Date of Injury:    March 15, 2018
Date Prepared:  December 2021
Diagnoses:         See Page 2

## Home Furnishings / Modifications / Accessories

| Item/Service | Age | Year | Frequency | Purpose | Cost | Comment | Recommended By |
|---|---|---|---|---|---|---|---|
| 3-in-1 Commode | Beginning 26 | 2023<br><br>Ending Life Expectancy | 1 time every 3-5 years | Facilitate arising from a seated position; ease with toileting. | **Per Unit** $45.00-$64.00 | This item can be utilized as a raised toilet seat and/or a bedside commode and is equipped with handrails.<br><br>Mr. Hurtado reported that he sits on the toilet to urinate or hangs onto a wall due to poor balance and the inability to stand without his crutches. | Christopher Stephenson, MD (Treating Physiatrist)<br><br>Mary Meinhard, RN-BC, BS, JD, CLCP, LNC-C, MSC-C |
| Handheld Shower* | Beginning 26 | 2023<br><br>Ending Life Expectancy | 1 time every 5-7 years | Aid in bathing. | **Per Unit** $40.00-$57.00 | *Need contingent on shower configuration in newly rented apartment.  Cost included in recommended architectural renovations upon home purchase. | Christopher Stephenson, MD (Treating Physiatrist)<br><br>Mary Meinhard, RN-BC, BS, JD, CLCP, LNC-C, MSC-C |
| Shower Chair with Back | Beginning 26 | 2023<br><br>Ending Life Expectancy | 1 time every 3-5 years | Aid in safe bathing, comfort; fall prevention. | **Per Unit** $52.00-$59.00 | Mr. Hurtado is unable to stand without his crutches and currently showers while seated in a regular plastic chair. | Christopher Stephenson, MD (Treating Physiatrist)<br><br>Mary Meinhard, RN-BC, BS, JD, CLCP, LNC-C, MSC-C |
| Recliner Lift Chair | Beginning 26 | 2023<br><br>Ending Life Expectancy | 1 time every 7-10 years | Ease in arising from a seated to standing position; safety. | **Per Unit*** $377.00-$1259.00<br><br>* Cost reflects offset for a standard chair, i.e., $639.00 | Mr. Hurtado reported extreme difficulty arising from a seated position, collaborated by his fiancé, due to feeling *"shaky and off balance".* | Christopher Stephenson, MD (Treating Physiatrist)<br><br>Mary Meinhard, RN-BC, BS, JD, CLCP, LNC-C, MSC-C |

*November 2023*
*Growth Trend to be Determined by Economist*

Mary Meinhard & Associates, Inc.
P.O. Box 704
June Lake, California  93529
(760) 648-1115

*Life Care Plan*
*Francisco Hurtado*

Date of Birth:        December 11, 1997
Date of Injury:       March 15, 2018
Date Prepared:    December 2021
Diagnoses:           See Page 2

## Home Furnishings / Modifications / Accessories

| Item/Service | Age    Year | Frequency | Purpose | Cost | Comment | Recommended By |
|---|---|---|---|---|---|---|
| Tempur-Pedic Bed: *King Size with Adjustable Frame* | Beginning 26    2023<br><br>Ending Life Expectancy | 1 time every 10 years | Aid in sleeping; comfort. | **Per Unit** $7,096.00* | Mr. Hurtado reported difficulty sleeping secondary to CRPS and difficulty getting in/out of bed due to the inability to bear weight with his right lower extremity.<br><br>*Unit cost includes offset for cost of regular mattress/foundation. | Christopher Stephenson, MD (Treating Physiatrist)<br><br>Mary Meinhard, RN-BC, BS, JD, CLCP, LNC-C, MSC-C |

## Financial Needs

| Item/Service | Age    Year | Frequency | Purpose | Cost | Comment | Recommended By |
|---|---|---|---|---|---|---|
| Fiduciary/Financial Advisor* | Beginning 26    2023<br><br>Ending Life Expectancy | 8-12 hours per year | Protection against undue influence; provide financial advice and security; ensure availability of sufficient funds for lifetime needs. | **Per Hour** $150.00-$400.00 | *Need contingent upon financial recovery with pending litigation. | Christopher Stephenson, MD (Treating Physiatrist) |

*November 2023*
*Growth Trend to be Determined by Economist*

Mary Meinhard & Associates, Inc.
P.O. Box 704
June Lake, California  93529
(760) 648-1115

# *Life Care Plan*
## *Francisco Hurtado*

Date of Birth:     December 11, 1997
Date of Injury:    March 15, 2018
Date Prepared:  December 2021
Diagnoses:        See Page 2

## Medications

| Pharmaceutical | Age | Year | Frequency | Purpose | Generic Cost | Brand Name Cost | Recommended By/Comment |
|---|---|---|---|---|---|---|---|
| Generic: *Propranolol 20 mg* <br><br> Brand: *Inderal 20 mg* | Beginning 26 <br> Ending Life Expectancy | 2023 | 3 tablets per day | Relieve anxiety. | **Per Unit** $0.88/tablet | **Per Unit** Unavailable | Christopher Stephenson, MD (Treating Physiatrist) <br><br> This medication is currently prescribed at this frequency. |
| Generic: *Hydrocodone/Acetaminophen 5/325 mg* <br><br> Brand: *Norco 5/325 mg* | Beginning 26 <br> Ending Life Expectancy | 2023 | Allow 24 tablets in conjunction with each surgery (i.e.,72 tablets) | Postoperative pain management. | **Per Unit** $1.44/tablet | **Per Unit** $3.95/tablet | Christopher Stephenson, MD (Treating Physiatrist) <br><br> This medication is currently prescribed at this frequency. |
| Generic: *Fluoxetine 40 mg* <br><br> Brand: *Prozac 40 mg* | Beginning 26 <br> Ending Life Expectancy | 2023 | 1 tablet per day | Control Depression. | **Per Unit** $1.71/tablet | **Per Unit:** $43.11/tablet | Christopher Stephenson, MD (Treating Physiatrist) <br><br> This medication is currently prescribed at this frequency. |
| *Topical Compounded Cream with Gabapentin, Lidocaine, Amitriptyline, DMSO and Cyclobenzaprine* | Beginning 26 <br> Ending Life Expectancy | 2023 | 90 grams per month | Alleviate constant, severe pain secondary to CRPS | **Per Unit** Not applicable; see comments | **Per Unit** $400.00 per month | Christopher Stephenson, MD (Treating Physiatrist) <br><br> This topical cream is compounded by Dr. Stephenson to avoid systemic oral medication side effects; cost provided by Dr. Stephenson. |
| Generic: *Duloxetine 60 mg* <br><br> Brand: *Cymbalta 60 mg* | Beginning 27 <br> Ending 27 | 2024 <br><br> 2024 | 1 capsule per day x 6 months | Pre-requisite to clearance for Spinal Cord Stimulator Trial. | **Per Unit** $7.10/capsule | **Per Unit** $11.43/capsule | Joshua Prager, MD (Treating Anesthesiologist/Pain Management) |

*November 2023*
*Growth Trend to be Determined by Economist*

Mary Meinhard & Associates, Inc.
P.O. Box 704
June Lake, California   93529
(760) 648-1115

## *Life Care Plan*
### *Francisco Hurtado*

| Date of Birth: | December 11, 1997 |
|---|---|
| Date of Injury: | March 15, 2018 |
| Date Prepared: | December 2021 |
| Diagnoses: | See Page 2 |

### Transportation Needs

| Item/Service | Age           Year | Frequency | Purpose | Cost | Comment | Recommended By |
|---|---|---|---|---|---|---|
| Scooter Lift with Swing Away Attachment and Professional Installation | Beginning      2023 / Ending Life Expectancy | 1 time every 7 years *in conjunction with* each new vehicle purchase | Transport scooter. | **Per Unit** $2,700.00-$4,000.00 | Mr. Hurtado described his lifting/carrying ability as *"nil"* due to his inability to lift/carry objects while holding onto crutches. In addition, ongoing complaints include severe, chronic right lower extremity pain, numbness/weakness; severe, chronic right foot/ankle pain; impaired balance; all of which adversely impact lifting ability/tolerance.<br><br>A foldable power scooter weighs 50-78 pounds – well beyond Mr. Hurtado's lifting capacity of 2-3 pounds. The estimated weight of the recommended scooter is 129 pounds. | Christopher Stephenson, MD (Treating Physiatrist)<br><br>Mary Meinhard, RN-BC, BS, JD, CLCP, LNC-C, MSC-C |
| Automobile Hitch* | Beginning 26       2023 / Ending Life Expectancy | 1 time every 7 years | Transport scooter. | **Per Unit** $58.00-$164.00 | *Need contingent on vehicle configuration. | Mary Meinhard, RN-BC, BS, JD, CLCP, LNC-C, MSC-C |
| Vehicle Hand Controls | Beginning 26       2023 / Ending Life Expectancy | 1 time every 5-7 years | Safe motor vehicle operation. | **Per Unit** $2,000.00-$8,000.00 | Medical records document severe, cachectic right lower extremity muscle wasting/atrophy.<br><br>Mr. Hurtado is unable to use his right leg to operate the gas pedal and brake. He has attempted to drive a motor vehicle using his left lower extremity without success. | Christopher Stephenson, MD (Treating Physiatrist)<br><br>Mary Meinhard, RN-BC, BS, JD, CLCP, LNC-C, MSC-C |

In one study, a significant proportion of right foot ankle surgery patients engaged in left-footed driving during postoperative recovery and determined that driving with both the right and left foot presents a risk of compromised safety. This study provides novel objective data regarding the potential risks of unipedal left-footed driving using a standard right-footed console, which indicates that driving with the left foot may prolong brake and throttle release times.
Source: https://pubmed.ncbi.nlm.nih.gov/30924363/

*November 2023*
*Growth Trend to be Determined by Economist*

# EXHIBIT 14



**ALEXANDER JACOBS, individually and on behalf of all others similarly situated, Plaintiff, v. CALIFORNIA STATE AUTOMOBILE ASSOCIATION INTER-INSURANCE BUREAU, Defendant.**

**No. C 07-00362 MHP**

**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA**

*2009 U.S. Dist. LEXIS 101586*

**October 26, 2009, Decided**
**October 27, 2009, Filed**

**PRIOR HISTORY:** *Jacobs v. CSAA Inter-Insurance, 2009 U.S. Dist. LEXIS 37153 (N.D. Cal., Apr. 30, 2009)*

**COUNSEL:** **[\*1]** For Alexander Jacobs, individually & on behalf of all others similarly situated, Plaintiff: Alan Dale Harris, LEAD ATTORNEY, David Sohn Zelenski, Harris & Ruble, Los Angeles, CA.

For CSAA Inter Insurance Bureau, a business entiity, Defendant: John R. Hurley, DLA Piper US LLP, San Francisco, CA; Tonya Marie Cross, DLA Piper US LLP, San Diego, CA.

**JUDGES:** MARILYN HALL PATEL, United States District Court Judge.

**OPINION BY:** MARILYN HALL PATEL

**OPINION**

*AMENDED MEMORANDUM & ORDER*

**Re: Plaintiff's Motion for Attorneys' Fees**

Plaintiff Alexander Jacobs ("Jacobs") brought this action against his former employer, California State Automobile Association Inter-Insurance Bureau ("CSAA"), on behalf of himself and all others similarly situated, alleging violations of California state law and the federal Fair Labor Standards Act. The court granted the parties' joint motion for final approval of settlement. Now before the court is plaintiff's motion for an award of attorneys' fees and costs. Having considered plaintiff's unopposed

submissions, the court enters the following memorandum and order.

*BACKGROUND*

Because the facts of the case have been reviewed in prior orders issued by the court, only a brief summary is needed here. *See Jacobs v. CSAA Inter-Insurance Bureau, No. C 07-00362, 2009 U.S. Dist. LEXIS 37153, 2009 WL 1201996, at \*1-2 (N.D. Cal. May 1, 2009).* **[\*2]** Plaintiff commenced this action on January 18, 2007. After some discovery, and a preliminary injunction preventing federal class members from cooperating or participating in a related state court action asserting essentially the same claims asserted in this action, the parties settled the instant action.

The settlement notice was mailed to a total of 8,057 class members, 1,317 of which filed claims against the initial common settlement fund of $ 850,000. *See* Docket No. 82 (Harris Dec.) P 8. After noticing that more members had filed claims than originally expected, at the urging of the court, the parties agreed to increase the common fund to $ 1.5 million, to appropriately cover allegedly unpaid overtime, damages owing on account of unpaid wages, improper pay stubs and civil penalties. There were ninety opt-outs and the sole objector has withdrawn his challenge to the settlement terms.

Between 2006 and 2009 class counsel have devoted approximately 530 hours to this action. Class counsel now request $ 375,000 in attorneys' fees, representing 25% of the common fund established for the benefit of the class, and costs of $ 3,150.22. Class counsel also

request a $ 25,000 incentive payment **[*3]** to Jacobs for service to the class. *Id.* PP 4, 9.

*LEGAL STANDARD*

In class actions, "a litigant or a lawyer who recovers a common fund for the benefit of [the class] is entitled to a reasonable attorney's [sic] fee from the fund as a whole." *Boeing Co. v. Van Gemert, 444 U.S. 472, 478, 100 S. Ct. 745, 62 L. Ed. 2d 676 (1980)*. The common fund doctrine applies to those instances when "(1) the class of beneficiaries is sufficiently identifiable, (2) the benefits can be accurately traced, and (3) the fee can be shifted with some exactitude to those benefitting." *In re Petition of Hill, 775 F.2d 1037, 1041 (9th Cir. 1985)*. The present action meets these requirements, as class members have been identified, there is a precise estimation of the benefits available to the class, and class counsel have submitted records justifying an award of attorneys' fees.

In the Ninth Circuit, it is within the district court's discretion to award attorneys' fees in common fund cases under either the percentage or the lodestar method. *Vizcaino v. Microsoft Corp., 290 F.3d 1043, 1047 (9th Cir. 2002)*. In selecting a method, the district court must consider the circumstances of the case. *Paul, Johnson, Alston & Hunt v. Graulty, 886 F.2d 268, 272 (9th Cir. 1989)* **[*4]** (applying percentage method because detailed billing records were unavailable). Courts usually apply the percentage method but then use the lodestar method to cross-check the reasonableness of the percentage to be awarded. *See, e.g., Vizcaino, 290 F.3d at 1047, 1050*; *Glass v. UBS Fin. Servs., Inc., Nos. 07-15278, 07-15309, 331 Fed. Appx. 452, 2009 U.S. App. LEXIS 10328, 2009 WL 1360920, at *2 (9th Cir. May 14, 2009)* (applying and discussing the percentage method). Regardless of the method selected, when attorneys' fees are to be paid from a common settlement fund, "the relationship between plaintiffs and their attorneys turns adversarial" and "the district court must assume the role of fiduciary for the class plaintiffs." *In re Wash. Pub. Power Supply Sys. Sec. Litig., 19 F.3d 1291, 1302 (9th Cir. 1994)* ("*WPPSSSL*"). It thus becomes crucial for the court to scrutinize the attorneys' request in light of their role in the litigation.

The "benchmark" for attorneys' fees in common fund class actions is 25% of the common fund. *Paul, Johnson, 886 F.2d 268, 272-73*; *see also Glass, 2009 U.S. App. LEXIS 10328, 2009 WL 1360920, at *2*. This percentage may be adjusted up or down, as appropriate. *Paul, Johnson, 886 F.2d at 272*. If an adjustment is warranted, the court must **[*5]** provide a reasonable explanation of both "why the benchmark is unreasonable under the circumstances" and "how it arrive[s] at the figure ultimately awarded." *Id. at 272-73*. The Ninth Circuit has

set forth a number of factors which may be relevant to the district court's determination of the percentage ultimately awarded: (1) the results achieved; (2) the risk of litigation; (3) the skill required and quality of work; (4) the contingent nature of the fee and the financial burden carried by the plaintiffs; and (5) awards made in similar cases. *See Vizcaino, 290 F.3d at 1048-50*. "[T]here is no necessary correlation between any particular percentage and a reasonable fee." *WPPSSSL, 19 F.3d at 1297*. The Ninth Circuit has noted that in cases involving common funds, "picking a percentage without reference to all the circumstances of the case, including the size of the fund, would be like picking a number out of the air." *Id.*

*DISCUSSION*

I. *Percentage Method*

Noting that 25% of the common fund is the benchmark award in the Ninth Circuit, class counsel request attorneys' fees of $ 375,000, representing that percentage of the $ 1.5 million fund secured for the class. The results achieved in this litigation **[*6]** were acceptable, especially considering the risks plaintiffs would have faced at the class certification stage. That plaintiffs were able to recover at all speaks to the diligence and skill of their attorneys. Plaintiffs' attorneys have generally submitted well-drafted documents to support their positions. Plaintiffs' counsel also took this case on a contingent basis. There is no question that class counsel should receive a substantial fee in this case.

Two factors have, however, led the court to grant an award lower than what plaintiffs' attorneys have requested. The first and most important consideration is the role played by class counsel in increasing the size of the common fund from $ 850,000 to its current $ 1,500,000. As is discussed above, after agreeing on a $ 850,000 common fund, the parties discovered that the numbers of claims by class members outnumbered their initial estimate. As a result, the court pressured the defendants to increase the size of the common fund in order to accommodate the larger number of claims. Although plaintiffs' counsel played some role in arriving at a larger common fund, in their motion for attorneys' fees, plaintiffs' counsel assert that their **[*7]** efforts were responsible for the entire increase. *See* Docket No. 81 (Mot.) at 1 ("Indeed, after the Settlement Administrator received more claims than the parties originally anticipated, Plaintiff's Counsel negotiated a *$ 650,000 increase* in the settlement amount.") (emphasis in original). Although it matters not to the class who is responsible for an increase in the common fund and the concomitant increase in each class members' recovery, that plaintiffs' counsel played a minimal role in achieving that result should factor into the court's analysis regarding attorneys fees. The skill, dili-

gence and efforts of plaintiffs' counsel unquestionably resulted in the initial settlement amount, and for that they should be compensated. To grant an award for a portion of the settlement for which the attorneys played a limited role, however, would ignore the specific circumstances of this case.

Secondly, plaintiffs' counsel's submissions intended to permit the court to conduct a lodestar "crosscheck" are woefully inadequate, leaving the court unable to confirm the appropriateness of a $ 375,000 award. "When a party seeks an award of attorneys' fees, that party bears the burden of submitting evidence **[\*8]** of the hours worked and the rate paid." *Carson v. Billings Police Dep't, 470 F.3d 889, 891 (9th Cir. 2006).* Courts applying the percentage method typically use the lodestar method to cross-check the reasonableness of the percentage to be awarded. *See, e.g.,* Vizcaino, 290 F.3d at 1047, 1050; *Glass, 2009 U.S. App. LEXIS 10328, 2009 WL 306120, at \*2* (applying and discussing the percentage method). The "lodestar is the product of reasonable hours times a reasonable rate." *City of Burlington v. Dague, 505 U.S. 557, 559, 112 S. Ct. 2638, 120 L. Ed. 2d 449 (1992)* (citations omitted). The Supreme Court has established a "strong presumption" that lodestar fees are reasonable. *Id. at 562.* Plaintiffs' attorneys bear the burden of submitting detailed records documenting "the hours worked and rates claimed." *Hensley v. Eckerhart, 461 U.S. 424, 434, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983).*

Although plaintiffs' counsel have done an admirable job maintaining contemporaneous records of the hours expended on this litigation, *see* Docket No. 82 (Harris Dec.), Exh. 1 (Time records), they have provided the court with no credible source to determine if the hourly rates they seek are reasonable. Reasonable hourly rates are calculated by reference to "prevailing market rates in the relevant community," **[\*9]** with a special emphasis on fees charged by lawyers of "comparable skill, experience, and reputation." *Davis v. City of San Francisco, 976 F.2d 1536, 1546 (9th Cir. 1992).* As a general rule, the forum district represents the relevant legal community. *See Gates v. Deukmejian, 987 F.2d 1392, 1405 (9th Cir. 1992).*

To justify the requested hourly rates, plaintiffs' counsel Alan Harris has submitted his own declaration and a declaration from Peter D. Zeughauser. *See* Harris Dec.; *id.,* Exh. 2 (Zeughauser Dec.). Harris' declaration lays out the hourly fees requested by class counsel, which range from $ 800 per hour for Harris, an attorney with more than 30 years experience, to $ 355 per hour for an attorney with Harris' firm with approximately four years experience. Harris provides minimal information--undergraduate and law school institution, year of graduation, and whether they have passed the California bar--about the individuals who worked on this case. Harris

then concludes that based on his "own understanding of the market rates in Los Angeles," the rates requested by class counsel are reasonable. Harris Dec. P 6. Similarly, Zeughauser states, without any explanation, that all of the rates **[\*10]** requested by plaintiffs' counsel are reasonable. Zeughauser Dec. P 11. Without intending any disrespect to Zeughauser, his stated "qualifications" to proffer this blanket assertion include his tenure as general counsel for The Irvine Company in Irvine, California, a number of "talks" to "over three hundred audiences comprised of attorneys," "numerous articles in . . . legal publications," and the authorship of a volume entitled "Lawyers Are From Mercury, Clients Are From Pluto." Zeughauser Dec. PP 2, 3, 5, 6. Mr. Zeughauser's declaration does not include a list of academic publications or a curriculum vitae.

The court cannot rely on these unsubstantiated opinions in determining the reasonableness of the requested hourly rates, especially in a common fund case, where the fee is awarded at the detriment of the class and the fee request is unopposed. To begin, there is no information about the attorneys' skills, experience or reputations. Second, Harris and Zeughauser provide no justification, other than their own opinions, that the requested rates are reasonable. An examination of awards made in other cases indicates that the requested rates are not reasonable, but rather are extraordinary. **[\*11]** For example, Harris seeks to be compensated at $ 800 per hour. The court has not been able to locate a single case from any forum in the entire country where a court approved an $ 800 per hour rate for any attorney. In fact, the court identified only a single case where a judge awarded an attorney even a rate of $ 700 per hour. *See Create-A-Card, Inc. v. INTUIT, Inc., No. C 07-06452, 2009 U.S. Dist. LEXIS 93989, 2009 WL 3073920, at \*2 (N.D. Cal. Sept. 22, 2009)* (Alsup, J.). Further, some of the rates requested for other attorneys in this action--$ 475 for two attorneys with eight years experience, $ 430 for two attorneys with six years of experience, $ 355 for an attorney with four years experience--are, in this court's experience, extremely high for the San Francisco Bay Area. Third, both Harris and Zeughauser fail to explain the reasonableness of the rates for the Northern District of California, instead stating that they are reasonable in general or reasonable for the Los Angeles, California, area. In sum, the information provided by plaintiffs' counsel is simply insufficient to permit the court to conduct a credible cross-check of the percentage award requested by plaintiffs' counsel.

Given these deficiencies **[\*12]** in class counsel's moving papers, the court awards class counsel $ 255,000 in attorneys' fees, which is equal to 30% of the $ 850,000 common fund that class counsel originally negotiated for the class members. The court believes this figure more

than adequately compensates plaintiffs' attorneys for their performance in this case. They should be commended for bringing this case to an early and favorable resolution, which is reflected in the 30% award, in excess of this Circuit's benchmark. At the same time, the court does not believe that class counsel should receive much if any benefit from the increase in the common fund in which they played a minimal role. Even though class counsel will receive a lower than requested award, they are still being compensated handsomely; the $ 255,000 award results in $ 481 hourly rate for the 530 hours class counsel expended on this case.

## II. *Costs*

Class counsel have also requested reimbursement for costs in the amount of $ 3,150.22, representing costs for meals, parking, copy and delivery services, and transportation. These costs are well-documented and reasonable. The court awards reimbursement of costs in their entirety.

## III. *Incentive Award for Named* **[*13]** *Plaintiff Jacobs*

Class counsel have also requested an incentive award of $ 25,000 for named plaintiff Jacobs, to compensate him for his efforts on behalf of the class he represents. "Such awards are discretionary and are intended to compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action, and, sometimes, to recognize their willingness to act as a private attorney general." *Rodriguez v. West Publishing Corp., 563 F.3d 948, 958-59 (9th Cir. 2009)* (citation omitted). In this case, according to class counsel, Jacobs helped class counsel by "conferring over discovery matters, gathering documents, conversing with Class Counsel and other Class members, and advising Counsel of his various opinions during settlement negotiations." Harris Dec. P 9. Jacobs and class counsel also had "over twenty-five conversations regarding this case." *Id.*

It is clear that Jacobs invested some amount of time in this litigation, although Harris' declaration does not attempt to quantify the amount. The court holds, however, that Jacobs is not entitled to a $ 25,000 incentive fee. A $ 25,000 incentive payment is quite high **[*14]** for this district, in which a $ 5,000 payment is presumptively reasonable. *See Hopson v. Hanesbrands Inc., No. CV-08-0844, 2009 U.S. Dist. LEXIS 33900, 2009 WL 928133, at*

*10 (N.D. Cal.Apr. 3, 2009)* (LaPorte, M.J.). In cases where class representatives received incentive payments of $ 25,000 or higher, the class representatives spent a much greater amount of time assisting class counsel, *see Cook v. Niedert, 142 F.3d 1004, 1016 (9th Cir. 1998)* (upholding $ 25,000 incentive payment in case with more than a $ 13,000,000 settlement where class representative spent "hundreds" of hours with class counsel), or the case resulted in a far larger overall recovery, *see e.g., id.; In re Domestic Air Transp., 148 F.R.D. 297, 357-58 (N.D. Ga. 1993)* (awarding $ 142,500 to class representatives out of $ 50 million fund); *In re Dun & Bradstreet, 130 F.R.D. 366, at 373-74 (S.D. Ohio 1990)* (awarding $ 215,000 to several class representatives out of an $ 18 million fund). Here, Jacobs has not estimated the amount of time that he spent aiding class counsel, and the overall recovery on behalf of the class is substantial, but by no means extraordinary. In similar cases, courts have awarded $ 5,000 incentive payments. *See, e.g., Knight v. Red Door Salons, Inc., No. 08-01520, 2009 U.S. Dist. LEXIS 11149, 2009 WL 248367, at *7 (N.D. Cal. Feb. 2, 2009)* **[*15]** (Conti, J.) (awarding $ 5,000 for named plaintiffs expending 40-50 hours each to help recover $ 500,000); *Hopson, 2009 U.S. Dist. LEXIS 33900, 2009 WL 928133, at *10* (awarding $ 5,000 to named plaintiffs who helped to recover $ 408,000). Recognizing that Jacobs spent somewhat more time assisting counsel than occurs in the average case resulting in a $ 5,000 incentive payment, the court grants Jacobs an incentive payment of $ 7,500.

## *CONCLUSION*

Plaintiffs' motion for an award of attorneys' fees and costs is GRANTED for a total amount of $ 258,150.22, representing $ 255,000 in attorneys' fees and $ 3,150.22 in costs. Named plaintiff Alexander Jacobs is awarded an incentive payment of $ 7,5000.

IT IS SO ORDERED.

Dated: October 26, 2009

/s/ Marilyn Hall Patel

MARILYN HALL PATEL

United States District Court Judge

Northern District of California

# EXHIBIT 15



FOCUS - 3 of 40 DOCUMENTS

**KIM MUNIZ, Plaintiff, v. UNITED PARCEL SERVICE, INC., Defendant.**

**No. C 09-01987 CW**

**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA**

*2011 U.S. Dist. LEXIS 36697*

**March 25, 2011, Decided
March 25, 2011, Filed**

**PRIOR HISTORY:** *Muniz v. UPS, 2011 U.S. Dist. LEXIS 11219 (N.D. Cal., Jan. 28, 2011)*

**COUNSEL: [*1]** For Kim Muniz, Plaintiff: Stephen R. Jaffe, LEAD ATTORNEY, Jaffe Law Firm, San Francisco, CA; Daniel Amon Zaheer, Kerr & Wagstaffe LLP, San Francisco, CA.

For United Parcel Service, Inc., a corporation, Defendant: Elena Renee Baca, LEAD ATTORNEY, Paul,Hastings, Janofsky & Walker LLP, Los Angeles, CA; Katherine C Huibonhoa, Ryan Coby Hess, LEAD ATTORNEYS, Paul, Hastings, Janofsky & Walker, LLP, San Francisco, CA.

Kenneth M. Stern, Amicus, Pro se, Woodland Hills, CA.

For Paul, Hastings, Janofsky & Walker LLP, San Francisco, CA, Miscellaneous: Hilton S. Williams, LEAD ATTORNEY, Paul Hastings Janofsky & Walker, LLP, San Francisco, CA.

For Consumer Attorneys of California, Intervenor: Lee S. Harris, Esq., LEAD ATTORNEY, Goldstein, Gellman, Melbostad, Gibson & Harris, LLP, San Francisco, CA.

For California Employment Lawyers Association, Intervenor: David deRubertis, LEAD ATTORNEY, The deRubertis Law Firm, Studio City, CA.

**JUDGES:** CLAUDIA WILKEN, United States District Judge.

**OPINION BY:** CLAUDIA WILKEN

**OPINION**

ORDER ALLOWING FURTHER SUBMISSIONS ON PLAINTIFF'S MOTION FOR ATTORNEYS' FEES

Plaintiff Kim Muniz moves for attorneys' fees and non-statutory costs. Defendant United Parcel Service (UPS) opposes the motion. The motion **[*2]** was taken under submission on the papers.

As explained below, Plaintiff has not adequately supported her request for fees related to Stephen Jaffe's and Susan Jaffe's work. Accordingly, the Court allows further submissions on the reasonableness of Mr. Jaffe's hourly rate and the reasonableness of the number of hours billed by Mr. Jaffe and Ms. Jaffe.

"An award of attorneys' fees incurred in a suit based on state substantive law is generally governed by state law." *Champion Produce, Inc. v. Ruby Robinson Co., Inc., 342 F.3d 1016, 1024 (9th Cir. 2003)*.

Under the FEHA, courts employ the lodestar method set forth in *Serrano v. Priest, 20 Cal. 3d 25, 141 Cal. Rptr. 315, 569 P.2d 1303 (1977)*, to determine the amount of attorneys' fees to which prevailing parties are entitled. *Chavez v. City of L.A., 47 Cal. 4th 970, 985, 104 Cal. Rptr. 3d 710, 224 P.3d 41 (2010)*. "Using that method, the trial court first determines a touchstone or lodestar figure based on a careful compilation of the time spent by, and the reasonable hourly compensation for, each attorney, and the resulting dollar amount is then

2011 U.S. Dist. LEXIS 36697, *

adjusted upward or downward by taking various relevant factors into account." Id.

California law encourages prevailing parties to seek reasonable attorneys' fees in the **[*3]** first instance. "A fee request that appears unreasonably inflated is a special circumstance permitting the trial court to reduce the award or deny one altogether." *Serrano v. Unruh, 32 Cal. 3d 621, 635, 186 Cal. Rptr. 754, 652 P.2d 985 (1982)*; accord *Chavez, 47 Cal. 4th at 990.* "'If . . . the Court were required to award a reasonable fee when an outrageously unreasonable one has been asked for, claimants would be encouraged to make unreasonable demands, knowing that the only unfavorable consequence of such misconduct would be reduction of their fee to what they should have asked for in the first place. To discourage such greed, a severer reaction is needful.'" *Unruh, 32 Cal. 3d at 635* (quoting *Brown v. Stackler, 612 F.2d 1057, 1059 (7th Cir. 1980))* (alterations by Unruh court).

I. Reasonable Hourly Rate for Stephen Jaffe

UPS objects to the $650.00 hourly rate sought by Plaintiff for Mr. Jaffe, asserting that it is unreasonable.

To ascertain an attorney's reasonable hourly rate, courts consider "the hourly prevailing rate for private attorneys in the community conducting noncontingent litigation of the same type." *Ketchum v. Moses, 24 Cal. 4th 1122, 1133, 104 Cal. Rptr. 2d 377, 17 P.3d 735 (2001)* (emphasis in original). The moving party has the burden "to **[*4]** prove the appropriate market rate to be used in calculating the lodestar." *MBNA Am. Bank, N.A. v. Gorman, 147 Cal. App. 4th Supp. 1, 16, 54 Cal. Rptr. 3d 724 (2006).* To support a fee request, that party may submit expert witness testimony regarding attorneys' fees and declarations containing "verifiable information regarding rates allowed by courts." *Children's Hosp. & Med. Ctr. v. Bonta, 97 Cal. App. 4th 740, 782-83, 118 Cal. Rptr. 2d 629 (2002).* In "assessing a reasonable hourly rate, the trial court is allowed to consider the attorney's skill as reflected in the quality of the work, as well as the attorney's reputation and status." *Gorman, 147 Cal. App. 4th Supp. at 13* (citing *Ketchum, 24 Cal. 4th at 1139*); see also *Blum v. Stenson, 465 U.S. 886, 896, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984)* (noting that the reasonableness inquiry requires consideration of the rates charged for "similar services by lawyers of reasonably comparable skill, experience and reputation").

Mr. Jaffe graduated from Wayne State University Law School in 1970. Since 1989, he has focused primarily on representing individuals in employment law cases. He has taken over one thousand depositions and has gone to trial in thirty five cases. However, he does not indicate the disposition of any **[*5]** of his cases.

To show that Mr. Jaffe's $650.00 rate is reasonable, Plaintiff offers declarations from Mary Dryovage, a solo employment law practitioner, and James Wagstaffe, a partner at and co-founder of the law firm at which Daniel Zaheer, one of Plaintiff's other attorneys, is an associate. The Dryovage and Wagstaffe declarations state, in boilerplate language, that Mr. Jaffe's rate is reasonable for local employment law attorneys with similar reputation, experience and skill. However, neither Ms. Dryovage nor Mr. Wagstaffe articulate the basis for their conclusion. Although these declarants may have expertise related to attorneys' fee awards, courts are not required to rely on opinion evidence that is simply "the ipse dixit of the expert." *Gen. Elec. Co. v. Joiner, 522 U.S. 136, 146, 118 S. Ct. 512, 139 L. Ed. 2d 508 (1997)*; see also *Hensley v. Eckerhart, 461 U.S. 424, 440 n.15, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983).* Thus, these declarations do not prove that a $650.00 rate for Mr. Jaffe is reasonable. Notably, Ms. Dryovage, who, like Mr. Jaffe, is a solo employment law practitioner, did not indicate her hourly rate. Such information could be useful in determining the reasonableness of Mr. Jaffe's rate.

Plaintiff suggests that Mr. Jaffe's years **[*6]** in practice justify his hourly rate. She compares his rate to those of UPS's attorneys, noting their years in practice. However, there is no evidence that UPS's counsel's rates are reasonable. Furthermore, the number of years an attorney has practiced, on its own, is not sufficient. Career longevity does not necessarily correlate with an attorney's skill, experience and reputation. As noted above, although Mr. Jaffe indicates that he has participated various proceedings, none of the declarants, including Mr. Jaffe, has indicated his level of success in them. See *Campbell v. Nat'l Passenger R.R. Corp., 718 F. Supp. 2d 1093, 1099 (N.D. Cal. 2010)* (offering supporting declarations indicating the level of success achieved by attorney). The declarants do not describe Mr. Jaffe's skills or reputation in the legal community.

UPS argues that Mr. Jaffe is entitled to an hourly rate of "$425 at most." Opp'n 19. UPS cites surveys, published in the National Law Journal, suggesting that the average hourly rate for partners at two San Francisco employment litigation firms is around $445.00; see also *Mitchel v. City of Santa Rosa, 2010 U.S. Dist. LEXIS 80596, 2010 WL 2740069, at *2 (N.D. Cal.)* (awarding $420.75 per hour for Bay **[*7]** Area law firm partner with thirty-six years of experience in defense-side employment law litigation).

Plaintiff has not proved that Mr. Jaffe's $650.00 rate is reasonable, and there is not sufficient evidence to determine a reasonable rate. To recover fees for his services, Plaintiff must offer competent evidence that the rate he seeks is reasonable. For instance, Ms. Dryovage and Mr. Wagstaffe may supplement their declarations to

describe Mr. Jaffe's skills and reputation. Plaintiff may also offer surveys showing the market rates for attorneys situated similarly to Mr. Jaffe.

## II. Reasonable Number of Hours for Stephen and Susan Jaffe

In challenges to the reasonableness of the number of hours billed, "it is the burden of the challenging party to point to the specific items challenged, with a sufficient argument and citations to the evidence." *Premier Med. Mgmt. Sys., Inc. v. Cal. Ins. Guarantee Ass'n, 163 Cal. App. 4th 550, 564, 77 Cal. Rptr. 3d 695 (2008).* "General arguments that fees claimed are excessive, duplicative, or unrelated do not suffice." Id. If the opposing party cannot provide specific, persuasive reasons to disallow recovery for some of the hours billed, courts should normally award fees for the **[*8]** total number of hours billed or, at most, impose a ten-percent reduction. See *Moreno v. City of Sacramento, 534 F.3d 1106, 1112, 1116 (9th Cir. 2008).*

### A. Stephen Jaffe

For this action, Mr. Jaffe did not maintain any time records. Instead, for Plaintiff's fee request, Mr. Jaffe estimated the number of hours he worked by using a so-called "protocol," which varied based on the task he performed. Jaffe Decl. ∂ 28. With regard to "depositions, travel, court appearances, etc.," Mr. Jaffe "used the actual time spent together with any associated travel time and preparation." Id. However, except for his use of transcripts to estimate the number of hours he worked on depositions, Mr. Jaffe did not rely on any verifiable evidence to support his estimate of hours related to these tasks. To determine the amount of time he spent drafting pleadings, motions and correspondence, Mr. Jaffe counted the number of documents he thought to be relevant to this action. This figure, according to Mr. Jaffe, allowed him to make estimates with "meaningful accuracy." Id. Mr. Jaffe's reconstruction consists of a table listing various services and the total number of hours -- over the course of the entire litigation **[*9]** -- he worked to provide each service. For example, Mr. Jaffe represents that for "[t]elephone conferences with opposing counsel, client, witnesses, staff, process servers, and miscellaneous (entire case)," he expended 148 hours. Id. at 7:19-21. Except for depositions, Mr. Jaffe does not indicate on which dates he worked these hours, nor does he identify any of the particular tasks he performed.

Under California law, Mr. Jaffe's failure to maintain contemporaneous time records does not preclude Plaintiff from recovering amounts for his services. See, e.g., *Martino v. Denevi, 182 Cal. App. 3d 553, 559, 227 Cal. Rptr. 354 (1986).* However, his effort at reconstructing the hours he worked is insufficient. First, Mr. Jaffe ag-

gregation of hours for broad categories of tasks precludes an objective determination of the reasonableness of the hours he claims. It is impossible to determine, from Mr. Jaffe's generic descriptions, whether his work was reasonable in light of this litigation, or whether it was duplicative or unnecessary. He does not itemize any of the tasks he performed. In essence, Mr. Jaffe offers block billing for Plaintiff's entire case. [1]

> 1 Block billing is a time-keeping method where an attorney enters **[*10]** the total daily time spent working on a case, rather than itemizing the time spent on a specific task. See *Mendez v. Cnty. of San Bernardino, 540 F.3d 1109, 1129 n.2 (9th Cir. 2008);* see also *Christian Research Inst. v. Alnor, 165 Cal. App. 4th 1315, 1325, 81 Cal. Rptr. 3d 866 (2008).*

Second, Mr. Jaffe offers little data from which the Court can judge the accuracy of his reconstruction "protocol," which precludes an evaluation of the protocol's reliability. Relying on printouts of file directories and lists of emails exchanged, Mr. Jaffe states that this case produced "between 20,000 and 32,000 pages of documents" and 3,617 emails. Jaffe 1st Supp. Decl. ∂∂ 5-6. However, the number of hours worked, let alone the reasonableness of those hours, cannot be extrapolated solely from the number of documents filed, disclosed or generated in an action. [2]

> 2 Despite being put on notice by Magistrate Judge Donna Ryu at a January 27, 2011 hearing that his lack of time records may pose difficulties in evaluating Plaintiff's fee award, Mr. Jaffe continues to decline to maintain such records. In a Second Supplemental Declaration, intended to support Plaintiff's request for fees incurred in litigating her fee request, Mr. Jaffe **[*11]** relies on the number of documents filed in this action to substantiate the seventy-six hours he claims he has worked since September 29, 2010. As noted above, the number of documents filed in an action offers limited insight into to the reasonableness of the hours worked.

Thus, in addition to failing to establish the reasonableness of his hourly rate, Plaintiff fails to demonstrate the reasonableness of the number of hours Mr. Jaffe worked. Mr. Jaffe must employ a reliable methodology to reconstruct the hours he worked. For instance, to recount the hours he devoted to depositions, Mr. Jaffe resorted to reviewing deposition transcripts, which indicate the hours during which the deposition took place. Using a similar method, Mr. Jaffe may rely on documents providing an objective recount of time, such as the Clerk's Trial Sheet (Docket No. 134) or the trial tran-

script, to establish the number of hours he worked with respect to trial. Mr. Jaffe may add to this figure an estimate of the number of hours he spent preparing, so long as that estimate is reasonable. Reconstructions shall contain specific dates and indicate, in some form, the particular nature of the tasks performed. Although **[*12]** this reconstruction will undoubtedly take time, Plaintiff shall not recover from UPS fees related to this task; this additional work results from Mr. Jaffe's failure to substantiate his hours, which is not attributable to UPS.

### B. Susan Jaffe

Susan Jaffe, a paralegal who worked on Plaintiff's case, does not offer any time records or make any effort to reconstruct the hours she worked. The only evidence of her work is Mr. Jaffe's representation that she assisted in trial preparation and attended the trial, which amounted to "465 hours of service." Jaffe Decl. ∂ 34. Trial in this action consisted of seven days of presentation and one day of jury deliberations. By comparison, in Campbell, an employment discrimination case that entailed a twelve-day trial, the plaintiff sought fees for 105.40 hours worked by paralegals. Case No. C 05-5434 CW, Docket No. 268-11, at 1.

Without any time records or reconstruction of hours worked, it is impossible for the Court to determine whether Ms. Jaffe's hours were reasonable. Accordingly, to recover Ms. Jaffe's fees, Plaintiff shall proffer Ms. Jaffe's time records. If Ms. Jaffe does not have time records, she may reconstruct the time she worked using a **[*13]** reliable methodology based on verifiable evidence. For example, if she attended every hour of trial, she could say so, and substantiate the hours from the Clerk's Trial Sheet (Docket No. 134) or trial transcript. Although

any reconstruction will undoubtedly take time, Plaintiff shall not recover from UPS fees related to this task.

### CONCLUSION

For the foregoing reasons, the Court allows further submissions on Plaintiff's motion for attorneys' fees and costs. (Docket No. 184.)

Within fourteen days of the date of this Order, Plaintiff may tender additional evidence to support the reasonableness of Mr. Jaffe's hourly rate. In addition, she may proffer evidence supporting the reasonableness of the hours billed by Mr. and Ms. Jaffe. Along with this evidence, Plaintiff may include documentation regarding fees incurred to litigate her fee request. She may not, however, recover fees related to curing deficiencies related to her fee request. Fourteen days after Plaintiff files her supplemental material, UPS may file a brief, not to exceed ten pages, containing its objections, if any. Seven days thereafter, if necessary, Plaintiff may reply in a brief not to exceed ten pages.

The parties shall not **[*14]** brief any issue not related to the reasonableness of Mr. Jaffe's hourly rate or the reasonableness of the number of hours worked by Mr. and Ms. Jaffe. The failure to abide by this direction will result in the striking of the offending party's submission in its entirety.

IT IS SO ORDERED.

Dated: March 25, 2011

/s/ Claudia Wilken

CLAUDIA WILKEN

United States District Judge

# EXHIBIT 16

**Joy Bertrand, Esq.**
PO Box 2734
Scottsdale, Arizona 85252-2734
Telephone:  602-374-5321
Fax:  480-361-4694
joyous@mailbag.com
www.joybertrandlaw.com
California State Bar Number 303206

**ATTORNEY FOR:  PLAINTIFFS**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

Nancy Doe and Jennifer Doe,
      Plaintiffs,

      v.

State of California, et al.,
      Defendants.

1:24-CV-00337-JLT-CDB

**MOTION TO APPROVE ATTORNEY FEES FOR PLAINTIFF JENNIFER DOE (RESUBMITTED)[1]**

      NOW COMES the Plaintiff, Jennifer Doe, by and through her counsel of record, Joy Bertrand, to ask this Court to authorize attorney fees, pursuant to

---

[1]  The Plaintiff initially filed her Motion on October 22, 2024.  This Motion is being re-submitted, *per* the Court's November 21, 2024 Order.  (ECF Doc. 21). In preparing the updated Motion, Counsel observed that the Motion to Seal Exhibit was mistakenly filed as the Motion to Approve Attorney Fees.  (ECF Doc. 12). This Motion addresses both the Court's order denying Plaintiff's Motion to Seal her attorney fee itemization and the Court's direction to re-file the correct motion.  Counsel apologizes for the error.

Calif. Pen. Code. 2085.8.  The State does not object to this Motion.  As further grounds therefore, the Plaintiff submits the following:

## DISCUSSION

On September 13, 2024, the Parties reached a settlement agreement at mediation.  The Parties agreed to resolve Jennifer Doe's claim for $95,000.  The Parties also agreed that Plaintiff's Counsel shall be paid $40,758.15 in attorney fees and costs, contingent upon this Court's approval.

That amount of compensation is less than the restitution she owes in the criminal matter for which she currently is serving a sentence.  As a result, this Court's approval of the attorney fees and costs is required.

The Plaintiff asks this Court to order the $40,768.15 agreed to by the parties, which was Plaintiff's initial time and expenses estimate.  As shown by the time and expense itemization submitted under seal with this Motion, Plaintiff's Counsel has incurred approximately twenty percent more fees and expenses than the Plaintiff's Counsel initially estimated.  Because the lower number was relied upon by the Defense in securing approval of the settlement, Plaintiff Counsel, by this Motion, asks only that the original estimated amount be ordered.

In support of this fee request, Plaintiff also notes the following factors that guide courts in determining the reasonableness of attorney fees:  Plaintiff's

Counsel's qualifications; the work required to represent Jennifer Doe in this matter; the difficulty of the case; and the importance of the case.

## I. Applicable Law.

*A.   The Availability of Attorney Fees Under Federal and State Law.*

A plaintiff that prevails in civil rights litigation under federal law (§ 1983) or state law (§ 52.1) may be entitled to an award of attorney's fees.[2]   Once a plaintiff establishes that it is the "prevailing party," a reasonable fee award is typically based upon the lodestar method: "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."[3]

A "reasonable rate" may be demonstrated by the moving party submitting "satisfactory evidence in addition to the attorney's own affidavit that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation."[4]

Here, the Plaintiff has prevailed on her claims, as evidenced by her favorable result at mediation.  All but one of her claims in the Complaint were for causes of action under California law.  Of her ten claims, only Count Six

---

[2]  *Hensley v. Eckerthart*, 461 U.S. 424, 433 (1983).

[3]  *Id.*

[4]  *Blum v. Stenson*, 465 U.S. 886, 896 n. 11(1984).

alleges a federal claim.  The fees, therefore, should be evaluated under California law and not as limited by the Prison Litigation Reform Act.[5]  None of the conduct alleged in support of Count Six is separate from the state law claims.

B.    *The State of California's Criminal Restitution Requirements.*

California Penal Code Section 2085.8(a) provides in rellevant part:

> Compensatory or punitive damages awarded by trial or settlement to any inmate, parolee, person placed on postrelease community supervision pursuant to Section 3451, or defendant on mandatory supervision imposed pursuant to subparagraph (B) of paragraph (5) of subdivision (h) of Section 1170 in connection with a civil action brought against a federal, state, or local jail, prison, or correctional facility, or any official or agent thereof, shall be paid directly, **after payment of reasonable attorney's fees and litigation costs approved by the court**, to satisfy any outstanding restitution orders or restitution fines against that person.  The balance of the award shall be forwarded to the payee after full payment of all outstanding restitution orders and restitution fines, subject to subdivision (c).[6]

## II.    **Counsel's Hourly Rates are Reasonable.**

In the Ninth Circuit, reasonable rates for civil rights cases are not based only on rates offered in similar civil rights claims.  Rather, comparison "extends

---

[5]  *Rodriguez v. County of Los Angeles*, 96 F.Supp.3d, 1012, 1018 (C.D. Cal. 2014) ("It is well established that this Court may award fees pursuant to state law for state law claims.");  see also *Chaudhry v. City of Los Angeles*, 751 F.3d [1096] at 1106 (9th Cir. 2014)(finding that if the plaintiff prevailed on § 52.1 and § 1983 claims based on the same conduct, the plaintiff could pursue attorney's fees pursuant to § 52.1(h))."

[6]  *Id*. (emphasis added)

to all attorneys in the relevant community engaged in 'equally complex Federal litigation,' no matter the subject."[7]

Here, the hourly rate for Plaintiff's Counsel used in the attached itemization is $675. Her paralegals' hourly rate is $179 per hour. No multiplier is included in the fees and costs statement.

A.     *Counsel's Rate is Reasonable, Given Her 26 Years of Trial Experience.*

In 2014, the Central District of California found that hourly rates of $771 and $700 were appropriate for two plaintiff lawyers with 26 and 28 years of experience.[8] Counsel's hourly rate is less than the reasonable rate for lawyers of comparable experience ten years ago.

Plaintiff's Counsel has been in practice for 26 years.[9] The first seven-and-a-half of those years was spent as a state and federal prosecutor.[10] For the past nineteen years, Plaintiff's Counsel has been in private practice, with a substantial

---

[7] *Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 455 (9th Cir. 2014).

[8] *Rodriguez*, 96 F.Supp.3d at 1024.

[9] Exhibit 1 is Plaintiff's Counsel's Affidavit in support of this Motion. A copy of Plaintiff's Counsel's current CV comprises Exhibit 2 to this Motion.

[10] *Id.* at 5.

part of her work in plaintiff-side civil rights matters at the trial and appellate level.[11]

Plaintiff's Counsel is on the faculty of the Trial Lawyers College.  She has taught trial advocacy to lawyers in three countries.[12]  She has received recognition for her representation of women in civil rights cases, to include, most recently, the Arizona chapter of the National Organization of Women's "Karen Clark Lawyer with Guts Award."[13]

Counsel's hourly rate also is significantly less than the hourly rate provided by the US Department of Justice Laffey Matrix for civil rights cases.[14] For June 2022 through May 2023, the matrix provided for a rate of $997 per hour for lawyers in practice more than twenty years.[15]  For June 2023-May 2024, the matrix provided for a rate of $1,057 per hour for that level of experience.[16]  The

---

[11]  See, *e.g.*, *Mendiola-Martinez v. Arpaio*, 836 F3d 1239 (9th Cir. 2016);  *Kimm v. Brannan*, 779 Fed.Appx. 439 (9th Cir. 2019).

[12]  Ex. 1 at 9-12.

[13]  *Id*. at 13.

[14]  Available at http://www.laffeymatrix.com/see.html (last visited November 26, 2024).

[15]  *Id*.

[16]  *Id*.

current rate for a lawyer with Counsel's years of experience is $1,141.[17]  The

Laffey Matrix is based upon the rates in the Washington, D.C. metropolitan area,

which can be somewhat higher than other parts of the United States.  Here,

Counsel's rate is nearly half of the current rate the Laffey Matrix.

B.    *Counsel's Specialized Training Further Supports Her Rate.*

This case, like many of the civil rights cases Counsel handles, involves not

only physical injury, but also significant emotional trauma.  Working with clients

in these circumstances requires not only legal skill, but also specialized training

that protects the client from further trauma.  This standard of practice is so

important that the American Bar Association has initiated a trauma-informed

representation project focusing on victims of domestic abuse and sexual

violence.[18]  This approach to advocacy protects both the client and the lawyer

from trauma in the course of the representation.

---

[17]  *Id.*

[18]  American Bar Association, "Trauma-Informed Representation Project," available at https://www.americanbar.org/groups/domestic_violence/our-projects/trauma-informed-representation/ (last visited November 26, 2024).  *See also*, Sara E. Gold, "Trauma: What Lurks Beneath the Surface," Clinical L.Rev., vol. 24:201, March 15, 2018, available at https://www.law.nyu.edu/sites/default/files/upload_documents/Sara%20Gold%20re%20Trauma%20-%20What%20Lurks%20Beneath%20Surface.pdf (last visited November 26, 2024).

Here, Counsel has sought out advanced training to support her work with clients like Jennifer Doe.  Intertwined with her advanced trial advocacy training is training in psychodrama,[19] an action-based method of group psychotherapy.[20] Counsel is not a clinician and does not provide psychotherapy to her clients.  She does, however, integrate psychodrama into all aspects of her client work, from her client communication to discovering the story of the case to conducting cross examination in trial.  These tools allow her to create a safe, supportive space for her clients and her to work on cases involving significant trauma.

In light of higher rates being found reasonable ten years ago, Counsel's years of experience and professional training support finding that the $675 rate is reasonable.

## III. Reasonableness of Hours

"By and large, the [district] court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case."[21]  Courts generally accept the reasonableness of hours supported by

---

[19]  Ex. 2 at 1-2.  Exhibit 2 to this Motion is Comprised of Undersigned Counsel's Declaration in Support of Motion to Approve Attorney Fees for Jennifer Doe.

[20]  Kendra Sherry, "What is Psychodrama?", Verywellmind, November 26, 2024, available at https://www.verywellmind.com/what-is-psychodrama-5193006 (last visited November 26, 2024).

[21]  *Chaudhry,* 751 F.3d at 1111 (quoting *Moreno v. City of Sacramento,* 534 F.3d 1106, 1112 (9th Cir.2008).

declarations of counsel.[22]  Here, Counsel seeks compensation for approximately seventy hours of work on behalf of Jennifer Doe over the past nineteen months.

Counsel's work involved not only investigating and prosecuting Jennifer Doe's legal claims, but also regularly working with lawyers in two important, related matters.  First, Counsel must coordinate with the Madera County Attorney's Office regarding Jennifer Doe's testimony in the prosecution of Defendant Rodriguez in this matter.   Second, Counsel must coordinate with Jennifer Doe's post-conviction counsel regarding re-sentencing and restitution proceedings.  The fees itemized in Counsel's statement end at October 14, 2024.  Counsel's work, however, has continued – to include attending Defendant Rodriguez' criminal trial between October 16 and October 17, 2024 to be present for the testimony of both Plaintiffs in this matter.

**CONCLUSION**

Given the considerable amount of work involved in representing Jennifer Doe this matter, combined with the training and experience a case like this requires for the lawyer, the Plaintiff respectfully asks this Court to approve the

---

[22] *See, e.g., Horsford v. Bd. of Trustees of Cal. State Univ.,* 132 Cal.App.4th 359, 396, 33 Cal.Rptr.3d 644 (2005) ("[T]he verified time statements of the attorneys, as officers of the court, are entitled to credence in the absence of a clear indication the records are erroneous.")

amount of attorney fees and costs to which the Parties agreed at mediation and which the State does not oppose, in the sum of $40,758.15.

The Court will find attached a proposed Order.

RESPECTFULLY SUBMITTED on November 29, 2024.

s/Joy Bertrand
Joy Bertrand
Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

On November 28, 2024, I, Joy Bertrand, attorney for the Plaintiffs Nancy Doe and Jennifer Doe, filed the foregoing with the Eastern District of California's electronic filing system.  Based on my training and experience with electronic filing in the federal courts, it is my understanding that a copy of this request will be electronically served upon opposing counsel upon its submission to the Court. A copy will be served on Defendant Rodriguez via U.S. Mail at:

Gregory Rodriguez
Booking # 2300021000
Madera County Jail
14191 Rd. 28
Madera, CA  93638

Respectfully submitted this 28th day of November, 2024.


s/Joy Bertrand
Joy Bertrand
Attorney for Defendant

EXHIBIT 17

| Biller | Exhibit | Date | Description | Computed Hours | Requested Rate | Computed Fees | Adjusted Rate | Adjusted Fees | Fee Difference |
|--------|---------|------|-------------|----------------|----------------|---------------|---------------|---------------|----------------|
| Antonio Gallegos | Ex 17 | 9/9/2023 | Converted PDF documents into .docx | 0.30 | $175.00 | $52.50 | $118.00 | $35.40 | $17.10 |
| Antonio Gallegos | Ex 17 | 10/11/2023 | Sent an invoice to staff Re: Filing documents | 0.10 | $175.00 | $17.50 | $118.00 | $11.80 | $5.70 |
| Antonio Gallegos | Ex 17 | 3/7/2024 | Set up Court Remote Appearance | 0.10 | $175.00 | $17.50 | $118.00 | $11.80 | $5.70 |
| Antonio Gallegos | Ex 17 | 10/17/2024 | Searched for an Exhibit containing a time stamp | 0.20 | $175.00 | $35.00 | $118.00 | $23.60 | $11.40 |
| Briseria Gomez | 19 262-29 | 4/12/2023 | Received email from Defense counsel confirming the deposition of Ravani. Saved email into file. | 0.10 | $175.00 | $17.50 | $118.00 | $11.80 | $5.70 |
| Briseria Gomez | 19 262-29 | 4/17/2023 | Received email from Defense counsel with the link of Expert file for deposition of Ravani. Saved documents into client file and Saved email into file. | 0.30 | $175.00 | $52.50 | $118.00 | $35.40 | $17.10 |
| Briseria Gomez | 19 262-29 | 4/19/2023 | Received Invoice 370217/rom KUSAR/ LEXITAS. Sent email to Priority funding for payment, updated the cost sheet and saved invoice into client file. | 0.30 | $175.00 | $52.50 | $118.00 | $35.40 | $17.10 |
| Briseria Gomez | 19 262-29 | 4/19/2023 | Received email from Defense counsel with the deposition testimony invoice from Dr. Ravani. Sent email to accouting department to submit payment. | 0.20 | $175.00 | $35.00 | $118.00 | $23.60 | $11.40 |
| Briseria Gomez | 19 262-29 | 4/19/2023 | Received Invoice 477 from Traffic Safety Research, Corporation. Sent email toPriority funding for payment, updated the cost sheet and saved invoice | 0.30 | $175.00 | $52.50 | $118.00 | $35.40 | $17.10 |
| Briseria Gomez | 19 262-29 | 4/20/2023 | Received from BARKLEY invoice 22222, submitted payment request form to accounting department. Payment issued by accounting department, mailed | 0.20 | $175.00 | $35.00 | $118.00 | $23.60 | $11.40 |
| Briseria Gomez | 19 262-29 | 5/22/2023 | Received email from Scott Defoe reqesting an update on the file. Sent response with open and pending in litigation. Saved email into client file. | 0.10 | $175.00 | $17.50 | $118.00 | $11.80 | $5.70 |
| Briseria Gomez | 19 262-29 | 5/26/2023 | Received email from Defense counsel with the deposition testimony invoice from Dr. Ravani still not being payed. Sent email to accouting department to submit payment. Saved email into file. | 0.20 | $175.00 | $35.00 | $118.00 | $23.60 | $11.40 |
| Briseria Gomez | 19 262-29 | 6/2/2023 | EFC No. 37 - STATUS REPORT by Francisco Hurtado, saved into client file. | 0.30 | $175.00 | $52.50 | $118.00 | $35.40 | $17.10 |

| Biller | Exhibit | Date | Description | Computed Hours | Requested Rate | Computed Fees | Adjusted Rate | Adjusted Fees | Fee Difference |
|---|---|---|---|---|---|---|---|---|---|
| Briseria Gomez | 19 262-29 | 6/16/2023 | EFC No. 38- ORDER signed by District Judge Dale A. Drozd on 6/15/2023 GRANTING IN PART AND DENYING IN PART 23 Motion for Summary Judgment. Defendants' Motion for Summary Judgment as to Plaintiff's Fourth Amendment claim is DENIED; Defendants' Motion for Summary Judgement as to Plaintiffs' Fourteenth Amendment claim is GRANTED; Defendants' Motion for Summary Judgment as to Plaintiff's battery claim is DENIED; Defendants' Motion for Summary Judgment as to plaintiff's negligence claim against defendant Yepez is DENIED; and Defendants' Motion for Summary Judgment as to Plaintiff's negligence claim against defendant CHP is GRANTED in part, as follows: Defendants' Motion for Summary Judgment with respect to Plaintiff's negligence claim against defendant CHP for negligent hiring, supervision, and ensuring an adequate number of trained employees is GRANTED; Defendants' Motion for Summary Judgment with respect to Plaintiff's negligence claim against defendant CHP based upon a theory of its vicarious liability is DENIED; The court now SETS a Final Pretrial Conference on 8/22/2023 at 1:30 p.m. before District Judge Dale A. Drozd by Zoom and a Jury Trial on | 0.10 | $175.00 | $17.50 | $118.00 | $11.80 | $5.70 |
| Briseria Gomez | 19 262-29 | 6/22/2023 | EFC No. 39- STIPULATION and PROPOSED ORDER for Resetting the PretrialConference and Trial Dates by California Highway Patrol, State of California, Edgardo Yepez, saved into client file. | 0.10 | $175.00 | $17.50 | $118.00 | $11.80 | $5.70 |
| Briseria Gomez | 19 262-29 | 8/23/2023 | Received deposition transcript from court reporter, downloaded transcript and exhibits into the client | 0.30 | $175.00 | $52.50 | $118.00 | $35.40 | $17.10 |
| Briseria Gomez | 19 262-29 | 9/19/2023 | EFC No. 41-JOINT PRETRIAL STATEMENT filed by Plaintiff Francisco Hurtado, saved into client file. | 0.30 | $175.00 | $52.50 | $118.00 | $35.40 | $17.10 |
| Briseria Gomez | 19 262-29 | 9/19/2023 | EFC No. 42- WITNESS LIST by Francisco Hurtado, saved into client file. | 0.30 | $175.00 | $52.50 | $118.00 | $35.40 | $17.10 |
| Briseria Gomez | 19 262-29 | 9/19/2023 | EFC No. 43 -WITNESS LIST by Francisco Hurtado, saved into client file. | 0.30 | $175.00 | $52.50 | $118.00 | $35.40 | $17.10 |
| Briseria Gomez | 19 262-29 | 9/19/2023 | EFC No. 44-JOINT EXHIBIT LIST by Francisco Hurtado, saved into client file. | 0.30 | $175.00 | $52.50 | $118.00 | $35.40 | $17.10 |
| Briseria Gomez | 19 262-29 | 9/27/2023 | Received deposition transcript from court reporter, downloaded transcript and exhibits into the client | 0.30 | $175.00 | $52.50 | $118.00 | $35.40 | $17.10 |

| Biller | Exhibit | Date | Description | Computed Hours | Requested Rate | Computed Fees | Adjusted Rate | Adjusted Fees | Fee Difference |
|---|---|---|---|---|---|---|---|---|---|
| Briseria Gomez | 19 262-29 | 9/29/2023 | EFC No.47- TENTATIVE PRETRIAL ORDER signed by DistrictJudge Dale A. Drozd on 9/28/2023 ORDERING Jury Trial set for 1/29/2024 at 09:00 AM in Courtroom 4 (DAD) before District Judge Dale A. Drozd. Each party is GRANTED 14 days from the date of this order to file objections to the same. Each party is also GRANTED 7 days thereafter to respond to the other party's objections. If no objections are filed, the order will become final without further order of this court. | 0.10 | $175.00 | $17.50 | $118.00 | $11.80 | $5.70 |
| Briseria Gomez | 19 262-29 | 10/12/2023 | EFC No.49-JOINT STATEMENT of CASE filed by Plaintiff Francisco Hurtado, saved into client file. | 0.30 | $175.00 | $52.50 | $118.00 | $35.40 | $17.10 |
| Briseria Gomez | 19 262-29 | 10/13/2023 | EFC No. 50-0BJECTIONS by Defendants CHP, State of CA, Edgardo Yepez to 47 Tentative Pretrial Order, saved into client file. | 0.10 | $175.00 | $17.50 | $118.00 | $11.80 | $5.70 |
| Briseria Gomez | 19 262-29 | 10/13/2023 | EFC No.51-OBJECTIONS by Plaintiff Francisco Hurtado to 47 Tentative Pretrial Order, saved into client file. | 0.30 | $175.00 | $52.50 | $118.00 | $35.40 | $17.10 |
| Briseria Gomez | 19 262-29 | 10/16/2023 | EFC No. 53-PROPOSED JOINT UNDISPUTED FACTS by Francisco Hurtado, saved into client file. | 0.30 | $175.00 | $52.50 | $118.00 | $35.40 | $17.10 |
| Briseria Gomez | 19 262-29 | 10/19/2023 | EFC No. 54-JOINT LIST OF DISPUTED FACTS FOR THE PRE-TRIAL ORDER by Francisco Hurtado, saved into client file. | 0.30 | $175.00 | $52.50 | $118.00 | $35.40 | $17.10 |
| Briseria Gomez | 19 262-29 | 10/24/2023 | EFC No. 55- FINAL PRETRIAL ORDER signed by District Judge Dale A. Drozd on 10/23/2023, saved into client | 0.10 | $175.00 | $17.50 | $118.00 | $11.80 | $5.70 |
| Briseria Gomez | 19 262-29 | 11/1/2023 | Received from DEADLINE.COM, Invoice October 2023, submitted payment request form to accounting department. Payment issued by accounting department, mailed out payment. | 0.20 | $175.00 | $35.00 | $118.00 | $23.60 | $11.40 |
| Briseria Gomez | 19 262-29 | 11/6/2023 | Received from MARY MEINHARD & ASSOCIATES, INC., Invoice November 6, 2023, submitted payment request form to accounting department. Payment issued by accounting department, mailed out | 0.20 | $175.00 | $35.00 | $118.00 | $23.60 | $11.40 |
| Briseria Gomez | 19 262-29 | 11/21/2023 | Received from ROBERT W. JOHNSON & ASSOCIATES, Invoice 40822,submitted payment request form to accounting department. Payment issued by accounting department, mailed out payment. | 0.20 | $175.00 | $35.00 | $118.00 | $23.60 | $11.40 |
| Briseria Gomez | 19 262-29 | 12/1/2023 | Received from FEDEX, Inv. 774321170544, submitted payment request form to accounting department. Payment issued by accounting department, mailed | 0.20 | $175.00 | $35.00 | $118.00 | $23.60 | $11.40 |
| Briseria Gomez | 19 262-29 | 12/1/2023 | Received from MARY MEINHARD & ASSOCIATES, INC., Invoice December 1, 2023, submitted payment request form to accounting department. Payment issued by accounting department, mailed out | 0.20 | $175.00 | $35.00 | $118.00 | $23.60 | $11.40 |

| Biller | Exhibit | Date | Description | Computed Hours | Requested Rate | Computed Total | Adjusted Rate | Adjusted Fees | Fee Difference |
|---|---|---|---|---|---|---|---|---|---|
| Briseria Gomez | 19 262-29 | 12/4/2023 | Received from FEDEX, Inv. 774345153652, submitted payment request form to accounting department. Payment issued by accounting department, mailed | 0.20 | $175.00 | $35.00 | $118.00 | $23.60 | $11.40 |
| Briseria Gomez | 19 262-29 | 12/4/2023 | Received from DEADLINE.COM, Invoice November 2023, submitted payment request form to accounting department. Payment issued by accounting department, mailed out payment. | 0.20 | $175.00 | $35.00 | $118.00 | $23.60 | $11.40 |
| Briseria Gomez | 19 262-29 | 12/8/2023 | Received from DEADLINE.COM, Invoice November 8, 2023, submitted payment request form to accounting department. Payment issued by accounting department, mailed out payment. | 0.20 | $175.00 | $35.00 | $118.00 | $23.60 | $11.40 |
| Briseria Gomez | 19 262-29 | 12/15/2023 | EFG No. 56- EXHIBIT LIST Defendants' Updated Proposed by California Highway Patrol, State of California, Edgardo Yepez, saved into client file. | 0.10 | $175.00 | $17.50 | $118.00 | $11.80 | $5.70 |
| Briseria Gomez | 19 262-29 | 12/15/2023 | EFG No. 57- EXHIBIT LIST Plaintiff's Updated Proposed by Francisco Hurtado, saved into client file. | 0.30 | $175.00 | $52.50 | $118.00 | $35.40 | $17.10 |
| Briseria Gomez | 19 262-29 | 12/21/2023 | EFG No. 58- MOTION IN LIMINE No. 1 to Exclude Information Not Known toDefendants at the Time of the Incident by Francisco Hurtado, saved into client | 0.30 | $175.00 | $52.50 | $118.00 | $35.40 | $17.10 |
| Briseria Gomez | 19 262-29 | 12/21/2023 | EFG No. 59- MOTION IN LIMINE No. 2 to Exclude Suggestion of Drugs at Time of Shooting by Francisco Hurtado, saved into client file. | 0.30 | $175.00 | $52.50 | $118.00 | $35.40 | $17.10 |
| Briseria Gomez | 19 262-29 | 12/21/2023 | EFG No. 60- MOTION IN LIMINE No. 3 to Exclude any Evidence, Information or Suggestion of any Arrests, et al, by Francisco Hurtado, saved into client file. | 0.30 | $175.00 | $52.50 | $118.00 | $35.40 | $17.10 |
| Briseria Gomez | 19 262-29 | 12/21/2023 | EFG No. 61- MOTION IN LIMINE No. 4 to Exclude Documentary Status byFrancisco Hurtado, saved into client file. | 0.30 | $175.00 | $52.50 | $118.00 | $35.40 | $17.10 |
| Briseria Gomez | 19 262-29 | 12/21/2023 | EFG No. 62- MOTION IN LIMINE No. 5 to Exclude Police Officer Shootings around Country by Francisco Hurtado, saved into client file. | 0.30 | $175.00 | $52.50 | $118.00 | $35.40 | $17.10 |
| Briseria Gomez | 19 262-29 | 1/2/2024 | Received from DEADLINE.COM, Invoice December 2023, submitted payment request form to accounting department. Payment issued by accounting department, mailed out payment. | 0.20 | $175.00 | $35.00 | $118.00 | $23.60 | $11.40 |
| Briseria Gomez | 19 262-29 | 1/2/2024 | EFG No. 63- UPDATED PROPOSED EXHIBIT LIST by California Highway Patrol, State of California, Edgardo Yepez, saved into client file. | 0.10 | $175.00 | $17.50 | $118.00 | $11.80 | $5.70 |
| Briseria Gomez | 19 262-29 | 1/4/2024 | EFG No. 64- MOTION IN LIMINE No. 1, saved into | 0.10 | $175.00 | $17.50 | $118.00 | $11.80 | $5.70 |
| Briseria Gomez | 19 262-29 | 1/4/2024 | EFG No. 65- MOTION IN LIMINE No. 2, saved into | 0.10 | $175.00 | $17.50 | $118.00 | $11.80 | $5.70 |
| Briseria Gomez | 19 262-29 | 1/4/2024 | EFG No. 66- MOTION IN LIMINE No. 3, saved into | 0.10 | $175.00 | $17.50 | $118.00 | $11.80 | $5.70 |
| Briseria Gomez | 19 262-29 | 1/4/2024 | EFG No. 67- MOTION IN LIMINE No. 4, saved into | 0.10 | $175.00 | $17.50 | $118.00 | $11.80 | $5.70 |

| Biller | Exhibit | Date | Description | Computed Hours | Requested Rate | Computed Fees | Adjusted Rate | Adjusted Fees | Fee Difference |
|--------|---------|------|-------------|----------------|----------------|---------------|---------------|---------------|----------------|
| Briseria Gomez | 19 262-29 | 1/4/2024 | EFG No. 68- MOTION IN LIMINE No. 5, saved into | 0.10 | $175.00 | $17.50 | $118.00 | $11.80 | $5.70 |
| Briseria Gomez | 19 262-29 | 1/4/2024 | EFG No. 69- MOTION IN LIMINE No. 6, saved into | 0.10 | $175.00 | $17.50 | $118.00 | $11.80 | $5.70 |
| Briseria Gomez | 19 262-29 | 1/4/2024 | EFG No. 70- MOTION IN LIMINE No. 7, saved into | 0.10 | $175.00 | $17.50 | $118.00 | $11.80 | $5.70 |
| Briseria Gomez | 19 262-29 | 1/4/2024 | EFG No. 71- DECLARATION of LeeAnn E. Whitmore in Support of 64, 65, 66,67, 68, 69, and 70 Motions in Limine, saved into client file. | 0.10 | $175.00 | $17.50 | $118.00 | $11.80 | $5.70 |
| Briseria Gomez | 19 262-29 | 1/4/2024 | EFG No. 72- NOTICE OF SUBMISSION OF CONFIDENTIAL SETTLEMENTSTATEMENT, saved into | 0.30 | $175.00 | $52.50 | $118.00 | $35.40 | $17.10 |
| Briseria Gomez | 19 262-29 | 1/4/2024 | EFG No. 73- NOTICE OF SUBMISSION OF CONFIDENTIAL SETTLEMENTSTATEMENT by California Highway Patrol, State of California, Edgardo Yepez, | 0.10 | $175.00 | $17.50 | $118.00 | $11.80 | $5.70 |
| Briseria Gomez | 19 262-29 | 1/9/2024 | EFG No. 74-STIPULATION and PROPOSED ORDER to Dismiss the Entire Action with Prejudice, by Francisco Hurtado, saved into clientfile. | 0.30 | $175.00 | $52.50 | $118.00 | $35.40 | $17.10 |
| Briseria Gomez | 19 262-29 | 1/9/2024 | EFG No. 75-STIPULATION and PROPOSED ORDER to Continue Trial Date, saved into client file. | 0.30 | $175.00 | $52.50 | $118.00 | $35.40 | $17.10 |
| Briseria Gomez | 19 262-29 | 1/9/2024 | EFG No. 76- NOTICE of ERRATA by Francisco Hurtado re 74 Stipulation and Proposed Order, saved into | 0.30 | $175.00 | $52.50 | $118.00 | $35.40 | $17.10 |
| Briseria Gomez | 19 262-29 | 1/12/2024 | EFG No. 79- OPPOSITION by Defendants to 58 Motion in Limine No. 1, saved into client file. | 0.10 | $175.00 | $17.50 | $118.00 | $11.80 | $5.70 |
| Briseria Gomez | 19 262-29 | 1/12/2024 | EFG No. 80- OPPOSITION by Defendants to 59 Motion in Limine, saved into client file. | 0.10 | $175.00 | $17.50 | $118.00 | $11.80 | $5.70 |
| Briseria Gomez | 19 262-29 | 1/12/2024 | EFG No. 81- OPPOSITION by California Highway Patrol, State of California, Edgardo Yepez to 60 Motion in Limine, saved into client file. | 0.10 | $175.00 | $17.50 | $118.00 | $11.80 | $5.70 |
| Briseria Gomez | 19 262-29 | 1/12/2024 | EFG No. 82- STATEMENT of NON-OPPOSITION by Defendants to 61 Motion in Limine, saved into client | 0.10 | $175.00 | $17.50 | $118.00 | $11.80 | $5.70 |
| Briseria Gomez | 19 262-29 | 1/12/2024 | EFG No. 83- OPPOSITION by Defendants to 62 Motion in Limine, saved into client file. | 0.10 | $175.00 | $17.50 | $118.00 | $11.80 | $5.70 |
| Briseria Gomez | 19 262-29 | 1/12/2024 | EFG No. 84- REQUEST for JUDICIAL NOTICE by Defendants, saved into client file. | 0.10 | $175.00 | $17.50 | $118.00 | $11.80 | $5.70 |
| Briseria Gomez | 19 262-29 | 1/12/2024 | EFG No. 85- DECLARATION of LeeAnn E. Whitmore in support of Oppositions to 61, 59,60, 62, 58 Motions in Limine, saved into client file. | 0.10 | $175.00 | $17.50 | $118.00 | $11.80 | $5.70 |
| Briseria Gomez | 19 262-29 | 1/12/2024 | EFG No. 86- OPPOSITION by Francisco Hurtado to 64 Motion in Limine, saved into client file. | 0.30 | $175.00 | $52.50 | $118.00 | $35.40 | $17.10 |
| Briseria Gomez | 19 262-29 | 1/12/2024 | EFG No. 87-0PPOSITION by Francisco Hurtado to 65 Motion in Limine, saved into client file. | 0.30 | $175.00 | $52.50 | $118.00 | $35.40 | $17.10 |
| Briseria Gomez | 19 262-29 | 1/12/2024 | EFG No. 88-0PPOSITION by Francisco Hurtado to 66 Motion in Limine, saved into client file. | 0.30 | $175.00 | $52.50 | $118.00 | $35.40 | $17.10 |
| Briseria Gomez | 19 262-29 | 1/12/2024 | EFG No. 89- OPPOSITION by Francisco Hurtado to 67 Motion in Limine, saved into client file. | 0.30 | $175.00 | $52.50 | $118.00 | $35.40 | $17.10 |

| Biller | Exhibit | Date | Description | Computed Hours | Requested Rate | Computed Fees | Adjusted Rate | Adjusted Fees | Fee Difference |
|--------|---------|------|-------------|--------|---------|--------|---------|--------|------------|
| Briseria Gomez | 19 262-29 | 1/12/2024 | EFG No. 90- OPPOSITION by Francisco Hurtado to 68 Motion in Limine, saved into client file. | 0.30 | $175.00 | $52.50 | $118.00 | $35.40 | $17.10 |
| Briseria Gomez | 19 262-29 | 1/12/2024 | EFG No. 91- OPPOSITION by Francisco Hurtado to 69 Motion in Limine, savedinto client file. | 0.30 | $175.00 | $52.50 | $118.00 | $35.40 | $17.10 |
| Briseria Gomez | 19 262-29 | 1/12/2024 | EFG No. 92- OPPOSITION by Francisco Hurtado to 70 Motion in Limine, saved into client file. | 0.30 | $175.00 | $52.50 | $118.00 | $35.40 | $17.10 |
| Briseria Gomez | 19 262-29 | 1/16/2024 | EFG No. 93-0BJECTIONS by Defendants to Plaintiff's Proposed Evidence, save into client file. | 0.10 | $175.00 | $17.50 | $118.00 | $11.80 | $5.70 |
| Briseria Gomez | 19 262-29 | 1/18/2024 | EFG No. 95- REPLY by Defendants in support of 64 Motion in Limine No. 1, saved into client file. | 0.10 | $175.00 | $17.50 | $118.00 | $11.80 | $5.70 |
| Briseria Gomez | 19 262-29 | 1/18/2024 | EFG No. 96- REPLY by Defendants in support of 65 Motion in Limine No. 2, saved into client file. | 0.10 | $175.00 | $17.50 | $118.00 | $11.80 | $5.70 |
| Briseria Gomez | 19 262-29 | 1/18/2024 | EFG No. 97- REPLY by Defendants in support of 66 Motion in Limine No. 3, saved into the client file. | 0.10 | $175.00 | $17.50 | $118.00 | $11.80 | $5.70 |
| Briseria Gomez | 19 262-29 | 1/18/2024 | EFG No. 98- REPLY by Defendants in support of 67 Motion in Limine #4, saved into client file. | 0.10 | $175.00 | $17.50 | $118.00 | $11.80 | $5.70 |
| Briseria Gomez | 19 262-29 | 1/18/2024 | EFG No. 99- REPLY by Defendants in support of 68 Motion in Limine No. 5, saved into client file. | 0.10 | $175.00 | $17.50 | $118.00 | $11.80 | $5.70 |
| Briseria Gomez | 19 262-29 | 1/18/2024 | EFG No. 100- REPLY by Defendants in support of 69 Motion in Limine No. 6, saved into client file. | 0.10 | $175.00 | $17.50 | $118.00 | $11.80 | $5.70 |
| Briseria Gomez | 19 262-29 | 1/18/2024 | EFG No. 101- REPLY by Defendants in support of 70 Motion in Limine No. 7, saved into client file. | 0.10 | $175.00 | $17.50 | $118.00 | $11.80 | $5.70 |
| Briseria Gomez | 19 262-29 | 1/18/2024 | EFG No. 102- DECLARATION of LeeAnn E. Whitmore in support of Reply re 64 Motions in Limine, 68, 66, 67, 65, saved into client file. | 0.10 | $175.00 | $17.50 | $118.00 | $11.80 | $5.70 |
| Briseria Gomez | 19 262-29 | 1/18/2024 | EFG No. 103- REPLY by Defendants in support of 70 Motion in Limine No. 7, saved into client file. | 0.10 | $175.00 | $17.50 | $118.00 | $11.80 | $5.70 |
| Briseria Gomez | 19 262-29 | 1/18/2024 | EFG No. 104- NOTICE of ERRATA by California Highway Patrol, State of California, Edgardo Yepez re 101 Reply, saved into client file. | 0.10 | $175.00 | $17.50 | $118.00 | $11.80 | $5.70 |
| Briseria Gomez | 19 262-29 | 1/19/2024 | EFG No. 105- REPLY by Francisco Hurtado to Opposition to 58 Motion in Limine, saved into client | 0.30 | $175.00 | $52.50 | $118.00 | $35.40 | $17.10 |
| Briseria Gomez | 19 262-29 | 1/19/2024 | EFG No. 106- REPLY by Francisco Hurtado re 80 Opposition to Motion, saved into client. | 0.30 | $175.00 | $52.50 | $118.00 | $35.40 | $17.10 |
| Briseria Gomez | 19 262-29 | 1/19/2024 | EFG No. 107-REPLY by Francisco Hurtado re 81 Opposition to Motion, saved into client file. | 0.30 | $175.00 | $52.50 | $118.00 | $35.40 | $17.10 |
| Briseria Gomez | 19 262-29 | 1/19/2024 | EFG No. 108- REPLY by Francisco Hurtado re 83 Opposition to Motion, saved into client file. | 0.30 | $175.00 | $52.50 | $118.00 | $35.40 | $17.10 |
| Briseria Gomez | 19 262-29 | 1/19/2024 | EFG No. 109-0BJECTIONS by Francisco Hurtado to 63 Undated Proposed Exhibit List, saved into client. | 0.30 | $175.00 | $52.50 | $118.00 | $35.40 | $17.10 |

| Biller | Exhibit | Date | Description | Computed Hours | Requested Rate | Computed Fees | Adjusted Rate | Adjusted Fees | Fee Difference |
|---|---|---|---|---|---|---|---|---|---|
| Briseria Gomez | 19 262-29 | 1/26/2024 | Received from GREENFILING, Invoice 9474520 submitted payment request form to accounting department. Payment issued by accounting | 0.20 | $175.00 | $35.00 | $118.00 | $23.60 | $11.40 |
| Briseria Gomez | 19 262-29 | 2/5/2024 | Received from DEADLINE.COM, Invoice January 2024, submitted payment request form to accounting department. Payment issued by accounting department, mailed out payment. | 0.20 | $175.00 | $35.00 | $118.00 | $23.60 | $11.40 |
| Briseria Gomez | 19 262-29 | 2/6/2024 | Received from FEDEX, Invoice 775096902343, submitted payment request form to accounting department. Payment issued by accounting | 0.20 | $175.00 | $35.00 | $118.00 | $23.60 | $11.40 |
| Briseria Gomez | 19 262-29 | 2/8/2024 | Received from COUNTER RECEIPT, Invoice 582489, submitted payment request form to accounting department. Payment issued by accounting department, mailed out payment. | 0.20 | $175.00 | $35.00 | $118.00 | $23.60 | $11.40 |
| Briseria Gomez | 19 262-29 | 2/9/2024 | EFG No, 110- PROPOSED VOIR DIRE by California Highway Patrol, EdgardoYepez, saved into client. | 0.10 | $175.00 | $17.50 | $118.00 | $11.80 | $5.70 |
| Briseria Gomez | 19 262-29 | 2/9/2024 | EFG No. 111- PROPOSED VOIR DIRE by Francisco Hurtado, saved into client file. | 0.30 | $175.00 | $52.50 | $118.00 | $35.40 | $17.10 |
| Briseria Gomez | 19 262-29 | 2/9/2024 | Received from EXPEDIA, Expedia Itinerary 72771601324086, submitted payment request form to accounting department. Payment issued by accounting department, mailed out payment. | 0.20 | $175.00 | $35.00 | $118.00 | $23.60 | $11.40 |
| Briseria Gomez | 19 262-29 | 2/12/2024 | Received deposition transcript from court reporter, downloaded transcript and exhibits into the client file | 0.30 | $175.00 | $52.50 | $118.00 | $35.40 | $17.10 |
| Briseria Gomez | 19 262-29 | 2/12/2024 | Received deposition transcript from court reporter, downloaded transcript and exhibits into the client file | 0.30 | $175.00 | $52.50 | $118.00 | $35.40 | $17.10 |
| Briseria Gomez | 19 262-29 | 2/12/2024 | Received deposition transcript from court reporter, downloaded transcript and exhibits into the client file | 0.30 | $175.00 | $52.50 | $118.00 | $35.40 | $17.10 |
| Briseria Gomez | 19 262-29 | 2/12/2024 | Received deposition transcript from court reporter, downloaded transcript and exhibits into the client file | 0.30 | $175.00 | $52.50 | $118.00 | $35.40 | $17.10 |
| Briseria Gomez | 19 262-29 | 2/12/2024 | Received deposition transcript from court reporter, downloaded transcript and exhibits into the client file | 0.30 | $175.00 | $52.50 | $118.00 | $35.40 | $17.10 |
| Briseria Gomez | 19 262-29 | 2/16/2024 | Received from R.H. Young INC., Invoice 24-02-0034, submitted payment request form to accounting department. Payment issued by accounting department, mailed out payment. | 0.20 | $175.00 | $35.00 | $118.00 | $23.60 | $11.40 |
| Briseria Gomez | 19 262-29 | 2/21/2024 | EFG No. 112- NOTICE of APPEARANCE by Dale K. Galipo on behalf of Francisco Hurtado. Attorney Galipo, Dale K. added, saved into client file. | 0.30 | $175.00 | $52.50 | $118.00 | $35.40 | $17.10 |
| Briseria Gomez | 19 262-29 | 2/21/2024 | EFG No. 113- NOTICE of APPEARANCE by Hang Dieu Le on behalf of Francisco Hurtado. Attorney Le, Hang Dieu added, saved into client file. | 0.30 | $175.00 | $52.50 | $118.00 | $35.40 | $17.10 |

| Biller | Exhibit | Date | Description | Computed Hours | Requested Rate | Computed Total | Adjusted Rate | Adjusted Fees | Fee Difference |
|--------|---------|------|-------------|--------|--------|--------|--------|--------|--------|
| Briseria Gomez | 19 262-29 | 2/21/2024 | Received from WILSHIRE, Invoice Date 2/21/2024, submitted payment request form to accounting department. Payment issued by accounting | 0.20 | $175.00 | $35.00 | $118.00 | $23.60 | $11.40 |
| Briseria Gomez | 19 262-29 | 2/21/2024 | Received from WHILSHIRE, Invoice 100826, submitted payment request form to accounting department. Payment issued by accounting | 0.20 | $175.00 | $35.00 | $118.00 | $23.60 | $11.40 |
| Briseria Gomez | 19 262-29 | 2/21/2024 | Received from WHILSHIRE, Invoice Date 2/21/2024, submitted payment request form to accounting department. Payment issued by accounting department, mailed out payment. | 0.20 | $175.00 | $35.00 | $118.00 | $23.60 | $11.40 |
| Briseria Gomez | 19 262-29 | 2/21/2024 | Received from WHILSHIRE, Invoice 926781, submitted payment request form to accounting department. Payment issued by accounting | 0.20 | $175.00 | $35.00 | $118.00 | $23.60 | $11.40 |
| Briseria Gomez | 19 262-29 | 2/23/2024 | EFG No.114- NOTICE OF LODGING by Francisco Hurtado: DepositionTranscripts, saved into client file. | 0.30 | $175.00 | $52.50 | $118.00 | $35.40 | $17.10 |
| Briseria Gomez | 19 262-29 | 2/26/2024 | EFG No. 116- NOTICE OF LODGING DOCUMENT(S) IN PAPER by CaliforniaHighway Patrol, State of California, Edgardo Yepez: Deposition Transcripts, | 0.10 | $175.00 | $17.50 | $118.00 | $11.80 | $5.70 |
| Briseria Gomez | 19 262-29 | 2/26/2024 | Verdict by California Highway Patrol, State of California, Edgardo Yepez in, saved into client file. | 0.10 | $175.00 | $17.50 | $118.00 | $11.80 | $5.70 |
| Briseria Gomez | 19 262-29 | 2/26/2024 | EFG No. 118- PROPOSED VERDICT submitted by Defendants California Highway Patrol, State of California, Edgardo Yepez, saved into client file. | 0.10 | $175.00 | $17.50 | $118.00 | $11.80 | $5.70 |
| Briseria Gomez | 19 262-29 | 2/26/2024 | EFG No. 119- PROPOSED JURY INSTRUCTIONS by Francisco Hurtado, saved into client file. | 0.30 | $175.00 | $52.50 | $118.00 | $35.40 | $17.10 |
| Briseria Gomez | 19 262-29 | 2/26/2024 | EFG No. 120- PROPOSED JURY INSTRUCTIONS by Francisco Hurtado, saved into client file. | 0.30 | $175.00 | $52.50 | $118.00 | $35.40 | $17.10 |
| Briseria Gomez | 19 262-29 | 2/26/2024 | EFG No. 121- PROPOSED VERDICT submitted by Plaintiff Francisco Hurtado, saved into client. | 0.30 | $175.00 | $52.50 | $118.00 | $35.40 | $17.10 |
| Briseria Gomez | 19 262-29 | 2/26/2024 | EFG No. 122- PROPOSED JURY INSTRUCTIONS by California Highway Patrol, State of California, Edgardo Yepez, saved into client file. | 0.10 | $175.00 | $17.50 | $118.00 | $11.80 | $5.70 |
| Briseria Gomez | 19 262-29 | 2/27/2024 | Received from VERONICA LIMON, Invoice 0000209, submitted payment request form to accounting department. Payment issued by accounting department, mailed out payment. | 0.20 | $175.00 | $35.00 | $118.00 | $23.60 | $11.40 |
| Briseria Gomez | 19 262-29 | 2/27/2024 | Received from VERONICA LIMON, Invoice Date 2/27/2024, submitted payment request form to accounting department. Payment issued by | 0.20 | $175.00 | $35.00 | $118.00 | $23.60 | $11.40 |
| Briseria Gomez | 19 262-29 | 3/1/2024 | Received deposition transcript from court reporter, downloaded transcript and exhibits into the client file | 0.30 | $175.00 | $52.50 | $118.00 | $35.40 | $17.10 |

| Biller | Exhibit | Date | Description | Computed Hours | Requested Rate | Computed Fees | Adjusted Rate | Adjusted Fees | Fee Difference |
|---|---|---|---|---|---|---|---|---|---|
| Briseria Gomez | 19 262-29 | 3/1/2024 | EFG No. 124- TRIAL BRIEF by California Highway Patrol, State of California, Edgardo Yepez, saved into | 0.10 | $175.00 | $17.50 | $118.00 | $11.80 | $5.70 |
| Briseria Gomez | 19 262-29 | 3/1/2024 | EFG No. 125- OBJECTIONS to 120 Proposed Jury Instructions by Defendants, saved into client file. | 0.10 | $175.00 | $17.50 | $118.00 | $11.80 | $5.70 |
| Briseria Gomez | 19 262-29 | 3/1/2024 | EFG No. 126- OBJECTIONS by Defendants California Highway Patrol, State of California, Edgardo Yepez to 120 Proposed Jury Instructions, saved into client file. | 0.10 | $175.00 | $17.50 | $118.00 | $11.80 | $5.70 |
| Briseria Gomez | 19 262-29 | 3/1/2024 | EFG No. 127-WITNESS LIST by California Highway Patrol, State of California, Edgardo Yepez, saved into | 0.10 | $175.00 | $17.50 | $118.00 | $11.80 | $5.70 |
| Briseria Gomez | 19 262-29 | 3/1/2024 | EFG No. 128-0TICE of ERRATA by California Highway Patrol, State ofCalifornia, Edgardo Yepez re 125 Proposed Jury Instructions, saved tinto client file. | 0.10 | $175.00 | $17.50 | $118.00 | $11.80 | $5.70 |
| Briseria Gomez | 19 262-29 | 3/1/2024 | EFG No. 129- MOTION TO MODIFY THE TRIAL SCHEDULE, or in the alternative, CONTINUE THE TRIAL DATE by Francisco Hurtado. Motion Hearing SET for 4/9/2024 at 01:30 PM before District Judge | 0.30 | $175.00 | $52.50 | $118.00 | $35.40 | $17.10 |
| Briseria Gomez | 19 262-29 | 3/1/2024 | EFG No. 130- EX PARTE APPLICATION to Shorten Time by Francisco Hurtado reMotion to Modify the trial schedule or in the alternative, Continue Trial date. | 0.30 | $175.00 | $52.50 | $118.00 | $35.40 | $17.10 |
| Briseria Gomez | 19 262-29 | 3/3/2024 | Received from PERRY ELLIS, Reference 000566.00002.2024030 submittedpayment request form to accounting department. Payment issued by accounting department, mailed out payment. | 0.20 | $175.00 | $35.00 | $118.00 | $23.60 | $11.40 |
| Briseria Gomez | 19 262-29 | 3/4/2024 | EFC No. 132- NOTICE of APPEARANCE by John C. Bridges on behalf of California Highway Patrol, State of California, Edgardo Yepez. Attorney Bridges, John C. added, saved into client file. | 0.10 | $175.00 | $17.50 | $118.00 | $11.80 | $5.70 |
| Briseria Gomez | 19 262-29 | 3/4/2024 | EFC No. 133- OPPOSITION by Defendants to 129 Motion to Modify the Trial Schedule, saved into client | 0.10 | $175.00 | $17.50 | $118.00 | $11.80 | $5.70 |
| Briseria Gomez | 19 262-29 | 3/4/2024 | EFC No. 134- OBJECTIONS by Plaintiff to 122 Proposed Jury Instructions, saved into client file. | 0.30 | $175.00 | $52.50 | $118.00 | $35.40 | $17.10 |
| Briseria Gomez | 19 262-29 | 3/4/2024 | EFC No. 135- TRIAL BRIEF by Francisco Hurtado, saved into client file. | 0.30 | $175.00 | $52.50 | $118.00 | $35.40 | $17.10 |
| Briseria Gomez | 19 262-29 | 3/4/2024 | EFC No. 136- OBJECTIONS by Plaintiff Francisco Hurtado to 117 Memorandum, saved into client file. | 0.30 | $175.00 | $52.50 | $118.00 | $35.40 | $17.10 |
| Briseria Gomez | 19 262-29 | 3/4/2024 | Received from DEADLINE.COM, Invoice March 2024, submitted payment request form to accounting department. Payment issued by accounting department, mailed out payment. | 0.20 | $175.00 | $35.00 | $118.00 | $23.60 | $11.40 |
| Briseria Gomez | 19 262-29 | 3/6/2024 | Received from ARBIO INC., Invoice 023655, submitted payment request form to accounting department. Payment issued by accounting department, mailed | 0.20 | $175.00 | $35.00 | $118.00 | $23.60 | $11.40 |

| Biller | Exhibit | Date | Description | Computed Hours | Requested Total | Computed Rate | Adjusted Rate | Adjusted Fees | Fee Difference |
|--------|---------|------|-------------|----------------|-----------------|---------------|---------------|---------------|----------------|
| Briseria Gomez | 19 262-29 | 3/6/2024 | Received from AIRBNB, Receipt ID RCTPAEFE99, submitted payment request form to accounting department. Payment issued by accounting | 0.20 | $175.00 | $35.00 | $118.00 | $23.60 | $11.40 |
| Briseria Gomez | 19 262-29 | 3/6/2024 | EFC No.137- TRANSCRIPT REQUEST by California Highway Patrol, State of California, Edgardo Yepez for proceedings held on 3-5-2024 before Judge Drozd. Court Reporter Maryann Valenoti, saved into client | 0.10 | $175.00 | $17.50 | $118.00 | $11.80 | $5.70 |
| Briseria Gomez | 19 262-29 | 3/6/2024 | Received from SOUTHWEST AIRLINES, Confirmation 4J2EYA, submitted payment request form to accounting department. Payment issued by accounting department, mailed out payment. | 0.20 | $175.00 | $35.00 | $118.00 | $23.60 | $11.40 |
| Briseria Gomez | 19 262-29 | 3/7/2024 | Received from SOUTHWEST AIRLINES, Confirmation 40CG50, submitted payment request form to accounting department. Payment issued by accounting department, mailed out payment. | 0.20 | $175.00 | $35.00 | $118.00 | $23.60 | $11.40 |
| Briseria Gomez | 19 262-29 | 3/7/2024 | Received from SOUTHWEST AIRLINES, Confirmation 40COYJ, submitted payment request/arm to accounting department. Payment issued by accounting department, mailed out payment. | 0.20 | $175.00 | $35.00 | $118.00 | $23.60 | $11.40 |
| Briseria Gomez | 19 262-29 | 3/7/2024 | Received from STANISLAUS COUNTY SUPERIOR COURT, Confirmation023298 submitted payment request form to accounting department. Payment issued by accounting department, mailed out | 0.20 | $175.00 | $35.00 | $118.00 | $23.60 | $11.40 |
| Briseria Gomez | 19 262-29 | 3/8/2024 | Received from STANISLAUS COUNTY SUPERIOR COURT, Confirmation 098988, submitted payment request form to accounting department. Payment | 0.20 | $175.00 | $35.00 | $118.00 | $23.60 | $11.40 |
| Briseria Gomez | 19 262-29 | 3/8/2024 | Received from ROBERT W. JOHNSON & ASSOCIATES, Invoice Date 3/8/2024, submitted payment request form to accounting department. Payment issued by accounting department, mailed out payment. | 0.20 | $175.00 | $35.00 | $118.00 | $23.60 | $11.40 |
| Briseria Gomez | 19 262-29 | 3/8/2024 | Received from ROBERT W. JOHNSON & ASSOCIATES, Invoice 3/8/2024, submitted payment request form to accounting department. Payment issued by accounting department, mailed out payment. | 0.20 | $175.00 | $35.00 | $118.00 | $23.60 | $11.40 |
| Briseria Gomez | 19 262-29 | 3/9/2024 | Received from GREENFILING, Invoice 9725793, submitted payment request form to accounting department. Payment issued by accounting | 0.20 | $175.00 | $35.00 | $118.00 | $23.60 | $11.40 |

| Biller | Exhibit | Date | Description | Computed Hours | Requested Rate | Computed Total | Adjusted Rate | Adjusted Fees | Fee Difference |
|---|---|---|---|---|---|---|---|---|---|
| Briseria Gomez | 19 262-29 | 3/11/2024 | EFC No. 139- MINUTES for proceedings held before District Judge Dale A. Drozd: JURY TRIAL-DAY 1 held on 3/11/2024. Francisco Hurtado present. Dale Galipo, Angel Carrazco, and Kent Henderson appeared on behalf of plaintiff. LeeAnn Whitmore and John Bridges appeared for dfts'. Dft Edgardo Yepez present. Court addressed supplemental exhibit list. Defense request a 24- hour notice of which witness will be called the following day. Defense made motion to exclude witnesses. Motion granted. Court addressed preliminary  jury instructions. Prospective jurors sworn. Statement of case given. Voir Dire began. Pltf Voir Dire. Defense Voir Dire. Challenges for cause. Peremptory Challenges. Jury empaneled and sworn. Court instructed Jury and gave Admonition jury. Opening Statements. Court in recess until 3/12/2024 at 11:00 AM in Courtroom 4 (DAD) before District Judge Dale A. Drozd. Plaintiffs Counsel Dale Galipo, Angel Carrazco, Kent Henderson | 0.10 | $175.00 | $17.50 | $118.00 | $11.80 | $5.70 |
| Briseria Gomez | 19 262-29 | 3/11/2024 | Received from FEDEX, Inv. 775494083914, submitted payment request form to accounting department. Payment issued by accounting department, mailed | 0.20 | $175.00 | $35.00 | $118.00 | $23.60 | $11.40 |
| Briseria Gomez | 19 262-29 | 3/12/2024 | EFG No. 140- MINUTES for proceedings held before District Judge Dale A. Drozd: JURY TRIAL DAY 2 held on 3/12/2024. Francisco Hurtado present. Dale Galipo, Angel Carrazco, and Kent Henderson appeared on behalf of plaintiff. LeeAnn Whitmore and John Bridges appeared for dfts'. Oft Edgardo Yepez present. Court disclosed to parties that one of pltf's expert in the case is someone the court reporter will be seeing him between now and May. Neither side objected to assigned court reporter to continue with the trial. Pltf called Edgardo Yepez, Michael Randazzo, sworn and testified on direct, direct/cross exam, redirect, recross. Joint Exhibits: 11, 18, 19, 24, 25, 27, 30, 31, 33, 34,38, 44, 47, 55, 57 Admitted. Jury Trial Continued for 3/13/2024 at 09:00 AM in Courtroom 4 (DAD) before District Judge Dale A. Drozd. Court admonished jury. Plaintiffs Counsel Dale Galipo, Angel Carrazco, Kent Henderson present. Defendants Counsel LeeAnn Whitmore, John Bridges | 0.10 | $175.00 | $17.50 | $118.00 | $11.80 | $5.70 |

| Biller | Exhibit | Date | Description | Computed Hours | Requested Rate | Computed Fees | Adjusted Rate | Adjusted Fees | Fee Difference |
|---|---|---|---|---|---|---|---|---|---|
| Briseria Gomez | 19 262-29 | 3/12/2024 | Received deposition transcript from court reporter, downloaded transcript and exhibits into the client file | 0.30 | $175.00 | $52.50 | $118.00 | $35.40 | $17.10 |
| Briseria Gomez | 19 262-29 | 3/12/2024 | Received from ADR SERVICES, INC. Invoice 24-3800-JWH-01, submitted payment request form to accounting department. Payment issued by accounting department, mailed out payment. | 0.20 | $175.00 | $35.00 | $118.00 | $23.60 | $11.40 |
| Briseria Gomez | 19 262-29 | 3/12/2024 | Received from RINCON, INC. Invoice 3/12/2024, submitted payment request form to accounting department. Payment issued by accounting | 0.20 | $175.00 | $35.00 | $118.00 | $23.60 | $11.40 |
| Briseria Gomez | 19 262-29 | 3/13/2024 | EFG No. 141- MINUTES for proceedings held before District Judge Dale A. Drozd: JURY TRIAL DAY 3 held on 3/13/2024. Francisco Hurtado present. Dft Edgardo Yepez present. Defense addressed submission of Joint Exhibit 58 and redaction. Date of incident, time. Resume examination of Officer Randazzo,  on redirect/cross. Pltf called Paul Braaton, M.D., Dr. Jesse Wobrock, Scott Defoe sworn and testified on direct, cross, redirect, recross. Joint Exhibit 58 Admitted. Defense moved to admit Joint Exhibit 58, without pltf objection.Joint Exhibit 58 Admitted. Pltf Exhibits 156-126 through 156-133 Admitted. Court in recess. Jury Trial Continued for 3/14/2024 at 09:00 AM in Courtroom 4 (DAD) before District Judge Dale A. Drozd. Plaintiffs Counsel Dale Galipo, Angel Carrazco, Kent Henderson present. Defendants Counsel LeeAnn Whitmore, John Bridges | 0.10 | $175.00 | $17.50 | $118.00 | $11.80 | $5.70 |
| Briseria Gomez | 19 262-29 | 3/14/2024 | Received from MARY MEINHARD & ASSOCIATES, Invoice 3/14/2024, submitted payment request form to accounting department. Payment issuedby accounting department, mailed out payment. | 0.20 | $175.00 | $35.00 | $118.00 | $23.60 | $11.40 |

| Biller | Exhibit | Date | Description | Computed Hours | Requested Rate | Computed Fees | Adjusted Rate | Adjusted Fees | Fee Difference |
|--------|---------|------|-------------|----------------|----------------|---------------|---------------|---------------|----------------|
| Briseria Gomez | 19 262-29 | 3/14/2024 | EFG No. 142- MINUTES for proceedings held before District Judge Dale A. Drozd: JURY TRIAL DAY 4 held on 3/14/2024. Francisco Hurtado present. Dft Edgardo Yepez present. Pltf counsel addressed exhibit with lifecare plan to be moved into evidence and issue of driver's license as stated on the record.Defense stated its objection to lifecare plan. Pitt called Mary Meinhard, and Marilyn Jacobs sworn and testified by video on direct, cross, redirect, re-cross. Pitt called James Mills, Joshua Prager, M.D., Priscilla Macias sworn and testified on direct, cross, redirect, recross. Pit!Exhibits 51-001, 51-002, 50- 001, 50-003, 70-003 Admitted. Court in recess. Court Admonished jury. Jury Trial Continued to 3/15/2024 at 09:00 AM in Courtroom 4 (DAD) before District Judge Dale A. Drozd. Plaintiffs Counsel Plaintiff: Dale Galino, Angel Carrazco, Kent Henderson present | 0.10 | $175.00 | $17.50 | $118.00 | $11.80 | $5.70 |
| Briseria Gomez | 19 262-29 | 3/15/2024 | Received from ARBIO, Invoice 023658, submitted payment request form to accounting department. Payment issued by accounting department, mailed | 0.20 | $175.00 | $35.00 | $118.00 | $23.60 | $11.40 |
| Briseria Gomez | 19 262-29 | 3/15/2024 | Received from RINCON, Invoice 27860, submitted payment request form to accounting department. Saved into client file. | 0.20 | $175.00 | $35.00 | $118.00 | $23.60 | $11.40 |
| Briseria Gomez | 19 262-29 | 3/15/2024 | * California, Edgardo Yepez for proceedings held on March 11 thru March 15, 2024 before Judge Drozd. Court Reporter Maryann Valenoti, saved into client | 0.10 | $175.00 | $17.50 | $118.00 | $11.80 | $5.70 |
| Briseria Gomez | 19 262-29 | 3/15/2024 | EFG No. 144- TRANSCRIPT REQUEST by California Highway Patrol, State of California, Edgardo Yepez for proceedings held on March 11 thru March 15, 2024 before Judge Drozd. Court Reporter Maryann | 0.10 | $175.00 | $17.50 | $118.00 | $11.80 | $5.70 |
| Briseria Gomez | 19 262-29 | 3/15/2024 | EFG No. 145- MINUTES (Text Only) for proceedings held before District Judge Dale A. Drozd: JURY TRIAL DAY 5 held on 3/15/2024. Francisco Hurtado present. Oft Edgardo Yepez present. Pitt called Christopher | 0.10 | $175.00 | $17.50 | $118.00 | $11.80 | $5.70 |
| Briseria Gomez | 19 262-29 | 3/15/2024 | EFG No. 146- TRANSCRIPT REQUEST by California Highway Patrol, State of California, Edgardo Yepez for proceedings held on 3/11/24 before Judge * | 0.10 | $175.00 | $17.50 | $118.00 | $11.80 | $5.70 |
| Briseria Gomez | 19 262-29 | 3/18/2024 | Received from PAUL J. BRAATON, M.D., INC., Reference Number FW0000799078012015, submitted payment request form to accounting. * | 0.20 | $175.00 | $35.00 | $118.00 | $23.60 | $11.40 |

| Biller | Exhibit | Date | Description | Computed Hours | Requested Rate | Computed | Adjusted Rate | Adjusted Fees | Fee Difference |
|---|---|---|---|---|---|---|---|---|---|
| Briseria Gomez | 19 262-29 | 3/18/2024 | EFG No. 147- OBJECTIONS and excerpts of reading deposition of witness Diane Valenzuela, by Plaintiff Francisco Hurtado, saved into client file. | 0.30 | $175.00 | $52.50 | $118.00 | $35.40 | $17.10 |
| Briseria Gomez | 19 262-29 | 3/18/2024 | EFG No. 148-OBJECTIONS by Plaintiff Francisco Hurtado to reading deposition of witness Diane Valenzuela and to the testimony of Deputy Justin | 0.30 | $175.00 | $52.50 | $118.00 | $35.40 | $17.10 |
| Briseria Gomez | 19 262-29 | 3/19/2024 | EFG No. 150- TRANSCRIPT REQUEST by California Highway Patrol, State of California, Edgardo Yepez for proceedings held on March 18, 2024 before | 0.10 | $175.00 | $17.50 | $118.00 | $11.80 | $5.70 |
| Briseria Gomez | 19 262-29 | 3/19/2024 | EFC No. 151- MINUTES for proceedings held before District Judge Dale A.Drozd: JURY TRIAL DAY 7* held on 3/19/2024. Court in session. Outside the presence of the jury. Dale Galipo and Kent Henderson | 0.10 | $175.00 | $17.50 | $118.00 | $11.80 | $5.70 |
| Briseria Gomez | 19 262-29 | 3/19/2024 | EFC No. 154-JURY INSTRUCTIONS GIVEN, saved into client file. | 0.10 | $175.00 | $17.50 | $118.00 | $11.80 | $5.70 |
| Briseria Gomez | 19 262-29 | 3/19/2024 | EFG No. 155- JURY NOTES 4:37pm, saved into client | 0.10 | $175.00 | $17.50 | $118.00 | $11.80 | $5.70 |
| Briseria Gomez | 19 262-29 | 3/19/2024 | EFG No. 156- JURY NOTES 4:50pm, saved into client | 0.10 | $175.00 | $17.50 | $118.00 | $11.80 | $5.70 |
| Briseria Gomez | 19 262-29 | 3/19/2024 | Received from ROBERTW. JOHNSON &ASSOCIATES, Invoice 41145,submitted payment request form to accounting department. Payment issued bv accounting department  mailed out payment. | 0.20 | $175.00 | $35.00 | $118.00 | $23.60 | $11.40 |
| Briseria Gomez | 19 262-29 | 3/19/2024 | Received from MOVE DOCS, Case ID 1523210, submitted payment request form to accounting department. Saved into client file. | 0.20 | $175.00 | $35.00 | $118.00 | $23.60 | $11.40 |
| Briseria Gomez | 19 262-29 | 3/20/2024 | EFG No. 152- TRANSCRIPT REQUEST by California Highway Patrol, State of California, Edgardo Yepez for proceedings held on 3-19-2024 before Judge Drozd. Court Reporter Maryann Valenoti, saved into client | 0.10 | $175.00 | $17.50 | $118.00 | $11.80 | $5.70 |
| Briseria Gomez | 19 262-29 | 3/20/2024 | EFG No. 157-JURY NOTES 10:22am, saved into client | 0.10 | $175.00 | $17.50 | $118.00 | $11.80 | $5.70 |
| Briseria Gomez | 19 262-29 | 3/20/2024 | EFG No.158-JURY NOTES 10:48am, saved into client | 0.10 | $175.00 | $17.50 | $118.00 | $11.80 | $5.70 |
| Briseria Gomez | 19 262-29 | 3/20/2024 | EFG No.159-JURY NOTES 11:55am, saved into client | 0.10 | $175.00 | $17.50 | $118.00 | $11.80 | $5.70 |
| Briseria Gomez | 19 262-29 | 3/20/2024 | EFG No. 160-JURY NOTES 4:15pm, saved into client | 0.10 | $175.00 | $17.50 | $118.00 | $11.80 | $5.70 |
| Briseria Gomez | 19 262-29 | 3/21/2024 | Received from EXPRESS IMAGING SOLUTIONS, Invoice 6951, submitted payment request form to accounting department. Payment issued by * | 0.20 | $175.00 | $35.00 | $118.00 | $23.60 | $11.40 |
| Briseria Gomez | 19 262-29 | 3/21/2024 | EFG No. 153- MINUTES for proceedings held before District Judge Dale A. Drozd: JURY TRIAL DAY 8 held on 3/21/2024. Francisco Hurtado present. Dft Edgardo Yepez present. Back in the presence of the | 0.10 | $175.00 | $17.50 | $118.00 | $11.80 | $5.70 |
| Briseria Gomez | 19 262-29 | 3/21/2024 | EFG No. 161-JURY NOTES 9:32am, saved into client | 0.10 | $175.00 | $17.50 | $118.00 | $11.80 | $5.70 |
| Briseria Gomez | 19 262-29 | 3/21/2024 | EFG No. 162-JURY NOTES 10:06am, saved into client | 0.10 | $175.00 | $17.50 | $118.00 | $11.80 | $5.70 |

| Biller | Exhibit | Date | Description | Computed Hours | Requested Rate | Computed Total | Adjusted Rate | Adjusted Fees | Fee Difference |
|--------|---------|------|-------------|----------------|----------------|----------------|---------------|---------------|----------------|
| Briseria Gomez | 19 262-29 | 3/21/2024 | EFG No. 163-JURY NOTES 1:05pm, saved into client | 0.10 | $175.00 | $17.50 | $118.00 | $11.80 | $5.70 |
| Briseria Gomez | 19 262-29 | 3/21/2024 | EFG No. 164-JURY NOTES 1:54pm, saved into client | 0.10 | $175.00 | $17.50 | $118.00 | $11.80 | $5.70 |
| Briseria Gomez | 19 262-29 | 3/21/2024 | EFG No. 165- MINUTES for proceedings held before District Judge Dale A. Drozd: JURY TRIAL DAAY 9 completed on 3/21/2024. Francisco Hurtado present. Kent Henderson appeared on behalf of plaintiff. | 0.10 | $175.00 | $17.50 | $118.00 | $11.80 | $5.70 |
| Briseria Gomez | 19 262-29 | 3/21/2024 | EFG No. 166-WITNESS UST, saved into client file. | 0.10 | $175.00 | $17.50 | $118.00 | $11.80 | $5.70 |
| Briseria Gomez | 19 262-29 | 3/21/2024 | EFG No. 167- EXHIBIT LIST, saved into client file. | 0.10 | $175.00 | $17.50 | $118.00 | $11.80 | $5.70 |
| Briseria Gomez | 19 262-29 | 3/31/2024 | Received from ON SCENE CONSULTING, Invoice 2024-01, submitted payment request form to accounting department. Payment issued by accounting department, mailed out payment. | 0.20 | $175.00 | $35.00 | $118.00 | $23.60 | $11.40 |
| Briseria Gomez | 19 262-29 | 4/3/2024 | Received from DEADLINE.COM, Invoice April 2024, submitted payment request form to accounting department. Payment issued by accounting department, mailed out payment. | 0.20 | $175.00 | $35.00 | $118.00 | $23.60 | $11.40 |
| Briseria Gomez | 19 262-29 | 4/5/2024 | EFG No.169- RESPONSE by California Highway Patrol, State of California, Edgardo Yepez to (#168)] Minute Order, saved into client file. | 0.10 | $175.00 | $17.50 | $118.00 | $11.80 | $5.70 |
| Briseria Gomez | 19 262-29 | 4/5/2024 | Received from EXPRESS LEGAL SUPPORT NETWORK, Invoice OC-31500 submitted payment request form to accounting department. Payment issued | 0.20 | $175.00 | $35.00 | $118.00 | $23.60 | $11.40 |
| Briseria Gomez | 19 262-29 | 4/5/2024 | Received from EXPRESS LEGAL SUPPORT NETWORK, Invoice OC-31501 submitted payment request form to accounting department. Payment issuedby accounting department, mailed out payment. | 0.20 | $175.00 | $35.00 | $118.00 | $23.60 | $11.40 |
| Briseria Gomez | 19 262-29 | 4/5/2024 | Received from EXPRESS LEGAL SUPPORT NETWORK, Invoice OC-31502 submitted payment request form to accounting department. Payment issuedby accounting department, mailed out payment. | 0.20 | $175.00 | $35.00 | $118.00 | $23.60 | $11.40 |
| Briseria Gomez | 19 262-29 | 4/5/2024 | Received from EXPRESS LEGAL SUPPORT NETWORK, Invoice OC-31503 submitted payment request form to accounting department. Payment issued | 0.20 | $175.00 | $35.00 | $118.00 | $23.60 | $11.40 |
| Briseria Gomez | 19 262-29 | 4/5/2024 | Received from EXPRESS LEGAL SUPPORT NETWORI<, Invoice OC-31504 submitted payment request form to accounting department. Payment issued | 0.20 | $175.00 | $35.00 | $118.00 | $23.60 | $11.40 |
| Briseria Gomez | 19 262-29 | 4/5/2024 | Received from EXPRESS LEGAL SUPPORT NETWORK, Invoice OC-31505 submitted payment request form to accounting department. Payment issued by accounting department, mailed out payment. | 0.20 | $175.00 | $35.00 | $118.00 | $23.60 | $11.40 |

| Biller | Exhibit | Date | Description | Computed Hours | Requested Rate | Computed Fees | Adjusted Rate | Adjusted Fees | Fee Difference |
|---|---|---|---|---|---|---|---|---|---|
| Briseria Gomez | 19 262-29 | 4/5/2024 | Received from EXPRESS LEGAL SUPPORT NETWORK, Invoice OC-31506 submitted payment request form to accounting department. Payment issuedby accounting department, mailed out payment. | 0.20 | $175.00 | $35.00 | $118.00 | $23.60 | $11.40 |
| Briseria Gomez | 19 262-29 | 4/5/2024 | Received from EXPRESS LEGAL SUPPORT NETWORK, Invoice OC-31507submitted payment request form to accounting department. Payment issued by accounting department, mailed out payment. | 0.20 | $175.00 | $35.00 | $118.00 | $23.60 | $11.40 |
| Briseria Gomez | 19 262-29 | 4/5/2024 | Received from EXPRESS LEGAL SUPPORT NETWORI(, Invoice OC-31508submitted payment request form to accounting department. Payment issued by accounting department, malled out payment. | 0.20 | $175.00 | $35.00 | $118.00 | $23.60 | $11.40 |
| Briseria Gomez | 19 262-29 | 4/5/2024 | Received from EXPRESS LEGAL SUPPORT NETWORK, Invoice OC-31509submitted payment request form to accounting department. Payment issued by accounting department, mailed out payment. | 0.20 | $175.00 | $35.00 | $118.00 | $23.60 | $11.40 |
| Briseria Gomez | 19 262-29 | 4/24/2024 | Received from BARI<LEY COURT REPORTERS, Invoice 1052825, submitted payment request form to accounting department. Payment issued by accounting department, mailed out payment. | 0.20 | $175.00 | $35.00 | $118.00 | $23.60 | $11.40 |
| Briseria Gomez | 19 262-29 | 5/7/2024 | Received from ON-SCENE CONSULTING GROUP, LLC., Invoice 2024-01,submitted payment request form to accounting department. Payment issued by accounting department, mailed out payment. | 0.20 | $175.00 | $35.00 | $118.00 | $23.60 | $11.40 |
| Briseria Gomez | 19 262-29 | 7/7/2024 | EFG No. 171- TRANSCRIPT of Motion to Modify Trial Schedule and Motions in Limine held on March 5, 2024, before District Judge Dale A. Drozd, filed by Court Reporter Maryann Valenoti, Phone number 916 930-4275 E-mail mvalenotirmrcrr@gmail.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Any Notice of Intent to Request Redaction must be filed within 5 court days. Redaction Request due 7/29/2024. Redacted Transcript Deadline set for 8/8/2024. Release | 0.10 | $175.00 | $17.50 | $118.00 | $11.80 | $5.70 |
| Briseria Gomez | 19 262-29 | 7/10/2024 | Received from R.H. YOUNG, INC., Invoice 24-03-0045 submitted payment request form to accounting department. Payment issued by accounting department, mailed out payment. | 0.20 | $175.00 | $35.00 | $118.00 | $23.60 | $11.40 |

| Biller | Exhibit | Date | Description | Computed Hours | Requested Rate | Computed Fees | Adjusted Rate | Adjusted Fees | Fee Difference |
|--------|---------|------|-------------|----------------|----------------|---------------|---------------|---------------|----------------|
| Briseria Gomez | 19 262-29 | 7/18/2024 | Received from RINCON, Invoice 27946, submitted payment request form to accounting department. Payment issued by accounting department, mailed | 0.20 | $175.00 | $35.00 | $118.00 | $23.60 | $11.40 |
| Briseria Gomez | 19 262-29 | 8/2/2024 | Received from VERONICA LIMON, Invoice Loan to Client for Funeral Expense, submitted payment request form to accounting department. Payment issued by accounting department, mailed out | 0.20 | $175.00 | $35.00 | $118.00 | $23.60 | $11.40 |
| Briseria Gomez | 19 262-29 | 8/13/2024 | Received from ADR SERVICES, INC. Invoice 24-3800-JWH-OI, submittedpayment request form to accounting department. Payment issued by accounting department, mailed out payment. | 0.20 | $175.00 | $35.00 | $118.00 | $23.60 | $11.40 |
| Briseria Gomez | 19 262-29 | 8/16/2024 | Received from GREENFILING. Invoice 10630709, submitted payment request form to accounting department. Payment issued by accounting | 0.20 | $175.00 | $35.00 | $118.00 | $23.60 | $11.40 |
| Briseria Gomez | 19 262-29 | 8/21/2024 | Received from EXPRESS NETWORK, Invoice OC-32135, submitted payment request form to accounting department. Payment issued by accounting department, mailed out payment. | 0.20 | $175.00 | $35.00 | $118.00 | $23.60 | $11.40 |
| Briseria Gomez | 19 262-29 | 8/21/2024 | Received from EXPRESS NETWORK, Invoice OC-32136, submitted payment request form to accounting department. Payment issued by accounting department, mailed out payment. | 0.20 | $175.00 | $35.00 | $118.00 | $23.60 | $11.40 |
| Briseria Gomez | 19 262-29 | 8/21/2024 | Received from EXPRESS NETWORK, Invoice OC-32137, submitted payment request form to accounting department. Payment issued by accounting department, mailed out payment. | 0.20 | $175.00 | $35.00 | $118.00 | $23.60 | $11.40 |
| Briseria Gomez | 19 262-29 | 8/21/2024 | Received from EXPRESS NETWORK, Invoice OC-31824, submitted payment request form to accounting department. Payment issued by accounting department, mailed out payment. | 0.20 | $175.00 | $35.00 | $118.00 | $23.60 | $11.40 |
| Briseria Gomez | 19 262-29 | 8/21/2024 | Received from EXPRESS NETWORI<, Invoice OC-31825, submitted payment request form to accounting department. Payment issued by accountingdepartment, mailed out payment. | 0.20 | $175.00 | $35.00 | $118.00 | $23.60 | $11.40 |
| Briseria Gomez | 19 262-29 | 8/21/2024 | Received from EXPRESS NETWORK, Invoice OC-31826, submitted payment request form to accounting department. Payment issued by accountingdepartment, mailed out payment. | 0.20 | $175.00 | $35.00 | $118.00 | $23.60 | $11.40 |
| Briseria Gomez | 19 262-29 | 8/21/2024 | Received from EXPRESS NETWORK, Invoice OC-31827, submitted payment request form to accounting department. Payment issued by accountingdepartment, mailed out payment. | 0.20 | $175.00 | $35.00 | $118.00 | $23.60 | $11.40 |

| Biller | Exhibit | Date | Description | Computed Hours | Requested Rate | Computed Fees | Adjusted Rate | Adjusted Fees | Fee Difference |
|--------|---------|------|-------------|---------------|---------------|---------------|---------------|---------------|----------------|
| Briseria Gomez | 19 262-29 | 8/21/2024 | Received from EXPRESS NETWORK, Invoice OC-31828, submitted payment request form to accounting department. Payment issued by accountingdepartment, mailed out payment. | 0.20 | $175.00 | $35.00 | $118.00 | $23.60 | $11.40 |
| Briseria Gomez | 19 262-29 | 8/21/2024 | Received from EXPRESS NETWORK, Invoice OC-31829, submitted payment request form to accounting department. Payment issued by accountingdepartment, mailed out payment. | 0.20 | $175.00 | $35.00 | $118.00 | $23.60 | $11.40 |
| Briseria Gomez | 19 262-29 | 8/21/2024 | Received from EXPRESS NETWORI<, Invoice OC-31830, submitted payment request form to accounting department. Payment issued by accounting department, mailed out payment. | 0.20 | $175.00 | $35.00 | $118.00 | $23.60 | $11.40 |
| Briseria Gomez | 19 262-29 | 8/21/2024 | Received from EXPRESS NETWORK, Invoice OC-31831, submitted payment request form to accounting department. Payment issued by accounting department, mailed out payment. | 0.20 | $175.00 | $35.00 | $118.00 | $23.60 | $11.40 |
| Briseria Gomez | 19 262-29 | 8/21/2024 | Received from EXPRESS NETWORK, Invoice OC-31832, submitted payment request form to accounting department. Payment issued by accountingdepartment, mailed out payment. | 0.20 | $175.00 | $35.00 | $118.00 | $23.60 | $11.40 |
| Briseria Gomez | 19 262-29 | 8/21/2024 | Received from EXPRESS NETWORK, Invoice OC-31833, submitted payment request form to accounting department. Payment issued by accounting department, mailed out payment. | 0.20 | $175.00 | $35.00 | $118.00 | $23.60 | $11.40 |
| Briseria Gomez | 19 262-29 | 8/21/2024 | Received from EXPRESS NETWORI<, Invoice OC-31834, submitted payment request form to accounting department. Payment issued by accounting department, mailed out payment. | 0.20 | $175.00 | $35.00 | $118.00 | $23.60 | $11.40 |
| Briseria Gomez | 19 262-29 | 8/21/2024 | Received from EXPRESS NETWORI<, Invoice OC-31835, submitted payment request form to accounting department. Payment issued by accounting department, mailed out payment. | 0.20 | $175.00 | $35.00 | $118.00 | $23.60 | $11.40 |
| Briseria Gomez | 19 262-29 | 8/21/2024 | Received from EXPRESS NETWORI<, Invoice OC-31836, submitted payment request form to accounting department. Payment issued by accounting department, malled out payment. | 0.20 | $175.00 | $35.00 | $118.00 | $23.60 | $11.40 |
| Briseria Gomez | 19 262-29 | 8/21/2024 | Received from EXPRESS NETWORK, Invoice OC-31837, submitted payment request form to accounting department. Payment issued by accounting department, mailed out payment. | 0.20 | $175.00 | $35.00 | $118.00 | $23.60 | $11.40 |

| Biller | Exhibit | Date | Description | Computed Hours | Requested Rate | Computed Fees | Adjusted Rate | Adjusted Fees | Fee Difference |
|--------|---------|------|-------------|----------------|----------------|---------------|---------------|---------------|----------------|
| Briseria Gomez | 19 262-29 | 8/21/2024 | Received from EXPRESS NETWORK, Invoice OC-31838, submitted payment request form to accounting department. Payment issued by accounting department, mailed out payment. | 0.20 | $175.00 | $35.00 | $118.00 | $23.60 | $11.40 |
| Briseria Gomez | 19 262-29 | 8/21/2024 | Received from EXPRESS NETWORK, Invoice OC-31839, submitted payment request form to accounting department. Payment issued by accounting department, mailed out payment. | 0.20 | $175.00 | $35.00 | $118.00 | $23.60 | $11.40 |
| Briseria Gomez | 19 262-29 | 8/21/2024 | Received from VERITEXT, Invoice 5726102, submitted payment request form to accounting department. Payment issued by accounting department, mailed | 0.20 | $175.00 | $35.00 | $118.00 | $23.60 | $11.40 |
| Briseria Gomez | 19 262-29 | 8/21/2024 | Received from VERITEXT, Invoice 5751928, submitted payment request form to accounting department. Payment issued by accounting department, mailed | 0.20 | $175.00 | $35.00 | $118.00 | $23.60 | $11.40 |
| Briseria Gomez | 19 262-29 | 8/21/2024 | Received from VERITEXT, Invoice 5878768, submitted payment request form to accounting department. Payment issued by accounting department, mailed | 0.20 | $175.00 | $35.00 | $118.00 | $23.60 | $11.40 |
| Briseria Gomez | 19 262-29 | 8/21/2024 | Received from VERITEXT, Invoice 7196040, submitted payment request form to accounting department. Payment issued by accounting department, mailed | 0.20 | $175.00 | $35.00 | $118.00 | $23.60 | $11.40 |
| Briseria Gomez | 19 262-29 | 8/21/2024 | Received from VERITEXT, Invoice 6083832, submitted payment request form to accounting department. Payment issued by accounting department, mailed | 0.20 | $175.00 | $35.00 | $118.00 | $23.60 | $11.40 |
| Briseria Gomez | 19 262-29 | 8/21/2024 | Received from VERITEXT, Invoice 5885115, submitted payment request form to accounting department. Payment issued by accounting department, mailed | 0.20 | $175.00 | $35.00 | $118.00 | $23.60 | $11.40 |
| Briseria Gomez | 19 262-29 | 8/21/2024 | Received from VERITEXT, Invoice 5971535, submitted payment request form to accounting department. Payment issued by accounting department, mailed | 0.20 | $175.00 | $35.00 | $118.00 | $23.60 | $11.40 |
| Briseria Gomez | 19 262-29 | 8/21/2024 | Received from VERITEXT, Invoice 7196021, submitted payment request form to accounting department. Payment issued by accounting department, mailed | 0.20 | $175.00 | $35.00 | $118.00 | $23.60 | $11.40 |
| Briseria Gomez | 19 262-29 | 8/22/2024 | Received from STANISLAUS COUNTY COURT, Confirmation 086608, submitted payment request form to accounting department. Payment issued by accounting department, mailed out payment. | 0.20 | $175.00 | $35.00 | $118.00 | $23.60 | $11.40 |
| Briseria Gomez | 19 262-29 | 8/27/2024 | EFG No. 174- MOTION TO SUBSTITUTE Francisco Hurtados minor children as successors in interest for Plaintiff Francisco Hurtado. Motion Hearing set for 10/1/2024 at 01:30 PM in Courtroom 4 (DAD) before District Judge Dale A.Drozd, saved into client file. | 0.10 | $175.00 | $17.50 | $118.00 | $11.80 | $5.70 |

| Biller | Exhibit | Date | Description | Computed Hours | Requested Rate | Computed Fees | Adjusted Rate | Adjusted Fees | Fee Difference |
|--------|---------|------|-------------|----------------|----------------|---------------|---------------|---------------|----------------|
| Briseria Gomez | 19 262-29 | 8/27/2024 | Received from EXPRESS NETWORK, Invoice OC-31848, submitted payment request form to accounting department. Payment issued by accounting department, mailed out payment. | 0.20 | $175.00 | $35.00 | $118.00 | $23.60 | $11.40 |
| Briseria Gomez | 19 262-29 | 8/27/2024 | Received from EXPRESS NETWORK, Invoice OC-31849, submitted payment request form to accounting department. Payment issued by accounting department, mailed out payment. | 0.20 | $175.00 | $35.00 | $118.00 | $23.60 | $11.40 |
| Briseria Gomez | 19 262-29 | 8/27/2024 | Received from EXPRESS NETWORK, Invoice OC-31850, submitted payment request form to accounting department. Payment issued by accounting department, mailed out payment. | 0.20 | $175.00 | $35.00 | $118.00 | $23.60 | $11.40 |
| Briseria Gomez | 19 262-29 | 8/27/2024 | Received from EXPRESS NETWORK, Invoice OC-31851, submitted payment request form to accounting department. Payment issued by accounting department, mailed out payment. | 0.20 | $175.00 | $35.00 | $118.00 | $23.60 | $11.40 |
| Briseria Gomez | 19 262-29 | 8/27/2024 | Received from EXPRESS NETWORK, Invoice OC-31852, submitted payment request form to accounting department. Payment issued by accounting department, mailed out payment. | 0.20 | $175.00 | $35.00 | $118.00 | $23.60 | $11.40 |
| Briseria Gomez | 19 262-29 | 8/27/2024 | Received from EXPRESS NETWORK, Invoice OC-31853, submitted payment request form to accounting department. Payment issued by accounting department, mailed out payment. | 0.20 | $175.00 | $35.00 | $118.00 | $23.60 | $11.40 |
| Briseria Gomez | 19 262-29 | 8/27/2024 | Received from EXPRESS NETWORK, Invoice OC-31854, submitted payment request form to accounting department. Payment issued by accounting department, mailed out payment. | 0.20 | $175.00 | $35.00 | $118.00 | $23.60 | $11.40 |
| Briseria Gomez | 19 262-29 | 8/27/2024 | Received from EXPRESS NETWORK, Invoice OC-31855, submitted payment request form to accounting department. Payment issued by accounting department, mailed out payment. | 0.20 | $175.00 | $35.00 | $118.00 | $23.60 | $11.40 |
| Briseria Gomez | 19 262-29 | 8/30/2024 | EFG No. 175- TRANSCRIPT REQUEST by Francisco Hurtado for proceedings held on 3/11/2024-3/21/2024 before Judge Hon. Drozd. Court Reporter Maryann Valenoti, saved into client file. | 0.30 | $175.00 | $52.50 | $118.00 | $35.40 | $17.10 |
| Briseria Gomez | 19 262-29 | 8/30/2024 | EFG No. 176-CERTIFICATE / PROOF of SERVICE by Francisco Hurtado re 174Motion to Substitute, saved | 0.30 | $175.00 | $52.50 | $118.00 | $35.40 | $17.10 |
| Briseria Gomez | 19 262-29 | 8/30/2024 | EFG No. 177-CERTIFICATE / PROOF of SERVICE by Francisco Hurtado re 174 Motion to Substitute, saved | 0.30 | $175.00 | $52.50 | $118.00 | $35.40 | $17.10 |
| Briseria Gomez | 19 262-29 | 8/30/2024 | EFG No. 178-CERTIFICATE / PROOF of SERVICE by Francisco Hurtado re 174Motion to Substitute, saved | 0.30 | $175.00 | $52.50 | $118.00 | $35.40 | $17.10 |

| Biller | Exhibit | Date | Description | Computed Hours | Requested Rate | Computed Fees | Adjusted Rate | Adjusted Fees | Fee Difference |
|---|---|---|---|---|---|---|---|---|---|
| Briseria Gomez | 19 262-29 | 9/4/2024 | EFG No. 179-OPPOSITION by California Highway Patrol, State of California, Edgardo Yepez to 174 Motion to Substitute, saved into client file. | 0.10 | $175.00 | $17.50 | $118.00 | $11.80 | $5.70 |
| Briseria Gomez | 19 262-29 | 9/5/2024 | EFG No. 180- EX PARTE APPLICATION by California Highway Patrol, State of California, Edgardo Yepez for Administrative Reliefto Shorten Time on Defendants' Motion to Continue the Trial Date, saved into client | 0.10 | $175.00 | $17.50 | $118.00 | $11.80 | $5.70 |
| Briseria Gomez | 19 262-29 | 9/5/2024 | EFG No. 181- MOTION to CONTINUE the Trial Date by California Highway Patrol, State of California, Edgardo Yepez, saved into client file. | 0.10 | $175.00 | $17.50 | $118.00 | $11.80 | $5.70 |
| Briseria Gomez | 19 262-29 | 9/6/2024 | Received from EXPRESS NETWORK, Invoice OC-32138, submitted payment request form to accounting department. Payment issued by accounting department, mailed out payment. | 0.20 | $175.00 | $35.00 | $118.00 | $23.60 | $11.40 |
| Briseria Gomez | 19 262-29 | 9/6/2024 | Received from EXPRESS NETWORK, Invoice OC-32134, submitted payment request form to accounting department. Payment issued by accounting department, mailed out payment. | 0.20 | $175.00 | $35.00 | $118.00 | $23.60 | $11.40 |
| Briseria Gomez | 19 262-29 | 9/6/2024 | Received from EXPRESS NETWORK, Invoice OC-32133, submitted payment request form to accounting department. Payment issued by accounting department, mailed out payment. | 0.20 | $175.00 | $35.00 | $118.00 | $23.60 | $11.40 |
| Briseria Gomez | 19 262-29 | 9/6/2024 | Received from EXPRESS NETWORK, Invoice OC-32132, submitted payment request form to accounting department. Payment issued by accounting department, mailed out payment. | 0.20 | $175.00 | $35.00 | $118.00 | $23.60 | $11.40 |
| Briseria Gomez | 19 262-29 | 9/6/2024 | Received from EXPRESS NETWORK, Invoice OC-32131, submitted payment request form to accounting department. Payment issued by accounting department, mailed out payment. | 0.20 | $175.00 | $35.00 | $118.00 | $23.60 | $11.40 |
| Briseria Gomez | 19 262-29 | 9/6/2024 | Received from EXPRESS NETWORK, Invoice OC-31861, submitted payment request form to accounting department. Payment issued by accountingdepartment, mailed out payment. | 0.20 | $175.00 | $35.00 | $118.00 | $23.60 | $11.40 |
| Briseria Gomez | 19 262-29 | 9/6/2024 | Received from EXPRESS NETWORK, Invoice OC-31860, submitted payment request form to accounting department. Payment issued by accounting department, mailed out payment. | 0.20 | $175.00 | $35.00 | $118.00 | $23.60 | $11.40 |
| Briseria Gomez | 19 262-29 | 9/6/2024 | Received from EXPRESS NETWORK, Invoice OC-31859, submitted payment request form to accounting department. Payment issued by accountingdepartment, mailed out payment. | 0.20 | $175.00 | $35.00 | $118.00 | $23.60 | $11.40 |

| Biller | Exhibit | Date | Description | Computed Hours | Requested Rate | Computed Fees | Adjusted Rate | Adjusted Fees | Fee Difference |
|---|---|---|---|---|---|---|---|---|---|
| Briseria Gomez | 19 262-29 | 9/6/2024 | Received from EXPRESS NETWORK, Invoice OC-31858, submitted payment request form to accounting department. Payment issued by accounting department, mailed out payment. | 0.20 | $175.00 | $35.00 | $118.00 | $23.60 | $11.40 |
| Briseria Gomez | 19 262-29 | 9/6/2024 | Received from EXPRESS NETWORK, Invoice OC-31857, submitted payment request form to accounting department. Payment issued by accounting department, mailed out payment. | 0.20 | $175.00 | $35.00 | $118.00 | $23.60 | $11.40 |
| Briseria Gomez | 19 262-29 | 9/6/2024 | Received from EXPRESS NETWORK, Invoice OC-31856, submitted payment request form to accounting department. Payment issued by accounting department, mailed out payment. | 0.20 | $175.00 | $35.00 | $118.00 | $23.60 | $11.40 |
| Briseria Gomez | 19 262-29 | 9/6/2024 | Received from EXPRESS NETWORK, Invoice OC-31840, submitted payment request form to accounting department. Payment issued by accounting department, mailed out payment. | 0.20 | $175.00 | $35.00 | $118.00 | $23.60 | $11.40 |
| Briseria Gomez | 19 262-29 | 9/6/2024 | Received from EXPRESS NETWORK, Invoice OC-31841, submitted payment request form to accounting department. Payment issued by accounting department mailed out payment | 0.20 | $175.00 | $35.00 | $118.00 | $23.60 | $11.40 |
| Briseria Gomez | 19 262-29 | 9/6/2024 | Received from EXPRESS NETWORK, Invoice OC-31842, submitted payment request form to accounting department. Payment issued by accounting department, mailed out payment. | 0.20 | $175.00 | $35.00 | $118.00 | $23.60 | $11.40 |
| Briseria Gomez | 19 262-29 | 9/6/2024 | Received from EXPRESS NETWORK, Invoice OC-31843, submitted payment request form to accounting department. Payment issued by accounting department, mailed out payment. | 0.20 | $175.00 | $35.00 | $118.00 | $23.60 | $11.40 |
| Briseria Gomez | 19 262-29 | 9/6/2024 | Received from EXPRESS NETWORK, Invoice OC-31844, submitted payment request form to accounting department. Payment issued by accounting department, mailed out payment. | 0.20 | $175.00 | $35.00 | $118.00 | $23.60 | $11.40 |
| Briseria Gomez | 19 262-29 | 9/6/2024 | Received from EXPRESS NETWORK, Invoice OC-31845, submitted payment request form to accounting department. Payment issued by accounting department, mailed out payment. | 0.20 | $175.00 | $35.00 | $118.00 | $23.60 | $11.40 |
| Briseria Gomez | 19 262-29 | 9/6/2024 | Received from EXPRESS NETWORK, Invoice OC-31846, submitted payment request form to accounting department. Payment issued by accounting department, mailed out payment. | 0.20 | $175.00 | $35.00 | $118.00 | $23.60 | $11.40 |

| Biller | Exhibit | Date | Description | Computed Hours | Requested Rate | Computed Fees | Adjusted Rate | Adjusted Fees | Fee Difference |
|---|---|---|---|---|---|---|---|---|---|
| Briseria Gomez | 19 262-29 | 9/6/2024 | Received from EXPRESS NETWORK, Invoice OC-31847, submitted payment request form to accounting department. Payment issued by accounting department, mailed out payment. | 0.20 | $175.00 | $35.00 | $118.00 | $23.60 | $11.40 |
| Briseria Gomez | 19 262-29 | 9/9/2024 | EFC No. 183-CERTIFICATE / PROOF of SERVICE by Francisco Hurtado re 174 Motion to Substitute, saved | 0.30 | $175.00 | $52.50 | $118.00 | $35.40 | $17.10 |
| Briseria Gomez | 19 262-29 | 9/10/2024 | EFC No. 184- OPPOSITION by Francisco Hurtado to 181 Motion to Continue, saved into client file. | 0.30 | $175.00 | $52.50 | $118.00 | $35.40 | $17.10 |
| Briseria Gomez | 19 262-29 | 9/13/2024 | EFC No. 186- REPLY by California Highway Patrol, State of California, Edgardo Yepez re 181 Motion to Continue, saved into client file. | 0.10 | $175.00 | $17.50 | $118.00 | $11.80 | $5.70 |
| Briseria Gomez | 19 262-29 | 9/13/2024 | EFC No. 187- REPLY by Francisco Hurtado re 174 Motion to Substitute, saved into client file. | 0.30 | $175.00 | $52.50 | $118.00 | $35.40 | $17.10 |
| Briseria Gomez | 19 262-29 | 9/18/2024 | Received from ROBERT W. JOHNSON &ASSOCIATES, Invoice Pre-trial Expert, submitted payment request form to accounting department. Payment issued by accounting department, mailed out payment. | 0.20 | $175.00 | $35.00 | $118.00 | $23.60 | $11.40 |
| Briseria Gomez | 19 262-29 | 9/18/2024 | EFC No. 189- ORDER signed by District Judge Dale A. Drozd on 9/17/24 GRANTING 174  Motion to Substitute and SUBSTITUTING Minors 1.H., E.H., F.H., and A.H., through their mother and guardian Priscilla Macias, as successors in interest for plaintiff | 0.10 | $175.00 | $17.50 | $118.00 | $11.80 | $5.70 |
| Briseria Gomez | 19 262-29 | 9/18/2024 | EFC No. 190- TRANSCRIPT REQUEST by California Highway Patrol, State of California, Edgardo Yepez for proceedings held on 3/12/24 before Judge Drozd. Court Reporter Maryann Valenoti, saved into client | 0.10 | $175.00 | $17.50 | $118.00 | $11.80 | $5.70 |
| Briseria Gomez | 19 262-29 | 9/18/2024 | EFC No. 191- TRANSCRIPT REQUEST by California Highway Patrol, State of California, Edgardo Yepez for proceedings held on 3/12/24 before Judge Drozd. Court Reporter Maryann Valenoti, saved into client | 0.10 | $175.00 | $17.50 | $118.00 | $11.80 | $5.70 |
| Briseria Gomez | 19 262-29 | 9/18/2024 | EFG No. 192- TRANSCRIPT REQUEST by California Highway Patrol, State of California, Edgardo Yepez for proceedings held on 3/15/24 before Judge Drozd. Court Reporter Maryann Valenoti, saved into client | 0.10 | $175.00 | $17.50 | $118.00 | $11.80 | $5.70 |
| Briseria Gomez | 19 262-29 | 9/19/2024 | EFG No. 193- TRANSCRIPT REQUEST by California Highway Patrol, State of California, Edgardo Yepez for proceedings held on 3/12/24 before Judge Drozd. Court Reporter Maryann Valenoti, saved into client | 0.10 | $175.00 | $17.50 | $118.00 | $11.80 | $5.70 |
| Briseria Gomez | 19 262-29 | 9/19/2024 | EFG No. 194- TRANSCRIPT REQUEST by California Highway Patrol, State of California, Edgardo Yepez for proceedings held on 3/12/24 before Judge Drozd. Court Reporter Maryann Valenoti, saved into client | 0.10 | $175.00 | $17.50 | $118.00 | $11.80 | $5.70 |

| Biller | Exhibit | Date | Description | Computed Hours | Requested Rate | Computed Fees | Adjusted Rate | Adjusted Fees | Fee Difference |
|--------|---------|------|-------------|----------------|----------------|---------------|---------------|---------------|----------------|
| Briseria Gomez | 19 262-29 | 9/19/2024 | EFG No. 195- TRANSCRIPT REQUEST by California Highway Patrol, State of California, Edgardo Yepez for proceedings held on 3/15/24 before Judge Drozd. Court Reporter Maryann Valenoti, saved into client | 0.10 | $175.00 | $17.50 | $118.00 | $11.80 | $5.70 |
| Briseria Gomez | 19 262-29 | 9/19/2024 | EFG No. 196- TRANSCRIPT REQUEST by A.H., E. H., F. H., I. H. for proceedingsheld on 3/11/2024 before Judge Hon. Drozd. Court Reporter Abigail Torres, | 0.10 | $175.00 | $17.50 | $118.00 | $11.80 | $5.70 |
| Briseria Gomez | 19 262-29 | 9/24/2024 | EFC No. 197- MOTION IN LIMINE NO. 8 to prohibit reference to other police shootings, defense by the Attorney General's Office, Golden Rule Arguments  or use of the Reptile Theory by California Highway Patrol, State of California, Edgardo Yepez. Motion Hearing set for 10/16/2024 at 09:00 AM in Courtroom 4 (DAD) before District Judge Dale A. | 0.10 | $175.00 | $17.50 | $118.00 | $11.80 | $5.70 |
| Briseria Gomez | 19 262-29 | 9/24/2024 | EFG No. 198-MOTION IN LIMINE NO. 9 to exclude any reference to the death  of Fran.cisco Hurtado by California Highway Patrol, State of California, Edgardo Yepez. Motion Hearing set for 10/16/2024 at 09:00 AM in Courtroom 4 (DAD) before District Judge Dale A. Drozd, saved into client file. | 0.10 | $175.00 | $17.50 | $118.00 | $11.80 | $5.70 |
| Briseria Gomez | 19 262-29 | 9/25/2024 | Received from JOSHUA P. PRAGER, M.D., MS, Invoice FH031424TT, submitted payment request form to accounting department. Payment issued by accounting department, mailed out payment. | 0.20 | $175.00 | $35.00 | $118.00 | $23.60 | $11.40 |
| Briseria Gomez | 19 262-29 | 9/27/2024 | Received Proof of serivce of subpoena for Officer Randazzo, saved into clientfile. | 0.10 | $175.00 | $17.50 | $118.00 | $11.80 | $5.70 |
| Briseria Gomez | 19 262-29 | 10/2/2024 | EFG No. 199-OPPOSITION by A.H., E. H., F. H., I. H. to 197 Motion inLimine,No. 8, saved into client file. | 0.10 | $175.00 | $17.50 | $118.00 | $11.80 | $5.70 |
| Briseria Gomez | 19 262-29 | 10/2/2024 | EFG No. 200-OPPOSITION by A.H., E. H., F. H., I. H. to 198 Motion in Limine,No. 9, saved into client file. | 0.10 | $175.00 | $17.50 | $118.00 | $11.80 | $5.70 |
| Briseria Gomez | 19 262-29 | 10/3/2024 | EFC No. 202- TRIAL TRANSCRIPT of Jury Trial Day 1 held on 3/11/24, before District Judge Dale A. Drozd, filed by Court Reporter Abigail Torres, Phone number 916-930-4116 E-mail a.torres.reporting@gmail.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Any Notice of Intent to Request Redaction must be filed within 5 court days. Redaction Request due 10/24/2024. Redacted Transcript Deadline set for 11/4/2024. Release of | 0.10 | $175.00 | $17.50 | $118.00 | $11.80 | $5.70 |

| Biller | Exhibit | Date | Description | Computed Hours | Requested Rate | Computed Fees | Adjusted Rate | Adjusted Fees | Fee Difference |
|---|---|---|---|---|---|---|---|---|---|
| Briseria Gomez | 19 262-29 | 10/4/2024 | EFC No. 203- MEMORANDUM by State of California in SUPPORT of 197 Motion in Limine, saved into client | 0.10 | $175.00 | $17.50 | $118.00 | $11.80 | $5.70 |
| Briseria Gomez | 19 262-29 | 10/4/2024 | EFC No. 204- REPLY by State of California to RESPONSE to 198  Motion in Limine, saved into client | 0.10 | $175.00 | $17.50 | $118.00 | $11.80 | $5.70 |
| Briseria Gomez | 19 262-29 | 10/11/2024 | EFC No. 206- TRANSCRIPT of Trial Day 2 held on March 12, 2024 available for download and saved | 0.10 | $175.00 | $17.50 | $118.00 | $11.80 | $5.70 |
| Briseria Gomez | 19 262-29 | 10/11/2024 | EFC No. 207-TRANSCRIPT of Trial Day 3 held on March 13, 2024 available for download and saved | 0.10 | $175.00 | $17.50 | $118.00 | $11.80 | $5.70 |
| Briseria Gomez | 19 262-29 | 10/11/2024 | EFC No. 208-TRANSCRIPT of Trial Day 4 held on March 14, 2024 available for download and saved | 0.10 | $175.00 | $17.50 | $118.00 | $11.80 | $5.70 |
| Briseria Gomez | 19 262-29 | 10/11/2024 | EFC No. 209- TRANSCRIPT of Trial Day 5 on March 15, 2024  available for download and saved into client | 0.10 | $175.00 | $17.50 | $118.00 | $11.80 | $5.70 |
| Briseria Gomez | 19 262-29 | 10/11/2024 | EFC No. 210- TRANSCRIPT of Trial Day 6 held on March 18, 2024 available for download and saved | 0.10 | $175.00 | $17.50 | $118.00 | $11.80 | $5.70 |
| Briseria Gomez | 19 262-29 | 10/11/2024 | EFC No. 211-TRANSCRIPT of Trial Day 7 held on March 19, 2024 available for download and saved | 0.10 | $175.00 | $17.50 | $118.00 | $11.80 | $5.70 |
| Briseria Gomez | 19 262-29 | 10/11/2024 | EFC No. 212- TRANSCRIPT of TrialDay 8 held on March 20, 2024 available fordownload and saved into | 0.10 | $175.00 | $17.50 | $118.00 | $11.80 | $5.70 |
| Briseria Gomez | 19 262-29 | 10/11/2024 | EFC No. 213- TRANSCRIPT of Trial Day9 held on March 21, 2024 available for download and saved | 0.10 | $175.00 | $17.50 | $118.00 | $11.80 | $5.70 |
| Briseria Gomez | 19 262-29 | 10/11/2024 | EFC No. 214- TRANSCRIPT Testimony of Dr. Jesse Wobrock held on March 13, 2024 available for download and saved into client file. | 0.10 | $175.00 | $17.50 | $118.00 | $11.80 | $5.70 |
| Briseria Gomez | 19 262-29 | 10/11/2024 | EFC No. 215- TRANSCRIPT Testimony of Scott DeFoe held on March 13, 2024available for download and saved into client file. | 0.10 | $175.00 | $17.50 | $118.00 | $11.80 | $5.70 |
| Briseria Gomez | 19 262-29 | 10/11/2024 | EFC No. 216- TRANSCRIPT Testimony of Francisco Hurtado held on March 15,2024 available for download and saved into client file. | 0.10 | $175.00 | $17.50 | $118.00 | $11.80 | $5.70 |
| Briseria Gomez | 19 262-29 | 10/13/2024 | Received from AIRBNB, Receipt ID RCHTQWFTCD, submitted payment request form to accounting department. Payment issued by accounting | 0.20 | $175.00 | $35.00 | $118.00 | $23.60 | $11.40 |
| Briseria Gomez | 19 262-29 | 10/14/2024 | Received from ARBIO INC., Invoice 024083, submitted payment request form to accounting department. Payment issued by accounting department, mailed | 0.20 | $175.00 | $35.00 | $118.00 | $23.60 | $11.40 |
| Briseria Gomez | 19 262-29 | 10/14/2024 | Received from SOUTHWEST AIRLINES, Confirmation 2Z97E9, submittedpayment request form to accounting department. Payment issued by accounting department, mailed out payment. | 0.20 | $175.00 | $35.00 | $118.00 | $23.60 | $11.40 |
| Briseria Gomez | 19 262-29 | 10/15/2024 | ECF No. 219-AMENDED STATEMENT of the Case filed by Plaintiffs, saved into client file. | 0.10 | $175.00 | $17.50 | $118.00 | $11.80 | $5.70 |

| Biller | Exhibit | Date | Description | Computed Hours | Requested Rate | Computed Fees | Adjusted Rate | Adjusted Fees | Fee Difference |
|---|---|---|---|---|---|---|---|---|---|
| Briseria Gomez | 19 262-29 | 10/15/2024 | ECF No. 220- PROPOSED JURY INSTRUCTIONS by Plaintiffs, saved into client file. | 0.10 | $175.00 | $17.50 | $118.00 | $11.80 | $5.70 |
| Briseria Gomez | 19 262-29 | 10/15/2024 | ECF No. 221- PROPOSED VERDICT submitted by Plaintiffs, saved into client file. | 0.10 | $175.00 | $17.50 | $118.00 | $11.80 | $5.70 |
| Briseria Gomez | 19 262-29 | 10/15/2024 | ECF No. 222 - PROPOSED VERDICT submitted by Defendants, saved into client file. | 0.10 | $175.00 | $17.50 | $118.00 | $11.80 | $5.70 |
| Briseria Gomez | 19 262-29 | 10/15/2024 | ECF No. 223 - PROPOSED JURY INSTRUCTIONS submitted by Defendants, saved into client file. | 0.10 | $175.00 | $17.50 | $118.00 | $11.80 | $5.70 |
| Briseria Gomez | 19 262-29 | 10/15/2024 | Received from BERBERIAN LEGAL SERVICE, Invoice 11741, submitted payment request form to accounting department. Saved into client file. | 0.20 | $175.00 | $35.00 | $118.00 | $23.60 | $11.40 |
| Briseria Gomez | 19 262-29 | 10/16/2024 | MINUTES saved into client file. | 0.10 | $175.00 | $17.50 | $118.00 | $11.80 | $5.70 |
| Briseria Gomez | 19 262-29 | 10/16/2024 | Received from UBER, Receipt Date 10/16/2024, submitted payment request form to accounting department. Saved into client file. | 0.20 | $175.00 | $35.00 | $118.00 | $23.60 | $11.40 |
| Briseria Gomez | 19 262-29 | 10/17/2024 | Received from AIRBNB, Receipt ID RCRK9W33DW, submitted payment request form to accounting department. Payment issued by accounting | 0.20 | $175.00 | $35.00 | $118.00 | $23.60 | $11.40 |
| Briseria Gomez | 19 262-29 | 10/18/2024 | MINUTES saved into client file. | 0.10 | $175.00 | $17.50 | $118.00 | $11.80 | $5.70 |
| Briseria Gomez | 19 262-29 | 10/18/2024 | Received from UBER, Receipt Date 10/18/2024, submitted payment request form to accounting department. Saved into client file. | 0.20 | $175.00 | $35.00 | $118.00 | $23.60 | $11.40 |
| Briseria Gomez | 19 262-29 | 10/18/2024 | Received from UBER, Receipt Date 10/18/2024, submitted payment request form to accounting department. Saved into client file. | 0.20 | $175.00 | $35.00 | $118.00 | $23.60 | $11.40 |
| Briseria Gomez | 19 262-29 | 10/18/2024 | Received from FEDEX, Invoice 779281137355, submitted payment request form to accounting department. Payment issued by accounting | 0.20 | $175.00 | $35.00 | $118.00 | $23.60 | $11.40 |
| Briseria Gomez | 19 262-29 | 10/18/2024 | Received from MARY MEINHARD & ASSOCIATES, INC, Invoice 10/18/2024, submitted payment request form to accounting department. Payment issued by accounting department, mailed out payment. | 0.20 | $175.00 | $35.00 | $118.00 | $23.60 | $11.40 |
| Briseria Gomez | 19 262-29 | 10/20/2024 | Received from UBER, Receipt Date 10/18/2024, submitted payment request form to accounting department. Saved into client file. | 0.20 | $175.00 | $35.00 | $118.00 | $23.60 | $11.40 |
| Briseria Gomez | 19 262-29 | 10/21/2024 | MINUTES saved into client file. | 0.10 | $175.00 | $17.50 | $118.00 | $11.80 | $5.70 |
| Briseria Gomez | 19 262-29 | 10/21/2024 | Received from RINCON, Receipt Trial Testimony, submitted payment request form to accounting department. Payment issued by accounting | 0.20 | $175.00 | $35.00 | $118.00 | $23.60 | $11.40 |
| Briseria Gomez | 19 262-29 | 10/21/2024 | Received from FEDEX, Invoice 779307062092, submitted payment request form to accounting department. Payment issued by accounting | 0.20 | $175.00 | $35.00 | $118.00 | $23.60 | $11.40 |

| Biller | Exhibit | Date | Description | Computed Hours | Requested Rate | Computed Fees | Adjusted Rate | Adjusted Fees | Fee Difference |
|--------|---------|------|-------------|----------------|----------------|----------------|----------------|----------------|----------------|
| Briseria Gomez | 19 262-29 | 10/21/2024 | Received from MARILYN S. JACOBS, PH.D., ABPP, Invoice Date 10/21/2024, submitted payment request form to accounting department. Payment issued by accounting department, mailed out payment. | 0.20 | $175.00 | $35.00 | $118.00 | $23.60 | $11.40 |
| Briseria Gomez | 19 262-29 | 10/22/2024 | MINUTES saved into client file. | 0.10 | $175.00 | $17.50 | $118.00 | $11.80 | $5.70 |
| Briseria Gomez | 19 262-29 | 10/23/2024 | MINUTES saved into client file. | 0.10 | $175.00 | $17.50 | $118.00 | $11.80 | $5.70 |
| Briseria Gomez | 19 262-29 | 10/23/2024 | Received from FEDEX, Invoice 779365338798, submitted payment request form to accounting department. Payment issued by accounting | 0.20 | $175.00 | $35.00 | $118.00 | $23.60 | $11.40 |
| Briseria Gomez | 19 262-29 | 10/24/2024 | MINUTES saved into client file. | 0.10 | $175.00 | $17.50 | $118.00 | $11.80 | $5.70 |
| Briseria Gomez | 19 262-29 | 10/24/2024 | Received from UBER, Receipt Date 10/18/2024, submitted payment request form to accounting department. Saved into client file. | 0.20 | $175.00 | $35.00 | $118.00 | $23.60 | $11.40 |
| Briseria Gomez | 19 262-29 | 10/24/2024 | EXHIBIT LIST, JURY NOTES, JURY VERDICT, JURY INSTRUCTIONS available for download and saved into client file. | 0.20 | $175.00 | $35.00 | $118.00 | $23.60 | $11.40 |
| Briseria Gomez | 19 262-29 | 10/24/2024 | Received from UBER, Receipt Date 10/18/2024, submitted payment request form to accounting department. Saved into client file. | 0.20 | $175.00 | $35.00 | $118.00 | $23.60 | $11.40 |
| Briseria Gomez | 19 262-29 | 10/24/2024 | Received from UBER, Receipt Date 10/18/2024, submitted payment request form to accounting department. Saved into client file. | 0.20 | $175.00 | $35.00 | $118.00 | $23.60 | $11.40 |
| Briseria Gomez | 19 262-29 | 10/24/2024 | Received from JOSHUA P. PRAGER, M.D., MS, Invoice FH031424TT2,submitted payment request form to accounting department. Payment issued by accounting department, mailed out payment. | 0.20 | $175.00 | $35.00 | $118.00 | $23.60 | $11.40 |
| Briseria Gomez | 19 262-29 | 10/24/2024 | Received from RINCON, Invoice 47518, submitted payment request form to accounting department. Payment issued by accounting department, mailed | 0.20 | $175.00 | $35.00 | $118.00 | $23.60 | $11.40 |
| Briseria Gomez | 19 262-29 | 10/26/2024 | Received email from accounting department who will start updating the cost sheets for the file. Saved | 0.10 | $175.00 | $17.50 | $118.00 | $11.80 | $5.70 |
| Briseria Gomez | 19 262-29 | 10/26/2024 | Received email from Priority Funding requesting status on the case, sent email open and pending, saved email into client file. | 0.10 | $175.00 | $17.50 | $118.00 | $11.80 | $5.70 |
| Briseria Gomez | 19 262-29 | 10/27/2024 | Received email from Dr. Braaten reuqesting payment, sent inquiry to accouting department. | 0.10 | $175.00 | $17.50 | $118.00 | $11.80 | $5.70 |
| Briseria Gomez | 19 262-29 | 10/28/2024 | Received from RINCON, Invoice 47518, submitted payment request form to accounting department. Payment issued by accounting department, mailed | 0.20 | $175.00 | $35.00 | $118.00 | $23.60 | $11.40 |

| Biller | Exhibit | Date | Description | Computed Hours | Requested Rate | Computed Fees | Adjusted Rate | Adjusted Fees | Fee Difference |
|---|---|---|---|---|---|---|---|---|---|
| Briseria Gomez | 19 262-29 | 10/28/2024 | Received from HURTADO COSTS, Invoice Date 10/28/2024, submitted payment request form to accounting department. Payment issued by accounting department, mailed out payment. | 0.20 | $175.00 | $35.00 | $118.00 | $23.60 | $11.40 |
| Briseria Gomez | 19 262-29 | 10/29/2024 | Received email from Angel requesting that we update the cost sheets, sent email to accouting department. Saved email into client file. | 0.20 | $175.00 | $35.00 | $118.00 | $23.60 | $11.40 |
| Briseria Gomez | 19 262-29 | 10/30/2024 | Received email from Priority Funding requesting status on the case, sent email open and pending, saved email into client file. | 0.10 | $175.00 | $17.50 | $118.00 | $11.80 | $5.70 |
| Briseria Gomez | 19 262-29 | 10/30/2024 | Received email communications from Trial team re post trial motions, updated clio calendars and saved | 0.10 | $175.00 | $17.50 | $118.00 | $11.80 | $5.70 |
| Briseria Gomez | 19 262-29 | 10/30/2024 | JUDGMENT available for download and saved into client file. | 0.10 | $175.00 | $17.50 | $118.00 | $11.80 | $5.70 |
| Briseria Gomez | 19 262-29 | 10/30/2024 | Received from RECIEPTS FROM TRIAL, Receipt Dates from 10/20/2024 to | 0.20 | $175.00 | $35.00 | $118.00 | $23.60 | $11.40 |
| Briseria Gomez | 19 262-29 | 11/3/2024 | Received email from Dr. Braaten reuqesting payment, Angel responded with approval. Sent request to accouting department to issued payment | 0.20 | $175.00 | $35.00 | $118.00 | $23.60 | $11.40 |
| Briseria Gomez | 19 262-29 | 11/4/2024 | Accounting Department reviewed case costs, updated the cost sheets and send out email to the team with updated accouting totals. | 8.00 | $175.00 | $1,400.00 | $118.00 | $944.00 | $456.00 |
| Briseria Gomez | 19 262-29 | 11/5/2024 | Received drafted Stipulation, saved into client file. | 0.10 | $175.00 | $17.50 | $118.00 | $11.80 | $5.70 |
| Briseria Gomez | 19 262-29 | 11/6/2024 | STIPULATION AND PROPOSED ORDER  saved into | 0.10 | $175.00 | $17.50 | $118.00 | $11.80 | $5.70 |
| Ely Arraiga | Ex 18 | 4/17/2019 | Received from ON-CALL LEGAL, Invoice 113378, submitted payment request form to accounting department. Payment issued by accounting | 0.20 | $200.00 | $40.00 | $118.00 | $23.60 | $16.40 |
| Ely Arraiga | Ex 18 | 5/7/2019 | Received from ON-CALL LEGAL, Invoice 117240, submitted payment request form to accounting department. Payment issued by accounting | 0.20 | $200.00 | $40.00 | $118.00 | $23.60 | $16.40 |
| Ely Arraiga | Ex 18 | 5/7/2019 | Received from ON-CALL LEGAL, Invoice 117282, submitted payment request form to accounting department. Payment issued by accounting | 0.20 | $200.00 | $40.00 | $118.00 | $23.60 | $16.40 |
| Ely Arraiga | Ex 18 | 5/15/2019 | Received from ORTHO MED CENTER, Invoice Date 5/15/2019, submitted payment request form to accounting department. Payment issued by accounting department, mailed out payment. | 0.20 | $200.00 | $40.00 | $118.00 | $23.60 | $16.40 |
| Ely Arraiga | Ex 18 | 5/15/2019 | Received POS for Summons of CHP Updated Clio calendar and saved document into client file. | 0.10 | $200.00 | $20.00 | $118.00 | $11.80 | $8.20 |
| Ely Arraiga | Ex 18 | 5/21/2019 | Received POS for Summons of CA Updated Clio calendar and saved document into client file. | 0.10 | $200.00 | $20.00 | $118.00 | $11.80 | $8.20 |

| Biller | Exhibit | Date | Description | Computed Hours | Requested Rate | Computed Fees | Adjusted Rate | Adjusted Fees | Fee Difference |
|---|---|---|---|---|---|---|---|---|---|
| Ely Arraiga | Ex 18 | 5/29/2019 | Received Signed Stipulation-transer case to Stanislause Count. Saved into client file. | 0.10 | $200.00 | $20.00 | $118.00 | $11.80 | $8.20 |
| Ely Arraiga | Ex 18 | 7/9/2019 | Received from Stanislause Court Notice of Fees due for transfer. Saved into client file. | 0.10 | $200.00 | $20.00 | $118.00 | $11.80 | $8.20 |
| Ely Arraiga | Ex 18 | 7/23/2019 | Received Notice of Change in Desingation of Counsel, saved into client file. | 0.10 | $200.00 | $20.00 | $118.00 | $11.80 | $8.20 |
| Ely Arraiga | Ex 18 | 7/31/2019 | Civil deposit made at Stanislaus court for change of venue processing fee. Saved receipt into file and updated the client notes. | 0.10 | $200.00 | $20.00 | $118.00 | $11.80 | $8.20 |
| Ely Arraiga | Ex 18 | 7/31/2019 | Received Notice of out going transfer, updated client notes and saved into client file. | 0.10 | $200.00 | $20.00 | $118.00 | $11.80 | $8.20 |
| Ely Arraiga | Ex 18 | 8/2/2019 | Received from STANISLAUS COUNTY SUPERIOR COURT, Receipt CV-2019-00014384, submitted payment request form to accounting department. Payment issued by accounting department, mailed | 0.20 | $200.00 | $40.00 | $118.00 | $23.60 | $16.40 |
| Ely Arraiga | Ex 18 | 9/10/2019 | Received from ON-CALL LEGAL, Invoice 134078, submitted payment request form to accounting department. Payment issued by accounting | 0.20 | $200.00 | $40.00 | $118.00 | $23.60 | $16.40 |
| Ely Arraiga | Ex 18 | 9/23/2019 | Received from ON-CALL LEGAL, Invoice 136369, submitted payment request form to accounting department. Payment issued by accounting | 0.20 | $200.00 | $40.00 | $118.00 | $23.60 | $16.40 |
| Ely Arraiga | Ex 18 | 10/10/2019 | Received from ON-CALL LEGAL, Invoice 139842, submitted payment request form to accounting department. Payment issued by accounting | 0.30 | $200.00 | $60.00 | $118.00 | $35.40 | $24.60 |
| Ely Arraiga | Ex 18 | 10/10/2019 | Drafted Notice of continuance of Case Management Conference, approved by Kent, Send for efileing, saved into client file and served on all parties listed on the Proof of Service. | 0.30 | $200.00 | $60.00 | $118.00 | $35.40 | $24.60 |
| Ely Arraiga | Ex 18 | 10/11/2019 | Received from ON-CALL LEGAL, Invoice 139478 submitted payment request form to accounting department. Payment issued by accounting | 0.20 | $200.00 | $40.00 | $118.00 | $23.60 | $16.40 |
| Ely Arraiga | Ex 18 | 10/17/2019 | Received from ON-CALL LEGAL, Invoice 139190, submitted payment request form to accounting department. Payment issued by accounting | 0.20 | $200.00 | $40.00 | $118.00 | $23.60 | $16.40 |
| Ely Arraiga | Ex 18 | 10/28/2019 | Drafted Notice of Posting Jury fees, approved by Kent, Send for efileing, saved into client file and served on all parties listed on the Proof of Service. | 0.30 | $200.00 | $60.00 | $118.00 | $35.40 | $24.60 |
| Ely Arraiga | Ex 18 | 11/1/2019 | Received from ON-CALL LEGAL, Invoice 141228 submitted payment request form to accounting department. Payment issued by accounting | 0.20 | $200.00 | $40.00 | $118.00 | $23.60 | $16.40 |

| Biller | Exhibit | Date | Description | Computed Hours | Requested Rate | Computed Fees | Adjusted Rate | Adjusted Fees | Fee Difference |
|---|---|---|---|---|---|---|---|---|---|
| Ely Arraiga | Ex 18 | 11/4/2019 | Received from ON-CALL LEGAL, Invoice 142378, submitted payment request form to accounting department. Payment issued by accounting | 0.20 | $200.00 | $40.00 | $118.00 | $23.60 | $16.40 |
| Ely Arraiga | Ex 18 | 11/8/2019 | Received POS for Summons of Officer Yepez. Updated Clio calendar and saved document into | 0.00 | $200.00 | $- | $118.00 | $- | $- |
| Ely Arraiga | Ex 18 | 11/8/2019 | Received from ON-CALL LEGAL, Invoice 142750, submitted payment request form to accounting department. Payment issued by accounting | 0.20 | $200.00 | $40.00 | $118.00 | $23.60 | $16.40 |
| Ely Arraiga | Ex 18 | 11/19/2019 | Received Defendants Notice to Suprior Court and Adverse Party of Removal to Federal Court. Saved document into client file. | 0.10 | $200.00 | $20.00 | $118.00 | $11.80 | $8.20 |
| Ely Arraiga | Ex 18 | 11/19/2019 | ECF No. 1 - NOTICE of REMOVAL from Stanislaus Superior Court-saved into client file. | 0.10 | $200.00 | $20.00 | $118.00 | $11.80 | $8.20 |
| Ely Arraiga | Ex 18 | 11/20/2019 | ECF No. 2- PRISONER NEW CASE DOCUMENTS and ORDER RE CONSENT ISSUED- saved into client file. | 0.10 | $200.00 | $20.00 | $118.00 | $11.80 | $8.20 |
| Ely Arraiga | Ex 18 | 11/20/2019 | ECF No. 4 - CIVIL NEW CASE DOCUMENTS ISSUED- saved into client file. | 0.10 | $200.00 | $20.00 | $118.00 | $11.80 | $8.20 |
| Ely Arraiga | Ex 18 | 12/11/2019 | ECF No. 5- SECOND AMENDED COMPLAINT against All Defendants by Francisco Hurtado- efiled into PACER, downloaded stamped version and saved into | 0.30 | $200.00 | $60.00 | $118.00 | $35.40 | $24.60 |
| Ely Arraiga | Ex 18 | 12/11/2019 | ECF No. 6- SECOND AMENDED COMPLAINT against All Defendants by Francisco Hurtado- efiled into PACER, downloaded stamped version and saved into | 0.30 | $200.00 | $60.00 | $118.00 | $35.40 | $24.60 |
| Ely Arraiga | Ex 18 | 12/12/2019 | ECF No. 7- STIPULATION and PROPOSED ORDER to File Second Amended Complaint by Francisco Hurtado- efiled into PACER, downloaded stamped version and saved into client file. | 0.30 | $200.00 | $60.00 | $118.00 | $35.40 | $24.60 |
| Ely Arraiga | Ex 18 | 12/12/2019 | ECF No. 8- ORDER,  saved into client file. | 0.10 | $200.00 | $20.00 | $118.00 | $11.80 | $8.20 |
| Ely Arraiga | Ex 18 | 12/12/2019 | ECF No. 9- SECOND AMENDED COMPLAINT against All Defendants by Francisco Hurtado- efiled into PACER, downloaded stamped version and saved into | 0.30 | $200.00 | $60.00 | $118.00 | $35.40 | $24.60 |
| Ely Arraiga | Ex 18 | 12/13/2019 | Received from ON-SCENE CONSULTING GROUP, LLC., Invoice 00079717, submitted payment request form to accounting department. Payment issued by accounting department, mailed out payment. | 0.20 | $200.00 | $40.00 | $118.00 | $23.60 | $16.40 |
| Ely Arraiga | Ex 18 | 12/31/2019 | ECF No. 10-CONSENT/DECLINE,  saved into client file. | 0.10 | $200.00 | $20.00 | $118.00 | $11.80 | $8.20 |
| Ely Arraiga | Ex 18 | 12/31/2019 | ECF No. 11- CONSENT/DECLINE,  saved into client file. | 0.10 | $200.00 | $20.00 | $118.00 | $11.80 | $8.20 |
| Ely Arraiga | Ex 18 | 1/3/2020 | ECF No. 12-ANSWER with Jury Demand by State of California, CHP, YEPEZ, saved into client file. | 0.10 | $200.00 | $20.00 | $118.00 | $11.80 | $8.20 |
| Ely Arraiga | Ex 18 | 9/21/2020 | Recieved invoice 9/21/2020 from COGNET REHAB. Sent email to Priority funding for payment, updated the cost sheet and saved invoice into client file. | 0.30 | $200.00 | $60.00 | $118.00 | $35.40 | $24.60 |

| Biller | Exhibit | Date | Description | Computed Hours | Requested Rate | Computed Fees | Adjusted Rate | Adjusted Fees | Fee Difference |
|---|---|---|---|---|---|---|---|---|---|
| Ely Arraiga | Ex 18 | 9/22/2020 | ECF No. 13-STIPULATION and PROPOSED ORDER for Protective Order by State of California, California Highway Patro,  saved into client file. | 0.10 | $200.00 | $20.00 | $118.00 | $11.80 | $8.20 |
| Ely Arraiga | Ex 18 | 9/24/2020 | ECF No. 14- PROTECTIVE ORDER signed by Magistrate Judge Allison Claire on 9/23/20,  saved into client file. | 0.10 | $200.00 | $20.00 | $118.00 | $11.80 | $8.20 |
| Ely Arraiga | Ex 18 | 12/7/2020 | Checked Clio Calendar for avaialable dates, drafted notice of deposition for Kent's review. Received signed Notice of Deposition. Sent out Deposition Notice of Michael Randazzo to all  parties listed on the POS. Calendared date into Clio and saved Notice | 0.60 | $200.00 | $120.00 | $118.00 | $70.80 | $49.20 |
| Ely Arraiga | Ex 18 | 12/7/2020 | Checked Clio Calendar for avaialable dates, drafted notice of deposition for Kent's review. Received signed Notice of Deposition. Sent out Deposition Notice of Edgardo Yepez to all parties listed on the POS. Calendared date into Clio and saved Notice into | 0.60 | $200.00 | $120.00 | $118.00 | $70.80 | $49.20 |
| Ely Arraiga | Ex 18 | 12/22/2020 | Recieved invoice 12/22/2020 from COGNET REHAB. Sent email to Priority funding for payment, updated the cost sheet and saved invoice into client file. | 0.30 | $200.00 | $60.00 | $118.00 | $35.40 | $24.60 |
| Ely Arraiga | Ex 18 | 12/17/2020 | Checked Clio Calendar for avaialable dates, drafted notice of deposition for Kent's review. Received signed Notice of Deposition. Sent out Amended Deposition Notice of Edgardo Yepez to all parties listed on the POS. Calendared date into Clio and | 0.60 | $200.00 | $120.00 | $118.00 | $70.80 | $49.20 |
| Ely Arraiga | Ex 18 | 12/17/2020 | Checked Clio Calendar for avaialable dates, drafted notice of deposition for Kent's review. Received signed Notice of Deposition. Sent out Amended Deposition Notice of Michael Randazzo to all parties listed on the POS. Calendared date into Clio and | 0.60 | $200.00 | $120.00 | $118.00 | $70.80 | $49.20 |
| Ely Arraiga | Ex 18 | 12/23/2020 | Received from ON-CALL LEGAL, Invoice 190572, submitted payment request form to accounting department. Payment issued by accounting | 0.20 | $200.00 | $40.00 | $118.00 | $23.60 | $16.40 |
| Ely Arraiga | Ex 18 | 12/29/2020 | Received from TITAN LEGAL SERVICES, INC., Invoice SU345-06-01-01, submitted payment request form to accounting department. Payment issued by accounting department, mailed out payment. | 0.20 | $200.00 | $40.00 | $118.00 | $23.60 | $16.40 |
| Ely Arraiga | Ex 18 | 1/21/2021 | Received from TITAN LEGAL SERVICES, INC., Invoice SU345-06-01-02, submitted payment request form to accounting department. Payment issued by accounting department, mailed out payment. 0.2 | 0.20 | $200.00 | $40.00 | $118.00 | $23.60 | $16.40 |
| Ely Arraiga | Ex 18 | 1/28/2021 | ECF No. 15-STIPULATION and PROPOSED ORDER Regarding Scheduling Order Thereon by Francisco Hurtado,  saved into client file. | 0.30 | $200.00 | $60.00 | $118.00 | $35.40 | $24.60 |

| Biller | Exhibit | Date | Description | Computed Hours | Requested Rate | Computed Total | Adjusted Rate | Adjusted Fees | Fee Difference |
|---|---|---|---|---|---|---|---|---|---|
| Ely Arraiga | Ex 18 | 1/29/2024 | ECF No. 16 -STIPULATION and ORDER signed by District Judge Troy L. Nunley on 1/28/2021SETTING the following schedule: Initial Rule 26 Disclosure due by 2/8/2021. Non-Expert Discovery cut-off is 8/13/2021. Initial Rule 26 Expert Disclosure due by 8/20/2021. Motions filed by 9/3/2021. Rule 26 Rebuttal Expert Disclosure due by 9/10/2021., saved | 0.10 | $200.00 | $20.00 | $118.00 | $11.80 | $8.20 |
| Ely Arraiga | Ex 18 | 2/9/2021 | Received from MEDICOPY, Invoice 146977 submitted payment request form to accounting department. Payment issued by accounting department, mailed | 0.20 | $200.00 | $40.00 | $118.00 | $23.60 | $16.40 |
| Ely Arraiga | Ex 18 | 2/24/2021 | Receieved from Defense counsel Amended Notice of Deposition for Francisco Hurtado. Calendared date into Clio and saved Notice into client file. | 0.50 | $200.00 | $100.00 | $118.00 | $59.00 | $41.00 |
| Ely Arraiga | Ex 18 | 2/25/2021 | Checked Clio Calendar for avaialable dates, drafted notice of deposition for Kent's review. Received signed Notice of Deposition. Sent out 2nd Amended Deposition Notice of Michael Randazzo to all parties listed on the POS. Calendared date into Clio and | 0.60 | $200.00 | $120.00 | $118.00 | $70.80 | $49.20 |
| Ely Arraiga | Ex 18 | 2/25/2021 | Checked Clio Calendar for avaialable dates, drafted notice of deposition for Kent's review. Received signed Notice of Deposition. Sent out 2nd Amended Deposition Notice of Edgardo Yepez to all parties listed on the POS. Calendared date into Clio and | 0.60 | $200.00 | $120.00 | $118.00 | $70.80 | $49.20 |
| Ely Arraiga | Ex 18 | 3/3/2021 | Received from ON-CALL LEGAL, Invoice 200076, submitted payment request form to accounting department. Payment issued by accounting | 0.20 | $200.00 | $40.00 | $118.00 | $23.60 | $16.40 |
| Ely Arraiga | Ex 18 | 3/4/2021 | Received deposition transcript from court reporter, downloaded transcript and exhibits into the client file | 0.30 | $200.00 | $60.00 | $118.00 | $35.40 | $24.60 |
| Ely Arraiga | Ex 18 | 3/5/2021 | Received from HOTELS.COM, Confirmation 9199909519330, submitted payment request form to accounting department. Payment issued by accounting department, mailed out payment. | 0.20 | $200.00 | $40.00 | $118.00 | $23.60 | $16.40 |
| Ely Arraiga | Ex 18 | 3/7/2021 | Received from STAPLES, Receipt 1990318 2 002 48139, submitted payment request form to accounting department. Payment issued by accounting department, mailed out payment. | 0.20 | $200.00 | $40.00 | $118.00 | $23.60 | $16.40 |
| Ely Arraiga | Ex 18 | 3/8/2021 | Received from DAILY PARKING FAIRFIELD, Folio 59504, submitted payment request form to accounting department. Payment issued by accounting department, mailed out payment. | 0.20 | $200.00 | $40.00 | $118.00 | $23.60 | $16.40 |

| Biller | Exhibit | Date | Description | Computed Hours | Requested Rate | Computed Fees | Adjusted Rate | Adjusted Fees | Fee Difference |
|--------|---------|------|-------------|---------------|----------------|---------------|---------------|---------------|----------------|
| Ely Arraiga | Ex 18 | 3/9/2021 | Received from BIG O TIRES, Invoice 00079717, submitted payment request form to accounting department. Payment issued by accounting | 0.20 | $200.00 | $40.00 | $118.00 | $23.60 | $16.40 |
| Ely Arraiga | Ex 18 | 3/10/2021 | Received from ON-CALL LEGAL, Invoice 199529, submitted payment request form to accounting department. Payment issued by accounting | 0.20 | $200.00 | $40.00 | $118.00 | $23.60 | $16.40 |
| Ely Arraiga | Ex 18 | 3/18/2021 | Received from STANISLAUS SUPERIOR COURT, Confirmation 018922, submitted payment request form to accounting department. Payment issued by accounting department, mailed out payment. | 0.20 | $200.00 | $40.00 | $118.00 | $23.60 | $16.40 |
| Ely Arraiga | Ex 18 | 4/22/2021 | Received from ACE IMAGING TECHNOLOGIES, INC Invoice OPP3044-01,submitted payment request form to accounting department. Payment issued by accounting department, mailed out payment. | 0.20 | $200.00 | $40.00 | $118.00 | $23.60 | $16.40 |
| Ely Arraiga | Ex 18 | 4/22/2021 | Received from ACE IMAGING TECHNOLOGIES, INC Invoice OPP3043-02,submitted payment request form to accounting department. Payment issued by accounting department, mailed out payment. | 0.20 | $200.00 | $40.00 | $118.00 | $23.60 | $16.40 |
| Ely Arraiga | Ex 18 | 4/22/2021 | Received from ACE IMAGING TECHNOLOGIES, INC Invoice OPP3043-03, submitted payment request form to accounting department. Payment issued by accounting department, mailed out payment. | 0.20 | $200.00 | $40.00 | $118.00 | $23.60 | $16.40 |
| Ely Arraiga | Ex 18 | 4/22/2021 | Received from ACE IMAGING TECHNOLOGIES, INC Invoice OPP3043-04, submitted payment request form to accounting department. Payment issued by accounting department, mailed out payment. | 0.20 | $200.00 | $40.00 | $118.00 | $23.60 | $16.40 |
| Ely Arraiga | Ex 18 | 4/22/2021 | Received from ACE IMAGING TECHNOLOGIES, INC Invoice OPP3043-05, submitted payment request form to accounting department. Payment issued by accounting department, mailed out payment. | 0.20 | $200.00 | $40.00 | $118.00 | $23.60 | $16.40 |
| Ely Arraiga | Ex 18 | 4/22/2021 | Received from ACE IMAGING TECHNOLOGIES, INC Invoice OPP3043-06,submitted payment request form to accounting department. Payment issued by accounting department, mailed out payment. | 0.20 | $200.00 | $40.00 | $118.00 | $23.60 | $16.40 |
| Ely Arraiga | Ex 18 | 4/22/2021 | Received from ACE IMAGING TECHNOLOGIES, INC Invoice OPP3043-07, submitted payment request form to accounting department. Payment issued by accounting department, mailed out payment. | 0.20 | $200.00 | $40.00 | $118.00 | $23.60 | $16.40 |
| Ely Arraiga | Ex 18 | 4/22/2021 | Received from ACE IMAGING TECHNOLOGIES, INC Invoice OPP3043-08, submitted payment request form to accounting department. Payment issued by accounting department, mailed out payment. | 0.20 | $200.00 | $40.00 | $118.00 | $23.60 | $16.40 |

| Biller | Exhibit | Date | Description | Computed Hours | Requested Rate | Computed Fees | Adjusted Rate | Adjusted Fees | Fee Difference |
|---|---|---|---|---|---|---|---|---|---|
| Ely Arraiga | Ex 18 | 4/22/2021 | Received from ACE IMAGING TECHNOLOGIES, INC Invoice OPP3043-01,submitted payment request form to accounting department. Payment issued by accounting department, mailed out payment. | 0.20 | $200.00 | $40.00 | $118.00 | $23.60 | $16.40 |
| Ely Arraiga | Ex 18 | 4/22/2021 | Received from ACE IMAGING TECHNOLOGIES, INC Invoice OPP3044-02, submitted payment request form to accounting department. Payment issued by accounting department, mailed out payment. | 0.20 | $200.00 | $40.00 | $118.00 | $23.60 | $16.40 |
| Ely Arraiga | Ex 18 | 4/22/2021 | Received from CHILD SUPPORT LIEN, Court Order 20FL-02067, submitted payment request form to accounting department. Saved into client file. | 0.20 | $200.00 | $40.00 | $118.00 | $23.60 | $16.40 |
| Ely Arraiga | Ex 18 | 4/28/2021 | Recieved retainer from MARY MEINHARD & ASSOCIATES. Sent email to Priority funding for payment, updated the cost sheet and saved invoice | 0.30 | $200.00 | $60.00 | $118.00 | $35.40 | $24.60 |
| Ely Arraiga | Ex 18 | 4/29/2021 | Receleved from Defense counsel Notice of Deposition for Enrique Leon. Calendared date into Clio and saved Notice into client file. | 0.50 | $200.00 | $100.00 | $118.00 | $59.00 | $41.00 |
| Ely Arraiga | Ex 18 | 4/29/2021 | Recieieved from Defense counsel Notice of Deposition for Veronica Limon. Calendared date into Clio and saved Notice into client file. | 0.50 | $200.00 | $100.00 | $118.00 | $59.00 | $41.00 |
| Ely Arraiga | Ex 18 | 5/6/2021 | Received from ACE IMAGING TECHNOLOGIES, INC Invoice OPP3074-01, submitted payment request form to accounting department. Payment issued by accounting department, mailed out payment. | 0.20 | $200.00 | $40.00 | $118.00 | $23.60 | $16.40 |
| Ely Arraiga | Ex 18 | 5/6/2021 | Received from HOTELS.COM, Confirmation 9191620069771, submitted payment request form to accounting department. Payment issued by accounting department, mailed out payment. | 0.20 | $200.00 | $40.00 | $118.00 | $23.60 | $16.40 |
| Ely Arraiga | Ex 18 | 5/6/2021 | Received from ACE IMAGING TECHNOLOGIES, INC Invoice OPP3075-01, submitted payment request form to accounting department. Payment issued by accounting department, mailed out payment. | 0.20 | $200.00 | $40.00 | $118.00 | $23.60 | $16.40 |
| Ely Arraiga | Ex 18 | 3/20/2021 | Received from DAILY PARKING FAIRFIELD, Folio 63695submitted payment request form to accounting department. Payment issued by accounting department, mailed out payment. | 0.20 | $200.00 | $40.00 | $118.00 | $23.60 | $16.40 |
| Ely Arraiga | Ex 18 | 5/21/2021 | Recieved Invoice 5/21/2021from DR. JOSHUA PRAGER. Sent email to Priority funding for payment, updated the cost sheet and saved invoice into client | 0.30 | $200.00 | $60.00 | $118.00 | $35.40 | $24.60 |
| Ely Arraiga | Ex 18 | 5/25/2021 | Recieved Invoice 5/25/2021from DR. JOSHUA PRAGER. Sent email to Priority funding for payment, updated the cost sheet and saved invoice into client | 0.30 | $200.00 | $60.00 | $118.00 | $35.40 | $24.60 |

| Biller | Exhibit | Date | Description | Computed Hours | Requested Rate | Computed Fees | Adjusted Rate | Adjusted Fees | Fee Difference |
|---|---|---|---|---|---|---|---|---|---|
| Ely Arriaga | Ex 18 | 5/25/2021 | Received deposition transcript from court reporter, downloaded transcript and exhibits into the client | 0.30 | $200.00 | $60.00 | $118.00 | $35.40 | $24.60 |
| Ely Arriaga | Ex 18 | 5/27/2021 | Received from VIP KETAMINE, Transcription ID 63059411705, submitted payment request form to accounting department.  Payment issued by accounting department, mailed out payment. | 0.20 | $200.00 | $40.00 | $118.00 | $23.60 | $16.40 |
| Ely Arriaga | Ex 18 | 6/1/2021 | Received from VIP KETAMINE, Transcription ID 42713684830, submitted payment request form to accounting department.  Payment issued by accounting department, mailed out payment. | 0.20 | $200.00 | $40.00 | $118.00 | $23.60 | $16.40 |
| Ely Arriaga | Ex 18 | 6/4/2021 | Received deposition transcript from court reporter, downloaded transcript and exhibits into the client file | 0.30 | $200.00 | $60.00 | $118.00 | $35.40 | $24.60 |
| Ely Arriaga | Ex 18 | 6/8/2021 | Received from VIP KETAMINE, Transcription ID 4272626303, submitted payment request form to accounting department.  Payment issued by accounting department, mailed out payment. | 0.20 | $200.00 | $40.00 | $118.00 | $23.60 | $16.40 |
| Ely Arriaga | Ex 18 | 6/8/2021 | Received from HOTELS.COM, Invoice 91926514227668, submitted payment request form to accounting department. Payment issued by accounting department, mailed out payment. | 0.20 | $200.00 | $40.00 | $118.00 | $23.60 | $16.40 |
| Ely Arriaga | Ex 18 | 6/8/2021 | Received from VIP KETAMINE, Transcription ID 42728430626, submitted payment request form to accounting department.  Payment issued byaccounting department, mailed out payment. | 0.20 | $200.00 | $40.00 | $118.00 | $23.60 | $16.40 |
| Ely Arriaga | Ex 18 | 6/11/2021 | Received from AMAZON, Order 114-6392788-7879464, submitted payment request form to accounting department. Payment issued by accounting department, mailed out payment. | 0.20 | $200.00 | $40.00 | $118.00 | $23.60 | $16.40 |
| Ely Arriaga | Ex 18 | 6/16/2021 | Recleved Invoice 6162FH from DR. PRAGER/ CALIFORNIA PAIN MEDICINE CENTER. Sent email to Priority funding for payment, updated the cost sheet and saved invoice into client file. | 0.30 | $200.00 | $60.00 | $118.00 | $35.40 | $24.60 |
| Ely Arriaga | Ex 18 | 6/16/2021 | Received from VIP KETAMINE, Transcription 42746303814, submitted payment request form to accounting department.  Payment issued by accounting department, mailed out payment. | 0.20 | $200.00 | $40.00 | $118.00 | $23.60 | $16.40 |
| Ely Arriaga | Ex 18 | 6/17/2021 | Received from VIP KETAMINE,  Invoice Date 6/17/2021, submitted payment request form to accounting department.  Payment issued by accounting department, mailed out payment. | 0.20 | $200.00 | $40.00 | $118.00 | $23.60 | $16.40 |

| Biller | Exhibit | Date | Description | Computed Hours | Requested Rate | Computed Total | Adjusted Rate | Adjusted Fees | Fee Difference |
|--------|---------|------|-------------|----------------|----------------|----------------|---------------|---------------|----------------|
| Ely Arraiga | Ex 18 | 6/18/2021 | Received from VIP KETAMINE, Transcription 42750809774, submitted payment request form to accounting department. Payment issued by accounting department, mailed out payment. | 0.20 | $200.00 | $40.00 | $118.00 | $23.60 | $16.40 |
| Ely Arraiga | Ex 18 | 6/22/2021 | Recieved Consultation Fee from MARILYN S. JACOBS. Sent email to Priority funding for payment, updated the cost sheet and saved invoice into client file. | 0.30 | $200.00 | $60.00 | $118.00 | $35.40 | $24.60 |
| Ely Arraiga | Ex 18 | 6/17/2021 | Received from LOAN TO CLIENT, Invoice Date 6/17/2021, submitted payment request form to accounting department. Payment issued by accounting department, mailed out payment. | 0.20 | $200.00 | $40.00 | $118.00 | $23.60 | $16.40 |
| Ely Arraiga | Ex 18 | 6/24/2021 | ECF No. 17 -STIPULATION and PROPOSED ORDER for Dismissing Certain Claims for Relief with Prejudice of Francisco Hurtado by State of California, California Highway Patrol, Edgardo Yepez,  saved into client file. | 0.10 | $200.00 | $20.00 | $118.00 | $11.80 | $8.20 |
| Ely Arraiga | Ex 18 | 6/25/2021 | ECF No. 18 -ORDER signed by District Judge Troy L. Nunley on 6/24/2021 DISMISSED with prejudice that portion of Plaintiff's claim in the First Claim for Relief (violation of 42 U.S.C. Section 1983) that relates to "denial of medical care", paragraph 32 at page 10, lines 6-10 only, that portion of the Fourth Claim for Relief for Negligence that relates to "denial of medical care", paragraph 50 sub-paragraph (e) at page 15, lines 9-10 only, and the entirety of Plaintiff's Fifth Claim for Relief for violation of CA Civil Code | 0.10 | $200.00 | $20.00 | $118.00 | $11.80 | $8.20 |
| Ely Arraiga | Ex 18 | 7/1/2021 | Received from 4 CORNERS DEPOSITION SUMMARIES, INC Invoice 153040,submitted payment request form to accounting department. Payment issued by accounting department, mailed out payment. | 0.20 | $200.00 | $40.00 | $118.00 | $23.60 | $16.40 |
| Ely Arraiga | Ex 18 | 7/8/2021 | Received from VIP KETAMINE, Transcription 42790990222, submitted payment request form to accounting department.  Payment issued by accounting department, mailed out payment. | 0.20 | $200.00 | $40.00 | $118.00 | $23.60 | $16.40 |
| Ely Arraiga | Ex 18 | 7/12/2021 | Received from AIRBNB, Reservation Code HM8SC59D9M, submitted payment request form to accounting department. Payment issued by accounting department, mailed out payment. | 0.20 | $200.00 | $40.00 | $118.00 | $23.60 | $16.40 |
| Ely Arraiga | Ex 18 | 7/15/2021 | Received deposition transcript from court reporter, downloaded transcript and exhibits into the client file | 0.30 | $200.00 | $60.00 | $118.00 | $35.40 | $24.60 |

| Biller | Exhibit | Date | Description | Computed Hours | Requested Rate | Computed Fees | Adjusted Rate | Adjusted Fees | Fee Difference |
|--------|---------|------|-------------|------|------|------|------|------|------|
| Ely Arraiga | Ex 18 | 7/28/2021 | ECF No. 19- STIPULATION and ORDER signed by District Judge Troy L. Nunley on 7/29/2021 SETTING the following schedule: Non-Expert Discovery cut-off set to 10/7/2021; Initial Rule 26 Expert Disclosure set to 10/15/2021; Last Day to file Motions set to 10/29/2021; and Rule 26 Rebuttal Expert Disclosure | 0.10 | $200.00 | $20.00 | $118.00 | $11.80 | $8.20 |
| Ely Arraiga | Ex 18 | 7/29/201 | ECF No. 20 -STIPULATION and PROPOSED ORDER for Modification of 16Scheduling Order by California Highway Patrol, Edgardo Yepez, saved into client file. | 0.10 | $200.00 | $20.00 | $118.00 | $11.80 | $8.20 |
| Ely Arraiga | Ex 18 | 8/24/2021 | Received from ACE IMAGING TECHNOLOGIES, INC Invoice OPP3363-01,submitted payment request form to accounting department. Payment issued by accounting department, mailed out payment. | 0.20 | $200.00 | $40.00 | $118.00 | $23.60 | $16.40 |
| Ely Arraiga | Ex 18 | 8/25/2021 | Recieved invoice 4713 from PETER N. SFAKIANOS, M.D.. Sent email to Priority funding for payment, updated the cost sheet and saved invoice into client | 0.30 | $200.00 | $60.00 | $118.00 | $35.40 | $24.60 |
| Ely Arraiga | Ex 18 | 8/31/2021 | Received deposition transcript from court reporter, downloaded transcript and exhibits into the client file | 0.30 | $200.00 | $60.00 | $118.00 | $35.40 | $24.60 |
| Ely Arraiga | Ex 18 | 9/9/2021 | ECF No. 21-STIPULATION and PROPOSED ORDER for Modification of Scheduling Order by State of California, California Highway Patrol, Edgardo Yepez. (Whitmore, LeeAnn) Modified on 9/9/2021, saved | 0.10 | $200.00 | $20.00 | $118.00 | $11.80 | $8.20 |
| Ely Arraiga | Ex 18 | 9/10/2021 | ECF No. 22 -STIPULATION and ORDER signed by District Judge Troy L. Nunley on 9/9/2021MODIFYING the scheduling order as follows: Designation of Expert Witnesses due by 11/18/2021; Discovery due by 10/28/2021; Dispositive Motions filed by | 0.10 | $200.00 | $20.00 | $118.00 | $11.80 | $8.20 |
| Ely Arraiga | Ex 18 | 9/21/2021 | Recieved Invoice MLS 2651from MED LEGAL SOURCE INC. Sent email to Priority funding for payment, updated the cost sheet and saved invoice into client | 0.30 | $200.00 | $60.00 | $118.00 | $35.40 | $24.60 |
| Ely Arraiga | Ex 18 | 10/4/2021 | Received from VILLAREAL & BARRAZA LEGAL NURSE C INC., Invoice Date 10/2/2021, submitted payment request form to accounting department. Payment issued by accounting department, mailed out | 0.20 | $200.00 | $40.00 | $118.00 | $23.60 | $16.40 |
| Ely Arraiga | Ex 18 | 10/6/2021 | Recieved invoice Date 10/06/2021 from Accident Reconstruction and Biommechanics. Sent email to Priority funding for payment, updated the cost sheet and saved invoice into client file. | 0.30 | $200.00 | $60.00 | $118.00 | $35.40 | $24.60 |

| Biller | Exhibit | Date | Description | Computed Hours | Requested Rate | Computed Fees | Adjusted Rate | Adjusted Fees | Fee Difference |
|---|---|---|---|---|---|---|---|---|---|
| Ely Arraiga | Ex 18 | 10/29/2021 | ECF No. 23 -MOTION FOR SUMMARY JUDGMENT by State of California, California Highway Patrol, Edgardo Yepez. Motion Hearing set for 12/16/2021 at 02:00 PM in Courtroom 2 (TLN) before District Judge Troy L. Nunley. (Attachments:# 1 Points and Authorities,# 2 Separate Statement of Undisputed Facts,# 3 Declaration of Michael Randazzo,# 4 Declaration of Edgardo Yepez,# 5 Declaration of LeeAnn Whitmore) Modified on 9/9/2021, saved into client file. | 0.10 | $200.00 | $20.00 | $118.00 | $11.80 | $8.20 |
| Ely Arraiga | Ex 18 | 11/1/2021 | Received Invoice 102120-448 from ARBIO. Sent email to Priority funding for payment, updated the cost sheet and saved invoice into client file. | 0.30 | $200.00 | $60.00 | $118.00 | $35.40 | $24.60 |
| Ely Arraiga | Ex 18 | 11/2/2021 | Received from ACE IMAGING TECHNOLOGIES, INC Invoice OPP3564-01,submitted payment request form to accounting department. Payment issued by accounting department, mailed out payment. | 0.20 | $200.00 | $40.00 | $118.00 | $23.60 | $16.40 |
| Ely Arraiga | Ex 18 | 11/4/2021 | Received from FEDEX, Invoice 4297WHD1605, submitted payment request form to accounting department. Payment issued by accounting | 0.20 | $200.00 | $40.00 | $118.00 | $23.60 | $16.40 |
| Ely Arraiga | Ex 18 | 11/5/2021 | Recieved Invoice 6802 from RINCON. Sent email to Priority funding for payment, updated the cost sheet and saved invoice into client file. | 0.30 | $200.00 | $60.00 | $118.00 | $35.40 | $24.60 |
| Ely Arraiga | Ex 18 | 11/9/2021 | Received from EXPEDIA, Itinerary 72195096811694, submitted payment request form to accounting department. Payment issued by accounting department, mailed out payment. | 0.20 | $200.00 | $40.00 | $118.00 | $23.60 | $16.40 |
| Ely Arraiga | Ex 18 | 11/9/2021 | ECF No. 24 -STIPULATION and PROPOSED ORDER to Modify Scheduling Order by Francisco Hurtado. (Carrazco, Angel) Modified on 11/12/2021,  saved | 0.30 | $200.00 | $60.00 | $118.00 | $35.40 | $24.60 |
| Ely Arraiga | Ex 18 | 11/10/2021 | ECF No. 25 -STIPULATION and ORDER signed by District Judge Troy L. Nunley on 11/9/2021MODIFYING The Scheduling order as follows: Expert Disclosure and Exchange of Initial Expert Reports New date 12/3/2021. Rebuttal Expert Disclosure and Exchange of Rebuttal Expert Reports | 0.10 | $200.00 | $20.00 | $118.00 | $11.80 | $8.20 |
| Ely Arraiga | Ex 18 | 11/28/2021 | Recieved invoice Date 11/08/2021 from Mary Meinhard. Sent email to Priority funding for payment, updated the cost sheet and saved invoice | 0.30 | $200.00 | $60.00 | $118.00 | $35.40 | $24.60 |
| Ely Arraiga | Ex 18 | 11/29/2021 | Received Invoice 102120-440 from ARBIO. Sent email to Priority funding for payment, updated the cost sheet and saved invoice into client file. | 0.30 | $200.00 | $60.00 | $118.00 | $35.40 | $24.60 |

| Biller | Exhibit | Date | Description | Computed Hours | Requested Rate | Computed Fees | Adjusted Rate | Adjusted Fees | Fee Difference |
|--------|---------|------|-------------|-----------|----------|----------|---------|---------|-----------|
| Ely Arraiga | Ex 18 | 12/2/2021 | ECF No. 26 -NOTICE of APPEARANCE by Christian Contreras on behalf of Francisco Hurtado. Attorney Contreras, Christian added, saved into client file. | 0.30 | $200.00 | $60.00 | $118.00 | $35.40 | $24.60 |
| Ely Arraiga | Ex 18 | 12/2/2021 | EFG No. 27-OPPOSITION by Francisco Hurtado to 23 Motion for Summary Judgment saved into client file. | 0.30 | $200.00 | $60.00 | $118.00 | $35.40 | $24.60 |
| Ely Arraiga | Ex 18 | 12/7/2021 | Received from ON CALL LEGAL, Invoice 241782X submitted payment request form to accounting department. Payment issued by accounting | 0.20 | $200.00 | $40.00 | $118.00 | $23.60 | $16.40 |
| Ely Arraiga | Ex 18 | 12/9/2021 | EFG. No 29 - REPLY REPLY by California Highway Patrol, State of California, Edgardo Yepez re 23 Motion for Summary Judgment, saved into client file. | 0.10 | $200.00 | $20.00 | $118.00 | $11.80 | $8.20 |
| Ely Arraiga | Ex 18 | 12/9/2021 | EFG No. 30- RESPONSE by California Highway Patrol, State of California, Edgardo Yepez to 27 Opposition to Motion, saved into client file. | 0.10 | $200.00 | $20.00 | $118.00 | $11.80 | $8.20 |
| Ely Arraiga | Ex 18 | 12/10/2021 | Recieved Invoice 38712 from Robert W. Johnson & Associates. Sent email to Priority funding for payment, updated the cost sheet and saved invoice | 0.30 | $200.00 | $60.00 | $118.00 | $35.40 | $24.60 |
| Ely Arraiga | Ex 18 | 12/14/2021 | EFG. No 31-STIPULATION and PROPOSED ORDER for Regarding Modification of the Proposed Scheduling Order by California Highway Patrol, State ofCalifornia, Edgardo Yepez, saved into client file. | 0.10 | $200.00 | $20.00 | $118.00 | $11.80 | $8.20 |
| Ely Arraiga | Ex 18 | 12/15/2021 | Received from ON CALL LEGAL, Invoice 241782, submitted payment request form to accounting department. Payment issued by accounting | 0.20 | $200.00 | $40.00 | $118.00 | $23.60 | $16.40 |
| Ely Arraiga | Ex 18 | 12/16/2021 | Received from ON SCENE CONSULTING, Invoice 2021-01, submitted payment request form to accounting department. Saved into client file. | 0.20 | $200.00 | $40.00 | $118.00 | $23.60 | $16.40 |
| Ely Arraiga | Ex 18 | 12/28/2021 | Received Invoice 00201 from THE OKOROCHA FIRM. Sent email to Priority funding for payment, updated the cost sheet and saved invoice into client file. | 0.30 | $200.00 | $60.00 | $118.00 | $35.40 | $24.60 |
| Ely Arraiga | Ex 18 | 1/24/2022 | EFG. No. 33- STIPULATION and PROPOSED ORDER for  Modification of Proposed Scheduling Order by California Highway Patrol, State of California, Edgardo Yepez, saved into client file. | 0.10 | $200.00 | $20.00 | $118.00 | $11.80 | $8.20 |
| Ely Arraiga | Ex 18 | 2/3/2022 | Recieved Invoice Date 2/03/2022 from On-Scene Consulting. Sent email to Priority funding for payment, updated the cost sheet and saved invoice | 0.30 | $200.00 | $60.00 | $118.00 | $35.40 | $24.60 |
| Ely Arraiga | Ex 18 | 2/28/2022 | Received from ON CALL LEGAL, Invoice 253489, submitted payment request form to accounting department. Payment issued by accounting | 0.20 | $200.00 | $40.00 | $118.00 | $23.60 | $16.40 |

| Biller | Exhibit | Date | Description | Computed Hours | Requested Rate | Computed Fees | Adjusted Rate | Adjusted Fees | Fee Difference |
|---|---|---|---|---|---|---|---|---|---|
| Ely Arraiga | Ex 18 | 2/17/2022 | Recieved Invoice Date 2/17/2022 from Mary Meinhard. Sent email to Priority funding for payment, updated the cost sheet and saved invoice | 0.30 | $200.00 | $60.00 | $118.00 | $35.40 | $24.60 |
| Ely Arraiga | Ex 18 | 3/16/2022 | Received deposition transcript from court reporter, downloaded transcript and exhibits into the client file | 0.30 | $200.00 | $60.00 | $118.00 | $35.40 | $24.60 |
| Ely Arraiga | Ex 18 | 3/21/2022 | Received from ESQUIRE DEPOSITION SOLUTIONS, LLC., Invoice 2050367,submitted payment request form to accounting department. Payment issued by accounting department, mailed out payment. | 0.20 | $200.00 | $40.00 | $118.00 | $23.60 | $16.40 |
| Ely Arraiga | Ex 18 | 4/6/2022 | Received Mr. Mills' Economic Impact Report, saved into client file and distributed to team. | 0.20 | $200.00 | $40.00 | $118.00 | $23.60 | $16.40 |
| Ely Arraiga | Ex 18 | 4/7/2022 | Received deposition transcript from court reporter, downloaded transcript and exhibits into the client file | 0.30 | $200.00 | $60.00 | $118.00 | $35.40 | $24.60 |
| Ely Arraiga | Ex 18 | 4/14/2022 | Received deposition transcript from court reporter, downloaded transcript and * | 0.30 | $200.00 | $60.00 | $118.00 | $35.40 | $24.60 |
| Ely Arraiga | Ex 18 | 4/14/2022 | Recieved Invoice 39140 from Robert W. Johnson & Associates. Sent email to Priority funding for payment, updated the cost sheet and saved invoice | 0.30 | $200.00 | $60.00 | $118.00 | $35.40 | $24.60 |
| Ely Arraiga | Ex 18 | 4/19/2022 | Checked Clio Calendar for avaialable dates, drafted notice of deposition for Kent's review. Received signed Notice of Deposition. Sent out Amended Deposition Notice of Defense Expert Clarence R. Chapman to all parties listed on the POS. Calendared date into Clio and saved Notice into client file. | 0.80 | $200.00 | $160.00 | $118.00 | $94.40 | $65.60 |
| Ely Arraiga | Ex 18 | 4/19/2022 | Checked Clio Calendar for avaialable dates, drafted notice of deposition for Kent's review. Received signed Notice of Deposition. Sent out Amended Deposition Not[ce of Defense Expert Andrew O'Brien to all parties listed on the POS. Calendared date into Clio and saved Notice into client file. | 0.80 | $200.00 | $160.00 | $118.00 | $94.40 | $65.60 |
| Ely Arraiga | Ex 18 | 4/19/2022 | Checked Clio Calendar for avaialable dates, drafted notice of deposition for Kent's review. Received signed Notice of Deposition. Sent out Amended Deposition Notice of Defense Expert Peter Sfakanios to all parties listed on the POS. Calendared date into Clio and saved Notice into client file. | 0.80 | $200.00 | $160.00 | $118.00 | $94.40 | $65.60 |
| Ely Arraiga | Ex 18 | 4/20/2022 | Received from RINCON Invoice 8740, submitted payment request form to accounting department. Saved into client file. | 0.20 | $200.00 | $40.00 | $118.00 | $23.60 | $16.40 |
| Ely Arraiga | Ex 18 | 4/27/2022 | Received from VERITEXT, Invoice 5175898, submitted payment request formto accounting department. Payment issued by accounting department, mailed | 0.20 | $200.00 | $40.00 | $118.00 | $23.60 | $16.40 |

| Biller | Exhibit | Date | Description | Computed Hours | Requested Rate | Computed Total | Adjusted Rate | Adjusted Fees | Fee Difference |
|---|---|---|---|---|---|---|---|---|---|
| Ely Arraiga | Ex 18 | 4/27/2022 | Received from VERITEXT, Invoice 4875685, submitted payment request form to accounting department. Payment issued by accounting department, mailed | 0.20 | $200.00 | $40.00 | $118.00 | $23.60 | $16.40 |
| Ely Arraiga | Ex 18 | 4/27/2022 | Received from VERITEXT, Invoice 4875835, submitted payment request form to accounting department. Payment issued by accounting department, mailed | 0.20 | $200.00 | $40.00 | $118.00 | $23.60 | $16.40 |
| Ely Arraiga | Ex 18 | 4/27/2022 | Received from VERITEXT, Invoice 4892869, submitted payment request formto accounting department. Payment issued by accounting department, mailed | 0.20 | $200.00 | $40.00 | $118.00 | $23.60 | $16.40 |
| Ely Arraiga | Ex 18 | 5/6/2022 | Received from ANDREW M. O'BRIEN, M.S., C.R.C, Invoice 2555, submitted payment request form to accounting department. Payment issued byaccounting department, mailed out payment. | 0.20 | $200.00 | $40.00 | $118.00 | $23.60 | $16.40 |
| Ely Arraiga | Ex 18 | 5/18/2022 | Received from VERITEXT, Invoice 5050255, submitted payment request formto accounting department. Payment issued by accounting department, mailed | 0.20 | $200.00 | $40.00 | $118.00 | $23.60 | $16.40 |
| Ely Arraiga | Ex 18 | 5/18/2022 | Received from VERITEXT, Invoice 5013674 submitted payment request/arm to accounting department. Payment issued by accounting department, mailed | 0.20 | $200.00 | $40.00 | $118.00 | $23.60 | $16.40 |
| Ely Arraiga | Ex 18 | 5/23/2022 | Recieved Invoice 4836 from Peter N. Sfakianos, m. Sent email to Priority funding for payment, updated the cost sheet and saved invoice into client file. | 0.30 | $200.00 | $60.00 | $118.00 | $35.40 | $24.60 |
| Ely Arraiga | Ex 18 | 5/24/2022 | Received Mary Meinhard transcript, distributed to team and saved into client file. | 0.20 | $200.00 | $40.00 | $118.00 | $23.60 | $16.40 |
| Ely Arraiga | Ex 18 | 5/24/2022 | Received deposition transcript from court reporter, downloaded transcript and exhibits into the client | 0.30 | $200.00 | $60.00 | $118.00 | $35.40 | $24.60 |
| Ely Arraiga | Ex 18 | 5/26/2022 | Recieved Invoice 100490 from RINCON. Sent email to Priority funding for payment, updated the cost sheet and saved invoice into client file. | 0.30 | $200.00 | $60.00 | $118.00 | $35.40 | $24.60 |
| Ely Arraiga | Ex 18 | 5/26/2022 | Received from RINCON, Invoice 4541, submitted payment request form to accounting department. Saved into client file. | 0.20 | $200.00 | $40.00 | $118.00 | $23.60 | $16.40 |
| Ely Arraiga | Ex 18 | 5/26/2022 | Received from RINCON, Invoice 4542, submitted payment request form to accounting department. Saved into client file. | 0.20 | $200.00 | $40.00 | $118.00 | $23.60 | $16.40 |
| Ely Arraiga | Ex 18 | 5/31/2022 | Received from ROBERTW. JOHNSON & ASSOCIATES Invoice 2555, submitted payment request form to accounting department. Payment issued by accounting department, mailed out payment. | 0.20 | $200.00 | $40.00 | $118.00 | $23.60 | $16.40 |
| Ely Arraiga | Ex 18 | 5/31/2022 | Recieved invoice 5/31/2022 from RENEE BINDER. Sent email to Priority funding for payment, updated the cost sheet and saved invoice into client file. | 0.30 | $200.00 | $60.00 | $118.00 | $35.40 | $24.60 |

| Biller | Exhibit | Date | Description | Computed Hours | Requested Rate | Computed Fees | Adjusted Rate | Adjusted Fees | Fee Difference |
|--------|---------|------|-------------|----------------|----------------|---------------|---------------|---------------|----------------|
| Ely Arraiga | Ex 18 | 6/7/2022 | Recieved invoice 6/7/2022 from RENEE BINDER. Sent email to Priority funding for payment, updated the cost sheet and saved invoice into client file. | 0.30 | $200.00 | $60.00 | $118.00 | $35.40 | $24.60 |
| Ely Arraiga | Ex 18 | 6/8/2022 | Received deposition transcript from court reporter, downloaded transcript and exhibits into the client | 0.30 | $200.00 | $60.00 | $118.00 | $35.40 | $24.60 |
| Ely Arraiga | Ex 18 | 6/10/2022 | Received Invoice 170-2620016 from ExamWorks. Sent email to Priority funding for payment, updated the cost sheet and saved invoice into client file. | 0.30 | $200.00 | $60.00 | $118.00 | $35.40 | $24.60 |
| Ely Arraiga | Ex 18 | 6/10/2022 | Received Invoice 170-2620036 from ExamWorks. Sent email to Priority funding for payment, updated the cost sheet and saved invoice into client file. | 0.30 | $200.00 | $60.00 | $118.00 | $35.40 | $24.60 |
| Ely Arraiga | Ex 18 | 6/11/2022 | Received Invoice 2022-02 from ON SCENE CONSULTING. Sent email to Priority funding for payment, updated the cost sheet and saved invoice | 0.30 | $200.00 | $60.00 | $118.00 | $35.40 | $24.60 |
| Ely Arraiga | Ex 18 | 6/12/2022 | Received deposition transcript from court reporter, downloaded transcript and exhibits into the client file | 0.30 | $200.00 | $60.00 | $118.00 | $35.40 | $24.60 |
| Ely Arraiga | Ex 18 | 6/13/2022 | Received deposition transcript from court reporter, downloaded transcript and exhibits into the client file | 0.30 | $200.00 | $60.00 | $118.00 | $35.40 | $24.60 |
| Ely Arraiga | Ex 18 | 6/14/2022 | Received from VERITEXT, Invoice 5844032, submitted payment request form to accounting department. Payment issued by accounting department, mailed | 0.20 | $200.00 | $40.00 | $118.00 | $23.60 | $16.40 |
| Ely Arraiga | Ex 18 | 6/21/2022 | Received deposition transcript from court reporter, downloaded transcript and exhibits into the client | 0.30 | $200.00 | $60.00 | $118.00 | $35.40 | $24.60 |
| Ely Arraiga | Ex 18 | 6/23/2022 | Received deposition transcript from court reporter, downloaded transcript and exhibits into the client | 0.30 | $200.00 | $60.00 | $118.00 | $35.40 | $24.60 |
| Ely Arraiga | Ex 18 | 6/30/2022 | Recieved Invoice 1999 from Intrepid Deposition. Sent email to Priority funding for payment, updated the cost sheet and saved Invoice into client file. | 0.30 | $200.00 | $60.00 | $118.00 | $35.40 | $24.60 |
| Ely Arraiga | Ex 18 | 6/30/2022 | Recieved Invoice 2043 from Intrepid Deposition. Sent email to Priority funding for payment, updated the cost sheet and saved invoice into client file. | 0.30 | $200.00 | $60.00 | $118.00 | $35.40 | $24.60 |
| Ely Arraiga | Ex 18 | 6/30/2022 | Recieved Invoice 2045 from Intrepid Deposition. Sent email to Priority funding for payment, updated the cost sheet and saved invoice into client file. | 0.30 | $200.00 | $60.00 | $118.00 | $35.40 | $24.60 |
| Ely Arraiga | Ex 18 | 6/30/2022 | Recieved Invoice 2055 from Intrepid Deposition. Sent email to Priority funding for payment, updated the cost sheet and saved invoice into client file. | 0.30 | $200.00 | $60.00 | $118.00 | $35.40 | $24.60 |
| Ely Arraiga | Ex 18 | 6/30/2022 | Recieved Invoice 2062 from Intrepid Deposition. Sent email to Priority funding for payment, updated the cost sheet and saved invoice into client file. | 0.30 | $200.00 | $60.00 | $118.00 | $35.40 | $24.60 |

| Biller | Exhibit | Date | Description | Computed Hours | Requested Rate | Computed Fees | Adjusted Rate | Adjusted Fees | Fee Difference |
|---|---|---|---|---|---|---|---|---|---|
| Ely Arraiga | Ex 18 | 6/30/2022 | Recieved Invoice 2065 from Intrepid Deposition. Sent email to Priority for payment, updated the cost sheet and saved invoice into client file. | 0.30 | $200.00 | $60.00 | $118.00 | $35.40 | $24.60 |
| Ely Arraiga | Ex 18 | 6/30/2022 | Recieved Invoice 2082 from Intrepid Deposition. Sent email to Priority funding for payment, updated the cost sheet and saved invoice into client file. | 0.30 | $200.00 | $60.00 | $118.00 | $35.40 | $24.60 |
| Ely Arraiga | Ex 18 | 6/30/2022 | Recieved Invoice 2098 from Intrepid Deposition. Sent email to Priority funding for payment, updated the cost sheet and saved invoice into client file. | 0.30 | $200.00 | $60.00 | $118.00 | $35.40 | $24.60 |
| Ely Arraiga | Ex 18 | 7/5/2022 | Received Invoice 2372 from CRAIGMYLE LEGAL NURSE SERVICES. Sent email to Priority funding for payment, updated the cost sheet and saved invoice | 0.30 | $200.00 | $60.00 | $118.00 | $35.40 | $24.60 |
| Ely Arraiga | Ex 18 | 7/6/2022 | Received from ON CALL LEGAL, Invoice 2749822, submitted payment request form to accounting department. Payment issued by accounting | 0.20 | $200.00 | $40.00 | $118.00 | $23.60 | $16.40 |
| Ely Arraiga | Ex 18 | 7/12/2022 | Sent email to Defense counsel-2nd amended deposition of Dr. Braham Ravani. Saved email into | 0.20 | $200.00 | $40.00 | $118.00 | $23.60 | $16.40 |
| Ely Arraiga | Ex 18 | 7/12/2022 | Sent email to court reporter for coverage of depositions. Saved email into client file. | 0.10 | $200.00 | $20.00 | $118.00 | $11.80 | $8.20 |
| Ely Arraiga | Ex 18 | 7/12/2022 | Received Invoice 20-059-D from NATIDNALJUSTICE CONSULTANTS, INC.Sent email to Priority funding for payment, updated the cost sheet and saved invoice into client file. | 0.30 | $200.00 | $60.00 | $118.00 | $35.40 | $24.60 |
| Ely Arraiga | Ex 18 | 7/12/2022 | Recieved invoice 7/12/2022 from RENEE BINDER. Sent email to Priority funding for payment, updated the cost sheet and saved invoice into client file. | 0.30 | $200.00 | $60.00 | $118.00 | $35.40 | $24.60 |
| Ely Arraiga | Ex 18 | 7/15/2022 | Received deposition transcript from court reporter, downloaded transcript and exhibits into the client | 0.30 | $200.00 | $60.00 | $118.00 | $35.40 | $24.60 |
| Ely Arraiga | Ex 18 | 7/27/2022 | Received deposition transcript from court reporter, downloaded transcript and exhibits into the client file | 0.30 | $200.00 | $60.00 | $118.00 | $35.40 | $24.60 |
| Ely Arraiga | Ex 18 | 7/31/2022 | Received Invoice 39452 from Robert W. Johnson &Associates. Sent email to Priority funding for payment, updated the cost sheet and saved invoice | 0.30 | $200.00 | $60.00 | $118.00 | $35.40 | $24.60 |
| Ely Arraiga | Ex 18 | 8/1/2022 | Received from BARKLEY, Invoice 563031, submitted payment request form to accounting department. Saved into client file. | 0.20 | $200.00 | $40.00 | $118.00 | $23.60 | $16.40 |
| Ely Arraiga | Ex 18 | 8/2/2022 | Received from BARKLEY, Invoice 563077, submitted payment request form to accounting department. Saved into client file. | 0.20 | $200.00 | $40.00 | $118.00 | $23.60 | $16.40 |
| Ely Arraiga | Ex 18 | 8/9/2022 | Received Invoice 2022-02- Revised from ON SCENE CONSULTING. Sent email to Priority funding for payment, updated the cost sheet and saved invoice | 0.30 | $200.00 | $60.00 | $118.00 | $35.40 | $24.60 |

| Biller | Exhibit | Date | Description | Computed Hours | Requested Rate | Computed Total | Adjusted Rate | Adjusted Fees | Fee Difference |
|--------|---------|------|-------------|------|------|------|------|------|------|
| Ely Arraiga | Ex 18 | 8/15/2022 | Received deposition transcript from court reporter, downloaded transcript and exhibits into the client | 0.30 | $200.00 | $60.00 | $118.00 | $35.40 | $24.60 |
| Ely Arraiga | Ex 18 | 8/25/2022 | EFG No. 35 -ORDER, saved into client file. | 0.10 | $200.00 | $20.00 | $118.00 | $11.80 | $8.20 |
| Ely Arraiga | Ex 18 | 8/25/2022 | EFG No. 36-STANDING ORDER signed by DistrictJudge Dale A. Drozd on 8/25/2022, saved into client file | 0.10 | $200.00 | $20.00 | $118.00 | $11.80 | $8.20 |
| Ely Arraiga | Ex 18 | 8/29/2022 | Received deposition transcript from court reporter, downloaded transcript and exhibits into the client | 0.30 | $200.00 | $60.00 | $118.00 | $35.40 | $24.60 |
| Ely Arraiga | Ex 18 | 8/29/2022 | Received from BARKLEY, Invoice 563875, submitted payment request form to accounting department. Saved into client file. | 0.20 | $200.00 | $40.00 | $118.00 | $23.60 | $16.40 |
| Ely Arraiga | Ex 18 | 9/27/2022 | Sent email to Defense counsel-3rd amended deposition of Dr. BrahamRavani. Saved email into | 0.20 | $200.00 | $40.00 | $118.00 | $23.60 | $16.40 |
| Ely Arraiga | Ex 18 | 9/27/2022 | Sent email to court reporter for coverage of depositions. Saved email into client file. | 0.10 | $200.00 | $20.00 | $118.00 | $11.80 | $8.20 |
| Ely Arraiga | Ex 18 | 9/27/2022 | Emailed expert report of Dr. Chaudhry to Dr. | 0.10 | $200.00 | $20.00 | $118.00 | $11.80 | $8.20 |
| Ely Arraiga | Ex 18 | 10/10/2022 | Received from EXAMWORKS, Invoice 170-2657970, submitted payment request form to accounting department. Payment issued by accounting department, mailed out payment. | 0.20 | $200.00 | $40.00 | $118.00 | $23.60 | $16.40 |
| Ely Arraiga | Ex 18 | 10/13/2022 | Received deposition transcript from court reporter, downloaded transcript and exhibits into the client file | 0.30 | $200.00 | $60.00 | $118.00 | $35.40 | $24.60 |
| Ely Arraiga | Ex 18 | 10/20/2022 | Received email from Dr. Wobrokc's office inquiring about trial exhibits and deposition transcripts. | 0.10 | $200.00 | $20.00 | $118.00 | $11.80 | $8.20 |
| Ely Arraiga | Ex 18 | 10/27/2022 | Received email from Priority Funding requesting status update on case.Responded to email by providing-open and in litigation status, saved email | 0.10 | $200.00 | $20.00 | $118.00 | $11.80 | $8.20 |
| Ely Arraiga | Ex 18 | 10/27/2022 | Received email, Deposoition transcript of Craig Enos is ready, requested copy of transcript. Saved email into client file. | 0.20 | $200.00 | $40.00 | $118.00 | $23.60 | $16.40 |
| Ely Arraiga | Ex 18 | 10/30/2022 | Received from BARKLEY, Invoice 565547, submitted payment request form to accounting department. Saved into client file. | 0.20 | $200.00 | $40.00 | $118.00 | $23.60 | $16.40 |
| Ely Arraiga | Ex 18 | 10/31/2022 | Invoice receveived for copy of transcript. Submitted payment request to accounting department for copy of transcript. | 0.10 | $200.00 | $20.00 | $118.00 | $11.80 | $8.20 |
| Ely Arraiga | Ex 18 | 11/1/2022 | Received email from Kent M. Henderson  to Defense Counsel re interest in doing Joint Status Report type document, pending MSJ and proposing a new scheduling conference. Saved email into client file. | 0.10 | $200.00 | $20.00 | $118.00 | $11.80 | $8.20 |
| Ely Arraiga | Ex 18 | 11/1/2022 | Received email from Defense counsel re Craig Enos still owed $840 for his deposition. Saved email into | 0.10 | $200.00 | $20.00 | $118.00 | $11.80 | $8.20 |

| Biller | Exhibit | Date | Description | Computed Hours | Requested Rate | Computed Total | Adjusted Rate | Adjusted Fees | Fee Difference |
|---|---|---|---|---|---|---|---|---|---|
| Ely Arraiga | Ex 18 | 11/1/2022 | Submitted payment request to accounting department for reamining cost for depositoin of Craig Enos. Saved email into client file. | 0.10 | $200.00 | $20.00 | $118.00 | $11.80 | $8.20 |
| Ely Arraiga | Ex 18 | 11/2/2022 | Received email from Arbio- Is Angel available on Nov. 14th at 4:30 for a pre- depo phone conference on the Hurtado and Silva cases. Responded to Julie confirming proposed dates. Saved email into client | 0.20 | $200.00 | $40.00 | $118.00 | $23.60 | $16.40 |
| Ely Arraiga | Ex 18 | 11/8/2022 | Recevied emai from Hill Chiropractic requesting status update. Responsed to email-open and in litigation status, saved email into client file. | 0.10 | $200.00 | $20.00 | $118.00 | $11.80 | $8.20 |
| Ely Arraiga | Ex 18 | 11/8/2022 | Recevied emai from Scott Defore requesting payment on invoice 2022-02. Submitted payment request to accounting department.Saved email into | 0.20 | $200.00 | $40.00 | $118.00 | $23.60 | $16.40 |
| Ely Arraiga | Ex 18 | 11/9/2022 | Accounting department responded with attaching payment for invoice in question. | 0.20 | $200.00 | $40.00 | $118.00 | $23.60 | $16.40 |
| Ely Arraiga | Ex 18 | 11/10/2022 | Recevied emai from Rincon Rehab requesting payment on invoices 9652,10049, and 8740.Submitted request to accounting | 0.20 | $200.00 | $40.00 | $118.00 | $23.60 | $16.40 |
| Ely Arraiga | Ex 18 | 11/11/2022 | Recevied emai from Defense counsel confirming depoition of Mr. Wobrock setfor 11/16/2022 at 2:30 PM. Also they are requesting expert file due 11/14/2022. Saved email into client file. | 0.10 | $200.00 | $20.00 | $118.00 | $11.80 | $8.20 |
| Ely Arraiga | Ex 18 | 11/11/2022 | Provided instructions to legal assistants for obtaining expert file. | 0.20 | $200.00 | $40.00 | $118.00 | $23.60 | $16.40 |
| Ely Arraiga | Ex 18 | 11/14/2022 | Received email from Arbio- are there any other depositions in this case because they only have, Diane Valenzuela, Edgardo Yepez, Michael Randazzo, and Francisco Hurtado.they are also requesting confirmation of deposition date forWobrock. Saved | 0.10 | $200.00 | $20.00 | $118.00 | $11.80 | $8.20 |
| Ely Arraiga | Ex 18 | 11/14/2022 | Confirmed with Julie Wobrocks deposition and we also requested that she provide the expert file. Saved email communications into client file. | 0.20 | $200.00 | $40.00 | $118.00 | $23.60 | $16.40 |
| Ely Arraiga | Ex 18 | 11/14/2022 | Recevied email from Arbio confirming that they would be producing expert file today. Saved email | 0.10 | $200.00 | $20.00 | $118.00 | $11.80 | $8.20 |
| Ely Arraiga | Ex 18 | 11/14/2022 | Legal Assistants confirmed depoistoin date ofWobrock once again and also confirmed that there are several new transcripts we've received. Creation of drop box for them to view them. Sent out link and | 1.00 | $200.00 | $200.00 | $118.00 | $118.00 | $82.00 |

| Biller | Exhibit | Date | Description | Computed Hours | Requested Rate | Computed Total | Adjusted Rate | Adjusted Fees | Fee Difference |
|---|---|---|---|---|---|---|---|---|---|
| Ely Arraiga | Ex 18 | 11/14/2022 | Received email from Arbio requesting deposition of Wobrock be continued  due to new informatio being received and needing time to review, Advised Kent of the proposal and he confirmed moving the date. Advised Julie that  Wobrocks deposition would be continued. Saved email communications into client | 0.20 | $200.00 | $40.00 | $118.00 | $23.60 | $16.40 |
| Ely Arraiga | Ex 18 | 11/14/2022 | Received email from Julie with proposed new dates forWobrocks deposition. Confirmed 1/11/2023 at 3 PM. Saved email into client file. | 0.10 | $200.00 | $20.00 | $118.00 | $11.80 | $8.20 |
| Ely Arraiga | Ex 18 | 11/14/2022 | Sent email to Defense counsel cancelling the deposition of Wobrock. Received email from Defense counsel requesting new dates forWobrok, also advising that Ravanis deposition will need to be moved after Wobrocks is taken. Saved email into | 0.20 | $200.00 | $40.00 | $118.00 | $23.60 | $16.40 |
| Ely Arraiga | Ex 18 | 11/15/2022 | Sent email to court reporter cancelling deposition of Dr. Ravani. Saved email into client file. | 0.10 | $200.00 | $20.00 | $118.00 | $11.80 | $8.20 |
| Ely Arraiga | Ex 18 | 11/15/2022 | Sent email to Defense counsel re: Wobrock availability.  Saved email into client file. | 0.10 | $200.00 | $20.00 | $118.00 | $11.80 | $8.20 |
| Ely Arraiga | Ex 18 | 11/15/2022 | Received email from Defense counsel confirming deposition of Wobrock. Saved email into client file. | 0.10 | $200.00 | $20.00 | $118.00 | $11.80 | $8.20 |
| Ely Arraiga | Ex 18 | 11/16/2022 | Received email from Defense counsel providing deposition date for Dr. Ravani. Saved email into | 0.10 | $200.00 | $20.00 | $118.00 | $11.80 | $8.20 |
| Ely Arraiga | Ex 18 | 11/16/2022 | Received email from Defense counsel 5th deposition notice forWobrock. Calendared into Clio, saved notice into client file. Saved email into client file. | 0.20 | $200.00 | $40.00 | $118.00 | $23.60 | $16.40 |
| Ely Arraiga | Ex 18 | 11/17/2022 | Sent email with updated deposition notice to Dr. Wobrock's office. | 0.10 | $200.00 | $20.00 | $118.00 | $11.80 | $8.20 |
| Ely Arraiga | Ex 18 | 11/18/2022 | Received email from Rincon Rehab with invoice 8740. Sent email to accounting department to reuqest payment. Saved email into client file. | 0.10 | $200.00 | $20.00 | $118.00 | $11.80 | $8.20 |
| Ely Arraiga | Ex 18 | 11/18/2022 | Received email from Rincon Rehab with invoice 9652. Sent email to accounting department to reuqest payment. Saved email into client file. | 0.10 | $200.00 | $20.00 | $118.00 | $11.80 | $8.20 |
| Ely Arraiga | Ex 18 | 11/18/2022 | Received email from Rincon Rehab with invoice 10049. Sent email to accounting department to reuqest payment. Saved email into client file. | 0.10 | $200.00 | $20.00 | $118.00 | $11.80 | $8.20 |
| Ely Arraiga | Ex 18 | 11/22/2022 | Received email from Rincon Rehab with invoice 022890 Sent email to accounting department to reuqest payment. Saved email into client file. | 0.10 | $200.00 | $20.00 | $118.00 | $11.80 | $8.20 |

| Biller | Exhibit | Date | Description | Computed Hours | Requested Rate | Computed Fees | Adjusted Rate | Adjusted Fees | Fee Difference |
|---|---|---|---|---|---|---|---|---|---|
| Ely Arraiga | Ex 18 | 11/9/2022 | Received email from Dr. Wobrock's office advising of updated animation slides based on the new photos received. Downloaded matierals from dropbox link provided. Saved email into client file. | 0.30 | $200.00 | $60.00 | $118.00 | $35.40 | $24.60 |
| Ely Arraiga | Ex 18 | 11/27/2022 | Recieved Invoice Date 11/27/2022 from ENOS Forensics. Sent email to Priority funding for payment, updated the cost sheet and saved invoice into client | 0.30 | $200.00 | $60.00 | $118.00 | $35.40 | $24.60 |
| Ely Arraiga | Ex 18 | 11/30/2022 | Received email from Dr. Wobrock's office advising of the current materialsthey have and their requested for additional materials. Saved email into client file. | 0.10 | $200.00 | $20.00 | $118.00 | $11.80 | $8.20 |
| Ely Arraiga | Ex 18 | 11/30/2022 | Received email from Rincon requesting status on the case. Responded to email by providing-open and in litigation status, saved email Into client file. | 0.10 | $200.00 | $20.00 | $118.00 | $11.80 | $8.20 |
| Ely Arraiga | Ex 18 | 12/1/2022 | Sent email to Dr. Wobrocks office copy of Dr. Chaudhry and Dr. Strickland's depo transcript added to the new Dropbox link. | 0.30 | $200.00 | $60.00 | $118.00 | $35.40 | $24.60 |
| Ely Arraiga | Ex 18 | 12/1/2022 | Received email from Barkley with statement 20221201 Sent email to accounting department to reuqest payment. Saved email into client file. | 0.10 | $200.00 | $20.00 | $118.00 | $11.80 | $8.20 |
| Ely Arraiga | Ex 18 | 12/2/2022 | Sent email to Golden Bear Pl with the signed lien. Saved email into client file. | 0.10 | $200.00 | $20.00 | $118.00 | $11.80 | $8.20 |
| Ely Arraiga | Ex 18 | 12/5/2022 | Received email from Rincon Rehab with invoice 9652. Sent email to accounting department to reuqest payment. Saved email into client file. | 0.10 | $200.00 | $20.00 | $118.00 | $11.80 | $8.20 |
| Ely Arraiga | Ex 18 | 12/5/2022 | Received email from Rincon Rehab with invoice 10049. Sent email to accounting department to reuqest payment. Saved email into client file. | 0.10 | $200.00 | $20.00 | $118.00 | $11.80 | $8.20 |
| Ely Arraiga | Ex 18 | 12/5/2022 | Received email from Rincon Rehab with invoice 022890 Sent email to accounting department to reuqest payment. Saved email into client file. | 0.10 | $200.00 | $20.00 | $118.00 | $11.80 | $8.20 |
| Ely Arraiga | Ex 18 | 12/7/2022 | Received email from Dr. Wobrock's office requesting phone conference with Kent be moved to 1 PM. Confirmed. Saved email to client file. | 0.10 | $200.00 | $20.00 | $118.00 | $11.80 | $8.20 |
| Ely Arraiga | Ex 18 | 12/15/2022 | Received email from Barkley with statement 20221215. Sent email to accounting department to reuqest payment. Saved email into client file. | 0.10 | $200.00 | $20.00 | $118.00 | $11.80 | $8.20 |
| Ely Arraiga | Ex 18 | 12/15/2022 | Sent email to court reporter for coverage of depositions. Saved email into client file. | 0.10 | $200.00 | $20.00 | $118.00 | $11.80 | $8.20 |
| Ely Arraiga | Ex 18 | 12/28/2022 | Received email from Dr. Wobrock's office requesting Wobrock's deposition goafter Defoes is completed. Confirmed with Julie that the deposition would be moved. Saved email to client file. | 0.20 | $200.00 | $40.00 | $118.00 | $23.60 | $16.40 |

| Biller | Exhibit | Date | Description | Computed Hours | Requested Rate | Computed Total | Adjusted Rate | Adjusted Fees | Fee Difference |
|---|---|---|---|---|---|---|---|---|---|
| Ely Arraiga | Ex 18 | 12/28/2022 | Sent email to team to locate depostion of Scott | 0.10 | $200.00 | $20.00 | $118.00 | $11.80 | $8.20 |
| Ely Arraiga | Ex 18 | 12/28/2022 | Received deposition transcript from court reporter, downloaded transcript and exhibits into the client | 0.30 | $200.00 | $60.00 | $118.00 | $35.40 | $24.60 |
| Ely Arraiga | Ex 18 | 12/28/2022 | Requested deposition transcript from court reporter. Received depositiontranscript via email. Sent via email to Dr. Wobrock's office deposition of Scott | 0.30 | $200.00 | $60.00 | $118.00 | $35.40 | $24.60 |
| Ely Arraiga | Ex 18 | 12/28/2022 | Received email from Veritext with invoice 5885115. Sent email to accounting department to reuqest payment. Saved email into client file. | 0.10 | $200.00 | $20.00 | $118.00 | $11.80 | $8.20 |
| Ely Arraiga | Ex 18 | 1/3/2023 | Received emaii from Barkley with statement 20230103. Sent email to accounting department to reuqest payment. Saved email into client file. | 0.10 | $200.00 | $20.00 | $118.00 | $11.80 | $8.20 |
| Ely Arraiga | Ex 18 | 1/4/2023 | Received email from Dr. Wobrock's office re payments needed. Saved email into file. | 0.10 | $200.00 | $20.00 | $118.00 | $11.80 | $8.20 |
| Ely Arraiga | Ex 18 | 1/5/2023 | Received email from Dr. Wobrock's office re mpoving deposition ofWobrock, more materials are needed for his deposition. Need to schedule another pre-depo phonce conference. Saved email into file. | 0.10 | $200.00 | $20.00 | $118.00 | $11.80 | $8.20 |
| Ely Arraiga | Ex 18 | 1/5/2023 | Sent email to Dr. Wobrock's office advisign that Defense counsel has issued payment for depoistion fee of Dr. Wobrock. | 0.10 | $200.00 | $20.00 | $118.00 | $11.80 | $8.20 |
| Ely Arraiga | Ex 18 | 1/5/2023 | Received email from Priority Funding requesting status update on case. Responded to email by providing-open and in litigation status, saved email | 0.10 | $200.00 | $20.00 | $118.00 | $11.80 | $8.20 |
| Ely Arraiga | Ex 18 | 1/6/2023 | Recieved Invoice 022890 from ARBIO. Sent email to Priority funding for payment, updated the cost sheet and saved invoice into client file. | 0.30 | $200.00 | $60.00 | $118.00 | $35.40 | $24.60 |
| Ely Arraiga | Ex 18 | 1/6/2023 | Received email from Defense counsel requesting the expert file of Dr. Wobrock prior to deposition of 1/11/2023. Saved email into client file. | 0.10 | $200.00 | $20.00 | $118.00 | $11.80 | $8.20 |
| Ely Arraiga | Ex 18 | 1/6/2023 | Received email from Dr. Wobrock's office cancelling depoisition becuade he has not received payment. Saved email into client file. | 0.10 | $200.00 | $20.00 | $118.00 | $11.80 | $8.20 |
| Ely Arraiga | Ex 18 | 1/6/2023 | Sent via email to Dr. Wobrock the Rule 26 report of Scott Defoe through dropbox link. Provided status on payment for outstanding invoices. | 0.20 | $200.00 | $40.00 | $118.00 | $23.60 | $16.40 |
| Ely Arraiga | Ex 18 | 1/9/2023 | Received zoom link fro deposition of Wobrock from defense counsel. | 0.10 | $200.00 | $20.00 | $118.00 | $11.80 | $8.20 |
| Ely Arraiga | Ex 18 | 1/9/2023 | Received email from Dr. Wobrock re cancellation of current deposition and providing alterantive dates in February of 2023. | 0.10 | $200.00 | $20.00 | $118.00 | $11.80 | $8.20 |

| Biller | Exhibit | Date | Description | Computed Hours | Requested Rate | Computed Fee | Adjusted Rate | Adjusted Fees | Fee Difference |
|---|---|---|---|---|---|---|---|---|---|
| Ely Arraiga | Ex 18 | 1/9/2023 | Received email from Kent M. Henderson to Defense Counsel re cancellation of deposition of Dr. Wobrock and offering 2/22 or 2/23. Saved email into client file. | 0.10 | $200.00 | $20.00 | $118.00 | $11.80 | $8.20 |
| Ely Arraiga | Ex 18 | 1/9/2023 | Received email from Defense counsel confirming deposition of Wobrock 2/23/23. Also confirming rescheudling Ravani deposition date of 2/21/23. | 0.10 | $200.00 | $20.00 | $118.00 | $11.80 | $8.20 |
| Ely Arraiga | Ex 18 | 1/10/2023 | Sent email to Dr. Wobrocks office confirming 2/23/23. Julie also requested we send to her a clean copy of the payee form. | 0.10 | $200.00 | $20.00 | $118.00 | $11.80 | $8.20 |
| Ely Arraiga | Ex 18 | 1/10/2023 | Received email from Defense counsel re checks not being cashed for the Plaintiff's parents depositions. Saved email into client file. | 0.10 | $200.00 | $20.00 | $118.00 | $11.80 | $8.20 |
| Ely Arraiga | Ex 18 | 1/10/2023 | Received email from Dr. Wobrock requesting deposition exhibits of Scott DeFoe. | 0.10 | $200.00 | $20.00 | $118.00 | $11.80 | $8.20 |
| Ely Arraiga | Ex 18 | 1/10/2023 | Sent email to Julie confirming the submission of the drawings and that Mr. Eric Anderson has not received the drawings. Saved email into client file. | 0.10 | $200.00 | $20.00 | $118.00 | $11.80 | $8.20 |
| Ely Arraiga | Ex 18 | 1/10/2023 | Received emai from julie reuqesting permissio to send drawings to Eric. Saved email into client file. | 0.10 | $200.00 | $20.00 | $118.00 | $11.80 | $8.20 |
| Ely Arraiga | Ex 18 | 1/10/2023 | Sent email to Julie advising that we would confirm with attorneys and later advise if she can send drawings to Eric. Saved email into client file. | 0.10 | $200.00 | $20.00 | $118.00 | $11.80 | $8.20 |
| Ely Arraiga | Ex 18 | 1/10/2023 | Sent email to court reporter for coverage of depositions. Saved email into client file. | 0.10 | $200.00 | $20.00 | $118.00 | $11.80 | $8.20 |
| Ely Arraiga | Ex 18 | 1/11/2023 | Received email from Defense counsel 6th deposition notice for Wobrock. Calendared into Clio, saved notice into client file. Saved email into client file. | 0.20 | $200.00 | $40.00 | $118.00 | $23.60 | $16.40 |
| Ely Arraiga | Ex 18 | 1/11/2023 | Sent email to Defense counsel re: wrong date on the above notice. Received email from Defense counsel stating they would send and updated notice.Saved | 0.20 | $200.00 | $40.00 | $118.00 | $23.60 | $16.40 |
| Ely Arraiga | Ex 18 | 1/11/2023 | Received email from Defense counsel CORRECTED-6th deposition notice for Wobrock. Calendared into Clio, saved notice into client file. Saved email into | 0.20 | $200.00 | $40.00 | $118.00 | $23.60 | $16.40 |
| Ely Arraiga | Ex 18 | 1/11/2023 | Sent via email to Dr. Wobrockthe updated deposition notice, saved notice into client file. | 0.10 | $200.00 | $20.00 | $118.00 | $11.80 | $8.20 |
| Ely Arraiga | Ex 18 | 1/11/2023 | Received email from Dr. Wobrock office reuqesting status on getting DeFoe exhibits and file materials. Saved email into client file. | 0.10 | $200.00 | $20.00 | $118.00 | $11.80 | $8.20 |
| Ely Arraiga | Ex 18 | 1/16/2023 | Received email from Barkley with statement 20230116-C82354. Sent email to accounting department to reuqest payment. Saved email into | 0.10 | $200.00 | $20.00 | $118.00 | $11.80 | $8.20 |

| Biller | Exhibit | Date | Description | Computed Hours | Requested Rate | Computed Total | Adjusted Rate | Adjusted Fees | Fee Difference |
|--------|---------|------|-------------|---------------|---------------|---------------|---------------|---------------|----------------|
| Ely Arraiga | Ex 18 | 2/1/2023 | Received email from Barkley with statement 20230201-C82354. Sent email to accounting department to reuqest payment. Saved email into | 0.10 | $200.00 | $20.00 | $118.00 | $11.80 | $8.20 |
| Ely Arraiga | Ex 18 | 2/8/2023 | Received email from Defense counsel confirming the rescheduled depositions of Dr. Ravani and Dr. Wobrock. Saved email into client file. | 0.10 | $200.00 | $20.00 | $118.00 | $11.80 | $8.20 |
| Ely Arraiga | Ex 18 | 2/8/2023 | Received email from Defense counsel Case Management Statement for the state case. Saved | 0.10 | $200.00 | $20.00 | $118.00 | $11.80 | $8.20 |
| Ely Arraiga | Ex 18 | 2/9/2023 | Drafted Case Management Statement, sent to Kent for review and pending response. | 0.20 | $200.00 | $40.00 | $118.00 | $23.60 | $16.40 |
| Ely Arraiga | Ex 18 | 2/14/2023 | Received final Case Management Statement from Kent, sent out for filing. | 0.20 | $200.00 | $40.00 | $118.00 | $23.60 | $16.40 |
| Ely Arraiga | Ex 18 | 2/15/2023 | Received email from Barkley with statement 20230215-C82354. Sent email to accounting department to reuqest payment. Saved email into | 0.10 | $200.00 | $20.00 | $118.00 | $11.80 | $8.20 |
| Ely Arraiga | Ex 18 | 2/15/2023 | Received email from Barldey with statement 20230215-C104735. Sent email to accounting department to reuqest payment. Saved email into | 0.10 | $200.00 | $20.00 | $118.00 | $11.80 | $8.20 |
| Ely Arraiga | Ex 18 | 2/15/2023 | Received email from Defense counsel confirming Mr. Wobrock's deposition scheduled for February 23, 2023 at 3:00 p.m., and their request for his file byTuesday.  Saved email into client file. | 0.10 | $200.00 | $20.00 | $118.00 | $11.80 | $8.20 |
| Ely Arraiga | Ex 18 | 2/16/2023 | Received from ON CALL LEGAL, Invoice 314012, submitted payment request form to accounting department. Payment issued by accounting | 0.20 | $200.00 | $40.00 | $118.00 | $23.60 | $16.40 |
| Ely Arraiga | Ex 18 | 2/16/2023 | Sent email to Julie requesting Expert file of Wobrock by Tuesday. | 0.10 | $200.00 | $20.00 | $118.00 | $11.80 | $8.20 |
| Ely Arraiga | Ex 18 | 2/16/2023 | Received conformed copie of Case Managmet Statement, downloaded andsaved into the client file. | 0.10 | $200.00 | $20.00 | $118.00 | $11.80 | $8.20 |
| Ely Arraiga | Ex 18 | 2/16/2023 | Received email from Julie advising that she will check in with Dr. Wobrock. We lket her know that the office would be open during the holiday. | 0.10 | $200.00 | $20.00 | $118.00 | $11.80 | $8.20 |
| Ely Arraiga | Ex 18 | 2/20/2023 | Sent email to Julie requesting phone call with Dr. Wobrock and Kent Henderson on 2/21 or 2/22, pre deposition phone call. Saved email into client file. | 0.10 | $200.00 | $20.00 | $118.00 | $11.80 | $8.20 |
| Ely Arraiga | Ex 18 | 2/20/2023 | Received email from julie confirming phone call on 2/22 at 11 am. Updated clio calendar and advised Kent Henderson. Also on the call will be Mr. Guizar and provided in the email the uber conference call number for everyone to dial in. Saved email into | 0.20 | $200.00 | $40.00 | $118.00 | $23.60 | $16.40 |

| Biller | Exhibit | Date | Description | Computed Hours | Requested Rate | Computed Fees | Adjusted Rate | Adjusted Fees | Fee Difference |
|---|---|---|---|---|---|---|---|---|---|
| Ely Arraiga | Ex 18 | 2/20/2023 | Sent email to Mr. Guizar enclosing the following materials l)Dr. Wobrock's Report and 2) Dr. Ravani's Rebuttal Report (Defense's Expert) and provided | 0.20 | $200.00 | $40.00 | $118.00 | $23.60 | $16.40 |
| Ely Arraiga | Ex 18 | 2/21/2023 | Received email from Julie requesting status of payment from defense counsel. Due to non-payment deposition is being rescheduled. Julie to provide alternative dates for deposition. Saved email into | 0.20 | $200.00 | $40.00 | $118.00 | $23.60 | $16.40 |
| Ely Arraiga | Ex 18 | 2/21/2023 | Received email from Defense counsel advising that they are unable to pre-paya deposition. They can overnight the deposition payment after the deposition is taken. Saved email into client file. | 0.10 | $200.00 | $20.00 | $118.00 | $11.80 | $8.20 |
| Ely Arraiga | Ex 18 | 2/22/2023 | Received email from Kent Henderson advising that Defense will pay after the deposition of Wobrock is taken and to find out a way to get this done without the prepayment issue with Dr. Wobrocks office. | 0.10 | $200.00 | $20.00 | $118.00 | $11.80 | $8.20 |
| Ely Arraiga | Ex 18 | 2/22/2023 | Received email from Wobrock stating that he is not familiar with this paymentarrangement and doesn't like doing the depositions without being paid before. Saved email into client file. | 0.10 | $200.00 | $20.00 | $118.00 | $11.80 | $8.20 |
| Ely Arraiga | Ex 18 | 2/22/2023 | Received email from Kent Henderson forwarding the response to prepayment issue to Dr. Wobrock in case he missed Defedants response to the prepayment requirement Dr. Wobrock has. Saved email into client | 0.10 | $200.00 | $20.00 | $118.00 | $11.80 | $8.20 |
| Ely Arraiga | Ex 18 | 2/22/2023 | Received email from Dr. Wobrock about his accomodations he has needed to make for the depositions and pushing the phone call back. Saved | 0.20 | $200.00 | $40.00 | $118.00 | $23.60 | $16.40 |
| Ely Arraiga | Ex 18 | 2/22/2023 | Received email fro Julie requesting a legible copy of the Dr. Ravanis report along with his deposition transcript and file materials. Saved email into client | 0.10 | $200.00 | $20.00 | $118.00 | $11.80 | $8.20 |
| Ely Arraiga | Ex 18 | 2/22/2023 | Sent email to Julie requesting Expert file of Wobrock by today. | 0.10 | $200.00 | $20.00 | $118.00 | $11.80 | $8.20 |
| Ely Arraiga | Ex 18 | 2/22/2023 | Received email from Julie- unable to send expert file, missing materials. Saved email into client file. | 0.10 | $200.00 | $20.00 | $118.00 | $11.80 | $8.20 |
| Ely Arraiga | Ex 18 | 2/22/2023 | Received email from Julie- requesting date of Ravani deposition, responsesent to her with no date yet set. Also requested legible copy of Ravanis report from defense. Saved email into client file. | 0.20 | $200.00 | $40.00 | $118.00 | $23.60 | $16.40 |
| Ely Arraiga | Ex 18 | 2/22/2023 | Received email from Julie with Wobrock's expertfile and Rule 26 Report. Saved into client file. Sent email to defense counsel with Wobrocks expert file and Rule 26 Report. Saved emails into client file. | 0.20 | $200.00 | $40.00 | $118.00 | $23.60 | $16.40 |

| Biller | Exhibit | Date | Description | Computed Hours | Requested Rate | Computed Sub Total | Adjusted Rate | Adjusted Fees | Fee Difference |
|--------|---------|------|-------------|-------|------|-------|------|------|------|
| Ely Arraiga | Ex 18 | 2/22/2023 | Received legible copy of Ravanis report, saved into file and sent to Wobrock's office. Saved email into | 0.20 | $200.00 | $40.00 | $118.00 | $23.60 | $16.40 |
| Ely Arraiga | Ex 18 | 2/22/2023 | Received email from Kent Henderson to Humberto Guizar re the zoom link for the deposition of Wobrock. Saved email into file. | 0.10 | $200.00 | $20.00 | $118.00 | $11.80 | $8.20 |
| Ely Arraiga | Ex 18 | 2/22/2023 | Received email Defense re the zoom link for the deposition of Wobrock. Saved email into file. | 0.10 | $200.00 | $20.00 | $118.00 | $11.80 | $8.20 |
| Ely Arraiga | Ex 18 | 2/22/2023 | Sent email to Julie with the zoom link for the deposition of Wobrock. | 0.10 | $200.00 | $20.00 | $118.00 | $11.80 | $8.20 |
| Ely Arraiga | Ex 18 | 2/24/2023 | Received email from Defense requesting access to the dropbox link for Wobrock expert file. Saved email into client file. | 0.10 | $200.00 | $20.00 | $118.00 | $11.80 | $8.20 |
| Ely Arraiga | Ex 18 | 2/24/2023 | Received email from Kent Henderson to Defense Counsel confirmingdeposition of Ravani is off calendar 2/28/2023, and request for alternative dates. Saved email into client file. | 0.10 | $200.00 | $20.00 | $118.00 | $11.80 | $8.20 |
| Ely Arraiga | Ex 18 | 2/27/2023 | Received email from Arbio re invoice 023042. Submited payment request from accounting department. Saved email into client file. | 0.10 | $200.00 | $20.00 | $118.00 | $11.80 | $8.20 |
| Ely Arraiga | Ex 18 | 2/27/2023 | received email from Defense counsel with Ravanis availabilty for deposition.Saved email into client file. | 0.10 | $200.00 | $20.00 | $118.00 | $11.80 | $8.20 |
| Ely Arraiga | Ex 18 | 2/28/2023 | Received from VERITEXT, Invoice 6395806, submitted payment request form to accounting department. Saved into client file. | 0.20 | $200.00 | $40.00 | $118.00 | $23.60 | $16.40 |
| Ely Arraiga | Ex 18 | 3/1/2023 | Received email from Kent Henderson requesting Deposition Notice draft for Ravani. Saved email into | 0.10 | $200.00 | $20.00 | $118.00 | $11.80 | $8.20 |
| Ely Arraiga | Ex 18 | 3/1/2023 | Received email from rincon requesting status on overdue payments. Saved email into client file. | 0.10 | $200.00 | $20.00 | $118.00 | $11.80 | $8.20 |
| Ely Arraiga | Ex 18 | 3/1/2023 | Sent email to Defense counsel confirming depsosition date of Ravani, 4/19/23. | 0.10 | $200.00 | $20.00 | $118.00 | $11.80 | $8.20 |
| Ely Arraiga | Ex 18 | 3/2/2023 | Sent email to court reporter for coverage of depositions. Saved email into client file. | 0.10 | $200.00 | $20.00 | $118.00 | $11.80 | $8.20 |
| Ely Arraiga | Ex 18 | 3/6/2023 | Resent email to Defense counsel re Wobrocks expert | 0.30 | $200.00 | $60.00 | $118.00 | $35.40 | $24.60 |
| Ely Arraiga | Ex 18 | 3/7/2023 | Received email from rincon requesting status on invoice 9652 and 10049. Sent email to accouting department to submit payment. Saved email into | 0.10 | $200.00 | $20.00 | $118.00 | $11.80 | $8.20 |
| Ely Arraiga | Ex 18 | 3/8/2023 | Received email from Stanislaus Superior court with remote apperance link, sent to Angel and Kent for review. Saved email into client file. | 0.20 | $200.00 | $40.00 | $118.00 | $23.60 | $16.40 |
| Ely Arraiga | Ex 18 | 3/8/2023 | Sent email to accouting department re: remote apperance charge on card. Saved email into client file and updated the cost sheet. | 0.20 | $200.00 | $40.00 | $118.00 | $23.60 | $16.40 |

| Biller | Exhibit | Date | Description | Computed Hours | Requested Rate | Computed Fees | Adjusted Rate | Adjusted Fees | Fee Difference |
|---|---|---|---|---|---|---|---|---|---|
| Ely Arraiga | Ex 18 | 3/13/2023 | Receied email from Kent Henderson re new court dates for stanislaus, updated cliio calendar and saved email into client file. | 0.20 | $200.00 | $40.00 | $118.00 | $23.60 | $16.40 |
| Ely Arraiga | Ex 18 | 3/13/2023 | Received email from Arbio requesting status on remaining deposition payment for Wobrock testimony. Saved email into client file. | 0.10 | $200.00 | $20.00 | $118.00 | $11.80 | $8.20 |
| Ely Arraiga | Ex 18 | 3/13/2023 | Sent email Defense counsel re status on remaining deposition payment for Wobrock testimony. Saved email into client file. | 0.10 | $200.00 | $20.00 | $118.00 | $11.80 | $8.20 |
| | | | | 136.10 | | $25,462.50 | | $16,059.80 | $9,402.70 |

EXHIBIT 18

 Neutral

As of: January 26, 2018 1:30 AM Z

# *Munoz v. Cal. Bus. Bureau, Inc.*

United States District Court for the Eastern District of California

July 14, 2017, Decided; July 14, 2017, Filed

Case No. 1:15-cv-1345-BAM

**Reporter**

2017 U.S. Dist. LEXIS 109855 *; 2017 WL 3009210

GEORGE MUNOZ, Plaintiff, v. CALIFORNIA BUSINESS BUREAU, Inc., Defendant.

**Prior History:** *Munoz v. Cal. Bus. Bureau, Inc., 2016 U.S. Dist. LEXIS 151495 (E.D. Cal., Nov. 1, 2016)*

## Core Terms

expended, hourly rate, costs, attorneys, attorney's fees, billing, statutory damages, cases, duplicative, awarding, consumer, attend, per hour, depositions, prevailing, time spent, declarations, Practices, litigating, maximum, records, rates, summary judgment, Collection, violations, reminders, meetings, parties, reply

**Counsel:** **[*1]** For George R. Munoz, Plaintiff: Jessica Rene' King Dorman, Robert Lyman Hyde, LEAD ATTORNEYS, Crosby Scott Connolly, Hyde & Swigart, San Diego, CA.

For California Business Bureau, Inc., Defendant: Franklin J Love, LEAD ATTORNEY, Franklin J. Love, Covina, CA.

**Judges:** Barbara A. McAuliffe, UNITED STATES MAGISTRATE JUDGE.

**Opinion by:** Barbara A. McAuliffe

## Opinion

**ORDER REGARDING PLAINTIFF'S MOTION FOR AN AWARD OF ATTORNEY**

FEES AND COSTS

(Doc. 29)

## I. INTRODUCTION

Plaintiff George Munoz ("Plaintiff") brings the instant action against Defendant California Business Bureau, Inc. ("Defendant") alleging claims under the *Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.*, and *California's Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788 et seq.* On November 11, 2016, the Court granted summary judgment in favor of Plaintiff on his FDCPA and RFDCPA claims, but instructed the parties to address the issue of damages and attorney's fees in a separate motion. (Docs. 25, 27).[1] The parties are presently before the Court on Plaintiff's motion for statutory damages, attorney's fees, and costs. (Doc. 29). Defendant opposes the motion. (Doc. 31). The Court deemed the matter suitable for decision without oral argument pursuant to *Local Rule 230(g)*, and took the matter **[*2]** under submission. (Doc. 35). Having considered the moving, opposition, reply papers, and the entire file, the Court hereby GRANTS IN PART AND DENIES IN PART Plaintiff's motion for the reasons stated below.[2]

---

[1] Pursuant to *28 U.S.C. § 636(c)(1)*, the parties consented to have a United States Magistrate Judge conduct all further proceedings in this case, including trial and entry of final judgment. (Docs. 4, 8).

[2] The Court assumes the parties' familiarity with the factual background of this case, which has been set forth in greater detail in

## II. DISCUSSION

In the instant motion Plaintiff seeks an award of $81,773.40, consisting of: (1) maximum statutory damages under the FDCPA and RFDCPA in the amount of $2,000; (2) attorney's fees in the amount of $77,853.50;[3] and (3) costs in the amount of $1,919.90. In response, Defendant contends that Plaintiff is not entitled to an award of statutory damages under the FDCPA and/or the RFDCPA because there has been no showing that Defendant had a knowing intent to violate the statutes. In addition, Defendant challenges the reasonableness of Plaintiff's attorney's fees request.

### A. Statutory Damages

If a debt collector fails to comply with any provision of the FDCPA, a plaintiff may recover statutory damages not to exceed $1,000. *15 U.S.C. § 1692k(a)(2)(A)*. In determining the amount of liability, the court must consider, among other relevant factors, "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." **[*3]** *15 U.S.C. § 1692k(b)(1)*. Under the RFDCPA, any debt collector who willfully and knowingly violates the RFDCPA with respect to any debtor is also liable to the debtor for a penalty in such amount as the court may allow, which shall be no less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000). *Cal. Civ. Code §§ 1788.30(a)* and *(b)*.

In granting summary judgment for the Plaintiff, the Court found that Defendant violated the FDCPA and RFDCPA when, following a settlement agreement between the parties in a related state court action, Defendant sent Plaintiff two separate

payment reminders stating the remaining balance owed by Plaintiff on his debt obligation. (Doc. 25). The Court found that Defendant's payment reminders violated the Acts in two ways. First, Defendant erred by contacting Plaintiff despite knowledge that he was represented by an attorney; a violation of section *15 U.S.C. § 1692c(a)(2)* and its state law counterpart. Second, in viewing Defendant's payment reminders under "the least sophisticated consumer standard," the letters misrepresented Plaintiff's debt obligation by stating an amount owed in excess of negotiated settlement amount; a violation of *15 U.S.C. § 1692e*.

These violations of the FDCPA and RFDCPA warrant an award of statutory damages, **[*4]** although not in the amounts Plaintiff seeks. While Defendant contacted Plaintiff twice, in writing, regarding the settled debt, this contact was not sufficiently frequent or egregious to suggest that Defendant's letters were intended to intimidate or harass Plaintiff. Rather, the Court found that Defendant's misconduct was largely based on its mistaken belief that Plaintiff was no longer represented by counsel once the settlement agreement was signed. As for Defendant's monthly balance reminders, the representation that Plaintiff owed more than the agreed upon settlement amount was willfully and knowingly misleading, however, Plaintiff received only two of these payment reminders over a two-month period. This conduct is therefore less serious than other harassing and threatening conduct that violates the FDCPA and RFDCPA. See *Esget v. TCM Fin. Servs. LLC, 2014 U.S. Dist. LEXIS 8583, 2014 WL 258837, at *5, 7 (E.D. Cal. Jan. 23, 2014)* (awarding maximum statutory damages where defendant "repeatedly" contacted plaintiff's place of work in an attempt to collect an alleged debt, including contacting plaintiff's supervisor and disclosing the alleged debt, and made false threats, including a threat to file a lawsuit and garnish plaintiff's wages); *Mulvihill v. St. Amant & Assocs., 2014 U.S. Dist. LEXIS 57422, 2014 WL 1665229, at *2 (E.D. Cal. Apr. 24, 2014)* (finding nearly 20 calls, even after plaintiff **[*5]** instructed defendant to stop calling

---

the Court's summary judgment Order. (Doc. 25).

[3] This sum includes Plaintiff's initial fee request of $70,919.00 for 187.2 hours of time expended plus an additional sum of $6,934.50 for 20.1 hours expended since the filing of the underlying fee motion. (Docs. 29-1 at 27; 33 at 7).

him, warranted maximum statutory penalty).

Given the nature and extent of Defendant's noncompliance with the FDCPA and RFDCPA, Plaintiff has failed to show that a maximum statutory damage award is warranted for these two violations. However, because Defendant sent two letters that ran afoul of the Acts, the Court finds that an award of $250 per letter be awarded under the FDCPA and the RFDCPA. *See Davis v. Hollins L., 25 F. Supp. 3d 1292 (E.D. Cal. 2014)* (awarding $250 for a one-time violation under the FDCPA); *Mejia v. Marauder Corp., 2007 U.S. Dist. LEXIS 21313, 2007 WL 806486, at *11 (N.D. Cal. 2007)* (concluding that $250 in statutory damages was appropriate where there was only a single collection letter and the violations of the FDCPA were not frequent or persistent). Accordingly, the Court awards Plaintiff $500 in damages under the FDCPA and $500 under the RFDCPA for a total of $1,000 in statutory damages.

## B. Attorney's Fees

The Fair Debt Collection Practices Act allows a plaintiff to recover "the costs of the action, together with a reasonable attorney's fee as determined by the court." *15 U.S.C. § 1692k(a)(3)*; *Camacho v. Bridgeport Fin., Inc., 523 F.3d 973, 978 (9th Cir. 2008)*. A similar award is also available under the RFDCPA. *Klein v. Law Offices of D. Scott Carruthers, 2015 U.S. Dist. LEXIS 75269, 2015 WL 3626946, at *2 (N.D. Cal. June 10, 2015)* (citing *Cal. Civil Code § 1788.30(c)*).

The Court calculates an attorney's fees award using the "lodestar" method. *Camacho, 523 F.3d at 978*. Under the lodestar method, "a district court must start by determining **[*6]** how many hours were reasonably expended on the litigation, and then multiply those hours by the prevailing local rate for an attorney of the skill required to perform the litigation." *Moreno v. City of Sacramento, 534 F.3d 1106, 1111 (9th Cir. 2008)*. The fee applicant bears the burden of documenting the appropriate hours

expended in the litigation. *Klein, 2015 U.S. Dist. LEXIS 75269, 2015 WL 3626946 at *2* (citing *Hensley v. Eckerhart, 461 U.S. 424, 433-34, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983)*. The Court may reduce the award "[w]here the documentation of hours is inadequate," and may "exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Hensley, 461 U.S. at 433*. The Court has "'a great deal of discretion in determining the reasonableness of the fee." *Camacho, 523 F.3d at 978* (quoting *Gates v. Deukmejian, 987 F.2d 1392, 1398 (9th Cir. 1992))*.

### 1. Plaintiff's Position

Plaintiff contends that he is the prevailing party in this litigation and therefore entitled to an award of reasonable attorney's fees. As mentioned, Plaintiff requests $77,853.50 in attorney's fees comprised of 207.3 hours of attorney time at hourly rates ranging from $295 per hour to $545 per hour for three attorneys: Crosby Connolly, Jessica Dorman, and Robert Hyde. (Docs. 29-11, 33-3).

To support these rates, Plaintiff's counsel directs the Court to several cases where they have been awarded hourly rates between $295 and $375 per hour based on expertise and experience.[4] Specifically, Mr. Connolly **[*7]** states that he has been engaged with consumer protection litigation for four years. *See* Declaration of Crosby S. Connolly ("Connolly Decl."), (Doc. 29-2). He also recently attended the National Association of Consumer Advocates conference which is an event that provides extensive training on consumer rights litigation, including the Fair Debt Collection Practices Act. Connolly Decl. at ¶ 23. Practicing for

---

[4] Mr. Connolly has been approved by the Eastern District of California at an hourly rate of $295. See *Lyon v. Bergstrom Law, Ltd., Case No. 1:16-cv-00401-DAD-SKO, 2016 U.S. Dist. LEXIS 152148, 2016 WL 6522746 (E.D. Cal. Nov. 2, 2016)*. Jessica Dorman has recently been approved by the Los Angeles County Superior Court in an FDCPA class action at an hourly rate of $375 in *Scheuerman v. Vitamin Shoppe*, Case No. BC592773. (Doc. 33-2, Ex. D). Mr. Hyde does not direct the Court to any cases where he was awarded an hourly rate of $545 per hour.

four years, Ms. Dorman states that her extensive experience practicing FDCPA law justifies her requested $345 rate. *See* Declaration of Jessica R. K. Dorman ("Dorman Decl."), (Doc. 29-4). Finally, Mr. Hyde, a founding partner of the prevailing law firm Hyde & Swigart, was admitted to practice in 2003 and he has practiced consumer law for over thirteen years. *See* Declaration of Robert L. Hyde ("Hyde Decl."), (Doc. 29-3). Plaintiff's counsel also introduces the declarations of consumer protection attorneys Stephen Recordon and Clinton Rooney, as well as the 2013-2014 United States Consumer Law Attorney Fee Survey Report, by Ronald L. Burdge to support their respective rates. (Doc. 29-9, Exh. B).

In support of the hours expended, **[*8]** Plaintiff attaches itemized billing records which contain descriptions of the activities performed by Plaintiff's counsel and the time expended. (Docs. 29-9). The billing records reflect that Mr. Connolly expended 82.1 hours, Ms. Dorman expended 52.9 hours, and Mr. Hyde expended 52.2 hours during the course of this litigation. *Id.* Additionally, Ms. Dorman seeks supplemental fees for an additional 20.1 hours spent since the filing of the underlying fee motion. (Doc. 33-3 at 8).

Plaintiff asserts that both the number of hours expended and the respective hourly rates are reasonable based on counsels' qualifications and experience. Plaintiff further contends that he is entitled to an award of costs in the amount of $1,919.90 for out of pocket expenses occurred in bringing this action.

## 2. Defendant's Position

Defendant raises one primary objection to Plaintiff's billing records. Defendant contends that the hours and fees claimed by Plaintiff's counsel are unreasonable because the decision to staff three attorneys on this "comparatively simple area of law" resulted in excessive conferencing and duplicative efforts. (Doc. 31 at 6). As an example of overstaffing, Defendant argues that "Jessica **[*9]**

Dorman and Crosby Connolly attended the depositions, but yet Crosby Connolly did nothing but watch." (Doc. 31 at 6). Defendant also asserts that time spent by the three attorneys consulting with each other resulted in duplicative work. As a result, Defendant argues that the Court should discount all the hours expended by Ms. Dorman and Mr. Hyde and only award compensation based on the 82.1 hours expended by lead attorney Mr. Connolly.

In reference to Plaintiff's counsels' proposed hourly rates, Defendant argues that the Court should not credit the declarations submitted by outside attorneys Stephen Recordon and Clinton Rooney as lacking merit to support Plaintiff's counsels' hourly rates.

As a final matter, Defendant does not appear to challenge the amount requested in costs.

## 3. Reasonable Hourly Rate

Having considered the moving papers, arguments and relevant lodestar factors, the Court finds that the requested amount of attorneys' fees should be reduced. The primary basis for such a reduction is the Court's determination that counsels' requested hourly rates are unreasonable because the evidence submitted by Plaintiff does not justify an hourly rate between $295-$545.

A reasonable hourly **[*10]** rate is not defined by reference to the rates actually charged by the prevailing party." *Chalmers v. City of Los Angeles, 796 F.2d 1205, 1210 (9th Cir. 1986).* Rather, reasonable fees must be calculated based on the prevailing market rates charged by "attorneys in the relevant community engaged in 'equally complex Federal litigation.'" *Van Slike v. Dir., Off. of Workers' Comp. Programs, 557 F.3d 1041, 1046 (9th Cir. 2009).*

Here, Plaintiff cites one case in the Eastern District approving Mr. Connolly's $295 hourly rate—a case awarding Mr. Connolly $1,475.00 in discovery

sanctions (5.0 hours) for prevailing on a discovery motion. *Lyon v. Bergstrom Law, Ltd., No. 1:16cv0401DAD-SKO, 2016 U.S. Dist. LEXIS 152148, 2016 WL 6522746, at *1 (E.D. Cal. Nov. 2, 2016)*. None of the other cases cited by Plaintiff granting a fee request in excess of $295 per hour are from the Eastern District. In other words, each case counsel has previously been granted a rate in excess of $295 reflects the prevailing rates of other communities, not the Eastern District.

The Court similarly is not persuaded by Plaintiff's reference to the United States Consumer Law Attorney Fee Survey Report, nor the declarations of Stephen Recordon or Clinton Rooney. These exhibits do not demonstrate that Mr. Recordon, Mr. Rooney, Plaintiff's counsel, or any other FDCPA practitioner in the Eastern District has been awarded an hourly rate over $295.

To the contrary, **[*11]** the Court's review of some of the most recent attorney fee awards in FDCPA cases indicate that the most common hourly rate awarded to Plaintiff's counsel in FDCPA cases is $250 with a maximum of $300-$315 for the most experienced attorneys. *See, e.g., Miranda v. Law Office of D. Scott Carruthers, No. 1:10-CV-01487-BAM, 2012 U.S. Dist. LEXIS 2866, 2012 WL 78236, at *7 (E.D. Cal. Jan. 10, 2012)* ("The Court's review of some of the most recent attorney fee awards in FDCPA cases indicate[s] that the most common hourly rate awarded to plaintiff's counsel in FDCPA cases is $250."); *Alonso v. Blackstone Fin. Group. LLC, 2014 U.S. Dist. LEXIS 24677 (E.D. Cal. Feb. 25, 2014)* (average rate awarded in FDCPA cases is $250 per hour but awarding $300 per hour to attorney with 35 years of experience); *Valero v. Bryant, LaFayette and Associates, LLC, 2011 U.S. Dist. LEXIS 40578, 2011 WL 1438436 (E.D. Cal. 2011)* ($250); *Brablec v. Paul Coleman & Associates, P.C., 2010 U.S. Dist. LEXIS 4500, 2010 WL 235062 (E.D. Cal., 2010)* ($250); *Hartung v. J.D. Byrider, Inc., 2009 U.S. Dist. LEXIS 54415, 2009 WL 1876690 (E.D. Cal., 2009)* ($250).

According to counsels' declarations, Mr. Connolly and Ms. Dorman have approximately four years of experience, and Mr. Hyde thirteen years of experience all devoted primarily to consumer protection litigation. Counsels' proposed rates are therefore well outside the prevailing market rates for attorneys with comparable experience in Fresno. As addressed above, courts in the Eastern District repeatedly have found $250 per hour to be a reasonable rate for attorneys with less than fifteen years of experience bringing actions under the FDCPA. Further, while **[*12]** the Court accepts that Plaintiff's attorneys have specialized experience in consumer protection litigation, this case did not involve complicated legal or factual issues. Indeed, the present case was relatively simple and not an exceptional case meriting a higher fee. While the Court has identified cases in which FDCPA practitioners were awarded $300-$315 hourly rates, *see e.g., Costa v. National Action Financial Services, 2008 U.S. Dist. LEXIS 35539, 2008 WL 1925235 (E.D. Cal., 2008)* ($315); *Johnson v. JP Morgan Chase Bank, N.A., 2010 U.S. Dist. LEXIS 133096, 2010 WL 4977648 (E.D. Cal., 2010)* ($300), those awards are outliers reserved for those FDCPA practitioners with the highest degree of skill, experience and reputation.

Thus, in light of counsels' comparatively shorter experience and the minimal complexity of this case, there is nothing to justify awarding or exceeding the maximum hourly rate found to be reasonable in non-class action FDCPA cases in this district. Considering these factors, rate determinations for similarly skilled and experienced counsel in other cases in this forum, and this Court's own knowledge of the local value of legal services comparable to those rendered here, a reasonable hourly rate for Mr. Connolly, Ms. Dorman, and Mr. Hyde is $250 per hour, respectively.

**4. Hours Reasonably Expended**

With regard to the time and labor required, the Court has reviewed the billing **[*13]** records

submitted by Plaintiff's counsel and finds that, with two exceptions, the number of hours expended to be reasonable. First, a review of counsels' billing records reveals that counsel billed over 10 attorney hours for interoffice conversations between all three attorneys to discuss case status or strategy. While it is reasonable to spend some time coordinating legal resources, it is not reasonable to double or triple-bill a client for internal meetings, many of which appear to be for partner, Mr. Hyde, to provide instructions to his junior associates, Mr. Connolly and Ms. Dorman. *See Gauchat-Hargis v. Forest River, Inc., No. 2:11-cv-02737-KJM-EFB, 2013 U.S. Dist. LEXIS 128508, 2013 WL 4824594, (E.D. Cal. Sep. 6, 2013)* (finding it unreasonable for partners and associates to collectively "triple-bill" a client for attending internal meetings).

For example, on June 16, 2016, Mr. Connolly and Ms. Dorman each billed .4 hours to "speak with Robert Hyde" about "opposing counsel's summary judgment letter." (Doc. 29-8, Exh. A at 4). Mr. Hyde billed a slightly longer .6 hours for that same meeting ostensibly in preparation to provide Mr. Connolly and Ms. Dorman further instruction at the meeting. Given the triple-billing here for these kinds of internal communications, the Court [*14] agrees with Defendant that such charges are excessive. *See Chalmers, 796 F.2d at 1211* (The court may reduce those hours where a case is overstaffed and hours are duplicated and where the hours expended are deemed to be excessive). Thus, while the billing of 3.3 hours to conduct strategy meetings by Mr. Hyde was reasonable, the additional duplicative billing to attend those meetings was not. Accordingly, the Court will deduct the 3.3 hours each spent by Ms. Dorman and Mr. Connolly to attend meetings with co-counsel for a total reduction of 6.6 hours.

Second, the Court has reviewed Plaintiff's request for fees-on-fees[5] and finds the requested award excessive. Along with the work performed on the merits of this case, Plaintiff billed approximately

---

[5] Fees for time spent litigating the fees motions.

32.8 hours for preparing and drafting the underlying fee motion and reply (24 hours to draft the motion and 8.8 hours for the reply). (Doc. 29-8 at Ex. A at 9-10; Doc. 33-3, Ex. E at 3). Plaintiff is entitled to recover attorney's fees for time reasonably expended on a motion for attorney fees and costs, however, an inflated request for a "fees-on-fees" award may be reduced to an amount deemed reasonable by the awarding court. *See Brown v. Sullivan, 916 F.2d 492, 497 (9th Cir.1990)*; *Jadwin v. County of Kern, 767 F.Supp.2d 1069, 1140 (E.D. Cal. 2011)* (denying attorney's motion for "fees-on-fees" [*15] due to lack of a reasonable basis for such an award).

Defendant does not contend that any specific time entry relating to attorney's fees is excessive however; an independent review of the billing records reveals that the time spent pursuing fees is disproportionate to the time spent litigating the merits of this case. For example, whereas Ms. Dorman dedicated 32.8 hours in pursuit of fees in this matter, counsel expended approximately 36.4 hours drafting the summary judgment motion and reply. (Doc. 29-8 at Ex. A at 9-10; Doc. 33-3, Ex. E at 3). While Courts in the Ninth Circuit reject the notion that an automatic reduction in fees is warranted where the time spent on litigating fees begins to approach the time spent litigating the case's merit, the Court must still determine the reasonable number of hours expended in light of the issues and tasks involved. *See Golden Gate Audobon Soc'y, Inc. v. United States Army Corps of Eng'rs, 732 F. Supp. 1014, 1021-22 (N.D. Cal. 1989)*.

Here, while the time expended on litigating the summary judgment and fees was similar, the fee motion is far less complex. Indeed, the issues raised in the fee motion are not novel or difficult—a fact further demonstrated by Defendant's meager six-page opposition to the fee motion. (Doc. 31). Further, the fee motion and supporting [*16] documents contained a high degree of duplication and a large amount of boilerplate. Thus, because the motion was not particularly complicated, it does

not warrant essentially the same amount of effort expended on the motion for summary judgment. As a result, the Court finds the fees sought on the fee motion to be excessive. Accordingly, the Court reduces the time spent by Ms. Dorman preparing and drafting the fee motion and reply by 10 hours.

Finally, although Defendant challenges the duplicative attendance of Ms. Dorman and Mr. Connolly at the deposition, having two attorneys present at a deposition is not necessarily duplicative, especially if the deponent is a key witness. *PSM Holding Corp. v. Nat'l Farm Fin. Corp., 743 F. Supp. 2d 1136, 1157 (C.D. Cal. 2010)* ("[D]ivision of responsibility may make it necessary for more than one attorney to attend activities such as depositions and hearings."). Although the Ninth Circuit has instructed courts to "examine with skepticism claims that several lawyers were needed to perform a task," it has also emphasized that staffing multiple lawyers on a single task is not by itself evidence of excessive billing. *Democratic Party of Wash. State v. Reed, 388 F.3d 1281, 1286 (9th Cir. 2004)*; *see also Moreno, 534 F.3d at 1113* (emphasizing that "[f]indings of duplicative work should not just become a shortcut for reducing a fee award without identifying **[*17]** just why the requested fee was excessive").

Here, the record reflects that on March 15, 2016, Mr. Connolly and Ms. Dorman billed 8.1 hours each to "travel and attend" the depositions of two of Defendant's employees. (Doc. 29-8, Exh. A at 4). The Court is familiar with the issues in the case and finds that in light of the significance of the testimony of Defendant's employees, it was reasonable for both Ms. Dorman and Mr. Connolly to attend these depositions. *PSM Holding Corp., 743 F. Supp. 2d at 1157*. Further, it is not duplicative to have a second attorney serve as a sounding board or be present to assure that valuable testimony is obtained during the limited time allotted in a deposition. *See Moreno, 534 F.3d at 1112* ("By and large, the court should defer to the winning lawyer's professional judgment as to how

much time he was required to spend on the case; after all, he won, and might not have, had he been more of a slacker"). The Court, therefore, does not reduce Plaintiff's requested fee based on duplicative attendance at the depositions.

Having considered all the relevant factors, the Court finds that of the requested 207.3 hours, 190.7 hours of attorney time was reasonably expended in litigating this case. This reflects a deduction of 3.3 hours of Mr. **[*18]** Connolly's requested 82.1 hours for duplicative interoffice conferences and a 13.3 hour deduction of Ms. Dorman's 73 hours for 3.3 hours of similar interoffice conferences and 10 hours of excessive work on the fee application. Given these deductions, the Court will award counsel a total fee award of $47,675.00.

## C. Costs

Plaintiff seeks $1,919.90 in costs and has submitted a statement of itemized costs in support of his request. (Doc. 29-8). Plaintiff seeks reimbursement for filing fees, travel costs, service fees, and court reporter fees. (Doc. 29-8). Defendant has not challenged any item of costs. Having reviewed Plaintiff's statement of costs, the Court finds that the costs Plaintiff seeks to recover were reasonably incurred and recoverable. *See Garcia v. Resurgent Capital Services, L.P., 2012 U.S. Dist. LEXIS 123889, 2012 WL 3778852, at *12 (N.D. Cal. 2012)* ("in FDCPA cases, 'expenses that are generally charged to paying clients may be awarded, even though they are not normally taxable as costs.'"). Accordingly, Plaintiff's motion for costs in the amount of $1,919.90 is GRANTED.

## III. CONCLUSION

Based on the foregoing, Plaintiff's motion for an award of statutory damages, attorney's fees, and costs is GRANTED IN PART AND DENIED IN PART. Plaintiff is awarded a total amount of $50,594.90, comprised **[*19]** of $500 in statutory damages under the FDCPA; $500 in statutory

2017 U.S. Dist. LEXIS 109855, *19

damages under the RFDCPA; $47,675.00 in reasonable attorneys' fees; and $1,919.90 in costs.

The Clerk shall enter judgment and close the case file.

IT IS SO ORDERED.

Dated: **July 14, 2017**

**/s/** Barbara A. McAuliffe

UNITED STATES MAGISTRATE JUDGE

---

**End of Document**

# EXHIBIT 19

1
2
3
4
5
6
7
8          **UNITED STATES DISTRICT COURT**
9          **EASTERN DISTRICT OF CALIFORNIA**
10
11   KEVIN H. SCOTT and JACQUIE L. SCOTT,  ) Case No.: 1:19-cv-0315 JLT
                                             )
12              Plaintiffs,                   ) ORDER GRANTING IN PART PLAINTIFF'S
                                             ) MOTION FOR ATTORNEY FEES AND COSTS
13        v.                                  )
                                             ) (Doc. 70)
14   JAYCO INC.,                              )
                                             )
15              Defendant.                    )
                                             )
16   _____)

17          The Scotts are California residents who purchased a new RV in Iowa. After a short time, they

18   discovered the RV suffered from various defects and required repairs. Plaintiffs sought to hold Jayco,

19   Inc. liable for damages and injunctive relief under California's Unfair Competition Act and Consumer

20   Legal Remedies Act, and under federal law with the Magnuson-Moss Warranty Act. The parties have

21   settled the underlying claims and agreed Jayco shall pay attorney fees and costs in an amount to be

22   determined by the Court. (*See* Doc. 70-3.)

23          Plaintiffs now seek an award of attorney fees in the amount of $170,385.75 and costs in the

24   amount of $1,509.13. (Doc. 71 at 15.) Jayco opposes the motion, asserting the fees requested are

25   excessive. (Doc. 72.) The Court found the matter suitable for decision without oral argument, and the

26   motion was taken under submission pursuant to Local Rule 230(g). For the reasons set forth below,

27   Plaintiffs' motion is **GRANTED** in part, with fees in the modified amount of **$67,634.35** and costs in

28   the modified amount of **$400.00**.

<center>1</center>

## I.      Background

In December 2016, "Plaintiffs purchased a new 2017 Jayco Seneca RV" online through RV One Superstores.  (Doc. 1 at 4; *see also* Doc. 11-4 at 1-2.)  On December 30, 2016, Mr. Scott travelled to Des Moines, Iowa and signed the purchase contract for the RV.  (*See* Doc 11-4 at 2, ¶ 3.)  Plaintiffs assert that after purchasing the RV, they discovered it suffered from numerous defects and repeatedly sought repairs.  (Doc. 1 at 5-13.)  Plaintiffs assert the they suffered "ongoing and recurring problems with fit and finish, and a myriad of mechanical issues."  (*Id.* at 12, ¶ 23.)  According to Plaintiffs, Jayco "had multiple repair attempts on the RV, through its Dealer, and … refused and or failed to remedy, fix or remediate the serious issues."  (*Id.*, ¶ 24.)

On June 22, 2018, Plaintiff initiated this action by filing a complaint asserting the following causes of action: (1) breach of an express warranty in violation of the Song-Beverly Consumer Warranty Act;  (2) breach of an implied warranty in violation of the Song-Beverly Consumer Warranty Act; (3) unlawful, unfair, and fraudulent business practices in violation of Cal. Bus. & Prof. Code § 17200; (4) violation of the Consumer Legal Remedies Act, Cal. Civ. Code § 1750, *et seq.*; and (5) violation of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301.  (*See generally* Doc. 1.)  However, the parties stipulated that Plaintiffs' claims under the Song-Beverly Act be dismissed with prejudice on September 10, 2021.  (Doc. 10.)

On July 15, 2021, the parties informed the Court that they had reached a settlement in the action.  (Doc. 64.)  They agreed on the substantive settlement terms, including that Plaintiffs would file a motion for fees and costs, which they have now done (Docs. 70, 71.)

## II.      Legal Standards

In general, "[t]he starting point for determining a reasonable fee is the 'lodestar' figure, which is the number of hours reasonably expended multiplied by a reasonable hourly rate."  *Gates v. Deukmejian*, 987 F.2d 1390 (9th Cir. 1992); *see also Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008); *Laffitte v. Robert Half Int'l Inc.*, 1 Cal. 5th 480, 489 (2016) (a lodestar involves "multiplying the number of hours reasonably expended by counsel by a reasonable hourly rate").

When the parties are unable to "settle the amount of a fee," "the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly

rates." *Hensley v. Eckerhart*, 461 U.S. at 424, 437 (1983).  Thus, the burden of proof is on fee applicants. *Id.*; *see also Welch v. Metropolitan Life Ins. Co.*, 480 F.3d 942, 945-46 (9th Cir. 2007).  Any party opposing the fee request must make specific objections to the hours expended. *Gates v. Deukmejian*, 987 F.2d 1392, 1397-98 (9th Cir. 1993); *see also Premier Med. Mgmt. Sys. v. Cal. Ins. Guarantee Assoc.*, 163 Cal. App. 4th at 550, 564 (2008) ("[g]eneral arguments that fees claimed are excessive, duplicative, or unrelated do not suffice").  Thus, the burden shifts to opposing party to demonstrate the hours spent are duplicative or excessive.  *See id.; see also Gorman v. Tassajara Dev. Corp.*, 178 Cal. App. 4th 44, 101 (2009) ("[t]he party opposing the fee award can be expected to identify the particular charges it considers objectionable").

Courts are given discretion when calculating a fee award. *Hensley,* 416 U.S. at 437.  However, the Supreme Court explained "it remains important ... for the district court to provide a concise but clear explanation of its reasons for the fee award." *Id*.  Thus, the Court should provide sufficient information on how it arrived at the total of compensable hours for which fees were awarded to allow for meaningful appellate review. *Cunningham v. County of Los Angeles*, 879 F.2d 481, 485 (9th Cir. 1988) ("Courts need not attempt to portray the discretionary analyses that leads to their numerical conclusions as elaborate mathematical equations, but they must provide sufficient insight into their exercises of discretion to enable [the appellate court] to discharge our reviewing function").

### III.    Discussion and Analysis

Pursuant to the terms of the settlement agreement, "Jayco agrees to pay Plaintiff's (sic) attorney's fees and costs in an amount to be determined by the Court, by way of noticed motion, to have been reasonably incurred by Plaintiffs in the commencement and prosecution of this action." (Doc. 70-3 at 6, ¶ 1(b), emphasis omitted.)  Thus, there is no dispute that Plaintiffs are entitled to fees in the action.  Rather, Jayco challenges the number of hours "reasonably incurred" and the hourly rates sought by counsel and the administrative professionals.  (*See generally* Doc. 72.)

Plaintiffs seek an award of "$106,090.55 in fees, plus an additional $7,5000 for bringing this Motion, reviewing Jayco's Opposition to Plaintiffs' Motion, drafting Plaintiffs' Reply, preparing and attending any relating hearing, preparing any needed filings to satisfy the order, for time to wrap up the settlement and ultimately collect any amount awarded by this Court." (Doc. 71 at 6.)  Plaintiffs request

1  multiplier to enhance the lodestar in the amount of 1.5, for the total amount of $170,385.75.  (*Id.* at 6,

2  15.)  Finally, Plaintiffs seek costs and expenses in the amount of $1,509.13.  (*Id.*)

3      **A.**    **Hours expended**

4         A fee applicant must provide records documenting the tasks completed and the amount of time

5  spent.  *Hensley,* 461 U.S. at 424 (1983); *see also Ketchum v. Moses*, 24 Cal.4th 1122, 1132 (2001)

6  (party must provide records sufficient for the court to "carefully review … [the]  hours expended" to

7  determine whether the time reported was reasonable).  "Where the documentation of hours in

8  inadequate, the district court may reduce hours accordingly."  *Hensley*, 461 U.S. at 433; *see also*

9  *Ketchum*, 24 Cal.4th at 1131-32.

10         Plaintiffs seek fees for 270.3 hours of work in the action, plus anticipated time for future work

11  on this motion.[1]  (Doc. 70-1 at 12-13; Doc. 71 at 7-8, 15.)  This time includes work by attorneys Jon

12  Jacobs, Terry Baker, Chad David, Rene Dupart, Jon Feeley, Elana Midda, and Nicolas, Dillavou; as

13  well as paralegals Lisa Tyler, Gabriela Torres, Kimberly Riley, Kayla Goettman, Cindy Lewandowski,

14  and Shaina Cateldge.  (*Id*.)  Jayco contends the time reported reflects overstaffing of the work with

15  "transient timekeepers."  (Doc. 72 at 3, 7-9.)  In addition, Jayco objects the hours reported includes

16  "numerous clerical entries, which should be considered as overhead" and "impossibly vague billing

17  entries" that should be excluded from the fee award.  (*Id.* at 3-4, 9-12.)  Finally, Jayco argues the time

18  sheets reflect overbilling with tasks that should not take six minutes to complete.  (*Id.* at 12.)

19        1.    Exhibits in opposition

20         Jayco enlisted James Schratz to "provide an audit and opinion regarding the reasonableness of

21  the attorneys' fees requested" by Plaintiffs.  (*See* Doc. 72-1 at 1, ¶ 1.)  According to Mr. Schratz, he

22  "reviewed Plaintiffs' Fee Motion and accompanying declarations and exhibits in support thereof,

23  including billing records covering the time period from February 9, 2018 through August 27, 2021," as

24  well as "various pleading and written discovery provided by Jayco, Inc.'s counsel."  (*Id.* at 14, ¶ 46.)

25  Based upon his review, Jayco compiled billing entries that were challenged for overstaffing with

26

27        [1] Although the table in the motion indicates a total of 230.7 hours, this appears to be a clerical error.  (*See* Doc. 71
at 8.)  Rather, Mr. Jacobs reports: "The Law Offices of Jon Jacobs has spent 230.7 hours on this matter."  (*See* Doc. 70-5 at

28  4.)  In addition, Mr. Baker billed 39.6 hours prior to joining as co-counsel with the firm of Mr. Jacobs.  (*See id.*; Doc. 70-4
at 7-8.)  These hours are reflected in the billing records and the table in the motion, and when combined total 270.3 hours.

1    "transient timekeepers" in "Exhibit 8," clerical tasks in "Exhibit 11," and vague billing entries in

2    "Exhibit 12."

3           Significantly, whether fees should be awarded—and the reasonableness of the fees requested—

4    are matters of law for the Court to decide.  *See Hensley,* 416 U.S. at 437.  Thus, the Court declines to

5    simply adopt the opinions of Mr. Schratz related to the reasonableness of the fees requested by

6    Plaintiffs' counsel.  The Court has reviewed each exhibit, as discussed below, and used the exhibits to

7    identify the more than 400 billing entries challenged by Jayco in support of the assertion that the hours

8    billed by Plaintiffs' counsel should be reduced for overstaffing, clerical tasks, and vagueness.[2]

9                   2.     Overstaffing

10          Jayco observes that while Plaintiffs' counsel "professes expertise in consumer warrant law,"

11   the firm "collectively staffed this matter with 13 different timekeepers consisting of 7 attorneys and 6

12   paralegals."  (Doc. 72 at 7.)  Jayco contends "at least 9 of the 13 timekeepers are transient or excessive

13   timekeepers that each billed less than 20 hours for the entire case," for which Plaintiffs requested fees

14   in the amount of $15,569.50.  (*Id.*)  In addition, Jayco observes that six individuals "billed less than 3

15   hours, with 3 of those timekeepers billing less than a half hour total."  (*Id.*)  Jayco compiled the

16   challenged billing entries for these individuals in "Exhibit 8."  (*See id.* at 8; Doc. 72-3 at 125-129.)

17          According to Jayco, "in staffing cases, counsel is required to exercise 'billing judgment',

18   which means exercising judgment to adjust or write down fees and/or expenses incurred when the fees

19   would be excessive, duplicative, or unnecessary."  (Doc. 72 at 8, citing *Hensley v. Eckerhart*, 103

20   S.Ct. 1933 (1983).)  Jayco notes the Supreme Court explained:

21                 Cases may be overstaffed, and the skill and experience of lawyers vary widely. Counsel
                   for the prevailing party should make a good faith effort to exclude from a fee request
22                 hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in
                   private practice ethically is obligated to exclude such hours from his fee submission.
23                 "In the private sector, 'billing judgment' is an important component in fee setting. It is
                   no less important here."
24

25   (*Id.* at 8-9, quoting *Hensley, 103* S.Ct. at 1939-40.)  Based upon the limited tasks performed, Jayco

26

27   ─────────────────────
            [2] Due to the significant number of entries challenged, the Court declines to list each and every billing entry
28   challenged by Jayco in its exhibits.  However, the Court categorized the billing entries below, to identify which categories
     of tasks were not compensable—particularly with clerical tasks— and which of the challenged entries are not stricken from
     the fee award.

                                                    5

1  contends the time of attorneys Jon Jacobs, Elena Midda, Rene Dupart, Jon Feely, and Nicolas Dillavou

2  should be deducted from the fee award.  (*Id.* at 7-8.)  For the same reason, Jayco contends the Court

3  should deduct the time of the following administrative professionals: Gabriela Torres, Kimberly Riley,

4  Cindy Lewandowski, and Shaina Cateldge.  (*Id.*)

5      Plaintiffs contend the number of timekeepers on the action "would only be relevant had the

6  billing been duplicative with multiple timekeepers performing the same task."  (Doc. 73 at 2.)

7  According to Plaintiffs, "[t]he Law Offices of Jon Jacobs was retained by Plaintiffs in March of 2018,

8  and multiple attorneys and paralegals left the law firm over the course of this case."  (*Id.*)  Plaintiffs

9  explain: "During the pendency of the lawsuit, timekeeper Rene Dupart, Jon Feely, Shaina Catley,

10  Kimberly Riley, Gabriela Torres, and Elana Midda all left the law firm."  (*Id.* at 5.)  Plaintiffs argue

11  that a review of the billing records indicates "it is clear that the case was primarily handled by attorneys

12  Rene Dupart and Terry Baker, then Chad David and Terry Baker upon Mr. Dupart's departure from the

13  law firm."  (*Id.* at 3.)  Further, Plaintiffs assert: "There was not one billing entry related to any attorney

14  catching up on the facts of the case or performing duplicative tasks."  (*Id.* at 2-3.)

15      Importantly, the Ninth Circuit has "recognized that 'the participation of more than one attorney

16  does not necessarily constitute an unnecessary duplication of effort.'"  *McGrath v. County of Nevada*,

17  67 F.3d 248, 256 (1995) (quoting *Kim v. Fujikawa*, 871 F.2d 1427, 1435 n.9 (9th Cir. 1989)).  The

18  Ninth Circuit recently determined a district court erred in striking all hours billed by several attorneys

19  on the grounds that "the case was overstaffed."  *Fernandez v. Torres*, 2021 U.S. App. LEXIS 30145 at

20  *1-2, 2021 WL 4690940, at *1 (9th Cir. Oct. 7, 2021).  In *Fernandez*, five attorneys billed for work on

21  an action, and the district court "ignored the time billed by three of Fernandez's five attorneys."  *Id.*

22  The Ninth Circuit concluded "[t]he district court abused its discretion," because the identified attorneys

23  "performed at least <u>some</u> necessary work, such as drafting a joint Rule 26 report and a settlement

24  agreement."  *Id.* (emphasis in original).  The Ninth Circuit explained: "To the extent that overstaffing

25  resulted in inefficiencies, the district court should reduce the fee award in proportion to those

26  inefficiencies, rather than through a 'shortcut'" in striking all actions. *Id.*, citing *Moreno v. City of*

27  *Sacramento,* 534 F.3d 1106, 1113 (9th Cir. 2008).

28      As in *Fernandez*, the number of attorneys on the action suggests that the firm overstaffed the

6

matter.  However, the Court declines to strike time billed on these grounds.  *See Fernandez*,  2021 U.S. App. LEXIS 30145 at *1-2, 2021 WL 4690940, at *1.  Rather, the Court will review the challenged billing records in "Exhibit 8" to determine whether "overstaffing resulted in inefficiencies," and whether unnecessary time or duplicative tasks were included in the billing records.

### a.  Time reported by Jon Jacobs

Notably, contrary to Plaintiffs' assertion, challenged entries from Jon Jacobs indicate an effort to "catch[] up on the facts of the case."  Mr. Jacobs was the first to review the action on March 2, 2018, when he conducted an "intake review."  (Doc. 70-5 at 43.)  He then billed for further review and assigning the case on March 9, 2018.  (*Id.*)  Presumably, review had to occur for his law firm to determine whether to take the action and identify the attorney(s) who would work on the action.  Thus, the Court declines to strike these hours.  However, the billing records do not include any other entries from Mr. Jacobs for more than three years.  (*See id.* at 9-43.)

On July 14, 2021, Mr. Jacobs billed 0.4 hours for reviewing the file to determine the authorized amount and determine where the sales contract was signed.  (Doc. 70-5 at 9.)  If Mr. Jacobs worked on the action consistently, it would not be necessary to review the file to determine where the contract was signed.  (*See* Doc. 11-4 at 2; Doc. 19 at 1-2.)  Further, Chad David drafted a confidential settlement conference statement a week before—which was provided to the Court on July 9, 2021—and the parties were already actively engaged in settlement discussions when Mr. Jacobs reviewed the file. (*See id.* at 9-10.)  Thus, Mr. Jacobs' file review on July 14, 2021 was unnecessary to the action, and 0.4 hour will be deducted from his time.

Finally, Mr. Jacobs billed 0.2 hour for his review of the file in advance of preparing the fees motion and a memo on August 16, 2021.  (Doc. 70-5 at 7.)  Importantly, the record indicates that Mr. Jacobs was involved with the preparation of the motion for fees now pending before the Court, as he executed a declaration in support of the motion.  (*Id.* at 1-5.)  Therefore, the Court is unable to find this review related to the motion for fees was unnecessary, and declines to deduct this challenged time.

### b.  Time billed by Jon Feely

Jayco objects to the 0.2 hour billed by Jon Feely in this action. (Doc. 72 at 7.)  Mr. Feely billed the 0.20 hour for "Choice of Law" on May 14, 2019.  (Doc. 70-5 at 32.)  Curiously, this entry is the

*only* one for Mr. Feeley, and the only work entered for the entirety of the month of May 2019.  (*See id.* at 31-32.)  Further, Terry Baker began to research the "choice of law" issue—or "controlling law," as counsel used the terms interchangeably in the billing records—in February 2019.  (Doc. 70-4 at 7; *see also* Doc. 70-5 at 21-24.)  Mr. Baker continued to research the issue, prepared the motion to establish controlling law, reviewed the opposition, prepared the reply brief, attended the hearing, and communicated with the client regarding the Court's ruling.  (Doc. 70-5 at 21-24.)  In total, Mr. Baker billed approximately 36 hours related to that motion, through March 2020.  (*See id.*; Doc. 70-4 at 7.)  Because there is no indication in the billing records that Mr. Feely offered any assistance to Mr. Baker with the preparation of the motion—particularly where Mr. Baker did not bill for any work on the issue between February 2019 and January 2020—it appears work by Mr. Feely was duplicative of the efforts of Mr. Baker.  Therefore, the 0.2 hour will be deducted from the fee award.

<div align="center">

*c.*    *Time billed by Nicolas Dillavou*

</div>

On June 22, 2021, Mr. Dillavou billed 0.3 hour for a "[p]hone call with [Chad David] re status of case, settlement, and next steps."  (Doc. 70-5 at 14.)  Jayco asserts this time should not be awarded, noting it was the only work completed by Mr. Dillavou on the action.  (Doc. 72 at 7; *see also* Doc. 72-3 at 128.)

Notably, Mr. David also billed 0.3 hour for a call with Mr. Dillavou "re legal strategy" on June 22, 2021.  (Doc. 70-5 at 14.)  In general, two attorneys cannot bill for communicating with each other, as such time is duplicative and unnecessary.  *In re Mullins*, 84 F.3d 459, 467, 318 U.S. App. D.C. 19 (D.C. Cir. 1996); *Robinson v. Plourde*, 717 F. Supp. 2d 1092, 1099 (D. Haw. 2010).  As this Court previously observed, "many courts ... reduced fee awards for time spent in 'interoffice conferences' or other internal communications."  *Gauchat-Hargis v. Forest River, Inc.*, 2013 WL 4828594 at *3 (E.D. Cal. Sept. 9, 2013) citing, *e.g., Mogck v. Unum Life Ins. Co. of Am.*, 289 F.Supp.2d 1181, 1194 (S.D. Cal. 2003); *see also United States v. One 2008 Toyota Rav 4 Sports Util. Vehicle,* 2012 WL 5272281 at *9 (C.D. Cal. Oct. 18, 2012) ("[w]hen attorneys hold a telephone or personal conference, good 'billing judgment' mandates that only one attorney should bill that conference to the client, not both attorneys" [citation omitted]); *Coles v. City of Oakland*, 2007 WL 39304, at *10 (N.D. Cal. Jan. 4, 2007) (observing that billing for communications between attorneys may be a sign of overstaffing, warranting

<div align="center">8</div>

a reduction in hours billed). Because Mr. David has billed for the same conference, the Court finds the billing by Mr. Dillavou was duplicative and unnecessary. Therefore, the 0.3 hour will be deducted from the Court's lodestar calculation.

### d. Time billed by Elena Midda

On March 13, 2018, Ms. Midda billed 2.0 hours for her review of the initial file documents and preparation of a notice and demand. (Doc. 70-5 at 43.) On March 21, 2018, she billed for her review of Jayco's response. (*Id.*) Jayco object to the entries from Ms. Midda, asserting she is a "transient timekeeper" and the 2.2 hours she billed for these tasks should not be included in the fee award. (Doc. 72 at 7-8; Doc. 72-3 at 126.)

Notably, the billing records indicate that while the action was originally assigned by the firm to Ms. Midda for work, the assignment changed to Rene Dupart in May 2018. (*Id.* at 43.) Plaintiffs also report Ms. Midda left the firm during the pendency of this action, although it is unclear when her departure occurred. (*See* Doc. 73 at 5.) Jayco does not assert the work performed by Ms. Midda prior to the reassignment or her departure was not relevant or unnecessary to the matter. (*See* Doc. 72 at 7-9.) Further, there is no indication her work was duplicative of other attorneys. Accordingly, the Court declines to deduct the challenged time for Ms. Midda from the lodestar.

### e. Time billed by Rene Dupart

Jayco contends Plaintiffs should not receive any fees for the time billed by Mr. Dupart. (Doc. 72 at 7-9.) Again, however, Jayco does not address the substance of the work performed by the attorney. (*Id.*) Mr. Dupart billed 19.7 hours for tasks that included: communicating with Plaintiffs and opposing counsel; drafting the complaint (Doc. 1) drafting the Joint Scheduling Report filed on September 13, 2018 (Doc. 8); attending the conference via telephone on September 20, 2018; and drafting the opposition to the motion to change venue filed October 18, 2018 (Doc. 16). (*See* Doc. 70-5 at 35-43; *see also* Doc. 72-3 at 128.) It is indisputable that such tasks were necessary and relevant to the litigation. Because no other attorney billed for drafting the identified pleadings, it does not appear there was duplicative billing to warrant a deduction. Consequently, the Court declines Jayco's request to strike the 19.7 hours billed by Mr. Dupart from the fee award.

///

### f.    Challenged time billed by paralegals

On the grounds that several paralegals were also "transient timekeepers," Jayco objects to the 12.8 hours billed by Gabriela Torres, the 5.4 hours billed by Kimberly Riley, the 0.2 hour billed by Cindy Lewandowski, and the 2.4 hours billed by Shaina Cateldge.  (Doc. 72 at 7-9.)  Review of the records for each of the individuals does not reveal duplicative tasks.  Therefore, the Court declines to deduct this time based upon Jayco's objection to "the high number" of individuals who worked on the action and limited number of tasks completed.  *See Fernandez*, 2021 U.S. App. LEXIS 30145 at *1-2, 2021 WL 4690940, at *1.  Review of the records for each of the individuals does not reveal any duplicative efforts among the paralegals. To the extent Jayco also argues to the time billed by Gabriela Torres and Kimberley Riley should not be awarded because the tasks performed were clerical in nature (Doc. 72 at 8), such objections are addressed below.

### 3.    Clerical tasks

The Supreme Court determined that "purely clerical or secretarial tasks should not be billed at a paralegal or [lawyer's] rate, regardless of who performs them."  *Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989).  As a result, courts have approved of elimination of clerical tasks from fee awards.  *See, e.g., Nadarajah v. Holder*, 569 F.3d 906, 921 (9th Cir. 2009); *see also Marquez v. Harper Sch. Dist.*, 546 F. App'x 659, 660 (9th Cir. 2013) ("[t]he district court was within its discretion" when it declined to award fees for clerical tasks); *Harris v. L & L Wings, Inc.*, 132 F.3d 978, 985 (4th Cir. 1997) (approving the deduction of hours spent on secretarial tasks from the lodestar calculation). Such tasks may include: "creating indexes for a binder; filing emails, memoranda, and other correspondence; updating the case calendar with new dates; copying, scanning, and faxing documents; and filing or serving documents."  *Moore v. Chase, Inc.*, 2016 (E.D. Cal. July 7, 2016), citing *Prison Legal News v. Schwarzenegger*, 561 F.Supp.2d 1095, 1102 (N.D. Cal. 2008).

Jayco argues counsel billed more than 60 hours in "clerical tasks such as uploading and saving documents, calendaring, intra-office coordinating and scheduling, and e-filing documents," and prepared "Exhibit 11" as table of 256 challenged billing entries.[3]  (Doc. 72 at 10; Doc. 72-3 at 153-67.)

---

[3] Again, the Court relies on the exhibit only to determine the challenged entries, which were then identified in Plaintiffs' original billing records.

In addition, Jayco asserts paralegals it previously identified as "transient timekeepers" performed clerical tasks. (*Id.* at 8-9.) Specifically, Jayco contends that "Gabriel[a] Torres billed a total of 12.8 hours consisting of 14 entries for clerical work with the most hours billed in round numbers (2 entries for 2 hours and 1 entry for 6 hours) totaling 10 hours for reviewing the file and preparing discovery shells." (*Id.*) Jayco also asserts, "Kimberly Riley billed a total of 5.4 hours consisting of 22 entries for clerical work such as calendaring, uploading documents, and client communication." (*Id.*)

In reply, Plaintiffs argue "many of the indicated billing entries offered by Defendant as Exhibit 11 of their Opposition do not fall under clerical tasks." (Doc. 73 at 5.) According to Plaintiffs, "A review of the billing entries show that many of the tasks complained of are fully recoverable." (*Id.*) However, Plaintiffs do not offer the Court any assistance by identifying which billed tasks they believe to be "fully recoverable," or which tasks Plaintiffs indirectly concede are not recoverable. (*See id.*)

### a.      Updating and reviewing the firm's file

Previously, this Court determined that organizing and updating files appeared to be clerical work. *L.H. v. Schwarzenegger*, 645 F. Supp. 2d 888, 899 (E.D. Cal. 2009). Thus, the Court declined to award fees where the applicant "tendered no evidence that these are tasks that required the skill of a paralegal." *Id.* Approximately 30 billing entries challenged by Jayco as clerical involve updates and reviews of the firm's file by Kimberly Riley, Gabriela Torres, Lisa Tyler, and Kayla Goettman. (*See, e.g.,* Doc. 72-3 at 127-28, 157-59, 161-63, 165-66.)

For example, Ms. Tyler billed 0.2 hours to indicate in the system that the "attorney assignment [changed]" from Rene Dupart to Elana Midda on May 25, 2018; and billed an additional 0.2 hour to indicate the attorney assignment changed back to Mr. Dupart on May 31, 2018. (Doc. 70-5 at 43.) Ms. Tyler billed 2.8 hours for updates to the firm's file that included, but were not limited to: meeting dates; tasks for the deadline sheet; and information concerning the parties, assigned judges, and contact information of opposing counsel "for easy access." (*See id.* at 8, 31.) Likewise, Ms. Goettman billed 0.8 hour for updates with party information, "case details," and "case numbers" for the Eastern District of California and Northern District of Indiana. (*See, e.g. id.* at 33, 36, 41-42.) Ms. Goettman also billed 0.8 hour for reviewing the file to confirm the "case is in [the] Eastern District," document filing, and the prior demand for a jury trial. (*Id.* at 20-21.) Similarly, Ms. Riley billed 0.9 hour for file

review in an effort to locate a letter, which she was unable to find.  (Doc. 70-5 at 25.)  Ms. Riley also billed 0.4 hour to upload documents to the file such as an email from Plaintiffs and a "conformed copy of stipulation."  (*Id.* at 25-26.)  Ms. Torres billed 1.3 hours for file updates that were requested when Mr. David and Ms. Tyler were away from the office, reviewing the file, and organizing documents. (*Id.* at 22-23, 27-28, 31.)

Plaintiffs do not argue these file updates or reviews "required the skill of a paralegal," or present any evidence that would support such a conclusion.  Based upon the Court's review of the challenged records, 7.8 hours will be deducted from the lodestar, which includes 3.6 hours for Lisa Tyler, 1.6 hours for Kayla Goettman, 1.3 hours for Kimberly Riley, and 1.3 hours for Gabriela Torres.

### b.  *Document retrieval and saving*

Courts have declined to award fees for "retrieving electronic court documents or copying" due to the clerical nature of the tasks.  *Jones v. Metropolitan Life Ins. Co.*, 845 F. Supp. 2d 1016, 1027 (N.D. Cal. 2012); *Schmidt v. City of Modesto*, 2018 WL 6593362, at *9 (E.D. Cal. Dec. 18, 2018) (indicating clerical work included downloading, saving, and printing documents); *T.B. v. San Diego Unified Sch. Dist.*, 2017 U.S. Dist. LEXIS 218434, at *97 (S.D. Cal. Oct 2, 2017) ("scanning and saving" documents is clerical work).  Thus, to the extent the billing records include such tasks, fees for such tasks should not be awarded.

As Jayco argues, the billing records from Plaintiffs' counsel include many entries related to document retrieval from the docket, printing copies, and saving numerous documents to the firm's file. For example, Kayla Goettman billed 0.2 hour to "[d]ownload/retrieve Docket No. 2 [the Summons]; upload to case file" and another 0.2 hour to "[d]ownload/retrieve Docket No. 3 [the New Case Documents]; upload to case file" on June 22, 2018.  (Doc. 70-6 at 42; Doc. 72-3 at 154.)  On June 28, 2018, Ms. Gotteman billed 0.2 hour to scan a copy of the complaint with supporting documents and "upload to the case file."  (*Id.* at 41.)  On July 17, 2018, she billed 0.2 hour to "Retrieve Docket No. 4; upload to the case file."  (*Id.* at 43.)  Similarly, in October 2018, Lisa Tyler billed 0.4 hour to upload and save Documents 14 and 15.  (*Id.* at 37.)  Ms. Tyler also billed 0.3 hour to print documents for Rene Dupart and "put [them] on his chair" with a "pad, pen and business cards" prior to a hearing. (*Id.* at 35.)  Ms. Riley also billed for 0.4 saving documents to the firm's file, such a copy of the signed

1   mediation agreement. (*Id.* at 27.)

2       Though these are only a handful of examples, throughout the duration of the action, paralegals

3   billed for document retrieval from the Court's docket and save copies, with more than 30 billing

4   entries for document retrieval and uploading to the firm's file.  (*See generally* Doc. 70-5 at 5-43; *see*

5   *also* Doc. 72-3 at 154-167.)  However, tasks such as saving, scanning, and printing documents should

6   be included in the firm's overhead, and fees will not be awarded.  *Jones*, 845 F. Supp. 2d at 1027.

7   Accordingly, based upon the Court's review of the billing records, 8.4 hours will be deducted from the

8   requested fee award, which includes 4.4 hours for Lisa Tyler, 3.6 hours for Kayla Goettman, and 0.4

9   hour for Kimberly Riley.

10                      *c.*     *Document finalizing and filing*

11       "Finalizing" a document generally refers to the preparation of documents for filing and service

12   after an attorney has drafted the document.  Courts throughout the Ninth Circuit determined the

13   "finalizing" of a document is a clerical task for which fees should not be awarded.  *See, e.g.*, *Moores v.*

14   *Berryhill*, 2017 WL 4386050, at *3 (E.D. Cal. Oct. 3, 2017) (declining to award fees for finalizing a

15   complaint as clerical work); *United States v. Haw. Student Suites*, 2021 WL 3134925, at *10 (D. Haw.

16   May 28, 2021) ("Finalizing a document" is a "clerical task[]" for which time is not compensable);

17   *Velu v. Aristotle Air Conditioning & Heating, LLC*, 2021 WL 4122297, at *2 (D. Az. Sept. 9, 2021);

18   (declining to include time billed for finalizing and filing a document in the court's calculation of fees).

19       Further, the Ninth Circuit indicated "filing, transcript, and document organization time was

20   clerical in nature and should have been subsumed in firm overhead."  *See Nadarajah*, 569 F.3d at 921.

21   *see also Garcia v. Colvin*, 2013 WL 5347494, at *7 (E.D. Cal. Sept. 23, 2013) (observing the

22   "document emailing and e-filing constitutes clerical or secretarial work and should not be awarded as

23   these activities should be considered overhead costs," and explaining "filing documents is a clerical

24   task, regardless of whether counsel has delegated the authority to his paralegal to access his CM/ECF

25   account"); *United States v. One 2008 Toyota Rav 4 Sports Utility Vehicle*, 2012 WL 5272281, at *12

26   (C.D. Cal. Oct. 18, 2012) (declining to award fees for time spent e-filing documents with the court).

27       As indicated by Jayco in "Exhibit 11," the billing records include many entries for finalizing

28   documents and e-filing with the Court.  For example, Kayla Gottman billed 0.8 hour for e-filing the

1    Summons, and finalizing and e-filing the Joint Scheduling Report.  (Doc. 70-5 at 39-40; Doc. 72-3 at

2    154-55.)  Lisa Tyler billed 0.9 hour to related to finalizing the complaint and coversheet, e-filing, and

3    upload the documents to the firm's case file.  (Doc. 70-5 at 42; Doc. 72-3 at 154.)  Additionally, Ms.

4    Tyler billed for finalizing and e-filing other documents including, but not limited to, a stipulation to

5    dismiss, the motion regarding controlling law, and a notice of appearance.  (*See, e.g.* Doc. 70-5 at 15,

6    38.)  For example, she billed 1.1 to talk to Mr. Baker about what needed to be done to finalize the

7    documents for the motion controlling law and then "made [the documents] pretty for filing."  (*Id.* at

8    24.)  Therefore, based upon the Court's review of the challenged billing records and the entries for

9    "finalizing" and e-filing documents, 3.2 hours will be deducted from the lodestar calculation, which

10   includes 0.8 hour for Kayla Goettman and 2.4 hours for Lisa Tyler.

11                   *d.       Document revision by paralegals*

12          In several billing entries challenged by Jayco, Lisa Tyler billed for reviewing and revising

13   documents previously drafted by attorneys prior to saving the document to the firm's system or e-

14   filing with the Court.  For example, after attorney Rene Dupart spent 4.0 hours drafting the complaint

15   in the action, Ms. Tyler billed 0.5 hour for the following: "[r]eview revise complaint, and uploaded

16   and saved to Merus."  (Doc. 70-5 at 43; *see also* Doc. 72-3 at 154.)  After Mr. Dupart spent 1.0 hour

17   drafting a stipulation to dismiss on September 24, 2018, Ms. Tyler billed 0.2 hour to "[r]eview revise

18   stip to dismiss" and upload the document to the system. (*Id.* at 38; *see also* Doc. 72-3 at 156.) Again,

19   in October 2018, Mr. Dupart spent 10 hours drafting the opposition to the motion to change venue

20   after which Ms. Tyler billed 0.8 hour for the following: "Review revise oppo. Review court's website

21   for judge's info. Prepared GOS label for delivery of judge's copy. Uploaded and saved docs to merus.

22   Uploaded and saved conformed copy."  (*Id.* at 37; Doc. 72-3 at 157.)  Similarly, after Mr. Baker

23   worked more than 15.00 hours on a reply to the motion to establish controlling law and supporting

24   documents, Ms. Tyler billed 1.3 hours to: "Review revise finalize Reply to oppo, TB decl and RJN.

25   Uploaded/saved docs to file. Updated calendar. Efiled with the court. Uploaded and saved conformed

26   copies to file."  (*See* Doc. 70-5 at 22-23; Doc 72-3 at 161.)

27          To the extent Ms. Tyler reviewed and revised documents, her work was duplicative of the

28   efforts performed by attorneys on the complaint, stipulation, opposition to the motion, and reply to the

motion.  In addition, courts have determined proofreading is clerical when the review of work completed by counsel.  Further, it is indisputable that the tasks identified in the billing entries— including uploading documents, preparation of mailing labels, calendaring, and e-filing— are clerical tasks that should not be included in the lodestar calculation, as they do not require the skill of a paralegal.  *See, e.g., Nadarajah*, 569 F.3d at 921; *Smith v. A Check Am.*, 2017 U.S. Dist. LEXIS 143717, at *26 (C.D. Cal. July 18, 2017) (identifying "proofreading, making copies, uploading data to a server, formatting documents, and managing databases" as clerical tasks); *Garcia*, 2013 WL 5347494, at *7.  Therefore, 2.8 hours will be deducted from the requested fee award for Ms. Tyler.

### e.      Calendaring

Repeatedly, this Court and others in the Ninth Circuit indicated calendaring deadlines is a clerical task that should not being included in a fee award.  *See, e.g., Hill v. Comm'r of Soc. Sec.*, 428 F. Supp. 3d 253, 265 (E.D. Cal. 2019) (observing clerical staff could "easily" complete "calendaring of court dates" and reducing the fee award); *Campbell v. AMTRAK*, 718 F.Supp.2d 1093, 1105 (N.D. Cal. 2010) (deducting calendaring as clerical work from the awarded fees); *Doran v. Vicorp Rests., Inc.*, 407 F.Supp.2d 1120, 1125 (C.D. Cal. 2005) (noting "calendaring court dates" is clerical and reducing the fee award); *T.B.*, 2017 U.S. Dist. LEXIS 218434, at *97 ("calendaring [an] event is clerical").

As Jayco indicated in its exhibit of challenged billing, Kayla Goettman and Lisa Tyler billed for calendaring deadlines and their review of documents for calendaring.  (*See generally* Doc. 72-3 at 154-56, 158-64, 166-67.)  For example, after the Court issued the new case documents on June 22, 2018 (Doc. 3), Ms. Goettman billed 0.3 hour to review and add the scheduling conference and joint scheduling report deadlines to the firm's calendar.  (Doc. 70-5 at 42.)  The following week, Ms. Tyler billed 0.2 hour for calendaring the deadline for Jayco's answer.  (*Id.* at 41.)  On August 22, 2018, Ms. Goettman billed 0.3 hour to again "Review Docket No. 3; update calendar."  (*Id.*)  The following month, she billed 0.4 hour to update the firm's calendar with the initial disclosure due date and the scheduling conference date.  (*Id.* at 39.)  On April 3, 2019, Ms. Gotteman billed 0.4 hour for calendaring discovery deadlines—before the Court issued its scheduling order—and proposed dates in the firm's calendar.  (*Id.* at 32.)  Once the order was issued on April 9, 2019 (Doc. 45), Ms. Gottesman billed another 1.0 hour for calendaring the deadlines ordered by the Court.  (*Id.*)  In November 2019,

Kimberly Riley billed for calendaring the deposition dates, and Ms. Gottesman billed for updating the calendar with amended dates.  (*Id.* at 26.)

In total, there are more than 35 challenged entries related to calendaring or updating dates— such a discovery deadlines, the date of the vehicle inspection, deposition dates, or other unidentified events—and the paralegals billed a minimum of 0.2 hour for the task each time.  (*See, e.g.,* Doc. 70-5 at 16-17, 22-23, 27-28, 32-33, 37-39, 42-42.)  Because the tasks are clearly clerical, the time will be deducted from the lodestar calculation.  *See Hill*, 428 F.Supp.3d at 265; *Campbell*, 718 F.Supp.2d at 1105.  Based upon the Court's review of the billing entries related to calendaring, 9.2 hours will be deducted from the lodestar calculation, which includes 5.1 hours for Kayla Goettman, 3.9 hours for Lisa Tyler, and 0.2 Hour for Kimberly Riley.

<p style="text-align:center;">*f.* *Clerical internal communications*</p>

Billing entries challenged by Jayco include communications within the firm, whether to another paralegal or to counsel.  (*See generally* Doc. 72-3 at 154-167.)  Courts decline to award fees for staff emailing documents.  *See Schmidt v. City of Modesto*, 2018 WL 6593362, at *9 (E.D. Cal. Dec. 18, 2018) (declining to award fees for emailing documents, noting emailing was a clerical task rather than a paralegal task); *LaToya A. v. S.F. Unified Sch. Dist*., 2016 WL 344558, at *9 (N.D. Cal. Jan. 28, 2016) (forwarding documents to attorneys is "purely clerical work").  In addition, courts have disapproved of two individuals billing for communicating with each other, as such time is duplicative and unnecessary. *In re Mullins*, 84 F.3d 459, 467 (D.C. Cir. 1996); *Robinson v. Plourde*, 717 F. Supp. 2d 1092, 1099 (D. Haw. 2010).  Consequently, "many courts have ... reduced fee awards for time spent in 'interoffice conferences' or other internal communications." *Gauchat-Hargis v. Forest River, Inc*., 2013 WL 4828594 at *3 (E.D. Cal. Sept. 9, 2013), citing *Mogck v. Unum Life Ins. Co. of Am*., 289 F.Supp.2d 1181, 1194 (S.D. Cal. 2003) (reducing the fee award where the attorneys "billed an inordinate amount of time for interoffice conferences").

In "Exhibit 8" and "Exhibit 11," Jayco objects to more than 80 entries—each billed for a minimum of 0.2 hour—related to emails, chats, and telephone conferences between the paralegals and counsel.  (*See generally* Doc. 72-3 at 154-67.)  Again, though the Court declines to identify each of the internal communications given the significant number, challenged entries related to forwarding emails

or documents to others working on the action.  (*See, e.g., id.* at 154, 155, 157, 158, 165, 167.)  For example, Ms. Tyler billed for forwarding emails on April 11, 2020; September 22, 2020; November 3, 2020; and July 9, 2021. (*See, e.g.,* Doc. 70-5 at 10, 18, 21.)  Shaina Cateldge billed 0.2 for forwarding documents to others, including Ms. Tyler.  (*Id.* at 32.)  In addition, Ms. Goettman and Ms. Tyler billed for emailing documents and attachments including, but not limited to: the executed summons, a draft of the initial disclosures, the joint discovery plan, the court's conference notice, an invoice from JAMS, court orders, and settlement breakdown.  (*See, e.g.,* Doc. 70-5 at 7, 19, 27, 32, 33, 41.)  Likewise, Terry Baker billed 0.2 hour for receiving a transcript and forwarding the document to Ms. Goettman.  (Doc. 70-4 at 7.)  Given the clerical nature of these tasks, the requested fee award will be reduced for the forwarding of emails and documents.  *See Schmidt*, 2018 WL 6593362, at *9.

The paralegals also repeatedly billed for communications with others working on the case, including telephonic conversations, electronic chats, texting, and emailing.  (*See generally* Doc. 70-5 at 7-43.)  For example, Ms. Tyler and Ms. Goettman each billed 0.2 hour on April 15, 2019, for emailing one another regarding completing calendaring in the firm's system.  (Doc. 70-5 at 32.)  Ms. Tyler regularly billed for emailing counsel reminders of upcoming deadlines and actions needed.  (*See, e.g., id.* at 7, 9-11, 13, 16, 32, 43.)  Ms. Tyler also billed for communications with counsel "regarding who the case is assigned to;" a hearing location; and document and task status, such as changing the attorney assignment in the firm's system, filing the summons, and "calendaring the settlement conference."  (*See, e.g., id.* at 7, 14, 34-36, 41.)  Further, Ms. Cateldge billed 0.2 hour for each of the electronic chats in which she simply notified Ms. Tyler and Mr. Dupart of Plaintiffs' phone calls.  (*Id.* at 35-36, 39.)  Similarly, Ms. Goettman billed for chat and text messages that included date confirmation.  (*See, e.g.,* Doc. 70-5 at 17-18.)  In addition, Ms. Goettman billed 1.0 hour for communications with co-counsel, such as emails with Terry Baker related to the motion to reset the scheduling conference, his pro hac vice application, and forwarding documents on December 5, 2018.[4]  (*Id.* at 32.)

Due to the clerical nature of internal communications among those working on the action—as well as the significant number of entries related to the interoffice communication by the paralegals—

---

[4]  Notably, Mr. Baker also billed for the email exchange on December 5, 2018.  (Doc. 70-4 at 6.)  Thus, this time for Ms. Goettman is also duplicative in nature. *See In re Mullins*, 84 F.3d at 467; *Robinson*, 717 F. Supp. 2d at 1099.

17

1  the requested fee award should be reduced. *See In re Mullins*, 84 F.3d at 467; *Gauchat-Hargis*, 2013

2  WL 4828594 at *3; *Mogck v. Unum Life Ins. Co. of Am.*, 289 F.Supp.2d at 1194.  Accordingly, based

3  upon the Court's review of the challenged billing records, 19.5 hours will be deducted from the lodestar

4  calculation, which includes: 0.2 hour for Terry Baker, 11.7 hours for Lisa Tyler, 6.4 hours for Kayla

5  Goettman, 0.6 hour for Shaina Cateldge, 0.2 hour for Kimberly Riley, and 0.4 hour for Gabriela Torres.

                          g.      *Docket review*

7  Entries to which Jayco objects include docket reviews by Lisa Tyler and Kayla Goettman.

8  (Doc. 72-3 at 157, 162.)  Specifically, on October 31, 2018, Ms. Tyler billed 0.2 hour for reviewing the

9  "court website to see if any tentative issued" prior to the hearing on the motion for change of venue,

10  and noted she "didn't see anything."  (Doc. 70-5 at 36.)  Ms. Goettman also billed 0.2 hour to review

11  the docket to determine whether any hearings were continued on April 13, 2020. (*Id.* at 21.)  Reviewing

12  the docket is a clerical task, for which this Court has declined to award fees. *See, e.g., Moore v. Chase,*

13  *Inc.*, 2016 U.S. Dist. LEXIS 88293, at *12 (E.D. Cal. July 7, 2016).  Therefore, 0.4 hour will be

14  deducted from the lodestar, including 0.2 hour for Lisa Tyler and 0.2 hour for Kayla Goettman.

                          h.      *Scheduling*

16  Jayco identifies and challenges 16 billing entries related to scheduling depositions, and the

17  vehicle inspection.  (*See* Doc. 72-3 at 160-161; Doc. 72-3 at 126.)  In September 2019, Ms. Tyler billed

18  0.2 hour for contacting Plaintiffs regarding scheduling a vehicle inspection, while Ms. Torres billed 0.3

19  hour for contacting opposing counsel to confirm the vehicle inspection date.  (*Id.* at 128, 160; Doc. 70-

20  5 at 28.)  In addition, Ms. Tyler billed at total of 2.4 hours between December 2019 and March 2020 for

21  emails to Plaintiffs and opposing counsel related to scheduling Plaintiffs' deposition dates.  (*Id.* at 160-

22  161; *see also* Doc. 70-5 at 22-25.)  Kimberly Riley also billed 0.4 hours related to confirming the

23  deposition dates.  (Doc. 72-3 at 126; Doc. 70-5 at 26.)

24  Courts in the Ninth Circuit have repeatedly indicated that communication related to scheduling,

25  even with a client, is a non-compensable clerical task.  *See, e.g., Soler v. County of San Diego*, 2021

26  WL 2515236, at *10 (S.D. Cal. June 18, 2021) (identifying "time spent scheduling depositions… [as]

27  clerical tasks non-compensable at any billing rate"); *Brown v. Cascade Mgmt., Inc.*, 2018 WL 4207097,

28  at *5, 14 (D. Or. Sept. 4, 2018) (emails with the client regarding "deposition scheduling" were deduced

from the fee award); *Schrum v. Burlington N. Santa Fe. Ry. Co.*, 2008 WL 2278137, at *12 (D. Az. May 29, 2018) (identifying "scheduling depositions" as "tasks which the court deems clerical or secretarial, and hence not compensable as part of the attorneys' fee award"). Likewise, the Court finds communications regarding scheduling a vehicle inspection are clerical in nature. Thus, given the clerical nature of the challenged entries related to scheduling, the lodestar will be reduced by 2.6 hours for Lisa Tyler, 0.4 hour for Kimberly Riley, and 0.3 hour for Gabriela Torres.

<p style="text-align:center"><em>i.     Communications with clients</em></p>

"A lawyer has an ethical responsibility to communicate with a client." *Clendon v. Astrue*, 570. F.Supp. 2d 1164, 1667 (D. Az. 2008). Nevertheless, as one district court observed, "some client communications may be considered clerical or ministerial, such as merely informing the client that a document has been filed or what a hearing date is, [while] others that are more substantive are part of an attorney's duties, and therefore billable." *See James v. City & County of Honolulu*, 2014 WL 6908313, at *10 (D.Haw. Dec. 8, 2014) (internal quotation marks omitted).

Billing entries challenged by Jayco include non-clerical communications with Plaintiffs, related to questions or case issues. By way of example, on October 4, 2018, Ms. Tyler noted she received a voicemail from Plaintiffs "regarding whether or not he should move forward with fixing the damage to his unit, while at the dealership," and billed 0.6 hour for several communications related to the phone call. (Doc. 70-5 at 37.) The Court declines to deduct the challenged time for these ongoing communications with Plaintiffs. Similarly, the Court declines to find communications with Plaintiffs regarding discovery requests and verifications and addressing the settlement agreement were purely clerical in nature.

On the other hand, eight challenged entries indisputably include clerical communications. (*See* Doc. 72-3 at 127, 154, 151, 146-45.) Ms. Riley billed 0.4 hour related to forwarding a document for signature and the needed signature from Plaintiff. (Doc. 70-5 at 27.) In addition, emailing Plaintiff simply to "confirm[] receipt of documents" was a clerical task, and the 0.2 hour billed by Ms. Tyler will be deducted. (Doc. 70-5 at 42.) Similarly, Ms. Tyler billed 0.2 hour to email Plaintiffs a declaration for signature and 0.2 hour "confirming receipt" once Plaintiffs responded on January 24, 2020. (*Id.* at 23.) Ms. Tyler also billed 0.6 hour for communications with Plaintiffs regarding the

<div style="text-align:center">19</div>

1  settlement conference date and appearances.  (*Id.* at 11-13)  Given the clerical nature of the tasks

2  related to scheduling, sending documents, and confirming receipt, the time billed should be omitted

3  from the lodestar. *See, e.g. Schmidt*, 2018 WL 6593362, at *9 (emailing documents is a clerical task);

4  *Soler*, 2021 WL 2515236, at *10 (identifying scheduling as clerical work).  Thus, based upon the

5  Court's review of the challenged billing records related to client communications, the lodestar

6  calculation will be reduced by 0.4 hour for Kimberly Riley and 1.2 hours for Lisa Tyler.

7  <center>*j.*     Communications with opposing counsel</center>

8  Jayco challenges two entries in "Exhibit 8" and two  billing entries in "Exhibit 11" that

9  indicate emailed communication with opposing counsel, objecting the time should not be awarded as

10  "clerical" in nature.  (*See* Doc. 72 at 9-10; Doc. 72-3 at 128.)

11  Specifically, Kimberly Riley billed 0.4 hour for two emails attaching document production to

12  opposing counsel on October 13, 2019. (Doc. 70-5 at 27.)  Chad David billed 0.2 hour to send the

13  settlement agreement to Defendant's counsel on August 6, 2021.  (Doc. 72-3 at 166.)  Because

14  Plaintiffs and counsel had previously executed the agreement[5], it appears Mr. David was only required

15  to forward the document to opposing counsel.  As discussed above, mailing and forwarding documents

16  is deemed clerical work that is included in a firm's overhead costs.  *See Schmidt*, 2018 WL 6593362 at

17  *9; *see also Chavez v. Stomp*, 2014 WL 12796784, at *5 (N.M.D.C. Feb. 27, 2014) (delivering

18  documents to opposing counsel is a clerical task for which billing at an attorney's rate "is not

19  consistent with the obligation to exercise billing judgment").  In addition, Mr. David billed 0.2 hour

20  for communications related to "payment instructions" for opposing counsel.  (*Id.*)  However, emailing

21  payment instructions was clerical, work as it did not require any legal work or analysis of the

22  information.  Accordingly, 0.4 hour is deducted from the lodestar for Kimberley Riley and 0.4 hour is

23  deducted for Chad David.

24  <center>*k.*     Communications with the Court and JAMS</center>

25  This Court and others declined to award fees for communicating with the Court—such emailing

26  or calling courtroom deputy—due to the clerical nature of the task.  *See, e.g., Miller v. Schmidt*, 2017

27

28  _____

     [5] Plaintiffs executed the settlement agreement on August 3, 2021; and Mr. David executed the agreement on
     August 5, 2021.  (Doc. 70-3 at 11.)

<center>20</center>

1   WL 633892, at *7 (E.D. Cal. Feb. 15, 2017) (agreeing with the party opposing the fee request that

2   "communicating with the Court staff and court reports is purely clerical work" and excluding the time

3   billed for communications with the courtroom deputies from a fee award); *Robinson v. Plourde,* 717 F.

4   Supp. 2d 1092, 1099-1100 (D. Haw. 2010) ("communication with court staff, scheduling, and

5   corresponding regarding deadlines, are clerical and not compensable [tasks]"); *Comcast of Illinois X v.*

6   *Kwak,* 2010 WL 3781768, at *6 (D. Nev. Sept. 20, 2010) (declining to award fees for "ministerial tasks

7   such as contacting court staff for scheduling reasons or noting due dates").

8       Ms. Tyler billed 0.2 hour on several occasions for contacting the court, both by email or phone

9   call.  For example, on September 14, 2018, Ms. Tyler billed 0.2 hour for her "[e]mail to court regarding

10  appearing telephonically" and another 0.2 hour for her "response to [the] clerk confirming Plaintiff can

11  appear telephonically."  (Doc. 70-5 at 39.)  On November 21, 2018, Ms. Tyler billed 0.2 hour for

12  emailing the court clerk regarding the status of an order, and 0.2 hour for leaving a voicemail regarding

13  the status with a request for a return call.  (*Id.* at 34.)  She billed another 0.3 hour for contacting the

14  court with status requests on November 26, 2018.  (*Id.*)  Ms. Tyler billed 0.2 hour for review of "court

15  emails" on April 5, 2019.  (*Id.* at 32.)  Further, between June 30 and July 9, 2021, Ms. Tyler billed 1.9

16  for contacts regarding the conference, availability, inquiring whether only Kevin Scott could appear

17  during the conference, confirming the date, and Zoom information.  (*Id.* at 10-13.)  Given the clerical

18  nature of these communications, 3.2 hours shall be deducted from the lodestar for Ms. Tyler.  *See*

19  *Miller*, 2017 WL 633892, at *7; *Robinson,* 717 F. Supp. 2d at 1099-1100.

20      In addition, Cindy Lewandowski billed 0.2 hour for forwarding an email from the Court that

21  informed the parties there would be no jury trials in April 2021, and asking Mr. Baker to respond as

22  soon as possible for calendaring purposes.  (Doc. 70-5 at 17.)  Given the communications concerned

23  scheduling, 0.2 hour will be deducted from the fee award for Ms. Lewandowski.

24      Likewise, given the quasi-judicial nature of JAMS, and communications between Plaintiffs'

25  counsel and the mediation organization—and actions related thereto—appear clerical.  Ms. Goettman

26  billed 0.2 for her review of the "mediation confirmation from JAMS and confirm[ing] details on [the]

27  calendar."  (Doc. 72-3 at 160; Doc. 70-5 at 26.)  She also billed 0.2 hour to "[r]eview the JAMS deposit

28  request form" and "update [the] costs in the case file."  (*Id.* at 160; Doc. 70-5 at 25.)  Ms. Riley billed

0.2 hour for her receipt of an email from JAMS and saving it to the firm's system. (*Id.* at 126; Doc. 70-5 at 27.) There is nothing suggesting review of the mediation confirmation, confirming the date, or noting the cost in the firm's file requires the work of a paralegal. Thus, the 0.4 hour billed by Ms. Goettman and the 0.2 hour billed by Ms. Riley related to communications from JAMS will also be omitted from the fee award.

### l. *Document preparation and mailing*

On July 9, 2018, Ms. Goettman billed 0.3 hour to "[f]ill out Summons & attach proof of return receipt from the certified mailing; upload to the case files." (Doc. 72-3 at 154; Doc. 70-5 at 42.) It is unclear what Ms. Goettman filled out, as the Summons was issued by the Court on June 22, 2018. (Doc. 2.) Regardless, the Ninth Circuit identified "preparing and serving summons" as "purely clerical tasks." *Neil v. Comm'r of Soc. Sec.,* 495 F. App'x 845, 847 (9th Cir. 2012). In addition, tasks related to mailing and drafting a certificate of service are clerical. *Acosta v. Martinez*, 2020 WL 1026890 at *10 (E.D. Cal. Mar. 2, 2020) ("drafting certificates of service… and sending documents" are clerical tasks). Therefore, this time billed by Ms. Goetteman will be deducted.

Ms. Tyler billed 0.2 hour to complete a form declining consent to magistrate judge jurisdiction and e-file it on August 22, 2018. (Doc. 70-5 at 40; Doc. 72-3 at 155.) The Court's consent form is a single-page, check-the-box document could not take more than moments to complete. Previously, this Court noted that "completing and filing a consent to proceed before a magistrate judge form" is work that may be "completed by experienced support staff," but allowed minimal billed time, considering the documents should be review by a counsel. *Kirk*, 244 F.Supp.3d at 1084. On the other hand, e-filing the form, as discussed above, is clerical work. *Nadarajah*, 569 F.3d at 921. Thus, the Court will deduct 0.1 for Ms. Tyler for the e-filing. *See Calderon v. Astrue,* 2010 WL 4295583 at *5 (E.D. Cal. Oct. 22, 2010) (permitting only 0.1 hour for completion of the form regarding magistrate judge jurisdiction). Likewise, the Court will deduct the challenged 0.2 hour billed by Ms. Tyler to draft the certificate of service for Plaintiff's initial disclosures and 0.2 hour for generating a mailing label due to the clerical nature of the work. (Doc. 72-3 at 155, 157, Doc. 70-5 at 33, 39.)

Conversely, the preparation of representation agreements and declarations is not *purely* clerical work, as it is appropriate for paralegals and counsel to prepare such agreements. The Court declines to

22

deduct the challenged billed time related to preparation of these documents.  Based upon the Court's review of the challenged entries related to document preparation, 0.8 hour will be deducted from the lodestar calculation, which includes 0.3 hour for Kayla Goettman and 0.5 hour for Lisa Tyler.

### m.    Discovery

Jayco objects to the time billed by Gabriela Torres related to discovery and preparation of "discovery shells," including an entry for 6.0 hours, asserting it was clerical work.  (Doc. 72 at 8.)  However, the Court declines to assume the identified tasks were purely clerical in nature.  Indeed, the challenged billing entries indicates the work completed by Ms. Torres included preparing "rough responses" to the written discovery requests from Jayco, including responses interrogatories and requests for production of documents.  (*See* Doc. 70-5 at 30.)  Because this work is not purely clerical, the lodestar will not be reduced.  *See, e.g., Chloe SAS v. Sawabeh Information Servs. Co.*, 2015 WL 12763541, at *26 (C.D. Cal. June 22, 2015) (hours billed by professional staff for collecting and reviewing discovery was not clerical, and were "substantive case-related tasks"); *Triplett v. N.C. Dept' of Pub. Safety,* 2017 WL 3840422, at *11 (W.D.N.C. Aug. 31, 2017) (declining to reduce a fee award for billing entries challenged to which the defendant objected as clerical because"[t]he drafting and editing of discovery requests and answers… is far from a clerical task and is a task appropriate delegated to a paralegal").

### n.    Tasks related to admission

Jayco objects to the time billed by Ms. Tyler for her "[r]eview [of] Indiana Northern district for admission requirements," which she then printed for Mr. Dupart.  (Doc. 72-3 at 157.)  In addition, Jayco objects to the time billed by Mr. Baker for contacting Ohio attorney services regarding a certificate of good standing as clerical.  (*Id.* at 158.)  Previously, the Ninth Circuit indicated tasks related to "attorney admission" are clerical in nature.  *See Nadarajah*, 569 F.3d at 921 (reducing the requested fee award for the time award billed by a paralegal related to counsel's admission).  Based upon the clerical nature of the tasks concerning Mr. Dupart's admission to the Northern Indiana District Court, the 0.2 hour billed by Lisa Tyler and 0.2 hour billed by Terry Baker will be deducted from the lodestar calculation.

///

o. *Mixed entries with block-billed tasks*

As explained by one district court, "[b]lock billing, which bundles tasks in a block of time, makes it extremely difficult for a court to evaluate the reasonableness of the number of hours expended." *Aranda v. Astrue*, 2011 U.S. Dist. LEXIS 63667, at *13 (D. Ore. June 8, 2011); *see also Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007) ("block billing makes it more difficult to determine how much time was spent on particular activities"). In addition, a court may reduce a fee award when "documentation of hours is inadequate." *Hensley*, 461 U.S. at 433. Accordingly, the Ninth Circuit has explained that, where time is billed in "blocks," the Court may "simply reduce[] the fee to a reasonable amount." *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1121 (9th Cir. 2000); *see also Welch*, 480 F.3d at 948 ("We do not quarrel with the district court's authority to reduce hours that are billed in block format.").

Although the Court addressed several block-billed entries above that included only clerical tasks, there were also many challenged entries that involved legal research. As identified below, Ms. Goettman and Ms. Tyler billed for performing legal research—including reviewing local rules and the Federal Rules—which is not clerical work. *See Nechitaylo v. Wedum Family Ltd. P'ship*, 2015 WL 8479627, at *2 (E.D. Cal. Dec. 10, 2015) (finding "tasks involving legal research" were not clerical); *Chloe SAS*, 2015 WL 12763541, at *26 (fees billed by staff who assisted counsel "performing legal research" were recoverable). Thus, to the extent the billed records below involve legal research, such time is compensable.

| DATE | BILLER | TASK | TIME |
|------|--------|------|------|
| 6/28/18 | KG | Review FRCP 4 re service of the Summons and Complaint; the rule states that we can follow state rules regarding service. Print Docket No. 1-4 and give all to SJ in addition to Jayco's registered agent information for certified mailing to D today | 0.6 |
| 9/27/18 | LT | Review local rule re motion deadlines and saved to Merus. Calendared motion and deadlines. Uploaded and saved motion docs to file. Print hard copy for RD, and noted d/l to file oppo on docs. Also printed rules for him, and summary of calendar of events with upcoming deadlines, etc. Put on his chair for review. | 0.7 |
| 4/1/21 | LT | Review TB's email regarding dates for matter. Check file, and saw trial date and pre-trial needed to be calendared, with related deadlines. Email response to TB and updated him dates needed to be added. Review file for docs, and emails from the court, to figure out dates to be calendared, and for related deadlines to be saved…. | 1.5 |

24

| | | Review order #45. Review local rules. Updated notes, calendar and d/l sheet, and saved notes to file. | |
|---|---|---|---|
| 6/4/21 | LT | Review local forms for appearance/withdrawal for eastern, and there weren't any. Found Central, but that won't work. Kept trying to find forms. Found general one for appearance and drafted for CD review. Went ahead and revised a withdrawal on pleading, that way if CD wants to mess with language, he can. Uploaded/saved docs to file, and updated chat. | 0.6 |
| 6/21/21 | LT | Link court email and saved Doc#61 to file. Review order signed by court. Review local rule re settlement conference. Review doc #45. Review dept. rules. Updated notes, calendar, and d/l sheet. | 0.6 |

Where, as here, the billing records present time in blocks, the Court may "simply reduce[] the fee to a reasonable amount." *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1121 (9th Cir. 2000); *see also Welch*, 480 F.3d at 948 ("We do not quarrel with the district court's authority to reduce hours that are billed in block format"). Because the firm billed in a minimum of 0.2 hour increments—as discussed further below—the Court will deduct 0.2 hour from each of the above entries to reflect the inclusion of clerical tasks, such as printing, uploading. and saving documents; file reviews and updates; calendaring deadlines; and internal communications about clerical matters. This results in a reduction of the lodestar by 0.2 hour for Ms. Goettman and 0.8 hour for Ms. Tyler.

### 4. Vague entries and overbilling

Jayco asserts that it "identified a number of entries in … counsel's records that are vague and lack sufficient specificity about what was done to justify the time and fees billed." (Doc. 72 at 11.) As discussed above, counsel has a burden to document the hours expended, and do so in "in a manner that will enable a reviewing court to identify distinct claims." *Hensley*, 461 U.S. at 437. The Court may reduce hours to offset the "poorly documented" billing. *Fischer v. SJN-P.D. Inc.*, 214 F.3d 1115, 1121 (9th Cir. 2000); *see also Mendez v. County of San Bernardino*, 540 F.3d 1109 (9th Cir. 2008) (finding district courts have broad discretion to reduce the number of hours included in the fee award where the billing records are vague, insufficiently descriptive, or inflated).

This Court and others in the Ninth Circuit have reduced fee awards where the billing entries were too vague to conduct "a meaningful review" or determine whether the time expended was reasonable. *See, e.g., McCarthy v. R.J. Reynolds Tobacco Co.,* 2011 WL 4928623, at *4 (E.D. Cal. Oct. 17, 2011) (reducing time for a fee award where "most of the entries refer only generally to 'legal

research' and 'conversations with [co-counsel]' without identifying the subject of the research or conversations"); *Nolan v. City of Los Angeles,* 2014 WL 12564127, at *7 (C.D. Cal. Feb. 10, 2014) (criticizing "entries that merely indicate that an email was sent or that a phone call was made without describing in any way the reason for or topic of the particular correspondence" and reducing the lodestar); *Davis v. Prison Health Serv.*, 2012 WL 4462520, at *11 (N.D. Cal. Sept. 25, 2012) (concluding billing entries were "too vague to enable the Court to assess the reasonableness of the time claimed" when there were "scores of time entries such as 'review e-mail from opposing counsel,' 'review e-mail chain,' and 'draft e-mail' without any further detail provided").

Jayco contends the billing records the billing records of Plaintiffs' counsel also are vague, warranting a reduction in fees.  (Doc. 72 at 10-12.)  Specifically, Jayco asserts:

> Plaintiff counsel's billing contains numerous entries that say "E-mail client", "E-mail opc", or "E-mail exchange with...", without providing any details as to the substance of the communication. There are also entries that are devoid of any information as to what tasks were specifically performed such as a description on 8/21/19 that is simply "Scott v. Jayco" for .5 hours. The vagueness of these and other similarly deficient billing entries makes it impossible for the Court to assess whether the time claimed by Plaintiffs' counsel was reasonably expended.

(*Id.* at 12.)  Jayco compiled 99 billing entries it asserts should be stricken as vague in "Exhibit 12," totaling 27.9 hours.  (*See id.*; *see also* Doc. 169-71.)  In addition, Jayco contends "there are numerous examples of billing entries that typical would be billed at .1 even though 6 minutes is more than what it would take to complete a task," such as calling Plaintiffs and leaving voice messages and calendaring deadlines.  (*Id.* at 12.)  Thus, Jayco "requests a 75% reduction due to the considerable vague nature of the excessive billing entries in Exhibit 12 where the lack of specificity severely interferes."  (*Id.*)

In response, Plaintiffs argue that "many of the entries are sufficiently specific" in Exhibit 12. (Doc. 73 at 6.)  For example, Plaintiffs observe: "Billing entries such as "Email D" or "Email OPC" are well known to mean email Defendant and email Opposing Counsel."  (*Id.*)  Plaintiffs contend: "All correspondence with opposing counsel is recoverable billing. Further specificity of the entries is not necessary when Defense counsel has records of the emails received that correspond to the billing entries."  (*Id.*)  Plaintiffs also assert "any further specificity on the billing entries more than 'email opc' or 'spoke with client' would lead to issues concerning attorney-client privilege and the attorney

1    work product doctrine." (*Id.*) Finally, Plaintiffs observe that "defense counsel makes no arguments

2    that any of the alleged vague billing entries did not in fact occur as they also have records of the

3    communications that were billed for." (*Id.*) Therefore, Plaintiffs "request[] that no billing entries be

4    disallowed due to being vague." (*Id.*)

5            Significantly, Jayco's presentation of the challenged billing entries in Exhibit 12—pulling the

6    entries out of the chronological order from the original billing records and reorganizing them into

7    alphabetical order of the identified tasks—gives the appearance that the billing records are more vague

8    than, in fact, they are. Review of the challenged entries in the context of the original billing records

9    provides clarity as to many of the topics of communications with Plaintiffs and opposing counsel. For

10   example, Jayco challenges three entries that state "Email D" on September 13, 2018 as vague. (Doc.

11   72-3 at 169.) However, the billing records clearly indicate Plaintiffs' counsel and Defendant's counsel

12   were engaged in ongoing communications that day related to preparation of and revisions to the Joint

13   Scheduling Report (*See* Doc. 70-5 at 39-40.) Similarly, Jayco challenges 12 entries related to

14   communications between July 13 and July 15, 2021, including calls, voice messages, and emails to

15   Plaintiffs and opposing counsel. (Doc. 72-3 at 169-71.) Other entries with these in the billing records

16   show the challenged entries were a portion of ongoing communications regarding settlement, prior to

17   the parties notifying the Court that the action settled on July 15, 2021. (*See* Doc. 70-5 at 9-10; *see also*

18   Doc. 64 [indicating the parties informed the Court on July 15 that a settlement was reached, and

19   vacating the settlement conference for July 16].) A simple review of the original billing records also

20   easily reveals the topics of ongoing communications challenged in Exhibit 12 including, but not limited

21   to: emails with opposing counsel regarding the motion to transfer venue, discussion regarding the

22   parties' stipulation to transfer the action back to the Eastern District, preparation prior to a settlement

23   conference, and email exchanges with Plaintiffs concerning availability. (*E.g., compare* Doc. 72-3 at

24   169-171 *with* Doc. 70-4 at 7, Doc. 70-5 at 9, 13-14, 19-20.) Consequently, the Court declines to find

25   the billing records are poorly documented or too vague to evaluate.

26           On the other hand, the Court notes that counsel and the professional staff billed a minimum of

27   0.2 hour for each task. This is comparable to the quarter-hour billing repeatedly criticized by the

28   courts, because it inflates the time billed on the matter. *See e.g., Welch v. Metro Life Ins. Co.,* 480 F.3d

1    942, 949 (9th Cir. 2007) (affirming a reduction after finding the billing practice inflated the time

2    recorded); *Robinson v. Plourde,* 717 F. Supp. 2d 1092, 1100-01 (D. Haw. 2010) (applying a 20%

3    reduction for billing with a minimum of 0.25 hour); *Prudential Ins. Co. v. Am. v. Remington,* 2014 WL

4    294989 at *4 (E.D. Cal. Jan. 24, 2014) (also applying a 20% reduction where counsel billed a

5    minimum of 15 minutes and in 15-minute increments).

6            In *Welch,* the district court "imposed a 20 percent across-the-board reduction on [the] requested

7    hours" because the law firm "billed in quarter-hour increments." *Welch*, 480 F.3d at 948. The court

8    concluded the "practice of billing by the quarter-hour resulted in a request for excessive hours . . .

9    because counsel billed a minimum of 15 minutes for numerous phone calls and e-mails that likely took

10   a fraction of the time." *Id.* The Ninth Circuit also reviewed the time sheets and noted: "Our own

11   review of the time sheet confirms that it is replete with quarter-hour or half-hour charges for the

12   drafting of letters, telephone calls and intraoffice conferences." *Id*. Therefore, the Court affirmed the

13   reduction for quarter-hour billing.  *Id.*

14           The thorough review of counsel's billing records strongly suggests the 0.2 hour minimum

15   resulted in overbilling.  Counsel and professional staff billed 12 minutes on numerous occasions for

16   voices messages, reviewing minute orders, more than 50 emails[6].  (*See e.g.,* Doc. 70-5 at 6; Doc. 70-5

17   at 8-9, 13-15, 20, 22.)  Notably, Plaintiffs do not disavow a practice of billing a 0.2 hour minimum or

18   otherwise address Jayco's arguments concerning how the practice results in overbilling in the reply.

19   In *Remington*, this Court observe that "15-minute billing for reading the three-sentence Minute Order,

20   which should have been read in 30 seconds or less time, obviously inflated the time spent performing

21   that task, and causes concern that other unverifiable tasks likely took a fraction of the time billed to

22   complete."  *Remington*, 2014 WL 294989 at *4.  Similarly, billing 12 minutes for noting a minute

23   order to the file (*see, e.g.* Doc. 70-5 at 36) suggests the reported time was inflated significantly by the

24   0.2 hour billing minimum on other tasks such as reviewing emails, leaving a telephone message, and

25   telephone conferences with Plaintiffs and co-counsel.  *See id; Welch*, 480 F.3d at 948-49.  Therefore,

26   the remaining time reported by counsel is reduced by 15% for purposes of the lodestar calculation.

27

28
_____
        [6] This excludes intraoffice emails addressed above.

5.      Unsupported and "anticipated" time

Plaintiffs contend, "It is well established that Plaintiffs are entitled to fees for bringing in this motion to enforce their right to attorney fees." (Doc. 71 at 14, citing *Serrano v. Unruh*, 32 Cal.3d 621, 637-639 (1982); *State v. Mayer*, 174 Cal.App.3d 1061, 1075 (1986).) Therefore, Plaintiffs seek "an additional $7,500 for bringing [the] Motion, reviewing Jayco's Opposition to Plaintiffs' Motion, drafting Plaintiffs' Reply, preparing and attending any related hearing, preparing any needed filings to satisfy the order, for time to wrap up the settlement and ultimately collect any amount awarded by this Court." (*Id.* at 6.)

Importantly, Plaintiffs failed to provide any evidence with the Reply related to the time actually spent preparing the motion, reviewing the opposition, and drafting the brief. In addition, the motion was taken under submission without oral arguments. (Doc. 74.) The Court declines to speculate as to the actual time spent by counsel in preparation of the instant motion and the reply, as it is the fee applicant's burden to present evidence to support the fee request. *See Hensley*, 461 U.S. at 424; *Welch*, 480 F.3d at 945-46. Accordingly, the Court declines to bolster the lodestar with the monetary amount requested.

**B.    Hourly rates**

The Supreme Court determined attorney fees are to be calculated with "the prevailing market rates in the relevant community." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984); *see also PLCM Group, Inc. v. Drexler*, 22 Cal.4th 1084, 1096 (2000) ("[t]he reasonable hourly rate is that prevailing in the community for similar work"). The fee applicant has the burden to establish the rates are reasonable within the community, and meets this burden by "produc[ing] satisfactory evidence—in addition to counsel's own declarations—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum*, 465 U.S. at 896 n.11. For example, the Court may refer to "[a]ffidavits of the plaintiffs' attorney and other attorneys regarding fees in the community" and rates paid in other cases. *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990).

In general, the "relevant community" for purposes of determining the prevailing market rate is the "forum in which the district court sits." *Camacho v. Bridgeport Fin., Inc.,* 523 F.3d 973, 979 (9th

1    Cir. 2008).  Thus, when a case is filed in this Court, the Eastern District of California "is the

2    appropriate forum to establish the lodestar hourly rate."  *See Jadwin v. County of Kern*, 767 F.Supp.2d

3    1069, 1129 (E.D. Cal. 2011); *see also Gordillo v. Ford Motor Co.*, 2014 WL 2801243 (E.D. Cal. June

4    19, 2014).  The court may apply "rates from outside the forum… 'if local counsel was unavailable,

5    either because they are unwilling or unable to perform because they lack the degree of experience,

6    expertise, or specialization required to handle properly the case.'"  *Barjon v. Dalton*, 132 F.3d 496 (9th

7    Cir. 1997) (quoting *Gates v. Deukmejian*, 987 F.2d 1392, 1405 (9th Cir. 1992)).

8                          1.      Rates for counsel

9           Although the Law Offices of Jon Jacobs is currently located in Temecula, California—which is

10   within the Central District of California—the law office was headquartered near Sacramento when the

11   complaint was filed.  (*See* Doc. 1 at 1; Doc. 73 at 4.)  Thus, the Court finds, for purposes of this motion,

12   that counsel were "local" to the Eastern District, such that the Court need not determine whether rates

13   outside the form are applicable.  Rather, the Court must evaluate whether the hourly rates requested are

14   reasonable for the Eastern District of California.[7]

15          The attorneys on this action seek hourly rates ranging from $350 to $650.  (Doc. 71 at 7-8.)

16   Specifically, Mr. Jacobs seeks the hourly rate of $495 for the 2.2 hours of work he completed in 2018

17   and the rate of $550 for his 0.6 hour of work in 2021.  (*See* Doc. 71 at 8; Doc. 70-4 at 7, 9, 43.)  Mr.

18   Baker reports his "hourly rate started at $525, and increased to $650 per hour…[i]n March of 2020."

19   (Doc. 70-4 at 3, Baker Decl. ¶ 12.)  In addition, Plaintiffs seek $495 per hour for work completed by

20   Rene Dupart, who was admitted to the California State Bar in 2013, and Elana Midda, who was

21   admitted to the bar in December 2004.[8]  (Doc. 70-5 at 4, Jacobs Decl. ¶ 19.)  In addition, they seek

22   $175 per hour for work completed by Chad David while he was a law clerk, and $350 per hour for

23   work completed after his admission to the Bar in November 2019.  (Doc. 70-3 at 2, David Decl. ¶¶ 7-

24

25          [7] With the Eastern District, the Sacramento Division and Fresno Division award comparable rates. *See Fitzgerald

26   v. Law Office of Curtis O. Barnes*, 2013 WL 1627740, n.5 (E.D. Cal. Apr. 15, 2013) (observing that "[c]ases from this
     Court's Sacramento Division largely mirror the rate determinations from the Fresno Division").

27          [8] Plaintiff did not provide any information regarding when Elana Midda began practicing law. However, the Court
     "may take judicial notice of the State Bar of California's website regarding attorneys' dates of admission to the Bar." *Davis

28   v. Hollins Law*, 25 F.Supp.3d 1292, 1298 n. 5 (2014). Thus, the Court takes judicial notice of the admission date of Elana
     Midda as December 2004, as represented on the website of the State Bar of California. *See id.*; Fed. R. Evid. 201(b).

                                                     30

8; Doc. 71 at 7-8.)

Jayco objects to the hourly rates sought by Plaintiffs' counsel "are unreasonable compared to what small litigation firms bill and should be adjusted accordingly." (Doc. 72 at 4.) According to Jayco, "there is no indication in any of the moving papers that the rates being sought here by Plaintiffs' counsel are their usual and customary rates and that their clients routinely pay these rates or that any court has awarded them these rates." (*Id.*, emphasis omitted.) Jayco observes: "Mr. Jacob's Declaration and Mr. Baker's Declaration both lack any sort of information to identify which cases, if any, they have been awarded the requested hourly rates or the outcome of court rulings on prior fee motions." (*Id.* at 5.) Further, Jayco notes that in *Flores v. FCA US LLC*, "this Court granted in part an attorneys' fees motion and reduced a fee request," finding reasonable hourly rates for "in the Eastern District of California's Fresno Division … generally rang[e] from $250 to $400 for attorneys." (*Id.* at 5-6, citing *Flores*, 2019 U.S. Dist. LEXIS 203497 (E.D. Cal. Nov. 19, 2019).)

In reply, Plaintiffs' contend "the *Flores* case is readily distinguishable to the case at hand both factually and in regards to the basis of the attorney fees sought." (Doc. 73 at 4.) Plaintiffs observe: "Flores involved a Dodge RAM passenger vehicle that was purchased in California and contained a known defect," and "[f]rom all records available, it appears *Flores* was a 'simple' lemon law case." (*Id.*, citing *Flores*, 2019 U.S. Dist. LEXIS 203597, at *4.) In addition, Plaintiffs contend, "[i]n August of 2020, the Eastern District of California found that Mr. Jacobs' and Mr. Baker's hourly rate for lodestar purposes to be $505 per hour." (*Id.* at 3, citing *Seebach v. BMW of N. Am., LLC*, 2020 U.S. Dist. LEXIS 152330 at *9, 2020 WL 4923664 at *3 (E.D. Cal. Aug. 21, 2020).) Plaintiffs assert, "In *Seebach*, the Court also confirmed the rates of attorney Ryan Gomez of $300 and $350 per hour who has the same level of experience as attorney Chad David at the time." (*Id.* at 3-4.)

Previously, the Court observed: "A recent comprehensive analysis of attorney's fees in this district found the following hourly rates to be reasonable: $450 for partners with at least 20 years of experience; $400 for partners with between 10 and 20 years of experience; and $250 for associates with between four and 10 years of experience." *Price Simms Holdings v. Candle3*, 2021 WL 1884995, at *2 (E.D. Cal. May 11, 2021), citing *Firstsource Sols. USA, LLC v. Tulare Reg'l Med. Ctr.*, 2019 WL 2725336, at *8 (E.D. Cal. June 28, 2019); *but see Acosta v. Perez*, 2021 WL 3910543, at *12 (E.D. Cal.

1    Sept. 1, 2021) ("District Judge Anthony W. Ishii … surveyed prevailing rates in this district and found

2    that reasonable hourly rates … are between $175 and $380, depending on the attorney's experience and

3    expertise, with $300 being the upper range for attorneys with 10 years or less experience").  However,

4    as Plaintiffs assert, this Court recently awarded higher hourly rates to counsel in *Seebach*.

5            In *Seebach*, the plaintiffs were also represented by Jon Jacobs and Terry Baker in a lemon law

6    action filed originally in December 2017.  *See id.*, 2020 WL 4923664 at *2-3.  The parties reached a

7    settlement, but "could not agree on a reasonable attorneys' fee amount" and filed a motion for fees.

8    *Id.* at *1.  Counsel requested hourly "rates ranging from $350 to $650 per hour for work performed on

9    the case," including $650 per hour for Mr. Baker and $550 per hour for Mr. Jacobs, $400 for an

10   attorney "with roughly one year of experience," and $300 to $350 per hour for an attorney "with

11   roughly 4 years of experience."  *Id.* at *3.  The Court noted opined the "requested rates [were] not

12   reasonable for lodestar purposes."  *Id.*  Given the experience of Mr. Jacobs and Mr. Baker—which

13   each had "roughly 20 years of experience"—the Court reduced their hourly rate to $505, noting it was

14   taking into account state court judgments cited by Mr. Baker in which he was awarded $475 to $505

15   per hour in similar actions.  *Id.*  In addition, the Court reduced the hourly rate of Mr. Walker to $200 to

16   reflect that he had "one year and two months of experience litigating."  *Id.*

17           Based upon the Court's prior surveys of hourly rates awarded in this district, Plaintiffs fail to

18   demonstrate the reasonableness of the rates requested by counsel, and the hourly rates must be

19   adjusted to rates that are reasonable in this forum to calculate the lodestar.  *See Seebach,* 2020 WL

20   4923664, at *3.  John Jacobs seeks the rate of $495 per hour for his work completed in 2018, and $550

21   for his work completed in 2021.  (*See* Doc. 71 at 8.)  As previously noted, Mr. Jacobs has practiced

22   law for more than 20 years.  This Court found the reasonable rate for attorneys in the Eastern Division

23   was "$450 for partners with at least 20 years of experience." *See Price Simms Holdings*, 2021 WL

24   1884995 at *2, citing *Firstsource Sols. USA, LLC*, 2019 WL 2725336 at *8 (E.D. Cal. June 28, 2019);

25   *see also Eagle Sys. & Servs. v. Int'l Assoc. of Machinists,* 2017 WL 1213373 at *3 (E.D. Cal. Mar. 31,

26   2017) (finding the rate of $450 was acceptable in this district "for partners with 20 to 35 years of

27   experience").  Therefore, the hourly rate for work completed by Mr. Jacobs in 2018 will be reduced to

28   the rate of $450.  In addition, his hourly rate for work completed in 2021 will be reduced to $505, to

1    align with the hourly rate previously approved as reasonable for Mr. Jacobs by this Court. *See*

2    *Seebach*, 2020 WL 4923664, at *3. Likewise, the hourly rates requested by Mr. Baker will be reduced

3    to $505 to mirror the fees awarded in *Seebach* and the state court judgments previously reviewed by

4    the Court. *See id.*

5          The requested hourly rate of $495 for Elana Midda and Rene Dupart must also be reduced to be

6    reasonable for this forum. The rate for Ms. Midda, who was admitted to practice in 2004 and had

7    approximately 14 years of experience when she worked on the action, will be reduced to $350 per hour.

8    *See In re Taco Bell Wage & Hour Actions,* 222 F. Supp. 3d 813, 839 (E.D. Cal. 2016) (noting courts in

9    the Eastern District have awarded attorneys "with less than fifteen years of experience … $250.00 to

10   $350.00 per hour"); *see also Estrada v. iYogi, Inc.,* 2016 WL 310279, at *6 (E.D. Cal. Jan. 26, 2016)

11   (approving $400 requested rate for attorneys with as much as 19 years of experience). Similarly, the

12   hourly rate will be reduced to $250 for Mr. Dupart, who had been admitted to the bar for approximately

13   five years when he worked on the action in 2018. *See Perkins v. City of Modesto*, 2020 WL 4547325,

14   at *2 (E.D. Cal. Aug. 5, 2020) (finding "$250 per hour to be a reasonable rate" for an attorney who

15   "had been licensed for fewer than seven years" when the fees were incurred); *Lowery v. Account*

16   *Outsourcing Group, LLC*, 2018 WL 3769430 at *2 (E.D. Cal. Aug. 9, 2018) (finding the requested rate

17   of $250 was appropriate for a lawyer who had been "a consumer protection attorney" for three years);

18   *Mike Murphy's Enters., v. Fineline Indus,* 2018 WL 1871412, at *3 (E.D. Cal. Apr. 19, 2018) (case

19   awarding the hourly rate of $250 for an attorney who had been practicing for seven years); *see also*

20   *Seebach*, 2020 WL 4923664, at *3 (noting that for an attorney with 4 years of experience, $300 was

21   "within the reasonable range for the Sacramento market," though it is unclear what year(s) these fees

22   were incurred).

23         Finally, the hourly rates for Chad David, who was admitted to the bar in November 2019 exceed

24   those awarded in this forum. When Mr. David began working on the action, he was a law clerk with

25   the firm. Although the Court approved the requested rate of $175 in *Seebach*, the Court noted this rate

26   was "for a *certified* law clerk." *Seebach*, 2020 WL 4923664 at *3 (emphasis added). Here, there is no

27   evidence that Mr. David completed the process to become a certified law clerk with the California bar.

28   Thus, the Court finds the hourly rate should be reduced to $125 for his work prior to admission to the

bar. *Compare Lowery v. Account Outsourcing Group, LLC*, 2018 WL 3769430 at *2 (E.D. Cal. Aug. 9, 2018) (awarding the hourly rate of $125 to a law clerk) *with Seebach*, 2020 WL 4923664 at *3 (awarding the rate of $175 for a certified law clerk). Further, as of the filing of the reply to this motion, Mr. David had been practicing law for only two years. The requested hourly rate for Mr. David once he was admitted to the bar is reduced to $200, to be within the reasonable range for the Eastern District. *See Seebach*, 2020 WL 4923664, at *3 (reducing the requested hourly rate of $400 to $200 for an attorney who had less than two years of practicing law).

### 2. Paralegals

Plaintiffs seek an hourly rate of $150 for each of the paralegals on the action. (Doc. 71 at 7-8.) Mr. Baker reports that he has "charged $150 per hour for paralegal time for at least seven years" and "received that amount in nearly every settlement with every major vehicle, motor home, RV, and boat manufacturer." (Doc. 70-5 at 3, Jacobs Decl. ¶ 12.) In addition, Mr. Baker stated he "obtained that rate in a fee motion in Sacramento County." (*Id.*, citing *Brown v. FCA US LLC*, Case No. 34-2016-00202429.) Jayco objects to the rate and requests it be reduced to $115. (Doc. 72 at 6.)

Notably, Plaintiffs' counsel report—without identifying any supporting evidence or documentation—"the contingency fee agreement signed by the Plaintiffs specifically provides for the billing of paralegal time at $150.00 an hour." (Doc. 71 at 13.) However, Mr. Scott reports that the "Letter of Engagement" he signed with the Law Offices of Jon Jacobs made it "clear" that Plaintiff "would not pay a penny out of [his] pocket for their legal services or costs." (Doc. 71-1 at 1-2, ¶ 5.) Thus, it is not clear whether Plaintiffs agreed they would pay $150 per hour for paralegals' work on the action, or if they simply acknowledged this was the hourly rate typically billed by the firm. Regardless, any agreement between Plaintiffs and counsel is not dispositive of the issue of whether fees requested are reasonable. Instead, the Court has an obligation to determine whether a proposed hourly rate is reasonable for the forum. *See Gates*, 987 F.2d 1390; *Moreno v*, 534 F.3d at 1111.

Paralegal rates within the Eastern District range between $75 to approximately $150.00, depending on experience. *Schmidt v. City of Modesto,* 2018 WL 6593362, at *6 (E.D. Cal. Dec. 14, 2018) ("the reasonable rate of compensation for a paralegal would be between $75.00 to $150.00 per hour depending on experience"); *see also Phillips 66 Co. v. Cal. Pride*, 2017 WL 2875736, at *15

1    (E.D. Cal. July 6, 2017) (identifying the same range of hourly rates); *Trujillo v. Singh*, 2017 WL

2    1831941 at *3 (E.D. Cal. May 8, 2017) (finding requested hourly rates of $95-115 were reasonable

3    within the Eastern District). Although the requested rate is within the range approved by this district,

4    Plaintiffs' counsel fails to provide any information regarding the levels of education or experience for

5    the paralegals.  The Court is unable to assume, as counsel would have it, that the hourly rate awarded

6    in prior actions was to the same paralegals, or to individuals with the same level of experience.

7    Without such information, Plaintiffs fail to show an hourly rate at the highest end of the spectrum is

8    appropriate. *See, e.g,, Freshko Produce Servs. v. ILA Prods*, 2021 WL 4033176, at *4 (E.D. Cal. Sept.

9    2, 2021) (approving $150 per hour as reasonable "for a paralegal with more than 30 years of

10   experience" for purposes of calculating the lodestar).

11          When counsel has failed to provide information related to the experience of paralegals, the

12   Court has reduced the requested fee award to the lower end of the hourly rate range.  *See, e.g., Englert*

13   *v. City of Merced*, 2020 WL 2215749, at *13 (E.D. Cal. May 7, 2020) (rejecting the requested rate of

14   $125 to $150 per hour for the paralegals and reducing them to $75 when the plaintiffs "provided no

15   information on the experience of the paralegals"); *Freshko Produce Servs. v. Write on Mktg.*, 2019

16   WL 3798491 at *3 (E.D. Cal. Aug. 13, 2019) (finding the proposed hourly rate of $150 was not

17   reasonable because counsel "fail[ed] to identify the education and experience of [the] paralegal to

18   justify the upper rate of $150," and adjusting the hourly rate to $100); *Mora v. Cal W. Ag Servs., Inc.*,

19   2019 WL 2084725, at *9 (E.D. Cal. May 13, 2019) (applying adjusted rate for paralegals of $100 per

20   hour where counsel failed to identify the experience of the paralegals).  Because counsel has not

21   provided any information regarding the education and experience of *any* of the paralegals who worked

22   on this action, the hourly rate for each paralegal will be reduced to $100.  *See Freshko Produce*, 2019

23   WL 3798491 at *3; *Mora,* 2019 WL 2084725, at *9.

24           Based upon the Court's prior surveys of the attorney fees awarded in the Eastern District and

25   the Court's own knowledge, these hourly rates are reasonable for the tasks completed by counsel and

26   the professional staff in this action. *See Roach,* 2017 WL 5070264 at *9; *Ingram v. Oroudjian*, 647

27   F.3d 925, 928 (9th Cir. 2011) (concluding "the district court did not abuse its discretion either by

28   relying, in part, on its own knowledge and experience" to determine reasonable hourly rates).

### C. Lodestar Calculation

The lodestar method calculates attorney fees by "by multiplying the number of hours reasonably expended by counsel on the particular matter times a reasonable hourly rate." *Florida*, 915 F.2d at 545 n. 3 (citing *Hensley*, 461 U.S. at 433); *see also Laffitte v. Robert Half Int'l*, 1 Cal. 5th 480, 489 (2016). With the time and rate adjustments set forth above, the lodestar in this action is **$67,634.35**:

| LEGAL PROFESSSIONAL | HOURS | RATE | LODESTAR |
|---|---|---|---|
| Jon Jacobs (2018) | 1.87 | $450 | $841.50 |
| Jon Jacobs (2021) | 0.17 | $505 | $85.85 |
| Terry Baker | 109.10 | $505 | $55,095.50 |
| Chad David (as a law clerk) | 0.34 | $125 | $42.50 |
| Chad David (after admission) | 21.34 | $200 | $4,268.00 |
| Rene Dupart | 16.75 | $250 | $4,187.50 |
| Jon Feely | 0 | N/A | N/A |
| Elana Midda | 1.87 | $350 | $654.50 |
| Nicolas Dillavou | 0 | N/A | N/A |
| Lisa Tyler | 7.65 | $100 | $765.00 |
| Gabriela Torres | 9.18 | $100 | $918.00 |
| Kimberly Riley | 1.81 | $100 | $181.00 |
| Kayla Goettman | 3.91 | $100 | $391.00 |
| Cindy Lewandowski | 0 | N/A | N/A |
| Shaina Cateldge | 2.04 | $100 | $204.00 |
| | | | |
| **TOTAL** | | | **$67,634.35** |

### D. Application of a multiplier

Plaintiffs request that the lodestar figure be enhanced by a multiplier of 1.5. (Doc. 71 at 9.) Once a court has calculated the lodestar, "it may increase or decrease that amount by applying a positive or negative 'multiplier' to take into account a variety of other factors, including the quality of the representation, the novelty and complexity of the issues, the results obtained, and the contingent risk presented." *Laffitte,* 1 Cal.5th at 504 (citation omitted); *see also Ketchum v. Moses*, 24 Cal.4th 1122, 1132 (2001) (indicating the court may adjust the fee award considering "the following factors: (1) the novelty and difficulty of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, (4) the contingent nature of the fee award"). The party seeking a lodestar enhancement bears a "heavy" burden to overcome the "strong presumption" that the lodestar is reasonable. *Stewart v. Gates*, 987 F.2d 1450, 1453 (9th Cir. 1993).

Plaintiffs contend, "This case calls for a multiplier to enhance the lodestar fee amount." (Doc. 71 at 9.) According to Plaintiffs, "Lemon Law litigation is a specialized field that involves complex interplay between state and federal consumer statutes and the Uniform Commercial Code as interpreted by state and federal courts." (*Id.*) In addition, Plaintiffs assert this case was "especially complex" with novel issues raised "at multiple times during the lawsuit." (*Id.* at 10.) Plaintiffs observe:

> [T]he facts of this case involve a motor home purchased in Iowa by residents of California with a warranty provision that litigation be prosecuted in Indiana. As evidenced by this Court's ruling on Plaintiff's Motion for Order Establishing the Controlling Law, complex issues of law arose with little case precedent to guide Plaintiffs' claims. Specifically, here, this case was transferred to the Northern District of Indiana and subsequently transferred back to this venue upon discovery of Defendants utilizing improper evidence to support their transfer of venue. Attorney Terry Baker was required to be admitted *pro hac vice* to prosecute this case in Indiana.

(*Id.*) As a result, Plaintiffs contend they "had to overcome procedural hurdles prior to litigating this case on the merits." (*Id.*)

Further, Plaintiffs argue the skill counsel displayed also supports application of a multiplier. (Doc. 71 at 10.) They contend counsel's "overall skill … is evidenced by the claim's survival through litigation and the outcome achieved in Plaintiffs." (*Id.*) Plaintiffs report:

> In over 20 years of practicing exclusively in the field of Lemon Law, Jon Jacobs has handled approximately 2,000 Lemon Law cases. Last year alone, the Law Offices of Jon Jacobs handled over 300 Lemon Law cases. Jacobs Decl. ¶ 4.
> Similarly, Terry Baker has over 20 years of litigation and trial experience working for multiple law firms specializing in consumer warranty protection. He alone has successfully taken over 25 cases to trial and has handled over 100 Lemon Law cases during the pendency of this current action. Baker Decl.

(*Id.*) Plaintiffs assert "they spent more than 200 hours on this matter, with an additional 25 hours anticipated to close out this case," and that "[u]ntil this case is fully resolved, Plaintiffs' counsel is unable to allow another case to take its' (sic) place." (*Id.* at 11.)

Finally, Plaintiffs argue the contingency fee contract between Plaintiffs and counsel supports the application of a multiplier. (Doc. 71 at 11-12.) Plaintiffs assert, "counsel prosecuted this case on a contingency fee basis and advanced *all* of the costs of litigation." (*Id.* at 11, emphasis in original.) According to Plaintiffs, the application of a fee multiplier also "encourage[s] competent counsel to protect consumers on a contingency fee basis." (*Id.* at 12, emphasis omitted.) Plaintiffs assert, "[w]ithout full compensation for successful cases, experienced and competent counsel will be deterred

from accepting consumer cases." (*Id.*)

Jayco opposes the request for a multiplier, asserting that "Plaintiff's counsel lists the factors that support such a determination, but fails to demonstrate why such an entitlement is justified on the instant facts." (Doc. 72 at 13.) Jayco contends that while "Plaintiffs' counsel repeatedly refers to the excellent result achieved …, Plaintiffs settled their claims for a diminished value payment of $42,500.00 – not a repurchase or replacement of their motor home." (*Id.*)  According to Jayco, it "always argued that Plaintiffs' damages must only be calculated as a 'diminished value' recovery," while Plaintiffs "refused to acknowledge that Song-Beverly repurchase remedies were unavailable until the eve of trial." (*Id.*) In addition, Jayco contends "Plaintiffs' Counsel were clearly not precluded from taking on any work as a consequence of their work in this case," as a review of the hours billed reveals that "Counsel billed less than 10 hours per month in this matter for 27 of the 40 months of the litigation between February 2018 and August 2021." (*Id.* at 14.)  Jayco observes that "[t]he most hours billed for any month was 21 hours in February 2020." (*Id.*)  Thus, Jayco contends "Counsel could have accepted other cases, assuming such cases were available." (*Id.*)

Significantly, it does not appear counsel faced truly novel and complex issues of law in this action, contrary to their assertions.  Indeed, the only substantive motions filed with the Court related to a motion to change venue and motion to resolve the parties' dispute related to the controlling law. (*See* Docs. 11, 49.)  Despite the representations of counsel, the level of skill and experience of Mr. Jacobs and Mr. Baker were not particularly reflected in the prosecution of this action.  Counsel was not required to face significant factual disputes or dispositive motions in this action, such as a motion to dismiss, motion to strike, or motion for summary judgment.  Indeed, of the 230.7 hours originally billed by the Law Offices of Jon Jacobs, approximately 40% of the hours were billed by paralegals and 10% by an attorney who was licensed to practice during the pendency of this action.  (*See* Doc. 71 at 7-8.)  Thus, the Court finds the issues presented and skill required do not support the application of a multiplier.  *See, e.g., Steel v. GMC*, 912 F. Supp. 724, 746 (N.J. Dist. 1995) ("the issues in lemon law litigation are not complex and do not require a significant amount of legal analysis or novel pleading"); *Ketchum*, 24 Cal. 4th at 1138 (explaining that "[a] more difficult legal question typically requires more attorney hours").

Furthermore, there is no evidence that the nature of the litigation precluded other employment by counsel. To the contrary, Plaintiffs' counsel expended a total of fewer than 275 hours of work on this action over the course of three years. Indeed, Plaintiffs' counsel admits that "[l]ast year alone, the Law Offices of Jon Jacobs handled over 300 Lemon Law cases" and Mr. Baker "handled over 100 [other] Lemon Law cases during the pendency of this current action." (Doc. 71 at 10.) Finally, the Court finds the contingent nature of the fee award is outweighed by the other factors, particularly in this action where the disputed facts and issues were minimal. *See Amaral v. Cintas Corp. No. 2*, 163 Cal.App.4th 1157, 1217 (2008) (enhancement for contingent risk is appropriate where "[t]he claims and defenses . . . raised a significant number of complex legal issues of first impression, and class counsel took a substantial risk that it would not prevail on these issues and thus would not recover a full fee"). Accordingly, the Court finds the lodestar amount of **$67,634.35** is reasonable for the work completed and results achieved, and declines to award a multiplier.

### E. Costs to be Awarded

Plaintiff requests costs and expenses in the amount of $1,509.13, as reflected in their "Bill of Costs." (Doc. 71 at 6; Doc. 70-5 at 106-08.) In general, an award of costs in federal district court is governed by Federal Rule of Civil Procedure 54(d) and not applicable state law. *See Champion Produce, Inc. v. Ruby Robinson Co., Inc.*, 342 F.3d 1016, 1022 (9th Cir. 2003) (citing *In re Merrill Lynch Relocation Mgmt., Inc.*, 812 F.2d 1116, 1120 n. 2 (9th Cir. 1987)). This is because "federal courts sitting in diversity apply state substantive law and federal procedural law." *Feldman v. Allstate Ins. Co.*, 322 F.3d 660, 666 (9th Cir. 2003) (citing *Erie R.R. v. Tompkins*, 304 U.S. 64, 78 (1938)). Thus, federal procedural law governs a request for an award of costs.

Rule 54 of the Federal Rules of Civil Procedure provides that costs "should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). This "creates a presumption in favor of awarding costs to the prevailing party, but the district court may refuse to award costs within its discretion." *Champion Produce*, 342 F.3d at 1022. "[A] district court need not give affirmative reasons for awarding costs; instead, it need only find that the reasons for denying costs are not sufficiently persuasive to overcome the presumption in favor of an award." *Save Our Valley v. Sound Transit*, 335 F.3d 932, 945 (9th Cir. 2003). For example, costs may be declined in light of "a losing party's limited financial resources" or

39

where there has been "misconduct by the prevailing party." *Champion Produce*, 342 F.3d at 1022.

The Supreme Court explained that 28 U.S.C. § 1920 "defines the term 'costs' as used in Rule 54(d)." *Crawford Fitting Co. v. J.T. Gibbons, Inc*., 482 U.S. 437, 441 (1987). Costs that may be taxed under 28 U.S.C. § 1920 include:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Section 1920 imposes "rigid controls on cost-shifting in federal courts," and "federal courts are bound by the limitations set out in." *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 444-45 (1987). Generally, the court may not award costs under Rule 54(d) not authorized by statute or court rule. *Arlington Cent. School Dist. Bd. of Educ. v. Murphy*, 548 U.S. 291, 301 (2006). Thus, "costs almost always amount to less than the successful litigant's total expenses in connection with a lawsuit." *Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560, 573 (2012) (citation omitted).

### 1.     Filing fee

Section 1920 specifically provides that a prevailing party may recover costs for fees to the court clerk. 28 U.S.C. § 1920(1). *See also Carr v. Tadin, Inc.*, 51 F.Supp.3d 970, 985 (S.D. Cal. 2014) ("the filing fee is recoverable as a fee of the clerk"). Therefore, Plaintiffs are entitled to recover the $400 filing fee.

### 2.     Mediation fees

Plaintiffs seeks $987.50 for "[m]ediation fees paid to JAMS." (Doc. 70-5 at 108.) However, "nothing in 28 U.S.C. § 1920 provides for the costs of a mediator." *Sea Coast Foods, Inc. v. Lu-Mar Lobster & Shrimp, Inc.* 260 F.3d 1054, 1061 (9th Cir. 2001); *see also Cook Children's Med. Ctr. v. New England PPO Plan of Gen. Consol. Mgmt., Inc.,* 491 F.3d 266, 277 (5th Cir. 2007) (mediation fees are not taxable costs because Section 1920 does not expressly permit their recovery). Plaintiffs are therefore not entitled to recover mediation fees pursuant to Section 1920.

### 3. Certificate of good standing

Finally, Plaintiffs seek $121.63 for obtaining a certificate of good standing from the State Bar of California. (Doc. 70-5 at 108.) However, courts have determined costs related to a *pro hac vice* application are not recoverable under Section 1920. *See Kalitta Air L.L.C. v. Central Texas Airborne System, Inc.,* 741 F.3d 955 (9th Cir. 2013) (finding Section 1920 does not provide for recovery of costs expended on *pro hac vice* applications); *see also Eagle Ins. Co. v. Johnson*, 982 F. Supp. 1456, 1459 (M.D. Ala. 1997), *aff'd*, 162 F.3d 98 (11th Cir. 1998) (finding no statute authorizes compensation for certificate of good standing or *pro hac vice* filing fees).

## IV. Conclusion and Order

Based upon the foregoing, the Court **ORDERS**:

1. Plaintiff's motion for fees is **GRANTED** in the modified amount of $**67,634.35**; and

2. Plaintiff's motion for costs is **GRANTED** in the amount of $**400.00**.

IT IS SO ORDERED.

Dated:   **December 18, 2021**                    _____ **/s/ Jennifer L. Thurston**
CHIEF UNITED STATES MAGISTRATE JUDGE

# EXHIBIT 20

Case No. 12-cv-03936-JST

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

# Lemmons v. Ace Hardware Corp.

## Case No. 12-cv-03936-JST (N.D. Cal. Feb. 1, 2015)

Decided February 1st, 2015

JON S. TIGAR United States District Judge

## ORDER GRANTING IN PART MOTION FOR ATTORNEY FEES

Re: Dkt. No. 122

Before the Court is Plaintiff's motion for attorney fees, litigation expenses, and costs totaling $272,912 in this action for discrimination on the basis of disability relating to the Berkeley Ace Hardware store located in Berkeley, CA.

# I. BACKGROUND

### A. Factual Background

Plaintiff Portia Lemmons brought this action against Defendants Ace Hardware Corporation ("Ace"), Berkeley Hardware, Inc., and EQR-Acheson Commons Limited Partnership ("EQR") for claims arising out of Defendants' purported denial of access to disabled persons at the Berkeley Ace Hardware store in Berkeley, California ("the store"). Complaint, ECF No. 1. Lemmons has lived with cerebral palsy since birth and claimed that she had encountered numerous barriers that prevented her from fully accessing the store during the course of visits over the last several years. ECF No. 107 at 2-4.

Ace and Berkeley Hardware have a franchising agreement that permits Berkeley Hardware to operate the store while using the "Ace" name. Id. at 1. EQR owns the building in which the *2 store is located and leases it to Berkeley Hardware. Id. Defendants insist that EQR plans to tear down the building that houses the store in the near future and that the store plans to relocate to a new space. ECF No. 130 at 7. As of the date of this order, the store remains in operation in the EQR building. ECF No. 122 at 4.

### B. Procedural History

The Defendants entered into a court-enforceable settlement agreement with Lemmons. The parties did not reach any agreement as to damages or attorney's fees. Id.

The parties subsequently brought cross-motions for summary judgment. ECF No. 64, 80. The Court granted summary judgment in favor of Plaintiff that the Defendants Berkeley Hardware and EQR-Acheson Commons Limited Partnership ("EQR") were liable for $52,000 in damages under the Unruh Act for the "difficulties, discomfort, or embarrassment" she suffered during her visits to the store. ECF No. 107 at 21-22. Lemmons had agreed to limit her recovery to the statutory minimum of $4,000 per visit to the store. Id. at 22. The Court found Lemmons could not recover for her California Disabled Persons Act claim because she had already recovered under the Unruh Act and plaintiffs are not permitted to recover under both statutes. Id. at 25-26.

The Court granted summary judgment in favor of Defendant Ace Hardware, concluding that Ace could not be held liable as an "operator" under the ADA because



Ace, as a franchisor, lacked "specific control" over the store. Id. at 11-12.

### C. Jurisdiction

The Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1367.

## II. LEGAL STANDARD

Recognizing the "need for private lawsuits to enforce disabled access," California disability laws and the Americans with Disabilities Act both provide for fee shifting to successful plaintiffs. Blackwell v. Foley, 724 F. Supp. 2d 1068 at 1075 (N.D. Cal 2010). "Upon motion, a court may award attorneys' fees to a successful party against one or more opposing parties in any *3 action which has resulted in the enforcement of an important right affecting the public interest if: (a) a significant benefit, whether pecuniary or nonpecuniary, has been conferred on the general public or a large class of persons, (b) the necessity and financial burden of private enforcement or of enforcement by one public entity against another public entity, are such as to make the award appropriate, and are such as to make the award appropriate, and (c) such fees should not in the interest of justice be paid out of the recovery, if any." Cal. Civ. Proc. Code § 1021.5. California Civil Code § 55 also provides that the prevailing party in an action for injunctive relief under California's disability laws "shall be entitled to recover reasonable attorney's fees."

"California courts, like their federal counterparts, utilize the lodestar (or 'touchstone') approach to determine a proper fee award to a prevailing plaintiff in a civil rights law suit." Muniz v. United Parcel Serv., Inc., 738 F.3d 214, 222 (9th Cir. 2013). Under the lodestar, "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). Courts "should ex-

clude from this initial fee calculation hours that were not reasonably expended." Id. at 434 (internal quotation and citation omitted). "Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." Id. If "a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount." Id. at 436.

## III. ANALYSIS

### A. Hourly Rate

Plaintiff's request that the "reasonable hourly rate[s]" used by the Court for calculating the lodestar in this case should be as follows: "Paul L. Rein, $645; Celia McGuinness, $550; Catherine 'Cat' Caballo, $475; senior paralegal Aaron Clefton, $190; paralegal Emily O'Donohoe, *4 $155, and paralegal Holly Jaramillo, $135." ECF No. 122 at 12. In support of their proposed hourly rates, Plaintiff's counsel point to their "education, experience, and expertise in disability rights law," declarations provided by other attorneys practicing in the field, and other decisions in this District awarding similar hourly rates for attorneys practicing in the Rein Law Office. Although Defendants take issue with the reasonableness of the hours expended by Plaintiff's counsel on the litigation, they do not appear to contest the proposed hourly rates. Nonetheless, the Court will satisfy itself that Plaintiff's proposed hourly rate is reasonable before moving on to evaluate the reasonableness of the hours expended.

When determining a reasonable hourly rate for a lawyer's service, "the lodestar looks to the prevailing market rates in the relevant community." Perdue v. Kenny A. ex rel. Winn, 559 U.S. 542, 551 (2010) (internal quotations and citations omitted). "The burden is on the fee applicant to produce satisfactory evi-



dence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." Blum v. Stenson, 465 U.S. 886, 896 n.11 (1984).

Rein has forty-five years of litigation experience, including forty years of disability representation, during which time he worked on many cases that achieved substantial victories for disabled plaintiffs. Cabalo has thirteen years of practice as a litigator who has practiced with the Rein firm in the field of disability law for the last five years. McGuinness has twenty-four years of litigation experience and has practiced with the Rein firm for the past six years. Plaintiff's counsel has provided charts documenting orders by courts in this District, which have calculated fees for other attorneys and paralegals with similar amounts of litigation experience using hourly rates similar to or greater than those requested here. ECF No. 122 at 18-20. This evidence is not disputed.

Furthermore, Plaintiff's counsel has shown that other judges in this District have approved *5 payments to these same lawyers using hourly rates either identical to or similar to the rates currently sought. Earlier this year, Judge Seeborg noted that, in the prior fifteen months, Rein's $645 per hour rate had been approved by "four different judges in this district . . . in light of Rein's skill, reputation, and extensive experience." Rodriguez v. Barrita, Inc., No. 09-04057-RS, 2014 WL 2967925 at *2 (N.D. Cal July 1, 2014) (citing Hernandez v. Grullense, No. 12-cv-03257-WHO, 2014 WL 1724356 at *5 (N.D. Cal. April 30, 2014), Moralez v. Whole Foods Mkt., Inc., No. 12-01072-CRB, 2013 WL 3967639 at *4 (N.D. Cal. July 31, 2013); Cruz v. Starbucks Corp., No. 10-01868-JCS, 2013 WL 2447862 at *5 (N.D. Cal. June 5, 2013); Delson v. CYCT Mgmt. Grp., Inc., No. 11-03781-MEJ, 2013 WL 1819265 at *5 (N.D. Cal. Apr. 30, 2013)).

Judge Seeborg also approved compensating Cabalo at an hourly rate of $425 per hour in that litigation. Rodriguez, 2014 WL 2967925 at *2. Although Cabalo requests $475 per hour in the current motion, the Court concludes that an increase is appropriate. Cabalo acted as lead attorney in this matter. The charts provided by Plaintiff's counsel indicate that, in the last several years, other judges in this District have approved hourly rates within this range for plaintiffs' attorneys with a similar amount of litigation experience. ECF No. 122 at 19. Finally, as already noted, Cabalo's hourly rate is unopposed by Defendant.

Judge Breyer has previously approved a rate of $495 per hour for McGuinness, who now seeks an hourly rate of $550. Moralez, 2013 WL 3967639 at *3. The Court finds the $550 hourly rate now sought by McGuinness is reasonable, in light of the rates approved by other judges in this District over the last several years for plaintiffs' attorneys with similar amounts of litigation experience. ECF No. 122 at 19-20. McGuiness's requested rate is also unopposed.

Lastly, the Court finds the hourly rates requested for the work done by the firm's paralegals are reasonable. Judge Breyer has previously approved compensating Clefton at a rate of $175 an hour, noting that two other judges in the District had compensated Clefton at that rate. In early 2013, Judge James reasoned that the $175 rate was an appropriate adjustment from the *6 $165 hourly rate courts had approved for Clefton in 2010 and 2011. Delson, 2013 WL 1819265 at *5 (N.D. Cal. Apr. 30, 2013). The Court finds that the $190 rate is appropriate for Clefton, given his extensive experience, the rates approved for other paralegals by courts in this District, and the fact that his requested hourly rate is unopposed. ECF No. 122 at 20. The Court similarly concludes that the hourly rate requested for the work of the firm's other two paralegals is appropriate given the prevailing rates in the community. Id.



The Court finds that Plaintiff's counsel has established that the lodestar should be calculated using the hourly rates they have requested.

## B. Hours Reasonably Expended

Defendants principally contest the reasonableness of the number of hours billed by Plaintiff's counsel. Defendants contend that Plaintiff's counsel: 1) billed excessively for internal meetings and conferences; 2) billed excessively on particular motions; 3) billed for an ultimately unsuccessful claim against Ace Hardware; and 4) billed for services performed on behalf of deceased plaintiff Bertha Johnson. Defendants ask that the Court cut Plaintiff's requested fees by half "across the board" in light of the "excessive and redundant billing." ECF No. 130 at 11.

### 1) Entries for Meetings

Defendants argue that Plaintiff's counsel billed an unreasonable number of internal meetings, comprising in Defendants' calculation a total of $39,048.00 in fees over 259 separate entries. Defendants have compiled the hours billed for such meetings into a single spreadsheet, submitted as Exhibit H to their opposition. ECF No. 130-8. Additionally, Defendants note that many of these meetings were of short duration, such as .1 hour or .2 hour increments--six or twelve minutes. The practice of billing for many short meetings has been criticized by other judges in this District as having the effect of potentially inflating a fees award. See, e.g. Hernandez, 2014 WL 1724356, at *8-9; Cruz v. Int'l Collection Corp., No. 08-00991-JF (RS), 2010 WL 2509988, at *4 (N.D. Cal. June 17, 2010).

*7 Although the Court has approved the substantial hourly rates requested by Plaintiff's counsel, it has done so based on the attorneys' experience and expertise in disability litigation. This same expertise undercuts the reasonableness of some of their hours. "One of the trade-offs of being an expert in a specific filed of law is the expectation that tasks will be completed with greater efficiency because the knowledge base

and resources have already been well-established." Delson v. CYCT Mgmt. Grp., Inc., No. C 11-03781 MEJ, 2013 WL 1819265, at *8 (N.D. Cal. Apr. 30, 2013). The Court knows that co-counsel sometimes need to strategize. But lawyers who are experts in the field of disability litigation, working at a small firm that exclusively handles that kind of work, should not need to bill 259 separate entries for strategizing. "The Ninth Circuit has approved of reductions in fees for unnecessary and duplicative intra-office conferences," and other courts in this District have "previously been critical of excessive conferencing by Rein Law." Hernandez, 2014 WL 1724356 at *10. Compounding these concerns is that some entries lack any specificity, such as "Meet w/ co-co re: pending issues" or "Strategize w/ staff re current case issues," which make such review more difficult and cause the Court some concern. ECF No. 130-8 at 3, 5.

Because the Court finds that Defendants' criticisms of the excessive nature of Plaintiff's counsel's billing for internal meetings are valid, it will exercise its discretion to reduce the $39,048.00 that Defendants characterize as having been billed for time spent on internal meetings by 50%, awarding $19,524.00 for these entries.

### 2) Summary Judgment Motions

Defendants contend that Plaintiff's counsel billed an excessive number of hours on motions practice, including the summary judgment proceedings, administrative motions, and the current motion for fees. Defendants first object to the 102.8 hours they have classified as having been billed for the summary judgment proceedings, ECF No. 130-7, claiming that many of the arguments made is Plaintiff's opposition to Defendants' cross-motion overlap with arguments *8 made in Plaintiff's affirmative motion. The Court agrees the time billed for these motions was substantial. But Defendants' themselves created some of these costs by filing affirmative motions for summary judgments on



claims where summary judgment was ultimately granted against them.

The Court also notes that Plaintiff's well-drafted and ultimately-successful summary judgment motion resulted in a lower total amount of fees by bringing the litigation to an end without the need for a trial. Any concerns the Court might have regarding the amount of time Plaintiff's counsel have billed for that motion are counterbalanced by this fact. In the same vein, the Court notes that Plaintiff also compromised on certain issues of injunctive relief and agreed to limit her damages claim, decisions that also prevented the need for a trial and lowered the amount of fees. The Court finds these hours were reasonably expended.

### 3) Fee Motions

Defendants object to the number of hours Plaintiff's counsel spent preparing the present attorney's fees motion. Defendants note that the motion is "nearly identical" to a motion the Rein firm submitted in Gerardo Hernandez v. Taqueria El Grullense, 12-cv-3257-WHO. Defendants include the fees motion from that case as Exhibit L. ECF No. 130-12. Defendants also call the Court's attention to the fee decision issued in Hernandez, wherein Judge Orrick observed that "Judges in this District have, on several occasions, criticized the fees sought by Rein Law for work on re-purposed fees motions," and deducted $6,276 of the $16,474 requested relating to this briefing. 2014 WL 1724356, at *13 (collecting cases). The Court has compared the motion filed in Hernandez and the opening brief filed herein and finds many sections regarding the statutes and public policies at issue do overlap substantially. The opening brief does not appear to have required substantial time to draft in light of Rein Law's ability to use a template motion. The Court will therefore award just 2 of the 10.4 hours Caballo has sought to bill on the opening motion for attorney's fees. The Court will therefore reduce the lodestar figure by $3,990 for time spent on preparing the initial fees motion.

*9 **4) Administrative Motions**

Defendants' also point to $6,018.50 requested for time Plaintiff's counsel spent preparing a motion to seek a continuance of defendants' motion for summary judgment from the Court and related declarations. ECF No. 130-10. That number is indeed substantial, but the motion was important to Plaintiff's litigation strategy. Moreover, Defendants opposed the motion and the Court ultimately granted it. ECF No. 72.

When the motions for summary judgment were submitted to the Court several months later, after which time the Plaintiff had been able to conduct further discovery, the Court ruled largely in Plaintiff's favor. ECF No. 107. Defendants' criticism that this motion should have been routine for the Rein Law attorneys, and therefore should have taken less time, is not well taken. Defendants increased Plaintiff's counsel's costs by refusing to stipulate to a continuance, see ECF Nos. 68, 69, and should not be heard now to complain about those costs. The Court finds that time spent by lawyers and paralegals on this motion was reasonably expended.

On the other hand, the Court notes that Paul Rein billed 4 hours strategizing and preparing an opposition to Defendant Berkeley Hardware's motion to amend their answer to include a statute of limitations defense. ECF No. 45. The Court ultimately granted Defendant's motion to amend over this objection, as discovery had not yet begun and the trial date was almost a year in the future. ECF No. 58. The Court will deduct the four hours Rein seeks to bill for preparing this motion from its fees award, finding that this time was not reasonably expended. An administrative motion of this kind need not have been drafted by a lawyer of Rein's experience, charging Rein's substantial hourly rate. "With four decades of experience in this area, Rein is an authority on ADA litigation. But in light of that specialized knowledge and his commensurately high billing rate, Rein should reasonably limit his involvement to matters requiring his level



of skill." Hernandez, 2014 WL 1724356 at *8. Furthermore, a lawyer of Rein's experience and expertise should have recognized that it would be difficult at best to defeat a motion to amend an answer *10 when discovery had not yet even started and trial was almost a year away, and simply stipulated to permit the amendment. The Court will therefore reduce the lodestar figure by $2,580 for time spent on this opposition.

### 5) Ace Hardware

Defendants argue that time Plaintiffs spent pursuing claims against Ace Hardware should be deducted from Plaintiff's fees, because the Court ultimately granted summary judgment in favor of Ace Hardware, concluding that, as a franchisor, Ace lacked operational control over the store. Defendants claim that law was clear at the outset of the litigation that "a franchisor or licensor that does not control the day to day operations of the franchisee or licensee is not liable under the ADA." ECF 130 at 13 (citing Neff v. Am. Dairy Queen Corp., 58 F.3d 1063, 1066 (5th Cir. 1995) and Lentini v. California Ctr. for the Arts, Escondido, 370 F.3d 837, 849 (9th Cir. 2004)). In light of this backdrop, Defendants contend that this claim thus should not have been brought against Ace, because Defendants' counsel told Plaintiff's counsel at the outset of the litigation that Ace had no right or obligation to operate the store.

"California law requires a trial court to adjust a lodestar award to account for time spent exclusively on an unsuccessful claim." Muniz v. United Parcel Serv., Inc., 738 F.3d 214, 224 (9th Cir. 2013). "[T]he court must find that the time deducted did not aid in proving the successful claims." Id., 738 F.3d at 224. The Court agrees with Defendants that time spent by Plaintiff's counsel on claims against Ace Hardware exclusively should not be included in the fees award. The Court ruled in favor of Ace on the issue of damages at summary judgment, as the Court concluded that Lentini and Neff dictated that Ace was not liable

as it lacked day to day operational control over the store. Although Plaintiff claims that the injunctive settlement reached with EQR states that Plaintiff is the prevailing party as to all Defendants, nothing agreed to in the settlement required Ace to take any action. See ECF No. 57. Therefore, the Court concludes that Plaintiff's claims against Ace were unsuccessful and time spent exclusively on those claim should be *11 deducted from the fees award.

Defendants have identified $13,713.50 in entries that they contend reflect time spent exclusively on claims against Ace Hardware. ECF No. 130-6. The Court does not agree with Defendants' characterization of all of the entries. For instance, Defendants have included time entries by McGuinness and Cabalo on April 3, 4, 7, and 8 relating to drafting a discovery letter brief that pertained to Plaintiff's claims against all three Defendants, located at ECF No. 74. The Court will not deduct these hours, as they include time spent on successful claims. Additionally, Defendants characterize entries made by Cabalo on May 12, 14, 16, and 19 as pertaining to the claims against Ace. These entries relate to a further discovery letter brief, located at ECF No. 79, and the discovery issues discussed in that brief did not involve Ace Hardware at all, but only involved Plaintiff's claims against Berkeley Hardware and EQR - on which Plaintiff prevailed. The Court will likewise not deduct these hours from the lodestar figure.

Defendants additionally ask the Court to consider that some of the time billed on summary judgment briefing was spent on drafting sections pertaining to the claims against Ace and to reduce the summary judgment fees accordingly. Plaintiff's affirmative motion did not pertain specifically to its claim against Ace and was successful, so therefore does not represent time spent exclusively on pursuing the unsuccessful claims. During summary judgment, Plaintiff opposed the portion of Defendants' motion that sought summary judgment in favor of Ace. Ace prevailed. It appears that Plaintiff's counsel billed 18.8 on its opposition to Defendants' motion. In light of this, the Court will subtract 4 hours



of Cabalo's time spent drafting the opposition, to reflect the amount of time spent on opposing summary judgment as to the claims against Ace.

The Court will therefore deduct from the award of fees $10,378.50 of the $13,713.50 that Defendants have characterized as time Plaintiff's counsel spent pursuing claims against Ace Hardware. ECF 130-6. The Court will also deduct an additional $1,900 for time spent opposing the portions of Defendants' motion for summary judgment relating to Ace.

*12 **7) Bertha Johnson**

Defendants also argue the Court should further reduce the fees award due to the time Plaintiff's counsel spent performing work on behalf of co-Plaintiff Bertha Johnson, who passed away during the course of the litigation. This does not provide a basis for further reducing the fees awarded to Plaintiff's counsel. The Rein declaration specifically addresses this issue, stating that "[a]ll work done on this case prior to Ms. Johnson's death was done on behalf of both plaintiffs, and no work was done, or time kept separately, for decedent Johnson." ECF No. 123 at 1 n.1. The Court credits this, as Johnson's claims were identical to Lemmons' and involved the same store location.

**8) Conclusion**

Defendants have identified some billing items which give the Court pause, particularly a large number of internal strategic meetings and an excessive amount of time spent on some items in motions practice. Nonetheless, the Court does not agree with all of Defendants' criticisms of the billing and does not find that Defendants' proposed 50% across the board slashing of the requested fees is justified. Plaintiff's counsel have thoroughly documented how they spent their time and have secured a victory for the Plaintiff and other disabled individuals seeking to access the store.

The Court will reduce the amount of hours Plaintiff's counsel spent billing internal strategic meetings by

50% in light of the excessive number of such meetings. The Court will also subtract from the hours requested 8.4 hours billed by Cabello in preparing the attorney's fees motion, 4 hours spent by Rein in preparing an opposition to Defendant Berkeley Hardware's motion for leave to amend its answer, and $10,378.50 in time spent pursuing claims against Ace Hardware. The Court therefore awards Plaintiff's counsel $218,237.5 of the $256,610 they have requested.

*13 **C. Degree of Success**

In addition to their claims regarding excessive billing, Defendants also ask the Court to reduce the fees due to Plaintiff's "limited success in light of the scope of the litigation." ECF No. 130 at 9-11, 17. In considering whether to reduce a fees award due to the limited success of a litigation, a district court "must deduct from the lodestar hours spent exclusively on unrelated unsuccessful claims; and second, the court must evaluate the remaining hours to determine if they were reasonably necessary to achieve the result obtained." Muniz, 738 F.3d at 224. The Court does not agree with Defendants' characterizations of the outcome of the litigation.

As a result of the injunctive settlement reached in this case, the store has become substantially more accessible to the disabled population. Specifically, the store created van-accessible parking and signage, provided bells for disabled customers to ring for assistance at a services counter, and removed barriers that had previously prevented wheelchairs from turning around aisles and obstructed elevator doors. ECF No. 131 at 2. The store also agreed to provide on its main floor a catalogue of items found on other floors that disabled customers could consult before attempting to access those floors. Id. Additionally, the settlement secured a number of changes to employee training at the store regarding assisting disabled customers. Id.

The Court also granted Plaintiff summary judgment for liability and damages against EQR and Berkeley Hardware, over the Defendants' cross-motions for



summary judgment. ECF No. 107. The Court awarded Plaintiff $52,000 in damages. Id. The Court denied Defendants' motion for reconsideration. ECF No. 114. Given the number of defenses raised by Defendants' and Defendants' own summary judgment motion, Plaintiff's victory at summary judgment was hard-fought and the damages achieved for Plaintiff provided a substantial compensation for the "difficulties, discomfort, or embarrassment" she experienced upon visiting the store.

Defendants insinuate throughout their briefing that the fact that EQR intends to tear down the building in the near future somehow renders this litigation inappropriate or undermines the *14 value of the results achieved by Plaintiff. Defendants also claim that the litigation was potentially unnecessary, as Plaintiff never requested alterations to the premises before filing her complaint and may have been able to obtain them without bringing suit. The Court is not persuaded by these arguments (which are somewhat in tension with each other). Plaintiff was not required to request changes prior to bringing suit. Defendants' continued insistence that the allegedly-impending closure of the store somehow absolves them from making the premises accessible to disabled individuals indicates that Plaintiff would have been unlikely to persuade them to make the alterations without this litigation. Indeed, the parties did not reach an injunctive settlement agreement until almost a year after the complaint was filed and Plaintiff compromised on several of her initial requests.

"The reason for the fee-shifting provisions of both the ADA and California law is to motivate plaintiffs' attorneys to advocate for full and equal access for the disabled to public accommodations." Blackwell, 724 F. Supp. 2d at 1076. The store remains open in the EQR building to this day and Plaintiff's lawsuit achieved an injunctive settlement which has ensured a greater degree of access for disabled people to the public accommodation. This is the exact outcome the laws govern-

ing disabled individual's ability to access to public accommodations are intended to encourage.

**D. Plaintiff's Costs**

Plaintiff requests an award of costs in the amount of $16,302. The costs are well-documented and the request is unopposed. The Court will grant the request in full.

## *15 IV. CONCLUSION

For the foregoing reasons, the Court will grant Plaintiff's request for attorney's fees in part, and award $218,237.50. The Court also grants the Plaintiff's award of costs in the amount of $16,302. The total amount awarded by this order is $234,539.50.

**IT IS SO ORDERED**. Dated: February 1, 2015

/s/_____

JON S. TIGAR

United States District Judge



# EXHIBIT 21

# GALIPO CONFERENCING

| Biller | Date | Description - 35 | Hours Billed | Rate | Total | Adjusted Rate | Adjusted Fees | Fee Difference |
|---|---|---|---|---|---|---|---|---|
| Hang D. Le | 01/18/24 | Brief initial review of case materials received (expert disclosures and reports, deposition and statement transcripts of Yepez and Randazzo, dashcam video) and sent email correspondence to KH requesting additional materials | 2.50 | $ 700.00 | $ 1,750.00 | $ 350.00 | $ 875.00 | $ 875.00 |
| Hang D. Le | 08/27/24 | Communicated with KH and AC regarding address to serve Motion to Substitute to remaining minor; communicated with co-counsel's office re: Priscilla Macias's 377 declaration; completed and filed Motion to Substitute | 2.50 | $ 700.00 | $ 1,750.00 | $ 350.00 | $ 875.00 | $ 875.00 |
| Hang D. Le | 10/01/24 | Discuss with DKG Defendants' MIL Nos. 8 & 9 | 0.20 | $ 700.00 | $ 140.00 | $ 350.00 | $ 70.00 | $ 70.00 |
| Hang D. Le | 02/23/24 | Discussed joint proposed jury instructions, plaintiff's proposed jury instructions, and Proposed verdict form with DKG | 0.80 | $ 700.00 | $ 560.00 | $ 350.00 | $ 280.00 | $ 280.00 |
| Dale K. Galipo | 02/23/24 | Discussed joint proposed jury instructions, plaintiffs proposed jury instructions, and proposed verdict form with Hang Le | 0.80 | $ 1,400.00 | $ 1,120.00 | $ 550.00 | $ 440.00 | $ 680.00 |
| Hang D. Le | 03/01/24 | Discussed motion regarding trial scheduling issue with DKG | 0.30 | $ 700.00 | $ 210.00 | $ 350.00 | $ 105.00 | $ 105.00 |
| Dale K. Galipo | 03/01/24 | Discussed motion regarding trial scheduling issue with Hang Le | 0.30 | $ 1,400.00 | $ 420.00 | $ 550.00 | $ 165.00 | $ 255.00 |
| Hang D. Le | 10/30/24 | Discussed possible modified post-trial briefing schedule with DKG; sent KH and AC email regarding proposed modified post-trial briefing schedule | 0.30 | $ 700.00 | $ 210.00 | $ 350.00 | $ 105.00 | $ 105.00 |
| Hang D. Le | 09/09/24 | Discussed with DKG opposition to Defendants' Motion to Continue Trial Date; continued research and started drafting Opposition | 2.70 | $ 700.00 | $ 1,890.00 | $ 350.00 | $ 945.00 | $ 945.00 |
| Dale K. Galipo | 09/09/24 | Discussed with Hang Le Plaintiffs Opposition to Defendants' Motion to Continue Trial | 0.20 | $ 1,400.00 | $ 280.00 | $ 550.00 | $ 110.00 | $ 170.00 |
| Hang D. Le | 10/14/24 | Discussion with DKG re: exnert testimony at trial | 0.20 | $ 700.00 | $ 140.00 | $ 350.00 | $ 70.00 | $ 70.00 |
| Dale K. Galipo | 10/14/24 | Discussion with Hang Le re: expert testimony at trial | 0.20 | $ 1,400.00 | $ 280.00 | $ 550.00 | $ 110.00 | $ 170.00 |
| Hang D. Le | 04/17/24 | Drafted demand letter; discussed with DKG contents of letter | 0.60 | $ 700.00 | $ 420.00 | $ 350.00 | $ 210.00 | $ 210.00 |
| Hang D. Le | 10/09/24 | Meeting with DKG re trial prep | 0.90 | $ 700.00 | $ 630.00 | $ 350.00 | $ 315.00 | $ 315.00 |
| Hang D. Le | 10/07/24 | Meeting with DKG, KH and AC re potential settlement | 0.40 | $ 700.00 | $ 280.00 | $ 350.00 | $ 140.00 | $ 140.00 |
| Hang D. Le | 03/06/24 | Meeting with DKG, KH, and AC re pretrial prep (3:30pm) | 1.00 | $ 700.00 | $ 700.00 | $ 350.00 | $ 350.00 | $ 350.00 |
| Hang D. Le | 10/02/24 | Meeting with DKG, KH, and AC re trial prep | 0.30 | $ 700.00 | $ 210.00 | $ 350.00 | $ 105.00 | $ 105.00 |
| Hang D. Le | 04/11/24 | Meeting with DKG, KH. and AC re: revised settlement demand | 0.70 | $ 700.00 | $ 490.00 | $ 350.00 | $ 245.00 | $ 245.00 |

| Biller | Date | Description - 35 | Hours Billed | Rate | Total | Adjusted Rate | Adjusted Fees | Fee Difference |
|--------|------|------------------|--------------|------|-------|---------------|---------------|----------------|
| Hang D. Le | 09/20/24 | Meeting with DKG. KH, and AC re trial prep | 0.50 | $ 700.00 | $ 350.00 | $ 350.00 | $ 175.00 | $ 175.00 |
| Dale K. Galipo | 10/01/24 | Meeting with Hang Le re Defendants' MIL Nos. 8 & 9 | 0.20 | $ 1,400.00 | $ 280.00 | $ 550.00 | $ 110.00 | $ 170.00 |
| Dale K. Galipo | 10/08/24 | Meeting with Hang Le re revised jury instructions, verdict form, and statement of the case to reflect Hurtado's passing and substitution of plaintiffs | 0.20 | $ 1,400.00 | $ 280.00 | $ 550.00 | $ 110.00 | $ 170.00 |
| Dale K. Galipo | 10/09/24 | Meeting with Hang Le re trial preparation | 0.90 | $ 1,400.00 | $ 1,260.00 | $ 550.00 | $ 495.00 | $ 765.00 |
| Dale K. Galipo | 10/02/24 | Meeting with Hange Le, Kent Henderson and Angel Carrazco re trial prearation | 0.30 | $ 1,400.00 | $ 420.00 | $ 550.00 | $ 165.00 | $ 255.00 |
| Dale K. Galipo | 04/11/24 | Meeting with Kent Henderson, Angel Carrazco and Hang Le regarding revised settlement demand | 0.70 | $ 1,400.00 | $ 980.00 | $ 550.00 | $ 385.00 | $ 595.00 |
| Dale K. Galipo | 10/07/24 | Meeting with Kent Henderson, Angel Carrazco and Hang Le regarding Potential settlement | 0.40 | $ 1,400.00 | $ 560.00 | $ 550.00 | $ 220.00 | $ 340.00 |
| Dale K. Galipo | 03/05/24 | Meeting with Kent Henderson, Angel Carrazco and Hang Le regarding trial preparation | 0.80 | $ 1,400.00 | $ 1,120.00 | $ 550.00 | $ 440.00 | $ 680.00 |
| Dale K. Galipo | 03/06/24 | Meeting with Kent Henderson, Angel Carrazco and Hang Le regarding trial preparation | 1.00 | $ 1,400.00 | $ 1,400.00 | $ 550.00 | $ 550.00 | $ 850.00 |
| Hang D. Le | 03/05/24 | Meeting, with DKG, KH, and AC re pretrial prep | 0.80 | $ 700.00 | $ 560.00 | $ 350.00 | $ 280.00 | $ 280.00 |
| Hang D. Le | 10/11/24 | Phone call with KH regarding expert witnesses | 0.20 | $ 700.00 | $ 140.00 | $ 350.00 | $ 70.00 | $ 70.00 |
| Hang D. Le | 10/11/24 | Reviewed previous trial transcripts; discussed issue regarding  Hurtado's statements in previous trial with DKG | 3.20 | $ 700.00 | $ 2,240.00 | $ 350.00 | $ 1,120.00 | $ 1,120.00 |
| Hang D. Le | 10/08/24 | Revised jury instructions, verdict form, and statement of the case to reflect Hurtado's passing and substitution of plaintiffs; discussed revised drafts with DKG | 1.00 | $ 700.00 | $ 700.00 | $ 350.00 | $ 350.00 | $ 350.00 |
| Hang D. Le | 01/16/24 | Send email correspondence to Kent Henderson (KH) regarding case materials to review for possible association into case | 0.10 | $ 700.00 | $ 70.00 | $ 350.00 | $ 35.00 | $ 35.00 |
| Hang D. Le | 07/19/24 | Telephone discussion and email correspondence with **KH** regarding substitution of parties in light of Hurtado's passing | 0.40 | $ 700.00 | $ 280.00 | $ 350.00 | $ 140.00 | $ 140.00 |
| Hang D. Le | 11/24/24 | Zoom conference with Dale Galipo (DKG), Angel Carrazco (AC) and KH regarding case status, upcoming pretrial documents and pretrial conference, and trial date | 0.80 | $ 700.00 | $ 560.00 | $ 350.00 | $ 280.00 | $ 280.00 |
| Dale K. Galipo | 01/24/24 | Zoom Conference with Kent Henderson, Angel Carrazco and Hang Le regarding case status, upcoming pretrial documents, upcoming pretrial conference and trial date | 0.80 | $ 1,400.00 | $ 1,120.00 | $ 550.00 | $ 440.00 | $ 680.00 |

Case 2:19-cv-02343-DAD-AC   Document 273-2   Filed 12/31/24   Page 401 of 457

| Biller | Date | Description - 1028 | Hours Bill | Rate | Total | Adjusted Rate | Adjusted Fees | Fee Difference |
|---|---|---|---|---|---|---|---|---|
| Angel Carrazco Jr. | 7/26/2023 | 330 pm case meeting | 0.50 | $ 1,000.00 | $ 500.00 | $ 473.00 | $ 236.50 | $ 263.50 |
| Kent M. Henderson | 7/26/2023 | 330 pm case meeting | 0.50 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Angel Carrazco Jr. | 6/7/2023 | Additional discussions re Ravani invoice | 0.50 | $ 1,000.00 | $ 500.00 | $ 473.00 | $ 236.50 | $ 263.50 |
| Kent M. Henderson | 6/7/2023 | Additional discussions re Ravani invoice | 0.50 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Kent M. Henderson | 11/23/2021 | Additional drafting of Rule 26 pleading including declaration and emails back and forth to Bri and Angel | 2.00 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |
| Kent M. Henderson | 7/13/2022 | Additional emails to Ely re Hurtado documents, review of dropbox of documents prepared by Ely | 4.00 | $ 1,100.00 | $ 4,400.00 | $ 473.00 | $ 1,892.00 | $ 2,508.00 |
| Angel Carrazco Jr. | 3/5/2024 | Additional meetings re: hearing | 1.00 | $ 1,000.00 | $ 1,000.00 | $ 473.00 | $ 473.00 | $ 527.00 |
| Kent M. Henderson | 3/5/2024 | Additional meetings re: hearing | 1.00 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Angel Carrazco Jr. | 2/21/2024 | Arranged for copies of depo transcripts, met w/staff, worked on lodging | 2.00 | $ 1,000.00 | $ 2,000.00 | $ 473.00 | $ 946.00 | $ 1,054.00 |
| Kent M. Henderson | 2/21/2024 | Arranged for copies of depo transcripts, met w/staff, worked on lodging | 3.00 | $ 1,100.00 | $ 3,300.00 | $ 473.00 | $ 1,419.00 | $ 1,881.00 |
| Christopher L. Holm | 5/18/2020 | assembled & forwarded meeting notes from last firm meeting to partner | 1.00 | $ 600.00 | $ 600.00 | $ 331.00 | $ 331.00 | $ 269.00 |
| Kent M. Henderson | 3/1/2024 | Assembled 6 sep docs & drafted email to Le | 1.00 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Angel Carrazco Jr. | 11/25/2019 | Attorney meeting re strategy to response to Notice of Removal | 1.00 | $ 1,000.00 | $ 1,000.00 | $ 473.00 | $ 473.00 | $ 527.00 |
| Kent M. Henderson | 7/22/2022 | Conference call Angel, Expert James Mills and I | 0.50 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Kent M. Henderson | 7/1/2022 | Confirmed with Ely and reviewed email from Ely to Bridges re Flianosky file and responsive emails | 1.00 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | 7/13/2022 | Confirmed with Ely and reviewed email from Ely to Whitmore re Schwitzer depo date and responsive emails | 0.50 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Kent M. Henderson | 10/16/2024 | Coordinated w/Bri re: additional exhibits & followed up | 0.50 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Kent M. Henderson | 3/8/2022 | Coordinated with Ely to arrange Plaintiffs expert Depositions and reviewed email from Ely re: confirmed dates of 8 Plaintiffs experts | 2.00 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |
| Kent M. Henderson | 2/22/2022 | Coordinated with Ely to obtain expert avaiabilty for calendring and reviewed email from Whitmore re: avaialbility of 8 Plaintiff experts | 3.00 | $ 1,100.00 | $ 3,300.00 | $ 473.00 | $ 1,419.00 | $ 1,881.00 |
| Kent M. Henderson | 9/6/2022 | Coordinated with Ely with Enos not being avaialble for depo and email including to Whitmore for new dates for Enos | 0.50 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Kent M. Henderson | 2/23/2021 | Coordinated with staff and reviewed dates for Rendazzo depo | 0.50 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |

| Biller | Date | Description – 1028 | Hours Bil | Rate | Total | Adjusted Rate | Adjusted Fees | Fee Difference |
|---|---|---|---|---|---|---|---|---|
| Angel Carrazco Jr. | 1/9/2023 | Coordinated with staff and Wobrock office re resetting depo, drafted email to Whitmore and reviewed email from Whitmore re Ravani and Wobrock depo | 2.00 | $ 1,000.00 | $ 2,000.00 | $ 473.00 | $ 946.00 | $ 1,054.00 |
| Kent M. Henderson | 1/9/2023 | Coordinated with staff and Wobrock office re resetting depo, drafted email to Whitmore and reviewed email from Whitmore re Ravani and Wobrock depo | 2.00 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |
| Angel Carrazco Jr. | 3/5/2024 | Discuss and reviw email to DeFoe & other experts re: appearance at trial & emails back/forth | 0.50 | $ 1,000.00 | $ 500.00 | $ 473.00 | $ 236.50 | $ 263.50 |
| Nathan Henderson | 8/22/2023 | Discuss evidentiary disputes for trial with trial attorneys | 0.50 | $ 300.00 | $ 150.00 | $ 118.00 | $ 59.00 | $ 91.00 |
| Nathan Henderson | 9/6/2023 | Discuss exhibit list with attorneys | 0.50 | $ 300.00 | $ 150.00 | $ 118.00 | $ 59.00 | $ 91.00 |
| Nathan Henderson | 9/7/2023 | Discuss Hurtado trial deadlines with attorneys | 0.50 | $ 300.00 | $ 150.00 | $ 118.00 | $ 59.00 | $ 91.00 |
| Nathan Henderson | 8/28/2023 | Discuss joint neutral statement of the case with attorneys | 0.30 | $ 300.00 | $ 90.00 | $ 118.00 | $ 35.40 | $ 54.60 |
| Nathan Henderson | 10/11/2023 | Discuss memorandum on police pursuits in California with counsel | 0.50 | $ 300.00 | $ 150.00 | $ 118.00 | $ 59.00 | $ 91.00 |
| Nathan Henderson | 11/9/2023 | Discuss Motions in limine with attorneys | 1.50 | $ 300.00 | $ 450.00 | $ 118.00 | $ 177.00 | $ 273.00 |
| Nathan Henderson | 9/15/2023 | Discuss Plaintiff's disputed statement of facts for pretrial statement with attorneys | 0.50 | $ 300.00 | $ 150.00 | $ 118.00 | $ 59.00 | $ 91.00 |
| Nathan Henderson | 2/22/2024 | Discuss Plaintiff's proposed jury instructions with attorney | 0.50 | $ 300.00 | $ 150.00 | $ 118.00 | $ 59.00 | $ 91.00 |
| Nathan Henderson | 11/27/2023 | Discuss probable testimony of defense expert Clarence Chapman with attorneys | 0.50 | $ 300.00 | $ 150.00 | $ 118.00 | $ 59.00 | $ 91.00 |
| Nathan Henderson | 10/11/2023 | Discuss proposed email to defense counsel regarding disputed factual issues in joint undisputed facts for pretrial order with counsel | 0.50 | $ 300.00 | $ 150.00 | $ 118.00 | $ 59.00 | $ 91.00 |
| Nathan Henderson | 8/30/2023 | Discuss proposed stipulations for trial with attorneys | 0.30 | $ 300.00 | $ 90.00 | $ 118.00 | $ 35.40 | $ 54.60 |
| Kent M. Henderson | 2/17/2021 | Discussed Hurtado case at weekly review | 0.50 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Angel Carrazco Jr. | 2/22/2024 | Discussed jury inst., rev'd jury inst., suggested changes | 3.00 | $ 1,000.00 | $ 3,000.00 | $ 473.00 | $ 1,419.00 | $ 1,581.00 |
| Kent M. Henderson | 2/22/2024 | Discussed jury inst., rev'd jury inst., suggested changes | 3.00 | $ 1,100.00 | $ 3,300.00 | $ 473.00 | $ 1,419.00 | $ 1,881.00 |
| Kent M. Henderson | 2/20/2023 | Discussed upcoming Wobrock deposition with Humberto Guizar | 1.00 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Christopher L. Holm | 3/14/2019 | Discussed with managing attorney and staff status on preparation of complaint | 1.00 | $ 600.00 | $ 600.00 | $ 331.00 | $ 331.00 | $ 269.00 |
| Kent M. Henderson | 2/27/2023 | Drafted and responded to emails with Whitmore and Ely re Ravani Depo date | 0.50 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |

| Biller | Date | Description - 1028 | Hours Bil | Rate | Total | Adjusted Rate | Adjusted Fees | Fee Difference |
|--------|------|--------------------|-----------|------|-------|---------------|---------------|----------------|
| Kent M. Henderson | 5/24/2022 | Drafted email forwarding a copy of Defense expert witness diclosure to angel | 0.50 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Kent M. Henderson | 3/11/2024 | Drafted email internal for Prager testimony | 0.50 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Kent M. Henderson | 2/16/2024 | Drafted email Le re: Hurtado docs. | 0.20 | $ 1,100.00 | $ 220.00 | $ 473.00 | $ 94.60 | $ 125.40 |
| Kent M. Henderson | 2/8/2022 | Drafted email that included drafting of Rule 26 Rebuttal Disclosure | 2.00 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |
| Kent M. Henderson | 4/20/2022 | Drafted email to Angel re: Meinhard deposition coverage and response | 0.50 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Kent M. Henderson | 9/7/2023 | Drafted email to Angel with Defense Joint Statement of case for Angel to make changes | 0.50 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Kent M. Henderson | 3/11/2024 | Drafted email to Bri re: CHP MAIT subpoena & followed up | 0.50 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Kent M. Henderson | 3/12/2024 | Drafted email to Bri rush basis Wobrock depo | 0.20 | $ 1,100.00 | $ 220.00 | $ 473.00 | $ 94.60 | $ 125.40 |
| Kent M. Henderson | 11/17/2023 | Drafted email to Briand Angel re additional healht care treatment records and followed up | 1.00 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | 11/29/2021 | Drafted email to Chris re: new separate statement | 5.00 | $ 1,100.00 | $ 5,500.00 | $ 473.00 | $ 2,365.00 | $ 3,135.00 |
| Kent M. Henderson | 11/28/2021 | Drafted email to Chris re: separate statement | 0.20 | $ 1,100.00 | $ 220.00 | $ 473.00 | $ 94.60 | $ 125.40 |
| Kent M. Henderson | 7/13/2022 | Drafted email to Ely re: medical and Rule 26 reports. Further discussion with Ely, preperation of demand. Review of Prager report and life care plan of Meinhard | 4.00 | $ 1,100.00 | $ 4,400.00 | $ 473.00 | $ 1,892.00 | $ 2,508.00 |
| Kent M. Henderson | 3/17/2024 | Drafted email to Galipo & drafted obj to reading Valenzuela depo incl. legal research | 2.00 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |
| Kent M. Henderson | 3/28/2024 | Drafted email to Galipo & Le re: dates for status conf on follow up | 0.50 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Kent M. Henderson | 4/8/2024 | Drafted email to Galipo & Le w/ emails back/forth re: new dates for trial | 0.50 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Kent M. Henderson | 3/12/2024 | Drafted email to Galipo & others re: Wobrock flight and appearance | 0.20 | $ 1,100.00 | $ 220.00 | $ 473.00 | $ 94.60 | $ 125.40 |
| Kent M. Henderson | 3/11/2024 | Drafted email to Galipo attaching Yepez & Randazzo declarations | 0.20 | $ 1,100.00 | $ 220.00 | $ 473.00 | $ 94.60 | $ 125.40 |
| Kent M. Henderson | 3/12/2024 | Drafted email to Galipo re: Dr. Braaton & drafted 2 page Braaton med summary | 1.00 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | 10/9/2024 | Drafted email to Hang Le w/edits & changes to pretrial docs and formulated changes to pretrial docs | 2.00 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |
| Kent M. Henderson | 12/1/2021 | Drafted email to Holm and drafted dispute of Def facts and response to separate statement and emails back and forth | 6.00 | $ 1,100.00 | $ 6,600.00 | $ 473.00 | $ 2,838.00 | $ 3,762.00 |
| Angel Carrazco Jr. | 10/18/2024 | Drafted email to Le re: contact information two witnesses | 0.50 | $ 1,000.00 | $ 500.00 | $ 473.00 | $ 236.50 | $ 263.50 |

| Biller | Date | Description - 1028 | Hours Bill | Rate | Total | Adjusted Rate | Adjusted Fees | Fee Difference |
|---|---|---|---|---|---|---|---|---|
| Kent M. Henderson | 10/18/2024 | Drafted email to Le re: contact information two witnesses | 0.50 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Kent M. Henderson | 5/9/2024 | Drafted email to Le re: Hurtado deadlines | 0.20 | $ 1,100.00 | $ 220.00 | $ 473.00 | $ 94.60 | $ 125.40 |
| Kent M. Henderson | 2/29/2024 | Drafted email to Le re: verdict & objection | 1.00 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | 3/5/2024 | Drafted email to Le re: witness order and scheduling and followed up | 0.50 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Kent M. Henderson | 2/14/2024 | Drafted email to Le w/docs re: initial appearance | 1.00 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | 2/13/2024 | Drafted emails to Le re: jury instructions | 0.20 | $ 1,100.00 | $ 220.00 | $ 473.00 | $ 94.60 | $ 125.40 |
| Kent M. Henderson | 11/29/2021 | Drafted emails to staff re: CVs of numerous experts | 1.00 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | 10/22/2024 | Drafted final video transcript exhibit MBARS timeline sent email to Galipo | 1.50 | $ 1,100.00 | $ 1,650.00 | $ 473.00 | $ 709.50 | $ 940.50 |
| Kent M. Henderson | 2/22/2024 | Drafted internal email to Le re: simplified verdict form | 0.50 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Kent M. Henderson | 3/11/2024 | Drafted internal email w/copy of Ravani rebuttal report & depo | 0.50 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Kent M. Henderson | 2/28/2024 | Drafted internal emails re: Meinhard life care plan | 1.00 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | 9/7/2023 | Drafted lengthly email with discussion of Pre Trial docs and deadlines and attached Standing order, and Pl and Def exhibit list to Angel and numerous others at GHC. Plus review of same | 3.00 | $ 1,100.00 | $ 3,300.00 | $ 473.00 | $ 1,419.00 | $ 1,881.00 |
| Kent M. Henderson | 2/22/2024 | Drafted lengthy email to Le re: jury instructions & emails back/forth | 1.50 | $ 1,100.00 | $ 1,650.00 | $ 473.00 | $ 709.50 | $ 940.50 |
| Kent M. Henderson | 3/4/2024 | Drafted memo re: deadlines; drafted email to Le and rev'd responsive email from Le re: numerous areas of trial prep | 2.00 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |
| Kent M. Henderson | 11/29/2021 | Drafting of rule 26 pleading report and conferred with Bri and Angel re emails and exhibits to be added | 1.50 | $ 1,100.00 | $ 1,650.00 | $ 473.00 | $ 709.50 | $ 940.50 |
| Kent M. Henderson | 8/29/2023 | Editing and drafting of neutral facts with Holm and Nathan | 2.00 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |
| Nathan Henderson | 3/1/2024 | Email findings from legal research to associate counsel | 0.30 | $ 300.00 | $ 90.00 | $ 118.00 | $ 35.40 | $ 54.60 |
| Kent M. Henderson | 11/20/2023 | Email from Bri re follow up from Bills | 0.50 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Kent M. Henderson | 9/10/2021 | Email internal re: medical exams & followed up | 0.50 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Kent M. Henderson | 4/5/2024 | Email to Bri to calendar status com date | 0.20 | $ 1,100.00 | $ 220.00 | $ 473.00 | $ 94.60 | $ 125.40 |
| Angel Carrazco Jr. | 10/16/2024 | Email to Kent RE: court schedule | 0.20 | $ 1,000.00 | $ 200.00 | $ 473.00 | $ 94.60 | $ 105.40 |
| Christopher L. Holm | 11/24/2021 | email to partners aboutthe case | 0.30 | $ 600.00 | $ 180.00 | $ 331.00 | $ 99.30 | $ 80.70 |
| Christopher L. Holm | 10/30/2021 | Email to staff requesting location of Plaintiff's deposition transcript | 0.20 | $ 600.00 | $ 120.00 | $ 331.00 | $ 66.20 | $ 53.80 |

| Biller | Date | Description – 1028 | Hours Bill | Rate | Total | Adjusted Rate | Adjusted Fees | Fee Difference |
|---|---|---|---|---|---|---|---|---|
| Christopher L. Holm | 11/30/2021 | Emailed declarations to partner | 0.20 | $ 600.00 | $ 120.00 | $ 331.00 | $ 66.20 | $ 53.80 |
| Christopher L. Holm | 11/28/2021 | emailed draft of Separate Statement to partner to review | 0.30 | $ 600.00 | $ 180.00 | $ 331.00 | $ 99.30 | $ 80.70 |
| Christopher L. Holm | 11/29/2021 | emailed draft of Separate Statement to partner to review | 0.30 | $ 600.00 | $ 180.00 | $ 331.00 | $ 99.30 | $ 80.70 |
| Christopher L. Holm | 12/2/2021 | Emailed final documents for filing to staff | 0.30 | $ 600.00 | $ 180.00 | $ 331.00 | $ 99.30 | $ 80.70 |
| Christopher L. Holm | 12/15/2021 | Emailed MSJ Opposition docs to partner | 0.30 | $ 600.00 | $ 180.00 | $ 331.00 | $ 99.30 | $ 80.70 |
| Christopher L. Holm | 12/15/2021 | Emailed MSJ Opposition docs to partner | 0.30 | $ 600.00 | $ 180.00 | $ 331.00 | $ 99.30 | $ 80.70 |
| Christopher L. Holm | 12/15/2021 | Emailed MSJ Opposition docs to partner | 0.30 | $ 600.00 | $ 180.00 | $ 331.00 | $ 99.30 | $ 80.70 |
| Christopher L. Holm | 12/7/2021 | emailed partner about the case | 0.30 | $ 600.00 | $ 180.00 | $ 331.00 | $ 99.30 | $ 80.70 |
| Christopher L. Holm | 12/1/2021 | emailed partner advising still working on Separate Statement | 0.40 | $ 600.00 | $ 240.00 | $ 331.00 | $ 132.40 | $ 107.60 |
| Christopher L. Holm | 11/26/2021 | emailed partner materials for MSJ Opposition | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Christopher L. Holm | 3/9/2021 | emailed partner regarding case meeting | 1.00 | $ 600.00 | $ 600.00 | $ 331.00 | $ 331.00 | $ 269.00 |
| Angel Carrazco Jr. | 3/14/2019 | Emailed regarding assignment to prepare complaint | 0.50 | $ 1,000.00 | $ 500.00 | $ 473.00 | $ 236.50 | $ 263.50 |
| Christopher L. Holm | 11/24/2021 | emailed staff about the case | 0.30 | $ 600.00 | $ 180.00 | $ 331.00 | $ 99.30 | $ 80.70 |
| Christopher L. Holm | 11/24/2021 | emailed staff about the case | 0.30 | $ 600.00 | $ 180.00 | $ 331.00 | $ 99.30 | $ 80.70 |
| Christopher L. Holm | 11/24/2021 | emailed staff about the case | 0.30 | $ 600.00 | $ 180.00 | $ 331.00 | $ 99.30 | $ 80.70 |
| Christopher L. Holm | 12/2/2021 | emailed staff about the case | 0.20 | $ 600.00 | $ 120.00 | $ 331.00 | $ 66.20 | $ 53.80 |
| Christopher L. Holm | 11/30/2021 | Emailed updated Separate Statement to partner | 0.20 | $ 600.00 | $ 120.00 | $ 331.00 | $ 66.20 | $ 53.80 |
| Kent M. Henderson | 10/13/2022 | Emails back and forth incuding Defoe, Angel, Stacy re invoices | 0.50 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Angel Carrazco Jr. | 8/23/2023 | Emails back and forth to Holm and additional corrections on Rule 26 | 0.50 | $ 1,000.00 | $ 500.00 | $ 473.00 | $ 236.50 | $ 263.50 |
| Kent M. Henderson | 9/10/2023 | Emails back and forth with Atiya and Nathan | 0.50 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Angel Carrazco Jr. | 3/6/2024 | Emails back/forth & telecon w/ Galipo office at 3:30pm | 1.00 | $ 1,000.00 | $ 1,000.00 | $ 473.00 | $ 473.00 | $ 527.00 |
| Kent M. Henderson | 3/4/2024 | Emails back/forth re: meeting w/Galipo office & meeting w/Galipo office | 2.00 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |
| Angel Carrazco Jr. | 9/26/2024 | Emails back/forth w/Le re: expert scheduling | 0.50 | $ 1,000.00 | $ 500.00 | $ 473.00 | $ 236.50 | $ 263.50 |
| Kent M. Henderson | 9/26/2024 | Emails back/forth w/Le re: expert scheduling | 0.50 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Angel Carrazco Jr. | 2/12/2024 | Emails re: arrangements in Hurtado case | 0.50 | $ 1,000.00 | $ 500.00 | $ 473.00 | $ 236.50 | $ 263.50 |
| Angel Carrazco Jr. | 2/13/2024 | Emails re: arrangements in Hurtado case | 0.50 | $ 1,000.00 | $ 500.00 | $ 473.00 | $ 236.50 | $ 263.50 |
| Angel Carrazco Jr. | 2/12/2024 | Emails re: arranging transportation for Prager appt | 0.20 | $ 1,000.00 | $ 200.00 | $ 473.00 | $ 94.60 | $ 105.40 |
| Kent M. Henderson | 8/1/2022 | Emails to Bri and Amanda including questions of Hurtado depo dates | 0.50 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Angel Carrazco Jr. | 8/27/2019 | Film meeting regarding case, discussion of strategy | 0.50 | $ 1,000.00 | $ 500.00 | $ 473.00 | $ 236.50 | $ 263.50 |

| Biller | Date | Description - 1028 | Hours Bil | Rate | Total | Adjusted Rate | Adjusted Fees | Fee Difference |
|---|---|---|---|---|---|---|---|---|
| Angel Carrazco Jr. | 3/17/2020 | Film meeting regarding case, discussion of strategy | 0.50 | $ 1,000.00 | $ 500.00 | $ 473.00 | $ 236.50 | $ 263.50 |
| Christopher L. Holm | 12/2/2021 | finalized work on MSJ Opposition with partner | 4.50 | $ 600.00 | $ 2,700.00 | $ 331.00 | $ 1,489.50 | $ 1,210.50 |
| Angel Carrazco Jr. | 6/3/2019 | Finn meeting regarding case, discussion of strategy | 0.50 | $ 1,000.00 | $ 500.00 | $ 473.00 | $ 236.50 | $ 263.50 |
| Angel Carrazco Jr. | 1/4/2019 | Firm case meeting, discussed case, reviewed claim and possible litigation | 0.50 | $ 1,000.00 | $ 500.00 | $ 473.00 | $ 236.50 | $ 263.50 |
| Christopher L. Holm | 1/4/2019 | Firm case meeting, discussed case, reviewed claim and possible litigation | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Christopher L. Holm | 1/22/2019 | Firm case meeting, discussed case, reviewed claim and possible litigation | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Angel Carrazco Jr. | 3/20/2019 | Firm case meeting, discussed case, reviewed claim and possible litigation, CH gives status on preparation of complaint | 0.50 | $ 1,000.00 | $ 500.00 | $ 473.00 | $ 236.50 | $ 263.50 |
| Christopher L. Holm | 3/2/2019 | Firm case meeting, discussed case, reviewed claim and possible litigation, CH gives status on preparation of complaint | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Christopher L. Holm | 3/20/2019 | Firm case meeting, discussed case, reviewed claim and possible litigation, CH gives status on preparation of complaint | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Angel Carrazco Jr. | 2/8/2019 | Firm case meeting, discussed case, reviewed claim and possible litigation, CH to prepare complaint | 0.50 | $ 1,000.00 | $ 500.00 | $ 473.00 | $ 236.50 | $ 263.50 |
| Christopher L. Holm | 2/8/2019 | Firm case meeting, discussed case, reviewed claim and possible litigation, CH to prepare complaint | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Angel Carrazco Jr. | 1/22/2019 | Firm case meeting, discussed case, reviewed claim and possible litigation | 0.50 | $ 1,000.00 | $ 500.00 | $ 473.00 | $ 236.50 | $ 263.50 |
| Angel Carrazco Jr. | 3/2/2019 | Firm case meeting, discussed case, reviewed claim and possible litigation | 0.50 | $ 1,000.00 | $ 500.00 | $ 473.00 | $ 236.50 | $ 263.50 |
| Christopher L. Holm | 11/11/2021 | firm meeting about case, discussion of strategy | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Christopher L. Holm | 11/24/2021 | firm meeting about case, discussion of strategy | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Christopher L. Holm | 12/23/2021 | firm meeting about case, discussion of strategy | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Christopher L. Holm | 1/14/2022 | firm meeting about case, discussion of strategy | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Christopher L. Holm | 1/31/2022 | firm meeting about case, discussion of strategy | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Christopher L. Holm | 2/11/2022 | firm meeting about case, discussion of strategy | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Angel Carrazco Jr. | 2/16/2024 | Firm meeting re discussion of Hurtado case | 0.50 | $ 1,000.00 | $ 500.00 | $ 473.00 | $ 236.50 | $ 263.50 |
| Angel Carrazco Jr. | 7/23/2019 | Firm meeting regarding case, discussion of strategy | 0.50 | $ 1,000.00 | $ 500.00 | $ 473.00 | $ 236.50 | $ 263.50 |

| Biller | Date | Description - 1028 | Hours Bill | Rate | Total | Adjusted Rate | Adjusted Fees | Fee Difference |
|--------|------|--------------------|-----------|------|-------|---------------|---------------|----------------|
| Angel Carrazco Jr. | 7/30/2019 | Firm meeting regarding case, discussion of strategy | 0.50 | $ 1,000.00 | $ 500.00 | $ 473.00 | $ 236.50 | $ 263.50 |
| Angel Carrazco Jr. | 8/6/2019 | Firm meeting regarding case, discussion of strategy | 0.50 | $ 1,000.00 | $ 500.00 | $ 473.00 | $ 236.50 | $ 263.50 |
| Angel Carrazco Jr. | 8/13/2019 | Firm meeting regarding case, discussion of strategy | 0.50 | $ 1,000.00 | $ 500.00 | $ 473.00 | $ 236.50 | $ 263.50 |
| Angel Carrazco Jr. | 9/24/2019 | Firm meeting regarding case, discussion of strategy | 0.50 | $ 1,000.00 | $ 500.00 | $ 473.00 | $ 236.50 | $ 263.50 |
| Angel Carrazco Jr. | 10/29/2019 | Firm meeting regarding case, discussion of strategy | 0.50 | $ 1,000.00 | $ 500.00 | $ 473.00 | $ 236.50 | $ 263.50 |
| Angel Carrazco Jr. | 11/19/2019 | Firm meeting regarding case, discussion of strategy | 0.50 | $ 1,000.00 | $ 500.00 | $ 473.00 | $ 236.50 | $ 263.50 |
| Angel Carrazco Jr. | 12/10/2019 | Firm meeting regarding case, discussion of strategy | 0.50 | $ 1,000.00 | $ 500.00 | $ 473.00 | $ 236.50 | $ 263.50 |
| Angel Carrazco Jr. | 12/17/2019 | Firm meeting regarding case, discussion of strategy | 0.50 | $ 1,000.00 | $ 500.00 | $ 473.00 | $ 236.50 | $ 263.50 |
| Angel Carrazco Jr. | 1/14/2020 | Firm meeting regarding case, discussion of strategy | 0.50 | $ 1,000.00 | $ 500.00 | $ 473.00 | $ 236.50 | $ 263.50 |
| Angel Carrazco Jr. | 1/28/2020 | Firm meeting regarding case, discussion of strategy | 0.50 | $ 1,000.00 | $ 500.00 | $ 473.00 | $ 236.50 | $ 263.50 |
| Angel Carrazco Jr. | 2/21/2020 | Firm meeting regarding case, discussion of strategy | 0.50 | $ 1,000.00 | $ 500.00 | $ 473.00 | $ 236.50 | $ 263.50 |
| Angel Carrazco Jr. | 4/2/2020 | Firm meeting regarding case, discussion of strategy | 0.50 | $ 1,000.00 | $ 500.00 | $ 473.00 | $ 236.50 | $ 263.50 |
| Angel Carrazco Jr. | 4/9/2020 | Firm meeting regarding case, discussion of strategy | 0.50 | $ 1,000.00 | $ 500.00 | $ 473.00 | $ 236.50 | $ 263.50 |
| Angel Carrazco Jr. | 4/30/2020 | Firm meeting regarding case, discussion of strategy | 0.50 | $ 1,000.00 | $ 500.00 | $ 473.00 | $ 236.50 | $ 263.50 |
| Angel Carrazco Jr. | 5/12/2020 | Firm meeting regarding case, discussion of strategy | 0.50 | $ 1,000.00 | $ 500.00 | $ 473.00 | $ 236.50 | $ 263.50 |
| Angel Carrazco Jr. | 5/21/2020 | Firm meeting regarding case, discussion of strategy | 0.50 | $ 1,000.00 | $ 500.00 | $ 473.00 | $ 236.50 | $ 263.50 |
| Angel Carrazco Jr. | 6/2/2020 | Firm meeting regarding case, discussion of strategy | 0.50 | $ 1,000.00 | $ 500.00 | $ 473.00 | $ 236.50 | $ 263.50 |
| Angel Carrazco Jr. | 7/14/2020 | Firm meeting regarding case, discussion of strategy | 0.50 | $ 1,000.00 | $ 500.00 | $ 473.00 | $ 236.50 | $ 263.50 |
| Angel Carrazco Jr. | 7/24/2020 | Firm meeting regarding case, discussion of strategy | 0.50 | $ 1,000.00 | $ 500.00 | $ 473.00 | $ 236.50 | $ 263.50 |
| Angel Carrazco Jr. | 8/18/2020 | Firm meeting regarding case, discussion of strategy | 0.50 | $ 1,000.00 | $ 500.00 | $ 473.00 | $ 236.50 | $ 263.50 |
| Angel Carrazco Jr. | 9/15/2020 | Firm meeting regarding case, discussion of strategy | 0.50 | $ 1,000.00 | $ 500.00 | $ 473.00 | $ 236.50 | $ 263.50 |

| Biller | Date | Description - 1028 | Hours Bill | Rate | Total | Adjusted Rate | Adjusted Fees | Fee Difference |
|---|---|---|---|---|---|---|---|---|
| Angel Carrazco Jr. | 10/14/2020 | Firm meeting regarding case, discussion of strategy | 0.50 | $ 1,000.00 | $ 500.00 | $ 473.00 | $ 236.50 | $ 263.50 |
| Angel Carrazco Jr. | 11/12/2020 | Firm meeting regarding case, discussion of strategy | 0.50 | $ 1,000.00 | $ 500.00 | $ 473.00 | $ 236.50 | $ 263.50 |
| Angel Carrazco Jr. | 12/29/2020 | Firm meeting regarding case, discussion of strategy | 1.00 | $ 1,000.00 | $ 1,000.00 | $ 473.00 | $ 473.00 | $ 527.00 |
| Christopher L. Holm | 7/30/2009 | firm meeting regarding case, discussion of strategy | 1.00 | $ 600.00 | $ 600.00 | $ 331.00 | $ 331.00 | $ 269.00 |
| Christopher L. Holm | 6/3/2019 | firm meeting regarding case, discussion of strategy | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Christopher L. Holm | 7/23/2019 | firm meeting regarding case, discussion of strategy | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Christopher L. Holm | 8/6/2019 | firm meeting regarding case, discussion of strategy | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Christopher L. Holm | 8/13/2019 | firm meeting regarding case, discussion of strategy | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Christopher L. Holm | 8/27/2019 | firm meeting regarding case, discussion of strategy | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Christopher L. Holm | 9/3/2019 | firm meeting regarding case, discussion of strategy | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Christopher L. Holm | 9/10/2019 | firm meeting regarding case, discussion of strategy | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Christopher L. Holm | 9/17/2019 | firm meeting regarding case, discussion of strategy | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Christopher L. Holm | 9/24/2019 | firm meeting regarding case, discussion of strategy | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Christopher L. Holm | 10/1/2019 | firm meeting regarding case, discussion of strategy | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Christopher L. Holm | 10/8/2019 | firm meeting regarding case, discussion of strategy | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Christopher L. Holm | 10/15/2019 | firm meeting regarding case, discussion of strategy | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Christopher L. Holm | 10/29/2019 | firm meeting regarding case, discussion of strategy | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Christopher L. Holm | 11/5/2019 | firm meeting regarding case, discussion of strategy | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Christopher L. Holm | 11/12/2019 | firm meeting regarding case, discussion of strategy | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Christopher L. Holm | 11/19/2019 | firm meeting regarding case, discussion of strategy | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Christopher L. Holm | 11/27/2019 | firm meeting regarding case, discussion of strategy | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |

| Biller | Date | Description - 1028 | Hours Bil | Rate | Total | Adjusted Rate | Adjusted Fees | Fee Difference |
|---|---|---|---|---|---|---|---|---|
| Christopher L. Holm | 12/4/2019 | firm meeting regarding case, discussion of strategy | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Christopher L. Holm | 12/10/2019 | firm meeting regarding case, discussion of strategy | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Christopher L. Holm | 12/17/2019 | firm meeting regarding case, discussion of strategy | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Christopher L. Holm | 1/14/2020 | firm meeting regarding case, discussion of strategy | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Christopher L. Holm | 1/21/2020 | firm meeting regarding case, discussion of strategy | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Christopher L. Holm | 1/28/2020 | firm meeting regarding case, discussion of strategy | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Christopher L. Holm | 2/5/2020 | firm meeting regarding case, discussion of strategy | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Christopher L. Holm | 2/21/2020 | firm meeting regarding case, discussion of strategy | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Christopher L. Holm | 2/28/2020 | firm meeting regarding case, discussion of strategy | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Christopher L. Holm | 3/10/2020 | firm meeting regarding case, discussion of strategy | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Christopher L. Holm | 3/17/2020 | firm meeting regarding case, discussion of strategy | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Christopher L. Holm | 3/25/2020 | firm meeting regarding case, discussion of strategy | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Christopher L. Holm | 4/2/2020 | firm meeting regarding case, discussion of strategy | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Christopher L. Holm | 4/9/2020 | firm meeting regarding case, discussion of strategy | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Christopher L. Holm | 4/14/2020 | firm meeting regarding case, discussion of strategy | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Christopher L. Holm | 4/22/2020 | firm meeting regarding case, discussion of strategy | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Christopher L. Holm | 4/30/2020 | firm meeting regarding case, discussion of strategy | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Christopher L. Holm | 5/12/2020 | firm meeting regarding case, discussion of strategy | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Christopher L. Holm | 5/21/2020 | firm meeting regarding case, discussion of strategy | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Christopher L. Holm | 5/26/2020 | firm meeting regarding case, discussion of strategy | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Christopher L. Holm | 6/2/2020 | firm meeting regarding case, discussion of strategy | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |

| Biller | Date | Description - 1028 | Hours Bil | Rate | Total | Adjusted Rate | Adjusted Fees | Fee Difference |
|---|---|---|---|---|---|---|---|---|
| Christopher L. Holm | 6/9/2020 | firm meeting regarding case, discussion of strategy | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Christopher L. Holm | 6/16/2020 | firm meeting regarding case, discussion of strategy | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Christopher L. Holm | 6/23/2020 | firm meeting regarding case, discussion of strategy | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Christopher L. Holm | 6/30/2020 | firm meeting regarding case, discussion of strategy | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Christopher L. Holm | 7/9/2020 | firm meeting regarding case, discussion of strategy | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Christopher L. Holm | 7/14/2020 | firm meeting regarding case, discussion of strategy | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Christopher L. Holm | 7/24/2020 | firm meeting regarding case, discussion of strategy | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Christopher L. Holm | 8/5/2020 | firm meeting regarding case, discussion of strategy | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Christopher L. Holm | 8/12/2020 | firm meeting regarding case, discussion of strategy | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Christopher L. Holm | 8/18/2020 | firm meeting regarding case, discussion of strategy | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Christopher L. Holm | 8/26/2020 | firm meeting regarding case, discussion of strategy | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Christopher L. Holm | 9/4/2020 | firm meeting regarding case, discussion of strategy | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Christopher L. Holm | 9/15/2020 | firm meeting regarding case, discussion of strategy | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Christopher L. Holm | 9/25/2020 | firm meeting regarding case, discussion of strategy | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Christopher L. Holm | 10/1/2020 | firm meeting regarding case, discussion of strategy | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Christopher L. Holm | 10/14/2020 | firm meeting regarding case, discussion of strategy | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Christopher L. Holm | 10/22/2020 | firm meeting regarding case, discussion of strategy | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Christopher L. Holm | 11/3/2020 | firm meeting regarding case, discussion of strategy | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Christopher L. Holm | 11/12/2020 | firm meeting regarding case, discussion of strategy | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Christopher L. Holm | 11/23/2020 | firm meeting regarding case, discussion of strategy | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Christopher L. Holm | 12/3/2020 | firm meeting regarding case, discussion of strategy | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |

| Biller | Date | Description - 1028 | Hours Bil | Rate | Total | Adjusted Rate | Adjusted Fees | Fee Difference |
|---|---|---|---|---|---|---|---|---|
| Christopher L. Holm | 12/29/2020 | firm meeting regarding case, discussion of strategy | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Christopher L. Holm | 1/13/2021 | firm meeting regarding case, discussion of strategy | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Christopher L. Holm | 1/28/2021 | firm meeting regarding case, discussion of strategy | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Christopher L. Holm | 2/3/2021 | firm meeting regarding case, discussion of strategy | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Christopher L. Holm | 2/9/2021 | firm meeting regarding case, discussion of strategy | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Christopher L. Holm | 2/16/2021 | firm meeting regarding case, discussion of strategy | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Christopher L. Holm | 3/10/2021 | firm meeting regarding case, discussion of strategy | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Christopher L. Holm | 3/24/2021 | firm meeting regarding case, discussion of strategy | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Christopher L. Holm | 4/9/2021 | firm meeting regarding case, discussion of strategy | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Christopher L. Holm | 4/22/2021 | firm meeting regarding case, discussion of strategy | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Christopher L. Holm | 4/28/2021 | firm meeting regarding case, discussion of strategy | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Christopher L. Holm | 5/26/2021 | firm meeting regarding case, discussion of strategy | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Christopher L. Holm | 6/8/2021 | firm meeting regarding case, discussion of strategy | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Christopher L. Holm | 6/23/2021 | firm meeting regarding case, discussion of strategy | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Christopher L. Holm | 7/9/2021 | firm meeting regarding case, discussion of strategy | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Christopher L. Holm | 8/6/2021 | firm meeting regarding case, discussion of strategy | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Christopher L. Holm | 9/8/2021 | firm meeting regarding case, discussion of strategy | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Christopher L. Holm | 3/8/2022 | firm meeting regarding case, discussion of strategy | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Christopher L. Holm | 4/28/2022 | firm meeting regarding case, discussion of strategy | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Christopher L. Holm | 5/19/2022 | firm meeting regarding case, discussion of strategy | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Christopher L. Holm | 6/8/2022 | firm meeting regarding case, discussion of strategy | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |

| Biller | Date | Description - 1028 | Hours Bil | Rate | Total | Adjusted Rate | Adjusted Fees | Fee Difference |
|--------|------|--------------------|-----------|------|-------|---------------|---------------|----------------|
| Christopher L. Holm | 7/1/2022 | firm meeting regarding case, discussion of strategy | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Christopher L. Holm | 8/3/2022 | firm meeting regarding case, discussion of strategy | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Christopher L. Holm | 9/9/2022 | firm meeting regarding case, discussion of strategy | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Christopher L. Holm | 2/16/2023 | firm meeting regarding case, discussion of strategy | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Angel Carrazco Jr. | 4/25/2019 | Firm meeting regarding case, status of filing complaint, discussion of strategy | 1.00 | $ 1,000.00 | $ 1,000.00 | $ 473.00 | $ 473.00 | $ 527.00 |
| Angel Carrazco Jr. | 5/6/2019 | Firm meeting regarding case, status of filing complaint, discussion of strategy | 0.50 | $ 1,000.00 | $ 500.00 | $ 473.00 | $ 236.50 | $ 263.50 |
| Angel Carrazco Jr. | 8/20/2019 | Firm meeting regarding case, status of filing complaint, discussion of strategy | 0.50 | $ 1,000.00 | $ 500.00 | $ 473.00 | $ 236.50 | $ 263.50 |
| Christopher L. Holm | 4/25/2019 | firm meeting regarding case, status of filing complaint, discussion of strategy | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Christopher L. Holm | 5/6/2019 | firm meeting regarding case, status of filing complaint, discussion of strategy | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Christopher L. Holm | 8/20/2019 | firm meeting regarding case, status of filing complaint, discussion of strategy | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Angel Carrazco Jr. | 11/5/2021 | Firm meeting to discuss MSJ | 1.00 | $ 1,000.00 | $ 1,000.00 | $ 473.00 | $ 473.00 | $ 527.00 |
| Angel Carrazco Jr. | 9/3/2019 | Firm meeting regarding case, discussion of strategy | 0.50 | $ 1,000.00 | $ 500.00 | $ 473.00 | $ 236.50 | $ 263.50 |
| Christopher L. Holm | 3/22/2019 | First draft off complaint sent via email to partners of firm for review and finalization. Request for guidance on venue | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Christopher L. Holm | 4/2/2019 | follow up email regarding guidance on venue to file complaint | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Christopher L. Holm | 10/4/2023 | forwarded email and attachments from PACER regarding case to partners | 0.20 | $ 600.00 | $ 120.00 | $ 331.00 | $ 66.20 | $ 53.80 |
| Christopher L. Holm | 6/14/2022 | forwarded email and attachments regarding case | 0.30 | $ 600.00 | $ 180.00 | $ 331.00 | $ 99.30 | $ 80.70 |
| Christopher L. Holm | 4/3/2024 | forwarded email and attachments regarding case | 0.30 | $ 600.00 | $ 180.00 | $ 331.00 | $ 99.30 | $ 80.70 |
| Christopher L. Holm | 5/19/2022 | forwarded email regarding case meeting | 0.20 | $ 600.00 | $ 120.00 | $ 331.00 | $ 66.20 | $ 53.80 |
| Christopher L. Holm | 7/1/2022 | forwarded email regarding case meeting | 0.20 | $ 600.00 | $ 120.00 | $ 331.00 | $ 66.20 | $ 53.80 |
| Christopher L. Holm | 9/9/2022 | forwarded email regarding case meeting | 0.20 | $ 600.00 | $ 120.00 | $ 331.00 | $ 66.20 | $ 53.80 |
| Christopher L. Holm | 2/8/2021 | forwarded email to partner and assoicate not included on email containing Defendant's Initial Disclosures | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Christopher L. Holm | 2/3/2021 | forwarded email to partner and assoicate not included on email containing notice of deposition on plaintiff | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |

| Biller | Date | Description - 1028 | Hours Bill | Rate | Total | Adjusted Rate | Adjusted Fees | Fee Difference |
|---|---|---|---|---|---|---|---|---|
| Christopher L. Holm | 8/13/2019 | forwarded email to staff regarding reminder to be at meeting to discuss strategy | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Christopher L. Holm | 8/20/2019 | forwarded email to staff regarding reminder to be at meeting to discuss strategy | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Christopher L. Holm | 9/3/2019 | forwarded email to staff regarding reminder to be at meeting to discuss strategy | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Christopher L. Holm | 2/21/2020 | forwarded email to staff regarding reminder to be at meeting to discuss strategy | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Kent M. Henderson | 10/17/2024 | Forwarded exhibit list to Angel, etc | 0.20 | $ 1,100.00 | $ 220.00 | $ 473.00 | $ 94.60 | $ 125.40 |
| Kent M. Henderson | 10/8/2024 | Forwarded exhibit list to Bri | 0.20 | $ 1,100.00 | $ 220.00 | $ 473.00 | $ 94.60 | $ 125.40 |
| Christopher L. Holm | 11/26/2021 | forwarded materials to partner to review for MSJ Opposition | 0.30 | $ 600.00 | $ 180.00 | $ 331.00 | $ 99.30 | $ 80.70 |
| Kent M. Henderson | 6/16/2023 | Forwarded MSJ ruling to staff for inclusion in file | 0.20 | $ 1,100.00 | $ 220.00 | $ 473.00 | $ 94.60 | $ 125.40 |
| Christopher L. Holm | 11/30/2021 | forwarded signed declaration to partner | 0.20 | $ 600.00 | $ 120.00 | $ 331.00 | $ 66.20 | $ 53.80 |
| Christopher L. Holm | 3/12/2024 | further research regarding trial issue for partner | 1.50 | $ 600.00 | $ 900.00 | $ 331.00 | $ 496.50 | $ 403.50 |
| Christopher L. Holm | 3/12/2024 | further text and telephonic communication with partner regarding trial issue | 1.00 | $ 600.00 | $ 600.00 | $ 331.00 | $ 331.00 | $ 269.00 |
| Kent M. Henderson | 12/3/2021 | Fwd of final rule 26 report to staff for service | 1.00 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | 3/6/2024 | Internal email incl. Galipo and Le fwd'ing docs | 0.50 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Kent M. Henderson | 11/15/2023 | Internal email re updated Expert reports n Hurtado case and drafted supplemental disclosure | 3.00 | $ 1,100.00 | $ 3,300.00 | $ 473.00 | $ 1,419.00 | $ 1,881.00 |
| Angel Carrazco Jr. | 9/25/2024 | Internal emails re: Randazzo & Braaton subpoenas | 0.20 | $ 1,000.00 | $ 200.00 | $ 473.00 | $ 94.60 | $ 105.40 |
| Kent M. Henderson | 9/25/2024 | Internal emails re: Randazzo & Braaton subpoenas | 0.50 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Angel Carrazco Jr. | 2/21/2024 | Litigation meeting with staff; coordinate, Exhibit binders | 1.00 | $ 1,000.00 | $ 1,000.00 | $ 473.00 | $ 473.00 | $ 527.00 |
| Angel Carrazco Jr. | 7/11/2022 | Meeing with all counsel to discuss deposition of Mr. Chapman | 0.30 | $ 1,000.00 | $ 300.00 | $ 473.00 | $ 141.90 | $ 158.10 |
| Angel Carrazco Jr. | 6/28/2023 | Meeting re upcoming dates | 0.50 | $ 1,000.00 | $ 500.00 | $ 473.00 | $ 236.50 | $ 263.50 |
| Angel Carrazco Jr. | 7/21/2023 | Meeting re upcoming dates | 0.20 | $ 1,000.00 | $ 200.00 | $ 473.00 | $ 94.60 | $ 105.40 |
| Angel Carrazco Jr. | 7/24/2023 | Meeting re upcoming dates | 0.20 | $ 1,000.00 | $ 200.00 | $ 473.00 | $ 94.60 | $ 105.40 |
| Kent M. Henderson | 6/28/2023 | Meeting re upcoming dates | 0.50 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Kent M. Henderson | 7/21/2023 | Meeting re upcoming dates | 0.20 | $ 1,100.00 | $ 220.00 | $ 473.00 | $ 94.60 | $ 125.40 |
| Kent M. Henderson | 7/24/2023 | Meeting re upcoming dates | 0.20 | $ 1,100.00 | $ 220.00 | $ 473.00 | $ 94.60 | $ 125.40 |
| Angel Carrazco Jr. | 2/21/2024 | Meeting re: call w/ Dr. Prager | 0.50 | $ 1,000.00 | $ 500.00 | $ 473.00 | $ 236.50 | $ 263.50 |
| Angel Carrazco Jr. | 3/31/2023 | Meeting Regarding Upcoming dates | 0.50 | $ 1,000.00 | $ 500.00 | $ 473.00 | $ 236.50 | $ 263.50 |
| Angel Carrazco Jr. | 4/7/2023 | Meeting Regarding Upcoming Dates | 0.50 | $ 1,000.00 | $ 500.00 | $ 473.00 | $ 236.50 | $ 263.50 |
| Angel Carrazco Jr. | 4/13/2023 | Meeting Regarding Upcoming dates | 0.50 | $ 1,000.00 | $ 500.00 | $ 473.00 | $ 236.50 | $ 263.50 |
| Angel Carrazco Jr. | 5/5/2023 | Meeting regarding upcoming dates | 0.20 | $ 1,000.00 | $ 200.00 | $ 473.00 | $ 94.60 | $ 105.40 |

| Biller | Date | Description - 1028 | Hours Bill | Rate | Total | Adjusted Rate | Adjusted Fees | Fee Difference |
|--------|------|--------------------|-----------|------|-------|---------------|---------------|----------------|
| Angel Carrazco Jr. | 5/10/2023 | Meeting regarding upcoming dates | 0.20 | $ 1,000.00 | $ 200.00 | $ 473.00 | $ 94.60 | $ 105.40 |
| Angel Carrazco Jr. | 5/16/2023 | Meeting regarding upcoming dates | 0.20 | $ 1,000.00 | $ 200.00 | $ 473.00 | $ 94.60 | $ 105.40 |
| Angel Carrazco Jr. | 5/25/2023 | Meeting regarding upcoming dates | 0.20 | $ 1,000.00 | $ 200.00 | $ 473.00 | $ 94.60 | $ 105.40 |
| Angel Carrazco Jr. | 6/2/2023 | Meeting regarding upcoming dates | 0.20 | $ 1,000.00 | $ 200.00 | $ 473.00 | $ 94.60 | $ 105.40 |
| Angel Carrazco Jr. | 7/10/2023 | Meeting regarding upcoming dates | 0.20 | $ 1,000.00 | $ 200.00 | $ 473.00 | $ 94.60 | $ 105.40 |
| Kent M. Henderson | 3/31/2023 | Meeting Regarding Upcoming dates | 0.50 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Kent M. Henderson | 4/7/2023 | Meeting Regarding Upcoming Dates | 0.50 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Kent M. Henderson | 4/13/2023 | Meeting Regarding Upcoming dates | 0.50 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Kent M. Henderson | 5/5/2023 | Meeting regarding upcoming dates | 0.20 | $ 1,100.00 | $ 220.00 | $ 473.00 | $ 94.60 | $ 125.40 |
| Kent M. Henderson | 5/10/2023 | Meeting regarding upcoming dates | 0.20 | $ 1,100.00 | $ 220.00 | $ 473.00 | $ 94.60 | $ 125.40 |
| Kent M. Henderson | 5/16/2023 | Meeting regarding upcoming dates | 0.20 | $ 1,100.00 | $ 220.00 | $ 473.00 | $ 94.60 | $ 125.40 |
| Kent M. Henderson | 5/25/2023 | Meeting regarding upcoming dates | 0.20 | $ 1,100.00 | $ 220.00 | $ 473.00 | $ 94.60 | $ 125.40 |
| Kent M. Henderson | 6/2/2023 | Meeting regarding upcoming dates | 0.20 | $ 1,100.00 | $ 220.00 | $ 473.00 | $ 94.60 | $ 125.40 |
| Kent M. Henderson | 7/10/2023 | Meeting regarding upcoming dates | 0.20 | $ 1,100.00 | $ 220.00 | $ 473.00 | $ 94.60 | $ 125.40 |
| Kent M. Henderson | 2/21/2024 | Meeting w/Bri and emails re: call w/ Dr. Prager | 0.50 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Angel Carrazco Jr. | 5/16/2024 | Meeting w/Bri re: upcoming dates | 0.20 | $ 1,000.00 | $ 200.00 | $ 473.00 | $ 94.60 | $ 105.40 |
| Angel Carrazco Jr. | 5/30/2024 | Meeting w/Bri re: upcoming dates | 0.20 | $ 1,000.00 | $ 200.00 | $ 473.00 | $ 94.60 | $ 105.40 |
| Angel Carrazco Jr. | 6/4/2024 | Meeting w/Bri re: upcoming dates | 0.20 | $ 1,000.00 | $ 200.00 | $ 473.00 | $ 94.60 | $ 105.40 |
| Angel Carrazco Jr. | 6/11/2024 | Meeting w/Bri re: upcoming dates | 0.20 | $ 1,000.00 | $ 200.00 | $ 473.00 | $ 94.60 | $ 105.40 |
| Angel Carrazco Jr. | 6/13/2024 | Meeting w/Bri re: upcoming dates | 0.20 | $ 1,000.00 | $ 200.00 | $ 473.00 | $ 94.60 | $ 105.40 |
| Angel Carrazco Jr. | 8/5/2024 | Meeting w/Bri re: upcoming dates | 0.20 | $ 1,000.00 | $ 200.00 | $ 473.00 | $ 94.60 | $ 105.40 |
| Angel Carrazco Jr. | 10/1/2024 | Meeting w/Bri re: upcoming dates | 0.20 | $ 1,000.00 | $ 200.00 | $ 473.00 | $ 94.60 | $ 105.40 |
| Kent M. Henderson | 3/27/2024 | Meeting w/Bri re: upcoming dates | 0.20 | $ 1,100.00 | $ 220.00 | $ 473.00 | $ 94.60 | $ 125.40 |
| Kent M. Henderson | 4/20/2024 | Meeting w/Bri re: upcoming dates | 0.20 | $ 1,100.00 | $ 220.00 | $ 473.00 | $ 94.60 | $ 125.40 |
| Kent M. Henderson | 5/30/2024 | Meeting w/Bri re: upcoming dates | 0.20 | $ 1,100.00 | $ 220.00 | $ 473.00 | $ 94.60 | $ 125.40 |
| Kent M. Henderson | 6/4/2024 | Meeting w/Bri re: upcoming dates | 0.20 | $ 1,100.00 | $ 220.00 | $ 473.00 | $ 94.60 | $ 125.40 |
| Kent M. Henderson | 6/11/2024 | Meeting w/Bri re: upcoming dates | 0.20 | $ 1,100.00 | $ 220.00 | $ 473.00 | $ 94.60 | $ 125.40 |
| Kent M. Henderson | 6/13/2024 | Meeting w/Bri re: upcoming dates | 0.20 | $ 1,100.00 | $ 220.00 | $ 473.00 | $ 94.60 | $ 125.40 |
| Kent M. Henderson | 10/1/2024 | Meeting w/Bri re: upcoming dates | 0.20 | $ 1,100.00 | $ 220.00 | $ 473.00 | $ 94.60 | $ 125.40 |
| Angel Carrazco Jr. | 3/1/2024 | Meeting w/staff & made arrangements re: trial exhibits, assembly, etc. | 3.00 | $ 1,000.00 | $ 3,000.00 | $ 473.00 | $ 1,419.00 | $ 1,581.00 |
| Kent M. Henderson | 1/24/2024 | Meeting with Angel and Galipo office | 0.80 | $ 1,100.00 | $ 880.00 | $ 473.00 | $ 378.40 | $ 501.60 |
| Kent M. Henderson | 3/5/2024 | Meeting with Angel and Galipo office re: trial prep | 0.80 | $ 1,100.00 | $ 880.00 | $ 473.00 | $ 378.40 | $ 501.60 |
| Kent M. Henderson | 3/6/2024 | Meeting with Angel and Galipo office re: trial prep | 1.00 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | 9/20/2024 | Meeting with Angel and Galipo office re: trial prep | 0.50 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Kent M. Henderson | 10/2/2024 | Meeting with Angel and Galipo office re: trial prep | 0.30 | $ 1,100.00 | $ 330.00 | $ 473.00 | $ 141.90 | $ 188.10 |

| Biller | Date | Description - 1028 | Hours Bill | Rate | Total | Adjusted Rate | Adjusted Fees | Fee Difference |
|---|---|---|---|---|---|---|---|---|
| Kent M. Henderson | 10/12/2023 | Meeting with Angel, emails re updating life care plan | 2.00 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |
| Angel Carrazco Jr. | 8/20/2019 | Meeting with attorneys to discuss strategy in pleadings in response to Meet and Confer letter | 1.00 | $ 1,000.00 | $ 1,000.00 | $ 473.00 | $ 473.00 | $ 527.00 |
| Christopher L. Holm | 8/20/2019 | Meeting with attorneys to discuss strategy in pleadings in response to Meet and Confer letter | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Christopher L. Holm | 11/25/2019 | Meeting with attorneys to discuss strategy in pleadings in response to Notice of Removal | 1.50 | $ 600.00 | $ 900.00 | $ 331.00 | $ 496.50 | $ 403.50 |
| Angel Carrazco Jr. | 8/31/2023 | Meeting with Bri re upcoming dates | 0.50 | $ 1,000.00 | $ 500.00 | $ 473.00 | $ 236.50 | $ 263.50 |
| Angel Carrazco Jr. | 9/21/2023 | Meeting with **Bri** re upcoming dates | 0.20 | $ 1,000.00 | $ 200.00 | $ 473.00 | $ 94.60 | $ 105.40 |
| Angel Carrazco Jr. | 10/3/2023 | Meeting with Bri re upcoming dates | 0.20 | $ 1,000.00 | $ 200.00 | $ 473.00 | $ 94.60 | $ 105.40 |
| Kent M. Henderson | 8/31/2023 | Meeting with Bri re upcoming dates | 0.50 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Kent M. Henderson | 9/21/2023 | Meeting with Bri re upcoming dates | 0.20 | $ 1,100.00 | $ 220.00 | $ 473.00 | $ 94.60 | $ 125.40 |
| Kent M. Henderson | 10/3/2023 | Meeting with Bri re upcoming dates | 0.20 | $ 1,100.00 | $ 220.00 | $ 473.00 | $ 94.60 | $ 125.40 |
| Angel Carrazco Jr. | 3/6/2019 | Meeting with CH re drafting complaint  and researched law | 0.50 | $ 1,000.00 | $ 500.00 | $ 473.00 | $ 236.50 | $ 263.50 |
| Angel Carrazco Jr. | 3/14/2019 | Meeting with CH re status on preparation of complaint | 1.00 | $ 1,000.00 | $ 1,000.00 | $ 473.00 | $ 473.00 | $ 527.00 |
| Angel Carrazco Jr. | 11/20/2023 | Meeting with finance dept. to discuss costs | 1.00 | $ 1,000.00 | $ 1,000.00 | $ 473.00 | $ 473.00 | $ 527.00 |
| Angel Carrazco Jr. | 3/5/2024 | Meeting with finance dept. to discuss costs | 1.00 | $ 1,000.00 | $ 1,000.00 | $ 473.00 | $ 473.00 | $ 527.00 |
| Angel Carrazco Jr. | 9/11/2024 | Meeting with finance dept. to discuss costs | 1.00 | $ 1,000.00 | $ 1,000.00 | $ 473.00 | $ 473.00 | $ 527.00 |
| Angel Carrazco Jr. | 11/29/2024 | Meeting with finance dept. to discuss costs | 1.00 | $ 1,000.00 | $ 1,000.00 | $ 473.00 | $ 473.00 | $ 527.00 |
| Angel Carrazco Jr. | 4/11/2024 | Meeting with Galipo office re: revised settlement demand | 0.70 | $ 1,000.00 | $ 700.00 | $ 473.00 | $ 331.10 | $ 368.90 |
| Angel Carrazco Jr. | 3/5/2024 | Meeting with Galipo office re: trial prep | 0.80 | $ 1,000.00 | $ 800.00 | $ 473.00 | $ 378.40 | $ 421.60 |
| Angel Carrazco Jr. | 9/20/2024 | Meeting with Galipo office re: trial prep | 0.50 | $ 1,000.00 | $ 500.00 | $ 473.00 | $ 236.50 | $ 263.50 |
| Angel Carrazco Jr. | 10/2/2024 | Meeting with Galipo office re: trial prep | 0.30 | $ 1,000.00 | $ 300.00 | $ 473.00 | $ 141.90 | $ 158.10 |
| Angel Carrazco Jr. | 10/12/2023 | Meeting with Kent, emails re updating life care plan | 2.00 | $ 1,000.00 | $ 2,000.00 | $ 473.00 | $ 946.00 | $ 1,054.00 |
| Angel Carrazco Jr. | 4/13/2022 | Meeting with Ms. Arraiga re expert Mary Meinhard | 0.20 | $ 1,000.00 | $ 200.00 | $ 473.00 | $ 94.60 | $ 105.40 |
| Christopher L. Holm | 3/6/2024 | meeting with partner in advance of 03/07/2024 appearance in state court for case management conference | 2.00 | $ 600.00 | $ 1,200.00 | $ 331.00 | $ 662.00 | $ 538.00 |
| Christopher L. Holm | 3/20/2022 | meeting with partner in advance of 03/21/2022 case management conferencwe | 2.00 | $ 600.00 | $ 1,200.00 | $ 331.00 | $ 662.00 | $ 538.00 |
| Angel Carrazco Jr. | 2/21/2024 | Meeting with staff and directed creation of exhibit binders incl. utilizing services | 3.00 | $ 1,000.00 | $ 3,000.00 | $ 473.00 | $ 1,419.00 | $ 1,581.00 |
| Kent M. Henderson | 8/5/2024 | Meetingw/Bri re: upcoming dates | 0.20 | $ 1,100.00 | $ 220.00 | $ 473.00 | $ 94.60 | $ 125.40 |
| Kent M. Henderson | 10/11/2024 | Meetingw/Nathan re: custodian of records billing & subpoenas | 1.00 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Angel Carrazco Jr. | 9/11/2024 | Met w/ Bri re: upcoming dates | 0.20 | $ 1,000.00 | $ 200.00 | $ 473.00 | $ 94.60 | $ 105.40 |

| Biller | Date | Description - 1028 | Hours Bill | Rate | Total | Adjusted Rate | Adjusted Fees | Fee Difference |
|---|---|---|---|---|---|---|---|---|
| Kent M. Henderson | 9/11/2024 | Met w/ Bri re: upcoming dates | 0.20 | $ 1,100.00 | $ 220.00 | $ 473.00 | $ 94.60 | $ 125.40 |
| Kent M. Henderson | 2/21/2024 | Met w/ Staff and directed creation of exhibit binders incl. utilizing services | 3.00 | $ 1,100.00 | $ 3,300.00 | $ 473.00 | $ 1,419.00 | $ 1,881.00 |
| Kent M. Henderson | 5/16/2024 | Met w/Bri re: upcoming dates | 0.20 | $ 1,100.00 | $ 220.00 | $ 473.00 | $ 94.60 | $ 125.40 |
| Kent M. Henderson | 3/1/2024 | Met w/staff & made arrangements re: trial exhibits, assembly, etc. | 3.00 | $ 1,100.00 | $ 3,300.00 | $ 473.00 | $ 1,419.00 | $ 1,881.00 |
| Angel Carrazco Jr. | 9/7/2023 | Met with Bri re: upcoming dates | 0.20 | $ 1,000.00 | $ 200.00 | $ 473.00 | $ 94.60 | $ 105.40 |
| Angel Carrazco Jr. | 9/8/2023 | Met with Bri re: upcoming dates | 0.50 | $ 1,000.00 | $ 500.00 | $ 473.00 | $ 236.50 | $ 263.50 |
| Angel Carrazco Jr. | 10/16/2023 | Met with Bri re: upcoming dates | 0.50 | $ 1,000.00 | $ 500.00 | $ 473.00 | $ 236.50 | $ 263.50 |
| Angel Carrazco Jr. | 10/20/2023 | Met with Bri re: upcoming dates | 0.50 | $ 1,000.00 | $ 500.00 | $ 473.00 | $ 236.50 | $ 263.50 |
| Angel Carrazco Jr. | 10/20/2023 | Met with Bri re: upcoming dates | 0.20 | $ 1,000.00 | $ 200.00 | $ 473.00 | $ 94.60 | $ 105.40 |
| Angel Carrazco Jr. | 10/31/2023 | Met with Bri re: upcoming dates | 0.20 | $ 1,000.00 | $ 200.00 | $ 473.00 | $ 94.60 | $ 105.40 |
| Angel Carrazco Jr. | 11/8/2023 | Met with Bri re: upcoming dates | 0.20 | $ 1,000.00 | $ 200.00 | $ 473.00 | $ 94.60 | $ 105.40 |
| Angel Carrazco Jr. | 11/15/2023 | Met with Bri re: upcoming dates | 0.20 | $ 1,000.00 | $ 200.00 | $ 473.00 | $ 94.60 | $ 105.40 |
| Kent M. Henderson | 9/7/2023 | Met with Bri re: upcoming dates | 0.20 | $ 1,100.00 | $ 220.00 | $ 473.00 | $ 94.60 | $ 125.40 |
| Kent M. Henderson | 9/8/2023 | Met with Bri re: upcoming dates | 0.50 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Kent M. Henderson | 10/16/2023 | Met with Bri re: upcoming dates | 0.50 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Kent M. Henderson | 10/20/2023 | Met with Bri re: upcoming dates | 0.50 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Kent M. Henderson | 10/20/2023 | Met with Bri re: upcoming dates | 0.20 | $ 1,100.00 | $ 220.00 | $ 473.00 | $ 94.60 | $ 125.40 |
| Kent M. Henderson | 10/31/2023 | Met with Bri re: upcoming dates | 0.20 | $ 1,100.00 | $ 220.00 | $ 473.00 | $ 94.60 | $ 125.40 |
| Kent M. Henderson | 11/8/2023 | Met with Bri re: upcoming dates | 0.20 | $ 1,100.00 | $ 220.00 | $ 473.00 | $ 94.60 | $ 125.40 |
| Kent M. Henderson | 11/15/2023 | Met with Bri re: upcoming dates | 0.20 | $ 1,100.00 | $ 220.00 | $ 473.00 | $ 94.60 | $ 125.40 |
| Kent M. Henderson | 7/25/2022 | Met with Ely and Angel re James Mills file, reviewed James Mills file and reviewed emails producing the same | 2.00 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |
| Kent M. Henderson | 7/12/2022 | Met with Ely and reviewed documents that had been review by Dr. Wobrock including list of more than 20 documents, depositions, statements, etc. | 4.00 | $ 1,100.00 | $ 4,400.00 | $ 473.00 | $ 1,892.00 | $ 2,508.00 |
| Kent M. Henderson | 7/21/2022 | Met with Ely and reviewed email arranging conference call with James Mills and additional emails back and forth to set up conference call plus review economic damages documents | 2.00 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |
| Kent M. Henderson | 7/26/2022 | Met with Ely and strategized re depo availability including Wobrock, review email of Ely re availability | 1.00 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | 6/8/2022 | Met with Ely re: Dr. Binder depo coverage and emails back and forth internal re: depo coverages | 1.00 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | 6/29/2022 | Met with Ely strategized on subpoena to Bureau of Forensic Services, Drafted subpoena and made sure subpoena was ready to go | 1.00 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |

| Biller | Date | Description - 1028 | Hours Bill | Rate | Total | Adjusted Rate | Adjusted Fees | Fee Difference |
|---|---|---|---|---|---|---|---|---|
| Christopher L. Holm | 11/4/2021 | met with partner assigned to work on Opposition to MSJ to discuss review of deposition transcripts | 2.50 | $ 600.00 | $ 1,500.00 | $ 331.00 | $ 827.50 | $ 672.50 |
| Kent M. Henderson | 2/21/2024 | Met with staff; coord. Exhibit binders | 1.00 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | 3/9/2024 | Metw/ Bri re: upcoming dates | 0.50 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Humberto Guizar | 3/14/2020 | Partner weekly review to discuss case | 2.00 | $ 975.00 | $ 1,950.00 | $ 473.00 | $ 946.00 | $ 1,004.00 |
| Humberto Guizar | 2/17/2021 | Partner weekly review to discuss case | 2.00 | $ 975.00 | $ 1,950.00 | $ 473.00 | $ 946.00 | $ 1,004.00 |
| Humberto Guizar | 4/23/2021 | Partner weekly review to discuss case | 0.50 | $ 975.00 | $ 487.50 | $ 473.00 | $ 236.50 | $ 251.00 |
| Humberto Guizar | 1/6/2022 | Partner weekly review to discuss case | 0.50 | $ 975.00 | $ 487.50 | $ 473.00 | $ 236.50 | $ 251.00 |
| Humberto Guizar | 4/26/2022 | Partner weekly review to discuss case | 0.50 | $ 975.00 | $ 487.50 | $ 473.00 | $ 236.50 | $ 251.00 |
| Humberto Guizar | 10/6/2022 | Partner weekly review to discuss case | 0.50 | $ 975.00 | $ 487.50 | $ 473.00 | $ 236.50 | $ 251.00 |
| Humberto Guizar | 11/7/2022 | Partner weekly review to discuss case | 0.50 | $ 975.00 | $ 487.50 | $ 473.00 | $ 236.50 | $ 251.00 |
| Angel Carrazco Jr. | 5/26/2021 | Partnership meeting regarding client | 0.50 | $ 1,000.00 | $ 500.00 | $ 473.00 | $ 236.50 | $ 263.50 |
| Kent M. Henderson | 7/19/2024 | Phone conversation and email with Le re: Hurtado passing and next steps | 0.40 | $ 1,100.00 | $ 440.00 | $ 473.00 | $ 189.20 | $ 250.80 |
| Kent M. Henderson | 10/11/2024 | Phone conversation with Le re: expert witnesses | 0.20 | $ 1,100.00 | $ 220.00 | $ 473.00 | $ 94.60 | $ 125.40 |
| Angel Carrazco Jr. | 3/22/2019 | Prepare email regarding case | 0.50 | $ 1,000.00 | $ 500.00 | $ 473.00 | $ 236.50 | $ 263.50 |
| Christopher L. Holm | 12/2/2021 | Prepared and emailed staff with first documents ready for filing for MSJ Opposition | 0.40 | $ 600.00 | $ 240.00 | $ 331.00 | $ 132.40 | $ 107.60 |
| Christopher L. Holm | 12/2/2021 | Prepared and emailed staff with first documents ready for filing for MSJ Opposition | 0.40 | $ 600.00 | $ 240.00 | $ 331.00 | $ 132.40 | $ 107.60 |
| Humberto Guizar | 11/30/2018 | Prepared and send email to the firm partners and team | 0.20 | $ 975.00 | $ 195.00 | $ 473.00 | $ 94.60 | $ 100.40 |
| Christopher L. Holm | 3/11/2024 | prepared and sent email regarding appearance in state court for case management conference | 0.40 | $ 600.00 | $ 240.00 | $ 331.00 | $ 132.40 | $ 107.60 |
| Christopher L. Holm | 2/25/2022 | prepared email and attachments, sent to firm | 1.50 | $ 600.00 | $ 900.00 | $ 331.00 | $ 496.50 | $ 403.50 |
| Angel Carrazco Jr. | 2/11/2019 | Prepared email regarding assignment to prepare complaint | 0.50 | $ 1,000.00 | $ 500.00 | $ 473.00 | $ 236.50 | $ 263.50 |
| Christopher L. Holm | 10/11/2023 | prepared email regarding research into CHP guidelines | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Christopher L. Holm | 7/26/2022 | prepared email to partners regarding expert depositions | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Kent M. Henderson | 3/13/2023 | Prepared email to staff re outcome of March 13, 2023 CMC | 1.00 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | 1/21/2022 | Provided Clarence Chapman report to Defoe through staff | 0.50 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Ely Arraiga | 11/11/2022 | Provided instructions to legal assistants for obtaining expert file. | 0.20 | $ 200.00 | $ 40.00 | $ 118.00 | $ 23.60 | |
| Christopher L. Holm | 12/4/2020 | read and reviewed email about the case | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | |
| Christopher L. Holm | 12/4/2020 | read and reviewed email about the case | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | |
| Christopher L. Holm | 11/1/2021 | read email from staff with depositon transcript of Plaintiff | 0.20 | $ 600.00 | $ 120.00 | $ 331.00 | $ 66.20 | |

| Biller | Date | Description - 1028 | Hours Bill | Rate | Total | Adjusted Rate | Adjusted Fees | Fee Difference |
|---|---|---|---|---|---|---|---|---|
| Ely Arraiga | 3/13/2023 | Received email from Kent Henderson re new court dates for stanislaus, updated cliio calendar and saved email into client file. | 0.26 | $ 200.00 | $ 40.00 | $ 118.00 | $ 23.60 | |
| Briseria Gomez | 10/29/2024 | Received email from Angel requesting that we update the cost sheets, sent email to accouting department. Saved email into client file. | 0.20 | $ 175.00 | $ 35.00 | $ 118.00 | $ 23.60 | |
| Briseria Gomez | 11/3/2024 | Received email from Dr. Braaten reuqesting payment, Angel responded with approval. Sent request to accouting department to issued payment for Dr. | 0.20 | $ 175.00 | $ 35.00 | $ 331.00 | $ 66.20 | |
| Ely Arraiga | 3/8/2023 | Received email from Stanislaus Superior court with remote apperance link, sent to Angel and Kent for review. Saved email into client file. | 0.20 | $ 200.00 | $ 40.00 | $ 118.00 | $ 23.60 | $ 16.40 |
| Christopher L. Holm | 3/12/2024 | research regarding trial issue for partner | 2.50 | $ 600.00 | $ 1,500.00 | $ 331.00 | $ 827.50 | $ 672.50 |
| Kent M. Henderson | 3/9/2021 | Researched podiatrists and ortho foot doctors and drafted internal emails re: same | 3.00 | $ 1,100.00 | $ 3,300.00 | $ 473.00 | $ 1,419.00 | $ 1,881.00 |
| Christopher L. Holm | 6/12/2024 | responded to email regarding case | 0.40 | $ 600.00 | $ 240.00 | $ 331.00 | $ 132.40 | $ 107.60 |
| Christopher L. Holm | 6/12/2024 | responded to email regarding case | 0.30 | $ 600.00 | $ 180.00 | $ 331.00 | $ 99.30 | $ 80.70 |
| Kent M. Henderson | 5/21/2023 | Responding to emails of Angel re Defoe status for trial | 0.50 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Christopher L. Holm | 11/1/2021 | response email to staff regarding case | 0.20 | $ 600.00 | $ 120.00 | $ 331.00 | $ 66.20 | $ 53.80 |
| Kent M. Henderson | 10/4/2024 | Rev'd Deleon email re: phonecall w/ Galipo & follow up conv | 1.50 | $ 1,100.00 | $ 1,650.00 | $ 473.00 | $ 709.50 | $ 940.50 |
| Kent M. Henderson | 3/14/2024 | Rev'd email from Angel to Whitmore enclosing Jacobs report | 0.20 | $ 1,100.00 | $ 220.00 | $ 473.00 | $ 94.60 | $ 125.40 |
| Kent M. Henderson | 3/21/2024 | Rev'd email from Bri & inv re: exhibit print | 0.20 | $ 1,100.00 | $ 220.00 | $ 473.00 | $ 94.60 | $ 125.40 |
| Angel Carrazco Jr. | 3/12/2024 | Rev'd email from Bri for copy of Wobrock depo | 0.20 | $ 1,000.00 | $ 200.00 | $ 473.00 | $ 94.60 | $ 105.40 |
| Kent M. Henderson | 3/12/2024 | Rev'd email from Bri for copy of Wobrock depo | 0.20 | $ 1,100.00 | $ 220.00 | $ 473.00 | $ 94.60 | $ 125.40 |
| Kent M. Henderson | 3/8/2024 | Rev'd email from Bri re: sargent Munoz & followed up | 0.50 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Kent M. Henderson | 3/21/2024 | Rev'd email from Bri w/Johnson inv | 0.50 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Kent M. Henderson | 3/6/2024 | Rev'd email from Brion call agreement Hill chriropractic, spk w/ Lara re: appearance, rev'd bills and records | 0.80 | $ 1,100.00 | $ 880.00 | $ 473.00 | $ 378.40 | $ 501.60 |
| Kent M. Henderson | 3/1/2024 | Rev'd email from Buzo re: zoom link for MIL hearing, forwarded, conferred w/Galipo office re: numerous issues | 0.50 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Kent M. Henderson | 10/8/2024 | Rev'd email from Deleon re: trial binders & followed up w/Bri | 0.50 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Kent M. Henderson | 4/19/2024 | Rev'd email from Deleon to all counsel Galipo office settlement demand | 0.50 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |

| Biller | Date | Description - 1028 | Hours Bil | Rate | Total | Adjusted Rate | Adjusted Fees | Fee Difference |
|--------|------|--------------------|-----------|------|-------|---------------|---------------|----------------|
| Kent M. Henderson | 10/7/2024 | Rev'd email from LE & emails back/forth w/ meeting at 12:45pm | 2.00 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |
| Kent M. Henderson | 3/8/2024 | Rev'd email from Le re: audio clips to use at trial and reviewed same | 1.50 | $ 1,100.00 | $ 1,650.00 | $ 473.00 | $ 709.50 | $ 940.50 |
| Angel Carrazco Jr. | 10/18/2024 | Rev'd email from Le re: testimony schedule & followed up | 0.50 | $ 1,000.00 | $ 500.00 | $ 473.00 | $ 236.50 | $ 263.50 |
| Kent M. Henderson | 10/18/2024 | Rev'd email from Le re: testimony schedule & followed up | 0.50 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Kent M. Henderson | 3/12/2024 | Rev'd email from Le w/ dropbox MVARs & summary, listened & compared | 1.00 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | 10/8/2024 | Rev'd email from Le w/8 lengthy trial transcript docs & reviewed same | 5.00 | $ 1,100.00 | $ 5,500.00 | $ 473.00 | $ 2,365.00 | $ 3,135.00 |
| Kent M. Henderson | 3/10/2024 | Rev'd email from Nathan fwd'ing Braaton depo and rev'd Braaton depo | 2.00 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |
| Angel Carrazco Jr. | 10/11/2024 | Rev'd email from Nathan re: subpoenas | 0.20 | $ 1,000.00 | $ 200.00 | $ 473.00 | $ 94.60 | $ 105.40 |
| Kent M. Henderson | 10/11/2024 | Rev'd email from Nathan re: subpoenas | 0.20 | $ 1,100.00 | $ 220.00 | $ 473.00 | $ 94.60 | $ 125.40 |
| Kent M. Henderson | 3/10/2024 | Rev'd email from Nathan to Galipo w/Prager & Chapman depo summaries and rev'd depo summaries | 1.00 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | 3/11/2024 | Rev'd email from Nathan w/ working trial witness schedule | 0.50 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Angel Carrazco Jr. | 10/11/2024 | Rev'd email of Nathan re: billing records | 0.20 | $ 1,000.00 | $ 200.00 | $ 473.00 | $ 94.60 | $ 105.40 |
| Kent M. Henderson | 10/11/2024 | Rev'd email of Nathan re: billing records | 0.20 | $ 1,100.00 | $ 220.00 | $ 473.00 | $ 94.60 | $ 125.40 |
| Kent M. Henderson | 3/10/2024 | Rev'd emails Galipo & our office back/forth for trial prep | 1.00 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | 10/10/2024 | Rev'd lengthy email from Nathan re: Stephenson testimony & follow up | 1.00 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Angel Carrazco Jr. | 10/11/2024 | Rev'd Nathan email re: 3 subpoenas | 0.20 | $ 1,000.00 | $ 200.00 | $ 473.00 | $ 94.60 | $ 105.40 |
| Kent M. Henderson | 10/11/2024 | Rev'd Nathan email re: 3 subpoenas | 0.20 | $ 1,100.00 | $ 220.00 | $ 473.00 | $ 94.60 | $ 125.40 |
| Angel Carrazco Jr. | 11/7/2023 | Reveiew email from Bri re payment to Meinhard | 0.50 | $ 1,000.00 | $ 500.00 | $ 473.00 | $ 236.50 | $ 263.50 |
| Kent M. Henderson | 11/7/2023 | Reveiewed email from Bri re payment to Meinhard | 0.50 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Angel Carrazco Jr. | 10/11/2023 | Reveiw email from Holm re CHP definition of police pursuit re: undisputed facts, further discussion with holm | 0.50 | $ 1,000.00 | $ 500.00 | $ 473.00 | $ 236.50 | $ 263.50 |
| Angel Carrazco Jr. | 1/4/2023 | Reveiw email from Wobrock office re additional items and payment, met with staff and Kent re same coordinated response | 3.00 | $ 1,000.00 | $ 3,000.00 | $ 473.00 | $ 1,419.00 | $ 1,581.00 |
| Kent M. Henderson | 4/22/2022 | Reveiwed email from Bri to Stephenson forwarding Meinhard records and reviewed records | 2.00 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |

| Biller | Date | Description - 1028 | Hours Bil | Rate | Total | Adjusted Rate | Adjusted Fees | Fee Difference |
|---|---|---|---|---|---|---|---|---|
| Kent M. Henderson | 5/11/2022 | Reveiwed email from Ely to Bridges re: Craigmyle availability and responsive emails Whitmore and Bridges plus coordination | 2.00 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |
| Kent M. Henderson | 10/11/2023 | Reviewed email from Holm re CHP definition of police pursuit re: undisputed facts, further discussion with holm | 2.00 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |
| Christopher L. Holm | 10/29/2021 | reveiwed email from partner about the case, assigned to work on Opposition to Motion for Summary Judgment | 1.50 | $ 600.00 | $ 900.00 | $ 331.00 | $ 496.50 | $ 403.50 |
| Christopher L. Holm | 10/29/2021 | reveiwed email from partner about the case, assigned to work on Opposition to Motion for Summary Judgment | 1.00 | $ 600.00 | $ 600.00 | $ 331.00 | $ 331.00 | $ 269.00 |
| Christopher L. Holm | 10/19/2021 | reveiwed email from staff about the case | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Kent M. Henderson | 11/16/2022 | Reveiwed email from Whitmore re: Ravani avaiablity and met with Ely to coordinate | 0.50 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Kent M. Henderson | 1/4/2023 | Reveiwed email from Wobrock office re additional items and payment, met with staff and Angel re same coordinated response | 3.00 | $ 1,100.00 | $ 3,300.00 | $ 473.00 | $ 1,419.00 | $ 1,881.00 |
| Kent M. Henderson | 7/8/2022 | Reveiwed email of Ely and attached Pas of subpoena on bureau of forensic services | 0.50 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Angel Carrazco Jr. | 9/7/2023 | Review and discuss Pre Trial docs and deadlines and attached Standing order, and Pl and Def exhibit list to Angel and numerous others at GHC . Plus review of same | 2.00 | $ 1,000.00 | $ 2,000.00 | $ 473.00 | $ 946.00 | $ 1,054.00 |
| Angel Carrazco Jr. | 10/4/2024 | Review DeLeon email re: phonecall w/ Galipo & follow up conv | 0.50 | $ 1,000.00 | $ 500.00 | $ 473.00 | $ 236.50 | $ 263.50 |
| Angel Carrazco Jr. | 6/16/2023 | Review doc 38 Order on MSJ, including the ruling and analyzed and discussed with Kent and Chris | 3.00 | $ 1,000.00 | $ 3,000.00 | $ 473.00 | $ 1,419.00 | $ 1,581.00 |
| Angel Carrazco Jr. | 10/29/2024 | Review email from Angel to Stacy re: costs | 0.20 | $ 1,000.00 | $ 200.00 | $ 473.00 | $ 94.60 | $ 105.40 |
| Angel Carrazco Jr. | 3/21/2024 | Review email from Bri & inv re: exhibit print | 0.20 | $ 1,000.00 | $ 200.00 | $ 473.00 | $ 94.60 | $ 105.40 |
| Angel Carrazco Jr. | 10/8/2024 | Review email from Bri Gomez and drop box link to previously admitted exhibits and other notes regarding exhibits | 2.00 | $ 1,000.00 | $ 2,000.00 | $ 473.00 | $ 946.00 | $ 1,054.00 |
| Angel Carrazco Jr. | 10/9/2024 | Review email from Bri Gomez and notation regarding exhibit 58 | 0.20 | $ 1,000.00 | $ 200.00 | $ 473.00 | $ 94.60 | $ 105.40 |
| Angel Carrazco Jr. | 10/10/2024 | Review email from Bri Gomez RE: Dr. Braaton | 0.20 | $ 1,000.00 | $ 200.00 | $ 473.00 | $ 94.60 | $ 105.40 |
| Angel Carrazco Jr. | 10/16/2024 | Review email from Bri Gomez to Le re: Dr. Prager availability | 0.20 | $ 1,000.00 | $ 200.00 | $ 473.00 | $ 94.60 | $ 105.40 |
| Angel Carrazco Jr. | 3/6/2024 | Review email from Bri on call agreement Hill chriropractic, spk w/Lara re: appearance, rev'd bills and records | 0.20 | $ 1,000.00 | $ 200.00 | $ 473.00 | $ 94.60 | $ 105.40 |

| Biller | Date | Description - 1028 | Hours Bil | Rate | Total | Adjusted Rate | Adjusted Fees | Fee Difference |
|--------|------|--------------------|-----------|------|-------|---------------|---------------|----------------|
| Angel Carrazco Jr. | 11/6/2023 | Review email from Bri re costs, invoice of Meinhard and payment request | 0.50 | $ 1,000.00 | $ 500.00 | $ 473.00 | $ 236.50 | $ 263.50 |
| Angel Carrazco Jr. | 11/20/2023 | Review email from Bri re follow up from Bills | 0.20 | $ 1,000.00 | $ 200.00 | $ 473.00 | $ 94.60 | $ 105.40 |
| Angel Carrazco Jr. | 9/5/2023 | Review email from Bri re: Ketamine clinic emails and followed up | 0.50 | $ 1,000.00 | $ 500.00 | $ 473.00 | $ 236.50 | $ 263.50 |
| Angel Carrazco Jr. | 11/12/2024 | Review email from Bri re: legal assistant hours and attached hours | 1.00 | $ 1,000.00 | $ 1,000.00 | $ 473.00 | $ 473.00 | $ 527.00 |
| Angel Carrazco Jr. | 3/8/2024 | Review email from Bri re: sargent Munoz & followed up | 0.20 | $ 1,000.00 | $ 200.00 | $ 473.00 | $ 94.60 | $ 105.40 |
| Angel Carrazco Jr. | 10/15/2024 | Review email from Bri re: saved location of docs | 0.20 | $ 1,000.00 | $ 200.00 | $ 473.00 | $ 94.60 | $ 105.40 |
| Angel Carrazco Jr. | 10/16/2023 | Review email from Bri to Buzo re joint undisputed facts and attached w | 0.20 | $ 1,000.00 | $ 200.00 | $ 473.00 | $ 94.60 | $ 105.40 |
| Angel Carrazco Jr. | 10/20/2023 | Review email from Bri to Meinhard re contact information for Hurtado | 0.50 | $ 1,000.00 | $ 500.00 | $ 473.00 | $ 236.50 | $ 263.50 |
| Angel Carrazco Jr. | 11/20/2023 | Review email from Bri to Whitmore re additional medical records and attached records from rincon that were reviewed | 0.50 | $ 1,000.00 | $ 500.00 | $ 473.00 | $ 236.50 | $ 263.50 |
| Angel Carrazco Jr. | 11/8/2023 | Review email from Bri to Whitmore re updated life care report and responsive email from Whitmore requesting additional supporting documents and tables | 0.50 | $ 1,000.00 | $ 500.00 | $ 473.00 | $ 236.50 | $ 263.50 |
| Angel Carrazco Jr. | 3/21/2024 | Review email from Bri w/Johnson inv | 0.20 | $ 1,000.00 | $ 200.00 | $ 473.00 | $ 94.60 | $ 105.40 |
| Angel Carrazco Jr. | 11/17/2023 | Review email from Bri with listing of numerous Stephenson treatment records and bills and reviewed the same | 0.50 | $ 1,000.00 | $ 500.00 | $ 473.00 | $ 236.50 | $ 263.50 |
| Angel Carrazco Jr. | 9/19/2023 | Review email from Bridges to Nathan with Final filing of pretrial statement, drafted and reviewed additional emails back and forth and corrections and additions of pretrial docs | 0.50 | $ 1,000.00 | $ 500.00 | $ 473.00 | $ 236.50 | $ 263.50 |
| Angel Carrazco Jr. | 10/16/2023 | Review email from Brito Buzo with word docs for doc 51 | 0.50 | $ 1,000.00 | $ 500.00 | $ 473.00 | $ 236.50 | $ 263.50 |
| Angel Carrazco Jr. | 2/22/2024 | Review email from Brito witness | 0.20 | $ 1,000.00 | $ 200.00 | $ 473.00 | $ 94.60 | $ 105.40 |
| Angel Carrazco Jr. | 3/1/2024 | Review email from Buzo, followed up w/Le | 1.50 | $ 1,000.00 | $ 1,500.00 | $ 473.00 | $ 709.50 | $ 790.50 |
| Angel Carrazco Jr. | 10/8/2024 | Review email from DeLeon re: trial binders & followed up w/Bri | 0.50 | $ 1,000.00 | $ 500.00 | $ 473.00 | $ 236.50 | $ 263.50 |
| Angel Carrazco Jr. | 4/19/2024 | Review email from DeLeon to all counsel Galipo office settlement demand | 0.20 | $ 1,000.00 | $ 200.00 | $ 473.00 | $ 94.60 | $ 105.40 |
| Angel Carrazco Jr. | 11/3/2024 | Review email from Dr. Braaton to Angel and Bri re: payment and other issues | 0.50 | $ 1,000.00 | $ 500.00 | $ 473.00 | $ 236.50 | $ 263.50 |
| Angel Carrazco Jr. | 9/8/2023 | Review email from Francel re: clarifications on Pre Trial document requirements and forwarded email from Whitmore, meeting re the same | 0.50 | $ 1,000.00 | $ 500.00 | $ 473.00 | $ 236.50 | $ 263.50 |

| Biller | Date | Description - 1028 | Hours Bil | Rate | Total | Adjusted Rate | Adjusted Fees | Fee Difference |
|---|---|---|---|---|---|---|---|---|
| Angel Carrazco Jr. | 10/14/2024 | Review email from Hang Le RE: trial witnesses | 0.20 | $ 1,000.00 | $ 200.00 | $ 473.00 | $ 94.60 | $ 105.40 |
| Angel Carrazco Jr. | 10/14/2024 | Review email from Hang Le to Dr. Braaton Re: scheduling trial testimony | 0.20 | $ 1,000.00 | $ 200.00 | $ 473.00 | $ 94.60 | $ 105.40 |
| Angel Carrazco Jr. | 10/10/2024 | Review email from Hang Le to Whitmore re: pretrial docs and exhibits and reviewed attached verdict form, jury instrnctions, etc. | 1.00 | $ 1,000.00 | $ 1,000.00 | $ 473.00 | $ 473.00 | $ 527.00 |
| Angel Carrazco Jr. | 9/19/2023 | Review email from Holm to Gallegos, internal re: filing on Pacer of 6 docs | 0.50 | $ 1,000.00 | $ 500.00 | $ 473.00 | $ 236.50 | $ 263.50 |
| Angel Carrazco Jr. | 10/7/2024 | Review email from LE & emails back/forth w/ meeting at 12:45pm | 0.50 | $ 1,000.00 | $ 500.00 | $ 473.00 | $ 236.50 | $ 263.50 |
| Angel Carrazco Jr. | 10/15/2024 | Review email from Le and attached final version of pretrial docs | 1.00 | $ 1,000.00 | $ 1,000.00 | $ 473.00 | $ 473.00 | $ 527.00 |
| Angel Carrazco Jr. | 11/6/2024 | Review email from Le and attached stipulation | 0.50 | $ 1,000.00 | $ 500.00 | $ 473.00 | $ 236.50 | $ 263.50 |
| Angel Carrazco Jr. | 10/17/2024 | Review email from Le and Hurtado testimony to be read at trial | 0.50 | $ 1,000.00 | $ 500.00 | $ 473.00 | $ 236.50 | $ 263.50 |
| Angel Carrazco Jr. | 11/26/2024 | Review email from Le re: attorneys fees application | 0.20 | $ 1,000.00 | $ 200.00 | $ 473.00 | $ 94.60 | $ 105.40 |
| Angel Carrazco Jr. | 3/8/2024 | Review email from Le re: audio clips to use at trial and reviewed same | 0.50 | $ 1,000.00 | $ 500.00 | $ 473.00 | $ 236.50 | $ 263.50 |
| Angel Carrazco Jr. | 11/1/2024 | Review email from Le re: briefing schedule | 0.20 | $ 1,000.00 | $ 200.00 | $ 473.00 | $ 94.60 | $ 105.40 |
| Angel Carrazco Jr. | 11/26/2024 | Review email from Le re: issues in case | 0.50 | $ 1,000.00 | $ 500.00 | $ 473.00 | $ 236.50 | $ 263.50 |
| Angel Carrazco Jr. | 2/27/2024 | Review email from Le re: MILs, drafted responsive email, meetings, and further discussions | 3.00 | $ 1,000.00 | $ 3,000.00 | $ 473.00 | $ 1,419.00 | $ 1,581.00 |
| Angel Carrazco Jr. | 10/16/2024 | Review email from Le re: witness availability | 0.50 | $ 1,000.00 | $ 500.00 | $ 473.00 | $ 236.50 | $ 263.50 |
| Angel Carrazco Jr. | 2/27/2024 | Review email from Le to court w/ attached pretrial docs | 0.20 | $ 1,000.00 | $ 200.00 | $ 473.00 | $ 94.60 | $ 105.40 |
| Angel Carrazco Jr. | 10/11/2024 | Review email from Le to Whitmore re: objections | 0.50 | $ 1,000.00 | $ 500.00 | $ 473.00 | $ 236.50 | $ 263.50 |
| Angel Carrazco Jr. | 10/8/2024 | Review email from Le w/8 lengthy trial transcript docs & reviewed same | 2.50 | $ 1,000.00 | $ 2,500.00 | $ 473.00 | $ 1,182.50 | $ 1,317.50 |
| Angel Carrazco Jr. | 3/12/2024 | Review email from Lew/ dropbox MVARs & summary, listened & compared | 1.00 | $ 1,000.00 | $ 1,000.00 | $ 473.00 | $ 473.00 | $ 527.00 |
| Angel Carrazco Jr. | 11/11/2024 | Review email from Nathan and attached hours | 0.50 | $ 1,000.00 | $ 500.00 | $ 473.00 | $ 236.50 | $ 263.50 |
| Angel Carrazco Jr. | 3/10/2024 | Review email from Nathan fwd'ing Braaton depo and rev'd Braaton depo | 2.00 | $ 1,000.00 | $ 2,000.00 | $ 473.00 | $ 946.00 | $ 1,054.00 |
| Angel Carrazco Jr. | 8/14/2023 | Review email from nathan re Joint pretrial statement template and partcipated in review and corrections | 0.20 | $ 1,000.00 | $ 200.00 | $ 473.00 | $ 94.60 | $ 105.40 |
| Angel Carrazco Jr. | 8/28/2023 | Review email from Nathan re Joint pretrial statement with attached draft | 0.20 | $ 1,000.00 | $ 200.00 | $ 473.00 | $ 94.60 | $ 105.40 |

| Biller | Date | Description - 1028 | Hours Bil | Rate | Total | Adjusted Rate | Adjusted Fees | Fee Difference |
|---|---|---|---|---|---|---|---|---|
| Angel Carrazco Jr. | 3/1/2024 | Review email from Nathan to Buzo re: joint and plaintiffs trial exhibits | 0.50 | $ 1,000.00 | $ 500.00 | $ 473.00 | $ 236.50 | $ 263.50 |
| Angel Carrazco Jr. | 3/1/2024 | Review email from Nathan to copying service w/long specific instructions | 0.50 | $ 1,000.00 | $ 500.00 | $ 473.00 | $ 236.50 | $ 263.50 |
| Angel Carrazco Jr. | 9/18/2023 | Review email from Nathan to Def Counsel re: furhter changes to pretrial statement plus made changes and dicussed | 0.50 | $ 1,000.00 | $ 500.00 | $ 473.00 | $ 236.50 | $ 263.50 |
| Angel Carrazco Jr. | 10/18/2023 | Review email from Nathan to Def with attached clean and redlined copies and Whitmore responsive email, drafted email additional work on all these documents | 0.50 | $ 1,000.00 | $ 500.00 | $ 473.00 | $ 236.50 | $ 263.50 |
| Angel Carrazco Jr. | 3/10/2024 | Review email from Nathan to Galipo w/Prager & Chapman depo summaries and rev'd depo summaries | 1.00 | $ 1,000.00 | $ 1,000.00 | $ 473.00 | $ 473.00 | $ 527.00 |
| Angel Carrazco Jr. | 2/22/2024 | Review email from Nathan to Le re: pretrial docs & followed up | 1.00 | $ 1,000.00 | $ 1,000.00 | $ 473.00 | $ 473.00 | $ 527.00 |
| Angel Carrazco Jr. | 3/1/2024 | Review email from Nathan to Le re: sub rosa video including case citations | 0.50 | $ 1,000.00 | $ 500.00 | $ 473.00 | $ 236.50 | $ 263.50 |
| Angel Carrazco Jr. | 10/25/2023 | Review email from Nathan to Pete Buzo re: verdict form and response | 0.20 | $ 1,000.00 | $ 200.00 | $ 473.00 | $ 94.60 | $ 105.40 |
| Angel Carrazco Jr. | 10/9/2023 | Review email from Nathan to Whitmore and additional draft of Plaitniff proposed undisputed facts, Whitmore responsive email further revision back and forth | 0.50 | $ 1,000.00 | $ 500.00 | $ 473.00 | $ 236.50 | $ 263.50 |
| Angel Carrazco Jr. | 9/15/2023 | Review email from Nathan to Whitmore and attached 7 different docs that had to be reviewed | 0.50 | $ 1,000.00 | $ 500.00 | $ 473.00 | $ 236.50 | $ 263.50 |
| Angel Carrazco Jr. | 10/13/2023 | Review email from Nathan to Whitmore attaching 3 different Exhibit list, emails back and forth, changes and objections | 1.00 | $ 1,000.00 | $ 1,000.00 | $ 473.00 | $ 473.00 | $ 527.00 |
| Angel Carrazco Jr. | 9/13/2023 | Review email from Nathan to Whitmore re changes and additions to joint exhibit list and reviewed the additions | 0.20 | $ 1,000.00 | $ 200.00 | $ 473.00 | $ 94.60 | $ 105.40 |
| Angel Carrazco Jr. | 10/16/2023 | Review email from Nathan to Whitmore with amended disputed facts, met and coordinated disputed facts | 0.50 | $ 1,000.00 | $ 500.00 | $ 473.00 | $ 236.50 | $ 263.50 |
| Angel Carrazco Jr. | 3/11/2024 | Review email from Nathan w/ working trial witness schedule | 0.20 | $ 1,000.00 | $ 200.00 | $ 473.00 | $ 94.60 | $ 105.40 |
| Angel Carrazco Jr. | 9/6/2023 | Review email from Nathan with his draft of exhibit lists, coordinated changes to exhibit list by review of volumious documents | 0.20 | $ 1,000.00 | $ 200.00 | $ 473.00 | $ 94.60 | $ 105.40 |

| Biller | Date | Description - 1028 | Hours Bil | Rate | Total | Adjusted Rate | Adjusted Fees | Fee Difference |
|--------|------|--------------------|-----------|------|-------|---------------|---------------|----------------|
| Angel Carrazco Jr. | 1/10/2023 | Review email from Thao re depo checks for Plaintiffs parents along with replacement check application/semi intelligible forms required by State of CA | 0.56 | $ 1,600.00 | $ 500.00 | $ 473.00 | $ 236.50 | $ 263.50 |
| Angel Carrazco Jr. | 8/29/2023 | Review email from Whitmore re Joint Pretrial Statement draft, meeting with Nathan, dicussions and drafting | 0.20 | $ 1,000.00 | $ 200.00 | $ 473.00 | $ 94.60 | $ 105.40 |
| Angel Carrazco Jr. | 10/17/2023 | Review email from Whitmore re revised disputed facts section with attached doc, followed up with Holm and Nathan and revised | 1.00 | $ 1,000.00 | $ 1,000.00 | $ 473.00 | $ 473.00 | $ 527.00 |
| Angel Carrazco Jr. | 2/23/2024 | Review email from Whitmore to Le re: changes to docs | 0.20 | $ 1,000.00 | $ 200.00 | $ 473.00 | $ 94.60 | $ 105.40 |
| Angel Carrazco Jr. | 10/11/2024 | Review email from Whitmore to Le re: objections/issues | 0.50 | $ 1,000.00 | $ 500.00 | $ 473.00 | $ 236.50 | $ 263.50 |
| Angel Carrazco Jr. | 10/11/2024 | Review email from Whitmore to Le re: status of plaintiff | 0.20 | $ 1,000.00 | $ 200.00 | $ 473.00 | $ 94.60 | $ 105.40 |
| Angel Carrazco Jr. | 9/6/2023 | Review email from Whitmore to Nathan and reviewed Def Exhibit list | 0.20 | $ 1,000.00 | $ 200.00 | $ 473.00 | $ 94.60 | $ 105.40 |
| Angel Carrazco Jr. | 8/24/2023 | Review email from Whitmore to Nathan re Joint Pretrial Statement | 0.20 | $ 1,000.00 | $ 200.00 | $ 473.00 | $ 94.60 | $ 105.40 |
| Angel Carrazco Jr. | 3/6/2024 | Review email incl. Galipo and Le fwd'ing docs | 0.20 | $ 1,000.00 | $ 200.00 | $ 473.00 | $ 94.60 | $ 105.40 |
| Angel Carrazco Jr. | 3/11/2024 | Review email internal for Prager testimony | 0.20 | $ 1,000.00 | $ 200.00 | $ 473.00 | $ 94.60 | $ 105.40 |
| Kent M. Henderson | 7/14/2022 | Review email of Ely and Errata sheet of Defoe depo and compared it to depo | 2.00 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | 1,254.00 |
| Angel Carrazco Jr. | 2/13/2024 | Review email of Le re: jury instructions and emails of Whitmore, drafted further emails, meetings re; jury instr. | 1.50 | $ 1,000.00 | $ 1,500.00 | $ 473.00 | $ 709.50 | $ 790.50 |
| Angel Carrazco Jr. | 9/15/2023 | Review email of Nathan to Whitmore re pretrial statemtn with attached Exhibit list plus review of same | 0.20 | $ 1,000.00 | $ 200.00 | $ 473.00 | $ 94.60 | $ 105.40 |
| Angel Carrazco Jr. | 3/11/2024 | Review email to Bri re: CHP MAIT subpoena & followed up | 0.20 | $ 1,000.00 | $ 200.00 | $ 473.00 | $ 94.60 | $ 105.40 |
| Angel Carrazco Jr. | 3/12/2024 | Review email to Bri rush basis Wobrock depo | 0.20 | $ 1,000.00 | $ 200.00 | $ 473.00 | $ 94.60 | $ 105.40 |
| Angel Carrazco Jr. | 4/5/2024 | Review email to Brito calendar status com date | 0.20 | $ 1,000.00 | $ 200.00 | $ 473.00 | $ 94.60 | $ 105.40 |
| Angel Carrazco Jr. | 3/28/2024 | Review email to Galipo & Le re: dates for status conf on follow up | 0.20 | $ 1,000.00 | $ 200.00 | $ 473.00 | $ 94.60 | $ 105.40 |
| Angel Carrazco Jr. | 4/8/2024 | Review email to Galipo & Lew/ emails back/forth re: new dates for trial | 0.20 | $ 1,000.00 | $ 200.00 | $ 473.00 | $ 94.60 | $ 105.40 |
| Angel Carrazco Jr. | 3/12/2024 | Review email to Galipo & others re: Wobrock flight and appearance | 0.20 | $ 1,000.00 | $ 200.00 | $ 473.00 | $ 94.60 | $ 105.40 |
| Angel Carrazco Jr. | 3/11/2024 | Review email to Galipo attaching Yepez & Randazzo declarations | 0.20 | $ 1,000.00 | $ 200.00 | $ 473.00 | $ 94.60 | $ 105.40 |

| Biller | Date | Description - 1028 | Hours Bil | Rate | Total | Adjusted Rate | Adjusted Fees | Fee Difference |
|--------|------|--------------------|-----------|------|-------|---------------|---------------|----------------|
| Angel Carrazco Jr. | 3/12/2024 | Review email to Galipo re: Dr. Braaton & drafted 2 page Braaton med summary | 0.26 | $ 1,000.00 | $ 200.00 | $ 473.00 | $ 94.60 | $ 105.40 |
| Angel Carrazco Jr. | 10/9/2024 | Review email to Hang Lew/edits & changes to pretrial docs and formulated changes to pretrial docs | 0.50 | $ 1,000.00 | $ 500.00 | $ 473.00 | $ 236.50 | $ 263.50 |
| Angel Carrazco Jr. | 5/9/2024 | Review email to Le re: Hurtado deadlines | 0.20 | $ 1,000.00 | $ 200.00 | $ 473.00 | $ 94.60 | $ 105.40 |
| Angel Carrazco Jr. | 2/29/2024 | Review email to Le re: verdict & objection | 0.20 | $ 1,000.00 | $ 200.00 | $ 473.00 | $ 94.60 | $ 105.40 |
| Angel Carrazco Jr. | 3/5/2024 | Review email to Le re: witness order and scheduling and followed up | 0.50 | $ 1,000.00 | $ 500.00 | $ 473.00 | $ 236.50 | $ 263.50 |
| Angel Carrazco Jr. | 2/14/2024 | Review email to Lew/docs re: initial appearance | 0.50 | $ 1,000.00 | $ 500.00 | $ 473.00 | $ 236.50 | $ 263.50 |
| Angel Carrazco Jr. | 11/29/2024 | Review email to Nathan and reviewed Nathan responses re: timesheets | 0.50 | $ 1,000.00 | $ 500.00 | $ 473.00 | $ 236.50 | $ 263.50 |
| Angel Carrazco Jr. | 3/13/2023 | Review email to staff re outcome of March 13, 2023 CMC | 0.20 | $ 1,000.00 | $ 200.00 | $ 473.00 | $ 94.60 | $ 105.40 |
| Angel Carrazco Jr. | 9/10/2023 | Review emails back and forth with Atiya and Nathan | 0.50 | $ 1,000.00 | $ 500.00 | $ 473.00 | $ 236.50 | $ 263.50 |
| Angel Carrazco Jr. | 3/4/2024 | Review emails back/fmth re: meeting w/Galipo office & meeting w/Galipo office | 2.00 | $ 1,000.00 | $ 2,000.00 | $ 473.00 | $ 946.00 | $ 1,054.00 |
| Angel Carrazco Jr. | 10/22/2024 | Review emails from Bri & billing dept. re: Dr. Jacobs testimony | 0.50 | $ 1,000.00 | $ 500.00 | $ 473.00 | $ 236.50 | $ 263.50 |
| Angel Carrazco Jr. | 10/24/2024 | Review emails from Bri to billing and responses including Prager invoice | 0.50 | $ 1,000.00 | $ 500.00 | $ 473.00 | $ 236.50 | $ 263.50 |
| Angel Carrazco Jr. | 10/14/2024 | Review emails from Hang Le, Pete Buzo, and Angel | 0.50 | $ 1,000.00 | $ 500.00 | $ 473.00 | $ 236.50 | $ 263.50 |
| Angel Carrazco Jr. | 10/15/2024 | Review emails from Hang Le, Pete Buzo, and John Bridges re: scheduling | 0.50 | $ 1,000.00 | $ 500.00 | $ 473.00 | $ 236.50 | $ 263.50 |
| Humberto Guizar | 2/24/2020 | Review emails from partners | 1.00 | $ 975.00 | $ 975.00 | $ 473.00 | $ 473.00 | $ 502.00 |
| Angel Carrazco Jr. | 3/10/2024 | Review emails Galipo & our office back/forth for trial prep | 1.00 | $ 1,000.00 | $ 1,000.00 | $ 473.00 | $ 473.00 | $ 527.00 |
| Angel Carrazco Jr. | 2/27/2023 | Review emails with Whitmore and Ely re Ravani Depo date | 0.50 | $ 1,000.00 | $ 500.00 | $ 473.00 | $ 236.50 | $ 263.50 |
| Angel Carrazco Jr. | 2/23/2023 | Review emial from Ely to Wobrock office re depo link | 0.20 | $ 1,000.00 | $ 200.00 | $ 473.00 | $ 94.60 | $ 105.40 |
| Angel Carrazco Jr. | 10/22/2024 | Review final video transcript exhibit MBARS timeline sent email to Galipo | 0.50 | $ 1,000.00 | $ 500.00 | $ 473.00 | $ 236.50 | $ 263.50 |
| Angel Carrazco Jr. | 2/22/2024 | Review internal email to Le re: simplified verdict form | 0.20 | $ 1,000.00 | $ 200.00 | $ 473.00 | $ 94.60 | $ 105.40 |
| Angel Carrazco Jr. | 3/11/2024 | Review internal email w/copy ofRavani rebuttal report & depo | 0.20 | $ 1,000.00 | $ 200.00 | $ 473.00 | $ 94.60 | $ 105.40 |
| Angel Carrazco Jr. | 10/11/2023 | Review lengthly email from nathan to whitmore re various changes to undisputed fact to pretrial order | 0.50 | $ 1,000.00 | $ 500.00 | $ 473.00 | $ 236.50 | $ 263.50 |

| Biller | Date | Description - 1028 | Hours Bil | Rate | Total | Adjusted Rate | Adjusted Fees | Fee Difference |
|---|---|---|---|---|---|---|---|---|
| Angel Carrazco Jr. | 2/23/2024 | Review lengthy email from Le to Whitmore re: draft of joint jury instructions and responses | 0.50 | $ 1,000.00 | $ 500.00 | $       473.00 | $       236.50 | $       263.50 |
| Angel Carrazco Jr. | 10/10/2024 | Review lengthy email from Nathan re: Stephenson testimony & follow up | 1.00 | $ 1,000.00 | $ 1,000.00 | $       473.00 | $       473.00 | $       527.00 |
| Angel Carrazco Jr. | 2/23/2024 | Review lengthy email from Whitmore to Le re: verdict form, jury instrnctions, etc. emails back/forth, meetings and discussions | 3.00 | $ 1,000.00 | $ 3,000.00 | $       473.00 | $       1,419.00 | $       1,581.00 |
| Angel Carrazco Jr. | 2/22/2024 | Review lengthy email to Le re: jury instructions & emails back/forth | 0.50 | $ 1,000.00 | $ 500.00 | $       473.00 | $       236.50 | $       263.50 |
| Angel Carrazco Jr. | 3/4/2024 | Review memo re: deadlines; drafted email to Le and rev'd responsive email from Le re: numerous areas of trial prep | 2.00 | $ 1,000.00 | $ 2,000.00 | $       473.00 | $       946.00 | $       1,054.00 |
| Angel Carrazco Jr. | 6/16/2023 | Review MSJ ruling to staff for inclusion in file | 0.75 | $ 1,000.00 | $ 750.00 | $       473.00 | $       354.75 | $       395.25 |
| Christopher L. Holm | 5/26/2022 | review of email and attachments regarding case | 1.50 | $ 600.00 | $ 900.00 | $       331.00 | $       496.50 | $       403.50 |
| Kent M. Henderson | 9/13/2022 | Review of email from Ely re Okorocha depo and coordinated Okorocha depo | 0.50 | $ 1,100.00 | $ 550.00 | $       473.00 | $       236.50 | $       313.50 |
| Kent M. Henderson | 8/9/2022 | Review of emails from Ely, Angel and Stacy re payment of Defendants experts | 0.50 | $ 1,100.00 | $ 550.00 | $       473.00 | $       236.50 | $       313.50 |
| Angel Carrazco Jr. | 10/11/2023 | Review proposed email by Nathan to Whitmore re: Plaintiff being unable to agree to certain facts as joint facts additional discussion between nathan, holm and myself | 0.50 | $ 1,000.00 | $ 500.00 | $       473.00 | $       236.50 | $       263.50 |
| Angel Carrazco Jr. | 10/18/2024 | Review revised jury instructions, verdict form and other pretrial docs from Hang Le & other issues in email and 8 attachments | 2.00 | $ 1,000.00 | $ 2,000.00 | $       473.00 | $       946.00 | $       1,054.00 |
| Angel Carrazco Jr. | 9/30/2024 | Review various emails re: trial strategy | 0.50 | $ 1,000.00 | $ 500.00 | $       473.00 | $       236.50 | $       263.50 |
| Christopher L. Holm | 2/11/2022 | reviewed additional email regarding meeting | 0.50 | $ 600.00 | $ 300.00 | $       331.00 | $       165.50 | $       134.50 |
| Kent M. Henderson | 2/3/2022 | Reviewed additional emails re: Rebuttal disclosures | 0.50 | $ 1,100.00 | $ 550.00 | $       473.00 | $       236.50 | $       313.50 |
| Humberto Guizar | 12/11/2019 | Reviewed amended complaint and met with partners and team to discuss | 2.00 | $ 975.00 | $ 1,950.00 | $       473.00 | $       946.00 | $       1,004.00 |
| Christopher L. Holm | 10/16/2023 | reviewed and drafted email regarding case | 0.50 | $ 600.00 | $ 300.00 | $       331.00 | $       165.50 | $       134.50 |
| Christopher L. Holm | 10/10/2023 | reviewed and drafted email regarding scheduling of case meeting | 1.00 | $ 600.00 | $ 600.00 | $       331.00 | $       331.00 | $       269.00 |
| Kent M. Henderson | 12/14/2021 | Reviewed and drafted emails re: deadlines | 0.50 | $ 1,100.00 | $ 550.00 | $       473.00 | $       236.50 | $       313.50 |
| Kent M. Henderson | 12/2/2021 | Reviewed and drafted emails re: opp to MSJ & discussion | 0.50 | $ 1,100.00 | $ 550.00 | $       473.00 | $       236.50 | $       313.50 |
| Christopher L. Holm | 3/11/2024 | reviewed and responded to email regarding case | 0.40 | $ 600.00 | $ 240.00 | $       331.00 | $       132.40 | $       107.60 |
| Christopher L. Holm | 3/7/2024 | reviewed and sent email regarding case management conference | 0.30 | $ 600.00 | $ 180.00 | $       331.00 | $       99.30 | $       80.70 |
| Christopher L. Holm | 3/7/2024 | reviewed and sent email regarding case management conference | 0.30 | $ 600.00 | $ 180.00 | $       331.00 | $       99.30 | $       80.70 |

| Biller | Date | Description - 1028 | Hours Bill | Rate | Total | Adjusted Rate | Adjusted Fees | Fee Difference |
|--------|------|--------------------|-----------|------|-------|---------------|---------------|----------------|
| Christopher L. Holm | 3/7/2024 | reviewed and sent email regarding case management conference | 0.20 | $ 600.00 | $ 120.00 | $ 331.00 | $ 66.20 | $ 53.80 |
| Christopher L. Holm | 2/2/2022 | reviewed and sent email with attachments regarding case | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Kent M. Henderson | 11/7/2019 | Reviewed Angel email re: criminal case | 0.50 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Kent M. Henderson | 7/15/2022 | Reviewed bill of Chapman and arranged with accounting | 0.50 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Kent M. Henderson | 10/14/2024 | Reviewed Bri email to Prager re: trial testimony | 0.20 | $ 1,100.00 | $ 220.00 | $ 473.00 | $ 94.60 | $ 125.40 |
| Kent M. Henderson | 6/16/2023 | Reviewed doc 38 Order on MSJ, including the ruling and analyzed and discussed with Holm and Carrazco | 3.00 | $ 1,100.00 | $ 3,300.00 | $ 473.00 | $ 1,419.00 | $ 1,881.00 |
| Kent M. Henderson | 6/8/2022 | Reviewed drop box of Defoe file and email from Ely to Whitemore | 3.00 | $ 1,100.00 | $ 3,300.00 | $ 473.00 | $ 1,419.00 | $ 1,881.00 |
| Christopher L. Holm | 1/13/2021 | reviewed email about upcoming firm meeting about case and strategy | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Christopher L. Holm | 1/28/2021 | reviewed email about upcoming firm meeting about case and strategy | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Kent M. Henderson | 8/19/2019 | Reviewed email and attached letter | 0.50 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Christopher L. Holm | 12/1/2021 | reviewed email and attachment from expert to staff with declaration | 0.40 | $ 600.00 | $ 240.00 | $ 331.00 | $ 132.40 | $ 107.60 |
| Christopher L. Holm | 11/30/2021 | reviewed email and attachment from parner about the case | 1.50 | $ 600.00 | $ 900.00 | $ 331.00 | $ 496.50 | $ 403.50 |
| Christopher L. Holm | 11/30/2021 | reviewed email and attachment from partner about Separate Statement | 1.50 | $ 600.00 | $ 900.00 | $ 331.00 | $ 496.50 | $ 403.50 |
| Christopher L. Holm | 11/29/2021 | reviewed email and attachment from partner about the case | 3.50 | $ 600.00 | $ 2,100.00 | $ 331.00 | $ 1,158.50 | $ 941.50 |
| Christopher L. Holm | 11/24/2021 | reviewed email and attachment from partner regarding the case | 1.50 | $ 600.00 | $ 900.00 | $ 331.00 | $ 496.50 | $ 403.50 |
| Christopher L. Holm | 12/6/2021 | reviewed email and attachment from staff about the case | 1.50 | $ 600.00 | $ 900.00 | $ 331.00 | $ 496.50 | $ 403.50 |
| Christopher L. Holm | 11/15/2021 | reviewed email and attachments from staff about the case | 1.50 | $ 600.00 | $ 900.00 | $ 331.00 | $ 496.50 | $ 403.50 |
| Christopher L. Holm | 2/2/2022 | reviewed email and attachments regarding case | 1.00 | $ 600.00 | $ 600.00 | $ 331.00 | $ 331.00 | $ 269.00 |
| Christopher L. Holm | 2/2/2022 | reviewed email and attachments regarding case | 1.00 | $ 600.00 | $ 600.00 | $ 331.00 | $ 331.00 | $ 269.00 |
| Christopher L. Holm | 2/2/2022 | reviewed email and attachments regarding case | 1.00 | $ 600.00 | $ 600.00 | $ 331.00 | $ 331.00 | $ 269.00 |
| Christopher L. Holm | 2/16/2022 | reviewed email and attachments regarding case | 1.50 | $ 600.00 | $ 900.00 | $ 331.00 | $ 496.50 | $ 403.50 |
| Christopher L. Holm | 2/22/2022 | reviewed email and attachments regarding case | 1.00 | $ 600.00 | $ 600.00 | $ 331.00 | $ 331.00 | $ 269.00 |
| Christopher L. Holm | 2/22/2022 | reviewed email and attachments regarding case | 1.00 | $ 600.00 | $ 600.00 | $ 331.00 | $ 331.00 | $ 269.00 |
| Christopher L. Holm | 8/11/2022 | reviewed email and attachments regarding case | 1.00 | $ 600.00 | $ 600.00 | $ 331.00 | $ 331.00 | $ 269.00 |
| Christopher L. Holm | 1/3/2024 | reviewed email and attachments regarding case | 1.50 | $ 600.00 | $ 900.00 | $ 331.00 | $ 496.50 | $ 403.50 |
| Christopher L. Holm | 4/3/2024 | reviewed email and attachments regarding case | 1.00 | $ 600.00 | $ 600.00 | $ 331.00 | $ 331.00 | $ 269.00 |
| Christopher L. Holm | 4/26/2024 | reviewed email and attachments regarding case | 1.00 | $ 600.00 | $ 600.00 | $ 331.00 | $ 331.00 | $ 269.00 |

| Biller | Date | Description - 1028 | Hours Bil | Rate | Total | Adjusted Rate | Adjusted Fees | Fee Difference |
|---|---|---|---|---|---|---|---|---|
| Christopher L. Holm | 6/12/2024 | reviewed email and attachments regarding case | 1.00 | $ 600.00 | $ 600.00 | $ 331.00 | $ 331.00 | $ 269.00 |
| Christopher L. Holm | 6/12/2024 | reviewed email and attachments regarding case | 1.00 | $ 600.00 | $ 600.00 | $ 331.00 | $ 331.00 | $ 269.00 |
| Christopher L. Holm | 6/21/2024 | reviewed email and attachments regarding case | 1.00 | $ 600.00 | $ 600.00 | $ 331.00 | $ 331.00 | $ 269.00 |
| Christopher L. Holm | 7/12/2024 | reviewed email and attachments regarding case | 1.00 | $ 600.00 | $ 600.00 | $ 331.00 | $ 331.00 | $ 269.00 |
| Christopher L. Holm | 8/2/2024 | reviewed email and attachments regarding case | 1.00 | $ 600.00 | $ 600.00 | $ 331.00 | $ 331.00 | $ 269.00 |
| Christopher L. Holm | 9/4/2024 | reviewed email and attachments regarding case | 1.00 | $ 600.00 | $ 600.00 | $ 331.00 | $ 331.00 | $ 269.00 |
| Christopher L. Holm | 5/6/2022 | reviewed email and attachments regarding case and experts | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Christopher L. Holm | 3/7/2024 | reviewed email and attachments sent regarding case management conference | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Christopher L. Holm | 3/7/2024 | reviewed email and attachments sent regarding case management conference | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Kent M. Henderson | 2/3/2022 | Reviewed email and Defendant CMC statement | 0.50 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Christopher L. Holm | 11/1/2021 | reviewed email and mateirals regarding subpoenas | 1.50 | $ 600.00 | $ 900.00 | $ 331.00 | $ 496.50 | $ 403.50 |
| Christopher L. Holm | 11/2/2021 | reviewed email and materials attached from staff containing Separate Statement for MSJ | 1.50 | $ 600.00 | $ 900.00 | $ 331.00 | $ 496.50 | $ 403.50 |
| Christopher L. Holm | 9/30/2021 | reviewed email and materials containing deposition notices and materials | 3.50 | $ 600.00 | $ 2,100.00 | $ 331.00 | $ 1,158.50 | $ 941.50 |
| Christopher L. Holm | 5/11/2021 | reviewed email and materials containing deposition notices and other materials | 2.50 | $ 600.00 | $ 1,500.00 | $ 331.00 | $ 827.50 | $ 672.50 |
| Christopher L. Holm | 3/25/2021 | reviewed email and materials containing deposition subpoenas | 1.50 | $ 600.00 | $ 900.00 | $ 331.00 | $ 496.50 | $ 403.50 |
| Christopher L. Holm | 9/1/2021 | reviewed email and materials containing IME notice | 2.50 | $ 600.00 | $ 1,500.00 | $ 331.00 | $ 827.50 | $ 672.50 |
| Christopher L. Holm | 6/16/2021 | reviewed email and materials containing subpoenas | 2.00 | $ 600.00 | $ 1,200.00 | $ 331.00 | $ 662.00 | $ 538.00 |
| Christopher L. Holm | 6/30/2021 | reviewed email and materials containing subpoenas | 2.50 | $ 600.00 | $ 1,500.00 | $ 331.00 | $ 827.50 | $ 672.50 |
| Christopher L. Holm | 7/27/2021 | reviewed email and materials containing subpoenas | 1.50 | $ 600.00 | $ 900.00 | $ 331.00 | $ 496.50 | $ 403.50 |
| Christopher L. Holm | 8/16/2021 | reviewed email and materials containing subpoenas | 2.00 | $ 600.00 | $ 1,200.00 | $ 331.00 | $ 662.00 | $ 538.00 |
| Christopher L. Holm | 6/10/2021 | reviewed email and materials containing subpoenas and deposition notices | 2.50 | $ 600.00 | $ 1,500.00 | $ 331.00 | $ 827.50 | $ 672.50 |
| Christopher L. Holm | 4/8/2021 | reviewed email and materials containing subpoenas and discovery responses | 2.50 | $ 600.00 | $ 1,500.00 | $ 331.00 | $ 827.50 | $ 672.50 |
| Christopher L. Holm | 5/17/2021 | reviewed email and materials containing subpoenas and materials | 2.00 | $ 600.00 | $ 1,200.00 | $ 331.00 | $ 662.00 | $ 538.00 |
| Christopher L. Holm | 10/15/2021 | reviewed email and materials containing subpoenas and other material | 2.50 | $ 600.00 | $ 1,500.00 | $ 331.00 | $ 827.50 | $ 672.50 |

| Biller | Date | Description - 1028 | Hours Bil | Rate | Total | Adjusted Rate | Adjusted Fees | Fee Difference |
|---|---|---|---|---|---|---|---|---|
| Christopher L. Holm | 11/4/2021 | reviewed email and materials sent by partner regarding the case | 2.50 | $ 600.00 | $ 1,500.00 | $ 331.00 | $ 827.50 | $ 672.50 |
| Christopher L. Holm | 11/4/2021 | reviewed email and materials sent by partner regarding the case | 1.50 | $ 600.00 | $ 900.00 | $ 331.00 | $ 496.50 | $ 403.50 |
| Christopher L. Holm | 11/29/2021 | reviewed email and materials sent by partner regarding the case | 1.50 | $ 600.00 | $ 900.00 | $ 331.00 | $ 496.50 | $ 403.50 |
| Christopher L. Holm | 11/4/2021 | reviewed email and materials sent by partnerregarding the case | 1.50 | $ 600.00 | $ 900.00 | $ 331.00 | $ 496.50 | $ 403.50 |
| Christopher L. Holm | 11/4/2021 | reviewed email and materials sent by staff to attorneys regarding the case | 3.50 | $ 600.00 | $ 2,100.00 | $ 331.00 | $ 1,158.50 | $ 941.50 |
| Christopher L. Holm | 11/9/2021 | reviewed email and materials sent to experts from staff for the MSJ Opposition | 1.00 | $ 600.00 | $ 600.00 | $ 331.00 | $ 331.00 | $ 269.00 |
| Christopher L. Holm | 11/9/2021 | reviewed email and materials sent to experts from staff for the MSJ Opposition | 1.00 | $ 600.00 | $ 600.00 | $ 331.00 | $ 331.00 | $ 269.00 |
| Christopher L. Holm | 11/9/2021 | reviewed email and materials sent to experts from staff for the MSJ Opposition | 1.00 | $ 600.00 | $ 600.00 | $ 331.00 | $ 331.00 | $ 269.00 |
| Christopher L. Holm | 11/9/2021 | reviewed email and materials sent to experts from staff for the MSJ Opposition | 1.00 | $ 600.00 | $ 600.00 | $ 331.00 | $ 331.00 | $ 269.00 |
| Christopher L. Holm | 11/9/2021 | reviewed email and materials sent to experts from staff for the MSJ Opposition | 1.00 | $ 600.00 | $ 600.00 | $ 331.00 | $ 331.00 | $ 269.00 |
| Christopher L. Holm | 11/9/2021 | reviewed email and materials sent to experts from staff for the MSJ Opposition | 1.00 | $ 600.00 | $ 600.00 | $ 331.00 | $ 331.00 | $ 269.00 |
| Christopher L. Holm | 11/9/2021 | reviewed email and materials sentto experts from staff for the MSJ Opposition | 1.00 | $ 600.00 | $ 600.00 | $ 331.00 | $ 331.00 | $ 269.00 |
| Christopher L. Holm | 2/8/2021 | reviewed email containing notes from partner for firm meeting about case and strategy | 1.50 | $ 600.00 | $ 900.00 | $ 331.00 | $ 496.50 | $ 403.50 |
| Christopher L. Holm | 2/8/2021 | reviewed email containing notes from partner for firm meeting about case and strategy | 1.50 | $ 600.00 | $ 900.00 | $ 331.00 | $ 496.50 | $ 403.50 |
| Christopher L. Holm | 2/8/2021 | reviewed email containing notes from partner for firm meeting about case and strategy | 1.50 | $ 600.00 | $ 900.00 | $ 331.00 | $ 496.50 | $ 403.50 |
| Kent M. Henderson | 11/30/2021 | Reviewed email Ely to DeFoe w/response re: signed declaration | 0.50 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Kent M. Henderson | 10/19/2018 | Reviewed email from Angel | 0.20 | $ 1,100.00 | $ 220.00 | $ 473.00 | $ 94.60 | $ 125.40 |
| Kent M. Henderson | 11/30/2018 | Reviewed email from Angel | 0.20 | $ 1,100.00 | $ 220.00 | $ 473.00 | $ 94.60 | $ 125.40 |
| Kent M. Henderson | 11/4/2021 | Reviewed email from Angel & highlights of depo of Yepez for MSJ | 2.00 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |
| Kent M. Henderson | 11/7/2021 | Reviewed email from Angel re: additional stip | 0.50 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Kent M. Henderson | 10/16/2024 | Reviewed email from Angel RE: court schedule | 0.20 | $ 1,100.00 | $ 220.00 | $ 473.00 | $ 94.60 | $ 125.40 |
| Kent M. Henderson | 7/12/2021 | Reviewed email from Angel re: depo links and followed up | 0.50 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Kent M. Henderson | 3/9/2021 | Reviewed email from Angel re: depo log in | 0.20 | $ 1,100.00 | $ 220.00 | $ 473.00 | $ 94.60 | $ 125.40 |
| Kent M. Henderson | 6/23/2021 | Reviewed email from Angel re: experts | 0.50 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |

| Biller | Date | Description - 1028 | Hours Bill | Rate | Total | Adjusted Rate | Adjusted Fees | Fee Difference |
|--------|------|--------------------|------------|------|-------|---------------|---------------|----------------|
| Kent M. Henderson | 5/6/2022 | Reviewed email from Angel to Amanda and others forwarding email from Thao re: Dr. O'Brian invoice | 0.50 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Kent M. Henderson | 10/29/2024 | Reviewed email from Angel to Stacy re: costs | 0.20 | $ 1,100.00 | $ 220.00 | $ 473.00 | $ 94.60 | $ 125.40 |
| Kent M. Henderson | 2/28/2022 | Reviewed email from Angel to Whitmore re: Dr. Jacob's and attached Dr. Jacob's report | 1.00 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | 10/8/2024 | Reviewed email from Bri Gomez and drop box link to previously admitted exhibits and other notes regarding exhibits | 2.00 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |
| Kent M. Henderson | 10/9/2024 | Reviewed email from Bri Gomez and notation regarding exhibit 58 | 0.50 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Kent M. Henderson | 10/10/2024 | Reviewed email from Bri Gomez RE: Dr. Braaton | 0.20 | $ 1,100.00 | $ 220.00 | $ 473.00 | $ 94.60 | $ 125.40 |
| Kent M. Henderson | 10/16/2024 | Reviewed email from Bri Gomez to Le re: Dr. Prager availability | 0.20 | $ 1,100.00 | $ 220.00 | $ 473.00 | $ 94.60 | $ 125.40 |
| Kent M. Henderson | 11/6/2023 | Reviewed email from Bri re costs, invoice of Meinhard and payment request | 0.50 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Kent M. Henderson | 10/12/2023 | Reviewed email from Bri re tentative pretrial order in word format and responsive email from Whitmore, followed up | 1.00 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | 2/18/2022 | Reviewed email from Bri re: Calendar upate | 0.20 | $ 1,100.00 | $ 220.00 | $ 473.00 | $ 94.60 | $ 125.40 |
| Kent M. Henderson | 3/9/2022 | Reviewed email from Bri re: Calendar updates | 0.20 | $ 1,100.00 | $ 220.00 | $ 473.00 | $ 94.60 | $ 125.40 |
| Kent M. Henderson | 9/5/2023 | Reviewed email from Bri re: Ketamine clinic emails and followed up | 0.50 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Kent M. Henderson | 11/12/2024 | Reviewed email from Bri re: legal assistant hours and attached hours | 1.00 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Angel Carrazco Jr. | 10/18/2024 | Reviewed email from Bri re: payment to Meinhard for trial testimony | 0.20 | $ 1,000.00 | $ 200.00 | $ 473.00 | $ 94.60 | $ 105.40 |
| Kent M. Henderson | 10/18/2024 | Reviewed email from Bri re: payment to Meinhard for trial testimony | 0.20 | $ 1,100.00 | $ 220.00 | $ 473.00 | $ 94.60 | $ 125.40 |
| Kent M. Henderson | 3/18/2022 | Reviewed email from Bri re: remote court apperance for CMC | 0.50 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Kent M. Henderson | 10/15/2024 | Reviewed email from Bri re: saved location of docs | 0.20 | $ 1,100.00 | $ 220.00 | $ 473.00 | $ 94.60 | $ 125.40 |
| Kent M. Henderson | 2/8/2022 | Reviewed email from Bri serving Plaintiff's Final Rebuttal Disclosure | 0.50 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Kent M. Henderson | 10/16/2023 | Reviewed email from Bri to Buzo re joint undisputed facts and attached word documents of undisputed facts and followed up | 1.00 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | 10/16/2023 | Reviewed email from Bri to Buzo with word docs for doc 51 | 0.50 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Kent M. Henderson | 10/20/2023 | Reviewed email from Bri to Meinhard re contact Information for Hurtado | 0.50 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |

| Biller | Date | Description - 1028 | Hours Bil | Rate | Total | Adjusted Rate | Adjusted Fees | Fee Difference |
|--------|------|--------------------|-----------|------|-------|---------------|---------------|----------------|
| Kent M. Henderson | 12/16/2021 | Reviewed email from Bri to Scott Defoe re: Clarance Chapman report and reviewed report | 1.50 | $ 1,100.00 | $ 1,650.00 | $ 473.00 | $ 709.50 | $ 940.50 |
| Kent M. Henderson | 10/12/2023 | Reviewed email from Bri to Whitmore and responsive email re: final versions proposed statement of case | 0.50 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Kent M. Henderson | 2/22/2024 | Reviewed email from Bri to witness | 0.20 | $ 1,100.00 | $ 220.00 | $ 473.00 | $ 94.60 | $ 125.40 |
| Kent M. Henderson | 11/17/2023 | Reviewed email from Bri with listing of numerous Stephenson treatment records and bills and reviewed the same | 3.00 | $ 1,100.00 | $ 3,300.00 | $ 473.00 | $ 1,419.00 | $ 1,881.00 |
| Kent M. Henderson | 9/19/2023 | Reviewed email from Bridges to Nathan with Final filing of pretrial statement, drafted and reviewed additional emails back and forth and corrections and additions of pretrial docs | 10.00 | $ 1,100.00 | $ 11,000.00 | $ 473.00 | $ 4,730.00 | $ 6,270.00 |
| Kent M. Henderson | 1/18/2022 | Reviewed email from Brito Prager's office and responses | 0.50 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Kent M. Henderson | 11/20/2023 | Reviewed email from Brito Whitmore re additional medical records and attached records from rincon that were reviewed | 1.00 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | 11/8/2023 | Reviewed email from Brito Whitmore re updated life care report and responsive email from Whitmore requesting additional supporting documents and tables | 0.50 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Kent M. Henderson | 3/1/2024 | Reviewed email from Buzo, followed up w/Le | 1.50 | $ 1,100.00 | $ 1,650.00 | $ 473.00 | $ 709.50 | $ 940.50 |
| Kent M. Henderson | 11/28/2021 | Reviewed email from Chris and sep statement Yepez facts 74-102 | 1.00 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | 11/30/2021 | Reviewed email from Chris re: declarations of DeFoe and Wobrock and rev'd attached declarations | 1.00 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | 11/20/2021 | Reviewed email from Chris re: Separate statement | 0.50 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Christopher L. Holm | 11/2/2021 | reviewed email from defense counsel to staff regading request for Separate Statement in Word format | 0.20 | $ 600.00 | $ 120.00 | $ 331.00 | $ 66.20 | $ 53.80 |
| Kent M. Henderson | 11/3/2024 | Reviewed email from Dr. Braaten to Angel and Bri re: payment and other issues | 0.50 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Kent M. Henderson | 7/12/2022 | Reviewed email from Ely and additional documents from Wobrock depo | 1.00 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | 1/24/2022 | Reviewed email from Ely and Bri re: continuing Rebuttal disclosure | 0.50 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Kent M. Henderson | 3/9/2022 | Reviewed email from Ely and coordinated preperation of Dr. Stephenson for Deposition | 2.00 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |

| Biller | Date | Description - 1028 | Hours Bil | Rate | Total | Adjusted Rate | Adjusted Fees | Fee Difference |
|--------|------|-------------------|-----------|------|-------|---------------|---------------|----------------|
| Kent M. Henderson | 8/11/2022 | Reviewed email from Ely and forwarded email from Thao with IME audio recording | 5.00 | $ 1,100.00 | $ 3,300.00 | $ 473.00 | $ 1,419.00 | $ 1,881.00 |
| Kent M. Henderson | 5/31/2022 | Reviewed email from Ely attaching stanislaus court CMC minute order plus review of minute order | 0.50 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Kent M. Henderson | 6/23/2022 | Reviewed email from Ely re expert deposition and email from Bridges confirming O'Brian | 1.00 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | 6/6/2022 | Reviewed email from Ely re google calendar of Sfakinos depo date | 0.20 | $ 1,100.00 | $ 220.00 | $ 473.00 | $ 94.60 | $ 125.40 |
| Kent M. Henderson | 7/8/2022 | Reviewed email from Ely re Hurtado depo of Chapman date and drafted email internal re scheduling | 0.50 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Kent M. Henderson | 3/8/2022 | Reviewed email from Ely re: changes in availabilty for Dr. Stephenson and responsive emails | 0.50 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Kent M. Henderson | 5/19/2022 | Reviewed email from Ely re: confirmed expert deposition dates for Plaintiff and Defendant and reviewed/coordinated chart and coverage | 1.00 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | 12/17/2020 | Reviewed email from Ely re: depo notices and depo notices | 1.00 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | 3/9/2022 | Reviewed email from Ely re: Meinhard invoice and reviewed Meinhard invoice | 1.00 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | 6/16/2022 | Reviewed email from Ely re: moving Binder deposition, email from Whitnore re rescheduling Binder | 1.00 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | 4/21/2022 | Reviewed email from Ely re: Prager depo date and time and additional emails coordinating Prager and Jacobs depositions | 2.00 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |
| Kent M. Henderson | 6/3/2022 | Reviewed email from Ely re: Schedule fo depositions for Fish, Sfakanios and Revani | 0.50 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Kent M. Henderson | 5/24/2022 | Reviewed email from Ely re: Stephenson Depa confirmation and dropbox file and reviewed file to us | 0.20 | $ 1,100.00 | $ 220.00 | $ 473.00 | $ 94.60 | $ 125.40 |
| Kent M. Henderson | 6/8/2022 | Reviewed email from Ely re: virtual depo invitation Defoe | 0.20 | $ 1,100.00 | $ 220.00 | $ 473.00 | $ 94.60 | $ 125.40 |
| Kent M. Henderson | 7/20/2022 | Reviewed email from Ely that  bureau of forensic services was personaly served | 0.50 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Kent M. Henderson | 4/26/2022 | Reviewed email from Ely to Angel re: Stephenson deposition preperation | 0.50 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Kent M. Henderson | 6/23/2022 | Reviewed email from Ely to Bridges and responses re resetting O'Brian depositions | 1.00 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | 1/25/2022 | Reviewed email from Ely to Defoe re: Deadline for Expert Disclosureis continued | 0.50 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |

| Biller | Date | Description - 1028 | Hours Bil | Rate | Total | Adjusted Rate | Adjusted Fees | Fee Difference |
|--------|------|--------------------|-----------|------|-------|---------------|---------------|----------------|
| Kent M. Henderson | 5/24/2022 | Reviewed email from Ely to Dr. Wobrock re additional emails for deposition scheduling | 1.00 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | 4/13/2022 | Reviewed email from Ely to Mashriqi and Whitmore re: Defoe and Stephenson no longer available | 0.50 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Kent M. Henderson | 11/2/2021 | Reviewed email from Ely to Whitmore and coordinated to obtain defendants separate statement in word format and reviewed separate statement | 2.00 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |
| Kent M. Henderson | 5/11/2022 | Reviewed email from Ely to Whitmore and Whitmore to Ely and additional emails re: changes in Defoe depositon dates | 1.50 | $ 1,100.00 | $ 1,650.00 | $ 473.00 | $ 709.50 | $ 940.50 |
| Kent M. Henderson | 3/30/2022 | Reviewed email from Ely to Whitmore re: availability to take 9 Defendant expert depositions and responsive email from Whitmore plus coordination | 2.00 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |
| Kent M. Henderson | 2/23/2021 | Reviewed email from Ely to Whitmore re: Carrazco available for Rendazzo depo | 0.20 | $ 1,100.00 | $ 220.00 | $ 473.00 | $ 94.60 | $ 125.40 |
| Kent M. Henderson | 4/14/2022 | Reviewed email from Ely to Whitmore re: Cjhapman avaialbility and responsive emailas and coorinated dates | 1.00 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | 12/12/2021 | Reviewed email from Ely to Whitmore re: depo dates | 0.50 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Kent M. Henderson | 5/24/2022 | Reviewed email from Ely to Whitmore re: Dr. Wobrock not avaialable for deposition and additional emails responding including from Whitmore re: Mills files materials and followed up | 2.00 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |
| Kent M. Henderson | 2/17/2021 | Reviewed email from Ely to Whitmore with zoom links | 0.20 | $ 1,100.00 | $ 220.00 | $ 473.00 | $ 94.60 | $ 125.40 |
| Kent M. Henderson | 7/26/2022 | Reviewed email from Ely who spoke wot Nathan Lugo and other at Department of forensic services and followed up | 1.00 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | 6/6/2022 | Reviewed email from Ely with google calendar appoinment of Dr. Fish depo and zoom link | 0.20 | $ 1,100.00 | $ 220.00 | $ 473.00 | $ 94.60 | $ 125.40 |
| Christopher L. Holm | 1/21/2022 | reviewed email from expert to partner regarding case | 0.30 | $ 600.00 | $ 180.00 | $ 331.00 | $ 99.30 | $ 80.70 |
| Christopher L. Holm | 1/21/2022 | reviewed email from expert to partner regarding case | 0.20 | $ 600.00 | $ 120.00 | $ 331.00 | $ 66.20 | $ 53.80 |
| Kent M. Henderson | 9/8/2023 | Reviewed email from Francel re: clarifications on Pre Trial document requirements and forwarded email from Whitmore, meeting re the same | 1.00 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |

| Biller | Date | Description – 1028 | Hours Bil | Rate | Total | Adjusted Rate | Adjusted Fees | Fee Difference |
|--------|------|--------------------|-----------|------|-------|---------------|---------------|----------------|
| Kent M. Henderson | 10/14/2024 | Reviewed email from Hang Le RE: trial witnesses | 0.20 | $ 1,100.00 | $ 220.00 | $ 473.00 | $ 94.60 | $ 125.40 |
| Kent M. Henderson | 10/14/2024 | Reviewed email from Hang Le to Dr. Braaton Re: scheduling trial testimony | 0.20 | $ 1,100.00 | $ 220.00 | $ 473.00 | $ 94.60 | $ 125.40 |
| Kent M. Henderson | 10/10/2024 | Reviewed email from Hang Le to Whitmore re: pretrial docs and exhibits and reviewed attached verdict form, jury instructions, etc. | 2.00 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |
| Kent M. Henderson | 4/2/2019 | Reviewed email from Holm and attached filing docs | 1.00 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | 9/19/2023 | Reviewed email from Holm to Gallegos, internal re: filing on Pacer of 6 docs | 0.50 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Kent M. Henderson | 11/30/2018 | Reviewed email from Humberto | 0.20 | $ 1,100.00 | $ 220.00 | $ 473.00 | $ 94.60 | $ 125.40 |
| Kent M. Henderson | 10/15/2024 | Reviewed email from Le and attached final version of pretrial docs | 1.00 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | 11/6/2024 | Reviewed email from Le and attached stipulation | 0.50 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Kent M. Henderson | 10/17/2024 | Reviewed email from Le and Hurtado testimony to be read at trial | 1.50 | $ 1,100.00 | $ 1,650.00 | $ 473.00 | $ 709.50 | $ 940.50 |
| Kent M. Henderson | 11/26/2024 | Reviewed email from Le re: attorneys fees application | 0.20 | $ 1,100.00 | $ 220.00 | $ 473.00 | $ 94.60 | $ 125.40 |
| Kent M. Henderson | 11/1/2024 | Reviewed email from Le re: briefing schedule | 0.50 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Kent M. Henderson | 11/26/2024 | Reviewed email from Le re: issues in case | 0.50 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Kent M. Henderson | 2/27/2024 | Reviewed email from Le re: Mils, drafted responsive email, meetings, and further discussions | 3.00 | $ 1,100.00 | $ 3,300.00 | $ 473.00 | $ 1,419.00 | $ 1,881.00 |
| Kent M. Henderson | 10/16/2024 | Reviewed email from Le re: witness availability | 0.50 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Kent M. Henderson | 2/27/2024 | Reviewed email from Le to court w/ attached pretrial docs | 0.20 | $ 1,100.00 | $ 220.00 | $ 473.00 | $ 94.60 | $ 125.40 |
| Kent M. Henderson | 10/11/2024 | Reviewed email from Le to Whitmore re: objections | 0.50 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Kent M. Henderson | 5/10/2019 | Reviewed email from Leon and attached POS | 0.50 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Kent M. Henderson | 5/14/2019 | Reviewed email from Leon re: message from client | 0.20 | $ 1,100.00 | $ 220.00 | $ 473.00 | $ 94.60 | $ 125.40 |
| Kent M. Henderson | 5/24/2019 | Reviewed email from Leon re: message from client | 0.20 | $ 1,100.00 | $ 220.00 | $ 473.00 | $ 94.60 | $ 125.40 |
| Kent M. Henderson | 8/14/2023 | Reviewed email from nathan re Joint pretrial statement template and partcipated in review and corrections | 2.00 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |
| Kent M. Henderson | 8/28/2023 | Reviewed email from Nathan re Joint pretrial statement with attached draft | 0.50 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Kent M. Henderson | 7/27/2022 | Reviewed email from Nathan Sato and discussion with Ely and Angel re strategy with email comnfirming no confirmatory tax tested | 2.00 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |

| Biller | Date | Description - 1028 | Hours Bil | Rate | Total | Adjusted Rate | Adjusted Fees | Fee Difference |
|---|---|---|---|---|---|---|---|---|
| Kent M. Henderson | 11/11/2024 | Reviewed email from Nathan to Angel and attached hours | 2.00 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |
| Kent M. Henderson | 3/1/2024 | Reviewed email from Nathan to Buzo re: joint and plaintiffs trial exhibits | 0.50 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Kent M. Henderson | 9/18/2023 | Reviewed email from Nathan to Def Counsel re: furhter changes to pretrial statement plus made changes and dicussed | 3.00 | $ 1,100.00 | $ 3,300.00 | $ 473.00 | $ 1,419.00 | $ 1,881.00 |
| Kent M. Henderson | 10/18/2023 | Reviewed email from Nathan to Def with attached clean and redlined copies and Whitmore responsive email, drafted email additional work on all these documents | 4.00 | $ 1,100.00 | $ 4,400.00 | $ 473.00 | $ 1,892.00 | $ 2,508.00 |
| Kent M. Henderson | 2/22/2024 | Reviewed email from Nathan to Le re: pretrial docs & followed up | 1.00 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | 3/1/2024 | Reviewed email from Nathan to Le re: sub rosa video including case citations | 0.50 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Kent M. Henderson | 10/25/2024 | Reviewed email from Nathan to Pete Buzo re: verdict form and response | 0.20 | $ 1,100.00 | $ 220.00 | $ 473.00 | $ 94.60 | $ 125.40 |
| Kent M. Henderson | 10/9/2023 | Reviewed email from Nathan to Whitmore and additional draft of Plaitniff proposed undisputed facts, Whitmore responsive email further revision back and forth | 6.00 | $ 1,100.00 | $ 6,600.00 | $ 473.00 | $ 2,838.00 | $ 3,762.00 |
| Kent M. Henderson | 9/15/2023 | Reviewed email from Nathan to Whitmore and attached 7 different docs that had to be reviewed | 0.80 | $ 1,100.00 | $ 880.00 | $ 473.00 | $ 378.40 | $ 501.60 |
| Kent M. Henderson | 10/13/2023 | Reviewed email from Nathan to Whitmore attaching 3 different Exhibit list,emails back and forth, changes and objections | 3.00 | $ 1,100.00 | $ 3,300.00 | $ 473.00 | $ 1,419.00 | $ 1,881.00 |
| Kent M. Henderson | 9/13/2023 | Reviewed email from Nathan to Whitmore re changes and additions to joint exhibit list and reviewed the additions | 2.00 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |
| Kent M. Henderson | 10/16/2023 | Reviewed email from Nathan to Whitmore with amended disputed facts, met and coordinated disputed facts | 2.00 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |
| Kent M. Henderson | 9/6/2023 | Reviewed email from Nathan with his draft of exhibit lists, coordinated changes to exhibit list by review of voluminous documents | 5.00 | $ 1,100.00 | $ 5,500.00 | $ 473.00 | $ 2,365.00 | $ 3,135.00 |
| Christopher L. Holm | 11/2/2021 | reviewed email from office to defense requesting Separate Statement in Word format | 0.20 | $ 600.00 | $ 120.00 | $ 331.00 | $ 66.20 | $ 53.80 |
| Christopher L. Holm | 11/30/2021 | reviewed email from parnter about MSJ Opposition | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Christopher L. Holm | 12/2/2021 | reviewed email from parnter about MSJ Opposition | 0.30 | $ 600.00 | $ 180.00 | $ 331.00 | $ 99.30 | $ 80.70 |
| Christopher L. Holm | 3/21/2022 | reviewed email from parnter regarding case management conference | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |

| Biller | Date | Description - 1028 | Hours Bil | Rate | Total | Adjusted Rate | Adjusted Fees | Fee Difference |
|--------|------|--------------------|-----------|------|-------|---------------|---------------|----------------|
| Christopher L. Holm | 1/14/2022 | reviewed email from parter regarding case meeting | 0.30 | $ 600.00 | $ 180.00 | $ 331.00 | $ 99.30 | $ 80.70 |
| Christopher L. Holm | 3/8/2021 | reviewed email from partner about the case | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Christopher L. Holm | 3/8/2021 | reviewed email from partner about the case | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Christopher L. Holm | 3/8/2021 | reviewed email from partner about the case | 1.00 | $ 600.00 | $ 600.00 | $ 331.00 | $ 331.00 | $ 269.00 |
| Christopher L. Holm | 3/9/2021 | reviewed email from partner about the case | 1.50 | $ 600.00 | $ 900.00 | $ 331.00 | $ 496.50 | $ 403.50 |
| Christopher L. Holm | 7/28/2021 | reviewed email from partner about the case | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Christopher L. Holm | 9/2/2021 | reviewed email from partner about the case | 1.00 | $ 600.00 | $ 600.00 | $ 331.00 | $ 331.00 | $ 269.00 |
| Christopher L. Holm | 9/5/2021 | reviewed email from partner about the case | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Christopher L. Holm | 9/5/2021 | reviewed email from partner about the case | 1.00 | $ 600.00 | $ 600.00 | $ 331.00 | $ 331.00 | $ 269.00 |
| Christopher L. Holm | 9/5/2021 | reviewed email from partner about the case | 1.00 | $ 600.00 | $ 600.00 | $ 331.00 | $ 331.00 | $ 269.00 |
| Christopher L. Holm | 9/5/2021 | reviewed email from partner about the case | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Christopher L. Holm | 10/19/2021 | reviewed email from partner about the case | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Christopher L. Holm | 11/29/2021 | reviewed email from partner about the case | 0.40 | $ 600.00 | $ 240.00 | $ 331.00 | $ 132.40 | $ 107.60 |
| Christopher L. Holm | 12/7/2021 | reviewed email from partner about the case | 0.30 | $ 600.00 | $ 180.00 | $ 331.00 | $ 99.30 | $ 80.70 |
| Christopher L. Holm | 11/30/2021 | reviewed email from partner and attachment about the case | 3.50 | $ 600.00 | $ 2,100.00 | $ 331.00 | $ 1,158.50 | $ 941.50 |
| Christopher L. Holm | 12/1/2021 | reviewed email from partner and attachment about the case | 3.00 | $ 600.00 | $ 1,800.00 | $ 331.00 | $ 993.00 | $ 807.00 |
| Christopher L. Holm | 11/29/2021 | reviewed email from partner and attachments about the case | 1.50 | $ 600.00 | $ 900.00 | $ 331.00 | $ 496.50 | $ 403.50 |
| Christopher L. Holm | 12/2/2021 | reviewed email from partner regading MSJ Opposition | 0.30 | $ 600.00 | $ 180.00 | $ 331.00 | $ 99.30 | $ 80.70 |
| Christopher L. Holm | 12/2/2021 | reviewed email from partner regading MSJ Opposition including attachments | 0.40 | $ 600.00 | $ 240.00 | $ 331.00 | $ 132.40 | $ 107.60 |
| Christopher L. Holm | 5/4/2021 | reviewed email from partner regarding case | 1.00 | $ 600.00 | $ 600.00 | $ 331.00 | $ 331.00 | $ 269.00 |
| Christopher L. Holm | 5/5/2021 | reviewed email from partner regarding case | 1.00 | $ 600.00 | $ 600.00 | $ 331.00 | $ 331.00 | $ 269.00 |
| Christopher L. Holm | 6/10/2021 | reviewed email from partner regarding case | 1.00 | $ 600.00 | $ 600.00 | $ 331.00 | $ 331.00 | $ 269.00 |
| Christopher L. Holm | 6/17/2021 | reviewed email from partner regarding case | 1.00 | $ 600.00 | $ 600.00 | $ 331.00 | $ 331.00 | $ 269.00 |
| Christopher L. Holm | 1/21/2022 | reviewed email from partner regarding case | 0.30 | $ 600.00 | $ 180.00 | $ 331.00 | $ 99.30 | $ 80.70 |
| Christopher L. Holm | 1/21/2022 | reviewed email from partner regarding case | 0.30 | $ 600.00 | $ 180.00 | $ 331.00 | $ 99.30 | $ 80.70 |
| Christopher L. Holm | 5/26/2022 | reviewed email from partner regarding case | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Christopher L. Holm | 3/21/2022 | reviewed email from partner regarding case management conference | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Christopher L. Holm | 6/8/2021 | reviewed email from partner regarding case meeting | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Christopher L. Holm | 5/19/2022 | reviewed email from partner regarding case meeting | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Christopher L. Holm | 8/3/2022 | reviewed email from partner regarding case meeting | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |

| Biller | Date | Description - 1028 | Hours Bil | Rate | Total | Adjusted Rate | Adjusted Fees | Fee Difference |
|--------|------|--------------------|-----------|------|-------|---------------|---------------|----------------|
| Christopher L. Holm | 7/18/2022 | reviewed email from partner regarding defense expert | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Christopher L. Holm | 7/26/2022 | reviewed email from partner regarding expert depositions | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Christopher L. Holm | 7/26/2022 | reviewed email from partner regarding expert depositions | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Christopher L. Holm | 2/24/2023 | reviewed email from partner regarding expert depositions | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Christopher L. Holm | 7/26/2022 | reviewed email from partner regarding expert depositoins | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Christopher L. Holm | 2/11/2022 | reviewed email from partner regarding meeting | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Christopher L. Holm | 2/4/2021 | reviewed email from partner regarding meeting on 02/03/2021 | 1.50 | $ 600.00 | $ 900.00 | $ 331.00 | $ 496.50 | $ 403.50 |
| Christopher L. Holm | 2/8/2021 | reviewed email from partner regarding status of Plaintiff's initial disclosure | 1.00 | $ 600.00 | $ 600.00 | $ 331.00 | $ 331.00 | $ 269.00 |
| Christopher L. Holm | 11/4/2021 | reviewed email from partner regarding the case | 0.30 | $ 600.00 | $ 180.00 | $ 331.00 | $ 99.30 | $ 80.70 |
| Christopher L. Holm | 11/5/2021 | reviewed email from partner regarding the case | 0.30 | $ 600.00 | $ 180.00 | $ 331.00 | $ 99.30 | $ 80.70 |
| Christopher L. Holm | 11/5/2021 | reviewed email from partner regarding the case | 0.30 | $ 600.00 | $ 180.00 | $ 331.00 | $ 99.30 | $ 80.70 |
| Christopher L. Holm | 10/29/2021 | reviewed email from partner regarding the case and MSJ | 1.00 | $ 600.00 | $ 600.00 | $ 331.00 | $ 331.00 | $ 269.00 |
| Christopher L. Holm | 11/4/2021 | reviewed email from partner regarding the case and MSJ | 0.30 | $ 600.00 | $ 180.00 | $ 331.00 | $ 99.30 | $ 80.70 |
| Christopher L. Holm | 2/21/2024 | reviewed email from partner regarding trial | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Christopher L. Holm | 4/28/2021 | reviewed email from partner regarding upcoming case meeting | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Christopher L. Holm | 1/21/2022 | reviewed email from partner to expert regarding case | 0.30 | $ 600.00 | $ 180.00 | $ 331.00 | $ 99.30 | $ 80.70 |
| Christopher L. Holm | 12/11/2019 | reviewed email from partner to opposing counsel regarding filing of second amended complaint | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Christopher L. Holm | 5/11/2020 | reviewed email from partner with notes for next firm meeting | 1.50 | $ 600.00 | $ 900.00 | $ 331.00 | $ 496.50 | $ 403.50 |
| Christopher L. Holm | 2/17/2021 | reviewed email from partner with notes from previous firm meeting | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Christopher L. Holm | 4/23/2021 | reviewed email from partner with notes from previous firm meeting | 1.50 | $ 600.00 | $ 900.00 | $ 331.00 | $ 496.50 | $ 403.50 |
| Christopher L. Holm | 6/10/2021 | reviewed email from patner regarding case | 1.00 | $ 600.00 | $ 600.00 | $ 331.00 | $ 331.00 | $ 269.00 |
| Kent M. Henderson | 5/11/2022 | Reviewed email from Scott Defoe to Ely re: deposition rescheduling and selection fo additonal dates with follow up emails | 1.50 | $ 1,100.00 | $ 1,650.00 | $ 473.00 | $ 709.50 | $ 940.50 |
| Christopher L. Holm | 11/16/2021 | reviewed email from staff about deadline to file MSJ Opposition | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Christopher L. Holm | 11/29/2021 | reviewed email from staff about the case | 0.30 | $ 600.00 | $ 180.00 | $ 331.00 | $ 99.30 | $ 80.70 |

| Biller | Date | Description - 1028 | Hours Bil | Rate | Total | Adjusted Rate | Adjusted Fees | Fee Difference |
|---|---|---|---|---|---|---|---|---|
| Christopher L. Holm | 11/29/2021 | reviewed email from staff about the case | 0.30 | $ 600.00 | $ 180.00 | $ 331.00 | $ 99.30 | $ 80.70 |
| Christopher L. Holm | 11/29/2021 | reviewed email from staff about the case | 0.30 | $ 600.00 | $ 180.00 | $ 331.00 | $ 99.30 | $ 80.70 |
| Christopher L. Holm | 11/30/2021 | reviewed email from staff about the case | 0.20 | $ 600.00 | $ 120.00 | $ 331.00 | $ 66.20 | $ 53.80 |
| Christopher L. Holm | 11/30/2021 | reviewed email from staff about the case | 0.30 | $ 600.00 | $ 180.00 | $ 331.00 | $ 99.30 | $ 80.70 |
| Christopher L. Holm | 1/10/2022 | reviewed email from staff about the case | 0.20 | $ 600.00 | $ 120.00 | $ 331.00 | $ 66.20 | $ 53.80 |
| Christopher L. Holm | 11/30/2021 | reviewed email from staff and signed declaration | 0.40 | $ 600.00 | $ 240.00 | $ 331.00 | $ 132.40 | $ 107.60 |
| Christopher L. Holm | 1/21/2022 | reviewed email from staff regarding experts | 0.20 | $ 600.00 | $ 120.00 | $ 331.00 | $ 66.20 | $ 53.80 |
| Christopher L. Holm | 8/20/2019 | reviewed email from staff regarding the case | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Christopher L. Holm | 8/21/2019 | reviewed email from staff regarding the case | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Christopher L. Holm | 8/21/2019 | reviewed email from staff regarding the case | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Christopher L. Holm | 8/22/2019 | reviewed email from staff regarding the case | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Christopher L. Holm | 8/22/2019 | reviewed email from staff regarding the case | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Christopher L. Holm | 11/4/2021 | reviewed email from staff regarding the case | 0.20 | $ 600.00 | $ 120.00 | $ 331.00 | $ 66.20 | $ 53.80 |
| Christopher L. Holm | 11/5/2021 | reviewed email from staff regarding the case | 0.30 | $ 600.00 | $ 180.00 | $ 331.00 | $ 99.30 | $ 80.70 |
| Christopher L. Holm | 11/11/2021 | reviewed email from staff regarding the case with attached Order with change to Scheduling Order | 1.00 | $ 600.00 | $ 600.00 | $ 331.00 | $ 331.00 | $ 269.00 |
| Christopher L. Holm | 11/30/2021 | reviewed email from staff to expert and attachment included | 0.40 | $ 600.00 | $ 240.00 | $ 331.00 | $ 132.40 | $ 107.60 |
| Christopher L. Holm | 11/30/2021 | reviewed email from staff to expert and attachment included | 0.40 | $ 600.00 | $ 240.00 | $ 331.00 | $ 132.40 | $ 107.60 |
| Kent M. Henderson | 5/11/2022 | Reviewed email from Whitemore re: Chapman avaiability for depo, consulted with Angel and Ely re: depo dates and responsive emails | 1.00 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | 5/17/2022 | Reviewed email from Whitmore re Craigmyle availability, cooirdnated with Ely and other and Ely responsive email to tie down deposition | 1.50 | $ 1,100.00 | $ 1,650.00 | $ 473.00 | $ 709.50 | $ 940.50 |
| Kent M. Henderson | 8/29/2023 | Reviewed email from Whitmore re Joint Pretrial Statement draft, meeting with Nathan, dicussions and drafting | 2.00 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |
| Kent M. Henderson | 10/17/2023 | Reviewed email from Whitmore re revised disputed facts section with attached doc, followed up with Holm and Nathan and revised | 5.00 | $ 1,100.00 | $ 5,500.00 | $ 473.00 | $ 2,365.00 | $ 3,135.00 |
| Kent M. Henderson | 9/1/2023 | Reviewed email from Whitmore re: Joint Pretrial statement and reviewed Def version, dicussed with Holm and nathan | 2.00 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |
| Kent M. Henderson | 8/4/2021 | Reviewed email from Whitmore to Angel re: subpoena of drs. Records & followed up | 0.50 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Kent M. Henderson | 4/20/2022 | Reviewed email from Whitmore to Ely re: deposition dates of Enos and reviewed followup emails in scheudling | 1.00 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |

| Biller | Date | Description - 1028 | Hours Bil | Rate | Total | Adjusted Rate | Adjusted Fees | Fee Difference |
|--------|------|-------------------|-----------|------|-------|---------------|---------------|----------------|
| Kent M. Henderson | 6/7/2022 | Reviewed email from Whitmore to Ely re: Dr. Binders invoice | 0.50 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Kent M. Henderson | 4/15/2022 | Reviewed email from Whitmore to Ely re: needing to move Enos deposition and emails re: Mills availability | 0.50 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Kent M. Henderson | 4/14/2022 | Reviewed email from Whitmore to Ely re: Stephenson and Okorocha dates and Whitmore unavailability with changes and additional responsve emails | 3.00 | $ 1,100.00 | $ 3,300.00 | $ 473.00 | $ 1,419.00 | $ 1,881.00 |
| Kent M. Henderson | 2/23/2024 | Reviewed email from Whitmore to Le re: changes to docs | 0.20 | $ 1,100.00 | $ 220.00 | $ 473.00 | $ 94.60 | $ 125.40 |
| Kent M. Henderson | 10/11/2024 | Reviewed email from Whitmore to Le re: objections/issues | 0.50 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Kent M. Henderson | 10/11/2024 | Reviewed email from Whitmore to Le re: status of plaintiff | 0.20 | $ 1,100.00 | $ 220.00 | $ 473.00 | $ 94.60 | $ 125.40 |
| Kent M. Henderson | 9/6/2023 | Reviewed email from Whitmore to Nathan and reviewed Def Exhibit list | 2.00 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |
| Kent M. Henderson | 8/24/2023 | Reviewed email from Whitmore to Nathan re Joint Pretrial Statement | 0.50 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Kent M. Henderson | 3/3/2021 | Reviewed email from Yeh to Ely re: depo link and response | 0.20 | $ 1,100.00 | $ 220.00 | $ 473.00 | $ 94.60 | $ 125.40 |
| Kent M. Henderson | 9/29/2021 | Reviewed email of Bri fwding rog responses and attached rog responses | 0.50 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Kent M. Henderson | 5/31/2022 | Reviewed email of Ely re zoom link Flianosky deposition | 0.50 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Kent M. Henderson | 4/1/2022 | Reviewed email of Ely to Whitmore re: unavailability for Okorocha and Wobrock | 0.50 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Kent M. Henderson | 7/5/2022 | Reviewed email of Ely with zoom link of Chapman deposition and amended notice of depo | 0.50 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Kent M. Henderson | 2/13/2024 | Reviewed email of Le re: jury instructions and emails of Whitmore, drafted further emails, meetings re; jury instr. | 3.00 | $ 1,100.00 | $ 3,300.00 | $ 473.00 | $ 1,419.00 | $ 1,881.00 |
| Kent M. Henderson | 9/15/2023 | Reviewed email of Nathan to Whitmore re pretrial statemtn with attached Exhibit list plus review of same | 0.50 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Kent M. Henderson | 4/5/2022 | Reviewed email of Whitmore re dates for 10 of Defense experts, coordinated with staff re which dates work, prepared amended notices of depositions, additional email reviews | 4.00 | $ 1,100.00 | $ 4,400.00 | $ 473.00 | $ 1,892.00 | $ 2,508.00 |
| Kent M. Henderson | 10/30/2024 | Reviewed email re: Angel costs | 0.20 | $ 1,100.00 | $ 220.00 | $ 473.00 | $ 94.60 | $ 125.40 |
| Kent M. Henderson | 3/14/2019 | Reviewed email RE: complaint | 0.20 | $ 1,100.00 | $ 220.00 | $ 473.00 | $ 94.60 | $ 125.40 |
| Kent M. Henderson | 11/29/2021 | Reviewed email re: coordination of economists & life care plan & followed up | 1.00 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |

| Biller | Date | Description - 1028 | Hours Bill | Rate | Total | Adjusted Rate | Adjusted Fees | Fee Difference |
|---|---|---|---|---|---|---|---|---|
| Kent M. Henderson | 2/4/2022 | Reviewed email re: Deadline for CMC statement | 0.50 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Kent M. Henderson | 5/28/2019 | Reviewed email re: message from client and responsive emails from Angel | 0.50 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Christopher L. Holm | 3/3/2021 | reviewed email receiving regarding meeting | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Christopher L. Holm | 11/11/2021 | reviewed email regading case meeting | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Christopher L. Holm | 3/22/2019 | Reviewed email regarding case | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Christopher L. Holm | 5/4/2021 | reviewed email regarding case | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Christopher L. Holm | 2/16/2022 | reviewed email regarding case | 0.30 | $ 600.00 | $ 180.00 | $ 331.00 | $ 99.30 | $ 80.70 |
| Christopher L. Holm | 3/21/2022 | reviewed email regarding case | 0.20 | $ 600.00 | $ 120.00 | $ 331.00 | $ 66.20 | $ 53.80 |
| Christopher L. Holm | 4/4/2022 | reviewed email regarding case | 0.40 | $ 600.00 | $ 240.00 | $ 331.00 | $ 132.40 | $ 107.60 |
| Christopher L. Holm | 5/26/2022 | reviewed email regarding case | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Christopher L. Holm | 6/13/2022 | reviewed email regarding case | 0.30 | $ 600.00 | $ 180.00 | $ 331.00 | $ 99.30 | $ 80.70 |
| Christopher L. Holm | 6/13/2022 | reviewed email regarding case | 0.30 | $ 600.00 | $ 180.00 | $ 331.00 | $ 99.30 | $ 80.70 |
| Christopher L. Holm | 6/13/2022 | reviewed email regarding case | 0.30 | $ 600.00 | $ 180.00 | $ 331.00 | $ 99.30 | $ 80.70 |
| Christopher L. Holm | 6/13/2022 | reviewed email regarding case | 0.30 | $ 600.00 | $ 180.00 | $ 331.00 | $ 99.30 | $ 80.70 |
| Christopher L. Holm | 3/19/2024 | reviewed email regarding case | 0.30 | $ 600.00 | $ 180.00 | $ 331.00 | $ 99.30 | $ 80.70 |
| Christopher L. Holm | 6/12/2024 | reviewed email regarding case | 0.30 | $ 600.00 | $ 180.00 | $ 331.00 | $ 99.30 | $ 80.70 |
| Christopher L. Holm | 3/7/2024 | reviewed email regarding case management conference | 0.20 | $ 600.00 | $ 120.00 | $ 331.00 | $ 66.20 | $ 53.80 |
| Christopher L. Holm | 3/10/2021 | reviewed email regarding case meeting | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Christopher L. Holm | 3/24/2021 | reviewed email regarding case meeting | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Christopher L. Holm | 4/9/2021 | reviewed email regarding case meeting | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Christopher L. Holm | 4/22/2021 | reviewed email regarding case meeting | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Christopher L. Holm | 4/28/2021 | reviewed email regarding case meeting | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Christopher L. Holm | 5/26/2021 | reviewed email regarding case meeting | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Christopher L. Holm | 6/4/2021 | reviewed email regarding case meeting | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Christopher L. Holm | 6/23/2021 | reviewed email regarding case meeting | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Christopher L. Holm | 7/9/2021 | reviewed email regarding case meeting | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Christopher L. Holm | 8/6/2021 | reviewed email regarding case meeting | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Christopher L. Holm | 9/8/2021 | reviewed email regarding case meeting | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Christopher L. Holm | 11/24/2021 | reviewed email regarding case meeting | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Christopher L. Holm | 12/23/2021 | reviewed email regarding case meeting | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Christopher L. Holm | 1/14/2022 | reviewed email regarding case meeting | 0.20 | $ 600.00 | $ 120.00 | $ 331.00 | $ 66.20 | $ 53.80 |
| Christopher L. Holm | 4/28/2022 | reviewed email regarding case meeting | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Christopher L. Holm | 5/19/2022 | reviewed email regarding case meeting | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Christopher L. Holm | 6/8/2022 | reviewed email regarding case meeting | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Christopher L. Holm | 6/8/2022 | reviewed email regarding case meeting | 0.30 | $ 600.00 | $ 180.00 | $ 331.00 | $ 99.30 | $ 80.70 |
| Christopher L. Holm | 7/1/2022 | reviewed email regarding case meeting | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Christopher L. Holm | 8/3/2022 | reviewed email regarding case meeting | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Christopher L. Holm | 2/16/2023 | reviewed email regarding case meeting | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |

| Biller | Date | Description - 1028 | Hours Bil | Rate | Total | Adjusted Rate | Adjusted Fees | Fee Difference |
|---|---|---|---|---|---|---|---|---|
| Christopher L. Holm | 1/31/2022 | reviewed email regarding meeting | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Christopher L. Holm | 2/11/2022 | reviewed email regarding meeting | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Christopher L. Holm | 3/8/2022 | reviewed email regarding meeting | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Christopher L. Holm | 2/4/2021 | reviewed email regarding meeting from 02/03/2021 | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Christopher L. Holm | 2/7/2021 | reviewed email regarding meeting from 02/03/2021 | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Christopher L. Holm | 2/4/2023 | reviewed email regarding research on defense experts | 1.50 | $ 600.00 | $ 900.00 | $ 331.00 | $ 496.50 | $ 403.50 |
| Christopher L. Holm | 2/11/2021 | reviewed email regarding the case | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Christopher L. Holm | 2/11/2021 | reviewed email regarding the case | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Christopher L. Holm | 2/13/2024 | reviewed email regarding trial exhibits | 1.00 | $ 600.00 | $ 600.00 | $ 331.00 | $ 331.00 | $ 269.00 |
| Christopher L. Holm | 11/1/2021 | reviewed email sent by partner with material regading MSJ Opposition | 1.50 | $ 600.00 | $ 900.00 | $ 331.00 | $ 496.50 | $ 403.50 |
| Kent M. Henderson | 7/8/2022 | Reviewed email to Bridges and coordinated with Ely re Okorocha availability and emails back and forth with Bridges and Whitmore re Okorocha, Enos and Binder, plus coordinated with Ely and other staff to rearrange depositions | 3.00 | $ 1,100.00 | $ 3,300.00 | $ 473.00 | $ 1,419.00 | $ 1,881.00 |
| Christopher L. Holm | 2/9/2021 | reviewed email with notes from firm meeting | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Kent M. Henderson | 1/10/2022 | Reviewed emails and invoices re: Depositions | 0.20 | $ 1,100.00 | $ 220.00 | $ 473.00 | $ 94.60 | $ 125.40 |
| Kent M. Henderson | 2/12/2024 | Reviewed emails Angel & Le re: arrangements in Hurtado case | 0.50 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Kent M. Henderson | 2/13/2024 | Reviewed emails Angel & Le re: arrangements in Hurtado case | 0.50 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Kent M. Henderson | 11/7/2019 | Reviewed emails Angel and Tiffany re: Medical tx | 0.50 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Kent M. Henderson | 3/3/2021 | Reviewed emails concerning Hurtado weekly review | 0.50 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Kent M. Henderson | 1/21/2022 | Reviewed emails from Amanda, Angel, and Scott Defoe re: extension of rebuttal | 0.50 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Kent M. Henderson | 10/22/2024 | Reviewed emails from Bri & billing dept. re: Dr. Jacobs testimony | 1.00 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | 10/24/2024 | Reviewed emails from Bri to billing and responses including Prager invoice | 0.50 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Kent M. Henderson | 1/25/2022 | Reviewed emails from Ely, Briand drafted email re: rebuttal disclosure deadlines | 1.00 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | 2/11/2020 | Reviewed emails from Guizar and others re: criminal case | 0.50 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Kent M. Henderson | 4/2/2019 | Reviewed emails from Guizar and stall re: filing complaint | 1.00 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |

| Biller | Date | Description - 1028 | Hours Bill | Rate | Total | Adjusted Rate | | Adjusted Fees | | Fee Difference | |
|--------|------|-------------------|-----------|------|-------|---------------|--|---------------|--|----------------|--|
| Kent M. Henderson | 10/14/2024 | Reviewed emails from Hang Le, Pete Buzo, and Angel | 0.50 | $ 1,100.00 | $ 550.00 | $ | 473.00 | $ | 236.50 | $ | 313.50 |
| Kent M. Henderson | 10/15/2024 | Reviewed emails from Hang Le, Pete Buzo, and John Bridges re: scheduling | 0.50 | $ 1,100.00 | $ 550.00 | $ | 473.00 | $ | 236.50 | $ | 313.50 |
| Kent M. Henderson | 6/30/2022 | Reviewed emails of Amanda and Angel re: Craigmlye coverage, drafted email re: Craigmlye | 1.50 | $ 1,100.00 | $ 1,650.00 | $ | 473.00 | $ | 709.50 | $ | 940.50 |
| Kent M. Henderson | 7/18/2022 | Reviewed emails re Schwitzer depo and provided Angel with Schwitzer documents | 1.50 | $ 1,100.00 | $ 1,650.00 | $ | 473.00 | $ | 709.50 | $ | 940.50 |
| Kent M. Henderson | 3/9/2020 | Reviewed emails re: client communication | 0.50 | $ 1,100.00 | $ 550.00 | $ | 473.00 | $ | 236.50 | $ | 313.50 |
| Kent M. Henderson | 3/10/2022 | Reviewed emails re: Expert availability and coordinated with Ely | 1.00 | $ 1,100.00 | $ 1,100.00 | $ | 473.00 | $ | 473.00 | $ | 627.00 |
| Kent M. Henderson | 8/5/2020 | Reviewed emails re: Francisco Hurtado psychologist | 0.50 | $ 1,100.00 | $ 550.00 | $ | 473.00 | $ | 236.50 | $ | 313.50 |
| Humberto Guizar | 4/2/2019 | Reviewed emails re: protective order | 1.00 | $ 975.00 | $ 975.00 | $ | 473.00 | $ | 473.00 | $ | 502.00 |
| Kent M. Henderson | 11/16/2021 | Reviewed emails re: Psyc appointment | 0.50 | $ 1,100.00 | $ 550.00 | $ | 473.00 | $ | 236.50 | $ | 313.50 |
| Kent M. Henderson | 2/23/2023 | Reviewed emial from Ely to Wobrock office re depo link | 0.20 | $ 1,100.00 | $ 220.00 | $ | 473.00 | $ | 94.60 | $ | 125.40 |
| Christopher L. Holm | 7/16/2019 | Reviewed further email from managing attorney regarding fee to be paid to transfers state case from LA County to Stanislaus County | 0.50 | $ 600.00 | $ 300.00 | $ | 331.00 | $ | 165.50 | $ | 134.50 |
| Christopher L. Holm | 3/25/2021 | reviewed further email regarding deposition subpoenas | 1.00 | $ 600.00 | $ 600.00 | $ | 331.00 | $ | 331.00 | $ | 269.00 |
| Kent M. Henderson | 12/15/2021 | Reviewed fwd of plaintiffs expert disclosure to team | 0.20 | $ 1,100.00 | $ 220.00 | $ | 473.00 | $ | 94.60 | $ | 125.40 |
| Kent M. Henderson | 9/1/2021 | Reviewed internal email & forwarding of notices of IME and subpoenas & followed up | 2.00 | $ 1,100.00 | $ 2,200.00 | $ | 473.00 | $ | 946.00 | $ | 1,254.00 |
| Kent M. Henderson | 2/19/2021 | Reviewed internal email re: coverage of depo | 0.20 | $ 1,100.00 | $ 220.00 | $ | 473.00 | $ | 94.60 | $ | 125.40 |
| Kent M. Henderson | 10/11/2023 | Reviewed lengthly email from nathan to Whitmore re various changes to undisputed fact to pretrial order | 0.50 | $ 1,100.00 | $ 550.00 | $ | 473.00 | $ | 236.50 | $ | 313.50 |
| Kent M. Henderson | 2/23/2024 | Reviewed lengthy email from Le to Whitmore re: draft of joint jury instructions and responses | 0.50 | $ 1,100.00 | $ 550.00 | $ | 473.00 | $ | 236.50 | $ | 313.50 |
| Kent M. Henderson | 2/23/2024 | Reviewed lengthy email from Whitmore to Le re: verdict form, jury instructions, etc. emails back/forth, meetings and discussions | 3.00 | $ 1,100.00 | $ 3,300.00 | $ | 473.00 | $ | 1,419.00 | $ | 1,881.00 |
| Kent M. Henderson | 11/30/2021 | Reviewed most recent version of separate statement and email from Chris | 2.00 | $ 1,100.00 | $ 2,200.00 | $ | 473.00 | $ | 946.00 | $ | 1,254.00 |
| Christopher L. Holm | 6/8/2022 | reviewed of email and attachments regarding case | 1.50 | $ 600.00 | $ 900.00 | $ | 331.00 | $ | 496.50 | $ | 403.50 |
| Kent M. Henderson | 10/11/2023 | Reviewed proposed email by Nathan to Whitmore re: Plaintiff being unable to agree to certain facts as joint facts additional discussion between nathan, holm and myself | 3.00 | $ 1,100.00 | $ 3,300.00 | $ | 473.00 | $ | 1,419.00 | $ | 1,881.00 |

| Biller | Date | Description - 1028 | Hours Bil | Rate | Total | Adjusted Rate | Adjusted Fees | Fee Difference |
|--------|------|--------------------|-----------|------|-------|---------------|---------------|----------------|
| Kent M. Henderson | 5/23/2022 | Reviewed reminder email from Ely to Okorocha and Payee date form issues with additional emails back and forth re sheduling | 2.00 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |
| Kent M. Henderson | 10/18/2024 | Reviewed revised jury instructions, verdict form and other pretrial docs from Hang Le & other issues in email and 8 attachments | 4.00 | $ 1,100.00 | $ 4,400.00 | $ 473.00 | $ 1,892.00 | $ 2,508.00 |
| Kent M. Henderson | 8/26/2022 | Reviewed scheduling of upcoming dates with Ely | 0.50 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Christopher L. Holm | 11/20/2021 | reviewed sent by partner to other attorneys and materials regarding the case | 2.50 | $ 600.00 | $ 1,500.00 | $ 331.00 | $ 827.50 | $ 672.50 |
| Kent M. Henderson | 12/6/2021 | Reviewed staff email to Buzbee re: copy of word version MSJ opp | 0.50 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Christopher L. Holm | 10/18/2024 | reviewed text from partner at trial regarding issue in the case | 0.20 | $ 600.00 | $ 120.00 | $ 331.00 | $ 66.20 | $ 53.80 |
| Kent M. Henderson | 8/23/2022 | Reviewed upcoming dates with Ely | 0.50 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Christopher L. Holm | 12/2/2021 | reviwed email and attachment from partner regading MSJ Opposition | 2.00 | $ 600.00 | $ 1,200.00 | $ 331.00 | $ 662.00 | $ 538.00 |
| Kent M. Henderson | 7/14/2022 | Reviwed email from Angel to Defendants re Schwitzer file | 0.20 | $ 1,100.00 | $ 220.00 | $ 473.00 | $ 94.60 | $ 125.40 |
| Christopher L. Holm | 12/3/2021 | reviwed email from partner about MSJ Opposition | 0.30 | $ 600.00 | $ 180.00 | $ 331.00 | $ 99.30 | $ 80.70 |
| Antonio Gallegos | 10/11/2023 | Sent an invoice to staff Re: Filing documents | 0.10 | $ 175.00 | $ 17.50 | $ 118.00 | $ 11.80 | $ 5.70 |
| Christopher L. Holm | 2/2/2022 | sent email regarding case | 0.20 | $ 600.00 | $ 120.00 | $ 331.00 | $ 66.20 | $ 53.80 |
| Christopher L. Holm | 3/9/2021 | sent email regarding case meeting | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Christopher L. Holm | 12/2/2021 | sent email regarding filing of MSJ Opposition | 0.20 | $ 600.00 | $ 120.00 | $ 331.00 | $ 66.20 | $ 53.80 |
| Christopher L. Holm | 12/2/2021 | sent email regarding filing of MSJ Opposition | 0.20 | $ 600.00 | $ 120.00 | $ 331.00 | $ 66.20 | $ 53.80 |
| Christopher L. Holm | 11/16/2021 | sent email regarding further research into deadline to file MSJ Opposition | 1.00 | $ 600.00 | $ 600.00 | $ 331.00 | $ 331.00 | $ 269.00 |
| Ely Arraiga | 3/8/2023 | Sent email to accouting department re: remote apperance charge on card. Saved email into client file and updated the cost sheet. | 0.20 | $ 200.00 | $ 40.00 | $ 118.00 | $ 23.60 | $ 16.40 |
| Christopher L. Holm | 11/2/2021 | sent email to office staff confirming receipt of Separate Statement email | 0.20 | $ 600.00 | $ 120.00 | $ 331.00 | $ 66.20 | $ 53.80 |
| Christopher L. Holm | 10/29/2021 | sent email to partner regarding Opposition to MSJ | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Christopher L. Holm | 11/20/2021 | Sent email to partners about the case | 0.30 | $ 600.00 | $ 180.00 | $ 331.00 | $ 99.30 | $ 80.70 |
| Christopher L. Holm | 11/20/2021 | Sent email to partners about the case | 0.30 | $ 600.00 | $ 180.00 | $ 331.00 | $ 99.30 | $ 80.70 |
| Christopher L. Holm | 11/30/2021 | Sent email to partners about the case | 0.20 | $ 600.00 | $ 120.00 | $ 331.00 | $ 66.20 | $ 53.80 |
| Christopher L. Holm | 11/30/2021 | Sent email to partners about the case | 0.20 | $ 600.00 | $ 120.00 | $ 331.00 | $ 66.20 | $ 53.80 |
| Christopher L. Holm | 12/6/2021 | sent email to staff about the case | 0.20 | $ 600.00 | $ 120.00 | $ 331.00 | $ 66.20 | $ 53.80 |
| Christopher L. Holm | 10/29/2021 | Sent email with confirmaiton of deadline to file MSJ Opposition | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |

| Biller | Date | Description - 1028 | Hours Bil | Rate | Total | Adjusted Rate | Adjusted Fees | Fee Difference |
|---|---|---|---|---|---|---|---|---|
| Christopher L. Holm | 10/18/2024 | sent research to partner regarding trial issue with attachments | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Christopher L. Holm | 11/4/2021 | sent response to email from staff regarding the case | 0.30 | $ 600.00 | $ 180.00 | $ 331.00 | $ 99.30 | $ 80.70 |
| Kent M. Henderson | 8/4/2022 | Telecom with Bridges and review of Bridge email re: future wage loss claim plus additional internal conversations re internal wage loss claim | 2.00 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |
| Angel Carrazco Jr. | 3/25/2024 | Teleconference discussion re: Hurtado | 0.20 | $ 1,000.00 | $ 200.00 | $ 473.00 | $ 94.60 | $ 105.40 |
| Kent M. Henderson | 3/25/2024 | Teleconference discussion re: Hurtado | 0.20 | $ 1,100.00 | $ 220.00 | $ 473.00 | $ 94.60 | $ 125.40 |
| Angel Carrazco Jr. | 3/9/2024 | Telephone meeting w/ Bri re: upcoming dates | 0.50 | $ 1,000.00 | $ 500.00 | $ 473.00 | $ 236.50 | $ 263.50 |
| Christopher L. Holm | 2/21/2024 | telephone meeting with partner and defense counsel regarding trial exhibits | 1.00 | $ 600.00 | $ 600.00 | $ 331.00 | $ 331.00 | $ 269.00 |
| Christopher L. Holm | 3/12/2024 | text and telephonic communication with partner regarding trial issues | 1.00 | $ 600.00 | $ 600.00 | $ 331.00 | $ 331.00 | $ 269.00 |
| Christopher L. Holm | 3/12/2024 | text communication with partner regarding trial issues | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Christopher L. Holm | 10/18/2024 | text communication with partner regarding trial issues | 0.50 | $ 600.00 | $ 300.00 | $ 331.00 | $ 165.50 | $ 134.50 |
| Angel Carrazco Jr. | 8/18/2023 | Weekly review - discussed hurtado case | 0.50 | $ 1,000.00 | $ 500.00 | $ 473.00 | $ 236.50 | $ 263.50 |
| Kent M. Henderson | 8/18/2023 | Weekly review - discussed hurtado case | 0.50 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Kent M. Henderson | 12/23/2021 | Weekly review and discussed Hurtado case | 0.50 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Kent M. Henderson | 1/14/2022 | Weekly review and discussed Hurtado case | 0.50 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Kent M. Henderson | 7/1/2022 | Weekly review and discussed Hurtado case | 0.50 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Angel Carrazco Jr. | 10/13/2023 | Weekly review discussion of Hurtado case | 0.50 | $ 1,000.00 | $ 500.00 | $ 473.00 | $ 236.50 | $ 263.50 |
| Humberto Guizar | 7/9/2021 | Weekly review discussion of Hurtado case | 1.00 | $ 975.00 | $ 975.00 | $ 473.00 | $ 473.00 | $ 502.00 |
| Kent M. Henderson | 2/4/2021 | Weekly review discussion of Hurtado case | 0.50 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Kent M. Henderson | 2/9/2021 | Weekly review discussion of Hurtado case | 0.50 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Kent M. Henderson | 2/25/2021 | Weekly review discussion re Hurtado case | 0.50 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Kent M. Henderson | 3/10/2021 | Weekly review discussion of Hurtado case | 0.50 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Kent M. Henderson | 3/24/2021 | Weekly review discussion of Hurtado case | 0.50 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Kent M. Henderson | 4/9/2021 | Weekly review discussion of Hurtado case | 0.50 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Kent M. Henderson | 4/23/2021 | Weekly review discussion of Hurtado case | 0.50 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Kent M. Henderson | 7/9/2021 | Weekly review discussion of Hurtado case | 0.50 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Kent M. Henderson | 8/6/2021 | Weekly review discussion of Hurtado case | 0.50 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Kent M. Henderson | 9/8/2021 | Weekly review discussion of Hurtado case | 0.50 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Kent M. Henderson | 9/21/2021 | Weekly review discussion of Hurtado case | 0.50 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Kent M. Henderson | 10/5/2021 | Weekly review discussion of Hurtado case | 0.50 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Kent M. Henderson | 11/24/2021 | Weekly review discussion of Hurtado case | 0.50 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Kent M. Henderson | 12/23/2021 | Weekly review discussion of Hurtado case | 0.50 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Kent M. Henderson | 1/31/2022 | Weekly review discussion of Hurtado case | 0.50 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |

| Biller | Date | Description - 1028 | Hours Bill | Rate | Total | Adjusted Rate | Adjusted Fees | Fee Difference |
|--------|------|--------------------|-----------|------|-------|---------------|---------------|----------------|
| Kent M. Henderson | 2/11/2022 | Weekly review discussion of Hurtado case | 0.50 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Kent M. Henderson | 4/28/2022 | Weekly review discussion of Hurtado case | 0.50 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Kent M. Henderson | 5/19/2022 | Weekly review discussion of Hurtado case | 0.50 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Kent M. Henderson | 5/19/2022 | Weekly review discussion of Hurtado case | 0.50 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Kent M. Henderson | 8/3/2022 | Weekly review discussion of Hurtado case | 0.50 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Kent M. Henderson | 9/9/2022 | Weekly review discussion of Hurtado case | 0.50 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Kent M. Henderson | 10/26/2022 | Weekly review discussion of Hurtado case | 0.50 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Kent M. Henderson | 11/7/2022 | Weekly review discussion of Hurtado case | 0.50 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Kent M. Henderson | 10/13/2023 | Weekly review discussion of Hurtado case | 0.50 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Kent M. Henderson | 2/16/2024 | Weekly review discussion of Hurtado case | 0.50 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Kent M. Henderson | 1/28/2021 | Weekly review meeting discussed Hurtado case | 0.50 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Christopher L. Holm | 12/1/2021 | Worked on MSJ Opposition with Partner including Points and Authorities | 8.00 | $ 600.00 | $ 4,800.00 | $ 331.00 | $ 2,648.00 | $ 2,152.00 |
| Christopher L. Holm | 12/2/2021 | Worked on MSJ Opposition with Partner including Points and Authorities | 4.00 | $ 600.00 | $ 2,400.00 | $ 331.00 | $ 1,324.00 | $ 1,076.00 |
| Christopher L. Holm | 12/2/2021 | Worked on MSJ Opposition with Partner including Points and Authorities | 5.00 | $ 600.00 | $ 3,000.00 | $ 331.00 | $ 1,655.00 | $ 1,345.00 |
| Kent M. Henderson | 4/11/2024 | Zoom meeting internal re: next steps | 0.70 | $ 1,100.00 | $ 770.00 | $ 473.00 | $ 331.10 | $ 438.90 |
| Kent M. Henderson | 6/4/2021 | Zoom meeting re: Hurtado | 1.00 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Kent M. Henderson | 7/2/2021 | Zoom meeting re: Hurtado case | 0.50 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |

# EXHIBIT 22

| Biller | Exhibit | Date | Description | Hours Billed | Rate | Total | Adjusted Rate | Adjusted Fees | Fee Difference |
|---|---|---|---|---|---|---|---|---|---|
| Angel Carrazco Jr. | Ex 13 | 7/26/2023 | 330 pm case meeting | 0.5 | $ 1,000.00 | $ 500.00 | $ 473.00 | $ 236.50 | $ 263.50 |
| Kent M. Henderson | Ex 12 | 7/26/2023 | 330 pm case meeting | 0.5 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Angel Carrazco Jr. | Ex 13 | 6/7/2023 | Additional discussions re Ravani invoice | 0.5 | $ 1,000.00 | $ 500.00 | $ 473.00 | $ 236.50 | $ 263.50 |
| Kent M. Henderson | Ex 12 | 6/7/2023 | Additional discussions re Ravani invoice | 0.5 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Angel Carrazco Jr. | Ex 13 | 4/21/2023 | Additional emails and arrangements re Ravani invoice | 0.5 | $ 1,000.00 | $ 500.00 | $ 473.00 | $ 236.50 | $ 263.50 |
| Kent M. Henderson | Ex 12 | 4/21/2023 | Additional emails and arrangements re Ravani invoice | 0.5 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Angel Carrazco Jr. | Ex 13 | 11/14/2023 | Additional emails and discussions to obtain additional docu from Meinhard | 0.5 | $ 1,000.00 | $ 500.00 | $ 473.00 | $ 236.50 | $ 263.50 |
| Kent M. Henderson | Ex 12 | 11/14/2023 | Additional emails and discussions to obtain additional docu from Meinhard | 0.5 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Angel Carrazco Jr. | Ex 13 | 2/22/2023 | Additional emails re file materials and legible copies of Ravnis report | 0.2 | $ 1,000.00 | $ 200.00 | $ 473.00 | $ 94.60 | $ 105.40 |
| Kent M. Henderson | Ex 12 | 2/22/2023 | Additional emails re file materials and legible copies of Ravnis report | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Angel Carrazco Jr. | Ex 13 | 11/8/2023 | Additional emails re payment of Meinhard | 0.5 | $ 1,000.00 | $ 500.00 | $ 473.00 | $ 236.50 | $ 263.50 |
| Kent M. Henderson | Ex 12 | 11/8/2023 | Additional emails re payment of Meinhard | 0.5 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Angel Carrazco Jr. | Ex 13 | 2/20/2023 | Additional emails re scheduling Wobrock deposition | 0.5 | $ 1,000.00 | $ 500.00 | $ 473.00 | $ 236.50 | $ 263.50 |
| Kent M. Henderson | Ex 12 | 2/20/2023 | Additional emails re scheduling Wobrock deposition | 0.5 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Angel Carrazco Jr. | Ex 13 | 11/8/2023 | Additional emails with Mills re: deadlines | 0.5 | $ 1,000.00 | $ 500.00 | $ 473.00 | $ 236.50 | $ 263.50 |
| Kent M. Henderson | Ex 12 | 11/8/2023 | Additional emails with Mills re: deadlines | 0.5 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Angel Carrazco Jr. | Ex 13 | 3/5/2024 | Additional meetings re: hearing | 1 | $ 1,000.00 | $ 1,000.00 | $ 473.00 | $ 473.00 | $ 527.00 |
| Kent M. Henderson | Ex 12 | 3/5/2024 | Additional meetings re: hearing | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Angel Carrazco Jr. | Ex 13 | 3/12/2024 | Additional memos re: Dr. Braaton highlights & records | 0.2 | $ 1,000.00 | $ 200.00 | $ 473.00 | $ 94.60 | $ 105.40 |
| Kent M. Henderson | Ex 12 | 3/12/2024 | Additional memos re: Dr. Braaton highlights & records | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Angel Carrazco Jr. | Ex 13 | 4/19/2023 | Additional review of 6 Hurtado MSJ Opposition Documents | 1 | $ 1,000.00 | $ 1,000.00 | $ 473.00 | $ 473.00 | $ 527.00 |
| Kent M. Henderson | Ex 12 | 4/19/2023 | Additional review of 6 Hurtado MSJ Opposition Documents | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Angel Carrazco Jr. | Ex 13 | 9/15/2023 | Additional review of pretrial statement | 2 | $ 1,000.00 | $ 2,000.00 | $ 473.00 | $ 946.00 | $ 1,054.00 |
| Kent M. Henderson | Ex 12 | 9/15/2023 | Additional review of pretrial statement | 2 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |
| Angel Carrazco Jr. | Ex 13 | 9/8/2023 | Additional work on pretrial sttement and emails | 1.5 | $ 1,000.00 | $ 1,500.00 | $ 473.00 | $ 709.50 | $ 790.50 |
| Kent M. Henderson | Ex 12 | 9/8/2023 | Additional work on pretrial statement and | 1.5 | $ 1,100.00 | $ 1,650.00 | $ 473.00 | $ 709.50 | $ 940.50 |
| Kent M. Henderson | Ex 12 | 10/23/2023 | After defense suggested Hilberman as private mediator reviewed Whitmore email stating "I do not have athoriity to mediate at this time". | 0.5 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |

| Biller | Exhibit | Date | Description | Hours Billed | Rate | Total | Adjusted Rate | Adjusted Fees | Fee Difference |
|--------|---------|------|-------------|--------------|------|-------|---------------|---------------|----------------|
| Angel Carrazco Jr. | Ex 13 | 10/23/2023 | After defense suggested Hilberman as private mediator reviewed Whitmore email stating "I do not have athority to mediate at this time". | 0.5 | $ 1,000.00 | $ 500.00 | $ 473.00 | $ 236.50 | $ 263.50 |
| Angel Carrazco Jr. | Ex 13 | 2/21/2024 | Arranged for copies of depo transcripts, met w/staff, worked on lodging | 2 | $ 1,000.00 | $ 2,000.00 | $ 473.00 | $ 946.00 | $ 1,054.00 |
| Kent M. Henderson | Ex 12 | 2/21/2024 | Arranged for copies of depo transcripts, met w/staff, worked on lodging | 3 | $ 1,100.00 | $ 3,300.00 | $ 473.00 | 1,419.00 | $ 1,881.00 |
| Angel Carrazco Jr. | Ex 13 | 9/10/2024 | Client communication | 0.5 | $ 1,000.00 | $ 500.00 | $ 473.00 | $ 236.50 | $ 263.50 |
| Kent M. Henderson | Ex 12 | 9/10/2024 | Client communication | 0.5 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Angel Carrazco Jr. | Ex 13 | 2/22/2024 | Cont'd work on arrangements on assembling and lodging of depos | 0.5 | $ 1,000.00 | $ 500.00 | $ 473.00 | $ 236.50 | $ 263.50 |
| Kent M. Henderson | Ex 12 | 2/22/2024 | Cont'd work on arrangements on assembling and lodging of depos | 2 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |
| Angel Carrazco Jr. | Ex 13 | 1/9/2023 | Coordinated with staff and Wobrock office re resetting depo, drafted email to Whitmore and reviewed email from Whitmore re Ravani and Wobrock depo | 2 | $ 1,000.00 | $ 2,000.00 | $ 473.00 | $ 946.00 | $ 1,054.00 |
| Kent M. Henderson | Ex 12 | 1/9/2023 | Coordinated with staff and Wobrock office re resetting depo, drafted email to Whitmore and reviewed email from Whitmore re Ravani and Wobrock depo | 2 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |
| Angel Carrazco Jr. | Ex 13 | 2/22/2024 | Discussed jury inst., rev'd jury inst., suggested changes | 3 | $ 1,000.00 | $ 3,000.00 | $ 473.00 | $ 1,419.00 | $ 1,581.00 |
| Kent M. Henderson | Ex 12 | 2/22/2024 | Discussed jury inst., rev'd jury inst., suggested changes | 3 | $ 1,100.00 | $ 3,300.00 | $ 473.00 | $ 1,419.00 | $ 1,881.00 |
| Angel Carrazco Jr. | Ex 13 | 9/7/2023 | Drafted eail to Whitmore with attached working copy of Plaintiff Exhibit list | 0.5 | $ 1,000.00 | $ 500.00 | $ 473.00 | $ 236.50 | $ 263.50 |
| Kent M. Henderson | Ex 12 | 9/7/2023 | Drafted eail to Whitmore with attached working copy of Plaintiff Exhibit list | 0.5 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Angel Carrazco Jr. | Ex 13 | 4/19/2023 | Drafted email and attached exhibits Pravini depo | 0.5 | $ 1,000.00 | $ 500.00 | $ 473.00 | $ 236.50 | $ 263.50 |
| Kent M. Henderson | Ex 12 | 4/19/2023 | Drafted email and attached exhibits Pravini depo | 0.5 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Angel Carrazco Jr. | Ex 13 | 10/18/2024 | Drafted email to Le re: contact information two witnesses | 0.5 | $ 1,000.00 | $ 500.00 | $ 473.00 | $ 236.50 | $ 263.50 |
| Kent M. Henderson | Ex 12 | 10/18/2024 | Drafted email to Le re: contact information two witnesses | 0.5 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Angel Carrazco Jr. | Ex 13 | 8/23/2023 | Emails back and forth to Holm and additional corrections on Rule 26 | 0.5 | $ 1,000.00 | $ 500.00 | $ 473.00 | $ 236.50 | $ 263.50 |
| Kent M. Henderson | Ex 12 | 8/23/2023 | Emails back and forth to Holm and additional corrections on Rule 26 | 1.5 | $ 1,100.00 | $ 1,650.00 | $ 473.00 | $ 709.50 | $ 940.50 |
| Angel Carrazco Jr. | Ex 13 | 9/20/2024 | Emails back/forth re: getting trial transcript | 0.2 | $ 1,000.00 | $ 200.00 | $ 473.00 | $ 94.60 | $ 105.40 |
| Kent M. Henderson | Ex 12 | 9/20/2024 | Emails back/forth re: getting trial transcript | 0.2 | $ 1,100.00 | $ 220.00 | $ 473.00 | $ 94.60 | $ 125.40 |
| Angel Carrazco Jr. | Ex 13 | 3/14/2024 | Emails back/forth re: lifecare plan & Stephenson | 0.5 | $ 1,000.00 | $ 500.00 | $ 473.00 | $ 236.50 | $ 263.50 |

| Biller | Exhibit | Date | Description | Hours Billed | Rate | Total | Adjusted Rate | Adjusted Fees | Fee Difference |
|--------|---------|------|-------------|--------------|------|-------|---------------|---------------|----------------|
| Kent M. Henderson | Ex 12 | 3/14/2024 | Emails back/forth re: lifecare plan & Stephenson | 0.5 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Angel Carrazco Jr. | Ex 13 | 4/11/2024 | Emails back/forth re: next steps | 0.5 | $ 1,000.00 | $ 500.00 | $ 473.00 | $ 236.50 | $ 263.50 |
| Kent M. Henderson | Ex 12 | 4/11/2024 | Emails back/forth re: next steps | 0.5 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Angel Carrazco Jr. | Ex 13 | 9/26/2024 | Emails back/forth w/Le re: expert scheduling | 0.5 | $ 1,000.00 | $ 500.00 | $ 473.00 | $ 236.50 | $ 263.50 |
| Kent M. Henderson | Ex 12 | 9/26/2024 | Emails back/forth w/Le re: expert scheduling | 0.5 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Angel Carrazco Jr. | Ex 13 | 9/6/2023 | Emails to Atiya Myers re: Assistance on organizing documents | 0.5 | $ 1,000.00 | $ 500.00 | $ 473.00 | $ 236.50 | $ 263.50 |
| Kent M. Henderson | Ex 12 | 9/6/2023 | Emails to Atiya Myers re: Assistance on organizing documents | 0.5 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Angel Carrazco Jr. | Ex 13 | 9/25/2024 | Internal emails re: Randazzo & Braaton subpoenas | 0.2 | $ 1,000.00 | $ 200.00 | $ 473.00 | $ 94.60 | $ 105.40 |
| Kent M. Henderson | Ex 12 | 9/25/2024 | Internal emails re: Randazzo & Braaton subpoenas | 0.5 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Angel Carrazco Jr. | Ex 13 | 6/28/2023 | Meeting re upcoming dates | 0.5 | $ 1,000.00 | $ 500.00 | $ 473.00 | $ 236.50 | $ 263.50 |
| Kent M. Henderson | Ex 12 | 6/28/2023 | Meeting re upcoming dates | 0.5 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Angel Carrazco Jr. | Ex 13 | 7/21/2023 | Meeting re upcoming dates | 0.2 | $ 1,000.00 | $ 200.00 | $ 473.00 | $ 94.60 | $ 105.40 |
| Kent M. Henderson | Ex 12 | 7/21/2023 | Meeting re upcoming dates | 0.2 | $ 1,100.00 | $ 220.00 | $ 473.00 | $ 94.60 | $ 125.40 |
| Angel Carrazco Jr. | Ex 13 | 7/24/2023 | Meeting re upcoming dates | 0.2 | $ 1,000.00 | $ 200.00 | $ 473.00 | $ 94.60 | $ 105.40 |
| Kent M. Henderson | Ex 12 | 7/24/2023 | Meeting re upcoming dates | 0.2 | $ 1,100.00 | $ 220.00 | $ 473.00 | $ 94.60 | $ 125.40 |
| Angel Carrazco Jr. | Ex 13 | 3/31/2023 | Meeting Regarding Upcoming dates | 0.5 | $ 1,000.00 | $ 500.00 | $ 473.00 | $ 236.50 | $ 263.50 |
| Kent M. Henderson | Ex 12 | 3/31/2023 | Meeting Regarding Upcoming dates | 0.5 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Angel Carrazco Jr. | Ex 13 | 4/7/2023 | Meeting Regarding Upcoming Dates | 0.5 | $ 1,000.00 | $ 500.00 | $ 473.00 | $ 236.50 | $ 263.50 |
| Kent M. Henderson | Ex 12 | 4/7/2023 | Meeting Regarding Upcoming Dates | 0.5 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Angel Carrazco Jr. | Ex 13 | 4/13/2023 | Meeting Regarding Upcoming dates | 0.5 | $ 1,000.00 | $ 500.00 | $ 473.00 | $ 236.50 | $ 263.50 |
| Kent M. Henderson | Ex 12 | 4/13/2023 | Meeting Regarding Upcoming dates | 0.5 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Angel Carrazco Jr. | Ex 13 | 5/5/2023 | Meeting regarding upcoming dates | 0.2 | $ 1,000.00 | $ 200.00 | $ 473.00 | $ 94.60 | $ 105.40 |
| Kent M. Henderson | Ex 12 | 5/5/2023 | Meeting regarding upcoming dates | 0.2 | $ 1,100.00 | $ 220.00 | $ 473.00 | $ 94.60 | $ 125.40 |
| Angel Carrazco Jr. | Ex 13 | 5/10/2023 | Meeting regarding upcoming dates | 0.2 | $ 1,000.00 | $ 200.00 | $ 473.00 | $ 94.60 | $ 105.40 |
| Kent M. Henderson | Ex 12 | 5/10/2023 | Meeting regarding upcoming dates | 0.2 | $ 1,100.00 | $ 220.00 | $ 473.00 | $ 94.60 | $ 125.40 |
| Angel Carrazco Jr. | Ex 13 | 5/16/2023 | Meeting regarding upcoming dates | 0.2 | $ 1,000.00 | $ 200.00 | $ 473.00 | $ 94.60 | $ 105.40 |
| Kent M. Henderson | Ex 12 | 5/16/2023 | Meeting regarding upcoming dates | 0.2 | $ 1,100.00 | $ 220.00 | $ 473.00 | $ 94.60 | $ 125.40 |
| Angel Carrazco Jr. | Ex 13 | 5/25/2023 | Meeting regarding upcoming dates | 0.2 | $ 1,000.00 | $ 200.00 | $ 473.00 | $ 94.60 | $ 105.40 |
| Kent M. Henderson | Ex 12 | 5/25/2023 | Meeting regarding upcoming dates | 0.2 | $ 1,100.00 | $ 220.00 | $ 473.00 | $ 94.60 | $ 125.40 |
| Angel Carrazco Jr. | Ex 13 | 6/2/2023 | Meeting regarding upcoming dates | 0.2 | $ 1,000.00 | $ 200.00 | $ 473.00 | $ 94.60 | $ 105.40 |
| Kent M. Henderson | Ex 12 | 6/2/2023 | Meeting regarding upcoming dates | 0.2 | $ 1,100.00 | $ 220.00 | $ 473.00 | $ 94.60 | $ 125.40 |
| Angel Carrazco Jr. | Ex 13 | 7/10/2023 | Meeting regarding upcoming dates | 0.2 | $ 1,000.00 | $ 200.00 | $ 473.00 | $ 94.60 | $ 105.40 |
| Kent M. Henderson | Ex 12 | 7/10/2023 | Meeting regarding upcoming dates | 0.2 | $ 1,100.00 | $ 220.00 | $ 473.00 | $ 94.60 | $ 125.40 |
| Angel Carrazco Jr. | Ex 13 | 5/30/2024 | Meeting w/Bri re: upcoming dates | 0.2 | $ 1,000.00 | $ 200.00 | $ 473.00 | $ 94.60 | $ 105.40 |
| Kent M. Henderson | Ex 12 | 5/30/2024 | Meeting w/Bri re: upcoming dates | 0.2 | $ 1,100.00 | $ 220.00 | $ 473.00 | $ 94.60 | $ 125.40 |
| Angel Carrazco Jr. | Ex 13 | 6/4/2024 | Meeting w/Bri re: upcoming dates | 0.2 | $ 1,000.00 | $ 200.00 | $ 473.00 | $ 94.60 | $ 105.40 |
| Kent M. Henderson | Ex 12 | 6/4/2024 | Meeting w/Bri re: upcoming dates | 0.2 | $ 1,100.00 | $ 220.00 | $ 473.00 | $ 94.60 | $ 125.40 |
| Angel Carrazco Jr. | Ex 13 | 6/11/2024 | Meeting w/Bri re: upcoming dates | 0.2 | $ 1,000.00 | $ 200.00 | $ 473.00 | $ 94.60 | $ 105.40 |

| Biller | Exhibit | Date | Description | Hours Billed | Rate | Total | Adjusted Rate | Adjusted Fees | Fee Difference |
|---|---|---|---|---|---|---|---|---|---|
| Kent M. Henderson | Ex 12 | 6/11/2024 | Meeting w/Bri re: upcoming dates | 0.2 | $ 1,100.00 | $ 220.00 | $ 473.00 | $ 94.60 | $ 125.40 |
| Angel Carrazco Jr. | Ex 13 | 6/13/2024 | Meeting w/Bri re: upcoming dates | 0.2 | $ 1,000.00 | $ 200.00 | $ 473.00 | $ 94.60 | $ 105.40 |
| Kent M. Henderson | Ex 12 | 6/13/2024 | Meeting w/Bri re: upcoming dates | 0.2 | $ 1,100.00 | $ 220.00 | $ 473.00 | $ 94.60 | $ 125.40 |
| Angel Carrazco Jr. | Ex 13 | 10/1/2024 | Meeting w/Bri re: upcoming dates | 0.2 | $ 1,000.00 | $ 200.00 | $ 473.00 | $ 94.60 | $ 105.40 |
| Kent M. Henderson | Ex 12 | 10/1/2024 | Meeting w/Bri re: upcoming dates | 0.2 | $ 1,100.00 | $ 220.00 | $ 473.00 | $ 94.60 | $ 125.40 |
| Angel Carrazco Jr. | Ex 13 | 8/31/2023 | Meeting with Bri re upcoming dates | 0.5 | $ 1,000.00 | $ 500.00 | $ 473.00 | $ 236.50 | $ 263.50 |
| Kent M. Henderson | Ex 12 | 8/31/2023 | Meeting with Bri re upcoming dates | 0.5 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Kent M. Henderson | Ex 12 | 9/21/2023 | Meeting with Bri re upcoming dates | 0.2 | $ 1,100.00 | $ 220.00 | $ 473.00 | $ 94.60 | $ 125.40 |
| Angel Carrazco Jr. | Ex 13 | 9/21/2023 | Meeting with **Bri** re upcoming dates | 0.2 | $ 1,000.00 | $ 200.00 | $ 473.00 | $ 94.60 | $ 105.40 |
| Angel Carrazco Jr. | Ex 13 | 10/3/2023 | Meeting with Bri re upcoming dates | 0.2 | $ 1,000.00 | $ 200.00 | $ 473.00 | $ 94.60 | $ 105.40 |
| Kent M. Henderson | Ex 12 | 10/3/2023 | Meeting with Bri re upcoming dates | 0.2 | $ 1,100.00 | $ 220.00 | $ 473.00 | $ 94.60 | $ 125.40 |
| Angel Carrazco Jr. | Ex 13 | 9/11/2024 | Met w/ Bri re: upcoming dates | 0.2 | $ 1,000.00 | $ 200.00 | $ 473.00 | $ 94.60 | $ 105.40 |
| Kent M. Henderson | Ex 12 | 9/11/2024 | Met w/ Bri re: upcoming dates | 0.2 | $ 1,100.00 | $ 220.00 | $ 473.00 | $ 94.60 | $ 125.40 |
| Angel Carrazco Jr. | Ex 13 | 9/7/2023 | Met with Bri re: upcoming dates | 0.2 | $ 1,000.00 | $ 200.00 | $ 473.00 | $ 94.60 | $ 105.40 |
| Kent M. Henderson | Ex 12 | 9/7/2023 | Met with Bri re: upcoming dates | 0.2 | $ 1,100.00 | $ 220.00 | $ 473.00 | $ 94.60 | $ 125.40 |
| Angel Carrazco Jr. | Ex 13 | 9/8/2023 | Met with Bri re: upcoming dates | 0.5 | $ 1,000.00 | $ 500.00 | $ 473.00 | $ 236.50 | $ 263.50 |
| Kent M. Henderson | Ex 12 | 9/8/2023 | Met with Bri re: upcoming dates | 0.5 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Angel Carrazco Jr. | Ex 13 | 10/16/2023 | Met with Bri re: upcoming dates | 0.5 | $ 1,000.00 | $ 500.00 | $ 473.00 | $ 236.50 | $ 263.50 |
| Kent M. Henderson | Ex 12 | 10/16/2023 | Met with Bri re: upcoming dates | 0.5 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Angel Carrazco Jr. | Ex 13 | 10/20/2023 | Met with Bri re: upcoming dates | 0.5 | $ 1,000.00 | $ 500.00 | $ 473.00 | $ 236.50 | $ 263.50 |
| Angel Carrazco Jr. | Ex 13 | 10/20/2023 | Met with Bri re: upcoming dates | 0.2 | $ 1,000.00 | $ 200.00 | $ 473.00 | $ 94.60 | $ 105.40 |
| Kent M. Henderson | Ex 12 | 10/20/2023 | Met with Bri re: upcoming dates | 0.5 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Kent M. Henderson | Ex 12 | 10/31/2023 | Met with Bri re: upcoming dates | 0.2 | $ 1,100.00 | $ 220.00 | $ 473.00 | $ 94.60 | $ 125.40 |
| Angel Carrazco Jr. | Ex 13 | 11/8/2023 | Met with Bri re: upcoming dates | 0.2 | $ 1,000.00 | $ 200.00 | $ 473.00 | $ 94.60 | $ 105.40 |
| Kent M. Henderson | Ex 12 | 11/8/2023 | Met with Bri re: upcoming dates | 0.2 | $ 1,100.00 | $ 220.00 | $ 473.00 | $ 94.60 | $ 125.40 |
| Angel Carrazco Jr. | Ex 13 | 11/15/2023 | Met with Bri re: upcoming dates | 0.2 | $ 1,000.00 | $ 200.00 | $ 473.00 | $ 94.60 | $ 105.40 |
| Kent M. Henderson | Ex 12 | 11/15/2023 | Met with Bri re: upcoming dates | 0.2 | $ 1,100.00 | $ 220.00 | $ 473.00 | $ 94.60 | $ 125.40 |
| Angel Carrazco Jr. | Ex 13 | 10/31/2023 | Met with Bri re: upcoming dates | 0.2 | $ 1,000.00 | $ 200.00 | $ 473.00 | $ 94.60 | $ 105.40 |
| Angel Carrazco Jr. | Ex 13 | 3/5/2024 | MIL hearing | 1 | $ 1,000.00 | $ 1,000.00 | $ 473.00 | $ 473.00 | $ 527.00 |
| Kent M. Henderson | Ex 12 | 3/5/2024 | MIL hearing | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Angel Carrazco Jr. | Ex 13 | 9/8/2023 | Pre Trial docs and deadlines | 0.5 | $ 1,000.00 | $ 500.00 | $ 473.00 | $ 236.50 | $ 263.50 |
| Kent M. Henderson | Ex 12 | 9/8/2023 | Pre Trial docs and deadlines | 0.5 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Angel Carrazco Jr. | Ex 13 | 3/11/2024 | Prep for trial, trial, post trial debrief and strategy | 5 | $ 1,000.00 | $ 5,000.00 | $ 473.00 | $ 2,365.00 | $ 2,635.00 |
| Kent M. Henderson | Ex 12 | 3/11/2024 | Prep for trial, trial, post trial debrief and strategy | 8 | $ 1,100.00 | $ 8,800.00 | $ 473.00 | $ 3,784.00 | $ 5,016.00 |
| Angel Carrazco Jr. | Ex 13 | 3/12/2024 | Prep for trial, trial, post trial debrief and strategy | 15 | $ 1,000.00 | $ 15,000.00 | $ 473.00 | $ 7,095.00 | $ 7,905.00 |
| Kent M. Henderson | Ex 12 | 3/12/2024 | Prep for trial, trial, post trial debrief and strategy | 8 | $ 1,100.00 | $ 8,800.00 | $ 473.00 | $ 3,784.00 | $ 5,016.00 |
| Angel Carrazco Jr. | Ex 13 | 3/13/2024 | Prep for trial, trial, post trial debrief and strategy | 15 | $ 1,000.00 | $ 15,000.00 | $ 473.00 | $ 7,095.00 | $ 7,905.00 |
| Kent M. Henderson | Ex 12 | 3/13/2024 | Prep for trial, trial, post trial debrief and strategy | 10 | $ 1,100.00 | $ 11,000.00 | $ 473.00 | $ 4,730.00 | $ 6,270.00 |
| Angel Carrazco Jr. | Ex 13 | 3/14/2024 | Prep for trial, trial, post trial debrief and strategy | 15 | $ 1,000.00 | $ 15,000.00 | $ 473.00 | $ 7,095.00 | $ 7,905.00 |
| Kent M. Henderson | Ex 12 | 3/14/2024 | Prep for trial, trial, post trial debrief and strategy | 8 | $ 1,100.00 | $ 8,800.00 | $ 473.00 | $ 3,784.00 | $ 5,016.00 |

| Biller | Exhibit | Date | Description | Hours Billed | Rate | Total | Adjusted Rate | Adjusted Fees | Fee Difference |
|---|---|---|---|---|---|---|---|---|---|
| Angel Carrazco Jr. | Ex 13 | 3/15/2024 | Prep for trial, trial, post trial debrief and strategy | 15 | $ 1,000.00 | $ 15,000.00 | $ 473.00 | $ 7,095.00 | $ 7,905.00 |
| Kent M. Henderson | Ex 12 | 3/15/2024 | Prep for trial, trial, post trial debrief and strategy | 10 | $ 1,100.00 | $ 11,000.00 | $ 473.00 | $ 4,730.00 | $ 6,270.00 |
| Angel Carrazco Jr. | Ex 13 | 3/13/2024 | Preparation of additional trial summaries | 0.5 | $ 1,000.00 | $ 500.00 | $ 473.00 | $ 236.50 | $ 263.50 |
| Kent M. Henderson | Ex 12 | 3/13/2024 | Preparation of additional trial summaries | 0.5 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Angel Carrazco Jr. | Ex 13 | 4/9/2024 | Prepared for & attended status conf + post debriefing | 1 | $ 1,000.00 | $ 1,000.00 | $ 473.00 | $ 473.00 | $ 527.00 |
| Kent M. Henderson | Ex 12 | 4/9/2024 | Prepared for & attended status cont+ post debriefing | 2 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |
| Angel Carrazco Jr. | Ex 13 | 10/17/2024 | Prepared for, attended, & debriefed re: trial | 15 | $ 1,000.00 | $ 15,000.00 | $ 473.00 | $ 7,095.00 | $ 7,905.00 |
| Kent M. Henderson | Ex 12 | 10/17/2024 | Prepared for, attended, & debriefed re: trial | 12 | $ 1,100.00 | $ 13,200.00 | $ 473.00 | $ 5,676.00 | $ 7,524.00 |
| Angel Carrazco Jr. | Ex 13 | 10/18/2024 | Prepared for, attended, & debriefed re: trial | 15 | $ 1,000.00 | $ 15,000.00 | $ 473.00 | $ 7,095.00 | $ 7,905.00 |
| Angel Carrazco Jr. | Ex 13 | 10/21/2024 | Prepared for, attended, & debriefed re: trial | 15 | $ 1,000.00 | $ 15,000.00 | $ 473.00 | $ 7,095.00 | $ 7,905.00 |
| Kent M. Henderson | Ex 12 | 10/21/2024 | Prepared for, attended, & debriefed re: trial | 10 | $ 1,100.00 | $ 11,000.00 | $ 473.00 | $ 4,730.00 | $ 6,270.00 |
| Angel Carrazco Jr. | Ex 13 | 10/22/2024 | Prepared for, attended, & debriefed re: trial | 15 | $ 1,000.00 | $ 15,000.00 | $ 473.00 | $ 7,095.00 | $ 7,905.00 |
| Kent M. Henderson | Ex 12 | 10/22/2024 | Prepared for, attended, & debriefed re: trial | 10 | $ 1,100.00 | $ 11,000.00 | $ 473.00 | $ 4,730.00 | $ 6,270.00 |
| Angel Carrazco Jr. | Ex 13 | 10/23/2024 | Prepared for, attended, & debriefed re: trial | 15 | $ 1,000.00 | $ 15,000.00 | $ 473.00 | $ 7,095.00 | $ 7,905.00 |
| Kent M. Henderson | Ex 12 | 10/23/2024 | Prepared for, attended, & debriefed re: trial | 12 | $ 1,100.00 | $ 13,200.00 | $ 473.00 | $ 5,676.00 | $ 7,524.00 |
| Angel Carrazco Jr. | Ex 13 | 10/24/2024 | Prepared for, attended, & debriefed re: trial | 10 | $ 1,000.00 | $ 10,000.00 | $ 473.00 | $ 4,730.00 | $ 5,270.00 |
| Kent M. Henderson | Ex 12 | 10/24/2024 | Prepared for, attended, & debriefed re: trial | 12 | $ 1,100.00 | $ 13,200.00 | $ 473.00 | $ 5,676.00 | $ 7,524.00 |
| Angel Carrazco Jr. | Ex 13 | 10/25/2024 | Prepared for, attended, & debriefed re: trial | 15 | $ 1,000.00 | $ 15,000.00 | $ 473.00 | $ 7,095.00 | $ 7,905.00 |
| Kent M. Henderson | Ex 12 | 10/25/2024 | Prepared for, attended, & debriefed re: trial | 12 | $ 1,100.00 | $ 13,200.00 | $ 473.00 | $ 5,676.00 | $ 7,524.00 |
| Angel Carrazco Jr. | Ex 13 | 10/18/2024 | Provided Meinhard testimony | 0.5 | $ 1,000.00 | $ 500.00 | $ 473.00 | $ 236.50 | $ 263.50 |
| Kent M. Henderson | Ex 12 | 10/18/2024 | Provided Meinhard testimony | 0.5 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Angel Carrazco Jr. | Ex 13 | 3/6/2024 | Rec'd email from Buzo re: word docs sent responsive email | 0.5 | $ 1,000.00 | $ 500.00 | $ 473.00 | $ 236.50 | $ 263.50 |
| Kent M. Henderson | Ex 12 | 3/6/2024 | Rec'd email from Buzo re: word docs sent responsive email | 0.5 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Angel Carrazco Jr. | Ex 13 | 4/28/2023 | Reeview email from veritext re court reporter invoices | 0.2 | $ 1,000.00 | $ 200.00 | $ 473.00 | $ 94.60 | $ 105.40 |
| Kent M. Henderson | Ex 12 | 4/28/2023 | Reeviewed email from veritext re court reporter invoices | 0.2 | $ 1,100.00 | $ 220.00 | $ 473.00 | $ 94.60 | $ 125.40 |
| Angel Carrazco Jr. | Ex 13 | 3/12/2024 | Rev'd additional email from Jacobs re: preferable dates. | 0.2 | $ 1,000.00 | $ 200.00 | $ 473.00 | $ 94.60 | $ 105.40 |
| Kent M. Henderson | Ex 12 | 3/12/2024 | Rev'd additional email from Jacobs re: preferable dates. | 0.2 | $ 1,100.00 | $ 220.00 | $ 473.00 | $ 94.60 | $ 125.40 |
| Angel Carrazco Jr. | Ex 13 | 3/4/2024 | Rev'd counter receipt re: subpoena | 0.2 | $ 1,000.00 | $ 200.00 | $ 473.00 | $ 94.60 | $ 105.40 |
| Kent M. Henderson | Ex 12 | 3/4/2024 | Rev'd counter receipt re: subpoena | 0.2 | $ 1,100.00 | $ 220.00 | $ 473.00 | $ 94.60 | $ 125.40 |
| Angel Carrazco Jr. | Ex 13 | 3/12/2024 | Rev'd doc 140 minutes trial held | 0.2 | $ 1,000.00 | $ 200.00 | $ 473.00 | $ 94.60 | $ 105.40 |
| Kent M. Henderson | Ex 12 | 3/12/2024 | Rev'd doc 140 minutes trial held | 0.2 | $ 1,100.00 | $ 220.00 | $ 473.00 | $ 94.60 | $ 125.40 |
| Angel Carrazco Jr. | Ex 13 | 3/14/2024 | Rev'd doc 142 minutes re: jury trial | 0.2 | $ 1,000.00 | $ 200.00 | $ 473.00 | $ 94.60 | $ 105.40 |
| Kent M. Henderson | Ex 12 | 3/14/2024 | Rev'd doc 142 minutes re: jury trial | 0.2 | $ 1,100.00 | $ 220.00 | $ 473.00 | $ 94.60 | $ 125.40 |
| Angel Carrazco Jr. | Ex 13 | 10/21/2024 | Rev'd doc 229 transcript req | 0.2 | $ 1,000.00 | $ 200.00 | $ 473.00 | $ 94.60 | $ 105.40 |

| Biller | Exhibit | Date | Description | Hours Billed | Rate | Total | Adjusted Rate | Adjusted Fees | Fee Difference |
|---|---|---|---|---|---|---|---|---|---|
| Kent M. Henderson | Ex 12 | 10/21/2024 | Rev'd doc 229 transcript req | 0.2 | $ 1,100.00 | $ 220.00 | $ 473.00 | $ 94.60 | $ 125.40 |
| Angel Carrazco Jr. | Ex 13 | 3/6/2024 | Rev'd email & vm re: Sargent Weever trial subpoena | 0.5 | $ 1,000.00 | $ 500.00 | $ 473.00 | $ 236.50 | $ 263.50 |
| Kent M. Henderson | Ex 12 | 3/6/2024 | Rev'd email & vm re: Sargent Weever trial subpoena | 0.5 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Angel Carrazco Jr. | Ex 13 | 3/12/2024 | Rev'd email from Bri for copy of Wobrock depo | 0.2 | $ 1,000.00 | $ 200.00 | $ 473.00 | $ 94.60 | $ 105.40 |
| Kent M. Henderson | Ex 12 | 3/12/2024 | Rev'd email from Bri for copy of Wobrock depo | 0.2 | $ 1,100.00 | $ 220.00 | $ 473.00 | $ 94.60 | $ 125.40 |
| Angel Carrazco Jr. | Ex 13 | 3/1/2024 | Rev'd email from Buzo re: zoom link for MIL hearing, forwarded, conferred w/Galipo office re: numerous issues | 2.5 | $ 1,000.00 | $ 2,500.00 | $ 473.00 | 1,182.50 | 1,317.50 |
| Kent M. Henderson | Ex 12 | 3/1/2024 | Rev'd email from Buzo re: zoom link for MIL hearing, forwarded, conferred w/Galipo office re: numerous issues | 0.5 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Angel Carrazco Jr. | Ex 13 | 3/5/2024 | Rev'd email from Dr. Stephenson re: availability | 0.2 | $ 1,000.00 | $ 200.00 | $ 473.00 | $ 94.60 | $ 105.40 |
| Kent M. Henderson | Ex 12 | 3/5/2024 | Rev'd email from Dr. Stephenson re: availability | 0.2 | $ 1,100.00 | $ 220.00 | $ 473.00 | $ 94.60 | $ 125.40 |
| Kent M. Henderson | Ex 12 | 3/8/2024 | Rev'd email from Le re: audio clips to use at trial and reviewed same | 1.5 | $ 1,100.00 | $ 1,650.00 | $ 473.00 | $ 709.50 | $ 940.50 |
| Angel Carrazco Jr. | Ex 13 | 10/18/2024 | Rev'd email from Le re: testimony schedule & followed up | 0.5 | $ 1,000.00 | $ 500.00 | $ 473.00 | $ 236.50 | $ 263.50 |
| Kent M. Henderson | Ex 12 | 10/18/2024 | Rev'd email from Le re: testimony schedule & followed up | 0.5 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Angel Carrazco Jr. | Ex 13 | 10/11/2024 | Rev'd email from Nathan re: subpoenas | 0.2 | $ 1,000.00 | $ 200.00 | $ 473.00 | $ 94.60 | $ 105.40 |
| Kent M. Henderson | Ex 12 | 10/11/2024 | Rev'd email from Nathan re: subpoenas | 0.2 | $ 1,100.00 | $ 220.00 | $ 473.00 | $ 94.60 | $ 125.40 |
| Angel Carrazco Jr. | Ex 13 | 2/27/2024 | Rev'd email from Whitmore re: witness issues & followed up | 0.2 | $ 1,000.00 | $ 200.00 | $ 473.00 | $ 94.60 | $ 105.40 |
| Kent M. Henderson | Ex 12 | 2/27/2024 | Rev'd email from Whitmore re: witness issues & followed up | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Angel Carrazco Jr. | Ex 13 | 3/12/2024 | Rev'd email from Williams re: transcript | 0.2 | $ 1,000.00 | $ 200.00 | $ 473.00 | $ 94.60 | $ 105.40 |
| Kent M. Henderson | Ex 12 | 3/12/2024 | Rev'd email from Williams re: transcript | 0.2 | $ 1,100.00 | $ 220.00 | $ 473.00 | $ 94.60 | $ 125.40 |
| Angel Carrazco Jr. | Ex 13 | 3/5/2024 | Rev'd email from Wobrock office re: teleconference | 0.2 | $ 1,000.00 | $ 200.00 | $ 473.00 | $ 94.60 | $ 105.40 |
| Kent M. Henderson | Ex 12 | 3/5/2024 | Rev'd email from Wobrock office re: teleconference | 0.2 | $ 1,100.00 | $ 220.00 | $ 473.00 | $ 94.60 | $ 125.40 |
| Angel Carrazco Jr. | Ex 13 | 10/11/2024 | Rev'd email of Nathan re: billing records | 0.2 | $ 1,000.00 | $ 200.00 | $ 473.00 | $ 94.60 | $ 105.40 |
| Kent M. Henderson | Ex 12 | 10/11/2024 | Rev'd email of Nathan re: billing records | 0.2 | $ 1,100.00 | $ 220.00 | $ 473.00 | $ 94.60 | $ 125.40 |
| Angel Carrazco Jr. | Ex 13 | 3/6/2024 | Rev'd email re: Fine phd | 0.2 | $ 1,000.00 | $ 200.00 | $ 473.00 | $ 94.60 | $ 105.40 |
| Kent M. Henderson | Ex 12 | 3/6/2024 | Rev'd email re: Fine phd | 0.2 | $ 1,100.00 | $ 220.00 | $ 473.00 | $ 94.60 | $ 125.40 |
| Kent M. Henderson | Ex 12 | 3/7/2024 | Rev'd emails & followed up arranging Prager testimony | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Angel Carrazco Jr. | Ex 13 | 2/28/2024 | Rev'd emails & followed up on Wang subpoena | 0.5 | $ 1,000.00 | $ 500.00 | $ 473.00 | $ 236.50 | $ 263.50 |

| Biller | Exhibit | Date | Description | Hours Billed | Rate | Total | Adjusted Rate | Adjusted Fees | Fee Difference |
|---|---|---|---|---|---|---|---|---|---|
| Kent M. Henderson | Ex 12 | 2/28/2024 | Rev'd emails & followed up on Wang subpoena | 0.5 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Kent M. Henderson | Ex 12 | 10/3/2024 | Rev'd emails & followed up re: Stephenson appearance at trial | 0.5 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Angel Carrazco Jr. | Ex 13 | 10/11/2024 | Rev'd emails & followed up re: Stephenson testimony confirmation | 0.2 | $ 1,000.00 | $ 200.00 | $ 473.00 | $ 94.60 | $ 105.40 |
| Kent M. Henderson | Ex 12 | 10/11/2024 | Rev'd emails & followed up re: Stephenson testimony confirmation | 0.2 | $ 1,100.00 | $ 220.00 | $ 473.00 | $ 94.60 | $ 125.40 |
| Angel Carrazco Jr. | Ex 13 | 10/21/2024 | Rev'd emails & followed up re: Stephenson testimony confirmation | 0.5 | $ 1,000.00 | $ 500.00 | $ 473.00 | $ 236.50 | $ 263.50 |
| Kent M. Henderson | Ex 12 | 10/21/2024 | Rev'd emails & followed up re: Stephenson testimony confirmation | 0.5 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Angel Carrazco Jr. | Ex 13 | 10/21/2024 | Rev'd emails & followed up re: Wobrock testimony confirmation | 1 | $ 1,000.00 | $ 1,000.00 | $ 473.00 | $ 473.00 | $ 527.00 |
| Kent M. Henderson | Ex 12 | 10/21/2024 | Rev'd emails & followed up re: Wobrock testimony confirmation | 1 | $ 1,100.00 | $ 1,100.00 | $ 473.00 | $ 473.00 | $ 627.00 |
| Angel Carrazco Jr. | Ex 13 | 10/18/2024 | Rev'd emails &  followed up re: Stephenson testimony confirmation | 0.5 | $ 1,000.00 | $ 500.00 | $ 473.00 | $ 236.50 | $ 263.50 |
| Angel Carrazco Jr. | Ex 13 | 9/20/2024 | Rev'd emails re: Prager appearance next trial | 0.2 | $ 1,000.00 | $ 200.00 | $ 473.00 | $ 94.60 | $ 105.40 |
| Kent M. Henderson | Ex 12 | 9/20/2024 | Rev'd emails re: Prager appearance next trial | 0.5 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Angel Carrazco Jr. | Ex 13 | 9/25/2024 | Rev'd emails re: Prager payment | 0.2 | $ 1,000.00 | $ 200.00 | $ 473.00 | $ 94.60 | $ 105.40 |
| Kent M. Henderson | Ex 12 | 9/25/2024 | Rev'd emails re: Prager payment | 0.2 | $ 1,100.00 | $ 220.00 | $ 473.00 | $ 94.60 | $ 125.40 |
| Angel Carrazco Jr. | Ex 13 | 10/21/2024 | Rev'd emails re: providing Jacobs testimony | 0.5 | $ 1,000.00 | $ 500.00 | $ 473.00 | $ 236.50 | $ 263.50 |
| Kent M. Henderson | Ex 12 | 10/21/2024 | Rev'd emails re: providing Jacobs testimony | 0.5 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Angel Carrazco Jr. | Ex 13 | 3/6/2024 | Rev'd emails re: pymt of experts for trial appearance | 0.5 | $ 1,000.00 | $ 500.00 | $ 473.00 | $ 236.50 | $ 263.50 |
| Kent M. Henderson | Ex 12 | 3/6/2024 | Rev'd emails re: pymt of experts for trial appearance | 0.5 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Angel Carrazco Jr. | Ex 13 | 10/11/2024 | Rev'd emails to DeFoe re: testimony dates back/forth | 0.5 | $ 1,000.00 | $ 500.00 | $ 473.00 | $ 236.50 | $ 263.50 |
| Kent M. Henderson | Ex 12 | 10/11/2024 | Rev'd emails to DeFoe re: testimony dates back/forth | 0.5 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Angel Carrazco Jr. | Ex 13 | 9/20/2024 | Rev'd emails to DeFoe re: trial appearance | 0.2 | $ 1,000.00 | $ 200.00 | $ 473.00 | $ 94.60 | $ 105.40 |
| Kent M. Henderson | Ex 12 | 9/20/2024 | Rev'd emails to DeFoe re: trial appearance | 0.2 | $ 1,100.00 | $ 220.00 | $ 473.00 | $ 94.60 | $ 125.40 |
| Angel Carrazco Jr. | Ex 13 | 9/23/2024 | Rev'd emails to DeFoe re: trial appearance | 0.2 | $ 1,000.00 | $ 200.00 | $ 473.00 | $ 94.60 | $ 105.40 |
| Kent M. Henderson | Ex 12 | 9/23/2024 | Rev'd emails to DeFoe re: trial appearance | 0.2 | $ 1,100.00 | $ 220.00 | $ 473.00 | $ 94.60 | $ 125.40 |
| Angel Carrazco Jr. | Ex 13 | 3/12/2024 | Rev'd experts costs sheet | 0.2 | $ 1,000.00 | $ 200.00 | $ 473.00 | $ 94.60 | $ 105.40 |
| Kent M. Henderson | Ex 12 | 3/12/2024 | Rev'd experts costs sheet | 0.2 | $ 1,100.00 | $ 220.00 | $ 473.00 | $ 94.60 | $ 125.40 |
| Angel Carrazco Jr. | Ex 13 | 3/5/2024 | Rev'd inv from Wobrock re: testimony and forwarded | 0.2 | $ 1,000.00 | $ 200.00 | $ 473.00 | $ 94.60 | $ 105.40 |
| Kent M. Henderson | Ex 12 | 3/5/2024 | Rev'd inv from Wobrock re: testimony and forwarded | 0.2 | $ 1,100.00 | $ 220.00 | $ 473.00 | $ 94.60 | $ 125.40 |

| Biller | Exhibit | Date | Description | Hours Billed | Rate | Total | Adjusted Rate | Adjusted Fees | Fee Difference |
|--------|---------|------|-------------|--------------|------|-------|---------------|---------------|----------------|
| Angel Carrazco Jr. | Ex 13 | 10/11/2024 | Rev'd invoice of Wobrock & made arrangements to appear | 2 | $ 1,000.00 | $ 2,000.00 | $ 473.00 | $ 946.00 | $ 1,054.00 |
| Kent M. Henderson | Ex 12 | 10/11/2024 | Rev'd invoice of Wobrock & made arrangements to appear | 2 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |
| Angel Carrazco Jr. | Ex 13 | 3/4/2024 | Rev'd message from Dina at Pledge Medical | 0.2 | $ 1,000.00 | $ 200.00 | $ 473.00 | $ 94.60 | $ 105.40 |
| Kent M. Henderson | Ex 12 | 3/4/2024 | Rev'd message from Dina at Pledge Medical | 0.2 | $ 1,100.00 | $ 220.00 | $ 473.00 | $ 94.60 | $ 125.40 |
| Angel Carrazco Jr. | Ex 13 | 3/16/2024 | Rev'd modified life care plan | 0.5 | $ 1,000.00 | $ 500.00 | $ 473.00 | $ 236.50 | $ 263.50 |
| Kent M. Henderson | Ex 12 | 3/16/2024 | Rev'd modified life care plan | 0.5 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Angel Carrazco Jr. | Ex 13 | 10/11/2024 | Rev'd Nathan email re: 3 subpoenas | 0.2 | $ 1,000.00 | $ 200.00 | $ 473.00 | $ 94.60 | $ 105.40 |
| Kent M. Henderson | Ex 12 | 10/11/2024 | Rev'd Nathan email re: 3 subpoenas | 0.2 | $ 1,100.00 | $ 220.00 | $ 473.00 | $ 94.60 | $ 125.40 |
| Angel Carrazco Jr. | Ex 13 | 10/18/2024 | Reviewed doc 226 minutes of proceedings | 0.2 | $ 1,000.00 | $ 200.00 | $ 473.00 | $ 94.60 | $ 105.40 |
| Kent M. Henderson | Ex 12 | 10/18/2024 | Reviewed doc 226 minutes of proceedings | 0.2 | $ 1,100.00 | $ 220.00 | $ 473.00 | $ 94.60 | $ 125.40 |
| Angel Carrazco Jr. | Ex 13 | 10/18/2024 | Reviewed doc 227 transcript request | 0.2 | $ 1,000.00 | $ 200.00 | $ 473.00 | $ 94.60 | $ 105.40 |
| Kent M. Henderson | Ex 12 | 10/18/2024 | Reviewed doc 227 transcript request | 0.2 | $ 1,100.00 | $ 220.00 | $ 473.00 | $ 94.60 | $ 125.40 |
| Angel Carrazco Jr. | Ex 13 | 10/22/2024 | Reviewed doc 232 minutes of proceedings | 0.2 | $ 1,000.00 | $ 200.00 | $ 473.00 | $ 94.60 | $ 105.40 |
| Kent M. Henderson | Ex 12 | 10/22/2024 | Reviewed doc 232 minutes of proceedings | 0.2 | $ 1,100.00 | $ 220.00 | $ 473.00 | $ 94.60 | $ 125.40 |
| Angel Carrazco Jr. | Ex 13 | 10/22/2024 | Reviewed doc 233 minutes of proceedings | 0.2 | $ 1,000.00 | $ 200.00 | $ 473.00 | $ 94.60 | $ 105.40 |
| Kent M. Henderson | Ex 12 | 10/22/2024 | Reviewed doc 233 minutes of proceedings | 0.2 | $ 1,100.00 | $ 220.00 | $ 473.00 | $ 94.60 | $ 125.40 |
| Angel Carrazco Jr. | Ex 13 | 10/18/2024 | Reviewed email from Bri re: payment to Meinhard for trial testimony | 0.2 | $ 1,000.00 | $ 200.00 | $ 473.00 | $ 94.60 | $ 105.40 |
| Kent M. Henderson | Ex 12 | 10/18/2024 | Reviewed email from Bri re: payment to Meinhard for trial testimony | 0.2 | $ 1,100.00 | $ 220.00 | $ 473.00 | $ 94.60 | $ 125.40 |
| Angel Carrazco Jr. | Ex 13 | 10/7/2024 | Reviewed email from John Bridges RE: trial scheduling | 0.2 | $ 1,000.00 | $ 200.00 | $ 473.00 | $ 94.60 | $ 105.40 |
| Kent M. Henderson | Ex 12 | 10/7/2024 | Reviewed email from John Bridges RE: trial scheduling | 0.2 | $ 1,100.00 | $ 220.00 | $ 473.00 | $ 94.60 | $ 125.40 |
| Angel Carrazco Jr. | Ex 13 | 1/11/2023 | Reviewed email from Mashriqui and attached sixth amended notice of Wobrock depo plus emails correcting the date (which was wrong in the depo notice) | 0.5 | $ 1,000.00 | $ 500.00 | $ 473.00 | $ 236.50 | $ 263.50 |
| Kent M. Henderson | Ex 12 | 1/11/2023 | Reviewed email from Mashriqui and attached sixth amended notice of Wobrock depo plus emails correcting the date (which was wrong in the depo notice) | 0.5 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Angel Carrazco Jr. | Ex 13 | 4/19/2023 | Reviewed email from Whitmore Re Ravani invoice | 0.2 | $ 1,000.00 | $ 200.00 | $ 473.00 | $ 94.60 | $ 105.40 |
| Kent M. Henderson | Ex 12 | 4/19/2023 | Reviewed email from Whitmore Re Ravani invoice | 0.2 | $ 1,100.00 | $ 220.00 | $ 473.00 | $ 94.60 | $ 125.40 |
| Angel Carrazco Jr. | Ex 13 | 11/20/2023 | Reviewed email from Whitmore requesting additional supporting documents | 0.5 | $ 1,000.00 | $ 500.00 | $ 473.00 | $ 236.50 | $ 263.50 |

| Biller | Exhibit | Date | Description | Hours Billed | Rate | Total | Adjusted Rate | Adjusted Fees | Fee Difference |
|--------|---------|------|-------------|--------------|------|-------|---------------|---------------|----------------|
| Kent M. Henderson | Ex 12 | 11/20/2023 | Reviewed email from Whitmore requesting additional supporting documents and followed up with Mills and provided to Whitmore | 2 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |
| Angel Carrazco Jr. | Ex 13 | 10/18/2024 | Reviewed email re: witness appearance | 0.5 | $ 1,000.00 | $ 500.00 | $ 473.00 | $ 236.50 | $ 263.50 |
| Kent M. Henderson | Ex 12 | 10/18/2024 | Reviewed email re: witness appearance | 0.5 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Angel Carrazco Jr. | Ex 13 | 4/19/2023 | Reviewed highlighted portions of deposition of Yepez and Randazzo | 2 | $ 1,000.00 | $ 2,000.00 | $ 473.00 | $ 946.00 | $ 1,054.00 |
| Kent M. Henderson | Ex 12 | 4/19/2023 | Reviewed highlighted portions of deposition of Yepez and Randazzo | 2 | $ 1,100.00 | $ 2,200.00 | $ 473.00 | $ 946.00 | $ 1,254.00 |
| Angel Carrazco Jr. | Ex 13 | 4/21/2023 | Reviewed invoices and email re court reporter invoinces | 0.2 | $ 1,000.00 | $ 200.00 | $ 473.00 | $ 94.60 | $ 105.40 |
| Kent M. Henderson | Ex 12 | 4/21/2023 | Reviewed invoices and email re court reporter invoinces | 0.2 | $ 1,100.00 | $ 220.00 | $ 473.00 | $ 94.60 | $ 125.40 |
| Angel Carrazco Jr. | Ex 13 | 4/24/2023 | Reviewed upcoming dates | 0.2 | $ 1,000.00 | $ 200.00 | $ 473.00 | $ 94.60 | $ 105.40 |
| Kent M. Henderson | Ex 12 | 4/24/2023 | Reviewed upcoming dates | 0.2 | $ 1,100.00 | $ 220.00 | $ 473.00 | $ 94.60 | $ 125.40 |
| Angel Carrazco Jr. | Ex 13 | 3/25/2024 | Teleconference discussion re: Hurtado | 0.2 | $ 1,000.00 | $ 200.00 | $ 473.00 | $ 94.60 | $ 105.40 |
| Kent M. Henderson | Ex 12 | 3/25/2024 | Teleconference discussion re: Hurtado | 0.2 | $ 1,100.00 | $ 220.00 | $ 473.00 | $ 94.60 | $ 125.40 |
| Angel Carrazco Jr. | Ex 13 | 4/19/2023 | Took the deposition of Ravani | 3.4 | $ 1,000.00 | $ 3,400.00 | $ 473.00 | $ 1,608.20 | $ 1,791.80 |
| Kent M. Henderson | Ex 12 | 4/19/2023 | Took the deposition of Ravani | 3.4 | $ 1,100.00 | $ 3,740.00 | $ 473.00 | $ 1,608.20 | $ 2,131.80 |
| Angel Carrazco Jr. | Ex 13 | 8/18/2023 | Weekly review - discussed hurtado case | 0.5 | $ 1,000.00 | $ 500.00 | $ 473.00 | $ 236.50 | $ 263.50 |
| Kent M. Henderson | Ex 12 | 8/18/2023 | Weekly review - discussed hurtado case | 0.5 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| Angel Carrazco Jr. | Ex 13 | 9/26/2023 | Zoom Pretrial conference attended | 0.5 | $ 1,000.00 | $ 500.00 | $ 473.00 | $ 236.50 | $ 263.50 |
| Kent M. Henderson | Ex 12 | 9/26/2023 | Zoom Pretrial conference attended | 0.5 | $ 1,100.00 | $ 550.00 | $ 473.00 | $ 236.50 | $ 313.50 |
| | | | | 404.3 | | $ 422,330.00 | | $ 191,233.90 | $ 231,096.10 |

# EXHIBIT 23

| Trial or Depo | Biller | Date | Description | Hours | Rate | Total |
|---|---|---|---|---|---|---|
| Trial | Angel Carrazco Jr. | 10/16/2024 | Prepared for, attended, & debriefed re: trial | 15.00 | $1,000.00 | $15,000.00 |
| Trial | Kent M. Henderson | 10/16/2024 | Prepared for trial, attended trial, and debrief | 10.00 | $1,100.00 | $11,000.00 |
| Trial | Dale K. Galipo | 10/16/2024 | trial - trial Preparation * | 13.60 | $1,400.00 | $19,040.00 |
| | | | | | | |
| Trial | Nathan Henderson | 10/17/2024 | Participate in trial, strategy, organization of documents, presentation of evidence | 8.00 | $300.00 | $2,400.00 |
| Trial | Angel Carrazco Jr. | 10/17/2024 | Prepared for, attended, & debriefed re: trial | 15.00 | $1,000.00 | $15,000.00 |
| Trial | Kent M. Henderson | 10/17/2024 | Prepared for, attended, & debriefed re: trial | 12.00 | $1,100.00 | $13,200.00 |
| Trial | Dale K. Galipo | 10/17/2024 | trial - trial Preparation * | 14.20 | $1,400.00 | $19,880.00 |
| | | | | | | |
| Trial | Nathan Henderson | 10/18/2024 | Participate in trial, strategy, organization of documents, presentation of evidence | 8.00 | $300.00 | $2,400.00 |
| Trial | Angel Carrazco Jr. | 10/18/2024 | Prepared for, attended, & debriefed re: trial | 15.00 | $1,000.00 | $15,000.00 |
| Trial | Dale K. Galipo | 10/18/2024 | trial - trial Preparation * | 13.70 | $1,400.00 | $19,180.00 |
| | | | | | | |
| Trial | Angel Carrazco Jr. | 10/21/2024 | Prepared for, attended, & debriefed re: trial | 15.00 | $1,000.00 | $15,000.00 |
| Trial | Kent M. Henderson | 10/21/2024 | Prepared for, attended, & debriefed re: trial | 10.00 | $1,100.00 | $11,000.00 |
| Trial | Dale K. Galipo | 10/21/2024 | trial - trial Preparation * | 14.50 | $1,400.00 | $20,300.00 |
| | | | | | | |
| Trial | Angel Carrazco Jr. | 10/22/2024 | Prepared for, attended, & debriefed re: trial | 15.00 | $1,000.00 | $15,000.00 |
| Trial | Kent M. Henderson | 10/22/2024 | Prepared for, attended, & debriefed re: trial | 10.00 | $1,100.00 | $11,000.00 |
| Trial | Dale K. Galipo | 10/22/2024 | trial - trial Preparation * | 13.50 | $1,400.00 | $18,900.00 |
| | | | | | | |
| Trial | Angel Carrazco Jr. | 10/23/2024 | Prepared for, attended, & debriefed re: trial | 15.00 | $1,000.00 | $15,000.00 |
| Trial | Kent M. Henderson | 10/23/2024 | Prepared for, attended, & debriefed re: trial | 12.00 | $1,100.00 | $13,200.00 |
| Trial | Dale K. Galipo | 10/23/2024 | trial - trial Preparation * | 13.80 | $1,400.00 | $19,320.00 |
| | | | | | | |
| Trial | Kent M. Henderson | 10/24/2024 | Prepared for, attended, & debriefed re: trial | 12.00 | $1,100.00 | $13,200.00 |
| Trial | Angel Carrazco Jr. | 10/24/2024 | Prepared for, attended, & debriefed re: trial | 10.00 | $1,000.00 | $10,000.00 |
| Trial | Dale K. Galipo | 10/24/2024 | trial - Meetings. | 12.20 | $1,400.00 | $17,080.00 |
| | | | | | | |
| Trial | Angel Carrazco Jr. | 10/25/2024 | Prepared for, attended, & debriefed re: trial | 15.00 | $1,000.00 | $15,000.00 |
| Trial | Kent M. Henderson | 10/25/2024 | Prepared for, attended, & debriefed re: trial | 12.00 | $1,100.00 | $13,200.00 |
| | | | | | | |
| Depo | Angel Carrazco Jr. | 4/19/2023 | Took the deposition of Ravani | 3.40 | $1,000.00 | $3,400.00 |
| Depo | Kent M. Henderson | 4/19/2023 | Took the  deposition of Ravani | 3.40 | $1,100.00 | $3,740.00 |