1  ROB BONTA, State Bar No. 202668
Attorney General of California
2  CATHERINE A. WOODBRIDGE, State Bar No. 186186
Supervising Deputy Attorney General
3  LEEANN E. WHITMORE, State Bar No. 214870
Deputy Attorney General
4  JOHN C. BRIDGES, State Bar No. 248553
Deputy Attorney General
5   1300 I Street, Suite 125
P.O. Box 944255
6   Sacramento, CA 94244-2550
Telephone: (916) 210-7515
7   Telephone: (916) 210-7529
Fax: (916) 322-8288
8   E-mail: LeeAnn.Whitmore@doj.ca.gov
E-mail: John.Bridges@doj.ca.gov
9  *Attorneys for Defendants State of California,*
*acting by and through the California Highway*
10 *Patrol and Edgardo Yepez*

11                 IN THE UNITED STATES DISTRICT COURT

12             FOR THE EASTERN DISTRICT OF CALIFORNIA

13

14

15  **I. H., a minor by and through her mother**        Case No: 2:19-CV-02343-DAD-AC
    **and guardian ad litem PRISCILLA**
16  **MACIAS, et al.,**

17                                    Plaintiff,    **DECLARATION OF LEEANN E.**
                                                    **WHITMORE IN SUPPORT OF**
18         v.                                       **OPPOSITION TO PLAINTIFF'S**
                                                    **MOTION FOR ATTORNEY'S FEES**
19

20  **STATE OF CALIFORNIA, et al.,**                Date:       February 3, 2025
                                                    Time:       1:30 p.m.
21                                    Defendants.   Dept:       4
                                                    Judge:      The Honorable Dale A. Drozd
22

23                                                  Action Filed:  April 2, 2019

24

25      I, LeeAnn E. Whitmore, declare:

26      1. I am an attorney at law, licensed to practice in state and federal courts in the State of

27  California, and am employed as a Deputy Attorney General in the California Office of the

28  Attorney General. In that capacity, I represent Defendants, State of California, by and through

                                               1

1   the California Highway Patrol (CHP) and Edgardo Yepez in the above case. I have been the

2   primary handling attorney for Defendants since July 7, 2019. I have personal knowledge of the

3   matters set forth in this declaration and if called to testify could testify competently thereto.

4       2. There was minimal written discovery in this case other than the Initial Rule 26

5   disclosures and Rule 26 expert disclosures.

6       3. Plaintiff only deposed two non-expert witnesses, Officer Yepez and Officer Randazzo.

7   The officers were deposed in 2021. In 2021, I took the depositions of Mr. Hurtado, Ms. Macias

8   and Mr. Hurtado's parents, paramedic Diana Valenzuela in the spring and summer of 2021 and

9   Dr. Bratton in November. Non-expert discovery closed in November 2021. Only one attorney

10  from plaintiffs' office attended each of the depositions. Additionally, all depositions in this case

11  were conducted remotely.

12      4. The Court deemed the Motion for Summary Judgment (MSJ) submitted without oral

13  argument on December 9, 2021. The parties disclosed experts on December 3, 2021. Rebuttal

14  reports were disclosed on February 8, 2022. All but two experts on each side, addressed future

15  treatment care and medical costs claims.

16      5. Mr. Henderson requested the parties begin taking expert depositions in approximately

17  March 2022. I expressed some concern about taking the damages expert depositions as there was

18  no trial date, Mr. Hurtado was still treating, and the summary judgment was pending, but agreed

19  that the depositions could take place. Because of the time between when expert depositions were

20  taken and the trial date, Ms. Meinhard had to revise her life care report and Mr. Mills had to

21  revise the economic damages report. I had to re-depose Ms. Meinhard on changes in the life care

22  report.

23      6. Based on the number of expert depositions, Deputy Attorney General John Bridges

24  associated in with me to assist on coverage of the depositions. All of the depositions were

25  conducted remotely. My only interaction with Mr. Guizar on this case was when he defended

26  Jesse Wobrock's deposition. I withdrew Andrew O'Brien as an expert when plaintiffs' counsel

27  confirmed Mr. Hurtado was not pursing a past or future wage loss claim. He was not deposed.

28

2

7. The MSJ was pending for 18 months and the Court set trial immediately following the ruling on the MSJ. After the Court's ruling on the MSJ, the case was a typical excessive force claim involving whether Officer Yepez's shots were reasonable and the reasonable amount of Mr. Hurtado's past and future medical care. Based on counsels' vacation schedules and prior scheduled matters, the parties stipulated to continue the pre-trial conference and trial dates.

8. In late December 2023, Mr. Henderson contacted me stating that he had a conflict with the trial date because of the *Molina v. Federal Express* case in Sacramento County. I agreed to a brief continuance based on the representation. In January 2024, Mr. Henderson advised me that the Federal Express defendants had filed 65 motions in limine and the plaintiffs in the *Molina* case had filed over 20. Mr. Henderson also advised me that they were planning to reserve an Air BnB because the *Molina* trial was expected to last four weeks.

9. I attended a virtual mediation with Magistrate Claire on January 3, 2024. Plaintiff's only settlement demand was $20 million.

10. I attended the Court's status conference regarding Plaintiffs' counsel's request for continuance on January 16, 2024. During that hearing, Mr. Henderson and Mr. Carrazco advised they were the only attorneys from their office who could try the *Hurtado* case. I understand from reviewing the Sacramento County Superior Court docket that the *Molina* trial did not begin until March 18, 2024.

11. After the Law Offices of Dale Galipo associated in on this case on February 21, 2024, Mr. Galipo's associate Hang Le was the only person who I discussed pre-trial documents including jury instructions with. I understood that Ms. Le prepared those.

12. On March 5, 2024, the Court held a hearing on plaintiffs' counsel request to continue the trial date and motions in limine. The hearing was held remotely. A true and correct copy of relevant portions of the certified transcript from the hearing are attached hereto as **EXHIBIT 1.** There were no in person hearings in the *Hurtado* case until the initial trial began on March 11, 2024.

13. Mr. Carrazco personally appeared at a hearing in the *Molina v. Federal Express Corp.* case on February 26, 2024, and appeared via Zoom on another hearing in the matter on March 8,

3

1    2024. A true and correct copy of the Minute Orders for each hearing are attached as **EXHIBIT 1**

2    to the Request for Judicial Notice filed concurrently herewith.

3        14. During the March trial, Mr. Galipo was the only attorney on Plaintiffs' side who

4    questioned witnesses, responded to objections, communicated with the defense about witness

5    order, stipulations or trial related matters including the Court's conference with counsel regarding

6    proposed jury instructions and verdict forms.

7        15. The *Molina* trial began in Sacramento County Superior Court on March 18, 2024. Mr.

8    Carrazco personally attended that trial. A true and correct copy of relevant minute orders from the

9    from March 18 – April 3, 2024 are attached as **EXHIBIT 2** to the Request for Judicial Notice.

10       16. Mr. Galipo waived punitive damages against Officer Yepez during the March 2024

11   trial. Additionally, he initially inquired about a possible stipulation for past economic damages,

12   but never provided specific numbers. He then waived past economic damages at trial.

13       17. In June 2024, Mr. Galipo sent a new settlement demand of $10 million. The parties

14   agreed to mediate with retired Judge Hilberman on June 27, 2024. Mediation was scheduled for

15   August 22, 2024.

16       18. On August 2, 2024, I learned that Mr. Hurtado had been killed in June 2024. I sent an

17   e-mail to Plaintiffs' counsel inquiring about the death and procedural status of the case. I did not

18   receive a response.

19       19. On August 22, 2024, I participated in the virtual mediation with Judge Hilberman.

20   Judge Hilberman did not hold an open session, but advised only plaintiffs' attorneys were present.

21   He said the demand was $5 million.

22       20. The first time I learned of Plaintiffs' intent to substitute the successors in interest was

23   during the status conference with the Court on August 27, 2024.

24       21. During the retrial Mr. Galipo was again the only attorney who questioned witnesses, on

25   plaintiffs' side who questioned witnesses, responded to objections, communicated with the

26   defense about witness order, stipulations or trial related matters including the Court's conference

27   with counsel about jury instructions. Ms. Le prepared the oppositions to the additional motions in

28

4

1  limine Defendants filed. Additionally, Defense Counsel met and conferred with Ms. Le regarding

2  the revised jury instructions and verdict form.

3      22. Plaintiffs only presented evidence of $23,000 in past medical damages from Dr.

4  Stephenson. A true and correct copy of the relevant portions of the October 21, 2024 certified

5  transcript is attached as **EXHIBIT 2.**

6      23. During closing argument, Mr. Galipo asked the jury to award between $4 million and

7  $6 million for past pain and suffering and $23,000 in past medical specials. A true and correct

8  copy of the relevant portion of the October 23, 2024 certified transcript is attached as **EXHIBIT**

9  **3.**

10      24. I am aware that Mr. Galipo's office had 12 other cases with the Attorney General's

11  Office in 2024. The *Solis v. County of Riverside* case was scheduled to begin trial on October 29,

12  2024, but was continued to February 2025 in October 2024. The *Solis v. State of California* case

13  proceeded to trial on December 3, 2024. A true and correct copy of the list of cases between the

14  Attorney General's Office and Mr. Galipo's office is attached as **EXHIBIT 4.**

15      25. **EXHIBIT 3** to the request for judicial notice are true and correct copies of the Minute

16  Orders for the October 1, 2024 and October 3, 2024 in the *Solis v. County of Riverside* case,

17  United States District Court Central District case number 5:23-cv-00515-HDV-JPR.

18      26. I reviewed the time record that Mr. Carrazco attached to his declaration which included

19  three hours for preparing for and attending Ms. Macias deposition. I took Ms. Macias deposition

20  via zoom on May 19, 2021. The deposition was defended by Christian Contreras. Mr. Carrazco

21  was not present. Additionally, the deposition began at 10:00 a.m. and ended at 11:50 a.m.

22      27. Mr. Bridges and my hourly rate for this case were $220 an hour and our legal assistant

23  do not bill time for their activities.

24      I declare under penalty of perjury under the laws of the State of California and the United

25  States that the foregoing is true and correct and made from my own personal knowledge.

26  Executed this 31 day of December, 2024.

27                                  */s/ LeeAnn E. Whitmore*
                                    LEEANN E. WHITMORE

28

LA2019501468

Declaration of LeeAnn E. Whitmore in Support of Opposition to Plaintiff's Motion for Attorneys' Fees (2:19-CV-02343-DAD-AC)

# Exhibit 1

1
2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
--oOo--

3          FRANCISCO HURTADO,                    ) Case No. 2:19-CV-02343-DAD-AC
                                                 )
4                          Plaintiff,            ) Sacramento, California
                   v.                            ) March 5, 2024, 1:33 p.m.
5                                                )
           STATE OF CALIFORNIA;                  ) Re: Motion to Modify Trial
6          CALIFORNIA HIGHWAY PATROL;            ) Schedule and Motions in
           EDGARDO YEPEZ aka EDGARDO             ) Limine
7          LOPEZ; and DOES 1 through             )
           100, inclusive,                       )
8                                                )
                                                 )
9                          Defendants.           )

10

TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE DALE A. DROZD
UNITED STATES DISTRICT JUDGE

11

12   APPEARANCES:
      For the Plaintiff:         LAW OFFICES OF DALE K. GALIPO by
13                               MR. DALE K. GALIPO
                                 21800 Burbank Boulevard, Suite 310
14                               Woodland Hills, California  91367

15                               GUIZAR, HENDERSON & CARRAZCO, LLP by
                                 MR. KENT M. HENDERSON
16                               MR. ANGEL CARRAZCO, JR.
                                 18301 Irvine Boulevard
17                               Tustin, California  92780

18   For the Defendants:         Office of the Attorney General
                                 Department of Justice by
19                               MS. LEEANN WHITMORE
                                 MR. JOHN C. BRIDGES
20                               1300 I Street
                                 Sacramento, California  95814

21                       MARYANN VALENOTI, RMR, CRR
                            Official Court Reporter
22                        501 I Street, Suite 4-200
                            Sacramento, CA 95814
23                        mvalenotiRMRCRR@gmail.com
                              (916)930-4275
24

Proceedings reported via mechanical steno - transcript produced
25   via computer-aided transcription

MARYANN VALENOTI - U.S. DISTRICT COURT -   (916)930-4275

1          THE COURT:  I'm getting a little bit of feedback, I

2     think from Mr. Henderson.  Are you, Maryann?

3          MS. REPORTER:  Yes, sir.

4          THE COURT:  Somebody's audio is giving us feedback.

5          MR. HENDERSON:  I could try to move.

6          THE COURT:  Yeah, we're getting quite a bit of

7     feedback off that mic.

8          MS. WHITMORE:  Good afternoon, Your Honor.  LeeAnn

9     Whitmore on behalf of the defendants.

10         MR. BRIDGES:  Good afternoon, Your Honor.  John

11    Bridges on behalf of defendants.

12         THE COURT:  Let's wait just a moment and see if we get

13    Mr. Henderson back here shortly.  I'm not getting any feedback

14    off of anyone else.

15         Mr. Carrazco, give me a test.

16         MR. CARRAZCO:  Testing, testing.

17         THE COURT:  Mr. Galipo?

18         MR. GALIPO:  Testing, one, two.

19         THE COURT:  You are good.  I think it was

20    Mr. Henderson's mic.

21         MR. CARRAZCO:  I'm going to see if I could just have

22    him come into my office, that way we could both sit here.

23         THE COURT:  That would be fine.

24         MR. CARRAZCO:  Thank you, Your Honor.

25         MR. HENDERSON:  How does that sound?

1          THE COURT:  Let's see if Mr. Carrazco reenters his

2    office.  There we go.

3          MR. CARRAZCO:  He disappeared, Mr. Henderson.  He ran

4    off with his laptop somewhere.

5          THE COURT:  Give me one more test, Mr. Henderson.

6          MR. HENDERSON:  Yes.  I came in search of better

7    Internet access.

8          MR. CARRAZCO:  Why don't you come into my office and

9    we could both address the judge from my office.

10         MR. HENDERSON:  I will.  I'm going to sign off.

11         THE COURT:  I think it's his laptop.

12         MR. CARRAZCO:  Yes.

13         (Off the record due to technical difficulties.)

14         THE COURT:  Okay.  So we scheduled the matter today

15   for a hearing on motions in limine, we'll get to that in a

16   minute, and after we scheduled it for that purpose, there

17   were -- we received word from plaintiff's counsel, Mr. Galipo,

18   who recently made an appearance in the case and is now being

19   designated by plaintiffs as their lead trial counsel, that due

20   to the very sad news that we received regarding Mr. Galipo's

21   wife having passed away, that they needed to seek a

22   modification of the trial schedule in the case, and at our

23   direction, an order shortening time, I believe.  Perhaps I

24   skipped by that and just directed that we should hear that

25   matter today as well since we were already scheduled to meet.

1          I've read the motion.  I read the defendants'

2     opposition.

3          As Mr. Henderson I believe knows, from our

4     January 19 -- are you still getting feedback, Maryann?  I am on

5     my end.

6          MS. REPORTER:  I'm hearing something in the

7     background, Your Honor.

8          THE COURT:  Let me know if it gets too bad.  If so, I

9     think it's coming from Mr. Carrazco and Mr. Henderson's office.

10    Well, let's try this:  Unless you are speaking, if you could

11    turn -- if you could mute your microphones.

12         MR. CARRAZCO:  Your Honor, I've been on mute.

13         THE COURT:  I saw that.  Let me just make sure it's

14    not coming from elsewhere.

15         Okay.  I'm not getting it now.  It might be coming off

16    of somebody else's background.

17         All right.  Anyway, I read both submissions regarding

18    this trial schedule, and, you know, first of all, Mr. Henderson

19    I believe knows well, because I think it was back on January 19

20    when we moved the trial of this case to this date, the

21    currently scheduled date of March 11, that it was just very

22    fortunate that I had that two-week window open, that I was able

23    to continue the trial to that date, and, of course, at that

24    time Mr. Henderson was representing to me, Look, it was

25    completely unexpected, we got caught in a state court trial, I

1   think in Sacramento County, with lots of -- an incredible
2   number of motions in limine, that that case took far longer
3   than we thought it was going to take, and now we're going to be
4   engaged in trial.

5           Well, I got to admit, Mr. Henderson, I'm not going to
6   ask because it really doesn't matter, but the thought did cross
7   my mind, Gee, I wonder if plaintiff's original counsel were
8   already in contact with Mr. Galipo when all that was happening,
9   and that -- well, in any event, I think you could fill in the
10  blanks, but it doesn't really matter.  The question is what are
11  we going to do now?

12          I can't -- as I explained to Mr. Henderson back when
13  we had that discussion in January, I've got 700 cases.  You
14  know, this is as busy -- actually a busier, I think, district
15  on a per-judge basis than most of the dockets in the Central
16  District of California.  I can't just move you a few weeks here
17  or there.  It doesn't work that way.  And springtime and the
18  fall is when everybody wants to try their cases.  I'm in trial
19  right now.  I'm immediately going into yours.  I'm immediately
20  going into one after that.  And they all look like they're
21  going.  So, you know, if that wasn't the situation, I would be
22  happy to try to work with everybody to accommodate all the
23  problems and issues that have arisen, but I'm just not capable
24  of doing it.

25          Just as defendant's counsel said, Look, I'm very

MARYANN VALENOTI - U.S. DISTRICT COURT -  (916)930-4275

1   not very compelling to me.

2            Here's what I'd be willing to do: I think we should

3   keep the trial date of March 11. And, Pete, you correct me if

4   I'm wrong, okay, but I think based upon our conversations

5   in-house, I could, given the way calendars have developed

6   between now and then in terms of my Tuesday calendars, I could

7   be in session in this trial on Tuesday the 12th from 11:00 to

8   5:00, I believe. I've got one matter that I've got to hear at

9   9 or 9:30, but I believe I could be in session from 11:00 to

10   5:00. Wednesday, Thursday, Friday, that gets us through the

11   15th, that gives us a little over four and a half days that

12   week. Monday the 18th gets us to five and a half, and, Pete,

13   if we move that one pretrial conference on the 19th, I believe

14   I could be back in session again from 1:00 to 5:00 on Tuesday

15   the 19th. Does that look right to you, Pete?

16            THE CLERK: That's correct, Judge.

17            THE COURT: Okay. So that would get us to a little

18   over six full days by the end of the day on the 19th. If we

19   got the trial done by then, great. If we didn't, I would want

20   to continue to proceed forward into the 20th, 21st knowing that

21   Mr. Galipo would not be able to be with us, but I would note,

22   Mr. Henderson and Mr. Carrazco, when this case got continued in

23   January, and I inquired about, Well, what about the other two

24   lawyers that have appeared on the case, why can't they try it,

25   you said no, it's me and Mr. Carrazco, we've handled it all,

1   We're ready to go.  It's our case.  That was only January 19, I

2   believe.  So I trust that you would be able to finish up.

3          Now, that would take care of witnesses.

4          Let's say we finished on Thursday the 21st, would I be

5   willing to recess the trial after all the evidence was in if

6   the plaintiff's position was we want Mr. Galipo to make the

7   closing argument, can we recess until Monday the 25th?  Yes, I

8   could do that.

9          So when I look at the dates, that's what I would

10   propose we do.  I mean, obviously the timing is not -- nothing

11   about the situation is good for Mr. Galipo, but I think it's a

12   reasonable way to accommodate the concerns of everyone.

13          The defendants' concerns seem primarily related to

14   witness availability.  If we got done by the 19th, then no harm

15   no foul.  If the case isn't over by the 19th and we don't

16   finish until the 20th or the 21st, the only thing that would be

17   required is to have counsel reappear on the 25th for closing

18   argument.  No witnesses would be necessary.  So that's what I

19   think is the reasonable thing to do.

20          Does anybody want to try to talk me out of that from

21   the plaintiff's side?

22          MR. CARRAZCO:  No.

23          MR. GALIPO:  No.  I do want to say I'm very

24   appreciative of everyone's condolences, and I'm very

25   appreciative of the Court attempting to assist in the

1    unreasonable knowing that you're doing the best you can to try

2    to get witnesses in when they will be available.

3           Let's move on to the motions in limine, and after all

4    those nice words. I will say that I don't think it's -- it's

5    not showing up so well on video, that's the motion in limine

6    binder.  It's a lot.  I think it's too much.  I don't think the

7    issues are that complex.

8           I think some of the motions are, in fact, overbroad,

9    and suffer the plight -- I think the Court's final pretrial

10   order talks about how I don't encourage the filing of motions

11   in limine because they often really can't be decided absent

12   context that the trial provides.

13          I will also make this comment:  In reading that binder

14   and in working with my law clerk assigned to the trial, you all

15   have been involved in this case for a long time.  It was just

16   reassigned to me in August of 2022 when I returned to the

17   Sacramento courthouse from the Fresno courthouse.  Yes, I did

18   decide the motion for summary judgment, and I did conduct the

19   final pretrial, but you all are much more intimately familiar

20   with the history of the case, the discovery that was conducted.

21   I don't know any of those things.  And, I mean, I don't read

22   the discovery.  Depositions aren't filed with the court and

23   aren't presented to the court until trial, so I don't know

24   anything about the discovery phase of the litigation, really.

25   Sometimes I think lawyers have a tendency to not appreciate

1    that this may not make a lot of sense -- it makes a lot of

2    sense to the lawyers, it may not make a lot of sense to the

3    judge who really has only touched parts of this case.

4              So, there's enough complaining by me about motions in

5    limine.  I'll do my best.  I'm going to try to rule on -- rule

6    or indicate that I am not going to rule on most of them.  I'm

7    not exactly sure how best to proceed.  Maybe I should tell you

8    what I'm inclined to rule as to each one, and then whoever

9    doesn't like it, can argue to me as to why I should rule

10   differently.

11             So, let's take of up plaintiff's first.

12             Plaintiff's Motion in Limine Number 1 -- oh, and

13   that's the other thing; they all have multiple subparts.  So,

14   it's not really five motions in limine, it's more like 10 or

15   15.

16             Anyway, Plaintiff's Motion in Limine Number 1, first,

17   to exclude information not known to Defendant Yepez or CHP

18   Officer Randazzo at the time of the incident.  My inclination

19   is to deny that motion in limine without prejudice to a

20   specific objection at trial because that motion in limine is

21   just in my view way too overbroad.

22             There are more specific objections that have been

23   raised to specific items of evidence later on in the motions in

24   limine, and I do recognize the general proposition that, in

25   large part, the relevant evidence at trial is what information

1        MR. GALIPO:  I just wanted to state on a more serious

2    note that I truly appreciate the Court literally doing

3    everything you can to accommodate my current situation, and I

4    just wanted to tell you it's very much appreciated.

5        THE COURT:  Well, I know everybody feels very badly

6    about the situation, and, again, I know defense counsel said so

7    in their opposition, their condolences to you and your family.

8    It's got to be a hard time to be concentrating on trying a

9    case.

10       I will see you folks next Monday.

11       MS. WHITMORE:  Thank you, Your Honor.

12       THE COURT:  Court's in recess.

13    (Proceedings adjourned at 3:22 p.m.)

14

15                    C E R T I F I C A T E

16

17    I certify that the foregoing is a true and correct

18    transcript of the proceedings in the above-entitled matter.

19

20    _____                    _____
                                              March 10, 2024
21    MARYANN VALENOTI, RMR, CRR                   DATE
      Official Court Reporter
22    CA CSR #11266

23

24

25

# Exhibit 2

1        UNITED STATES DISTRICT COURT

2        EASTERN DISTRICT OF CALIFORNIA

3              --oOo--

4   I.H., a minor, et al.,,     ) Case No. 2:19-CV-02343-DAD-AC
                                )
5              Plaintiff,       ) Sacramento, California
         v.                     ) October 21, 2024, 9:08 a.m.
6                               )
    STATE OF CALIFORNIA, et al., ) Re: Trial Day 4
7                               )
              Defendants.       )
8

9            TRANSCRIPT OF PROCEEDINGS
      BEFORE THE HONORABLE DALE A. DROZD
10        UNITED STATES DISTRICT JUDGE

11  APPEARANCES:

12  For the Plaintiff:      LAW OFFICES OF DALE K. GALIPO by
                            MR. DALE K. GALIPO
13                          21800 Burbank Boulevard, Suite 310
                            Woodland Hills, California  91367
14
                            GUIZAR, HENDERSON & CARRAZCO by
15                          MR. ANGEL CARRAZCO, JR.
                            MR. KENT MATTHEW HENDERSON
16                          18301 Irvine Boulevard
                            Tustin, California  92780
17
    For the Defendants:     OFFICE OF THE ATTORNEY GENERAL
18                          DEPARTMENT OF JUSTICE by
                            MS. LEEANN E. WHITMORE
19                          MR. JOHN C. BRIDGES
                            1300 I Street,
20                          Sacramento, California  95814

21            MARYANN VALENOTI, RMR, CRR
               Official Court Reporter
22            501 I Street, Suite 4-200
                Sacramento, CA 95814
23            mvalenotiRMRCRR@gmail.com
                 (916)930-4275
24
    Proceedings reported via mechanical steno - transcript produced
25  via computer-aided transcription

Stephenson - Cross by Bridges

1   Syndrome play a big part in his problems?

2   A    It absolutely does.  It didn't only affect his mobility,

3   his ability to stand and, let's say, cook or clean, his ability

4   to walk community distances, but there was also a profound pain

5   component with that.  So if he had just the atrophy and the

6   contractures, that would be one thing, but he had such profound

7   hypersensitivity and significant pain associated with this

8   injury, that the combination of the two, even if we don't

9   consider the PTSD, was very limiting, profoundly limiting.

10  Q    And I'm assuming all these recommendations that you had

11  for Mr. Hurtado, as I understand it, would cost -- would need

12  money to have them or fund them?

13  A    Correct, yes.

14  Q    And you yourself, your clinic and your treatment of

15  Mr. Hurtado over the few years you saw him, was your bill

16  outstanding approximately 23,000?

17  A    Yes.

18          MR. GALIPO:  Thank you.

19          That's all I have, Your Honor.

20          THE COURT:  Cross-examination?

21          MR. BRIDGES:  Yes, Your Honor.

22                    CROSS-EXAMINATION

23  BY MR. BRIDGES:

24  Q    Good afternoon, Dr. Stephenson.  How are you?

25  A    Good afternoon.  I'm fine, thank you.

1      C E R T I F I C A T E

2

3   I certify that the foregoing is a true and correct

4 transcript of the proceedings in the above-entitled matter.

5

6

7 MARYANN VALENOTI, RMR, CRR   December 9, 2024
  Official Court Reporter      DATE

8 CA CSR #11266

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

# Exhibit 3

1              UNITED STATES DISTRICT COURT

2             EASTERN DISTRICT OF CALIFORNIA

3                      --oOo--

4   I.H., a minor, et al.,      ) Case No. 2:19-CV-02343-DAD-AC
                                 )
5                  Plaintiff,    ) Sacramento, California
             v.                  ) October 23, 2024, 9:22 a.m.
6                                )
    STATE OF CALIFORNIA, et al., ) Re: Trial Day 6
7                                )
                   Defendants.   )
8

9                  TRANSCRIPT OF PROCEEDINGS
          BEFORE THE HONORABLE DALE A. DROZD
10            UNITED STATES DISTRICT JUDGE

11  APPEARANCES:

12  For the Plaintiff:      LAW OFFICES OF DALE K. GALIPO by
                            MR. DALE K. GALIPO
13                          21800 Burbank Boulevard, Suite 310
                            Woodland Hills, California  91367
14
                            GUIZAR, HENDERSON & CARRAZCO by
15                          MR. ANGEL CARRAZCO, JR.
                            MR. KENT MATTHEW HENDERSON
16                          18301 Irvine Boulevard
                            Tustin, California  92780
17
    For the Defendants:     OFFICE OF THE ATTORNEY GENERAL
18                          DEPARTMENT OF JUSTICE by
                            MS. LEEANN E. WHITMORE
19                          MR. JOHN C. BRIDGES
                            1300 I Street,
20                          Sacramento, California  95814

21                  MARYANN VALENOTI, RMR, CRR
                       Official Court Reporter
22                   501 I Street, Suite 4-200
                       Sacramento, CA 95814
23                   mvalenotiRMRCRR@gmail.com
                         (916)930-4275
24

25  Proceedings reported via mechanical steno - transcript produced
    via computer-aided transcription

Closing Argument - Plaintiffs

1       The answer is clearly, yes.  I think that's

2    undisputed; that he had gunshot wounds, he had the pain

3    syndrome, he had Post Traumatic Stress Disorder, he was a mess.

4    Imagine living for six years and three months in constant,

5    severe pain.  I don't know about you guys, and I'm the first

6    one to admit I'm a big baby when it comes to pain.  One or two

7    days, I have a little pain and I'm like totally thrown off.

8    Six years and three months.

9            "Was Edgardo Yepez negligent?"

10           You'll have a couple instructions on negligence.

11   That's even a -- that's a lower standard than the excessive,

12   unreasonable force.  I would submit the answer is clearly yes.

13           "Was the negligence a substantial factor in causing

14   harm?"

15           I would say that's clearly yes.

16           And there's one more question, that's the damages, so

17   again, when it comes to damages, you have to think, did they

18   prove, more likely true than not, that he suffered injury or

19   damages?  And then you have to decide amongst each other what

20   do you think would be fair?

21           Now, there's two elements of damages:  Past economic

22   damages.  The only thing we put into evidence on that is really

23   Dr. Stephenson's medical bills, outstanding, 23,000, all we put

24   into evidence on that.  So that would be the number, if you get

25   there.  The more difficult question is, what's the damages for

Closing Argument - Plaintiffs

1    past noneconomic?  Now, you'll have the instruction on that --
2    wrong instruction.  Well, I can't find it, but I remember it.
3    There's different elements of damages, there's pain, there's
4    suffering, there's physical pain, there's emotional/mental
5    anguish, emotional distress, disfigurement, loss of enjoyment
6    of life, these are all elements of damages recoverable by law.
7            Now, quite frankly, it's very subjective.  I was
8    Francisco's lawyer, now I'm the children's lawyer, so I'm going
9    to ask for a big number on their behalf.  I'm going to leave it
10   up to you guys, and I'm going to respect whatever number you
11   come up with that you think is appropriate.  But six years and
12   three months with those injuries, severe constant pain and
13   suffering, I think your verdict should be between 4 and
14   $6 million.  It could be higher, it could be lower, it could be
15   in that range, it's totally up to you.  But I believe based on
16   the evidence that you've heard, the doctor's testimony, from
17   Braaton, Stephenson, Prager, Nurse Meinhard, and really, what
18   evidence has there been on the other side that he didn't have
19   these injuries or didn't have this pain?
20           So that's it.  Thank you for listening to me.  I know
21   it's late in the day, and I know guys have been really putting
22   a lot into this, so I really appreciate that.  And opposing
23   counsel is going to have some words and I want you to listen to
24   them as well.  Thank you.
25           THE COURT:  Let's take a five-minute break while

1          (Proceedings adjourned at 4:59 p.m.)

2

3                    C E R T I F I C A T E

4

5        I certify that the foregoing is a true and correct

6    transcript of the proceedings in the above-entitled matter.

7

8    _____          December 13, 2024
9    MARYANN VALENOTI, RMR, CRR                      DATE
     Official Court Reporter
10   CA CSR #11266

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

# Exhibit 4

## Cases with Dale K. Galipo

| Case Name | Case # | Venue | Date Opened & Active | DAG | Trial Date |
|---|---|---|---|---|---|
| Maria Yuriar and Juan Guillermo v. State of California (CHP), et al. | 4:23-cv-06438 KAW | USDC-Northern Dist. | 1/31/2024 | Kymberly Speer | 12/8/2025 |
| Lee Hawj, et al. v. Jacob Nicholas, et al. | 2:22-CV-01978 JAM AC | USDC-Eastern Dist. (Sacramento) | 11/9/2022 | Amie Bears | |
| David Couch, Sr. v. State of Calif. (CHP), et al. | 2:24-cv-00481-TLN-AC | USDC-Eastern Dist. (Sacramento) | 1/31/2024 | Amie Bears | |
| Edgar Solis v. County of Riverside, et al. (CHP) | 5:23-cv-00515-HDV-JPR | USDC-Central Dist. | 3/3/2023 | David Klehm | 10/29/24 |
| Sesma v. State of California, et al | 5:21-cv-1694-JWH | USDC-Central District | 3/16/21 | David Klehm | 12/3/24 |
| Akaysia Pearson, et al. v. State of California, et al. | 23CV001559 | Monterey Co. | 5/31/2023 | Jay M. Goldman | 1/12/26 |
| Akaysia Pearson, et al. [APPEAL] v. State of California, et al. | 23-15750 | Ninth Circuit | 5/22/23 | Jay M. Goldman | |
| Freddie Quair v. County of Kings, et al | 1:20-CV-01793-KJM-SKO | USDC-Eastern Dist. (Fresno) | 3/16/2021 | Norman Morrison | |
| L.C., a minor by and through her GAL Maria Cadena, et al. v. State of Calif., (CHP), et al. | 5:22-cv-00949 | USDC-Central Dist. | 9/2/22 | Diana Esquivel | 6/2/2025 |
| Sandra Kirkman, et al. v. State of Calif., (CHP), et al. | 2:23-cv-07532-DMG-SSC | USDC-Central Dist. | 8/23/23 | Ashley Reyes | |
| Mary Ellen Lennox, individually and as successor in interest to decedent Jordan Zenka v. State of Calif., (CHP), et al. | 2:21-cv-02075-DAD-CSK | USDC-Eastern Dist. (Sacramento) | 10/20/21 | Diana Esquivel | 2/18/2025 |
| Jonathan Wayne Botten, Sr., et al. v. State of Calif. (CHP), et al. | 5:23-cv-257 JGB (SHKx) | USDC-Central Dist. | 4/20/23 | Diana Esquivel | 7/28/25 |
| Brianne Brafford, et al. v. State of Calif. (CHP), et al. | 2:24-cv-03405-DC-SCB | USDC-Eastern Dist. (Sacramento) | 11/20/24 | LeeAnn Whitmore | |