ROB BONTA, State Bar No. 202668
Attorney General of California
CATHERINE A. WOODBRIDGE, State Bar No. 186186
Supervising Deputy Attorney General
LEEANN E. WHITMORE, State Bar No. 214870
Deputy Attorney General
JOHN C. BRIDGES, State Bar No. 248553
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 210-7515
 Telephone: (916) 210-7529
 Fax: (916) 322-8288
 E-mail: LeeAnn.Whitmore@doj.ca.gov
 E-mail: John.Bridges@doj.ca.gov
*Attorneys for Defendants State of California,
acting by and through the California Highway
Patrol and Edgardo Yepez*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **I. H., a minor by and through her mother and guardian ad litem PRISCILLA MACIAS, et al.,**<br><br>                                                      Plaintiff,<br><br>v.<br><br>**STATE OF CALIFORNIA, et al.,**<br><br>                                                      Defendants. | Case No: 2:19-CV-02343-DAD-AC<br><br>**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR A NEW TRIAL OR IN THE ALTERNATIVE REMITTITUR**<br><br>Date:             February 3, 2025<br>Time:             1:30 p.m.<br>Courtroom:    4<br>Judge:           The Honorable Dale A. Drozd<br>Trial Date:     October 16, 2024<br>Action Filed:  April 2, 2019 |

Defendants, State of California, by and through the California Highway Patrol (CHP) and Edgardo Yepez submit the following reply in support of their motion for a new trial or in the alternative remittitur. Plaintiffs have provided no materials to support their argument that the award of $500,000 in economic damages was supported by evidence in the October 2024 trial. Additionally, new trial should be granted because the exclusion of Mr. Hurtado's statements at

1

the scene severely prejudiced defendants and limited its ability to obtain testimony from independent witnesses.

## FACTUAL AND PROCEDURAL BACKGROUND

The retrial on this matter proceeded on October 16, 2024. The Court excluded any reference to statements Mr. Hurtado made at the scene about using drugs and alcohol. The defense argued that the statements including those heard by paramedic Diane Valenzuela and Stanislaus Sheriff Deputy Merrett that he was drunk and blown or "coked out of mind" were relevant as they called into question Mr. Hurtado's testimony and ability to recall events. Despite this, the Court excluded them holding that they were more prejudicial than probative. During the March 2024 trial, the Court limited testimony of Ms. Valenzuela that was read into evidence, but allowed the testimony that he was drunk and had used drugs.

During the October 2024 trial, Ms. Valenzuela testified in person, but the Court would not allow her to testify regarding the statement. Additionally, the Court excluded Officer Yepez from testifying about the statements he heard. Deputy Merrett was not called because he would not be allowed to testify regarding the statement he heard. Because the testimony was excluded, Plaintiffs' counsel was allowed to introduce Mr. Hurtado's prior testimony that he did not reach for his gun and did not intend to shoot the officers, but the defense was prohibited from introducing testimony from two independent witnesses and Officer Yepez about Mr. Hurtado's statements at the scene which would have allowed the jury to evaluate Mr. Hurtado's ability to perceive and recall events at the scene. This was prejudicial to the defense and warrants a new trial.

## ARGUMENT

### I.  MOTION FOR NEW TRIAL OR REMITTITUR IS APPROPRIATE AS THE ECONOMIC DAMAGE AWARD IS NOT SUPPORTED BY EVIDENCE

Plaintiffs' opposition claims that the $500,000 award of economic damages was supported by evidence. However, the only evidence of economic damages introduced by Plaintiffs was Dr. Stephenson's testimony of $23,000 in medical specials. Ex. 1 to Decl. of LeeAnn Whitmore (Whitmore Decl.,) C.T. Oct. 21, 2024, at p. 110:14-17. No medical bills or other evidence of

payments for out of pockets medical treatment or other services were admitted into evidence. In closing arguments, Mr. Galipo acknowledged that the only evidence of economic damages was the $23,000 in medical specials. Whitmore Decl. Ex. 2, C.T. October 23, 2024, at p. 171:21-25.

Plaintiffs' opposition claims that they provided evidence of the reasonable value of household services. No such evidence was presented. The jury was instructed that Plaintiffs had the burden of proving damages by a preponderance of the evidence. ECF 242, p. 25, Instruction 20. They were instructed regarding two types of economic damages: (1) the reasonable value of necessary medical care, treatment and services up until June 28, 2024, and (2) the reasonable value of necessary household services other than medical and expenses up until June 28, 2024. *Id.* The Verdict Form specifically separated economic damages and non-economic damages and specifies pain, suffering, disfigurement, loss of enjoyment of life were items of non-economic damages. ECF 241 at p. 3. Plaintiffs provided no evidence of what household services were performed or the reasonable value of the services. Thus, the $500,000 award is based on either jury speculation or a failure to follow instructions. Either error requires the Court to reduce the economic damages award to $23,000 to correspond to evidence or grant Defendants' motion for new trial

## II. THE COURT'S EXCLUSION OF MR. HURTADO'S STATEMENTS ABOUT DRUG AND ALCOHOL USE SUBSTANTIALLY PREJUDICED DEFENDANTS.

On October 16, 2024, the Court excluded Mr. Hurtado's statements at the scene as being drunk and blown because the Court perceived Defendants' counsel's closing argument about Mr. Hurtado's statements about drug and alcohol use in the March 2024 trial as an attempt to attack his character. Defense counsel has consistently argued that the statements were relevant to Mr. Hurtado's credibility and ability to recall events. Additionally, Defendants advised the Court during October 2024 trial that paramedic Diane Valenzuela would testify that Mr. Hurtado said that he was drunk and used cocaine and Deputy Merrett's statement that Mr. Hurtado was drunk and coked out of his mind. Mr. Hurtado's perception of being drunk and coked out of his mind is clearly relevant to his ability to see and perceive, something that Plaintiffs clearly relied on in their case in chief, and the jury should have been allowed to hear these statements. The statements

were from independent witnesses who would have called into question Mr. Hurtado's self-serving statements that he did not reach for the gun or intend to shoot the officers. Without the testimony about plaintiffs' statements at the scene in the October 2024 trial, Mr. Galipo was allowed to just read Mr. Hurtado's testimony and the defense could not counter it.

While Plaintiffs' counsel argues that this testimony would not have changed the trial outcome, this is not supported by the record. In the March 2024 trial, the Court allowed Officer Yepez's testimony that Mr. Hurtado said he was drunk and paramedic Diane Valenzuela's deposition testimony that Mr. Hurtado told her that he used alcohol and a controlled substance. Because the jury could not come to a unanimous verdict on liability the trial result was a mistrial.

During the October 2024 trial, Mr. Galipo was able to just read Mr. Hurtado's testimony that he did not reach for the gun or intend to shoot the officers and then refer on a number of occasions to his minor children who were now plaintiffs. The defense was unable to present the above evidence that would have called into question Mr. Hurtado's recollection and perception of events on March 15, 2018. This was unduly prejudicial and warrants a new trial.

## CONCLUSION

For the foregoing reasons, Defendants request that the Court grant their motion for new trial as the economic damages are against the clear weight of evidence and the Court's exclusion of statements made by Mr. Hurtado at the scene substantially prejudiced defendants.

Dated: January 8, 2025                                    Respectfully submitted,

ROB BONTA
Attorney General of California
CATHERINE WOODBRIDGE
Supervising Deputy Attorney General

/s/ *LeeAnn E. Whitmore*

LEEANN E. WHITMORE
Deputy Attorney General
JOHN C. BRIDGES
Deputy Attorney General
*Attorneys for Defendants State of California, acting by and through the California Highway Patrol and Edgardo Yepez*

LA2019501468386773773.docx