ROB BONTA, State Bar No. 202668
Attorney General of California
CATHERINE A. WOODBRIDGE, State Bar No. 186186
Supervising Deputy Attorney General
LEEANN E. WHITMORE, State Bar No. 214870
Deputy Attorney General
JOHN C. BRIDGES, State Bar No. 248553
Deputy Attorney General
1300 I Street, Suite 125
P.O. Box 944255
Sacramento, CA 94244-2550
Telephone: (916) 210-7515
Telephone: (916) 210-7529
Fax: (916) 322-8288
E-mail: LeeAnn.Whitmore@doj.ca.gov
E-mail: John.Bridges@doj.ca.gov
*Attorneys for Defendants State of California, acting by and through the California Highway Patrol and Edgardo Yepez*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **I. H., a minor by and through her mother and guardian ad litem PRISCILLA MACIAS, et al.,** | Case No: 2:19-CV-02343-DAD-AC |
| Plaintiff, | **DECLARATION OF LEEANN E. WHITMORE IN SUPPORT OF REPLY FOR MOTION FOR NEW TRIAL OR REMITTITUR** |
| **v.** | |
| **STATE OF CALIFORNIA, et al.,** | Date: February 3, 2025<br>Time: 1:30 p.m.<br>Courtroom: 4<br>Judge: The Honorable Dale A. Drozd<br>Trial Date: October 16, 2024<br>Action Filed: April 2, 2019 |
| Defendants. | |

I, LeeAnn E. Whitmore declare:

1. I am an attorney at law, licensed to practice in state and federal courts in the State of California, and am employed as a Deputy Attorney General in the California Office of the Attorney General. In that capacity, I represent Defendants, State of California, by and through,

California Highway Patrol and Edgardo Yepez in the above case. I have been the primary handling attorney for defendants since July 7, 2019. I have personal knowledge of the matters set forth in this declaration and if called to testify could testify competently thereto.

2. Attached as **EXHIBIT 1** is a true and correct copy of relevant portions of the Certified Trial Transcript on October 21, 2024.

3. Attached as **EXHIBIT 2** is a true and correct copy of relevant portions of the Certified Trial Transcript on October 31, 2024.

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct and made from my own personal knowledge. Executed this 8th day of January, 2025.

*/s/ LeeAnn E. Whitmore*
LEEANN E. WHITMORE

LA2019501468
38677374.docx

# Exhibit 1

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

--oOo--

| | |
|---|---|
| I.H., a minor, et al.,, Plaintiff, v. STATE OF CALIFORNIA, et al., Defendants. | Case No. 2:19-CV-02343-DAD-AC<br>Sacramento, California<br>October 21, 2024, 9:08 a.m.<br>Re: Trial Day 4 |

TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE DALE A. DROZD
UNITED STATES DISTRICT JUDGE

APPEARANCES:

For the Plaintiff: LAW OFFICES OF DALE K. GALIPO by
MR. DALE K. GALIPO
21800 Burbank Boulevard, Suite 310
Woodland Hills, California 91367

GUIZAR, HENDERSON & CARRAZCO by
MR. ANGEL CARRAZCO, JR.
MR. KENT MATTHEW HENDERSON
18301 Irvine Boulevard
Tustin, California 92780

For the Defendants: OFFICE OF THE ATTORNEY GENERAL
DEPARTMENT OF JUSTICE by
MS. LEEANN E. WHITMORE
MR. JOHN C. BRIDGES
1300 I Street,
Sacramento, California 95814

MARYANN VALENOTI, RMR, CRR
Official Court Reporter
501 I Street, Suite 4-200
Sacramento, CA 95814
mvalenotiRMRCRR@gmail.com
(916)930-4275

Proceedings reported via mechanical steno - transcript produced via computer-aided transcription

Syndrome play a big part in his problems?

A It absolutely does. It didn't only affect his mobility, his ability to stand and, let's say, cook or clean, his ability to walk community distances, but there was also a profound pain component with that. So if he had just the atrophy and the contractures, that would be one thing, but he had such profound hypersensitivity and significant pain associated with this injury, that the combination of the two, even if we don't consider the PTSD, was very limiting, profoundly limiting.

Q And I'm assuming all these recommendations that you had for Mr. Hurtado, as I understand it, would cost -- would need money to have them or fund them?

A Correct, yes.

Q And you yourself, your clinic and your treatment of Mr. Hurtado over the few years you saw him, was your bill outstanding approximately 23,000?

A Yes.

MR. GALIPO: Thank you.

That's all I have, Your Honor.

THE COURT: Cross-examination?

MR. BRIDGES: Yes, Your Honor.

CROSS-EXAMINATION

BY MR. BRIDGES:

Q Good afternoon, Dr. Stephenson. How are you?

A Good afternoon. I'm fine, thank you.

C E R T I F I C A T E

I certify that the foregoing is a true and correct transcript of the proceedings in the above-entitled matter.

MARYANN VALENOTI, RMR, CRR
Official Court Reporter
CA CSR #11266

December 9, 2024
DATE

# Exhibit 2

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

--o0o--

I.H., a minor, et al., ) Case No. 2:19-CV-02343-DAD-AC
)
Plaintiff, ) Sacramento, California
v. ) October 23, 2024, 9:22 a.m.
)
STATE OF CALIFORNIA, et al., ) Re: Trial Day 6
)
Defendants. )

TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE DALE A. DROZD
UNITED STATES DISTRICT JUDGE

APPEARANCES:

For the Plaintiff: LAW OFFICES OF DALE K. GALIPO by
MR. DALE K. GALIPO
21800 Burbank Boulevard, Suite 310
Woodland Hills, California 91367

GUIZAR, HENDERSON & CARRAZCO by
MR. ANGEL CARRAZCO, JR.
MR. KENT MATTHEW HENDERSON
18301 Irvine Boulevard
Tustin, California 92780

For the Defendants: OFFICE OF THE ATTORNEY GENERAL
DEPARTMENT OF JUSTICE by
MS. LEEANN E. WHITMORE
MR. JOHN C. BRIDGES
1300 I Street,
Sacramento, California 95814

MARYANN VALENOTI, RMR, CRR
Official Court Reporter
501 I Street, Suite 4-200
Sacramento, CA 95814
mvalenotiRMRCRR@gmail.com
(916)930-4275

Proceedings reported via mechanical steno - transcript produced via computer-aided transcription

The answer is clearly, yes. I think that's undisputed; that he had gunshot wounds, he had the pain syndrome, he had Post Traumatic Stress Disorder, he was a mess. Imagine living for six years and three months in constant, severe pain. I don't know about you guys, and I'm the first one to admit I'm a big baby when it comes to pain. One or two days, I have a little pain and I'm like totally thrown off. Six years and three months.

"Was Edgardo Yepez negligent?"

You'll have a couple instructions on negligence. That's even a -- that's a lower standard than the excessive, unreasonable force. I would submit the answer is clearly yes.

"Was the negligence a substantial factor in causing harm?"

I would say that's clearly yes.

And there's one more question, that's the damages, so again, when it comes to damages, you have to think, did they prove, more likely true than not, that he suffered injury or damages? And then you have to decide amongst each other what do you think would be fair?

Now, there's two elements of damages: Past economic damages. The only thing we put into evidence on that is really Dr. Stephenson's medical bills, outstanding, 23,000, all we put into evidence on that. So that would be the number, if you get there. The more difficult question is, what's the damages for

past noneconomic? Now, you'll have the instruction on that -- wrong instruction. Well, I can't find it, but I remember it. There's different elements of damages, there's pain, there's suffering, there's physical pain, there's emotional/mental anguish, emotional distress, disfigurement, loss of enjoyment of life, these are all elements of damages recoverable by law.

Now, quite frankly, it's very subjective. I was Francisco's lawyer, now I'm the children's lawyer, so I'm going to ask for a big number on their behalf. I'm going to leave it up to you guys, and I'm going to respect whatever number you come up with that you think is appropriate. But six years and three months with those injuries, severe constant pain and suffering, I think your verdict should be between 4 and $6 million. It could be higher, it could be lower, it could be in that range, it's totally up to you. But I believe based on the evidence that you've heard, the doctor's testimony, from Braaton, Stephenson, Prager, Nurse Meinhard, and really, what evidence has there been on the other side that he didn't have these injuries or didn't have this pain?

So that's it. Thank you for listening to me. I know it's late in the day, and I know guys have been really putting a lot into this, so I really appreciate that. And opposing counsel is going to have some words and I want you to listen to them as well. Thank you.

THE COURT: Let's take a five-minute break while

(Proceedings adjourned at 4:59 p.m.)

CERTIFICATE

I certify that the foregoing is a true and correct transcript of the proceedings in the above-entitled matter.

MARYANN VALENOTI, RMR, CRR
Official Court Reporter
CA CSR #11266

December 13, 2024
DATE