Humberto Guizar, Esq.        (SBN 125769) hguizar@ghclegal.com
Kent M. Henderson, Esq.      (SBN 139530) hendolaw@gmail.com
Angel Carrazco, Jr. Esq.     (SBN 230845) angel@carrazcolaw.com
**GUIZAR, HENDERSON & CARRAZCO, LLP**
18301 Irvine Boulevard
Tustin, CA  92780
Telephone: (714) 541-8600
Facsimile:  (714) 541-8601

Attorneys for Plaintiffs I.H., et. al.

**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| I.H., a minor by and through her mother and guardian Priscilla Macias, as successor in interest to Francisco Hurtado; E.H., a minor by and through her mother and guardian Priscilla Macias, as successor in interest to Francisco Hurtado; F.H., a minor by and through his mother and guardian Priscilla Macias, as successor in interest to Francisco Hurtado; and A.H., a minor by and through his mother and guardian Priscilla Macias, as successor in interest to Francisco Hurtado,<br><br>　　　　　　Plaintiffs,<br>v.<br><br>STATE OF CALIFORNIA; CALIFORNIA HIGHWAY PATROL; EDGARDO YEPEZ aka EDGARDO LOPEZ; and DOES 1 through 100, inclusive,<br>　　　　　　Defendants. | CASE NO: 2:19-cv-02343-DAD-AC<br><br>**DECLARATION OF ANGEL CARRAZCO, JR. IN SUPPORT OF PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR ATTORNEYS' FEES**<br><br>[*Hon. Dale A. Drozd, District Judge; Hon. Allison Claire, Magistrate J.*] |

**DECLARATION OF ANGEL CARRAZCO, JR.**

I, Angel Carrazco, Jr., do hereby declare and state as follows:

1. I am an attorney at law, duly licensed to practice before all courts of the State of California and the following Federal Courts: United States District Court for the Northern, Eastern, Central and Southern Districts of California. My Professional Corporation is a partner in GUIZAR, HENDERSON & CARRAZCO, LLP, counsel of record for the Plaintiffs in the above-entitled action. The facts stated in this declaration are of my own personal knowledge and/or I am informed and believe they are true and if called upon to testify as a witness, I could and would competently testify thereto.

2. The Defendants' Opposition and the Declaration of Leeann Whitmore seem to try to intimate that I somehow double-billed for time when I was attending to the *Molina* case that was taking place in Sacramento Superior Court. In Defendants' Opposition it states, regarding the *Molina* case, "Mr. Carrazco participated in a hearings [sic] on that case on February 26, 2024 March 8, 2024." (Defs' Opp, page 4, lines 18-22; Whitmore Declaration, Doc. 273-3, filed 12/31/24, page 3, lines 27-28; [page 4, lines 1-2). In my time sheet (Exhibit 13, Doc. 263-17, filed 12/09/24, page 17) my only billing for this Hurtado case is, "2/26/2024 Review email from Wong subpoenaed radiologist and followed up 0.5"." That entry is accurate. I was able to do that 1/2 hour of work on this Hurtado case on February 26, 2024, even with whatever was happening in the *Molina* case.

3. On March 8, 2024, I was able to do the 9.3 hours listed there which was trial preparation work including meeting with the family to prepare them and the other tasks listed. (See Exhibit 13, Doc. 263-17, filed 12/09/24, page 19). If you look at the Defendants' Request for Judicial Notice Exhibit RJN 1, Doc. 274, filed 12/31/2024, page 7, you can see that this *Molina* hearing was a 9:00 a.m. Zoom hearing on a 402 witness (not a full trial day). You will

2

see that the attorneys for Plaintiffs in the *Molina* case include, Joseph Low, IV and Daniel Rodriguez, who tried most of the *Molina* case. March 8, 2024, was a 402 hearing with Judge Gevercer keeping it short because there had already been full briefing on the intended scope of testimony of that witness, Dr. Dublin. I was able to prepare the clients in the afternoon and evening to do the other task listed that day for this Hurtado case.

4. Defendants' Opposition goes on to state "[t]he *Molina* case commenced trial in Sacramento County Superior Court on March 18, 2024. Minute orders show that Mr. Carrazco was personally present for that trial from March 18, 2024, to April 4, 2024." (Defs' Opp., page 5, lines 1-3; See also the Declaration of Leeann Whitmore, para. 15). Again, there is some intimation by Defendants and Ms. Whitmore that I double-billed or tried to say I was in two places at once which isn't true. The time sheet I submitted for this Hurtado case shows the very limited time from March 18, 2024 to April 4, 2024 as follows:

| | | |
|---|---|---|
| 3/18/2024 | Review emails back/forth re: invoices for Dr. Stephenson to testify at trial | 0.2 |
| 3/18/2024 | Review email from Wilmott & attached docs | 0.2 |
| 3/21/2024 | Review email from Bri & inv re: exhibit print | 0.2 |
| 3/21/2024 | Review email from Bri w/Johnson inv | 0.2 |
| 3/25/2024 | Teleconference discussion re: Hurtado | 0.2 |
| 3/25/2024 | Review email to Whitmore re: zoom status conf, rev'd reply, followed up | 0.2 |
| 3/28/2024 | Review email to Galipo & Le re: dates for status conf on follow up | 0.2 |
| 3/28/2024 | Review email to Whitmore re: status conf & follow up | 0.2 |
| 3/29/2024 | Review email to Buzo re: follow up status conf | 0.2 |
| 3/31/2024 | Review invoice of DeFoe re: trial & fwd'd | 0.2 |

(See Angel Carrazco Time Sheet at Exhibit 13, Doc. 263-17, filed 12/09/24, page 21).  The time listed for March 18, 2024 to April 4, 2024 in this Hurtado case is only like 12 minutes to 15 minutes per day which is accurately reflected in the time sheet filed in this case. (Defendants' Opposition discusses this February 26, 2024, to March 8, 2024 time period and how the *Molina* case was on-going again at page 9, lines 17-21 of Defendants' Opposition but, again, the time sheet I submitted in Hurtado shows that there was just entries of 0.2 for certain tasks – it is very limited).

5. Defendants' Opposition claims that I had improper, what they are calling, "block billing."  (See Defendants' Opposition, page 25, lines 11-16).  First, it is not bock billing, it is billing for time I actually spent.  Second, the Defendants' Opposition again seems to suggest that I was billing for time that I did not attend trial in this Hurtado case from March 11, 2024 to March 15, 2024 which is not true. The Opposition states, "He bills for 15 hours per day from March 11-March 15, 2024 for "Prep. For trial, trial, posttrial debrief and strategy." (Defs' Opp., page 15, lines 11-12).  If you look at the Docket Sheet in this case, it shows that *I was present* in trial on March 11, 2024 [Doc. 139]; March 12, 2024 [Doc. 140]; March 13, 2024 [Doc. 141]; March 14, 2024 [Doc. 142]; and March 15, 2024 [Doc. 145]. The time sheet I submitted accurately stated the work I performed on those dates.

6. Defendants' Opposition again seems to suggest that I was billing for time that I did not attend trial in this Hurtado case from October 16 to October 25, 2024 which is not true. The Opposition states, "[s]imilarly, he billed for 15 hours on October 16, October 17, October 18, October [sic.], October 22, October 23, October 24 and October 25, 2024, for Prepared for, attended and debriefed re: trial."  If you look at the Docket Sheet in this case, it shows that *I was present* in trial on October 16, 2024 [Doc. 224]; October 17, 2024 [Doc. 226]; October 18, 2024 [Doc. 228]; October 21, 2024 [Doc. 232]; October 22, 2024 [Doc. 233]; October 23, 2024 [Doc.

4

234]; and October 24, 2024 [Doc. 236]. The time sheet I submitted accurately stated the work I performed on those dates.

7.  Defendants' Opposition states that "Mr. Carrazco spent 20 hours of 'trial preparation time' in Sacramento on March 9 and 10, 2024 which was unnecessary." (Def's Opp., page 16, lines 22-23). March 9 and 10, 2024 were the Saturday and Sunday before the start of the Monday, March 11, 2024 (first) trial. The time I billed for the preparation is accurate. I was preparing for trial, including communications with the other lawyers and staff and the clients. In the first trial, Defendants had listed numerous medical experts, including on damages, and we had taken their depositions and had to be prepared that they would testify. The lawyers worked together as a team, highlighting key points, discussing what to put in and what to leave out, etc. I always prepare for trial on the weekend before trial and I think almost any attorney whose law firm has a case going to trial does the same. I was doing a lot of the preparation on damages at that time as well. I should be compensated for the time I spent and it was actually spent and it was necessary despite what Defendants (with no basis) suggest.

8.  Defendants' Opposition states that "Mr. Carrazco billed 40 hours conferencing with Mr. Galipo's firm and Mr. Henderson billed 63.40 hours conferencing with Mr. Galipo's firm. Experienced attorneys should not require this exorbitant amount of time conferencing. This intraoffice conferencing should also be disallowed in its entirety." (Defs' Opp., page 19, lines 8-11). The amount of time is not "exorbitant." The case was handled by my firm for several years before Mr. Galipo entered the case. I took the depositions of Defendant Edgardo Yepez and CHP Officer Michael Randazzo and was familiar with their demeanor and how they testified. My Office retained the bullet trajectory analysis expert, Jesse Wobrock and made sure that he did a site visit (scene of the SUV rollover) and that he met with Francisco Hurtado to look with his own eyes at the bullet entry and exit wounds. Mr. Henderson and Mr. Holm

5

DECLARATION OF ANGEL CARRAZCO, JR. IN SUPPORT OF REPLY TO OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEYS' FEES

prepared the Opposition to Motion for Summary Judgment.  The statement that "experienced attorneys should not require this [ ] amount of conferencing" is pure speculation and unfounded by Defendants' counsel who do not handle Plaintiff's Civil Rights Cases.  Experienced Plaintiff's civil rights attorneys do require this amount of conferencing.  This amount of conferencing was done by Mr. Henderson and I and it should not only not be "disallowed in its entirety" it should all be compensated.

9.  The Defendants' Opposition suggest that I am seeking compensation for "acting as a chauffeur for [my] retained expert and to drive [my] client to a medical appointment." (Defs' Opp., page 21, lines 2-3). The reality is that these were times when we were able to confer on the case, including to have the expert do the work that the Defendants' expert did not do (actual inspection of the clients wounds). It is always helpful for an attorney to go to the site of the incident and to confer with his client.

10.  Defendants' Opposition criticizes the travel to Sacramento by Mr. Henderson that took 9 hours.  (Defs' Opp., page 21, lines 7-9).  The travel for Mr. Henderson is that I had him drive to Sacramento in March, 2024, in the week before trial was set to start, to bring up all the other trial materials and establish a base of operations (this could not fit on an airplane, we filled the back of an SUV with our printer, depo boxes, extra copies of exhibits, etc.).  This time was actually expended, was appropriate and should be compensated.

11.  In general, the Defendants' Opposition and supporting Declarations, make it sound like we didn't need to do all that we needed to do.  But we did need to what all that we did.  The Defendants, their counsel and Mr. Schratz, were not there when were working as a team to prepare for trial and they do not know what it takes to put on a Plaintiff's side Civil Rights Police Shooting case.  Much of what they say about what "experienced" attorneys would do or how you don't have to do this or that appears to stem from a lack of being an experienced

Plaintiff's civil rights attorney (who has the burned of proof to prove liability, causation and damages). In these cases, you have to do everything you can to prevail and that includes working as a team with all the lawyers chipping in, working with staff and putting it all together.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.  Executed this 15th day of January 2025, at Tustin, California.

/S/ ANGEL CARRAZCO, JR.
_____
Angel Carrazco, Jr., Declarant