**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
E-mail: dalekgalipo@yahoo.com
Hang D. Le (SBN 293450)
E-mail: hlee@galipolaw.com
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333; Fax: (818) 347-4118

Humberto M. Guizar, Esq.    (SBN 125769)
Kent M. Henderson, Esq.     (SBN 139530)
Angel Carrazco, Jr., Esq.   (SBN 230845)
**GUIZAR, HENDERSON & CARRAZCO, L.L.P.**
18301 Irvine Boulevard, Tustin, CA 92780
Telephone:    (714) 541-8600
Facsimile:    (714) 541-8601
Email:        hguizar@ghclegal.com
              hendolaw@gmail.com
              angel@carrazcolawapc.com

Attorneys for Plaintiffs I.H., E.H., F.H., and A.H.

**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| I.H., a minor by and through her mother and guardian Priscilla Macias, as successor in interest to Francisco Hurtado; E.H., a minor by and through her mother and guardian Priscilla Macias, as successor in interest to Francisco Hurtado; F.H., a minor by and through his mother and guardian Priscilla Macias, as successor in interest to Francisco Hurtado; and A.H., a minor by and through his mother and guardian Priscilla Macias, as successor in interest to Francisco Hurtado;<br><br>Plaintiffs,<br><br>v.<br><br>STATE OF CALIFORNIA; CALIFORNIA HIGHWAY PATROL; EDGARDO YEPEZ aka EDGARDO LOPEZ; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 2:19-cv-02343-DAD-AC<br><br>**PLAINTIFFS' OBJECTIONS TO THE DECLARATION OF JAMES P. SCHRATZ AND REQUEST TO STRIKE SCHRATZ DECLARATION IN ITS ENTIRETY, OR IN THE ALTERNATIVE, PORTIONS OF SCHRATZ DECLARATION** |

**TABLE OF CONTENTS**

OBJECTION NO. 1 AND REQUEST TO STRIKE SCHRATZ DECLARATION IN ITS ENTIRETY .................................................................................................................. 1

    A.    Insufficient and Incorrect Data and Unreliable Methodology in Determining Reasonable Hours .................................................................................................... 2

    B.    Unreliable Data and Methodology in Determining Reasonable Attorney Hourly Rates ............................................................................................................ 8

    C.    Mr. Schratz's Opinions are Unreliable and His Declaration Should Be Stricken in Its Entirety .............................................................................................. 10

OBJECTION NO. 2 AND REQUEST TO STRIKE PORTIONS OF SCHRATZ DECLARATION ............................................................................................................... 11

# TABLE OF AUTHORITIES

Cases

*Amphastar Pharms. Inc. v. Aventis Pharma SA*,
  No. 5:09-CV-00023-SHK, 2020 WL 8680070 (C.D. Cal. Nov. 13, 2020) ...................... 2, 4

*Branham v. Snow*,
  No. 1:01-CV-0152-JDT-WTL, 2006 WL 1750443 (S.D. Ind. June 19, 2006).................... 9

*Brown v. City of Pittsburgh*,
  No. CIV.A 06-393, 2010 WL 2207935 (W.D. Pa. May 27, 2010) ...................................... 9

*Conde v. Velsicol Chem. Corp.*,
  24 F.3d 809 (6th Cir. 1994) ............................................................................................... 2

*Crawford Fitting Co. v. J.T. Gibbons, Inc.*,
  482 U.S. 437 (1987) .......................................................................................................... 6

*Curtin v. Cnty. of Orange*,
  No. SACV16-00591-SVW-PLA, 2018 WL 10320668 (C.D. Cal. Jan. 31, 2018)........ 3, 8, 9

*Daubert v. Merrell Dow Pharm., Inc.*,
  509 U.S. 579 (1993) .......................................................................................................... 1

*Donastorg v. City of Ontario*,
  No. EDCV18992JGBSPX, 2021 WL 6103545 (C.D. Cal. Sept. 23, 2021).................... 7, 10

*Duran v. U.S. Bank Nat. Ass'n*,
  No. 2001-035537, 2010 WL 5607042 (Cal. Super. Dec. 16, 2010) ................................... 9

*Ecological Rts. Found. v. Hot Line Constr., Inc.*,
  No. 5:20-CV-01108-AB-KK, 2024 WL 3507023 (C.D. Cal. July 19, 2024) .................... 11

*Gates v. Deukmejian*,
  987 F.2d 1392 (9th Cir. 1992) ....................................................................................... 3, 6

*General Elec. Co. v. Joiner*,
  522 U.S. 579 (1993) .......................................................................................................... 2

*Gordon v. Los Angeles Unified Sch. Dist.*,
  No. 218CV00919CASJCX, 2019 WL 2511936 (C.D. Cal. June 17, 2019) ...................... 11

*Greenpeace, Inc. v. Stewart*,
  No. 17-35945, 2020 WL 2465321 (9th Cir. May 12, 2020) ............................................. 10

*Hensley v. Eckerhart*,
  461 U.S. 424 (1983) .......................................................................................................... 5

*Ibrahim v. U.S. Dep't of Homeland Sec.*,
  912 F.3d 1147 (9th Cir. 2019)............................................................................................ 5

*In re Paoli R.R. Yard PC Litig.*,
  35 F.3d 717 (3rd Cir. 1994)............................................................................................... 1

*Kalani v. Starbucks Corp.*,
    No. 13-CV-00734-LHK, 2016 WL 379623 (N.D. Cal. Feb. 1, 2016) .................................. 9

*King Cnty. v. Rasmussen*,
    299 F.3d 1077, 1082 (9th Cir. 2002) .............................................................................. 11

*Kumho Tire Co., Ltd. v. Carmichael*,
    526 U.S. 137 (1999) ......................................................................................................... 1

*Lopez v. San Francisco Unified Sell. Dist.*,
    385 F. Supp. 2d 981 (N.D. Cal. 2005) ............................................................................. 8

*Monagahan v. Telecom Italia Sparkle of North America, Inc.*,
    No. CV1300646ABCPLAX, 2014 WL 12639268 (C.D. Cal. Oct. 21, 2014) ...................... 6

*Moreno v. City of Sacramento*,
    534 F.3d 1106 (9th Cir. 2008) ......................................................................................... 7

*Nelson v. Tennessee Gas Pipeline Co.*,
    243 F.3d 244 (6th Cir. 2001) ........................................................................................... 2

*Olguin v. FCA US LLC*,
    No. 1:21-CV-1789 JLT CDB, 2024 WL 4012103 (E.D. Cal. Aug. 30, 2024) ...................... 8

*Prehired, LLC v. Provins*,
    No. 2:22-CV-00384-DAD-AC, 2023 WL 4187461 (E.D. Cal. June 26, 2023) ................... 8

*PSM Holding Corp. v. Nat'l Farm Fin. Corp.*,
    743 F. Supp. 2d 1136 (C.D. Cal. 2010) ........................................................................... 7

*Roberts v. City of Honolulu*,
    938 F.3d 1020 (9th Cir. 2019) ......................................................................................... 9

*Rock River Communications Inc. v. Universal Music Group*,
    276 F.R.D. 633 (C.D. Cal. 2011) ..................................................................................... 7

*Rodriguez v. County of Los Angeles*,
    96 F. Supp. 3d 1012 (C.D. Cal. 2014) ............................................................................. 7

*Schmidt v. City of Modesto*,
    No. 117CV01411DADMJS, 2018 WL 6593362 (E.D. Cal. Dec. 14, 2018) ........................ 8

*Schwarz v. Sec'y of Health & Hum. Servs.*,
    73 F.3d 895 (9th Cir. 1995) ............................................................................................. 5

*Scott v. Jayco Inc.*,
    No. 1:19-CV-0315 JLT, 2021 WL 6006411 (E.D. Cal. Dec. 20, 2021) .............................. 2

*United Steelworkers of Am. v. Phelps Dodge Corp.*,
    896 F.2d 403 (9th Cir. 1990) ......................................................................................... 10

*Webb v. Sloan*,
    330 F.3d 1158 (9th Cir. 2003) ......................................................................................... 5

*West Virginia Univ. Hosps., Inc. v. Casey*,
    499 U.S. 83 (1991) ............................................................................................................... 6

*Wit v. United Behav. Health*,
    578 F. Supp. 3d 1060 (N.D. Cal. 2022) ........................................................................... 2, 4

*Zuegel v. Mountain View Police Dep't*,
    No. 17-CV-03249-BLF, 2021 WL 2808977 (N.D. Cal. July 6, 2021) ................................. 2

<u>Rules</u>

Fed. R. Evid. 702 ............................................................................................................................. 1

**TO THE HONORABLE COURT, DEFENDANTS, AND THEIR ATTORNEYS OR RECORD**:

Plaintiffs I.H., E.H., F.H., and A.H., by and through their mother and guardian Priscilla Macias (collectively "Plaintiffs"), hereby submit their Objections to the Declaration of James P. Schratz and Request to Strike Schratz Declaration in it Entirety, or in the Alternative, Portions of Schratz Declaration.

**OBJECTION NO. 1 AND REQUEST TO STRIKE SCHRATZ DECLARATION IN ITS ENTIRETY**

Mr. Schratz is not qualified as an expert to opine on the reasonableness of attorneys' fees pursuant to Federal Rules of Evidence, Rule 702, and therefore, his entire declaration should be stricken in its entirety and excluded from consideration.

Rule 702 states:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the proponent demonstrates to the court that it is more likely than not that:
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

Fed. R. Evid. 702. The district court has a "gatekeeping role" to screen expert testimony, and judges have discretion to determine whether such testimony is admissible, depending on its reliability and relevance. *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589-97 (1993); *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 147 (1999). Reliability is determined by assessing "whether the reasoning or methodology underlying the testimony is scientifically valid," whereas relevance depends upon "whether [that] reasoning or methodology properly can be applied to the facts in issue." *Id.* at 592–593. "[A]ny step that renders the analysis unreliable…renders the expert's testimony inadmissible." *In re Paoli R.R. Yard PC Litig.*, 35 F.3d 717, 745 (3rd Cir. 1994). Consequently, the Court may exclude an expert's opinions based on obvious mistake in the expert's investigation or reasoning process, *General Elec. Co. v. Joiner*,

522 U.S. 579, 592 (1993), where there are analytical gaps between the data and the opinion, *Conde v. Velsicol Chem. Corp.*, 24 F.3d 809, 814 (6th Cir. 1994), or where the opinion is purely speculative, *Nelson v. Tennessee Gas Pipeline Co.*, 243 F.3d 244, 250 (6th Cir. 2001), among other things.

Mr. Schratz purports to be a fee auditor and argues that Plaintiffs' requested fees should be reduced based upon the number of hours billed and the hourly rates requested. However, Mr. Schratz's declaration does not meet the standards of Rule 702 because his declaration will not help the Court understand the evidence or determine the facts in issue. *See Scott v. Jayco Inc.*, No. 1:19-CV-0315 JLT, 2021 WL 6006411, at *3 (E.D. Cal. Dec. 20, 2021) (in declining to adopt or even consider Mr. Schratz's opinions in deciding an attorneys' fee motion, a district court stated, "whether fees should be awarded—and the reasonableness of the fees requested—are matters of law for the Court to decide.").

Additionally, courts have repeatedly rejected Mr. Schratz's methodologies in determining hourly rates and reasonable hours. *See, e.g., Zuegel v. Mountain View Police Dep't,* No. 17-CV-03249-BLF, 2021 WL 2808977, at *6–7 (N.D. Cal. July 6, 2021) ("[m]ultiple courts, including the Ninth Circuit, have already held that [Mr. Schratz's] methodology in calculating fees lacks legal and factual support."); *Amphastar Pharms. Inc. v. Aventis Pharma SA*, No. 5:09-CV-00023-SHK, 2020 WL 8680070, at *18 (C.D. Cal. Nov. 13, 2020) (rejecting Mr. Schratz's analysis and argument in reducing hours for excessive conferencing); *Wit v. United Behav. Health*, 578 F. Supp. 3d 1060, 1085 (N.D. Cal. 2022), *vacated and remanded due to stipulation by all parties*, No. 22-15184, 2023 WL 8723695 (9th Cir. Dec. 15, 2023) (rejecting Mr. Schratz's arguments for reduction due to block-billing, vagueness, and excessive conferencing due to flawed methodology). Specifically in this case, Mr. Schratz's opinions are neither based on correct or sufficient data nor sound methodology.

    A. <u>Insufficient and Incorrect Data and Unreliable Methodology in Determining Reasonable Hours</u>

First, Mr. Schratz states that the State Bar has cautioned that in evaluating "attorney bill padding," whole number should be scrutinized as they "are probably estimates." Mr. Schratz then

1 argues for deducting *all whole numbers* billed, without actually scrutinizing the activity for those
2 numbers or considering that in the five years of work on this case, there may be some instances
3 during which an activity's time *does* come out to be a whole, round number, and without even
4 considering whether the more reasonable methodology addressing this issue would be a reduction
5 in hours rather than a total exclusion. Categorical exclusion of whole numbers on the basis that
6 they are "probably estimates" and therefore "bill padding," is not reliable methodology but is
7 instead, "unsupported speculation" that is prohibited under *Daubert*. *See Curtin v. Cnty. of*
8 *Orange*, No. SACV16-00591-SVW-PLA, 2018 WL 10320668, at *12 (C.D. Cal. Jan. 31, 2018)
9 (declining to consider Mr. Schartz's declaration in determining attorney' fees because the district
10 court found that Mr. Schratz's "opinions are based on 'subjective belief' and are 'unsupported
11 speculation' prohibited by *Daubert*.').

12      Second, Mr. Schratz states, "Attorneys billing more than 10 hours a day when they are not
13 traveling, **not in court** or not at a deposition, should be suspect." (Schartz Decl. ¶ 72 (emphasis
14 added)). Yet, in Exhibit 10, he lists numerous entries during which Mr. Galipo, Mr. Henderson,
15 and Mr. Carrazco were in court for trial as "suspect" days of 10+ billing hours. The other entries
16 listed in Exhibit 10 were days in which the trial attorney spent preparing for trial—which as
17 anyone in the litigation field knows, requires extensive time commitment.

18      Third, Mr. Schratz takes issue with Mr. Henderson's review of Mr. Hurtado's medical
19 records, contending that Mr. Henderson should have delegated this task to someone with a lower
20 hourly rate. However, Mr. Henderson was one of the two main attorneys at the time who took and
21 defended all depositions, including medical expert depositions. In order to sufficiently prepare for
22 these depositions, Mr. Henderson would need to have had a detailed understanding of the records
23 that these medical experts relied upon for their opinions. Moreover, Mr. Schratz does not give a
24 "concise but clear" explanation as to how Plaintiffs' attorneys' supposed failure to delegate tasks
25 factors into his "across-the-board percentage reduction," which the Ninth Circuit has held is
26 inappropriate. *See Gates v. Deukmejian*, 987 F.2d 1392, 1400 (9th Cir. 1992).

27      The same is true for "vague entries," "excessive times spent on particular tasks,"
28 "excessive conferencing," "disallowance of fees related to the first trial," "fees disallowed for

1  preparing experts and Rule 26 Report," "fees disallowed related to Mr. Hurtado's future medical
2  treatment/costs," and "duplicative work."[1] Instead of specifically coming up with a specific
3  percentage of reduction for these entries related to these categories, based on the numbers of
4  entries and the lodestar, or provide an explanation as to how these categories contributed to a fifty
5  percent "across-the-board percentage reduction,"  Mr. Schratz claims that that these categories are
6  simply considered in his "across-the-board percentage reduction." Such imprecise methodology
7  suggests that Mr. Schratz may have come up with number for his "across-the-board percentage
8  reduction" first, then worked his way backward to find justification for that number.

9  Fourth, courts have criticized Mr. Schratz's methodology in determining "excessive
10 conferencing," finding that Mr. Schratz overstates the time attorneys spend on conferencing and
11 includes numerous entries that describe tasks that do not involve communications between counsel
12 and/or are not properly considered conferencing. *See Wit*, 578 F. Supp. 3d at 1086 ; *Amphastar*
13 *Pharms. Inc.*, 2020 WL 8680070, at *18–20. Mr. Schratz has done so again here. For example,
14 Mr. Schratz considers the entire amount of time billed in his list of "excessive conferencing,"
15 when there are often multiple tasks performed in the entries. Additionally, Mr. Schratz often lists
16 entries that have nothing to do with intra-officer or inter-office conferencing or communications.
17 (*See, e.g.*, Doc. No. 273-2 at 439). This is because Mr. Schartz's method for identifying intra-
18 office conferencing in billing records is to simply perform a word search for phrases and words
19 such as "meet with," "discuss," "co-counsel," "call," and "correspond," and then copy and paste
20 all entries found with those words into his list without actually reading the entries he pasted into
21 his exhibit. Thus, Mr. Schratz's opinions on "excessive conferencing" cannot be relied upon
22 because they are based on flawed methodology. *See Wit*, 578 F. Supp. 3d at 1084, 1085
23 (identifying Mr. Schratz's same flawed methodology for "block billing" and "vague entries" and
24 finding Mr. Schratz's opinion unreliable due to his flawed methodology).

---

[1] Plaintiffs dispute the argument that Plaintiffs are not entitled to attorneys' fees for the entries under the listed categories.

Fifth, Mr. Schratz contends that Plaintiffs' attorneys should not be allowed to recover fees for their work during the first trial, which resulted in a mistrial, and their work relating to Mr. Hurtado's future medical expenses, as those damages had to be abandoned at the second trial due to Mr. Hurtado's death. In support, Mr. Schratz unconvincingly cites two out-of-circuit cases. However, the Supreme Court has recognized that in civil rights litigation, "[l]itigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee. The result is what matters." *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983). The Supreme Court went on to state, "the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit." *Id.* In agreeing with its sister circuits, the Ninth Circuit stated, "a district court's 'failure to reach' certain grounds does not make those grounds 'unsuccessful[.]'" *Ibrahim v. U.S. Dep't of Homeland Sec.*, 912 F.3d 1147, 1173 (9th Cir. 2019).

The *Hensley* Court elucidated a two-prong approach for determining the amount of fees to award a plaintiff if the plaintiff prevails on only some of his claims for relief or achieves "limited success." First, the court must ask, "did the plaintiff fail to prevail on claims that were unrelated to the claims on which he succeeded?" *Hensley*, 461 U.S. at 434. The Ninth Circuit has held that "related claims involve a common core of facts *or* are based on related legal theories. *Webb v. Sloan*, 330 F.3d 1158, 1168 (9th Cir. 2003) (citations omitted). The focus is on "whether the unsuccessful and successful claims arose out of the same 'course of conduct.' If they didn't, they are unrelated under *Hensley*." *Schwarz v. Sec'y of Health & Hum. Servs.*, 73 F.3d 895, 903 (9th Cir. 1995). Second, the court asks whether "the plaintiff achieve[d] a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award?" *Hensley*, 461 U.S. at 434. If the court concludes the prevailing party achieved "excellent results," it may permit a full fee award. *Id.* at 435.

Here, the first trial involved all the same claims as the second trial and then-Plaintiff Hurtado pursued similar damages, with the exception of the future medical expenses damages, which was foreclosed by events beyond Plaintiffs' or this Court's control. Moreover, the jury never reached a verdict for any of Plaintiff Hurtado's claims at the first trial, thus Plaintiff

1  Hurtado's claims did not "fail" at the first trial—the jury never reached a verdict on his claims.
2  The same is true for Hurtado's future medical expenses in the second trial. It was no longer
3  necessary for the jury to reach Hurtado's future medical expenses because he had passed away.
4  Then-Plaintiff Hurtado and Plaintiffs pursued these claims and damages, all arising out a common
5  core of facts and the same course of conduct, in good faith. Additionally, Plaintiffs achieved
6  excellent results when the jury found liability against Defendant Officer Yepez on all claims
7  presented to them and awarded Plaintiffs a total of $1.5 million in damages. Accordingly, the
8  Court should award the full amount of fees requested by Plaintiffs.

9  Sixth, Mr. Schratz misunderstands the rule prohibiting recovery of expert fees under 42
10 U.S.C § 1988. The Supreme Court has held "that when a prevailing party seeks reimbursement for
11 fees paid to its own expert witnesses, a federal court is bound by the limit of § 1821(b), absent
12 contract or explicit statutory authority to the contrary." *Crawford Fitting Co. v. J.T. Gibbons, Inc.*,
13 482 U.S. 437, 439 (1987).  In *West Virginia Univ. Hosps., Inc. v. Casey*, 499 U.S. 83 (1991), the
14 Supreme Court further held that "§ 1988 conveys no authority to shift expert fees." 499 U.S. at
15 102. After *Casey*, the Ninth Circuit recognized that "[i]n *Casey* the Court held that § 1988 does
16 not convey authority to shift expert fees in civil rights litigation to the losing party and that when
17 experts appear at trial they are eligible for the fee provided by 28 U.S.C. §§ 1920 and 1821, but
18 that the prevailing party may not be awarded more than this amount for expert witnesses' trial
19 testimony and is not entitled to anything for services rendered by experts in a nontestimonial
20 capacity." *Gates*, 987 F.2d at 1407. Thus, the prohibition against recovery of expert fees paid *to*
21 expert witnesses, not fees accrued by attorneys in working on expert witness-related tasks. This is
22 supported by the case cited by Mr. Schratz, *Monagahan v. Telecom Italia Sparkle of North*
23 *America, Inc.*, in which the district court held that the plaintiff was entitled to recover his
24 reasonable expert witness fees incurred for the expert to attend the expert's deposition, and the
25 statutory witness per diem fees for the expert's attendance at his deposition and at trial.
26 *Monagahan v. Telecom Italia Sparkle of North America, Inc.*, No. CV1300646ABCPLAX, 2014
27 WL 12639268, at *4 (C.D. Cal. Oct. 21, 2014). The second case cited by Mr. Schratz, *Rock River*
28 *Communications Inc. v. Universal Music Group*, is inapposite, as this case does not deal with

1  attorney fees awarded to a prevailing party, but rather whether the deposing party or retaining
2  party must pay for the time an expert spends in preparing for his or her deposition. *Rock River*
3  *Communications Inc. v. Universal Music Group*, 276 F.R.D. 633, 635–37 (C.D. Cal. 2011).
4  Accordingly, Plaintiffs are entitled to recovery attorneys' fees for time their attorneys spent on
5  expert witness-related tasks.
6        Lastly, Mr. Schratz takes issue with more than one or two attorneys attending trial or a
7  deposition. However, this case involved complex, esoteric medical issues that required the
8  testimonies of multiple medical experts. Due to the complexities of this case, it is reasonable that
9  Plaintiff would have three attorneys present at trial. A second and third attorney may serve as a
10 sounding board or be necessary to assure that valuable testimony is obtained during the limited
11 time allotted for depositions and trial. *Rodriguez v. County of Los Angeles*, 96 F. Supp. 3d 1012,
12 1025 (C.D. Cal. 2014); *see also Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir.
13 2008) ("district court may not set the fee based on speculation as to how other firms would have
14 staffed the case"); *PSM Holding Corp. v. Nat'l Farm Fin. Corp.*, 743 F. Supp. 2d 1136, 1157
15 (C.D. Cal. 2010) ("Division of responsibility may make it necessary for more than one attorney to
16 attend activities such as depositions and hearings. Multiple attorneys may be essential for planning
17 strategy, eliciting testimony or evaluating facts or law."); *Donastorg v. City of Ontario*, No.
18 EDCV18992JGBSPX, 2021 WL 6103545, at *11 (C.D. Cal. Sept. 23, 2021) (declining to reduce
19 trial attendance hours due to the plaintiff having three attorneys present at trial due to the
20 complexities of the case). Thus, the Court should credit all the time billed by Plaintiffs' attorneys
21 and staff. Additionally, Exhibit 23, which Mr. Schratz contends is a list of duplicative attendance
22 hours, not only lists additional attorneys attending court proceedings but also the *lead trial*
23 *attorney*. Mr. Schratz is essentially requesting that the Court disallow *all* hours Plaintiffs'
24 attorneys spent at trial and at depositions where there was more than one attorney present, which is
25 unreasonable.
26 //
27 //
28 //

B. <u>Unreliable Data and Methodology in Determining Reasonable Attorney Hourly Rates</u>

Mr. Schratz once again employs his unsound methodology in coming up with hourly rates for Plaintiffs' attorneys. "Multiple courts, including the Ninth Circuit, have already held that [Mr. Schratz's] methodology in calculating fees lacks legal and factual support." *Curtin v. Cnty. of Orange*, No. SACV16-00591-SVW-PLA, 2018 WL 10320668, at *11 (C.D. Cal. Jan. 31, 2018) (citing *Lopez v. San Francisco Unified Sch. Dist.*, 385 F. Supp. 2d 981, 992-993 (N.D. Cal. 2005)). Here, Mr. Schratz cherry-picked four cases wherein the district court in the Eastern District awarded lead trial counsel an hourly rate of $400 per hour, and a recent case in which the district court awarded lead counsel $550 per hour, in order to justify his substantially-reduced hourly rates for Plaintiffs' counsel. Despite claiming to be "familiar with what law firms practicing in Sacramento County Superior Court and the United States District Court for the Eastern District of California, Sacramento Division are seeking as hourly rates and what courts are awarding, including, but not limited to, firms specializing in civil rights litigation[,]" (Schratz Decl. ¶ 93), in coming up with his significantly-reduced rates Mr. Schratz ignores cases within the Eastern District awarding attorneys out-of-forum rates due to the unavailability of counsel and the numerous cases in which in-forum counsel were awarded rates of upwards of $750 per hour. *See Olguin v. FCA US LLC*, No. 1:21-CV-1789 JLT CDB, 2024 WL 4012103, at *7 (E.D. Cal. Aug. 30, 2024) ("This Court has also performed a comprehensive survey of fees awarded in the Eastern District, and finds the current hourly rates range from $200 to $750, with rates exceeding $600 reserved for attorneys who have practiced approximately 30 years."); *Prehired, LLC v. Provins*, No. 2:22-CV-00384-DAD-AC, 2023 WL 4187461, at *4 (E.D. Cal. June 26, 2023) ("Notably, the undersigned has previously found the following ranges of hourly rates to be reasonable: $650–$750 for senior partners with over thirty years of experience; $545–$695 for partners and senior counsel; $475–$575 for senior associates; $330–$400 for junior associates; $200 for paralegals."); *Schmidt v. City of Modesto*, No. 117CV01411DADMJS, 2018 WL 6593362, at *5 (E.D. Cal. Dec. 14, 2018) (collecting cases wherein district courts in the Eastern District of California have permitted the use of out-of-forum hourly rates). Offering opinions on attorney rates for forums in

which Mr. Schratz lacks experience and knowledge appears to be a pattern for him. *See Curtin*, 2018 WL 10320668, at *12 (calling into question Mr. Schratz's claim that he is familiar with the amount attorneys in the Central District of California seek as hourly rates and what courts typically award); *Kalani v. Starbucks Corp.*, No. 13-CV-00734-LHK, 2016 WL 379623, at *6 (N.D. Cal. Feb. 1, 2016) (disregarding Mr. Schratz's citations to out-of-district authority to determine the prevailing market rate for in-district attorney fee award); *Branham v. Snow*, No. 1:01-CV-0152-JDT-WTL, 2006 WL 1750443, at *3 (S.D. Ind. June 19, 2006) (rejecting Mr. Schratz's suggested reduced hourly rates because "he has not demonstrated himself to have any familiarity with the Indianapolis legal market.").

Several courts have recognized that Mr. Schratz lacks the expertise to opine on attorney hourly rates for the specific cases at issue, such as civil rights cases. *See Curtin*, 2018 WL 10320668, at *12 (finding Mr. Schratz was not qualified as an expert to provide opinions on the reasonableness of attorney fees because he had no experience with the issues in a case of *Monell* claims and civil rights violations involving sexual assault or rape); *Brown v. City of Pittsburgh*, No. CIV.A 06-393, 2010 WL 2207935, at *2 n.3 (W.D. Pa. May 27, 2010) ("there is no evidence Mr. Schratz has experience with civil rights litigation or trials."); *Duran v. U.S. Bank Nat. Ass'n*, No. 2001-035537, 2010 WL 5607042 (Cal. Super. Dec. 16, 2010) (finding that Mr. Schratz's experience in billing practices of firms that serve as panel counsel for insurance companies or staff counsel for insurance companies was "of little value in making an award in a wage and hour class action in which counsel are compensated entirely on a contingent fee basis as an exercise of the court's discretion.").

Additionally, Mr. Schratz inappropriately departs from the correct legal standard in categorically ignoring all of the declarations Plaintiffs' attorneys and staff members submitted in support of their requested hourly rates (*see* Schratz Decl. ¶ 138-145 (claiming the majority of the attorneys and staff members provided no supporting evidence to substantiate their request)) and relying only on past fee awards in the Eastern District in determining substantially-reduced hourly rates for Plaintiffs' attorneys and staff members. *See Roberts v. City of Honolulu*, 938 F.3d 1020, 1024-25 (9th Cir. 2019) (vacating and remanding district court's fee award because discarding

unrefuted attorney declarations in support of requested fee rates and considering only previous fee awards in determining the prevailing market rate was a departure from the correct legal standard). "Affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990). Courts have routinely relied upon declarations submitted in support of requested hourly rates in determining awarding fee requests. *See, e.g.*, *Greenpeace, Inc. v. Stewart*, No. 17-35945, 2020 WL 2465321, at *2, 6–7 (9th Cir. May 12, 2020) (overruling objections regarding two attorneys' requested hourly rates based on the education, specialized experience, and skills stated in their declaration); *Donastorg v. City of Ontario*, No. EDCV18992JGBSPX, 2021 WL 6103545, at *8-9 (C.D. Cal. Sept. 23, 2021) (considering attorneys' experience and skills in their declarations in awarding hourly rates). Mr. Schratz also failed to consider Ms. Le's citations to prior awards. *Cf.* Schratz Decl. ¶ 142 ("Attorney Le requests $700 per hour…provides no supporting evidence, citations to prior awards, or anything else to substantiate this request); *with* Doc. No. 263 at 14:14-23 (citing two prior district court awards of $550 and $650 per hour to Ms. Le and two other district court awards of $800 and $600-$700 per hour to Ms. Le's colleagues with comparable experience).

      C.  <u>Mr. Schratz's Opinions are Unreliable and His Declaration Should Be Stricken in Its Entirety</u>

Mr. Schratz claims that he and his staff spent approximately *200 hours* in analyzing Plaintiffs' fee motion, fee entries, and all available documents in order to give proper foundation for his opinions (Schratz Decl. ¶ 46), yet the data he relies on, the methodology he employs, and the opinions he ultimately comes to are replete with flaws and mistakes. Accordingly, the Court should strike Mr. Schratz's declaration and exclude his declaration from consideration in deciding Plaintiffs' Motion for Attorneys' Fees.

//
//
//

**OBJECTION NO. 2 AND REQUEST TO STRIKE PORTIONS OF SCHRATZ DECLARATION**

"[L]egal arguments are reserved for moving papers, and should not be inserted into declarations." *Gordon v. Los Angeles Unified Sch. Dist.*, No. 218CV00919CASJCX, 2019 WL 2511936, at *3 (C.D. Cal. June 17, 2019) (citing *King Cnty. v. Rasmussen*, 299 F.3d 1077, 1082 (9th Cir. 2002)). Here, Mr. Schratz has inserted numerous inappropriate legal arguments and legal conclusions in his declaration. Specifically, Plaintiffs object to paragraphs 62, 67, 74-75, 78, 80-81, 90-91, 110-134, 136, 138-145, 151-152 (the first numeration; the Schartz Declaration contains duplicative paragraphs numbered 150-153), 150-155 (the second numeration of 150-153), 165-171, 177-191 as containing improper legal arguments and conclusions. Accordingly, should the Court choose find that Mr. Schratz is qualified as an expert to opine on attorney fees, Plaintiffs respectfully request that the Court strike paragraphs 62, 67, 74-75, 78, 80-81, 90-91, 110-134, 136, 138-145, 151-152 (the first numeration; the Schartz Declaration contains duplicative paragraphs numbered 150-153), 150-155 (the second numeration of 150-153), 165-171, 177-191 from his declaration as improper legal arguments and legal conclusions. *See Ecological Rts. Found. v. Hot Line Constr., Inc.*, No. 5:20-CV-01108-AB-KK, 2024 WL 3507023, at *2 (C.D. Cal. July 19, 2024) (rejecting Schratz's legal analysis contained in his declaration because it "is not the appropriate role of an expert.").

DATED: January 15, 2025        LAW OFFICES OF DALE K. GALIPO

                               By               */s/ Hang D. Le*
                                  Dale K. Galipo
                                  Hang D. Le
                                  Attorneys for Plaintiffs