1  ROB BONTA, State Bar No. 202668
   Attorney General of California
2  CATHERINE WOODBRIDGE, State Bar No. 186186
   Supervising Deputy Attorney General
3  LEEANN E. WHITMORE, State Bar No. 214870
   Deputy Attorney General
4  JOHN C. BRIDGES, State Bar No. 248553
   Deputy Attorney General
5   1300 I Street, Suite 125
    P.O. Box 944255
6   Sacramento, CA 94244-2550
    Telephone: (916) 210-7515
7   Telephone: (916) 210-7529
    Fax: (916) 322-8288
8   E-mail: LeeAnn.Whitmore@doj.ca.gov
    E-mail: John.Bridges@doj.ca.gov
9  *Attorneys for Defendant State of California,*
   *acting by and through the California Highway*
10 *Patrol and Edgardo Yepez*

11

12              IN THE UNITED STATES DISTRICT COURT

13            FOR THE EASTERN DISTRICT OF CALIFORNIA

14

15

16 | **I. H., a minor by and through her mother**  | Case No.: 2:19-CV-02343-DAD-AC
   | **and guardian PRISCILLA MACIAS, et al.,**
17

18                                   Plaintiffs, | **DEFENDANTS' OBJECTIONS TO**
                                                 | **PLAINTIFFS' CLAIMED COSTS**
19        **v.**

20

21 **STATE OF CALIFORNIA, et al.,**

22                                  Defendants. | Judge:      The Honorable Dale A. Drozd
                                               | Action Filed: 4/02/2019
23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

Legal argument.................................................................................................................. 1

I.     Statement of Law .................................................................................... 1

II.    Specific Objections ................................................................................ 3

        A.    Fees of Clerk ....................................................................... 3

        B.    Plaintiffs has Failed to Support the Claim for $36,110.96 in Fees For Service of Summons............................................ 9

        C.    Fees For Printed or Recorded Transcripts................................. 17

        D.    Fess for Disbursement and Printing ........................................ 25

        E.    Claimed Witness Fees .......................................................... 26

III.    Priority Funding Loan Not Recoverable .................................................. 31

Conclusion ...................................................................................................................... 31

i

1

# TABLE OF AUTHORITIES

2

**Page**

3

4

CASES

5

*Ashker v. Sayer*
No. 05-03759 CV, 2011 WL 825713 (March 7, 2011)..........................................27, 28, 29, 30

6

7

*Coats v. Penrod Drilling Corp.*
5 F.3d 877 (5th Cir. 1993)...................................................................................... 9, 10, 15, 16

8

*Crawford Fitting Co. v. J.T. Gibbons, Inc.*
482 U.S. 437 (1987).......................................................... 13, 26, 27, 28, 29, 30, 31

9

*Crues v. KFC Corp.*
10

768 F.2d 230 (8th Cir. 1985).....................................................10, 11, 12, 13, 13, 15

11

*Dang v. Cross*
12

422 F.3d 800 (9th Cir. 2005)..........................................................3, 4, 5, 6, 7, 8, 9, 20

13

*Eastwood v. National Enquirer*
123 F.3d 1249 (9th Cir. 1997)......................................................................................1

14

15

*Farmer v. Arabian American Oil Co.*
379 U.S. 227 (1964).....................................................................................................2

16

*Holmes ex rel Estate of Holmes v. Cessna Aircraft Co.*
17

11 F.3d 63 (5th Cir. 1994)................................................19, 20, 21, 22, 23, 24, 25

18

*Kalita Air L.L.C. v. Cent. Tex. Airborne Sys. Inc.*
741 F.3d 955 (9th Cir. 2012)...............................................................17, 18, 19, 26

19

20

*Kouichi Taniguchi v. Kan Pac. Saipan, Ltd.*
132 S.Ct. 1997 (2012) .................................................................................................2

21

*Marmo v. Tyson Fresh Meats, Inc.*
22

457 F.3d 748 (8th Cir. 2006)............................................19, 20, 21, 22, 23, 24, 25

23

*Ruff v. County of Kings*
700 F.Supp.2d 1225 (E.D. Cal, 2010)............................................27, 28, 29, 30, 31

24

*San Joaquin County Employees' Retirement Assoc. v. Travelers Casualty and*
25

*Surety Co. of America*
2020 WL 187040. (E.D. Cal. 2020) .......................................................3, 4, 5, 6, 7, 8, 9

26

*Woods v. Corey*
27

722 F.3d 1177 (9th Cir. 2013.)...............................................................................20

28

ii

# TABLE OF AUTHORITIES
(continued)

**Page**

**STATUTES**

28 U.S.C. § 1821 ...................................................................................... 2, 28, 29

28 USCS § 1828 ................................................................................................ 1

28 U.S.C. § 1920 ................................................................................... 2, 28, 29

28 U.S.C. § 1920(1) .............................................................................. 2, 28, 29

28 U.S.C. § 1920(2) ......................................................................................... 21

28 USCS § 1923 ................................................................................................ 1

42 U.S.C. § 1983 ................................................................................... 2, 28, 29

42 U.S.C. § 1988 ................................................................................. 26, 27, 31

42 U.S.C. § 1988(c) ........................................................................................... 2

**COURT RULES**

Eastern District Local Rule 292 ......................................................................... 2

Federal Rules of Civil Procedure, Rule 54 ......................................................... 1

Federal Rules of Civil Procedure, Rule 54(d) ................................................ 1, 2

Local Rule 292 .................................................................................................. 1

Local Rule 292(a) .............................................................................................. 2

iii

1    Pursuant to Local Rule 292 and Federal Rules of Civil Procedure, Rule 54(d), and the

2    Court's January 23, 2025, Minute Order (ECF 283), Defendants State of California, by and

3    through California Highway Patrol and Edgardo Yepez (Defendants) object to Plaintiffs' Claimed

4    Costs (ECF 264, 284, 285) as follows:

5        Plaintiffs' Bill of Costs and the recently filed Memorandum of Costs (ECF 264, 285) fail to

6    itemize the costs claimed as required by Local Rule 292. Additionally, the Memorandum of Costs

7    fails to include support for all cost items that were referenced in exhibits to the original Bill of

8    Costs. To the extent, Plaintiffs are still attempting to claim any of those costs Defendants

9    incorporate by reference their previous Opposition to the Bill of Costs, Declaration of LeeAnn

10   Whitmore and Request for Judicial Notice. (ECF 272, 273-3, and 274).

11                                **LEGAL ARGUMENT**

12   **I.    STATEMENT OF LAW**

13       Federal Rules of Civil Procedure, Rule 54, provides, in part:

14       (d) Costs; Attorney's Fees.
             (1) Costs Other Than Attorney's Fees. Unless a federal statute, these rules, or a
15       court order provides otherwise, costs--other than attorney's fees--should be allowed to
         the prevailing party.
16
         28 U.S.C. § 1920 provides that:
17
         A judge or clerk of any court of the United States may tax as costs the following:
18           (1) Fees of the clerk and marshal;
             (2) Fees for printed or electronically recorded transcripts necessarily obtained for
19       use in the case;
             (3) Fees and disbursements for printing and witnesses;
20           (4) Fees for exemplification and the costs of making copies of any materials where
         the copies are necessarily obtained for use in the case;
21           (5) Docket fees under section 1923 of this title [28 USCS § 1923];
             (6) Compensation of court appointed experts, compensation of interpreters, and
22       salaries, fees, expenses, and costs of special interpretation services under section 1828
         of this title [28 USCS § 1828].
23
         A bill of costs shall be filed in the case and, upon allowance, included in the judgment
24       or decree.

25

26       "Local Rules are standing court orders for purposes of Rule 54(d)." *Eastwood v. National*

27   *Enquirer*, 123 F.3d 1249, 1257 (9th Cir. 1997). Taxation of Costs to the prevailing party is

28

                                          1

1   further governed by Eastern District Local Rule 292, which limits taxable costs to those

2   enumerated in 28 U.S.C. §1920. E.D. Cal. L.R. 292(a). Taxable costs are limited to relatively

3   minor, incidental expenses as is evidenced from §1920 which lists the recoverable items. As the

4   Supreme Court has instructed: "We do not read Rule 54(d) as giving the district judge

5   unrestricted discretion to tax costs to reimburse a winning litigant for every expense he has seen

6   to incur in the case. Items proposed by winning party as costs should always be given careful

7   scrutiny." *Farmer v. Arabian American Oil Co.*, 379 U.S. 227, 235 (1964).

8        Taxable costs are a fraction of the nontaxable expenses borne by litigants for attorneys,

9   experts, consultants, and investigators. Costs almost always amount to less than the successful

10  litigant's total expenses in connection with the lawsuit. Section 1920 is construed narrowly.

11  *Kouichi Taniguchi v. Kan Pac. Saipan, Ltd.*, 132 S.Ct. 1997, 2006 (2012); *Kalita Air L.L.C. v.*

12  *Cent. Tex. Airborne Sys. Inc.*, 741 F.3d 955, 958 (9th Cir. 2012).

13       Expert witness fees are only recoverable pursuant to a contract or explicit statutory authority.

14  *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 439 (1987). 42 U.S.C. §1988(c) allows

15  the Court in its discretion to award expert witness fees "in any action or proceeding to enforce a

16  provision of §§1981 or 1981a of this title." Plaintiffs brought this action under 42 U.S.C. §1983.

17  Expert fees are not recoverable in actions brought pursuant to 42 U.S.C. §1983. *Ashker v. Sayer*,

18  No. 05-03759 CV, 2011 WL 825713 at *4 (March 7, 2011); *Ruff v. County of Kings*, 700

19  F.Supp.2d 1225, 1243 (E.D. Cal, 2010).

20       Absent express statutory authority for shifting expert witness fees, reimbursement for such

21  fees is limited by 28 U.S.C. §§ 1821 and 1920. Under those statutes, the only costs recoverable

22  for witnesses including experts, is a $40 per day attendance fee and mileage.

23       / / /

24       / / /

25       / / /

26       / / /

27       / / /

28       / / /

2

## II.    SPECIFIC OBJECTIONS

Defendants also assert the following objections to the specific items claimed by Plaintiffs as exhibits to the recently filed Cost Memorandum.

### A.    Fees of Clerk

| Item | ECF Doc; Page | Amount | Objection |
|------|------|------|------|
| On Call Legal Invoice | ECF 284-2, p. 3 | $141.90 | This is not a taxable cost under 28 U.S.C. § 1920(1). Plaintiffs have failed to demonstrate why this cost was incurred, how it is a clerk's fee or was necessary in this action.  Additionally, the printing costs are not recoverable. |
| On Call Legal Invoice | ECF 284-2, p. 5 | $145.90 | This is not a taxable cost under 28 U.S.C. § 1920(1). Additionally, rush fees and concierge charges are not recoverable.  Convenience fees for having a company file documents on behalf of an attorney are not taxable as costs. *San Joaquin County Employees' Retirement Assoc. v. Travelers Casualty and Surety Co. of America*, 2020 WL 187040., *3 (E.D. Cal. 2020).  Plaintiffs have failed to show that the out-of-pocket costs are reasonably expended, associated with this case or would normally be charged with a fee-paying client. *Dang*, 422 F.3d at 814. |
| On Call Legal Invoice | ECF 284-2, p. 7 | $550.07 | This is not a taxable cost under 28 U.S.C. § 1920(1). Additionally, rush fees and concierge charges are not recoverable.  Convenience fees for having a company file documents on behalf of an attorney are not taxable as costs. *San Joaquin County Employees' Retirement Assoc. v. Travelers Casualty and Surety Co. of America*, 2020 WL 187040., *3 (E.D. Cal. 2020).  Plaintiffs have failed to show that the out-of-pocket costs are reasonably expended, associated with this case or would normally be charged with a fee-paying client. *Dang*, 422 F.3d at 814. |
| On Call Legal Invoice | ECF 284-2, p. 8 | $42.24 | This is not a taxable cost under 28 U.S.C. § 1920(1). Additionally, rush fees and concierge charges are not recoverable.  Convenience fees for having a company file documents on behalf of an attorney are not taxable as costs. *San Joaquin County Employees' Retirement Assoc. v. Travelers Casualty* |

3

| | | | |
|---|---|---|---|
| | | | *and Surety Co. of America*, 2020 WL 187040., *3 (E.D. Cal. 2020). Plaintiffs have failed to show that the out-of-pocket costs are reasonably expended, associated with this case or would normally be charged with a fee-paying client. *Dang*, 422 F.3d at 814. |
| On Call Legal Invoice | ECF 284-2, p. 9 | $71.28 | This is not a taxable cost under 28 U.S.C. § 1920(1). Additionally, rush fees and concierge charges are not recoverable. Convenience fees for having a company file documents on behalf of an attorney are not taxable as costs. *San Joaquin County Employees' Retirement Assoc. v. Travelers Casualty and Surety Co. of America*, 2020 WL 187040., *3 (E.D. Cal. 2020). Plaintiffs have failed to show that the out-of-pocket costs are reasonably expended, associated with this case or would normally be charged with a fee-paying client. *Dang*, 422 F.3d at 814. |
| On Call Legal Invoice | ECF 284-2, p. 10 | $25.96 | This is not a taxable cost under 28 U.S.C. § 1920(1). Additionally, rush fees and concierge charges are not recoverable. Convenience fees for having a company file documents on behalf of an attorney are not taxable as costs. *San Joaquin County Employees' Retirement Assoc. v. Travelers Casualty and Surety Co. of America*, 2020 WL 187040., *3 (E.D. Cal. 2020). Plaintiffs have failed to show that the out-of-pocket costs are reasonably expended, associated with this case or would normally be charged with a fee-paying client. *Dang*, 422 F.3d at 814. |
| On Call Legal Invoice | ECF 284-2, p. 11 | $285.75 | This is not a taxable cost under 28 U.S.C. § 1920(1). Plaintiffs have failed to demonstrate why this cost was incurred or was necessary in this action. Additionally, rush fees and concierge charges are not recoverable. Convenience fees for having a company file documents on behalf of an attorney are not taxable as costs. *San Joaquin County Employees' Retirement Assoc. v. Travelers Casualty and Surety Co. of America*, 2020 WL 187040., *3 (E.D. Cal. 2020). Plaintiffs have failed to show that the out-of-pocket costs are reasonably expended, associated with this case or would normally be charged |

4

| | | | |
|---|---|---|---|
| | | | with a fee-paying client. *Dang,* 422 F.3d at 814. |
| On Call Legal Invoice | ECF 284-2, p. 12 | $95.50 | This is not a taxable cost under 28 U.S.C. § 1920(1). Plaintiffs have failed to demonstrate why this cost was incurred or was necessary in this action. Additionally, rush fees and concierge charges are not recoverable. Convenience fees for having a company file documents on behalf of an attorney are not taxable as costs. *San Joaquin County Employees' Retirement Assoc. v. Travelers Casualty and Surety Co. of America,* 2020 WL 187040., *3 (E.D. Cal. 2020). Plaintiffs have failed to show that the out-of-pocket costs are reasonably expended, associated with this case or would normally be charged with a fee-paying client. *Dang,* 422 F.3d at 814. |
| On Call Legal Invoice | ECF 284-2, p. 13 | $31.56 | This is not a taxable cost under 28 U.S.C. § 1920(1). Plaintiffs have failed to demonstrate why this cost was incurred or was necessary in this action. Additionally, rush fees and concierge charges are not recoverable. Convenience fees for having a company file documents on behalf of an attorney are not taxable as costs. *San Joaquin County Employees' Retirement Assoc. v. Travelers Casualty and Surety Co. of America,* 2020 WL 187040., *3 (E.D. Cal. 2020). Plaintiffs have failed to show that the out-of-pocket costs are reasonably expended, associated with this case or would normally be charged with a fee-paying client. *Dang,* 422 F.3d at 814. |
| On Call Legal Invoice | ECF 284-2, p. 14 | $29.86 | This is not a taxable cost under 28 U.S.C. § 1920(1). Plaintiffs have failed to demonstrate why this cost was incurred or was necessary in this action. Additionally, rush fees and concierge charges are not recoverable. Convenience fees for having a company file documents on behalf of an attorney are not taxable as costs. *San Joaquin County Employees' Retirement Assoc. v. Travelers Casualty and Surety Co. of America,* 2020 WL 187040., *3 (E.D. Cal. 2020). Plaintiffs have failed to show that the out-of-pocket costs are reasonably expended, associated with |

| | | | this case or would normally be charged with a fee-paying client. *Dang,* 422 F.3d at 814. |
|---|---|---|---|
| On Call Legal Invoice | ECF 284-2, p. 15 | $167.35 | This is not a taxable cost under 28 U.S.C. § 1920(1). Additionally, rush fees and concierge charges are not recoverable. Convenience fees for having a company file documents on behalf of an attorney are not taxable as costs. *San Joaquin County Employees' Retirement Assoc. v. Travelers Casualty and Surety Co. of America,* 2020 WL 187040., *3 (E.D. Cal. 2020). Plaintiffs have failed to show that the out-of-pocket costs are reasonably expended, associated with this case or would normally be charged with a fee-paying client. *Dang,* 422 F.3d at 814. |
| On Call Legal Invoice | ECF 284-2, p. 16 | $127.45 | This is not a taxable cost under 28 U.S.C. § 1920(1). Additionally, rush fees and concierge charges are not recoverable. Convenience fees for having a company file documents on behalf of an attorney are not taxable as costs. *San Joaquin County Employees' Retirement Assoc. v. Travelers Casualty and Surety Co. of America,* 2020 WL 187040., *3 (E.D. Cal. 2020). Plaintiffs have failed to show that the out-of-pocket costs are reasonably expended, associated with this case or would normally be charged with a fee-paying client. *Dang,* 422 F.3d at 814. |
| On Call Legal Invoice | ECF 284-2, p. 17 | $30.30 | This is not a taxable cost under 28 U.S.C. § 1920(1). Additionally, rush fees and concierge charges are not recoverable. Convenience fees for having a company file documents on behalf of an attorney are not taxable as costs. *San Joaquin County Employees' Retirement Assoc. v. Travelers Casualty and Surety Co. of America,* 2020 WL 187040., *3 (E.D. Cal. 2020). Plaintiffs has failed to show that the out-of-pocket costs are reasonably expended, associated with this case or would normally be charged with a fee-paying client. *Dang,* 422 F.3d at 814. |
| On Call Legal | ECF 284-2, p. 18 | $550.99 | This is not a taxable cost under 28 U.S.C. § 1920(1). Additionally, rush fees and concierge charges are not recoverable. Convenience fees for |

6

| | | | |
|---|---|---|---|
| | | | having a company file documents on behalf of an attorney are not taxable as costs. *San Joaquin County Employees' Retirement Assoc. v. Travelers Casualty and Surety Co. of America*, 2020 WL 187040., *3 (E.D. Cal. 2020). Plaintiffs have failed to show that the out-of-pocket costs are reasonably expended, associated with this case or would normally be charged with a fee-paying client. *Dang,* 422 F.3d at 814. |
| On Call Legal | ECF 284-2, p. 19 | $30.38 | This is not a taxable cost under 28 U.S.C. § 1920(1). Additionally, rush fees and concierge charges are not recoverable. Convenience fees for having a company file documents on behalf of an attorney are not taxable as costs. *San Joaquin County Employees' Retirement Assoc. v. Travelers Casualty and Surety Co. of America*, 2020 WL 187040., *3 (E.D. Cal. 2020). Plaintiffs have failed to show that the out-of-pocket costs are reasonably expended, associated with this case or would normally be charged with a fee-paying client. *Dang,* 422 F.3d at 814. |
| On Call Legal | ECF 284-2, p. 20 | $165.98 | This is not a taxable cost under 28 U.S.C. § 1920(1). Additionally, rush fees and concierge charges are not recoverable. Convenience fees for having a company file documents on behalf of an attorney are not taxable as costs. *San Joaquin County Employees' Retirement Assoc. v. Travelers Casualty and Surety Co. of America*, 2020 WL 187040., *3 (E.D. Cal. 2020). Plaintiffs have failed to show that the out-of-pocket costs are reasonably expended, associated with this case or would normally be charged with a fee-paying client. *Dang,* 422 F.3d at 814. |
| On Call Legal Invoice | ECF 284-2, p. 21 | $129.99 | This is not a taxable cost under 28 U.S.C. § 1920(1). Additionally, rush fees and concierge charges are not recoverable. Convenience fees for having a company file documents on behalf of an attorney are not taxable as costs. *San Joaquin County Employees' Retirement Assoc. v. Travelers Casualty and Surety Co. of America*, 2020 WL 187040., *3 (E.D. Cal. 2020). Plaintiffs have failed to show that the out-of-pocket costs are reasonably expended, |

7

| | | | |
|---|---|---|---|
| | | | associated with this case or would normally be charged with a fee-paying client. *Dang,* 422 F.3d at 814. |
| On Call Legal Invoice | ECF 284-2, p. 22 | $29.26 | This is not a taxable cost under 28 U.S.C. § 1920(1). Convenience fees for having a company file documents on behalf of an attorney are not taxable as costs. *San Joaquin County Employees' Retirement Assoc. v. Travelers Casualty and Surety Co. of America,* 2020 WL 187040., *3 (E.D. Cal. 2020). Plaintiffs have failed to show that the out-of-pocket costs are reasonably expended, associated with this case or would normally be charged with a fee-paying client. *Dang,* 422 F.3d at 814. |
| On Call Legal Invoice | ECF 284-2, p. 23 | $430.20 | This is not a taxable cost under 28 U.S.C. § 1920(1). Additionally, rush fees and concierge charges are not recoverable. Convenience fees for having a company file documents on behalf of an attorney are not taxable as costs. *San Joaquin County Employees' Retirement Assoc. v. Travelers Casualty and Surety Co. of America,* 2020 WL 187040., *3 (E.D. Cal. 2020). Plaintiffs have failed to show that the out-of-pocket costs are reasonably expended, associated with this case or would normally be charged with a fee-paying client. *Dang,* 422 F.3d at 814. |
| Green Filing | ECF 284-2, p. 24 | $13.82 | This is not a taxable cost under 28 U.S.C. § 1920(1). Additionally, rush fees and concierge charges are not recoverable. Convenience fees for having a company file documents on behalf of an attorney are not taxable as costs. *San Joaquin County Employees' Retirement Assoc. v. Travelers Casualty and Surety Co. of America,* 2020 WL 187040., *3 (E.D. Cal. 2020). Plaintiffs has failed to show that the out-of-pocket costs are reasonably expended, associated with this case or would normally be charged with a fee-paying client. *Dang,* 422 F.3d at 814. |
| Green Filing | ECF 284-2, p. 26 | $13.82 | This is not a taxable cost under 28 U.S.C. § 1920(1). Plaintiffs have failed to demonstrate why this cost was incurred or was necessary in this action. Additionally, rush fees and concierge |

8

Defs. Objections to Plaintiffs' Claimed Costs (2:19-CV-02343-DAD-AC)

| | | | charges are not recoverable. Convenience fees for having a company file documents on behalf of an attorney are not taxable as costs. *San Joaquin County Employees' Retirement Assoc. v. Travelers Casualty and Surety Co. of America*, 2020 WL 187040., *3 (E.D. Cal. 2020). Plaintiffs has failed to show that the out-of-pocket costs are reasonably expended, associated with this case or would normally be charged with a fee-paying client. *Dang*, 422 F.3d at 814. |
|---|---|---|---|
| Green Filing | ECF 284-2, p. 28 | $13.82 | This is not a taxable cost under 28 U.S.C. § 1920(1). Plaintiffs have failed to demonstrate why this cost was incurred or was necessary in this action. Additionally, rush fees and concierge charges are not recoverable. Convenience fees for having a company file documents on behalf of an attorney are not taxable as costs. *San Joaquin County Employees' Retirement Assoc. v. Travelers Casualty and Surety Co. of America*, 2020 WL 187040., *3 (E.D. Cal. 2020). Plaintiffs has failed to show that the out-of-pocket costs are reasonably expended, associated with this case or would normally be charged with a fee-paying client. *Dang*, 422 F.3d at 814. |
| Express Network | ECF 284-2, p. 30 | $697.40 | This item is not a clerk's fee and is not recoverable under 28 U.S.C. §1920. |

**B.    Plaintiffs has Failed to Support the Claim for $36,110.96 in Fees For Service of Summons**

| Item | ECF Doc; Page | Amount | Objection |
|---|---|---|---|
| R. H. Young Inc. | 284-3, p. 2 | $1,000.00 | These are not taxable costs under 28 U.S.C. § 1920. Plaintiffs did not call Officer Shaw or Dr. Wong as witnesses at trial. Costs to obtain testimony for purely investigative purposes are not recoverable. *Coats v. Penrod Drilling Corp.*, 5 F.3d 877, 891 (5th Cir. 1993). |
| R. H. Young Inc. | ECF 284-3, p. 4 | $500.00 | These are not taxable costs under 28 U.S.C. § 1920. Plaintiffs did not call Pamela Schwendy as a witness at trial. Costs to obtain testimony for purely |

9

| | | | investigative purposes are not recoverable. *Coats v. Penrod Drilling Corp.*, 5 F.3d 877, 891 (5th Cir. 1993). |
|---|---|---|---|
| Express Network | ECF 284-3, p. 6 | $194.84 | These are not taxable costs under 28 U.S.C. § 1920. Plaintiffs did not call Ramon Simpson PA-c as a witness at trial. Process server costs are not recoverable under 28 USCS § 1920. *Crues v. KFC Corp.*, 768 F.2d 230, 234 (8th Cir. 1985) |
| Express Network | ECF 284-3, p. 7 | $185.00 | These are not taxable costs under 28 U.S.C. § 1920. Plaintiffs did not present any records from Stanislaus Safety Center at trial. Process server costs are not recoverable under 28 USCS § 1920. *Crues v. KFC Corp.*, 768 F.2d 230, 234 (8th Cir. 1985) |
| Express Network | ECF 284-3, p. 8 | $185.00 | These are not taxable costs under 28 U.S.C. § 1920. Plaintiffs did not present any records from Memorial Medical Center. Process server costs are not recoverable under 28 USCS § 1920. *Crues v. KFC Corp.*, 768 F.2d 230, 234 (8th Cir. 1985) |
| Express Network | ECF 284-3, p. 9 | $93.50 | These are not taxable costs under 28 U.S.C. § 1920. Plaintiffs did not present any records from Pledge Medical. Process server costs are not recoverable under 28 U.S.C. § 1920. *Crues v. KFC Corp.*, 768 F.2d 230, 234 (8th Cir. 1985) |
| Express Network | ECF 284-3, p. 10 | $152.41 | These are not taxable costs under 28 U.S.C. § 1920. Plaintiffs did not present any records from Jan Eckerman M.D. Process server costs are not recoverable under 28 U.S.C. § 1920. *Crues v. KFC Corp.*, 768 F.2d 230, 234 (8th Cir. 1985) |
| Express Network | ECF 284-3, p. 11 | $480.00 | These are not taxable costs under 28 U.S.C. § 1920. Plaintiffs did not call Kyle Heron, M.D. at trial. Process server costs are not recoverable under 28 U.S.C. § 1920. *Crues v. KFC Corp.*, 768 F.2d 230, 234 (8th Cir. 1985) |
| Express Network | ECF 284-3, p. 12 | $185.00 | These are not taxable costs under 28 U.S.C. § 1920. Plaintiffs did not present any records from Hill Chiropractic at trial. Process server costs are not recoverable under 28 U.S.C. § 1920. *Crues v. KFC Corp.*, 768 F.2d 230, 234 (8th Cir. 1985) |
| Express Network | ECF 284-3, p. | $164.28 | These are not taxable costs under 28 U.S.C. § 1920. Plaintiffs did not |

| | 13 | | present any records from California Pain Medicine Center at trial.  Process server costs are not recoverable under 28 U.S.C. § 1920. *Crues v. KFC Corp.*, 768 F.2d 230, 234 (8th Cir. 1985) |
|---|---|---|---|
| Express Network | ECF 284-3, p. 14 | $185.00 | These are not taxable costs under 28 U.S.C. § 1920.  Process server costs are not recoverable under 28 U.S.C. § 1920. *Crues v. KFC Corp.*, 768 F.2d 230, 234 (8th Cir. 1985) |
| Express Network | ECF 284-3, p. 15 | $497.50 | These are not taxable costs under 28 U.S.C. § 1920.  Process server costs are not recoverable under 28 U.S.C. § 1920. *Crues v. KFC Corp.*, 768 F.2d 230, 234 (8th Cir. 1985) |
| Express Network | ECF 284-3, p. 16 | $487.50 | These are not taxable costs under 28 U.S.C. § 1920.  Plaintiffs did not present any records from the District Attorney's Office at trial.  Process server costs are not recoverable under 28 U.S.C. § 1920. *Crues v. KFC Corp.*, 768 F.2d 230, 234 (8th Cir. 1985) |
| Express Network | ECF 284-3, p. 17 | $367.60 | These are not taxable costs under 28 U.S.C. § 1920.  Process server costs are not recoverable under 28 U.S.C. § 1920. *Crues v. KFC Corp.*, 768 F.2d 230, 234 (8th Cir. 1985) |
| Express Network | ECF 284-3, p. 19 | $225.00 | These are not taxable costs under 28 U.S.C. § 1920. |
| Express Network | ECF 284-3, p. 20 | $410.00 | These are not taxable costs under 28 U.S.C. § 1920.  Plaintiffs did not call Kyle Heron, M.D. at trial. Process server costs are not recoverable under 28 U.S.C. § 1920. *Crues v. KFC Corp.*, 768 F.2d 230, 234 (8th Cir. 1985) Additionally, this is duplicative of ECF 284-3, p. 11. |
| Express Network | ECF 284-3, p. 21 | $225.00 | These are not taxable costs under 28 U.S.C. § 1920.  Process server costs are not recoverable under 28 U.S.C. § 1920. *Crues v. KFC Corp.*, 768 F.2d 230, 234 (8th Cir. 1985) |
| Express Network | ECF 284-3, p. 22 | $238.43 | These are not taxable costs under 28 U.S.C. § 1920.  Plaintiffs did not present any records from the Cognet Rehab at trial.  Process server costs are not recoverable under 28 U.S.C. § 1920. *Crues v. KFC Corp.*, 768 F.2d 230, 234 (8th Cir. 1985) |
| Express Network | ECF 284-3, p. | $208.00 | These are not taxable costs under 28 U.S.C. § 1920.  Process server costs are |

11

| | | | |
|---|---|---|---|
| | 23 | | not recoverable under 28 U.S.C. § 1920. *Crues v. KFC Corp.*, 768 F.2d 230, 234 (8th Cir. 1985). It is unclear why Sacramento Superior Court records were subpoenaed. |
| Express Network | ECF 284-3, p. 24 | $257.40 | These are not taxable costs under 28 U.S.C. § 1920.  Plaintiffs did not call Andrea Ajayi, M.D. at trial. Process server costs are not recoverable under 28 U.S.C. § 1920.  *Crues v. KFC Corp.*, 768 F.2d 230, 234 (8th Cir. 1985) |
| Express Network | ECF 284-3, p. 25 | $126.50 | These are not taxable costs under 28 U.S.C. § 1920.  Plaintiffs did not call Andrea Ajayi, M.D. at trial. Process server costs are not recoverable under 28 U.S.C. § 1920.  *Crues v. KFC Corp.*, 768 F.2d 230, 234 (8th Cir. 1985) |
| Express Network | ECF 284-3, p. 26 | $236.95 | These are not taxable costs under 28 U.S.C. § 1920.  Plaintiffs did not call William Wong, M.D. at trial. Process server costs are not recoverable under 28 U.S.C. § 1920.  *Crues v. KFC Corp.*, 768 F.2d 230, 234 (8th Cir. 1985) |
| Express Network | ECF 284-3, p. 27 | $410.00 | These are not taxable costs under 28 U.S.C. § 1920.  Plaintiffs did not call Officer Robert Shaw at trial. Process server costs are not recoverable under 28 U.S.C. § 1920.  *Crues v. KFC Corp.*, 768 F.2d 230, 234 (8th Cir. 1985) |
| Express Network | ECF 284-3, p. 28 | $507.50 | These are not taxable costs under 28 U.S.C. § 1920.  Plaintiffs did not call Officer Arias at trial. Process server costs are not recoverable under 28 U.S.C. § 1920.  *Crues v. KFC Corp.*, 768 F.2d 230, 234 (8th Cir. 1985) |
| Express Network | ECF 284-3, p. 29 | $307.06 | These are not taxable costs under 28 U.S.C. § 1920.  Plaintiffs did not call Jeffrey Wang, M.D. at trial. Process server costs are not recoverable under 28 U.S.C. § 1920.  *Crues v. KFC Corp.*, 768 F.2d 230, 234 (8th Cir. 1985). |
| Express Network | ECF 284-3, p. 31 | $2,328.12 | It is unclear what this cost was for or whether it was reasonably necessary. |
| Express Network | ECF 284-3, p. 32 | $400.00 | It is unclear what this cost was for or whether it was reasonably necessary. |
| Express Network | ECF 284-3, p. 33 | $400.00 | It is unclear what this cost was for or whether it was reasonably necessary. |

12

| | | | |
|---|---|---|---|
| Express Network | ECF 284-3, p. 35 | $559.00 | These are not taxable costs under 28 U.S.C. § 1920. Process server costs are not recoverable under 28 U.S.C. § 1920. *Crues v. KFC Corp.*, 768 F.2d 230, 234 (8th Cir. 1985). Plaintiffs may not recover more than the $40 witness fee and mileage. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442. (1987); *Ashker*, No. 05-03759 CV, 2011 WL 825713 at *4 (March 7, 2011); *Ruff*, 700 F.Supp.2d 1225, 1243 (E.D. Cal, 2010). |
| Express Network | ECF 284-3, p. 36 | $65.00 | These are not taxable costs under 28 U.S.C. § 1920. Plaintiffs did not call Benjamin Bak, M.D. at trial. Process server costs are not recoverable under 28 U.S.C. § 1920. *Crues v. KFC Corp.*, 768 F.2d 230, 234 (8th Cir. 1985). |
| Express Network | ECF 284-3, p. 37 | $65.00 | These are not taxable costs under 28 U.S.C. § 1920. Process server costs are not recoverable under 28 U.S.C. § 1920. *Crues v. KFC Corp.*, 768 F.2d 230, 234 (8th Cir. 1985). |
| Express Network | ECF 284-3, p. 38 | $65.00 | These are not taxable costs under 28 U.S.C. § 1920. Plaintiffs did not call Dr. Coates at trial. Process server costs are not recoverable under 28 U.S.C. § 1920. *Crues v. KFC Corp.*, 768 F.2d 230, 234 (8th Cir. 1985). |
| Express Network | ECF 284-3, p. 39 | $65.00 | These are not taxable costs under 28 U.S.C. § 1920. Plaintiffs did not call Dr. Moss at trial. Process server costs are not recoverable under 28 U.S.C. § 1920. *Crues v. KFC Corp.*, 768 F.2d 230, 234 (8th Cir. 1985). |
| Express Network | ECF 284-3, p. 40 | $65.00 | These are not taxable costs under 28 U.S.C. § 1920. Plaintiffs did not call Jeffrey Wang, M.D. at trial. Process server costs are not recoverable under 28 U.S.C. § 1920. *Crues v. KFC Corp.*, 768 F.2d 230, 234 (8th Cir. 1985). |
| Express Network | ECF 284-3, p. 41 | $205.00 | These are not taxable costs under 28 U.S.C. § 1920. Plaintiffs did not call Officer Arias at trial. Process server costs are not recoverable under 28 U.S.C. § 1920. *Crues v. KFC Corp.*, 768 F.2d 230, 234 (8th Cir. 1985). |
| Express Network | ECF 284-3, p. 42 | $65.00 | These are not taxable costs under 28 U.S.C. § 1920. Plaintiffs did not call Officer Munoz at trial. Process server |

13

| | | | |
|---|---|---|---|
| | | | costs are not recoverable under 28 U.S.C. § 1920. *Crues v. KFC Corp.*, 768 F.2d 230, 234 (8th Cir. 1985). |
| Express Network | ECF 284-3, p. 43 | $65.00 | These are not taxable costs under 28 U.S.C. § 1920. Plaintiffs did not call Officer Shaw at trial. Process server costs are not recoverable under 28 U.S.C. § 1920. *Crues v. KFC Corp.*, 768 F.2d 230, 234 (8th Cir. 1985). |
| Express Network | ECF 284-3, p. 44 | $225.00 | These are not taxable costs under 28 U.S.C. § 1920. Process server costs are not recoverable under 28 U.S.C. § 1920. *Crues v. KFC Corp.*, 768 F.2d 230, 234 (8th Cir. 1985). |
| Express Network | ECF 284-3, p. 47 | $752.50 | These are not taxable costs under 28 U.S.C. § 1920. Process server costs are not recoverable under 28 U.S.C. § 1920. *Crues v. KFC Corp.*, 768 F.2d 230, 234 (8th Cir. 1985). |
| Express Network | ECF 284-3, p. 48 | $566.31 | These are not taxable costs under 28 U.S.C. § 1920. Plaintiffs did not call Dr. Bak at trial. Process server costs are not recoverable under 28 U.S.C. § 1920. *Crues v. KFC Corp.*, 768 F.2d 230, 234 (8th Cir. 1985). |
| Express Network | ECF 284-3, p. 49 | $229.57 | These are not taxable costs under 28 U.S.C. § 1920. Process server costs are not recoverable under 28 U.S.C. § 1920. *Crues v. KFC Corp.*, 768 F.2d 230, 234 (8th Cir. 1985). |
| Express Network | ECF 284-3, p. 50 | $126.50 | These are not taxable costs under 28 U.S.C. § 1920. Plaintiffs did not call Dr. Ajayi at trial. Process server costs are not recoverable under 28 U.S.C. § 1920. *Crues v. KFC Corp.*, 768 F.2d 230, 234 (8th Cir. 1985). |
| Express Network | ECF 284-3, p. 51 | $203.90 | These are not taxable costs under 28 U.S.C. § 1920. Plaintiffs did not call Dr. Moss at trial. Process server costs are not recoverable under 28 U.S.C. § 1920. *Crues v. KFC Corp.*, 768 F.2d 230, 234 (8th Cir. 1985). This is also duplicative of ECF 284-3, p. 39. |
| Express Network | ECF 284-3, p. 52 | | These are not taxable costs under 28 U.S.C. § 1920. Plaintiffs did not call Dr. Coates at trial. Process server costs are not recoverable under 28 U.S.C. § 1920. *Crues v. KFC Corp.*, 768 F.2d 230, 234 (8th Cir. 1985). This is also duplicative of ECF 284-3, p. 38. |

14

| Express Network | ECF 284-3, p. 53 | $417.50 | These are not taxable costs under 28 U.S.C. § 1920. Plaintiffs did not call Officer Munoz at trial. Process server costs are not recoverable under 28 U.S.C. § 1920. *Crues v. KFC Corp.*, 768 F.2d 230, 234 (8th Cir. 1985). This is also duplicative of ECF 284-3, p. 48. |
| Express Network | ECF 284-3, p. 54 | $295.00 | These are not taxable costs under 28 U.S.C. § 1920. Plaintiffs did not call Dr, Schwendy at trial. Process server costs are not recoverable under 28 U.S.C. § 1920. *Crues v. KFC Corp.*, 768 F.2d 230, 234 (8th Cir. 1985). |
| Express Network | ECF 284-3, p.56 | $195.00 | These are not taxable costs under 28 U.S.C. § 1920. It is unclear why items were sent to Sacramento County Superior Court. |
| Express Network | ECF 284-3, p. 57 | $205.00 | These are not taxable costs under 28 U.S.C. § 1920. Plaintiffs did not call Andrea Ajayi, M.D. at trial. Process server costs are not recoverable under 28 U.S.C. § 1920. *Crues v. KFC Corp.*, 768 F.2d 230, 234 (8th Cir. 1985) |
| Express Network | ECF 284-3, p. 58 | $65.00 | These are not taxable costs under 28 U.S.C. § 1920. Plaintiffs did not call Pamela Schwendy as a witness at trial. Costs to obtain testimony for purely investigative purposes are not recoverable. *Coats v. Penrod Drilling Corp.*, 5 F.3d 877, 891 (5th Cir. 1993). |
| Express Network | ECF 284-3, p. 59 | $65.00 | These are not taxable costs under 28 U.S.C. § 1920. Plaintiffs did not call Dr. Wong as a witness at trial. Costs to obtain testimony for purely investigative purposes are not recoverable. *Coats v. Penrod Drilling Corp.*, 5 F.3d 877, 891 (5th Cir. 1993). |
| Express Network | ECF 284-3, p. 60 | $205.00 | These are not taxable costs under 28 U.S.C. § 1920. Plaintiffs did not call Officer Perez as a witness at trial. Costs to obtain testimony for purely investigative purposes are not recoverable. *Coats v. Penrod Drilling Corp.*, 5 F.3d 877, 891 (5th Cir. 1993). |
| Express Network | ECF 284-3, p. 61 | $347.76 | These are not taxable costs under 28 U.S.C. § 1920. Plaintiffs did not call Dr. Cheng as a witness at trial. Costs to obtain testimony for purely |

15

| | | | |
|---|---|---|---|
| | | | investigative purposes are not recoverable. *Coats v. Penrod Drilling Corp.*, 5 F.3d 877, 891 (5th Cir. 1993). |
| Express Network | ECF 284-3, p. 62 | $347.42 | These are not taxable costs under 28 U.S.C. § 1920.  Plaintiffs did not call Jeff Anderson  as a witness at trial. Costs to obtain testimony for purely investigative purposes are not recoverable. *Coats v. Penrod Drilling Corp.*, 5 F.3d 877, 891 (5th Cir. 1993). |
| Express Network | ECF 284-3, p. 63 | $197.41 | These are not taxable costs under 28 U.S.C. § 1920.  Plaintiffs did not call Jan Eckerman as a witness at trial. Costs to obtain testimony for purely investigative purposes are not recoverable. *Coats v. Penrod Drilling Corp.*, 5 F.3d 877, 891 (5th Cir. 1993). |
| Express Network | ECF 284-3, p. 64 | $507.50 | These are not taxable costs under 28 U.S.C. § 1920.  Plaintiffs did not call Officer Machado as a witness at trial. Costs to obtain testimony for purely investigative purposes are not recoverable. *Coats v. Penrod Drilling Corp.*, 5 F.3d 877, 891 (5th Cir. 1993). |
| Express Network | ECF 284-3, p. 65 | $367.50 | These are not taxable costs under 28 U.S.C. § 1920.  Plaintiffs did not call Officer Weaver as a witness at trial. Costs to obtain testimony for purely investigative purposes are not recoverable. *Coats v. Penrod Drilling Corp.*, 5 F.3d 877, 891 (5th Cir. 1993). |
| Express Network | ECF 284-3, p. 66 | $347.76 | These are not taxable costs under 28 U.S.C. § 1920.  Plaintiffs did not call Dr. Navani as a witness at trial.  Costs to obtain testimony for purely investigative purposes are not recoverable. *Coats v. Penrod Drilling Corp.*, 5 F.3d 877, 891 (5th Cir. 1993). |
| Express Network | ECF 284-3, p. 67 | $194.54 | These are not taxable costs under 28 U.S.C. § 1920.  Plaintiffs did not call Benjamin Schanaker as a witness at trial.  Costs to obtain testimony for purely investigative purposes are not recoverable. *Coats v. Penrod Drilling Corp.*, 5 F.3d 877, 891 (5th Cir. 1993). |

16

## C.    Fees For Printed or Recorded Transcripts

| Item | ECF Doc; Page | Amount | Objection |
|------|---------------|--------|-----------|
| Ace Imaging Technology | 284-4, p. 2 | $43.30 | This is not a taxable cost under 28 U.S.C. §1920. VIP Ketamine Records were not necessary or used at trial. |
| Ace Imaging Technology | 284-4, p. 4 | $81.75 | This is not a taxable cost under 28 U.S.C. §1920. Stanislaus County Sheriff's Department, Stanislaus Cunty Jail were not necessary or used at trial. |
| Ace Imaging Technology | 284-4, p. 6 | $239.00 | This is not a taxable cost under 28 U.S.C. §1920. A party may not recover costs for an act of copying or exemplification of materials that merely add to the convenience of counsel. *Kalitta Air L.L.C. v. Cent. Tex. Airborne Sys. Inc.*, 741 F.3d 955, 958 (9th Cir. 2012). |
| Ace Imaging Technology | 284-4, p. 8 | $50.06 | This is not a taxable cost under 28 U.S.C. §1920. A party may not recover costs for an act of copying or exemplification of materials that merely add to the convenience of counsel. *Kalitta Air L.L.C. v. Cent. Tex. Airborne Sys. Inc.*, 741 F.3d 955, 958 (9th Cir. 2012). Cognet Rehab Solutions records were not used at trial. |
| Ace Imaging Technologies | 284-4, p. 9 | $50.06 | This is not a taxable cost under 28 U.S.C. §1920. A party may not recover costs for an act of copying or exemplification of materials that merely add to the convenience of counsel. *Kalitta Air L.L.C. v. Cent. Tex. Airborne Sys. Inc.*, 741 F.3d 955, 958 (9th Cir. 2012). Plaintiffs did not use any records from Department of Health Care Services at trial. |
| Ace Imaging Technologies | 284-4, p. 10 | $50.06 | This is duplicative of ECF 284-5, p. 9. |
| Ace Imaging Technologies | 284-4, p. 11 | $50.44 | This is not a taxable cost under 28 U.S.C. §1920. A party may not recover costs for an act of copying or exemplification of materials that merely add to the convenience of counsel. *Kalitta Air L.L.C. v. Cent. Tex. Airborne Sys. Inc.*, 741 F.3d 955, 958 (9th Cir. 2012). Plaintiffs did not use any records from Morris Family Enterprise at Trial. |
| Ace Imaging Technologies | ECF 264-4, p. 12 | $152.38 | This is not a taxable cost under 28 U.S.C. §1920. A party may not recover costs for an act of copying or |

17

| | | | exemplification of materials that merely add to the convenience of counsel. *Kalitta Air L.L.C. v. Cent. Tex. Airborne Sys. Inc.,* 741 F.3d 955, 958 (9th Cir. 2012). |
|---|---|---|---|
| Ace Imaging Technologies | ECF 264-4, p. 13 | $50.05 | This is not a taxable cost under 28 U.S.C. §1920. A party may not recover costs for an act of copying or exemplification of materials that merely add to the convenience of counsel. *Kalitta Air L.L.C. v. Cent. Tex. Airborne Sys. Inc.,* 741 F.3d 955, 958 (9th Cir. 2012). |
| Ace Imaging Technologies | ECF 264-4, p. 14 | $104.81 | This is not a taxable cost under 28 U.S.C. §1920. A party may not recover costs for an act of copying or exemplification of materials that merely add to the convenience of counsel. *Kalitta Air L.L.C. v. Cent. Tex. Airborne Sys. Inc.,* 741 F.3d 955, 958 (9th Cir. 2012). |
| Ace Imaging Technologies | ECF 264-4, p. 15 | $50.06 | This is not a taxable cost under 28 U.S.C. §1920. A party may not recover costs for an act of copying or exemplification of materials that merely add to the convenience of counsel. *Kalitta Air L.L.C. v. Cent. Tex. Airborne Sys. Inc.,* 741 F.3d 955, 958 (9th Cir. 2012). |
| Ace Imaging Technologies | ECF 264-4, p. 16 | $50.06 | This is not a taxable cost under 28 U.S.C. §1920. A party may not recover costs for an act of copying or exemplification of materials that merely add to the convenience of counsel. *Kalitta Air L.L.C. v. Cent. Tex. Airborne Sys. Inc.,* 741 F.3d 955, 958 (9th Cir. 2012). |
| Ace Imaging Technologies | ECF 264-4, p. 17 | $50.06 | This is not a taxable cost under 28 U.S.C. §1920. A party may not recover costs for an act of copying or exemplification of materials that merely add to the convenience of counsel. *Kalitta Air L.L.C. v. Cent. Tex. Airborne Sys. Inc.,* 741 F.3d 955, 958 (9th Cir. 2012). Additionally, Plaintiffs did not use any records from Stanislaus County Adult Probation at trial. |
| Ace Imaging Technologies | ECF 264-4, p. 18 | $54.66 | This is not a taxable cost under 28 U.S.C. §1920. A party may not recover costs for an act of copying or exemplification of materials that |

18

| | | | |
|---|---|---|---|
| | | | merely add to the convenience of counsel. *Kalitta Air L.L.C. v. Cent. Tex. Airborne Sys. Inc.,* 741 F.3d 955, 958 (9th Cir. 2012). Additionally, Plaintiffs did not use any records from Stanislaus County Adult Probation at trial. |
| Veritext | ECF 264-4, p. 20 | $548.90 | It is unclear what deposition transcript this is for. Transcriptions costs for a deposition are not recoverable if they are for investigation or taken solely for discovery. *Marmo v. Tyson Fresh Meats, Inc.* 457 F.3d 748, 762-763 (8th Cir. 2006); *Holmes ex rel Estate of Holmes v. Cessna Aircraft Co.,* 11 F.3d 63, 64 (5th Cir. 1994). |
| Veritext | ECF 264-4, p. 23 | $698.70 | It is unclear what deposition transcript this is for. Transcriptions costs for a deposition are not recoverable if they are for investigation or taken solely for discovery. *Marmo v. Tyson Fresh Meats, Inc.* 457 F.3d 748, 762-763 (8th Cir. 2006); *Holmes ex rel Estate of Holmes v. Cessna Aircraft Co.,* 11 F.3d 63, 64 (5th Cir. 1994). |
| Veritext | ECF 284-4, p. 24 | $640.80 | It is unclear what deposition transcript this is for. Transcriptions costs for a deposition are not recoverable if they are for investigation or taken solely for discovery. *Marmo v. Tyson Fresh Meats, Inc.* 457 F.3d 748, 762-763 (8th Cir. 2006); *Holmes ex rel Estate of Holmes v. Cessna Aircraft Co.,* 11 F.3d 63, 64 (5th Cir. 1994). |
| Veritext | ECF 284-4, p. 25 | $596.65 | It is unclear what deposition transcript this is for. Transcriptions costs for a deposition are not recoverable if they are for investigation or taken solely for discovery. *Marmo v. Tyson Fresh Meats, Inc.* 457 F.3d 748, 762-763 (8th Cir. 2006); *Holmes ex rel Estate of Holmes v. Cessna Aircraft Co.,* 11 F.3d 63, 64 (5th Cir. 1994). |
| Veritext | ECF 284-4, p. 26 | $659.45 | It is unclear what deposition transcript this is for. Transcriptions costs for a deposition are not recoverable if they are for investigation or taken solely for discovery. *Marmo v. Tyson Fresh Meats, Inc.* 457 F.3d 748, 762-763 (8th Cir. 2006); *Holmes ex rel Estate of Holmes v. Cessna Aircraft Co.,* 11 F.3d 63, 64 (5th Cir. 1994). |

| Veritext | ECF 284-4, p. 27 | $691.20 | It is unclear what deposition transcript this is for. Transcriptions costs for a deposition are not recoverable if they are for investigation or taken solely for discovery. *Marmo v. Tyson Fresh Meats, Inc.* 457 F.3d 748, 762-763 (8th Cir. 2006); *Holmes ex rel Estate of Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 64 (5th Cir. 1994). |
| Veritext | ECF 284-4, p. 28 | $578.75 | It is unclear what deposition transcript this is for. Transcriptions costs for a deposition are not recoverable if they are for investigation or taken solely for discovery. *Marmo v. Tyson Fresh Meats, Inc.* 457 F.3d 748, 762-763 (8th Cir. 2006); *Holmes ex rel Estate of Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 64 (5th Cir. 1994). |
| Veritext | ECF 284-4, p. 29 | $490.10 | It is unclear what deposition transcript this is for. Transcriptions costs for a deposition are not recoverable if they are for investigation or taken solely for discovery. *Marmo v. Tyson Fresh Meats, Inc.* 457 F.3d 748, 762-763 (8th Cir. 2006); *Holmes ex rel Estate of Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 64 (5th Cir. 1994). |
| Veritext | ECF 284-4, p. 30 | $247.80 | It is unclear what deposition transcript this is for. Transcriptions costs for a deposition are not recoverable if they are for investigation or taken solely for discovery. *Marmo v. Tyson Fresh Meats, Inc.* 457 F.3d 748, 762-763 (8th Cir. 2006); *Holmes ex rel Estate of Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 64 (5th Cir. 1994). |
| Veritext | ECF 284-4, p. 32 | $395.00 | This is not a taxable cost under 28 U.S.C. § 1920. Plaintiffs has failed to show that the out-of-pocket cost was reasonably expended, necessary for trial or would normally be charged to a fee-paying client. *Dang v. Cross*, 422 F.3d 800, 814 (9th Cir. 2005); *Woods v. Corey*, 722 F.3d 1177, 1180 (9th Cir. 2013.) |
| Veritext | ECF 284-4, p. 33 | $690.00 | This is not a taxable cost under 28 U.S.C. § 1920. Plaintiffs has failed to show that the out-of-pocket cost was reasonably expended, necessary for trial or would normally be charged to a fee-paying client. *Dang*, 422 F.3d 800 at 814; *Woods*, 722 F.3d 1177, 1180. |

20

| Veritext | ECF 284-4, p. 34 | $1,843.05 | It is unclear what deposition transcript this is for. Transcriptions costs for a deposition are not recoverable if they are for investigation or taken solely for discovery. *Marmo v. Tyson Fresh Meats, Inc.* 457 F.3d 748, 762-763 (8th Cir. 2006); *Holmes ex rel Estate of Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 64 (5th Cir. 1994). |
| Veritext | ECF 284-4, p. 37 | $631.19 | It is unclear what deposition transcript this is for. Transcriptions costs for a deposition are not recoverable if they are for investigation or taken solely for discovery. *Marmo v. Tyson Fresh Meats, Inc.* 457 F.3d 748, 762-763 (8th Cir. 2006); *Holmes ex rel Estate of Holmes.v. Cessna Aircraft Co.*, 11 F.3d 63, 64 (5th Cir. 1994). |
| Veritext | ECF 284-4, p. 39 | $440.30 | It is unclear what deposition transcript this is for. Transcriptions costs for a deposition are not recoverable if they are for investigation or taken solely for discovery. *Marmo v. Tyson Fresh Meats, Inc.* 457 F.3d 748, 762-763 (8th Cir. 2006); *Holmes ex rel Estate of Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 64 (5th Cir. 1994). |
| Veritext | ECF 284-4, p. 40 | $1,804.55 | It is unclear what deposition transcript this is for. Transcriptions costs for a deposition are not recoverable if they are for investigation or taken solely for discovery. *Marmo v. Tyson Fresh Meats, Inc.* 457 F.3d 748, 762-763 (8th Cir. 2006); *Holmes ex rel Estate of Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 64 (5th Cir. 1994). |
| Barkley | ECF 284-4, p. 43, 44 | $924.25/$938.11 | Costs of transcripts may only be awarded upon a showing that they were reasonably necessary for use in the case. 28 U.S.C. §1920(2). Mr. Enos was not called as a witness at trial. Transcriptions costs for a deposition are not recoverable if they are for investigation or taken solely for discovery. *Marmo v. Tyson Fresh Meats, Inc.* 457 F.3d 748, 762-763 (8th Cir. 2006); *Holmes ex rel Estate of Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 64 (5th Cir. 1994). |
| Barkley | ECF 284-4, p. 45, 46 | $771.80/$783.38 | This transcript was not reasonably necessary. Transcriptions costs for a deposition are not recoverable if they are for investigation or taken solely for discovery. *Marmo v. Tyson Fresh* |

21

| | | | |
|---|---|---|---|
| | | | *Meats, Inc.* 457 F.3d 748, 762-763 (8th Cir. 2006); *Holmes ex rel Estate of Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 64 (5th Cir. 1994). Ms. Schweitzer was not called at a witness in the March or October trial. |
| Barkley | ECF 284-4, p. 47 | $325.00/$329.88 | This is not a taxable cost under 28 U.S.C. §1920. Mr. Mills was deposed by defense counsel. Dawn Perry, CSR through Veritext was the Court reporter. See ECF 272-1 p.3, Dec. of LeeAnn Whitmore at ¶7 The Court has the original transcript which was lodged prior to trial. It is unclear why this is claimed as a cost. |
| Barkley | ECF 284-4, p. 48 | $879.55 | This transcript was not reasonably necessary. Transcriptions costs for a deposition are not recoverable if they are for investigation or taken solely for discovery. *Marmo v. Tyson Fresh Meats, Inc.* 457 F.3d 748, 762-763 (8th Cir. 2006); *Holmes ex rel Estate of Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 64 (5th Cir. 1994). Dr. Binder was not called as a witness in the March or October trial. |
| Esquire | ECF 284-4, p. 51 | $1,367.20 | It is unclear what deposition transcript this is for. Transcriptions costs for a deposition are not recoverable if they are for investigation or taken solely for discovery. *Marmo v. Tyson Fresh Meats, Inc.* 457 F.3d 748, 762-763 (8th Cir. 2006); *Holmes ex rel Estate of Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 64 (5th Cir. 1994). |
| Kusar | ECF 284-4, p. 52 | $440 | This transcript was not reasonably necessary. Transcriptions costs for a deposition are not recoverable if they are for investigation or taken solely for discovery. *Marmo v. Tyson Fresh Meats, Inc.* 457 F.3d 748, 762-763 (8th Cir. 2006); *Holmes ex rel Estate of Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 64 (5th Cir. 1994). Dr. Ravani was not called as a witness in the March or October trial. |
| Intrepid | ECF 284-4, p. 53 | $982.10 | This transcript was not reasonably necessary. Transcriptions costs for a deposition are not recoverable if they are for investigation or taken solely for discovery. *Marmo v. Tyson Fresh Meats, Inc.* 457 F.3d 748, 762-763 (8th Cir. 2006); *Holmes ex rel Estate of Holmes v. Cessna Aircraft Co.*, 11 F.3d |

22

| | | | |
|---|---|---|---|
| | | | 63, 64 (5th Cir. 1994). Dr. Fish was not called as a witness in the March or October trial. |
| Intrepid | ECF 284-4, p. 54 | $1,183.05 | This transcript was not reasonably necessary. Transcriptions costs for a deposition are not recoverable if they are for investigation or taken solely for discovery. *Marmo v. Tyson Fresh Meats, Inc.* 457 F.3d 748, 762-763 (8th Cir. 2006); *Holmes ex rel Estate of Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 64 (5th Cir. 1994). Dr. Filanosky was not called as a witness in the March or October trial. |
| Intrepid | ECF 284-4, p. 55 | $1,061.62 | This transcript was not reasonably necessary. Transcriptions costs for a deposition are not recoverable if they are for investigation or taken solely for discovery. *Marmo v. Tyson Fresh Meats, Inc.* 457 F.3d 748, 762-763 (8th Cir. 2006); *Holmes ex rel Estate of Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 64 (5th Cir. 1994). Dr. Filanosky was not called as a witness in the March or October trial. ECF 284, p. 54 It is unclear why there are multiple separate invoices. |
| Intrepid | ECF 284-4, p. 56 | $350 | This is not a taxable cost under 28 U.S.C. §1920. |
| Intrepid | ECF 284-4, p. 57 | $1,061.52 | This is duplicative of ECF 284-4, p. 55. |
| Intrepid | ECF 284-4, p. 58 | $$1,826.43 | This transcript was not reasonably necessary. Transcriptions costs for a deposition are not recoverable if they are for investigation or taken solely for discovery. *Marmo v. Tyson Fresh Meats, Inc.* 457 F.3d 748, 762-763 (8th Cir. 2006); *Holmes ex rel Estate of Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 64 (5th Cir. 1994). Ms. Craigmyle was not called as a witness in the March or October trial. |
| Intrepid | ECF 284-4, p. 59 | $1907.03 | This transcript was not reasonably necessary. Transcriptions costs for a deposition are not recoverable if they are for investigation or taken solely for discovery. *Marmo v. Tyson Fresh Meats, Inc.* 457 F.3d 748, 762-763 (8th Cir. 2006); *Holmes ex rel Estate of Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 64 (5th Cir. 1994). Dr. Sfakanios was not called as a witness in the March or October trial. |

23

| Intrepid | ECF 284-4, p. 60 | $1,932.40 | Only $1,334.75 is taxable as the cost for the transcript of Mr. Chapman. |
| Intrepid | ECF 284-4, p. 61 | $1,733.03 | This transcript was not reasonably necessary. Transcriptions costs for a deposition are not recoverable if they are for investigation or taken solely for discovery. *Marmo v. Tyson Fresh Meats, Inc.* 457 F.3d 748, 762-763 (8th Cir. 2006); *Holmes ex rel Estate of Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 64 (5th Cir. 1994). Dr. Sfakanios was not called as a witness in the March or October trial. Additionally, Dr. Sfakanios was only deposed once. It is unclear why there are multiple invoices. |
| Intrepid | ECF 284-4, p. 62 | $1,444.94 | This transcript was not reasonably necessary. Transcriptions costs for a deposition are not recoverable if they are for investigation or taken solely for discovery. *Marmo v. Tyson Fresh Meats, Inc.* 457 F.3d 748, 762-763 (8th Cir. 2006); *Holmes ex rel Estate of Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 64 (5th Cir. 1994). Dr. Fish was not called as a witness in the March or October trial. Additionally, the invoice appears duplicative of ECF 284-4, p. 53. Dr. Fish was deposed once. It is unclear why there are two invoices. |
| Intrepid | ECF 284-4, p. 63 | $1,862.59 | This transcript was not reasonably necessary. Transcriptions costs for a deposition are not recoverable if they are for investigation or taken solely for discovery. *Marmo v. Tyson Fresh Meats, Inc.* 457 F.3d 748, 762-763 (8th Cir. 2006); *Holmes ex rel Estate of Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 64 (5th Cir. 1994). Dr. Filanosky was not called as a witness in the March or October trial. It is unclear why there are four separate invoices for deposition transcripts . See also ECF 284-4, p. 55. |
| Intrepid | ECF 284-4, p. 64 | $1,556.28 | This transcript was not reasonably necessary. Transcriptions costs for a deposition are not recoverable if they are for investigation or taken solely for discovery. *Marmo v. Tyson Fresh Meats, Inc.* 457 F.3d 748, 762-763 (8th Cir. 2006); *Holmes ex rel Estate of Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 64 (5th Cir. 1994). Dr. Filanosky was not called as a witness in the |

| Item | ECF Doc; Page | Amount | Objection |
|---|---|---|---|
| | | | March or October trial. It is unclear why there are four separate invoices for deposition transcripts. See also ECF 284-4, p. 55 and 284-4, p. 63 |
| Barkley | ECF 284-4, p. 65 | $1,034.40 | This transcript was not reasonably necessary. Transcriptions costs for a deposition are not recoverable if they are for investigation or taken solely for discovery. *Marmo v. Tyson Fresh Meats, Inc.* 457 F.3d 748, 762-763 (8th Cir. 2006); *Holmes ex rel Estate of Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 64 (5th Cir. 1994). Dr. Ravani was not called as a witness in the March or October trial. Also, it is unclear why there are two invoices for Dr. Ravani's deposition. ECF 284-4, p. 52. |
| Esquire | ECF 284-4, p. 67 | $468.00 | This transcript was not reasonably necessary. Transcriptions costs for a deposition are not recoverable if they are for investigation or taken solely for discovery. *Marmo v. Tyson Fresh Meats, Inc.* 457 F.3d 748, 762-763 (8th Cir. 2006); *Holmes ex rel Estate of Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 64 (5th Cir. 1994). |
| Intrepid | ECF 284-4, p. 71 | $1,227 | This appears to be duplicative of 284-4, p. 6. Mr. Chapman was only deposed once, and it is unclear why there are two separate invoices. |
| Intrepid | ECF 284-4, p. 72 | $1,225.94 | This transcript was not reasonably necessary. Transcriptions costs for a deposition are not recoverable if they are for investigation or taken solely for discovery. *Marmo v. Tyson Fresh Meats, Inc.* 457 F.3d 748, 762-763 (8th Cir. 2006); *Holmes ex rel Estate of Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 64 (5th Cir. 1994). Dr. Sfakanios was not called as a witness in the March or October trial. It is unclear why there are multiple invoices for Dr. Sfakanios transcript. ECF 284-4, p. 59, 61 |

**D.    Fess for Disbursement and Printing**

| Item | ECF Doc; Page | Amount | Objection |
|---|---|---|---|
| Titan Legal Services | 284-5, p. 2 | $199.55 | These are not taxable costs under 28 U.S.C. § 1920. A party may not recover costs for an act of copying or exemplification of materials that merely |

25

| | | | |
|---|---|---|---|
| | | | added to the convenience of counsel or the district court. *Kalitta Air L.L.C. v. Cent. Tex. Airborne Sys. Inc.*, 741 F.3d at 958 |
| Titan Legal Services | 284-5, p. 4 | $120.41 | These are not taxable costs under 28 U.S.C. § 1920. A party may not recover costs for an act of copying or exemplification of materials that merely added to the convenience of counsel or the district court. *Kalitta Air L.L.C. v. Cent. Tex. Airborne Sys. Inc.*, 741 F.3d at 958 |
| Medi Copy | 284-5, p. 6 | $5.30 | These are not taxable costs under 28 U.S.C. §1920. A party may not recover costs for an act of copying or exemplification of materials that merely added to the convenience of counsel or the district court. *Kalitta Air L.L.C. v. Cent. Tex. Airborne Sys. Inc.*, 741 F.3d at 958 |
| Express Imaging Solution | 284-5, p. 8-9 | $8,462.30 | These are not taxable costs under 28 U.S.C. §1920. A party may not recover costs for an act of copying or exemplification of materials that merely added to the convenience of counsel or the district court. *Kalitta Air L.L.C. v. Cent. Tex. Airborne Sys. Inc.*, 741 F.3d at 958 |

**E.    Claimed Witness Fees**

| Item | ECF Doc; Page | Amount | Objection |
|---|---|---|---|
| Health Insurance Claim Form Emily Fine, PhD. | ECF 284-6, p. 2 | $2,800 | These are not taxable costs under 28 U.S.C. § 1920 or a reasonable cost under 42 U.S.C. §1988. No witness was called from Cog Net Rehabilitation. Emily Fine, Ph.D. of Cogent rehabilitation was a treatment provider of o Mr. Hurtado, however, Plaintiffs did not seek the cost as a past medical expense during trial and they are not recoverable as cost. |
| Mary Meinhard Invoice 5/24/21 | ECF 284-6, p. 3 | $7,680 | These are not taxable costs under 28 U.S.C. § 1920. Expert witness fees are not recoverable in a 42 U.S.C. §1983 action. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442. (1987); *Ashker*, No. 05-03759 CV, 2011 |

| | | | WL 825713 at *4 (March 7, 2011); *Ruff*, 700 F.Supp.2d 1225, 1243 (E.D. Cal. 2010). |
|---|---|---|---|
| Marilyn Jacobs, PhD. | ECF 284-6, p. 4 | $5,000 | These are not taxable costs under 28 U.S.C. § 1920. Expert witness fees are not recoverable in a 42 U.S.C. §1983 action. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442. (1987); *Ashker*, No. 05-03759 CV, 2011 WL 825713 at *4 (March 7, 2011); *Ruff*, 700 F.Supp.2d 1225, 1243 (E.D. Cal. 2010). |
| California Pain Medicine Centers | ECF 284-6, p. 5 | $3,450 | These are not taxable costs under 28 U.S.C. § 1920 or a reasonable cost under 42 U.S.C. §1988. This appears to be an invoice for medical services. Plaintiffs did not claim this as an item of damage at trial and may not seek it as a cost. |
| Peter Sfakianos No Show Fee | ECF 284-6, p. 6 | $1500 | This is not a taxable cost under 28 U.S.C. § 1920 or a reasonable cost under 42 U.S.C. §1988. Plaintiffs failed to appear for his independent medical examination and Plaintiffs' counsel agreed to pay the costs to avoid a motion to compel. See ECF 272-1, p. 2, Decl. of LeeAnn Whitmore at ¶5. |
| Mary Meinhard 8/25/21 Invoice | ECF 284-6, p. 7 | $6,300 | These are not taxable costs under 28 U.S.C. § 1920. Expert witness fees are not recoverable in a 42 U.S.C. §1983 action. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442. (1987); *Ashker*, No. 05-03759 CV, 2011 WL 825713 at *4 (March 7, 2011); *Ruff*, 700 F.Supp.2d 1225, 1243 (E.D. Cal. 2010). |
| Med Legal Source DME Flat Rate | ECF 284-6, p. 8 | $1,450 | These are not taxable costs under 28 U.S.C. § 1920 or a reasonable cost under 42 U.S.C. §1988. Plaintiffs have failed to show that the cost was necessary for the litigation. |
| Rincon Physical Medicine and Rehabilitation | ECF 284-6, p. 9 | $3,500 | These are not taxable costs under 28 U.S.C. § 1920. Expert witness fees are not recoverable in a 42 U.S.C. §1983 action. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442. (1987); *Ashker*, No. 05-03759 CV, 2011 WL 825713 at *4 (March 7, 2011); *Ruff*, 700 F.Supp.2d 1225, 1243 (E.D. Cal. 2010). |
| The Okorocha Firm | ECF 284-6, p. 10 | $1,280 | These are not taxable costs under 28 U.S.C. § 1920. Expert witness fees are not recoverable in a 42 U.S.C. §1983 action. *Crawford Fitting Co. v. J.T.* |

| | | | |
|---|---|---|---|
| | | | *Gibbons, Inc.*, 482 U.S. 437, 442. (1987); *Ashker*, No. 05-03759 CV, 2011 WL 825713 at *4 (March 7, 2011); *Ruff*, 700 F.Supp.2d 1225, 1243 (E.D. Cal. 2010). |
| Mary Meinhard Invoice 11/28/21 | ECF 284-6, p. 11-12 | $13,600 | These are not taxable costs under 28 U.S.C. § 1920. Expert witness fees are not recoverable in a 42 U.S.C. §1983 action. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442. (1987); *Ashker*, No. 05-03759 CV, 2011 WL 825713 at *4 (March 7, 2011); *Ruff*, 700 F.Supp.2d 1225, 1243 (E.D. Cal. 2010). |
| ARBIO Invoice 11/29/21 | ECF 284-6, p. 13-14 | $7,993.75 | These are not taxable costs under 28 U.S.C. § 1920. Expert witness fees are not recoverable in a 42 U.S.C. §1983 action. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442. (1987); *Ashker*, No. 05-03759 CV, 2011 WL 825713 at *4 (March 7, 2011); *Ruff*, 700 F.Supp.2d 1225, 1243 (E.D. Cal. 2010). |
| Mary Meinhard | ECF 284-6, p. 15-16 | $6,020 | These are not taxable costs under 28 U.S.C. § 1920. Expert witness fees are not recoverable in a 42 U.S.C. §1983 action. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442. (1987); *Ashker*, No. 05-03759 CV, 2011 WL 825713 at *4 (March 7, 2011); *Ruff*, 700 F.Supp.2d 1225, 1243 (E.D. Cal. 2010). |
| On Scene Consulting Invoice 2/322 | ECF 284-6, p. 17 | $11,156.25 | These are not taxable costs under 28 U.S.C. § 1920. Expert witness fees are not recoverable in a 42 U.S.C. §1983 action. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442. (1987); *Ashker*, No. 05-03759 CV, 2011 WL 825713 at *4 (March 7, 2011); *Ruff*, 700 F.Supp.2d 1225, 1243 (E.D. Cal. 2010). |
| Robert Johnson Invoice 12/10/21 | ECF 284-6, p. 18 | $5,371.00 | These are not taxable costs under 28 U.S.C. § 1920. Expert witness fees are not recoverable in a 42 U.S.C. §1983 action. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442. (1987); *Ashker*, No. 05-03759 CV, 2011 WL 825713 at *4 (March 7, 2011); *Ruff*, 700 F.Supp.2d 1225, 1243 (E.D. Cal. 2010). |
| Peter Sfakanios Depo. fee | ECF 284-6, p. 19 | $1,500 | Witness fees are limited to $40 per day. 28 U.S.C. §§ 1821 and 1920. |

28

| Renee Binder Depo. Fee | ECF 284-6, p. 20 | $1,400 | Witness fees are limited to $40 per day. 28 U.S.C. §§ 1821 and 1920. |
|---|---|---|---|
| Charles Filanosky Depo. Fee | ECF 284-6, p. 21 | $975 | Witness fees are limited to $40 per day. 28 U.S.C. §§ 1821 and 1920. |
| On Scene Consulting Invoice | ECF 284-6, p. 22 | $3,093.75 | These are not taxable costs under 28 U.S.C. § 1920. Expert witness fees are not recoverable in a 42 U.S.C. §1983 action. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442. (1987); *Ashker*, No. 05-03759 CV, 2011 WL 825713 at *4 (March 7, 2011); *Ruff*, 700 F.Supp.2d 1225, 1243 (E.D. Cal. 2010). |
| Clarence Chapman Witness Fee | ECF 284-6, p. 24 | $1,000 | Witness fees are limited to $40 per day. 28 U.S.C. §§ 1821 and 1920. |
| Jen Craigmyle Witness Fee | ECF 284-6, p. 25 | $500 | Witness fees are limited to $40 per day. 28 U.S.C. §§ 1821 and 1920. |
| Renee Binder M.D. Invoice 7/12/02 | ECF 284-6, p. 26 | $525 | This cost was not incurred by Plaintiffs' counsel. It was billed to and paid by the Attorney General's Office. |
| Robert Johnson Invoice dated 7/31/22 | ECF 284-6, p. 27 | $864 | These are not taxable costs under 28 U.S.C. § 1920. Expert witness fees are not recoverable in a 42 U.S.C. §1983 action. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442. (1987); *Ashker*, No. 05-03759 CV, 2011 WL 825713 at *4 (March 7, 2011); *Ruff*, 700 F.Supp.2d 1225, 1243 (E.D. Cal. 2010). |
| On Call Consulting | ECF 284-6, p. 28 | $656.25 | These are not taxable costs under 28 U.S.C. § 1920. Expert witness fees are not recoverable in a 42 U.S.C. §1983 action. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442. (1987); *Ashker*, No. 05-03759 CV, 2011 WL 825713 at *4 (March 7, 2011); *Ruff*, 700 F.Supp.2d 1225, 1243 (E.D. Cal. 2010). |
| Robert Johnson Invoice 4/14/22 | ECF 284-6, p. 29 | $1,064 | These are not taxable costs under 28 U.S.C. § 1920. Expert witness fees are not recoverable in a 42 U.S.C. §1983 action. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442. (1987); *Ashker*, No. 05-03759 CV, 2011 WL 825713 at *4 (March 7, 2011); *Ruff*, 700 F.Supp.2d 1225, 1243 (E.D. Cal. 2010). |

29

| | | | |
|---|---|---|---|
| ARBIO invoice 11/22/22 | ECF 284-6, p. 30 | $11,578.75 | These are not taxable costs under 28 U.S.C. § 1920. Expert witness fees are not recoverable in a 42 U.S.C. §1983 action. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442. (1987); *Ashker*, No. 05-03759 CV, 2011 WL 825713 at *4 (March 7, 2011); *Ruff*, 700 F.Supp.2d 1225, 1243 (E.D. Cal. 2010). |
| Rincon | ECF 284-6, p. 31 | $900 | These are not taxable costs under 28 U.S.C. § 1920. Expert witness fees are not recoverable in a 42 U.S.C. §1983 action. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442. (1987); *Ashker*, No. 05-03759 CV, 2011 WL 825713 at *4 (March 7, 2011); *Ruff*, 700 F.Supp.2d 1225, 1243 (E.D. Cal. 2010). |
| Rincon Invoice | ECF 284-6, p. 33 | $6,300 | These are not taxable costs under 28 U.S.C. § 1920. Expert witness fees are not recoverable in a 42 U.S.C. §1983 action. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442. (1987); *Ashker*, No. 05-03759 CV, 2011 WL 825713 at *4 (March 7, 2011); *Ruff*, 700 F.Supp.2d 1225, 1243 (E.D. Cal. 2010). |
| Mary Meinhard Invoice 11/6/23 | ECF 284-6, p. 34 | $7,670 | These are not taxable costs under 28 U.S.C. § 1920. Expert witness fees are not recoverable in a 42 U.S.C. §1983 action. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442. (1987); *Ashker*, No. 05-03759 CV, 2011 WL 825713 at *4 (March 7, 2011); *Ruff*, 700 F.Supp.2d 1225, 1243 (E.D. Cal. 2010). |
| Kusar Invoice Bahram Ravani | ECF 284-6, p. 35 | $440 | It is not clear what this cost is for. It appears to be duplicative of ECF 284-4, 52. |
| Traffic Safety Research Deposition Witness Fee | ECF 284-6, p. 36 | $1,350 | Witness fees are limited to $40 per day. 28 U.S.C. §§ 1821 and 1920. |
| Rincon | ECF 284-6, p. 37 | $6,300 | These are not taxable costs under 28 U.S.C. § 1920. Expert witness fees are not recoverable in a 42 U.S.C. §1983 action. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442. (1987); *Ashker*, No. 05-03759 CV, 2011 WL 825713 at *4 (March 7, 2011); *Ruff*, 700 F.Supp.2d 1225, 1243 (E.D. Cal. 2010). |
| Robert W. Johnson & Associates | ECF 284-6, p. 38 | $5,373 | These are not taxable costs under 28 U.S.C. § 1920. Expert witness fees are not recoverable in a 42 U.S.C. §1983 |

30

| | | | action. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442. (1987); *Ashker*, No. 05-03759 CV, 2011 WL 825713 at *4 (March 7, 2011); *Ruff*, 700 F.Supp.2d 1225, 1243 (E.D. Cal. 2010). |
|---|---|---|---|

**III.    PRIORITY FUNDING LOAN NOT RECOVERABLE**

Plaintiffs submitted a Priority Funding loan payoff letter. ECF 285-1, p. 2. However, it provides no information to show the purported litigation loan or other claimed costs would have necessarily been charged to the client, applied only to this litigation or any support to claim the loan is recoverable under 42 U.S.C. §1988. *Dang*, *supra* 22 F.3d 814. Therefore, to the extent Plaintiffs' counsel is requesting reimbursement for the Priority Funding loan, it should be disallowed.

<b>CONCLUSION</b>

Thus, all claimed costs except the Stanislaus County Superior court filing and remote appearance fees, the transcript of Mr. Chapman and the $40 ordinary witness fees for the expert depositions which plaintiff identified and Dr. Brafford's trial testimony should be allowed. Plaintiff has not met their burden in establishing the necessity of other costs. Expert costs are not recoverable in this action.

Dated:  February 5, 2025                    Respectfully submitted,

ROB BONTA
Attorney General of California
CATHERINE WOODBRIDGE
Supervising Deputy Attorney General

*/s/ LeeAnn E. Whitmore*

LEEANN E. WHITMORE
Deputy Attorney General
*Attorneys for Defendant State of California, acting by and through the California Highway Patrol and Edgardo Yepez*

LA2019501468
38768057.docx

31