1  LAW OFFICE OF DALE K. GALIPO
   DALE K. GALIPO, SBN 144074
2  dalekgalipo@yahoo.com
   HANG D. LE, SBN 293450
3  hlee@galipolaw.com
   21800 Burbank Blvd., Suite 310
4  Woodland Hills, CA 91367
   Telephone: (818) 347-3333
5
   Humberto M. Guizar, Esq.    (SBN 125769)
6  Kent M. Henderson, Esq.     (SBN 139530)
   Angel Carrazco, Jr., Esq.   (SBN 230845)
7  **GUIZAR, HENDERSON & CARRAZCO, L.L.P.**
   18301 Irvine Boulevard, Tustin, CA 92780
8  Telephone:    (714) 541-8600
   Facsimile:    (714) 541-8601
9  Email:        hguizar@ghclegal.com
                 hendolaw@gmail.com
10               angel@carrazcolawapc.com

11 Attorneys for Plaintiffs I.H., E.H., F.H., and A.H.

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| I.H., a minor by and through her mother and guardian Priscilla Macias, as successor in interest to Francisco Hurtado; E.H., a minor by and through her mother and guardian Priscilla Macias, as successor in interest to Francisco Hurtado; F.H., a minor by and through his mother and guardian Priscilla Macias, as successor in interest to Francisco Hurtado; and A.H., a minor by and through his mother and guardian Priscilla Macias, as successor in interest to Francisco Hurtado;<br><br>          Plaintiffs,<br><br>          v.<br><br>STATE OF CALIFORNIA; CALIFORNIA HIGHWAY PATROL; EDGARDO YEPEZ aka EDGARDO LOPEZ; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 2:19-cv-02343-DAD-AC<br><br>*Honorable Dale A. Drozd*<br><br>**PLAINTIFFS' UNOPPOSED MOTION FOR APPROVAL OF JUDGMENT PROCEEDS OF MINOR PLAINTIFFS I.H., E.H., F.H., AND A.H.; VERIFICATION BY GUARDIAN PRISCILLA MACIAS**<br><br>[Declaration of Hang D. Le and Exhibits thereto; Propose Order *filed concurrently*]<br><br>Hearing Date:  November 17, 2025<br>Time:          1:30 p.m.<br>Courtroom:     4, 15th floor |

**TO THE HONORABLE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT Plaintiffs I.H., E.H., F.H., and A.H., by and through their mother and guardian Priscilla Macias, hereby move by way of this Unopposed Motion for Approval of the Proceeds of Judgment of Minor Plaintiffs I.H., E.H., F.H., and A.H. ("Motion") for an Order approving the settlement of Plaintiffs I.H., E.H., F.H., and A.H.'s claims and the distribution of their funds.

Plaintiffs make this Motion pursuant to Eastern District Local Rule 202(b)(2). The grounds for this Motion are set forth in the Memorandum of Points and Authorities, which follows below, and the Declaration of Hang D. Le, which is submitted concurrently herewith. On September 17, 2025, Plaintiffs' counsel initiated the meet and confer process with Defendants regarding this motion. A copy of this instant Motion was emailed to Defendants' counsel on September 24, 2025. Defendants have indicated that they have no objections to this Motion.

Respectfully submitted,

DATED: October 2, 2025            LAW OFFICES OF DALE K. GALIPO

By       */s/ Hang D. Le*
Dale K. Galipo
Hang D. Le
Attorneys for Plaintiffs

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Priscilla Macias, mother and guardian minor Plaintiffs I.H., E.H., F.H., and A.H., hereby submits this Motion and proposed order for approval of the compromise of the claims of Plaintiffs I.H., E.H., F.H., and A.H. in this matter, and request that this Honorable Court approve of the proposed distribution of Plaintiffs I.H., E.H., F.H., and A.H.'s funds.

The instant claims of Plaintiffs I.H., E.H., F.H., and A.H. arose out of the officer-involved shooting of Plaintiffs I.H., E.H., F.H., and A.H.'s father, Francisco Hurtado ("Decedent"), on March 15, 2018, during an encounter with California Highway Patrol police officers. After a trial that resulted in a hung jury and a mistrial, this case was retried on October 16, 2024 and on October 24, 2024, the jury in this matter reached a verdict against Defendants Edgardo Yepez and the State of California by and through the California Highway Patrol and in favor of Plaintiffs I.H., E.H., F.H., and A.H., on Plaintiffs' Fourth Amendment claim for excessive force and state law claims for negligence and battery brought on behalf of their father Francisco Hurtado. The jury awarded Plaintiffs damages totaling $1,500,000.

On October 30, 2024, the Court entered Judgment in accordance with the Jury Verdict rendered on October 24, 2024. (Doc. No. 243). On November 18, 2024, Defendants filed a motion for a new trial, or in the alternative, remitter of past economic damages. (Doc. No. 256). On December 29, 2024, Plaintiffs filed a motion for attorneys' fees pursuant to 42 U.S.C. § 1983. (Doc. No. 263). On February 18, 2025, the Court issued an order denying Defendants' motion for a new trial but granting Defendants' motion for remittitur, reducing the jury award from $500,000 to $23,000 for a total of $1,023,000 in damages. (Doc. No. 291). Plaintiffs accepted the Court's remittitur. On April 21, 2025, the Court issued an order granting in part and denying in part Plaintiffs' motion for attorneys' fees and costs. The Court ultimately awarded Plaintiffs $3,191,150.33 in attorneys' fees and $37,892.82 in costs. (Doc. Nos. 297, 299). Thus, the total award for Plaintiffs and against Defendants is $4,252,043.15.

On November 19, 2024, Defendants appealed the Court's Order denying Defendants' motion for a new trial to the Ninth Circuit Court of Appeals. (Doc. No. 257). The parties

1  participated in the Circuit Court's mediation program, resulting in a settlement in which Plaintiffs
2  agreed to reduce Plaintiffs' attorney award amount by $152,043.15, from $3,191,150.33 to
3  $3,039,107.18, and in exchange, Defendants dismiss their appeal and pay plaintiff $3,039,107.18
4  for attorneys' fees awarded, $37,892.82 in costs awarded, and $1,023,000 in the amended jury
5  award judgment, for a total of $4,100,000.

6  Plaintiffs have agreed to split the amended judgment amount of $1,023,000 among the
7  Plaintiffs as follows:

| | |
|---|---|
| I.H. and her attorneys | $255,750 |
| E.H. and her attorneys | $255,750 |
| F.H. and her attorneys | $255,750 |
| A.H. and his attorneys | $255,750 |

Le Decl. ¶ 3.

## II.     DISCUSSION

District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors. *See* Fed. R. Civ. P. 17(c). Local Rule 202(b) provides: "No claim by or against a minor or incompetent person may be settled or compromised absent an order by the Court approving the settlement or compromise." L.R. 202(b). In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district "court [to] conduct its own inquiry to determine whether the settlement serves the best interests of the minor." *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978); *see also Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983) (holding that "a court must independently investigate and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's interests are protected, even if the settlement has been recommended or negotiated by the minor's parent or guardian ad litem.").

> Although the district court has a special duty to safeguard the interests of minor plaintiffs, that duty requires only that the district court determine whether the net amount distributed to each minor plaintiff in the proposed settlement is fair and reasonable, without regard to the proportion of the total settlement value designated for adult co-Plaintiffs and contracted by them with Plaintiffs' counsel.

If the net recovery of each minor plaintiff under the proposed settlement is fair and reasonable, the district court should approve the settlement as proposed.

*Robidoux v. Rosengren*, 638 F.3d 1177, 1179 (9th Cir. 2011).

California Code of Civil Procedure Section 372 and California Rules of Court, rule 3.1384 refer to the requirement of court approval and incorporate other rules requiring disclosure of various pertinent facts. California Rule of Court, rule 3.1384 provides that "[a] petition for court approval of a compromise or covenant not to sue under Code of Civil Procedure Section 372 must comply with rules 7.950, 7.951, and 7.952." Pursuant to the above California rules, Plaintiffs I.H., E.H., F.H., and A.H. and their attorneys make the following disclosures:

**Disclosures pursuant to California Rule of Court 7.950:**

1. The Petitioner is Priscilla Macias, mother and guardian for minor Plaintiffs I.H., E.H., F.H., and A.H. The Petitioner is also the natural mother and legal guardian of Plaintiffs I.H., E.H., F.H., and A.H.

2. Plaintiffs I.H., E.H., F.H., and A.H. are represented by the Law Offices of Dale K. Galipo and Guizar, Henderson, and Carrazco, LLP.

3. Plaintiff I.H. is a minor child and the biological daughter of the Decedent in this case, Francisco Hurtado. The minor Plaintiff I.H. is female. She was born in 2019. Plaintiff I.H. is currently six years old. Le Decl. ¶ 4.

4. Plaintiff E.H. is a minor child and the biological daughter of the Decedent in this case, Francisco Hurtado. The minor Plaintiff E.H. is female. She was born in 2020. Plaintiff E.H. is currently five years old. Le Decl. ¶ 5.

5. Plaintiff F.H. is a minor child and the biological son of the Decedent in this case, Francisco Hurtado. The minor Plaintiff F.H. is male. He was born in 2008. Plaintiff F.H. is currently three years old. Le Decl. ¶ 6.

6. Plaintiff A.H. is a minor child and the biological son of the Decedent in this case, Francisco Hurtado. The minor Plaintiff A.H. is male. He was born in 2008. Plaintiff A.H. is currently 1 year old. Le Decl. ¶ 7.

7. The nature of Plaintiffs I.H., E.H., F.H., and A.H.'s claims in this lawsuit are set

1  forth in the operative complaint filed in this action and arise out of the CHP officer-involved
2  shooting of their father, Francisco Hurtado, on March 15, 2018 in Modesto, California. Pursuant to
3  the settlement agreement, Plaintiffs I.H., E.H., F.H., and A.H.'s claims are subject of an action in
4  which judgment has been entered for Plaintiffs and against Defendants State of California, by and
5  through California Highway Patrol and Edgardo Yepez. Le Decl. ¶ 8.

6      8. Plaintiffs I.H., E.H., F.H., and A.H.'s damages in this case arise from the injuries
7  suffered by Decedent, for which Plaintiffs I.H., E.H., F.H., and A.H. can recover damages as the
8  successors in interest. Le Decl. ¶ 9.

9      9. Medical treatment and medical billing are not relevant. Plaintiffs I.H., E.H., F.H.,
10  and A.H. have not received medical treatment in connection with this case. Le Decl. ¶ 10.

11      10. The total amount of the settlement that Defendants agree to pay is $4,100,000. Of
12  that amount, the gross total amount of the jury award owed to Plaintiffs is $1,023,000. As set forth
13  above, Plaintiffs propose the following gross division: (1) $255,750 to I.H. and her attorneys; (2)
14  $255,750 to E.H. and her attorneys; (3) $255,750 to F.H. and his attorneys; and (4) $255,750 to
15  A.H. and his attorneys. Le Decl. ¶ 11.

16      11. Plaintiffs' attorneys—the Law Offices of Dale K. Galipo and Guizar, Henderson,
17  and Carrazco, LLP—are requesting reimbursement of advanced litigation costs in the total amount
18  of $400,000. The total costs Plaintiffs' attorneys advanced for this action was $621,207.36.
19  However, Plaintiffs' attorneys have elected to request only a portion of the total amount due to the
20  total judgment amount awarded to the Plaintiffs. Plaintiffs' attorneys are also requesting
21  $68,978.48 from Plaintiffs' total judgment amount for reimbursement of Decedent's medical liens.
22  Decedent's medical liens totaled $383,678.62. After extensive effort from Plaintiffs' attorneys,
23  Plaintiffs' attorneys were able to negotiate the liens down to $68,978.48. Thus, the total costs and
24  reimbursement of liens Plaintiffs' attorneys are requesting rom Plaintiffs' total judgment amount is
25  $468,978.48. This amount will be split among the Plaintiffs on a *pro rata* basis with their gross
26  settlement allocation, such that Plaintiffs' attorneys are requesting $117,244.62 in costs/lien
27  reimbursement from the gross proceeds allocated to Plaintiff I.H., $117,244.62 in costs/lien
28  reimbursement from the gross proceeds allocated to Plaintiff I.H., $117,244.62 in costs/lien

1  reimbursement from the gross proceeds allocated to Plaintiff F.H., and $117,244.62 in costs/lien

2  reimbursement from the gross proceeds allocated to Plaintiff A.H. Le Decl. ¶ 12.

3        12.     Plaintiffs' attorneys are not seeking any attorneys' fees from the proceeds allocated

4  to Plaintiffs I.H., E.H., F.H., and A.H. Plaintiffs' attorneys will take their attorneys' fees from the

5  statutory attorneys' fees awarded to Plaintiffs by the Court pursuant to Plaintiffs' motion for

6  attorneys' fees, less the $152,043.15 negotiated as part of the parties' settlement agreement. Le

7  Decl. ¶ 13.

8        13.     As stated above, the judgment, attorneys' fees, and costs Defendants have agreed to

9  pay is $4,100,000. Of that amount, the gross total amount of the jury award owed to Plaintiffs is

10 $1,023,000. As set forth above, Plaintiffs will evenly split this amount such that each plaintiff will

11 take $255,750 from the gross jury award. Thus, the share of these proceeds apportioned for minor

12 Plaintiff I.H. and her attorneys is $255,750. After deducting advanced costs and lien reimbursement

13 in the amount of $117,244.62, the total net settlement proceeds to Plaintiff I.H. is $138,505.38. The

14 share of these proceeds apportioned for minor Plaintiff E.H. and her attorneys is $255,750. After

15 deducting advanced costs and lien reimbursement in the amount of $117,244.62, the total net

16 settlement proceeds to Plaintiff E.H. is $138,505.38. The share of these proceeds apportioned for

17 minor Plaintiff F.H. and his attorneys is $255,750. After deducting advanced costs and lien

18 reimbursement in the amount of $117,244.62, the total net settlement proceeds to Plaintiff F.H. is

19 $138,505.38. The share of these proceeds apportioned for minor Plaintiff A.H. and his attorneys is

20 $$255,750. After deducting advanced costs and lien reimbursement in the amount of $117,244.62,

21 the total net settlement proceeds to Plaintiff A.H. is $138,505.38. Le Decl. ¶ 14.

22       14.     It is requested that $138,505.38 be used to fund a structured settlement annuity for

23 Plaintiff I.H. Attached as "**Exhibit A**" to the Declaration of Hang D. Le is the proposed structured

24 annuity for Plaintiff I.H., which is incorporated herein by reference. The total amount that Plaintiff

25 I.H. will receive after final payment is made directly to her is $303,334.73. Plaintiff I.H.'s mother

26 and guardian, Priscilla Macias, agrees to this proposal and believes that it is in the best interests of

27 I.H. Le Decl. ¶ 15.

28       15.     It is requested that $138,505.38 be used to fund a structured settlement annuity for

Plaintiff E.H. Attached as "**Exhibit B**" to the Declaration of Hang D. Le is the proposed structured annuity for Plaintiff E.H., which is incorporated herein by reference. The total amount that Plaintiff E.H. will receive after final payment is made directly to her is $332,864.49. Plaintiff E.H.'s mother and guardian, Priscilla Macias, agrees to this proposal and believes that it is in the best interests of E.H. Le Decl. ¶ 16.

16.  It is requested that $138,505.38 be used to fund a structured settlement annuity for Plaintiff F.H. Attached as "**Exhibit C**" to the Declaration of Hang D. Le is the proposed structured annuity for Plaintiff F.H., which is incorporated herein by reference. The total amount that Plaintiff F.H. will receive after final payment is made directly to him is $356,571.23. Plaintiff F.H.'s mother and guardian, Priscilla Macias, agrees to this proposal and believes that it is in the best interests of F.H. Le Decl. ¶ 17.

17.  It is requested that $138,505.38 be used to fund a structured settlement annuity for Plaintiff A.H. Attached as "**Exhibit D**" to the Declaration of Hang D. Le is the proposed structured annuity for Plaintiff A.H., which is incorporated herein by reference. The total amount that Plaintiff A.H. will receive after final payment is made directly to him is $413,328.55. Plaintiff A.H.'s mother and guardian, Priscilla Macias, agrees to this proposal and believes that it is in the best interests of A.H. Le Decl. ¶ 18.

18.  The moving guardian, Priscilla Macias, does not have any claims against Defendants in connection with the subject incident.

19.  The moving guardian does not have any claims against the minor Plaintiffs I.H., E.H., F.H., and A.H. in connection with the subject incident.

20.  California Welfare and Institutions Code Section 14124.73 does not apply.

21.  This motion does not seek an order for payment of money to a special needs trust. Le Decl. ¶ 19.

**Disclosures pursuant to California Rule of Court 7.951:**

1.  This motion was prepared by attorney Hang D. Le (California State Bar Number 293450), of the Law Offices of Dale K. Galipo, located at 21800 Burbank Boulevard, Suite 310, Woodland Hills, California, which represents Plaintiffs I.H., E.H., F.H., and A.H. in this action. Le

Decl. ¶ 20.

2. The Law Offices of Dale K. Galipo and Guizar, Henderson & Carrazco, LLP did not become concerned with this matter at the instance of any party against whom the claim of said minors are asserted. Le Decl. ¶ 21.

3. The Law Offices of Dale K. Galipo and Guizar, Henderson & Carrazco, LLP represent Plaintiffs I.H., E.H., F.H., and A.H. in this matter but are not employed by any other party or any insurance carrier involved in the matter. Le Decl. ¶ 22.

4. The Law Offices of Dale K. Galipo and Guizar, Henderson & Carrazco, LLP have not to date received any compensation for their services in connection herewith from any person. Le Decl. ¶ 23.

5. In addition to receiving reimbursement for advanced litigation costs and medical liens from Plaintiffs I.H., E.H., F.H., and A.H.'s share of the settlement, Plaintiffs' attorneys expect to receive statutory attorneys' fees in the amount of $3,039,107.18 for their services and costs in the amount of $37,892.82 as awarded by the Court from the gross settlement proceeds. Le Decl. ¶ 24.

6. The Law Offices of Dale K. Galipo and Guizar, Henderson & Carrazco, LLP accepted this engagement for a contingency fee, plus reimbursement for any costs advanced. The retainer agreement provides for a 40 percent attorney fee recovery if any recovery is made after commencement of a lawsuit *or* any and all statutory attorneys' fees awarded by the court or settled with the opposing side—whichever is greater. Le Decl. ¶ 25.

**Petitioner's endorsement**:

Petitioner Priscilla Macias has made a careful and diligent inquiry and investigation to ascertain the facts relating to the incident giving rise to the minors; claims, the parties responsible for the incident, and the nature, extent and seriousness of the minor's claims. Petitioner further understands that if the compromise proposed in this *Motion* is approved by the Court and is consummated, the minor children will be forever barred from seeking any further recovery of compensation even though the minors' injuries and losses might in the future appear to be more serious than they are now thought to be. Petitioner recommends the compromise settlement and the

1 proposed distribution to the minors to the Court as being fair, reasonable, and in the best interest of
2 the minors, and requests that the Court approve this compromise settlement and make such other
3 and further orders as may be just and reasonable. Petitioner Priscilla Macias requests that the Court
4 enter the Proposed Order filed concurrently herewith.

**III.    CONCLUSION**

For the foregoing reasons, Plaintiffs I.H., E.H., F.H., and A.H. respectfully request that the Court enter the proposed order submitted.

Respectfully submitted,

DATED: October 2, 2025          LAW OFFICES OF DALE K. GALIPO


By        */s/ Hang D. Le*
Dale K. Galipo
Hang D. Le
Attorneys for Plaintiffs