LAW OFFICE OF DALE K. GALIPO
DALE K. GALIPO, SBN 144074
dalekgalipo@yahoo.com
HANG D. LE, SBN 293450
hlee@galipolaw.com
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Telephone: (818) 347-3333

Humberto M. Guizar, Esq.      (SBN 125769)
Kent M. Henderson, Esq.       (SBN 139530)
Angel Carrazco, Jr., Esq.     (SBN 230845)
**GUIZAR, HENDERSON & CARRAZCO, L.L.P.**
18301 Irvine Boulevard, Tustin, CA 92780
Telephone:    (714) 541-8600
Facsimile:    (714) 541-8601
Email:        hguizar@ghclegal.com
              hendolaw@gmail.com
              angel@carrazcolawapc.com

Attorneys for Plaintiffs I.H., E.H., F.H., and A.H.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| I.H., a minor by and through her mother and guardian Priscilla Macias, as successor in interest to Francisco Hurtado; E.H., a minor by and through her mother and guardian Priscilla Macias, as successor in interest to Francisco Hurtado; F.H., a minor by and through his mother and guardian Priscilla Macias, as successor in interest to Francisco Hurtado; and A.H., a minor by and through his mother and guardian Priscilla Macias, as successor in interest to Francisco Hurtado;<br><br>Plaintiffs,<br><br>v.<br><br>STATE OF CALIFORNIA; CALIFORNIA HIGHWAY PATROL; EDGARDO YEPEZ aka EDGARDO LOPEZ; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 2:19-cv-02343-DAD-AC<br><br>*Honorable Dale A. Drozd*<br><br>**DECLARATION OF HANG D. LE**<br><br>[Plaintiffs' Unopposed Motion for Approval of Judgment Proceeds of Minor Plaintiffs I.H., E.H., F.H., and A.H.; Proposed Order *filed concurrently*] |

**DECLARATION OF HANG D. LE**

I, Hang D. Le, hereby declare as follows:

1. I am an attorney duly licensed to practice law in the United States District Court for the Eastern District of California. I am one of the attorneys of record for the plaintiffs I.H., E.H., F.H., and A.H. in this action. I have personal knowledge of the matters stated herein and would and could testify competently thereto if called. I make this declaration in support of Plaintiffs' Unopposed Motion for Approval of Judgment Proceeds of Minor Plaintiffs I.H., E.H., F.H., and A.H.

2. On September 17, 2025, I initiated the meet and confer process with Defendants regarding Plaintiffs' Motion. On September 24, 2025, I e-mailed a copy of this instant Motion and accompanying proposed order to defense counsel for the State of California and the individual defendant officers at LeeAnn.Whitmore@doj.ca.gov. Defendants have indicated that they have no objections to this Motion.

3. The settlement agreement obligates Defendants to pay Plaintiffs and their attorneys of record a total sum of $4,100,000. Of that amount, the gross total amount of the jury award owed to Plaintiffs is $1,023,000, which Plaintiffs have agreed to split as follows:

| | |
|---|---|
| I.H. and her attorneys | $255,750 |
| E.H. and her attorneys | $255,750 |
| F.H. and her attorneys | $255,750 |
| A.H. and his attorneys | $255,750 |

4. Plaintiff I.H. is a minor child and the biological daughter of the Decedent in this case, Francisco Hurtado. The minor Plaintiff I.H. is female. She was born in 2019. Plaintiff I.H. is currently six years old.

5. Plaintiff E.H. is a minor child and the biological daughter of the Decedent in this case, Francisco Hurtado. The minor Plaintiff E.H. is female. She was born in 2020. Plaintiff E.H. is currently five years old.

1       6.     Plaintiff F.H. is a minor child and the biological son of the Decedent in this case,
Francisco Hurtado. The minor Plaintiff F.H. is male. He was born in 2008. Plaintiff F.H. is currently three years old.

      7.     Plaintiff A.H. is a minor child and the biological son of the Decedent in this case, Francisco Hurtado. The minor Plaintiff A.H. is male. He was born in 2008. Plaintiff A.H. is currently 1 year old

      8.     The nature of Plaintiffs I.H., E.H., F.H., and A.H.'s claims in this lawsuit are set forth in the operative complaint filed in this action and arise out of the CHP officer-involved shooting of their father, Francisco Hurtado, on March 15, 2018 in Modesto, California. Pursuant to the settlement agreement, Plaintiffs I.H., E.H., F.H., and A.H.'s claims are subject of an action in which judgment has been entered for Plaintiffs and against Defendants State of California, by and through California Highway Patrol and Edgardo Yepez

      9.     Plaintiffs I.H., E.H., F.H., and A.H.'s damages in this case arise from the injuries suffered by Decedent, for which Plaintiffs I.H., E.H., F.H., and A.H. can recover damages as the successors in interest.

      10.     Medical treatment and medical billing are not relevant. Plaintiffs I.H., E.H., F.H., and A.H. have not received medical treatment in connection with this case.

      11.     The total amount of the settlement that Defendants agree to pay is $4,100,000. Of that amount, the gross total amount of the jury award owed to Plaintiffs is $1,023,000. As set forth above, Plaintiffs propose the following gross division: (1) $255,750 to I.H. and her attorneys; (2) $255,750 to E.H. and her attorneys; (3) $255,750 to F.H. and his attorneys; and (4) $255,750 to A.H. and his attorneys.

      12.     Plaintiffs' attorneys—the Law Offices of Dale K. Galipo and Guizar, Henderson, and Carrazco, LLP—are requesting reimbursement of advanced litigation costs in the total amount of $400,000. The total costs Plaintiffs' attorneys advanced for this action was $621,207.36. However, Plaintiffs' attorneys have elected to request only a portion of the total amount due to the total judgment amount awarded to the Plaintiffs. Plaintiffs' attorneys are also requesting $68,978.48 from Plaintiffs' total judgment amount for reimbursement of Decedent's medical liens.

1  Decedent's medical liens totaled $383,678.62. After extensive effort from Plaintiffs' attorneys,
2  Plaintiffs' attorneys were able to negotiate the liens down to $68,978.48. Thus, the total costs and
3  reimbursement of liens Plaintiffs' attorneys are requesting rom Plaintiffs' total judgment amount is
4  $468,978.48. This amount will be split among the Plaintiffs on a *pro rata* basis with their gross
5  settlement allocation, such that Plaintiffs' attorneys are requesting $117,244.62 in costs/lien
6  reimbursement from the gross proceeds allocated to Plaintiff I.H., $117,244.62 in costs/lien
7  reimbursement from the gross proceeds allocated to Plaintiff I.H., $117,244.62 in costs/lien
8  reimbursement from the gross proceeds allocated to Plaintiff F.H., and $117,244.62 in costs/lien
9  reimbursement from the gross proceeds allocated to Plaintiff A.H.

10      13.    Plaintiffs' attorneys are not seeking any attorneys' fees from the proceeds allocated
11  to Plaintiffs I.H., E.H., F.H., and A.H. Plaintiffs' attorneys will take their attorneys' fees from the
12  statutory attorneys' fees awarded to Plaintiffs by the Court pursuant to Plaintiffs' motion for
13  attorneys' fees, less the $150,000 negotiated as part of the parties' settlement agreement.

14      14.    The judgment, attorneys' fees, and costs Defendants have agreed to pay is
15  $4,100,000. Of that amount, the gross total amount of the jury award owed to Plaintiffs is
16  $1,023,000. Plaintiffs will evenly split this amount such that each plaintiff will take $255,750 from
17  the gross jury award. Thus, the share of these proceeds apportioned for minor Plaintiff I.H. and her
18  attorneys is $255,750. After deducting advanced costs and lien reimbursement in the amount of
19  $117,244.62, the total net settlement proceeds to Plaintiff I.H. is $138,505.38. The share of these
20  proceeds apportioned for minor Plaintiff E.H. and her attorneys is $255,750. After deducting
21  advanced costs and lien reimbursement in the amount of $117,244.62, the total net settlement
22  proceeds to Plaintiff E.H. is $138,505.38. The share of these proceeds apportioned for minor
23  Plaintiff F.H. and his attorneys is $255,750. After deducting advanced costs and lien
24  reimbursement in the amount of $117,244.62, the total net settlement proceeds to Plaintiff F.H. is
25  $138,505.38. The share of these proceeds apportioned for minor Plaintiff A.H. and his attorneys is
26  $$255,750. After deducting advanced costs and lien reimbursement in the amount of $117,244.62,
27  the total net settlement proceeds to Plaintiff A.H. is $138,505.38.

28

15. It is requested that $138,505.38 be used to fund a structured settlement annuity for Plaintiff I.H. Attached hereto as "**Exhibit A**" is the proposed structured annuity for Plaintiff I.H., which is incorporated herein by reference. The total amount that Plaintiff I.H. will receive after final payment is made directly to her is $303,334.73. Plaintiff I.H.'s mother and guardian, Priscilla Macias, agrees to this proposal and believes that it is in the best interests of I.H. Le Decl.

16. It is requested that $138,505.38 be used to fund a structured settlement annuity for Plaintiff E.H. Attached hereto as "**Exhibit B**" is the proposed structured annuity for Plaintiff E.H., which is incorporated herein by reference. The total amount that Plaintiff E.H. will receive after final payment is made directly to her is $332,864.49. Plaintiff E.H.'s mother and guardian, Priscilla Macias, agrees to this proposal and believes that it is in the best interests of E.H.

17. It is requested that $138,505.38 be used to fund a structured settlement annuity for Plaintiff F.H. Attached hereto as "**Exhibit C**" is the proposed structured annuity for Plaintiff F.H., which is incorporated herein by reference. The total amount that Plaintiff F.H. will receive after final payment is made directly to him is $356,571.23. Plaintiff F.H.'s mother and guardian, Priscilla Macias, agrees to this proposal and believes that it is in the best interests of F.H.

18. It is requested that $138,505.38 be used to fund a structured settlement annuity for Plaintiff A.H. Attached hereto as "**Exhibit D**" is the proposed structured annuity for Plaintiff A.H., which is incorporated herein by reference. The total amount that Plaintiff A.H. will receive after final payment is made directly to him is $413,328.55. Plaintiff A.H.'s mother and guardian, Priscilla Macias, agrees to this proposal and believes that it is in the best interests of A.H.

19. This motion does not seek an order for payment of money to a special needs trust.

20. This motion was prepared by myself (California State Bar Number 293450), of the Law Offices of Dale K. Galipo, located at 21800 Burbank Boulevard, Suite 310, Woodland Hills, California, which represents Plaintiffs I.H., E.H., F.H., and A.H. in this action.

21. The Law Offices of Dale K. Galipo and Guizar, Henderson & Carrazco, LLP did not become concerned with this matter at the instance of any party against whom the claim of said minors are asserted.

22. The Law Offices of Dale K. Galipo and Guizar, Henderson & Carrazco, LLP represent Plaintiffs I.H., E.H., F.H., and A.H. in this matter but are not employed by any other party or any insurance carrier involved in the matter.

23. The Law Offices of Dale K. Galipo and Guizar, Henderson & Carrazco, LLP have not to date received any compensation for their services in connection herewith from any person.

24. In addition to receiving reimbursement for advanced litigation costs and medical liens from Plaintiffs I.H., E.H., F.H., and A.H.'s share of the settlement, Plaintiffs' attorneys expect to receive statutory attorneys' fees in the amount of $3,039,107.18 for their services and costs in the amount of $37,892.82 as awarded by the Court from the gross settlement proceeds.

25. The Law Offices of Dale K. Galipo and Guizar, Henderson & Carrazco, LLP accepted this engagement for a contingency fee, plus reimbursement for any costs advanced. The retainer agreement provides for a 40 percent attorney fee recovery if any recovery is made after commencement of a lawsuit *or* any and all statutory attorneys' fees awarded by the court or settled with the opposing side—whichever is greater

26. Attached hereto as "**Exhibit E**" is document regarding New York Life's financial strength, including ratings.

I declare under penalty of perjury that the foregoing is true and correct, and that this was executed on October 2, 2025 at Woodland Hills, California.

_____
Hang D. Le