LAW OFFICE OF DALE K. GALIPO
DALE K. GALIPO, SBN 144074
dalekgalipo@yahoo.com
HANG D. LE, SBN 293450
hlee@galipolaw.com
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Telephone: (818) 347-3333

Humberto M. Guizar, Esq.     (SBN 125769)
Kent M. Henderson, Esq.      (SBN 139530)
Angel Carrazco, Jr., Esq.    (SBN 230845)
**GUIZAR, HENDERSON & CARRAZCO, L.L.P.**
18301 Irvine Boulevard, Tustin, CA 92780
Telephone:    (714) 541-8600
Facsimile:    (714) 541-8601
Email:        hguizar@ghclegal.com
              hendolaw@gmail.com
              angel@carrazcolawapc.com

Attorneys for Plaintiffs I.H., E.H., F.H., and A.H.

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| I.H., a minor by and through her mother and guardian Priscilla Macias, as successor in interest to Francisco Hurtado; E.H., a minor by and through her mother and guardian Priscilla Macias, as successor in interest to Francisco Hurtado; F.H., a minor by and through his mother and guardian Priscilla Macias, as successor in interest to Francisco Hurtado; and A.H., a minor by and through his mother and guardian Priscilla Macias, as successor in interest to Francisco Hurtado;<br><br>Plaintiffs,<br><br>v.<br><br>STATE OF CALIFORNIA; CALIFORNIA HIGHWAY PATROL; EDGARDO YEPEZ aka EDGARDO LOPEZ; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 2:19-cv-02343-DAD-AC<br><br>*Honorable Dale A. Drozd*<br><br>**DECLARATION OF HANG D. LE**<br><br>[Plaintiffs' Ex Parte Application.; Proposed Order *filed concurrently*] |

-1-
DECLARATION OF HANG D. LE
2:19-cv-02343-DAD-AC

**DECLARATION OF HANG D. LE**

I, Hang D. Le, hereby declare as follows:

1. I am an attorney duly licensed to practice law in the United States District Court for the Eastern District of California. I am one of the attorneys of record for the plaintiffs I.H., E.H., F.H., and A.H. in this action. I have personal knowledge of the matters stated herein and would and could testify competently thereto if called. I make this declaration in support of Plaintiffs' Unopposed Motion for Approval of Judgment Proceeds of Minor Plaintiffs I.H., E.H., F.H., and A.H.

2. On January 22, 2026, I initiated the meet and confer process with Defendants regarding Plaintiffs' Ex Parte Application. Defendants indicated that they are not willing to stipulate to the relief request, thereby necessitating the filing of this Ex Parte Application.

3. The judgment, attorneys' fees, and costs Defendants have agreed to pay is $4,100,000. Of that amount, the gross total amount of the jury award owed to Plaintiffs is $1,023,000. Plaintiffs will evenly split this amount such that each plaintiff will take $255,750 from the gross jury award. Thus, the share of these proceeds apportioned for minor Plaintiff I.H. and her attorneys is $255,750. After deducting advanced costs and lien reimbursement in the amount of $117,244.62, the total net settlement proceeds to Plaintiff I.H. is $138,505.38. The share of these proceeds apportioned for minor Plaintiff E.H. and her attorneys is $255,750. After deducting advanced costs and lien reimbursement in the amount of $117,244.62, the total net settlement proceeds to Plaintiff E.H. is $138,505.38. The share of these proceeds apportioned for minor Plaintiff F.H. and his attorneys is $255,750. After deducting advanced costs and lien reimbursement in the amount of $117,244.62, the total net settlement proceeds to Plaintiff F.H. is $138,505.38. The share of these proceeds apportioned for minor Plaintiff A.H. and his attorneys is $$255,750. After deducting advanced costs and lien reimbursement in the amount of $117,244.62, the total net settlement proceeds to Plaintiff A.H. is $138,505.38.

4. On October 2, 2025, Plaintiffs filed an Unopposed Motion for Approval of Judgment Proceeds of Minor Plaintiffs I.H., E.H., F.H., and A.H. (Doc. No. 300). Plaintiffs' guardian had selected structured annuity plans to be funded by jury award. (Doc Nos. 300-1—300-

1  5). The selected structured annuity plans had interest rates that were set to expire on January 1, 2026 if the plans were not funded by then. Because the Court did not issue an Order or Ruling on Plaintiffs' Unopposed Motion prior to that date, the interest rates that dictate the payments of the annuity plans have expired and new interest rates now apply, causing a decrease in the structured payments of the annuity plans. Accordingly, Plaintiffs now move *ex parte* for an Order approving proceeds of the Judgment to the minor plaintiffs with the new interest rates in place.

5. It is requested that $138,505.38 be used to fund a structured settlement annuity for Plaintiff I.H. Attached hereto as "**Exhibit 1**" is the proposed structured annuity for Plaintiff I.H., with payments in accordance with the new interest rates, which is incorporated herein by reference. Plaintiff I.H.'s mother and guardian, Priscilla Macias, agrees to this proposal and believes that it is in the best interests of I.H. Le Decl.

6. It is requested that $138,505.38 be used to fund a structured settlement annuity for Plaintiff E.H. Attached hereto as "**Exhibit 2**" is the proposed structured annuity for Plaintiff E.H., with payments in accordance with the new interest rates, which is incorporated herein by reference. Plaintiff E.H.'s mother and guardian, Priscilla Macias, agrees to this proposal and believes that it is in the best interests of E.H.

7. It is requested that $138,505.38 be used to fund a structured settlement annuity for Plaintiff F.H. Attached hereto as "**Exhibit 3**" is the proposed structured annuity for Plaintiff F.H., with payments in accordance with the new interest rates, which is incorporated herein by reference. Plaintiff F.H.'s mother and guardian, Priscilla Macias, agrees to this proposal and believes that it is in the best interests of F.H.

8. It is requested that $138,505.38 be used to fund a structured settlement annuity for Plaintiff A.H. Attached hereto as "**Exhibit 4**" is the proposed structured annuity for Plaintiff A.H., with payments in accordance with the new interest rates, which is incorporated herein by reference. =Plaintiff A.H.'s mother and guardian, Priscilla Macias, agrees to this proposal and believes that it is in the best interests of A.H.

9. The new interest rates are set to expire if the plans are not funded by March 1, 2026.

1   I declare under penalty of perjury that the foregoing is true and correct, and that this was
2   executed on January 30, 2026 at Woodland Hills, California.

_____
Hang D. Le