UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| I.H., a minor by and through her mother and guardian Priscilla Macias, as successor in interest to Francisco Hurtado; E.H., a minor by and through her mother and guardian Priscilla Macias, as successor in interest to Francisco Hurtado; F.H., a minor by and through his mother and guardian Priscilla Macias, as successor in interest to Francisco Hurtado; and A.H., a minor by and through his mother and guardian Priscilla Macias, as successor in interest to Francisco Hurtado;<br><br>Plaintiffs,<br><br>v.<br><br>STATE OF CALIFORNIA; CALIFORNIA HIGHWAY PATROL; EDGARDO YEPEZ aka EDGARDO LOPEZ; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 2:19-cv-02343-DAD-AC<br><br>*Honorable Dale A. Drozd*<br><br>**[PROPOSED] ORDER RE: EX PARTE APPLICATION FOR ADMINISTRATIVE RELIEF FOR COURT TO ISSUE ORDER ON PLAINTIFFS' UNOPPOSED MOTION FOR APPROVAL OF JUDGMENT OF PROCEEDS OF MINOR PLAINTIFFS I.H., E.H., F.H., AND A.H.** |

**[PROPOSED] ORDER**

This Court, having considered Plaintiffs' Ex Parte Application for Administrative Relief for Court to Issue Order on Plaintiffs' Unopposed Motion for Approval of Judgment Proceeds of Minor Plaintiffs I.H., E.H., F.H., and A.H. and Plaintiffs' Unopposed Motion for Approval of Judgment Proceeds of Minor Plaintiffs I.H., E.H., F.H., and A.H., and GOOD CAUSE appearing therefore, hereby GRANTS the Plaintiffs' Ex Parte Application and Unopposed Motion and makes the following orders:

1. The disbursement of the jury award's amended judgment amount to minor Plaintiff I.H. in the amount of $255,750 is hereby approved.

2. The disbursement of the jury award's amended judgment amount to minor Plaintiff E.H. in the amount of $255,750 is hereby approved.

3. The disbursement of the jury award's amended judgment amount to minor Plaintiff F.H. in the amount of $255,750 is hereby approved.

4. The disbursement of the jury award's amended judgment amount to minor Plaintiff A.H. in the amount of $255,750 is hereby approved.

2. By March 1, 2026, Defendant State of California, through counsel, shall prepare and deliver the drafts for the gross settlement proceeds in the amount of $4,100,000 payable as follows:

    a. A draft for $3,545,978.48 shall be made payable to the "Guizar, Henderson and Carrazco Trust Account," and sent to Guizar, Henderson & Carrazco LLP. These funds shall be used to satisfy (1) the statutory attorneys' fees awarded by the Court to the Law Offices of Dale K. Galipo and Guizar, Henderson & Carrazco LLP and later reduced as agreed upon pursuant to the parties' settlement in the amount of $3,039,107.18; (2) the statutory costs awarded by the to the Law Offices of Dale K. Galipo and Guizar, Henderson & Carrazco LLP in the amount of $37,892.82; (3) reimbursement of advanced litigation costs in the amount of $400,000; and (4) payment of Decedent Francisco Hurtado's medical liens in the amount of $68,978.48.

|   |   |   |
|---|---|---|
| 1 | b. | Defendant State of California will purchase a structured annuity for the minor |
| 2 |   | Plaintiff I.H. in the amount of $138,505.38 from New York Life Insurance and |
| 3 |   | Annuity Corporation (hereinafter referred to as "Assignee"), which will provide |
| 4 |   | periodic payments to be made by New York Life Insurance Company (hereinafter |
| 5 |   | referred to as "Annuity Issuer") rated A++XV by A.M. Best. Company as set forth |
| 6 |   | in "Exhibit 1" to the Declaration of Hang D. Le and in the table below. |
| 7 | c. | Defendant State of California will purchase a structured annuity for the minor |
| 8 |   | Plaintiff E.H. in the amount of $138,505.38 from New York Life Insurance and |
| 9 |   | Annuity Corporation (hereinafter referred to as "Assignee"), which will provide |
| 10 |   | periodic payments to be made by New York Life Insurance Company (hereinafter |
| 11 |   | referred to as "Annuity Issuer") rated A++XV by A.M. Best. Company as set forth |
| 12 |   | in "Exhibit 2" to the Declaration of Hang D. Le and in the table below. T |
| 13 | d. | Defendant State of California will purchase a structured annuity for the minor |
| 14 |   | Plaintiff F.H. in the amount of $138,505.38 from New York Life Insurance and |
| 15 |   | Annuity Corporation (hereinafter referred to as "Assignee"), which will provide |
| 16 |   | periodic payments to be made by New York Life Insurance Company (hereinafter |
| 17 |   | referred to as "Annuity Issuer") rated A++XV by A.M. Best. Company as set forth |
| 18 |   | in "Exhibit 3" to the Declaration of Hang D. Le and in the table below. |
| 19 | e. | Defendant State of California will purchase a structured annuity for the minor |
| 20 |   | Plaintiff I.H. in the amount of $138,505.38 from New York Life Insurance and |
| 21 |   | Annuity Corporation (hereinafter referred to as "Assignee"), which will provide |
| 22 |   | periodic payments to be made by New York Life Insurance Company (hereinafter |
| 23 |   | referred to as "Annuity Issuer") rated A++XV by A.M. Best. Company as set forth |
| 24 |   | in "Exhibit 4" to the Declaration of Hang D. Le and in the table below. |
| 25 | f. | Defendant State of California will arrange to have a single annuity premium check |
| 26 |   | in the amount of $554,021.52 ($138,505.38 x 4), made payable to New York Life |
| 27 |   | Insurance Company, delivered directly to the annuity broker, Mark Morales of |
| 28 |   | Ringler Associates. |

5. Annuity Carrier shall provide periodic payments in accordance with "Exhibit 1," "Exhibit 2," "Exhibit 3," and "Exhibit 4" to the Declaration of Hang D. Le and as set forth in the table below.

6. All sums and periodic payments set forth in the four "Periodic Payments" tables below constitute damages on account of personal physical injuries or physical illness, arising from an occurrence, within the meaning of Section 104(a)(2) of the Internal Revenue Code of 1986, as amended.

7. Disbursement drafts will be made payable and will begin being issued directly to Plaintiff I.H. upon reaching the age of maturity according to the payment schedule below.

**Periodic Payments payable to I.H.**

| | |
|---|---|
| $2,500 | Payable monthly, guaranteed for 7 year(s), beginning on 03/13/2037, with the last guaranteed payment on 01/13/2044 |
| $80,300.30 | Paid as a lump sum on 02/13/2044 guaranteed |

8. Disbursement drafts will be made payable and will begin being issued directly to Plaintiff E.H. upon reaching the age of maturity according to the payment schedule below.

**Periodic Payments payable to E.H.**

| | |
|---|---|
| $2,500 | Payable monthly, guaranteed for 7 year(s), beginning on 08/25/2038, with the last guaranteed payment on 07/25/2038 |
| $108,346.48 | Paid as a lump sum on 08/25/2045 guaranteed |

9. Disbursement drafts will be made payable and will begin being issued directly to Plaintiff F.H. upon reaching the age of maturity according to the payment schedule below.

**Periodic Payments payable to F.H.**

| | |
|---|---|
| $3,000 | Payable monthly, guaranteed for 7 year(s), beginning on 02/23/2040, with the last guaranteed payment on 01/23/2047 |
| $87,528.52 | Paid as a lump sum on 02/23/2047 guaranteed |

10. Disbursement drafts will be made payable and will begin being issued directly to Plaintiff E.H. upon reaching the age of maturity according to the payment schedule below.

**Periodic Payments payable to A.H.**

| $3,000 | Payable monthly, guaranteed for 7 year(s), beginning on 08/20/2042, with the last guaranteed payment on 07/20/2049 |
|---|---|
| $ 141,549.86 | Paid as a lump sum on 08/20/2049 guaranteed |

11. Defendant State of California will make a "qualified assignment" within the meaning of Section 130(c), of the Internal Revenue code of 1986, as amended, to Assignee, of the Defendant State of California's liability to make the periodic payments as described in the above tables and in "Exhibit 1," "Exhibit 2," "Exhibit 3," and "Exhibit 4" to the Declaration of Hang D. Le. Such assignment, if made, shall be accepted by the Plaintiffs without right of rejection and shall completely release and discharge State of California from such obligations hereunder as are assigned to Assignee. This includes that State of California shall execute a Qualified Assignment document.

12. Defendant State of California and/or Assignee shall have the right to fund its liability to make periodic payments by purchasing a "qualified funding asset," within the meaning of Section 130(d) of the Code, in the form of an annuity policy from the Annuity Carrier.

13. Assignee shall be the owner of the annuity policy or policies and shall have all rights of ownership.

14. Assignee will have the Annuity Carrier mail payments directly to the Plaintiffs I.H., E.H., F.H., and A.H., respectively, as set forth above. Priscilla Macias (until Plaintiffs I.H., E.H., F.H., and A.H. reach the age of the majority) and then Plaintiffs I.H., E.H., F.H., and A.H. shall be responsible for maintaining the currency of the proper mailing address and mortality information to Assignee.

//

//

**IT IS SO ORDERED.**

Dated: _____, 2026

Dale A. Drozd
United States District Judge
Eastern District of California