UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| I.H., et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>STATE OF CALIFORNIA,<br><br>    Defendants. | No. 2:19-cv-02343-DAD-AC<br><br>ORDER DENYING MOTION FOR APPROVAL OF JUDGMENT PROCEEDS OF MINOR PLAINTIFFS WITHOUT PREJUDICE<br><br>(Doc. Nos. 300, 302) |

This matter is before the court on plaintiffs I.H., E.H., F.H., and A.H.'s motion, brought by and through their mother and guardian Priscilla Macias, for an order approving a proposed minor's compromise settling their claims in this action and plaintiffs' *ex parte* application requesting an expedited decision on that motion. (Doc. Nos. 300, 302.) Defendants have not filed any opposition to either motion. For the reasons discussed below, the court will deny the pending unopposed motion without prejudice.

## BACKGROUND

The court incorporates its past discussion of the background in this case from its prior order granting in part and denying in part plaintiffs' motion for attorneys' fees. (Doc. No. 297 at 1–3.) The following background is of particular relevance to resolving the present motion: On August 27, 2024, decedent Hurtado's attorneys filed a motion to substitute his minor children as

1

successors in interest. (Doc. No. 174.) On September 18, 2024, the court granted the motion to substitute and substituted minor plaintiffs I.H., E.H., F.H., and A.H. through their mother and guardian, Priscilla Macias, as successors in interest for Hurtado. (Doc. No. 189.) On October 16, 2024, a trial commenced in this action resulting in a verdict in favor of plaintiffs. (Doc. No. 236.) The jury awarded $500,000 in economic damages and $1,000,000 in non-economic damages. (Doc. No. 241 at 3.) On November 18, 2024, the court granted in part defendants' motion for remittitur and amended this judgment to reflect an award of $23,000 in economic damages. (Doc. Nos. 291, 293.) On April 21, 2025, the court granted in part plaintiffs' motion for an award of attorneys' fees and costs by awarding $3,191,150.33 to plaintiffs in attorneys' fees and $30,880.37 in costs. (Doc. No. 297 at 41.)

On November 19, 2024, defendants filed a notice of appeal in this action appealing the court's order denying defendants' motion for a new trial. (Doc. No. 257.) The parties have since participated in the Ninth Circuit's mediation program, in which plaintiffs agreed to reduce plaintiffs' award of attorneys' fees to $3,039,107.18 in exchange for defendants dismissing their appeal. (Doc. No. 300 at 4.) No other alterations to the judgment were made in the proposed settlement. (*Id.*) Plaintiffs have agreed to split the amended judgment amount of $1,023,000 evenly among each of the four minor plaintiffs, with each minor plaintiff and their attorneys receiving $255,750 from the settlement. (Doc. No. 300 at 4.) Because plaintiffs I.H., E.H., F.H., and A.H. are minors, plaintiffs have filed the pending motion for approval of proposed settlement. (Doc. No. 300.)

**LEGAL STANDARD**

This court has a duty to protect the interests of minors participating in litigation before it. *Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983). To carry out this duty, the court must "conduct its own inquiry to determine whether the settlement serves the best interests of the minor." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011) (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)); *see also Salmeron*, 724 F.2d at 1363 ("[A] court must independently investigate and evaluate any compromise or settlement of a minor's claims to

/////

2

assure itself that the minor's interests are protected, even if the settlement has been recommended or negotiated by the minor's parent or guardian ad litem.") (citation omitted).

In examining the fairness of a settlement of a minor's federal claims, the Ninth Circuit has held that a district court's inquiry should focus solely on "whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." *Robidoux*, 638 F.3d at 1181–82; *see also id.* at 1179 n.2 (limiting the court's holding to cases involving federal claims only). Where a settlement involves state law claims, federal courts generally are guided by state law. *See* Tashima & Wagstaffe, California Practice Guide: Federal Civil Procedure Before Trial ¶ 15:138 (Cal. & 9th Cir. Eds. 2015) ("Federal courts generally require that claims by minors . . . be settled in accordance with applicable state law. California law requires court approval of the fairness and terms of the settlement."). Under California law, a settlement for a minor and attorney's fees to represent a minor must be approved by the court. Cal. Prob. Code § 3601; Cal. Fam. Code § 6602. Reasonable expenses and court costs to be paid out of the settlement also must be approved by the court. Cal. Prob. Code § 3601. Finally, the Local Rules of this court require the parties to make disclosures regarding the minors involved, the nature of the controversy, the manner in which the compromise was determined, and whether a conflict of interest may exist between the minor and the minor's attorney. *See* Local Rule 202(b)–(c).

## DISCUSSION

In petitions for a minor's compromise, courts typically consider such information as the relative worth of the settlement amount, the circumstances of the settlement, counsel's explanation of their views and experiences in litigating these types of actions, and other, similar compromises that have been approved by courts. *See, e.g.*, *Bravo v. United States*, No. 1:14-cv-01004-AWI-JLT, 2016 WL 3418450, at *2–3 (E.D. Cal. June 22, 2016) (considering the posture of the case and the fact that the settlement occurred as a result of a court-supervised settlement conference); *Hagan v. Cal. Forensic Med. Grp.*, No. 2:07-cv-01095-LKK-AC, 2013 WL 461501, at *1 (E.D. Cal. Feb. 5, 2013) (considering court-approved minor's settlements in other cases). As an initial matter, plaintiffs here have provided the information required by Local Rule 202,

namely the age and sex of each minor, the nature of the causes of action to be settled, the facts out of which the causes of action arose, the manner in which the settlement amount was determined, and details regarding the payment to plaintiffs' attorneys of certain outstanding costs. (Doc. No. 300 at 5–8.)

Here, the settlement for the minor plaintiffs mirrors the jury's verdict and the amended judgment entered in this action. This strongly supports the conclusion that the proposed minors' compromise is fair and reasonable and sufficiently protects the minor plaintiffs' interests. *See Cotton ex re. McClure v. City of Eureka*, No. 08-cv-04386-SBA, 2012 WL 6052519, at *2 (N.D. Cal. Dec. 5, 2012) (finding minor's compromise fair and reasonable because it mirrored the jury's verdict and judgment entered); *see also Est. of Casillas v. City of Fresno*, No. 1:16-cv-01042-AWI-SAB, 2021 WL 3674517, at *8–9 (E.D. Cal. Aug. 19, 2021) (collecting cases and concluding that a settlement amount similar to the underlying jury verdict amount supported a finding that the settlement was fair and reasonable).

However, plaintiffs' counsel have requested that $468,978.48 of the negotiated award for the minor plaintiffs be effectively reduced due to the recovery of costs advanced by plaintiffs' counsel and reimbursement for medical liens. (Doc. No. 300 at 6–7.) Specifically, plaintiffs' counsel argue that they have advanced $621,207.36 in costs in pursuing this litigation, but are only requesting $400,000 as a part of this compromise, and that the outstanding medical liens against decedent Hurtado's estate total $68,978.48. (*Id.*) The problem is, it appears counsel have provided no supporting documentation explaining what the costs they seek to recover are.[1] Accordingly, the court cannot conclude that the costs sought to be recovered are reasonable. *See Valle Hernandez v. United States*, No. 1:23-cv-00835-SKO, 2025 WL 895314, at *4 (E.D. Cal. Mar. 24, 2025) (denying motion to approve minors' compromise in part because the plaintiffs failed to explain the cost involved in retaining an expert witness); *cf. R.T.B. ex rel Breault v.*

---

[1] The court observes that plaintiffs' counsel may be requesting the costs described in their bill of costs which were not previously awarded by the court. (Doc. Nos. 264, 297.) However, even if this assumption is made, the court has already explained that it "cannot even reach plaintiffs' sum of $618,428.35 [for fees for witnesses] when reviewing plaintiffs' supporting documentation" in addressing their bill of costs. (Doc. No. 297 at 40.) It is this circumstance that gives the court pause.

4

*United States*, No. 19-cv-02305-W-KSC, 2021 WL 6062552, at *5 (S.D. Cal. Dec. 22, 2021) (finding costs of $125,858.29 reasonable where the plaintiffs' counsel had attached a detailed invoice to the motion for approval of minor's compromise), *report and recommendation adopted*, 2022 WL 1195538 (S.D. Cal. Jan. 4, 2022).

For the reasons above, the court DENIES plaintiffs' motion for approval of minors' compromise without prejudice. (Doc. No. 300.) The court GRANTS IN PART plaintiffs' *ex parte* application (Doc. No. 302) to the extent that it requests an expedited ruling on plaintiffs' motion for approval of minors' compromise and otherwise DENIES that application.[2]

IT IS SO ORDERED.

Dated:   **February 25, 2026**

*Dale A. Drozd*
DALE A. DROZD
UNITED STATES DISTRICT JUDGE

---

[2] The court apologizes for its delay in addressing this motion—delay attributable in large part to a surge in immigration-related litigation in this district accompanied by a wave of motions for emergency relief. If plaintiffs' counsel can easily address the court's question, they may renew their motion by incorporating documents previously submitted and do so on a shortened time basis.

5