LAW OFFICE OF DALE K. GALIPO
DALE K. GALIPO, SBN 144074
dalekgalipo@yahoo.com
HANG D. LE, SBN 293450
hlee@galipolaw.com
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Telephone: (818) 347-3333

Humberto M. Guizar, Esq.        (SBN 125769)
Kent M. Henderson, Esq.         (SBN 139530)
Angel Carrazco, Jr., Esq.       (SBN 230845)
**GUIZAR, HENDERSON & CARRAZCO, L.L.P.**
18301 Irvine Boulevard, Tustin, CA 92780
Telephone:    (714) 541-8600
Facsimile:    (714) 541-8601
Email:        hguizar@ghclegal.com
              hendolaw@gmail.com
              angel@carrazcolawapc.com

Attorneys for Plaintiffs I.H., E.H., F.H., and A.H.

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| I.H., a minor by and through her mother and guardian Priscilla Macias, as successor in interest to Francisco Hurtado; E.H., a minor by and through her mother and guardian Priscilla Macias, as successor in interest to Francisco Hurtado; F.H., a minor by and through his mother and guardian Priscilla Macias, as successor in interest to Francisco Hurtado; and A.H., a minor by and through his mother and guardian Priscilla Macias, as successor in interest to Francisco Hurtado;<br><br>Plaintiffs,<br><br>v.<br><br>STATE OF CALIFORNIA; CALIFORNIA HIGHWAY PATROL; EDGARDO YEPEZ aka EDGARDO LOPEZ; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 2:19-cv-02343-DAD-AC<br><br>*Honorable Dale A. Drozd*<br><br>**PLAINTIFFS' RENEWED MOTION FOR APPROVAL OF JUDGMENT PROCEEDS OF MINOR PLAINTIFFS I.H., E.H., F.H., AND A.H.; VERIFICATION BY GUARDIAN PRISCILLA MACIAS**<br><br>[Declaration of Hang D. Le and Exhibits thereto; Propose Order *filed concurrently*]<br><br>[Expedited Ruling requested pursuant to February 26, 2026 Order (Doc. No. 303)] |

**TO THE HONORABLE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT Plaintiffs I.H., E.H., F.H., and A.H., by and through their mother and guardian Priscilla Macias, hereby move by way of this Renewed Motion for Approval of the Proceeds of Judgment of Minor Plaintiffs I.H., E.H., F.H., and A.H. ("Motion") for an Order approving the settlement of Plaintiffs I.H., E.H., F.H., and A.H.'s claims and the distribution of their funds.

Plaintiffs make this Renewed Motion pursuant to Eastern District Local Rule 202(b)(2). The grounds for this Motion are set forth in the Memorandum of Points and Authorities, which follows below, and the Declaration of Hang D. Le, which is submitted concurrently herewith. This is a Renewed Motion pursuant to a previous Motion for Order submitted on October 2, 2025. This Motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, the concurrently filed declaration and attached exhibits, and all pleadings on record herein. This Motion further incorporates all arguments and evidence submitted in support of Plaintiffs' October 2, 2025 Motion for Approval of the Proceeds of Judgment of Minor Plaintiffs I.H., E.H., F.H., and A.H. (Doc. No. 300) and Plaintiffs' Ex Parte Application for Administrative Relief (Doc. No. 302).

Respectfully submitted,

DATED: March 16, 2026                LAW OFFICES OF DALE K. GALIPO

                                     By          */s/ Hang D. Le*
                                     Dale K. Galipo
                                     Hang D. Le
                                     Attorneys for Plaintiffs

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

Priscilla Macias, mother and guardian minor Plaintiffs I.H., E.H., F.H., and A.H., hereby submits this Renewed Motion and proposed order for approval of the compromise of the claims of Plaintiffs I.H., E.H., F.H., and A.H. in this matter, and request that this Honorable Court approve of the proposed distribution of Plaintiffs I.H., E.H., F.H., and A.H.'s funds.

The instant claims of Plaintiffs I.H., E.H., F.H., and A.H. arose out of the officer-involved shooting of Plaintiffs I.H., E.H., F.H., and A.H.'s father, Francisco Hurtado ("Decedent"), on November 30, 2016, during an encounter with California Highway Patrol police officers. After a trial that resulted in a hung jury and a mistrial, this case was retried on October 16, 2024 and on October 24, 2024, the jury in this matter reached a verdict against Defendants Edgardo Yepez and the State of California by and through the California Highway Patrol and in favor of Plaintiffs I.H., E.H., F.H., and A.H., on Plaintiffs' Fourth Amendment claim for excessive force and state law claims for negligence and battery brought on behalf of their father Francisco Hurtado. The jury awarded Plaintiffs damages totaling $1,500,000.

On October 30, 2024, the Court entered Judgment in accordance with the Jury Verdict rendered on October 24, 2024. (Doc. No. 243). On November 18, 2024, Defendants filed a motion for a new trial, or in the alternative, remitter of past economic damages. (Doc. No. 256). On December 29, 2024, Plaintiffs filed a motion for attorneys' fees pursuant to 42 U.S.C. § 1983. (Doc. No. 263). On February 18, 2025, the Court issued an order denying Defendants' motion for a new trial but granting Defendants' motion for remittitur, reducing the jury award from $500,000 to $23,000 for a total of $1,023,000 in damages. (Doc. No. 291). Plaintiffs accepted the Court's remittitur. On April 21, 2025, the Court issued an order granting in part and denying in part Plaintiffs' motion for attorneys' fees and costs. The Court ultimately awarded Plaintiffs $3,191,150.33 in attorneys' fees and $37,892.82 in costs. (Doc. Nos. 297, 299). Thus, the total award for Plaintiffs and against Defendants is $4,252,043.15.

On November 19, 2024, Defendants appealed the Court's Order denying Defendants' motion for a new trial to the Ninth Circuit Court of Appeals. (Doc. No. 257). The parties

participated in the Circuit Court's mediation program, resulting in a settlement in which Plaintiffs agreed to reduce Plaintiffs' attorney award amount by $152,043.15, from $3,191,150.33 to $3,039,107.18, and in exchange, Defendants dismiss their appeal and pay plaintiff $3,039,107.18 for attorneys' fees awarded, $37,892.82 in costs awarded, and $1,023,000 in the amended jury award judgment, for a total of $4,100,000.

Plaintiffs have agreed to split the amended judgment amount of $1,023,000 among the Plaintiffs as follows:

| | |
|---|---|
| I.H. and her attorneys | $255,750 |
| E.H. and her attorneys | $255,750 |
| F.H. and her attorneys | $255,750 |
| A.H. and his attorneys | $255,750 |

Le Decl. ¶ 2.

On February 26, 2026, the Court issued an Order Denying Plaintiff's October 2025 Motion for Approval of Minor's Compromise without prejudice. Specifically, the Court stated that it had some concerns with the claimed litigation costs in this case and requested supporting documentation for the costs sought. Plaintiffs now submit this Renewed Motion for Approval, with supporting evidence and documentation of the advanced litigation costs and the costs Plaintiffs' attorneys seek to recover.

**II.    DISCUSSION**

District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors. *See* Fed. R. Civ. P. 17(c). Local Rule 202(b) provides: "No claim by or against a minor or incompetent person may be settled or compromised absent an order by the Court approving the settlement or compromise." L.R. 202(b). In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district "court [to] conduct its own inquiry to determine whether the settlement serves the best interests of the minor." *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978); *see also Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983) (holding that "a court must independently investigate and evaluate any compromise or settlement of a minor's claims to assure itself that the

1  minor's interests are protected, even if the settlement has been recommended or negotiated by the

2  minor's parent or guardian ad litem.").

> Although the district court has a special duty to safeguard the interests of minor plaintiffs, that duty requires only that the district court determine whether the net amount distributed to each minor plaintiff in the proposed settlement is fair and reasonable, without regard to the proportion of the total settlement value designated for adult co-Plaintiffs and contracted by them with Plaintiffs' counsel. If the net recovery of each minor plaintiff under the proposed settlement is fair and reasonable, the district court should approve the settlement as proposed.

7  *Robidoux v. Rosengren*, 638 F.3d 1177, 1179 (9th Cir. 2011).

8  California Code of Civil Procedure Section 372 and California Rules of Court, rule 3.1384

9  refer to the requirement of court approval and incorporate other rules requiring disclosure of

10  various pertinent facts.  California Rule of Court, rule 3.1384 provides that "[a] petition for court

11  approval of a compromise or covenant not to sue under Code of Civil Procedure Section 372 must

12  comply with rules 7.950, 7.951, and 7.952."  Pursuant to the above California rules, Plaintiffs I.H.,

13  E.H., F.H., and A.H. and their attorneys make the following disclosures:

14  **Disclosures pursuant to California Rule of Court 7.950:**

15  1. The Petitioner is Priscilla Macias, mother and guardian for minor Plaintiffs I.H.,

16  E.H., F.H., and A.H. The Petitioner is also the natural mother and legal guardian of Plaintiffs I.H.,

17  E.H., F.H., and A.H.

18  2. Plaintiffs I.H., E.H., F.H., and A.H. are represented by the Law Offices of Dale K.

19  Galipo and Guizar, Henderson, and Carrazco, LLP.

20  3. Plaintiff I.H. is a minor child and the biological daughter of the Decedent in this

21  case, Francisco Hurtado. The minor Plaintiff I.H. is female. She was born in 2019. Plaintiff I.H. is

22  currently six years old. Le Decl. ¶ 3.

23  4. Plaintiff E.H. is a minor child and the biological daughter of the Decedent in this

24  case, Francisco Hurtado. The minor Plaintiff E.H. is female. She was born in 2020. Plaintiff E.H. is

25  currently five years old. Le Decl. ¶ 4.

26  5. Plaintiff F.H. is a minor child and the biological son of the Decedent in this case,

27  Francisco Hurtado. The minor Plaintiff F.H. is male. He was born in 2008. Plaintiff F.H. is

28

currently four years old. Le Decl. ¶ 5.

6. Plaintiff A.H. is a minor child and the biological son of the Decedent in this case, Francisco Hurtado. The minor Plaintiff A.H. is male. He was born in 2024. Plaintiff A.H. is currently one year old. Le Decl. ¶ 6.

7. The nature of Plaintiffs I.H., E.H., F.H., and A.H.'s claims in this lawsuit are set forth in the operative complaint filed in this action and arise out of the CHP officer-involved shooting of their father, Francisco Hurtado, on March 15, 2018 in Modesto, California. Pursuant to the settlement agreement, Plaintiffs I.H., E.H., F.H., and A.H.'s claims are subject of an action in which judgment has been entered for Plaintiffs and against Defendants State of California, by and through California Highway Patrol and Edgardo Yepez. Le Decl. ¶ 7.

8. Plaintiffs I.H., E.H., F.H., and A.H.'s damages in this case arise from the injuries suffered by Decedent, for which Plaintiffs I.H., E.H., F.H., and A.H. can recover damages as the successors in interest. Le Decl. ¶ 8.

9. Medical treatment and medical billing are not relevant. Plaintiffs I.H., E.H., F.H., and A.H. have not received medical treatment in connection with this case. Le Decl. ¶ 9.

10. The total amount of the settlement that Defendants agree to pay is $4,100,000. Of that amount, the gross total amount of the jury award owed to Plaintiffs is $1,023,000. As set forth above, Plaintiffs propose the following gross division: (1) $255,750 to I.H. and her attorneys; (2) $255,750 to E.H. and her attorneys; (3) $255,750 to F.H. and his attorneys; and (4) $255,750 to A.H. and his attorneys. Le Decl. ¶ 11.

11. Plaintiffs' attorneys—the Law Offices of Dale K. Galipo and Guizar, Henderson, & Carrazco, LLP—are requesting reimbursement of advanced litigation costs in the total amount of $400,000. The total costs Plaintiffs' attorneys advanced for this action was $619,422.51[1]. Le Decl. ¶ 11. Guizar, Henderson & Carrazco, LLP incurred $602,704.48 of the $619,422.51 total. Carrazco

---

[1] Plaintiffs previously stated in their October 2, 2025 Motion for Approval that their attorneys' advanced litigation costs totaled to $621,207.36. This was in error due to the double entry of an invoice from Guizar, Henderson & Carrazco, LLP's general litigation costs and has now been corrected.

Decl. ¶ 7. Guizar, Henderson & Carrazco, LLP expended $106,620.89 in general litigation costs. Carrazco Decl. ¶ 3; *see* Ex. A to Carrazco Decl. Guizar, Henderson & Carrazco, LLP incurred a total of $196,083.59 in expert costs, of which $17,828.51 is interest. Carrazco Decl. ¶ 4; *see* Ex. B to Carrazco Decl. In order to continue the prosecution of the case, Guizar, Henderson & Carrazco, LLP was forced to borrow money from Priority Funding, a company that provides legal financing to cover litigation costs. Carrazco Decl. ¶ 6. Priority Funding financed a total of $168,122.29 to cover the continuing litigation costs incurred in the prosecution of this case and Mr. Hurtado's medical treatments and was claiming $228,882.70 in interest, for a total sum of $397,004.99. *Id.* ¶ 5, 6; Ex. C to Carrazco Decl. After months of negotiations, Priority Funding agreed to accept the total sum of $300,000 ($168,122.29 principal + $131,877.71 interest) to satisfy the loan and interest incurred. *Id.* ¶ 6. Without the loan from Priority Funding, Plaintiffs' counsel may not have been able to take this case to trial twice and see it through to completion. *Id.* ¶ 6. The Law Offices of Dale K. Galipo incurred a total of $16,718.03 in advanced litigation costs. Le Decl. ¶ 11; *see* Ex. D to Le Decl. Thus, the total litigation costs for this case is $619,422.51.

Plaintiffs' attorneys have elected to request only a portion of the total litigation costs due to the total judgment amount awarded to the Plaintiffs. Le Decl. ¶ 11; *see* Carrazco Decl. ¶ 8. Plaintiffs' attorneys are requesting a repayment of $400,000 in advanced litigation costs. *Id.* The remaining balance of $202,704.48, which includes costs of $52,998.26 and all interest incurred in the amount of $149,706.22 ($131,877.71 + $17,828.51) is being waived. *Id.* Plaintiffs are not responsible for any of the interest incurred from the financing of advanced litigation funding of this case. *Id.*

Plaintiffs' attorneys are also requesting $68,978.48 from Plaintiffs' total judgment amount for reimbursement of Decedent's medical liens. Carrazco Decl. ¶ 9. Decedent's medical liens totaled $383,678.62. *Id.* After extensive effort from Plaintiffs' attorneys, Plaintiffs' attorneys were able to negotiate the liens down to $68,978.48. *Id.* Thus, the total costs and reimbursement of liens Plaintiffs' attorneys are requesting from Plaintiffs' total judgment amount is $468,978.48. Le Decl. ¶ 12. This amount will be split among the Plaintiffs on a *pro rata* basis with their gross settlement allocation, such that Plaintiffs' attorneys are requesting $117,244.62 in costs/lien reimbursement

from the gross proceeds allocated to Plaintiff I.H., $117,244.62 in costs/lien reimbursement from the gross proceeds allocated to Plaintiff I.H., $117,244.62 in costs/lien reimbursement from the gross proceeds allocated to Plaintiff F.H., and $117,244.62 in costs/lien reimbursement from the gross proceeds allocated to Plaintiff A.H. Le Decl. ¶ 12.

12. Plaintiffs' attorneys are not seeking any attorneys' fees from the proceeds allocated to Plaintiffs I.H., E.H., F.H., and A.H. Plaintiffs' attorneys will take their attorneys' fees from the statutory attorneys' fees awarded to Plaintiffs by the Court pursuant to Plaintiffs' motion for attorneys' fees, less the $150,000 negotiated as part of the parties' settlement agreement. Le Decl. ¶ 13.

13. As stated above, the judgment, attorneys' fees, and costs Defendants have agreed to pay is $4,102,043.15. Of that amount, the gross total amount of the jury award owed to Plaintiffs is $1,023,000. As set forth above, Plaintiffs will evenly split this amount such that each plaintiff will take $255,750 from the gross jury award. Thus, the share of these proceeds apportioned for minor Plaintiff I.H. and her attorneys is $255,750. After deducting advanced costs and lien reimbursement in the amount of $117,244.62, the total net settlement proceeds to Plaintiff I.H. is $138,505.38. The share of these proceeds apportioned for minor Plaintiff E.H. and her attorneys is $255,750. After deducting advanced costs and lien reimbursement in the amount of $117,244.62, the total net settlement proceeds to Plaintiff E.H. is $138,505.38. The share of these proceeds apportioned for minor Plaintiff F.H. and his attorneys is $255,750. After deducting advanced costs and lien reimbursement in the amount of $117,244.62, the total net settlement proceeds to Plaintiff F.H. is $138,505.38. The share of these proceeds apportioned for minor Plaintiff A.H. and his attorneys is $$255,750. After deducting advanced costs and lien reimbursement in the amount of $117,244.62, the total net settlement proceeds to Plaintiff A.H. is $138,505.38. Le Decl. ¶ 14.

14. It is requested that $138,505.38 be used to fund a structured settlement annuity for Plaintiff I.H. Attached as "**Exhibit E**" to the Declaration of Hang D. Le is the proposed structured annuity for Plaintiff I.H., which is incorporated herein by reference. Plaintiff I.H.'s mother and guardian, Priscilla Macias, agrees to this proposal and believes that it is in the best interests of I.H. Le Decl. ¶ 15.

15. It is requested that $138,505.38 be used to fund a structured settlement annuity for Plaintiff E.H. Attached as "**Exhibit F**" to the Declaration of Hang D. Le is the proposed structured annuity for Plaintiff E.H., which is incorporated herein by reference. Plaintiff E.H.'s mother and guardian, Priscilla Macias, agrees to this proposal and believes that it is in the best interests of E.H. Le Decl. ¶ 16.

16. It is requested that $138,505.38 be used to fund a structured settlement annuity for Plaintiff F.H. Attached as "**Exhibit G**" to the Declaration of Hang D. Le is the proposed structured annuity for Plaintiff F.H., which is incorporated herein by reference. Plaintiff F.H.'s mother and guardian, Priscilla Macias, agrees to this proposal and believes that it is in the best interests of F.H. Le Decl. ¶ 17.

17. It is requested that $138,505.38 be used to fund a structured settlement annuity for Plaintiff A.H. Attached as "**Exhibit H**" to the Declaration of Hang D. Le is the proposed structured annuity for Plaintiff A.H., which is incorporated herein by reference. Plaintiff A.H.'s mother and guardian, Priscilla Macias, agrees to this proposal and believes that it is in the best interests of A.H. Le Decl. ¶ 18.

18. The moving guardian, Priscilla Macias, does not have any claims against Defendants in connection with the subject incident.

19. The moving guardian does not have any claims against the minor Plaintiffs I.H., E.H., F.H., and A.H. in connection with the subject incident.

20. California Welfare and Institutions Code Section 14124.73 does not apply.

21. This motion does not seek an order for payment of money to a special needs trust. Le Decl. ¶ 19.

**Disclosures pursuant to California Rule of Court 7.951:**

1. This motion was prepared by attorney Hang D. Le (California State Bar Number 293450), of the Law Offices of Dale K. Galipo, located at 21800 Burbank Boulevard, Suite 310, Woodland Hills, California, which represents Plaintiffs I.H., E.H., F.H., and A.H. in this action. Le Decl. ¶ 20.

2. The Law Offices of Dale K. Galipo and Guizar, Henderson & Carrazco, LLP did not

1 become concerned with this matter at the instance of any party against whom the claim of said

2 minors are asserted. Le Decl. ¶ 21.

3     3.     The Law Offices of Dale K. Galipo and Guizar, Henderson & Carrazco, LLP

4 represent Plaintiffs I.H., E.H., F.H., and A.H. in this matter but are not employed by any other party

5 or any insurance carrier involved in the matter. Le Decl. ¶ 22.

6     4.     The Law Offices of Dale K. Galipo and Guizar, Henderson & Carrazco, LLP have

7 not to date received any compensation for their services in connection herewith from any person.

8 Le Decl. ¶ 23.

9     5.     In addition to receiving reimbursement for advanced litigation costs and medical

10 liens from Plaintiffs I.H., E.H., F.H., and A.H.'s share of the settlement, Plaintiffs' attorneys expect

11 to receive statutory attorneys' fees in the amount of $3,041,150.33 for their services and costs in

12 the amount of $37,892.82 as awarded by the Court from the gross settlement proceeds. Le Decl. ¶

13 24.

14     6.     The Law Offices of Dale K. Galipo and Guizar, Henderson & Carrazco, LLP

15 accepted this engagement for a contingency fee, plus reimbursement for any costs advanced. The

16 retainer agreement provides for a 40 percent attorney fee recovery if any recovery is made after

17 commencement of a lawsuit *or* any and all statutory attorneys' fees awarded by the court or settled

18 with the opposing side—whichever is greater. Le Decl. ¶ 25.

19 **Petitioner's endorsement**:

20     Petitioner Priscilla Macias has made a careful and diligent inquiry and investigation to

21 ascertain the facts relating to the incident giving rise to the minors; claims, the parties responsible

22 for the incident, and the nature, extent and seriousness of the minor's claims. Petitioner further

23 understands that if the compromise proposed in this *Motion* is approved by the Court and is

24 consummated, the minor children will be forever barred from seeking any further recovery of

25 compensation even though the minors' injuries and losses might in the future appear to be more

26 serious than they are now thought to be. Petitioner recommends the compromise settlement and the

27 proposed distribution to the minors to the Court as being fair, reasonable, and in the best interest of

28 the minors, and requests that the Court approve this compromise settlement and make such other

and further orders as may be just and reasonable. Petitioner Priscilla Macias requests that the Court enter the Proposed Order filed concurrently herewith.

### III. <u>CONCLUSION</u>

For the foregoing reasons, Plaintiffs I.H., E.H., F.H., and A.H. respectfully request that the Court enter the proposed order submitted.

Respectfully submitted,

DATED: March 16, 2026                LAW OFFICES OF DALE K. GALIPO


By          */s/ Hang D. Le*
Dale K. Galipo
Hang D. Le
Attorneys for Plaintiffs

**VERIFICATION BY MINOR PLAINTIFFS I.H., E.H., F.H., AND A.H.'S MOTHER AND GUARDIAN**

I, Priscilla Macias, guardian and natural mother of minor plaintiffs I.H., E.H., F.H., and A.H., hereby declare under penalty of perjury pursuant to the laws of the United States of America that I have reviewed Plaintiffs' Motion for Approval of Judgment Proceeds of Minor Plaintiffs I.H., E.H., F.H., and A.H. and the foregoing is true and correct.

Executed on this  30th  day of September 2025, at  Atwater , California.

Signed by:

*Priscilla Macias*

8D7F9917AA60412...

Priscilla Macias