UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

I.H., et al.,

Plaintiffs,

v.

STATE OF CALIFORNIA,

Defendants.

No.  2:19-cv-02343-DAD-AC

ORDER GRANTING MOTION FOR APPROVAL OF MINORS' COMPROMISE[1] AND DENYING EX PARTE APPLICATION FOR ORDER COMPELLING REMITTITUR AS MOOT

(Doc. Nos. 304, 305)

This matter is before the court on plaintiffs I.H., E.H., F.H., and A.H.'s renewed motion, brought by and through their mother and guardian Priscilla Macias, for an order approving a proposed minors' compromise settling their claims in this action and plaintiffs' *ex parte* application for remittitur of other payments while the former motion is pending.  (Doc. Nos. 304, 305.)  Defendants have not filed any opposition to the former motion.  For the reasons discussed below, the court will grant the pending unopposed motion for approval of minors' compromise and deny plaintiffs' *ex parte* application as having been rendered moot.

---

[1] Plaintiffs' motion is alternatively captioned at the top of the motion as a "renewed motion for approval of judgment proceeds of minor plaintiffs I.H., E.H., F.H., and A.H." and at the bottom of each page of the motion as a "renewed motion for approval of minors' compromise." (Doc. No. 304 at 1–2.) The court refers to this motion as one for approval of minors' compromise.

1

**BACKGROUND**

The court incorporates its past discussion of the background in this case from its prior order denying plaintiffs' motion for approval of minors' compromise. (Doc. No. 303 at 1–2.)

On March 16, 2026, plaintiffs filed the pending motion for approval of minors' compromise. (Doc. No. 304.) On May 11, 2026, plaintiffs filed an *ex parte* application for an order compelling defendants to remit payment of plaintiffs' attorneys' fees and costs while the motion for approval of minors' compromise remains pending. (Doc. No. 305.) On May 12, 2026, defendants filed an opposition to that *ex parte* application.

**LEGAL STANDARD**

This court has a duty to protect the interests of minors participating in litigation before it. *Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983). To carry out this duty, the court must "conduct its own inquiry to determine whether the settlement serves the best interests of the minor." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011) (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)); *see also Salmeron*, 724 F.2d at 1363 ("[A] court must independently investigate and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's interests are protected, even if the settlement has been recommended or negotiated by the minor's parent or guardian ad litem.") (citation omitted).

In examining the fairness of a settlement of a minor's federal claims, the Ninth Circuit has held that a district court's inquiry should focus solely on "whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." *Robidoux*, 638 F.3d at 1181–82; *see also id.* at 1179 n.2 (limiting the court's holding to cases involving federal claims only). Where a settlement involves state law claims, federal courts generally are guided by state law. *See* Tashima & Wagstaffe, California Practice Guide: Federal Civil Procedure Before Trial ¶ 15:138 (Cal. & 9th Cir. Eds. 2015) ("Federal courts generally require that claims by minors . . . be settled in accordance with applicable state law. California law requires court approval of the fairness and terms of the settlement."). Under California law, a settlement for a minor and attorney's fees to represent a minor must be approved by the court. Cal. Prob. Code § 3601; Cal. Fam. Code

§ 6602.  Reasonable expenses and court costs to be paid out of the settlement also must be approved by the court.  Cal. Prob. Code § 3601.  Finally, the Local Rules of this court require the parties to make disclosures regarding the minors involved, the nature of the controversy, the manner in which the compromise was determined, and whether a conflict of interest may exist between the minor and the minor's attorney.  *See* Local Rule 202(b)–(c).

**DISCUSSION**

In petitions for a minor's compromise, courts typically consider such information as the relative worth of the settlement amount, the circumstances of the settlement, counsel's explanation of their views and experiences in litigating these types of actions, and other, similar compromises that have been approved by courts.  *See, e.g.*, *Bravo v. United States*, No. 1:14-cv-01004-AWI-JLT, 2016 WL 3418450, at \*2–3 (E.D. Cal. June 22, 2016) (considering the posture of the case and the fact that the settlement occurred as a result of a court-supervised settlement conference); *Hagan v. Cal. Forensic Med. Grp.*, No. 2:07-cv-01095-LKK-AC, 2013 WL 461501, at \*1 (E.D. Cal. Feb. 5, 2013) (considering court-approved minor's settlements in other cases).  As an initial matter, plaintiffs provide the information required by Local Rule 202, namely the age and sex of each minor, the nature of the causes of action to be settled, the facts out of which the causes of action arose, the manner in which the settlement amount was determined, and details regarding the payment to plaintiffs' attorneys of certain outstanding costs.  (Doc. No. 300 at 5–8.)  Having considered the unopposed motion for approval of the minor's compromise in this case, the undersigned concludes that the settlement agreement is reasonable.

Here, the settlement for the minor plaintiffs mirrors the jury's verdict and the amended judgment entered in this action, as discussed in the background of the court's prior order denying plaintiffs' motion for approval of minors' compromise.  (Doc. No. 303 at 1–2.)  Specifically, at trial in this action the jury awarded $500,000 in economic damages and $1,000,0000 in non-economic damages to plaintiffs.  (Doc. No. 241 at 3.)  On November 18, 2024, the court granted in part defendants' motion for remittitur and amended this judgment to reflect an award of $23,000 in economic damages.  (Doc. Nos. 291, 293.)  The minors' compromise proposed in plaintiffs' motion provides the minor plaintiffs with $1,023,000, the same amount as reflected in

3

the amended judgment.  (Doc. No. 304 at 3–4.)  This strongly supports the conclusion that the proposed minors' compromise is fair and reasonable and sufficiently protects the minor plaintiffs' interests.  *See Cotton ex rel. McClure v. City of Eureka*, No. 08-cv-04386-SBA, 2012 WL 6052519, at *2 (N.D. Cal. Dec. 5, 2012) (finding a minor's compromise to be fair and reasonable because it mirrored the jury's verdict and judgment entered); *see also Est. of Casillas v. City of Fresno*, No. 1:16-cv-01042-AWI-SAB, 2021 WL 3674517, at *8–9 (E.D. Cal. Aug. 19, 2021) (collecting cases and concluding that a settlement amount similar to the underlying jury verdict amount supported a finding that the settlement was fair and reasonable).

Plaintiffs' counsel has requested that $468,978.48 of the negotiated award for the minor plaintiffs be reduced as costs advanced by plaintiffs' counsel and reimbursement for medical liens.  (Doc. No. 304 at 7–8.)  Specifically, plaintiffs' counsel argues that counsel has advanced $619,422.51[2] in costs to pursue this litigation, but is only requesting $400,000 as a part of this compromise, and that the outstanding medical liens against decedent Hurtado's estate total $68,978.48.  (*Id.*)  The court previously denied plaintiffs' motion for approval of minor's compromise on the grounds that these costs had not been explained and, accordingly under California law, the court could not evaluate the reasonableness of those costs.  (Doc. No. 303 at 4–5.)  Plaintiffs have now provided the declaration of attorney Carrazco, who describes the various costs totaling $602,704.48 incurred and advanced by his firm in pursuing this litigation on the plaintiffs' behalf.  (Doc. No. 304-1.)  Attached to this declaration are exhibits consisting of itemized costs and invoices supporting the general costs incurred by plaintiffs' counsel totaling $106,620.89 in categories such as mail, deposition transcript fees, and travel (Doc. No. 304-2), expert fees totaling $196,083.59 for preparation of materials, report creation, and trial testimony (Doc. No. 304-3), and costs advanced by an entity called Priority Funding which provided loans with a principal of $168,122.29 and interest of $228,882.70 to advance the prosecution of this action and for the medical treatment of decedent (Doc. No. 304-4).  Plaintiffs have also presented an additional declaration from attorney Le and an exhibit attached thereto itemizing the costs

---

[2]  This figure is reduced slightly from the plaintiffs' counsel's request for costs of $621, 207.36 in their prior motion for approval of minor compromise.  (Doc. No. 304 at 6.)

4

totaling $16,718.03 incurred by the Law Offices of Dale K. Galipo in this matter. (Doc. No. 304-5.)

Upon review of these itemized costs, the court determines that the proposed reduction of $400,000 from the settlement due to the minor plaintiffs for payment of costs and medical liens is reasonable, particularly in light of the complexity of this now over six-year old case. *See R.T.B. ex rel. Breault v. United States*, No. 19-cv-02305-W-KSC, 2021 WL 6062552, at *5 (S.D. Cal. Dec. 22, 2021) (finding costs of $125,858.29 reasonable where the plaintiffs' counsel had attached a detailed invoice to the motion for approval of minor's compromise), *report and recommendation adopted*, 2022 WL 1195538 (S.D. Cal. Jan. 4, 2022); *see also Valle Hernandez v. United States*, No. 1:23-cv-00835-SKO, 2025 WL 2686968, at *5 (E.D. Cal. Sept. 19, 2025) (finding that detailed accounting of costs as to each minor plaintiff supported the incurrence of costs associated with retaining an expert as reasonable); *Clines v. County of San Diego*, No. 20-cv-02504-W-BLM, 2022 WL 16851818, at *4–5 (S.D. Cal. Nov. 10, 2022) (finding expert fees and litigation costs taken from minor's settlement reasonable in light of the complexity of the case), *report and recommendation adopted sub nom. K.C.A. ex rel. Purvis v. County of San Diego*, No. 20-cv-02504-W-BLM, 2022 WL 17097422 (S.D. Cal. Nov. 21, 2022). Although 40% of a settlement being subtracted for payment of costs is somewhat high, other courts have awarded similarly high percentages of a gross settlement amount for costs. *L.M. ex rel. Martin v. Kern High Sch. Dist.*, No. 1:17-cv-01123-DAD-JLT, 2019 WL 1099983, at *3 (E.D. Cal. Mar. 8, 2019) (approving minor's compromise where approximately 40% of the gross settlement amount of $50,000 was subtracted as costs); *see also E.C. ex rel. Carabello v. Lincoln Mil. Prop. Mgmt. LP*, No. 21-cv-02070-JES-BLM, 2023 WL 4686447, at *4 (S.D. Cal. July 21, 2023) (approving minor's compromise where minor's share was reduced by approximately 44% for legal costs).

For the reasons explained above,

1.    The court GRANTS plaintiffs' motion for approval of minors' compromise (Doc. No. 304) as follows:

/////

/////

5

a. The disbursement of the jury award's amended judgment amount to each minor plaintiff I.H., E.H., F.H., and A.H. in the amount of $255,750 each is hereby APPROVED;

b. Within thirty (30) days of this order, defendant State of California shall do the following:

    i. Pay $3,545,978.48 to the Guizar, Henderson and Carrazco Trust Account to satisfy the statutory attorneys' fees awarded by this court in the amount of $3,039,107.18, the statutory costs awarded by this court in the amount of $37,892.82, reimbursement of advanced litigation costs in the amount of $400,000, and payment of medical liens in the amount of $68,978.48;

    ii. Purchase a structured annuity for each of the minor plaintiffs as identified in the declaration of attorney Le (Doc. No. 304-5) in the amount of $138,505.38 for each minor plaintiff;

    iii. Arrange to have a single annuity premium check in the amount of $554,021.52 ($138,505.38 * 4) made payable to New York Life Insurance Company delivered directly to the annuity broker Mark Morales of Ringler Associates;

c. The annuities described above shall provide periodic payments in accordance with the structure described in the declaration of attorney Le (Doc. No. 304-5); and

2. Plaintiffs' *ex parte* application for order compelling defendants to remit payment of plaintiffs' attorneys' fees and awarded costs is DENIED as having been rendered moot by this order.

IT IS SO ORDERED.

Dated: **May 17, 2026**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

6